**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § § | |
| CARNEGIE DEVELOPMENT, LLC | § | **Jury Trial Demanded** |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § § | |

**DEFENDANT BARTON'S EXPEDITED MOTION FOR EXTENSION
OF BRIEFING SCHEDULE FOR RESPONDING TO PLAINTIFF'S
<u>MOTION FOR APPOINTMENT OF RECEIVER (ECF NO. 6)</u>**

Defendant Timothy Lynch Barton files this motion to extend the response deadline on

Plaintiff's Expedited Motion for Appointment of Receiver ("Receivership Motion") (ECF No. 6)

and to set a consolidated briefing schedule for Defendant Barton and associated corporate

Defendants to respond to that motion.   The schedule would extend the time for Mr. Barton by one

week from the current deadline of October 17 to October 24, 2022.  The Plaintiff did not serve the

registered agents of the corporate Defendants that Plaintiff wishes to place into receivership—

- 1 -

Carnegie Development LLC, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC, and WALL019 LLC—with the Complaint or the Receivership Motion until October 6.  Under the consolidated briefing schedule proposed herein, these corporate Defendants would join Mr. Barton's response to the Receivership Motion, presenting one consolidated brief to the Court on October 24, 2022.

The requested extension is necessary because Mr. Barton in recent days retained new counsel to coordinate the defense of the parallel civil and criminal actions the federal Government launched against Mr. Barton just three weeks ago.  The criminal action was initiated with absolutely no prior notice to Mr. Barton, and what occurs in this civil proceeding has significant implications for the criminal proceeding in which Mr. Barton's liberty is at risk.  Given counsel's recent retention, undersigned counsel require the additional week to fully get up to speed and present all pertinent arguments to the Court.  Importantly, Securities and Exchange Commission staff have reportedly been investigating this matter for *eighteen months*, and Plaintiff's refusal to consent to a seven-day extension is in tension with the long period of time that this matter has been pending before the Commission without it making any request for relief.  The history of the Commission's investigation shows this is not an emergency that would counsel against a modest extension regarding this important motion.

## I.     GROUNDS FOR MOTION

Plaintiff served Defendant Barton with the Complaint and its Receivership Motion on Monday, September 26, 2022, and purported to serve him in various other claimed capacities on behalf of other parties.  *See* ECF No. 10.  Plaintiff then served registered agents of the corporate Defendants with the Complaint and the Receivership Motion on Thursday, October 6.  *See also* Fed. R. Civ. P. 5(b); Tex. Bus. Orgs. Code §§ 5.201, 5.255(3).  These different dates of service

create questions as to when the responses of the corporate entities to the Receivership Motion are due and, potentially, a situation where the corporate and individual responses to the motion are due at different times.

The Receivership Motion is particularly directed at the corporate Defendants, all of which the Plaintiff wishes to place into a receivership. At the same time, Mr. Barton has an interest in how those corporations' assets are handled and in the Plaintiff's effort to potentially freeze progress on essential real estate development projects. The Defendant respectfully submits that judicial efficiency would be served by the submission of one consolidated and well-prepared response on behalf of Mr. Barton and the corporate Defendants on the same date. To that end, Defendant Barton respectfully requests that the Court set a date for a consolidated response to the Receivership Motion of October 24. Such a schedule would extend Mr. Barton's response date by one week and potentially accelerate other corporate Defendants' response dates by up to three days.

Good cause exists for the requested briefing schedule. Both Mr. Barton and the corporate Defendants have a right to be heard on the motion. And the requested schedule will result in more efficient, substantive, and complete briefing.

Nor can the Plaintiff Securities and Exchange Commission reasonably suggest that a seven-day extension for Mr. Barton's response will threaten any legitimate Plaintiff interest. The Commission has been investigating Mr. Barton and the corporate entities *for eighteen months* and, in that time, has made no request or otherwise taken action to restrict the assets of the corporate entities. Given that historical time scale, there is no legitimate reason to oppose a seven-day extension of time to brief a motion that will affect tens of millions of dollars of assets and threaten

disruption to crucial real estate development projects on whose progress lenders and investors are counting.

Importantly, the Plaintiff's motion for a receivership did not supply a factual basis for treating this complex matter—including severe remedy the motion seeks—on an expedited basis. There was no supported assertion of imminent asset flight, and no specific facts to suggest this is the type of emergency that would foreclose modest extensions to the briefing schedule. Plaintiff's request instead was simply labeled an "expedited motion" and contended "time is of the essence."

Any delay in initiating these proceedings is solely due to the Government's strategic considerations to secretly consult with the Department of Justice and launch simultaneous civil and criminal proceedings in this matter. Many courts have commented on the due process or fairness perils of simultaneous civil enforcement and criminal prosecution proceedings brought by the Government. *See, e.g., United States v. Pinnacle Quest Int'l*, No. 3:08-CV-136-RV-EMT, 2008 WL 4274498, at *2 (N.D. Fla. Sept. 11, 2008) ("After applying all of the above factors, I easily conclude that a stay is appropriate. . . . [G]iven the very real potential for a fifth amendment violation, the burden imposed on the defendants is significant."); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007) ("[R]equiring Defendants to choose between asserting their Fifth Amendment rights (thereby subjecting themselves to the very real possibility of adverse inferences) and defending themselves in this action imposes a substantial burden upon Defendants, especially because the government is the real party in interest in both cases . . . ."); *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *3 (E.D. Pa. May 13, 2003) ("If criminal indictments are returned against the civil defendants, then a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved."); *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) ("Because this is a case where

the government has undoubtedly manipulated simultaneous criminal and civil proceedings, both of which it controls, 'there is a special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means. In that special situation the risk to individuals' constitutional rights is arguably magnified.'").

The Receivership Motion, in this context, should be viewed with particular skepticism. As the Opposition to that Motion will make clear, there is no risk of asset flight from these operating real estate development entities. At the same time, there is a very significant risk that the request for a receivership is an effort to lock up the assets of a criminal defendant, to starve him of the resources necessary to defend himself against criminal charges, and to pressure an unsavory criminal plea that is not in the interest of justice or aligned with the facts. The potential, in other words, is that the Receivership Motion is a coordinated federal Government gambit to obtain unfair advantage in a criminal prosecution, using the relaxed standards of proof that the Commission will argue accompanies its "ancillary authorities" to seek judicial orders placing corporate entities into receivership. These issues of fairness counsel strongly in favor of the requested extension and a briefing schedule that will allow these matters to be thoroughly briefed to the Court.

Moreover, within the last few days, Mr. Barton has retained new counsel to coordinate his defense against the army of Commission and Department of Justice investigators and lawyers. It was this multi-agency team who launched this two-front war, with no warning to his then-counsel, by arresting Mr. Barton at 5:00 a.m. on Friday, September 23 and then serving him with a phone book of pleadings three days later. The requested briefing schedule will allow new counsel to get fully up to speed and present the Defendants' arguments against papers that government lawyers have been drawing up for months.

## II.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Lynch Barton respectfully requests that the Court extend the response deadline on the Receivership Motion by seven days and set a consolidated briefing schedule to respond to Plaintiff's Expedited Motion for Appointment of Receiver (ECF No. 6), with a response date set for all Defendants on October 24, 2022.

Dated: October 14, 2022                  Respectfully submitted,

                                         By: */s/ Ted A. Huffman*
                                         Michael J. Edney
                                         Virginia Bar No. 48253
                                         DC Bar No. 492024 (*application for
                                         admission pending)*
                                         medney@huntonak.com
                                         Sean B. O'Connell
                                         State Bar No. 24103142 *(application for
                                         admission forthcoming)*
                                         soconnell@huntonak.com
                                         Michael Dingman
                                         Virginia Bar No. 95762
                                         DC Bar No. 90001474 (*application for
                                         admission forthcoming)*
                                         mdingman@huntonak.com
                                         **HUNTON ANDREWS KURTH LLP**
                                         2200 Pennsylvania Avenue NW
                                         Washington, DC 20037
                                         Phone: (202) 955-1500
                                         Facsimile: (202) 778-2201

                                         Ted A. Huffman
                                         State Bar No. 24089015
                                         thuffman@huntonak.com
                                         **HUNTON ANDREWS KURTH LLP**
                                         1445 Ross Avenue, Suite 3700
                                         Dallas, Texas 75202
                                         Phone: (214) 979-3000
                                         Facsimile: (214) 740-7110

                                         Richard Roper
                                         State Bar No. 17233700
                                         richard.roper@hklaw.com
                                         Javan Porter
                                         State Bar No. 24116912
                                         javan.porter@hklaw.com
                                         **HOLLAND & KNIGHT LLP**
                                         1722 Routh Street, Suite 1500
                                         Dallas, Texas 75201
                                         Phone: (214) 969-1345
                                         Facsimile: (214) 999-9252

                                         **COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 11 and 13, 2022, the undersigned counsel consulted with Plaintiff's counsel, Keefe M. Bernstein regarding the relief sought herein, hoping to secure the relief of a short seven-day extension to respond to Plaintiff's Receivership Motion, which was dropped on Mr. Barton on the same day that he was served with the lawsuit. Mr. Bernstein opposed this relief, although separately consenting to an extension on a parallel deadline to answer the Complaint. My co-counsel, Michael Edney, who was recently retained by Defendant Barton and appeared in this lawsuit just two days ago, separately reached out to Mr. Bernstein on October 14 to discuss the real need for this short extension of time so that counsel could adequately come up to speed to address the assertions in the Receivership Motion and put together a substantive response to the significant relief sought by Plaintiff in light of the short notice. Mr. Edney's request on behalf of Mr. Barton was also denied by counsel. The above motion for extension is therefore presented as opposed.

*/s/ Richard L. Roper*
Richard L. Roper

## CERTIFICATE OF SERVICE

On October 14, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Ted A. Huffman*
Ted A. Huffman

- 8 -