**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § § | |
| CARNEGIE DEVELOPMENT, LLC | § | **Jury Trial Demanded** |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § § | |

**APPENDIX IN SUPPORT OF DEFENDANT BARTON'S RESPONSE IN OPPOSITION
TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EXPEDITED
<u>MOTION FOR APPOINTMENT OF RECEIVER AND BRIEF IN SUPPORT</u>**

Defendant Timothy Lynch Barton files this Appendix in Support of Defendant Barton's

Response in Opposition to Plaintiff Securities and Exchange Commission's Expedited Motion for

Appointment of Receiver and Brief in Support. The Appendix has been consecutively paginated

App. 001 –App. 009 as follows:

- 1 -

**App. 001**

| APPENDIX PAGE | DOCUMENT |
| --- | --- |
| App. 004 –005 | Letter from T. Kirk Wilson to Michael J. Edney Re: Venus Holdings/Approximately 968 acres, dated October 17, 2022 |
| App. 006 – 009 | *In the Matter of JMJ Holdings, LLC*, Order Directing Private Investigation and Designating Officers to Take Testimony, dated October 8, 2020 and Supplemental Order Designating an Additional Officer, dated November 25, 2020 |

Dated: October 17, 2022

Respectfully submitted,

By: */s/ Ted A. Huffman*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*application for admission pending)*
medney@huntonak.com
Sean B. O'Connell
State Bar No. 24103142 *(application for admission forthcoming)*
soconnell@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*application for admission forthcoming)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

**App. 002**

Richard L. Roper
State Bar No. 17233700
richard.roper@hklaw.com
Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR DEFENDANTS TIMOTHY
LYNCH BARTON**

## CERTIFICATE OF SERVICE

On October 17, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ Ted A. Huffman
Ted A. Huffman

**App. 003**



*October 17th, 2022*

*Michael J. Edney*
*Hunton Andrews Kurth, LLP*
*2200 Pennsylvania Aenue NW*
*Washington, DC 20037*

*Re:*    ***Venus Holdings / Approximately 968 acres***

*Dear Mr. Edney:*

*As you know my firm put together a team and has been working with JMJ to entitle the approximate 968 acres located in Venus, Texas.  This process has gone on over the past 3 years.*

*The Team:*
1.   *T Wilson Associates:  Managing Consultant*
     a.   *T. Kirk Wilson*
     b.   *Roy Magno*
2.   *Miklos Law firm – Developers Legal Counsel*
     a.   *Robert Miklos*
3.   *Quiddity Engineers*
     a.   *Patrick Campbell*

*At this point our firm has been close to securing approval of the Section 212 Development Agreements for the properties by the City of Venus.*

1.   *Current value of the raw acreage of property might be in the range of*
     a.   *$35K per acre \* 968 acres = $ $ 33,880,000*
2.   *Post Development Agreement Approval Entitlement value might be in the range of:*
     a.   *4,159 paper lots \**
          i.   *Low Side $13K per paper lot = $ 54,067,000*
          ii.   *High Side $20K per paper lot = $ 83,180,000*

*Clearly, it would be beneficial to the Property Value to secure approvals.*

*We would fear that if these Development Agreements are not moved forward in the near future we may lose the opportunity to gain approval.  I would encourage that the process allow my firm to actually gain those approvals as soon as reasonably possible to protect the assets.*

*Please let me know what we can do to assist in answering any questions or inquiries related to the entitlement of the property.*

*Sincerely,*

*T. Kirk Wilson*

T. Kirk Wilson

**App. 004**

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
October 8, 2020

| | |
|---|---|
| In the Matter of<br><br>**JMJ Holdings, LLC**<br><br>(FW-04420) | **ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY** |

I.

The Commission has information that tends to show that from at least September 15, 2017 to the present:

A.     JMJ Holdings, LLC ("JMJ Holdings") is a Texas limited liability company with its principal place of business in Dallas, Texas. JMJ Holdings and/or its securities are not registered with the Commission in any capacity.

B.     In possible violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), JMJ Holdings, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and other persons or entities, directly or indirectly, may have been or may be offering to sell, selling, and delivering after sale to the public, or may have been or may be offering to sell or to buy through the use or medium of any prospectus or otherwise, certain securities, including, but not limited to, debt securities, as to which no registration statement was or is in effect or on file with the Commission, and for which no exemption was or is available.

C.     In possible violation of Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), JMJ Holdings, its officers, directors, employees, partners, subsidiaries, and/or affiliates, or other persons or entities, while acting as a broker or dealer, may have been or may be effecting transactions in or inducing or attempting to induce the purchase or sale of securities when such persons or entities were not registered with the Commission as a broker or dealer or when such persons were not associated with an entity registered with the Commission as a broker-dealer.

D.     In possible violation of Section 17(a) of the Securities Act, JMJ Holdings, its officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in the offer or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon the purchaser. As part of or in connection

**App. 005**

with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the use of investor funds, the safety of the investment, and the appropriateness of the investment.

E.    In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, JMJ Holdings, its officers, directors, employees, partners, subsidiaries, and/or affiliates and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person.  In connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact or failing to disclose material facts concerning, among other things, the use of investor funds, the safety of the investment, and the appropriateness of the investment.

F.    While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

## II.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 5(a), 5(c), and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rule 10b-5 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act and Section 21(b) of the Exchange Act that for purposes of such investigation, David Peavler, Eric Werner, James Etri, David Reece, Scott Mascianica, Timothy McCole, Barbara Gunn, Jason Braun, Jeaneen Kappell, Sarah Mallett, Christopher Ahart, Chris Reynolds, David Fraser, Janie Frank, Jennifer Reece, Keefe Bernstein, Jason Reinsch, Matthew Gulde, Nikolay Vydashenko, Laura Bennett, Carol Hahn, Keith Hunter, Ty Martinez, Jody Moore, Carol Stumbaugh, Melvin Warren, Jamie Haussecker, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, contracts, agreements, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

2

**App. 006**

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Vanessa A. Countryman
Secretary

By: Jill M. Peterson
Assistant Secretary

---

[1] 17 CFR 200.30-4(a)(13)

3

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
November 25, 2020

| |
|---|
| In the Matter of<br><br>**JMJ Holdings LLC**<br><br>FW-04420 |

**SUPPLEMENTAL ORDER
DESIGNATING AN ADDITIONAL
OFFICER**

IT IS ORDERED that the order of the Commission adopted on October 8, 2020, authorizing a private investigation of the above captioned matter, based upon possible violations of the provisions of the federal securities laws, be and it is hereby amended by designating as an additional officer of the Commission, Ayesha Ahmed and Nikolay Vydashenko. For the Commission, pursuant to delegated authority, by the Division of Enforcement.[1]

Vanessa A. Countryman
Secretary

*Jill M. Peterson*

By: Jill M. Peterson
Assistant Secretary

---

[1] 17 C.F.R. 200.30-4(a)(1).