# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **No. 3:22-cv-2118-X** |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants.* | § | |

## APPENDIX IN SUPPORT OF RECEIVER'S
## MOTION FOR APPROVAL OF ENGAGEMENT AGREEMENTS

Respectfully submitted,

By:  */s/ Cortney C. Thomas*

Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 State Bar No. 11672850
 charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

| Exhibit No. | Description | App No. |
|:---:|---|:---:|
| A | Brown Fox PLLC Engagement Letter | 001-005 |
| B | Ahuja & Clark, PLLC Engagement Letter | 006-009 |
| C | Veracity Forensics LLC Engagement Letter | 010-018 |

# EXHIBIT A



**BROWN FOX**

Charlene Koonce
(214) 367-7503
charlene@brownfoxlaw.com

October 12, 2022

Cort Thomas, Receiver
8111 Preston Rd, suite 300
Dallas, TX 75225
*Sent Via Email: cort@brownfoxlaw.com*

**ATTORNEY-CLIENT COMMUNICATION: THIS DOCUMENT AND
ITS CONTENTS CONSTITUTE LEGALLY PRIVILEGED INFORMATION**

Dear Cort:

Thank you for giving Brown Fox the opportunity to assist you in your duties as the appointed receiver for the Barton Receivership. This letter memorializes your engagement of our law firm and provides some general information regarding our policies, procedures, and fee agreement. If you have any questions about these matters, please contact us.

**Client**

Our client will be Cort Thomas, as receiver for the Barton Receivership, (hereinafter collectively referred to as the "Client"). We will deliver all communications (including statements for services) by email in the form of an e-statement. We have Client's primary contact information as follows:

Cort Thomas, Receiver
8111 Preston Rd, suite 300
Dallas, TX 75225
cort@brownfoxlaw.com

**Scope of Work**

We will provide Client with legal support in connection with his role as receiver for the Barton Receivership. If the scope of our engagement expands by our mutual agreement, this letter will apply. We will limit our engagement to providing legal services, while excluding accounting, financial, management or other non-legal services.

**Conflicts**

There is no indication of any prior representation that would be a conflict.

APP002

October 25, 2022
Page 2

**Results**

Due to numerous and complicated factors which are beyond our control, we cannot guarantee a favorable outcome in any litigation or business matter that we are handling for Client. We will, however, within the bounds of legal ethics, provide reasonable and competent services to represent and protect your legal interests. We will not conclude or settle the matter without Client's approval.

In the event our representation ever involves collecting money owed to the Client, the Client grants us a lien on the claim or cause of action and upon any sum of money or property to be recovered in order to secure any unpaid attorney's fees or costs incurred as discussed in this letter. All monies collected shall be disbursed through our office.

**Records**

The Firm often stores records with NetDocuments, an encrypted document management provider. NetDocuments' encryption and redundant backups are military grade and utilize data randomization, physical and digital security, and two-factor authentication. For more details, visit https://www.netdocuments.com/en-us/solutions/security/.

The Client should retain all originals and copies of documents the Client desires for future reference, and at the conclusion of a matter the Client should advise us of which, if any, documents the Client wishes we return. We retain most of our file for a certain period of time, but ultimately our file will be destroyed in accordance with our records retention policy. We do not contact our clients prior to such destruction.

**Fees**

Our fees are based on a number of factors. Generally, our objective of charging a reasonable fee is achieved through maintaining accurate records as to the time spent by each attorney and legal assistant and then billing for that time in accordance with a range of hourly rates we establish based upon each attorney's and legal assistant's experience. However, our fees may be modified when we consider other factors involved, such as:

1. The time and labor required;
2. The novelty and difficulty of the questions involved;
3. The skill requisite to perform the legal service properly;
4. The likelihood, if apparent to the Clients, that the acceptance of the particular employment will preclude other employment;
5. The fee customarily charged in the locality for similar legal services;
6. Time limitations imposed by the Clients or by other circumstances;
7. The nature and length of the professional relationship with the Clients; and
8. The appropriateness of alternative fee structures, such as flat rates or contingency fees.

Hourly rates:

| | | |
|---|---|---|
| Partner Charlene Koonce: | Normal Rate: $435 | Reduced Rate: $385 |
| Partner Jordan Campbell: | Normal Rate: $395 | Reduced Rate: $385 |
| Associate Tim Wells: | Normal Rate: $250 | Reduced Rate: $200 |
| Paralegals | Normal Rate: $150 | Reduced Rate: $110 |

Our rates are reviewed periodically and may be subject to adjustments, including a regular annual adjustment.

APP003

## Billing Practices and Payment

We bill monthly, with payment due no later than 30 days after receipt of the firm's statement. All overdue statements will accrue 1.5% interest. Our statement will reflect charges for the following items (if applicable): messenger and special delivery services, unique fee-based research, travel expenses, and filing and recording fees. Our statements may also include charges for extraordinary items caused by the unique demands of the project involved.

## Fee Estimates

If requested, we will attempt to estimate our fees and expenses for the matter. However, actual fees and expenses incurred are a result of many conditions, several which are beyond our control, particularly when other parties are involved. Accordingly, an estimate is only that, and our statements will be determined as described above.

## Retainer

***Brown Fox PLLC has waived the retainer requirement.***

## Termination

The Client may terminate our engagement at any time by notifying us. We may withdraw from our representation of the Client by notifying the Client in writing. In either case, we will accomplish our withdrawal subject to applicable ethical requirements. Upon termination of our representation, the Client must pay Brown Fox for all services rendered and expenses incurred through the date of termination.

## Independent Legal Review

We prepared this engagement letter on our own behalf. Please feel free to seek independent legal advice as they relate to the Client's commitments in this engagement letter.

## Electronic Mail

We often communicate by unencrypted email. Although interception of such communications by third parties would constitute a violation of federal law, we can offer no assurance that such interception will not occur. We will abide by any instructions you give us concerning email communications. Otherwise, we will use our own judgment regarding the appropriateness of using such means of communication.

## Texas Lawyer's Creed

On November 7, 1989, the Texas Supreme Court adopted the Texas Lawyer's Creed – A Mandate for Professionalism. We have attached a copy for your review. Paragraph II, subchapter 1 of the Creed requires us to advise you of its contents when we undertake representation. **We intend to abide by the Creed.**

If the Client agrees with the foregoing, please sign and return to us an executed copy of this letter by email. Again, we sincerely appreciate the opportunity to serve your legal counsel.

APP004

October 25, 2022
Page 4

Sincerely,

*Charlene Koonce*

Charlene Koonce
Brown Fox PLLC

**You agree to retain Brown Fox PLLC on the foregoing terms.**

By: _____ Cort Thomas, Receiver

Dated: 10/26/22

Enclosure (Texas Lawyer's Creed by Email Only)

APP005

# EXHIBIT B



# Ahuja & Clark, PLLC
## Certified Public Accountants
Tax & Accounting · Business Valuation · Business Interruption · Forensic Accounting

**PRIVILEGED & CONFIDENTIAL ATTORNEY WORK PRODUCT**

October 24, 2022

Mr. Cort Thomas, Receiver, SEC v. Barton et al
8111 Preston Road
Suite 300
Dallas, Texas 75225

*Re: SEC v. Timothy Barton, Carnegie Development, LLC, Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wally012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, HAOQIANG FU (a/k/a Michael Fu), Stephen T. Wall, Defendants, DJD Land Partners, LLC, and LDG001, LLC, Relief defendants.*

Dear Mr. Thomas:

This letter confirms that you, as the Court Appointed Receiver (the "Client") in the above-captioned matter are engaging Ahuja & Clark, PLLC (A&C) to provide forensic and litigation consulting services regarding the above-referenced matter. While professionals of A&C working on this engagement will provide opinions and conclusions when requested, the scope of the work performed will be conducted at your direction.

The scope of the engagement is intended for A&C to provide a forensic analysis of the financial records and transactions including accounting and tax support for the Receivership regarding the issues in this matter.

All information obtained or prepared by A&C in relation to this engagement will be considered confidential. A&C will not disclose to anyone, without your permission, except as may be required by law, regulation, or judicial or administrative process, the content of any oral or written communications received during the course of this engagement, nor any information gained from the inspection of any documents or records related to this engagement. A&C will immediately notify you upon the occurrence of either of the following events: (a) a request by anyone to examine, inspect or copy any documents or records in our possession that relate to this engagement; or (b) a service or attempted service upon A&C of a court order, subpoena, summons or formal or informal request which calls for testimony or production of any documents or records related to this engagement.

APP007

Mr. Cort Thomas
October 24, 2022
Page **2** of **3**

The work papers and other materials created by A&C during this engagement are the property of A&C. All your documents in our possession will be returned to you upon your request.

A&C knows of no conflicts of interest based upon the names of the parties you have provided. You acknowledge that you are not aware of any potential conflicts of interest relating to A&C, and that any such conflicts that are discovered by you will be brought to our attention immediately.

Fees for services will be based upon the hours worked by those professionals. The standard and discounted hourly rates for A&C 's professionals are as follows.

| | Discounted Rate | Standard Rate |
|---|---|---|
| **Engagement Leaders** | $325 | $360 |
| **Managers/CPA/CFA/EA** | $275 | $310 |
| **Senior Associate/Project Manager** | $210 | $260 |
| **Associate** | $150 | $180 |

Out-of-pocket expenses such as photocopying, delivery services, and travel will be reimbursed at the actual cost. Mileage will be reimbursed at $.625 cents per mile. Our fees and expenses are not contingent upon the final resolution of the above-entitled matter.

In addition, A&C will be compensated at the above rates for time and expenses (including, without limitation, reasonable legal fees and expenses) that we incur in considering or responding to discovery requests or other requests for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of A&C's performance of these services.

Invoices will be presented to you on the 15th of the month following the close of the quarter and are payable upon approval by the Court supervising the Receivership. We reserve the right to defer rendering further services until full payment is received on past due invoices, and should you fail to remit payments for past due invoices, we may discontinue services and terminate this agreement. In any event, all fees and expenses incurred to date must be paid prior to our issuance of reports or rendering of deposition or trial testimony.

Client agrees that A&C and its personnel will not be liable for any claims, liabilities, or expenses relating to this engagement for an aggregate amount in excess of the fees paid by them to A&C pursuant to this engagement, except to the extent finally judicially determined to have resulted from the bad faith or intentional misconduct of A&C. In no event will A&C or its personnel be liable for consequential, special, indirect, incidental, punitive or exemplary loss, damage, or expense relating to this engagement.

APP008

Mr. Cort Thomas
October 24, 2022
Page **3** of **3**

The Client may terminate this agreement at any time. Upon notice of termination, we will stop all work immediately. The Client will be responsible for all fees and expenses incurred prior to our stopping work.

Thank you for allowing A&C to assist you in this matter. If this letter correctly states our arrangements, please sign the enclosed copy and return it to us. If you have any questions, please call me at (469) 467-4660.

Sincerely,


Madhu Ahuja, CPA, ABV, CVA, CFE
President
Ahuja & Clark, PLLC

Accepted:


Mr. Cort Thomas                                    Date
Receiver, SEC v. Barton et al

APP009

# EXHIBIT C

APP010



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

October 19, 2022

Cortney C. Thomas, Receiver
8111 Preston Rd., Suite 300
Dallas, TX 75225

Submitted via Email: cort@brownfoxlaw.com

RE: Engagement Letter ("EL")
Confidential: Barton Receivership
VF Project Code: 20221019-D01-BTR

Dear Cort,

Thank you for reaching out to Veracity Forensics LLC ("VF") for your digital forensic investigation and discovery needs. This letter confirms Cortney C. Thomas' ("Receiver") engagement of VF on behalf of the estates of the Receivership Entities ("Client") effective October 19, 2022. We are pleased to provide these services to the Receiver and the Client. This letter will outline the terms of this engagement.

This letter and the attached *Terms and Conditions Addendum* and any other attachments incorporated herein (collectively, "Agreement"), confirm VF's understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide. The terms of this Agreement will govern the engagement between you and VF.

Project Scope and Fees:

VF's engagement includes the collection, preservation and security of devices and accounts containing electronically stored information ("ESI") that could be valuable to the Receiver in order to fulfill his duties as directed by the Court. At this time, the project scope has not yet been determined other than to create an inventory of the physical devices identified at the 2999 Turtle Creek location and confirm outside access to the network located at 2999 Turtle Creek has been terminated. VF has also been asked to create a redirect of the Barton website to a new Receiver site.

Below is an estimated project cost based on the scope above. Additional devices or requested services will impact the total project cost.

| Description | Quantity | Unit | Unit Cost | Extended |
|---|---|---|---|---|
| Forensic Image – Windows Computer | ? | Device | $750 | $?? |

TX License A22974701                     5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP011



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

| | | | | |
|---|---|---|---|---|
| Forensic Image – Apple Computer | ? | Device | $950 | $?? |
| Forensic Collection – External Storage | ? | Device | $500 | $?? |
| Analyst Time (inventory, network shutoff, website redirect, data triage, filtering, searching reporting and export of results) est. | ??? | Hourly | $285 | $?? |
| | | | | |
| Project Estimate | | | | $$$ |

Required Retainer:   $0

*Given the nature of this receivership, a 12% discount will be applied to all work/services performed.  Any materials, shipping or other direct costs will be billed at cost.

## Standard Schedule of Services

Forensic Preservation and Collection

| | |
|---|---|
| Forensic Image of Windows computer | $  750 per computer |
| Forensic Image of Apple computer | $  950 per computer |
| Forensic Extraction of mobile phone | $  750 per phone |
| Remote Collection Solution | |
|     Windows computer | $  750 per computer |
|     Apple computer | $  950 per computer |
|     iPhone | $  850 per device |
|     Android | $  950 per device |
| Remote Targeted Collection of mobile phone data | $1,200 per device |
| ESI Analyst Processing (deduplication of text messages across multiple mobile phones, html rendering of textual conversations in 24hr periods) | $  600 per device |
| ESI Analyst Review (monthly hosting, 1st month free) | $  600 per device |
| Collection of external storage device (i.e., thumb drive or usb drive) | $  500 per device |
| Collection of Email | $  500 per account |
| Collection of cloud application | $  500 per account |
| Conversation of Mac Mail or Outlook for Mac | $  300 per account |
| Collection of cloud storage | $  500 per account |
| Collection of servers | $1,200 per drive |
| Collection of network data | $  285 per hour |
| Collection of database data | $  285 per hour |

| | |
|---|---|
| Analyst Time (i.e., data triage, filtering, searching, analysis, investigation, remediation, reporting, load file export, project management) | $  285 per hour |
| Forensic Consulting | $  400 per hour |

TX License A22974701

5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP012



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

Expert Witness Testimony                                                    $  525 per hour

Standby time will be billed at standard billing rates and out of town travel time will be charged at half of the standard rate. Any other direct costs incurred during the Assignment (i.e., shipping, courier, hard drives) will be billed at cost. Travel, shipping, and other direct costs will be billed at cost.

VF fees are not contingent on the outcome achieved as a result of the services provided and we do not warrant or predict results or final developments in this matter.

Subject to the terms of his appointment, including Court approval prior to issuing payment for services,the Receiver will be responsible for payment of invoices for work performed by VF.  VF will send invoices for services performed to the Receiver's attention at the end of each month or at the conclusion of the Assignment. All invoices are payable following approval by the Court, and as with the Receiver's and all vendor's time, payment is contingent on receipt of sufficient assets in the receivership to pay VF's fees.  We reserve the right to stop work on this matter if  our invoices remain unpaid for 30 days or in the event we feel insecure as to payment. Any billing  disputes must be submitted within 30 days. In the absence of such communication, the invoice will bepaid according to the terms noted in this letter, including Court approval, and shall not be disputed at a later date. All outstanding and current invoices must be paid in full before the issuance of any report, affidavit or  testimony to be provided by us in this matter.  If we elect to terminate our services for nonpayment our engagement will be deemed to have been completed upon written notification of termination, even if we have not issued a report or other final work product. Subject to the terms above, you will be obligated to compensate us for all time expended and to reimburse us for all out-of-pocket expenditures through the date of termination.

Data Storage, Archiving and Disposition
(Begins 90 days after acquisition and intake of original
  digital or physical evidence)

| | |
|---|---|
| Live storage of active or processed data | $    2 per GB |
| Monthly Storage of original media or physical evidence | $   25 per device |
| Monthly Archive storage of working copies, work product | $   20 per device |

Upon data processing completion, verification of collection of original images or at the conclusion of the Assignment, Receiver will have the option to store the evidence at VF, have the evidence returned, or have the evidence deleted. Receiver understands that if none of the options above are selected, Receiver authorizes VF to store or archive the physical and digital evidence and accept the storage fee schedule as outlined above in this agreement.

VF appreciates our client relationships and the opportunity to serve you and the Client throughout this important matter.

Acknowledgement and Acceptance:

TX License A22974701                          5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP013



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

Please indicate your approval of the terms of this engagement by signing where indicated below. If not accepted within thirty (30) days from its date of issuance (letter date), this engagement letter will expire. Should you have additional questions, please do not hesitate to call me.

Thank you,

Chip Koons
Veracity Forensics LLC
chipkoons@veracity-forensics.com
214-868-2447

Receiver: Courtney C. Thomas

Printed Name: _Cortney C. Thomas, Receiver_

Signature: _Cost Thos_

Date: _10/26/22_

TX License A22974701                    5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP014



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

## TERMS AND CONDITIONS ADDENDUM

This addendum to the Engagement Letter ("EL") describes Veracity Forensics standard terms and conditions ("Terms and Conditions") related to our provision of services to you. This addendum, and the accompanying EL, comprise your agreement with us ("Agreement"). If there is any inconsistency between the EL and this *Terms and Conditions Addendum*, the EL will prevail to the extent of the inconsistency.

For the purposes of this *Terms and Conditions Addendum*, any reference to "VF," "we," "us," or "our" is a reference to Veracity Forensics, and any reference to "Receiver", "you," or "your" is a reference to the party or parties that have engaged us to provide services. References to "Agreement" mean the engagement letter or other written document describing the scope of services, any other attachments incorporated therein, and this *Terms and Conditions Addendum*.

### Article 1

### SERVICES

**1.1. Services; Scope of Work.** VF agrees to perform tasks at the direction of Receiver in accordance with the provisions of this Agreement (the "Services"). The Parties agree that VF may determine the most efficient manner to complete the Services and, accordingly, VF is hereby authorized to select and use subcontractors and/or subconsultants to assist or otherwise participate in the Services.

**1.2. Authority and Rights.** Receiver represents that it has the full authority and rights to engage VF to perform any and all requested Services to include taking possession and/or providing access to any items necessary to complete the Services, including but not limited to documents, devices, online accounts, and/or electronic media and that it has the full authority to request all Services outlined in this agreement.

**1.3. Relationship of the Parties.** VF is performing the Services solely as an independent contractor. VF is undertaking and performing the Services in the sole interest of Receiver and Receivership Entities.

**1.4. Device and Media Storage.** Unless expressly agreed otherwise by the Parties in writing, VF will provide Receiver with secure custody of electronic devices and evidence media at VF's facility subject to a non-prorated monthly charge at the rates provided in the Schedule of Services outlined in the letter. Receiver may end VF's retention of any item by providing written notice.

### Article 2

TX License A22974701                                5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP015

**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

## COMPENSATION

**2.1.    Fees and Expenses; Compensation Generally.**  Receiver agrees to compensate VF according to the rates, fee structure, and other provisions established in the Schedule of Services outlined in the EL.

**2.2.    Payment of Invoices.**  Subject to the provisions of this Agreement, and unless otherwise agreed in writing by the Parties, the full payment for each invoice from VF to Receiver is due upon receipt.  For any balance not received by VF within thirty (30) days after an invoice was due, late fees will be assessed at the rate of two percent (2%) per month (or the maximum rate of interest permitted by applicable law, if less) on the amount of the unpaid balance, starting from the date the invoice was due.   Receiver hereby expressly agrees to reimburse VF for any costs and expenses (including but not limited to reasonable attorney's fees, expenses, costs of court, and/or fees associated with collection of an unpaid balance) incurred by VF to collect any compensation or reimbursement owed to VF pursuant to this Agreement.  The parties expressly agree that Receiver's obligation to compensate and reimburse VF timely and fully under this Agreement is not contingent upon the outcome of any claim or action, upon collection of monies from third parties, or upon the content of any opinions or testimony that VF may offer.

**2.3.    Retainer.**  Unless expressly stated otherwise, Receiver agrees to pay a Retainer to VF according to the terms stated within the letter, to be applied to any open balance for Services performed under this Agreement and/or as otherwise agreed.  Retainer can be paid by company check, cashier's check, or money order.

### Article 3

### CONFIDENTIAL INFORMATION

**3.1.    Confidential Information.**  "Confidential Information" means any business or technical information of Client that is designated by Client as "confidential" or "proprietary" at the time of disclosure.

**3.2.    Use and Disclosure Restrictions.** VF shall not use Client's Confidential Information except as necessary to perform the Services and/or to enforce the provisions of this Agreement. VF shall employ steps to protect the Client's Confidential Information from unauthorized use or disclosure.

### Article 4

### DURATION AND TERMINATION

**4.1.    Term.** This Agreement will commence on the Effective Date and shall remain in force and effect until terminated as provided in section 5.2.

**4.2.    Termination.** Each Party has the right to terminate this Agreement for any reason by providing the other Party with at least fourteen (14) days' advance written notice (which shall be effective upon receipt). The termination of this Agreement does not waive VF's right to receive



**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

payment of Receiver's obligation to pay VF for services provided prior to receipt of the Notice of Termination of this Agreement.

## Article 5

## LIMITATION OF LIABILITY

**5.1.** VF's liability for all claims, damages, and costs arising from this engagement is limited to the total amount of fees paid by you to us for services rendered under this agreement.

**5.2.** Notwithstanding anything in this agreement to the contrary, VF shall not be liable to the Client or Client's affiliates for, and Client hereby releases VF from, any indirect, special, punitive, exemplary or consequential damages or losses arising out of this agreement, or the services provided pursuant to this agreement.

## Article 6

## INDEMNIFICATION

**6.1.   Release and Obligation to Indemnify.**  Client agrees to defend, indemnify and hold VF harmless from any and all losses, claims, judgments, liabilities, audits, amounts paid in settlement, fines, restitution, pre and post judgement interest and other and expenses (including, reasonable attorneys' fees, litigation costs, expert fees, and related expenses) (collectively "Damages"), from any lawsuit(s) or any proceeding at law or in equity, regardless of the existence of privity of contract, ARISING OUT OF A CLAIM BY A THIRD PARTY REGARDING THE ACTIONS OR OMISSIONS OF VF UNDERTAKEN PURSUANT TO THIS AGREEMENT. CLIENT SHALL HAVE NO OBLIGATION UNDER ARTICLE 7.1 FOR THE PORTION OF ANY CLAIM THAT RESULTS FROM A FINDING OF GROSS NEGLIGENCE OR ACTS OF WILLFUL MISCONDUCT BY VF.

## Article 7

## GENERAL PROVISIONS

**7.1.    Governing Law.**  This Agreement shall be governed and construed in accordance with the laws of the State of Texas, excluding its principles regarding conflicts of law.

**7.2.    Warranties.** Except as specifically stated in this agreement, VF makes no representations or warranties, express or implied, including any implied warranty of merchantability, fitness for a particular purpose, or conformity to any representation or description.

**7.3.    Waiver.**  A Party's waiver of any breach or default of any provision of this Agreement shall not be deemed to constitute the permanent waiver by the Party of any rights under this Agreement or of any subsequent breach or default.

**7.4.    Entire Agreement: Writing Required for Waiver or Modification.**  This Agreement and all exhibits hereto constitute the entire and exclusive agreements of the Parties regarding the subject matter addressed by such documents, and supersede any and all prior or

Page **7** of **8**

TX License A22974701                              5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP017

**VERACITY FORENSICS LLC**
DIGITAL INVESTIGATION AND DISCOVERY EXPERTS

contemporaneous agreements, communications, and understandings (whether written or oral) regarding such subject matter.  This Agreement or any rights under this Agreement may be waived, amended, or modified only by a written document executed by both Parties.

**7.5.    Severability.** If any provision of this Agreement is held invalid or unenforceable by a court of competent jurisdiction, then the remaining provisions of the Agreement shall remain in full force and effect, and the provision affected shall be construed to be enforceable to the maximum extent permissible by law.

**7.6.    Survival.** The rights and obligations of the parties contained in Articles  2, 3, 5, 6, shall survive the expiration or termination of this Agreement.

**7.7.    Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together are deemed to constitute one and the same instrument.

TX License A22974701                              5220 Spring Valley Rd., Suite 220 Dallas, TX 75254

APP018