**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | **C.A. No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, et al.** | § § § | |
| *Defendants*. | § | |

**RECEIVER'S MOTION TO**
**SUPPLEMENT ORDER APPOINTING RECEIVER**

Cort Thomas, as Receiver, respectfully moves the Court for an order supplementing the Order Appointing Receiver ("Receivership Order") [Dkt. 29] and in support respectfully shows the Court as follows:

**SUMMARY**

Based on information found at the primary office used by Timothy Barton and his web of entities, and as explained in the Receiver's supporting declaration, rather than just the 12 Defendant and Relief Defendant entities and the 17 additional Receivership Entities specifically identified in the Receivership Order, Barton owns or controls not less than 139 additional entities. While the Receivership Order already specifies that the "Receivership Entities" include "any other entities that Defendant Timothy Barton directly or indirectly controls," the Receiver believes that specifically identifying these entities will provide needed clarity for creditors, banks, courts, and others. Accordingly, the Receiver requests that the Court supplement the Receivership Order to expressly identify these additional 139 entities as "Receivership Entities."

1

**BACKGROUND**

1.      Following the SEC's motion, the Court determined that appointing a Receiver was necessary and appropriate to marshal and preserve assets for the further and eventual distribution to defrauded investors, as well as to penalize past unlawful conduct and deter future wrongdoing. *Receivership Order,* p. 2.

2.      Accordingly, on October 18, 2022, this Court entered the Receivership Order pursuant to which the Court assumed exclusive possession and jurisdiction over certain entities and their assets, described in paragraph 1 of the Receivership Order as:

> "1.      … the assets, of whatever kind and wherever situated, including all tangible and intangible property, of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, Carnegie Development, LLC, DJD Land Partners, LLC, LDG001, LLC, *and any other entities that Defendant Timothy Barton directly or indirectly controls, including, but not limited to*, the following Barton-controlled entities that received investor funds, real property interests purchased with investor funds, or own property interests that were improved with or otherwise have benefited from the use of investor funds: BM318 LLC; D4DS LLC; D4FR LLC; D4KL LLC; Enoch Investments LLC; FHC Acquisition LLC; Goldmark Hospitality LLC; JMJ Acquisitions LLC; JMJ Development LLC; JMJAV LLC; JMR100 LLC; Lajolla Construction Management LLC; Mansions Apartment Homes at Marine Creek LLC; MO 2999TC, LLC; Orchard Farms Village LLC; Villita Towers LLC; and 126 Villita LLC (collectively, 'Receivership Entities'). The assets of these Receivership Entities are referenced below as 'Receivership Assets.'" *Receivership Order* ¶ 1 (emphasis added).

3.      The Receivership Order provides a broad mandate to Mr. Thomas to, among other things:

- "use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities . . .
- "take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities . . ."
- "manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court."

*Receivership Order*, ¶ 6 A, B, C.

4.      On October 18 and again on October19, 2022, the Receiver travelled to 2999 Turtle Creek Blvd. (the "Turtle Creek Property"), which is utilized to operate the Receivership Entities by Barton, his adult children, at least two Receivership Entity employees, and two lawyers whose time is devoted, in large part, to Receivership Entity matters.  The Receiver's efforts were focused on discovering assets, the status of real estate development projects, and taking possession and control of all Receivership Property and possession of all Receivership records relevant to the Receivership Entities. *See* Declaration of Cort Thomas, included in the Appendix as **Exhibit A**.

5.      At the Turtle Creek Property, the Receiver found reams of documents and binders for more than 100 entities created and controlled by Barton directly or through other entities he owns and controls.  A list of the entities referenced in these binders and in additional documents located at the Turtle Creek Property, or otherwise discovered, is attached to the Declaration of Cort Thomas as **Exhibit A-1.**

6.      For instance, the binder related to SF Rock Creek, LLC contained the entity's notice from the IRS for its tax ID number, which also disclosed Barton as the sole member.  Notably, Rock Creek owns a property at 4107 Rock Creek Drive near Highland Park.  A brokerage agreement listing the property for sale was also located in the Turtle Creek Property.  True and correct copies of documents related to Mr. Barton's ownership and control over SF Rock Creek and its ownership of certain property are attached to the Thomas Declaration as **Exhibit A-2.**

7.      Immediately prior to his efforts on October 20, 2022 to secure the residence owned by SF Rock Creek, the Receiver learned Mr. Barton had been moving valuable art out of the property.[1]  Indeed, the walls of the residence indicate that many works of art that were previously

---

[1] Given his affidavit of inability to pay an appeal bond filed just months ago, Mr. Barton *cannot* be, individually, the owner of that art and personalty.  *See* Thomas Dec., **Exhibit A-4.**

in the residence are now missing, and the Receiver still has not been provided a list of artwork previously in the home.

8.      Many of the additional entities listed on Exhibit A are embroiled in litigation.  One of the attorneys who worked at the Turtle Creek Property provided a list of on-going litigation matters to assist the Receiver in filing Notices of Stay, as required by paragraphs 34-36 of the Receivership Order.[2]  Although the list is not exhaustive, several of the matters identified by prior counsel for the Receivership Entities involve Barton-controlled entities that are not expressly identified in the Receivership Order.  For instance, 2999TC Acquisitions, LLC, the entity that owns the Turtle Creek Property which is the subject of Cause No. 21-31954-hdh11, a bankruptcy case now on appeal and included in the list provided by the Receivership Entity's counsel, is unquestionably a Barton-controlled entity, but not expressly specified as such in the Receivership Order.[3]

9.      Similarly, numerous trusts are included in the entity binders or otherwise revealed as entities owned, controlled and utilized by Barton to operate, fund, and control other Receivership Entities.  Broadview Holdings Trust provides one such example.  Barton is the Trustee of Broadview Holdings Trust, which holds a lien on real property owned by Gillespie Villas, LLC, an entity in which sole control is vested in One SF Residential, LLC.  The only member of One SF Residential, in turn, is One Pass Investments, LLC, which additional evidence disclosed as controlled by Defendant Barton.  Identifying these Trusts as within the scope of the Receivership Order is thus essential to securing all Receivership Assets and Properties.

---

[2] A true and correct copy of the list is attached to the Thomas Declaration as **Exhibit A-3**.

[3] The Receiver filed a Notice of Stay in the case.

10.    Asset holders are hesitant to confirm or turnover assets held in the name of entities that are not expressly identified in the Receivership Order.  For instance, a title company confirmed possession of escrowed funds on a deal that did not close between Wall011, LLC and DJD Land Partners, another entity created by Barton and identified in documents at the Turtle Creek Property as Barton-controlled.

11.    Moreover, upon information and belief—premised on the Receiver's review of documents at the Turtle Creek Property, which is necessary because to date Defendants have provided limited information about bank accounts, the flow of money, or control and management over assets and properties—to the extent these unspecified Barton-controlled entities are continuing to operate and require operating funds, they can only do so using the same accounts and assets into which investor funds were co-mingled.

12.    As mandated by the Receivership Order, Mr. Thomas is the only person or entity authorized to conduct any business of behalf of any of the Receivership Entities, including paying ordinary expenses such as utilities bills for apartment complexes and surety bond premiums for real estate projects under development.  Yet, given Defendants' posture regarding the SF Rock Creek entity as an example, the Receiver will face opposition from Defendants as well as vendors and service providers who are hesitant to deal with the Receiver absent clarity regarding inclusion of the specific Receivership Entity at issue in the Receivership Order.

### DISCUSSION

"Sitting in equity, the district court is a 'court of conscience.'"  *U.S. v. Durham,* 86 F.3d 70, 73 (quoting *Wilson v. Wall,* 73 U.S. (6 Wall.) 83, 90, 18 L.Ed. 727 (1867)); *Pre-War Art, Inc. v. Stanford Coins & Bullion, Inc.*, No. 3:09-CV-00559-N, 2021 WL 424283, at *2 (N.D. Tex. Feb. 8, 2021). "[A] court of equity is enabled to frustrate fraud and work complete justice." *Tex. Co. v. Miller,* 165 F.2d 111, 116 (5th Cir. 1947). This Court accordingly possesses "broad powers and

wide discretion" in determining appropriate relief in its supervision of the receivership. *SEC v. Kaleta*, 530 Fed. App'x. 360, 362 (5th Cir. 2013); *SEC v. Champion-Cain*, No. 3:19-CV-1628-LAB-AHG, 2019 WL 6834661, at *2 (S.D. Cal. Dec. 13, 2019).

To preserve *all* assets owned or controlled by *all* entities Barton controls directly or indirectly and minimize the cost and complexity inherent in doing so, the Receiver requests an Order Supplementing Receivership Order that expressly includes the entities identified on Exhibit A-1.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully prays for an Order Supplementing the Receivership Order and requests such other and further relief to which he Receiver may be justly entitled.

Respectfully submitted,

By: */s/ Charlene C. Koonce*

Charlene C. Koonce
 State Bar No. 11672850
 charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cort Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on October 19, 2022 and again on October 30, 2022 the Receiver conferred with counsel for all parties regarding the relief requested above. The SEC and Defendants Fu and Wall are unopposed to the relief requested herein.  The Receiver conferred extensively, multiple times with Defendant Barton regarding the proposed inclusion of the entities identified on the attached list.  Although agreement was reached with respect to most entities, Defendant Barton has not expressly confirmed agreement as to all.  The Motion is accordingly presented as opposed.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because motion is being filed with the Court's electronic-filing system.

7