IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>　　　　　Defendants,<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC<br><br>　　　　　Relief Defendants | CASE NO. 3:22-CV-2118-X |

## GOVERNMENT'S UNOPPOSED MOTION TO INTERVENE AND TO STAY PROCEEDINGS

The government respectfully moves to intervene in this action so that it may seek a stay of this proceeding pending the completion of a parallel criminal prosecution ("the criminal matter").[1] The criminal matter relates to acts and transactions that are the

---

[1] *See United States v. Timothy Barton*, Case No. 3:22-cr-352-K.

Government's Unopposed Motion to Intervene and to Stay Proceedings—Page 1

subject of this civil case, and the two cases will likely share evidence and numerous witnesses. Intervention by the government, for the purposes of seeking a stay, is necessary to prevent prejudice to the criminal matter that likely will result from civil discovery. Further, if the Court grants the requested stay, the government requests that the Court-appointed Receiver be expressly excepted from the stay, allowing him to continue to perform the duties and obligations, and to exercise the powers and rights, set forth in the Court's Order Appointing Temporary Receiver (Dkt. 29).[2]

The SEC, the Court-appointed Receiver, and the defendants, Timothy Barton, Haoqiang Fu, and Stephen Wall are unopposed to this request.

## BACKGROUND

On September 20, 2022, a federal grand jury returned a nine-count indictment against defendant Timothy Barton charging him with seven counts of wire fraud, in violation of 18 U.S.C. § 1343, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff. (*See* Indictment (dkt. 1) in Case No. 3:22-CR-352-K.) Generally, the indictment alleges that Barton and others made false and fraudulent representations to investors in connection with certain real estate investments, known as the Wall properties. (*Id.* ¶¶ 5, 12-22.) Barton, through Carnegie Development, entered into agreements with investors that the investors would receive interest payments between 8 to 20% in the first and second years, that their initial investment would be paid back at the end of the loan, that Barton and others would

---

[2] Other courts in this District have specifically excepted receivers from similar stays of civil litigation. *See, e.g.*, *SEC v. Stanford Int'l Bank., Ltd.*, No. 3:09-CV-298-N, 2010 WL 11492395, at *1 n.1 (N.D. Tex. Jan. 5, 2010); *SEC v. Faulkner, et al.*, No. 3:16-cv-01735-D, Dkt. 371 (Senior J. Fitzwater).

contribute a portion of the investment for each Wall property, and that Barton would pay for any agency fees for services. (*Id.* ¶ 7.) Barton and others also provided a specific purchase price for each Wall property and told investors that no commissions would be paid. (*See id.* ¶ 7-10.) In reality, the Wall properties were purchased for a much lower price than told to investors, if at all, and Barton ultimately misappropriate the investors' funds to pay commissions along with personal and other expenses unrelated to the development of the Wall properties. (*Id.* ¶¶ 12-22.)

On September 23, 2022, the SEC filed this action against Barton, Carnegie Development, the Wall entities, Fu, and Wall, alleging a number of securities-law violations based on similar conduct. The complaint alleges that Barton, Fu, and Wall made false representations to investors regarding the same investments that are the subject of the criminal case. The complaint alleges violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act.

Because the charges and factual allegations in the indictment are similar, and in some instances virtually identical, to charges and allegations in the SEC's complaint, the government believes that the witnesses and evidence relevant to the criminal matter will also be relevant to the civil matter. The two matters will have many issues of fact and law in common as well.

## ARGUMENT AND AUTHORITIES

The government moves to intervene in this matter and to seek a stay of the civil proceeding until the criminal matter is resolved.

1.   **The government moves to intervene in the civil proceeding.**

Rule 24(a) of the Federal Rules of Civil Procedure provides a right of intervention for a movant who: (1) "claims an interest relating to the . . . transaction that is the subject of the action;" and (2) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed R. Civ. P. 24(a). Despite those circumstances, the movant is not entitled to intervene if "existing parties adequately represent" the movant's interest. *Id.*

Under Rule 24(b)(1)(B), the Court in its discretion may permit intervention if the movant has "a claim . . . that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to grant permissive intervention under Rule 24(b)(1)(B), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Because the criminal matter relates to acts and transactions that are the subject of this case, the United States "claims an interest relating to the . . . transaction that is the subject of" this civil action. Fed. R. Civ. P. 24(a). The government has an interest in enforcing criminal laws that may have been violated by the same acts and transactions to which the civil action relates.

Also, the government has "a claim . . . that shares with the main action a question of law or fact." Fed. R. Civ. P. 24(b). Criminal violations of the securities laws involve many elements of proof that are also part of this civil action, including schemes and artifices, material misrepresentations and omissions, and use of the mails and interstate commerce. Therefore, the criminal matter will likely share with this civil action

numerous legal issues, in addition to being based on common facts.

Furthermore, the government "is so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." Fed R. Civ. P. 24(a). Specifically, the government has a "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (finding no abuse of discretion in permitting intervention by the government under Rule 24(a) or (b)).

Also, the government's interest in enforcing its criminal laws cannot be protected adequately by the existing parties in the civil case. Despite the SEC's status as a governmental agency, the parties to this civil action cannot represent the government's interest with respect to the enforcement of federal criminal statutes. *See Bureering v. Urawas,* 1996 WL 277206 (C.D. Cal. Jan. 8, 1996) (observing that "the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . neither the plaintiff or the defendants have this identical interest").

Finally, intervention by the United States will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The criminal matter is set for trial on December 5, 2022, although the government anticipates that it will likely be continued from that date. The civil matter was filed days after the indictment was returned by the grand jury in the criminal matter. It is certainly possible that the criminal matter will be resolved sooner than the civil matter and thus may obviate the need for further litigation in this proceeding.

For the foregoing reasons, the government respectfully moves to intervene in this matter for the purposes of seeking a stay of the proceeding.

### 2. The government moves to stay the civil proceeding pending the resolution of the criminal matter.

The Court has discretionary authority to stay this civil proceeding. A court's authority to grant a stay derives from the power of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (relying on *Landis* for authority to grant stay). Moreover, a court may stay civil proceedings "when the interests of justice seem[] to require such action." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969)); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc.*, 300 F.2d at 268.

A stay under the present circumstances is consistent with the governing case law. The interests of justice generally weigh in favor of a stay of parallel civil proceedings that could impede a criminal investigation. *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied,* 449 U.S. 993 (1980); *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal

matter"). Courts have long recognized the wisdom of staying civil actions or civil discovery pending the resolution of related criminal proceedings dealing with the same underlying facts and issues. *See United States v. United States Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979). Indeed, staying this action now, before the parties conduct civil discovery, will prevent significant prejudice to the interests of the United States in the criminal matter. Federal criminal law provides certain time frames for discovery by defendants and establishes strict limitations on the material criminal defendants obtain prior to trial. By contrast, the discovery available to parties in civil litigation is much more expansive, and therefore threatens to subvert the public interests protected by the discovery limitations in the Criminal Rules.

For example, under Rule 26.2 of the Federal Rules of Criminal Procedure and 18U.S.C. § 3500, the prosecution is not required to provide a witness's statements to a criminal defendant until after the witness has testified on direct examination at trial, and the Rules of Criminal Procedure do not provide for routine depositions of government witnesses. *See* Fed. R. Crim. P. 15(a)(1). By contrast, the Rules of Civil Procedure liberally allow for depositions of potential witnesses. *See* Fed. R. Civ. P. 30(a). Given the near identity of issues and evidence in this case and the criminal matter, if civil discovery proceeds in this case, the defendants will be able to depose witnesses whom the government is likely to call in a criminal trial, effectively circumventing the limitations on criminal discovery. The government submits that the parallel criminal matter should be allowed to proceed unimpaired by premature disclosure of critical evidence that may

have a bearing on the government's ability to prosecute the case.

Importantly, the stay sought by the government will not result in unfair prejudice to the parties to the civil action, as evidenced by the fact that none of the parties to this civil case opposes the stay. For the defendants in the civil action, the stay may be preferable in some respects to proceeding with civil discovery while a criminal prosecution is underway.

## **CONCLUSION**

For the foregoing reasons, the government respectfully moves to intervene in this proceeding for the limited purpose of seeking a stay and for an order staying the civil proceeding, while permitting the Court-appointed Receiver to continue performing the duties and obligations and exercising the powers and rights previously ordered by the Court, pending resolution of the parallel criminal matter.

Dated: November 2, 2022.

                                         Respectfully submitted,

                                         CHAD E. MEACHAM
                                         UNITED STATES ATTORNEY

                                         */s/ Renee M. Hunter*
                                         RENEE M. HUNTER
                                         Assistant United States Attorney
                                         Texas State Bar No. 24072942
                                         1100 Commerce Street, Third Floor
                                         Dallas, Texas 75242-1699
                                         Telephone:   214-659-8978
                                         Facsimile:    214-659-8802
                                         Renee.hunter@usdoj.gov

**CERTIFICATE OF CONFERENCE**

      I hereby certify that I conferred with counsel for the SEC (Keefe Bernstein) who confirmed that the SEC did not oppose the government's limited intervention for purposes of seeking a stay or the government's motion for a stay of the civil proceeding pending resolution of the criminal matter. I further certified that I conferred with the defendants, Timothy Barton, Haoqiang Fu, and Stephen Wall, through their attorneys (Richard Roper, Robert Webster, and Michael Heiskell), who confirmed that they were also unopposed to the government's motion. I have also conferred with counsel for the Court-appointed Receiver (Charlene Koonce), who confirmed the Receiver is also unopposed to the government's motion.

                                                 */s/ Renee M. Hunter*
                                                 RENEE M. HUNTER
                                                 Assistant United States Attorney