**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| **v.** | § § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, et al.** | § § § | |
| *Defendants*. | § | |

**MOTION FOR ORDER GOVERNING ADMINISTRATION OF
RECEIVERSHIP ESTATE, NOTICE OF DISPOSITION OF
CERTAIN PERSONAL PROPERTY, AND BRIEF IN SUPPORT**

Respectfully submitted,

Charlene C. Koonce
  State Bar No. 11672850
  charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cort Thomas*

**TABLE OF CONTENTS**

I.    FACTS ........................................................................................................... 1

II.   AUTHORITIES ............................................................................................ 3

III.  REQUESTED PROCEDURES ..................................................................... 4

    A.    General Procedures Governing the Receivership ................................... 4

        1.    Notice and Service Procedures. ................................................. 4

    B.    Procedures For Sale of Personal Property ............................................. 5

        1.    Private Sale .................................................................................. 5

        2.    Auction ......................................................................................... 6

        3.    Abandonment ............................................................................... 7

        4.    Notice Regarding Intended Disposition ....................................... 7

        5.    Execution of Certificates of Title ................................................ 9

    C.    Disposition of Certain Personal Property and Documents ..................... 9

    D.    Sale or Abandonment of Real Property ................................................. 11

IV.   CONCLUSION .............................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Clark v. Clark*,
  58 U.S. 315, 15 L.Ed. 164 (1855) ................................................................................. 3

*FDIC v. Bernstein*,
  786 F .Supp. 170 (E.D.N.Y. 1992) ................................................................................. 3

*Fed. Sav. & Loan Ins. Corp. v. PSL Realty Co.*,
  630 F.2d 515 (7th Cir. 1980) ......................................................................................... 3

*Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*,
  829 F. Supp. 82 (S.D.N.Y. 1993) ................................................................................... 3

*FSLIC v. PSL Realty Co.*,
  630 F.2d 515 (7th Cir. 1980), *cert. denied*, 452 U.S. 961,
  69 L.Ed.2d 971, 101 S.C t. 319 (1981) ......................................................................... 3

*Gaskill v. Gordon*,
  27 F.3d 248 (7th Cir. 1994) ........................................................................................... 3

*SEC v. Hardy*,
  803 F.2d 1034 (9th Cir. 1986) ....................................................................................... 3

*SEC v. Safety Fin. Service, Inc.*,
  674 F.2d 368 (5th Cir. 1982) ......................................................................................... 3

**Statutes**

28 U.S.C. § 2001.......................................................................................................... 11, 12

28 U.S.C.A. § 2004 ............................................................................................................ 2

Cortney C. Thomas, as the court-appointed Receiver, respectfully moves the Court for the relief requested below, and further, requests relief on an expedited basis.[1]

## I.    FACTS

1.     On October 18, 2022, the Court entered an Order Appointing Receiver (the "Receivership Order"). The Order appointed Cortney C. Thomas as Receiver for certain entities ("Receivership Entities") and directed him to take possession and control over all Receivership Property and Receivership Records. *Receivership Order* ¶ 6; 16, 17.

2.     The Receivership Order also authorizes the Receiver to "without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate..." ¶ 39. Additionally, subject to the provisions of 28 U.S.C. §§ 2001 and 2004, the Receivership Order authorizes the Receiver, to "locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates . . ." ¶ 40; 41.

3.     In performing his mandate, the Receiver has located and has taken actual or constructive possession of certain personal property[2] ("Personal Property") owned by the Receivership Entities and anticipates that in the future he may acquire additional Receivership

---

[1] As explained below, vendors, counter-parties to contracts, banks, and other persons and entities the Receiver must obtain information, documents, or assets from to perform his mandate are and have requested assurances that the entities that are the subject of this motion fall within the scope of the Receivership Order. Providing the requested assurance through the relief requested in this motion is both essential and ***urgent***.

[2] For instance, art and furnishings are located in at least one building owned by a Receivership Entity, and the Entities hold the title on several automobiles. "Personal Property" as used in this Motion means all personal property owned by any Receivership Entity, excluding contractual rights. As provided by the Receivership Order, compromising or otherwise monetizing contractual interests requires no further Court order, but is nonetheless addressed below, in paragraph B.4.

Entity property.  In accordance with 28 U.S.C. §§ 2001[3] and 2004[4] and the various provisions of the Receivership Order as outlined below, the Receiver requests entry of an order setting forth the specific methods and procedures, prospectively, by which the Personal Property may be sold, so as to avoid burdening the court with otherwise routine matters.

4.       The Receiver additionally requests specific authority to sell, abandon, store, or destroy specific Personal Property and documents located in various locations used or controlled by the Receivership Defendants as further described below.

5.       Obtaining court approval and direction regarding certain procedural or administrative matters at the outset of the Receivership and as the Receivership progresses preserves receivership assets and ensures that the Receiver conducts the Receivership in accordance with the Court's instructions. Accordingly, the Receiver requests that the Court enter the proposed Order Governing Administration of the Receivership, etc., which, as described

---

[3] "**(a)** Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.  Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts.

**(b)** After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale."  28 U.S.C. § 2001.

[4] "Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise." 28 U.S.C.A. § 2004.

---

– 2 –

below, includes: a) procedures for further proceedings in this receivership; and b) procedures for giving notice.

## II.    AUTHORITIES

A Receiver is neither plaintiff nor defendant, but instead, acts as the Court's agent with respect to the administration of property. *Clark v. Clark*, 58 U.S. 315, 331, 15 L.Ed. 164 (1855); *FSLIC v. PSL Realty Co.*, 630 F.2d 515, 521 (7th Cir. 1980), *cert. denied*, 452 U.S. 961, 69 L.Ed.2d 971, 101 S.C t. 319 (1981)("Receiver is an officer of the court and subject to its orders in relation to the property for which he is responsible until discharged by the court"); *Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.*, 829 F. Supp. 82, 85 (S.D.N.Y. 1993). The orders of the appointing court are the sole source of a receiver's authority, and receivers are therefore authorized to petition the appointing court on matters related to the administration of the receivership. *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994); *PSL Realty Co.*, 630 F.2d at 521.

Cases discussing administration of equity receiverships are sparse and generally limited to the facts involved in each particular case.  *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). Nonetheless, two basic principles are recognized in most receivership proceedings. First, district courts are given "extremely broad" discretion in determining "the appropriate procedures to be used in its administration." *FDIC v. Bernstein*, 786 F .Supp. 170, 177 (E.D.N.Y. 1992); *Hardy*, 803 F.2d at 1037*; SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982)("Any action by a trial court supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse"). Second, "a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors."  *Hardy*, 803 F.2d at 1038. Accordingly, "reasonable procedures instituted by the district court that serve [these] purpose[s]" are generally upheld.  *Id*. Further, identical procedures have been authorized by other Judges in the Northern District.

### III.    REQUESTED PROCEDURES

The Receiver's goals include operation of the Receivership Estate with the greatest efficiency possible to preserve assets for the eventual distribution to investors and creditors. In this regard, the Receiver proposes use of the following general procedures.

### A.    General Procedures Governing the Receivership

**1.    Notice and Service Procedures.** Many of the motions filed by the Receiver will be unopposed. The service and notice procedures outlined below ensure timely notice of all proceedings to all interested parties, but also allow the Court to grant relief requested in motions for which no objections are filed, or to set hearings, as necessary, on an expedited basis. Establishing these procedures also accelerates the administration of the Receivership and in all likelihood provides for an earlier termination of the Receivership.  These notice procedures do not eliminate the requirement that the Receiver confer with all parties in advance of filing any motion.

The Receiver requests the following provisions govern notice of all motions filed by the Receiver:

a.    If no objections are filed within seven (7) days of service of any motion filed by the Receiver, he will file with the Court a Notice of No Objection, in which case the Court may, if it agrees with the relief sought, enter the proposed order *sua sponte*, or set the matter for hearing.

b.    If an objection is filed and served within seven (7) days of service of the motion, or if the Receiver anticipates that such an objection will be filed or believes that a hearing is appropriate, the Receiver will obtain a hearing date from the Court and issue and serve, a Notice of Hearing setting the matter for hearing before the Court, and serve the Notice of Hearing upon all persons reflected on the docket at least seven (7) days prior to the hearing.

**B.     Procedures For Sale of Personal Property**

The Receiver recommends selling all Personal Property currently in his possession or later acquired in accordance with the procedures set forth below. The Receivership Estate will suffer unnecessary delay and expense if the Receiver files a motion with this Court each time he seeks to sell an item of Personal Property. Additionally, the Receiver seeks to avoid burdening the Court with routine and ministerial matters if an acceptable procedure for disposition of the Personal Property can be established. And, based on past experience, the Receiver anticipates that some items, for instance office cubicles and similar furniture, have little or no value but will result in significant cost to the Receivership Estate if moved and stored. Accordingly, the Receiver proposes disposing of any item of Personal Property through one of the following procedures: Private Sale, Auction, or Abandonment.

With respect to all manners of sale listed below, neither the Receiver, any of the parties to this lawsuit or their agents, assigns, or employees may purchase any of the Personal Property or receive any such property through abandonment or otherwise.

**1.     Private Sale**

The Receiver seeks authorization to liquidate at a private sale the Personal Property in the possession of the Receiver in accordance with the following procedures:

a.      The Receiver shall sell the Personal Property at a private sale conducted by the Receiver or his staff or agents at which the Personal Property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The Personal Property need not be sold for the asking price but may be sold at any price at or above the reserve price.

– 5 –

b.      The Receiver will conduct the private sale in a location and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature and condition of the property to be sold. Sales on E-Bay, or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion. Sales of certain intangible property, if any, will also be sold in accordance with any specific limitations or rules imposed by any applicable governing body.

c.      Notice of terms of the sale shall be filed with the Court at least seven (7) days before transferring title, possession, or other indicia of ownership in the property. If no bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver may thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale.

d.      The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**2.    Auction**

In lieu of, or in addition to, a private sale, the Receiver seeks authorization to liquidate at a public or private auction Personal Property in the possession of the Receiver in accordance with the following procedures:

a.      The Receiver shall determine, in his discretion, which Personal Property should be sold by auction so as to obtain the highest net return on the Personal Property. The Receiver shall sell the Personal Property to the highest bidder at a public auction conducted by an established auctioneer, or by private auction as conducted in the Receiver's discretion to maximize the sales proceeds. The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

b.      The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

c.      Notice of the terms of the sale will not be included in the Receiver's periodic reports to the Court, although the net proceeds received from any auction and a general description of the Personal Property sold by auction will be reported.

### 3.      Abandonment

The Receiver believes some Personal Property in one or more locations utilized by the Receivership Defendants has no value. Moving and storing the items will result in substantial expenses to the Estate. Accordingly, the Receiver requests permission to abandon certain personal property.

In the event the Receiver is unable to sell an item of Personal Property pursuant to the procedures described herein, or if the Receiver believes in good faith that the property is valued at less than $1,500 and the Receiver believes costs associated with an attempted sale or the costs of moving and storage will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction. If the interest held by the Receiver is that of a lessee, or if the Personal Property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the Personal Property, the Receiver may surrender the property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver will include the description of any abandoned property in his Final Report.

### 4.      Notice Regarding Intended Disposition

The Receiver requests approval of the following notice procedures regarding sale or abandonment of any Personal Property.

a.    At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal property valued above $1,500.[5] The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned.

b.    The Receiver will also serve the written Notice described above by First Class Mail on every person who has made a written request to the Receiver. The Receiver may in his discretion provide additional notice as he deems appropriate.

c.    Any person who wishes to object to the proposed sale or abandonment shall file, not more than five days after the Receiver mails the Notice regarding the sale or abandonment, a motion setting forth the objection and the basis for it.

d.    If no objection is timely filed and served, the Receiver may sell or abandon the Personal Property without further order of the Court in accordance with these procedures and as described in the Notice.

e.    If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court.

f.    Additionally, any person may submit to the Court a written offer for the Personal Property the Receiver seeks to sell or abandon. If the offer is submitted to the Court within five days from the date the Notice of Sale is filed and is at least ten percent greater than the amount of the sale included in the Notice of Sale, the person submitting the increased offer shall be entitled to purchase the property described in the Notice of Sale, without further order of the Court.

---

[5] To avoid the time and cost in describing property with little or no value, the Receiver requests that the Court not require any notice prior to sale or abandonment of any item valued at less than $1,500.

g.    These procedures do not encompass the sale, compromise, or other disposition of contractual rights or choses in action. The Receiver believes that monetizing or otherwise resolving those intangible property interests more closely aligns with the provisions of Paragraph 42 of the Receivership Order, which authorizes all actions necessary to manage, maintain, or wind-down business operations.  Further, the notice procedures provided above for tangible property are not likely to assist in maximizing the value (or minimizing the loss to the estate), but instead, given the complexity of some of the contractual or litigation interests, are likely to increase the administrative costs of the receivership.  Accordingly, the Receiver requests the Court's approval for describing and explaining any compromise, sale, or other disposition of contractual rights or choses in actions in the Status Report following final disposition of those property rights.

### 5.    Execution of Certificates of Title

The Receiver also requests authorization to execute any certificate of title, assignment, bill of sale, or any other document necessary to effectuate the transfer of title to any personal property sold pursuant to the procedures outlines above.

### C.    Disposition of Certain Personal Property and Documents

The primary office location utilized by the Receivership Defendants, 2999 Turtle Creek, holds the accumulation of many years of documents, old mail, personal items, and items with absolutely no relevance or value.  Other properties have been located and will similarly need to be vacated prior to sale of the property.

The Receiver seeks to vacate each property as quickly and as inexpensively as possible. Packing and moving all items will greatly increase the cost of the move as well as the costs of storage. Accordingly, with respect to each location and its contents, the Receiver hereby provides

notice of his intent to abandon, sell, destroy or store the contents, and further requests the Court's express approval of the proposed disposition of the items described below:

<u>2999 Turtle Creek Blvd.</u>

1. Files/Papers

    a. Any Wall-related Investor Files – scanned or moved to storage, depending on cost;

2. Bills and Bank statements going back to January 1, 2015 – scanned or moved to storage, depending on cost;

3. Third-party's files unrelated to Receivership Entities' business – third parties (e.g., tenants of 2999 Turtle Creek) may schedule a time to recover their personal files; if not retrieved, will be abandoned and/or otherwise destroyed;

4. Receivership Entities' records preceding January 1, 2015 – shredded and/or otherwise destroyed;

5. Litigation/discovery files from closed cases – shredded and/or otherwise destroyed;

6. Litigation/discovery files from pending cases – scanned or moved to storage, depending on cost;

7. Old, unopened (and some opened) mail – shredded and/or otherwise destroyed;

8. Any non-Wall Entity-related documents, other than those described above, and which in the Receiver's discretion appear to have no relevance to the claims asserted against Defendants or the assets under the control of the Receiver – destroyed;

9. Furniture, TVs, Office Equipment (copier) – sold, returned to lessor, or donated;

10. Artwork – valued and then sold (most likely via auction);

      11. Computers – stored until the parties' claims are resolved, then sold or destroyed; and

      12. Employees' personal belongings – returned to employee upon proof of ownership.[6]

<u>Rock Creek Residence</u>

      1.   Limited furniture and other personal items are located in the house, which will be sold or abandoned once disposition of the realty is determined.

**D.     Sale or Abandonment of Real Property**

To date, the Receiver has identified multiple parcels of real property owned, in whole or part, by various Receivership Defendants. Several properties are apartment complexes or similar multi-family dwellings, some are raw land, others are projects in various stages of development. Most if not all properties are subject to liens and competing contractual rights, as well as bankruptcy or other title issues. All real property parcels evaluated to date have questionable or unknown net equity. Continued control and possession of the real property obligates the Receivership Estate to pay insurance premiums for the property as well as other expenses, such as utilities. Continued ownership of several properties, for instance an extended stay hotel and certain apartment complexes, also require the Receiver to maintain the employment of property managers and also risk potential exposure for liability arising from constructive eviction or safety issues. In the event the Receiver determines that a sale cannot be conducted as required by 28 U.S.C. § 2001 with the result of a net benefit to the Receivership Estate, he requests permission to abandon any interest in such property to the lienholder. Abandonment may occur through a deed in lieu of

---

[6] If an employee cannot demonstrate that an item was purchased with their own funds (versus the Receivership Entities' funds), the property will be deemed Receivership Property.

foreclosure or otherwise. The basis for the Receiver's analysis in making such a determination will be included in the Receiver's reports.

Sale of real estate, if any, will be conducted pursuant to 28 U.S.C. § 2001 with further motions and notices filed and published as required by that statute. With respect to such procedures and motions, in the event multiple offers are received from disinterested purchasers for any one property, particularly commercial properties for which such offers include detailed term sheets and evaluative information, the Receiver requests the Court's permission to utilize any one or more of the offers as the undefined "appraisals" required by § 2001(b). Doing so will preserve estate assets by avoiding the need for three appraisals (which often cost not less than 1% of the property value) in instances in which multiple arm's length competing offers reflect the property value with at least as much certainty as any appraisal. Additionally, in some instances and in order to avoid the hefty expense of formal appraisals, the Receiver intends to seek multiple informal "opinions of value" from respected brokers in the respective industry. In such instances, the Receiver requests the Court's permission to utilize any one or more of the "opinions of value" as the undefined "appraisals" required by § 2001(b).

## IV.    CONCLUSION

The Receiver believes the procedures described above are in the best interests of the receivership estate and that establishing these procedures at this early stage will conserve Receivership Assets.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully prays that the Court grant the relief requested above and seeks such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ Charlene C. Koonce

Charlene C. Koonce
 State Bar No. 11672850
 charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
T: (214) 327-5000
F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for the Receiver conferred with counsel for all parties. The SEC, Defendants Fu, and Wall do not oppose the relief requested above. Defendant Barton is opposed.

/s/ Charlene C. Koonce
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this Report is being filed with the Court's electronic-filing system.

/s/ Charlene C. Koonce
Charlene C. Koonce