**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 3:22-cv-2118-X |
| Plaintiff, | ) ) ) | **HEARING REQUESTED** |
| v. | ) ) | |
| TIMOTHY BARTON et al., | ) ) | |
| Defendants. | ) | |

**OPPOSITION OF HNGH TURTLE CREEK, LLC, TO RECEIVER'S MOTIONS TO SUPPLEMENT ORDER APPOINTING RECEIVER [41] AND FOR ORDER GOVERNING ADMINISTRATION OF RECEIVERSHIP ESTATE [47]**

**I.      INTRODUCTION**

The Receiver's motions rest on the faulty premise that 2999 Turtle Creek Boulevard is owned by an entity under Defendant Timothy Barton's control.  That is not so.  As Judge Everett thoroughly explained in an order dated September 28, 2022, the Property belongs to HNGH Turtle Creek, LLC ("HNGH"), a wholly independent organization that Defendant Timothy Barton attempted to swindle in a series of transactions and lawsuits separate from the misdeeds alleged in this action.  *See In re 2999TC Acquisitions, LLC*, No. 21-31954, Doc. 283 (Bankr. N.D. Tex.) (App'x at 4, 21, 48-49).  In fact, HNGH has owned the property for *months*, and Judge Everett's order simply confirmed that reality.  *See id.* at 21, 47-48.  Accordingly, HNGH respectfully submits that the Court should deny the Receiver's motions to the extent that they assert any authority over the 2999 Turtle Creek Property and should reiterate that this Property is beyond the scope of the Receivership Order.

II.    **BACKGROUND**

A.    **HNGH Obtains the 2999 Turtle Creek Property.**

HNGH acquired the 2999 Turtle Creek Property several months ago after a protracted set of negotiations, payment defaults, and legal battles with 2999TC Acquisitions, LLC ("2999TC"), which is one of the Barton-controlled entities identified in the Receiver's pending motions. *See* Dkts. 41 at 4; 41-1 ¶121. In 2019, HNGH's predecessor-in-interest loaned $32.5 Million to 2999TC, with the note secured by a deed of trust on the Property. App'x at 4. After a series of defaults, renegotiations, delays, and dubious litigation by 2999TC, HNGH ultimately agreed to accept a deed in lieu of foreclosure that would "be released to HNGH upon a forbearance default." *Id.* at 5-7.

On October 29, 2021, 2999TC failed to make its maturity date payment, resulting in a forbearance default. *Id.* at 8. Later that same day, HNGH submitted the deed for recordation, and the Dallas County Clerk recorded the deed on November 1, 2021. *Id.* But Barton was not finished yet. 2999TC initiated bankruptcy proceedings and, on November 11, 2021, filed an Adversary Complaint to avoid HNGH's recorded deed. *See 2999TC Acquisitions, LLC v. HNGH Turtle Creek, LLC*, No. 21-03085, Doc. 1 ¶¶ 28-46, Claims I-III (N.D. Tex.) ("Adversary Proceeding").

After four months of litigation in the Adversary Proceeding, the bankruptcy court entered its *Agreed Order of Judgment and Dismissal of Adversary Proceeding with Prejudice to Refiling* (the "Adversary Order"). *See* Adversary Proceeding, Doc. 15 (App'x at 50-53). The Adversary Order, entered on March 18, 2022, is binding on 2999TC, Barton, and other entities controlled by Barton. *Id.* at 52. In that Order, the bankruptcy court issued findings of fact and rulings that conclusively established HNGH's ownership of the 2999 Turtle Creek Property. In particular, the court determined that "the Debtor defaulted on its payment obligations under the Note by failing to pay all amounts due and owing by 1:00 pm ET on the maturity date, October 29, 2021," and

that "following the Debtor's default, HNGH properly exercised its right to file the Deed in Lieu in accordance with the terms and conditions of the Forbearance Agreement." *Id.* at 51. The bankruptcy court then ruled that "all claims and causes of action asserted by Plaintiff in the Complaint are unmeritorious and are denied in their entirety and DISMISSED WITH PREJUDICE TO REFILING." *Id.* Accordingly, the deed filed by HNGH on October 29, 2021 was properly filed and not subject to avoidance or recovery by 2999TC, Barton, or any other party.

As evidenced in the Adversary Order, and as agreed to by 2999TC and Barton, all of the claims and causes of action asserted in the Adversary Complaint were expressly adjudicated on the merits; the Adversary Order was the result of litigation to a final judgment; and 2999TC and Barton waived and released all other claims and causes of action they could have asserted against HNGH in the Adversary Complaint. *Id.* at 51-52. In fact, 2999TC, Barton, and HNGH all agreed—and the bankruptcy court ruled—that the Adversary Order "shall have res judicata and collateral estoppel effect." *Id.* at 52.

### B.    2999TC Breaches the Orders and Fails to Obtain the Property.

Subsequent to the Adversary Order, the only way that 2999TC could ever hope to re-obtain ownership of the Property was through an agreed order in the bankruptcy proceeding determining that, if 2999TC satisfied certain payment obligations to HNGH by May 31, 2022, "the Deed in Lieu [of Foreclosure] would be deemed rescinded and avoided" and "HNGH would deliver [a] recission deed to [2999TC] so the Debtor could record it in the real property records." App'x at 8-10 & n.5. But if 2999TC failed to do so, "the Deed in Lieu would be deemed a valid, unavoidable prepetition transfer that the Debtor would be barred from contesting" and HNGH would be confirmed as "the owner of the property automatically." *Id.* at 9-11.

2999TC "did not satisfy" its obligations by the deadline. *Id.* at 21. Instead, Barton engaged in a further series of dilatory, deceptive, and outrageous ploys, as Judge Everett recounted at length

3

in his 49-page order issued on September 28, 2022. *See, e.g.*, *id.* at 14-20. Barton filed more meritless litigation. *Id.* at 16-17. He transformed what should have been a "three-hour" hearing into a 50-hour ordeal "stretched out over fifteen nonconsecutive days over two months"—during which he, his witnesses, and his ever-evolving cast of lawyers relied on "outright falsehoods and half-truths"; made arguments that were "stunning," "disingenuous," and "flat out false"; threatened to file a motion to recuse; bizarrely claimed to have never encountered evidentiary objections "in law school or in thirty years of practice"; moved for continuances; sought the appointment of a mediator; and otherwise tried "to draw out the hearing." *Id.* at 2, 15-20, 32, 36, 38, 45, 47 & nn.8, 13, 15. So unconvincing was this performance that, although Judge Everett entered the case "skeptical of HNGH's allegation" that Barton had "attempt[ed] to set a trap for HNGH," as "the hearing progressed[] the Court became convinced that HNGH's analysis was spot-on." *Id.* at 15 & n.7.

This performance also did nothing to avoid Judge Everett's inevitable judgment: "[T]he Deed in Lieu—automatically—is deemed a valid, unavoidable prepetition transfer to HNGH." *Id.* at 21-22, 47. And because "[t]he Deed in Lieu was a valid conveyance," Judge Everett ordered, HNGH was "the owner of the Property pursuant to that Special Warranty Deed recorded … in the real property records of Dallas County, Texas on or about November 1, 2021," with 2999TC possessing "no further right, title, or interest in the Property." *Id.* at 48. By its express terms, this judgment became "effective and enforceable immediately." *Id.* at 49.

2999TC filed a notice of appeal of Judge Everett's "final order" and moved for a stay pending appeal. *In re 2999TC,* Docs. 288, 296, 297. Those filings recognized that "HNGH has been determined to be the new owner of the Property, free and clear of any claim by 2999TC"; that Judge Everett "concluded that the deed in lieu automatically took effect because [2999TC]

defaulted"; and that the judgment operated "as res judicata." *In re 2999TC,* Docs. 296 at 8-9; 297 at 3-5.

###     C.        The Receiver Collaterally Questions HNGH's Ownership of the Property.

After Judge Everett confirmed HNGH's ownership of the 2999 Turtle Creek Property in his September 28 order, this Court entered a Receivership Order in this action appointing the Receiver and granting him certain powers over Barton's property. Dkt. 29. By the Order's plain terms, such property is limited to that belonging to Barton and "other entities that … Barton directly or indirectly controls." *Id.* at 2-4.

Despite this limitation, the Receiver has now repeatedly suggested that the 2999 Turtle Creek Property falls within his authority. The motion to supplement the Receivership Order, for example, not only identifies 2999TC as a "Barton-controlled entit[y] that [is] not expressly identified in the Receivership Order," but proceeds to claim that 2999TC "owns the Turtle Creek Property which is the subject of [the] bankruptcy case." Dkt. 41 at 4. So too for the supporting declaration. Dkt. 32. There, the Receiver maintains that 2999TC "is the owner of the Turtle Creek Property," and he even claims that various "photos and signs" at the Property "demonstrate[] that the Turtle Creek property f[alls] within the scope of the Receivership Order." *Id.* at 4, 6. The Motion for Order Governing Administration of the Receivership operates on the same flawed assumption, inventorying the contents of the 2999 Turtle Creek Property and lumping this Property in with other locations that "need to be vacated prior to sale." Dkt. 47 at 12-13.

This position, however, is inconsistent not only with the Adversary Order and Judge Everett's order, but also with other actions by the Receiver that reflect HNGH's ownership of 2999 Turtle Creek. For example, in communications with HNGH's counsel, the Receiver and his representative have asked HNGH to procure insurance coverage for the Property. *See* Nov. 9, 2022 Email from C. Koonce to J. Kane (App'x at 54). The Receiver has also suggested that HNGH

5

pay all ad valorem property taxes when they come due, and has discussed with HNGH whether the Receiver or HNGH should pay for utilities at the Property on a go-forward basis.

## III.    ARGUMENT

This Court should confirm that the Receiver lacks authority over the 2999 Turtle Creek Property. As the Court's prior Order made clear, the Receiver's powers encompass property belonging to Barton and his entities. Dkt. 29 at 2-4; *see also In re Still*, 963 F.2d 75, 77 (5th Cir. 1992) (a receiver "stands in the shoes" of the defendant). And as the Receiver has recognized elsewhere in his filings, he is "an officer of the [C]ourt and subject to its orders," with those orders providing "the **sole** source of [his] authority." Dkt. 47 at 6 (emphasis added and quotations omitted). The upshot of those principles is inescapable: the Receiver has no basis for claiming power over a property in which Barton and his entities lack any "right, title, or interest." App'x at 48. And as both the Adversary Order and Judge Everett's exhaustive opinion make inescapably clear, Barton and his entities have no "right, title, or interest" in the 2999 Turtle Creek property, which belongs to HNGH alone (and has for months). *Id.* at 48, 50-53.

If there were any doubt about the futility of undermining HNGH's hard-fought confirmation of ownership, a straightforward application of res judicata dispels it. Judge Everett's order "definitively dispose[d] of [a] discrete dispute[]" in bankruptcy, and thus is a "final" decision governed by "[t]he normal rules of res judicata and collateral estoppel." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *Katchen v. Landy*, 382 U.S. 323, 334 (1966) (collecting cases).[1] It makes no difference that the decision is subject to appeal or that the Receiver

---

[1]    *See also In re Baudoin*, 981 F.2d 736, 739, 742 (5th Cir. 1993) (stressing "the important interest in the finality of judgments in a bankruptcy case" and that "precedent clearly establishes that bankruptcy court orders [can be] final judgments on the merits for res judicata purposes even though [they] neither close[] the bankruptcy case nor dispose[] of any claim" (quotations and

has now entered the mix:  The order "is res judicata and entitled to full faith and credit unless and until reversed."  *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*, 510 F.2d 272, 273 (5th Cir. 1975).  And the Receiver merely "stands in the shoes" of Barton and his entities—including the 2999TC debtor entity that fought and lost in the bankruptcy court and is bound by its judgments.  *In re Still*, 963 F.2d at 77; *accord Eberhard v. Marcu*, 530 F.3d 122, 132 (2d Cir. 2008) (a receiver "stands in the shoes of the corporation and can assert only those claims which the corporation could have asserted" (quotation omitted)).  Accordingly, the Receiver has no reason to collaterally question Judge Everett's holding that HNGH is the exclusive "owner of the Property," App'x at 48 (emphasis added)—or, for that matter, the determinations in the prior Adversary Order conclusively establishing HNGH's ownership of the 2999 Turtle Creek Property, which the court ruled "shall have res judicata and collateral estoppel effect," App'x at 52.

Settled principles of res judicata aside, any attempt to ignore Judge Everett also runs headlong into the tenet that "[t]he orders of a bankruptcy court must be given full respect and obedience."  *In re Jones*, 490 F.2d 452, 457 (5th Cir. 1974).  As courts routinely recognize, "receivership should not be used as an alternative to bankruptcy."  *Eberhard*, 530 F.3d at 132 (collecting cases).  And here, all parties agree that there is a "bankruptcy case now on appeal" that squarely addressed the "ownership" "of the Turtle Creek Property."  Dkt. 42 at 6.

In the words of Judge Everett, "[e]nough is enough."  App'x at 2, 47.  The judiciary—to say nothing of HNGH—has spent untold resources establishing what has long been plain:  HNGH is the rightful owner of the 2999 Turtle Creek Property.  That process has consumed 50-plus hours of court time, culminating in a 49-page opinion that methodically disposed of every plausible

---

italics omitted)); *In re Moody*, 817 F.2d 365, 367-68 (5th Cir. 1987) ("a bankruptcy proceeding is over when an order has been entered that ends a discrete judicial unit in the larger case").

objection (and then some) to HNGH's ownership. *In re Jones*, 490 F.2d at 457; *see also* App'x at 2. There is no reason to entertain further suggestions that the Property belongs to anyone else.

## IV.    CONCLUSION

Because the Receiver has not squarely requested that the Court extend his authority to the 2999 Turtle Creek Property, HNGH has limited the scope of this submission. But should the Receiver press the issue, HNGH is committed to fully and vigorously defending its well-established rights. For now, HNGH respectfully requests that the Court deny the Receiver's motions to the extent they assert authority over the 2999 Turtle Creek Property and that the Court confirm that this Property is beyond the scope of the Receivership Order. If the Court is inclined to do otherwise, HNGH respectfully requests a hearing on the matter.

DATED:  November 11, 2022                    Respectfully submitted,

                                             s/ *Erin Nealy Cox*
                                             _____
                                             Erin Nealy Cox
                                             Texas State Bar No. 00794357
                                             Tel: (214) 972-1847
                                             erin.nealycox@kirkland.com
                                             George W. Hicks, Jr.*
                                             Virginia State Bar No. 91711
                                             Tel: (214) 972-1722
                                             george.hicks@kirkland.com
                                             KIRKLAND & ELLIS LLP
                                             4550 Travis Street
                                             Dallas, TX 75205
                                             Tel: (214) 972-1770

                                             Kyle M. DeYoung*
                                             Washington D.C. Bar No. 472613
                                             Tel: (202) 389-3251
                                             kyle.deyoung@kirkland.com
                                             KIRKLAND & ELLIS LLP
                                             1301 Pennsylvania Ave. NW
                                             Washington, DC 20004
                                             Tel: (202) 389-3251

                                             John J. Kane
                                             Texas State Bar No. 24066794
                                             Tel: (214) 777-4261
                                             jkane@krcl.com
                                             KANE RUSSELL COLEMAN LOGAN PC
                                             901 Main Street, Suite 5200
                                             Dallas, TX 75202
                                             Tel: (214) 777-4200

                                             **Pro Hac Vice application forthcoming*

                                             *Counsel for HNGH Turtle Creek, LLC*

9

## CERTIFICATE OF SERVICE

I affirm that on November 11, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

By: <u>s/ *Erin Nealy Cox*</u>
Counsel for HNGH Turtle Creek, LLC