IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § § | **Response in Opposition to Motion** |
| CARNEGIE DEVELOPMENT, LLC | § | **to Supplement Order Appointing** |
| WALL007, LLC | § | **Receiver** |
| WALL009, LLC | § | *Hearing Requested* |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL018, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § | |

**MAXIMILIEN BARTON AND RELATED ENTITIES' RESPONSE TO
MOTION TO SUPPLEMENT ORDER APPOINTING RECEIVER [ECF NO. 41]**

Interested Parties Maximilien Barton, Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, and Titan Investments LLC (the "Max Barton Parties") file this Response in opposition to the Receiver's Motion to Supplement Order Appointing Receiver, [ECF No. 41] ("Motion"), and request a hearing on the motion.

-1-

## I.    INTRODUCTION

The Court should deny the Receiver's motion to expand its remit to 131 additional corporate entities and the attendant request to unfairly encumber property that has nothing to do with the underlying litigation.  At the very least, the Max Barton Parties respectfully request that the Court deny the Receiver's motion as to Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, and Titan Investments LLC (collectively, the "Max Barton Entities").

The Receiver's request is inequitable and unsupported by Fifth Circuit case law, which requires the Receiver to show that Timothy Barton owns or controls the relevant entities *and* that the entities are in possession of funds traceable to the alleged wrongdoing.  Timothy Barton, however, does not own or control the Max Barton Entities, and the Receiver fails to show that he does.  And even if the Receiver could demonstrate the requisite ownership or control, the Receiver has still failed to demonstrate that the entities are in possession of funds traceable to the alleged fraud.

## II.    ARGUMENT

Under binding Fifth Circuit precedent, "equity does not allow a receivership to be imposed over property that [is] not the subject of the underlying dispute."  *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012).  When the SEC seeks receivership over corporate assets in "a suit for non-compliance with SEC regulations," that may be justified where the defendant's "corporate assets *are the underlying subject matter of the dispute.*" *Id.* (emphasis added).  But to establish a receivership over non-party assets, the movant must separately show that the non-party (1) received ill-gotten funds and (2) has no legitimate claim to the funds. *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009).  In one particularly notable case in this

District, Judge Fitzwater limited an SEC receivership to non-defendant entities that the movant showed were "(i) controlled by [the defendant] *and* (ii) in possession of funds traceable to [the allegedly defrauded] investors." *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *5 (N.D. Tex. Sept. 12, 2018) (emphasis added). Accordingly, case law requires the Receiver to show that the Max Barton Entities (1) are controlled by Timothy Barton *and* (2) are in possession of funds traceable to the alleged fraud *and* (3) have no legitimate claim to any such funds that may be in their possession.

### A.    Timothy Barton Does Not Own or Control the Max Barton Entities

For starters, the Receiver here has not and cannot show that the Max Barton Entities are controlled by Timothy Barton—because they are not. Indeed, the Receiver merely speculates that the newly targeted entities are all "entities that Defendant Timothy Barton directly or indirectly controls." *See* Mot. [ECF No. 41] at 1. And the Receiver's mere assertion that each of the 131 additional non-defendant entities is directly or indirectly controlled by Timothy Barton is untrue. It is certainly untrue as to the Max Barton Entities.

The pertinent facts regarding ownership and control of the Max Barton Entities are as follows:

- **Gillespie Villas, LLC**
  - o The Receiver incorrectly alleges that Gillespie Villas, LLC is under the "sole control" of ONE SF Residential, LLC. *See* Thomas Decl. ¶ 10. But the sole manager, member, and owner of Gillespie Villas, LLC is MXBA LLC. *See* Ex. A, at 31–32.
  - o The Receiver also incorrectly alleges that Broadview Holdings Trust "holds a lien on real property owned by Gillespie Villas, LLC." Mot.

[ECF No. 41] at 4. But the existence of a lien does not establish ownership or control. Regardless, Broadview Holdings Trust does not hold a lien on Gillespie Villas property.

- **Venus59, LLC**
  - o Previously, the members of Venus59, LLC were MXBA, LLC (99% interest) and ONE SF Residential, LLC (1% interest). *See* Ex. B, at 35. ONE SF Residential was also previously the sole manager of Venus59, LLC. *Id.* at 34.
  - o Later, Venus59, LLC obtained funding from Daniel Crow, who took a 60% interest in Venus59. *See* Ex. D, at 35. The Crow funding and Crow's 60% interest demonstrate that Venus59, LLC and the Venus59 project was far from a mere father-son arrangement.
  - o On October 31, 2022, ONE SF Residential resigned its position as Manager of Venus59, LLC, as part of Max Barton's ongoing good-faith efforts to alleviate any potential concerns about the Max Barton Entities. *See* Ex. C.

- **TRTX Properties, LLC**
  - o The sole member and manager of TRTX Properties, LLC is The MXBA Trust. *See, e.g.*, Ex. E, at 7. Max Barton is the President. *Id.* at 8.
    - Saskya Bedoya is also the Trustee for the revocable trust The MXBA Trust. *See* Ex. F, at 1.
    - Timothy Barton is the Grantor of The MXBA Trust, not the Trustee. *Id.* Max Barton is the sole beneficiary of the trust. *Id.*

The trust does not allow for distribution of any trust property to the Grantor, Timothy Barton. *See, e.g., id.* at 41. Even though the trust is revocable, "none of the principal and none of the income therefrom shall ever be payable to the Grantor, the Grantor's estate, or to the creditors of the Grantor's estate, or to discharge any obligation of the Grantor or the Grantor's creditors, to the Grantor's estate or to the creditors of the Grantor's estate." *Id.*

- **MXBA, LLC**
  - The sole member of MXBA, LLC is The MXBA Trust, of which Max Barton is the sole beneficiary. *See* Ex. G, at 10. Max Barton is the President of MXBA, LLC. *Id.*

- **Titan Investments, LLC**
  - Max Barton is the sole member, manager, President, Secretary, and Treasurer of Titan Investments, LLC. *See* Ex. H, at 1, 3.
  - While Max Barton has been the sole member of Titan Investments since August 19, 2020, *see id.* at 1, for the avoidance of any doubt, and as part of Max Barton's ongoing good-faith efforts to alleviate any concerns regarding the Max Barton Entities, on October 6, 2022, Timothy Barton resigned "in all respects from any capacity as authorized signatory, or agent or agency of any kind or character whatsoever respecting" Titan Investments, LLC. *See* Ex. I. Accordingly, Timothy Barton has not been associated with Titan Investments, LLC since October 6, 2022.

In sum, Timothy Barton does not own or control the Max Barton Entities, and the Receiver has not shown (and cannot show) otherwise.  For this reason alone, the Motion must be denied with respect to the Max Barton Entities.[1]

### B.    The Receiver Has Not Met His Burden to Demonstrate that the Max Barton Entities Are in Possession of Funds Traceable to Alleged Fraud

Even if the Max Barton Entities were owned or controlled by Timothy Barton (and they are not), the Receiver has failed to meet his burden to demonstrate that the Max Barton Entities are in possession of funds traceable to the alleged fraud, let alone that the entities have no legitimate claim to any such funds.  *See Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *5 (requiring a non-defendant entity be "(i) controlled by [the defendant] *and* (ii) in possession of funds traceable to [the allegedly defrauded] investors" (emphasis added)); *Janvey*, 588 F.3d at 834 (receivership appropriate only for an entity that "(1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds").

For example, as noted, the Receiver incorrectly alleges that Broadview Holdings Trust "holds a lien on real property owned by Gillespie Villas, LLC."  Mot. [ECF No. 41] at 4. Gillespie Villas, LLC did receive a legitimate loan from Broadview Holdings, LLC (not Broadview Holdings Trust).  But the SEC has not claimed that this loan relates or is traceable to any alleged fraud.  *See* App. Support Expedited Mot. Appointment Receiver [ECF No. 7].  And the Receiver has similarly failed to establish that any loan money is traceable to any alleged fraud.   Furthermore, as part of Max Barton's ongoing good-faith efforts to remove any potential concerns regarding the Max Barton Entities, Gillespie Villas, LLC is already in the process of

---

[1] Although included in the Court's initial Receivership Order, *SEC v. Barton, et al.*, No. 3:22-CV-2118 (N.D. Tex. 2022), rather than the Receiver's pending supplemental list, Goldmark Hospitality, LLC is also among the Max Barton Entities for which there is no justification under the law to impose receivership.  The sole member of Goldmark Hospitality is TRTX Properties, LLC.  *See* Ex. J, at 34.  Max Barton is the President.  *Id.* at 17.

securing funding that would allow Gillespie Villas, LLC to accelerate repayment of the Broadview loan and sever all financial ties with that entity.  At any rate, the Broadview loan is irrelevant because, as already discussed above, Timothy Barton does not have ownership or control of Gillespie Villas, LLC.

As to Venus 59, LLC, it is possible that funds were loaned to MXBA, LLC by an entity directly or indirectly controlled by Timothy Barton to assist in the closing on the Venus59 land. But that money would have been paid out to assist with specific closing costs and would not still be in the possession of Venus59, LLC.[2]  Plus, even if such funds were loaned, and even if such funds were still in the possession of Venus59, LLC (which they are not), the Receiver would need to establish that such funds are traceable to the alleged fraud, and he has not.

Elsewhere, the Receiver asserts "upon information and belief" that, "to the extent these unspecified [Timothy] Barton-controlled entities are continuing to operate and require operating funds, they can only do so using the same accounts and assets into which investor funds were co-mingled."  Mot. [ECF No. 41] at 5, ¶ 11.  With respect to the Max Barton Entities, there is no evidence that this is true and, most importantly, the Receiver has not attempted to demonstrate that it is true.

Ultimately, the Receiver does not provide any factual predicate for receivership over the Max Barton Entities.  The Receiver seems to believe he is entitled to a presumption of receivership over the companies.  But neither Fifth Circuit precedent nor justice supports the proposition that non-defendant entities like the Max Barton Entities may be hauled into court to prove their innocence by *disproving* factors the case law says it is incumbent upon the Receiver to prove—i.e., (1) control by Timothy Barton *and* (2) possession of funds traceable to the alleged fraud *and* (3) no legitimate claim to any such funds.

---

[2] ONE SF Residential made a one-time $10 capital contribution to Venus59.  *See* Ex. D, at 35.

In sum, the Receiver has not and cannot provide the factual predicate necessary under binding precedent to justify receivership over the Max Barton Entities, all of which are owned or operated by Max Barton or other entities owned or operated by Max Barton. *See Janvey*, 588 F.3d at 834 (requiring proof that the non-defendant (1) received ill-gotten funds and (2) and lacks a legitimate claim to those funds).

### III.    CONCLUSION

For the foregoing reasons, the Max Barton Parties respectfully request that the Court deny the Receiver's Motion to Supplement Order Appointing Receiver [ECF No. 41] in full or, at a minimum, with respect to the Max Barton Entities.

Dated: November 14, 2022

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Nathan Baum*
**Nathan Baum**
Texas State Bar No. 24082665
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Nathan.baum@nortonrosefulbright.com
Phone: 214-855-7487
Fax: 214-855-8200

**Samuel Ramer**
*Pro Hac to Be Sought*
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
samuel.ramer@nortonrosefulbright.com
Phone: 202-662-0214
Fax: 202-662-4643

**Chris Cooke**
Texas State Bar No. 24129241
111 W. Houston Street, Suite 1800
San Antonio, TX 78205
christopher.cooke@nortonrosefulbright.com
Phone: 210-270-7175

-9-

Fax: 210-270-7205

**COUNSEL FOR MAXIMILIEN BARTON,
GILLESPIE VILLAS LLC, VENUS59 LLC,
TRTX PROPERTIES LLC, MXBA LLC,
and TITAN INVESTMENTS LLC**

## CERTIFICATE OF SERVICE

On November 14, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Nathan Baum*
Nathan Baum