## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC | § § § | **Hearing Requested** |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL018, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § | |
| | § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § | |
| | § § | |
| *Relief Defendants.* | § | |

### DEFENDANT TIMOTHY BARTON'S RESPONSE TO MOTION
### TO SUPPLEMENT ORDER APPOINTING RECEIVER [ECF NO. 41]

Defendant Timothy L. Barton files this Response in opposition to the Receiver's Motion

to Supplement Order Appointing Receiver [ECF No. 41] ("Motion"), and requests a hearing on

the Motion, as follows.

## I.    INTRODUCTION

The Court should deny the Receiver's request to expand its ambit to expressly name *131 additional corporate entities* and to encumber additional property that has nothing to do with this lawsuit. The Receiver's request is improper and not justified under Fifth Circuit law, which requires some showing of wrongdoing or ill-gotten gains by non-defendant parties before an SEC receiver can be imposed over them.  In its Motion, the Receiver makes no effort to make the requisite showing, but instead asks for a rubberstamp granting him more power.

## II.    BACKGROUND

The Securities and Exchange Commission ("SEC") filed this action on September 23, 2022.  Three days later, the SEC filed an Expedited Motion for Appointment of Receiver. ECF No. 6.  The SEC supported this request with an analysis conducted by a staff accountant, Carol Hahn.  *See* Hahn Decl. ¶ 1 (SEC App. 002) [ECF No. 7-1].

While the SEC's underlying evidentiary support has yet to be provided, the SEC submitted the Hahn declaration that included conclusions purporting to trace funds transferred from the Wall Entities to other alleged "Barton-controlled entities that received investor funds, real property interests purchased, at least in part, with investor funds, or own property interests that were improved with or otherwise have benefited from the use of investor funds." *Id*. at ¶ 37 (SEC App. 015); *see generally id.* (SEC App. 001-015) (describing the underlying analysis). Ms. Hahn's ultimate conclusion, after her involvement in a two-year investigation by the SEC, was to identify only 29 companies that allegedly touched or benefited from lender funds in some direct or indirect way.  *See* Hahn Decl. Ex. C (SEC App. 018) [ECF No. 7-1].  This analysis by the SEC formed the basis for the Court's specific inclusion of these 29 entities in its Order

establishing the receivership.  *See* Order Appointing Receiver ("Receivership Order") [ECF No. 29] at ¶ 1.

On November 1, 2022, the Receiver moved to supplement the Receivership Order to expressly name 131 new entities that were never previously raised by the SEC in the initial motion practice.  *See* Mot. to Supplement Order Appointing Receiver [ECF No. 41].  As claimed by the Receiver, the basis for the requested addition is to "clarify" the Court's intent in its Order to include any additional entities that Timothy Barton "directly or indirectly" controls.  *See id*. at 6 (arguing that expansion is necessary to establish receivership over "*all* entities Barton controls directly or indirectly"); *see, e.g., id*. at 3 (citing documents found "[a]t the Turtle Creek Property" as the basis for establishing that the listed entities are "controlled by Barton directly or through other entities he owns and controls").  At no point, however, does the Receiver attempt to show that the 131 newly-identified entities received funds traceable to the allegations of misconduct in the complaint such that they can be properly named under the Receiver's authority and still remain in compliance with Fifth Circuit law.  Nor does the Receiver's Motion attempt to make any evidentiary showing, akin to the SEC's prior analysis, to support an argument as to why these additional entities should also be expressly encumbered.

Rather, the sole purpose of the Motion is to expand the Receiver's powers to allow him to go after and take control of previously-unidentified companies and other third-party property. The Receiver's intent in pursuing this objective is concerning for a number of reasons and underscored by the Receiver's activities to date in the name of purportedly overseeing the estate. As addressed further in concurrent briefing (being filed today), many of the Receiver's management efforts have been largely focused on hasty liquidation endeavors that have little, if anything, to do with managing and operating the entities, as the Receiver was ordered to do.

And, the Receiver's aim in seizing more property in the present Motion seems to be aimed at adding to a rapid sale of personal property and other personal real estate belonging to Mr. Barton.  For example, on October 20, 2022, the Receiver interpreted his authority as extending to SF Rock Creek LLC, a single-purpose personal entity through which Mr. Barton maintains his personal residence. *See* Defendant Barton's Emergency Motion to Modify Receivership Order [ECF No. 32] at 2.  But without ever establishing that lender funds ever passed to or through SF Rock Creek LLC, and notwithstanding that the SEC did not list this entity as one that had received or benefitted from lender funds, the Receiver evicted Mr. Barton, and has since attempted to sell the personal residence at over $500,000 less than its appraised value. *Compare* App. 4-43, Appraisal, *with* Coldwell Banker Realty, 4107 Rock Creek Dr. Dallas, TX 75204, https://www.coldwellbankerhomes.com/tx/dallas/4107-rock-creek-dr/pid_50600836/ (last visited Nov. 14, 2022).  In the present Motion, the Receiver only now asks the Court to amend the Receivership Order to expressly identify this SF Rock Creek entity as falling under his control.

Mr. Barton seeks to avoid similar outcomes from being exacted by the Receiver against other companies that have no connection to these proceedings, as well as the personal property of third parties that the Receiver also attempts to liquidate without grounds to legitimately do so. By this Response, Mr. Barton submits that the Receiver's Motion to expressly name 131 additional entities in a new Order should be denied.

### III.    ARGUMENT & AUTHORITIES

Fifth Circuit precedent is clear that "equity does not allow a receivership to be imposed over property that [is] not the subject of the underlying dispute." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012).  When the SEC seeks a receiver over corporate assets in "a suit for non-compliance with SEC regulations," that is because the defendant's "corporate assets *are the*

*underlying subject matter of the dispute.*" *Id.* (emphasis added).  It is not enough to merely identify assets "as a possible fund for paying . . . claims." *Id.*  Thus, to justify an expansion of a receivership to include non-party assets, the movant must show that the non-party (1) received ill-gotten funds, and (2) has no legitimate claim to the funds.  *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009); *see also* SEC's Receivership Mot. [ECF No. 6] at 13 (same standard).  In one notable case applying that standard, Judge Fitzwater of this District only included those non-defendant entities in the SEC receivership that the movant showed were (i) controlled by the defendant *and* (ii) in possession of funds traceable to the alleged fraud.  *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *5 (N.D. Tex. Sept. 12, 2018) (Fitzwater, J.); *see also Netsphere, Inc. v. Baron*, 703 F.3d 296, 310 (5th Cir. 2012) ("The receivership ordered in this case encompassed all of Baron's personal property [and] business entities owned or controlled by Baron, including Novo Point, LLC and Quantec, LLC . . . . We conclude the district court could not impose a receivership over Baron's personal property and the assets held by Novo Point and Quantec.").  Absent such a showing, a receivership cannot be imposed over a non-defendant party.

Here, the Receiver does not attempt to make the showing the Fifth Circuit requires.  It merely asserts, without evidence, that "upon information and belief" these 131 additional entities have used or otherwise benefited from lender funds. *See* Mot. [ECF No. 41] at 5. That is legally and factually insufficient to show a nexus between "ill-gotten funds" and the entity the receiver seeks to subsume. *Janvey*, 588 F.3d at 834.

The failure of the Receiver's showing becomes all the more apparent when contrasted to the evidence the SEC marshalled in its initial Motion for Appointment of a Receiver. Indeed, the SEC's lengthy investigation and tracing analysis by staff accountants revealed 29 entities that

potentially received lender funds. *See* Hahn Decl. ¶ 37 (SEC App. 015, 018) [ECF No. 7-1]. Now, without even attempting any analysis remotely comparable to the SEC's, the Receiver would have this Court expand its remit even further.  Absent a showing that the additional 131 entities "ha[ve] received ill-gotten funds," *Janvey*, 588 F.3d at 834, or, as Judge Fitzwater put it, are "in possession of funds traceable to" the alleged fraud,  *Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *5, the Receiver has failed to show that these entities are implicated in "the underlying dispute." *Netsphere*, 703 F.3d at 306. The "[C]ourt's equitable powers do not," therefore, "extend to" these entities. *Id*; *see also Janvey*, 588 F.3d at 834 (a court "may order equitable relief" against non-party entities when that entity "(1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds"); *Faulkner*, No. 3:16-CV-1735-D, 2018 WL 4362729, at *5 (only exercising equitable power over those entities the movant showed were (i) controlled by the defendant *and* (ii) in possession of funds traceable to the alleged fraud). The Court should therefore deny the Receiver's motion as a matter of law.

Even if the Court believes that the Receiver has made a sufficient showing as to some entities, it must nevertheless make the required showing as to *all* entities it seeks to add to the receivership. If it fails to do so, these entities should be excluded. One of the most notable examples of an entity that has been improperly included in the receivership estate is SF Rock Creek LLC.  This entity is not a business entity related to the Wall companies or otherwise involved in any events giving rise to this lawsuit.  Rather, SF Rock Creek is a special purpose personal entity that Mr. Barton set up to hold title to his family home at 4107 Rock Creek Drive. While there were never compelling reasons for Mr. Barton's family home, or the holding entity, to be captured by an SEC receivership, that has unfortunately come to pass.  The Receiver has already seized the house under the auspices of his receivership authority.  This result serves no

equitable purpose, furthers no legitimate objective benefitting the receivership, and is otherwise unjustified under applicable standards. *See Netsphere*, 703 F.3d at 310 (holding that personal property and entities not expressly at issue in lawsuit should not be included in equity receivership). The Order should therefore be reformed to conform with Fifth Circuit direction by removing SF Rock Creek LLC from the scope of the receivership, as well as the many other non-defendant entities for which there is no basis to burden under a receivership.

Furthermore, the Receiver's Motion should be denied as its factual assertions are contrary to reality. Specifically, its assertion that each of the 131 additional non-defendant entities is directly or indirectly controlled by Timothy Barton is untrue, as many of the entities are owned and controlled by others. For example, Mr. Barton's son, Maximilien Barton—an independent businessman—is the sole owner or manager of Gillespie Villas, LLC;[1] Venus59, LLC; TRTX Properties, LLC; MXBA, LLC; and Titan Investments, LLC. *See* Maximilien Barton Resp. [ECF No. 53]. Other entities have already filed opposition briefs with this Court emphasizing that they are not directly or indirectly controlled by Tim Barton. *See, e.g.,* ECF No. 51.

The remainder of the Receiver's arguments are premised on inaccurate characterizations of Mr. Barton's personal assets in an effort to suggest that all of Mr. Barton's personal belongings should now be encumbered by the receivership estate as well. According to the Receiver, Mr. Barton does not individually own any "personalty," and that such assets should be transferred to the Receiver's control. *See* Mot. ¶ 7 n.1. The Receiver is thus attempting to march

---

[1] The Receiver incorrectly argues that Gillepsie Villas, LLC is under the "sole control" of One SF Residential, LLC. *See* Thomas Decl. [ECF No. 42] ¶ 10. That is false. Gillespie Villas, LLC's sole member and manager is MXBA, LLC—another Max Barton entity. *See* Maximilien Barton Resp. [ECF No. 53]. The Receiver does not address any facts related to the other Max Barton entities that the Receiver seeks to encumber. The Receiver seems to hope the Court will impose a receivership over those companies with a rubberstamp. *See* Maximilien Barton Resp. [ECF No. 53].

toward seizing and liquidating virtually all of Mr. Barton's personalty and belongings, even though the Receivership Order does not contemplate such broad powers over Mr. Barton in his individual capacity. But if the Court countenances what the Receiver argues here, the Receiver will have that power without any apparent limit. Even worse, the basis for the Receiver's argument is premised on his mischaracterization of a July 2022 court document (at Exhibit A-4), which will become readily apparent once the Court examines the exhibit for itself. In his declaration, the Receiver references this document to argue that Mr. Barton has "no assets." This document, however, plainly recites that Mr. Barton has less than $4 million in assets, while making no representation about the amount he *does* have. *Compare* Thomas Decl. ¶ 11 [ECF No. 42] (arguing that Barton has "no assets" as reflected in Exhibit A-4 to the declaration), *with* Ex. A-4 (showing that Timothy Barton made no representation about total assets, except that his personal assets were less than $4 million). Mr. Barton has a right to keep his assets, and the Receivership Order does not permit the Receiver to seize them as he incorrectly contends he should.

For these reasons, Mr. Barton submits that not only should the Receiver's Motion be denied, but also that the Receivership Order should be reformed to conform with applicable law and to prevent further unnecessary oppression by the Receiver against non-defendants who were not named in the Court's initial Receivership Order.

## IV.    CONCLUSION

Defendant Timothy Barton respectfully requests a hearing on these matters, and asks that the Court deny the Receiver's Motion to Supplement Order Appointing Receiver [ECF No. 41] and grant such other and further relief that may be merited.

Dated: November 14, 2022

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Sean B. O'Connell
State Bar No. 24103142 *(application for admission forthcoming)*
soconnell@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*admitted pro hac vice*)
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

– and –

Richard Roper
State Bar No. 17233700
richard.roper@hklaw.com
Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On November 14, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ *Michael J. Edney*
Michael J. Edney

-10-