UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:22-cv-2118-X |
| v. | § § | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

**ORDER GRANTING MOTION FOR ORDER GOVERNING
ADMINISTRATION OF RECEIVERSHIP ESTATE, ETC. AND APPROVING
DISPOSITION OF CERTAIN PERSONAL PROPERTY**

Before the Court is the Receiver's Motion for an Order Governing Administration of Receivership Estate and Notice of Disposition of Certain Personal Property, and his permission to abandon, store, or otherwise dispose of certain personalty already in his possession. [Doc. No. 47]. The Court finds the relief

requested is reasonable, equitable, and in the best interest of the Receivership Estate, so the Receiver's motion should be and hereby is **GRANTED**. Defendant Barton's request for a hearing on this motion is **DENIED**.

Accordingly, the Receiver shall comply with the following procedures with respect to notices and disposition of any tangible or intangible personal property, except for contractual rights ("Personal Property") and Real Property.

**A.    General Procedures Governing the Receivership**

**1.    Notice and Service Procedures.** The following provisions govern notice of all motions filed by the Receiver:

a.    If no objections are filed within seven (7) days of the service of a motion filed by the Receiver, the Receiver shall file with the Court a Notice of No Objection, in which case the Court may, if it agrees with the relief sought, enter the proposed order *sua sponte*, or set the matter for hearing.

b.    If an objection is filed and served within seven (7) days of service of the motion, or if the Receiver anticipates that such an objection will be filed or believes that a hearing is appropriate, the Receiver shall obtain a hearing date from the Court and serve a Notice of Hearing setting the matter for hearing before the Court and serving the Notice of Hearing upon all persons reflected on the docket, at least seven (7) days prior to the hearing.

**B.    Procedures For Sale of Personal Property**

The Receiver shall dispose of any Personal Property through Private Sale, Auction, or Abandonment as further provided below. With respect to all manners of sale listed below, neither the Receiver, nor any of the parties to this lawsuit, nor their

agents, assigns, or employees may purchase any of the Personal Property or receive any such property through abandonment or otherwise.

## 1.    Private Sale

The Receiver may sell Personal Property pursuant to private sale as follows:

a.    The Receiver shall sell the Personal Property at a private sale conducted by the Receiver or his staff or agents at which the Personal Property will be offered for sale at a specific asking price, as determined by the Receiver. The Receiver shall set the sales price by determining value from any reputable source, such as a trade journal, appraisal, or comparable sales on public auction sites such as E-Bay. The Receiver may also set a reserve price which may, in the Receiver's sole discretion, be made public by the Receiver. The Personal Property need not be sold for the asking price but may be sold at any price at or above the reserve price.

b.    The Receiver shall conduct the private sale in a location and provide such advertising as in the opinion of the Receiver is appropriate, if any, given the nature and condition of the property to be sold. Sales on E-Bay or other similar public forums are specifically authorized, as deemed appropriate in the Receiver's discretion. Sales of certain intangible property, if any, will also be sold in accordance with any specific limitations or rules imposed by any applicable governing body.

c.    Notice of terms of the sale shall be filed with the Court at least seven (7) days before transferring title, possession, or other indicia of ownership in the property. If no bids exceeding the notice sale amount by at least 10% are received within seven (7) days of the date on which the notice is filed, the Receiver may

thereafter finalize the sale and transfer possession and ownership of the property pursuant to the terms of the sale.

d.    The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the sale, without necessity of obtaining further authorization from the Court.

**2.    Auction**

In lieu of, or in addition to, a private sale, the Receiver is authorized to liquidate at a public or private auction Personal Property in the Receiver's possession in accordance with the following procedures:

a.    The Receiver shall determine, in his discretion, which Personal Property should be sold by auction so as to obtain the highest net return on the Personal Property.  The Receiver shall sell the Personal Property to the highest bidder at a public auction conducted by an established auctioneer, or by private auction as conducted in the Receiver's discretion to maximize the sales proceeds.  The Receiver will provide such advertising, if any, as in the opinion of the Receiver is appropriate given the nature and condition of the property to be sold.

b.    The Receiver shall pay from the Receivership Assets all reasonable and customary costs incurred in connection with the auction.

c.    Notice of the terms of the sale will not be included in the Receiver's periodic reports to the Court, although the net proceeds received from any auction and a general description of the Personal Property sold by auction will be reported.

### 3.     Abandonment

The Receiver is authorized to abandon certain Personal Property in accordance with the following procedures:

a.     In the event the Receiver is unable to sell an item of Personal Property pursuant to the procedures described herein, or if the Receiver believes in good faith that the property is valued at less than $1,500 and the Receiver believes costs associated with an attempted sale or the costs of moving and storage will exceed the proceeds of the sale, the Receiver seeks authorization to dispose of the item by either a direct negotiated sale, donation to charity, or destruction.  If the interest held by the Receiver is that of a lessee, or if the Personal Property is subject to a lien approximately equal to or in excess of the fair market value the Receiver would net from a sale of the Personal Property, the Receiver may surrender the property to the lessor or creditor in exchange for the value, if any, of the interest held by the Receiver. The Receiver shall include the description of any abandoned property in his Final Report.

### 4.     Notice Regarding Intended Disposition

The following notice procedures govern sale or abandonment of any Personal Property:

a.     At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal

property valued above $1,500.[1]  The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned.

b.       The Receiver shall also serve by First Class Mail, the written Notice described above on every person who has made a written request to the Receiver.  The Receiver may in his discretion provide additional notice as he deems appropriate.

c.       Any person who wishes to object to the proposed sale or abandonment shall file and serve a motion setting forth the objection and the basis for it, not more than five (5) days after the Receiver mails the Notice regarding the sale or abandonment.

d.       If no objection is timely filed and served, the Receiver may sell or abandon the property without further order of the Court in accordance with these procedures and as described in the Notice.

e.       If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court.

f.       Additionally, any person may submit to the Court a written offer for the Personal Property the Receiver seeks to sell or abandon.  If the offer is submitted to the Court within five days from the date the Notice of Sale is filed and is at least ten percent greater than the amount of the sale included in the Notice of

---

[1] To avoid the time and cost in describing property with little or no value, the Court shall not require from the Receiver any notice prior to sale or abandonment of any item valued at less than $1,500.

Sale, the person submitting the increased offer shall be entitled to purchase the property described in the Notice of Sale without further order of the Court.

g.      These procedures do not encompass approval for any compromise, sale, or other disposition of contractual rights or pending choses in actions, regarding which no further Court approval is required.  Following final disposition of such rights or claims, the Receiver shall describe all relevant terms of such disposition in his next filed Status Report.  In his discretion, the Receiver may also seek Court approval prior to compromising, selling, or otherwise disposing of these intangible rights.

## 5.      Execution of Certificates of Title

The Receiver is authorized to execute any certificate of title, assignment, bill of sale, or any other document necessary to effectuate the transfer of title to any personal property sold pursuant to the procedures outlined above.

## C.      Disposition of Certain Personal Property and Documents

The Receiver's proposed disposition of the contents of the two properties listed below is **APPROVED**.  The Receiver is authorized to store, destroy, or abandon the property identified below, in any manner provided below as he determines in his discretion is most appropriate, as follows:

2999 Turtle Creek Blvd.

1. Files/Papers

   a. Any Wall-related Investor Files—scanned or moved to storage, depending on cost;

2. Bills and Bank statements going back to January 1, 2015—scanned or moved to storage, depending on cost;

3. Third-party's files unrelated to Receivership Entities' business—third parties (e.g., tenants of 2999 Turtle Creek) may schedule a time to recover their personal files; if not retrieved, will be abandoned and/or otherwise destroyed;

4. Receivership Entities' records preceding January 1, 2015—shredded and/or otherwise destroyed;

5. Litigation/discovery files from closed cases—shredded and/or otherwise destroyed;

6. Litigation/discovery files from pending cases—scanned or moved to storage, depending on cost;

7. Old, unopened (and some opened) mail—shredded and/or otherwise destroyed;

8. Any non-Wall Entity-related documents, other than those described above, and which in the Receiver's discretion appear to have no relevance to the claims asserted against Defendants or the assets under the control of the Receiver—destroyed;

9. Furniture, TVs, Office Equipment (copier)—sold, returned to lessor, or donated;

10. Artwork—valued and sold;

11. Computers—stored until the parties' claims are resolved, then sold or destroyed; and

12. Employees' personal belongings—returned to employee upon proof of ownership.

Rock Creek Residence

1. Limited furniture and other personal items may be sold or abandoned once disposition of the realty is determined.

**D.    Sale or Abandonment of Real Property**

1. With respect to any individual or group of Real Property parcels, in the event the Receiver determines that a sale cannot be conducted as required by 28 U.S.C. § 2001 with the result of a net benefit to the Receivership Estate, he is **AUTHORIZED** to abandon any interest in such property to the lienholder, through any appropriate procedure or mechanism, including but not limited to, a deed in lieu of foreclosure.  The basis for the Receiver's analysis in making such a determination shall be included in the Receiver's reports.

2. Sale of Real Property, if any, shall be made pursuant to 28 U.S.C. § 2001 with further motions and notices filed and published as required by that statute.  If multiple offers are received from disinterested purchasers for any one property, the Court hereby concludes that the Receiver may, in his discretion, utilize any one or more of such offers as one or more of the "appraisals" required by § 2001(b).  Similarly, the Receiver may in his discretion utilize informal "opinions of value" received from respected brokers in the respective industries related to the subject property, as one or more of the "appraisals" required by § 2001(b).

**IT IS SO ORDERED,** this 16th day of November, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE