IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § § | | |
| *Plaintiff*, § § | | |
| v. § § | No. 3:22-cv-2118-X | |
| **TIMOTHY BARTON,** § **CARNEGIE DEVELOPMENT, LLC,** § **WALL007, LLC,** § **WALL009, LLC,** § **WALL010, LLC,** § **WALL011, LLC,** § **WALL012, LLC,** § **WALL016, LLC,** § **WALL017, LLC,** § **WALL018, LLC,** § **WALL019, LLC,** § **HAOQIANG FU (A/K/A MICHAEL FU),** § **STEPHEN T. WALL,** § § | | |
| *Defendants*, § § | | |
| **DJD LAND PARTNERS, LLC, and** § **LDG001, LLC,** § § | | |
| *Relief Defendants*. § | | |

**RECEIVER'S MOTION FOR APPOINTMENT OF APPRAISERS, APPROVAL OF APPRAISALS OF ROCK CREEK PROPERTY, AND SETTING HEARING REGARDING APPROVAL OF SALE OF ROCK CREEK PROPERTY**

Cort Thomas, as the court appointed Receiver, respectfully moves the Court as follows:

**SUMMARY**

In compliance with the Court's Order Appointing Receiver (the "Receivership Order") and 28 U.S.C. § 2001, the Receiver requests appointment of three appraisers, approval of the appraisals, and a hearing regarding approval of the sale of certain property.

– 1 –

## FACTUAL SUMMARY

1.     On October 18, 2022, the Court entered an Order Appointing Receiver (the "Receivership Order") by which Cortney C. Thomas was appointed as Receiver for certain entities (the "Receivership Entities"). The Court directed the Receiver to take possession and control of all Receivership Property and Receivership Records. *Receivership Order* ¶¶ 6, 16, 17.

2.     On November 16, 2022, the Court entered the Order Governing the Administration of the Receivership ("Administrative Order") which also established procedures in conformity 28 U.S.C. § 2001[1] for sales of real property.

3.     In a Supplemental Order, the Court concluded that SF Rock Creek, LLC is a "Receivership Entity." [Dkt. 62].

4.     Pursuant to the Receivership Order and in accordance with the Administrative Order, the Receiver listed 4107 Rock Creek Drive, Dallas, Texas 75204 (the "Property") for sale through Dan Rhodes of The Rhodes Group at Compass. (In the initial days of his appointment, the Receiver discovered that Defendant Barton, through SF Rock Creek, had also entered a listing

---

[1] "(a) Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs. Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts. (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale. 28 U.S.C.A. § 2001.

agreement on October 17, 2022 related to the Property). *See* Declaration of Cort Thomas ("Thomas Dec.") included in the Appendix at pp. 1-3.

A. **SALE OF ROCK CREEK PROPERTY**

5. On November 16, 2022, subject to the Court's approval, the Receiver entered into a contract to sell the Property, "AS IS" for One Million Four Hundred Thousand Dollars ($1,400,000), to JNJ Group, LLC. A true and correct copy of the real estate contract is attached as Exhibit A (the "Contract"). *App.* pp. 5-22. JNJ Group, LLC is not related to, nor controlled by any of the parties to this lawsuit, and is not related to, nor controlled by the Receiver, or any of his agents, employees, or attorneys.[2] *Thomas Dec.* ¶ 3; *App.* p. 1.

6. Subject to the Court's approval, the closing is scheduled for December 28, 2022. Although the closing date may be extended by mutual agreement, if the buyer does not consent to extend the sale, the Buyer is entitled to terminate the Contract and receive a full refund of his $15,000 earnest money deposit. *Thomas Dec.,* ¶ 5; *App.* pp. 1; 17; 22.

7. The Receiver seeks permission from this Court to sell the Property pursuant to the Contract, and in accordance with the Administration Order and 28 U.S.C. § 2001.

8. In accordance with this Court's Orders and 28 U.S.C. § 2001 the Receiver obtained three independent appraisals of the Property. True and correct copies of the three appraisals are included in the Appendix as Exhibits B-1, B-2, and B-3. *App.* pp. 23-43; 44-70; and 71-94. The Receiver requests that the Court appoint the appraisers for the purpose of providing the attached appraisals and accept these three appraisals in satisfaction of the requirements of 28 U.S.C. § 2001(b).

---

[2] While the entity purchasing the Property has a trade name similar to Receivership Entity JMJ Development, the Receiver has confirmed that the entities are not related. *Thomas Dec.,* ¶

9.  The three appraisals value the Property at $1,385,000,[3] $1,385,000,[4] and $1,410,000,[5] respectively, resulting in an average appraised value of $1,393,333. Thus, the contracted sales price, $1,400,000, not only exceeds two-thirds of the average appraised value of the Property as required by 28 U.S.C. § 2001(b), but in fact exceeds the average appraised value. Accordingly, the Receiver contends the sale of the Property pursuant to the Contract at the sales price of $1,400,000 is in the best interest of the receivership and exceeds two-thirds of the average appraised value.

10.  In connection with a different motion, Defendant Timothy Barton submitted a redacted appraisal from June 2022 performed by Garvin Appraisals LLC, which used a cost approach to value the property at $2,061,228. The Receiver believes that the sale of the Property pursuant to the Contract at the sales price of $1,400,000 is nevertheless in the best interest of the Receivership because (1) Barton's appraisal does not use the correct valuation methodology;[6] (2) despite the Property being on the market for several weeks and receiving multiple offers, the negotiated sales price of $1,400,000 was the highest offer received, indicating that market conditions are consistent with the Receiver's appraisers' valuations of the Property; (3) even if Barton's appraisal of $2,061,228 were accurate, and the Receiver was able to obtain two additional independent appraisals that applied a correct methodology and arrived at the same value, a sale for $1,400,000 would still be authorized under 28 U.S.C. § 2001 because the price exceeds the 2/3 minimum ($1,374,152); and (4) if the value of the Property is as high as Barton contends, pursuant

---

[3] The appraisal was issued by Matthew Waldron and is dated as of November 29, 2022. *App.* pp. 23-43.

[4] The appraisal was issued by Bryan S. Hagen and is dated as of November 17, 2022. *App.* pp. 44-70.

[5] The appraisal was issued by Mark V. Milliorn and is dated as of November 18, 2022. *App.* pp. 71-94.

[6] As reflected in each of the three appraisals submitted with this Motion, real estate appraisals for residential properties usually value properties based on a sales comparison or market approach, not a cost approach.

to 28 U.S.C. § 2001, another bona-fide independent buyer can purchase the property by submitting a bona fide offer exceeding $1,540,000. *Thomas Dec.,* ¶¶ 11; *App.* pp. 2.

11. Finally, while Barton has insisted that the Receiver should not sell the Property at this time, the sale is necessary because, among other things, (1) utility and insurance payments continue to deplete whatever value exists in the home, (2) loan and interest payments continue to accrue, further depleting any recovery from sale of the Property, (3) the administrative costs of the Receivership incrementally increase with each managed property, and (4) current economic uncertainty makes it impossible to predict how difficult it will be to sell the Property in the coming months. *Thomas Dec.,* ¶¶ 12; *App.* p. 3.

**B.     NOTICE OF SALE AND REQUIRED HEARING**

12. The governing statute, 28 U.S.C. § 2001, also requires that the Court conduct a hearing to consider the proposed sale. And, at least ten days before the hearing, the statute requires publication of the terms of the proposed sale so that bona fide interested purchasers can submit competing bids of not less than 10% more than the Contract price. Any competing offers should be accompanied by proof of funds for a cash sale, or confirmation of approved financing to allow an immediate closing on the same "AS IS" basis provided in the Contract.

13. The Receiver accordingly requests that the Court schedule a hearing before December 28, 2022 to consider the sale. The Receiver will publish notice of the hearing at least ten (10) days prior to the hearing as required by 28 U.S.C. § 2001(b) and provide notice of the hearing through the receivership website.

14. The Receiver requests that any bona fide offers for purchase of the Property which exceed by ten percent (10%) the Contract sales price of $1,400,000 be served on the Receiver and filed with the Court not later than two days before the hearing scheduled to consider the sale.

## CONCLUSION AND PRAYER

As set forth above, the Receiver requests that the Court (1) appoint the three appraisers identified above and in the appraisals included in the Appendix, (2) approve and accept the appraisals provided by each appraiser; (3) set this matter for hearing to consider approval of the sale on the terms provided by the Contract or as offered in any bona fide competing offer received after the date of this Motion; and, (4) provided no timely bona fide offers exceeding the Contract price by 10% are received two days before the date of the hearing, enter an order authorizing the Receiver to sell the Property pursuant to the terms of the Contract.  The Receiver also requests such other and further relief to which he is justly entitled.

Respectfully submitted,

By: /s/ Charlene C. Koonce
   Charlene C. Koonce
    State Bar No. 11672850
    charlene@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, Texas 75225
   T: (214) 327-5000
   F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on December 1, 2022, the Receiver conferred with counsel for all parties regarding the relief requested in this Motion. The SEC and Defendant Fu are unopposed to the relief requested herein. As of the date and time of filing, Defendant Barton had not responded to the conference on this Motion, but the Receiver presumes he is opposed.  Defendant Wall also did not respond to the conference.

/s/ Charlene C. Koonce
Charlene C. Koonce

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.