## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| Relief Defendants. | § | |

### DEFENDANT BARTON'S RESPONSE TO RECEIVER'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT ORDER APPOINTING RECEIVER AND FURTHER MOTION TO SUPPLEMENT

Defendant Timothy L. Barton files this Response in opposition to the Receiver's

Supplemental Brief in Support of Motion to Supplement Order Appointing Receiver and Further

Motion to Supplement [ECF No. 73] ("Motion") in order to note his opposition to that Motion.

The instant Motion seeks to add Marine Creek SP LLC to the receivership estate on the basis that Timothy Barton directly or indirectly owns or controls it. The receiver also has asserted that the entity received lender funds. Mot. at 13.

A non-defendant corporate entity cannot be placed into a receivership without the movant submitting evidence that the entity received improperly obtained funds. *See Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (requiring a showing that a non-party "received ill-gotten funds" without "a legitimate claim to those funds" before placing it into receivership); *see also* Barton Opp. to Mot. to Supplement Receivership Order [ECF No. 55] at 4-7 (briefing that legal requirement). When the Receiver sought to place some 130 additional non-defendant corporate entities into receivership, the Receiver made no effort to trace the lender funds subject to the underlying action into those entities. *See generally* Mot. to Supp. Order Appointing Receiver [ECF No. 41]. With regard to Marine Creek SP, the Receiver asserts that it "[r]eceived a contractual Participation Interest when the Mansions Apartment Homes at Marine Creek LLC (admittedly a Barton-controlled entity, Dkt. 7-1, pdf p. 24), sold property into which the SEC had traced investor funds." Mot. at 13.

On its own terms, the Receiver's statement is not an assertion that Marine Creek SP received lender funds or even the proceeds from the sale of property purchased with lender funds. Instead, it is a claim that Marine Creek SP "received a contractual Participation Interest when" or around the same time that the a separate company sold "property into which the SEC had traced investor funds." The Receiver does not assert that the Marine Creek SP received any proceeds of the sale of that property, nor could the Receiver so claim as Marine Creek SP has no cash assets. Instead, the participation interest recognizes the continued work of Mr. Barton's company on the future development of that property. Up until the initiation of the underlying action in this matter,

JMJ Development was managing day-to-day development activities at the property, in cooperation with the new owner.

In any event, the assertion that the property that was sold to another owner, and with regard to which JMJ Development continued to provide development services, was purchased with lender funds is not backed by competent evidence. The sole basis for that assertion is the declaration of Carol Hahn, which was attached to the SEC's motion seeking appointment of a receiver. To that declaration, Ms. Hahn appended an Exhibit B, which she described as "a chart showing the properties that, based on available information, were purchased in whole or in part with investor funds or benefited from the use of investor funds." Hahn Declaration [ECF 7-1] at ¶ 35 (SEC App. 14-15). Exhibit B listed the Marine Creek Apartments as one of those properties. *Id*. at App. 17. Absent from the declaration was any description of how the Receiver reached a conclusion that the Marine Creek Apartments property was purchased with lender funds or, even more generally, the basis for and process for reaching the conclusions in Exhibit B. This unadorned assertion in an SEC declaration is insufficient to show that the property was purchased with relevant lender funds. And, as explained above, even drawing a link to the property is insufficient to show that Marine Creek SP, a company whose only asset is a profit participation interest in future development of the now-sold property, received lender funds.

To the extent that the Receiver complains that "tracing or segregation [of lender funds is] nearly impossible," Mot. at 10, that is beside the point. The Fifth Circuit requires tracing *before* placing a non-party entity into receivership. *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (requiring a showing that a non-party "received ill-gotten funds" without "a legitimate claim to those funds" before placing it into receivership). "Receivership first, trace later" is backwards. On this record, the Court should deny the Receiver's motion to the extent it seeks to add Marine

Creek SP to his orbit, without prejudice to a party coming forward with competent evidence that the entity received relevant lender funds.

Next, Timothy Barton urges the Court to reject, with regard to the Max Barton entities, the Receiver's argument that it may disregard all legal requirements for control or ownership, and may instead assert that a particular entity is controlled by Timothy Barton based on vague assertions of mere influence. *See* Mot. at 23-24. The Receiver does not show, nor could it, that Timothy Barton is an equity owner or officer with authority to control the Max Barton entities. At most, the Receiver depicts Timothy Barton as a lender, vendor, or authorized agent of those entities, neither of which denote ownership or control. *See e.g.* Mot. at 8 (Barton entity acting as loan guarantor).

Finally, the Court should not adopt the Receiver's peculiar assertion that the Defendant "did not object to the majority of the entities" that the Receiver sought to add in its earlier motion. Mot. at 4 (discussing ECF No. 41). To the contrary, Mr. Barton filed an opposition to that very motion, explaining in great detail how the Receiver had fallen far short of the standard the Fifth Circuit requires for placing non-defendant corporate entities into receivership. *See* Response in Opposition to Motion to Supplement Order Appointing Receiver [ECF No. 55].

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court note his opposition and deny the Receiver's Motion and grant such other and further relief that may be merited.

Dated: December 7, 2022

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 *(admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

Richard Roper
State Bar No. 17233700
richard.roper@hklaw.com
Javan Porter
State Bar No. 24116912
javan.porter@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

-4-

-5-

**CERTIFICATE OF SERVICE**

On December 7, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ *Michael J. Edney*
Michael J. Edney