UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     *Plaintiff,*

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (a/k/a MICHAEL FU),
STEPHEN T. WALL,

     *Defendants,*

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

     *Relief Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:22-cv-2118-X

**ORDER GRANTING RECEIVER'S MOTION TO
SUPPLEMENT ORDER APPOINTING RECEIVER**

Before the Court is the Receiver's second Motion to Supplement Order

Appointing Receiver, in which the Receiver asks the Court to clarify the scope of the

Receivership Order as to two sets of entities: (1) Gillespie Villas LLC, Venus59 LLC,

TRTX Properties LLC, MXBA LLC, and Titan Investments LLC (collectively, the

"Max Barton Entities"); and (2) TC Hall, LLC, Titan 2022 Investment, LLC, Marine

1

Creek SP, LLC, and Aledo TX, LLC (collectively, the "Additional Entities"). [Doc. No. 73]. Having carefully considered the motion, and for the reasons below, the Court concludes that the motion should be and hereby is **GRANTED**, and expressly identifies these entities as Receivership Entities. The Court **DENIES** the Max Barton Entities' request for a hearing.

The Receiver's initial Motion to Supplement Order Appointing Receiver asked the Court to expressly identify over 130 entities as Receivership Entities.[1] The list included the Max Barton Entities, which intervened to respond to that motion. They argued that their inclusion in the Receivership was improper because they are controlled not by Defendant Timothy Barton ("Timothy Barton") but by his son Maximilien Barton ("Max Barton"). The Court granted the Receiver's motion except as to the Max Barton Entities and ordered the Receiver to provide supplemental briefing regarding whether these entities are "entities that Defendant Timothy Barton directly or indirectly controls," which is the measure for inclusion in the Receivership.[2]

Per the Court's order, the Receiver filed a second Motion to Supplement Order Appointing Receiver along with briefing to support the Receiver's request to identify the Max Barton Entities as Receivership Entities. In support, the Receiver points to strong evidence demonstrating Timothy Barton's control over the Max Barton

---

[1] Doc. No. 62 at 3–6.

[2] Doc. No. 29 at 2 ("This Court hereby takes exclusive jurisdiction and possession of . . . any [] entities that Defendant Timothy Barton directly or indirectly controls."); *see also* Doc. No. 7-1 at 3 (declaration from an SEC Certified Fraud Examiner alleging that Timothy "Barton received investor funds directly into . . . bank accounts held in the name of entities controlled (directly or indirectly) by [Timothy] Barton").

Entities, regardless of whether official documents listed father or son as president, manager, owner, or any other leadership position.[3]    This evidence includes an interview with Max Barton—who only recently left college and acknowledged he "had been unable to manage [the entities] profitably and had requested his father's intervention and assistance"—as well as the fact that Timothy Barton began identifying Max Barton as the owner or manager of the Max Barton Entities no later than December 2020—the same month he apparently learned about the SEC's investigation.[4]    The Receiver notes that "the office of [Timothy] Barton's primary administrator" contained "corporate formation binders and other documents" for each of the Max Barton Entities, and "[t]here was no distinction between the [Max Barton Entities] and the other Receivership Entities; rather, the binders for each entity were kept in alphabetical order over a series of multiple drawers."[5]    Finally, the Receiver concludes by citing voluminous record evidence with specific dates, documents, and declarations demonstrating Timothy Barton's control of each of the Max Barton Entities.[6]

Both Timothy Barton and the Max Barton Entities filed responses opposing the Receiver's motion.  The Max Barton Entities' response contains a section titled

---

[3] For example, Timothy Barton's signature appears on purchase contracts for Titan Investments, LLC, with his "Title" listed as "President," on February 10, 2023 and January 17, 2022. Doc. No. 74-2 at 162, 189.  These are dates when Max Barton was officially listed as the company's "President, Secretary & Treasurer."  *Id.* at 141.

[4] Doc. Nos. 73 at 10–11; 74-1 at 5–7.

[5] Doc. No. 73 at 11 (citing Doc. No. 74-1 at 6).

[6] Doc. No. 73 at 11–14.

"Motion to Intervene on Behalf of [the Additional Entities]."[7]  Overlooking the questionable practice of moving to intervene in a subsection of another party's response to a motion, the Court finds that the requirements of Federal Rule of Civil Procedure 24 are met with regard to the Additional Entities and **GRANTS** their motion to intervene.

Timothy Barton first objects that the Receivership cannot include the Max Barton Entities because the Receiver failed to prove they received improperly obtained funds, but that is not the standard for whether an entity is included in the Receivership.   The standard is whether an entity was controlled, directly or indirectly, by Timothy Barton.[8]   Timothy Barton characterizes the Receiver's evidence showing his control over the Max Barton Entities as "vague assertions of mere influence" and attempts to heighten the standard, arguing that the Receiver must prove Timothy Barton "is an equity owner or officer with authority to control the Max Barton [E]ntities."[9] But Timothy Barton supplies no countervailing evidence showing either his lack of control or Max Barton's actual control over the Max Barton Entities, nor does he refute the Receiver's ample evidence demonstrating his de facto control of those entities.

The Max Barton Entities (in conjunction with the Additional Entities) first argue that the Court lacks jurisdiction to "alter the Receivership Order while it is on

---

[7] Doc. No. 82 at 3.

[8] Doc. No. 29 at 2.

[9] Doc. No. 81 at 4.

appeal,"[10] but this argument fundamentally misunderstands the Receiver's request and the Court's Order Appointing Receiver.  Since the moment of its creation, the Receivership has always encompassed all "entities that Defendant Timothy Barton directly or indirectly controls."[11]  The Receiver merely asks the Court to "expressly identify" the Max Barton Entities and Additional Entities "as falling within the scope of the Receivership Order."[12]  In other words, the Receiver does not ask the Court to add new entities to the Receivership; rather, he asks the Court to *recognize entities the Receivership already contains*.  Whether or not Timothy Barton's appeal affects the Court's jurisdiction to alter the Receivership Order is irrelevant because the Court was not asked to alter the Receivership Order.[13]

The Max Barton Entities and the Additional Entities assert one other argument, which hinges on their detachment from Timothy Barton's alleged wrongdoing: they "are not named parties in this action and neither they nor their assets form the underlying subject matter of the suit."[14]  But they concede that "[t]hey have been accused of being vehicles for [] [Timothy] Barton's wrongdoing," and admit that "through that lens[,] and only to the extent that allegation is true," they "may be

---

[10] Doc. No. 81 at 4.

[11] Doc. No. 29 at 2.

[12] Doc. No. 73 at 5.

[13] For this reason, the Court declines the request from the Max Barton Entities and the Additional Entities to refrain from ruling on this motion until it rules on Timothy Barton's pending (and unripe) motion to stay.  This order does not "modify[] or otherwise alter[]" the Receivership Order, so delaying it would have no effect on Timothy Barton's motion to stay.  Doc. No. 82 at 6–7.

[14] Doc. No. 82 at 7.

placed into receivership."[15]    Bingo.   The Max Barton Entities and the Additional

Entities do not—and, it seems, cannot—refute the Receiver's evidence showing

Timothy Barton's control over their constituent entities.  The Receiver has provided

ample evidence to support his allegation that these entities were vehicles for Timothy

Barton's wrongdoing, and in the absence of any convincing evidence to the contrary,

the Court finds that the allegation is true.  All attempts to cloud this straightforward

application of the Order Appointing Receiver by citing inapposite caselaw and

imposing inapplicable requirements are entirely unavailing.[16]

Finally, Max Barton asks the Court to order the Receiver to let him "retrieve

his unrelated personal property" from locations under the Receiver's control, claiming

that the Receiver has denied him the opportunity to do so.  The Court declines to

issue such an order, but notes that Max Barton is entitled to anything that belongs

---

[15] *Id.*

[16] For example, the entities try to impose a requirement that the Receiver "trace" their assets to Timothy Barton's alleged fraud, invoking the Fifth Circuit's holding that "equity does not allow a receivership to be imposed over property that [is] not the subject of the underlying dispute." Doc. No. 82 at 7 (quoting *Netsphere, Inc. v. Baron*, 703 F.3d 296, 206 (5th Cir. 2012)). But the Max Barton Entities and Additional Entities *are* part of the underlying dispute because the Receiver's evidence has ably demonstrated that Timothy Barton controlled them, so equity—as well as the Order Appointing Receiver—demands their inclusion in the Receivership.  The Max Barton Entities also cite the book of Ezekiel, arguing that the Court shouldn't hold Max Barton accountable for his father's alleged wrongdoing because "[t]he son shall not suffer for the iniquity of the father." *Id.* at 3 (quoting *Ezekiel* 18:20).  But as with many of the arguments from defendants in this case, we only get half the story.  The rest of the verse states that "[t]he righteousness of the righteous shall be upon himself, and the wickedness of the wicked shall be upon himself." *Ezekiel* 18:20.  So in holding the Max Barton Entities accountable for the actions of their *true* controller—Timothy Barton—the Court acts consistently with Scripture's just admonition that each ought to be penalized for his own wrongdoing.

to him, so long as he can supply proof of ownership and proof that the property was purchased by him and not by Timothy Barton.

On October 18, 2022, the Court entered the Order Appointing Receiver pursuant to which the Court assumed exclusive possession and control of, and appointed Cortney C. Thomas as Receiver over, the following entities:

- Defendant Carnegie Development, LLC;
- Defendant WALL007, LLC;
- Defendant WALL009, LLC;
- Defendant WALL010, LLC;
- Defendant WALL011, LLC;
- Defendant WALL012, LLC;
- Defendant WALL016, LLC;
- Defendant WALL017, LLC;
- Defendant WALL018, LLC;
- Defendant WALL019, LLC;
- Relief Defendant DJD Land Partners, LLC;
- Relief Defendant LDG001, LLC;
- BM318 LLC;
- D4DS LLC;
- D4FR LLC;
- D4KL LLC;
- Enoch Investments LLC;
- FHC Acquisition LLC;
- Goldmark Hospitality LLC;
- JMJ Acquisitions LLC;
- JMJ Development LLC;
- JMJAV LLC;
- JMR100 LLC;
- Lajolla Construction Management LLC;
- Mansions Apartment Homes at Marine Creek LLC;
- MO 2999TC, LLC;
- Orchard Farms Village LLC;
- Villita Towers LLC;
- 126 Villita LLC; and
- All other entities controlled, directly or indirectly, by Timothy Lynch Barton.

On November 16, 2022, the Court supplemented the Order Appointing Receiver, nunc pro tunc, to expressly identify as Receivership Entities the following:

- AVEG WW, LLC (Delaware)
- AVG West, LLC fka JMJ Acquisitions, LLC (Texas)
- Barton Texas Water District, LLC
- Barton Water District, LLC (Delaware)
- BC Acquisitions, LLC (Delaware)
- BEE2019, LLC
- Broadview Holdings, LLC (Texas)
- Broadview Holdings Trust
- BSJ Trading, LLC
- BUILD VIOLET, LLC
- Carnegie Development, Inc.
- D4AT, LLC
- D4AVEG, LLC
- D4BM, LLC
- D4BR, LLC (Texas)
- D4IN, LLC (Texas)
- D4MC, LLC (Texas)
- D4OP, LLC
- D4OPM, LLC (Texas)
- D4SMC, LLC
- D4WP, LLC
- Dallas Real Estate Investors, LLC
- Dallas Real Estate Lenders, LLC (Delaware)
- Dallas Real Estate Management, LLC
- Five Star GM, LLC (Delaware)
- Five Star MM, LLC (Delaware)
- FIVE STAR MM, LLC (Texas)
- Five Star TC, LLC (Delaware)
- Glenwood (18340) Property, LLC (Delaware)
- HR Sterling, LLC
- Illuminate Dallas, LLC (Texas)
- JB Special Asset, LLC
- JMJ Acquisitions Mgmt, LLC
- JMJ Aviation, LLC (Texas)
- JMJ BLUES TX, LLC
- JMJ Centre, LLC
- JMJ Development Brasil, LTDA

8

- JMJ Development, Inc.
- JMJ Development Fund
- JMJ Development Fund, Inc.
- JMJ EB5 Fund, LP (Delaware)
- JMJ EB5 Fund GP, LLC (Delaware)
- JMJ Holdings, LLC
- JMJ Holdings US LLC
- JMJ Holdings USA, Inc.
- JMJ Home Building Inc (Nevada)
- JMJ Hospitality, LLC
- JMJ Hospitality General Trading FZE
- JMJ Hospitality UAE
- JMJ Investments Limited
- JMJ Land Acquisition, Inc (Nevada)
- JMJ Land Development, Inc (Nevada)
- JMJ Land Venture, LLC
- JMJ MF Development, LLC
- JMJ Mezzanine, Inc (Nevada)
- JMJ Multifamily, Inc (Nevada)
- JMJ Offshore, LTD
- JMJ Regional Center, LLC (Delaware)
- JMJ Residential, LLC
- JMJ Valley Center, LLC
- JMJ VC Management, LLC
- JMJ148, LLC (Texas)
- JMJAV, LLC
- JMJD4, LLC (Delaware)
- JMJD4Allensville LLC
- JMJDWG, LLC (Texas)
- JMJKH, LLC
- LC Aledo TX, LLC
- Lynco Ventures, LLC
- Lynn Investments, LLC
- Lynco Ventures, LLC
- Mansion Apartment Homes at Marine Creek, LLC
- MCFW, LLC
- MCRS2019, LLC (Texas)
- Middlebury Trust (Texas)
- MMCYN, LLC
- MXBA Managed, LLC
- MXBA Services, LLC

- Myra Park 635, LLC
- Northstar 114, LLC (Delaware)
- Northstar PM, LLC (Delaware)
- One Agent, LLC (Delaware)
- One Agent Texas, LLC (Texas)
- ONE FHC, LLC (Texas)
- One MFD4, LLC
- One Pass Investments, LLC (Delaware)
- One RL Trust
- ONE SF Residential, LLC
- Residential MF Assets, LLC (Delaware)
- Ridgeview Addition, LLC (Texas)
- Riverwalk Invesco, LLC (Delaware)
- Riverwalk Opportunity Management, LLC (Delaware)
- Riverwalk OZFM, LLC (Delaware)
- Riverwalk OZFV, LLV (Delaware)
- Riverwalk QOZBJ, LLC (Delaware)
- Riverwalk QOZBM, LLC (Delaware)
- Riverwalk QOZBV, LLC (Delaware)
- Seagoville Farms, LLC
- SF Rock Creek, LLC
- SK Carnegie, LLC
- STL Park, LLC (Delaware)
- The MXBA Trust
- The Timothy L. Barton Irrevocable Life Insurance Trust
- TLB 2018 Trust
- TLB 2019 Trust
- TLB 2020 Trust
- TRWF, LLC
- TRWF LODGE, LLC
- VenusBK195, LLC (Texas)
- VenusPark201, LLC (Delaware)
- WRL2019, LLC (Texas)
- 126 Villita Towers, LLC (Delaware)
- 2999 Acquisitions, LLC (Delaware)
- 2999 Middlebury, LLC (Delaware)
- 2999 Roxbury, LLC (Delaware)
- 2999TC Acquisitions, LLC fka 2999TC, LLC
- 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC
- 2999TC Founders, LLC (Delaware)
- 2999TC JMJ, LLC (Delaware)

- 2999TC JMJ, LLC (Texas)
- 2999TC JMJ CMGR, LLC (Delaware)
- 2999TC JMJ Equity, LLC
- 2999TC LP, LLC (Delaware)
- 2999TC JMJ MGR, LLC (Delaware)
- 2999TC MM, LLC
- 2999TC MZ, LLC (Delaware)

The Court now supplements the Order Appointing Receiver, nunc pro tunc, to expressly identify as Receivership Entities the Max Barton Entities and the Additional Entities, which include the following:

- Gillespie Villas LLC
- Venus59 LLC
- TRTX Properties LLC
- MXBA LLC
- Titan Investments LLC
- TC Hall, LLC
- Titan 2022 Investment, LLC
- Marine Creek SP, LLC
- Aledo TX, LLC

**IT IS SO ORDERED**, this 13th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

11