**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S NOTICE OF INTENDED SALE OF
PERSONAL PROPERTY BY PRIVATE SALE**

In accordance with the Court's Order Granting Motion for Order Governing Administration of Receivership Estate, Etc. and Approving Disposition of Certain Personal Property [Docket No. 63] (the "Administration Order"), the Receiver Cort Thomas hereby gives notice of the intended private sale of certain personal property of Receivership Entity, SF Rock Creek, LLC, as set forth herein.

1

1.  This Court's Administration Order, in accordance with 28 U.S.C. § 2004[1], authorizes the Receiver to sell personal property by private sale, auction or abandonment, provided that at least ten (10) days prior to the sale the Receiver files a written notice of the intended sale, describing the property to be sold and the manner in which it will be sold.

2.  Pending approval from the Court, on December 28, 2022, the Receiver will close the sale of real property located at 4107 Rock Creek Drive Dallas, Texas belonging to Receivership Entity SF Rock Creek, LLC (the "Rock Creek Property").

3.  The Rock Creek Property contains various items of personal property, including couches, tables, chairs, bed frames, televisions, dishes, other kitchen items, and assorted other pieces of furniture and decorations (collectively the "Furnishings").

4.  Not included in the Furnishings are personal items belonging to individual Barton family members including clothes, mattresses, and books, which Max Barton claims he purchased and owns. (collectively the "Personal Items").[2]  These items have little or no value to the Receivership Estate.[3]

5.  The Furnishings and Personal Items are not included in the Rock Creek Property sale and must be removed or sold prior to closing the sale. Accordingly, the Personal Property will be made available for the  Barton Family's retrieval; the Furnishings will be sold.  In the event the

---

[1] "Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."  28 U.S.C. § 2004

[2] For clarity, the Furnishings include all contents of the house other than the Personal Items.

[3] When the Receiver and his team originally took possession of the Rock Creek Property in October 2022, the Receiver allowed Barton's daughter to remove Defendant Barton's personal effects, including, among other things, Barton's clothing, bedding, and towels.  Barton's daughter also asked if Barton could have his mattress, to which the Receiver also agreed (although to date, no attempts have been made by Barton to pick up the mattress).  On November 29, 2022, the Receiver met with Max Barton to allow him to collect his clothing and other Personal Items.  To the Receiver's knowledge, no clothing remains at the Rock Creek Property, and limited bedding and towels remain.

**2**

Barton Family does not retrieve the Personal Property prior to the closing date, and in cooperation and coordination with the Receiver or his agents, the Personal Property will be donated to a charity or otherwise discarded.

6. To maximize value for the Receivership Estate, the Receiver explored both an auction and private sale of the Furnishings.

7. The Receiver contacted an auctioneer, who after reviewing the Furnishings, estimated the value to be $20,000. The auctioneer charges a minimum of $20,000 or 40% of the sales proceeds, whichever is greater, to conduct the sale. The Receiver contacted a second antiques appraiser who valued the Furnishings at less than $20,000. If the Furnishings sell for the value estimated by either the auctioneer or antiques appraiser, after paying the required fees to conduct the sale, the Receivership Estate would net $0. Nonetheless, the Personal Furnishings must be removed and/or sold for the sale of the Rock Creek Property to close.

8. Due to the likelihood of little or no net recovery resulting from an auction, the Receiver explored a private sale. He received an offer of $20,000 for the Furnishings from JNJ Group, LLC, the buyer of the Rock Creek Property.

9. JNJ Group's offer is approximately the same as the estimated auction value of the Furnishings (prior to paying the auctioneer's fee) and the Receiver believes accepting this offer is in the best interest of the receivership. Based on the forgoing, the Receiver intends to sell the Furnishings "As-Is" to JNJ Group for $20,000. This sale will occur concurrently with the closing of the Rock Creek Property, if that sale is approved.

10. JNJ Group, has no relationship to any of the parties, the Receiver, attorneys, or investors in this case.

11.     This notice of the intended sale of the property has also been posted on the website now maintained by the receiver, www.bartonreceivership.com.

12.     Barton and his family members have objected to the Receiver's continued possession over the Personal Property and the Furnishings.  However, the Receiver and his team have made numerous requests that Barton and his children provide evidence that they, rather than a Receivership Entity, purchased any of the Furnishings. To date, no such information has been provided.  To the contrary, the Receiver has learned that a majority of the larger Furnishings were purchased within the last two years by a Receivership Entity.

13.     Because of the fast-approaching closing date, the contents of the Rock Creek Property must be disposed of one way or another on or before December 28.  To the extent Barton needs more time to substantiate that any of the Furnishings were purchased with his personal funds, the Receiver has already offered (again on multiple occasions) to allow Barton to move the items (at his cost) to storage (again at his cost) until he is able to substantiate his personal ownership. Again, the Receiver has been met with either delay or non-responsiveness, necessitating the filing of this Notice.

Respectfully submitted,

By: /s/ Charlene C. Koonce
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on December 12, 2022, counsel for the Receiver conferred with counsel for the Securities Exchange Commission ("SEC") via email, and the SEC indicated that it is unopposed to the sale noticed above. Defendant Barton and Intervenor Max Barton each confirmed they are opposed to the proposed sale.

/s/ Charlene C. Koonce
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system

5