IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE                    §
COMMISSION,                                §
                                           §
         *Plaintiff*,                      §
                                           §
v.                                         §      No. 3:22-cv-2118-X
                                           §
TIMOTHY BARTON,                            §
CARNEGIE DEVELOPMENT, LLC,                 §
WALL007, LLC,                              §
WALL009, LLC,                              §
WALL010, LLC,                              §
WALL011, LLC,                              §
WALL012, LLC,                              §
WALL016, LLC,                              §
WALL017, LLC,                              §
WALL018, LLC,                              §
WALL019, LLC,                              §
HAOQIANG FU (A/K/A MICHAEL FU),            §
STEPHEN T. WALL,                           §
                                           §
         *Defendants*,                     §
                                           §
DJD LAND PARTNERS, LLC, and                §
LDG001, LLC,                               §
                                           §
         *Relief Defendants*.              §

**RECEIVER'S VERIFIED AND EMERGENCY
MOTION TO DECLARE LIS PENDENS VOID**

Cort Thomas, the Receiver appointed in the above-styled case, moves the Court, on an

emergency basis, for an Order Declaring the Lis Pendens filed by Defendant Timothy Barton

("Defendant") Void or otherwise cancelling it.

1.      As the Court is aware from multiple filings [Dkts. 76, 77, 89, 91, 92, 93] the

Receiver's Motion to approve the sale of the Rock Creek Property is pending and set for hearing

1

on December 19, 2020.  [Dkt.79].  Subject to the Court's approval, the sale is set to close on December 28, 2022.  [Dkt. 76].

2.      Today, just before noon, the Receiver discovered that on December 1, 2022, Defendant Barton had filed a Notice of Lis Pendens on the Rock Creek Property (the "Lis Pendens").  A true and correct copy of the Lis Pendens is attached as **Exhibit A**.

3.      The Lis Pendens blatantly violates several provisions of the Receivership Order, including provisions that prohibit interference with the Receiver's efforts to manage Receivership Property; prohibits actions that dissipate the value of Receivership Property; requiring cooperation with the Receiver's efforts to exercise his authority under the Receivership Order; and prohibiting any legal proceeding of any nature involving Receivership Property.  *Receivership Order*, Dkt. 29, ¶¶ 32A, 32C, 33, and 34.  Although the Lis Pendens may evidence Barton's most deliberate and egregious disregard for this Court's authority to date, it is not the only instance of his intentional violation of the Receivership Order.  *See* Dkt. 73, p. 19; 84, p. 9.

4.      Understandably, given the direct violation of the Receivership Order in filing the Lis Pendens, Barton failed to provide any notice when he filed it.[1]

5.      This lawsuit, however, does not fall within the parameters of instances in which lis pendens are permitted.  *See Petito v. Brewster*, No. CIV.A.3:08CV0006L, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) ("notice of *lis pendens* may be filed only during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property.") (internal quotation omitted)); *see also Matter of Tex. Extrusion Corp.*, 844 F.2d 1142, 1152–53 (5th Cir. 1988) (appeal of confirmation

---

[1] Section 12.007(d) of the Property Code required Barton to provide notice of the Lis Pendens within three days after filing it. TEX. PROP. CODE § 12.007(d).

of reorganization plan, which included conveyances of certain real property but did not specifically involve title to property on which lis pendens was filed was not proper basis for lis pendens, and bankruptcy court properly declared lis pendens, filed in violation of automatic stay, void).

6.      Thus, although the Texas Property Code provides two specific methods for cancelling or expunging lis pendens,[2] this Court has no obligation to follow those procedures. *In re Duval Cnty. Ranch Co.*, 155 B.R. 723, 727 (Bankr. S.D. Tex. 1993). As in *Duval County Ranch,* the Bankruptcy Court refused to allow the debtors to accomplish by statute what they "were unsuccessful at accomplishing under Federal law."

> "That is, the Manges Debtors unsuccessfully sought numerous stays pending appeal of the confirmation of the Creditor Plan. No doubt frustrated by their lack of success, the Manges Debtors have filed notices of lis pendens in an attempt to prevent the Liquidating Trust from transferring property pursuant to the confirmed plan. When there is an outright conflict between Federal and State law, or when compliance of both Federal and State laws are impossible, this Court is bound by Federal law."

*Id.* The *Duval County Ranch* Court declared the lis pendens at issue in that case void. *Id.*

7.      The Receiver requests the same relief here: a declaration that the Lis Pendens filed by Barton on the Rock Creek Property is void. In the alternative, the Receiver requests that the Court cancel the Lis Pendens.

8.      Finally, because the Receiver was forced to expend not less than $1,200 in preparing this Motion to rectify Barton's contumacious conduct, he requests that the Court order Barton to pay the fees as sanctions, within three days from the date of any Order on this Motion.

9.      The Receiver requests such other and further relief to which he may show himself entitled.

---

[2] "Once a notice of lis pendens has been filed, the Texas Property Code provides two methods for removal of the lis pendens: (1) expunction of a notice of lis pendens under § 12.0071; and (2) cancellation of a lis pendens under § 12.008." *In re Briar Bldg. Houston LLC*, 609 B.R. 589, 597 (Bankr. S.D. Tex. 2019).

3

December 16, 2022

Respectfully submitted,

By:  /s/ Charlene C. Koonce
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## VERIFICATION

My name is Cortney C. Thomas.  I am over the age of 18 and am fully competent to make this verification. I declare under penalty of perjury that the facts stated above are within my personal knowledge and are true and correct.

 /s/ Cortney C. Thomas
Cortney C. Thomas

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on December 16, 2022, counsel for the Receiver conferred via email with counsel for the SEC and counsel for Barton.  Barton's counsel chose not to respond to the conference, although the Receiver had notice that counsel communicated amongst themselves about it. The SEC is unopposed.

/s/ Charlene C. Koonce
Charlene C. Koonce

4