IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| Relief Defendants. | § | |

**DEFENDANT BARTON'S RESPONSE TO HNGH TURTLE CREEK, LLC'S
MOTION TO INTERVENE AND TO CONFIRM OWNERSHIP OF PROPERTY
LOCATED AT 2999 TURTLE CREEK BOULEVARD [ECF NO. 69]**

Defendant Timothy L. Barton files this Response in opposition to the Motion to Intervene

and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard [ECF No. 69]

("Motion"), filed by HNGH Turtle Creek, LLC ("HNGH"), as follows.

-1-

Defendant Timothy Barton opposes the motion of HNGH Turtle Creek, LLC (hereinafter, "HNGH"), to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard. HNGH is asking the Court to make a finding about the status of a piece of property that is being litigated in a separate proceeding. HNGH's motion is procedurally improper and should be rejected. HNGH does not seek to join, defend against, or modify any pending cause of action or other pleading in this case. It also does not seek to modify the Court's Receivership Order.

Instead, HNGH is seeking some sort of free-standing declaratory judgment—unrelated to any cause of action pending this Court—regarding HNGH property rights, which are being contested in an entirely separate proceeding. For the reasons stated by a company now part of the Receivership—2999TC Acquisitions, LLC—in separate litigation where the status of the 2999 Turtle Creek property was actively being litigated prior to this Court's order freezing those proceedings, Defendant Barton disagrees with HNGH's claims as to ownership of that property.[1] But this Court should not reach that substantive disagreement in this proceeding. In bringing its motion before this Court in the Securities and Exchange Commission's case, HNGH is simultaneously taking advantage of the Court's order freezing proceedings that may further define those rights in ways HNGH would not prefer and asking the Court to make some sort of free-standing finding that, it appears to believe, will distance itself from the Receivership Order. The Court should decline HNGH's invitation and deny HNGH's motion seeking such a finding without any grounding in this Court's rules and procedures.

---

[1] The ownership of the Turtle Creek property continues to be litigated in parallel bankruptcy proceedings and on appeal. *See* Debtor's Post-Hearing Brief on Mot. to Enforce Agreed Orders, *In re 2999TC Acquisitions, LLC,* No. 21-31954, ECF No. 276 (Bankr. N.D. Tex.); Appellant's Mot. for Stay Pending Appeal, *In re 2999TC Acquisitions, LLC,* No. 21-31954, ECF No. 297 (Bankr. N.D. Tex.).

## I.    ARGUMENT & AUTHORITIES

### A.  HNGH's Motion for Relief Should Be Denied Because It Does Not Seek Adjustment of the Court's Receivership Order

Although its motion papers are unclear, HNGH appears to be moving to intervene and for this Court to "confirm that HNGH is the owner of the 2999 Turtle Creek Property," apparently seeking some kind of declaratory judgment from this Court to that effect.  In doing so, HNGH does not identify any cause of action it has pending before this Court for which a declaratory judgment would be an appropriate remedy. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990) (litigants do not have a free standing right to a declaratory judgment, instead a declaratory judgment must be in aid of a cause of action).  Reflective of its procedural impropriety, HNGH's request to intervene is made without reference to any cause of action or pleading it wishes to join, augment, or defend. *See* Fed. R. Civ. P. 24 ("The motion [for intervention] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

Nor does HNGH seek to alter or amend the Court's pre-existing receivership order.  And the finding HNGH seeks—that the Court "confirm" its ownership of a property—does not by itself address whether the property is within the Receiver's remit.  Mot. at 12.  As the Court recently clarified (albeit over the Defendant's opposition), ownership alone does not guide what entities or property are under the Receiver's authority, instead the control without ownership is sufficient. ECF No. 88.  Specifically, if an entity is allegedly "controlled, directly or indirectly, by Timothy Barton," the Court orders that entity into receivership. *See* ECF No. 88 at 4.[2]   And if any of those

---

[2] Mr. Barton continues to maintain that the Receivership Order should not have been entered in absence of the SEC satisfying the standards set forth in *Netsphere, Janvey*, and other governing law. *See Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012) (holding that a receivership should only be entered "where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the

entities "own, possess, have a beneficial interest in, or control directly or indirectly" any property, then the Court defines that property as "Receivership Property."  Order Appointing Receiver [ECF No. 29] ¶ 6.  The Court has enforced its Receivership Order as the governing standard against all parties to these proceedings, and there is no reason that HNGH should be granted an exception (nor does it appear to be asking for one).

Putting aside HNGH's contentions about ownership, HNGH does not contend that it *controlled* the Turtle Creek property on October 18, the day that the Receiver was appointed.  ECF No. 29.  Indeed, as the Receiver testifies, "[o]n the date the Receivership Order was entered" it was not HNGH, but "Barton, his employees, lawyers, and all Receivership Entities [that] were occupying and officing at the Turtle Creek Property."  Receiver's Resp. [ECF No. 94] ¶ 3.  "JMJ Development's signage and branding was in the lobby of the building," "[u]tility services at the property were in JMJ's name," and "property insurance purchased by JMJ was in place." *Id.*

So HNGH's motion is nothing the Court should take up and address.  It is not a request for a declaratory judgment attached to some cause of action in this case.  It is not a request to modify the receivership order, nor is it even a request to make a determination that would affect an outcome under the receivership order.  HNGH's motion should be denied.

## B. This SEC Action Is Not the Proper Vehicle for Litigating HNGH's Third Party Claims

This civil case brought by the SEC is also not the proper forum for HNGH to adjudicate claims against the receivership entities.  First, HNGH cannot bring such claims in these proceedings without the SEC's consent, which it does not have.  *See* 15 U.S.C.A. § 78u(g) ("[N]o

---

burdens on the affected parties."); *Janvey v. Adams*, 588 F.3d 831, 834 (5th Cir. 2009) (holding that, for a relief defendant not accused of wrongdoing, a federal court may order equitable relief against that person "where that person (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds.").

action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission."). Next, HNGH's Motion is directed to asking this Court to adjudicate a real property matter between itself and **non-party** 2999TC Acquisitions, LLC ("2999TC"). This proceeding is not the place to do so. *See also* Mot. at 7 ("this litigation *should* have nothing to do with HNGH's property rights").

HNGH is also already a party in separate bankruptcy proceedings in which it continues to litigate the same property claims against 2999TC. Mot. at 2; *see In re 2999TC Acquisitions, LLC*, No. 21-31954 (Bankr. N.D. Tex.); *2999TC Acquisitions, LLC v. HNGH Turtle Creek, LLC, et al.*, No. 21-3085 (Bankr. N.D. Tex.), ECF No. 1 (initiated Nov. 11, 2021).

The ownership dispute between HNGH and 2999TC was very much still being litigated as of the date the receivership began. Just days before the Receivership Order was entered, 2999TC noticed an appeal against HNGH regarding the Turtle Creek property and moved for a stay of the bankruptcy court's orders as to same. *See In re 2999TC Acquisitions, LLC*, No. 21-31954 (N.D. Tex.), ECF No. 294 (docketing notice of appeal) and ECF No. 297 (moving to stay litigation pending appeal and addressing ownership dispute on the Turtle Creek property and material defaults by HNGH); *see also* Notice of Lis Pendens, Dallas Cnty. Prop. Rec. No. 202200270741 (Oct. 14, 2022). However, those issues were never litigated to completion, as this Court entered its Receivership Order and stayed the proceedings. This ultimately froze the pending motion practice and appeal in place, subject to being reopened and continued at a later date.

The Receivership Order also enjoined all parties, including HNGH, from seeking to "enforc[e] judgments . . . or claims against any Receivership Property or any Receivership Defendant." Order Appointing Receiver [ECF No. 29] ¶ 32C.

-5-

Against this backdrop, HNGH's motion appears directed at using the parts of the Receivership Order it finds convenient, while ignoring those that it finds troublesome. HNGH is asking the Court to confirm and memorialize a limited snapshot in time as to its preferred outcome in litigation occurring elsewhere regarding ownership of the property, while keeping stayed that litigation's pending motion practice and appeal that might affect that outcome of those proceedings. Perhaps for this reason, HNGH does not propose lifting the stay on that litigation, but instead asks the Court for some procedurally inapposite finding or "confirm[ation]" of the state of affairs in another case. The Court should reject HNGH's procedurally improper and inequitable cafeteria approach to the Court's Receivership Order.

HNGH does not otherwise offer any legitimate basis for its backend strategy to use this SEC enforcement action to dispose of civil claims pending in other forums. Nor is it for this Court to adjudicate claims that are not before it. By seeking to pursue claims and judgments in this forum nonetheless, HNGH threatens to turn the receivership process into a repository of all legal issues, state or local or bankruptcy, about any receivership entity or property affected by them. This is the exact type of outcome that this Court's Order attempts to preclude.

## C. Civil Litigation Pending On 2999TC's Turtle Creek Property Is Stayed

Should HNGH seek to reopen litigation on its ownership claims to the Turtle Creek property, it must follow the procedure as every other creditor: By filing a motion to lift the stay and pursuing claims in the forums where they belong. The Court's Order is clear as to this procedure, as it expressly provides that it would require "further Order of this Court" before claims against the receivership entities can proceed again in those other forums. Order Appointing Receiver [ECF No. 29] ¶ 36. Yet HNGH does not seek an Order of this Court to lift the stay at this time. Nor does it have any basis to do so.

Importantly, the Court's stay of litigation is critical to the receivership's intended purpose: maintaining the status quo and preserving assets. In the early days of receivership, such a stay prevents claimants such as HNGH from pressing the receiver with expensive litigation disputes and distraction while the receiver is still coming up to speed. *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 342 (5th Cir. 2011) ("[T]he District Court held that the receivership was in its early stages and that the interest of the Receiver in continuing to marshal and conserve the estate outweighed the Appellants' claims at this time."). It is especially critical here that this Receiver remain focused on preserving assets and educating himself on the receivership entities so that he can make informed decisions regarding his management of the estate. *See SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 437 (2d Cir. 1987). The Court should not lift its stay, let alone prioritize a singular creditor (HNGH) above all other claimants who profess an interest in the estate. *See Stanford*, 424 F. App'x at 341 ("[T]he Receiver's task to marshal, preserve and conserve the receivership estate is as much for their benefit *as for the benefit of all of the other investors . . . .*") (emphasis added).

Should HNGH later believe that circumstances arise that would justify lifting this Court's stay, it should make an appropriate application at that time so that the Receiver, Mr. Barton, and all other interested parties can directly respond to such a motion as properly presented. In the meantime, its motion seeking some sort of vague relief or finding regarding the property should be denied.

## II.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny HNGH Turtle Creek, LLC's Motion to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard [ECF No. 69].

Dated: December 16, 2022                Respectfully submitted,

                                        By: */s/ Michael J. Edney*
                                        Michael J. Edney
                                        Virginia Bar No. 48253
                                        DC Bar No. 492024 *(Admitted to NDTX)*
                                        medney@huntonak.com
                                        Michael Dingman
                                        Virginia Bar No. 95762
                                        DC Bar No. 90001474 *(admitted pro hac vice)*
                                        mdingman@huntonak.com
                                        **HUNTON ANDREWS KURTH LLP**
                                        2200 Pennsylvania Avenue NW
                                        Washington, DC 20037
                                        Phone: (202) 955-1500
                                        Facsimile: (202) 778-2201

                                        Ted A. Huffman
                                        State Bar No. 24089015
                                        thuffman@huntonak.com
                                        **HUNTON ANDREWS KURTH LLP**
                                        1445 Ross Avenue, Suite 3700
                                        Dallas, Texas 75202
                                        Phone: (214) 979-3000
                                        Facsimile: (214) 740-7110

                                        Richard Roper
                                        State Bar No. 17233700
                                        richard.roper@hklaw.com
                                        Javan Porter
                                        State Bar No. 24116912
                                        javan.porter@hklaw.com
                                        **HOLLAND & KNIGHT LLP**
                                        1722 Routh Street, Suite 1500
                                        Dallas, Texas 75201
                                        Phone: (214) 969-1345
                                        Facsimile: (214) 999-9252

                                        **COUNSEL FOR TIMOTHY LYNCH BARTON**

-8-

-9-

## CERTIFICATE OF SERVICE

On December 16, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

/s/ *Michael J. Edney*
Michael J. Edney