# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

## DEFENDANT BARTON'S RESPONSE TO THE RECEIVER'S VERIFIED AND EMERGENCY MOTION TO DECLARE LIS PENDENS VOID [ECF NO. 96]

Defendant Timothy L. Barton files this Response in opposition to the Receiver's Verified

and Emergency Motion to Declare Lis Pendens Void [ECF No. 96] ("Motion"), as follows.

-1-

## I.    ARGUMENT & AUTHORITIES

The Receiver asserts that the "Lis Pendens blatantly violates several provisions of the Receivership Order" and allegedly evidences "deliberate and egregious disregard for this Court's authority."  Mot at 2; *see also* Mot. at 4 (swearing under penalty of perjury).  The Receiver's arguments, however, are incorrect.  Filing a truthful notice of a pending challenge to the Receiver's authority to seize, much less to sell, Mr. Barton's personal residence is not interference with the Receiver's work.  It is an accurate notice to purchasers that the Receiver's authority is in legal question.  Nor does a lis pendens constitute any of the actions listed in the Court's order regarding the Receiver taking "control" of property.  *See* Mot. at 2 ¶ 3 (citing Section 32A of the Court's order).

The law on lis pendens is straight-forward.  The filing of a lis pendens is *not* a lien or a separate legal proceeding, but merely a notice that puts a "prospective purchaser on notice" of a pending suit.  *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A lis pendens is not an independent claim; it has no existence separate from the litigation of which it notifies.").  A lis pendens also "does not prevent conveyance" of any property.  *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  The Receiver's assertions to the contrary are simply wrong.

Nor is there any support for the Receiver's suggestion that Mr. Barton is barred from making truthful filings in connection with this lawsuit or otherwise continuing to litigate his rights to relief as part of these proceedings.  If such an interpretation were somehow true, that would raise all sorts of problems—from stripping Mr. Barton of his ability to file motion practice, his rights to defend himself under well-established legal statutes and authority, or his ability to really do anything other than consent to any relief that the SEC or the Receiver seeks against him in these

proceedings.    Fortunately, neither the Court's Order nor applicable law support such an interpretation.

The Receiver is also wrong in his contentions that Mr. Barton has no basis to file a lis pendens.  As the Receiver admits, a lis pendens may be filed during the pendency of an action involving "title to real property," "the establishment of an interest in real property," or "the enforcement of an encumbrance against real property."  Mot. at 2.   And, here, Mr. Barton has repeatedly challenged the Receiver's authority to seize and to convey title to others in his personal residence at 4107 Rock Creek Drive.  *See also Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.) ("A leasehold is an interest in real property, and a dispute over the existence of a leasehold involves a question of title to real property.").[1]

The Receiver is separately incorrect in his contention that the Court can summarily invalidate the lis pendens in disregard to Texas statutory requirements.  In suggesting to the contrary, the Receiver notably makes no more than passing references to the applicable lis pendens expunction statute.  *See* Mot. at 3 n.2 (making a single reference in a passing footnote to the expunction procedure set forth in Section 12.0071 of the Texas Property Code).  The Receiver instead dedicates his argument to reciting outdated and inapposite bankruptcy cases that were rendered under a different statutory framework for lis pendens disputes.  *Compare* Tex. Prop. Code § 12.0071 (effective Sept. 1, 2009, and setting forth a new statutory lis pendens expunction procedure), *with* Mot. at 2-3 (citing *Matter of Tex. Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988)

---

[1] The Receiver separately argues that Mr. Barton did not provide notice under the lis pendens statute, which requires notice to be provided to "each party to the action who has an interest in the real property." *See* Tex. Prop. Code § 12.007(d).  However, SF Rock Creek LLC is the only party other than Mr. Barton known to have a direct legal interest in the real property, and SF Rock Creek LLC is not a party to the action.  In any event, there is no dispute that the Receiver has notice.  Nor does it make sense to strike the current lis pendens to simply have it refiled and further noticed.

and *In re Duval Cnty. Ranch Co.*, 155 B.R. 723, 727 (Bankr. S.D. Tex. 1993)).  As a threshold issue, this is not a bankruptcy matter and there is no procedural aspect of the federal bankruptcy statute being challenged by lis pendens, so the Receiver's cited case law is inapplicable on factual grounds alone.  Secondly, when the Receiver's bankruptcy cases were rendered, Section 12.0071 of the Texas Property Code did not exist.  This is important because Section 12.0071 sets forth the statutory requirements for contesting the validity of a lis pendens, where there previously was no such statutory framework in place.[2]  The Receiver has no basis to circumvent the applicable law on lis pendens, and the assertions in his Motion are otherwise misplaced.

## II.     CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny the Receiver's Verified and Emergency Motion to Declare Lis Pendens Void [ECF No. 96].

---

[2] The prior statutory framework only included provisions to ensure that the lis pendens filer was "adequately protected" and set forth a procedure for cancelling a lis pendens conditioned on the payment of a certain sum of money.  Section 12.0071 of the Texas Property Code now provides the required procedure for a party to contest the validity of a lis pendens filing.

Dated: December 19, 2022                    Respectfully submitted,

                                            By: */s/ Michael J. Edney*
                                            Michael J. Edney
                                            Virginia Bar No. 48253
                                            DC Bar No. 492024 *(Admitted to NDTX)*
                                            medney@huntonak.com
                                            Michael Dingman
                                            Virginia Bar No. 95762
                                            DC Bar No. 90001474 *(admitted pro hac vice)*
                                            mdingman@huntonak.com
                                            **HUNTON ANDREWS KURTH LLP**
                                            2200 Pennsylvania Avenue NW
                                            Washington, DC 20037
                                            Phone: (202) 955-1500
                                            Facsimile: (202) 778-2201

                                            Ted A. Huffman
                                            State Bar No. 24089015
                                            thuffman@huntonak.com
                                            **HUNTON ANDREWS KURTH LLP**
                                            1445 Ross Avenue, Suite 3700
                                            Dallas, Texas 75202
                                            Phone: (214) 979-3000
                                            Facsimile: (214) 740-7110

                                            Richard Roper
                                            State Bar No. 17233700
                                            richard.roper@hklaw.com
                                            Javan Porter
                                            State Bar No. 24116912
                                            javan.porter@hklaw.com
                                            **HOLLAND & KNIGHT LLP**
                                            1722 Routh Street, Suite 1500
                                            Dallas, Texas 75201
                                            Phone: (214) 969-1345
                                            Facsimile: (214) 999-9252

                                            **COUNSEL FOR TIMOTHY LYNCH BARTON**

-6-

## CERTIFICATE OF SERVICE

On December 19, 2022 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney