UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　*Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>　　　*Defendants,*<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>　　　*Relief Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |

## ORDER GRANTING MOTION TO APPROVE SALE

Before the Court is the Receiver's motion to approve the sale of property at 4109 Rock Creek Drive, Dallas, Texas 75402 (the "Property") [Doc. No. 76] and Defendant Timothy Barton's cross-motion to prohibit that sale [Doc. No. 91]. Also before the Court is the Receiver's Motion to Declare Lis Pendens Void. [Doc. No. 96].

At the conclusion of the hearing before the Court yesterday, and for the reasons stated at the hearing, the Court made the following findings.  First, the proposed sale satisfies all statutory requirements: the Receiver published notice of the sale,[1] the proposed sale price exceeds two-thirds of the appraised value, and the Receiver received no competing offers.[2]  Second, the proposed sale is in the best interest of the Receivership.  And third, Barton's Notice of Lis Pendens on the Property is void and, as defense counsel acknowledged during the hearing, it would not have encumbered the sale even if it were not.

In light of these findings, the Court **GRANTS** the Receiver's motion for sale of the Property [Doc. No. 76] and **DENIES** Barton's motion to prohibit the sale [Doc. No. 91].  The Court **GRANTS** the Receiver's motion to declare the lis pendens void and **ORDERS** Barton to pay, within three days of this Order, $1,200 to the Receiver for fees incurred in opposing the lis pendens.  [Doc. No. 96].  During the hearing, defense counsel made an oral motion to stay the sale of the Property should the Court find that selling it is in the Receivership's best interest.  For the reasons stated at the hearing, the Court **DENIES** that oral motion.

Finally, as discussed at the hearing, the Court **ORDERS** the Receiver to remove Barton's personal items[3] from the Property before the Property is sold, and to place them in storage at the expense of the receivership estate.  If storage expenses cause the personal items to rapidly deteriorate in value when compared to the cost of

---

[1] *See* Doc. No. 100.

[2] 28 U.S.C. § 2001(b).

[3] *See* Doc. No. 89 at 2 (detailing the items).

2

the storage, the Receiver may seek Court approval to sell the items, and Barton must notify the Court in response if he will pay the storage costs to avoid a sale.

**IT IS SO ORDERED,** this 20th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

3