IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S MOTION FOR APPOINTMENT OF APPRAISERS,
APPROVAL OF APPRAISALS AND A HEARING
REGARDING APPROVAL OF SALE OF FRISCO GATE PROPERTY**

Cort Thomas, as the court appointed Receiver, respectfully moves the Court as follows:

**SUMMARY**

In compliance with the Court's Order Appointing Receiver (the "Receivership Order")

and 28 U.S.C. § 2001, the Receiver requests appointment of three appraisers, approval of the

appraisals, and a hearing regarding approval of the sale of certain property.

– 1 –

## FACTUAL SUMMARY

1.      On October 18, 2022, the Court entered an Order Appointing Receiver (the "Receivership Order") by which Cortney C. Thomas was appointed as Receiver for certain entities (the "Receivership Entities").  The Court directed the Receiver to take possession and control of all Receivership Property and Receivership Records.  *Receivership Order* ¶¶ 6, 16, 17.

2.      FHC Acquisition, LLC ("FHC") is identified in the Receivership Order as a Receivership Entity.

3.      On November 16, 2022, the Court entered the Order Governing the Administration of the Receivership ("Administrative Order") which also established procedures in conformity with 28 U.S.C. § 2001[1] for sales of real property.

4.      In the months before the Receiver was appointed, FHC listed for sale a certain piece of real property consisting of approximately 4.538 acres of undeveloped land described as Lot 13, Block A on that certain Revised Conveyance Plat of The Gate in Collin County, Texas (the "Property").

---

[1] "(a) Any realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.  Property in the possession of a receiver or receivers appointed by one or more district courts shall be sold at public sale in the district wherein any such receiver was first appointed, at the courthouse of the county, parish, or city situated therein in which the greater part of the property in such district is located, or on the premises or some parcel thereof located in such county, parish, or city, as such court directs, unless the court orders the sale of the property or one or more parcels thereof in one or more ancillary districts. (b) After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.  28 U.S.C.A. § 2001.

5.      After the Receiver was appointed, the previous broker of the Property contacted the Receiver with a potential buyer and delivered an offer to purchase the property for $9,000,000 (the "Offer").

6.      Counsel for Tim Barton also contacted the Receiver, sent a copy of the Letter of Intent from the potential purchaser to the Receiver, and indicated that Mr. Barton believed that the $9,000,000 Offer was reasonable.

## A.      SALE OF FRISCO GATE PROPERTY

7.      On December 13, 2022, subject to the Court's approval, the Receiver entered into a contract to sell the Property, for Nine Million Dollars ($9,000,000), to Petra Development, LLC. A true and correct copy of the real estate contract is attached as Exhibit A (the "Contract"), APP00001-36. Petra Development, LLC is not related to, nor controlled by any of the parties to this lawsuit, and is not related to, nor controlled by the Receiver, or any of his agents, employees, or attorneys.

8.      Subject to the Court's approval, the closing is scheduled for 60 days after the Effective Date of the Contract, or an earlier date as defined in the Contract.

9.      The Receiver seeks permission from this Court to sell the Property pursuant to the Contract, and in accordance with the Administration Order and 28 U.S.C. § 2001.

10.      In accordance with this Court's Orders and 28 U.S.C. § 2001 the Receiver obtained three independent appraisals of the Property. Two are informal broker opinions of value, and one is a certified appraisal (collectively, the "Appraisals").[2] True and correct copies of the three Appraisals are included in the Appendix as Exhibits B-1, B-2, and B-3 (APP000037-59,

---

[2] In accordance with the Court's Administration Order, the Receiver is using two informal opinions of value as appraisals due to the cost of a certified appraisal on commercial property. Dkt. 63 at 9 ("Similarly, the Receiver may in his discretion utilize informal "opinions of value" received from respected brokers in the respective industries related to the subject property, as one or more of the "appraisals" required by § 2001(b).")

– 3 –

APP000060-66, and APP000067-152). The Receiver requests that the Court appoint the appraisers for the purpose of providing the attached appraisals and accept these three appraisals in satisfaction of the requirements of 28 U.S.C. § 2001(b).

11.    The three appraisals value the Property at $9,016,920 - $10,018,800,[3] $8,896,365 - $9,884,850,[4] and $9,000,000,[5] respectively, resulting in an average appraised value of $9,302,823.[6] Thus, the contracted sales price, $9,000,000, exceeds two-thirds of the average appraised value of the Property as required by 28 U.S.C. § 2001(b). Accordingly, the Receiver contends the sale of the Property pursuant to the Contract at the sales price of $9,000,000 exceeds two-thirds of the average appraised value and is in the best interest of the receivership.

**B.    NOTICE OF SALE AND REQUIRED HEARING**

12.    The governing statute, 28 U.S.C. § 2001, also requires that the Court conduct a hearing to consider the proposed sale.  And, at least ten days before the hearing, the statute requires publication of the terms of the proposed sale so that bona fide interested purchasers can submit competing bids of not less than 10% more than the Contract price.  Any competing offers should be accompanied by proof of funds for a cash sale, or confirmation of approved financing to allow an immediate closing on the same basis provided in the Contract.

13.    The Receiver accordingly requests that the Court schedule a hearing before January 18, 2022 to consider the sale.  The Receiver will publish notice of the hearing at least ten (10) days prior to the hearing as required by 28 U.S.C. § 2001(b) and provide notice of the hearing through the receivership website.

---

[3] The Broker Opinion of Value was issued by Landry Burdine and is dated as of November 15, 2022. *App.* pp. 36-61.

[4] The Broker Opinion of Value was issued by JLL and is dated as of November 2022. *App.* pp. 62-68.

[5] The appraisal was issued by Charles G. Dannis and is dated as of December 10, 2022. *App.* pp. 69-154.

[6] The averaged appraised value was calculated using the average price of each of Broker Opinion of Value $9,517,860 and $9,390,608, respectively.

14.     The Receiver requests that any bona fide offers for purchase of the Property which exceed by ten percent (10%) the Contract sales price of $9,000,000 be served on the Receiver and filed with the Court not later than two days before the hearing scheduled to consider the sale.

15.     The Receiver further requests that in the event the Court approves the sale contemplated in this Motion but Petra Development ultimately terminates the Contract in accordance with its terms, the Court authorize the Receiver to sell the Property on substantially similar terms and at a price at or above the sales price of the Contract.

## CONCLUSION AND PRAYER

As set forth above, the Receiver requests that the Court (1) appoint the three appraisers identified above and in the appraisals included in the Appendix, (2) approve and accept the appraisals provided by each appraiser; (3) set this matter for hearing to consider approval of the sale on the terms provided by the Contract or as offered in any bona fide competing offer received after the date of this Motion; and, (4) provided no timely bona fide offers exceeding the Contract price by 10% are received at least two days before the date of the hearing, enter an order authorizing the Receiver to sell the Property pursuant to the terms of the Contract (or upon substantially similar terms in the event the Contract is terminated).  The Receiver also requests such other and further relief to which he is justly entitled.

Respectfully submitted,

**RECEIVER**

By: /s/ Cortney C. Thomas
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on December 21, 2022, the Receiver conferred with counsel for all parties.  Defendant Fu is unopposed.  No other counsel has responded.

/s/ Charlene C. Koonce
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

– **6** –