**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | CASE NO. 3:22-cv-2118-X |
| | ) | |
| | ) | **HEARING REQUESTED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY BARTON et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY OF HNGH TURTLE CREEK, LLC, TO RECEIVER'S OPPOSITION [94] TO MOTION TO INTERVENE AND TO CONFIRM OWNERSHIP OF PROPERTY LOCATED AT 2999 TURTLE CREEK BOULEVARD [69]**

The Receiver's opposition is largely unresponsive to HNGH's simple request:  That the Court confirm that 2999 Turtle Creek is owned by HNGH.  No lift of the stay is necessary for that relief.  As the Receiver admits, the Receivership Order in its *present* form applies only to properties owned by Defendant Timothy Barton.  And as HNGH has already explained, multiple *pre*-Receivership judgments, which are entitled to full res judicata effect, establish that HNGH (not Barton) exclusively owns 2999 Turtle Creek.  The Court can therefore recognize the Property's current ownership without making any substantive "alter[ation to] the Receivership Order" at all— just as the Court recently did when it "expressly identif[ied]" additional Barton-controlled entities that were previously unnamed in the Order yet "always encompassed" by its original terms. Dkt. 88 at 5.

In opposition to this straightforward request to confirm what always has been true, the Receiver offers one flawed argument and several irrelevant ones.  The flawed argument is that the Property's ownership is still an open question—and one that *HNGH* must resolve in the future by presenting additional evidence and argument after the Court lifts the stay.  In reality, however,

HNGH is already the owner given the res judicata consequences of the bankruptcy judgments. Under settled Supreme Court and Fifth Circuit precedent (which the Receiver ignores), those bankruptcy judgments remain binding unless and until the ***Receiver*** proceeds with Barton's bankruptcy appeal ***and*** satisfies his burden on appeal of undermining Judge Everett's exhaustive findings and conclusions.  But as things currently stand, HNGH is the sole owner, and no change to the legal status quo is necessary to confirm as much.

The Receiver's other arguments and observations—none of which affects the res judicata consequences of the bankruptcy proceedings—are thus all beside the point.  It does not matter, for example, that HNGH did not discuss the stay factors, because HNGH is not seeking to lift a stay and need not do so to receive its requested relief.  Nor does it matter that HNGH allegedly has not provided exhaustive responses to the Receiver's evidentiary requests, because HNGH has no obligation to re-prove its ownership in a collateral do-over of the bankruptcy case.  All that matters is what the law and facts already require and establish.

## I.   ARGUMENT

### A.   This Court Can Confirm HNGH's Continuing Ownership Irrespective of the Stay.

HNGH's motion to confirm its ownership rested on two premises: (1) that the "Receivership extends only to property that belongs to Barton and his entities"; and (2) that those properties do not include 2999 Turtle Creek because several existing bankruptcy judgments had already confirmed that HNGH is "the rightful owner of the 2999 Turtle Creek Property."  Dkt. 69 at 4, 10-11.

The Receiver does not contest the first point.  Indeed, he admits that the Receivership Order extends only to Barton's "entities and ***their*** assets," and therefore does not cover anything that Barton did not own when the Court entered the Order.  Dkt. 94 at 2 (emphasis added).  Nor could

the Receiver claim a greater right to control property, given that he merely "stands in the shoes" of Barton and is "subject to [the Court's] orders" that limit his authority. *In re Still*, 963 F.2d 75, 77 (5th Cir. 1992); Dkt. 47 at 6 (quotation omitted).

The Receiver only partially contests HNGH's second point: that 2999 Turtle Creek is not owned by Barton. His opposition never denies that the bankruptcy court twice confirmed that HNGH is the sole and rightful "owner of the Property." Dkt. 70 ("App'x") at 48-53 (bankruptcy orders). His opposition admits that these decisions came "***before*** the Receivership Order was entered." Dkt. 94 at 3 (emphasis added). And his opposition does not contest (or even cite) the one-sided precedent confirming that bankruptcy judgments are subject to "[t]he normal rules of res judicata and collateral estoppel" and thus "entitled to full faith and credit unless and until reversed on appeal." *Katchen v. Landy*, 382 U.S. 323, 334 (1966); *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*, 510 F.2d 272, 273 (5th Cir. 1975); Dkt. 69 at 14 & n.3 (collecting cases). In fact, the phrase "res judicata" appears nowhere in his opposition.

Instead, the Receiver bluntly claims—without citation, authority, or analysis—that the Barton-controlled entity "2999TC Acquisitions owns … [the P]roperty" "subject to HNGH's dispute," and that this "dispute" cannot be "resolve[d]" until the Court lifts the stay. Dkt 94 at 2, 5. In this telling, the bankruptcy "judgment that is on appeal" somehow provides no "confidence" for HNGH's ownership, meaning that the only way to "resolve" HNGH's "disputed ownership interest" is for HNGH to affirmatively reestablish its rights, which in turn first requires lifting the stay. *Id.*

This approach stands the law and the facts on their heads. Again—and as the Receiver does not and cannot deny—a "judgment is res judicata and entitled to full faith and credit unless

and until reversed on appeal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (2013).[1] In other words, the ***only*** conceivable path to undoing the bankruptcy judgments is through a direct appeal from those proceedings. The Receiver might elect to pursue that appeal, or he might not— according to his opposition, that choice belongs to him alone for as long as he stands in the shoes of Barton. Dkt. 94 at 4-5. But if he does so, the burden will be on ***him*** to overcome the findings and conclusions that Judge Everett reached after holding a 50-hour hearing, reviewing all of the evidence, and observing the credibility (or lack thereof) of Barton's witnesses. That may be a road the Receiver elects to travel. Until he does so, however, binding precedent means that the bankruptcy orders have already "resolve[d]" that HNGH owns the Property outright and that neither the Receiver, Barton, nor any Barton-controlled entities have any claim to the Property. Dkt. 94 at 2.

This straightforward analysis thus fully dispenses with the Receiver's overarching assertion that HNGH's motion implicates the stay. Because HNGH owned the Property prior to the Receivership Order, and because that Order extends only to property owned by Barton, the Order ***never*** applied to the Property. There is no substantive change to be made, and thus no stay to lift. The Court need only restate what its Order already requires.

---

[1] *See also, e.g.*, *Fid. Standard*, 510 F.2d at 273 (same) (collecting cases); *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) ("[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal" (quotation omitted)); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) ("the fact that an appeal was lodged does not defeat the finality of the judgment"); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (collecting cases for the "uniformity of the rule in other circuits"); *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (collecting cases for the rule "'in federal courts [that] the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided" (quotation omitted)).

But were any further assurance necessary that the stay is not at issue, the procedural history of this case provides it. When the Receiver recently moved to "supplement" the Receivership Order to name additional Barton-controlled entities, some of these entities objected "that the Court lack[ed] jurisdiction to alter the Receivership Order while it is on appeal." Dkt. 88 at 1, 4-5 (quotation omitted). That contention, the Court explained, "fundamentally misunderst[ood] the Receiver's request and the Court's Order Appointing Receiver." *Id.* at 5. "***Since the moment of its creation***, the Receivership has ***always*** encompassed all 'entities that Defendant Timothy Barton directly or indirectly controls,'" and so the pending appeal was "irrelevant because the Court was not … alter[ing] the Receivership Order" by "expressly identif[ying] … entities the Receivership ***already*** contain[ed]." *Id.* (emphases altered).

The same approach applies here. Multiple binding judgments have "already" confirmed that 2999 Turtle Creek belongs to HNGH alone. *Id.* The Court can therefore "expressly identify" HNGH as the owner without "alter[ing] the Receivership Order" at all. *Id.*

### B. The Receiver's Other Arguments and Observations Are Irrelevant.

In addition to the Receiver's meritless lead argument that lifting the stay is necessary to confirm HNGH's ownership, his opposition also includes several irrelevant points. None of them alters the dispositive nature of the res judicata effect of the bankruptcy court orders. *See Comer*, 718 F.3d at 468 (noting that "a federal court may not abrogate principles of res judicata out of equitable concerns" (quotation omitted)). Regardless, even on their own terms, none requires much explanation to reject or disregard.

First, the Receiver accuses HNGH of "fail[ing] to identify the relevant factors" for "whether to lift a stay." Dkt. 94 at 6. This charge is beside the point because the stay is not at issue here. And this charge of overlooking (supposedly) controlling law is especially misplaced

given the Receiver's refusal to so much as cite any Supreme Court and Fifth Circuit precedent on res judicata.

Second, the Receiver asserts (without further analysis) that "Barton, his employees, lawyers, and all Receivership Entities were occupying and officing at the Turtle Creek Property" on "the date the Receivership Order was entered." *Id.* at 3.  That factual claim may be true.  Or it may be false.  But it is immaterial here, and the Receiver indeed offers no argument on this point. Even if Barton and his associates were attempting to defy Judge Everett's unambiguous directive that they "shall have no further right, title or interest in the Property," their actions cannot change the multiple binding judgments confirming HNGH's ownership.  App'x at 48, 50-53.

Third, the Receiver gestures to unidentified third parties who "have reached out to the Receiver … requesting agreement to lift the Stay," and he claims to have "warned" some of them that he will "request sanctions" if forced to defend the stay.   Dkt. 94 at 4-5.  The relevance of these mystery parties to HNGH is unclear—doubly so because HNGH is not asking to lift the stay. The Receiver's observation is particularly bewildering given that, on the one hand, he insists that HNGH must seek to lift the stay, but on the other hand, he acknowledges that he has threatened sanctions against parties that have suggested they will do so.

Fourth, the Receiver complains that HNGH has not exhaustively responded to his requests for information.  *Id.* at 5.  But as before, this grievance rests on an inverted view of the facts and the law.  HNGH is ***currently*** the owner of the Property, as confirmed by several judgments with full res judicata effect.  It does not have to plead, prove, or establish anything.  Rather, the only avenue for further dispute is if the Receiver chooses to pursue Barton's bankruptcy appeal, in which case the Receiver will need to satisfy ***his*** burden of overcoming the exhaustive findings, orders, and conclusions of the bankruptcy court.  HNGH stands ready to cooperate with the

Receiver (and has, in fact, voluntarily provided information in response to the Receiver's requests), but none of that is material to the question of HNGH's ownership of the Property.

Fourth, and in a similar vein, the Receiver faults HNGH for not providing "evidence that the Property is declining in value." *Id.* at 2. Again, HNGH does not need to prove anything (because it is the owner), nor does it need to demonstrate a need for haste (because it is not seeking to lift the stay). But in all events, the Receiver's dismissiveness of declining property values is wholly at odds with his actions and statements elsewhere. He has claimed—***as relevant to 2999 Turtle Creek***—that "the overwhelming majority of industry participants [have] advised [him] that attempting to sell assets in the near future will likely result in greater values than waiting three or six months." Dkt. 67 at 14-15, 17-18. The Government, too, agrees that "a downward trending real estate market … is expected to negatively impact the properties' future values." Dkt. 83 at 13. And all the while, the Receiver is pressing forward with the impending sale of the Rock Creek Property because of "current economic uncertainty," the "shrinking market," and increasingly "slow[] sales … in North Texas." Dkt. 76 at 5; Dkt. 93 at 5.

To be clear, none of these arguments is legally relevant. But they underscore the Receiver's "fundamental[] misunderstand[ing]" of HNGH's request that the Court merely confirm what has "always" been true. Dkt. 88 at 5. No additional evidence, no new arguments, and no modification of the stay is necessary for that. If the Receiver wishes to contest HNGH's ownership of the Property, he can and must pursue Barton's appeal of the bankruptcy court judgments. Until then, the Property belongs to HNGH.

## II.    CONCLUSION

Consistent with the original Receivership Order, the binding bankruptcy court judgments preceding it, and settled Supreme Court and Fifth Circuit precedent, HNGH respectfully requests that the Court grant intervention and confirm that HNGH owns 2999 Turtle Creek.

DATED:  December 29, 2022                    Respectfully submitted,

                                             s/ *Erin Nealy Cox*

                                             Erin Nealy Cox
                                             Texas State Bar No. 00794357
                                             Tel: (214) 972-1847
                                             erin.nealycox@kirkland.com
                                             George W. Hicks, Jr.*
                                             Virginia State Bar No. 91711
                                             Tel: (214) 972-1722
                                             george.hicks@kirkland.com
                                             KIRKLAND & ELLIS LLP
                                             4550 Travis Street
                                             Dallas, TX 75205
                                             Tel: (214) 972-1770

                                             Kyle M. DeYoung*
                                             Washington D.C. Bar No. 472613
                                             Tel: (202) 389-3251
                                             kyle.deyoung@kirkland.com
                                             KIRKLAND & ELLIS LLP
                                             1301 Pennsylvania Ave. NW
                                             Washington, DC 20004
                                             Tel: (202) 389-3251

                                             John J. Kane
                                             Texas State Bar No. 24066794
                                             Tel: (214) 777-4261
                                             jkane@krcl.com
                                             KANE RUSSELL COLEMAN LOGAN PC
                                             901 Main Street, Suite 5200
                                             Dallas, TX 75202
                                             Tel: (214) 777-4200

                                             **Pro Hac Vice application forthcoming*

                                             *Counsel for HNGH Turtle Creek, LLC*

**CERTIFICATE OF SERVICE**

I affirm that on December 29, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

By:  s/ *Erin Nealy Cox*
Counsel for HNGH Turtle Creek, LLC