**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) CASE NO. 3:22-cv-2118-X |
| | ) |
| | ) **HEARING REQUESTED** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TIMOTHY BARTON et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY OF HNGH TURTLE CREEK, LLC, TO DEFENDANT TIMOTHY BARTON'S OPPOSITION [95] TO MOTION TO INTERVENE AND TO CONFIRM OWNERSHIP OF PROPERTY LOCATED AT 2999 TURTLE CREEK BOULEVARD [69]**

Defendant Timothy Barton proceeds as if several judicial orders did not exist. He completely ignores this Court's unambiguous instruction that "all interested non-parties are directed to intervene to the extent they wish to participate in the proceedings." Dkt. 62 at 2 n.1. He disregards this Court's recent explanation that it can clarify the Receivership Order without changing its substance. Dkt. 88 at 4-5. And he continues to flout the bankruptcy court's confirmations of HNGH's ownership, going so far as to suggests that his own contempt for those orders might justify depriving HNGH of its rights. *Compare* Dkt. 70 ("App'x") 48-53, *with* Dkt. 97 at 4.

But more fundamentally, all of Barton's arguments require him to misconstrue HNGH's motion as pursuing an ***affirmative*** claim to resolve a ***pending*** dispute over the ownership of 2999 Turtle Creek. The opposite is true. HNGH is defensively asserting res judicata against the Receiver's recurring contentions that this case is a vehicle for collaterally attacking what the bankruptcy court has already held. Intervention is thus proper under settled Fifth Circuit precedent (unaddressed by Barton) that allows property owners to step in to protect their interests. And

confirmation is proper because longstanding Supreme Court and Fifth Circuit precedents (also unaddressed by Barton) leave no room for dispute that the bankruptcy confirmation of HNGH's ownership is currently entitled to full res judicata effect and remains binding in these proceedings.

Because none of these basic principles is contested, the Court can now recognize—consistent with its own prior orders and the judgments of the bankruptcy court—that HNGH is entitled to intervention and to confirmation of its preexisting ownership of the Property.

## I.      ARGUMENT

Barton does not clearly distinguish between his objections to intervention and his objections to confirmation of HNGH's ownership. Instead, all of his arguments revolve around the common premise that HNGH is improperly using this SEC action to litigate a yet-unresolved ownership dispute over 2999 Turtle Creek. *See* Dkt. 97 at 3-7. But whether taken individually or as a group, none of his objections changes HNGH's straightforward explanations of why intervention and confirmation are proper.

### A.      Intervention is Proper.

Barton's opposition never mentions the Court's command—on the heels of HNGH's very first filing—that "all interested non-parties are directed to intervene to the extent they wish to participate in the proceedings." Dkt. 62 at 2 n.1 & accompanying text; *see also* Dkt. 51. Barton also never mentions the Court's frequent grants of intervention to other interested individuals and entities, including those whose requests were unclear or "questionable." *See, e.g.*, Dkt. 62 at 2; Dkt. 64 at 1; Dkt. 88 at 3-4. Barton does not cite or discuss the intervention factors and case law set out in HNGH's opening motion. *See* Dkt. 69 at 9-13. And Barton does not deny that HNGH has a very real interest in protecting its property rights, or that the Receiver has called these rights into question. *See id.* For these reasons alone, the Court can reject the opposition.

2

But to the extent the Court wishes to entertain it, Barton's opposition also fails on its own terms. The main reason is that Barton completely misconstrues HNGH's request. According to Barton, HNGH is *affirmatively* "seeking some kind of declaratory judgment from this Court" in the absence of "any cause of action [HNGH] has pending before this Court for which a declaratory judgment would be an appropriate remedy." Dkt. 97 at 3. That lack of an affirmative claim supposedly is fatal to intervention.

In reality, and as its opening motion made clear, HNGH is seeking *defensive* intervention in order to *protect* the preexisting bankruptcy judgments against the Receiver's collateral attacks. *See, e.g.*, Dkt. 69 at 4 (explaining that "HNGH [had] no choice but to intervene" to safeguard its "well-settled rights"). This sort of defensive intervention is familiar and proper, which presumably is why Barton says nothing about it. He does not contest that the Fifth Circuit has repeatedly explained that defensive intervention is "almost always" allowed when the movant's "property interests … are threatened by the litigation"—even if that risk comes from "a *potential* decree [that] threatens a prospective interference." *Texas v. United States*, 805 F.3d 653, 657-60 (5th Cir. 2005) (quotation omitted); *see also Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565-66 (5th Cir. 2016). He does not contest that the Receiver has raised such a threat by repeatedly claiming that the current litigation is a vehicle for "unwinding" the bankruptcy judgments. *See, e.g.*, Dkt. 69 at 4-6, 11 (collecting examples); Dkt. 94 at 2, 5 (Receiver's opposition continues to dismiss the bankruptcy judgments and HNGH's current property rights). He does not cite or dispute the black-letter law holding that those judgments are res judicata unless

3

and until reversed on appeal. *See* Dkt. 69 at 14 (collecting cases). And he does not deny that res judicata is a prototypical defense against a collateral attack. *See, e.g.*, Fed. R. Civ. P. 8(c)(1).[1]

Barton's misapprehension of HNGH's request also defeats his fallback suggestion that intervention is improper because HNGH is not "seek[ing] to alter or amend the Court's pre-existing receivership order." Dkt. 97 at 3. The factual premise for that position is correct; HNGH's motion does not seek to change the legal status quo. It merely asks the Court to confirm, as it has recently done in naming new entities, what the Receivership Order and bankruptcy judgments have always required "[s]ince the moment of [their] creation," Dkt. 88 at 5—namely, that HNGH is the owner of the Property and that the Receiver (and Barton) cannot collaterally attack the judgments confirming that truth.

Sure enough, Barton eventually gives the game away on intervention when he suggests that this case might (improperly) be a vehicle for undermining HNGH's twice-confirmed and exclusive ownership. *See* App'x at 48-53 (bankruptcy orders). The theory here is remarkable. According to Barton, his post-judgment trespass on the property—in open contempt for Judge Everett's order that Barton has zero "right, title, or interest in the Property," App'x at 48—perhaps means that HNGH did not actually "control[] the Turtle Creek property on … the day that the Receiver was appointed." Dkt. 97 at 3-4.[2]

---

[1]   Barton vaguely suggests that HNGH's motion is deficient for lack of a formal "pleading." Dkt. 97 at 3. That technical quibble ignores that the Court has imposed no such requirement for other intervenors. After all, the Fifth Circuit's liberal approach to intervention simply requires that the movant "put the parties on notice of [its] grounds for intervention," with even a "motion to intervene" being unnecessary. *Liberty Surplus Ins. Cos. v. Slick Willies of Am.*, 2007 WL 2330294, at *1-2 (S.D. Tex. Aug. 15, 2007); *accord* Dkts. 62 at 2 (allowing intervention when various Barton-controlled entities did not properly request it); 88 at 3 (similar).

[2]   As illustrated by the Receiver's recent Emergency Motion to Declare Lis Pendens Void, *see* Dkt. 96, Barton's disinterest in following Court orders is hardly limited to physical trespass.

In addition to being astonishing, this position is meritless.  Setting aside the absurdity of the notion that Barton can change a binding judgment by flouting it, the law makes clear that Barton's trespass neither gave him ownership, possession, or control of the Property, nor undermined HNGH's exclusive ownership and control.  As to Barton, "a trespasser only temporarily interferes with another's property rights"; he does not "appropriate[]" the property, or even "deprive the owner of his property or the use of it."  *U.S. v. Mendez-Guerra*, 269 F. App'x 383, 388 (5th Cir. 2008) (considering Texas and federal law).  And as to HNGH, its purported lack of "[p]hysical occupation" is immaterial to what the bankruptcy court repeatedly confirmed:  that HNGH is "the owner of the Property pursuant to th[e] Special Warranty Deed recorded … in the real property records … on or about November 1, 2021."  App'x at 48, 50-53.

In the end, Barton has no basis to oppose intervention.  He is wrong about his fundamental premise that intervention is limited to parties who are pursuing affirmative claims.  He ignores that HNGH may defensively assert res judicata against the Receiver's collateral attacks on preexisting judgments.  And, perhaps most revealing of all, he disregards the Court's directive that HNGH *must* intervene to be heard and to protect its interests.

## B.    HNGH is Entitled To Confirmation of Its Ownership.

Barton also opposes confirmation of HNGH's ownership of the Property on the now-familiar ground that this litigation is "not the proper forum for HNGH to adjudicate claims against the receivership entities" because HNGH cannot bring affirmative "claims in these proceedings without the SEC's consent" Dkt. 97 at 4.  As before, this argument completely misunderstands HNGH's request.  HNGH has *already* "adjudicated [its] claim[]" to the Property.  That adjudication occurred in the bankruptcy proceedings, which by Barton's own recurring admissions produced a "final order" that "determined [HNGH] to be the new owner of the Property" and operated "as res judicata."  *In re 2999TC Acquisitions, LLC*, No. 21-31954 (Bankr. N.D. Tex.),

Docs. 288 at 1; 296 at 8-9; 297 at 3-5; *accord* App'x 48, 50-53. All that is at issue here is HNGH's motion to prevent *re*-adjudication of what has already been decided.

Barton says nothing to disrupt that straightforward analysis. In fact, he admits that the bankruptcy proceedings are "separate" from this one, and that those proceedings produced "orders" that are not currently before this Court on direct appeal. Dkt. 97 at 5.

Instead, Barton simply reverses course and suggests that these orders are in fact not binding, meaning that HNGH must prove its ownership. In his view, HNGH's ownership is "very much still being litigated"; there is an "ownership dispute on the Turtle Creek property"; and therefore the burden is on HNGH to "*reopen* litigation on its ownership claims" so that it can continue "pursuing [its] claims." *Id.* at 5-6 (emphasis added).

This approach misunderstands res judicata—which is why Barton neither mentions the doctrine nor addresses his prior concessions that the bankruptcy proceedings are "final" and operate "as res judicata." *In re 2999TC* Docs. 288 at 1; 296 at 8. As HNGH has repeatedly explained (and as neither Barton nor the Receiver deny), the settled rule is that those bankruptcy judgments are subject to "[t]he normal rules of res judicata and collateral estoppel" and thus "entitled to full faith and credit unless and until reversed on appeal." *Katchen v. Landy*, 382 U.S. 323, 334 (1966); *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Ga.*, 510 F.2d 272, 273 (5th Cir. 1975); Dkt. 69 at 14 & n.3 (collecting cases).[3]

---

[3]    *Accord Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (2013) (same); *Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) ("[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal" (quotation omitted)); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) ("the fact that an appeal was lodged does not defeat the finality of the judgment"); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (collecting cases for the "uniformity of the rule in other circuits"); *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (collecting cases for the rule "'in federal courts [that] the

To be sure, Barton may not like those judgments.  He may even try to defy those judgments by trespassing on HNGH's property.  But those judgments are judgments; they are binding in these proceedings; and HNGH may defensively raise those judgments against the Receiver's efforts to collaterally undermine them.

Given this infirmity in Barton's overarching premise that HNGH is trying to relitigate anything, the rest of his opposition falls apart.  Barton claims, for example, that it is somehow "inequitable" for HNGH to protect a property that Barton has long tried to obtain through meritless litigation, "outright falsehoods and half-truths," and straightforward trespass.  *See, e.g.*, App'x at 2, 15-20, 32, 36, 38, 45, 47-48 & nn.8, 7, 13, 15 (Judge Everett's findings); Dkt. 97 at 4.  Setting aside the dubious nature of this appeal to equity, Fifth Circuit precedent is unmistakable about the "well-known rule that a federal court may not abrogate principles of res judicata out of equitable concerns."  *Comer*, 718 F.3d at 468 (quotation omitted) (collecting cases).  All that HNGH seeks is what the law already requires.  There is nothing "backend[ed]" or "[il]legitimate" about that.  Dkt. 97 at 6.

Even less persuasive is Barton's suggestion that confirming HNGH's ownership would violate the stay.  *Id.* at 6-7.  As HNGH already explained (both here and in its reply to the Receiver, *see* Dkt. 116), HNGH's motion simply does not implicate the stay at all.  HNGH merely seeks to confirm what has **always** been true since the moment that the Court entered the Receivership Order:  that multiple binding judgments render 2999 Turtle Creek the sole property of HNGH and are not subject to collateral attack.

---

preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided" (quotation omitted)).

Indeed, the Court recently rejected similar objections by various Barton entities to the Receiver's motion to "supplement" the Order to name these entities. Dkt. 88 at 1. Some entities argued that, in light of Barton's pending appeal, "the Court lack[ed] jurisdiction to alter the Receivership Order." *Id.* at 4-5 (quotation omitted). The Court had little difficulty rejecting this complaint, which "fundamentally misunderst[ood] the Receiver's request and the Court's Order Appointing Receiver." *Id.* at 5. "***Since the moment of its creation***, the Receivership has ***always*** encompassed all 'entities that Defendant Timothy Barton directly or indirectly controls,'" and so the pending appeal was "irrelevant because the Court was not … alter[ing] the Receivership Order" by "expressly identif[ying] … entities the Receivership ***already*** contain[ed]." *Id.* (emphases altered).

So too here. Multiple binding judgments have "already" confirmed that 2999 Turtle Creek belongs to HNGH alone. *Id.* The Court can therefore "expressly identify" HNGH as the owner without "alter[ing] the Receivership Order." *Id.*

## II.    CONCLUSION

Consistent with the original Receivership Order, the binding bankruptcy judgments preceding it, and settled Supreme Court and Fifth Circuit precedent, HNGH respectfully requests that the Court grant intervention and confirm that HNGH owns 2999 Turtle Creek.

DATED:  December 29, 2022

Respectfully submitted,

s/ *Erin Nealy Cox*

Erin Nealy Cox
Texas State Bar No. 00794357
Tel: (214) 972-1847
erin.nealycox@kirkland.com
George W. Hicks, Jr.*
Virginia State Bar No. 91711
Tel: (214) 972-1722
george.hicks@kirkland.com
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Tel: (214) 972-1770

Kyle M. DeYoung*
Washington D.C. Bar No. 472613
Tel: (202) 389-3251
kyle.deyoung@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave. NW
Washington, DC 20004
Tel: (202) 389-3251

John J. Kane
Texas State Bar No. 24066794
Tel: (214) 777-4261
jkane@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, TX 75202
Tel: (214) 777-4200

*Pro Hac Vice application forthcoming*

*Counsel for HNGH Turtle Creek, LLC*

9

## CERTIFICATE OF SERVICE

I affirm that on December 29, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.


By:   s/ *Erin Nealy Cox*
Counsel for HNGH Turtle Creek, LLC