**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*. | § § | |

**APPENDIX IN SUPPORT OF RECEIVER'S VERIFIED RESPONSE TO BARTON'S
MOTION TO STAY PENDING APPEAL OF ORDER GRANTING RECEIVER'S
MOTION TO RATIFY AGREEMENT WITH DLP CAPITAL ETC.**

Respectfully submitted,

Charlene C. Koonce
  State Bar No. 11672850
  charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
T: (214) 327-5000
F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

| EXHIBIT | DESCRIPTION | APP PAGES |
|---------|-------------|-----------|
| A | Notice of Default – LaJolla Construction Management, LLC | APP000001-000004 |
| B | Notice of Default – Marine Creek Development, LLC | APP000005-000008 |
| C | Notice of Default – Orchard Farms Development LLC | APP000009-000012 |

# EXHIBIT A

APP000001



Eduardo Espinosa

Akerman LLP
2001 Ross Avenue
Suite 3600
Dallas, TX 75201

T: 214 720 4300
F: 214 981 9339
DirF: 214 720 8115

October 18, 2022

**Via FedEx and**
**CM/RRR No. 9414 7266 9904 2195 7021 15**
LaJolla Construction Management LLC
13901 Midway Rd, Suite 102-243
Dallas, Texas 75244
Attention: Tim Barton, President

> RE: Construction Manager Default Notice
> Project: Mansions at Marine Creek ("Project")

Mr. Barton,

Please be advised that Akerman, LLP represents MARINE CREEK VENTURES, LLC. We write to you regarding that certain CONSTRUCTION MANAGEMENT AGREEMENT by and between MARINE CREEK VENTURES, LLC, as Owner, and LAJOLLA CONSTRUCTION MANAGEMENT LLC, as Construction Manager, dated January __, 2022 ("**Agreement**"). Please direct all future communications regarding this matter to me.

Per §8(b)(2) of the Agreement, Construction Manager's failure to observe or perform any covenant, condition or agreement to be observed or performed by it under the Agreement, if such failure continues for a period of thirty (30) days after written notice requesting that such failure be remedied (a " Construction Manager Default Notice") constitutes an Event of Default. Each item delineated below is an Event of Default and you are hereby instructed to remedy same within the requisite 30 day period.

1. *You have failed to arrange, supervise, or coordinate all development and planning services required to execute the Business Plan as required by Section 1.(a.)*

   - You have failed to adequately execute the Business Plan materially, adversely impacting the Project Schedule and the Project Budget.
   - Your representation that you have the staff and expertise necessary to properly perform your obligations in a good and workmanlike manner was and remains false. The Construction Management's staff on the Project lacks the experience and expertise required for a project of this size and complexity. The staff's inexperience

66859891;4

APP000002

LaJolla Construction Management LLC
October 18, 2022
Page 2

and lack of expertise, combined with frequent staffing and consultant turnovers, is a significant cause of the delays and cost overruns being encountered. You must provide the Owner with (i) a listing of your current and proposed Project staff, along with a detailed summary of their corresponding roles and responsibilities and relevant work experience and (ii) a corrective action plan for its review and approval.

2. You have failed to coordinate the consultants, architects, and engineers in accordance with Section 1.b.(iv). Your pre-existing poor relationships and outstanding balances owed to Project consultants and design team members have adversely affected the Project's ability to contract with design professionals rendering their engagement or re-engagement, as the case may be, difficult.

3. You inadequately negotiated the construction contracts, change orders, and other contracts and services as required by Section 1.b.(vi).

   - You failed to align the contractors' interests with the Project's.
   - You've failed to employ experienced construction management personnel.
   - Key personnel have routinely turned over at critical junctures.
   - In order to mitigate the impact from your inability to negotiate the agreements, the Owner has had to disproportionately intervene in contract negotiations and administration.

4. You have abdicated your obligation to review the contractors' applications for payment under Section 1.b.(viii). To date, most bills and payment requests have been submitted directly to the Owner for review and payment. This is in part due to your poor past relationships and outstanding balances due. [ See #2, above].

5. You failed to marshal applications for zoning changes, building permits, inspections, approvals, certificates of occupancy, and access to streets and roads pursuant to Section 1.b.(xi). The Community Facilities Agreement (CFA) work has yet to be approved. Provide an updated schedule identifying this impact to the Business Plan, the resulting associated financial impacts to the Business Plan, and provide a corrective action plan to be reviewed and approved by the Owner.

6. Formal communications have been abysmal. You have failed to provide any of the reporting required by Section 1.b.(xii).

   - Despite eight (8) moths of repeated communications and demands for this reporting, we have received only one "complete" monthly report;
   - No updated schedules have been provided despite promises to contrary;
   - Projections are nonexistent regarding: (i) final CFA costs, (ii) cost of the Consultants for future Phases, (iii) FF&E costs required for the Amenities, Club, and Leasing/Management office, (iv) or the current Rental market in the applicable

LaJolla Construction Management LLC
October 18, 2022
Page 3

market area, specifically to the standard projections of product pipeline, absorption, and rental rates.

- Despite numerous requests by the Owner and prior promise by you, no action plans have been provided.

7.  You have failed to apply for or negotiate utility and sewer easements and the provision of adequate services pursuant Section 1.b.(xii). Due to your lack of engagement, the Owner has had to undertake the direct sourcing or negotiation of (i) electrical service to and through the property, and (ii) internet, phone, and cable with various telecom providers.

Your failure to remedy your breach of representations, nonperformance of covenants and conditions, and failure to observe agreements, within thirty (30) days hereof, constitute Events of Default under the Agreement. You must remedy each such breach, nonperformance or failure in accordance with the Agreement's terms and conditions. Further, you are hereby instructed to immediately provide the Owner with your plan of action to remedy each Event of Default within the requisite period.

This letter does not purport to be a complete statement of Owner's position, rights or claims. Buyer reserves any and all rights under the Agreement or at common law, including the right to exercise its contractual right of setoff and/or to initiate litigation, if and as necessary.

Respectfully,

**AKERMAN , LLP**

Eduardo S. Espinosa

cc:    **Via CM/RRR No. 9414 7266 9904 2195 7020 85**
Vance McMurry
McMurry Law, PLLC
508 W. Lookout Suite 14-74
Richardson, Texas 75080

**Via CM/RRR No. 9414 7266 9904 2195 7020 92**
The Marx Firm, LLC
2999 Turtle Creek Blvd.
Dallas, Texas 75219
Attention Randy P. Marx, Esq.

66859891;4

APP000004

# EXHIBIT B

APP000005



Eduardo Espinosa

Akerman LLP
2001 Ross Avenue
Suite 3600
Dallas, TX 75201

T: 214 720 4300
F: 214 981 9339
DirF: 214 720 8115

October 18, 2022

**Via FedEx and**
**CM/RRR No. 9414 7266 9904 2195 7020 78**
Marine Creek Development LLC
1755 Wittington Place, Suite 340
Dallas, Texas 75234
Attention:  Tim Barton, President

   RE: Developer Default Notice
      Project: Mansions at Marine Creek ("Project")

Mr. Barton,

Please be advised that Akerman LLP represents MARINE CREEK VENTURES LLC.  We write to you regarding that certain DEVELOPMENT AGREEMENT by and between MARINE CREEK VENTURES LLC, as Owner, and MARINE CREEK DEVELOPMENT LLC, as Developer, dated December 7, 2021 ("**_Agreement_**"). Please direct all future communications regarding this matter to me.

Per §8(b)(2) of the Agreement, Construction Manager's failure to observe or perform any covenant, condition or agreement to be observed or performed by it under the Agreement, if such failure continues for a period of thirty (30) days after written notice requesting that such failure be remedied (a "Developer Default Notice"), constitutes an Event of Default.  Each item delineated below is an Event of Default, and you are hereby instructed to remedy same within the requisite 30-day period.

 1. _You have failed to arrange, supervise or coordinate all development and planning services required to execute the Business Plan as required by Section 1.(a.)_

- You have failed to adequately execute the Business Plan materially, adversely impacting the Project Schedule and the Project Budget.
- Your representation that you have the staff and expertise necessary to properly perform your obligations in a good and workmanlike manner was and remains false. The Construction Management's staff on the Project lacks the experience and expertise required for a project of this size and complexity.  The staff's inexperience and lack of expertise, combined with frequent staffing and consultant turnovers, is a

66891018;3

APP000006

Marine Creek Development LLC
October 18, 2022
Page 2

significant cause of the delays and cost overruns being encountered.  You must provide the Owner with (i) a listing of your current and proposed Project staff, along with a detailed summary of their corresponding roles and responsibilities and relevant work experience, and (ii) a corrective action plan for its review and approval.

2.  You have failed to coordinate the consultants, architects and engineers in accordance with Section 1.b.(iv). Your pre-existing poor relationships and outstanding balances owed to Project consultants and design team members have adversely affected the Project's ability to contract with design professionals, rendering their engagement or re-engagement, as the case may be, difficult.

3.  You inadequately negotiated the construction contracts, change orders and other contracts and services as required by Section 1.b.(vi).

    • You failed to align the contractors' interests with the Project's.
    • You've failed to employ experienced construction management personnel.
    • Key personnel have routinely turned over at critical junctures.
    • In order to mitigate the impact from your inability to negotiate the agreements, the Owner has had to disproportionately intervene in contract negotiations and administration.

4.  You have abdicated your obligation to review the contractors' applications for payment under Section 1.b.(viii).  To date, most bills and payment requests have been submitted directly to the Owner for review and payment.  This is in part due to your poor past relationships and outstanding balances due. [See #2, above].

5.  You failed to marshal applications for zoning changes, building permits, inspections, approvals, certificates of occupancy, and access to streets and roads pursuant to Section 1.b.(xi). The Community Facilities Agreement (CFA) work has yet to be approved. Provide an updated schedule identifying this impact to the Business Plan, the resulting associated financial impacts to the Business Plan, and provide a corrective action plan to be reviewed and approved by the Owner.

6.  Formal communications have been abysmal.  You have failed to provide any of the reporting required by Section 1.b.(xii).

    • Despite eight (8) moths of repeated communications and demands for this reporting, we have received only one "complete" monthly report;
    • No updated schedules have been provided despite promises to contrary;
    • Projections are nonexistent regarding: (i) final CFA costs, (ii) cost of the Consultants for future Phases, (iii) FF&E costs required for the Amenities, Club, and Leasing/Management office, (iv) or the current Rental market in the applicable

66891018;3

APP000007

Marine Creek Development LLC
October 18, 2022
Page 3

market area, specifically to the standard projections of product pipeline, absorption and rental rates.

- Despite numerous requests by the Owner and prior promise by you, no action plans have been provided.

7. You have failed to apply for or negotiate utility and sewer easements and the provision of adequate services pursuant Section 1.(xii). Due to your lack of engagement, the Owner has had to undertake the direct sourcing or negotiation of (i) electrical service to and through the property, and (ii) internet, phone and cable with various telecom providers.

Your failure to remedy your breach of representations, nonperformance of covenants and conditions, and failure to observe agreements within thirty (30) days hereof constitute Events of Default under the Agreement. You must remedy each such breach, nonperformance or failure in accordance with the Agreement's terms and conditions. Further, you are hereby instructed to immediately provide the Owner with your plan of action to remedy each Event of Default within the requisite period.

This letter does not purport to be a complete statement of Owner's position, rights or claims. Buyer reserves any and all rights under the Agreement or at common law, including the right to exercise its contractual right of setoff and/or to initiate litigation, if and as necessary.

Respectfully,

**Akerman , LLP**

Eduardo S. Espinosa

cc:    **Via CM/RRR No. 9414 7266 9904 2195 7020 85**
Vance McMurry
McMurry Law, PLLC
508 W. Lookout Suite 14-74
Richardson, Texas 75080

**Via CM/RRR No. 9414 7266 9904 2195 7020 92**
The Marx Firm, LLC
2999 Turtle Creek Blvd.
Dallas, Texas 75219
Attention Randy P. Marx, Esq.

66891018;3

APP000008

# EXHIBIT C

APP000009



Eduardo Espinosa

Akerman LLP
2001 Ross Avenue
Suite 3600
Dallas, TX  75201

T: 214 720 4300
F: 214 981 9339
DirF: 214 720 8115

October 18, 2022

**Via FedEx and**
**CM/RRR No. 9414 7266 9904 2195 7021 08**
Orchard Farms Development LLC
1755 Wittington Place, Suite 340
Dallas, Texas 75234
Attention:  Tim Barton, President

RE:    Developer Default Notice
Project: Mansions at Marine Creek ("Project")

Mr. Barton,

Please be advised that Akerman, LLP represents ORCHARD FARMS VENTURES LLC.  We write to you regarding that certain DEVELOPMENT AGREEMENT by and between ORCHARD FARMS VENTURES LLC, as Owner, and ORCHARD FARMS DEVELOPMENT LLC, dated December 30, 2021 ("**Agreement**"). Please direct all future communications regarding this matter to me.

 Per §8(b)(2) of the Agreement, Construction Manager's failure to observe or perform any covenant, condition or agreement to be observed or performed by it under the Agreement, if such failure continues for a period of thirty (30) days after written notice requesting that such failure be remedied (a " Developer Default Notice") constitutes an Event of Default.  Each item delineated below is an Event of Default and you are hereby instructed to remedy same within the requisite 30 day period.

1. *You have failed to arrange, supervise, or coordinate all development and planning services required to execute the Business Plan as required by Section 1.(a.)*

   - You have failed to adequately execute the Business Plan materially, adversely impacting the Project Schedule and the Project Budget.
   - Your representation that you have the staff and expertise necessary to properly perform your obligations in a good and workmanlike manner was and remains false. The Construction Management's staff on the Project lacks the experience and expertise required for a project of this size and complexity.  The staff's inexperience and lack of expertise, combined with frequent staffing and consultant turnovers, is a significant cause of the delays and cost overruns being encountered.  You must

Orchard Farms Development LLC
October 18, 2022
Page 2

provide the Owner with (i) a listing of your current and proposed Project staff, along with a detailed summary of their corresponding roles and responsibilities and relevant work experience and (ii) a corrective action plan for its review and approval.

2. You have failed to coordinate the consultants, architects, and engineers in accordance with Section 1.b.(iv). Your pre-existing poor relationships and outstanding balances owed to Project consultants and design team members have adversely affected the Project's ability to contract with design professionals rendering their engagement or re-engagement, as the case may be, difficult.

3. You inadequately negotiated the construction contracts, change orders, and other contracts and services as required by Section 1.b.(vi).

   • You failed to align the contractors' interests with the Project's.
   • You have presented unqualified contractor's for use and allowed them to be moved forward in the construction process.
   • You've failed to employ experienced construction management personnel.
   • Key personnel have routinely turned over at critical junctures.
   • In order to mitigate the impact from your inability to negotiate the agreements, the Owner has had to disproportionately intervene in contract negotiations and administration.

4. You have abdicated your obligation to review the contractors' applications for payment under Section 1.b.(viii).  To date, most bills and payment requests have been submitted directly to the Owner for review and payment.  This is in part due to your poor past relationships and outstanding balances due. [ See #2, above].

5. You failed to marshal applications for zoning changes, building permits, inspections, approvals, certificates of occupancy, and access to streets and roads pursuant to Section 1.b.(xi).  The Community Facilities Agreement (CFA) work for the Phase1A portion of has yet to substantially proceed due to recommendation and use of jurisdictionally approved contractors.  Provide an updated schedule identifying this impact to the Business Plan, the resulting associated financial impacts to the Business Plan, and provide a corrective action plan to be reviewed and approved by the Owner.

6. Formal communications have been abysmal.  You have failed to provide any of the reporting required by Section 1.b.(xii).

   • Despite eight (8) moths of repeated communications and demands for this reporting, we have received only one "complete" monthly report;
   • No updated schedules have been provided despite promises to contrary;
   • Projections are nonexistent regarding: (i) final CFA costs, (ii) cost of the Consultants for future Phases, (iii) FF&E costs required for the Amenities, Club,

66891019;2

APP000011

Orchard Farms Development LLC
October 18, 2022
Page 3

and Leasing/Management office, (iv) or the current Rental market in the applicable market area, specifically to the standard projections of product pipeline, absorption, and rental rates.

- Despite numerous requests by the Owner and prior promise by you, no action plans have been provided.

7.  You have failed to apply for or negotiate utility and sewer easements and the provision of adequate services pursuant Section 1.b.(xii). Due to your lack of engagement, the Owner has had to undertake the direct sourcing or negotiation of (i) electrical service to and through the property, and (ii) internet, phone, and cable with various telecom providers.

Your failure to remedy your breach of representations, nonperformance of covenants and conditions, and failure to observe agreements, within thirty (30) days hereof, constitute Events of Default under the Agreement. You must remedy each such breach, nonperformance or failure in accordance with the Agreement's terms and conditions. Further, you are hereby instructed to immediately provide the Owner with your plan of action to remedy each Event of Default within the requisite period.

This letter does not purport to be a complete statement of Owner's position, rights or claims. Buyer reserves any and all rights under the Agreement or at common law, including the right to exercise its contractual right of setoff and/or to initiate litigation, if and as necessary.

Respectfully,

**AKERMAN , LLP**

Eduardo S. Espinosa

cc:  **Via CM/RRR No. 9414 7266 9904 2195 7020 85**
Vance McMurry
McMurry Law, PLLC
508 W. Lookout Suite 14-74
Richardson, Texas 75080

**Via CM/RRR No. 9414 7266 9904 2195 7020 92**
The Marx Firm, LLC
2999 Turtle Creek Blvd.
Dallas, Texas 75219
Attention Randy P. Marx, Esq.

66891019;2

APP000012