IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

**DEFENDANT BARTON'S NOTICE OF NON-OPPOSITION TO RECEIVER'S
MOTION FOR SALE OF FRISCO GATE PROPERTY [ECF NO. 110]**

Defendant Timothy L. Barton files this Notice regarding the Receiver's Motion for

Appointment of Appraisers, Approval of Appraisals, and a Hearing Regarding Approval of Sale

of Frisco Gate Property [ECF No. 110] ("Motion").

Mr. Barton does not oppose the Motion.  However, the Receiver did not attempt to confer

with Mr. Barton's undersigned counsel prior to filing the Motion.  It is unclear why.

-1-

The Motion notably reflects the first reasonable effort by the Receiver to secure value from any of the real estate development assets under his remit.  The Frisco Gate Property is also one of the few critical properties that Mr. Barton has pressed the Receiver to contract and sell since the first days of the Receiver's appointment in mid-October 2022.  As the Receiver himself acknowledges, the Frisco Gate Property sale was arranged "with Barton's cooperation" and through a broker "retained by Barton."  *See* Receiver's Initial Status Report [ECF No. 67] at 17.  As the result of Barton's work and effort to cause this deal to happen, the Receiver admits saving significant expense by "accomplish[ing] a sale of the property . . . quicky and without a listing process."  *Id.*  The buyer also agreed to waive brokerage fees on the transaction to save hundreds of thousands of dollars in additional expense for the estate.  *Id.*  Although the Receiver acknowledges that the net proceeds of the sale would bring in "approximately $2 million into the Receivership Estate," Mr. Barton anticipates that the actual net proceeds should be around $3 million.

Mr. Barton's only substantive complaint with the present Motion is its timing.  Although the Receiver executed the Purchase and Sale Agreement to sell the Frisco Gate Property on December 13, 2022, the Receiver did not disclose the execution of this contract until December 22, 2022.  During the week-long span, the Receiver (i) appeared at a hearing on December 19, 2022, and argued that Mr. Barton's personal residence should be sold immediately to address short term cash flow needs, and (ii) filed another motion seeking approval to dispose of more than $20 million in receivership assets (from the Orchard Farms and Marine Creek developments) in exchange for an immediate cash payment of $750,000, resulting in tens of millions of dollars of asset loss to the estate. *See* ECF No. 95; *see also* ECF No. 106.  According to the Receiver during this time, he needed to liquidate such estate assets immediately to bring in "much needed capital" in the short term to "enable the Receiver to continue managing the Receivership Assets." ECF No. 95

-3-

at 3.  However, despite the professions of immediacy and desperation, there was no overhanging cash crunch that would justify the incredible decision to dispose of the Orchard Farms and Marine Creek assets at less than 5% of their value.   While the fact of the Frisco Gate Property sale should have been raised earlier, the Receiver waited to make the disclosure only hours after this Court had approved the Receiver's disposition of the Orchard Farms and Marine Creek assets.

As to the other pending sale arrangement proposed by the Receiver, Mr. Barton continues to oppose the sale of his family residence and the estate's interests in Orchard Farms and Marine Creek.  Mr. Barton further seeks to have these sale transactions stayed for further consideration and pending appeal.  *See, e.g.,* Motion for Stay [ECF No. 114] (moving for stay of court order approving Orchard Farms Village and Marine Creek sale to DLP entities).  Had Mr. Barton or another experienced real estate professional been involved in the Orchard Farms/Marine Creek transaction from the beginning—as was the case at the outset of the Frisco Gate Property sale— there would likely be few complaints regarding the Receiver's management of those assets. However, as long as the Receiver continues to fire sell assets or refuse the necessary assistance from Mr. Barton regarding the businesses that the Receiver took over, conflict and other problems arising from the Receiver's management of the estate are certain to persist.

Dated: January 9, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 *(admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

Richard Roper
State Bar No. 17233700
richard.roper@hklaw.com
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone: (214) 969-1345
Facsimile: (214) 999-9252

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On January 9, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

-4-