SECURITIES & EXCHANGE COMMISSION vs THOMAS LYNCH BARTON
3:22-cv-2118-X                          January 31, 2023

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**CASE NO. 3:22-cv-2118-X**

------------------------------------------x

SECURITIES & EXCHANGE COMMISSION,

                    Plaintiffs,

v.

THOMAS LYNCH BARTON, et al.,

                    Defendants.

------------------------------------------x

           TRANSCRIPT OF THE TELEPHONIC HEARING

        BEFORE THE HONORABLE BRANTLEY STARR

           UNITED STATES DISTRICT JUDGE

                    Dallas, Texas

                  January 31, 2023

                     2:00 p.m.

A  P  P  E  A  R  A  N  C  E  S:


FOR THE PLAINTIFF:

        SECURITIES & EXCHANGE COMMISSION
                801 Cherry Street
                Suite 1900
                Fort Worth, Texas 76102
        BY:   KEEFE M. BERNSTEIN, ESQ.
                bernsteink@sec.gov
                (817) 900-2607


FOR THE DEFENDANT BARTON:

        HOLLAND & KNIGHT, LLP
                1722 Routh Street
                Suite 1500
                Dallas, Texas  75201
        BY:   RICHARD ROPER, ESQ.
                richard.roper@hklaw.com
                (214) 969-1700



FOR THE RECEIVER:

        BROWN FOX, LLP
                8111 Preston Road
                Suite 300
                Dallas, Texas  75225
        BY:   CHARLENE KOONCE, ESQ.
                charlene@brownfoxlaw.com
                (214) 327-5000



FOR THE INTERESTED PARTY SOUTHERN STAR:

        LAW OFFICE OF ROBERT W. BUCHHOLZ, PC
                5220 Spring Valley Road
                Suite 618
                Dallas, Texas 75254
        BY:   ROBERT W BUCHHOLZ, ESQ.
                bob@attorneybob.com
                (214) 754-5500

FOR THE INTERESTED PARTY RAMOLIA:

     CHANDLER & SHAVIN, PLLC
        12377 Merit Drive
        Suite 880
        Dallas, Texas 75251
   BY:  Daniel Rasoul Alexander
        alexander@chandlershavin.com
        (469) 236-4503


FOR THE INTERESTED PARTY PALISADES-TC, LLC:

     TILLOTSON LAW
        1807 Ross Avenue
        Suite 325
        Dallas, Texas 75201
   BY:  JONATHAN PATTON, ESQ.
        jpatton@tillotsonlaw.com
        (214) 382-3041


Also Present:  Cort Thomas, Esq.
           Receiver

COURT REPORTER:   MS. KELLI ANN WILLIS, RPR, CRR, CSR
                  United States Court Reporter
                  1100 Commerce Street
                  Room 1528
                  Dallas, Texas  75242
                  livenotecrr@gmail.com


          Proceedings reported by mechanical

stenography and transcript produced by computer.


                        * * * *

- P R O C E E D I N G S -

-o-

THE COURT:  This is Judge Starr.  I am on the record now.  I believe we have got everyone.  We will do a roll call in just a second.

So we are on the record in Case No. 3:22-cv-2118-X.  That is SEC versus Barton, et al.

We are here for a motion on selling property.  It is Docket No. 110.

Let's do appearances.  Is anyone here from the SEC?

MR. BERNSTEIN:  Yes, your Honor.

Keefe Bernstein, here for the SEC.

THE COURT:  Thank you, Mr. Bernstein.

All right.  Anyone here for Barton?

MR. ROPER:  Richard Roper.  I'm serving as local counsel for Mr. Barton for this hearing.

THE COURT:  Yes, sir.

Thank you, Mr. Roper.

All righty.  And for the receiver?

MS. KOONCE:  Charlene Koonce for the Receiver and Mr. Thomas is also on the line.

THE COURT:  All right.  Thank you.

And how about any other parties other than interested parties that are on the line?

MR. ALEXANDER:  My name is Daniel Alexander.  I represent David Ramolia, an interested party.

THE COURT:  All righty.  Thank you.

Anyone else?

MR. PATTON:  And John Patton.  I represent Palisades-TC, LLC, an interested party.

THE COURT:  All righty.  Thank you.

All righty.  Anyone else?

MR. BUCHHOLZ:  This is Robert Buchholz.  I represent Southern Star Capital.

THE COURT:  All right.  Thank you.

All right.  Anyone else?

All righty.  Like I said earlier, we are here on the motion to sell the property at Docket 110, that is the FHC Acquisition, LLC issue.

And so I know the motion is unopposed, but by statute we need a hearing, just to make sure that everyone is on the same page and that it is in the best interest of the receivership to go over.

So with that, I'm going to turn it over to the Receiver.  I know I have got the motion at Docket No. 110 that you filed.  I have read it and the Barton response at Docket No. 123.  But lay it for me out for me, so that we can get a preview of

what the hearing is about.

MS. KOONCE:  Thank you, your Honor.

This is Charlene Koonce for the Receiver.

As you know, this hearing is for the Court's consideration of the sale of the Frisco Gate property.  That is about four and a half acres of undeveloped land in Frisco.

Before the Receiver was appointed, the property had been listed for quite some time.  After the Receiver was appointed, he received an offer to purchase the property for $9 million.  Mr. Barton's counsel also provided the same offer to the Receiver.  And the offer was made from an independent entity.

Mr. Barton agreed that the offer of $9 million was a reasonable offer.  The Receiver, in compliance with the statute, obtained an appraisal and two brokers' opinions of value.  The average appraised value, based on those appraisals and the opinions of value, was 9.3 million.

And so the offer that is under contract of $9 million does exceed the statutory requirement of two-thirds of the appraised value.

In addition, because of the way this offer came to the Receiver, there will be no broker's

commission subtracted out of the proceeds of the sale.

As was provided in a notice that was filed with the Court yesterday, the Receiver complied with the statute, which is 28 U.S.C. 2001, by publishing notice of the hearing more than 10 days in advance of the hearing.  The notice was published in the Dallas Morning News on January 18th and again on the 22nd.  We did not receive any competing offers.

As was also provided in the notice that was filed yesterday, there is an addendum that was entered into with respect to this contract that extends a feasibility period by an additional 30 days.  Because the property is undeveloped, the buyer needs additional time to evaluate the issues that pertain to development.  And because the feasibility period has been extended, that also extends the closing date, which was scheduled to occur 60 days after the end of the feasibility period.

Additionally, very late in the day yesterday, the Receiver was provided a copy of a Memorandum of Agreement that had not been disclosed, that the title company had not discovered.  The Memorandum of Agreement creates a covenant that runs

with the land that requires FHC to design and construct some parking spaces.

This was, as I said, unknown to the Receiver prior to contracting; the buyer provided it to us, so it does entitle the buyer to potentially renegotiate, but we are hopeful that the contract will close.  We think it is in everyone's best interest for that happen.

With respect to the sale proceeds, given the liens and obligations that encumber the property, we think that the net benefit to the receivership estate upon closing will be about $2 million.

So given that the sale price exceeds the statutory requirement by quite a bit, that the property had been listed for sale for quite a long time before the Receiver was appointed and after the Receiver was appointed, this was the only offer that was received.  And given the market conditions, including the increase in interest rates that are occurring right now, we think the sale is in the best interest of the Receivership Estate, and we request that the Court approve the sale.

THE COURT:  All right.

Thank you, Ms. Koonce, for laying it out.

I appreciate you clarifying that there are no competing offers.

So I know I have a response, Mr. Roper, from Barton that he does not oppose this.  He was in on the idea all along as it was listed for sale.

Is there anything you want to say in addition to your response at Docket No. 123 here today, Mr. Roper?

MR. ROPER:  No.  We still agree with the Receiver's motion.  And I understand that the proceeds, I think Ms. Koonce said will be used to pay off this Palisades debt, that is part of the whole idea here and there will be substantial proceeds that will move into the Receivership estate, as I understand.

THE COURT:  Agreed.  I think we are all on the same page there.

And let me ask you a clarification question, just for Ms. Koonce and for Mr. Roper, I'm assuming if, under the new MLA that came to light on parking, if the buyer does offer, although we are hoping they don't, if the buyer does offer to renegotiate, then we will be back here for another hearing after there is a renegotiated proposed contract for sale, is that correct, Ms. Koonce?

MS. KOONCE:  Yes.  I believe the statute would require us to ask for the Court's approval of any revised contract that significantly modifies the terms.

THE COURT:  Understood.

MR. ROPER:  And I agree with that.

THE COURT:  I'm on the same page with y'all.  Hopefully, we wouldn't be starting off at ground zero, but obviously another one would work us to a hearing.

Okay.  So let me ask if any of the other interested parties, Ramolia, Palisades, or Southern Star, do you want to say anything about the pending contract for sale?

Does anyone want to pipe up and say anything?

MR. PATTON:  Yes.  This is John Patton on behalf of Palisades-TC, LLC.  And Palisades is the other interested party in the proceeds from this sale.  And Palisades is with fine with the $9 million sale price, so we have not asserted any objection to that.

I do think, just to note for the record and make sure that I'm not ever accused of waiving anything or agreeing to anything, we are starting

discussions with the Receiver over negotiating what amount of the proceeds goes to Palisades and what amount goes to the receivership.  But for purposes of today, we are fine with the $9 million sale price.

THE COURT:  Understood.

Thank you for clarifying, Mr. Patton.

And I understand that that is a side issue, if we need take that up, if y'all come to an impasse, then I'm happy to jump in.

Okay.  So how about Ramolia or Southern Star, does anyone else want to be heard on the proposed sale?

MR. BUCHHOLZ:  This is Robert Buchholz for Southern Star.  We are just listening in today.

THE COURT:  Understood.  Thank you, Mr. Buchholz.

Mr. Alexander, is there anything you want to say today?

MR. ALEXANDER:  No, your Honor.  No.  We are content to listen in.

THE COURT:  Understood.

Okay.  And then I should take it to the Commission then, to see if there are any questions or concerns that the Commission has today?

MR. BERNSTEIN:  Your Honor, we do not have any questions or concerns.

THE COURT:  Okay.

Thank you, Mr. Bernstein.

All right.  Well, based on what I've heard today, I think you have met the statutory requirement for the sale.  I understand we have no other competing offers that have come in as a result of the advertisement in the Dallas Morning News.

I will go ahead and approve the sale. After this hearing, I will put out a one-page order that does go on the docket, just so we tie it off there as well.  And then bring me any future issues that may arise, if we need to revisit this, if there is a renegotiation based on the MOA.

With that, thank y'all for being here. Thank you for agreeing to move this to phone so y'all didn't have to drive the icy roads to the courthouse, and I hope y'all stay safe and warm.

We will see y'all at the next hearing; hopefully, the next one will be in person.

MS. KOONCE:  Thank you, your Honor.

MR. BERNSTEIN:  Thanks.

MR. ROPER:  Thank you, Judge.

MR. ALEXANDER:  Thank you.

THE COURT:  Thank you.

(Proceedings concluded at 2:10 p.m.)

C E R T I F I C A T E

I, Kelli Ann Willis, RPR, CRR, CSR certify that the foregoing is a transcript from the record of the proceedings in the foregoing entitled matter.

I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.

This 1st day of February 2023.

/s/ Kelli Ann Willis
Official Court Reporter
The Northern District of Texas
Dallas Division

SECURITIES & EXCHANGE COMMISSION vs THOMAS LYNCH BARTON
3:22-cv-2118-X                              January 31, 2023                          Index: $2..extends

**$**

**$2** 9:13

**$9** 7:11,16,22 11:21 12:4

**-**

**-o-** 5:2

**1**

**10** 8:6

**110** 5:9 6:16,23

**123** 6:24 10:7

**18th** 8:8

**2**

**2001** 8:5

**22nd** 8:9

**28** 8:5

**2:10** 14:2

**3**

**30** 8:13

**3:22-cv-2118-x** 5:7

**6**

**60** 8:19

**9**

**9.3** 7:20

**A**

**accused** 11:24

**Acquisition** 6:16

**acres** 7:6

**addendum** 8:11

**addition** 7:24 10:7

**additional** 8:13,15

**Additionally** 8:21

**advance** 8:6

**advertisement** 13:9

**agree** 10:9 11:6

**agreed** 7:15 10:16

**agreeing** 11:25 13:17

**Agreement** 8:23,25

**ahead** 13:10

**Alexander** 6:1,2 12:18, 20 13:25

**amount** 12:2,3

**appearances** 5:10

**appointed** 7:8,10 9:17, 18

**appraisal** 7:17

**appraisals** 7:19

**appraised** 7:19,23

**approval** 11:2

**approve** 9:23 13:10

**arise** 13:14

**asserted** 11:21

**assuming** 10:20

**average** 7:18

**B**

**back** 10:23

**Barton** 5:7,15,17 6:24 7:15 10:4

**Barton's** 7:11

**based** 7:19 13:5,15

**behalf** 11:18

**benefit** 9:11

**Bernstein** 5:12,13,14 13:1,4,23

**bit** 9:15

**bring** 13:13

**broker's** 7:25

**brokers'** 7:18

**Buchholz** 6:10 12:14, 17

**buyer** 8:15 9:4,5 10:21, 22

**C**

**call** 5:5

**Capital** 6:11

**Case** 5:6

**Charlene** 5:21 7:3

**clarification** 10:18

**clarifying** 10:1 12:7

**close** 9:7

**closing** 8:18 9:12

**commission** 8:1 12:24,25

**company** 8:24

**competing** 8:9 10:2 13:8

**compliance** 7:17

**complied** 8:4

**concerns** 12:25 13:2

**concluded** 14:2

**conditions** 9:19

**consideration** 7:5

**construct** 9:2

**content** 12:21

**contract** 7:21 8:12 9:6 10:25 11:3,14

**contracting** 9:4

**copy** 8:22

**correct** 10:25

**counsel** 5:17 7:12

**Court** 5:3,14,18,23 6:4, 8,12 8:4 9:23,24 10:16 11:5,7 12:6,16,22 13:3 14:1

**Court's** 7:5 11:2

**courthouse** 13:19

**covenant** 8:25

**creates** 8:25

**D**

**Dallas** 8:8 13:9

**Daniel** 6:1

**date** 8:18

**David** 6:2

**day** 8:21

**days** 8:6,14,19

**debt** 10:12

**design** 9:1

**development** 8:16

**disclosed** 8:23

**discovered** 8:24

**discussions** 12:1

**docket** 5:9 6:15,23,24 10:7 13:12

**drive** 13:18

**E**

**earlier** 6:14

**encumber** 9:10

**end** 8:19

**entered** 8:12

**entitle** 9:5

**entity** 7:14

**estate** 9:12,22 10:15

**et al** 5:7

**evaluate** 8:15

**everyone's** 9:7

**exceed** 7:22

**exceeds** 9:14

**extended** 8:17

**extends** 8:13,18

SECURITIES & EXCHANGE COMMISSION vs THOMAS LYNCH BARTON
3:22-cv-2118-X                          January 31, 2023                    Index: feasibility..received

**F**

feasibility  8:13,17,19
FHC  6:16 9:1
filed  6:23 8:3,11
fine  11:20 12:4
Frisco  7:5,7
future  13:13

**G**

Gate  7:5
ground  11:9

**H**

half  7:6
happen  9:8
happy  12:10
heard  12:12 13:5
hearing  5:17 6:18 7:1,4
  8:6,7 10:24 11:10
  13:11,20
Honor  5:12 7:2 12:20
  13:1,22
hope  13:19
hopeful  9:6
hoping  10:22

**I**

icy  13:18
idea  10:5,13
impasse  12:10
including  9:20
increase  9:20
independent  7:14
interest  6:20 9:8,20,22
interested  5:25 6:2,7
  11:12,19

issue  6:16 12:9
issues  8:15 13:13

**J**

January  8:8
John  6:6 11:17
Judge  5:3 13:24
jump  12:10

**K**

Keefe  5:13
Koonce  5:21 7:2,3 9:25
  10:11,19,25 11:1 13:22

**L**

land  7:7 9:1
late  8:21
lay  6:24
laying  9:25
liens  9:10
light  10:20
listed  7:9 9:16 10:5
listen  12:21
listening  12:15
LLC  6:7,16 11:18
local  5:17
long  9:16

**M**

made  7:13
make  6:18 11:24
market  9:19
Memorandum  8:23,25
met  13:6
million  7:11,16,20,22
  9:13 11:21 12:4
MLA  10:20

MOA  13:15
modifies  11:3
Morning  8:8 13:9
motion  5:8 6:15,17,22
  10:10
move  10:14 13:17

**N**

negotiating  12:1
net  9:11
News  8:8 13:9
note  11:23
notice  8:3,6,7,10

**O**

objection  11:22
obligations  9:10
obtained  7:17
occur  8:19
occurring  9:21
offer  7:10,12,13,15,16,
  21,24 9:18 10:21,22
offers  8:9 10:2 13:8
one-page  13:11
opinions  7:18,20
oppose  10:4
order  13:11

**P**

p.m.  14:2
Palisades  10:12 11:12,
  18,20 12:2
Palisades-tc  6:7 11:18
parking  9:2 10:21
part  10:12
parties  5:24,25 11:12
party  6:3,7 11:19

Patton  6:6 11:17 12:7
pay  10:12
pending  11:13
period  8:13,17,20
person  13:21
pertain  8:16
phone  13:17
pipe  11:15
potentially  9:5
preview  6:25
price  9:14 11:21 12:5
prior  9:4
proceedings  14:2
proceeds  8:1 9:9
  10:11,14 11:19 12:2
property  5:9 6:15 7:6,
  9,11 8:14 9:11,16
proposed  10:24 12:13
provided  7:12 8:3,10,
  22 9:4
published  8:7
publishing  8:5
purchase  7:11
purposes  12:3
put  13:11

**Q**

question  10:19
questions  12:24 13:2

**R**

Ramolia  6:2 11:12
  12:11
rates  9:20
read  6:23
reasonable  7:16
receive  8:9
received  7:10 9:19

SECURITIES & EXCHANGE COMMISSION vs THOMAS LYNCH BARTON
3:22-cv-2118-X                    January 31, 2023                    Index: receiver..yesterday

**receiver** 5:20,22 6:22 7:3,8,10,13,16,25 8:4, 22 9:4,17,18 12:1

**Receiver's** 10:10

**receivership** 6:20 9:12,22 10:14 12:3

**record** 5:4,6 11:23

**renegotiate** 9:6 10:23

**renegotiated** 10:24

**renegotiation** 13:15

**represent** 6:2,6,11

**request** 9:23

**require** 11:2

**requirement** 7:22 9:15 13:7

**requires** 9:1

**respect** 8:12 9:9

**response** 6:24 10:3,7

**result** 13:8

**revised** 11:3

**revisit** 13:14

**Richard** 5:16

**righty** 5:20 6:4,8,9,14

**roads** 13:18

**Robert** 6:10 12:14

**roll** 5:5

**Roper** 5:16,19 10:3,8,9, 19 11:6 13:24

**runs** 8:25

**S**

**safe** 13:19

**sale** 7:5 8:2 9:9,14,16, 21,23 10:5,25 11:14,20, 21 12:4,13 13:7,10

**scheduled** 8:18

**SEC** 5:7,11,13

**sell** 6:15

**selling** 5:8

**serving** 5:16

**side** 12:8

**significantly** 11:3

**sir** 5:18

**Southern** 6:11 11:12 12:11,15

**spaces** 9:2

**Star** 6:11 11:13 12:12, 15

**Starr** 5:3

**starting** 11:8,25

**statute** 6:18 7:17 8:5 11:1

**statutory** 7:22 9:15 13:6

**stay** 13:19

**substantial** 10:13

**subtracted** 8:1

**T**

**terms** 11:4

**Thomas** 5:22

**tie** 13:12

**time** 7:9 8:15 9:17

**title** 8:24

**today** 10:8 12:4,15,19, 25 13:6

**turn** 6:21

**two-thirds** 7:23

**U**

**U.S.C.** 8:5

**understand** 10:10,15 12:8 13:7

**Understood** 11:5 12:6, 16,22

**undeveloped** 7:7 8:14

**unknown** 9:3

**unopposed** 6:17

**V**

**versus** 5:7

**W**

**waiving** 11:24

**warm** 13:19

**work** 11:9

**Y**

**y'all** 11:8 12:9 13:16,18, 19,20

**yesterday** 8:4,11,22