## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **No. 3:22-CV-2118-X** |
| **TIMOTHY LYNCH BARTON** **CARNEGIE DEVELOPMENT, LLC** **WALL007, LLC** **WALL009, LLC** **WALL010, LLC** **WALL011, LLC** **WALL012, LLC** **WALL016, LLC** **WALL017, LLC** **WALL018, LLC** **WALL019, LLC** **HAOQIANG FU (a/k/a MICHAEL FU)** **STEPHEN T. WALL** | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| **DJD LAND PARTNERS, LLC** **LDG001, LLC** | § § § | |
| *Relief Defendants.* | § | |

## DEFENDANT BARTON'S OPPOSITION TO MOTION TO
## RATIFY AGREEMENT WITH LUMAR LAND & CATTLE

Defendant Timothy L. Barton files this Response in opposition to the Receiver's Motion

to Ratify Agreement with Lumar Land & Cattle [ECF No. 143] ("Motion"), as follows.

## I.      ARGUMENT & AUTHORITIES

The instant motion seeks unnecessarily to change the status quo of a dispute between a receivership estate entity and a third party.  The agreement of which the Receiver seeks this Court's ratification is of *absolutely no time sensitivity*.  It will generate no revenue for the estate for its current cash needs (in any event, any such justification is of limited utility given recent transactions generating current operating cash).  Nor does the proposed transaction reduce any liability currently due from the estate.  Indeed, any continuing liability would only accrue if the relevant receivership entities closed a transaction to purchase the land in question.

Against the lack of any current time-sensitive issue, the transaction will destroy considerable future value for the receivership entities.  Prior to the receivership's intervention into the business of the relevant entities, they were in the process of negotiating a resolution of and prosecuting claims in the Bankruptcy Court that would enforce their rights to purchase the property in question under the terms of existing agreements.  Under those agreements, the relevant receivership entities are entitled to purchase property at $17,000 per acre that today is worth twice that.  *See* Exhibit A.  The better course is for the Receiver either (i) to finance the purchase and immediate sale of the subject property with the Defendant's consent or (ii) to do nothing and preserve the entities' ability to consummate an economically productive transaction after the resolution of this matter.

Denying the motion is consistent with case law encouraging the preservation of the status quo prior to the imposition of a prejudgment receiver—except as necessary to prevent an existential threat to the receivership estate—lest the Court prejudge the merits of the case.  *See, e.g., SEC v. Current Fin. Servs., Inc.*, 783 F. Supp. 1441, 1445 (D.D.C. 1992) (addressing that "[t]he further step of liquidating [the defendant's] assets or declaring bankruptcy is not necessary

to protect [the defendant's] investors nor are such drastic measures appropriate prior to the entry of final judgment"). The Defendant has certainly disagreed with the Receiver's claims of exigency in prior transactions. At this point, however, the Receiver has raised considerable cash through contested transactions, and this transaction would neither raise additional cash nor avoid currently payable liabilities of the estate.

The stakes here could not be more significant. Wall entity money—i.e. the investor funds at issue in the claims of the Securities and Exchange Commission—was invested directly into the purchase rights of the property in question. If properly handled, a purchase and subsequent immediate sale of the property at market prices could yield more than ten million dollars for the estate, not to mention the prospects of further developing the property. Exhibit A, an appraisal of the current property rights, makes this clear, as do numerous other documents seized by the Receiver and his possession. Simply put, the proposed transaction is not in the interests of the estate and should not be approved without a hearing where the Receiver is required, through evidence, to so demonstrate.

Moreover, the Receiver proposes to approve a transaction between two actors that come to this Court with unclean hands. One of them is the former broker retained by the receivership entities, who instead of presenting the receivership entities' offer to the Board of the seller, self-dealt the transaction to himself, in breach of his fiduciary duty. This is a party ultimately liable to the receivership entities, under claims current pending in the bankruptcy court, but the Receiver proposes to benefit it through this transaction.

All of this would be laid bare by compliance with the proper procedures for a receiver to release an interest in real property. But the Receiver here attempts to avoid them, contrary to clearly established law. Specifically, this transaction is clearly subject to the Section 2001 sale

process, with which the Receiver has not complied.  *See* 28 U.S.C. § 2001(b).  This statute governs not only the sale of fee simple property, but also to any "interest or any part thereof."  28 U.S.C. § 2001(b); *see also Anadarko E & P Co., LP v. Clear Lake Pines, Inc.*, No. 03-04-00600-CV, 2005 WL 1583506, at *3 (Tex. App.—Austin July 7, 2005, no pet.) ("Under Texas law, an encumbrance is an interest in realty that diminishes its value and is a burden on its transfer . . . . Examples of encumbrances include liens, claims, easements, and servitudes."); *Quigley v. Bennett*, 227 S.W.3d 51, 54 (Tex. 2007) ("An overriding royalty interest in an oil and gas lease is considered an interest in real estate . . . ."); *Conocophillips Co. v. Dahlberg*, No. CIV.A. C-10-285, 2011 WL 710604, at *7 (S.D. Tex. Feb. 22, 2011) (addressing use of participation letter to convey realty interests).

In the present case, the Receiver's position that his Motion does not seek to dispose of any realty interests subject to Section 2001 is unsupported by the factual record.  Indeed, the Receiver admits in his motion that the subject real property interests at issue arose in fee simple subject to execution by special warranty deed, Mot. at 4 (¶ 5), and that a receivership entity (BM318) preserved its interest in the property by the filing of lis pendens, Mot. at 4 (¶ 6).  As the Receiver is well aware, a lis pendens may only be filed regarding a matter "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *See* Tex. Prop. Code § 12.007(a).  In other words, a lis pendens filer must have a claimed interest in the real property or interest thereof—the same showing that one must satisfy to invoke Section 2001.  Further, as the Receiver admits, ownership of the property is subject to pending bankruptcy proceedings, Mot. at 4 (¶ 6), with clear statutory law governing the ultimate disposition of that property.  *See* 11 U.S.C. § 548; Tex. Bus. Com. Code § 24.008.

It is important that Section 2001 not be disregarded in a case in which it applies, such as this one. That statute provides important safeguards "to protect against the high opportunity for fraud inherent in private sales of realty." *SEC v. T-Bar Res., LLC*, No. CIV.A.3:07CV1994-B, 2008 WL 4790987, at *4 (N.D. Tex. Oct. 28, 2008). These safeguards include requirements that a receiver provide notice to all interested parties of a proposed sale, that any sale be supported by independent valuations, and that no property be sold for less than 2/3 of its appraised value. 28 U.S.C. § 2001(b). The Receiver has no justification to try to disregard these requirements, as the purpose of those requirements is intended to serve and protect the interests of the estate and to prevent parties (such as Dixon Water Foundation, the opposite party in the transaction) from misleading the Receiver to dispose of valuable property without a full factual record. Indeed, if the Receiver were to comply with the statutory requirements in this case—including by submitting appraisals regarding the property's value—these facts would only show why the transaction should not occur on the terms that the Receiver has proposed. The required appraisals arising from that process would make it clear that there is substantial value and interests in the subject property owing to the receivership estate, that should not be summarily disposed of without proper analysis. The best course is thus to deny the Receiver's Motion, subject to the Receiver filing for relief that invokes the required statutory process under Section 2001.

The Receiver is predicting that the estate lacks real estate assets that will cover the alleged liability in this matter. That is wrong, but transactions like these threaten turning that into a self-fulfilling prophesy. There is no justification for disrupting the status quo here. The Motion should be denied. At a minimum, this Court should deny the Receiver's Motion subject

to its presentation with a pathway and allowance for conducting a hearing and process consistent with 28 U.S.C. § 2001.

## II.     CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny the Receiver's Motion to Ratify Agreement with Lumar Land & Cattle [ECF No. 143].

Dated: February 10, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 (*admitted pro hac vice*)
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## <u>CERTIFICATE OF SERVICE</u>

On February 10, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney
