# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § | HEARING REQUESTED |
| CARNEGIE DEVELOPMENT, LLC | § | |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL018, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § | |
| | § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § | |
| | § | |
| *Relief Defendants.* | § | |

## DEFENDANT TIMOTHY BARTON'S RESPONSE TO THE RECEIVER'S MOTION TO COMPEL [ECF NO. 133]

Defendant Timothy L. Barton files this Response in opposition to the Receiver's Motion to Compel Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing [ECF No. 133] ("Motion"). Mr. Barton also requests a hearing on the matters herein in light of the serious Fifth Amendment issues implicated, in the event the Court is giving any consideration to granting the instant motion.

## I.    INTRODUCTION

The Receiver files his present Motion seeking sanctions or, alternatively, a contempt order against Mr. Barton personally.  The Receiver claims to seek such relief on the basis that Mr. Barton allegedly has not provided certain sworn testimony to the Receiver or that he has not produced certain information that the Receiver claims he must.  The Receiver's arguments do not take account of Mr. Barton's status as a defendant in parallel criminal proceedings and his invocation of his Fifth Amendment privilege against self-incrimination.  The appropriate course is for the Receiver to present that privilege claim to the Court and for that claim to be upheld or overcome, with all the attendant consequences for the Government's continued ability to maintain its criminal prosecution.  *See United States v. Hubbell*, 530 U.S. 27 (2000).

The Receiver's arguments also are often premised on an incorrect or incomplete factual record.  Most notably, while the Receiver has repeatedly denounced Mr. Barton's inability in prior motion practice to submit relevant documentation, without accounting for the Defendant's exclusion from his place of business and home, and the records therein, all now in the Receiver's possession.  Even so, Mr. Barton has repeatedly sought to assist the estate by providing information that he does possess, and offered to advise on ongoing development projects and to go to the company offices to help the Receiver find whatever information that cannot otherwise be located.

These are issues that can and should be worked out, by the parties, in a manner that is consistent with asserted privileges.  Counsel for the Defendant have answered specific inquires from the Receiver and have assisted in pointing the Receiver in the right direction on key facts and details.  The instant motion, regrettably, was not one aimed at resolving any differences.  Importantly, the Receiver's counsel did not engage in any meaningful conferring on its Motion, providing mere hours' notice prior to filing the same day, in the face of letter from Defendant's

counsel inviting a meeting to resolve to resolve whatever issues the Receiver believed required resolution.  In this way, the Motion violated this Court's Local Rule 7.1.   Since the filing of the Motion, counsel has provided information on matters that appear to be of concern, with no feedback from the Receiver.   At a minimum, the Court should deny the Motion without prejudice as the result of the Receiver's failure to meet and confer in a manner required by the local rules and require substantive efforts that the parties work together.  In the alternative, the Court should defer action on this motion and request a report from the Receiver as to what, if any, issues he views as remaining unresolved and still in need of judicial resolution.

## II.    ARGUMENT & AUTHORITIES

### A.    The Court Should Deny the Receiver's Motion to Compel

By its motion to compel, the Receiver claims that Mr. Barton should be ordered to produce information responsive to various paragraphs of the Receivership Order that require sworn statements, or that the Receiver has separately requested to be produced. Mot. 12-14.  This motion should be denied.

As an initial matter, Mr. Barton's counsel interposed a claim of privilege, in detail and in writing, against these requests, specifically his constitutional right against self-incrimination.  *See* Ex. A, Letter from M. Edney to C. Koonce, dated Nov. 1, 2022, at p. 2; *see also United States v. Hubbell*, 530 U.S. 27, 36-37 (2000) (explaining that compelling production of documents may itself violate the Fifth Amendment because document production speaks to existence, possession, control, and authenticity); *S.E.C. v. Farmer*, 560 F. App'x 324, 326 (5th Cir. 2014) (quoting *Hubbell* and explaining that "[t]he Fifth Amendment protects against both self-incriminating testimony and production of documents where production implicitly communicates" existence, possession, control, or authenticity).  The motion to compel should be denied because the Receiver makes no sustained legal argument to overcome this claim of privilege.

Separately, counsel raised that much of the information that the Receiver seeks was unavailable to Mr. Barton, as the Receiver had taken those files and cut Mr. Barton off from the information necessary to make the statements responsive to the Receiver's requests, as well as personnel who may be able to assist. *See* Ex. A, Letter from M. Edney to C. Koonce, dated Nov. 1, 2022, at pp. 1-2. Even so, Mr. Barton's counsel continued to provide information to the Receiver regarding the assets of the estate and offered to continue doing so. *See, e.g.,* Ex. C, Letter from M. Edney to C. Thomas, dated Nov. 7, 2022 (with attached valuation).

Most of the Receiver's requests for compelled information relate to corporate records and business documents located at the Turtle Creek offices, which the Receiver controls, and Mr. Barton does not have access to. Mr. Barton cannot be compelled to produce such materials that he is not permitted to review. Other parts of the Receiver's motion to compel seek a turnover of information that the Receiver admits is not in Mr. Barton's possession, but in the possession of former employees such as Venkat Murugan. Mot. at 13. Mr. Barton has no means to obtain such information from such third parties, as the Receivership not only strips him of any authority to direct these persons, he has been admonished from contacting third parties at the request of the Department of Justice. *See* Receivership Order [ECF No. 29] at ¶¶ 3-5.

The Defendant addresses specific issues related to the motion to compel below and incorporates his arguments in opposition to request for contempt or sanctions here.

**B.      The Receiver Has No Basis for Seeking Rule 37 Discovery Sanctions.**

The Receiver asserts that the Defendant should be sanctioned for asserted "discovery violations" under Rule 37. One of the main problems with this argument is that no discovery has been sought or served in this case, so Rule 37 does not apply. The Court has stayed the civil litigation aspect of these proceedings, so there can be no discovery practice in the future either. *See* ECF No. 64. The Receiver tacitly concedes to the inapplicability of Rule 37, as he

acknowledges throughout the Motion that Rule 37 sanctions may not be appropriate. *See, e.g.,* Mot. at 2 n. 1 (acknowledging that the Court may determine "that Rule 37 sanctions are not appropriate"); *id.* at 15 (acknowledging that the Court may find that "Rule 37(b)(2)(vii) does not provide the authority for the relief requested"). The Receiver also acknowledges that the reason he had moved for relief under Rule 37 is because standards attendant to other more appropriate rules are more demanding. *See, e.g.,* Mot. at 2 n.1. The Receiver's inability to satisfy the correct legal standard or to have to go through the extra step of allowing Mr. Barton an opportunity to defend himself at a show cause hearing, are not legitimate grounds to grant the Receiver's Motion under Rule 37. Even so, as set forth further below, Mr. Barton has dutifully attempted to provide relevant information and assist the receivership estate—with the hope of preserving assets and resources for when he obtains his companies back—such that it would make no sense nor be appropriate to sanction him for any unsubstantiated inaction of which the Receiver complains.

### C.      The Receiver's Motion for Contempt Should Be Denied.

The Receiver separately moves for a contempt order, following a future show cause hearing, under the Court's inherent authority. Even then, the Receiver does not correctly recite the applicable standard for civil contempt, nor does he show that a contempt order would be just or appropriate in this case.

#### 1.      Legal standard

A party moving for civil contempt must establish by clear and convincing evidence that the non-movant has violated "a definite and specific order of the court" despite "knowledge of the court's order." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). Under the applicable "clear and convincing evidence" standard, the movant is required show that the "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, *evidence so clear, direct and weighty and*

*convincing* as to enable the fact finder to come to *a clear conviction, without hesitancy, of the truth* of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (cleaned up) (emphasis added).  Civil contempt should be withheld if the respondent has an inability to comply or has substantially complied with the court order in question, mitigating circumstances exist, or the respondent presents another valid defense.  *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995); *I & I Hair Corp. v. Beauty Plus Trading Co.*, No. 3:18-CV-03254-M, 2019 WL 7838077, at *1 (N.D. Tex. Sept. 13, 2019) (citing *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)).[1]  Importantly, here, the raising of a good faith privilege against answering—particularly when an order's terms are activating by the request of a third party—blocks the imposition of a civil contempt remedy.  *See, e.g., Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 468–69 (5th Cir. 1996) (reversing imposition sanctions in light of Fifth Amendment privilege); *In re Bryan*, 645 F.2d 331, 333 (5th Cir. 1981) (reversing finding of contempt based on Fifth Amendment privilege).  Rather, the correct course of action, if the Receiver disagrees with the assertion of privilege, is to move to compel an answer.  The Court should decline the Receiver's request to skip that crucial step and move immediately to a finding of contempt.

### 2.    Mr. Barton has not violated this Court's Order or other generalized information requests of the Receiver.

The Receiver contends that Mr. Barton has not complied with this Court's Receivership Order dated October 18, 2022.  Most of the Receiver's arguments are general in nature—for

---

[1] The Receiver cites to *M.D. bnf Stukenberg v. Abbot*, 509 F. Supp. 3d 683 (S.D. Tex. 2020), for the proposition that "[o]nly an *inability* to comply, following 'all reasonable efforts' to do so will excuse contempt."  The Receiver's assertion of law is not only incorrect, but the *Abbot* opinion cited by the Receiver states that a defendant may respond by "demonstrating an inability to comply, asserting good faith in its attempts to comply, or showing mitigating circumstances or substantial compliance."  *Id.* at 704.

example, generally claiming that Mr. Barton has not complied—and provide almost no specificity that addresses the documentation and information that Mr. Barton has actually provided to the estate.

The Receiver also generally argues that Mr. Barton has not complied with the provisions of the Receivership Order that would require him to provide sworn statements under oath.  Mot. at 3-4.  The Receiver's argument, however, does not address the Defendant's assertion of his Fifth Amended privilege against compelled statements, which the Defendant has raised in writing to the Receiver on the occasions when he has requested such statements.  *See* Exs. A, H, L.  Mr. Barton is a defendant in parallel criminal proceedings, the subject matter of which coincides with that of this Receivership.  The Receivership order is of general application to everyone of whom the Receiver asks a question, from a bank officer to an accounting clerk.  It does not purport to, and cannot without providing appropriate protections, address a criminal defendant raising a Fifth Amendment privilege.  That said, these limitations have not prevented Mr. Barton's counsel from helping the Receiver by directing him to key facts, documents, and those knowledgeable about issues who may provide the information.  *See, e.g.,* Exs. A, C, E, G.

The Receiver separately makes a generalized argument that Mr. Barton has not turned over responsive documents and information that the Receiver claims on his own accord should be provided.  Mot. at 5-6. This argument is also misguided.  Most, if not all, of the documents and information that the Receiver purports to still seek regarding the receivership entities can be found in the records and paper files that Mr. Barton left at the company offices on the first day that the Receiver was appointed and to which Mr. Barton does not have access.  In addition to repeatedly attempting to direct the Receiver to responsive information at that location, Mr. Barton has offered to come to the offices and direct the Receiver to where responsive documentation might be found.

*See, e.g.,* Exs. E, H, L.  However, the Receiver has repeatedly refused these offers by Mr. Barton to help identify information.  The Receiver's refusals to accept assistance in gathering information is not a fault of Mr. Barton, and certainly not something that would rise to the level of contempt, much less under the clear and convincing standard that the Receiver must satisfy to obtain the requested relief.

### *QuickBooks Login*

In addition to his general arguments, the Receiver spends substantial parts of his Motion arguing that Mr. Barton has not produced QuickBooks credentials of the receivership entities. Mot. at 7-8.  However, Mr. Barton is not the source of this claimed issue.

The Receiver notably did not send any correspondence mentioning anything about needing a QuickBooks password to Mr. Barton or his counsel until the day of filing his Motion and, even then, when Mr. Barton's counsel raised this issue and asked to confer, the Receiver refused and filed his Motion instead that same day.  *See* Ex. H, Letter from M. Edney to C. Koonce, dated Jan. 19, 2023 (responding to email from earlier that morning).

Had the Receiver actually conferred, as required by local rule on this issue, he would have confirmed that Mr. Barton individually does not have any QuickBooks login in his possession to give to the Receiver. Instead, as Mr. Barton communicated through counsel, the company representative who maintained and had access to the QuickBooks records was Murugan Venkat and two employees that worked under Mr. Venkat. *See* Exs. J & L. To the extent anybody has QuickBooks login information, it would be Mr. Venkat.  There is no basis for the Receiver to raise a complaint as to Mr. Barton regarding these QuickBooks records.

Separately, to the extent the Receiver contends that he needs access to QuickBooks as a necessary step in D4OP, LLC's cost certification for a pending HUD loan (Mot. at 8), that position

misunderstands the historical process of compiling those reports, with a few expenses from bank records in the Receiver's possession. *See, e.g.,* Ex. J, Letter from M. Edney to C. Koonce and C. Thomas, dated Feb. 14, 2023, at p. 2. Additionally, any complaints that Mr. Barton has somehow obstructed the HUD approval process are not grounded in fact. He has repeatedly provided assistance to the Receiver to secure HUD approvals, including by providing input about the projects and signing multiple contract forms, despite no personal obligation to do so other than his hope to protect the assets of the estate. *See* Exs. F & G.

### *Microsoft 365 login credentials*

The Receiver claims to be unable to find Microsoft 365 login information for one of the receivership entities. Rather than identify or acquire the primary login credentials from a company employee, the Receiver takes a backdoor approach and tries to take issue with access obtained in prior months by a litigation vendor that was hired for Mr. Barton's criminal case. Although the Receiver attempts to convey differently in his Motion, this litigation vendor is not an IT professional for any receivership entity. And the only access that this vendor was given to any Microsoft 365 accounts was through a secondary login credential given to him in early October 2022—unbeknownst to Mr. Barton or his counsel.[2] In light of the privilege nature of the work that this vendor was hired to perform for Mr. Barton's criminal proceedings—which do not involve any receivership entity—Mr. Barton, in an effort to preserve his attorney-client and work product privileges, offered to produce Microsoft 365 files under a privilege protocol, *which the Receiver has said would be generally agreeable. See* Ex. G. Since that time, Mr. Barton's counsel has

---

[2] In his Motion, the Receiver misrepresents that Mr. Barton's litigation vendor had changes passwords and access information "based on direct instructions from Barton's counsel." Mot. at 6. In reality, Mr. Barton's counsel did not know that the litigation vendor had any password until the Receiver contact counsel in November 2022 inquiring about the matter.

made multiple proposals for that privilege protocol and provided information regarding personal attorneys whose communications would be screened from this production. *See* Exs. I & K.[3] These discussions are still ongoing, and the Receiver has no basis to seek sanctions or contempt in connection with a protocol that it invited.

**Artwork**

The Receiver next argues that "Barton has failed and refused to provide a comprehensive inventory of the art and antiques owned by the Receivership Entities." Mot. at 8. This assertion is untrue.

On November 30, 2022, Mr. Barton, through his counsel, provided an itemization of all artwork that he recalled being located at the company offices and provided an estimation as to their approximate values. *See* Ex. E, Email from R. Roper to C. Koonce and attached itemized spreadsheet, dated Nov. 30, 2022. In this correspondence, counsel also offered for Mr. Barton to come walk the premises in person to see if he could identify any other potential artwork with which to supplement this list. *Id.* The Receiver, however, has repeatedly declined this offer and continues to obstruct Mr. Barton's efforts to provide any further assistance.

The Receiver's only other complaint about artwork is that Mr. Barton supposedly has not disclosed information about personal artwork located at his personal residence. These arguments are also misplaced. Mr. Barton did not keep any entity-owned artwork in his personal home and had no obligation under the Receivership Order to provide an accounting of his personal assets. Nor has Mr. Barton assigned any of his home artwork to any receivership entity, as the Receiver

---

[3] These ongoing negotiations are separate from the Receiver's prior request to set up an agreement under Federal Rule of Evidence 503(D). However, a Rule 503(D) agreement only addresses issues of waiver, and does not effectively mitigate against the immediate deprivation of the privilege right and the likelihood of taint on future proceedings.

falsely suggests. Nonetheless, hoping to resolve such a frivolous and distracting issue, Mr. Barton also provided an itemization the personal artwork at his residence that he could recall (before he was forcibly removed from the home).[4]  *See* Ex. E. This included a number of family photographs, framed prints (mostly belonging to a third-party home stager), and an African painting that had been gifted to Mr. Barton from years prior. *Id.*  Mr. Barton has since provided information to the Receiver regarding two additional horse statues of minimal value that he personally purchased many years ago.  *See* Ex. L.  The Receiver has not pointed to or suggested that Mr. Barton has failed to disclose any other additional artwork or antiques from this home.  There is therefore no basis for the Court to order contempt or grant sanctions for any purported non-disclosure about this personal property.

**D.    The Receiver's Motion Should Be Denied Due to Mitigating Circumstances Preventing Mr. Barton from Providing Further Assistance.**

The case law is clear that a civil contempt order should not be entered when there is an inability of the respondent to comply with the prior court order in question or other mitigating circumstances exist.  *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995); *I & I Hair Corp. v. Beauty Plus Trading Co.*, No. 3:18-CV-03254-M, 2019 WL 7838077, at *1 (N.D. Tex. Sept. 13, 2019) (citing *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)).  Such circumstances exist here.

As addressed above, the Fifth Amendment privilege bars the Receiver demanding sworn statements from Mr. Barton.  The Receiver invokes terms that authorize the Receiver to require sworn statements from anyone he serves with the order, but none of these terms of general

---

[4] The Receiver makes a passing argument in this Motion that Mr. Barton allegedly interfered with the Receiver's sale of the home, yet the Receiver acknowledges this argument is irrelevant to his request for sanction.  In making this argument, the Receiver also fails to address that the home sale did not go through based on the buyer's concerns after information came to light that the Receiver had failed to disclose material information during the sale.

- 11 -

applicability address the specific situation of a criminal defendant, in a pending case, invoking his Fifth Amendment privilege.  While Mr. Barton has certainly endeavored in other ways to assist the receivership by providing information and counsel on various management issues of the estate, he cannot put his constitutional privileges at risk by taking the next step in providing testimonial statements to the Receiver or this Court.

Second, because most of the documentation and other information that the Receiver claims to need can be found at the company offices where Mr. Barton previously worked, Mr. Barton has offered to come to those offices to try to help find information and otherwise assist.  *See, e.g.,* Exs. E, H, L.  However, the Receiver has refused to permit Mr. Barton to assist in this way, thereby rendering him unable to comply with the Receivership Order as to those matters.  The Receiver cannot reasonably complain that Mr. Barton can or should be able to turn over the very same documents or information that the Receiver already obtained from him by seizing his home and office.

Finally, as stated in correspondence to the Receiver, Government prosecutors have admonished the Defendant against contact with several former employees who possess the information the Receiver seeks.  Thus, Mr. Barton is not able to call upon his subject matter experts, as he would have when running his businesses, to run down details.  Where appropriate, Defense counsel have directed the Receiver to the relevant employees.

Collectively, the Receiver's motion addresses, in no sustained manner, the Fifth Amendment and attorney-client privilege issues that have been documented in writing, the lack of access to corporate offices, and the inability to call of corporate employees to assist.

### III.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests a hearing and that the Court deny the Receiver's Motion to Compel Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing [ECF No. 133].  At a minimum, the Court should deny the Motion without prejudice, for failure of the Receiver to meet and confer as required by Local Rule 7.1 and direct the parties to do so and report back to the Court on which issues presented by the Motion have not been resolved.  In an effort to replicate the conferring that should have occurred prior to the filing of this motion, Defense counsel have provided information seeking to address the issues presented by this motion.  The Receiver should be required to identify what, if any, issues are still in need of judicial resolution and provide further opportunity for the Defendant to address them, prior to obtaining any of the requested relief.  Alternatively, the Court should assign an appropriate neutral, whether a Magistrate Judge of this Court or otherwise, to mediate any remaining disputes.

Dated: February 16, 2023                    Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 *(admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com

**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110


**COUNSEL FOR TIMOTHY LYNCH BARTON**


## CERTIFICATE OF SERVICE

On February 16, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

- 14 -

126068.0000001 DMS 301234073