UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:22-CV-2118-X |
| v. | § § | |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § § | |

**ORDER GRANTING RECEIVER'S MOTION TO RATIFY AGREEMENT
WITH LUMAR LAND & CATTLE**

Before the Court is the Receiver's Motion to Ratify Agreement with Lumar Land & Cattle, LLC ("Lumar"). [Doc. No. 143]. The Court notes that the Receiver was not obligated to obtain the Court's approval for this action[1] and confirms that 28 U.S.C. § 2001, which governs the sale of real property by a receiver, does not apply to settlement agreements or contractual compromises like the one at issue here.[2]

---

[1] *See* Doc. No. 29 at 18 (granting the Receiver the power to, "without further Order of th[e] Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property").

[2] *See* 28 U.S.C. § 2001 (detailing procedures for sale of "[a]ny realty or interest therein sold under decree of any court of the United States" as well as "[p]roperty in the possession of a receiver").

1

The Court agrees with the Receiver that his proposed agreement with Lumar, as described in the instant motion,[3] is in the best interests of the Receivership. Accordingly, the Court **GRANTS** the motion and **RATIFIES** the Receiver's agreement with Lumar.

**IT IS SO ORDERED,** this 22nd day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] Doc. No. 143 at 5–7 (affirming that "[t]he [a]greement does not authorize the Receiver to sell anything").