# EXHIBIT A

## Charlene Koonce

| | |
|---|---|
| **From:** | Charlene Koonce |
| **Sent:** | Friday, January 20, 2023 12:34 PM |
| **To:** | 'Huffman, Ted'; Cort Thomas; Tim Wells |
| **Cc:** | Edney, Michael; richard.roper@hklaw.com |
| **Subject:** | RE: SEC v. Barton et al - Protocol |

Ted- thank you for the list you provided below. Before addressing the list, I think we need to agree on functional issues. In an email last month, copied below, I proposed several changes to the protocol you provided in mid-December. What is your response to these proposed changes?

Counsel:

Privilege Protocol:

While the Receiver is generally agreeable to the proposed process- using Liquid Lit Manager ("the Vendor") and Mr. Barton's agreement to pay for that entities' services, we note the following changes to your proposal.

1) The Vendor will be retained by the Receiver so that its duty of candor, disclosure, and compliance with the Receivership Order is absolutely clear. The services it provides will nonetheless be governed by any protocol agreement we reach. Mr. Barton will nonetheless be responsible for paying the Vendor's bills.

2) The Vendor will immediately image the servers and provide a copy to the Receiver. The Receiver's access to the imaged servers, however, will be subject to the privilege protocol absent a court-order to the contrary.

3) Before we can agree that all of the attorneys listed in your paragraph 2 c.-t should be subject to the privilege protocol, we need confirmation that the attorneys and firms identified there provided counsel to Mr. Barton individually rather than to a Receivership Entity. For each attorney identified (except for your and Mr. Roper's firm), please identify the matter on which each listed attorney worked and who his or her clients were.

4) We cannot agree that any communication in which Mr. Barton is included is automatically subject to the privilege protocol. Instead, any communications that include Mr. Barton *must also* include one of the attorneys you list with respect to that attorney's engagement *on behalf of Mr. Barton.* In this regard, as you know, the Receiver holds the privilege for every Receivership Entity, and we are not willing to invite further delay with respect to obtaining the information that should have been available to the Receiver on the first day of the Receivership.

5) We also cannot agree that following a privilege search by the Vendor, the Receiver would obtain access to the *potentially* privileged materials only through "request for production of a substantive category of documents against the set of materials to which the receiver does not have access." Instead, after the Vendor sorts for potential privilege, your firm will be required to review the documents flagged for privilege, immediately turn over to the receiver all documents that you determine are not privileged and provide a privilege log of any documents that you contend are privileged. To reduce the burden in this regard, we agree that any communication between you, Mr. Barton, Mr. Roper and any other counsel you can demonstrate was retained to provide advice and counsel regarding the SEC's claims (for instance, I believe that is the case with Kit Adelman) need not be included on the privilege log.

6) With respect to providing anything that is subject to a claim of privilege, as you observe, we are also agreeable to discussing the viability of a schedule—once the volume of the documents in the identified categories is ascertained—for a privilege log and the timing and disposition of those documents that may fall within a privilege. Likewise, although we do not propose holding up commencement of the review outlined above for this agreement, we also think it will be helpful to define as soon as possible, the scope of matters that fall within Mr. Barton's privilege so as to exclude materials that do not and eliminate the need for a privilege log regarding those matters- for instance litigation in which only a Receivership Entity was a party and in which Mr. Barton was not named individually.

7) What is your proposal regarding the paper documents in the Turtle Creek location?

1

As noted above and thus with respect to any persons you seek to include in a privilege search, including the persons you identify below, we need the following:

1) The style or key names for any case in which that attorney represented Mr. Barton personally (for instances "Hodges" and "Romalia"). Our understanding is that Mr. McMurry, Mr. Metzger, and Ms. Lindauer represented the entities and provided *business* advice to Mr. Barton as an officer of the Entities. While they may also have represented him individually in some instances, we will need information about the parameters of any such representation.

2) For attorneys at Hunton Andrews Kurth LLP, Holland & Knight LLP, and Haynes & Boone, please confirm those firms/attorneys were engaged only by Mr. Barton individually in the pending DOJ and SEC matter and have represented him only in those two matters. If that is accurate, we would not need to include communications between Mr. Barton and those attorneys on the privilege log.



**CHARLENE KOONCE**
📞 214.367.7503
BROWNFOXLAW.COM

**From:** Huffman, Ted <THuffman@hunton.com>
**Sent:** Friday, January 20, 2023 8:54 AM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Cort Thomas <cort@brownfoxlaw.com>; Tim Wells <tim@brownfoxlaw.com>
**Cc:** Edney, Michael <MEdney@huntonak.com>; richard.roper@hklaw.com
**Subject:** SEC v. Barton et al - Protocol

Counsel,

Per prior correspondence, we have attempted to gather additional information regarding the personal counsel for Mr. Barton over the years. While he has been limited due to a lack of access to information in his offices overtaken by the Receiver, we believe the information below can be used to advance terms for the privilege protocol pertaining to the IT privilege issues.

- Hunton Andrews Kurth LLP (Michael Edney; Ted Huffman; Sean O'Connell; Kevin Elliker; Michael Dingman) – personal representation in SEC & DOJ defense
- Holland & Knight LLP (Richard Roper, Javan Porter, Scott Mascianica) – personal representation in SEC & DOJ defense
- Law Office of K. Walji (Khudabuksh Walji) – *inter alia,* personal representation in SEC matter
- Metzger & McDonald PLLC (Steven Metzger) – *inter* alia, personal representation for several years on David Ramolia and Hodges matters, as well as SEC matter
- Joyce W. Lindauer Attorney, PLLC (Joyce Lindauer, Laurance Boyd, Paul Geilich, Sydney Ollar, Rebecca Vaughn) – *inter* alia, personal representation in cases for several years, including Hodges matter
- The Marx Law Firm (Randy Marx) - *inter* alia, personal representation for several years on various cases
- Vance McMurry - personal lawyers for 15 years
- Robert Kemp - personal lawyer for 15 years
- Gray Reed & McGraw LLP (Norm Lofgren) - personal lawyer in non-civil matters
- Moravcik, Threadgill & Starry (Stuart Starry) - *inter* alia, personal representation in Hodges and Ramolia matters, of others
- Haynes and Boone, LLP (Kit Addelman) - personal representation in SEC matter
- Reed Smith LLP (Elizabeth Brandon, David Hryck, Scott Bolden, Rizwan Qureshi) - personal representation in guaranty matters

2

Please let us know what else you may need and if you believe further discussions regarding our protocol would be helpful.

Thanks,
Ted

## HUNTON
## ANDREWS KURTH

**Ted A. Huffman**
Associate
thuffman@hunton.com
p 214.979.2944
bio | LinkedIn | vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202

HuntonAK.com

This communication may include confidential or privileged information. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

3