**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S MOTION TO CONTINUE HEARING REGARDING APPROVAL OF
SALES OF PARC AT WINDMILL FARMS AND BELLWETHER RIDGE, AND
MOTION TO STAY SOUTHERN PROPERTIES' MOTION TO INTERVENE**

Cort Thomas, as the court appointed Receiver, requests that the Court continue the hearing

scheduled for March 20, 2023 at 2:00 regarding the proposed sale of two properties presented to

the Court in Dkt. Nos. 161, 162, 164, 165 (the "Motions"). *See* Dkt. 170. Additionally, the

Receiver requests that the Court stay consideration of the Motion to Intervene filed by Southern

Properties Capital, Ltd. ("Southern Properties") and the related Complaint in Intervention. Dkt.

177. **The Receiver does not request continuance of the hearing regarding the proposed sale of the Amerigold Suites.** *See* **Dkt. 167, 168, and 170.**

## FACTUAL BACKGROUND

As reflected in the Motions, the Receiver seeks to sell the Bellwether Ridge and Parc at Windmill Farms apartment developments (collectively the "Apartment Developments," and together with the Parc at Ingleside[1] the "Properties") regarding which Southern Property contends it "effectively" converted debt into 100% of the equity of certain Tim Barton-controlled parent entities that own the Properties. The Receiver disputes Southern Properties' claim and contends *at most* it holds debt secured by the Properties. Alternatively, Southern Properties owns only equity in Receivership Entities and is thus an unsecured creditor whose claim will be addressed through a claims process, along with many, many other similarly situated creditors.

In the months prior to filing the Motions, the Receiver's attempts to resolve potential disputes with Southern Properties regarding the properties were unproductive. In filing the Motions, the Receiver sought to both satisfy the statutory requirements of 28 U.S.C. § 2001 and to clarify the basis for and fully resolve Southern Properties' claim to the Properties. Based upon the lengthy Objections filed by Southern Properties and their contention that the Receiver does not have the authority to sell the Properties, it is now clear that the competing claims as to the ownership of the Properties must be addressed before any hearing to approve a sale of the Properties. Moreover, resolving Southern Properties' claim—entitlement to repayment of its debt (which would net approximately $12.6 million to the Receivership Estate), entitlement to

---

[1] Southern Properties holds the same debt interest in a third apartment complex, the Parc at Ingleside, which is not currently scheduled for sale. A fourth apartment complex, the Parc at Opelika, which is subject to similar debt interests but which Southern Properties' has not yet sought to convert. Southern Properties' interest in Ingleside and Opelika should also be resolved concurrently with the Apartment Developments, but based on the current posture of the Motions, Southern Properties' competing claim to Ingleside is not before the Court.

ownership of the realty based on Southern Properties' purported right to convert debt to equity (which would net $0 to the Receivership Estate), or treatment as a wholly unsecured creditor that participates in a claims process (which would net approximately $24.3 million to the Receivership Estate, while adding an additional creditor)—will provide clarity regarding the value of the entire Receivership Estate portfolio.  Obtaining that clarity now serves the Estate's best interests in several ways, including informing whether and when additional sales will be necessary.[2]

As demonstrated by the Motions, the Receiver sought to include Southern Properties to ensure it had an opportunity to be heard regarding its claim.  In response to the Motions, Southern Properties filed a Motion to Intervene, a Complaint in Intervention, and an Objection to the Motions.  Dkts. 177-184.  The Complaint in Intervention is improper as it violates the Stay of Litigation in the Receivership Order, (Dkt.29 ¶ 34). It also invites repetition from other claimants, which will result in needless expenses for the Estate.  The Motion to Intervene and the Complaint in Intervention are also, however, unnecessary because a more direct and less expensive option exists for consideration of Southern Properties' claims: a "summary proceeding."

Thus, rather than the extremely accelerated schedule necessitated by the hearing to consider sale of the Properties, to eliminate Southern Properties' objection to insufficient time to fully brief its position, and to provide the Court with a complete record in evaluating the competing claims to the Properties, the Receiver requests that the Court (1) stay consideration of the Motion to Intervene and the Complaint in Intervention; (2) continue the hearing regarding sales of the two Apartment Developments, Dkts. 161, 162, 164, 165; and (3) enter a briefing schedule governing

---

[2] Notably, as discussed in prior Reports [Dkt. 139], or other filings [Dkt. 166] neither Rock Creek nor the Frisco Property sales have closed.

resolution of Southern Properties' claim, treating the competing claims to the Properties as a "summary proceeding."

**ARGUMENT**

**A.    Legal Standard**

Courts supervising equitable receiverships frequently employ summary proceedings to adjudicate claims related to the receivership. *See SEC v. Sharp Capital, Inc.,* 315 F.3d 541, 545 (5th Cir. 2003); *SEC v. Mosburg,* 273 F.3d 657, 668 (6th Cir. 2001); *SEC v. Bjork*, H-11-2830, 2012 WL 1392082, at *2 (S.D. Tex. Apr. 19, 2012) ("[S]ummary proceedings are proper to determine third parties' rights to assets that appear to belong to the Receivership Entities."); *see also Crawford v. Silette*, 608 F.3d 275, 277 (5th Cir. 2010) (Affirming order entered through summary proceedings compelling recipient of fraudulent transfers to turnover deed to condominium purchased with estate assets, despite assertion of Florida homestead exemption). So long as the person against whom the claims are asserted has notice of the proceedings and an opportunity to present evidence, such proceedings afford all required due process. *Mosburg*, 273 F.3d at 668; *Bjork*, 2012 WL 1392082, at *2. Utilizing a summary judgment type of procedure preserves judicial and receivership assets, provides all required due process protections, and accelerates resolution of the claims arising in the context of a receivership. Here, a summary procedure will also eliminate the necessity of Southern Properties' intervention and improper Complaint in Intervention.

**B.    Application**

Southern Properties opposes any continuance of the hearing because it " wishes to defend its property rights in these developments at the earliest possible date." The Receiver concurs but requests a modified briefing schedule to more fully address the validity, if any, of Southern

4

Properties' claim and to eliminate any potential argument on appeal that the summary proceedings were too expedited or abbreviated to provide all relevant information to the Court. Significant sums of money are at stake depending upon the Court's determination of the matter (ranging from $0 to $24.3 million to the Receivership Estate). Allowing additional briefing on a summary judgment-type schedule will assist the Court in evaluating the competing claims, moot the Motion to Intervene and the Complaint in Intervention, while preserving Receivership Assets but providing Southern Properties with a full and fair opportunity to defend its purported equity interest.

Accordingly, the Receiver requests that the Court (a) stay consideration of Southern Properties' Motion to Intervene and Complaint in Intervention; (b) continue the hearing on the Motions to Sell Bellwether Ridge and the Parc at Windmill Farms; (c) order the Receiver to file a motion for summary judgment regarding the Receivership Entities' interests in and Southern Properties' competing claim to the Properties within 28 days from the date of an order addressing this Motion; (d) require Southern Properties' Response, if any, within 21 days from the date of the Receiver's Motion;[3] and (e) require any Reply to be filed within 14 days after the Response.

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that the Court grant the relief outlined above, and such other and further relief to which he may show himself entitled.

---

[3] Southern Properties may, if it chooses, incorporate by reference its pending Response and Objection, Dkt.178, rather than filing a new brief or additional evidence.

Respectfully submitted,


By: /s/ Charlene C. Koonce
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     Texas Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

**ATTORNEYS FOR RECEIVER**
**CORTNEY C. THOMAS**


## CERTIFICATE OF CONFERENCE

The undersigned certifies that on March 14, 2022, the Receiver conferred with counsel for Southern Properties and the SEC regarding the relief requested in this Motion. Southern Properties is opposed. The SEC is unopposed to the Receiver's request to stay SPC's Motion for Intervention and the filing of the Complaint in Intervention. Absent a stay, the SEC intends to file an opposition to the form and scope of SPC's Motion for Intervention and the Complaint in Intervention, both of which SPC filed without conferring with the SEC. The Receiver did not confer with counsel for Barton regarding this Motion because the relief requested relates to the motions and objections filed by Southern Properties rather than Barton. The Receiver will file a timely Reply to Barton's objections to the three proposed sales.


/s/ Charlene C. Koonce
Charlene C. Koonce


## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

/s/ Charlene C. Koonce
Charlene C. Koonce

6