UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| TIMOTHY BARTON, et al. | § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

## ORDER GRANTING RECEIVER'S FIRST FEE APPLICATION

Before the Court is the Receiver's First Quarterly Fee Application.  [Doc. No. 156].  The Securities and Exchange Commission (the "SEC") does not oppose the motion, but Defendant Timothy Barton does.  Barton requests a hearing on this motion, which the Court **DENIES.**  For the reasons below, and because the Court concludes that the Receiver has acted reasonably and diligently and that the requested fees and expenses are reasonable and necessary given the circumstances surrounding the Receivership, the Court **GRANTS** the Receiver's fee application.

Barton argues that the Receiver should not be paid while Barton's appeal of the Court's Order Appointing Receiver remains pending.  But "[t]he award of fees in

1

a receivership is entrusted to the discretion of the district court."[1]  A receiver "is entitled to compensation" regardless of whether he "increased, or prevented a decrease in, the value of the collateral," so long as he "reasonably and diligently discharged his duties."[2]  In that analysis, "opposition or acquiescence by the SEC to the fee application will be given great weight."[3]  And the Receiver, as an agent of the Court, is entitled to payment regardless of the outcome of Barton's pending appeal.[4]

Barton also challenges the redactions in the Receiver's application and accuses the Receiver of requesting fees with insufficient specificity.  The Court disagrees, finding that the Receiver's redactions are reasonable given the sensitivity of information surrounding multiple pending sales, and that the Receiver's requests are sufficiently specific for the Court to determine their reasonableness.

Accordingly, and given the reasonableness of the fee application under both the lodestar method and the Fifth Circuit's *Johnson* factors,[5] the Court **GRANTS** the application and **ORDERS** that the Receiver is hereby authorized to pay from the Receivership assets the following fees and expenses:

---

[1] *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 991 F.2d 71, 79 (3d Cir. 1993) (cleaned up).

[2] *S.E.C. v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992).

[3] *S.E.C. v. Striker Petroleum, LLC*, No. 3:09-CV-2304-D, 2012 WL 685333, at *3 (N.D. Tex. 2012) (Fitzwater, C.J.) (cleaned up).

[4] *See, e.g.*, *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994) (holding that "the district court has the authority to impose a lien on property in a receivership to satisfy the receivership expenses" even where "the property is taken from the receiver's control before the receiver has been compensated" (cleaned up)).

[5] *See* Doc. No. 156 at 7–10 (explaining that the requests comply with the lodestar calculation method because the rates correlate with appropriate hourly rates in the community, evidence sound billing judgment, and are reasonable and necessary under the circumstances surrounding the receivership); *id.* at 10–13 (detailing the fee application's compliance with the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

1. The sum of $122,455.99 shall be paid to Cort Thomas for his services as Receiver from October 18, 2022 to December 31, 2022, representing $118,195.50 in fees and $4,260.49 in expenses.

2. The sum of $220,483.00 shall be paid to Brown Fox PLLC for its services as counsel for the Receiver from October 18, 2022 to December 31, 2022.

3. The sum of $4,120.00 shall be paid to Ahuja & Clark, PLLC for its accounting services rendered from October 18, 2022 to December 31, 2022.

4. The sum of $2,809.71 shall be paid to Veracity Forensics for its services to the Receiver from October 18, 2022 to December 31, 2022.

**IT IS SO ORDERED,** this 19th day of March, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE