UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | |
| TIMOTHY BARTON, et al. | | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | | |
| *Relief Defendants.* | | |

**ORDER ON RECEIVER'S MOTION FOR APPOINTMENT OF APPRAISERS, APPROVAL OF APPRAISALS, AND APPROVAL OF SALE OF AMERIGOLD SUITES**

Before the Court is the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Amerigold Suites, Approval Hearing, and Approval of Sale of Amerigold Suites.  [Doc. No. 167].  Defendant Timothy Barton opposes the motion.[1] After careful consideration, and for the reasons below, the Court **GRANTS IN PART** the motion.  The Court **GRANTS** the requests to appoint appraisers, approve appraisals, and set a hearing.  The Court must wait to rule on the Receiver's request to approve the sale until the hearing has occurred.

---

[1] Doc. No. 185.

1

In accordance with the Court's Order Governing the Administration of the Receivership and 28 U.S.C. section 2001, the Receiver submitted three independent appraisals of a 70-unit extended stay hotel located at 13636 Goldmark Drive, Dallas, Texas (the "Property").[2]   Having reviewed the Receiver's submission, the Court **APPOINTS** the appraisers for the purpose of providing their appraisals of the Property and **ACCEPTS** the appraisals they provided in satisfaction of 28 U.S.C. section 2001(b).

The Receiver notes that "[t]he three Appraisals value the Property at $4,400,000, $3,500,000, and $4,900,000–$5,500,00, resulting in an average appraised value of $4,366,667."[3]   The Receiver asks the Court to approve his contract to sell the Property for $5,500,000.  The Court agrees with the Receiver that this proposed sales price exceeds two-thirds of the average appraised value of the Property.[4]

But the Court cannot approve the sale without conducting a hearing,[5] which the Receiver duly requests.  The Court **GRANTS** the Receiver's request for a hearing. This hearing will take place on Monday, March 20, 2023, at 1100 Commerce Street, Dallas, Texas 75242 in Courtroom 1525.  The Court, having agreed to appoint the Receiver's proposed appraisers and accepted their appraisals, will conduct this hearing to learn whether any bona fide purchaser has, by the time of the hearing,

---

[2] Doc. No. 167 at 2.

[3] *Id.* at 5 (footnotes omitted).

[4] 28 U.S.C. § 2001(b).

[5] *Id.* ("After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby.").

submitted any competing bid of not less than 10% more than the current contract price and confirm whether the sale is in the best interests of the estate.[6]

**IT IS SO ORDERED,** this 20th day of March, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 2001(b) ("The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.").

3