**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*. | § | |

**APPENDIX IN SUPPORT OF RECEIVER'S VERIFIED MOTION COMPEL
DOCUMENTS AND INFORMATION FROM ATTORNEYS, REQUEST FOR
SANCTIONS, AND BRIEF IN SUPPORT**

Respectfully submitted,

By: */s/ Charlene C. Koonce*

    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cort Thomas*

1

## INDEX OF APPENDIX

| | | |
|---|---|---|
| Exhibit A | Letter from Charlene Koonce, counsel to Receiver, dated January 24, 2023 | APP001-003 |
| Exhibit B | February 7, 2023 email from Charlene Koonce to Hunton Andrews Kurth LLP | APP004-008 |

# EXHIBIT A

APP001



# BROWN FOX

Charlene Koonce
214.367.7503
charlene@brownfoxlaw.com

January 24, 2023

**Via Email (medney@huntonak.com)**
Michael Edney
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

**Via Email (richard.roper@klaw.com)**
Richard Roper
Holland & Knight
1722 Routh St., Suite 1500
Dallas, TX 75201

**Via Email (k.walji@waljilaw.com)**
Khudabuksha K. Walji
Guenley Walji PC
1727 Creekside Dr.
Sugar Land, TX 77478

**Via Email (vance@mcmurrylaw.com)**
Vance McMurry
McMurry Law, PLLC
508 W. Lookout, Suite 14-74
Richardson, TX 75080

**Via Email (joyce@joycelindauer.com)**
Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLC
1412 Main Street, Suite 500
Dallas, Texas 75202

**Via Email (smetzger@pmklaw.com)**
Steven C. Metzger
Metzger LAW PLLC
3626 N. Hall Street, Suite 800
Dallas, TX 75219

**Via Email(randy@themarkxfirm.com)**
Randy P. Marx
The Marx Law Firm
127 Howell Street
Dallas, TX 75207-7103

> RE:   No. 3:22-cv-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Counsel:

As you are aware, this law firm represents Cort Thomas, who was appointed by the Court in the above referenced matter as the Receiver of certain entities and assets. A copy of the Order Appointing Receiver (the "Order") was previously provided to you.

Please note that the Order transferred ownership of all Receivership Entity assets, of any kind or nature, to the Receiver and directed any person with notice of the Order to preserve such asset and identify the asset to the Receiver. *See* Order, ¶¶ 1, 18. Moreover, in the underlying lawsuit, the Securities and Exchange Commission alleges that approximately $26 million was

 
APP002

raised from the Wall Investors. However, when the Receiver took control of the Receivership Entities, the Receivership Entities' bank accounts contained less than 1% of that amount. You are receiving this letter because the Receiver has discovered that prior to his appointment, you received funds from one or more of the Receivership Entities.

In *Federal Trade Commission v. Assail, Inc.*, 410 F.3d 256 (5th Cir. 2005), the Court held that an attorney has a duty to investigate the source of the funds with which a client pays his fees to insure that the funds are not tainted or subject to an order of the Court freezing the funds in a receivership. "[A]n attorney must 'audit' a client sufficiently so as to avoid becoming part of a criminal scheme that includes disposing of ill-gotten gains." 410 F.3d at 264. Thus, a lawyer cannot make himself willfully ignorant of the circumstances surrounding the source of his fees in a situation in which assets are required to be turned over to a receiver. "[W]hen an attorney is objectively on notice that his fees may derive from a pool of frozen assets, he has a duty to make a good faith inquiry into the source of those fees. Failure to make such an inquiry in the face of this duty will result in disgorgement of the funds." 410 F.3d at 265; *see also FTC v. Network Services Depot, Inc.*, 617 F.3d 1127, 1144 (9th Cir. 2010) (notice that source from which fees were paid was potentially subject to constructive trust arising from client's fraud, even absent asset freeze, triggered attorney's duty of inquiry as to the source of the funds).

Thus, in accordance with the provisions of the Order referenced above, the Receiver requests that within seven (7) days from the date of this letter you either (1) confirm that you have not provided any services to Defendant Timothy Barton or any entity controlled by Timothy Barton since the Receiver's appointment on October 18; or (2) comply with the following requests:

- Provide an accounting of all assets or security interests you or your firm received from Defendant Barton or for the benefit of Defendant Barton to fund your retainer, pay accrued fees, or for other purposes;
- Identify the source of the monies and collateral;
- Explain the due diligence you and your firm conducted to insure that the monies or security interests you were received were not subject to the asset turnover provision of the Order; and
- Provide copies of any documents evidencing such payments or security agreements, and the origin of all such payments.

If you have any questions, please feel free to contact me. Thank you for your prompt attention to this matter.

Sincerely,

*Charlene Koonce*

Charlene Koonce

# EXHIBIT B

APP004

## Charlene Koonce

| | |
|---|---|
| **From:** | Charlene Koonce |
| **Sent:** | Tuesday, February 7, 2023 3:10 PM |
| **To:** | Edney, Michael; Huffman, Ted |
| **Cc:** | Roper, Richard B (DFW - X31210); Kimberley O'Rourke; Tim Wells |
| **Subject:** | FW: letter to lawyers |
| **Attachments:** | No. 3:22-cv-2118-X; Securities and Exchange Commission v. Timothy Barton, et al. |

| | |
|---|---|
| **Categories:** | Filed to ND |
| **FilingIndicator:** | -1 |

Counsel – to date, I have not received any response from you regarding the requested information in the attached letter.   As you know from the Receivers' status reports and several motions or responses to motions, the Receiver is aware of millions of dollars flowing to Barton entities within the last two years from the sale of properties into which Receivership Assets have been traced.  Nonetheless, to date he has neither discovered the location of those funds or how they were used.  Because the Receivership Order obligates the Receiver to locate and recover all Receivership Assets, I am asking again, that you fully respond and provide the requested information.  Your failure to comply will result in a request for the Court's assistance in obtaining the requested information.

Thanks,



**CHARLENE KOONCE**
☎ 214.367.7503
BROWNFOXLAW.COM

APP005

## Kimberley O'Rourke

| | |
|---|---|
| **From:** | Kimberley O'Rourke |
| **Sent:** | Tuesday, January 24, 2023 11:57 AM |
| **To:** | Edney, Michael; Roper, Richard B (DFW - X31210); k.walji@waljilaw.com; vance@mcmurrylegal.com; joyce@joycelindauer.com; smetzger@pmklaw.com; randy@themarxfirm.com |
| **Cc:** | Charlene Koonce; Cort Thomas; Tim Wells |
| **Subject:** | No. 3:22-cv-2118-X; Securities and Exchange Commission v. Timothy Barton, et al. |
| **Attachments:** | 2023.01.24 Ltr to Counsel.pdf |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | Edney, Michael | |
| | Roper, Richard B (DFW - X31210) | |
| | k.walji@waljilaw.com | |
| | vance@mcmurrylegal.com | |
| | joyce@joycelindauer.com | |
| | smetzger@pmklaw.com | |
| | randy@themarxfirm.com | |
| | Charlene Koonce | Delivered: 1/24/2023 11:57 AM |
| | Cort Thomas | Delivered: 1/24/2023 11:57 AM |
| | Tim Wells | Delivered: 1/24/2023 11:57 AM |

Counsel,

Please see the attached letter from Charlene Koonce, counsel to the Receiver in the above-referenced matter.

Sincerely,

  KIMBERLEY O'ROURKE

8111 Preston Road
Suite 300
Dallas, Texas 75225

214.327.5000
214.396.5962

BROWNFOXLAW.COM

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Brown Fox PLLC immediately (by replying to this message or calling 214.327.5000) and immediately destroy all copies of this message and any attachments. Thank you.

1

APP006



# BROWN FOX

Charlene Koonce
214.367.7503
charlene@brownfoxlaw.com

January 24, 2023

**Via Email (medney@huntonak.com)**
Michael Edney
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

**Via Email (richard.roper@klaw.com)**
Richard Roper
Holland & Knight
1722 Routh St., Suite 1500
Dallas, TX 75201

**Via Email (k.walji@waljilaw.com)**
Khudabuksha K. Walji
Guenley Walji PC
1727 Creekside Dr.
Sugar Land, TX 77478

**Via Email (vance@mcmurrylaw.com)**
Vance McMurry
McMurry Law, PLLC
508 W. Lookout, Suite 14-74
Richardson, TX 75080

**Via Email (joyce@joycelindauer.com)**
Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLC
1412 Main Street, Suite 500
Dallas, Texas 75202

**Via Email (smetzger@pmklaw.com)**
Steven C. Metzger
Metzger LAW PLLC
3626 N. Hall Street, Suite 800
Dallas, TX 75219

**Via Email(randy@themarkxfirm.com)**
Randy P. Marx
The Marx Law Firm
127 Howell Street
Dallas, TX 75207-7103

> RE:    No. 3:22-cv-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Counsel:

As you are aware, this law firm represents Cort Thomas, who was appointed by the Court in the above referenced matter as the Receiver of certain entities and assets.  A copy of the Order Appointing Receiver (the "Order") was previously provided to you.

Please note that the Order transferred ownership of all Receivership Entity assets, of any kind or nature, to the Receiver and directed any person with notice of the Order to preserve such asset and identify the asset to the Receiver. *See* Order, ¶¶ 1, 18.  Moreover, in the underlying lawsuit, the Securities and Exchange Commission alleges that approximately $26 million was


APP007

raised from the Wall Investors. However, when the Receiver took control of the Receivership Entities, the Receivership Entities' bank accounts contained less than 1% of that amount. You are receiving this letter because the Receiver has discovered that prior to his appointment, you received funds from one or more of the Receivership Entities.

In *Federal Trade Commission v. Assail, Inc.*, 410 F.3d 256 (5th Cir. 2005), the Court held that an attorney has a duty to investigate the source of the funds with which a client pays his fees to insure that the funds are not tainted or subject to an order of the Court freezing the funds in a receivership. "[A]n attorney must 'audit' a client sufficiently so as to avoid becoming part of a criminal scheme that includes disposing of ill-gotten gains." 410 F.3d at 264. Thus, a lawyer cannot make himself willfully ignorant of the circumstances surrounding the source of his fees in a situation in which assets are required to be turned over to a receiver. "[W]hen an attorney is objectively on notice that his fees may derive from a pool of frozen assets, he has a duty to make a good faith inquiry into the source of those fees. Failure to make such an inquiry in the face of this duty will result in disgorgement of the funds." 410 F.3d at 265; *see also FTC v. Network Services Depot, Inc.*, 617 F.3d 1127, 1144 (9th Cir. 2010) (notice that source from which fees were paid was potentially subject to constructive trust arising from client's fraud, even absent asset freeze, triggered attorney's duty of inquiry as to the source of the funds).

Thus, in accordance with the provisions of the Order referenced above, the Receiver requests that within seven (7) days from the date of this letter you either (1) confirm that you have not provided any services to Defendant Timothy Barton or any entity controlled by Timothy Barton since the Receiver's appointment on October 18; or (2) comply with the following requests:

- Provide an accounting of all assets or security interests you or your firm received from Defendant Barton or for the benefit of Defendant Barton to fund your retainer, pay accrued fees, or for other purposes;
- Identify the source of the monies and collateral;
- Explain the due diligence you and your firm conducted to insure that the monies or security interests you were received were not subject to the asset turnover provision of the Order; and
- Provide copies of any documents evidencing such payments or security agreements, and the origin of all such payments.

If you have any questions, please feel free to contact me. Thank you for your prompt attention to this matter.

Sincerely,

*Charlene Koonce*

Charlene Koonce