IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

## PRIVILEGE PROTOCOL ORDER

Before the Court are requests by Defendant Timothy Barton and Receiver Cortney Thomas for a privilege protocol order governing the production and handling of electronic records received by the Receiver.  After consideration, the Court finds that a privilege protocol is necessary and appropriate.

It is therefore **ORDERED** as follows:

- 1 -

1. Mr. Barton is authorized to retain a third-party computer litigation vendor of his choosing, Liquid Lit Manager (the "Vendor") for purposes of this privilege protocol. If Mr. Barton fails to engage the Vendor within five (5) days of this Order, the parties must jointly retain the Receiver's chosen vendor, Veracity Forensics LLC. The costs for the work to be performed by the Vendor will be limited to services necessary for the privilege protocol and document production as described below. Mr. Barton will pay those costs in accordance with the Vendor's standard billing practices prior to the completion of a final production of non-privileged documents made available to the Receiver. Should the Receiver seek to use the same Vendor, or any database or services provided by the Vendor, in connection with the Receivership Entities' ongoing management or for any other purpose, the Receiver may elect to do so, but the receivership estate will assume the Vendor's costs from that point forward.

2. Upon its initial engagement, the Vendor will capture a forensics image, forensic extraction, or forensic collection of the Microsoft 365 server email accounts (collectively "the Email Server") for all email records sent between 2017 and the present, as identified by the Receiver and made available through login credentials ("IT Access Data") provided or caused to be provided by Mr. Barton. In addition to providing the IT Access Data, Mr. Barton will provide or cause to be provided to the Vendor any additional logins, passwords or encryption keys that are available and necessary for the Vendor to use or access files on the Email Server. Vendor will create a working copy of all such original forensic images, extractions or collections from the relevant time period. All downstream work including processing, filtering, searching or analysis will be performed using the working copies. All original images, extractions, and collections will be maintained as pristine copies.

3.      Vendor will search the working copies obtained from the Email Server to identify potentially privileged documents or information using search terms and parameters provided by the Receiver and Mr. Barton.  Such search terms at a minimum must include each attorney or law firm employed by Mr. Barton individually, or employed to defend Barton in any litigation in which Mr. Barton was represented individually, as well as the title or captions of any legal proceedings or government investigations in which Mr. Barton is individually involved.  The attorneys for Mr. Barton and the Receiver will exchange their proposed search terms within three (3) days of this Order, and they will work in good faith to reach an agreement regarding agreed search parameters that will be used by the Vendor.  If an agreement cannot be reached, the parties must file their proposed search term lists for resolution by the Court.

4.      The parties may determine by agreement the method of presentation of the search results after learning the nature and volume of such searches. If no agreement is reached within 10 days after the search volume is determined, the Receiver will determine the method of presentation for the search results.

5.      Before providing any reports or work product to the Parties, the Vendor will take steps to remove all potentially privileged documents including emails by running the search terms provided by the parties.

6.      Upon completion of the above steps, Vendor will promptly provide the results of its findings to both Parties. Vendor will include a Search Result Report ("SRR") in electronic spreadsheet form of all potentially privileged documents identified from its search. The SRR will include the appropriate metadata fields for each data type so that both Parties can evaluate the potential privilege of the identified items.  The Vendor may provide a copy of the content of any such emails and other documents to Mr. Barton's counsel for review, but not to the Receiver.

7.      Unless the parties agree otherwise, counsel for Mr. Barton will have seven (7) days from receipt of each SRR to determine which items identified on the SRR they object to being provided to the Receiver. For any item Mr. Barton objects to, counsel for Mr. Barton will make their objection clear by indicating in color highlight (RED) on the SRR. The highlighted SRR will be sent to counsel for the Receiver and to Vendor. Unless the parties agree otherwise, the Receiver's counsel will have seven (7) business days to review and respond to Mr. Barton' objections. For any item objected to by Mr. Barton that the Receiver agrees are privileged, no further action is needed. Those items will remain highlighted RED and will not be produced to the Receiver. Mr. Barton may obtain copies if requested. For any item objected to by Mr. Barton that the Receiver does not agree with and believes is not privileged, the Receiver will change the highlight to (BLUE). Once complete with their review, the Receiver's counsel will return the highlighted SRR to counsel for Mr. Barton and to the Vendor.

8.      The parties will then confer regarding any item highlighted BLUE ("Potentially Privileged") and seek to resolve their dispute regarding whether such item is privileged. If no agreement is reached, Vendor will export and produce to counsel for Mr. Barton all items identified as Potentially Privileged and include a report with the appropriate metadata for each Potentially Privileged item. Counsel for Mr. Barton then will review the report and each item to determine which items are indeed Privileged. Unless otherwise agreed by the parties, Mr. Barton's counsel will have at least fourteen (14) days to indicate items as being "Privileged" or "Not Privileged" on the report as well as mark items RED if they object to the items being produced to the Receiver. However, if the Receiver marks more than 1,000 items in BLUE to contest their privilege, Mr. Barton's counsel will have thirty (30) days to complete its review and to make final marks as to Privileged or Not Privileged indications on the Vendor's report. The report will be returned to

Vendor and any item that is marked Not Privileged and is not highlighted will be provided to the Receiver. A report of items marked as Not Privileged but highlighted RED will be sent to counsel for the Receiver for their review.

9.     If after a further conference, the parties are unable to agree regarding the existence of privilege regarding any item, within seven (7) days of written notice from the Receiver that further conferences will be unproductive, Mr. Barton must file a motion seeking the Court's resolution.

10.     After each SRR has been reviewed by both Parties and returned to Vendor, Vendor will provide all items not marked RED or BLUE, to the Receiver as further directed by the Receiver.  Once those items are provided to the Receiver, the Vendor has no further obligation to maintain the items within its files, absent separate agreement between the Vendor, on the one hand, and either the Receiver or Mr. Barton, on the other hand.  Mr. Barton and his counsel will not be obligated to pay for further hosting or other related vendor services once such items have been produced to the Receiver.

11.     The Receiver shall task attorneys who have not and will not otherwise work on this case to sort paper documents located in the Office for privilege, utilizing written instructions, search terms, and a process similar to that described above.  Mr. Barton's counsel may participate in this privilege review of those paper documents.

**IT IS SO ORDERED** this _____ day of March, 2023.

_____
HON. BRANTLEY STARR
UNITED STATES DISTRICT JUDGE