IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON, | § | |
| CARNEGIE DEVELOPMENT, LLC, | § | |
| WALL007, LLC, | § | |
| WALL009, LLC, | § | |
| WALL010, LLC, | § | |
| WALL011, LLC, | § | |
| WALL012, LLC, | § | |
| WALL016, LLC, | § | |
| WALL017, LLC, | § | |
| WALL018, LLC, | § | |
| WALL019, LLC, | § | |
| HAOQIANG FU (A/K/A MICHAEL FU), | § | |
| STEPHEN T. WALL, | § | |
| | § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and | § | |
| LDG001, LLC, | § | |
| | § | |
| *Relief Defendants*. | § | |

**RECEIVER'S RESPONSE TO
SOUTHERN PROPERTIES CAPITAL, LTD.'S MOTION FOR
INTERVENTION, COMPLAINT IN INTERVENTION
<u>AND RENEWED MOTION TO STAY</u>**

Cort Thomas, as Receiver, responds to Southern Properties Capital, Ltd.'s ("SPC's")

Motion for Intervention [Dkt. 177] ("Motion to Intervene") and Complaint in Intervention [Dkt.

1

184] ("Complaint in Intervention") (collectively the "Complaint"),[1] and moves the Court to Stay both.  In support, the Receiver respectfully shows the Court as follows:

**I.    SUMMARY**

The Receiver agrees that disposing of SPC's claim to ownership of certain Apartment Developments prior to the sale of the Developments is appropriate.  SPC's Complaint, however, is unnecessary and because it violates both the Receivership Order and Supreme Court precedent, is also inappropriate.

**II.    BACKGROUND**

1.    Pursuant to the Receivership Order issued on October 18, 2022, the Court assumed exclusive possession and jurisdiction over certain entities and their assets, described in paragraph 1 of the Receivership Order as:

> "1.    … the assets, of whatever kind and wherever situated, including all tangible and intangible property, of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, Carnegie Development, LLC, DJD Land Partners, LLC, LDG001, LLC, and any other entities that Defendant Timothy Barton directly or indirectly controls, including, but not limited to, the following Barton-controlled entities that received investor funds, real property interests purchased with investor funds, or own property interests that were improved with or otherwise have benefited from the use of investor funds: BM318 LLC; D4DS LLC; D4FR LLC; D4KL LLC; Enoch Investments LLC; FHC Acquisition LLC; Goldmark Hospitality LLC; JMJ Acquisitions LLC; JMJ Development LLC; JMJAV LLC; JMR100 LLC; Lajolla Construction Management LLC; Mansions Apartment Homes at Marine Creek LLC; MO 2999TC, LLC; Orchard Farms Village LLC; Villita Towers LLC; and 126 Villita LLC (collectively, 'Receivership Entities'). The assets of these Receivership Entities are referenced below as 'Receivership Assets.'"

*Receivership Order* ¶ 1.

---

[1] The Receiver previously responded to Southern Properties Capital, Ltd.'s Motion for Intervention, Opposition to Receiver's Verified Motions for Appointment of Appraiser, Approval of Appraisers, Approval of Hearings and Approval of Sales and Brief in Support of Complaint for Declaratory Relief with Respect to Parc at Windmill Farms and Bellwether Ridge [Dkt. 178, 188], and as ordered, is preparing a motion for summary judgment.

2.      To conserve Receivership Assets, allow the Receiver to prioritize tasks that are most pressing, preserve assets, and preclude any one creditor from seeking an advantage or preference over another, the Receivership Order includes a stay of litigation against the Receiver and all Receivership Entities (the "Litigation Stay").  *Receivership Order*, ¶¶ 34-36.

3.      As reflected in real property records and other documents, the Parc at Windmill Farms, an apartment development in Forney, Texas is owned by Receivership Entity D4FR, LLC ("D4FR").  As reflected in real property records and other documents, Bellwether Ridge, an apartment development in Desoto, Texas is owned by Receivership Entity D4DS, LLC ("D4DS") (collectively, both properties are the "Apartment Developments").

4.      On February 22, 2023, the Receiver filed his Motions to Sell the Apartment Developments.  Dkts. 161, 162, 164, 165.

5.      In response, SPC filed its Motion to Intervene and Complaint in Intervention, requesting a declaratory judgment that, *inter alia*, no Receivership Entities own the Apartment Developments. Dkts. 177, 184.[2] SPC did not seek leave of the Court before filing its Complaint in Intervention.

6.      To allow comprehensive briefing addressing SPC's claim of ownership, the Receiver requested that the Court stay SPC's Complaint and order a summary proceeding to resolve SPC's claim. Dkt. 188 ("Motion to Continue and Stay").

7.      The Court granted the Motion to Continue and Stay, in part, by continuing the hearing on the Motion to Sell and entering a briefing schedule for the summary proceedings.  Dkt. 190. Out of an abundance of caution and to the extent not already granted by the Court's prior order, the Receiver submits this Response and Renewed Motion to Stay.

---

[2] SPC also filed a Response and Objection to the Motions to Sell.  Dkt. 178.

8.    As discussed below, SPC violated the Receivership Order in failing to lift the Litigation Stay before filing a Complaint against the Receiver, and also failed to obtain leave of Court to file a Complaint against the Receiver.

9.    The summary proceeding should fully resolve all issues necessary to determine the Receiver's entitlement to sell the Apartment Developments, and SPC's competing claim of ownership and control.   Following resolution of the summary proceeding, the Court should deny SPC's Motion to Intervene and dismiss its Complaint as moot.

### III.    <u>ARGUMENT</u>

**A.    The Complaint in Intervention Violates the Receivership Order and is Unnecessary**

"'[B]efore suit is brought against a receiver leave of the court by which he was appointed must be obtained.'" *Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015) (quoting *Barton v. Barbour*, 104 U.S. 126, 127 (1881)).  Without leave, the Court has no jurisdiction to entertain the suit. *Barton,* 104 U.S. at 131.  This rule, prohibiting any suits against receivers without leave of court, is known as "the *Barton* doctrine." *Villegas*, 788 F. 3d at 158.  The doctrine preserves estate assets by protecting receivers from unmeritorious claims, and allowing the appointing court to control the how, where, and when of meritorious claims.

Similarly, litigation stays in receivership matters, found in this case at paragraph 34-36 of the Receivership Order, further the goals of the receivership by protecting receivership assets and serving "considerations of judicial economy." *SEC v. Vescor Capital Corp.*, 599 F.3d 1189, 1197 (10th Cir. 2010); *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010).  Here, although SPC filed a motion to intervene, the Receiver believed it would do so for the limited purpose of responding to the Motion Sell.  Leave to file the Complaint in Intervention was neither requested nor obtained, nor did SPC request that the Court lift the Litigation Stay before filing the Complaint. Answering or moving to dismiss the Complaint in Intervention will result in unnecessary expense to the

Receivership Estate, and just as importantly, SPC's claim of ownership regarding the Apartment Developments will be fully resolved in the summary proceeding.[3]  The Complaint in Intervention also invites similar actions by other creditors, with the resulting expense necessitated by responding to each motion or complaint.

## IV.    CONCLUSION

To confirm no answer or other response to the Complaint is necessary, that other pre-trial and discovery rules and procedures are unnecessary or inapplicable, and to dissuade other creditors or claimants from following in SPC's footsteps, the Receiver requests that the Court stay the Complaint or, alternatively, dismiss it in favor of the summary proceeding.

Respectfully submitted,

By: */s/ Timothy B. Wells*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

---

[3] Accordingly, to save the expense related to each, the Receiver is filing neither an Answer nor a Motion to Dismiss, although through the summary proceeding, he is clearly defending against SPC's claims.

## CERTIFICATE OF CONFERENCE

On March 31, 2023 counsel for the Receiver conferred with SPC's counsel regarding this Motion to Stay.  Due to concerns regarding standing, SPC opposes staying its Motion to Intervene, although it does not oppose extending the deadline for a response to the Complaint until after briefing on the summary proceeding is completed.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.