## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
§
    *Plaintiff,* §
§
v. § No. 3:22-CV-2118-X
§
TIMOTHY LYNCH BARTON §
CARNEGIE DEVELOPMENT, LLC §
WALL007, LLC §
WALL009, LLC §
WALL010, LLC §
WALL011, LLC §
WALL012, LLC §
WALL016, LLC §
WALL017, LLC §
WALL018, LLC §
WALL019, LLC §
HAOQIANG FU (a/k/a MICHAEL FU) §
STEPHEN T. WALL §
§
    *Defendants,* §
§
DJD LAND PARTNERS, LLC §
LDG001, LLC §
§
    *Relief Defendants.* §

### DEFENDANT TIMOTHY BARTON'S NOTICE OF THIRD PARTY
### OFFERS TO PURCHASE 2999 TURTLE CREEK PROPERTY

Defendant Timothy L. Barton hereby notifies the Court of serious concerns about the

process leading to a forthcoming motion from the Receiver to approve a sale of the Defendant's

interests in a significant piece of property at 2999 Turtle Creek Blvd. The Receiver has not been

substantively engaging with third parties who have presented formal offers to purchase the

property. One such offer is attached. The Defendant provides this notice, not to replace any

- 1 -

opposition brief to the forthcoming motion, but to urge the Court not, as it has in the past, to order expedited briefing (sometimes with only days to respond) on the Receiver's forthcoming motion.

*First*, the Receiver has not substantively engaged with third parties who have presented formal offers to purchase the property.  One such offer was submitted to the Receiver on April 5, 2023, by Comstock Holding Companies, Inc., a NASDAQ-traded property management company, which offered to buy the Turtle Creek property for $51 million.  *See* Exhibit A.  That offer, if accepted, would yield net proceeds several times the couple million dollars in net proceeds the Receiver will urge the Court to approve in his forthcoming motion.  In light of the Receiver's duty to maximize value for the receivership estate, it is important that the 2999 Turtle Creek property not be sold for a fraction of its potential net proceeds on an expedited basis while much better offers remain available to the estate.  Further, the Court should view the Receiver's proposal with healthy skepticism given the third-party offers with which the Receiver has not been meaningfully engaging.

*Second*, because the Receiver's Motion seeks to dispose of the estate's real property interests in 2999 Turtle Creek, the proposed transaction involves the private sale of "realty or interest or any part thereof," and must take place in compliance with the requirements Congress set forth in 28 U.S.C. § 2001.  This sale, and the facts surrounding market demand for the property, suggests that a full Section 2001 process is warranted with plenty of notice to the community and that the Receiver's request is neither in the best interests of the estate nor born from a well-run process for achieving maximum value for the estate.  As the Comstock offer indicates, there is significant value that will be found by following Section 2001's procedures that ensure that receivership property is only sold for fair market value.

- 3 -

*Third*, the United States Court of Appeals for the Fifth Circuit will hear oral argument on an expedited basis—on May 1, 2023—exactly two weeks from today, on whether the Receiver was properly appointed with jurisdiction over the estate to proceed with sale transactions exactly like those presented by the Receiver's present Motion. *SEC v. Barton*, Case No. 22-11132 (5th Cir. 2022) [Docket No. 77].   Confirmation of this sale, Defendant respectfully suggests, should not race to get out in front of that appeal.

For the foregoing reasons, the Defendant respectfully requests that the Court allow the full briefing period provided by Local Rule so that Mr. Barton and any interested parties may respond to the Motion.  This is a matter crucial to the best interests of the estate as it concerns many millions of dollars.  It is not a matter for which expedited procedures would be warranted or appropriate.

Dated: April 17, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 *(admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On April 17, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

- 4 -

126068.0000001 DMS 301924217