**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ | |
| *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:22-cv-2118-X |
| TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| *Defendants*, | §<br>§ | |
| DJD LAND PARTNERS, LLC, and<br>LDG001, LLC, | §<br>§<br>§ | |
| *Relief Defendants*. | § | |

**RECEIVER'S EXPEDITED MOTION TO
CONFIRM LITIGATION STAY AND BRIEF IN SUPPORT**

Cortney C. Thomas, as the court-appointed ("Receiver"), requests an order confirming that

Case Number DC-22-02622, *JMJ Development, LLC v. Tamamoi, LLC et al.*, pending in a Dallas

County District Court, Hon. Martin Hoffman presiding, is stayed by the Order Appointing

Receiver and in support, respectfully shows the Court as follows:

## I.    FACTUAL SUMMARY

1.    On October 18, 2022, this Court entered its Order Appointing Receiver [Dkt. 29] (the "Receivership Order") whereby this Court assumed exclusive jurisdiction over all Receivership Entities and all Receivership Assets.  *Receivership Order* ¶ 1.

2.    The Receivership Order includes a stay of all civil litigation involving any Receivership Assets or Receivership Entities (the "Litigation Stay"):

> "34. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court: *All civil legal proceedings of any nature*, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings")."

> "35. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process."

> "36. ***All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.*** Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action."

Receivership Order ¶¶ 34-36 (emphasis added).

3.      After his appointment, the Receiver identified thirty-six active litigation matters involving Receivership Entities.[1]  *JMJ Development, LLC v. Tamamoi, LLC et al.*, No. DC-22-02622, pending in the 68th District Court of Dallas County, (the "JMJ Case") was one of the pending cases discovered by the Receiver.  In the JMJ Case, as in all others, the Receiver promptly filed a Notice of Stay.[2]

4.      Despite this Court's Litigation Stay, on April 6, 2023, Judge Hoffman set the JMJ Case for trial on April 11, 2023.  And despite communications with the clerk of the 68th District Court regarding the Litigation Stay, Judge Hoffman refused to cancel the trial setting and instead scheduled a status conference for 9:00 a.m. on April 10, 2023.

5.      Counsel for the Receiver attended the status conference and explained the Litigation Stay and the basis for this Court's jurisdiction to stay a state court proceeding. Nonetheless, Judge Hoffman requested a letter brief regarding the authority of a federal court to stay a state court case and scheduled a second status conference for 1:30 p.m. on the same date. The Receiver's counsel provided the Letter Brief to Judge Hoffman by approximately noon, in advance of the second status conference.[3]

6.      Unconvinced by the Letter Brief, Judge Hoffman instructed the Receiver's counsel to petition this Court for an order specifically staying the JMJ Case.

7.      Moreover, although lacking any authority to control this Court's docket or the manner of these proceedings, Judge Hoffman instructed that any motion filed in this Court

---

[1] *See* Dkt. 67, pp. 29–32; Dkt. 139 pp. 36–47.

[2] A true and correct copy of the Notice of Stay filed on October 21, 2022 in the JMJ Case is attached as **Exhibit 1** (APP000001-000030) for the Court's convenience.  The Court may also judicially notice the Notice of Stay and the docket for the JMJ Case at this website: https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0.

[3] A true and correct copy of the Letter Brief is attached as **Exhibit 2** (APP000031-000058).

regarding the Litigation Stay should not be an *ex parte* proceeding and that Tamamoi, LLC and 3820 Illinois, LLC (the "Opposing Parties") should have an opportunity to participate in the proceeding.

8. Although the Opposing Parties are not parties to this litigation and are thus not entitled to participate, and although the Receiver would oppose a motion to intervene by the Opposing Parties (as well as the need for any such participation), in compliance with Judge Hoffman's instructions, the Receiver will provide a copy of this Motion, as well as any related order, to the Opposing Parties.

9. In violation of the Litigation Stay, Judge Hoffman has scheduled trial for the JMJ Case on May 23, 2023.

10. To ensure resolution of this Motion well in advance of the May trial, and to the extent any further briefing is necessary, the Receiver accordingly requests expedited consideration of this Motion.

## II.   ARGUMENT

The Litigation Stay serves an important purpose. Like the automatic stay in bankruptcy, the Litigation Stay protects the Receivership Assets from multiple competing claims or inequitable distribution.[4] Because of the Litigation Stay, the Receiver can focus his efforts on maximizing the potential recovery for the Receivership Estate, while preserving the status quo of the cases stayed by the Litigation Stay.[5]

---

[4] "The purposes of the bankruptcy stay . . . are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (internal citation omitted); *see also Rishmague v. Winter,* 616 Fed. Appx. 138 (5th Cir. 2015) (highlighting the importance of the litigation stay in the *Stanford* receivership and affirming the district court's refusal to allow state court litigation to proceed).

[5] Although working diligently, and as a result, in part, of Barton's opposition to virtually every single motion filed by the Receiver, to date, the Receiver has not yet been able to fully assess the myriad of lawsuits involving Receivership Entities and Receivership Assets.

The Litigation Stay does not lack clarity.  It stays *"all civil legal proceedings of any nature."*  Likewise, the Litigation Stay *enjoins* "all Courts having any jurisdiction" over such proceedings "from taking or permitting any action until further Order of this Court."  Receivership Order, ¶¶ 34; 36.  Nor is compliance a matter of discretion or choice.  The Receivership Order, in every respect including the Litigation Stay, compels obedience by any person *who receives notice.*[6]

Further, as discussed in the Letter Brief, no doubt exists regarding this Court's jurisdiction to stay any proceeding, in federal or state court, that involves Receivership Entities or Receivership Assets.  *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. Appx. 338, 340 (5th Cir. 2011) ("It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions.").  This authority derives from the All Writs Act which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  As recently discussed by the Fifth Circuit in the context of the Stanford Bank receivership:

> "[F]ederal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. Guided by principles of federalism, we find[ ] a threat to the court's jurisdiction where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction."

*Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 902–03 (5th Cir. 2019) (internal citations omitted); *see also, e.g., York v. State*, 373 S.W.3d 32, 37–38 (Tex. 2012) (recognizing that orders issued in violation of automatic stay created by federal bankruptcy statute are void).

---

[6] Receivership Order ¶ 32 ("[A]ll persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would: A. Interfere with the Receiver's efforts to take control, possession or management of any Receivership Property…"

This Court's broad discretion likewise provides authority for the Litigation Stay. *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–373 (5th Cir. 1982) (federal courts supervising equitable receiverships have "broad powers and wide discretion to determine the appropriate relief."); *SEC v. Kaleta*, 530 Fed. Appx. 360, 362 (5th Cir. 2013) (same). "These powers include the court's inherent equitable authority to issue a variety of 'ancillary relief' measures." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir.1980) (footnote omitted). "Such 'ancillary relief' includes injunctions to stay proceedings by non-parties to the receivership." *Kaleta*, 530 Fed. Appx. at 362; *see also Wencke*, 622 F.2d at 1368–72 (affirming district court's order to stay all persons, including nonparties, from continuing with any proceedings against receivership entities). This Court possessed ample jurisdiction to issue the Litigation Stay, which necessarily encompassed the JMJ Case and any other case in state or federal court, pending anywhere in the United States.

Upon issuance, the Receivership Order, through the Litigation Stay, automatically stayed *JMJ Development, LLC v. Tamamoi, LLC, et al.*, DC-22-02622. The JMJ Case is therefore stayed and should continue to be stayed until further order of this Court. The Receiver accordingly requests an order from this Court clarifying the import of the Litigation Stay and its impact on the JMJ Case. Additionally, because of the proximity of the May 23, 2023 trial setting in the JMJ Case, the Receiver requests that the Court expedite consideration of this Motion and enter such order on the earliest possible date.

### III.   CONCLUSION

For the reasons set forth above, the Receiver prays for an order concluding that *JMJ Development, LLC v. Tamamoi, LLC et al.*, No. DC-22-02622, pending in the 68th District Court, Dallas County, remain stayed until further order from this Court and prohibiting Judge Hoffman from conducting any further hearings, status conferences, or any proceedings whatsoever, absent

a further order from this Court. The Receiver also requests such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ Timothy Wells
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on April 17, 2023 counsel for the Receiver conferred with counsel for the SEC and Defendant Barton.  The SEC and Defendant Barton are unopposed.

/s/ Timothy Wells
Timothy Wells

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

7