**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| HNGH TURTLE CREEK, LLC, | § § | |
| *Relief Defendant*. | § § | |

**RECEIVER'S NOTICE OF INTENDED
AUCTION OF CONTENTS OF 2999 TURTLE CREEK BLVD**

In accordance with the provisions of the Order Granting Motion For Order Governing Administration Of Receivership Estate, Etc. And Approving Disposition Of Certain Personal Property **(the "Admin Order"),** Dkt. 63, Cort Thomas, the court-appointed Receiver in this case, provides notice as follows.

1

## FACTUAL SUMMARY

1.      On or about November 16, 2022, the Court entered the Admin Order, which governs the Receiver's sale of Personal Property.  The Admin Order authorizes the Receiver to sell through private sale or auction "any tangible or intangible personal property, except for contractual rights ('Personal Property')" based on the procedures established in the Admin Order. Dkt. 63, p. 2

2.      Specifically, the Receiver is authorized to sell by auction any Personal Property, following compliance with the notice provisions in the Admin Order.  Notice as follows is required:

> **"4. Notice Regarding Intended Disposition  . . .**
>
> a.   At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal property valued above $1,500.  The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned. . . .
>
> c.   Any person who wishes to object to the proposed sale or abandonment shall file and serve a motion setting forth the objection and the basis for it, not more than five (5) days after the Receiver mails the Notice regarding the sale or abandonment.
>
> d.   If no objection is timely filed and served, the Receiver may sell or abandon the property without further order of the Court in accordance with these procedures and as described in the Notice.
>
> e.   If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court."

Dkt. 63, pp. 5-6.

3.      As indicated in the Receiver's Verified Motion To Approve Settlement Agreement With HNGH Turtle Creek, LLC, (the "Motion") Dkt. 210, the Receiver has agreed to vacate 2999 Turtle Creek Blvd. (the "Turtle Creek Property"), the location from which most Receivership

2

Entities operated. The timing of the settlement, its' benefit to the Estate, as well as the necessity of vacating the Turtle Creek Property is explained in the Motion, which is incorporated by reference.

4.      Even absent the settlement, the Receiver would have sought to vacate the Turtle Creek Property to rent it to a third-party or otherwise avoid an obligation to pay rent for the Property, in the event HNGH was ultimately awarded ownership and possession of the Turtle Creek Property through further litigation.

5.      In connection with vacating the Property, the Receiver has engaged an auctioneer to sell furnishings and other contents (the "Contents").[1]  Selling the Contents rather than storing them will result in a monetary recovery for the Receivership Estate, while also avoiding the costs of moving and storing these items.

6.      The Contents that are being auctioned are business furnishings and incidental items, which were and are located in the *business* location for JMJ Development.[2]  Most furnishings are large and heavy.  Just moving these items to storage would cost thousands of dollars.

7.      Defendant Barton and his adult children, Max and Victoria, have asserted numerous items are personal and should not be sold.  Both Tim Barton and Max have provided lists of items they asserted were personal, (some located in the Rock Creek Property) but neither will confirm that their lists are comprehensive.

8.      In connection with the lists provided by Tim and Max and their contentions that various items are not Receivership Assets, the Receiver has requested, multiple times, that Barton,

---

[1] Photos of all items included in the Contents are attached as **Exhibit A-1** to the Koonce Declaration, submitted in the supporting Appendix.  Documents, computers, and other materials that have evidentiary value are being stored. Victoria Barton has represented that she will provide a declaration attesting that certain items were gifted to her or her family and are accordingly excluded from the auction.  Upon receipt of the declaration(s), the Receiver will exclude from the auction the lots identified in the declarations provided by Victoria.

[2] Nothing from the Rock Creek Property is included in the auction.

Max, or Victoria, provide sworn statements that any item included in the Contents were purchased with personal assets or are otherwise not Receivership Assets. [3]

9.      Despite the Receiver's agreement to allow Barton to retrieve certain items that appear to be inherently personal or of little value, and allowing Barton an opportunity to review photos of all items included in the auction to further identify anything personal that he contends should not be sold, neither Barton nor Max has identified any additional items he contends are personal nor provided any evidence as requested by the Receiver.

10.      Instead, in response to the Receiver's agreement to allow Barton to retrieve inherently personal items and request for additional information about certain items he sought to exclude from the auction, Barton's counsel threatened to file an application for a temporary restraining order or other motion seeking to interfere with the auction and the Receiver's authority to sell the Contents.[4]

11.      Nonetheless, as required by the Admin Order, the Receiver hereby provides notice of his intended sale by auction of all items identified in **Exhibit A-1** to the Koonce Declaration (excepting those items the Receiver has already agreed to exempt, in prior communications with Defendant Barton or his children).  The auction shall commence at least ten days after the date of this Notice, or upon the Court's disposition of any objection to this Notice.

---

[3] *See* **Exhibits A-2** and **A-3** to Koonce Declaration.

[4] *See* Koonce Declaration, **Exhibits A-4 and A-5**.  The mechanism Barton proposes—a TRO—is facially improper given the Court's prior establishment of procedures governing the sale or auction of Personal Property.  *See* Dkt. 62. Instead, the threatened TRO is almost certainly intended to create an argument that denial of such a TRO creates interlocutory appellate jurisdiction pursuant to 28 U.S.C. § 1292(a), a statute that should have no application in light of the more specific authority of 28 U.S.C. § 1292(b).

Respectfully submitted,

By: /s/ Charlene C. Koonce
   Charlene C. Koonce
    State Bar No. 11672850
    charlene@brownfoxlaw.com
   Timothy B. Wells
    State Bar No. 24131941
    tim@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, Texas 75225
   T: (214) 327-5000
   F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

5