UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| TIMOTHY BARTON, et al., | § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

## <u>ORDER DENYING MOTION TO STAY PENDING APPEAL</u>

Before the Court is Defendant Timothy Barton's motion to stay the Court's Order Granting Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities[1] pending Barton's appeal of that Order to the Fifth Circuit. [Doc. 114]. After careful consideration, the Court **DENIES** the motion.

Barton seeks to stay a contractual settlement that has already been fully performed and funded.[2] So a stay would simply preserve the existing settlement, not unravel it as Barton intends. And the Court agrees with the Receiver that the settlement was in the Receivership's best interest because it mitigated damages resulting from several Receivership Entities' pre-Receivership default on contractual

---

[1] Doc. 109.

[2] Doc. 119 at 13.

1

obligations and brought in much-needed cash to support and maintain the Receivership.[3] Further, and as the Court noted in its order approving the settlement, the settlement did not include the sale of an interest in real property, and it did not require judicial approval in the first place.[4]

The Supreme Court has made clear that "[a] stay is not a matter of right, even if irreparable injury might otherwise result."[5] Instead, a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."[6] "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."[7]

When deciding whether to grant a stay pending appeal, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[8]

Barton contends that the four factors weigh in favor of "stay[ing] the impending sale," but the settlement agreement did not include any sale of real property.[9] Regardless, none of the factors supports a stay.

---

[3] Docs. 95 at 2–4; 119 at 10-14; 120 at 5–15.

[4] Doc. 109 at 1–2 & 2 n.2.

[5] *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up).

[6] *Id.* (cleaned up).

[7] *Id.* at 433–34.

[8] *Id.* at 434 (cleaned up).

[9] Doc. 114 at 7.

First, Barton is unlikely to succeed on the merits because the settlement agreement has already been completed, did not involve the transfer of any interest in real property, and was executed for a fair and reasonable amount.[10]  Second, Barton fails to show irreparable injury given that his only argument—that loss of an interest in real property constitutes irreparable injury as a matter of law—is inapposite because the settlement agreement does not convey any interest in real property.[11]

The third and fourth factors "merge when the Government is the opposing party."[12]  This merged factor weighs heavily against granting a stay.  A stay would significantly injure the Receivership Estate because continued cashflow is necessary to preserve the value of Receivership assets on behalf of Barton's potentially defrauded investors.  And a stay would harm the SEC, which seeks to vindicate the public interest in justice and fair enforcement of the law by continuing to pursue its claims against Barton.

Having weighed the Fifth Circuit's factors and the equities at stake, the Court **DENIES** Barton's motion to stay.

**IT IS SO ORDERED** this 25th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] Docs. 95 at 10–30; 119 at 13, 16–17.

[11] Doc. 114 at 5.

[12] *Nken*, 556 U.S. at 434, 435 (cleaned up).