IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

RECEIVER'S RESPONSE TO SOUTHERN PROPERTIES CAPITAL,
LTD'S MOTION TO STRIKE RECEIVER'S MOTION FOR SUMMARY
JUDGMENT WITH RESPECT TO PARC AT INGLESIDE AND PARC AT
OPELIKA AND ALTERNATIVE MOTION FOR LEAVE TO INCLUDE
INGLESIDE AND OPELIKA PROPERTIES IN SUMMARY PROCEEDING

Cort Thomas, as receiver, responds to Southern Properties Capital, Ltd.'s ("SPC's")

Motion to Strike Receiver's Motion for Summary Judgment with Respect to Parc at Ingleside and

Parc at Opelika [Dkt. 215] ("Motion to Strike"). In addition, or in the alternative, the Receiver

requests leave to include, *nunc pro tunc*, in the pending summary proceeding SPC's competing

1

claims to the Parc at Ingleside and the Parc at Opelika. In support, the Receiver respectfully shows the Court as follows:

## SUMMARY

SPC asserts two reasons the Court should not resolve SPC's claimed interest in two properties while it considers essentially the same interest in two additional properties as presented in the Receiver's Motion for Summary Judgment (the "MSJ").[1] Dkts. 206-208.  First, SPC contends the Receiver violated the Court's order authorizing the summary proceeding, Dkt. 190, by including all four properties in which SPC asserts it is an owner, investor, or lender,[2] rather than just the two properties the Receiver has requested the Court's permission to sell.  Second, SPC contends it is prejudiced by the scope of the MSJ because "the Receiver doubles the scope of its summary judgment motion, and doubles SPC's work to respond to it, without additional time to prepare a response." Neither argument is persuasive.

## BACKGROUND

1.    As SPC observed in the Motion to Strike, the Receiver's Motion for Continuance by which he requested the summary proceeding at issue here, (Dkt. 188, "the Motion for Continuance") observed that although SPC's interests in two of the Apartment Developments was not before the Court based on the pending Motions to Sell, SPC's interests in all four Properties should be resolved in one proceeding:

> Southern Properties holds the same debt interest in a third apartment complex, the Parc at Ingleside, which is not currently scheduled for sale. [sic] A fourth apartment complex, the Parc at Opelika, which is subject to similar debt interests but which Southern Properties has not yet sought to convert. *Southern Properties' interest in Ingleside and Opelika should also be resolved concurrently with the Apartment*

---

[1] The Receiver's Motion for Summary Judgment requested a declaration regarding SPC's interest in four Apartment Developments: Windmill Farms, Bellwether Ridge, the Parc at Opelika, and the Parc at Ingleside (collectively the "Properties"), as well as SPC's claim of ownership regarding the Receivership Entities that own them.

[2] *See* Dkt. 174, pp. 4-13; 207, pp. 12-19.

*Developments,* but based on the current posture of the Motions, Southern Properties' competing claim to Ingleside is not before the Court.

Dkt. 188, n.1.

2.      The Order Granting the Motion for Continuance authorized a summary proceeding with respect to SPC's and the Receivership Entities' competing interests in the Parc at Windmill Farms and Bellwether Ridge and directed the Receiver to file a motion for summary judgment regarding the competing claims to those properties (the "Order").  Dkt. 190.  The Order did not preclude the Receiver from also seeking summary judgment regarding the two additional properties, the Parc at Opelika and the Parc at Ingleside, nor did the Order deny the Receiver's motion with respect to inclusion of those two properties.

3.      The basis for SPC's competing interest in all four Properties arises from similar transactions; SPC's loan to one or more Receivership Entities, which are the parents of or related to another Receivership Entity that purchased real estate with a HUD loan, coupled with an assignment or security interest in the equity of the parent entities of the HUD borrower.  *See* Dkt. 207.  Further, the controlling authorities and legal analysis related to the competing interests is identical or very close with respect to all four properties.  *See Id.,* pp. 27-47.  And, the Receiver will not be able to sell any of the Properties while they are clouded by SPC's competing contention of ownership, although he remains obligated to continue managing and operating each property until and unless the Properties are sold.  Further, clarifying and classifying SPC's interest will provide much needed insight into the value of the entire Receivership Estate, a key issue looking forward. *See* Dkt. 188.

4.      Accordingly, because collective disposition of SPC's purported interest in all four properties is most efficient, the Receiver sought summary judgment regarding SPC's claimed interest in each of the four Properties.

**ARGUMENT**

**A.      Legal Standard**

Courts supervising equitable receiverships frequently employ summary proceedings to adjudicate claims related to the receivership. *See SEC v. Sharp Capital, Inc.,* 315 F.3d 541, 545 (5th Cir. 2003); *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) ("A summary proceeding reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets."); *SEC v. Bjork*, H-11-2830, 2012 WL 1392082, at *2 (S.D. Tex. Apr. 19, 2012) ("[S]ummary proceedings are proper to determine third parties' rights to assets that appear to belong to the Receivership Entities."). Utilizing such procedures avoids "formalities that would slow down the resolution of disputes, . . . thereby promot[ing] judicial efficiency and reduc[ing] litigation costs to the receivership." *SEC v. Hardy*, 803 F.2d 1034, 1040 (9th Cir. 1986) (internal quotation omitted)).  So long as the person against whom the claims are asserted has notice of the proceedings and an opportunity to present evidence, such proceedings afford all required due process.  *CFTC v. Topworth Intern., Ltd.*, 205 F.3d 1107, 1113 (9th Cir. 1999), *as amended* (Mar. 23, 2000) (no abuse of discretion in resolving non-party creditor's claim through summary proceeding); *Elliott*, 953 F.2d at 1567 ("[A] district court does not generally abuse its discretion if its summary procedures permit parties to present evidence when the facts are in dispute and to make arguments regarding those facts.").

No specific process or procedure is required, but the summary process supplants the necessity of a trial or more formal proceedings.   For instance, the Fifth Circuit affirmed summary

proceedings in which the parties were directed to provide, "in writing, the facts and legal authorities upon which they rely, supported by affidavits, declarations or other competent evidentiary-type materials, to establish the basis and nature of any 'direct' claims asserted against . . . [the nonparty]." *Sharp Capital, Inc.*, 315 F.3d at 546; *see also Crawford v. Silette*, 608 F.3d 275, 277 (5th Cir. 2010) (affirming order entered through summary proceedings compelling recipient of fraudulent transfers to turnover deed to condominium purchased with estate assets, despite assertion of Florida homestead exemption); *see also United States v. RaPower-3, LLC*, No. 2:15-CV-00828-DN, 2020 WL 5531563, at *14 (D. Utah Sept. 15, 2020) (approving summary proceedings to determine Receiver's entitlement to certain property regarding which he sought turnover relief from non-party). The same procedure established for disposition of SPC's interests in two of the properties suffices to determine SPC's rights, if any, to all four Properties.

**B.      Considering All Four Properties in One Motion Is Efficient and Pragmatic**

SPC's only argument with respect to the propriety of the Court's consideration of all four Properties rests on the scope of the Order. If the Court did not intend to allow global resolution of SPC's interests and the Receiver inadvertently misread the scope of the Order, the Receiver does not oppose withdrawing the requested disposition of SPC's interests in the Parc at Opelika and the Parc at Ingleside. Striking the requested relief and evidence related solely to those two properties, is however, unnecessary. In the interests of efficiency, the Court should consider all four Properties concurrently. *June Med. Services, L.L.C. v. Phillips*, No. 22-30425, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022).

SPC's second objection to inclusion of all four Properties in the MSJ depends on a purported burden. SPC contends "the Receiver doubles the scope of its summary judgment motion, and doubles SPC's work to respond to it, without additional time to prepare a response."

Even if the alleged burden provided a justification to bifurcate consideration of the same issues for different properties, the argument presumes the burden is multiplied in direct proportion to the number of properties at issue. As noted above, however, considering all four Properties at once potentially saves all parties time and money, as well as preserving the Court's resources, because the same legal issues govern all four properties. *See* Dkt. 207, pp. 27-47. While the specific documents and the details of the transactions vary somewhat between properties, those differences are not meaningful in terms of the burden necessary to respond to the MSJ. Thus, inclusion of the two additional properties neither doubles the work necessary to respond to the MSJ nor the time required to do so.

Moreover, based on an agreed motion, the Court recently extended SPC's deadline to respond to the MSJ by twelve days. Any additional burden has accordingly been balanced by the additional time allowed for a Response. The Court should deny SPC's Motion to Strike.

**C.      Alternative Request for Leave to Include All Four Properties in the MSJ**

In the alternative, if the Court deems inclusion of all four Properties in the MSJ improper based on the current record, the Receiver requests leave to include all four properties in the MSJ, *nunc pro tunc.* SPC knew from the date on which the Receiver filed the MSJ that he sought resolution of SPC's interests in all four Properties,[3] and is thus not prejudiced by any order that retroactively authorizes inclusion of all four Properties.

<u>**CONCLUSION**</u>

SPC raises no meaningful reason the Court should not consider in one motion SPC's competing interest in all four Properties currently owned by Receivership Entities. Its arguments

---

[3] And notably, although the Receiver filed the MSJ on April 13, 2023, SPC waited until 11 days later, just 10 days before its Response was originally due, to confer about and file its Motion to Strike.

instead elevate form over substance.  The Court should deny the Motion to Strike.  In the alternative, the Court should authorize inclusion of all four Properties in the summary proceeding and the Receiver's pending MSJ, *nunc pro tunc.*

Respectfully submitted,

By: /s/ Charlene C. Koonce
    Charlene C. Koonce
      State Bar No. 11672850
      charlene@brownfoxlaw.com
    Timothy B. Wells
      State Bar No. 24131941
      tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the Receiver conferred with SPC regarding the alternative request for an order authorizing the Receiver to include the Parc and Opelika and the Parc at Ingleside in his MSJ.  Counsel for SPC opposes this relief.

/s/ Charlene C. Koonce
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.