IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**ORDER REGARDING OBJECTION TO RECEIVER'S
NOTICE OF INTENDED AUCTION OF CONTENTS OF
2999 TURTLE CREEK AND CROSS-MOTION FOR
<u>PRELIMINARY INJUNCTION AGAINST THE AUCTION</u>**

On this date, the Court considered Defendant Timothy Barton's Objection to the Receiver's

Notice of Intended Auction of the Contents of 2999 Turtle Creek Blvd. and Cross-Motion for

Preliminary Injunction Against the Auction, Dkt. 223, and the Receiver's Response and Motion to Strike Cross-Motion for Preliminary Injunction, Dkt. 226.

The Court concludes the proposed auction of the contents of 2999 Turtle Creek Blvd., (the "Office Contents") the prior office location for JMJ Development LLC and other Receivership Entities, is in the best interest of the Receivership Estate because it maximizes the value of the Office Contents while avoiding the costs of moving and storing the Office Contents. The Court also finds that Barton has failed to present any evidence demonstrating that any of the Office Contents are not Receivership Assets or are otherwise improperly included in the proposed auction. The Court accordingly **AUTHORIZES** the Receiver to proceed with an auction to sell the Office Contents as identified in his Notice, Dkt. 213, except as further ordered below.

With respect to the Disputed Items Barton contends belong to him personally rather than any Receivership Entity, but for which he has provided no evidence in support, the Receiver is:

_____ authorized to include all such Disputed Items in the auction;

_____ directed to move and store all such Disputed Items, *if* Barton provides the Receiver with payment to accomplish such move and pays six months of storage costs, within five days of the date of this Order;

_____ authorized to abandon the Disputed Items to Barton.

The Court also concludes Barton's Cross-Motion for a Preliminary Injunction requests the same relief this Court has already denied multiple times—a stay of the Receiver's activities, which

2

are already subject to Court-approval and authorization.  Accordingly, the Court **STRIKES** the Cross-Motion for a preliminary injunction.

SO ORDERED.

May \_\_\_, 2023.

_____
THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE