# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**APPENDIX IN SUPPORT OF
RECEIVER'S RESPONSE TO BARTON'S OBJECTION TO
RECEIVER'S NOTICE OF INTENDED AUCTION OF CONTENTS OF
2999 TURTLE CREEK AND CROSS-MOTION FOR
<u>PRELIMINARY INJUNCTION AGAINST THE AUCTION</u>**

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

2

| Exhibit | Document | APP Pages |
|---|---|---|
| A | Declaration of Cort Thomas | APP001-009 |
| A-1 | February 13, 2023 letters from Tim Wells | APP010-015 |
| A-2 | March 1, 2023 letter from Ramer to Wells | APP016-019 |
| A-3 | March 7, 2023 letter from Wells to Ramer | APP020-022 |
| A-4 | March 21, 2023 email from Huffman to Thomas with personal property list | APP023-027 |
| A-5 | March 29, 2023 letter from Wells to Huffman | APP028-030 |
| A-6 | April 20, 2023 email from Koonce | APP031-033 |
| A-7 | April 21, 2023 email from Edney | APP034-037 |
| A-8 | April 25, 2023 email chain with Tim Barton | APP038-042 |
| A-9 | April 25, 2023 email chain with Victoria Barton with affidavits of Carol Blankenship and Martine Barton | APP043-047 |
| A-10 | April 27, 2023 email from Sam Ramer with Max Barton affidavit | APP048-052 |

APP001

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants.* | § | |

**DECLARATION OF CORTNEY C. THOMAS IN SUPPORT OF
RESPONSE TO DEFENDANT BARTON'S OBJECTION TO RECEIVER'S
NOTICE OF INTENDED AUCTION OF CONTENTS OF 2999 TURTLE CREEK BLVD.**

1.     My name is Cortney C. Thomas.  I have personal knowledge of the matters set forth in this Declaration, I am of sound mind, and I am otherwise competent to testify to these matters.

**A.     Exhibits Attached to this Declaration.**

2.     True and correct copies of February 13, 2023 letters from Tim Wells (counsel to Receiver) to Michael Edney, Ted Huffman and Michael Dingman (counsel for Defendant Barton); to Samuel Ramer and Nathan Baum (counsel to Max Barton) and to Victoria Barton are attached as Exhibit A-1.

3.     A true and correct copy of a March 1, 2023 letter from Samuel Ramer (counsel to Max Barton) to Tim Wells (counsel to Receiver) is attached as Exhibit A-2.

4.     A true and correct copy of a March 7, 2023 letter from Tim Wells (counsel to Receiver) to Samuel Ramer, Nathan Baum, Christopher Cooke, and Barbara Light (counsel to Max Barton) is attached as Exhibit A-3.

1

APP002

5.    A true and correct copy of a March 21, 2023 email from Tim Huffman (counsel to Defendant Barton) to Receiver Cort Thomas with personal property list is attached as Exhibit A-4.

6.    A true and correct copy of a March 29, 2023 letter from Tim Wells (counsel to Receiver) to Tim Huffman (counsel to Defendant Barton) is attached as Exhibit A-5.

7.    A true and correct copy of an April 20, 2023 email from Charlene Koonce (counsel to Receiver) to Ted Huffman (counsel to Defendant Barton) is attached as Exhibit A-6.

8.    A true and correct copy of an April 21, 2023 email from Michael Edney (counsel to Defendant Barton) to Charlene Koonce (counsel to Receiver) and Tim Huffman (counsel to Defendant Barton) is attached as Exhibit A-7.

9.    A true and correct copy of an April 24, 2023 email from Tim Barton (Defendant) to Receiver Cort Thomas, Ted Huffman and Michael Edney (counsel to Defendant Barton), and the response from my counsel, Charlene Koonce, is attached as Exhibit A-8.

10.    A true and correct copy of an April 25, 2023 email chain between Victoria Barton and Charlene Koonce (counsel to Receiver) and Michael Edney (counsel to Defendant Barton) with affidavits of Carol Blankenship and Martine Barton is attached as Exhibit A-9.

11.    A true and correct copy of an April 27, 2023 email from Samuel Ramer (counsel to Max Barton) and Charlene Koonce (counsel to Receiver) with Max Barton affidavit attached as Exhibit A-10.

**B.    The Receivership Order and Barton's Repeated Requests for a Stay**

12.    On or about October 18, 2022, over Barton's objection, the Court entered the Receivership Order.  Pursuant to the Receivership Order, the Court assumed exclusive jurisdiction and control over all Receivership Assets, and instructed me to take possession of those assets.  Dkt.

**2**

APP003

29. The Receivership Order also compelled Barton to identify, within 20 days of the date of the Order, all Receivership Assets. *Id.* ¶ 9. To date, Barton has not complied.

13. Part of my mandate under the Receivership Order is to maximize the value of the Receivership Estate. Dkt. 29, ¶6.

14. Performing my mandate has required decisions and activities necessary to sell certain properties and settle certain claims to maximize the value of the Receivership Estate.

15. For example, I previously sought and received Court approval of the sale of the Rock Creek Property. As part of this process, the Court instructed me to "remove Barton's personal items from the Property before the Property is sold, and to place them in storage at the expense of the receivership estate. If storage expenses cause the personal items to rapidly deteriorate in value when compared to the cost of the storage, the Receiver may seek Court approval to sell the items, and Barton must notify the Court in response if he will pay the storage costs to avoid a sale." Dkt. 104 (footnote omitted).

16. As discussed in prior Quarterly Reports, the sale of the Rock Creek Property did not close because Barton interfered and also appealed that Order. Dkt. Nos. 133, 139. Accordingly, because not moving and storing the contents of Rock Creek eliminates the related costs, the furnishings Barton contends are his personal property which are located in the Rock Creek Property, still remain there today. This proposed personal property of Barton includes several pieces of art and antiques that appear to have been ultimately purchased with Receivership Entity funds. It also bears noting that items that are inherently personal that were located in the Rock Creek Property were returned to Barton and his children during the first days of the Receivership. I have been storing mattresses and bedding for return to Defendant Barton and his children.

17.     The Court has approved the sale of two other properties:  the Frisco Gate Property and the Amerigold Suites, Dkt Nos. 140, 202.  However, neither of the transactions have closed as of the date of this Declaration.  Thus, despite the Court's approval of the sale of the Rock Creek Property and the approval of the two other sales, the Receivership Estate has not yet received the proceeds of any sale approved by the Court.

**C.     The Admin Order**

18.     Shortly after the Receivership Order was entered, I moved the Court for an Order Governing Administration Of Receivership Estate, Etc. and Approving Disposition Of Certain Personal Property (the "Admin Order").  Dkt. No. 43.  The Court granted the Motion.  Dkt. No. 63.

19.     The Admin Order establishes procedures for Motions filed by the Receiver and separate procedures for sales of personal (non-real estate) property.   Notice of intended disposition—by auction or otherwise—requires a notice filed at least ten days before the disposition, mailing the Notice to every person who has made a written request, and the Court's resolution of any objection to the disposition.  *Id.* at pp. 5-6 (Section B.4).

20.     Here, I did not receive any written requests for notice of an intended disposition, I filed my Notice more than ten days before the proposed auction, and I am waiting on the Court's resolution of Barton's objection before proceeding with the auction, if permitted to do so.

**D.     Efforts to Sell Receivership Assets and Identify Any Property that Is Not a Receivership Asset**

21.     On the date the Receivership Order was entered, I assumed possession of the Office. On that date, with my permission and the supervision of my team, Victoria Barton and another female employee, removed several boxes of items they alleged were their personal property.  On the same day and subsequently, other persons, including Vance McMurray, Randy Marx, Byron

Rowlett, Ben Pamenari, Aria Pamenari, Jeremy Morelli, and Max Barton have also removed items, with my or my counsel's supervision, from the Office that were either inherently personal or that they demonstrated were not Receivership Assets.

22.    On numerous dates and in several different ways, I have repeatedly requested that Defendant Barton identify the provenance and ownership of art located in the Office.  *See* Dkt. Nos. 84, 133.  To date, however, I have received limited information, and Mr. Barton most recently appears to claim that all such art is his own personal property.  *See* Dkt. 160.  These pieces of art are not part of the current proposed Notice of sale and will be subject to a separate auction with separate notice in the future.

23.    Based on their location and the nature of the items at issue, the Office Contents are reasonably presumed to be owned by the Receivership Entities.  Further, through discussions with prior tenants or other individuals who have personal knowledge of the matters at issue, I have confirmed that certain items located in the Office which Barton asserts (without providing support or a sworn statement) are not Receivership Assets, were in fact purchased by third-parties with Receivership Entity funds or credit cards.

24.    Rather than "rushing" to sell or otherwise dispose of the Office Contents, my counsel and I have engaged in prolonged discussions with Defendant Barton, as well as his adult children, Victoria and Max, regarding identification and removal of personal property from the Office.  Until very recently, however, my requests were generally met with silence, limited, partial, or delayed responses, or bare arguments rather than any evidence.

25.    For instance, on February 13, 2023, my counsel requested from Barton, Max, and Victoria, within ten days from the date of the letter,

> "(1) a list of all personal property you claim is currently in the Receiver's possession and, (2) proof of ownership, through either (a) a receipt or other

5

sufficient proof of purchase or (b) a sworn statement that the item(s) are your personal property and that you own the property. For each item you received after March 1, 2017, if any, please include a sworn statement that the item was neither purchased with any Receivership Entity funds, nor a gift from Timothy Barton or any Receivership Entity."

*See* Ex. A-1.

26.    The same letter requested that each recipient "advise any family, friends, or acquaintances who claim to have personal property in the Receiver's possession they must follow the same procedure outlined above." *Id.*  No person, except as discussed herein, contacted me to request permission to remove personal belongings from the Office.

27.    Barton did not respond to the February letter from my counsel until March 21, 2023, when he provided a list of items he wished to exclude from the auction, but failed to provide any proof or sworn statement that the items listed were his personal property. *See* Exh A-4. The sworn statement need not be from Barton individually but could be from any other person with personal knowledge of the ownership of these items.

28.    In a March 29, 2023 letter to Barton's counsel, my counsel informed Barton that an auction would occur no later than April 24, 2023, and asked for evidence of Barton's purportedly personal ownership before that date.  *See* Exhibit A-5.

29.    Because Defendant Barton has professed an inability to recall what personal items are located in the Office, in a call with his counsel, I agreed to provide photos of all items to be included in the auction, to assist and refresh Mr. Barton's recollection regarding items he claims were not purchased with Receivership Assets.  I did not and do not believe that allowing Mr. Barton to tour the Office is wise under the circumstances.  Furthermore, providing a link to the proposed auction (which was prepared at no cost to the Receivership Estate) is far more economical and efficient and ensures that only Receivership Assets are sold via the auction.

**6**

30.      A link to the auction website which included photos of all items included in the auction was accordingly provided to Barton, counsel for Max, and Victoria.  *See* Exh. A-6.

31.      As requested, Victoria and Max provided Declarations identifying specific items located in the Office that they swore were not purchased with Receivership Assets.  Exhs. A-9 and A-10. I have instructed the auctioneer to remove from the auction all items identified by Max and Victoria and will return them at a mutually convenient date and time.

32.      Defendant Barton, however, provided a long list of items he asserted were his personal property, but again provided no evidence of any kind and has refused to submit a sworn statement from anyone with knowledge.  Exh. A-7.

33.      I have agreed to remove from the auction items that are inherently personal. However, my counsel has again requested *some* confirmation from Barton other than his bare assertion, that items he has claimed from the Office, including a large conference table, other office furniture, and a break room coffee maker, among other items, were not purchased by Receivership Entities and therefore Receivership Assets. Exhs. A-7 and A-8.

34.      For the first time, on April 26, 2023, Barton also claimed that certain prints stored in the basement of the Office, which I have been informed were displayed at the Whittington office prior to the Receivership Entities' move to Turtle Creek.  My counsel requested that Barton notify the individual who purportedly owned the prints about the auction and provide contact information for that individual.  Exh. A- 8. As of the date of this Declaration, I still have not received this information from Barton.

35.      I have separately researched the whereabouts of this individual and have independently communicated with his prior counsel and a member of his family.  To the extent this individual confirms his ownership of the property, these items will be pulled from the auction.

36.     All documents (including corporate formation binders) and electronic storage devices (e.g., computers and thumb drives), located at the Turtle Creek office will not be included in the auction.   Instead, these have been or are in the process of being moved to storage by professional packers and movers.

**E.     The Auction is in the Best Interest of the Receivership Estate**

37.     Pursuant to the HN Settlement, which I continue to believe is in the best interests of the Receivership, the Receivership Entities must vacate the Office no later than  June 9, 2023. Had the HN Settlement not occurred, however, I would nonetheless have needed to vacate the Office to either elminate a claim by HN Capital that the Receivership Estate owed rent or lease payments for continuing to occupy the Office, or to lease the Office to a third-party and thereby generate income (or minimize losses to the Receivership).

38.     Other than the Defendant Barton, I am unaware of any other person with a claim to any of the property included in the auction.

39.     I declare under penalty of perjury that the foregoing is true and correct. Executed on May 3, 2023.

 _/s/ Cortney C. Thomas_
CORTNEY C. THOMAS, RECEIVER

8

# EXHIBIT A-1

APP010



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

February 13, 2023

**Via email** (victorialynnbarton@gmail.com)
Victoria Barton

RE: No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*

Ms. Barton:

I am writing to address issues regarding retrieval of personal property. The Receiver and his counsel have previously requested, on multiple occasions, documentation detailing any personal property you claim belongs to you and is located at the Receivership Properties. To date, we have not received such a list. While the Receiver has previously permitted the supervised removal of personal property from 4107 Rock Creek Drive and 2999 Turtle Creek Boulevard on multiple occasions, continued piecemeal efforts are inefficient and waste Receivership resources.

To most efficiently and finally deal with claims regarding personal property, please provide, within ten (10) business days of receipt of this letter, (1) a list of all personal property you claim is currently in the Receiver's possession and, (2) proof of ownership, through either (a) a receipt or other sufficient proof of purchase or (b) a sworn statement that the item(s) are your personal property and that you own the property. For each item you received after March 1, 2017, if any, please include a sworn statement that the item was neither purchased with any Receivership Entity funds, nor a gift from Timothy Barton or any Receivership Entity. As we have done with every other party requesting personal property, we will analyze the documentation provided and respond in due course on whether the property may be retrieved and to schedule a time for retrieval of approved items.

Please advise any family, friends, or acquaintances who claim to have personal property in the Receiver's possession they must follow the same procedure outlined above.

If you have any questions or comments regarding this matter, feel free to contact me at 214-367-6091 or at tim@brownfoxlaw.com.

Sincerely,

Tim Wells

Tim Wells

APP011



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

February 13, 2023

**Via Email**
**samuel.ramer@nortonrosefulbright.com**
Samuel Ramer
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 2001

**Via Email**
**nathan.baum@nortonrosefulbright.com**
Nathan Baum
Norton Rose Fulbright US LLP
2200 Ross Ave, Suite 3600
Dallas, TX 75201

RE:  No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*

Mr. Barton:

I am writing to address issues regarding retrieval of personal property.  The Receiver and his counsel have previously requested, on multiple occasions, documentation detailing any personal property you claim belongs to you and is located at the Receivership Properties.  To date, we have not received such a list.  While the Receiver has previously permitted the supervised removal of personal property from 4107 Rock Creek Drive and 2999 Turtle Creek Boulevard on multiple occasions, continued piecemeal efforts are inefficient and waste Receivership resources.

To most efficiently and finally deal with claims regarding personal property, please provide, within ten (10) business days of receipt of this letter, (1) a list of all personal property you claim is currently in the Receiver's possession and, (2) proof of ownership, through either (a) a receipt or other sufficient proof of purchase or (b) a sworn statement that the item(s) are your personal property and that you own the property.  For each item you received after March 1, 2017, if any, please include a sworn statement that the item was neither purchased with any Receivership Entity funds, nor a gift from Timothy Barton or any Receivership Entity. As we have done with every other party requesting personal property, we will analyze the documentation provided and respond in due course on whether the property may be retrieved and to schedule a time for retrieval of approved items.

Please advise any family, friends, or acquaintances who claim to have personal property in the Receiver's possession they must follow the same procedure outlined above.

APP012

February 13, 2023
Page 2

If you have any questions or comments regarding this matter, feel free to contact me at 214-367-6091 or at tim@brownfoxlaw.com.

Sincerely,

Tim Wells

Tim Wells

APP013



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

February 13, 2023

**Via Email (medney@huntonak.com)**
Michael Edney
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

**Via Email (thuffman@huntonak.com)**
Ted Huffman
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

**Via Email (mdingman@huntonak.com)**
Michael Dingman
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

RE: No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*

Mr. Barton:

I am writing to address issues regarding retrieval of personal property. The Receiver and his counsel have previously requested, on multiple occasions, documentation detailing any personal property you claim belongs to you and is located at the Receivership Properties. To date, we have not received such a list. While the Receiver has previously permitted the supervised removal of personal property from 4107 Rock Creek Drive and 2999 Turtle Creek Boulevard on multiple occasions, continued piecemeal efforts are inefficient and waste Receivership resources.

To most efficiently and finally deal with claims regarding personal property, please provide, within ten (10) business days of receipt of this letter, (1) a list of all personal property you claim is currently in the Receiver's possession and, (2) proof of ownership, through either (a) a receipt or other sufficient proof of purchase or (b) a sworn statement that the item(s) are your personal property and that you own the property. For each item you received after March 1, 2017, if any, please include a sworn statement that the item was neither purchased with any Receivership Entity funds, nor a gift from any Receivership Entity. As we have done with every other party requesting personal property, we will analyze the documentation provided and respond in due course on whether the property may be retrieved and to schedule a time for retrieval of approved items.

Please advise any family, friends, or acquaintances who claim to have personal property in the Receiver's possession they must follow the same procedure outlined above.

APP014

February 13, 2023
Page 2

If you have any questions or comments regarding this matter, feel free to contact me at 214-367-6091 or at tim@brownfoxlaw.com.

Sincerely,

Tim Wells

# EXHIBIT A-2

APP016

# ⋀ ÑORTON ROSE FULBRIGHT

March 1, 2023

**By Electronic Mail: tim@brownfoxlaw.com**

Tim Wells
BROWN FOX
8111 Preston Road
Suite 300
Dallas, Texas 75225

Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
United States of America

**Samuel R. Ramer**
**Partner**
Direct line +1 202 662 0214
samuel.ramer@nortonrosefulbright.com

Tel +1 202 662 0200
Fax +1 202 662 4643
nortonrosefulbright.com

Re:    No. 3:22-CV-2118-X; Securities and Exchange Commission v. Timothy Barton, et al., in the United States District Court for the Northern District of Texas, Dallas Division—**Max Barton's Response to February 13, 2023 Correspondence**

Dear Mr. Wells:

I am in receipt of your correspondence, dated February 13, 2023 (the "Correspondence"), requesting additional information regarding Max Barton's personal property items located at properties currently controlled by the Receiver in this matter. In response to the requests contained in the Correspondence, please find Exhibit A enclosed with this letter detailing the assorted items of Max Barton's personal property located at 4107 Rock Creek Property (the "Rock Creek Property") and 2999 Turtle Creek Property (the "Turtle Creek Property"). Overall, the items that remain at the Rock Creek Property or Turtle Creek Property do not have significant monetary value and are personal items that have belonged to Max Barton for years.

Due to the nature of these items and the length of time Max Barton has owned them, it has been difficult to obtain receipts or other ownership records for his personal property items located at the Rock Creek Property or the Turtle Creek Property. Respectfully, we dispute the need for Max Barton to provide an affidavit as to the ownership of the items under these circumstances. Several of the items are quite old, obviously personal, and visibly belong to Max Barton.

Accordingly, please provide dates on which Max Barton would be able to collect the items of personal property listed in Exhibit A from the Rock Creek Property and the Turtle Creek Property. Should you have any questions regarding the contents of this letter, the declaration, or to schedule a time for Max Barton to collect these items, you may reach me by phone at (202) 662-0214 or by email at samuel.ramer@nortonrosefulbright.com.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.                134891413.1

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP, and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Charlene Koonce
February 1, 2023
Page 2

NORTON ROSE FULBRIGHT

Regards,

*/s/ Samuel R. Ramer*

Samuel R. Ramer

SRR/BRL

134891413.1

APP018

# Exhibit A

| Item Number | Location | Item Description |
|---|---|---|
| 1 | 4107 Rock Creek Property | 20 to 50 Books on bookshelf |
| 2 | 2999 Turtle Creek Property | Oklahoma Joe BBQ Grill located outside behind building 2 |
| 3 | 2999 Turtle Creek Property | Furniture in garage. 2 armoires, dinning room table and chairs, bookshelf. |
| 4 | 2999 Turtle Creek Property | Miscellaneous remaining items in garage storage room |
| 5 | 2999 Turtle Creek Property | Personal items in my office on my desk, in a blue bucket and on the table behind my desk. |
| 6 | 2999 Turtle Creek Property | Desktop Computer System - This item was upgraded to accommodate CAD software required when Max Barton was studying engineering. |
| 7 | 2999 Turtle Creek Property | Trailer |
| 8 | 2999 Turtle Creek Property | John Deere 790 |
| 9 | 2999 Turtle Creek Property | Spare Tires |
| 10 | 2999 Turtle Creek Property | Miscellaneous Car Parts |
| 11 | 2999 Turtle Creek Property | Personal Records: Birth Certificate, Social Security Card, Vehicle Registration, etc. |
| 12 | 2999 Turtle Creek Property | Business Records for Entities Belonging to Max Barton |

# EXHIBIT A-3



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

March 7, 2023

**Via Email**
**samuel.ramer@nortonrosefulbright.com**
Samuel Ramer
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000
Washington, DC 2001

**Via Email**
**nathan.baum@nortonrosefulbright.com**
Nathan Baum
Norton Rose Fulbright US LLP
2200 Ross Ave, Suite 3600
Dallas, TX 75201

**Via Email**
**christopher.cooke@nortonrosefulbright.com**
Christopher Cooke
Norton Rose Fulbright US LLP
111 W Houston Street, Suite 1800
San Antonio, TX 78205

**Via Email**
**barbara.light@nortonrosefulbright.com**
Barbara Light
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

RE: No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*

Dear Mr. Ramer,

I am in receipt of your letter dated March 1, 2023, including Exhibit A, detailing Max Barton's purported personal property. While some of the items listed in Exhibit A are clearly Max Barton's, for example his birth certificate and social security card, ownership of many of the other items is not as clear. While these items may ultimately be personal property, the Receiver disputes that certain items that hold value—such as a trailer (Item 7), a John Deere 790 (Item 8), and spare tires (Item 9)—are so clearly personal that Max Barton should not have to provide proof of ownership or a sworn statement that they are his personal property and were not purchased with Receivership Entity-funds. Further, several of the items are not sufficiently identified for the Receiver to determine whether he has them in his possession. Examples include the furniture in Item 3, the vehicle registration listed in Item 11, and the business records for unidentified "entities belonging to" Max Barton (Item 12).

The Receiver's offer to allow Max Barton to provide a sworn statement in lieu of evidence of his personal ownership acknowledged that Max Barton might not have proof of ownership for certain personal items. Nevertheless, the Receiver will agree no declaration is required for Max Barton to retrieve items of personal property that have little or no value. These items are limited to (1) personal records with Max Barton's name on the document located in Max Barton's office

APP021

March 7, 2023
Page 2

after a reasonable search by the Receiver's team;[1] (2) business records for non-Receivership Entities belonging to Max Barton, provided that Max Barton must provide a list of such entities, and the Receiver must confirm that any such entities are not Receivership Entities; (3) the books listed in Item 1 in Exhibit A and located at 4107 Rock Creek (which Max Barton previously identified to the Receiver); and (4) personal items from Max Barton's office at 2999 Turtle Creek after a reasonable search by the Receiver's team. The Receiver and his team will gather the items listed above and allow Max Barton to retrieve them at a mutually agreed place and time.

To retrieve any remaining items on Exhibit A, Max Barton must provide a sworn statement as explained in my February 13, 2023 letter, including a detailed description of the items and their specific location.[2]

If you have any questions regarding this letter, or to provide the information requested above, please feel free to contact me at 214-367-6091 or tim@brownfoxlaw.com.

Sincerely,

Tim Wells

Tim Wells

---

[1] We have already performed a preliminary search of Max Barton's office for the birth certificate and social security card related to prior requests by Max Barton, but to date have not located the documents.

[2] In addition to the sworn statement, we need the specific location of Item 3 (where in the garage is the described furniture), Item 4 (which garage storage room—i.e., the room directly below Max Barton's office or a different location), and Item 10 (where are the miscellaneous car parts located). As to Item 6 (the desktop computer), we cannot turn over any computers that were used in connection with work for the Receivership Entities at this time.

APP022

# EXHIBIT A-4

APP023

**From:** Huffman, Ted <THuffman@hunton.com>
**Sent:** Tuesday, March 21, 2023 12:16 PM
**To:** Cort Thomas <cort@brownfoxlaw.com>
**Cc:** Tim Wells <tim@brownfoxlaw.com>
**Subject:** Personal Property

Cort,

Following up a recent phone call, attached is the requested list of personal property that the client has asked to be returned. I understand that the receivership does not currently intend to return furniture, but hopefully there are a number of other items that can be resolved sooner than later. If you guys have any questions, please do not hesitate to call.

1

APP024

Thanks,
Ted



**Ted A. Huffman**
Associate
thuffman@hunton.com
p 214.979.2944
bio | LinkedIn | vCard

Hunton Andrews Kurth LLP
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202

HuntonAK.com

This communication may include confidential or privileged information. If you are not an intended recipient, please advise by return email immediately and then delete this message, including all copies and backups.

2

APP025

**Turtle Creek Offices**

In general, many of the items in the Turtle Creek office would have been moved from prior offices and owned for over ten years.

Mr. Barton seeks to pick up or have at least the following returned:

- All items in cabinets and on walls in T. Barton's office
- All items in T. Barton's desk
- All items in cabinet (including liquor)
- Clothes and all items in bathroom of T. Barton's office
- Round table chairs and desk (personal gifts from Mr. Gene Phillips)
- All pictures in K. Walji's office
- Kitchen coffee machine and nutribullet
- Kitchenware, including glasses and cups
- Vitamins and any remaining non-perishable food
- All items in drawers and cabinets of T. Barton's assistant's office (note: this is the office with window)
- Green jacket and other items in cigar room (note: the cabinet on wall, when walking in on the left, has a door that pops open when pushed, with cigar collection inside)
- Three beds, white couch, and bedding/sheets on second floor
- Garage items (including large wooden dining room table and two armoires) – there should be other personal items purchased from 2000s here
- There are items in the corner of security office that M. Barton can identify as from his mother's house
- Dining room table with rose granite by lawyer's office (from T. Barton's personal house)

This list is notably limited by personal memory. There are other personal items that likely could be identified if Mr. Barton were permitted to walk the building.

APP026

**Rock Creek House**

In general, items were moved into the Rock Creek house were from a previous house. There should not be any major items in house acquired within the last two years, other than food, perishables, and other smaller items. Many items were acquired at least five, if not ten or more, years ago. All of the personal property in the home is believe to be personal, and not receivership property.

Below is a list of what Mr. Barton believes likely still exists. The list is limited by personal memory.

- M. Barton's and T. Barton's books
- Beds, mattresses, and sheets from rooms of T. Barton, M. Barton, and V. Barton, and from guest room
- Cleaning items and vacuum cleaner
- Kitchen items (including pots, pans, dishes, knives, refrigerator, silverware, coffee makers/expresso machine, nutribullet blender, juice maker/juice machine, cooking tools, toaster oven, microwave, waffle machine, etc.) – some kitchen tools and items may be in the kitchen closet
- Medicine in refrigerator
- Any remaining non-perishable food items, spices, and liquor
- Vitamins
- Foot massage machine
- Clothes
- V. Barton items (including bed, end tables, chairs, couch, refrigerator, items under V. Barton stairs, items in V. Barton kitchen, etc.)
- Any personal items located in drawers and closets
- Personal items outside (ladders, cabinets, tools, etc.)
- Personal items that were stored in cabinets and drawers
- Bathroom items (trash cans, toiletries, brushes, toiletries, towels, floor mats, etc.)
- Barbecue (in backyard)
- Outdoor chairs and couch
- Leaf blower
- Any fans
- Furniture (including white iron bench outside; lawn chairs outside; bookshelves; chairs and cabinets near kitchen breakfast area; dining room table and chairs; dining room hutch; minibar cabinet; table and chairs between kitchen and living room area; couches, chairs, and coffee table; etc.)
- Televisions
- Cigar collection (including cutters and trays)
- Any personal art, statues, or figurines (e.g., Chinese warrior wooden statues)
- Items hanging on walls (e.g., framed photographs)
- All personal mail directed to or belonging to T. Barton, M. Barton, or V. Barton

# EXHIBIT A-5



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

March 29, 2023

**Via Email (thuffman@huntonak.com)**
Ted Huffman
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

> RE:    No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Huffman:

I am in receipt of your email dated March 21, 2023, which included a list of Tim Barton's purported personal property. Because 2999 Turtle Creek (the "Turtle Creek Property") was used as an office building for the Receivership Entities, the Receiver presumes the items in the Turtle Creek Property are owned by the businesses located there. In my February 13, 2023 letter, I explained that to retrieve personal property Mr. Barton needs to provide a list of his personal property and a declaration or purchase evidence verifying that the items to be retrieved are personal property. You have provided a list, but no declaration or purchase evidence. Unless Mr. Barton can provide a declaration or purchase evidence, the items on the list are still presumed to be Receivership Property. Nevertheless, the Receiver is willing to gather and provide the following clearly personal items from the Turtle Creek Property:

- Clearly personal items in cabinets and on walls in T. Barton's office
  - *The walls have been bare since the Receiver took possession.*
- Clearly personal items in T. Barton's desk
- Clothes and all clearly personal items in bathroom of T. Barton's office
- All pictures in K. Walji's office
  - *There are no pictures in K. Walji's office. There are pictures in the closet near K. Walji's office, and the Receiver will provide those.*
- Vitamins
- Green jacket in cigar room
  - *Virtually all cigars were taken from the Turtle Creek Property and 4107 Rock Creek before the Receiver took possession of the Receivership Properties.*

Mr. Barton can then retrieve the gathered items at a mutually agreed place and time.

APP029

March 29, 2023
Page 2

As detailed in my February 13, 2023 letter, to retrieve any other items, Mr. Barton must provide proof of ownership, through either (a) a receipt or other sufficient proof of ownership or (b) a declaration that the item(s) are his personal property and that the property was not purchased with any Receivership Entity funds, nor a gift from any Receivership Entity.

As I have communicated in my correspondence with V. Barton, and counsel for M. Barton, any other individuals claiming to have personal property in the Turtle Creek Property must contact the Receiver, through his counsel, and provide the same proof of personal ownership, through purchase evidence or declaration as explained above.

In accordance with the Order Governing Administration [Dkt. 63], we are in the process of retaining an auctioneer to sell the contents of the Turtle Creek Property, with the sale to occur no later than April 24, 2023. To allow sufficient time for the auctioneer to inventory and market the sale items, please provide any purchase evidence or declaration as soon as possible so that the items listed above, and any other proven personal items, can be scheduled for pick up before 12:00 pm on April 10, 2023.

Sincerely,

Tim Wells

Tim Wells

cc:    Michael Edney
       Michael Dingman

APP030

# EXHIBIT A-6

APP031

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Thursday, April 20, 2023 10:09 AM
**To:** Huffman, Ted <THuffman@hunton.com>
**Cc:** Edney, Michael <MEdney@huntonak.com>; victorialynnbarton@gmail.com <victorialynnbarton@gmail.com>;
nathan.baum@nortonrosefulbright.com <nathan.baum@nortonrosefulbright.com>;
samuel.ramer@nortonrosefulbright.com <samuel.ramer@nortonrosefulbright.com>;
christopher.cooke@nortonrosefulbright.com <christopher.cooke@nortonrosefulbright.com>; Tim Wells
<tim@brownfoxlaw.com>
**Subject:** FW: Link to pictures for auction

Caution: This email originated from outside of the firm.

All:  To minimize the fees both sides are continuing to spend on these issues and although we contend receipts or a declaration should be provided for all, see our response to the list you provided previously.  Except as conditioned below, we agree to allow Mr. Barton to recover the items identified below.

Also, as we have discussed, a link to the auctioneer's photos of the contents of Turtle Creek is included below.  By 5 p.m. on Monday, please identify by lot # any additional items in these photos that Mr. Barton, Max, or Victoria contend are their own personal property.  For any additional items identified from these photos, (ie., not identified in the list you previously provided) unless the item is inherently personal, we will need a receipt showing purchase was on a personal credit card or from personal funds or a sworn statement to that effect or otherwise explaining the origin (a gift for instance).

- All items in cabinets and on walls in T. Barton's office
    Agree; Everything unless clearly business
- All items in T. Barton's desk
    Agree; Everything except pens and business papers

2

APP032

- All items in cabinet (including liquor)
  - Agree as to the liquor (opened and unopened)
- Clothes and all items in bathroom of T. Barton's office
  - Agree
- Round table chairs and desk (personal gifts from Mr. Gene Phillips)
  - We need you to identify these items with the lot # from the photos, and we need a sworn statement from someone that this was a gift, as well as the approximate date of the gift.
- All pictures in K. Walji's office
  - There were no pictures in his office; but we will turn over pictures that were in a nearby closet
- Kitchen coffee machine and nutribullet
  - Appears to belong to business; Need receipts or declaration
- Kitchenware, including glasses and cups
  - Appears to belong to business; Need receipts or declaration
- Vitamins and any remaining non-perishable food
  - Agree
- All items in drawers and cabinets of T. Barton's assistant's office (note: this is the office with window)
  - Agree; everything unless clearly business
- Green jacket and other items in cigar room (note: the cabinet on wall, when walking in on the left, has a door that pops open when pushed, with cigar collection inside)
  - Agree re green jacket; yes on four cigars located in the office; need receipt or declaration for anything else
- Three beds, white couch, and bedding/sheets on second floor
  - Agree re mattresses and bedding; need receipt or declaration for anything else
- Garage items (including large wooden dining room table and two armoires) – there should be other personal items purchased from 2000s here
  - Yes on large wooden dining table and chairs (lot 598) and armoires (614 and 615); otherwise need to know item numbers and description of any other items
- There are items in the corner of security office that M. Barton can identify as from his mother's house
  - Need to know item number; possibly need receipt or declaration, depending on nature of item
- Dining room table with rose granite by lawyer's office (from T. Barton's personal house)
  - Need to know item number; need receipt or declaration

Here's the link: DFW Auction House Court Ordered Liquidation | HiBid Auctions | TEXAS

Thank you.

 **CHARLENE KOONCE**
Partner

⊚ 8111 Preston Road
   Suite 300
   Dallas, Texas 75225

📧 214.327.5000
📞 214.367.7503

3

APP033

# EXHIBIT A-7

**From:** Edney, Michael <MEdney@huntonak.com>
**Sent:** Friday, April 21, 2023 1:03 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>; Huffman, Ted <THuffman@hunton.com>
**Cc:** victorialynnbarton@gmail.com; nathan.baum@nortonrosefulbright.com; samuel.ramer@nortonrosefulbright.com; christopher.cooke@nortonrosefulbright.com; Tim Wells <tim@brownfoxlaw.com>
**Subject:** Re: Link to pictures for auction

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Dear Ms. Koonce:

We believe that this auction requires Court approval and should await the resolution of the appeal regarding the Receiver's appointment and authorities (to be argued May 1, 2023) or at least the Receiver's motion to the District Court seeking approval of the sale of the Turtle Creek property. These items include many personal items and assumes that Mr. Barton's corporate entities will never be returned to him and resume business, which is far from certain and, in fact, the entire point of this litigation. An auction on April 24, with hardly any notice, is completely unnecessary. We ask that you delay it.

We hope involving the Court in this issue will be unnecessary. Pursuant to the rules of the Court, however, we are meeting and conferring with you on motion practice that may have to arise from these issues. If necessary, we will seek relief to stop this sale if it is not postponed (reserving all rights that the Receiver should have sought Court approval, rather the Defendant having to seek relief). We will do so by seeking a temporary restraining order, a preliminary injunction, or through other forms of relief sufficient to stop or delay the sale. At a minimum, we request that you delay the auction until the Court has had a chance to rule on our motion to stop it. (Any other course, will require a temporary restraining order application or other highly expedited motion and hearing practice before the Court.)

1

APP035

As you know, the Court has expressed concerns about the handling of personal property. We have tried to resolve these issues with you, to no avail, and regret that the parties cannot keep their focus on matters material to the economic value of the estate, rather than of particular personal pain to the Defendant. We remind the Receiver that its legal mandate is to preserve the status quo pending final resolution of the merits of the underlying matter, not to presume an outcome and start liquidating the Defendant's business.

Please let me know the Receiver's position on these requests for relief by the close of business today.

My very best regards,

Michael J. Edney
Hunton Andrews Kurth LLC
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 778-2204
medney@huntonak.com

---

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Thursday, April 20, 2023 10:09 AM
**To:** Huffman, Ted <THuffman@hunton.com>
**Cc:** Edney, Michael <MEdney@huntonak.com>; victorialynnbarton@gmail.com <victorialynnbarton@gmail.com>; nathan.baum@nortonrosefulbright.com <nathan.baum@nortonrosefulbright.com>; samuel.ramer@nortonrosefulbright.com <samuel.ramer@nortonrosefulbright.com>; christopher.cooke@nortonrosefulbright.com <christopher.cooke@nortonrosefulbright.com>; Tim Wells <tim@brownfoxlaw.com>
**Subject:** FW: Link to pictures for auction

Caution: This email originated from outside of the firm.

All: To minimize the fees both sides are continuing to spend on these issues and although we contend receipts or a declaration should be provided for all, see our response to the list you provided previously. Except as conditioned below, we agree to allow Mr. Barton to recover the items identified below.

Also, as we have discussed, a link to the auctioneer's photos of the contents of Turtle Creek is included below. By 5 p.m. on Monday, please identify by lot # any additional items in these photos that Mr. Barton, Max, or Victoria contend are their own personal property. For any additional items identified from these photos, (ie., not identified in the list you previously provided) unless the item is inherently personal, we will need a receipt showing purchase was on a personal credit card or from personal funds or a sworn statement to that effect or otherwise explaining the origin (a gift for instance).

• All items in cabinets and on walls in T. Barton's office
    Agree; Everything unless clearly business
• All items in T. Barton's desk
    Agree; Everything except pens and business papers

2

APP036

- All items in cabinet (including liquor)
    Agree as to the liquor (opened and unopened)
- Clothes and all items in bathroom of T. Barton's office
    Agree
- Round table chairs and desk (personal gifts from Mr. Gene Phillips)
    We need you to identify these items with the lot # from the photos, and we need a sworn statement from someone that this was a gift, as well as the approximate date of the gift.
- All pictures in K. Walji's office
    There were no pictures in his office; but we will turn over pictures that were in a nearby closet
- Kitchen coffee machine and nutribullet
    Appears to belong to business; Need receipts or declaration
- Kitchenware, including glasses and cups
    Appears to belong to business; Need receipts or declaration
- Vitamins and any remaining non-perishable food
    Agree
- All items in drawers and cabinets of T. Barton's assistant's office (note: this is the office with window)
    Agree; everything unless clearly business
- Green jacket and other items in cigar room (note: the cabinet on wall, when walking in on the left, has a door that pops open when pushed, with cigar collection inside)
    Agree re green jacket; yes on four cigars located in the office; need receipt or declaration for anything else
- Three beds, white couch, and bedding/sheets on second floor
    Agree re mattresses and bedding; need receipt or declaration for anything else
- Garage items (including large wooden dining room table and two armoires) – there should be other personal items purchased from 2000s here
    Yes on large wooden dining table and chairs (lot 598) and armoires (614 and 615); otherwise need to know item numbers and description of any other items
- There are items in the corner of security office that M. Barton can identify as from his mother's house
    Need to know item number; possibly need receipt or declaration, depending on nature of item
- Dining room table with rose granite by lawyer's office (from T. Barton's personal house)
    Need to know item number; need receipt or declaration

Here's the link: <u>DFW Auction House Court Ordered Liquidation | HiBid Auctions | TEXAS</u>

Thank you.

 **CHARLENE KOONCE**
Partner

⊙  8111 Preston Road
    Suite 300
    Dallas, Texas 75225

▥  214.327.5000
☏  214.367.7503

APP037

# EXHIBIT A-8

APP038

**From:** Charlene Koonce
**Sent:** Tuesday, April 25, 2023 4:18 PM
**To:** timothy.barton@proton.me
**Cc:** Edney, Michael <MEdney@huntonak.com>; Huffman, Ted <THuffman@hunton.com>;
samuel.ramer@nortonrosefulbright.com; nathan.baum@nortonrosefulbright.com; Victoria Barton
<victorialynnbarton@gmail.com>; Tim Wells <tim@brownfoxlaw.com>; christopher.cooke@nortonrosefulbright.com
**Subject:** FW: personal property

Mr. Barton, Thank you for your email. Because your counsel was copied on your email, we assume we have his
permission to respond directly. First, with respect to your complaints about items that have a low value, while the Order
Establishing Administrative Procedures authorizes the Receiver to abandon any item with a value of less than $1,500, he

1

APP039

is not required to abandon such items.  Thus, the auctioneer—who is not paid hourly but, consistent with industry standards, is paid a commission—is authorized to attempt to sell any item that is not excluded from the auction, if he believes he can.  Items from your list that we believe fall in this category are as follows:  10, 37, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 58, 62, 64, 65, 66, 67, 72, 73, 74, 75, 76, 77, 81, 83, 89, 90, 92, 234, 397.

We agree the following items appear to be inherently personal, and thus agree to withdraw these items from the auction: 16, 17, 18, 21, 27, 28, 183, 414, 512, 709, 722, 768, 771, 948, 1147.

With respect to your contention that certain items are your personal property rather than Receivership Entity assets, as stated in two letters from Tim Wells and in my initial email to your counsel, for any items that are not inherently personal and for which no receipts are provided, we need a sworn statement that the items are both your personal property and that they were not purchased with Receivership Funds or a gift from any Receivership Entity after March 1, 2017. This sworn statement can come from you or from anyone else having knowledge of the ownership of these items (given your email, we assume there should not be any issue with you simply including the above language and affixing a jurat).  To date, however, we have not received a Declaration from you or anyone else who purports to have personal knowledge as to the ownership of any of the items you describe below.  Accordingly, for the lot #'s listed below, we must receive such a Declaration or evidence. Please provide the amended declaration by the end of Thursday, 4/27: 9, 60, 70, 101, 154, 164, 169, 170, 173, 176, 197, 202, 281, 282, 407, 433, 509, 582, 583, 584, 587 (space heater), 618, 711, 725, 745, 795, 797, 911, 917.

With respect to the items you contend are owned by Shaul Baruck (547, 554, 555, 556, 557) this is the first we have heard that these items belong to someone else.  On the contrary, we were informed these items were used in the Whittington office. Please provide Mr. Baruck's contact information and as we have stated previously, please notify him of the auction and provide our contact information to him as well.

Victoria has provided the evidence we have requested with respect to the following lots, and we will remove these from the auction:  598, 613, 614, 615.

Please let us know if you believe we are missing any lots from your list.

**From:** Tim Barton <timothy.barton@proton.me>
**Date:** April 24, 2023 at 4:59:53 PM CDT
**To:** Cort Thomas <cort@brownfoxlaw.com>, Ted Huffman <THuffman@hunton.com>, Michael Edney <medney@huntonak.com>
**Subject: Fwd: personal property**

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Cort

As Mr Edney is traveling and your past experience of deadlines no one agrees to I am sending this as my lawyer is out

Sent from ProtonMail Mobile

2

APP040

---------- Forwarded message ----------
From: Tim Barton<timothy.barton@proton.me>
Date: On Mon, Apr 24, 2023 at 4:55 PM
Subject: Fwd: personal property
To: Michael Edney <MEdney@huntonak.com>,Ted Huffman <THuffman@hunton.com>
Cc:
Ted


The following response I am giving in contesting the auction

Lot 9 is  Sonos Speaker there should be 6 that i bought personally ( all proof has
been seized by receiver and locked in Building at 2999. Receiver refuse to allow my
entry to secure records of proof)
Lot 17 a  gift given to me by President Donald Trump( same as above)
Lot 16 is property of the Academy as a board member these samples were given to
me in my personal capacity ( same as above )
Lot 10 is a trash can and i object to anything being auctioned off below $1,500 and is
a waste of estate coast should be billed back to receiver
lot 17 is a gift ( same as above )
lot 18 gift from Justice dimound from Nigeria (same as above)
lot 21 same as above academy samples
lot 27 and 28 personal of mine less than $1,500
lot 36 objection as less than 1.500 and waste to estate
lot 37 less than 1,500
lot 39 and 40 below minimum
lot 41 and 42,43,44,46,47,48,49,51,5253,54,55,56,58, below minimum
Lot 60 TV personal bought at auction. Proof in building seized by receiver
lot 62 ,6465,66,67,
Lot 70 property of Max Barton paid by Tim Barton
lot  72, below minimum
Lot 73 example of the experience of receiver and its air popcorn plan below minimum
lot 74,75,76,77,81,8389,90,92 below minimum
lot 101 gift from Gene Phillips records in building of 2999 blocked by receiver
Object to any lot that is not valued $1,500 which appears to be 65% of lot numbers.
request a new list after all items below $1,500 apear per cort order

Lot 154 personal bought by tim barton for $650 proof in building blocked by receiver
to get proof
lot 164 gift by Gene Phillips proof in building blocked by receiver
lot 169,170 property of Victoria Barton
lot 173 gift by gene Philips same as above
lot 176 gift gene Phillip same as above
lot 183 gift from mandarin hotel to tim barton  ore example of wasting resource
lot 197 gift from Mark hall proof in building same as above
lot 202 personal  of tim barton proof in building blocked same as above
lot 234 picture of jmj project another example of waste of resource by receiver
lot 281 gift to tim barton for birthday 2014
lot 282 personal juicer of tim barton below minimum
lot 397 personal picture of lava taken on trip in 2010 same as above
lot 407 gift to tim barton 2011 proof in building same as above
lot 414 given to tim barton by dr luke for medical treatment
lot 433 personal table of tim barton bought 2004
lot 509 personal couch of tim barton from house on village spring 2004
lot 512 max barton

3

APP041

lot 547 personal property of shaul Baruch proof locked in building 2999

lot 554,555,556,557 same as above shaul baruch

lot 582 property of Max barton

lot 583 and 584 property of max barton

lot 587 need better picture or explanation

lot 598 victoria barton

lot 613,614 victoria barton

lot 615 victoria barton

lot 618 max barton

lot 709,711 , 722,725,726 ,745 max barton

lot 768,771 personal gift to tim barton proof in building 2999

lot 795 , 797 peronasl table tim barton from village springs 2004 proof in building 2999

lot 911 conference table gift from gene phillips proof in building 2999

lot 917 bought cash $1,000 when he lost his job and need funds by tim barton proof in building

lot 948 bithday gift to tim barton

lot 1147 personal bed of tim barton from village spring house proof in building 2999 held by receiver

The above is the best response based on receiver refusing my inspection of my property and the fact that all records and file are being held by reviser and not allowing my access to my files.

Further in full objection as the receiver is required to provide tracing that any items are property of any entity. Further as the receivership order is on appeal and so the judge order is not final and so receiver has no authority that is final to sell any items. Further the artificial deadline of today at 5pm is not valid as the court was notified of sale on Friday and under our objection.

The waste of time and resource by receiver is extremely shown in the lots that have basically zero value such as trash cans pop corn and the rest.

If the need is to vacate the building Tim Barton is in agreement to remove all items and remove the cost and resource to do such at any date agreed.

In addition we request a estimate from auction house as to estimate proceeds

We also not there are items that are in the building but not shown to be autioned please send a list and notice where they are such as the Baccus statue

Sent with Proton Mail secure email.

4

APP042

# EXHIBIT A-9

**From:** Charlene Koonce
**Sent:** Tuesday, April 25, 2023 4:24 PM
**To:** Victoria Barton <victorialynnbarton@gmail.com>; Edney, Michael <MEdney@huntonak.com>
**Cc:** Huffman, Ted <THuffman@hunton.com>; nathan.baum@nortonrosefulbright.com; samuel.ramer@nortonrosefulbright.com; christopher.cooke@nortonrosefulbright.com; Tim Wells <tim@brownfoxlaw.com>
**Subject:** RE: Link to pictures for auction

Thank you, Victoria. (For some reason this email went to my junk mail).

We will remove each item in the lots identified below, including lot 1137. If there is any PII included in the materials in lot 1137, it will not be disclosed because the lot will be pulled from the auction. Likewise, no PII is disclosed in the photo (which will nonetheless be removed from the auction website).

**From:** Victoria Barton <victorialynnbarton@gmail.com>
**Sent:** Monday, April 24, 2023 12:26 PM
**To:** Edney, Michael <MEdney@huntonak.com>
**Cc:** Charlene Koonce <charlene@brownfoxlaw.com>; Huffman, Ted <THuffman@hunton.com>; nathan.baum@nortonrosefulbright.com; samuel.ramer@nortonrosefulbright.com; christopher.cooke@nortonrosefulbright.com; Tim Wells <tim@brownfoxlaw.com>
**Subject:** Re: Link to pictures for auction

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Charlene -

See below and attached for the items that I request be excluded from the sale if the sale should happen.

Lot 186: Please see attached document "Proof of Purchase - Lot 186" for my personal bank statement showing the transaction for the purchase of the pen from Kelly Mitchell Jewelry located at 4256 Oak Lawn, Dallas TX 75219. Transaction is located on page 4 of 11.

Lot 613, 614, 615, and 598: Please see attached document labeled "Affidavit - Lot 613 614 615 598".

1

APP044

Lot 169, 170: Please see attached document labeled "Affidavit - Lot 169 & 170".

Lot 1137: This item is still posted and live on the website. The front of my notebook says "V Strategies" which is my personal LLC. I once again request that this personal information be blurred or removed immediately as previously requested. Additionally, the folder in the photo clearly says "loan docs" which makes me think that there is Personal Identifiable Information (PII) in that folder. I do not want my personal information posted on a public website especially when the court has yet to provide approval for this auction. This auction house is taking pictures of old popcorn boxes and diet coke cans - what do you think they will do with my personal information? I hope you can understand my concern here especially considering I just left government service not long ago - I am not sure if my notebooks (unclassified) are in there or not.

Victoria

APP045

April 24, 2023

To whom it may concern:

This affidavit is made for the purpose of confirming the items listed and described below are personal items/gifts.

The items in lot 613 were gifted to me from Tim Barton when we were still married.

The item 614 was purchased in the 1990s and gifted to me while I was married to Tim Barton

Lot 615 was purchased to match lot 598.

The table and chairs from lot 598 was purchased in early 2000s when I was married to Tim Barton. The chair and tables were designated as mine during the divorce. I would like to have those returned to me.

The undersigned hereby declares under penalty of perjury that the foregoing statements are true and correct.


Martine Barton


APP046

This affidavit is made for the purpose of confirming that the brown chairs in lot 169 and 170 based on my personal knowledge were made by me and gifted to Victoria Barton, Max Barton, Tim Barton and Martine Barton as a personal gift to the family. These chairs were intended to be a family heirloom to pass down for generations in the family.

The undersigned hereby declares under penalty of perjury that the foregoing statements are true and correct.

21 April 2023 . Carolle B. Blankenship.

# EXHIBIT A-10

**From:** Charlene Koonce
**Sent:** Thursday, April 27, 2023 4:34 PM
**To:** Samuel R. Ramer <samuel.ramer@nortonrosefulbright.com>
**Cc:** Max Barton <maxbarton54@gmail.com>; Chris Cooke <christopher.cooke@nortonrosefulbright.com>; Nathan Baum <nathan.baum@nortonrosefulbright.com>; Tim Wells <tim@brownfoxlaw.com>; Edney, Michael <MEdney@huntonak.com>; Huffman, Ted <THuffman@hunton.com>
**Subject:** RE: 2nd Affidavit of Max Barton re: Personal Property

Sam, thank you for the amended declaration. I can confirm that the items identified in the Declaration will be removed from the auction. I don't know yet when we will be able to make them available for Max Barton to retrieve but will be in touch about that as soon as I have that information.

**From:** Samuel R. Ramer <samuel.ramer@nortonrosefulbright.com>
**Sent:** Thursday, April 27, 2023 4:05 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>
**Cc:** Max Barton <maxbarton54@gmail.com>; Chris Cooke <christopher.cooke@nortonrosefulbright.com>; Nathan Baum <nathan.baum@nortonrosefulbright.com>; Tim Wells <tim@brownfoxlaw.com>; Edney, Michael <MEdney@huntonak.com>; Huffman, Ted <THuffman@hunton.com>
**Subject:** 2nd Affidavit of Max Barton re: Personal Property

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Dear Ms. Koonce,

Attached please find the 2nd Affidavit of Max Barton, seeking removal of personal items from the auction or resale. We respectfully request that Max Barton be permitted to retrieve these items by COB tomorrow, April 28. Please confirm that this will be permitted.

Regards,

Sam

1

APP049

Case 3:22-cv-02118-X   Document 228   Filed 05/03/23   Page 53 of 55   PageID 7499

**Samuel Ramer** | Partner
Norton Rose Fulbright US LLP
799 9th Street NW, Suite 1000, Washington, DC  20001-4501, United States
Tel +1 202 662 0214 | Fax +1 202 662 4643
samuel.ramer@nortonrosefulbright.com

## NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

**Disclaimer:** This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

APP050

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY BARTON, et al. | § § § § | |
| Defendants. | § § § § § | |

## DECLARATION OF MAXIMILIEN BARTON

1. My name is Maximilien Barton. I have personal knowledge of the matters set forth in this Declaration, I am of sound mind, and I am otherwise competent to testify to these matters.

2. The following information is submitted in response to the potential auction of personal items seized in connection with the above-captioned case. Any capitalized but undefined terms shall have the same meaning as used in the Order Appointing Receiver (Dkt. 29).

3. I hereby confirm that the items listed below are my own personal property and were not purchased with Receivership Funds or a gift from any Receivership Entity after March 1, 2017:

| Lot Item# | Desc. |
|---|---|
| 70 | Hacksaw |
| 443 | Dewalt bag |
| 444 | Dewalt charger |
| 497 | Wires |
| 502 | Riviter |
| 503 | Riviter |
| 582 | Trailer |
| 583 | Brush Hog |
| 584 | Tractor |
| 618 | Engine Stand |
| 696 | Socket Set |

| | |
|---|---|
| 710 | Futon |
| 711 | Honda Ruckus |
| 715 | Clamp Jig |
| 716 | Tools |
| 718 | Tools |
| 719 | Car Fluids |
| 723 | Charger and Tools |
| 725 | Tires |
| 726 | Tires |
| 728 | Creeper |
| 729 | Jack Stand |
| 730 | Gas Cans |
| 731 | Car Parts |
| 732 | Wheels |
| 736 | Cooler |
| 745 | Floor Jack |
| 778 | Deep Freeze |
| 791 | Coffee Maker |
| 1010 | Logitech Mouse |
| 1024 | Speaker |
| 1135 | Orbital Buffer |

4. In addition, I respectfully request that the items listed above be removed from any auction or sale and that these items be returned to me at the earliest time possible.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 27, 2022.

Maximilien Barton