**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **No. 3:22-CV-2118-X** |
| **TIMOTHY LYNCH BARTON** | § | |
| **CARNEGIE DEVELOPMENT, LLC** | § | |
| **WALL007, LLC** | § | |
| **WALL009, LLC** | § | |
| **WALL010, LLC** | § | |
| **WALL011, LLC** | § | |
| **WALL012, LLC** | § | |
| **WALL016, LLC** | § | |
| **WALL017, LLC** | § | |
| **WALL018, LLC** | § | |
| **WALL019, LLC** | § | |
| **HAOQIANG FU (a/k/a MICHAEL FU)** | § | |
| **STEPHEN T. WALL** | § § | |
| *Defendants,* | § § | |
| **DJD LAND PARTNERS, LLC** | § | |
| **LDG001, LLC** | § § | |
| *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY BARTON'S RESPONSE TO THE
RECEIVER'S PROPOSED PRIVILEGE PROTOCOL SET FORTH
<u>IN THE RECEIVER'S FILING ON MARCH 1, 2023 [ECF NO. 166]</u>**

On March 1, 2023, the Receiver filed a Reply [ECF No. 166] in support of a prior Motion

to Compel [ECF No. 133]. In that filing, the Receiver acknowledges that it is common ground

that a protocol for protecting attorney-client and work product privileges of Defendant Timothy

Barton must be put in place. The Receiver had not met and conferred with the Defendant before

making this proposal. The Defendant agrees that a privilege protocol should be entered and

proposed herewith a revised protocol with certain crucial modifications.  *See* Exhibit A (Defendant Barton's proposed modified privilege protocol).

The Defendant respectfully requests that the Court should order the parties to meet and confer over any differences in the terms that should govern that protocol and to report back to the Court with either an agreed proposed order or with identified and discrete issues regarding the terms of the protocol for the Court's resolution.  Below, the Defendant addresses the Receiver's proposed procedure and urges modifications to that proposal, in the event the Court wishes to enter a protocol directly as a result of what the Receiver submitted in his filing on March 1 (ECF No. 166).  The Defendant is nonetheless confident that, with a properly done meet and confer process, any remaining disagreements can be either resolved or significantly narrowed without judicial intervention.

## ARGUMENT & AUTHORITIES

The Receiver's request for a privilege protocol underscores that such a protocol has been and remains needed before an order flatly compelling the Defendant to produce potentially privileged documents.  Without a privilege protocol in place or other appropriate protections, a party's consent to the production of all of his email communications or a password to access such records can result in a loss of privilege.  *See, e.g., In re Royce Homes, LP*, 449 B.R. 709, 744 (Bankr. S.D. Tex. 2011) ("Speer did not object to the Trustee's taking possession of the computer's information nor did he ask Boothe to segregate or destroy his e-mails. Speer's failure to object to the Trustee's confiscation of the computer data shows the intent on his part to voluntarily disclose his e-mails to the Trustee."); *United States v. Hernandez*, 999 F.3d 1181, 1184 (8th Cir. 2021) ("She also waived any privilege when she consented to a search of her phone by police. Lagunas

entered a password into her phone and voluntarily granted access to the text messages, so she gave up any right to assert that the communications were confidential.").[1]

Mr. Barton's counsel previously proposed a privilege protocol to preserve his privilege interests while still delivering information that the Receiver seeks from certain Microsoft 365 email accounts. *See* ECF No. 160-1 at 30-33, 45-46. However, when Mr. Barton's counsel presented a draft privilege protocol for approval, the Receiver insisted on several conditions that either the Defendant could not afford financially or were contrary to applicable law. The Receiver demanded that Mr. Barton fully pay for a vendor *hired by the Receiver* to host a full image of the company servers, with no reasonable limitations on duration or scope of work. *See, e.g.,* ECF No. 166-1 at 2. Separately, the Receiver attempted to force Mr. Barton to agree to a categorical rule, inconsistent with applicable law, that would limit Mr. Barton from claiming privilege unless the immediate sender or recipient of the document was an attorney. *See, e.g., Homeland Ins. Co. of New York v. Clinical Pathology Lab'ys, Inc.*, No. 1-20-CV-783-RP, 2022 WL 17255798, at *6 (W.D. Tex. Nov. 28, 2022) ("[A] lawyer need not be involved as an author or recipient in order for communications to be protected under the work product doctrine.") (internal quotations omitted); *see also* Tex. R. Evid. 503(b)(1)(A),(C),(D) (identifying numerous categories of privilege involving communications not involving the client's attorney, for example, an attorney's representative, a common interest communication, and other non-attorney client representatives). When Mr. Barton attempted to resolve these differences, the Receiver did not respond. *See* ECF No. 160-1 at Ex. K.

---

[1] A company owner may assert a privilege as to personal emails sent through work email accounts absent an act of waiver. *See, e.g., In re Ahlan Indus., Inc.*, No. BG 18-04650, 2020 WL 3620332, at *10 (Bankr. W.D. Mich. July 2, 2020).

The terms of the Receiver's most recent protocol proposal differ in many ways from prior discussions as to how the parties discussed such a protocol would function.  But several core terms remain problematic, including the Receiver's proposed requirements for: (1) the retention of a new, more expensive discovery vendor in place than the one that the parties had previously agreed to use, still at Mr. Barton's full expense; (2) an expansion of the scope of the protocol to require Mr. Barton to pay for the Receiver's other image hosting and document needs unrelated to the Microsoft 365 server privilege issues that the parties had been negotiating; (3) giving the Receiver sole control over what documents would even be made available for a privilege review; (4) imposing burdensome timelines (without any assessment of the scope of documents needing to be reviewed) that would require the parties to fully review potentially-privileged documents and seek protective relief related to same at a rate that may not be feasible; (5) giving the Receiver additional authority to have the contractual vendor perform tasks unrelated to any privilege review, at Mr. Barton's expense; and (6) placing the burden on the Defendant to seek an order from this Court that a document is privileged, as opposed to the long-standing practice of a party opposing the privilege seeking the Court's intervention.

To the extent the Court may intend to enter a privilege protocol, without ordering the parties to confer first, Mr. Barton submits a modified privilege protocol to address the most significant problems with the Receiver's proposed version.  *See* Exhibit A.  At least four key issues are addressed by this revised protocol.  *First,* Mr. Barton seeks to modify the scope of the protocol to focus on the issue directly at hand, specifically electronic documents on the Microsoft 365 server and privilege screening matters as to those documents. If other issues or reservoirs of information arise, this protocol could be used as a foundation for addressing those with appropriate tailoring. But a protocol should not be entered at this time to impose terms as to other prospective documents

or to impose deadlines for screening privileged documents to which Mr. Barton does currently not have access, as the context for such potential issues are not known.  For example, at the same time that the Receiver attempts to require Mr. Barton to review certain records, Mr. Barton has been forbidden by the Receiver from accessing relevant records at his home, offices, email accounts, and other file locations to which he previously had access.  To the extent the Receiver's proposed version of a privilege protocol is intended to impose requirements that Mr. Barton access and perform privilege screening on such information outside of his control, Mr. Barton objects, and has thus submitted revisions to the proposed privilege protocol to address those concerns.

*Second*, Mr. Barton seeks to limit his financial burden under the protocol to paying only document vendor fees incurred in connection with the hosting of the documents sought by the Receiver through reasonably targeted searches and then only until the completion of the privilege review process.  Once non-privileged documents are produced to the Receiver, Mr. Barton's financial obligations over the hosting of those documents should cease.

*Third*, the Defendant's proposal seeks to ensure that documents are properly reviewed for privilege prior to production, and the party seeking documents—the Receiver—does not control what documents can be reviewed.  The proposed order provides an efficient process for narrowing the documents that require further review and keeping costs down.

*Fourth*, the order keeps the burden of seeking court intervention on the party seeking to overcome a claim of privilege, in contrast to the Receiver's proposal requiring the Defendant to run to the Court and stop the production of documents every time a Receiver disagrees with an entry in the Defendant's privilege log.

## CONCLUSION

For the foregoing reasons, and as set forth in his Surreply to the Receiver's Motion to Compel (ECF No. 201-1), Mr. Barton respectfully requests that the Court order the parties to meet

and confer regarding any differences in the privilege protocol that all parties concede to be necessary and to file a joint memorandum with the Court either detailing and attaching an agreed proposed order with the privilege protocol or identifying any remaining differences between the parties and presenting those discrete issues for resolution by this Court. Alternatively, Mr. Barton moves for the entry of the modified privilege protocol submitted as Exhibit A to this Response, which the Defendant believes will provide an efficient manner to pull documents from the server that the Receiver believes will help its mission and have those documents reviewed for privilege.

Dated: May 3, 2023                                Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 *(Admitted to NDTX)*
medney@huntonak.com
Michael Dingman
Virginia Bar No. 95762
DC Bar No. 90001474 *(admitted pro hac vice)*
mdingman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

Ted A. Huffman
State Bar No. 24089015
thuffman@huntonak.com
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Phone: (214) 979-3000
Facsimile: (214) 740-7110

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On May 3, 2023, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

- 7 -