# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| Relief Defendants. | § | |

## PRIVILEGE PROTOCOL ORDER

Before the Court are requests by Defendant Timothy Barton and Receiver Cortney Thomas for a privilege protocol order governing the production and handling of electronic records received by the Receiver. After consideration, the Court finds that a privilege protocol is necessary and appropriate.

It is therefore **ORDERED** as follows:

- 2 -

1.      Mr. Barton is authorized to retain a third-party computer litigation vendor of his choosing, Liquid Litigation Management, Inc. (the "Vendor"), for purposes of this privilege protocol.  The costs for the work to be performed by the Vendor will be limited to services necessary for the privilege protocol and document production as described below.  Mr. Barton will pay those costs in accordance with the Vendor's standard billing practices prior to the completion of a final production of non-privileged documents made available to the Receiver.  Should the Receiver seek to use the same Vendor, or any database or services provided by the Vendor, in connection with the Receivership Entities' ongoing management or for any other purpose, the Receiver may elect to do so, but the receivership estate will assume the Vendor's costs from that point forward.

2.      The Vendor will be given access to the Microsoft 365 server email accounts for email records sent between 2017 and October 2022.  From time to time, the Receiver may request searches of emails to be performed on the server.  The Receiver will take reasonable measures to keep the searches as narrow as possible to meet its informational needs so as to keep the costs of extraction and review down.  The Vendor will download the emails sought by the Receiver's requested searches and make them available for privilege review by Mr. Barton and his counsel. Mr. Barton's counsel will then have an opportunity to review those e-mails for privilege.

3.      Upon completion of a search, Vendor will promptly provide the results of its findings to both the Receiver's and Mr. Barton's counsel. Vendor will include a Search Result Report ("SRR") in electronic spreadsheet form of all documents identified from its search. The SRR will include the appropriate metadata fields for each data type so that both Parties can evaluate the potential privilege of the identified items.  The Vendor may provide a copy of the content of any such emails and other documents to Mr. Barton's counsel for review, but not to the Receiver.

4.      Unless the parties agree otherwise, counsel for Mr. Barton will have fourteen (14) days from receipt of each SRR to determine which items identified on the SRR they object to being provided to the Receiver, such time the parties will reasonably extend upon mutual agreement depending the volume of the entries. For any item Mr. Barton objects to, counsel for Mr. Barton will make their objection clear by indicating in color highlight (RED) on the SRR. The highlighted SRR will be sent to counsel for the Receiver and to Vendor. Unless the parties agree otherwise, the Receiver's counsel will have fourteen (14) business days to review and respond to Mr. Barton' objections, such time the parties will reasonably extend upon mutual agreement depending the volume of the entries. For any item objected to by Mr. Barton that the Receiver agrees are privileged, no further action is needed. Those items will remain highlighted RED and will not be produced to the Receiver. Mr. Barton may obtain copies if requested. For any item objected to by Mr. Barton that the Receiver does not agree with and believes is not privileged, the Receiver will change the highlight to (BLUE). Once complete with their review, the Receiver's counsel will return the highlighted SRR to counsel for Mr. Barton and to the Vendor.

5.      The parties will then confer regarding any item highlighted BLUE ("Potentially Privileged") and seek to resolve their dispute regarding whether such item is privileged. If no agreement is reached, Vendor will export and produce to counsel for Mr. Barton all items identified as Potentially Privileged and include a report with the appropriate metadata for each Potentially Privileged item. Counsel for Mr. Barton then will review the report and each item to determine which items are indeed Privileged. Unless otherwise agreed by the parties, Mr. Barton's counsel will have at least fourteen (14) days to indicate items as being "Privileged" or "Not Privileged" on the report as well as mark items RED if they object to the items being produced to the Receiver. However, if the Receiver marks more than 1,000 items in BLUE to contest their privilege, Mr.

Barton's counsel will have thirty (30) days to complete its review and to make final marks as to Privileged or Not Privileged indications on the Vendor's report. The report will be returned to Vendor and any item that is marked Not Privileged and is not highlighted will be provided to the Receiver. A report of items marked as Not Privileged but highlighted RED will be sent to counsel for the Receiver for their review.

6.      If after a further conference, the parties are unable to agree regarding the existence of privilege regarding any item, the Receiver may file a motion to overcome the claim of privilege.

7.      After each SRR has been reviewed by both Parties and returned to Vendor, Vendor will provide all items not marked RED or BLUE, to the Receiver as further directed by the Receiver.  Once those items are provided to the Receiver, the Vendor has no further obligation to maintain the items within its files, absent separate agreement between the Vendor, on the one hand, and either the Receiver or Mr. Barton, on the other hand.  Mr. Barton and his counsel will not be obligated to pay for further hosting or other related vendor services once such items have been produced to the Receiver.

**IT IS SO ORDERED** this _____ day of May, 2023.

_____
HON. BRANTLEY STARR
UNITED STATES DISTRICT JUDGE