IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

RECEIVER'S NOTICE OF
NON-COMPLIANCE WITH ORDER

Pursuant to the Court's Order directing Barton to produce documents and information (the "Order") [Dkt. 235] the Receiver, Cort Thomas, files this Notice detailing the documents and information Barton failed to provide by the Court's deadline[1] and, respectfully shows the Court as follows.

---

[1] The Court ordered Barton to produce the required documents and information by May 18, 2023 at 5:00 pm Central Standard Time. The Court instructed the Receiver to file a notice detailing the information and materials Barton

– 1 –

## BACKGROUND

1.      On May 15, 2023 the Court entered the Order which granted the Receiver's Motion

to Compel Documents and Information, Request for Sanctions, or Alternatively, Motion for Show

Cause Hearing [Dkt. 133] and found Barton in civil contempt for violating the Court's orders. The

Court ordered Barton to pay $19,250 in sanctions and directed Barton to provide the Receiver with

the following information and materials:

> All information specifically requested by the Receiver in communications with Barton's counsel and others not addressed above, including:
>
> (a) All books and records of any Receivership Entities that are still in Barton's custody/control/possession, including all accounting data in Venkat Murugan's possession or control;
>
> (b) The location of any Quickbooks or other accounting files or backup files and all information necessary to access or obtain those documents and information;
>
> (c) The names, phone numbers, and email addresses for all former employees who were members of the accounting/financial team for the Receivership Entities between 2017 and 2022;
>
> (d) Tax Returns for the Receivership Entities for 2017–2022 or the contact information for whomever has possession or control of the tax returns;
>
> (e) Name and contact information for any bookkeeper used by any of the Receivership Entities between 2017 and 2022;
>
> (f) Name and contact information for any accountant used by any of the Receivership Entities between 2017 and 2022;
>
> (g) A list of all properties (or property interests) owned by any entity owned or controlled by Barton, including the entity that owns the property interest, the property location, the type of asset (undeveloped land, apartments, etc.), the approximate net value, amounts and identity of lienholders and encumbrances, contact information for any entity involved in developing, managing, or operating the property, and the addresses used by the entity for receipt of mail;

---

failed to provide by the Court's deadline. Upon filing the notice, the Court ordered that sanctions of $500 per day begin accruing against Barton until the Receiver files a Notice of Compliance. Dkt. 235.

(h) Appraisals and potential lenders or purchasers for the Turtle Creek property and the apartments;

(i) An organizational or flow chart related to all Receivership Entities;

(j) Properties or assets that are generating income and the accounts into which that income is deposited;

(k) A list of all persons who hold company credit cards, and the entities listed as the account holder for those cards; and

(l) A list of banks at which any Receivership Entity may have an open account.

2.      Despite the Court's Order, Barton failed to pay the $19,250 sanction. He asserts in a letter to the Receiver that he does not have the means to pay the sanction but provides no evidence in support and thus fails to demonstrate any valid excuse for his noncompliance.[2] *See United States v. Rylander*, 460 U.S. 752, 757–58 (1983) (discussing contemnor's burden to demonstrate through competent evidence an inability to comply with court order); *In re White-Robinson*, 777 F.3d 792, 798 (5th Cir. 2015) (citing *Huber v. Marine Midland Bank,* 51 F.3d 5, 10 (2d Cir.1995) ("[A] party's complete inability, due to poverty or insolvency, to comply with an order to pay court-imposed monetary sanctions *is a defense* to a charge of civil contempt. The alleged contemnor bears the burden of producing evidence of his inability to comply." (emphasis added) (internal citations omitted)).

3.      Tellingly, Barton also agreed to pay for the computer forensic expert he sought to manage the privilege protocol.  With respect to sanctions, however, he now purportedly lacks funds.

4.      Similarly, Barton continues his refusal to produce the information and materials ordered by the Court. On May 18, 2023, in response to the Court's Order, Barton provided the

---

[2] A true and correct copy of Barton's letter regarding his inability to pay is included in the Appendix submitted with this Notice as **Exhibit A** (APP000001–2).

Receiver with contact information for two individuals and login credentials for a Microsoft 365 account.[3]  Barton refused to provide any additional information, documents, or materials required by the Order.

5.     Instead, Barton sent the Receiver a list of objections, asserting his Fifth Amendment right, demurring that he does not have access to any corporate records, and contesting that the requirements in the Receivership Order are "not directed at him but rather at corporate entities" and that he "is not individually any such entity."[4] All of Barton's objections fall flat.

6.     First, Barton's Fifth Amendment assertion is misplaced. As the Receiver has explained in prior briefing[5] Barton's testimonial privilege is irrelevant to his obligation (and failure) to produce the information and documents. *Braswell v. United States*, 487 U.S. 99, 108–109 (1988) ("A corporate custodian . . . may not resist a [proper request] for corporate records on Fifth Amendment grounds."); *Watson v. C. I. R.*, 690 F.2d 429, 431 (5th Cir. 1982) (Fifth Amendment privilege is "purely personal" and does not "extend to the documents of an artificial entity . . . held by an individual in a representative capacity.").  As a corporate custodian of records, Barton's assertion of his Fifth Amendment privilege does not apply.

7.     Even if Barton could assert his Fifth Amendment privilege individually rather than as a corporate custodian, he has not shown how producing documents could be incriminating. *United States v. Stafford*, 273 Fed. Appx. 319, 320 (5th Cir. 2008) ("Fifth Amendment's self-incrimination privilege applies only when the accused is compelled to make a testimonial communication that is incriminating.") (internal quotation omitted). In *Stafford*, Defendant

---

[3] A true and correct copy of Barton's letter containing the login credentials is included in the Appendix submitted with this Notice as **Exhibit B** (APP000003–4).

[4] A true and correct copy of Barton's objections is included in the Appendix submitted with this Notice as **Exhibit C** (APP000005–19).

[5] *See* Dkt. 166 at pp. 2–4.

Stafford attempted to invoke his Fifth Amendment right to not incriminate himself and refused to produce any documents to the IRS or answer most of the IRS's questions. *Id.* at 321. The Fifth Circuit held that Stafford could not make a blanket privilege assertion based on a "generalized fear," and that he "made no attempt to explain how the testimonial aspect of his turning over the relevant documents could tend to incriminate him." *Id.*

8.      Here, Barton attempts to do the same, broadly asserting Fifth Amendment privilege and claiming that he cannot produce any documents based on a generalized fear of self-incrimination. But, as the Fifth Circuit explained, this is not a proper use of the Fifth Amendment's protection. Even if Barton could assert the Fifth Amendment individually, which he cannot, his use of the Fifth Amendment is improper.

9.      Barton feigns willingness to provide documents to the Receiver, but demurs that he does not have access to the records needed to respond. However, based on evidence submitted to the Court in previous filings the Receiver has obtained information that Barton transferred responsive information to a Microsoft Azure Virtual Desktop.[6] This remote access should allow Barton to provide the documents on the virtual desktop from nearly any location. The argument that Barton does not have access to corporate records is specious, *and unsupported by any evidence.*

10.      Barton also objects that he cannot produce documents because the requests are directed at the corporate entities and not Barton individually, and that Barton was removed from control of the entities. While it is true Barton was removed from control of the entities, this does not excuse his compliance with the Court's Order. This is nothing more than another game added to the long list Barton has already played with the Court. The Court's Order Appointing Receiver

---

[6] *See* Dkt. 199 at p. 3.

directs all "past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities" to turn over to the Receiver "all paper and electronic information of, and/or relating to, the Receivership Entities ands and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers."[7] Barton's past control of the Receivership Entities is undisputed. Based on the plain language of the Order Appointing Receiver, Barton must provide the requested information.

## CONCLUSION

Barton's objections continue his effort to evade compliance with the Court's Orders. Accordingly, the Receiver provides notice that sanctions in the amount of $500 per day are accruing.  Unless Barton fully complies with the Order in its entirety, including by paying the sanctions or demonstrates, through evidence, a present inability to comply, the Receiver may seek additional remedies for the on-going contempt.

---

[7] Dkt. 29 at ¶7.

Respectfully submitted,


By: */s/ Timothy B. Wells*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*


## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.