## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § | |

## APPENDIX IN SUPPORT OF RECEIVER'S
## NOTICE OF NON-COMPLIANCE WITH ORDER

– 1 –

– 2 –

Respectfully submitted,


By: /s/ Timothy B. Wells
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*


## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

– **3** –

| Exhibit | Description | APP Pages |
|---------|-------------|-----------|
| A | May 18, 2023 letter from counsel for Defendant Timothy Barton re: Barton's lack of personal financial resources to make payment | APP000001-2 |
| B | May 18, 2023 letter from counsel for Defendant Timothy Barton re: Microsoft 365 login and password | APP000003-4 |
| C | Defendant Timothy Barton's Response to the Receiver's Inquiries and Assertions of Fifth Amendment Privilege | APP000005-19 |

# EXHIBIT A

APP000001



HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

MICHAEL J. EDNEY
DIRECT DIAL: 202 • 778 • 2204
EMAIL: medney@hunton.com

May 18, 2023

**_VIA E-MAIL_**

Cortney Thomas
Charlene Koonce
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Email: cort@brownfoxlaw.com
Email: charlene@brownfoxlaw.com

> Re:    *SEC v. Barton, et al.*, No. 3:22-cv-2118, in the United States District Court for the Northern District of Texas

Dear Mr. Thomas and Ms. Koonce:

Mr. Barton lacks the personal financial resources to make a $19,250 payment today in accordance with Paragraph 4 of the Court's Order [ECF No. 235].  Please let me know if you would like to discuss some other resolution.

Sincerely,

Michael J. Edney

# EXHIBIT B

APP000003



HUNTON ANDREWS KURTH LLP
FOUNTAIN PLACE
1445 ROSS AVENUE
SUITE 3700
DALLAS, TEXAS 75202

TEL   214 • 979 • 3000
FAX   214 • 880 • 0011

MICHAEL J. EDNEY
DIRECT DIAL: 202 • 778 • 2204
EMAIL: medney@hunton.com

May 18, 2023

***<u>VIA E-MAIL</u>***

Cortney Thomas, Esq.
Charlene Koonce, Esq.
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Email: cort@brownfoxlaw.com
Email: charlene@brownfoxlaw.com

> Re:  *SEC v. Barton, et al.*, No. 3:22-cv-2118, in the United States District Court for the Northern District of Texas

Dear Mr. Thomas and Ms. Koonce:

Per the Court's Order [ECF No. 235], and subject to the Court's privilege protocol, the e-discovery vendor who changed one of the passwords associated with the Microsoft 365 server, without the authorization of the Defendant or his counsel, has today provided that modified credential to me, and it is as follows:

Username: ██████████████████
Password: ████████

Should you have any questions, please contact me.

Sincerely,

Michael J. Edney

APP000004

# EXHIBIT C

APP000005

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY BARTON'S RSEPONSE TO THE RECEIVER'S
INQUIRIES AND ASSERTIONS OF FIFTH AMENDMENT PRIVILEGE**

Per the Court's Order [ECF No. 235], dated May 15, 2023, Defendant Timothy L. Barton

submits in response to certain categories of sworn statements and testimonial disclosures sought

by the Receiver, as follows:

**NO. 1 (Order [ECF No. 235] pp. 5-6, ¶ 1)**

"[I]nformation and materials . . including specifically the credentials and information necessary to access the Receivership Entities' servers, email accounts, financial, accounting, and/or Quickbook accounts."

-1-

APP000006

**RESPONSE:**

The Defendant personally does not possess password credentials for any Microsoft 365 server.  It is understood from the Receiver that one of the multiple passwords for the server was changed prior to receivership by an e-discovery vendor, which was done without prior knowledge by Defendant or Defendant's counsel.  Per the Court's Order and privilege protocol, a Microsoft 365 password will be obtained from that e-discovery vendor and provided through counsel later today.

The Defendant possesses no credentials or information to access other servers, including the any accounting or Quickbooks database, as repeatedly relayed to the Receiver by counsel. To the extent another third party has any other password, e.g., such as a QuickBooks password potentially held by Murugan Venkat, Defendant objects on grounds of lacking possession, custody, or control.  Should new information be discovered or a reasonable search find new, non-privileged information that is responsive, Defendant will supplement with such additional information.

The Defendant continues to assert privileges over the information being provided today and the material within the server to which the credentials are attached.  He is being compelled by court order to do so over his objection.  The Defendant objects to the sharing of this information with the Receiver or any officer or employee of the United States Government, directly or indirectly, and to the use of any information or information derived from it in any proceedings against him.  The risk that the prosecution or civil proceeding against the Defendant will be tainted by privileged information is being assumed by the Receiver and the Court, and the Defendant specifically reserves all arguments that the criminal prosecution and the Securities and Exchange Commission's civil suit should be dismissed or curtailed due to this Court's error.

**NO. 2 (Order [ECF No. 235] p. 6, ¶ 1)**

"[I]dentity, location, and appraisal information for all art owned by any Receivership Entity, including art that was sold, transferred or otherwise disposed of since 2019"

**RESPONSE:**

It is noted that Defendant's counsel has provided information to the Receiver regarding artwork.  Should additional documentary information be discovered that is responsive, Defendant will supplement counsel's prior production with any such non-privileged information.

To the extent the Receiver otherwise requires a sworn or testimonial statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 3 (Order Appointing Receiver ¶ 8)**

Paragraph 8 of the Court's Receivership Order [ECF No. 29], directed to "the Receivership Entities" contemplates "a sworn statement, listing: (a) the identity, location, and

APP000007

estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and any other agents or contractors of the Receivership Entities; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Entities."

**RESPONSE:**

It is noted that Paragraph 8 of the Receivership Order is directed at Receivership Entities, while Defendant is not individually any such entity, and he was removed from control of any such entities by the Receivership Order. The Defendant regards paragraph 8 as not directed at him but rather at corporate entities.

**NO. 4 (Order Appointing Receiver ¶ 9)**

Paragraph 9 of the Court's Receivership Order [ECF No. 29] is directed to "the Receivership Entities" and contemplates "a sworn statement and accounting, with complete documentation, covering the period from January 1, 2017 to the present" as to the following:

A.   [A]ll Receivership Property, wherever located, held by or in the name of the Receivership Entities, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry, and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;

B.   Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Entities have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Entities;

C.   Identifying all credit, bank, charge, debit, or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve (12) months;

D.   Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Entities, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint. The submission must clearly identify, among other things, all investors, the securities

-3-

APP000008

they purchased, the date and amount of their investments, and the current location of such funds;

F.  Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G.  Of all transfers of assets made by any of them.

**RESPONSE:**

It is noted that Paragraph 9 of the Receivership Order is directed at Receivership Entities, while Defendant is not individually any such entity, and he was removed from control of any such entities by the Receivership Order.  Defendant regards Paragraph 9 as not directed at him but rather at corporate entities.

**NO. 5 (Order Appointing Receiver ¶ 10)**

Paragraph 10 of the Court's Receivership Order [ECF No. 29] is directed to "the Receivership Entities" and contemplates the provision of "copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation."

**RESPONSE:**

It is noted that Paragraph 10 of the Receivership Order is directed at Receivership Entities, while Defendant is not individually any such entity, and he was removed from control of any such entities by the Receivership Order.  The Defendant regards paragraph 10 as not directed at him but rather at corporate entities.

**NO. 6 (Order Appointing Receiver ¶ 18(A))**

Paragraph 18(A) of the Court's Receivership Order [ECF No. 29] instructs to "Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, or withdrawing any such Asset except: (1) As directed by further order of the Court; or (2) As directed in writing by the Receiver."

**RESPONSE:**

It is noted that the above matter does not involve a request for information.

**NO. 7 (Order Appointing Receiver ¶ 18(B)(1))**

Paragraph 18(B)(1) of the Court's Receivership Order [ECF No. 29] contemplates a "sworn statement setting forth . . . The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant."

-4-

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested sworn statement.  As this item requires a sworn statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 8 (Order Appointing Receiver ¶ 18(B)(2))**

Paragraph 18(B)(2) of the Court's Receivership Order [ECF No. 29] contemplates a "sworn statement setting forth . . . The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested sworn statement.  As this item requires a sworn statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 9 (Order Appointing Receiver ¶ 18(B)(3))**

Paragraph 18(B)(3) of the Court's Receivership Order [ECF No. 29] contemplates a "sworn statement setting forth . . . All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices."

**RESPONSE:**

It is noted that, in response to item No. 1, the Defendant has provided all credentials and codes in his possession to access electronic databases. It is further noted that keys were previously turned over to the Receiver.

To the extent this item requires a sworn statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

APP000010

**NO. 10 (Order Appointing Receiver ¶ 18(B)(4))**

Paragraph 18(B)(4) of the Court's Receivership Order [ECF No. 29] contemplates a "sworn statement setting forth . . . The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed."

**RESPONSE:**

It is noted that the Receiver has received personal and/or commercial mailbox access related to the Defendant and Receivership Entities.

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested sworn statement. As this item requires a sworn statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 11 (Order Appointing Receiver ¶ 18(B)(5))**

Paragraph 18(B)(5) of the Court's Receivership Order [ECF No. 29] contemplates a "sworn statement setting forth . . . Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested sworn statement. As this item requires a sworn statement, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

To the extent the request calls for the production of currently existing documents within his possession, custody, or control, it is noted that today credentials to the company's above-identified cloud server is being provided to the receiver. The Defendant will conduct a reasonable search for any other documents responsive to this request outside that server that are within his possession, custody or control and produce those that are not privileged.

APP000011

**NO. 12 (Order [ECF No. 235] p. 6, ¶ 2(a))**

Paragraph 2(a) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "All books and records of any Receivership Entities that are still in Barton's custody/control/possession, including all accounting data in Venkat Murugan's possession or control."

**RESPONSE:**

Defendant objects on grounds of lacking possession, custody, or control, including to the extent the Receiver seeks accounting data or other information claimed to be held by third-party Murugan Venkat.

It is noted that the Receiver is in possession of QuickBooks data and other books and records information and that the Receiver previously has been informed that the Defendant does not possess log-in credentials to those databases.

To the extent the request calls for the production of currently existing documents within his possession, custody, or control, it is noted that today credentials to the company's above-identified cloud server is being provided to the receiver. The Defendant will conduct a reasonable search for any other documents responsive to this request outside that server that are within his possession, custody or control and produce those that are not privileged.

To the extent this item requires any sworn or other statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 13 (Order [ECF No. 235] p. 6, ¶ 2(b))**

Paragraph 2(b) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "The location of any Quickbooks or other accounting files or backup files and all information necessary to access or obtain those documents and information."

**RESPONSE:**

It is noted that the Receiver is in possession of QuickBooks data and other books and records information and that the Receiver previously has been informed that the Defendant does not possess log-in credentials to those databases.

To the extent the request calls for the production of currently existing documents within his possession, custody, or control, it is noted that today credentials to the company's above-identified cloud server is being provided to the receiver. The Defendant will conduct a reasonable search for any other documents responsive to this request outside that server that are within his possession, custody or control and produce those that are not privileged. The Defendant is not currently aware of any Quickbooks or accounting or backup data in his possession, custody, or control.

-7-

To the extent this item requires any sworn or other statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 14 (Order [ECF No. 235] p. 6, ¶ 2(c))**

Paragraph 2(c) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "The names, phone numbers, and email addresses for all former employees who were members of the accounting/financial team for the Receivership Entities between 2017 and 2022."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement.  As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

The Defendant today is producing the pre-existing contact cards of Murugan Venkat and Saskya Bedoya.

**NO. 15 (Order [ECF No. 235] p. 6, ¶ 2(d))**

Paragraph 2(d) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "Tax Returns for the Receivership Entities for 2017–2022 or the contact information for whomever has possession or control of the tax returns."

**RESPONSE:**

It is noted that Defendant's counsel directed the Receiver to where tax return information is held in company files at the company offices and has received no indication that the Receiver was not able to find such returns with that information.

To the extent the request calls for the production of currently existing documents within his possession, custody, or control, it is noted that today credentials to the company's above-identified cloud server is being provided to the receiver.  The Defendant will conduct a reasonable search for any other documents responsive to this request outside that server that are within his possession, custody or control and produce those that are not privileged. The Defendant is not currently aware of any "Tax Returns for the Receivership Entities for 2017–2022" in his possession, custody, or control.

To the extent this item requires any sworn or other statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

APP000013

**NO. 16 (Order [ECF No. 235] p. 6, ¶ 2(e))**

Paragraph 2(e) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "Name and contact information for any bookkeeper used by any of the Receivership Entities between 2017 and 2022."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

The Defendant today is producing the pre-existing contact cards of Murugan Venkat and Saskya Bedoya.

**NO. 17 (Order [ECF No. 235] p. 6, ¶ 2(f))**

Paragraph 2(f) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "Name and contact information for any accountant used by any of the Receivership Entities between 2017 and 2022."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

The Defendant today is producing the pre-existing contact cards of Murugan Venkat and Saskya Bedoya.

**NO. 18 (Order [ECF No. 235] p. 6, ¶ 2(g))**

Paragraph 2(g) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "A list of all properties (or property interests) owned by any entity owned or controlled by Barton, including the entity that owns the property interest, the property location, the type of asset (undeveloped land, apartments, etc.), the approximate net value, amounts and identity of lienholders and encumbrances, contact information for any entity involved in developing, managing, or operating the property, and the addresses used by the entity for receipt of mail."

-9-

APP000014

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 19 (Order [ECF No. 235] p. 6-7, ¶ 2(h))**

Paragraph 2(h) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "Appraisals and potential lenders or purchasers for the Turtle Creek property and the apartments."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

To the extent the request calls for the production of currently existing documents within his possession, custody, or control, it is noted that today credentials to the company's above-identified cloud server is being provided to the receiver. The Defendant will conduct a reasonable search for any other documents responsive to this request outside that server that are within his possession, custody or control and produce those that are not privileged.

**NO. 20 (Order [ECF No. 235] p. 6-7, ¶ 2(i))**

Paragraph 2(i) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "An organizational or flow chart related to all Receivership Entities."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

**NO. 21 (Order [ECF No. 235] p. 6-7, ¶ 2(j))**

Paragraph 2(j) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "Properties or assets that are generating income and the accounts into which that income is deposited."

APP000015

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

### NO. 22 (Order [ECF No. 235] p. 6-7, ¶ 2(k))

Paragraph 2(k) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "A list of all persons who hold company credit cards, and the entities listed as the account holder for those card."

**RESPONSE:**

It is noted that the Receiver has received the return of various credit cards in the possession of the Defendant and his family members.

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

### NO. 23 (Order [ECF No. 235] p. 6-7, ¶ 2(l))

Paragraph 2(l) of the Court's Order [ECF No. 235] contemplates the provision of information regarding "A list of banks at which any Receivership Entity may have an open account."

**RESPONSE:**

Defendant objects on grounds that the Receiver has seized his corporate records and offices and thus lacks the possession, custody, or control of information necessary to make the requested statement. As this item requires a statement from the Defendant, on the advice of counsel and due to pending criminal charges brought by the United States Department of Justice, Defendant Barton asserts his Fifth Amendment privilege against self-incrimination.

APP000016

Dated: May 18, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

-12-

APP000017

## FIFTH AMENDMENT ASSERTION

In response to various inquiries above, the Fifth Amendment was asserted by the Defendant and he reinforces that assertion by the signature below.

/s/
Timothy J. Barton

-13-

APP000018

## CERTIFICATE OF SERVICE

On May 18, 2023, I caused service of the foregoing on the Receiver.

<em>/s/ Michael J. Edney</em><br>Michael J. Edney

-14-

APP000019