**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | **CASE NO. 3:22-cv-2118-X** |
| **TIMOTHY BARTON ET AL.**, | § § § | |
| Defendants, | § | |

**SOUTHERN PROPERTIES CAPITAL, LTD.'S OPPOSITION TO RECEIVER'S
EXPEDITED MOTION TO EXTEND TIME TO FILE REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Southern Properties Capital, Ltd. ("SPC") files this Opposition to the Receiver's Expedited

Motion to Extend Time to File Reply in Support of Motion for Summary Judgment ("Opposition")

and for its Opposition states as follows:

SPC has been deprived of the right to full access and use of its property for nearly five months now.  The Receiver filed his Motions for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sales of Parc at Windmill Farms ("Windmill Farms") [ECF Nos. 161 and 162] and Bellwether Ridge [ECF Nos. 164 and 165] on February 22, 2023.  At the request of the Receiver, the Court set a hearing to approve or deny the sales of these Apartment Complexes for March 20, 2023.

SPC retained counsel approximately one week before its response to the Receiver's Motions were due on March 10, 2023.  When counsel for SPC requested an extension of time to file its response [ECF No. 174], the Receiver opposed the extension and the Court denied SPC's Motion. [ECF No. 175].

As is now claimed by the Receiver and his counsel, the attorneys at Shamoun & Norman, LLP ("SN") had many competing responsibilities in March 2023 (including a complex multi-week trial).  Nonetheless, SN attorneys completed and filed SPC's Response and Appendix on March 10, 2023, as mandated by the Court. [ECF No. 178 and 179].

Despite the brief period of time in which SN had to complete SPC's filing, the Receiver apparently found the Response to be formidable.  So much so that the Receiver did a 180 degree turn and requested that the Court cancel the March hearing relating to Windmill Farms and Bellwether Ridge. [ECF No. 188].  Rather than insisting on the hearing that the Receiver had formerly demanded, the Receiver now asked the Court to schedule a "summary proceeding" to determine ownership of the Apartment Complexes [*Id.*].

Again, the Court consented to the Receiver's request, this time postponing the determination of SPC's property rights until May 18, 2023. [ECF No. 190].  Subsequently, on April 13, 2023, the Receiver filed his Motion for Summary Judgment Regarding Southern

Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties. [ECF Nos. 207 and 208].

At the request of the Receiver, the Court then extended the dates to file Responses and Reply briefs concerning the Motion for Summary Judgment to May 16 and June 3, 2023, respectively. [ECF Nos. 220 and 221]. Based on SPC's Motion to Strike the Opelika and Ingleside Complexes from the Receiver's Motion for Summary Judgment, the Court then extended the Response and Reply dates to May 30 and June 20, respectively. [ECF No. 234].

Again, as the Court required, SPC filed its Response to the Receiver's Motion for Summary Judgment, as scheduled, on May 30, 2023. [ECF Nos. 247-254]. During the preparation of this Response, SN attorneys were barraged with competing responsibilities, but nonetheless met the deadline set by the Court.

The Receiver now petitions the Court to delay the Court's decision by another 10 days by granting an extension until June 30, 2023 for the Receiver to file its Reply brief. [ECF No. 267]. The Receiver represents to the Court that it has only had three weeks to draft a reply to SPC's brief and evidence. In fact, the Receiver has had several months to formulate his case supporting the confiscation and sale of SPC's property. This matter has been before the Court since February 22, 2023, when the Receiver first requested that the Court approve the sale of these Apartment Complexes.

The Receiver's Motion should be denied. Like SPC's counsel, the Receiver's counsel should be able to comply with the Court's deadlines without resorting to frequent requests for additional time. If the Receiver cannot prepare a simple Reply brief after pursuing this matter for nearly five months, SPC submits that perhaps the Court should draw the obvious conclusion that the Receiver is seeking relief that is not supported by the facts or by the law.

The Court should not permit the Receiver to hold SPC's property hostage for an additional 10 days or an additional 10 minutes. The Court should require the Receiver to file its Reply brief on June 30, 2023, as currently ordered, and having considered the evidence and authorities, deny the Receiver's Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED BY:**

/s/ *Brian K. Norman*
**C. GREGORY SHAMOUN**
Co-Lead Counsel State
Bar No. 18089650
g@snlegal.com
**BRIAN K. NORMAN**
Co-Lead Counsel State
Bar No. 00797161
bkn@snlegal.com
**J. BLAIR NORRIS**
Bar No. 24014515
bn@snlegal.com
**SHAMOUN &**
**NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone (214) 987-1745
Facsimile: (214) 521-9033

**ATTORNEYS FOR SOUTHERN**
**PROPERTIES CAPITAL, LTD**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ J. Blair Norris
**J. BLAIR NORRIS**

## CERTIFICATE REGARDING THE USE OF ARITIFICIAL INTELLIGENCE

I hereby certify that no generative Artificial Intelligence was used in the drafting or preparing this document.

/s/ J. Blair Norris
**J. BLAIR NORRIS**