# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 22-11132

––––––––––––––

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

––––––––––––––––––––––––––––––

UNPUBLISHED ORDER

Before Clement, Graves, and Higginson, *Circuit Judges*.

Per Curiam:

Barton refiled his motion in compliance with 5th Cir. R. 27.3 on June 8, 2023. In it, he incorporates his original motion and its requested relief. However, he now only seeks emergency relief with respect to the receiver's transfer of 2999TC's possessory property interest in the property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219 ("the Property"). In response, the SEC notes that the transfer already occurred and attaches a declaration from the receiver. The receiver explained that HNGH obtained possession of the Property on June 6, 2023 and changed the locks on June 7,

No. 22-11132

2023. In reply, Barton claims the receiver confirmed he would vacate the Property *on* June 9, 2023 and acted contrary to his sworn statement by vacating the premises before then. However, the receiver made no such statement—he merely explained that the settlement agreement required him to vacate the Property *by* June 9, 2023.

Barton requests a stay of an event that already occurred by the time he filed his renewed motion, so his request for emergency relief is DENIED as moot. The remainder of his motion will be carried with the case.