**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| **v.** | § § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON,** | § § | |
| **CARNEGIE DEVELOPMENT, LLC,** | § | |
| **WALL007, LLC,** | § | |
| **WALL009, LLC,** | § | |
| **WALL010, LLC,** | § | |
| **WALL011, LLC,** | § | |
| **WALL012, LLC,** | § | |
| **WALL016, LLC,** | § | |
| **WALL017, LLC,** | § | |
| **WALL018, LLC,** | § | |
| **WALL019, LLC,** | § | |
| **HAOQIANG FU (A/K/A MICHAEL FU),** | § | |
| **STEPHEN T. WALL,** | § § | |
| *Defendants*, | § § | |
| **DJD LAND PARTNERS, LLC, and** | § | |
| **LDG001, LLC,** | § § | |
| *Relief Defendants*. | § | |

**APPENDIX IN SUPPORT OF RECEIVER'S
RESPONSE TO FIRST DEVELOPMENT COMPANY
OF OHIO, LLC'S MOTION TO INTERVENE AND LIFT STAY**

– 1 –

– 2 –

Respectfully submitted,


By: */s/ Timothy B. Wells*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*


## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

– 3 –

| Exhibit | Description | APP Pages |
|---------|-------------|-----------|
| A | Declaration of Receiver Cortney Thomas in support of Response | APP000001-5 |
| A-1 | Receipts and Disbursement Ledger from Title Partners | APP000006-7 |
| A-2 | Bank records from JMJ VC Management, LLC with copies of Broadview Holdings checks to Title Partners LLC | APP000008-13 |
| A-3 | Comerica Bank's Income Wire Transfer Notification from Texas Brand Bank to Title Partners LLC Texas | APP000014-16 |
| A-4 | Special Warranty Deed with Vendor's Lien for Grantor First Development Company of Ohio, LLC | APP000017-25 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*. | § | |

**DECLARATION OF CORTNEY C. THOMAS
IN SUPPORT OF RECEIVER'S RESPONSE TO FIRST DEVELOPMENT
COMPANY OF OHIO, LLC'S MOTION TO INTERVENE AND LIFT STAY**

1.      My name is Cortney C. Thomas.  I have personal knowledge of the matters set forth in this Declaration, I am of sound mind, and I am otherwise competent to testify to these matters.

**A.    The Receivership Order and First Development Company of Ohio, LLC's Motion to Intervene and Lift Stay**

2.      I am an attorney licensed to practice law in the State of Texas.  On October 18, 2022, I was appointed Receiver in the case styled above, and ordered to take exclusive possession and control over all assets belonging to and under the control of the Receivership Entities.  *See* Order Appointing Receiver (the "Receivership Order") ¶ 1.

3.      The Receivership Order also directed me to assume possession and control over all books and records of the Receivership Entities. Receivership Order ¶ 6-7; 13-14.  Based on that responsibility and authority, I have obtained documents related to the Receivership Entities' operations, transactions, and assets, including the documents attached to this Declaration which are further described below.

4.      As the Court is aware, my ability to obtain and review Receivership Entity financial records has been hampered by Barton's contumacious conduct.  Nonetheless, I requested and

1

APP000001

obtained bank records directly from certain financial institutions, including but not limited to records obtained from Title Partners and certain bank records for accounts in the name of many of the Receivership Entities.  Further, pursuant to my investigation of the Receivership Entities and their operations, I learned that contracts and related documents such as those attached to this Declaration were regularly created by Receivership Entities, were made by persons with knowledge of the matters reflected by the documents, and it was the regular practice of the Receivership Entities to maintain copies of these documents either directly, or through agents or servicers like Title Partners and Texas Brand Bank.  Accordingly, I am the custodian of records for the Receivership Entities and the Receivership Estate, and the records described below and attached to this Declaration are business records of the Receivership Estate.

**B.     First Development's "Claim"**

5.     Before my appointment, in February 2022, Titan and First Development entered into an agreement pursuant to which Titan sought to purchase from First Development 16.3 acres of real property in Grayson County, Texas (the "Agreement" and the "Property").

6.     The Agreement, together with several options that permitted Titan to extend inspection or closing on the Property, required five earnest money payments totaling $105,000.  In furtherance of the Agreement, I have obtained records demonstrating that these funds were deposited into an escrow account with Title Partners (the "Escrow Funds").

7.     Records obtained from Title Partners and my review of the bank records available for Titan and Broadview demonstrate that Titan paid none of the Escrow Funds.  The initial $5,000 payment was made by JMJ VC Management, LLC, with the remaining $100,000 paid by Broadview.

8.     A true and correct copy of a Receipts and Disbursement Ledger from Title Partners is attached as **Exhibit A-1**.

2

9.      A true and correct copy of bank records from JMJ VC Management, LLC with copies of Broadview Holdings checks to Title Partners LLC are attached as **Exhibit A-2**.

10.     A true and correct copy of Comerica Bank's Income Wire Transfer Notification from Texas Brand Bank to Title Partners LLC Texas is attached as **Exhibit A-3**.

11.     Since approximately October 25, 2022, First Development and I have communicated sporadically about First Development's contention that the Agreement entitles it to retain and recover the Escrow Funds.  In response to First Development's claim, I informed First Development of a competing fraudulent transfer claim I hold on behalf of Broadview which would entitle me to recover the Escrow Funds on behalf of Broadview and JMJ VC Management, LLC.

12.     Although I have been willing to negotiate and attempt to resolve the competing claims, First Development chose instead to file its Motion, by which it seeks to intervene to obtain an order lifting the Litigation Stay so that it may litigate against me or Titan in "a Texas State Court or in the alternative in this Court."

13.     A true and correct copy of the Special Warranty Deed with Vendor's Lien for Grantor First Development Company of Ohio, LLC, which I obtained from publicly available real property records, is attached as **Exhibit A-4**.  As evidenced by the Deed, First Development sold the Property at issue in December 2022 to a purchaser other than Titan.

14.     Based on the Litigation Stay included in the Receivership Order, at least 36 lawsuits involving Receivership Entities were initially stayed. With the Court's permission, I have settled a few of those cases.  Parties to these proceedings, creditors, and claimants like First Development, communicate with me or my attorneys weekly, if not daily, regarding when the Stay will be lifted, when and if they will be paid, and when their dispute with a Receivership Entity will be resolved.

3

APP000003

15.    Dozens if not hundreds of creditors are standing in line for payment from Receivership Assets, if and when a claims process is established.  I or my counsel have informed all such creditors that their collection efforts, whether in the form of foreclosure, repossession, seizure, or a lawsuit to enforce rights, are stayed by the Receivership Order.  Indeed, I or my counsel have informed *every single* attorney who has conferred about a motion to lift the Stay to date, including First Development's counsel, that at this juncture, the request is premature at best and may result in a request by the Estate to recover sanctions in defending against such a Motion.

16.    In performing my mandate, I have attempted to address claims to Receivership Assets and against Receivership Entities in a logical progression, for instance by dealing first with some of the largest claims—like HN Capital's claim to the $40+ million dollar property located at 2999 Turtle Creek, SPC's claim of ownership to four apartment developments worth many millions of dollars, and DLP's claim that Receivership Entities were in breach of various development contracts.

17.    In comparison, although I have investigated the source of the Escrow Funds and believe I hold a fraudulent transfer claim for their recovery, I am not yet ready to file a lawsuit against First Development and would prefer to resolve the dispute without incurring litigation fees and expenses.  If the Stay is lifted as First Development requests, however, the Estate would immediately be required to incur additional attorney's fees and related expenses to defend the lawsuit First Development threatens to file.  To avoid such costs, I have attempted to negotiate with First Development to resolve the disputed claim to the Escrow Funds.  First Development rebuffed my negotiations and instead filed its Motion.

18.    Rewarding First Development's efforts to jump to the front of the long line of creditors and claimants by lifting the Litigation Stay for it to initiate a lawsuit while others with

4

far more compelling and valuable claims continue to wait will only embolden other creditors and claimants.  Granting the relief First Development requests will thus result in significant costs in attorney's fees and time required of my counsel to resist other creditors and claimants whose claims will otherwise be resolved in due course, through settlement, agreement to litigate, or pursuant to an order lifting the Stay based on the existence of irreparable harm arising from continuing the Stay.  Those circumstances do not exist here.

19.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 15, 2023.

 */s/ Cortney C. Thomas*
CORTNEY C. THOMAS, RECEIVER

5

APP000005

# EXHIBIT A-1

APP000006

# Receipts and Disbursements Ledger

**Printed at 10:22 AM, Jun 12, 2023**

Buyer/Borrower: **Titan Investments, LLC, a Texas limited liability company**
Seller: **First Development Co. of Ohio, LLC, a Texas limited liability company**
Lender:
Closing Date:                                           Open Date: **02/10/2022**
File Number: **2307948T**
Property Address: **Woodlawn Boulevard and West Coffin Street, Denison TX 75020**
Closer: **JP - Jessica Puckett**
Primary Bank: **Comerica TX-LBJ**

## Disbursements

| Check #: | Payee | Description: | Type of Funds | Check Date | Amount | |
|---|---|---|---|---|---|---|
| | | | Check | Not Issued | | |
| | | **Total** | | | **0.00** | |
| | | **Total Disbursements** | | | **0.00** | |

**Comerica TX-LBJ**

## Receipts

| Trans ID: | Payor | Description: | Type of Funds | Deposit Date | Amount | |
|---|---|---|---|---|---|---|
| 2307948T-1 | Titan Investments, LLC | Earnest Money | Wire | 02/17/2022 | 5,000.00 | C |
| | | **Total** | | | **5,000.00** | |
| 71861 | Broadview Holdings | Extension Deposit | Check | 05/11/2022 | 10,000.00 | C |
| | | **Total** | | | **10,000.00** | |
| 71862 | Broadview Holdings | Additional Earnest Money | Check | 05/11/2022 | 50,000.00 | C |
| | | **Total** | | | **50,000.00** | |
| 2307948T-4 | Broadview Holdings | Closing Extension Deposit | Check | 08/10/2022 | 20,000.00 | C |
| | | **Total** | | | **20,000.00** | |
| 2307948T-5 | Broadview Holdings | Closing Extension Deposit | Check | 09/09/2022 | 20,000.00 | C |
| | | **Total** | | | **20,000.00** | |
| | | **Total Receipts** | | | **105,000.00** | |

| | |
|---|---|
| **Scheduled Disbursements:** | |
| **Actual Disbursements:** | |
| **Pre-Disbursements Balance:** | |
| **Account Balance:** | 105,000.00 |

 
APP000007

# EXHIBIT A-2

APP000008



**TEXAS**BRAND**BANK**

| 1919 S. Shiloh Road | 4161 McKinney Avenue | Cedars / Southside | Deep Ellum |
|---|---|---|---|
| Suite 100, LB 30 | Suite 101 | 1600 S. Ervay St. | 3033 Main Street |
| Garland, Texas 75042 | Dallas, Texas 75204 | Dallas, Texas 75215 | Dallas, Texas 75226 |

JMJ VC MANAGEMENT LLC
13901 MIDWAY RD STE 102-243
DALLAS  TX 75244

**FINANCIAL SERVICES STATEMENT**

**972-494-9800**

Statement Date: **02/28/2022**                    Account No.: ▮▮▮▮    Page: **1**

### *BUSINESS SMALL CHECKING SUMMARY*

Type :   REG   Status :   Active

| Category | Number | Amount |
|---|---|---|
| Balance Forward From 01/31/22 | | 1,760,945.00 |
| Debits | 41 | 593,148.70 |
| Automatic Withdrawals | 22 | 1,405,471.77 |
| Automatic Deposits | 12 | 309,001.06 + |
| Miscellaneous Fees | 7 | 180.00 |
| SERVICE CHARGE | | 15.00 |
| Ending Balance On 02/28/22 | | 71,130.59 |
| **Average Balance (Ledger)** | **433,100.10 +** | |

### *ALL CREDIT ACTIVITY*



### *ELECTRONIC DEBITS*

| Date | Description | Amount |
|---|---|---|

**Continued**        **2/567/1**

APP000009



TEXAS BRAND BANK

1919 S. Shiloh Road
Suite 100, LB 30
Garland, Texas 75042

4161 McKinney Avenue
Suite 101
Dallas, Texas 75204

Cedars / Southside
1600 S. Ervay St.
Dallas, Texas 75215

Deep Ellum
3033 Main Street
Dallas, Texas 75226



**FINANCIAL SERVICES STATEMENT**

**972-494-9800**

Statement Date: **02/28/2022**                    Account No.: ▉▉▉▉  Page: **2**

### ELECTRONIC DEBITS (cont.)



| 02/17/22 | WIRE TRANSFER TO TITLE PARTNERS LLC TEXAS | 5,000.00 |
| 02/17/22 | WIRE TRANSFER FEE TO TITLE PARTNERS LLC TEXAS | 20.00 |

### CHECKS AND OTHER DEBITS

* indicates a gap in the check numbers

| Date | Check # | Amount | Date | Check # | Amount | Date | Check # | Amount |
|---|---|---|---|---|---|---|---|---|
| 02/14/22 | | 19,699.75 | 02/22/22 | 1016 | 7,500.00 | 02/16/22 | 1034 | 5,856.99 |
| 02/22/22 | | 450.00 | 02/25/22 | 1017 | 300.00 | 02/22/22 | 1035 | 79.00 |
| 02/02/22 | 1002 | 184,069.42 | 02/11/22 | 1018 | 966.58 | 02/15/22 | 1037* | 5,000.00 |
| 02/01/22 | 1003 | 10,000.00 | 02/22/22 | 1020* | 60.14 | 02/17/22 | 1038 | 600.00 |
| 02/02/22 | 1004 | 2,161.15 | 02/09/22 | 1021 | 1,310.25 | 02/22/22 | 1039 | 650.00 |
| 02/02/22 | 1005 | 793.15 | 02/14/22 | 1023* | 190.00 | 02/24/22 | 1041* | 2,137.50 |
| 02/02/22 | 1006 | 475.40 | 02/22/22 | 1025* | 500.00 | 02/24/22 | 1042 | 10,000.00 |
| 02/02/22 | 1007 | 13,216.58 | 02/17/22 | 1027* | 250.00 | 02/24/22 | 1043 | 10,000.00 |
| 02/02/22 | 1010* | 7.71 | 02/17/22 | 1028 | 250.00 | 02/22/22 | 1045* | 4,075.28 |
| 02/02/22 | 1011 | 2,049.46 | 02/17/22 | 1029 | 250.00 | 02/23/22 | 1046 | 10,000.00 |
| 02/07/22 | 1012 | 226,029.16 | 02/17/22 | 1030 | 250.00 | 02/28/22 | 1047 | 15,605.22 |
| 02/08/22 | 1013 | 4,830.00 | 02/11/22 | 1031 | 21,210.02 | 02/28/22 | 1049* | 30.94 |
| 02/16/22 | 1014 | 23,073.00 | 02/17/22 | 1032 | 3,480.00 | 02/28/22 | 1050 | 185.00 |
| 02/15/22 | 1015 | 2,742.50 | 02/15/22 | 1033 | 2,814.50 | | | |

| Date | Description | Amount |
|---|---|---|
| 02/28/22 | SERVICE CHARGE | 15.00 |

Continued                    2/567/2

APP000010



AC: ▮▮▮ AMT: $10,000.00 TC: 0
CK: 1139 DT: 05/12/2022 SEQ: 80002670



AC: ▮▮▮ AMT: $10,000.00 TC: 0
CK: 1139 DT: 05/12/2022 SEQ: 80002670



AC: ▮▮▮ AMT: $50,000.00 TC: 0
CK: 1141 DT: 05/12/2022 SEQ: 80002680



AC: ▮▮▮ AMT: $50,000.00 TC: 0
CK: 1141 DT: 05/12/2022 SEQ: 80002680

APP000011







AC: ▮▮▮▮▮     AMT: $20,000.00 TC: 0
CK: 1259 DT: 08/11/2022 SEQ: 80002580



AC: ▮▮▮▮▮     AMT: $20,000.00 TC: 0
CK: 1259 DT: 08/11/2022 SEQ: 80002580

APP000012



AC: ████ AMT: $20,000.00 TC: 0
CK: 1323 DT: 09/12/2022 SEQ: 80101660



AC: ████ AMT: $20,000.00 TC: 0
CK: 1323 DT: 09/12/2022 SEQ: 80101660

# EXHIBIT A-3

APP000014

# Comerica Bank Incoming Wire Transfer Notification

## wire_alerts@comerica.com

Thu 2/17/2022 4:37 PM

To: COMERICA.WIRES@TITLEPARTNERSLLC.COM <COMERICA.WIRES@TITLEPARTNERSLLC.COM>;

Attention: Shelly  Brownlee
Contact:  Title Partners LLC
Comerica Bank Incoming Wire Transfer Notification
Account number ending in 3259 has received an incoming wire transfer:

Wire Amount:
Rate Applied:
Amount:                    $5,000.00 USD
Sequence Number:                    220217017982
Fed Reference Number:                    000719
Incoming Time Stamp:                    02\17\2022 17:37
Sending Bank Reference:        9848465
Sending Bank Name:                    111925113  TEXAS BRAND BANK
Bank to Bank Info:
Receiving Bank:                    111000753  COMERICA DALLAS
Receiving Bank Info:            GF#2307948T
                               TITAN INVESTMENTS LLC
Beneficiary:                    ACCT - ████████
                               TITLE PARTNERS LLC TEXAS
ESCROW ACCOUNT
2325 DOUGLAS AVE 104
DALLAS TX 75225
Reference for Benef:
Beneficiary Bank:
Origin acct ending in:            4637
Originator:                JMJ VC MANAGEMENT LLC
13901 MIDWAY RD STE 102-243
DALLAS  TX 75244
Originator's Bank:
Originator to Ben Info:        GF#2307948T
TITAN INVESTMENTS LLC
Instructing Bank:
Acceptance Timestamp:                    02\17\2022 17:37

OMAD:                    20220217G1QG992C00071902171737FT01
IMAD:                    20220217QMGFT002001591
Charges:
Details of Charges:

APP000015

Thank you for doing business with Comerica Bank. You are receiving this email message as part of the Comerica Bank Treasury Management Service you requested. This is an outbound message only and you should not reply to it. Please visit comerica.com if you need to contact us and use secure email by using the Contact Us forms. To discontinue receiving these emails contact Treasury Management Relationship Services at 800-852-3649.

Member FDIC

Please be aware that if you reply directly to this particular message, your reply may not be secure. Do not use email to send us communications that contain unencrypted confidential information such as passwords, account numbers or Social Security numbers. If you must provide this type of information, please visit comerica.com to submit a secure form using any of the "Contact Us" forms. In addition, you should not send via email any inquiry or request that may be time sensitive. The information in this e-mail is confidential. It is intended for the individual or entity to whom it is addressed. If you have received this email in error, please destroy or delete the message and advise the sender of the error by return email.

APP000016

# EXHIBIT A-4

APP000017

**Grayson County**
**Deana Patterson**
County Clerk
Sherman, TX 75090

---

**Instrument Number:**  2023 - 187

ERecordings-RP

Recorded On: January 04, 2023 08:34 AM                    Number of Pages: 8

Parties: FIRST DEVELOPMENT COMPANY OF OHIO LLC

---

**" Examined and Charged as Follows: "**

Total Recording: $40.00

---

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********
Any provision herein which restricts the Sale, Rental or use of the described Document
because of color or race is invalid and unenforceable under federal law.

**File Information:**                                       **Record and Return To:**

Document Number:     187                                   Simplifile

Receipt Number:      20230104000004                        100 W. Houston Ste. 17

Recorded Date/Time:  January 04, 2023 08:34 AM

User:                Kenady P                               Sherman TX 75090

Station:             CC007

---



STATE OF TEXAS
COUNTY OF GRAYSON

I hereby certify that this Instrument was FILED In the File Number sequence on the date/time
printed hereon, and was duly RECORDED in the Official Records of Grayson County, Texas.

Deana Patterson
County Clerk
Grayson County, TX

APP000018

2023 - 187

_____SPACE ABOVE THIS LINE FOR RECORDING INFORMATION_____

# SPECIAL WARRANTY DEED
# WITH VENDOR'S LIEN

**NOTICE OF CONFIDENTIALITY RIGHTS:   IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

GF# TX22-6337

STATE OF TEXAS                          §
                                        §
COUNTY OF GRAYSON                        §

The undersigned, **FIRST DEVELOPMENT COMPANY OF OHIO, LLC, A TEXAS LIMITED LIABILITY COMPANY**, (hereinafter called "*Grantor*"), for ten dollars ($10.00) and other good and valuable consideration receipt of which is hereby acknowledged and confessed, **AND THE FURTHER CONSIDERATION OF THE EXECUTION AND DELIVERY** of a Note of even date that is in the principal amount of **$1,425,000.00** executed by **7C EQUITY GROUP LLC, A TEXAS LIMITED LIABILITY COMPANY,** (hereinafter called "*Grantee*"), payable to the order of Grantor herein.   The note is secured by a Vendor's Lien retained in favor of Grantor in this Deed and additionally secured by a Deed of Trust of even date from Grantee to **CHARLES H. NEWMAN**, Trustee(s).has GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY unto Grantee, whose mailing address is **1229 WISTERWOOD DRIVE, HOUSTON, TEXAS   77043,** that certain tract of land more particularly described in **Exhibit A** attached hereto and incorporated herein by reference (the "*Land*"), together with all rights, titles and interests appurtenant thereto, including, without limitation, (i) all structures, fixtures, buildings, and improvements situated on the Land, (ii) all rights, titles, powers, privileges, licenses, easements, rights-of-way and interests, if any, of Grantor, either at law or in equity, in possession or in expectancy, in and to any real estate lying in the streets, highways, roads, alleys, rights-of-way or sidewalks, open or proposed, in front of above, over, under, through or adjoining the Land and in and to any strips or gores of real estate adjoining the Land, (iii) all of Grantor's right, title and interest in and to any air rights and water and riparian rights appurtenant to the Land, and (iv) all rights, titles, powers, privileges and interests appurtenant or incident to any of the foregoing (the Land and the foregoing being herein collectively called the "*Property*"), lying and being situated in the County of **GRAYSON**, State of Texas; subject, however, to

Warranty Deed(Vendor's Lien) / LST1_NL0309262                                Page 1 of 5

APP000019

2023 – 187

(i) the matters set forth in **Exhibit B** attached hereto and incorporated herein by reference (the "*Permitted Exceptions*");

TO HAVE AND TO HOLD the Property, together with, all and singular, the rights and appurtenances thereto in anywise belonging, unto the said Grantee and its respective heirs, successors, assigns, and legal representatives, forever, subject, however, to the matters set forth herein; and Grantor does hereby bind itself and its successors to WARRANT and FOREVER DEFEND, all and singular, the Property unto the said Grantee, and its respective heirs, successors, assigns, and legal representatives, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under the Grantor, but not otherwise; subject, however, to the Permitted Exceptions.

The Vendor's Lien against and Superior Title to the property are retained until each Note described is fully paid according to its terms, at which time this deed shall become absolute.

When the context requires, singular nouns and pronouns include the plural.

---

Warranty Deed(Vendor's Lien) / LST1_NL0309262                                    Page 2 of 5

APP000020

2023 - 187

Effective this the _____30th_____ day of _December, 2022_


FIRST DEVELOPMENT COMPANY OF OHIO, LLC, A
TEXAS LIMITED LIABILITY COMPANY

BY: _____
SPIRO TRAJCEVSKI, MANAGING MEMBER


**(Acknowledgment)**

THE STATE OF TEXAS
COUNTY OF _Dallas_

    This instrument was acknowledged before me on the _30th_ day of _December_, _2022_, by **SPIRO TRAJCEVSKI, MANAGING MEMBER OF FIRST DEVELOPMENT COMPANY OF OHIO, LLC, A TEXAS LIMITED LIABILITY COMPANY, ON BEHALF OF SAID LIMITED LIABILITY COMPANY.**



Stephanie Lee Kleam
Notary Public, State of Texas
Comm. Expires 09-25-2025
Notary ID 1072483-4

_____
Notary Public, State of Texas
Notary's Name (printed):
Notary's commission expires:


**NOTICE:** This document affects your legal rights.   Read it carefully before signing.


AFTER RECORDING RETURN TO:
7C EQUITY GROUP LLC, A TEXAS LIMITED
LIABILITY COMPANY
1229 WISTERWOOD DRIVE
HOUSTON, TEXAS   77043

PREPARED IN THE LAW OFFICE OF:
NEWMAN & LAWLER
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW
200 BAILEY AVE., SUITE 100
FORT WORTH, TEXAS   76107

APP000021

2023 - 187

# EXHIBIT A

*TRACT ONE*

Being a 21.22 Acre tract of land situated in the F.C. MARTIN SURVEY, ABSTRACT NO. 767, City of Denison, Grayson County, Texas and being a portion of a tract of land described to First Development Company of Ohio, LLC, a Texas limited liability company by deed recorded in Instrument Number 2021-19863 and all of a tract of land described to First Development Company of Ohio, LLC, a Texas limited liability company by deed recorded in Instrument Number 2021-19084, Deed Records, Grayson County, Texas and being more particularly described as follows:

BEGINNING at a found iron rod at the most southerly southeast corner of said First Development Company of Ohio, LLC tract recorded in Instrument Number 2021-19863 and being in the north line of Coffin Street (variable width right-of-way) and being South 01°27' West a distance of 7.95 feet from the southwest corner of a tract of land described to Danny and Judy Deckard recorded in Volume 2364, Page 931, Deed Records, Grayson County, Texas;

THENCE North 89°12'37" West a distance of 188.45 feet to a found 3/4 inch pipe;

THENCE North 88°47'01" West a distance of 350.00 feet to a found 3/4 inch pipe;

THENCE North 89°21'11" West a distance of 349.57 feet to a point for corner;

THENCE North 68°00'29" West a distance of 41.10 feet to a point for corner;

THENCE North 00°30'31" East a distance of 70.65 feet to a point for corner;

THENCE North 89°21'11" West a distance of 365.57 feet to a point for corner and being in the east line of a tract of land described to the City of Denison in deed recorded in Volume 5617, Page 711, Deed Records, Grayson County, Texas, for the beginning of a non-tangent curve to the left with a radius of 1253.35 feet, a delta angle of 19°57'31" and a chord of North 13°30'18" West, 434.39 feet;

THENCE along said curve an arc length of 436.60 feet to a point for corner for the beginning of a curve to the left with a radius of 2727.56 feet, a delta angle of 05°33'23" and a chord of North 26°15'45" West, 264.41 feet;

THENCE along said curve an arc length of 264.51 feet to a point for corner;

THENCE North 29°02'26" West a distance of 39.04 feet to a point for corner;

THENCE North 86°50'33" East a distance of 529.42 feet to a point for corner;

THENCE South 11°54'07" East a distance of 159.90 feet to a point for corner;

THENCE South 88°35'09" East a distance of 150.06 feet to a point for corner;

THENCE South 89°09'05" East a distance of 213.62 feet to a point for corner;

THENCE South 88°17'03" East a distance of 70.00 feet to a found iron rod;

THENCE South 88°17'39" East a distance of 139.42 feet to a point for corner;

THENCE South 88°18'10" East a distance of 89.76 feet to a point for corner;

THENCE South 88°11'37" East a distance of 69.63 feet to a point for corner;

THENCE South 88°21'06" East a distance of 50.23 feet to a found iron rod;

THENCE South 00°48'45" West a distance of 80.22 feet to a found 3/4 inch iron pipe;

THENCE South 89°11'15" East a distance of 414.54 feet to a found iron rod at the northwest corner of said First Development Company of Ohio, LLC, tract recorded in Instrument Number 2021-19084;

THENCE South 89°11'15" East a distance of 144.87 feet to a point for corner in the west line of Woodlawn Boulevard (a variable width right-of-way);

THENCE South 01°19'34" West a distance of 70.91 feet to a point for corner;

THENCE North 89°11'15" West a distance of 143.06 feet to a found iron rod being the northwest corner of a tract of land described to Jesus Nunez recorded in Volume 3276, Page 450, Deed Records, Grayson County, Texas;

THENCE South 04°54'19" West a distance of 61.18 feet to a found 1/2 inch iron rod;

THENCE North 89°27'50" West a distance of 9.29 feet to a found 1/2 inch iron rod;

THENCE South 00°32'10" West a distance of 121.19 feet to a found 3/4 inch pipe being in the north line of said Deckard tract;

THENCE North 88°06'41" West a distance of 183.68 feet to a found 1/2 inch iron rod being the northwest corner of said Deckard tract;

THENCE South 01°27'17" West a distance of 318.70 feet to the POINT OF BEGINNING and containing 964,196 square feet, 22.13 gross acres of land, Save and Except 0.909 acres of public right-of-way dedicated for Vickery Street and Gerard Lane, leaving a net acreage of 21.22 acres.

APP000022

2023 - 187

# EXHIBIT A

*TRACT TWO*

Being a 15.12 Acre tract of land situated in the P.C. MARTIN SURVEY, ABSTRACT NO. 767, City of Denison, Grayson County, Texas and being all of a tract of land as described to First Development Company of Ohio, LLC, a Texas limited liability company by deed recorded in Instrument Number 2021-19861, Deed Records, Grayson County, Texas and a portion of a tract of land described in deed to First Development Company of Ohio, LLC, a Texas limited liability company by deed recorded in Instrument Number 2021-19863, Deed Records, Grayson County, Texas being more particularly described as follows:

BEGINNING at a found iron rod at the intersection of the south line of Coffin Street, a public street, with the west line of Woodlawn Boulevard, a public street, at the northeast corner of a tract of land described in deed to Culpepper & Avery as recorded in Volume 1473, Page 640, Deed Records, Grayson County, Texas;

THENCE South 01°27'12" West with the west line of said Woodlawn Boulevard and the east line of said Culpepper and Avery tract a distance of 297.58 feet to a point for corner;

THENCE Westerly with the general course of a wire fence maintaining the "occupied" south line of said Culpepper and Avery tract, the following calls and distances:

   (1)   South 89°51'24" West a distance of 179.02 feet to an angle point in said fence;

   (2)   North 89°12'46" West a distance of 197.13 feet to a point for corner;

   (3)   North 89°34'17" West a distance of 383.97 feet to a point in said fence in the east line of a 40 foot wide dedicated street (not open or improved), at the northwest corner of the Grayson County Industry for the Handicapped, Inc. 760 that by 163 feet tract of land described in Volume 1315, Page 329, Deed Records, Grayson County, Texas and being the southwest corner of said Culpepper and Avery tract;

THENCE South 89°42'29" West a distance of 40.02 feet to the southeast corner of a 9.172 acre tract described in Instrument Number 2021-19861;

THENCE North 88°28'41" West with the north line of said Grayson County Industry for the Handicapped tract a distance of 715.83 feet to a point in the center of a creek at the northwest corner of said Grayson County Industry for the Handicapped tract;

THENCE Southerly with the center of a creek and the west line of both said Grayson County Industry for the Handicapped property and a tract of land described in deed to Curtis L. Strandlien and Stephanie L. Strandlien recorded in Volume 4572, Page 931, Deed Records, Grayson County, Texas the following bearing and distances:

   (1)   South 25°10'56" East, a distance of 190.88 feet;

   (2)   South 14°59'58" East, a distance of 118.89 feet;

   (3)   South 14°00'02" West, a distance of 84.00 feet;

   (4)   South 41°00'02" West, a distance of 107.00 feet;

   (5)   South 79°00'02" West, a distance of 103.00 feet;

   (6)   South 73°00'02" West, a distance of 166.00 feet;

   (7)   South 55°00'02" West, a distance of 96.00 feet;

   (8)   South 33°55'45" West, a distance of 54.20 feet;

   (9)   South 00°01'57" West, a distance of 38.67 feet to a point at the southwest corner of said Strandlien tract and in the north line of Baker Road, a public street (not open), and the most southern southeast corner of the herein described tract;

THENCE North 88°47'50" West a distance of 53.50 feet to a point in the east line of said City of Denison 28.290 acre tract;

THENCE Northeasterly with the east line of said City of Denison 28.290 acre tract the following courses and distances;

   (1)   With a curve to the right, having a radius of 1,859.86 feet, a central angle of 04°02'24", a chord bearing and distance of North 22°23'40" East, 131.11 feet, and an arc length of 131.14 feet to a set 1/2 inch iron rod with cap marked "Strand" at the end of said curve;

   (2)   North 24°24'51" East a distance of 244.39 feet to a set 1/2 inch iron rod with cap marked "Strand" at the beginning of a curve;

   (3)   With a curve to the left, having a radius of 1,683.49 feet, a central angle of 21°17'45", a chord bearing and distance of North 13°45'58" East, 622.13 feet, and an arc length of 625.72 feet to the northwest corner of a called 9.172 acre tract recorded in Instrument Number 2021-19861;

   (4)   Continuing with a curve to the left, having a radius of 1,683.49 feet, a central angle of 02°43'24", a chord bearing and distance of North 01°45'22" East, 80.01 feet, and an arc length of 80.02 feet to a found 3/4 inch iron pipe;

   (5)   With a curve to the left, having a radius of 1,253.35 feet, a central angle of 03°55'03", a chord bearing and distance of North 01°34'01" West, 85.68 feet, and an arc length of 85.69 feet;

THENCE South 89°21'11" East a distance of 365.57 feet to a point for corner;

THENCE South 00°30'31" West a distance of 70.65 feet to a point for corner;

THENCE South 62°00'29" East a distance of 41.10 feet to a point for corner;

THENCE South 89°21'11" East a distance of 349.57 feet to a point for corner;

THENCE South 88°47'01" East a distance of 350.00 feet to a point for corner;

THENCE South 89°12'37" East a distance of 188.45 feet to a point for corner;

THENCE North 01°26'48" East a distance of 7.95 feet to a point for corner;

THENCE South 88°32'43" East a distance of 335.85 feet to a point;

THENCE South 01°23'24" West a distance of 79.79 feet to the POINT OF BEGINNING and containing 800,498 square feet, 18.38 gross acres of land, Save and Except 3.255 acres of public right-of-way, leaving a net acreage of 15.12 acres.

APP000023

2023 - 187

**EXHIBIT B**
**PERMITTED EXCEPTIONS**

1.  Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

2.  Standby fees, taxes and assessments by any taxing authority for the year **2023**, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.

3.  Visible and apparent easements.

4.  Easements or claims of easements which are not recorded in the public records of Grayson County, Texas.

5.  All leases, grants, exceptions, or reservations of coal, lignite, oil, gas, and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions, or reservations or mineral interests that are not listed.

6.  Any matter, including but not limited to, easements, roadways and/or building set back lines as revealed on the recorded plat of Gerald Addition, of record in Volume 1, Page 127, of the Plat Records of Grayson County, Texas.

7.  Easement in favor of Texas Power & Light Company, recorded in Volume 568, Page 117 and in Volume 652, Page 54 of the Deed Records of Grayson County, Texas.

8.  Right of Way in favor of the State of Texas, recorded in Volume 339, Page 163, Deed Records of Grayson County, Texas.

9.  Right of Way Easement in favor of Homer R. West, recorded in Volume 666, Page 263, Deed Records of Grayson County, Texas.

10. Sewer line easement in favor of the City of Denison, recorded in Volume 885, Page 186, Deed Records of Grayson County, Texas.

11. Any portion of the subject property lying within the boundary of any public or private road or being used for roadway purposes.

12. The rights of tenants, lessees, and/or parties in possession.

APP000024

2023 – 187

13. Location of creek, floodway, 40' wide dedicated street, and those portions of the subject property lying within Coffins Street & Gerald Lane & Vickery Street, as shown on Survey by Strand Architecture Engineering dated December 28, 2022, prepared by Wesley K. Batterton, RPLS # 6699.

14. Any claim, loss, action, cause of action or dispute involving location of the fence outside the boundary lines and the fence inside the boundary lines and the property lying between fences and the boundary lines, including but not limited to the rights of adjacent landowners, if any, to use of that portion of the property lying between the fences and the boundary line, as shown on Survey by Strand Architecture Engineering dated December 28, 2022, prepared by Wesley K. Batterton, RPLS # 6699.

15. Rights and Easements of others to use, maintain, and replace the utility lines, wires, and poles, as shown on Survey by Strand Architecture Engineering dated December 28, 2022, prepared by Wesley K. Batterton, RPLS # 6699.

16. Any rights of adjoining property owners in and to that part of the hereinabove property which may constitute accretion or avulsion by virtue of the possible shifting of the bed or shores of the river, stream or body of water which bounds the subject property.

APP000025