# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

v.

TIMOTHY BARTON,                                  C.A. No.: 3:22-cv-2118-X
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,                                    Jury Trial Demanded
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (A/K/A MICHAEL FU),
STEPHEN T. WALL,

                  Defendants,

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

                  Relief Defendants.

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO
FIRST DEVELOPMENT COMPANY OF OHIO, LLC'S
<u>MOTION TO INTERVENE AND LIFT STAY</u>**

The Securities and Exchange Commission ("SEC") submits this Response to First

Development Company of Ohio, LLC's ("First Development") Motion to Intervene and Lift Stay, and respectfully shows the Court as follows:

## PRELMINARY STATEMENT

The SEC opposes First Development's request to lift the litigation stay over the Receiver's objection.  First Development has not demonstrated that it will suffer any, much less substantial, injury if it is not permitted to institute litigation against a Receivership Entity at this early stage of the receivership.  Further, the litigation that First Development proposes will impose potentially avoidable litigation costs on the receivership, impede the Receiver's ability to effectively administer the receivership, and invite other claimants to file similar motions, thereby compounding the burden and expense on the receivership.

## BACKGROUND

1.      On October 18, 2022, the Court entered an Order Appointing Receiver in this case.  ("Receivership Order").  (Dkt. 29)

2.      The Receivership Order includes a stay of all civil legal proceedings involving the Receivership Property and Receivership Entities (as those terms are defined therein).  Receivership Order at ¶¶ 34-36.

3.      Among other ongoing receivership work, the Receiver is currently in the process of reviewing and evaluating more than 30 pending litigation matters and numerous other potential claims that lenders, investors, and other creditors may assert against the Receivership Property and/or Receivership Entities.  Receiver's Second Status Rpt. at 36-48.  (Dkt. 139)

4.      First Development seeks to lift the stay so that it can file a lawsuit in Texas state court against Titan Investments, LLC ("Titan") to adjudicate its ownership rights to $105,000 that a title company is holding escrow.  Motion at 1, 10-15.

5.      Titan is a Receivership Entity.  Supp. Receivership Order. (Dkt. 88)

## **ARGUMENT**

District courts have "broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions." *SEC v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 340 (5th Cir. 2011) (per curiam) (internal citations omitted). "To determine whether an exception should be made to a stay . . . the court should consider (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *Id.* at 341 (internal citation and quotation omitted). "The first factor essentially balances the interests in preserving the receivership estate with the interests of the" movant. *Id.* (internal citation omitted).

The SEC agrees with the Receiver's assessment that lifting the stay to allow First Development to pursue litigation at this relatively early stage of the receivership is unwarranted and not in the best interest of the receivership estate. First Development's proposed lawsuit would upend the status quo by forcing the Receiver to devote time and resources to defend the proposed litigation. The Receiver could potentially avoid these costs if it is given time to negotiate with First Development on the merits of the parties' competing claims.[1]

In addition, First Development has not shown that it will suffer substantial injury if it is not permitted to file suit at this time. For example, First Development does not contend that the escrowed funds are at risk of dissipation, claim that statute of limitations will soon bar its claims, or identify any other exigent circumstances in support of its motion. Motion at 1-15. The only

---

[1] The Receiver is evaluating a competing fraudulent transfer claim that could reduce or completely eliminate First Development's claim. Receiver's Response at 3-4. (Dkt. 284)

basis that First Development advances for why the Court should authorize it to institute litigation immediately (as opposed to at a reasonable later date, if necessary) is a conclusory statement that the funds are part of its business capital and having them impacts its ability to conduct business. Motion at 12-13.  However, First Development provides no explanation, much less support, for its proposition that these specific funds – funds it has never had access to before – are part of its business capital and/or are impacting its ability to conduct business in the near term.

Indeed, most, if not all, creditors with pending or potential claims could make a similar unsupported statement that obtaining a recovery from Receivership Entities or Receivership Property would impact their business.  Thus, First Development's proposed lawsuit, if allowed to proceed, could open the floodgates to similar motions and side litigation, which would: (1) impede the Receiver's administration of receivership assets; (2) impose substantial, unnecessary costs on the receivership; and ultimately (3) reduce the amount of funds available to be returned to harmed investors.  The receivership has been in place for less than nine months, and the Receiver should be afforded a reasonable opportunity to evaluate the numerous pending and threatened claims and to make decisions about how to effectively administer those claims for the benefit of the receivership estate.

Because First Development fails to demonstrate entitlement to the relief sought, and has set forth no other basis for seeking intervention at this time, the Court should also deny its request to intervene, without prejudice.

**CONCLUSION**

For these reasons, the SEC respectfully requests that the Court deny First Development's Motion without prejudice.

Dated: June 15, 2023                    Respectfully submitted,

                                        /s/ *Keefe M. Bernstein*
                                        Keefe M. Bernstein
                                        Texas Bar No. 24006839
                                        David B. Reece
                                        Texas Bar No. 24002810
                                        James E. Etri
                                        Texas Bar No. 24002061
                                        Securities and Exchange Commission
                                        801 Cherry Street, Suite 1900
                                        Fort Worth, Texas 76102
                                        (817) 900-2607 (KMB phone)
                                        (817) 978-4927 (facsimile)
                                        bernsteink@sec.gov
                                        Counsel for Plaintiff
                                        Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I affirm that on June 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.


*/s/ Keefe M. Bernstein*
Keefe M. Bernstein