UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        *Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON, et al.<br><br>        *Defendants,*<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>        *Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-x |

## ORDER GRANTING RECEIVER'S SECOND FEE APPLICATION

Before the Court is the Receiver's Second Quarterly Fee Application. [Doc. 237]. The Securities and Exchange Commission (the "SEC") does not oppose the motion, but Defendant Timothy Barton does. Barton requests a hearing on this motion, which the Court **DENIES.** For the reasons below, and because the Court concludes that the Receiver has acted reasonably and diligently and that the requested fees and expenses are reasonable and necessary given the circumstances surrounding the Receivership, the Court **GRANTS** the Receiver's second fee application.

Barton argues that the Receiver should not be paid while Barton's appeal of several Court orders in this case remain pending. But "[t]he award of fees in a

1

receivership is entrusted to the discretion of the district court."[1]  A receiver "is entitled to compensation" regardless of whether he "increased, or prevented a decrease in, the value of the collateral," so long as he "reasonably and diligently discharged his duties."[2]  In that analysis, "opposition or acquiescence by the SEC to the fee application will be given great weight."[3]  And the Receiver, as an agent of the Court, is entitled to payment regardless of the outcome of Barton's pending appeals.[4]

Barton also argues that the Court must deny or reduce the application on several grounds.  He challenges the redactions in the Receiver's application, accuses the Receiver of requesting fees with insufficient specificity, and disputes the reasonableness and compensability of several individual items billed by the Receiver or his team.  But the Receiver's redactions are reasonable given the sensitivity of information surrounding multiple pending sales, the Receiver's requests are sufficiently specific, and the requested amounts are reasonable given the nature and circumstances of the case.  The Court also agrees with the Receiver that his expenditures connected with Barton's barrage of appeals to the Fifth Circuit were entirely necessary and reasonable.

---

[1] *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 991 F.2d 71, 79 (3d Cir. 1993) (cleaned up).

[2] *S.E.C. v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992).

[3] *S.E.C. v. Striker Petroleum, LLC*, No. 3:09-CV-2304-D, 2012 WL 685333, at *3 (N.D. Tex. 2012) (Fitzwater, C.J.) (cleaned up).

[4] *See, e.g., Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994) (holding that "the district court has the authority to impose a lien on property in a receivership to satisfy the receivership expenses" even where "the property is taken from the receiver's control before the receiver has been compensated" (cleaned up)).

Accordingly, and given the reasonableness of the amounts under both the lodestar method and the Fifth Circuit's *Johnson* factors,[5] the Court **GRANTS** the application and **ORDERS** that the Receiver is hereby authorized to pay from the Receivership assets the following fees and expenses:

1. The sum of $109,326.63 shall be paid to Cort Thomas for his services as Receiver from January 1, 2023 to March 31, 2023, representing $107,112.50 in fees and $2,214.13 in expenses.

2. The sum of $235,794.00 shall be paid to Brown Fox PLLC for its services as counsel for the Receiver from January 1, 2023 to March 31, 2023.

3. The sum of $78,329.20 shall be paid to Ahuja & Clark, PLLC for its accounting services rendered from January 1, 2023 to March 31, 2023, representing $77,153.50 in fees and $1,175.70 in expenses.

4. The sum of $20,944.39 shall be paid to Veracity Forensics for its services to the Receiver from January 1, 2023 to March 31, 2023.

**IT IS SO ORDERED,** this 19th day of June, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *See* Doc. 237 at 7–10 (explaining that the requests comply with the lodestar calculation method because the rates correlate with appropriate hourly rates in the community, evidence sound billing judgment, and are reasonable and necessary under the circumstances surrounding the receivership); *id.* at 10–13 (detailing the fee application's compliance with the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).