**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | **CASE NO. 3:22-cv-2118-X** |
| **TIMOTHY BARTON ET AL.,** | § § § | |
| Defendants, | § § | |

**SOUTHERN PROPERTIES CAPITAL, LTD.'S OPPOSITION TO RECEIVER'S
MOTION TO STAY DEADLINE FOR REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT REGARDING SOUTHERN PROPERTIES CAPITAL, LTD.'S
CLAIMED OWNERSHIP INTEREST IN CERTAIN
RECEIVERSHIP ENTITIES AND PROPERTIES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Southern Properties Capital, Ltd. ("SPC") files this Opposition to Receiver's Motion to Motion to Stay Deadline for Reply in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties ("Opposition") and for its Opposition states as follows:

## I.    PRELIMINARY STATEMENT

Citing a Fifth Circuit opinion issued on June 28, 2023, the Receiver seeks to stay the deadline for the Receiver to file the Reply Brief in Support of his motion for summary judgment to confiscate and sell properties that rightly belong to Southern Properties Capital, Ltd. ("SPC"). In the Motion, the Receiver seeks to parlay the Fifth Circuit's decision into an additional extension of as much as ninety (90) days.

SPC asserts several arguments in opposition to the Receiver's Motion.  First, the Receiver ignores the Fifth Circuit's explicit holding that the Receivership may continue for 90 days before its activities are stayed.  Second, the Fifth Circuit decision was released on June 28, 2023 and the Receiver's Reply is due June 30, 2023.  Accordingly, it is reasonable to assume that the Receiver has already completed nearly the entirety of its Reply and completion should not absorb any inordinate amount of additional resources.

Third, and most importantly, the Receiver draws precisely the wrong conclusion from the language of the Fifth Circuit opinion.  In *SEC v. Barton*, Case No. 22-11132 (5th Cir. June 28, 2023), the Fifth Circuit reiterated the legal principles that are at the heart of SPC's opposition to the Receiver's confiscation and sale of the SPC real estate developments.  That principle is that the Receiver may not exercise jurisdiction over assets to which proceeds from the wrongful conduct have not been traced.  As SPC clearly established in Southern Properties Capital, Ltd.'s Brief in Support of Response to Receiver's Motion for Summary Judgment, the Receiver has not, and cannot, trace proceeds of Timothy Barton's alleged fraudulent conduct into the four SPC projects that are the subject to the Receiver's Motion for Summary Judgment.

Based on the language of the Fifth Circuit opinion, the Court should not, as the Receiver requests, prolong the months-long deprivation of SPC's property right.  If anything, the Fifth

Circuit opinion should lead the Court to accelerate the process of finding that SPC is the owner of Windmill Farms, Bellwether Ridge, Ingleside, and Opelika.  Indeed, the appropriate Receiver's appropriate response to the Fifth Circuit's repudiation should be for the Receiver to recognize its lack of jurisdiction and release these real estate developments to SPC as their legitimate owner.

## II.    ARGUMENTS AND AUTHORITIES

The Receiver suggests that a stay of the Receiver's obligation to file a Reply Brief will "eliminate potentially unnecessary work for the Court and expenses for the Receivership Estate . . . ."  The Receiver ignores the fact that the purported preservation of judicial resources and the resources of the Receivership Estate must be balanced against the interest of SPC in recovering its right as the owner of the SPC projects.  From a purely practical perspective, however, requiring the Receiver to file its Reply, as previously ordered, on June 30, 2023 will not, in fact, result in the significant preservation of resources.  Undoubtedly, the Receiver's counsel has been diligently working on his Reply during the one-month period since SPC filed its Response.  The Fifth Circuit decision was released on June 28, 2023.  The Court and SPC should expect that the Receiver's work is already essentially complete and needs only the finishing touches by Receiver's counsel.  Accordingly, the resources required for the Receiver to complete the Reply should be minimal.  Nor will the further delay requested by the Receiver result in the conservation of judicial resources.  At some point in time, this Court will be required to decide on the ownership and disposition of the SPC projects.  Granting the Receiver's Motion will only delay the Court's consideration of this decision, not obviate it.  Accordingly, given the minimal resources required of the Receiver to complete his Reply, and the countervailing interest of SPC in a decision relating to the ownership of the real estate developments, the Court should deny the stay and require the Receiver to file its Reply on June 30, 2023.

More significantly, the Fifth Circuit findings and language of the Firth Circuit opinion accentuates the need for the Court to issue a timely decision relating to ownership of the SPC projects. SPC established in its Response that none of the investor funds purportedly obtained by the alleged fraud perpetrated by Barton or his entities are traceable into the SPC projects. SPC argued that, given evidence of the ownership interest of SPC in the projects, this lack of commingling established that the project should not be considered Receivership Assets and that the Receiver had no jurisdiction to confiscate and sell SPC's property for the benefit of the victims of Barton's alleged wrongdoing.

The Fifth Circuit opinion issued on June 28, 2023, reiterates the analysis relied on by SPC and strongly confirms that, in light of the evidence here, the Receiver has no jurisdiction over the SPC projects. Discussing the application of *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012) to this matter, the Fifth Circuit unequivocally stated that the Receivers authority to seize and sell property depends on his ability to trace into that property the proceeds of the fraudulent conduct. The Fifth Circuit concluded:

> Since the receivership's jurisdiction extends only over property subject to the underlying claims, the district court abused its discretion by including all Barton-controlled entities in the receivership without first finding that they had received or benefited from the ill-gotten funds.

*SEC v. Barton,* p. 11.

The Receiver's attempt to confiscate and sells the SPC projects is directly contrary to the principles reiterated by the Court in its June 28, 2023, opinion. As SPC demonstrated in its Response, the Receiver has not, and cannot, trace Barton's purported "ill-gotten funds" into the SPC developments.

In light of the emphatic holding by the Fifth Circuit, delaying the disposition of this matter only accentuates the injustice inflicted on SPC. For many months, SPC has been deprived of the right to control its property. Further delay is not warrant by the Fifth Circuit's opinion. On the contrary, the principles restated in the Fifth Circuit decision cry out for a timely resolution to the Receiver's unwarranted attempt to confiscate and sell SPC's property. The Court should deny the Receiver's request for a stay and permit the resolution of the issues relating to the real estate developments to proceed to a timely resolution.

Indeed, as stated above, SPC is puzzled by the Receiver's continued pursuit of these real estate developments. SPC firmly believes that the Receiver should renounce its prior position and concede that it does not have the evidence necessary to exercise jurisdiction over the SPC developments under Fifth Circuit precedent, as clearly reiterated in the opinion just released.

## III.    CONCLUSION

For the reasons set forth above, Southern Properties Capital, Ltd. respectfully requests that the Court deny the Receiver's Motion for Stay and grant to Southern Properties Capital, Ltd. such other and further relief to which it is entitled in law or equity.

**RESPECTFULLY SUBMITTED BY:**

/s/ *J/ Blair Norris*
**C. GREGORY SHAMOUN**
Co-Lead Counsel State
Bar No. 18089650
g@snlegal.com
**BRIAN K. NORMAN**
Co-Lead Counsel State
Bar No. 00797161
bkn@snlegal.com
**J. BLAIR NORRIS**
Bar No. 2414515
bn@snlegal.com

**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone (214) 987-1745
Facsimile: (214) 521-9033

**ATTORNEYS FOR SOUTHERN PROPERTIES CAPITAL, LTD**

## CERTIFICATE OF SERVICE

 I hereby certify that on June 29, 2023, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ J. Blair Norris
**J. BLAIR NORRIS**