UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>　　　　　　　　　　　　　Defendants,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>　　　　　　　　　　　　　Relief Defendants. | C.A. No.: 3:22-cv-2118-X<br><br>Jury Trial Demanded |

**PRELIMINARY INJUNCTION ORDER AND ORDER REQUIRING SWORN ACCOUNTING, PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND LIFTING STAY FOR LIMITED PURPOSE**

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (the "Motion").

The Court, having considered the pleadings and submissions in this case, including the Motion and the supporting declarations and exhibits thereto, and the other evidence and argument presented to the Court, finds that:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint, and its Motion.

2. The SEC has established a substantial likelihood of success on the merits of its claims that Defendants Timothy Barton ("Barton"), Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, and Carnegie Development, LLC violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. The SEC has established a substantial threat of irreparable injury if a preliminary injunction is not issued.

4. The SEC has established that the threatened injury if a preliminary injunction is denied outweighs any harm that will result if the injunction is granted.

5. The SEC has established that the grant of a preliminary injunction will not disserve the public interest.

6. Good cause exists to believe that Barton used improper and unlawful means to obtain investor funds and that investor funds and assets obtained with investor funds have been misappropriated and misapplied, as described in the SEC's Complaint and in the Motion. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton will dissipate, conceal, or transfer assets, including investor funds and assets obtained with, or that otherwise benefited from, investor funds.

7. There is good cause to believe that Barton and the entities that Barton directly or indirectly controls do not have sufficient funds or assets to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors.

8.  Good cause exists to believe that an accounting of assets held by Barton and the entities that Barton directly or indirectly controls is necessary to determine the disposition of investor funds and assets obtained with, or that otherwise benefited from, investor funds, and to determine which entities that Barton directly or indirectly controls received or benefited from investor funds.

9.  Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton may alter or destroy documents relevant to this action, and it is necessary to preserve and maintain the business records of Barton and his controlled entities from destruction.

10. The Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct and is not in furtherance of a pecuniary purpose, and, therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

11. Good cause exists to lift the Court-imposed stay for the limited purpose of adjudicating the Motion.

The Court therefore grants the following relief without prejudice to any of the remaining relief requested by the SEC in its Motion.

**IT IS THEREFORE ORDERED** that the stay is lifted for the limited purpose of adjudicating the Motion and **IT IS FURTHER ORDERED:**

## I.

### Preliminary Injunction Order

Barton is preliminarily enjoined from transferring, selling, dissipating, assigning, concealing, pledging, withdrawing, alienating, encumbering, incurring debt upon, disposing of,

or diminishing the value of any funds, property, or other assets of any entity that he directly or indirectly controls that is not placed in receivership.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees, and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

Entities that Barton directly or indirectly controls that have not been placed in receivership include, but are not limited to:

1. 2999 Acquisitions, LLC (Delaware)
2. 2999 Middlebury, LLC (Delaware)
3. 2999 Roxbury, LLC (Delaware)
4. 2999TC Founders, LLC (Delaware)
5. 2999TC JMJ Equity, LLC
6. 2999TC JMJ MGR, LLC (Delaware)
7. 2999TC JMJ, LLC (Delaware)
8. 2999TC JMJ, LLC (Texas)
9. 2999TC LP, LLC (Delaware)
10. 2999TC MM, LLC
11. 2999TC MZ, LLC (Delaware)
12. AVEG WW, LLC (Delaware)
13. Barton Texas Water District, LLC
14. Barton Water District, LLC (Delaware)
15. BC Acquisitions, LLC (Delaware)
16. BSJ Trading, LLC
17. BUILD VIOLET, LLC
18. Carnegie Finance, LLC
19. Condo Towers GP, LLC
20. CYNKFP, LLC
21. D4AT, LLC
22. D4BM, LLC
23. D4BR, LLC (Texas)
24. D4SMC, LLC
25. D4WP, LLC
26. Dallas Real Estate Management, LLC
27. Five Star GM, LLC (Delaware)
28. Food & Leverage Real Estate, LLC (Delaware)
29. Glenwood (18340) Property, LLC (Delaware)

30. Illuminate Dallas, LLC (Texas)
31. JB Special Asset, LLC
32. JMJ Acquisitions Mgmt, LLC
33. JMJ Aviation, LLC (Texas)
34. JMJ BLUES TX, LLC
35. JMJ Blues, LLC
36. JMJ Centre, LLC
37. JMJ Development Brasil, LTDA
38. JMJ Development Fund
39. JMJ Development Fund, Inc.
40. JMJ EB5 Fund GP, LLC (Delaware)
41. JMJ EB5 Fund, LP (Delaware)
42. JMJ Holdings, LLC
43. JMJ Holdings US, LLC
44. JMJ Holdings USA, Inc.
45. JMJ Home Building Inc. (Nevada)
46. JMJ Hospitality General Trading FZE
47. JMJ Hospitality UAE
48. JMJ Investments Limited
49. JMJ Land Acquisition, Inc (Nevada)
50. JMJ Land Development, Inc (Nevada)
51. JMJ Land Venture, LLC
52. JMJ Mezzanine, Inc (Nevada)
53. JMJ MF Development, LLC
54. JMJ Multifamily, Inc (Nevada)
55. JMJ Offshore, LTD
56. JMJ Regional Center, LLC (Delaware)
57. JMJ Valley Center, LLC
58. JMJ148, LLC (Texas)
59. JMJD4Allensville, LLC
60. JMJDWG, LLC (Texas)
61. JMJKH, LLC
62. Lynn Investments, LLC
63. MCFW, LLC
64. MCRS2019, LLC (Texas)
65. MMCYN, LLC
66. MV9490 Land Lot, LLC
67. MV9490 Management, LLC
68. MV9490, LLC
69. MXBA Managed, LLC
70. MXBA Services, LLC
71. Myra Park 635, LLC
72. Northstar 114, LLC (Delaware)
73. Northstar PM, LLC (Delaware)

74. One Agent Texas, LLC (Texas)
75. One Agent, LLC (Delaware)
76. ONE FHC, LLC (Texas)
77. Residential MF Assets, LLC (Delaware)
78. Rhino Stainless US, LLC
79. Riverwalk Invesco, LLC (Delaware)
80. Riverwalk Opportunity Management, LLC (Delaware)
81. Riverwalk OZFM, LLC (Delaware)
82. Riverwalk OZFV, LLC (Delaware)
83. Riverwalk QOZBJ, LLC (Delaware)
84. Riverwalk QOZBM, LLC (Delaware)
85. Riverwalk QOZBV, LLC (Delaware)
86. SK Carnegie, LLC
87. STL Park, LLC (Delaware)
88. Tarm Carnegie Management, LLC (Delaware)
89. Tarm Carnegie, LLC (Texas)
90. The Towers Condominium Partners Ltd.
91. VenusBK195, LLC (Texas)
92. VenusPark201, LLC (Delaware)

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, third-party payment processor, title company, any other holder or custodian of any digital assets, or on any entity or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Barton, or any persons or entities under his control.

II.

**Sworn Accounting**

Barton shall provide a sworn accounting, under oath, within ten (10) days of the issuance of this Order. The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer: (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from

investors; (c) all current assets and liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present wherever the assets and liabilities may be located and by whomever they are being held; and (d) all accounts with any bank, credit union, trust company, title company, financial or brokerage institution maintained for Barton or any entity he directly or indirectly controls or controlled at any point during the period from January 1, 2017 to the present.  The accounting shall be sufficient to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by Barton or within his power to learn.  The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be filed with the Court and served on all counsel of record by the deadline set forth above.

After completion of the accounting, Barton shall produce to the SEC at a time agreeable to the SEC, all books, records, and other documents supporting or underlying the accounting.

### III.

### Document Preservation Order

Except as otherwise ordered by this Court, Barton is hereby temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any (1) documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind his possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise) relevant to this lawsuit or the assets or liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017, and (2) accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital

wallets, pertaining in any manner to Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees, and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

## IV.

### Retention of Jurisdiction

This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED, this \_\_\_\_\_ day of _____, _____**

_____
**HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE**