UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>      Defendants,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>      Relief Defendants. | C.A. No.: 3:22-cv-2118-X<br><br>Jury Trial Demanded |

**DECLARATION OF CAROL HAHN IN SUPPORT OF
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION
FOR APPOINTMENT OF A RECEIVER, FOR A PRELIMINARY INJUNCTION
<u>AND ANCILLARY RELIEF, AND TO LIFT STAY FOR LIMITED PURPOSE</u>**

**Supp. App001**

I, Carol Hahn, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct, and that I am competent to testify to the matters stated herein:

1. I am currently employed as a Staff Accountant with the United States Securities and Exchange Commission (the "Commission") in its Fort Worth Regional Office in Fort Worth, Texas. I have been employed by the Commission since April 2005. I hold a Bachelor of Science in Economics from Texas A&M University. I am a Certified Fraud Examiner. The facts set forth herein are based upon my personal knowledge or upon information contained in the files of the Commission.

2. This declaration supplements my Declaration in Support of the Commission's Expedited Motion for Appointment of Receiver, dated September 23, 2022 ("First Declaration").[1]

3. As discussed in my First Declaration, Wall Entity investor funds were received directly by all of the Wall Entities into one or more of their respective Wall Entity bank accounts. Investor funds were also received into bank accounts held in the name of entities controlled (directly or indirectly) by Barton, including JMJ Development, JMJ Hospitality, JMJAV, and into Barton and Wall's personal accounts and one of Wall's corporate accounts. The majority of the investor funds received into an account other than a Wall Entity account

---

[1] In my First Declaration I defined the following persons and entities that I will be referring to in this declaration: Timothy Barton ("Barton"), Carnegie Development, LLC ("Carnegie Development"), JMJ Development, LLC ("JMJ Development"), Wall007, LLC ("Wall 7"), Wall009, LLC ("Wall 9"), Wall010, LLC ("Wall 10"), Wall011, LLC ("Wall 11"), Wall012, LLC ("Wall 12"), Wall016, LLC ("Wall 16"), Wall017, LLC ("Wall 17"), Wall018, LLC ("Wall 18"), and Wall019, LLC ("Wall 19") (each a "Wall Entity" or collectively, the "Wall Entities"), JMJ Hospitality, LLC ("JMJ Hospitality"), JMJAV LLC ("JMJAV"), DJD Land Partners, LLC ("DJD"), LDG001, LLC ("LDG001"), Haoqiang Fu (a/k/a Michael Fu) ("Fu"), and Stephen T. Wall ("Wall").

2

were then deposited into a Wall Entity account or into an account held in the name of Carnegie Development.[2]

4. In my First Declaration, I provided a list of Barton-controlled entities in addition to the Wall Entities, JMJ Development, JMJ Hospitality, and JMJAV that received investor funds, real property interests purchased, at least in part, with investor funds, or owned property interests that were improved with or otherwise have benefited from the use of investor funds. *See* First Declaration at ¶ 37 and Exhibit C. (App. 15, 18) (Dkt. 9) All of these entities fall into the category of entities that Barton directly or indirectly controls that received or benefitted from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

5. Exhibit A attached hereto provides further detail about the assets and benefits these entities received and also includes additional entities not identified in my First Declaration. This list of entities (and corresponding transactions) however is not exhaustive, and does not include entities or transactions that might have been identified by the current receiver based on the receiver's access to significantly more information than I have available. In addition, the summary of transactions provided in Exhibit A are typically an example for each entity and do not encompass all instances where an entity may have received or benefitted from assets traceable to Barton's alleged fraudulent activities.

6. In addition, as discussed in my First Declaration, Barton extensively commingled, transferred, dissipated, and encumbered investor funds and assets purchased with investor funds. This included transferring investor funds from a Wall Entity bank account to JMJ Development and Carnegie Development bank accounts, and from those accounts to other accounts and entities controlled by Barton, and vice versa. Wall Entity investor funds were commingled with

---

[2] As noted in my First Declaration, there were Wall Entity investor funds kept by Fu to offset fees and commissions purportedly owed to him.

loan proceeds (including loans where a Wall Entity was the borrower, loans secured by a Wall Entity property, and loans secured by a property purchased, at least in part, with Wall Entity investor funds), title company proceeds, and non-Wall Entity investor funds, among other unknown deposits or transfers.  Barton would also direct title companies to wire loan proceeds from a Wall Entity loan, a loan secured by a Wall Entity property, or a loan secured by a property purchased, at least in part, with Wall Entity investor funds to other title companies for the purchase of non-Wall Entity properties without these funds ever passing through a Barton controlled entity bank account.  As a result, the Commission cannot yet confirm whether additional Barton-controlled entities received, or otherwise benefited from, Barton's alleged fraudulent activities that are the subject of this litigation.

7. <u>Exhibit B</u> attached hereto is the list of proposed "Receivership Entities" referenced in the Commission's Motion for Appointment of a Receiver, for A Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose.  This list includes the entities identified in this declaration and additional entities identified in the declaration that the current receiver filed with the Court on September 5, 2023.

I state under penalty of perjury that the foregoing is true and correct.

Dated: September 7, 2023              _____
                                     Carol Hahn