IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § | |
| Defendants, | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| Relief Defendants. | § § | |

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR APPOINTMENT OF RECEIVER, FOR A PRELIMINARY INJUNCTION AND ANCILLARY RELIEF, AND TO LIFT STAY FOR LIMITED PURPOSE, AND BRIEF IN SUPPORT**

Defendant Timothy Lynch Barton respectfully requests an eight-day extension of time to file a response to the Plaintiff United States Securities and Exchange Commission's Motion for Appointment of Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose, and Brief in Support [ECF No. 309]. Defendant Barton's current filing deadline

1

under the Court's order scheduling briefing on this matter is Thursday, September 28, 2023. The extension sought by Defendant would extend that deadline Friday, October 6, 2023.

There is good cause for the extension.  The Commission filed its motion for appointment of a new receiver on September 7, 2023.  That submission included a report from the SEC's in-house accountant, in which the accountant asserted that she had traced funds subject to this litigation into certain corporate entities.  This tracing inquiry is an crucial part of the SEC's satisfying its burden regarding the remedy it seeks.  *SEC v. Barton*, No. 22-11132, 2023 U.S. App. LEXIS 23125, 16 (5th Cir. Aug. 31, 2023).

The next day (September 8, 2023)—working cooperatively with opposing counsel—undersigned counsel asked for the documents on which the SEC's in-house accountant relied for her report and her accounting work papers.  Counsel for the SEC agreed to produce the materials. On several occasions in the intervening two weeks, undersigned counsel followed up with counsel for the SEC on the status of this production and was promised the SEC was diligently working on providing them as quickly as possible.

The SEC began producing the documents in the evening of Thursday, September 21, and the process of production continued until the late afternoon of Friday, September 22.  The SEC ultimately produced 2,670 documents and 10,843 pages.  An expert is assisting the Defense in its opposition to the SEC's motion.  The requested extension is necessary in order for Defense counsel and the expert to examine these materials and adversarially test the assertions of the SEC's in-house accountant.

The requested extension also would facilitate the potential resolution of this matter. Commission staff and Defense counsel are currently engaged in good faith negotiations to reach a consensual resolution that potentially would spare the further expenditure of judicial resources on

a pre-judgment asset security and other issues.  The Defendant made an extensive oral settlement proposal in early August and a follow-up written proposal on September 8, and has been informed that the SEC is working in good faith on a response but needs more time to do so.

The Defendant is cognizant that the current receivership will be vacated on Wednesday, November 29, 2023, pursuant to the Fifth Circuit's opinion.  The requested extension will leave 54 days—or 60 percent of the relevant period—for the Commission to file a reply, if any, in support of its motion and for the Court to hold any hearing and to decide the motion.

In accordance with Civil Rule 7.1, the undersigned counsel has worked closely with counsel for the SEC and has avoided seeking judicial intervention except when absolutely necessary.  After reviewing the SEC's production over the weekend, counsel also consulted on the requested extension.  Plaintiff's counsel indicated that the SEC is not opposed to a reasonable extension to Barton's response deadline, but defers to the Court's discretion as to whether such an extension is appropriate and, if so, its duration, in light of the deadline the Fifth Circuit has imposed and the urgency of the matter before the Court.

Based on the foregoing and in light of the Plaintiff's production of more than 10,000 pages of materials directly relevant to the motion six to seven days before the current due date of the opposition, Defendant Barton respectfully requests that his unopposed motion for extension of time for eight days be granted.

Dated: September 26, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 25, 2023, the undersigned counsel consulted with Plaintiff's counsel, Keefe Bernstein, who represented that the Plaintiff does not oppose the relief sought herein.

*/s/ Michael J. Edney*

## CERTIFICATE OF SERVICE

On September 26, 2023 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*

4