UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff | § § | |
| v. | § § | C.A. No.: 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (aka MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § | Jury Trial Demanded |
| Defendants | § § | |
| DJD LAND PARTNERS, LLC and LDG001, LLC, | § § § | |
| Relief Defendants | § | |

# EXHIBIT A

FILED
7/23/2021 3:15 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-02991-B

| | | |
|---|---|---|
| Serena Badgley, As Next Friend of B.B., a Minor | § § § | COUNTY COURT AT LAW |
| Plaintiffs, | § § | |
| v. | § § § | NO. _____ |
| Goldmark Hospitality, LLC | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## Plaintiffs' Original Petition

Plaintiffs Serena Badgley, As Next Friend of B.B., Minor file this petition against Goldmark Hospitality, LLC and would show the Court the following:

### I.

### Discovery Level

1.  Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2.  Plaintiffs bring claims under the common law of Texas. Jurisdiction and venue are proper in this Court because Defendant has a principal office in this County. Furthermore, the incident given rise to this suit occurred in this County. TEX. CIV. PRAC. REM. CODE § 15.002.

### III.

### Parties

3. Plaintiffs are residents and citizens of Texas. Serena Badgley is the mother of minor, B.B..

4. Defendant Goldmark Hospitality, LLC is a Texas limited liability company with a principal place of business in Dallas County, Texas. This Defendant may be served with process by serving its registered agent ONE Agent Texas, LLC, 815 Brazos St., Suite 500, Austin, Texas 78701.

### IV.

### Facts

5. On or about June 24, 2021, Plaintiffs were residents at the apartment complex, Amerigold Suites. On information and belief, Amerigold Suites is owned by Defendant Goldmark Hospitality, LLC. Plaintiffs had recently moved into the second story of the apartment complex. On the day of the incident, B.B. was in the apartment complex when a window that was not supposed to open gave way. B.B. fell all the way to the ground from the second story. B.B. suffered severe injures to his pelvis, head, legs, and other parts of his body.

### V.

### Causes of Action

*A.* *Negligence and Gross Negligence*

6. Plaintiffs repeat and reallege each allegation contained above.

7. Plaintiffs sustained severe injuries because of Defendant's negligence and gross negligence when Defendants:

- Failed to create, enforce and implement adequate safety protocols and procedures;

- Failed to maintain a safe living environment;

- Failed to adequately inspect the premise;

- Failed to train its employees;

- Failed to warn of dangerous hazards at the apartment complex;

- Failed to supervise its employees;

- Failed to warn the Plaintiffs of hidden dangers;

- Failed to abide by applicable rules and regulations;

- Failed to keep the premises free of known hazards; and

- Other acts so deemed negligent and grossly negligent.

8. As a result of Defendant's negligence and gross negligence, Plaintiff suffered severe physical injuries. Additionally, as a result of Defendant's negligence and gross negligence, Plaintiff suffered severe physical and emotional injuries. The Defendant had the above referenced duties. Defendant breached those duties and Defendant's breaches were the cause in fact and the proximate cause of all Plaintiff's injuries. Furthermore, Defendant's actions were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**B.    *Premises Liability***

9. Plaintiffs repeat and reallege each allegation contained above.

10. Upon information and belief, Defendant owned, occupied and/or controlled the area where Plaintiff was caused to suffer severe injuries. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition.  Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

11. Moreover, Plaintiff entered Defendant's premises with permission. Defendant had a duty to either warn Plaintiffs of this unreasonably dangerous condition or make the unreasonably dangerous condition reasonably safe. Defendant breached this duty by failing to warn Plaintiffs of this known unreasonably dangerous condition, and by failing to make the unreasonably dangerous condition reasonably safe. Defendant's breach proximately caused Plaintiff severe injuries.

## VI.

## Damages

12. As a result of said occurrences, Plaintiff sustained severe injuries to his pelvic, head, legs, and other parts of his body which resulted in extensive medical treatment, physical pain, mental anguish, disfigurement, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, disfigurement, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has suffered a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

13. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiffs now sue. Pursuant to Rule 47, Plaintiffs seeks monetary relief within the jurisdictional limits of this Court and over $1,000,000.00.

## VII.

## Jury Trial Demanded

14. Plaintiffs hereby demand a trial by jury.

## VIII.

## **Prayer**

Plaintiffs pray that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendant in a total sum in excess of $1,000,000.00, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
SBN:  24036150
karnold@arnolditkin.com
Trent Shelton
SBN: 24121119
tshelton@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Narissa Espinal on behalf of Kurt Arnold
Bar No. 24036150
nespinal@arnolditkin.com
Envelope ID: 55657516
Status as of 7/23/2021 3:48 PM CST

Associated Case Party: SERENA BADGLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kurt Arnold | | e-service@arnolditkin.com | 7/23/2021 3:15:45 PM | SENT |
| Debbie Bowman | | DBowman@arnolditkin.com | 7/23/2021 3:15:45 PM | SENT |
| Roland Christensen | | rchristensen@arnolditkin.com | 7/23/2021 3:15:45 PM | SENT |
| Narissa Espinal | | nespinal@arnolditkin.com | 7/23/2021 3:15:45 PM | SENT |
| Trenton Shelton | | tshelton@arnolditkin.com | 7/23/2021 3:15:45 PM | SENT |