**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION §<br>§<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>TIMOTHY BARTON, CARNEGIE §<br>DEVELOPMENT, LLC, et al, §<br>§<br>*Defendants*. | **C.A. No: 3:22-cv-2118-X**<br><br>**JURY TRIAL DEMANDED** |

**MOTION OF MCCORMICK 101, LLC FOR (1) CLARIFICATION OF THE SCOPE OF ORDER APPOINTING RECEIVER [DOC. 29] OR, (2) IN THE ALTERNATIVE, MOTION FOR ORDER LIFTING STAY AND BRIEF IN SUPPORT**

**TO THE HONORABLE BRANTLEY STARR,**
**UNITED STATES JUDGE:**

COMES NOW McCormick 101, LLC ("McCormick") and files this Motion (1) for Clarification of the Scope of Order Appointing Receiver [Doc. 29], or, (2) In the Alternative, Motion for Order Lifting Stay (the "Motion") and respectfully shows the Court the following:

**INTRODUCTION**

McCormick is the owner and holder of a Promissory Note in the amount of $2,584,249.00 entered by Goldmark Hospitality, LLC (the "Note"). The Note was entered in connection with a loan made to Goldmark Hospitality, LLC ("Goldmark") for use on the Amerigold Suites, an extended stay hotel located in Dallas, Texas. Timothy Barton, in his individual capacity ("Barton"), signed a personal guaranty in which he unconditionally and absolutely guaranteed prompt and full payment of the Note. McCormick is also the first lienholder on the Amerigold Suites and has requested the Court grant it leave to foreclose on the property [Doc. 311]. While that request is pending, McCormick wishes to pursue payment of the Note from Barton, the

guarantor.  McCormick in no way intends to run afoul of any of this Court's prior orders, specifically, the Order Appointing Receiver [Doc. 29] and therefore seeks clarification regarding the scope of the Order Appointing Receiver and, if needed, exception from the Order Appointing Receiver for the limited purpose of pursuing Barton on the guaranty.

## BACKGROUND

1.    On or about November 14, 2019, Goldmark Hospitality, LLC ("Goldmark") and Texas Brand Bank ("TBB") entered a loan agreement (the "Loan Agreement") pursuant to which TBB loaned Goldmark the principal sum of $2,584,249.00 (the "Note").  A true and correct copy of the Loan Agreement is attached as **Exhibit A.** (App. 001-0032).

**2.**    The Note was secured by a Deed of Trust, Security Agreement – Financing Statement (the "Deed of Trust") over certain real property located at 13636 Goldmark Drive, Dallas, Texas 75240 (the "Property").  A true and correct copy of the Deed of Trust is attached as **Exhibit B**.  (App. 033-063).

**3.**    On or about November 14, 2019, Timothy Barton signed the Guaranty Agreement (the "Guaranty") in which he personally guaranteed payment of the Note.  A true and correct copy of the Guaranty is attached as **Exhibit C**.  (App. 064-073).

4.    Amerigold Suites, Extended Stay Hotel operates at the Property ("Amerigold").

5.    The last payment on the Note, in the amount of $20,199.75 was made on September 20, 2022.

6.    On September 23, 2022, the Securities and Exchange Commission (the "SEC") filed its Complaint in Case No. 3:22-CV-2118-X [Doc. 1] (the "Lawsuit").

7.      On September 26, 2022, the SEC filed Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver and Brief in Support ("Motion for Appointment of Receiver") [Doc. 6].

8.      The next payment due on the Note was October 14, 2022, which was not received, putting Goldmark into default under the Note.   There are other nonmonetary defaults under the Loan Agreement and Note.

9.      On October 18, 2022, the Court entered the Order Appointing Receiver, Cortney C. Thomas (the "Receiver") (the "Court's Order Appointing Receiver") [Doc. 29].

10.     On November 1, 2022, the Receiver filed a Motion to Supplement Order Appointing Receiver [Doc. 41].

11.     On November 2, 2022, the Government filed the Government's Unopposed Motion to Intervene and to Stay Proceedings [Doc. 44].

12.     On November 16, 2022, the Court entered the Order Granting Receiver's Motion to Supplement Order Appointing Receiver [Doc. 62] (the "First Supplemental Order").

13.     Also, on November 16, 2022, the Court entered the Order Granting Motion to Intervene and Stay Proceedings (the "Stay Order") [Doc. 64].

14.     On November 17, 2022, Timothy Barton ("Barton") filed a Notice of Interlocutory Appeal related to, *inter alia*, the receivership order.

15.     On December 13, 2022, the Court entered its second Order Granting Receiver's Motion to Supplement Order Appointing Receiver [Doc. 88] (the "Second Supplemental Order").

16.     Nothing in the Stay Order precluded the Receiver from performing his duties and obligations as receiver.

17.     On or about December 22, 2022, McCormick entered an Asset Sale Agreement with TBB pursuant to which McCormick acquired the Loan.

18.     Pursuant to the Court's Order Appointing Receiver and the Stay Order, McCormick is precluded from exercising its rights under the Loan Agreement and Deed of Trust.

19.     On March 2, 2023, the Receiver filed a Verified Motion for Appointment of Appraisers, Approval of Appraisers, Approval Hearing, and Approval of Sale of Amerigold Suites [Doc. 167].

20.     On March 29, 2023, the Court entered an Order approving the Amerigold sale [Doc. 202].

21.     On June 28, 2023, the Fifth Circuit issued its opinion in which it ruled, *inter alia*, that the receivership order should be vacated (90 days after the Fifth Circuit issues the mandate), that certain of the Receiver's powers were stayed, but permitted the Receiver to moved forward with the sale of property that had already been approved by the District Court.

22.     On August 31, 2023, the Fifth Circuit withdrew its previous opinion and entered a new opinion prohibiting the Receiver from closing on even the previously approved property sales without a new receivership order.

23.     The Fifth Circuit also issued its mandate on August 31, 2023.

24.     The previously-approved sale of the Property did not close.

25.     On September 7, 2023, the Receiver petitioned the Court for a new Order Appointing Receiver [Doc. 309].

26.     On September 12, 2023, McCormick filed the Motion of McCormick 101, LLC for Order (1) Lifting Stay and (2) for Exception From the Court's Order Appointing Receiver of

McCormick 101, LLC [Doc. 29], or, (3) In the Alternative, Motion for Adequate Protection and Brief in Support.

## REQUEST FOR CLARIFICATION

Section nine of the Court's Order Appointing Receiver, entitled "Stay of Litigation," stays certain Ancillary Proceedings.  Ancillary Proceedings are defined as:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, on in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise . . . [Doc. 29 at p. 17].

Since Barton signed the Guaranty in his individual capacity, not in his capacity as an officer, director, manager, agent, or partner of Goldmark, McCormick believes that pursing payment from Barton, including filing a lawsuit against Barton, would not violate the Stay of Litigation contained in the Court's Order Appointing Receiver.  However, in an abundance of caution, McCormick requests the Court confirm that that McCormick's interpretation of the scope of the Stay of Litigation is correct.

## MOTION TO LIFT STAY

In the alternative and without waiving the foregoing, if the Court determines that McCormick suing Barton in his individual capacity would violate the Stay of Litigation, McCormick requests that the Court enter an order lifting the Stay of Litigation for the limited purpose of permitting McCormick to pursue its claims against Barton in his individual capacity. McCormick has not received any payments on the Note or any form of debt servicing since the Receiver was appointed.  McCormick has contractual rights to pursue the individual guarantor on

the Note separate and apart from any contemplated action against Goldmark, a Receivership Entity. The Court should permit McCormick to enforce its rights against Barton pursuant to the Guaranty.

## **PRAYER**

WHEREFORE, McCormick respectfully request the Court enter an order confirming that the Stay of Litigation contained in the Court's Order Appointing Receiver does not preclude, prohibit, or otherwise limit McCormick from pursuing its claims against Barton and granting all such other and further relief, at law and in equity, to which McCormick may show itself justly entitled.

Dated: September 28, 2023
Dallas, Texas

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:    */s/ Russell W. Mills*
Russell W. Mills
Texas Bar No. 0078469
rmills@bellnunnally.com
Gwen I. Walraven
Texas Bar No. 24047065
gwalraven@bellnunnally.com
Lewis F. Collins III
Texas Bar No. 24132383
lcollins@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214-740-1400 Telephone
214-740-1499 Facsimile

**ATTORNEYS FOR
MCCORMICK 101, LLC**

## CERTIFICATE OF CONFERENCE

On September 25, 2023, the undersigned conferred with Charlene Koonce, counsel for the Receiver, regarding the relief sought herein.  On September 27, 2023, Ms. Koonce indicated her opposition to that relief. On September 27, 2023, I left a message for Keefe Bernstein, counsel for the SEC but that call was not returned by the time of filing this motion.

*/s/ Russell W. Mills*
Russell W. Mills

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Motion of McCormick 101, LLC for (1) Clarification of the Scope Appointing Receiver [Doc. 29] Or, (2) In the Alternative, Motion for Order Lifting Stay and Brief in Support was served on all parties on this 28th day of September 2023, v*ia CM/ECF*.

*/s/ Gwen I. Walraven*
Gwen I. Walraven

7607943_1.docx