UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | C.A. No.: 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | Jury Trial Demanded |
| Defendants, | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | |
| Relief Defendants. | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE
TO MOTION OF MCCORMICK 101, LLC FOR ORDER (1) LIFTING STAY AND
(2) FOR EXCEPTION FROM THE COURT'S ORDER APPOINTING RECEIVER OF
MCCORMICK 101, LLC, OR, (3) IN THE ALTERNATIVE,
MOTION FOR ADEQUATE PROTECTION**

The Securities and Exchange Commission ("SEC") submits this response to motion of McCormick 101, LLC ("McCormick") for an order (1) lifting stay and (2) for exception from the Court's Order appointing the Receiver, or, (3) in the alternative, motion for adequate protection, and respectfully shows the court as follows:

## PRELIMINARY STATEMENT

The SEC opposes McCormick's request to lift the stay over the Receiver's objection. McCormick is the first lender on the Amerigold Suites property. McCormick purchased its note with knowledge of the Receivership Order, and McCormick appears to concede that it is currently over secured. McCormick has not demonstrated that it will suffer any injury, much less substantial injury, if the status quo is maintained until the Court determines whether to order a new receivership, and if so, the receiver is given a reasonable amount of time to sell the Amerigold Suites or otherwise address McCormick's lien. Further, the foreclosure action McCormick proposes would likely reduce the value of the receivership assets and impede the Receiver's ability to effectively administer the receivership. The SEC defers to the Receiver's business judgment on whether adequate protection payments would be appropriate at this time.

## BACKGROUND

1.    On October 18, 2022, the Court entered an Order Appointing Receiver in this case. ("Receivership Order"). (Dkt. 29)

2.    The Receivership Order includes a stay of all civil legal proceedings involving the Receivership Property and Receivership Entities (as those terms are defined therein). Receivership Order at ¶¶ 34-36.

3.    McCormick is a secured lender that seeks to lift the stay so that it can foreclose on the Amerigold Suites extended-stay hotel in Dallas, TX, which is a Receivership Property.

Motion at 5-6.  McCormick purchased its note on December 22, 2022, with knowledge of the Receivership Order.  Receiver's Response at p. 6.  (Dkt. 316)

4.       Alternatively, McCormick seek to require the Receiver to use rents from the Amerigold Suites property to service its debt.  *Id*. at 6-7.

## ARGUMENT

District courts have "broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions."  *SEC v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 340 (5th Cir. 2011) (per curiam) (internal citations omitted).  "To determine whether an exception should be made to a stay . . . the court should consider (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."  *Id.* at 341 (internal citation and quotation omitted).  "The first factor essentially balances the interests in preserving the receivership estate with the interests of the" movant.  *Id.* (internal citation omitted).

The SEC agrees with the Receiver's assessment that lifting the stay to allow McCormick to foreclose on the Amerigold Suites property at this relatively early stage of the receivership is unwarranted and not in the best interest of the receivership estate.  The Receiver has received an offer to purchase the Amerigold Suites property for an amount in excess of the debt owing to McCormick.  Motion at 2.  Thus, the receivership reasonably stands to obtain value in excess of McCormick's lien that could potentially be used for the benefit of defrauded investors.

In addition, McCormick has not shown that it will suffer substantial injury if it is not permitted to foreclose at this time.  For example, McCormick does not contend, much less

3

demonstrate, that the value of the property is at imminent risk of declining in value below the amount of its secured claim, or identify any other exigent circumstances in support of its motion. Motion at 1-15.  The only basis that McCormick advances for why the Court should authorize it to foreclosure now is that the Receiver is currently unable to close the sale of the property as a result of the Fifth Circuit's stay.  Motion at 2, 6.  However, the Fifth Circuit's stay is temporary, and will end within approximately two months or less if the Court orders a new receivership or, if it does not, when the current receivership is vacated.

The Receiver is charged with making decisions to effectively administer the receivership and its assets.  As discussed above, McCormick has not shown that its lien is at significant risk. The SEC defers to the Receiver's business judgment on whether any adequate protection payments are appropriate at this time.

## **CONCLUSION**

For these reasons, the SEC respectfully requests that the Court deny McCormick's Motion.

Dated: September 29, 2023          Respectfully submitted,

                                   /s/ Keefe M. Bernstein
                                   Keefe M. Bernstein
                                   Texas Bar No. 24006839
                                   James E. Etri
                                   Texas Bar No. 24002061
                                   Securities and Exchange Commission
                                   801 Cherry Street, Suite 1900
                                   Fort Worth, Texas 76102
                                   (817) 900-2607 (KMB phone)
                                   (817) 978-4927 (facsimile)
                                   bernsteink@sec.gov

                                   Counsel for Plaintiff
                                   Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I affirm that on September 29, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.


*/s/ Keefe M. Bernstein*
Keefe M. Bernstein