IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 3:22-cv-2118-X |
| TIMOTHY BARTON, ET AL., | § § § | |
| Defendants. | § | |

**SOUTHERN PROPERTIES CAPITAL, LTD.'S MOTION FOR INTERVENTION, REQUEST TO PRESENT A WITNESS AT HEARING ON SEC'S MOTION, AND, IN THE ALTERNATIVE, REQUEST TO FILE AMICUS BRIEF, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Southern Properties Capital, Ltd. ("SPC") files this Motion for Intervention, Request to Present a Witness at Hearing on SEC's Motion, and, in the Alternative, Request to File Amicus Brief, and Brief in Support, and states as follows:

## I.      INTRODUCTION

The Court should permit SPC to intervene because the SEC threatens to sell SPC's properties. SPC, for a brief moment, asks this Court to step into SPC's shoes. Years ago, SPC purchased the raw land for four (4) projects (the "SPC Projects"). SPC has devoted years, and tens of millions of dollars, to developing the SPC Projects. SPC drew up plans and designs for the SPC Projects. SPC then constructed four (4) apartment complexes on the raw land. Today, SPC oversees all day-to-day operations for the SPC Projects, including leasing and maintenance. Without SPC, the SPC Projects would not exist.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief
(456,045v5)

1

The SEC, in its singular pursuit of selling the SPC Projects, shoves SPC to the side. The SEC, disregarding SPC's ownership interest in the SPC Projects, has taken what rightfully belongs to SPC. Now, the SEC asks this Court to rubberstamp what the SEC has already done. To accomplish its goal, the SEC invites this Court to ignore reality and believe: (1) SPC is a mere passive investor, and (2) the SPC Projects benefitted from Barton's alleged fraud. The SEC is wrong on both counts.

First, SPC is not just another passive investor. SPC spent years meticulously developing the SPC Projects. SPC's actions—purchasing land, designing construction, funding development, and managing day-to-day operations, among others—are simply out of step with passive investment. They are the actions of an owner.

Second, the SEC cannot show how the SPC Projects benefitted from Barton's alleged fraud. The SPC Projects received funding from only two sources: SPC equity and HUD loans. The SPC Projects, in other words, did not receive or benefit from investor funds. The SEC, of course, asks the Court to ignore this fact.

SPC is presently prevented from fully using and enjoying the SPC Projects. SPC cannot exercise its ownership rights, SPC cannot enjoy its ownership rights, and SPC cannot even appoint a manager for the SPC Projects. SPC suffers its current disability because the SEC, without evidence, insists the SPC Projects must have benefitted from Barton's alleged fraud simply because Barton was involved in the projects. Surely, this Court can understand not all actions committed by an alleged fraudster are *ipso facto* fraudulent. SPC asks this Court to draw a similar distinction here.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief
(456,045v5)

2

SPC, however, is currently without a seat at the table. With its property rights already behind lock and key, SPC deserves a say in these proceedings. This Court, therefore, should permit SPC to intervene so SPC can defend its property ownership rights.

## II.  ARGUMENT & AUTHORITIES

This Court invited any interested parties to intervene in these proceedings. *See* ECF Dkt. 62 at 2 ("as of the date of this Order, going forward, all interested non-parties are directed to intervene to the extent they wish to participate in the proceedings."). SPC is simply heeding this Court's call. Yet, setting this Court's invitation aside, SPC easily meets the requirements for intervention as a matter of right. Chief among the reasons: the SEC has already wrongfully and unjustly exercised control over SPC's rights to properties SPC spent years and tens of millions of dollars developing—the SPC Projects. SPC has always been the beneficial owner of the SPC Projects, but now the SEC swoops in to claim all the benefits without enduring the sacrifice SPC expended.

Fortunately, not only does SPC overcome the hurdles for intervention as a right, but SPC also can properly permissively intervene. SPC will address these topics—intervention as a right and permissive intervention—in turn and in detail below.

### A.      The Court Should Permit SPC to Intervene to Protect Its Ownership Interests

There are four elements for intervention as a right. They are as follows: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, [and] (4) the applicant's interest must be inadequately represented by the

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief                                                    3
(456,045v5)

existing parties to the suit." *Texas v. U.S.*, 805 F.3d 653, 657 (5th Cir. 2015). SPC satisfies elements.

First, SPC's motion is clearly timely. Within the past month, the SEC re-urged this Court to appoint a Receiver. In prior months, the Receiver made clear its intent to sell the SPC Projects. SPC sprang into action upon learning of the SEC's Motion.

This Court set the SEC's Motion for hearing on October 11, 2023. Any response to the SEC's Motion is due by October 2, 2023. SPC, along with this Motion, is filing a response to the SEC's Motion. SPC understands the gravity of the situation—the Receiver has deprived SPC of its ownership interests in the SPC Projects—and has acted accordingly. Under "all the circumstances," there is no question that SPC promptly moved to protect its rights. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n.*, 834 F.3d 562, 565-66 (5th Cir. 2016) (quotation omitted) (granting intervention three months after prospective intervenor discovered his interest was in jeopardy).

Second, SPC has "an interest relating to property or transaction which is the subject of the action." The SEC's Proposed Order asks this Court to take "exclusive jurisdiction and possession of the assets, of whatever kind and where situated," belonging to Barton's entities. This would include the "D4" entities that Barton used when he served as the initial developer for the SPC Projects. Neither Barton nor his entities were ever intended to be the indefinite owner of the SPC Projects. SPC has always been the beneficial owner of the SPC Projects. The SEC, however, asks this Court to ignore SPC's years of labor, and tens of millions of dollars invested, toward the SPC Projects. Instead, the SEC wants to make decisions about the SPC Projects for SPC. SPC did not develop the SPC Projects out of charity; SPC did so because it has always been the beneficial owner of the SPC Projects.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief
(456,045v5)

4

All that is required for intervention as a right is "a stake in the matter that goes beyond a generalized preference that the case come out a certain way"—for example when "a potential decree threatens a prospective interference with [the movant's interest]," even if the court is presently "uncertain whether the [movant's interests w[ill] be affected at all." *Id.* at 657, 660 (ellipses and quotation omitted). In light of this low threshold, movants that assert that their "property interest[s] . . . are threatened by the litigation" are "almost always" entitled to intervene because a property right is "the most elementary type of right that Rule 24(a) is designed to protect." *Id.* at 658 (brackets and quotations omitted).

There can be no doubt SPC has a sufficient interest to protect through intervention. SPC asserts an ownership interest in the SPC Projects. The Receiver asserts the value of these SPC properties totals at least $78 million. There is no question this litigation poses an imminent threat to SPC's valuable property rights—the SEC is *already* blocking SPC from use and enjoyment of the SPC Projects. The SEC, of course, already made plain that it intends to sell the SPC Projects at fire sale prices, permanently removing the SPC Projects from SPC's reach.

Third, and for similar reasons, "the disposition of the action may, as a practical matter, impair or impede [SPC's] ability to protect [its] interest." *Id.* at 657. Again, the Receiver seeks authority to sell unique real property that is owned by SPC. The SEC's Motion, if granted, will not just "impair or impede" SPC's ability to protect its interest—it will confiscate SPC's ownership interests completely. Courts have recognized that real property interests represent unique interests. *See San Antonio Sav. Ass'n v. C.I.R.*, 887 F.2d 577, 591 (5th Cir. 1989); *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 481 (Tex. App.—Dallas 2010, no pet.); *Eastland v. Camp Mystic, Inc.*, Nos. 04-08-00675-CV, 04-08-00741-CV, 2009 WL 260523, at *4 (Tex.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief                    5
(456,045v5)

App.—San Antonio 2009, pet. denied) (mem. op.). SPC simply asks this Court for the opportunity to defend its unique interest in the SPC Projects.

Fourth, the existing parties inadequately represent SPC's interest in the SPC Projects. The SEC and the Receiver are myopically focused on seizing property to reimburse alleged defrauded investors. While this is a noble endeavor, neither the Commission nor the Receiver can be expected to focus on, much less champion, SPC's superior property rights. The same can be said of Barton. Barton is not focused on protecting SPC in these proceedings. Understandably so—Barton is focused on protecting himself. SPC, therefore, is left without any entity or person who will defend its ownership in the SPC Projects. SPC clearly satisfies the "minimal burden" of showing that "the representation [provided by existing parties] *may* be inadequate." *Wal-Mart*, 834 F.3d at 569 (emphasis added, quotation omitted); *see also, e.g.*, *Texas,* 805 F.3d at 662 (granting intervention when movants' interest merely "diverge[d]" from the Government's largely-aligned "institutional interest").

SPC satisfies the elements required for intervention as a right. Most importantly, SPC has no fighter in its corner. Without intervention, SPC will be forced to "cross its fingers" and hope its ownership interests in the SPC Projects do not become collateral damage to the litigation between Barton, the SEC, and the Receiver. This Court, therefore, should permit SPC to intervene as a right.

**B.     SPC can also Intervene by Permissive Intervention**

Permissive intervention is open to "anyone" possessing "a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). There are three elements for permissive intervention: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief                          6
(456,045v5)

(3) intervention will not unduly delay or prejudice the adjudication of the right of the original parties." *Hancock v. Chicago Title Ins. Co.*, 2008 WL 4344620, at *2 (N.D. Tex. Sept. 23, 2008).

First, for the reasons set forth above, SPC's motion to intervene is timely.

Second, SPC's "claim or defense" presents "common questions" with the SEC's, and ultimately the Receiver's, opposing views. The Receiver previously made clear its intent to sell the SPC Projects at fire-sale prices. SPC—the rightful owner of the SPC Projects—vehemently opposes this plan. The parties are simply at an impasse. There is, therefore, a common question that requires the attention of the Court. *Hancock*, 2008 WL 4344620, at *2.

Third, "intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *Hancock*, 2008 WL 4344620, at *2. SPC does not seek to stall or delay the current proceedings. SPC complied with this Court's expedited briefing schedule for the SEC's Motion. SPC also did so in the past when the Court ordered the Receiver to file a motion for summary judgment regarding the SPC Projects. In fact, SPC has already compiled, and filed, the evidence to defend its ownership rights in the SPC Projects. SPC is ready to protect its rights and seeks a swift adjudication vindicating SPC. SPC's intervention, therefore, will not "unduly delay or prejudice the adjudication of the rights of the original parties." *Hancock*, 2008 WL 4344620, at *2.

This Court has recently invited non-Defendant entities to intervene and assert their rights. *See* ECF Dkt. 62 at 2 ("as of the date of this Order, going forward, all interested non-parties are directed to intervene to the extent they wish to participate in the proceedings."). SPC accepts the Court's invitation. For any and all of the above reasons, the Court should allow SPC to permissively intervene to protect its property rights.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief
(456,045v5)                                                                                          7

C. **SPC Requests Time to Present a Witness at this Court's October 11, 2023, Hearing on the SEC's Motion.**

This Court has set the hearing on the SEC's Motion for Evidentiary Hearing for October 11, 2023. Currently, the Court has allotted time for the SEC and Barton to present witnesses. SPC respectfully asks this Court for 30 minutes to present a witness of its own.

"When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." FED. R. CIV. P. 43(c). This determination rests squarely within this Court's discretion because a "court may decide a motion on affidavits or . . . direct that the matter be heard on oral testimony." *Sanders v. Monsanto Co.*, 574 F.2d 198, 199–200 (5th Cir. 1978). Importantly, a court "should ensure that the third parties are given due process, and thus have adequate notice and an opportunity to be heard." *SEC v. Bjork*, No. H-11-2830, 2012 WL 1392082, at *2 (S.D. Tex. 2012).

In his Declaration, the Receiver makes abundantly, and repeatedly, clear that the SPC Projects are his *primary target* to confiscate and liquidate. As SPC shows in its Response Brief, the Receiver has not presented evidence the SPC projects received, or benefitted from, the proceeds of Barton's alleged fraud. SPC, therefore, should be allotted time to present the Court with a witness to testify to the SPC Projects.

While the declarations SPC submitted explain some of the relevant documents, they are a fixed medium and cannot capture the full context and detail inherent in the complex financial documents. Live witness testimony, in contrast, allows for both parties to question the witness and inquire into the complexities of SPC's documentary evidence. Put simply, there is detail in SPC's Appendix that cannot be fully captured through declarations. This Court, therefore, should permit SPC to present a witness at this Court's hearing on the SEC's Motion.

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief                                        8
(456,045v5)

## IV.    CONCLUSION

For the reason set forth herein, Southern Properties Capital, Ltd. respectfully requests that the Court grant SPC's Motion for Intervention, Request to Present a Witness at Hearing on SEC's Motion, and, in the Alternative, Request to File Amicus Brief, or for any additional and further relief to which SPC may be justly entitled.

RESPECTFULLY SUBMITTED BY:

/s/ *Brian K. Norman*

**C. GREGORY SHAMOUN**
Co-Lead Counsel State
Bar No. 18089650
g@snlegal.com
**BRIAN K. NORMAN**
Co-Lead Counsel State
Bar No. 00797161
bkn@snlegal.com
**SHAMOUN & NORMAN, LLP**
1800 Valley View Lane, Suite 200
Farmers Branch, Texas 75234
Telephone (214) 987-1745
Facsimile: (214) 521-9033

**ATTORNEYS FOR SOUTHERN PROPERTIES CAPITAL, LTD.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 2, 2023, I corresponded with Keefe Bernstein, counsel for the SEC, regarding the merits of this Motion. Mr. Berstein indicated that the SEC opposes this Motion.

*/s/ J. Blair Norris*
**J. BLAIR NORRIS**

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief
(456,045v5)
9

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2023, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ *J. Blair Norris*
**J. BLAIR NORRIS**

SPC's Motion for Intervention, Request to Present Witnesses at Hearing
On SEC's Motion, and, in the Alternative, Request to File Amicus Brief                    10
(456,045v5)