**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL00f7, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S RESPONSE TO
MOTION OF MCCORMICK 101, LLC FOR (1) CLARIFICATION
OF THE SCOPE OF ORDER APPOINTING RECEIVER [DOC. 29]
OR, (2) IN THE ALTERNATIVE, MOTION FOR ORDER LIFTING STAY**

Cort Thomas, the Court-appointed Receiver, responds to the Motion of McCormick 101,

LLC's ("McCormick") for (1) Clarification of Scope of Order Appointing Receiver, or (2) in the

Alternative, Motion for Order Lifting Stay [Dkt. 321] (the "Motion") and in support respectfully

shows the Court as follows:

– 1 –

## ARGUMENT[1]

As discussed in every prior Report and numerous motions, creditors, lenders, and claimants are poised to foreclose upon, seize, or convert properties currently included within the Receivership Estate. Many have conferred with the Receiver about motions to lift the Litigation Stay[2] to permit those activities. Concurrently, because virtually all sale activities have been thwarted, subject to interference, or stayed, the Receivership Estate lacks cash to pay accruing principal and interest to these lenders and creditors.

Likewise, while the Receiver takes no position with respect to McCormick's entitlement to recover from Barton based on a personal guaranty[3] or the application of the Litigation Stay included within the Receivership Order, the Motion promises to be the first in a likely flood of similar motions that will (1) necessitate the expenditure of receivership assets in responding; (2) almost certainly require additional receivership assets in seeking to stay claims Barton will attempt to assert against the Receiver in connection with such litigation; and (3) potentially require further work and expense to the Receivership Estate, even if not a party, in responding to discovery requests related to such litigation.

Because the Court is on the cusp of determining the propriety and scope of a new receivership order which will determine what entities, properties, and assets, if any, are included in the Receivership Estate, McCormick's Motion is premature. The relief McCormick requests is

---

[1] The Receiver recently responded to a similar motion filed by McCormick by which it sought permission to foreclose on the property securing its Note, the Amerigold Suites. *See* Dkt. Nos.311, 316. The Receiver accordingly incorporates in this Response the factual discussion from his Response to McCormick's prior motion. Dkt. 316.

[2] *See* Dkt. 29, ¶ 34-36.

[3] To date, although Barton has professed an inability to pay the expensive law firm that represents him as well as court-ordered sanctions, he nonetheless has retained an accounting expert. *See* Dkt. 314 ("An expert is assisting the Defense in its opposition to the SEC's motion."). He thus presumably possesses assets independent of the entities and properties that are currently included within the scope of the Receivership Order which could be used to satisfy any liability assessed regarding a personal guaranty.

necessary only if the Court enters a new receivership order that includes Goldmark Hospitality, and even then, potentially mooted by sale of the property secured by McCormick's lien. Notably, the buyer of the Amerigold Property has agreed to an extension of the closing date.

The Receiver accordingly requests that the Court deny McCormick's motion without prejudice.

Respectfully submitted,

By: _/s/ Charlene C. Koonce_
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     Texas Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

– 3 –