UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § | Civil Action No. 3:22-cv-2118-X |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, | § | |
| CARNEGIE DEVELOPMENT, LLC, | § | |
| WALL007, LLC, | § | |
| WALL009, LLC, | § | |
| WALL010, LLC, | § | |
| WALL011, LLC, | § | |
| WALL012, LLC, | § | |
| WALL017, LLC, | § | |
| WALL018, LLC, | § | |
| WALL019, LLC, | § | |
| HAOQIANG FU (a/k/a MICHAEL FU), | § | |
| STEPHEN T. WALL, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| DJD LAND PARTNERS, LLC and | § | |
| LDG001, LLC, | § | |
| | § | |
| *Relief Defendants.* | § | |

**PIONEER FINANCE, INC.'S MOTION TO INTERVENE**

Pursuant to the Court's instruction that "all interested non-parties are directed to intervene to the extent they wish to participate in the proceedings," Dkt. 62 at 2 n.1, Pioneer Finance, Inc. ("Pioneer") files this Motion to Intervene and respectfully shows the Court the following:

1

**INTRODUCTION**

Pioneer is the first and only lienholder on three properties in Venus, Texas located at 940 County Road 110, 980 County Road 110, and 324 W County Road 109 (collectively, the "Properties"), which are currently owned by LDG001, LLC ("LDG001").

On March 24, 2022, Pioneer made a secured loan in the original principal amount of $3,000,000.00 to LDG001 guaranteed by Timothy Barton ("Barton") and JMJ Development, LLC ("JMJ"; collectively with Barton, "Guarantors"). Though the loan is due and owing, no payment has been received under the loan since the Receiver was appointed on October 18, 2022—almost one year—which constitutes a default of the underlying loan documents including the Promissory Note, the Deed of Trust, and Guaranty Agreement (collectively, "Loan Documents").[1]

Pioneer is a good-faith lender who made its loan to LDG001 without knowledge of and long after the wrongdoing alleged in the U.S. Securities and Exchange Commission's ("SEC") underlying case against Mr. Barton, his associates, and his numerous entities. The failure to repay LDG001's debt has caused Pioneer financial strain and adversely impacts the health of Pioneer's asset portfolio. As a lender and first lienholder, Pioneer is entitled to timely protection of the value of the Properties. There is no reasonable basis to contest that Pioneer must either be paid back for its loan or is entitled to foreclose on the property securing its loan. Accordingly, Pioneer requests that this Court grant this Motion to Intervene to allow Pioneer to participate in this proceeding.

---

[1] All undefined capitalized terms herein shall bear the same meaning as in the Loan Documents attached as Exhibits A-C to this Motion.

## BACKGROUND

**A.      Pioneer makes a $3 million loan to LDG001.**

1.      In March 2022, Pioneer was approached to provide a loan to LDG001 secured by the Properties, as guaranteed by the Guarantors.  As of that time, neither Barton nor his agents advised Pioneer that Barton and his companies had been subject to an SEC investigation.  Nor did they mention that Barton and his companies had any outstanding issues with investors.  Instead, Pioneer was advised that Barton was a wealthy and successful real estate developer in the Dallas, Texas metropolitan area whose assets would ensure the repayment of Pioneer's loan.

2.      Based on those representations, on or about March 24, 2022, Pioneer and LDG001 entered a loan agreement pursuant to which Pioneer lent LDG001 the principal sum of $3,000,000.00.[2]  The Promissory Note was secured by a Deed of Trust, Security Agreement and Financing Statement over the Properties.[3]  The loan was guaranteed by Barton and JMJ.[4]

3.      Under the Loan Documents, LDG001 was required to make monthly installment payments beginning on April 24, 2022 and continuing until a Maturity Date of March 24, 2027, when a final balloon payment for the entire unpaid principal and accrued, unpaid interest shall be due and payable.[5]

---

[2] Ex. A, Promissory Note at 1.
[3] *See* Ex. B, Deed of Trust.
[4] Ex. C, Guaranty Agreement at 1.
[5] Ex. A, Promissory Note at 1.

**B.**   **Court appoints Receiver over entities controlled by Timothy Barton, resulting in LDG001's first default on its loan obligation.**

4.    On September 23, 2022, the Securities and Exchange Commission (the "SEC") filed its Complaint in Case No. 3:22-CV-2118-X (Dkt. 1), which alleges a $26-million fraudulent scheme through which Barton defrauded investors between March 2017 through June 2019.

5.    On October 18, 2022, the Court entered the Order Appointing Receiver Cortney C. Thomas (the "Receiver") (the "Receivership Order") (Dkt. 29).  In the Receivership Order, LDG001 is included in the list of Barton-controlled companies whose assets to be controlled and managed by the Receiver as part of the Receivership Estate.  Dkt. 29 at 2.  The appointment of a Receiver over "all entities controlled, directly or indirectly, by Timothy Lynch Barton,"[6] including LDG001 and JMJ, constituted a default of the Loan Documents.[7]  As a result of this receivership, Pioneer is entitled under the Loan Documents to declare the Note and any and all other indebtedness of LDG001 to Pioneer immediately "due and payable forthwith without demand, notice of default, notice of intent to accelerate the maturity of this note, notice of acceleration of the maturity of this note, notice of nonpayment, presentment, protest or notice of dishonor."[8]

**C.**   **LDG001 defaults on its loan obligation for a second time by failing to make a required monthly payment.**

6.    On October 24, 2022, LDG001 and Guarantors failed to make their monthly installment payment of $30,000.00 as required by the Loan Documents. LDG001, JMJ, and Barton's failure to make a required payment constitutes a default of the Promissory Note and Deed of Trust.[9]

---

[6] Dkt. 62 at 3.

[7] *See* Ex. A, Promissory Note at 4; Ex. B, Deed of Trust at § 3.1 D.; Ex. C, Guaranty Agreement at §§ 7, 15.

[8] Ex. A, Promissory Note at 4.

[9] *Id.*; Ex. B, Deed of Trust at § 3.1 A.

7.     When Pioneer contacted Barton about the missed payment, he informed Pioneer that payment would not be possible because his money was frozen in a receivership.  This was the first time Pioneer became aware of Barton's SEC investigation and purported issues with investors.

8.     As a result of this default, Pioneer is entitled under the Loan Documents to declare the unpaid principal balance and earned interest on the Note immediately due and payable. Further, all past due principal and interest shall bear interest at the rate of eighteen percent (18%) per annuum, instead of the typical interest rate of twelve percent (12%) per annum. [10]

### D.     Pioneer begins discussions with Receiver's counsel to no success.

9.     In the event that defaults that are not timely cured, Pioneer as first lienholder is entitled under the Loan Documents and by law to proceed with various remedies, including but not limited to declaring all indebtedness evidenced by the Loan Documents immediately due and payable plus interest at the rate of eighteen percent (18%) per annuum; accelerating of all indebtedness evidenced by the Loan Documents; and foreclosing on the property.[11]

> All past due principal and interest shall bear interest at the rate of eighteen percent (18%) per annum (the "Maximum Rate"). All scheduled payments as made shall be applied first to the interest then accrued, and the balance, if any, to the principal. The provisions of this paragraph shall not limit the Lender's right to compel prompt performance under this note, nor grant an option to Borrower to make late payments. [12]

> Lender shall provide Borrower seven (7) days prior written notice of a monetary default hereunder and twenty (20) days written notice of non-monetary default, both with opportunity to cure, prior to acceleration of the balance of this Note. [13]

---

[10] Ex. A, Promissory Note at 1.
[11] *Id.* at 1-2; *see* Tex. Prop. Code § 51.002.
[12] Ex. A, Promissory Note at 1.
[13] Ex. A, Promissory Note at 2.

10.    Following LDG001's nonpayment, on November 8, 2022, Pioneer served a Notice of Default on LDG001, JMJ, Barton, and the Receiver and his counsel (the "Notice of Default") wherein Pioneer: (1) demanded that they cure the default by making the required payment along with any earned interest, and (2) reserved all of Pioneer's rights and remedies available under the Loan Documents.[14]  No payment was received following this Notice of Default.

11.    The service of the Notice of Default began a nearly year-long dialogue between counsel for Pioneer and counsel for Receiver, during which Pioneer received zero payment but was repeatedly reassured that Receiver was highly motivated to sell the Properties.  However, counsel for Receiver reported that the Receiver would market the Properties for sale *after* he was able to overcome Mr. Barton's appeals to the Fifth Circuit—including Barton's appeal of the Receivership order itself.

12.    For many months, Pioneer waited patiently for Receiver to resolve the issues raised on appeal and initiate sale of the Properties. In all that time, Pioneer has repeatedly admonished the Receiver regarding the rapid devaluation of the Properties while in his care.  In the interest of recouping its losses more quickly, Pioneer took proactive steps to assist Receiver with his stated goal of selling the Properties.  On two occasions, Pioneer informed Receiver that it was willing to purchase the Properties for the amount due on the Promissory Note.[15]  Receiver rejected both of Pioneer's offers in favor of an unconfirmed deal that was merely *proposed* to an unnamed, prospective, "interested buyer" for an allegedly higher sale price. The Receiver has long claimed that he has had preliminary discussions with a prospective buyer interested in purchasing the Properties and surrounding land as part of a package deal for an amount allegedly greater than the

---

[14] Ex. D, Notice of Default.
[15] *See* Ex. E, Emails between Counsel for Receiver and Pioneer (April 12, 2023 Email from L. Buchanan to T. Wells and C. Koonce).

debt owed to Pioneer.  However, nearly a year after those alleged "discussions" began, no sale of the Properties has been proposed or meaningfully marketed.

13.    On June 28, 2023, the Fifth Circuit issued its opinion in which it ruled, *inter alia*, that the receivership order should be vacated (90 days after the Fifth Circuit issues the mandate), that certain of the Receiver's powers were stayed.[16]  The Fifth Circuit also issued its mandate on August 31, 2023.

14.    On July 18, 2023, Pioneer served on counsel for Receiver, SEC, and Barton a demand for immediate payment ("Demand Letter").[17]  In that correspondence, Pioneer informed all parties that unless the debt owed by LDG001 was repaid and brought current, Pioneer would pursue its available remedies under the Loan Documents.[18]  Neither the Receiver, the SEC, nor Barton responded to the Demand Letter.  No payment was received following this Demand Letter.

15.    On August 1, 2023, counsel for Pioneer contacted counsel for the Receiver to confer about the Demand Letter.  However, counsel for the Receiver stated that they did not "see further discussions being productive" until the entry of a new receivership order.[19]

16.    On August 2, 2023, counsel for Pioneer conferred with counsel for SEC regarding the Receivership Order and whether the Properties would be excepted from the property over which the SEC's new Proposed Order Appointing a Receiver would seek a Receiver's control. During the conference, counsel for the SEC claimed that repayment was not within SEC's powers at that time and stated that analysis was still "ongoing" as to what property would be included in

---

[16] *SEC v. Barton*, 72 F. 4th 640 (5th Cir. 2023), *withdrawn and superseded on denial of reh'g*, 79 F. 4th 573 (5th Cir. 2023).

[17] Ex. F, Demand Letter.

[18] *Id.* at 2.

[19] Ex. G, August 1, 2023 Email from T. Wells to L. Buchanan.

the new proposed order.   Counsel for SEC also intimated that the process of repaying creditors "could take years."

17.    On September 7, 2023, the SEC petitioned the Court for a new Order Appointing Receiver. Dkt. 309.  Included on the list of proposed Receivership Entities are LDG001 and guarantor JMJ.  Dkt. 309-1 at 3-4.

18.    **In all this time, Pioneer has not received any loan payments, and no sale of the Properties has been proposed or submitted to the court for approval.  In addition, the Properties have never been meaningfully or officially marketed for sale.**  As Pioneer continuously reminded counsel for Receiver over the past year, the amount due on the Note will surpass the value of the Properties, while the amount owed continues to accrue and increase.[20]

19.    As a result of Receiver's failure to make payments required to satisfy LDG001's debts, Pioneer has suffered financial harm and reputational damage, as its portfolio of properties appears riskier, and it has not received any of the payments that it is owed.  Specifically, Pioneer recently had two credit lines totaling $50 million revoked at two banks and was denied credit at others based solely on the banks' concern regarding the outstanding amounts owed by LDG001.

20.    As of this date, LDG001 and Guarantors therefore owe and have failed to pay the unpaid principal and 18% interest per annuum, as provided in the Loan Documents.  As of October 30, 2023, Pioneer is owed $3,829,441.30, an amount which will continue to accrue unless paid off.

---

[20] *See, e.g.,* Ex. E, Emails between Counsel for Receiver and Pioneer (March 31, 2023 Email from L. Buchanan to T. Wells, emphasizing the loan's continuous accrual).

## APPLICABLE LAW

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty may intervene as a matter of right if it is able to show that: (1) its application is timely; (2) it has an interest relating to the property or transaction involved in the action; (3) the disposition of the action may impair its ability to protect that interest "as a practical matter;" and (4) its interest is inadequately represented by the existing parties to the action.  Fed. R. Civ. P. 24(a)(2); *see Rotstain v. Mendez*, 986 F.3d 931, 936 (5th Cir. 2021).    Courts should "liberally construe[]" this test to "allow intervention where no one would be hurt and the greater justice could be attained." *Texas v. U.S.*, 805 F.3d 653, 656-57 (5th Cir. 2015) (quotations omitted).

## ARGUMENT

First, Pioneer's request to intervene is timely.  In addition to working cooperatively with the SEC and the Receiver, Pioneer is filing this motion mere weeks after the entry of an order dissolving the original Receivership and before the Court's October 11 hearing addressing the SEC's recent motion for appointment of a receiver.  *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n.*, 834 F.3d 562, 565-66 (5th Cir. 2016) (granting intervention three months after prospective intervenor discovered his interest was in jeopardy).

Second, Pioneer has an interest relating to the property or transaction involved in the action. As the first and only lienholder on the Properties, Pioneer is entitled to protection of its interest related to property involved in this action—*i.e.*, certain property which is currently owned by LDG001.  *See Texas*, 805 F.3d at 658 (explaining that movants that assert that their "property interests . . . are threatened by the litigation" are "almost always" entitled to intervene because a property right is "the most elementary type of right that Rule 24(a) is designed to protect." (citation omitted)).

Third, the disposition of this action may impair Pioneer's ability to protect that interest as a practical matter. The SEC has sought to impose a receivership over LDG001, which currently owns the Properties.

Finally, Pioneer's interest is not represented by the existing parties to the action, as evidenced by, among other things, Barton's appeals and SEC and Receiver's repeated delays and refusals to market the Properties for sale, Pioneer's interests are inadequately represented by the existing parties to the action.

Accordingly, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, Pioneer respectfully requests that the Court permit Pioneer to intervene in this action.

## PRAYER

Pioneer respectfully requests the Court enter an order permitting Pioneer to intervene in this matter, and granting all such other and further relief, at law and in equity, to which Pioneer may show itself justly entitled.

[Signature Page to Follow]

Dated: October 6, 2023

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Tina Q. Nguyen*
    Tina Q. Nguyen
    State Bar No. 24078670
    Lindsay L. Buchanan
    State Bar No. 24105551
    910 Louisiana Street
    Houston, Texas 77002
    Telephone: (713) 229-1912
    Facsimile: (713) 229-2712
    tina.nguyen@bakerbotts.com
    lindsay.buchanan@bakerbotts.com


    ATTORNEYS FOR
    PIONEER FINANCE, INC.

**CERTIFICATE OF CONFERENCE**

The undersigned has conferred with counsel for Receiver telephonically and via electronic mail regarding the issues detailed in this Motion several times between December 2022 and the present. In general, these conferences with counsel for Receiver occurred on a bi-monthly basis throughout that period, but in some circumstances the discussions occurred more frequently. On July 18, 2023, Pioneer served on counsel for Receiver, SEC, and Barton a demand for immediate payment ("Demand Letter"). In that correspondence, Pioneer informed all parties that unless the debt owed by LDG001 was repaid and brought current, Pioneer would pursue its available remedies under the Loan Documents. Neither the Receiver, the SEC, nor Barton responded to the Demand Letter. The undersigned also conferred with counsel for SEC via Zoom regarding the issues detailed in this Motion on August 2, 2023. On October 5, 2023, the undersigned conferred with Charlene Koonce, counsel for the Receiver, and Keefe Bernstein, counsel for the SEC, regarding the relief sought herein. On October 5, 2023, Ms. Koonce indicated the Receiver's opposition to this Motion and the relief requested. On October 5, 2023, Keefe Bernstein, indicated the SEC's opposition to this Motion and the relief requested.

*/s/ Lindsay L. Buchanan*
Lindsay L. Buchanan

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above-referenced motion was served on all parties on this 6th day of October 2023, v*ia CM/ECF* and/or by First Class Regular Mail.

*/s/ Lindsay L. Buchanan*
Lindsay L. Buchanan

12