# Ex. C

## GUARANTY AGREEMENT

This Guaranty Agreement ("Guaranty") is made and entered into effective as of March 24, 2022, by **TIMOTHY BARTON and JMJ DEVELOPMENT, LLC, a Texas limited liability company** (collectively the "Guarantor") in favor of **PIONEER FINANCE, INC., A TEXAS CORPORATION** (the "Lender"), to induce Lender to make one or more loans and/or extensions of credit to **LDG001, LLC, a Texas limited liability company** (the "Borrower"), including, but not limited to, the extension of credit evidenced by that certain promissory note (the "Note") dated of even date herewith executed by Borrower payable to the order of Lender in the original principal sum of **$3,000,000.00** and being payable as therein provided. Lender's address is **13310 University Blvd, Suite 100, Sugar Land, TX 77479.** Guarantor's address is 3926 Vista Woods, Carrollton, Texas 75007 (Timothy Barton); 13901 Midway Road, Suite 102, Dallas, Texas 75244 (JMJ DEVELOPMENT, LLC).

1.      For the purpose of enabling the Borrower to obtain extensions of credit (the "loans") from the Lender, and recognizing that the Guarantor has benefited or shall benefit, directly or indirectly, from the making of such loans by. the Lender to the Borrower, that such loans are in the best interests of the Guarantor, and that but for this Guaranty such loans would not be made by the Lender to the Borrower and the funds advanced thereunder, the Guarantor hereby irrevocably, absolutely and unconditionally guarantees to the Lender the prompt payment when due of all current and future indebtedness, liabilities and obligations of any kind of the Borrower to the Lender (collectively, the "Obligations"), including, but not limited to: (i) all Obligations now outstanding or owing or which may hereafter be created, executed or incurred directly between the Borrower and the Lender or acquired outright or as a participation, conditionally or as collateral security from another by the Lender, absolute or contingent, joint and/or several, secured or unsecured, due or not due, arising by operation of law or otherwise, direct or indirect, including indebtedness, obligations and liabilities to the Lender of the Borrower as a member of any partnership, syndicate, association or other group, and whether incurred by the Borrower as principal, surety, endorser, guarantor, accommodation party or otherwise; (ii) all principal, interest, charges, fees, attorneys' fees and other sums which are or may be or becoming due or owing on, under or in connection with the Note, and all renewals, rearrangements, extensions, modifications and consolidations thereof, (iii) all of the liabilities, indebtedness and other Obligations and other sums which are or become payable to Lender under any and all instruments and documents now or hereafter securing or regarding the payment of any of the Obligations including, but not limited to, any deed of trust, mortgage, security agreement, environmental indemnity agreement, assignment of rentals or other assignment and loan agreement or other similar agreement; and (iv) all costs, attorneys' fees and expenses incurred or expended by the Lender in collecting any of the Obligations due to any default in the performance of the Obligations or in enforcing any right granted to Lender hereunder.

2.      In each event whenever any of the Obligations shall become due and remain unpaid (howsoever the maturity thereof may have occurred), the Guarantor will, upon demand, pay the amount due to the Lender, without further notice of dishonor and without any notice having been given to the Guarantor previous to such demand of the acceptance by the Lender of this Guaranty or of the creating or incurring of such Obligations. The Guarantor shall be liable

1

as a primary obligor for the payment and performance of the Obligations. The Guarantor specifically agrees that it shall not be necessary or required, in order to enforce the Guarantor's obligations under this Guaranty, that the Lender have made demand for payment upon the Borrower or any other person or entity liable thereon or have made protest thereof or have given notice to the Borrower or any other party liable thereon of maturity or nonpayment of the Obligations. All amounts becoming payable by the Guarantor to the Lender under this Guaranty shall be payable at the Lender's offices in Harris County, Texas or such other place as the Lender may from time to time designate.

3.      The Guarantor specifically waives any notice of acceptance of this Guaranty by the Lender and of the creation, advancement, existence, extension, renewal, modification, consolidation, the rearrangement from time to time of the Obligations, the increase from time to time in the principal amount thereof, the increase or reduction from time to time of the rate of interest thereon, or any indulgence from time to time with respect to the Obligations, or any part thereof, and of nonpayment thereof or default thereon, and waives grace, demand, protest, presentment and notice of demand, protest, and presentment with respect to the Obligations, and waives notice of the amount of the Obligations outstanding at any time, and agrees that the maturity of the Obligations, or any part thereof, may be accelerated, extended, modified, amended or renewed from time to time or any other indulgence may be granted with respect thereto by the Lender at its will or as may be agreed by the Borrower without notice to or further consent by the Guarantor, at any time or times.

4.      If the total indebtedness of Borrower to the Lender shall at any time exceed the amount for which the Guarantor may be liable under the provisions hereof, the Lender (without in anywise impairing its rights hereunder or diminishing said Guarantor's liability) shall be at liberty to apply to so much of said indebtedness as shall exceed the Obligations for which the Guarantor is liable any amounts paid to or received by or coining into the hands of the Lender from or attributable to Borrower or the Guarantor or any other guarantor of all or any part of the indebtedness herein described or any other person or party liable for any of said indebtedness or from or attributable to or representing proceeds of any property or security held by the Lender securing payment of any of said Obligations or any credits, deposits or offsets due said Borrower or Guarantor or party liable on any of said indebtedness (whether or not the Obligations or such indebtedness is then due), it being intended to give the Lender the right to apply all payments, credits and offsets and amounts becoming available for application on or credit against the indebtedness of Borrower to the Lender (now or hereafter existing) first toward payment and satisfaction of the Borrower's indebtedness not hereby guaranteed, if there be any, before making application thereof on or against the Obligations for which the Guarantor is and shall be liable hereunder. If Guarantor becomes liable for any indebtedness or other sum owing by Borrower to the Lender, by endorsement, common or statutory law, or otherwise than under this Guaranty, such liability shall not be in any manner impaired or reduced hereby but shall have all and the same force and effect it would have had if this Guaranty had not existed. If such indebtedness or other sums would have been included in and covered by this Guaranty had there been no such endorsement or other liability, then this Guaranty shall also cover and include such indebtedness and be and remain in force and effect as to such indebtedness. In the event the Guarantor shall hereafter endorse or guarantee any indebtedness from Borrower to the Lender, then and in each such event the amount of such item of

2

indebtedness shall be deemed to be added to the maximum amount for which the Guarantor would otherwise be liable hereunder so that this Guaranty shall be increased by such additional amount as to the Guarantor, without, however, in anywise impairing or diminishing any responsibility or liability for such indebtedness which would otherwise have existed under this Guaranty against the Guarantor.

5.    The Guarantor agrees that: (i) no renewal, extension, modification, consolidation, or rearrangement of or any other indulgence, forbearance or compromise with respect to the Obligations, or any part thereof; (ii) no increase in the principal amount of any of the Obligations; (iii) no increase or reduction of the rate of interest thereon; (iv) no release, withdrawal, substitution, surrender, subordination, exchange, deterioration, waste or other impairment of any security or collateral or other guaranty now or hereafter held by the Lender for payment of the Obligations, or of any part thereof; (v) no release of the Borrower, any co-guarantor, or of any other person primarily or secondarily liable on the Obligations, or any part thereof; and (vi) no delay or omission or lack of diligence or care in exercising any right or power with respect to the Obligations or any security or collateral therefor or guaranty thereof or under this Guaranty shall in any manner impair, diminish or affect the rights of the Lender or the liability of the Guarantor hereunder. The Guarantor specifically agrees that it shall not be necessary or required, and that the Guarantor shall not be entitled to require, that the Lender mitigate damages, or file suit or proceed to obtain or assert a claim for personal Judgment against the Borrower for the Obligations, or make any effort at collection of the Obligations from the Borrower, or foreclose against or seek to realize upon any security or collateral now or hereafter existing for the Obligations, or file suit or proceed to obtain or assert a claim for personal judgment against any other party (whether maker, guarantor, endorser or surety) liable for the Obligations, or make any effort at collections of the Obligations from any such other party, or exercise or assert any other right or remedy to which the Lender is or may be entitled in connection with the Obligations or any security or collateral or other guaranty therefor, or assert or file any claim against the assets or estate of the Borrower or any other guarantor or other person liable for the Obligations, or any part thereof, before or as a condition of enforcing the liability of the Guarantor under this Guaranty or requiring payment of the Obligations by the Guarantor hereunder, or at any time thereafter. The Guarantor expressly waives any right to the benefit of or to require or control application of any security or collateral or the proceeds of any security or collateral now existing or hereafter obtained by the Lender as security for the Obligations, or any part thereof, and agrees that the Lender shall have no duty insofar as the Guarantor is concerned to apply upon any of the Obligations, any monies, payments or other property at any time received by or paid to or in the possession of the Lender, except as the Lender shall determine in its sole discretion. The Guarantor specifically agrees that Guarantor shall not have any recourse or action against the Lender by reason of any action the Lender may take or omit to take in connection with the Obligations, the collection of any sums or amounts herein mentioned, or in connection with any security or collateral or any other guaranty at any time existing therefor.

6.    The Guarantor agrees to the terms, provisions and conditions of the instruments evidencing the Obligations and of any renewal, modification, consolidation or rearrangement instruments or other agreements which may have been or may hereafter be executed by the Borrower from time to time evidencing or in connection with the Obligations or any part thereof,

and agrees that the Guarantor's liability hereunder shall in no manner be affected, reduced, impaired or released by reason of any term, provision or, condition of any such note or other agreement or by the failure, refusal or omission of the Lender to enforce or observe any of same or any forbearance or compromise made by the Lender or any action taken or omitted to be taken by the Lender pursuant thereto or in connection therewith. The Guarantor, by the execution and delivery of this Guaranty agrees, represents, warrants and acknowledges that Guarantor shall be bound by the provisions of any Deed of Trust and Security Agreement and any Environmental Certificate and Agreement of even date herewith, from the Borrower to the Lender and which purport to be applicable to Guarantor to the same extent and with the same effect as if Guarantor had executed and delivered such document to the Lender. In that connection, the Guarantor agrees that the provisions of this Paragraph shall survive any exercise of the power of sale granted in any instrument securing the Obligations, any foreclosure of the liens created by any of the instruments securing the Obligations, any conveyance in lieu of any such foreclosure, the repayment of the Obligations, and the discharge and release of all liens, rights and interests securing payment of the Obligations.

7.    The Guarantor absolutely and unconditionally covenants and agrees that: (i) in the event that" the Borrower does not or is unable to pay or perform the Obligations for any reason including, without limitation, liquidation, dissolution, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment or other similar proceedings affecting the status, composition, identity, existence, assets or obligations of the Borrower, or the disaffirmance or termination of any of the Obligations in or as a result of any such proceedings; and/or (ii) if all or any part of the Obligations (or any instrument or agreement made or executed in connection therewith) is for any reason found to be invalid, illegal, unenforceable, uncollectible or legally impossible, for any reason whatsoever (including; without limiting the generality of the foregoing, upon the grounds that the payment and/or performance of the Obligations is ultra vires or otherwise without authority, may violate applicable usury laws, is subject to valid defenses, claims or offsets of the Borrower, or any instrument evidencing any of the Obligations is forged or otherwise irregular), then in any such case the Guarantor shall pay and perform the Obligations as herein provided and that no such occurrence shall in any way diminish or otherwise affect the Guarantor's liabilities hereunder.

8.    Should the status, composition, structure or name of the Borrower change, including, but not limited to, by reason of a merger, dissolution, consolidation or reorganization; this Guaranty shall continue and also cover the indebtedness and Obligations of the Borrower under the new status, composition structure or name according to the terms hereof. If the Borrower is a general or limited partnership, no termination of said partnership, nor withdrawal therefrom or termination of any ownership interest therein owned, by any general or limited partner of such partnership shall alter; limit, terminate, excuse or modify the Guarantor's liabilities set forth in this Guaranty. The failure by the Lender to file or enforce a claim against the estate (either in administration, bankruptcy or other proceeding) of the Borrower or any other person primarily or secondarily liable for the Obligations or of any other or others shall not affect the liability of Guarantor hereunder.

9.    In the event any payment from the Borrower to the Lender is held to constitute a

4

preference under the bankruptcy laws, or if for any other reason the Lender is required to refund such payment or pay the amount thereof to any other party, such payment by the Borrower to the Lender shall not constitute a release of the Guarantor from any liability hereunder, but the Guarantor agrees to pay such amount to the Lender upon demand and this Guaranty shall continue to be effective or shall be reinstated, as the case may be, to the extent of any such payment or payments.

10.    All payments made upon the Obligations at any time shall be deemed to have been paid by the Borrower regardless of the source of the funds used for any such payments unless express notice in writing is given to the Lender at the time of payment by the Guarantor that the Lender has been paid by Guarantor.

11.    If any or all of the Obligations are now or hereafter secured in whole or in part, the Guarantor agrees that the. Lender may, from time to time, at its discretion, and with or without valuable consideration, allow substitution, withdrawal, release, surrender, exchange, subordination, deterioration, waste, loss or other impairment of all or any part of such security or collateral, without notice to or consent by the Guarantor, and without in anywise impairing, diminishing or releasing the liability of the Guarantor hereunder.

12.    As security for payment of the Obligations and any other amounts now or hereafter owing hereunder, the Guarantor hereby grants to the Lender a security interest in, and a contractual pledge and assignment of, any and all money, property, accounts, securities, documents, chattel paper, claims, demands, instruments, items or deposits of the Guarantor, or to which Guarantor is a party, now held or hereafter coming within the Lender's custody or control, including, by way of example and not of limitation, all certificates of deposit and other depository accounts, whether such have matured or the exercise of the Lender's rights results in loss of interest or other penalty on such deposits, but excluding deposits subject to tax penalties if assigned. Without prior notice to or demand upon Guarantor, the Lender may exercise its rights granted above, as well as other rights and remedies at law and equity (all of which are cumulative), at any time when Guarantor has failed to fully and immediately pay its liabilities hereunder. In addition, the Lender shall have the right to file this Guaranty as a Uniform Commercial Code financing statement naming the Guarantor, as debtor, and the Lender, as secured party, and indicating therein the types, or describing the items of security herein specified. The Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code and shall have the right, after five (5) days notice, which the parties agree is reasonable, to sell at a private or public sale, any of the collateral or other property held by the Lender pursuant to the provisions of this Paragraph 12 to enforce the obligations of the Guarantor hereunder. The Lender's rights and remedies hereunder shall be in addition to and cumulative of any other rights and remedies at law and equity, including, without limitation, any rights of setoff to which the Lender may be entitled.

13.    Guarantor waives the benefit of any right of discharge under Chapter 34 of the Texas Business and Commerce Code and all other rights of sureties and guarantors under such Chapter and under any amendments, remodifications, supplements or any successor statute or law of or to any such statute or law. Guarantor waives all rights and defenses under Sections 51.003, 51.004 and 51.005 of the Texas Property Code and under any amendments,

5

remodifications, supplements or any successor statute or law of or to any such statute or law. Guarantor waives all rights and defenses arising under Rule 31 of the Texas Rules of Civil Procedure, Section 17.001 of the Texas Civil Practice and Remedies Code, Chapter 34 of the Texas Business and Commerce Code, and under any amendments, recodifications, supplements or any successor statute or law. The Guarantor waives marshalling of assets and liabilities, sale in inverse order of alienation, and all other defenses given to sureties and guarantors under any statute, common law, law in equity or otherwise other than actual payment of the indebtedness and performance of the actions constituting the Obligations.

14.     This Guaranty is intended to be an absolute and unconditional guaranty of payment, and not of collection, and shall inure to the benefit of the Lender and each and every other person who shall from time to time be or become the owner or holder of any of the Obligations, and each and every reference herein to the Lender shall also include and refer to each and every successor or assignee of the Lender at any time holding or owning any part of or interest in any part of the Obligations. This Guaranty shall be transferable by the Lender, it being understood and stipulated that upon the assignment or transfer by the Lender of any of the Obligations (or any part thereof or interest therein thus transferred or assigned by the Lender) to a transferee, such transferee shall also, unless provided otherwise by the Lender in its assignment, have and may exercise all the rights granted to the Lender under this Guaranty to the extent of the part of or interest in the Obligations thus assigned or transferred to said person. The Guarantor expressly waives notice of transfer or assignment of the Obligations, or any part thereof, or of the rights of the Lender hereunder.

15.     If any of the following events shall occur or be continuing: (a) if the Guarantor petitions or applies to any tribunal for the appointment of a trustee or receiver of the business, estate or assets or of any substantial part of the business, estate or assets of the Guarantor or commences any proceedings relating to the Guarantor under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, dissolution or liquidation law of any jurisdiction, whether now or hereafter in effect; or (b) if any such petition or application is filed or any such proceedings are commenced against the Guarantor and the Guarantor by any act indicates his approval thereof, consent thereto, or acquiescence therein, or an order is entered appointing any such trustee or receiver, or adjudicating the Guarantor bankrupt or insolvent or approving the petition in any such proceedings, and such order remains in effect for more than thirty (30) days; or (c) if the Guarantor dies (in which event this Guaranty shall be binding upon the Guarantor's estate, legal representatives and heirs) and his estate or a substantial part of such estate is distributed by the executor or administrator thereof to his heirs prior to all of the distributees of such estate or part thereof (by an instrument approved in form and substance by the Lender) either jointly and severally, assuming all of such deceased Guarantor's obligations hereunder or, to additionally secure the payment of the Obligations, effectively pledging, mortgaging or otherwise creating a first lien (but without any personal liability on such distributor's part) on a portion of the assets of such estate valued (when added to the value of the security then securing the Obligations) by a qualified appraiser approved by the Lender at not less than the amount of the Obligations then outstanding; then the Lender may, at its option, declare the Obligations to be, and the Obligations shall thereupon be and become forthwith, due and payable together with the interest accrued thereon under the terms of, and with the effect provided in, the Obligations and this Guaranty.

16.      Except as otherwise provided herein, all notices, demands, requests, and other communications required or permitted hereunder shall be given in writing and sent by (i) personal delivery, or (ii) expedited delivery service with proof of delivery, or (iii) United States mail, postage prepaid, registered or certified mail, return receipt requested, or (iv) prepaid telegram, telex, or telecopy (provided that such telegram, telex or telecopy is confirmed by expedited delivery service or by United States mail in the manner previously described), addressed to the addressee at such party's address set forth herein, or to such other address as such party may specify by written notice, sent in accordance with this paragraph at least thirty (30) days prior to the date of the giving of such notice. Any such notice or communication shall be deemed to have been given and received either at the time of personal delivery, or in the case of mail, as of the date three (3) days after deposit in an official depository of the United States mail, or in the case of delivery service, telegram, telex, or telecopy, upon receipt. To the extent actual receipt is required, rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was received shall be deemed to be receipt of the notice, demand, request or other communication sent.

17. Unless the context clearly indicates otherwise, the Guarantor shall mean each guarantor hereunder, or any of them, if more than one. The liability of: (a) each Guarantor hereunder, if more than one, and (b) any and all other persons and/or entities now or hereafter guaranteeing payment of all or any portion of the Obligations shall be joint and several. Suit may be brought against any such guarantors (including Guarantor), jointly and severally, and against any one or more of them, or less than all, without impairing the rights of the Lender against the other guarantors. The Lender may compromise with any one of the guarantors for such sums or sum as it may see fit and release any of the guarantors from all further liability to the Lender for the Obligations without impairing the right of the Lender to demand and collect the balance of the Obligations from the other guarantors not so released; provided, however, it is agreed among the guarantors that such compromising and release by the Lender shall not impair the rights and obligations of the guarantors as among themselves.

18.      No provision or term within any instrument evidencing any of the Obligations shall ever be construed to create a contract by the Guarantor to pay, as consideration for the use, forbearance or detention of money, interest at a rate in excess of the maximum interest rate permitted to be charged by the applicable laws of the State of Texas or the United States of America. The Guarantor shall never be liable for interest in excess of the maximum rate that may lawfully be charged under the laws of the State of Texas or the United States of America, and this provision shall control over any other provision of this Guaranty. The Note referred to herein or any other instrument evidencing, related to or securing the Obligations which may be in apparent conflict herewith. It is hereby expressly stipulated and agrees to be the intent of both the Guarantor and Lender to at all times comply with the usury and all other laws relating to this Guaranty and the instruments evidencing or securing the Obligations, now or hereafter in effect in the State of Texas and the United States of America, and any subsequent judicial interpretation thereof to the extent that same are made applicable thereto.

19.      Notwithstanding anything contained in this Guaranty to the apparent contrary, no Guarantor shall have any right of subrogation in or under the Note and instruments securing

7

same or to participate in any way therein, or any right, title or interest in and to any mortgaged property or any other collateral securing the Obligations, all such rights of subrogations and participation being hereby expressly tolled and agreed not to be pursued, until the Obligations have been fully, finally and irrevocably paid and satisfied. The payment by the Guarantor of any amount pursuant to this Guaranty shall not in anywise entitle the Guarantor to any right, title or interest {whether by way of subrogation or otherwise) in and to any of the Obligations or any proceeds thereof, or any security or collateral therefor, unless and until the full amount owing to the Lender on the Obligations has been fully paid.

20.    The rights of the Lender are cumulative and shall not be exhausted by its exercise of any of its rights hereunder or otherwise against the Guarantor or by any number of successive actions until and unless all indebtedness constituting the Obligations have been paid all other Obligations have been performed, including each of the obligations of the Guarantor hereunder.

21.    This Guaranty shall be in addition to and cumulative of, and not in substitution, novation or discharge of, any and all prior or contemporaneous guaranty agreements by the Guarantor in favor of the Lender or assigned to the Lender by others.

22.    This Guaranty shall be deemed to have been made under and shall be governed by the laws of the State of Texas in all respects. This Guaranty shall not be waived, altered, modified or amended as to any of its terms or provisions except in writing duly signed by the Lender and the Guarantor.

23.    The Guarantor is familiar with, and has independently reviewed the books and records regarding the financial condition of the Borrower and is familiar with the value of any and all collateral intended to be created as security for the payment of the Obligations; however, the Guarantor is not relying on such financial condition or the collateral as an inducement to enter into this Guaranty. The Guarantor hereby specifically waives any requirement that the Lender communicate any facts that might materially increase the risk of the Guarantor and releases the Lender from any duty to disclose such facts concerning the Borrower which the Guarantor may not have discovered in its investigation of the Borrower. The Guarantor acknowledges and agrees that neither the Lender, nor any other party has made any representation, warranty or statement to the Guarantor in order to induce the Guarantor to execute this Guaranty.

24.    The Guarantor acknowledges and agrees that this Guaranty accurately represents and contains the entire agreement between the Guarantor and the Lender with respect to the subject matter hereof, that the Guarantor is not relying, in the execution of this Guaranty, on any representations (whether written or oral) made by or on behalf of the Lender except expressly set forth in this Guaranty, and that any and all prior statements and/or representations made by or on behalf of the Lender to the Guarantor (whether written or oral) in connection with the subject matter hereof are merged herein.

25.    The Guarantor acknowledges that the Guarantor has been afforded the opportunity to receive the advice of legal counsel of its own choice in connection with the preparation and negotiation of this Guaranty, and the Guarantor fully understands the implications and

8

ramifications of the agreements herein made by the Guarantor.

26.     This Guaranty shall bind the heirs, personal representatives, successors and assigns of the Guarantor and shall inure to the benefit of all transferees, credit participants, assignees, and/or endorsees of the Lender. The masculine and neuter genders used herein shall each include the masculine, feminine and neuter genders and the singular or plural numbers used herein shall each include the other. The words "person" and "entity" shall include individuals, corporations, partnerships, joint ventures, associations, joint stock companies, trusts and unincorporated organizations.

27.     If any provision of this Guaranty is held to be illegal, invalid or unenforceable under any present or future law effective during the term of this Guaranty, such provision shall be fully severable and this Guaranty shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part of this Guaranty, and the remaining provisions of this Guaranty shall, to the extent permitted by law, remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision.

**THIS GUARANTY, AND ALL DOCUMENTS AND INSTRUMENTS REFERENCED HEREIN, OR EXECUTED IN CONNECTION WITH THE ABOVE-DESCRIBED PROMISSORY NOTE, REPRESENT THE FINAL AGREEMENT BETWEEN GUARANTOR AND LENDER, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN GUARANTOR AND LENDER. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN GUARANTOR AND LENDER.**

IN WITNESS WHEREOF, the undersigned Guarantor has duly executed this Guaranty as of the date of the acknowledgment set forth below, to be dated and effective for all purposes, however, as of the date first above written.

GUARANTOR:

TIMOTHY BARTON
DRIVER'S LICENSE NO. 16981 398
SOCIAL SECURITY NO. 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

JMJ DEVELOPMENT, LLC,
A Texas limited liability company

Name: Tim Barton
Title: Manager

9

THE STATE OF TEXAS    §
                               §
COUNTY OF _DALLAS_    §

       SWORN TO AND SUBSCRIBED BEFORE ME on the 24th day of March, 2022, by **TIMOTHY BARTON**.



R A Blanshard
Notary Public, State of Texas
My Comm. Exp. 08/16/2024
Notary ID 135379-7

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

THE STATE OF TEXAS    §
                               §
COUNTY OF _DALLAS_    §

       SWORN TO AND SUBSCRIBED BEFORE ME on the 24th day of March, 2022, by **TIM BARTON, acting as Manager of JMJ DEVELOPMENT, LLC, a Texas limited liability company**, in his capacity therein.



R A Blanshard
Notary Public, State of Texas
My Comm. Exp. 08/16/2024
Notary ID 135379-7

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS