IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY LYNCH BARTON'S OPPOSED MOTION TO QUASH OR,
<u>IN THE ALTERNATIVE, IN LIMINE, AND BRIEF IN SUPPORT</u>**

Defendant Timothy Lynch Barton files this Motion to Quash or, in the Alternative, *In Limine* regarding the United States Securities and Exchange Commission's subpoena of him to testify at the Court's hearing on October 11, 2023.

**I.       INTRODUCTION**

The Government chose to launch parallel civil and criminal actions against Mr. Barton on the same day in September 2022.  The Government then chose to stay all proceedings in the civil

case, to absolve the Commission from disclosing any of the information underlying its claims of wrongdoing. Dkt. 64. As that was happening, the Government was entering into a plea agreement with another defendant, Michael Fu, that permitted the Government to force Fu's testimony in proceedings but otherwise allowed him to take the Fifth Amendment if called by others. *See United States v. Fu*, No. 3:22-cr-00352-K, Michael Fu Plea Agreement (N.D. Tex. 2022), Dkt. 22; *see also* Dkts. 43 and 48.

On Thursday, October 5, 2023, the Commission served a subpoena on Mr. Barton to testify in the upcoming hearing regarding the propriety and scope of a receivership. The Commission's plan is to compel Mr. Barton to answer questions in this civil proceeding, *without having first made a single discovery disclosure or production of documents underlying the Commission's claims*. The Commission's aim is to have the Defendant testify blind. Its objective is to have its own special exception to the stay against discovery and probe the Defendant's recollections and positions, without any meaningful reciprocal process for the Defendant. Alternatively, the Defendant could invoke his Fifth Amendment privilege against self-incrimination, which the Commission will then use to urge this Court to draw broad negative evidentiary inferences against the Defendant. And then use those inferences as a bases for granting the Commission's motion to seize all the Defendant's assets and deprive him of the resources to defend against the Government's claims. Either course of events is fine with the Commission.

Neither is acceptable as a matter of fairness, due process, or constitutional rights. This Court should quash the subpoena and enforce the principles that counseled in favor of the stay of proceedings in this matter because of the parallel criminal prosecution. Alternatively, the Court should rule, in advance of the hearing, that the Court will not draw a negative inference from the Defendant's invocation of the Fifth Amendment under these circumstances. At a minimum, if the

Court were to decline the preceding requests for relief (against the weight of precedent), the Court should continue the October 11, 2023, hearing until such time that the Commission produces the documents underlying its claims and the Defendant is given a reasonable amount of time to review them and make informed decisions regarding whether to invoke the Fifth Amendment.  This last measure, to be clear, will reduce the profound prejudice—but not eliminate the clear error—in enforcing the Commission's subpoena.

## II.      BACKGROUND

The Commission served the Defendant with a subpoena to testify at the Court's upcoming hearing regarding a receivership on the evening of Thursday, October 5, 2023.  In discussions between counsel, the Plaintiff's counsel stated that the Commission's intention was to make Mr. Barton invoke his Fifth Amendment privilege and then argue to the Court that a negative evidentiary inference should be drawn in support of reimposing an receivership over all the Defendant's assets.  Counsel stated that, at the hearing, the Commission would question Mr. Barton about the entire ambit of its case, from the merits to the scope of the receivership.

The Commission filed this suit and the Department of Justice moved to unseal an indictment against Mr. Barton on the same day.  That indictment is on all fours with the Commission's civil complaint, covering the exact same subject matter and making the exact same factual allegations.  *United States v. Barton*, No. 3:22-cr-00352-K, Indictment (N.D. Tex. Sept. 20, 2022), Dkt.  1.

The Commission had no intention of establishing the factual basis for its securities fraud allegations through its civil case.  The Commission moved for a receivership the next business day after filing its suit, obtained it three weeks later, and then allowed the Department of Justice immediately thereafter to move to stay proceedings.  *See* Dkt. 64.

3

The Government's justification for staying these proceedings was the unfair effect that seeking discovery against and questioning the parties in this matter would have on the pending criminal proceedings.  As the Government stated in its motion requesting the stay, "[t]he interests of justice generally weigh in favor of a stay of parallel civil proceedings that could impede a criminal investigation."  Government's Unopposed Motion to Intervene and to Stay Proceedings [Dkt. 44] at 6 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980); *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("[W]here both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter.")).  The Government told the Court that "[c]ourts have long recognized the wisdom of staying civil actions or civil discovery pending the resolution of related criminal proceedings dealing with the same underlying facts and issues."  *Id.* at 7 (citing *United States v. United States Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979)).  The Government noted that staying the proceedings for the Court,

> now, before the parties conduct civil discovery, will prevent significant prejudice to the interests of the United States in the criminal matter.  Federal criminal law provides certain time frames for discovery by defendants and establishes strict limitations on the material criminal defendants obtain prior to trial. By contrast, the discovery available to parties in civil litigation is much more expansive, and therefore threatens to subvert the public interests protected by the discovery limitations in the Criminal Rules.

*Id.*

Before launching the parallel civil and criminal proceedings against the Defendant, the Government had reached a deal with a co-defendant in the criminal case, Michael Fu.  Mr. Fu leads the master lender for the loans at issue in the case, was exclusively responsible for parceling

out his loans to and communicating with the Chinese national co-lenders, and was their contractual agent.  Mr. Fu pled guilty to issuing unregistered securities, and, in his plea agreement, obligated himself to testify in Government-sponsored proceedings at the Government's discretion.  *See* Fu Plea Agreement, Dkt. 22.  In light of the Commission's subpoena seeking to turn the October 11 hearing into a wide-ranging inquiry into liability, the Defendant served a subpoena on Mr. Fu to testify at that hearing.  **Exhibit A** (Defendant's Subpoena of Michael Fu).  As the Government was not the one seeking his testimony here, Mr. Fu's attorney promptly informed Defense counsel that Mr. Fu would be invoking his Fifth Amendment privilege to remain silent in response to all questions.  **Exhibit B** (email exchange between Defense counsel and Mr. Fu's counsel).  Despite the Commission alleging that Mr. Fu received significant portions of the loan proceeds in fees, the Commission has never sought to place a receivership over Mr. Fu's assets.

### III.    LEGAL STANDARD

Rule 45(d) sets forth the protections available to a person subject to or affected by a subpoena.  It mandates courts to quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

While not explicitly governed by a rule of procedure, the purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v. Defaria et al.*, 88 F.3d 136, 141 (2d Cir. 1996); *see Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (explaining that the motion *in limine* is used to "to exclude anticipated prejudicial evidence before the evidence is actually offered").

### IV.    ARGUMENT AND AUTHORITIES

The Government's strategy in subpoenaing Mr. Barton to testify at the receivership hearing is not subtle.  If matters proceed as the Government wishes, Mr. Barton either:

(1) will either testify about the whole ambit of the case and be cross-examined with heretofore undisclosed documents because the Government has otherwise stayed discovery in this matter; or,

(2) will invoke the Fifth Amendment, and the Commission will claim some wide-ranging negative inference to fill the profound evidentiary gaps in its effort to seize all Mr. Barton's assets and to starve him of the resources to defend himself.

All of this is unfair. All of this is contrary to a mountain of caselaw blocking precisely such Government interrogation of a criminal defendant in parallel civil proceedings lest his constitutional Fifth Amendment and Due Process rights be abused. And all of this is an effort to create a completely unlevel playing field in terms of discovery, where the Government's documents and witnesses are insulated from disclosure and questioning, but the Defendant is fair game.

This Court should put a stop to this, well in advance of Wednesday's hearing, by quashing the subpoena and/or making clear that no adverse inference can or will be taken against Mr. Barton if he invokes the Fifth Amendment. Any other course of action will bury error at the foundation of any order arising from these proceedings short of a complete denial of the Commission's motion for a receivership.

First, the Commission's gambit is an unconstitutional abuse of the Defendant's Fifth Amendment rights against self-incrimination, not to mention his Due Process rights. Those rights are put in significant jeopardy by civil proceedings seeking the disclosure of information from a defendant conducted during the pendency of parallel criminal proceedings. This is particularly so when the same federal Government is responsible for the parallel proceedings, having initiated both the criminal and civil cases. When, as here, "the SEC's allegations in its civil complaint

6

overlap significantly, if not entirely, with the criminal charges[,]" the defendant's "Fifth Amendment concerns are significant" and courts stay the civil interrogation and/or discovery to protect them. *See SEC v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *3 (N.D. Cal. Dec. 22, 2010). Courts have long recognized "the impact of [] parallel civil and criminal proceedings on Plaintiff's Fifth Amendment rights." *Aples v. Adm'rs of the Tulane Educ. Tr.*, No. 20-2451, 2021 2021 WL 54415838, at *3 (E.D. La. Nov. 19, 2021). Accordingly, the judges of this District have stayed civil litigation, and in particular the questioning of the defendant, on Fifth Amendment considerations raised by the existence of ongoing parallel criminal proceedings. *Gemini Ins. Co. v. USPLabs, LLC*, No. 3:15-CV-3293-K, 2016 WL 6497431, at **1–2 (N.D. Tex. Mar. 24, 2016); *see also, e.g.*, *Day v. CHSV Fairway View, LLC*, No. CV 21-465-JWD-RLB, 2022 WL 4239061, at *4 (M.D. La. Sept. 14, 2022); *E.A. Renfroe & Co., Inc. v. Moran*, No. 2:06-CV-1752-WMA, 2007 WL 4276906, at *3 (N.D. Miss. Dec. 3, 2007); *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985) (staying all civil discovery noting "distinct possibility that defendants will be unable to defend both actions to the fullest."). When (as here) the defendant has been indicted and the federal Government is running both proceedings, the circuit courts have explained the effect of questioning the witness on Fifth Amendment rights and that a stay of such activity is almost certainly the best course. *See Dresser Indus., Inc.*, 628 F.2d at, 1375–76 ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.").

Whether the subpoena is quashed or not, if the Defendant invokes his Fifth Amendment privilege, the Court should make clear that it will not draw a negative evidentiary inference from his doing so.

In civil litigation, ascribing a negative inference to invocation is not absolute. These are exactly the circumstances in which the Court should reject such inference. In the best of circumstances, "[w]hile an adverse inference may be drawn in a civil case when a party asserts his Fifth Amendment privilege, the trier of fact is not required to draw a negative inference." *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & ERISA Litig.)*, 762 F. Supp. 2d 942, 1017 (S.D. Tex. 2010) (citing *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 802 (7th Cir. 1993) ("The inference is permissible, but not required.")). Indeed, in the normal run of cases, a negative inference should not be drawn by the court as fact-finder unless "independent evidence demonstrates that the inference is reasonable." *In re Nat'l Liquidators, Inc.*, 182 B.R. 186, 195 (S.D. Ohio 1995) (holding no independent evidence existed). When the federal Government is seeking the negative inference, "no negative inference can be drawn against a civil litigant's assertion of his privilege against self-incrimination unless there is a substantial need for the information and there is not another less burdensome way of obtaining that information." *SEC v. Cutting*, No. 2:21-CV-00103-BLW, 2022 WL 4536816, at *12 (D. Idaho Sept. 28, 2022).

The SEC certainly cannot meet that standard here. The SEC has not said what it intends to ask Mr. Barton. But it certainly has ways "less burdensome" on the Defendant's constitutional interests of obtaining information relevant to its receivership motion, particularly with regard to the flow of funds. The Commission obtained extensive bank and business records through requests for production and third party subpoenas during its investigation. The Receiver seized all the relevant corporate records, including the QuickBooks accounting system to which the Commission

has access.  If the SEC is still not meeting its funds tracing burden, for example, that may be because seizing the assets of 82 corporations does not comport with the evidence.  Interrogating the defendant and seeking an adverse inference cannot be justified amid these alternatives less burdensome on the Defendant's constitutional rights.

Applying these principles, courts in the Fifth Circuit have recognized the serious and prejudicial implications of raising adverse inference from invocation of the Fifth Amendment.  For example, in *SEC v. Mueller*, No. 21-CV-00785-XR, 2022 WL 818678 (W.D. Tex. Mar. 17, 2022), the court stopped the Commission from conducting any depositions and significantly limited interrogatories and requests for admission.  *Id.* at **10–11.  As Judge Rodriguez explained:

> if the criminal and civil cases proceed in parallel, he [would] be prejudiced because the simultaneous proceedings place him in a "vice"—if he invokes his Fifth Amendment right against self-incrimination in response to the SEC's civil complaint, it would permit an adverse inference in the civil case thereby crippling his defense.  Or [he] could waive his Fifth Amendment rights and respond to the SEC's allegations, which may prejudice his defense of the criminal case.

*Id.*  While the stay of civil proceedings there was limited because the defendant was only being criminally investigated and had not yet been indicted, the court indicated a complete cut off of the Commission questioning the defendant would be justified if he were later indicted.  *Id.* at 11.

Second, forcing the defendant to answer the Commission's questions, or drawing an adverse inference from his invocation of the Fifth Amendment, is particularly inequitable and unfair in this case given the insulation of the Government from any discovery.  The Government moved this Court for a stay of all discovery on grounds that any Government production of documents or questioning of its witnesses would interfere with its own its own interests in the parallel criminal matter.  Government's Unopposed Motion to Intervene and to Stay Proceedings, Dkt. 44 at 4-6.  On those grounds, the Government requested, and the Court issued, a stay of all discovery in these proceedings.  Order Granting Motion to Intervene and Stay Proceedings, Dkt.

64.    There's no question that this order is routine civil discovery against a party, and the Commission's subpoena violated the Court's stay order.

Whether the contemplated compelled testimony would violate the stay order or not, it would create a grossly unfair situation. The Government wants all the benefits of that stay of discovery, while experiencing none of the burdens. The stay has created a situation where, under the auspices of establishing its entitlement to a receivership, the Government is claiming the right to question the Defendant about anything pertinent to the case. But it has carefully protected itself from similar inquiry. The Government sought and obtained a stay of discovery of the documents underlying its claim. That alone leaves the Defendant blind in his testimony, unaware of the array the Government could use to cross-examine him.

The percipient fact witnesses supporting the Government are also off limits to the Defendant. The key conduit of funds and communication relevant to this case—Michael Fu— cannot be questioned by the Defendant. The Government has repeatedly delayed his sentencing, keeping him in jeopardy and allowing Mr. Fu to block questioning through the Fifth Amendment. There is an exception, however, as the Government has obligated him testify at its request, as a condition of his plea agreement. In this case, the Government is seeking to use the parallel criminal proceeding—and its deployment to cut off inquiry through the stay order or otherwise—as both a shield and a sword.

The Government is asking the Court ultimately to impose a receivership remedy deriving from the Court's "equitable" powers. *See SEC v. Barton*, 79 F.4th 573, 578 (5th Cir. 2023). Parties, however, cannot seek equitable remedies through means that are themselves inequitable. *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co.*, No. A-05-CA-195 SS, 2005 WL 2265527, at *6 (W.D. Tex. May 24, 2006). The Government has created a completely uneven

playing field and an almost unheard of instance of compelled testimony without the benefit of prior document productions relevant to the case and other written discovery. Allowing the Commission to compel the Defendant's testimony and then to draw a negative inference on the way to an equitable remedy, under these circumstances, would be a gross abuse of equitable discretion.

At a bare minimum, this Court should not compel the Defendant's testimony until written discovery is permitted against the Commission, it produces the documents it deems relevant to this case, and the Defendant has a chance to review them and make an informed decision about whether to testify. Should the Court go down this route as a means of reducing the prejudice here, it would have to continue Wednesday's hearing substantially. The unfair prejudice against the Defendant's Fifth Amendment rights—from not staying this level of interrogation—and the Government-arranged lack of access to other percipient fact witnesses, such as Mr. Fu, would not be solved through this delay. The only complete remedy for the legal principles identified above is to quash the subpoena and/or make clear that no adverse inference will be taken from the Defendant's invocation of the Fifth Amendment.

Dated: October 9, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF CONFERENCE

I have conferred with counsel for the Commission about the merits of this Motion on October 9, 2023. The Commission is opposed to the relief requested herein.

*/s/Michael J. Edney*
Michael J. Edney

## CERTIFICATE OF SERVICE

On October 9, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Michael J. Edney*
Michael J. Edney

# Exhibit A

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Northern District of Texas

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Haoqiang Fu (a/k/a Michael Fu)
22203 Alder Bend Lane, Spring, TX 77389

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court<br>1100 Commerce Street<br>Dallas, TX 75242 | Courtroom No.: 1525 |
|---|---|
| | Date and Time: 10/11/2023 1:30 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/03/2023

*CLERK OF COURT*

OR

/s/Michael J. Edney

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* TIMOTHY LYNCH BARTON , who issues or requests this subpoena, are:

Michael J. Edney, Hunton Andrews Kurth LLP, 2200 Pennsylvania Avenue NW, Washington, DC 20037, 202-955-1500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.  3:22-CV-2118-X

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 12/13)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit B

**From:** robert webster <robert.webster@bobwebsterlaw.com>
**Sent:** Friday, October 6, 2023 3:07 PM
**To:** Edney, Michael <MEdney@huntonak.com>; Christy L Drake <chrisdrakelaw@gmail.com>
**Subject:** Michael Fu subpoena-SEC v Barton, 3:22-cv-2118X

**This Message Is From An External Sender**

Hunton Andrews Kurth warning: This message came from outside the firm.

Mr. Edney, as we discussed, I represent Michael Fu in his criminal legal troubles and he has asked me to intercede in the above matter to advise you that he will be asserting his fifth amendment privilege if called to testify in next Wednesday's hearing.  He is awaiting sentencing before Judge Kinkeade in the Dallas federal courthouse on a federal charge and as you well understand is still subject to jeopardy.
Please advise next steps, sir.
Respectfully,

Bob Webster
Please
Robert L. Webster
Attorney and Counselor
7557 Rambler Road
Suite 525
Dallas, TX 75231
469 758 4150
fac 469 758 4160