UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| TIMOTHY BARTON, et al., | § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

**<u>ORDER GRANTING BARTON'S MOTION TO QUASH</u>**

Barton has filed a motion to quash [Doc. 351] to prevent the Securities and

Exchange Commission from compelling his testimony at the evidentiary receivership

hearing on October 11, 2023.

The Court grants the motion. The United States previously moved to intervene

and stay civil discovery in light of the pending parallel criminal matter. [Doc. 44.] Its

rationale was that civil discovery is more wide-ranging than criminal discovery. The

Court granted that motion. Accordingly, any attempt by the SEC or United States to

compel Barton to testify would requiring lifting that stay. As of the issuance of this

order, neither the SEC nor the United States has sought to lift the stay to allow it to

compel Barton to testify at the receivership hearing.[1] As such, the Court has no basis

---

[1] The SEC has asked for the Court to lift the stay for the limited purpose of adjudicating the receivership motion. Doc. 309 at 31. But as applied to Barton, the motion seeks to compel him to

other than to grant Barton's motion to quash.  Thus, Barton cannot be compelled to testify at the receivership hearing.

Accordingly, the Court **GRANTS** Barton's motion to quash [Doc. 351].

**IT IS SO ORDERED** this 10th day of October, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

provide a sworn accounting 10 days after issuance of a receivership order.  Doc. 309-2 at 6.  The Court will address this request for post-receivership order discovery from Barton when the Court rules on the receivership motion.