**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | C.A. No.: 3:22-cv-2118-X  Jury Trial Demanded |
| Defendants, | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | |
| Relief Defendants. | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO PIONEER FINANCE, INC.'S (1) MOTION TO INTERVENE (DKT. 348) AND (2) MOTION TO LIFT STAY AND FOR EXCEPTION FROM THE <u>COURT'S ORDER APPOINTING RECEIVER (DKT. 349)</u>**

The Securities and Exchange Commission ("SEC") submits this response to Pioneer Finance, Inc.'s (1) Motion to Intervene and (2) Motion to Lift Stay and For Exception from the Court's Order Appointing Receiver, and respectfully shows the court as follows:

## PRELIMINARY STATEMENT

On August 31, 2023, the Court denied without prejudice all pending motions in this case and stated that parties may refile all such motions after the Court resolves the SEC's pending motion for entry of a new receivership order. (Dkt. 306)

The SEC opposes Pioneer's request to intervene and to lift the stay over the Receiver's objection, and in light of the Court's Order addressing similar motions. Pioneer is the first lender on three properties in Venus, Texas, that are owned by one of the Receivership Entities. Pioneer appears to be fully secured, and it has not demonstrated that it will suffer any injury, much less substantial injury, if the status quo is maintained until the Court determines whether to order a new receivership.

If the Court enters a new receivership order that includes the entity that owns the Venus, Texas properties, Pioneer, like the other lenders, will have an opportunity to raise, and hopefully resolve, its claims with the receiver without causing the receivership estate to expend resources on additional, unnecessary motions practice. Further, the foreclosure action that Pioneer proposes would likely reduce the value of receivership assets and impede the receiver's ability to effectively administer the receivership.

## BACKGROUND

1.    On October 18, 2022, the Court entered an Order Appointing Receiver in this case ("Receivership Order"). (Dkt. 29)

2.      The Receivership Order includes a stay of all civil proceedings involving the Receivership Property and Receivership Entities (as those terms are defined therein). Receivership Order at ¶¶ 34-36.

3.      Pioneer is a secured lender that seeks to intervene in this case and lift the stay so that it can foreclose on three properties in Venus, Texas, that are owned by LDG001, LLC, which is one of the Receivership Entities.  Motion to Intervene at 1.  (Dkt. 348)

## ARGUMENT

District courts have "broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions." *SEC v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 340 (5th Cir. 2011) (per curiam) (internal citations omitted).  "To determine whether an exception should be made to a stay . . . the court should consider (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *Id.* at 341 (internal citation and quotation omitted).  "The first factor essentially balances the interests in preserving the receivership estate with the interests of the" movant.  *Id.* (internal citation omitted).

Lifting the stay over the Receiver's objection to allow Pioneer to step ahead of other creditors and foreclose on the Venus, Texas properties at this relatively early stage of the receivership, and before the Court determines whether to enter a new receivership order, is unwarranted and not in the best interest of the receivership estate.  The receivership reasonably stands to obtain value in excess of Pioneer's lien that could potentially be used for the benefit of

defrauded investors, and the Receiver should be provided a reasonable opportunity to effectively administer these receivership assets.

In addition, Pioneer has not shown that it will suffer substantial injury if it is not permitted to foreclose at this time. For example, Pioneer does not contend, much less demonstrate, that the value of the property is at imminent risk of declining in value below the amount of its secured claim, or identify any other exigent circumstances. Motion at 1-15. The only bases that Pioneer advances for why the Court should authorize it to foreclosure now are vague, unsubstantiated assertions that *at some point* the value of Pioneer's lien will surpass the value of the properties, and that Pioneer has suffered reputational harm and difficulty obtaining credit based on concerns about the amounts that LDG001, LLC owes Pioneer.[1]

## CONCLUSION

For these reasons, the SEC respectfully requests that the Court deny Pioneer's Motions and grant it such other and further relief to which it is entitled.

---

[1] The SEC does not fully understand and cannot evaluate Pioneer's unsupported claim that it is having difficulty obtaining credit, particularly if Pioneer's secured claim is as strong as it alleges and this is solely a timing issue.

Dated: October 27, 2023

Respectfully submitted,

/s/ Keefe M. Bernstein
Keefe M. Bernstein
Texas Bar No. 24006839
James E. Etri
Texas Bar No. 24002061
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 900-2607 (KMB phone)
(817) 978-4927 (facsimile)
bernsteink@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

5

## CERTIFICATE OF SERVICE

I affirm that on October 27, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.


*/s/ Keefe M. Bernstein*
Keefe M. Bernstein