**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*. | § | |

**APPENDIX IN SUPPORT OF RECEIVER'S VERIFIED
AND EXPEDITED MOTION TO (I) RATIFY ORDERS
APPOINTING APPRAISERS, APPROVING APPRAISALS
AND APPROVING SALE OF REAL ESTATE AS REQUIRED BY
28 U.S.C. § 2001 WITH RESPECT TO THE AMERIGOLD SUITES,
(II) AUTHORIZE THE SALE FREE AND CLEAR OF ALL LIENS, AND
(III) STAY ACCRUAL OF POST-RECEIVERSHIP DEFAULT RATE INTEREST**

| EXHIBIT | DESCRIPTION | APP PAGES |
|---|---|---|
| A | Goldmark Hospitality, LLC Promissory Note dated November 14, 2019 | APP001-005 |

– 1 –

– 2 –

Respectfully submitted,


By:  */s/ Charlene C. Koonce*
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    C. Alan Carrillo
     Texas Bar No. 24109693
     alan@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001


### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

# EXHIBIT A

## PROMISSORY NOTE

$2,584,249.00                                                           November 14, 2019

For value received, Goldmark Hospitality, LLC, a Texas limited liability company ("Borrower"), promises to pay to the order of Texas Brand Bank ("Lender") at 1919 S. Shiloh Road, Suite 100, LB30, Garland, Texas 75042, or at such other address as Lender shall from time to time specify in writing, the principal sum of TWO MILLION FIVE HUNDRED EIGHTY-FOUR THOUSAND TWO HUNDRED FORTY-NINE AND NO/100 DOLLARS ($2,584,249.00), or so much thereof as shall have been advanced and be outstanding hereunder, in legal and lawful money of the United States of America, with interest on the outstanding principal from the date advanced until paid at the rate set out below.  Interest shall be computed on a per annum basis of a year of 360 days, unless such calculation would result in a rate greater than the highest rate permitted under applicable law, in which case interest shall be computed on a per annum basis of a year of 365 days or 366 days in a leap year, as the case may be, and for the actual number of days elapsed.

1.    *Payment Terms*.  The principal and interest due and owing under this Note shall be due and payable as follows:

(a)    Commencing on December 14, 2019, and continuing on the same day of each month thereafter through and including November 14, 2024, monthly installments of principal and accrued, but unpaid interest in the amount of $19,402.87 each, shall be due and payable, which monthly payment amount would be sufficient to fully amortize the unpaid principal balance of this Note, together with interest to accrue, as provided for in this Note, over a term of twenty (20) years, commencing on November 14, 2019, and ending on the date which is twenty (20) years thereafter (the "Amortization Term"), assuming that all such payments were fully and timely made and that the interest rate would remain constant over the Amortization Term; and

(b)    Notwithstanding the foregoing, the entire unpaid principal balance of this Note, together with all unpaid, accrued interest thereon, shall be due and payable in full on November 14, 2024 (the "Maturity Date").

2.    *Late Charge.*  If a payment is made 10 days or more late, Borrower will be charged, in addition to interest, a delinquency charge of (i) 5% of the unpaid portion of the regularly scheduled payment, or (ii) $500.00, whichever is less.  Additionally, upon maturity of this Note, if the outstanding principal balance (plus all accrued but unpaid interest) is not paid within 10 days of the maturity date, Borrower will be charged a delinquency charge of (i) 5% of the sum of the outstanding principal balance (plus all accrued but unpaid interest), or (ii) $500.00, whichever is less.  Borrower agrees with Lender that the charges set forth herein are reasonable compensation to Lender for the handling of such late payments.

3.    *Interest Rate*.  Interest to be charged on the outstanding and unpaid principal balance of this Note, prior to maturity, however such maturity shall be brought about, shall be a fixed annual rate of interest of six and one-half percent (6½%).

PROMISSORY NOTE                                                               PAGE 1
L:\50423\251\PromNote.doc

APP002

4.      *Default Rate*. Matured unpaid principal and interest shall bear interest from date of maturity until paid at (a) the highest rate permitted by applicable law, or (b) if no such maximum rate is established by applicable law, at the rate of fifteen percent (15%) per annum.

5.      *Prepayment*. Borrower reserves the right to prepay, prior to maturity, all or any part of the principal of this Note without penalty. Any prepayments shall be applied first to accrued interest and then to principal. Borrower will provide written notice to the holder of this Note of any such prepayment of all or any part of the principal at the time thereof. All payments and prepayments of principal or interest on this Note shall be made in lawful money of the United States of America in immediately available funds, at the address of Lender indicated above, or such other place as the holder of this Note shall designate in writing to Borrower. All partial prepayments of principal shall be applied to the last installments payable in their inverse order of maturity.

6.      *Default*. Subject to any applicable notice and cure period or grace period provided in the Loan Agreement (as defined hereafter), upon an Event of Default (as defined in the Loan Agreement) in the payment of this Note or any part hereof, principal or interest or upon the occurrence of an Event of Default specified in any of the other Loan Documents (as defined below), the holder of this Note may, at its option, without further notice or demand, (i) declare the outstanding principal balance of and accrued but unpaid interest on this Note at once due and payable, (ii) refuse to advance any additional amounts under this Note, (iii) foreclose all liens securing payment hereof, (iv) pursue any and all other rights, remedies and recourses available to the holder hereof, including but not limited to any such rights, remedies or recourses under the Loan Documents, at law or in equity, or (v) pursue any combination of the foregoing; and in the event default is made in the prompt payment of this Note when due or declared due, and the same is placed in the hands of an attorney for collection, or suit is brought on same, or the same is collected through probate, bankruptcy or other judicial proceedings, then the Borrower agrees and promises to pay all costs of collection, including reasonable attorney's fees.

7.      *Joint and Several Liability; Waiver*. Each maker, signer, surety and endorser hereof, as well as all heirs, successors and legal representatives of said parties, shall be directly and primarily, jointly and severally, liable for the payment of all indebtedness hereunder. Lender may release or modify the obligations of any of the foregoing persons or entities, or guarantors hereof, in connection with this loan without affecting the obligations of the others. All such persons or entities expressly waive presentment and demand for payment, notice of default, notice of intent to accelerate maturity, notice of acceleration of maturity, protest, notice of protest, notice of dishonor, and all other notices and demands for which waiver is not prohibited by law, and diligence in the collection hereof; and agree to all renewals, extensions, indulgences, partial payments, releases or exchanges of collateral, or taking of additional collateral, with or without notice, before or after maturity. No delay or omission of Lender in exercising any right hereunder shall be a waiver of such right or any other right under this Note.

8.      *No Usury Intended; Usury Savings Clause*. In no event shall interest contracted for, charged or received hereunder, plus any other charges in connection herewith which constitute interest, exceed the maximum interest permitted by applicable law. The amounts of such interest or other charges previously paid to the holder of the Note in excess of the amounts permitted by

applicable law shall be applied by the holder of the Note to reduce the principal of the indebtedness evidenced by the Note, or, at the option of the holder of the Note, be refunded. To the extent permitted by applicable law, determination of the legal maximum amount of interest shall at all times be made by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of the loan and indebtedness, all interest at any time contracted for, charged or received from the Borrower hereof in connection with the loan and indebtedness evidenced hereby, so that the actual rate of interest on account of such indebtedness is uniform throughout the term hereof.

9.    *Security*. This Note is secured by, inter alia, the following:

(a)    a Loan Agreement (the "Loan Agreement") of even date herewith, by and between Lender and Borrower;

(b)    a Deed of Trust, Security Agreement - Financing Statement of even date herewith, from Borrower to John C. Shackelford, Trustee for the benefit of Lender, covering that certain real property located in Dallas County, Texas, as more fully described therein;

(c)    a Guaranty Agreement from Timothy Barton;

(d)    two (2) Uniform Commercial Code, Financing Statements, one (1) to be filed in the Real Property Records of Dallas County, Texas, and one (1) to be filed in the Office of the Secretary of State of Texas; and

(e)    a Security Agreement from Borrower for the benefit of Lender.

This Note and all other documents evidencing, securing, governing, guaranteeing and/or pertaining to this Note, including but not limited to those documents described above, are hereinafter collectively referred to as the "Loan Documents." The holder of this Note is entitled to the benefits and security provided in the Loan Documents.

10.    *Texas Finance Code*. In no event shall Chapter 346 of the Texas Finance Code (which regulates certain revolving loan accounts and revolving tri-party accounts) apply to this Note. To the extent that Chapter 303 of the Texas Finance Code is applicable to this Note, the "weekly ceiling" specified in such chapter is the applicable ceiling; provided that, if any applicable law permits greater interest, the law permitting the greatest interest shall apply.

11.    *Governing Law, Venue*. This Note is being executed and delivered, and is intended to be performed in the State of Texas. Except to the extent that the laws of the United States may apply to the terms hereof, the substantive laws of the State of Texas shall govern the validity, construction, enforcement and interpretation of this Note. In the event of a dispute involving this Note or any other instruments executed in connection herewith, the undersigned irrevocably agrees that venue for such dispute shall lie in any court of competent jurisdiction in Dallas County, Texas.

12.    *Purpose of Loan*. Borrower agrees that all advances hereunder shall be used solely for business, commercial, investment, or other similar purposes.

PROMISSORY NOTE                                                                PAGE 3
L:\50423\251\PromNote.doc

13.     *Captions*.  The captions in this Note are inserted for convenience only and are not to be used to limit the terms herein.

14.     *Renewal and Extension*.  This Note is given in renewal and extension of a portion of the aggregate amount left owing and unpaid by Borrower herein upon that one certain Promissory Note in the principal sum of $2,190,948.00, dated September 11, 2014, executed by Borrower and payable to the order of Lender, more fully described in and secured by that certain Deed of Trust, Security Agreement-Financing Statement (the "Prior Deed of Trust") of even date therewith, duly recorded under Instrument No. 2014-234364 of the Real Property Records of Dallas County, Texas. Borrower further acknowledges and agrees that this Note and the Prior Deed of Trust do not constitute a novation or a release of such indebtedness or lien.

BORROWER:

GOLDMARK HOSPITALITY, LLC,
a Texas limited liability company

By: Enoch Investments, LLC,
        a Delaware limited liability company,
        its Sole Member and Managing Member

        By: _____
              Timothy Barton, its Managing Member

PROMISSORY NOTE                                                                PAGE 4
L:\50423\251\PromNote.doc

APP005