IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S RESPONSE AND OBJECTION TO
MOTION FOR HEARING REGARDING VENUS59 LLC**

Cort Thomas, the Court-appointed Receiver, responds to the Motion for Hearing Regarding Venus59 LLC filed by Daniel Crow ("Crow") [Dkt. 358] and respectfully shows the Court as follows:

**SUMMARY**

Crow has not shown entitlement to intervene, nor has he addressed the relevant factors required to justify lifting the litigation stay provided by the Order Appointing Receiver. The

1

Receiver accordingly opposes a hearing regarding Venus59, LLC, or any other relief requested by Crow, and requests that the Court deny Crow's motion. [1]

## BACKGROUND

1.      On October 18, 2022, the Court entered its Order Appointing Receiver [Dkt. 29] (the "Initial Receivership Order"), pursuant to which the Court assumed exclusive possession and jurisdiction over certain entities identified in the Receivership Order and their assets, as well as all other entities Defendant Timothy Barton directly or indirectly controls (the "Receivership Entities"). *Initial Receivership Order* ¶ 1.

2.      Subsequently, the Court granted the Receiver's Motion to Supplement Order Appointing Receiver [Dkt. 62, 88] and identified, *nunc pro tunc*, numerous additional Receivership Entities, including Venus59, LLC ("Venus59").

3.      To conserve Receivership Assets, allow the Receiver time to perform more pressing tasks mandated by the Initial Receivership Order, and preclude any one creditor from seeking an advantage or preference in treatment, a stay of litigation (the "Stay") is also included in the Initial Receivership Order:

> 34. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:
>
> > All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party

---

[1] If the Court does not issue a new Receivership Order or if it does not include Venus59, LLC within a new Receivership Order, the relief requested by Crow will be unnecessary because the Stay will cease to apply.

> plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

> 35. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

*Initial Receivership Order*, ¶¶ 34–36.

4.     On June 28, 2023, in response to Barton's appeal, the Fifth Circuit vacated the Initial Receivership Order effective 90 days after the mandate issued, and remanded the case for further proceedings, including this Court's consideration of a new receivership order.

5.     The mandate issued on August 31, 2023, and thus vacatur of the Initial Receivership Order becomes effective on November 29, 2023.

6.     In accordance with this Court's orders, on September 7, 2023, the SEC moved for appointment of a receiver, a preliminary injunction, and other equitable relief. Dkts. 309–310. On October 11, 2023, this Court conducted a hearing to consider the SEC's motion and indicated that it will rule on the SEC's motion prior to vacatur of the Initial Receivership Order.

7.     Evidence supporting the SEC's motion demonstrates that Venus59 received or benefited from Investor Funds[2] and should thus appropriately be included within the scope of a new Receivership Order, if the Court issues one.

## ARGUMENT

A party wishing to intervene in a case "bears the burden of establishing its right to intervene." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016). Federal Rule of Civil Procedure 24(a) lists the requirements for a party seeking intervention as of right while Rule 24(b) provides the standard for permissive intervention.

---

[2] Receiver's Report and Declaration, Dkt. 308, ¶¶ 170–71.

"[F]ailure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021).  Here, Crow fails to address, let alone establish his right to intervene.

Moreover, Crow has not demonstrated that the Court should lift the Stay.  "District courts have broad equitable powers to preserve a receiver's ability to operate without interference." *SEC v. Stanford Int'l Bank, Ltd.*, 429 Fed. Appx. 379, 380 (5th Cir. 2011).  Stays in receivership matters serve as additional tools furthering the goals of the receivership.  *SEC v. Byers*, 592 F.Supp.2d 532, 537 (S.D.N.Y. 2008) *aff'd,* 609 F.3d 87 (2d Cir. 2010).  The Stay is intended to protect receivership assets and defrauded investors and serve "considerations of judicial economy." *SEC v. Vescor Cap. Corp.*, 599 F.3d 1189, 1197 (10th Cir. 2010).  In deciding whether to lift such a stay, courts generally consider three factors, the "*Wenke* factors," which are intended to balance the interests of the Receiver and the moving party.  *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005); *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir.1984) ("Wencke II").  Those factors are: "(1) [W]hether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. App'x. 338, 341 (5th Cir. 2011) (quoting Wencke II)).  The movant bears the burden of demonstrating that the balance of factors support lifting the stay.  *SEC v. Illarramendi*, No. 3:11CV78 JBA, 2012 WL 5832330, at *2 (D. Conn. Nov. 16, 2012); *United States v. Petters*, No. 08–5348 ADA/SJM, 2008 WL 5234527, at *3 (D. Minn. Dec. 12, 2008).

Crow, again, does not identify the relevant factors, let alone demonstrate how he satisfies them.  He provides no compelling argument to justify lifting the Stay, which would invite similar

**5**

motions from others and result in additional expenses to the Receivership Estate related to responding to each such motion.  The Court should deny Crow's motion.

Respectfully submitted,

By: _/s/ Charlene C. Koonce_

Charlene C. Koonce
  Texas Bar No. 11672850
  charlene@brownfoxlaw.com
Timothy B. Wells
  Texas Bar No. 24131941
  tim@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.