IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § | |
| Defendants, | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| Relief Defendants. | § § | |

**DEFENDANT TIMOTHY LYNCH BARTON'S MOTION TO EXTEND TIME FOR DEFENDANT TO RESPOND TO RECEIVER'S EXPEDITED MOTION TO APPROVE, RATIFY, ADOPT, AND OTHERWISE "BLESS" PREVIOUS ACTIONS OF RECEIVER AND ORDERS ISSUED PRIOR TO EFFECTIVE DATE OF VACATUR OF INITIAL RECEIVERSHIP ORDER AND TO RECEIVER'S CONTEMPORANEOUSLY-FILED <u>SPECIFIC RATIFYING MOTIONS</u>**

Defendant Timothy Lynch Barton ("Defendant" or "Barton") files this Motion to Extend

Time for Defendant to Respond to the vacated receiver's ("Receiver") Motion to Approve, Ratify,

Adopt, and Otherwise "Bless" Previous Action of Receiver and Orders Issued Prior to Effective Date

1

of Vacatur of Initial Receivership Order ("Motion to Bless") and to Receiver's contemporaneously-filed, discrete ratifying motions ("Ratifying Motions").  [Dkts. 372, 374, 376, and 376].

Defendant and the United States Securities and Exchange Commission (the "Commission") (collectively, the "Parties") are currently in the process of preparing proposed findings of fact and conclusions of law.  Those filings are significant and are due to the Court on November 10, 2023, pursuant to the October 11, 2023 hearing (the "Hearing") on the Commission's motion for a new receivership.

Making responses to the Receiver's new motions due at the same time—as the Court's order for expedited briefing does—would overburden Defense counsel, which are operating in service of the Court without compensation due to the reversed receivership's seizure of assets. The Defendant respectfully requests that the Court set the response deadline for these motions one week later, on November 17, 2023.

The Defendant respectfully submits there would be no prejudice to any party if the response date were extended.  Whether there will be a new receiver and who that receiver will be has not even been decided.  If there is a new receiver, what relief that receiver will seek and whether that relief is appropriate can be determined then.  This Court recognized this early on, making clear that motions practice is to cease during the pendency of its consideration of the Commission's Motion for New Receiver and can be reasserted after the Court's resolution of any motion to appoint a new receiver.  *See* Dkt. 306 ("ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE all pending motions in this case.  Parties may refile all such motions after the Court resolves the SEC's motion for entry of a new receivership order. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb)").

Importantly, the Receiver's filing of these motions now violates the Fifth Circuit's stay pending appeal, which bars any receiver activities in in furtherance of sales or disposition of property *that has not already occurred or been approved by the Court. SEC v. Barton*, 79 F.4th 573, 581-82 (5th Cir. 2023). The motions clearly so qualify, as they seek to advance the sales or disposition of property that has not already occurred. The Fifth Circuit entered this injunction, in part, to protect the Defendant from the expense of having to litigate against the Receiver in the wake of the Court's decision reversing the Receiver's appointment and existence. The Defendant will make these arguments further and seek remedies against the Receiver for violation of the Fifth Circuit's injunction in its forthcoming opposition. But the Receiver's violation of the injunction by filing of this motion, for present purposes, counsels in favor of a short extension to lessen the burden created by these violations.

The Fifth Circuit suspended the Receiver's authority to avoid this exact type of disruptive and premature activity during the Court's consideration of whether a new receivership is warranted and appropriate. The Court should reject these attempts.

Counsel for Defendant has conferred with counsel for the Receiver, who states the Receiver opposes the requested extension. Counsel for the Commission reports that the Commission takes no position on the request for extension of time.

3

**PRAYER FOR RELIEF**

For the foregoing reasons, the Defendant respectfully requests that the Court extend the time for responding to the Motion to Bless and Ratifying motions for one week until Friday, November 17, 2023.

Dated: November 8, 2023

Respectfully submitted,
By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

COUNSEL FOR TIMOTHY LYNCH BARTON

4

**CERTIFICATE OF CONFERENCE**

I have conferred with counsel for the Receiver about the merits of this Motion on November 8, 2023. The Receiver is opposed to the relief requested herein. Counsel for the Commission takes no position on this Motion.

*/s/ Michael J. Edney*
Michael J. Edney


**CERTIFICATE OF SERVICE**

On November 8, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney