IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | | |
| *Plaintiff*, | § § § | |
| **v.** | § § | No. 3:22-cv-2118-X |
| **TIMOTHY BARTON, et al.** | § § § | |
| *Defendants*. | § | |

**JOINT STIPULATION AND AGREED ORDER
REGARDING RECEIVER'S VERIFIED AND EXPEDITED MOTION TO
(I) RATIFY ORDER APPOINTING APPRAISERS, APPROVING APPRAISALS
AND APPROVING SALE OF REAL ESTATE AS REQUIRED BY 28 U.S.C. § 2001
WITH RESPECT TO THE ROCK CREEK PROPERTY, (II) AUTHORIZE THE SALE
FREE AND CLEAR OF ALL LIENS, AND (III) STAY ACCRUAL OF POST-
RECEIVERSHIP DEFAULT RATE INTEREST**

The Receiver of SF Rock Creek, LLC and The Rama Fund, LLC ("Rama," and together with the Receiver, the "Parties"), the holder of the Note regarding the Rock Creek Property, respectfully submit this proposed joint stipulation and agreed order (the "Stipulation" and "Agreed Order") resolving the Parties' dispute regarding the treatment of certain amounts claimed by Rama in connection with the Rock Creek Property as described in the Receiver's *Verified and Expedited Motion to (I) Ratify Order Appointing Appraisers, Approving Appraisals and Approving Sale of Real Estate as Required by 28 U.S.C. § 2001 With Respect to the Rock Creek Property, (II) Authorize the Sale Free and Clear of All Liens, and (III) Stay Accrual of Post-Receivership Default Rate Interest* (the "Motion") [Dkts. 374, 375].[1] In support of this Stipulation and the entry of the Agreed Order, the Parties state as follows:

---

[1] Unless otherwise defined, capitalized terms in this Order shall have the meanings ascribed to them in the Motion.

## RECITALS

1. **WHEREAS** Receivership Entity SF Rock Creek, LLC and Rama are parties to the Note that is secured by the Rock Creek Property, which is the subject property of the Motion.

2. **WHERAS** by order of the Court [Dkt. 382] the deadline for Rama to object or otherwise respond to the Motion is November 10, 2023.

3. **WHEREAS** the Receiver and Rama negotiated and agreed to the terms of the Agreed Order to resolve the Motion to the extent the Motion presents a dispute between the Receiver and Rama, and to limit litigation expenses and preserve the assets of the Receivership Estate.

4. **WHEREAS** Rama does not object to the Court's ratification of the *Order Granting Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property* [Dkt. 99] and *Order Granting Motion to Approve Sale* [Dkt. 104].

5. **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

6. To promote orderly and efficient administration of the Receivership Estate, the sale of the Rock Creek Property free and clear of all liens is **AUTHORIZED**, and any and all interest accruing under the Default Interest Rate under the Note is **STAYED** as of the date of the Initial Receivership Order. At closing, the proceeds of the sale of the Rock Creek Property shall be paid first to Rama to recover only the principal due under the Note of $1,053,000.00 (one-million, fifty-three thousand dollars) as well as all interest accrued under the Standard Interest Rate. To the extent Rama asserts that its lien exceeds this amount, Rama shall submit a claim for the Court's

– 3 –

consideration of such amounts during a claims process. Similarly, if Rama claims entitlement to proceeds from the sale for fees, costs, defaults, penalties, breach, offsets, default, or other amounts (including the delta between interest accruing at the Standard Interest Rate and the interest owed at the Default Interest Rate), Rama shall submit a claim for the Court's consideration of such amounts during a claim process.

7.   The Receiver shall not object to Rama' submission of a claim for such purpose, although he may object to the amount and priority of such claim with respect to amounts included, other than the delta between interest accruing at the Standard Interest Rate and the interest owed at the Default Interest Rate, and may object to the priority of such claim as requested by Rama or may recommend the priority for such claim pursuant to any claims process.

8.   This Stipulation and Agreed Order represent the Parties' mutual understandings, and the terms and conditions of this Stipulation and Agreed Order shall be effective and enforceable immediately upon their entry.

9.   This Stipulation and Agreed Order shall only be effective if the Rock Creek Property remains subject to the Receivership and is sold by the Receiver with the Court's approval during the Receivership. If the Receivership is dissolved or if the Court enters an order removing the Rock Creek Property from the Receivership before the Rock Creek Property is sold by the Receiver, Rama shall be permitted to recover at any sale of the Property—through foreclosure or otherwise—the full amount of the debt in accordance with the terms of the Note, Deed of Trust and applicable law.

10.   This Stipulation and Agreed Order shall only be effective if the Rock Creek Property remains subject to the Receivership and is sold by the Receiver with the Court's approval during the Receivership for purchase price that is sufficient to pay in full the principal balance of

$1,053,000.00 (one-million, fifty-three thousand dollars) due under the Note as well as interest accrued under the Standard Interest Rate through the date of the sale. If the sale of the Rock Creek Property is delayed for any reason and that delay causes the accrual of interest under the Standard Interest Rate plus principal balance of $1,053,000.00 (one-million, fifty-three thousand dollars) to exceed the net proceeds after closing costs from the delayed sale or any other sale, this Stipulation and Agreed Order shall no longer be effective and enforceable.

11. The Court will address Ratification of the Orders requested in the Receiver's Motion in a separate order.

**IN WITNESS HEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Agreed Order as of the date first set forth below.

SO ORDERED this _____ day of _____, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT COURT JUDGE

AGREED: November 10, 2023

By: */s/ Charlene C. Koonce*  
   Charlene C. Koonce  
    Texas Bar No. 11672850  
    charlene@brownfoxlaw.com  
   C. Alan Carrillo  
    Texas Bar No. 24109693  
    alan@brownfoxlaw.com  
   BROWN FOX PLLC  
   8111 Preston Road, Suite 300  
   Dallas, TX  75225  
   Tel. 214.327.5000  
   Fax. 214.327.5001  

*Attorneys for Receiver Cortney C. Thomas*

By: */s/ [Dustin George*  
   Dustin George  
    Texas Bar No. 24065287  
    dgeorge@mgs-legal.com  
   Miller, George & Suggs, PLLC  
   6080 Tennyson Pkwy, Suite 100  
   Plano, TX 75024  
   Tel. 972.532.0128  
   Fax. 214.291.5507  

*Attorney for Lender The Rama Fund, LLC*

## CERTIFICATE OF SERVICE

     Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.