UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| *Plaintiffs*, | § § | C.A. No: 3:22-cv-2118-X |
| v. | § § | JURY TRIAL DEMANDED |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, et al, | § § § § | |
| *Defendants*. | § | |

**LIMITED OBJECTION OF MCCORMICK 101, LLC TO THE RECEIVER'S
MOTION (1) TO AUTHORIZE THE SALE OF THE AMERIGOD SUITES
FREE AND CLEAR OF ALL LIENS AND (2) FOR STAY OF ACCRUAL OF POST-
RECEIVERSHIP DEFAULT RATE INTEREST [DOC. 378] AND, TO THE EXTENT
NECESSARY, MOTION OF MCCORMICK 101, LLC TO INTERVENE**

**TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:**

COMES NOW McCormick 101, LLC ("McCormick") and files this Limited Objection to

the Receiver's Motion (1) to Authorize the Sale of the Amerigold Suites Free and Clear of All

Liens and (2) for Stay of Accrual of Post-Receivership Default Rate Interest [Doc. 378] (the

"Limited Objection") and, to the Extent Necessary, Motion to Intervene (the "Motion") and

respectfully shows the Court the following:

**INTRODUCTION**

McCormick *does* not oppose the ratification of the Amerigold Suites Orders[1] *nor* the sale

of the Amerigold Suites property (the "Amerigold Suites").  However, McCormick *does* oppose

the sale of the property free and clear of liens where the payment of related default interest and

legal and other fees are not paid at closing.  The Motion proposes payment of only the principal

---

[1] Capitalized terms used herein, not otherwise defined, are given those definitions as used in the Motion.

LIMITED OBJECTION AND MOTION TO INTERVENE                                                    Page 1

amount owing on the Note and accrued interest at the Standard Interest Rate and requests the entry of "a stay of interest accruing at" the Note Default Interest Rate.

This is *not* a case where the receiver contests the enforceability or validity of McCormick's Note, the amount of principal and/or interest owing under the Note, or even the extent or validity of McCormick's lien attached to the Amerigold Suites. Nor does the Receiver argue that the Default Rate is punitive. The Receiver has not paid a dime of principal or interest to McCormick during the pendency of the Receivership. And, after one year, the Receiver has still not been able to liquidate the Amerigold Suites largely due to Barton's numerous appeals. There is also no dispute that there is significant equity in the Amerigold Suites - sufficient to fund payment of the Note Default Interest Rate and McCormick's legal fees. Yet, the Receiver argues that McCormick should not be paid an undisputed debt from that equity. Based solely on what the Receiver calls "equitable considerations," the Receiver is now asking the Court to stay default interest and "reserve payment of any other requested fees, costs . . . or other amounts for the claims process." (Motion, at p. 13). This request should be denied.

## LIMITED OBJECTION

McCormick objects to the Receiver's request that its collateral be sold free and clear of all liens, including its attorneys' fees and accrued interest at the contractual default rate or that the decision to pay them be deferred to a later, ill defined "claims process."

There is sparse authority on whether a lender can be denied a default rate of interest, paid at closing, and the only ones cited by the Receiver are based solely on "equitable considerations." Here there is no compelling argument that the equities of this case somehow favor unsecured creditors and stakeholders more than they favor McCormick. McCormick, who's predecessor funded the purchase of the property to begin with, has been waiting for months to recover on its

collateral in the face of a stay that prevents it from exercising its constitutionally protected property rights. McCormick has a bargained for contractual right to recover its default rate of interest. And, while it is unfortunate that this *may* (depending on the outcome of the receivership) reduce recoveries to unsecured creditors, unsecured creditors chose not to protect themselves by extending credit without security. That was their choice. It is unfair to force McCormick to wait for a "claims process" that, based on the history of this case so far, may be years in coming. The rights of the unsecured creditors are no more important than McCormick's rights. *See, e.g., Truist Bank v. AgTech Sci. Group, LLC*, No. 521CV00190REWMAS, 2022 WL 2402663 (E.D. Ky. May 5, 2022), supplemented, No. 521CV00190REWMAS, 2022 WL 17812848 (E.D. Ky. June 10, 2022), report and recommendation adopted, No. 5:21-CV-190-REW-MAS, 2022 WL 14624965 (E.D. Ky. Aug. 26, 2022) (where there is no evidence of unenforceability, default rate of interest is paid along with principal).

The more developed law regarding entitlement to a default rate of interest is found in the analogous context of bankruptcy cases, which is also based on equitable factors. Where the lender is over-secured, 11 U.S.C. 506(b) applies. It states, "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." The Receiver's lone objection to payment of the default rate of interest here is its 'effect' on subordinate creditors and, in cases interpreting section 506, courts award default rate of interest to oversecured creditors even when the unsecured creditors would not be paid in full. *See Off. Comm. of Unsecured Creditors of Latex Foam Int'l, LLC v. Entrepreneur Growth Capital (In re Latex Foam Int'l, LLC),* No. 3:21-CV-01311 (VLB), 2023

WL 2403757, at *5 (D. Conn. Mar. 8, 2023). Contrary to the Receiver's argument, the "effect" on unsecured creditors is not measured by the fact that payment of a default rate to a lender takes funds from unsecured creditors but instead merely whether the spread" between them arises to a "penalty." *Id.* at *6. Here, the differential is from 6.5% to 15% which is a 8.5% spread and, as *Latex Foam* shows, differentials of 12%, and 8.8% have been approved as compensatory rather than punitive. Under the facts and circumstances before the Court, the Court should not impose a stay on collection on the default rate of interest.

To the extent the Court does approve a stay on default interest and recovery of legal fees pending a claims process and requires McCormick to submit a claim, McCormick requests that the Receiver be required to set aside the proceeds from sale of its collateral in order to assure payment.

## MOTION TO INTERVENE

Since the Receiver's request directly impacts McCormick's rights in its collateral and since the Receiver conferred with McCormick on its motion, inviting McCormick to agree or oppose it is unclear if formal intervention is required. In an abundance of caution McCormick respectfully shows the following:

**A.    Legal Standard.**

Rule 24 allows certain parties to intervene by right. If the right to intervene is not granted by some other federal statute, *see* FED. R. CIV. P. 24, a party can still intervene if it satisfies four elements of Rule 24(a)(2): (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented

by the existing parties to the suit. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

The movant carries the burden to establishing the right to intervene but Rule 24 is to be liberally construed. *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). "Federal courts should allow intervention 'where no one would be hurt and the greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

**B.      The Motion to Intervene is Timely**

In light of the Receiver's recent requests that the sale be ratified and conducted free and clear of liens, intervention is timely.

**C.      McCormick Has an Interest in Real Property Currently Subject to the Control of the Receiver**

The intervenor must claim an interest relating to the property or transaction that is the subject of the action. *La Union del Pueblo Entero*, 29 F.4th at 305. Courts have interpreted Rule 24(a)(2) to require a "direct, substantial, legally protectable interest in the proceedings." *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996) (en banc).

McCormick is the first lienholder on the Amerigold Suites, an extended stay hotel located in Dallas, Texas and the owner of all rents generated from it.  McCormick's interest in the property is contractual and undisputed. McCormick's interest in property controlled by the Receiver is direct, substantial, and legally protectible.

**D.      The Value in McCormick's Collateral is Threatened By the Receiver's Request**

The intervenor must show that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest. *La Union del Pueblo Entero*, 29 F.4th at

306–07. The intervenor "need only show that if [it] cannot intervene, there is a possibility that [its] interest could be impaired or impeded." *Id.* at 307 (citing *Brumfield*, 749 F.3d at 344–45).

Since the Court appointed the Receiver, the Receiver ceased all debt servicing to McCormick despite McCormick's entitlement to rent pursuant to the Deed of Trust. If McCormick is not permitted to intervene and object to the Relief sought by the Receiver, its interest in exercising its contractual rights could be impaired.

**E.    The Receiver's Interests are Not Aligned with McCormick's**

The intervenor must show that its interests are not adequately represented by the current parties to the lawsuit. *Id.* at 307. The intervenor need not show that the representation by existing parties will be, for certain, inadequate, but instead that it *may* be inadequate. *Id.* at 307-08.

As is indicative of the relief sought by the Receiver, his interests are not in line with McCormick's. Further, the Receiver has had funds sufficient to make payments on the Note has not. Had the Receiver made payments on the Note, there would not even be a dispute regarding a default interest rate.

## <u>PRAYER</u>

WHEREFORE, McCormick respectfully request the Court permit McCormick to recover interest at both the standard and default rate (as applicable), along with its reasonable and necessary attorneys' fees at closing, and granting all such other and further relief, at law and in equity, to which McCormick may show itself justly entitled.

Dated: November 10, 2023
Dallas, Texas

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By:    */s/ Russell W. Mills*
Russell W. Mills
Texas Bar No. 0078469
rmills@bellnunnally.com
Gwen I. Walraven
Texas Bar No. 24047065
gwalraven@bellnunnally.com
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214-740-1400 Telephone
214-740-1499 Facsimile

**ATTORNEYS FOR
MCCORMICK 101, LLC**

**CERTIFICATE OF CONFERENCE**

On November 8, 2023, the undersigned conferred with Charlene Koonce, counsel for the Receiver, regarding the relief sought herein. Charlene Koonce does not oppose McCormick's Motion to Intervene in response to the Motion.

*/s/ Russell W. Mills*
Russell W. Mills

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Limited Objection to the Receiver's Motion (1) to Authorize the Sale of the Amerigold Suites Free and Clear of All Liens and (2) for Stay of Accrual of Post-Receivership Default Rate Interest [Doc. 378] was served on all parties on this 10th day of November 2023, v*ia CM/ECF* and/or by First Class Regular Mail.

*/s/ Gwen I. Walraven*
Gwen I. Walraven
