IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY LYNCH BARTON'S OPPOSITION TO RECEIVER'S EXPEDITED MOTION TO AMEND ORDER SUPPLEMENTING RECEIVERSHIP ORDER AND NOTICE OF SUPPLEMENTAL INFORMATION REGARDING MYRA PARK 635, LLC**

Defendant Timothy Lynch Barton (the "Defendant" or "Barton") files this Opposition to

the Receiver's Expedited Motion to Amend Order Supplementing Receivership Order and Notice

of Supplemental Information Regarding Myra Park 635, LLC.

The Defendant respectfully opposes the Receiver's motion to amend the now-reversed and

soon-to-be-vacated receivership order to remove Myra Park 635, LLC from that order.  The

1

Receiver's motion is mooted by the Fifth Circuit's August 31, 2023, decision reversing and vacating the original receivership order and the Receiver's effort to expand that order to many more companies. In fact, this receivership was reversed due, in part, to the reckless manner in which companies were seized by the Commission, without analysis as to whether they possessed subject loan proceeds or, in this particular instance, as to whether they had anything to do with Mr. Barton. *SEC v. Barton*, 79 F.4th 573, 580 (5th Cir. 2023). This development raises two issues the Court should take into close consideration.

First, although the Commission has not asked for Myra Park 635, LLC to be included in its requested new receivership, it does ask that an injunction freezing assets be dropped over it. Commission's Proposed Order Appointing Receiver [Dkt. 309-1] at 3-5; Commission's Proposed Preliminary Injunction [Dkt. 309-2] at 5).

Second, the question of what companies are added or subtracted from any receivership should not be up to the Receiver. As such, the Receiver should not be the moving party. This illegally-appointed Receiver—in the days left before his appointment is vacated—is trying to have it both ways. He wants absolute immunity, like a federal judge. *See* Receiver's Expedited Motion to Approve, Ratify, Adopt, and Otherwise "Bless" Previous Action of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order [Dkt. 372] at 16-19. At the same time, he also wants to be the arbiter as to what assets are seized or released from his custody. *See, e.g.,* Receiver's Motion to Supplement Order Appointing Receiver re [29] Order on Motion for Miscellaneous Relief [Dkt. 41]; Receiver's Expedited Motion to Amend Order Supplementing Receivership Order and Notice of Supplement Information Regarding Myra Park 635, LLC [Dkt. 397]. But the law is clear: It is the Commission that must invoke whatever equitable power it and/or this Court has to seize a company, to strip its owners of control, and to place it into a receivership. And somebody needs to be responsible if and when that process goes sideways.

Traditionally, the party improperly seeking and obtaining a receivership over a company is liable for the damages associated with that receivership. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 311–12 (5th Cir. 2012) (citing *W.F. Potts Son & Co. v. Cochrane*, 59 F.2d 375, 377-78 (5th Cir. 1932)). If the Receiver wants to add and subtract companies to and from a Government seizure, the Receiver is not acting like a judge, but like an advocate, and should share in the Commission's liability. The Receiver's desire to call balls and strikes on what is in and what is out of this Government seizure of property is simply not consistent with the Receiver's calls for absolute immunity.

In this vein, the Court should look exclusively to the Commission for any proof as to whether a new receivership should be established and, if so, over what. The Receiver has been trying to backfill the Commission's paltry evidentiary showing—one coming after having investigated JMJ Development for more than three years, after having had access to tens of thousands of pages of bank statements for more than two years, and after having skipped over companies' accounting systems that show transfers and intercompany loans, in favor of excuses based on commingling. *SEC v. Barton*, No. 22-11132 (5th Cir. Dec. 28, 2022) ("22-11132 Appeal" Dkt. 51); Hahn Test. Tr. 134:16–137:5. Moreover, all of the Receiver's attempts at an evidentiary showing stem from the Government's illegal seizure of business records and other evidence through seeking a receivership without making the showings required to impose that drastic remedy. The evidence derived from that illegal Government search and seizure should be excluded from any consideration of whether to impose a new receivership. *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006). To use the illegal receivership to justify another receivership would be Kafkaesque and an anathema to any conception of property or due process rights in this country.

For the reasons set forth above, Barton respectfully opposes Receiver's Expedited Motion to Amend Order Supplementing Receivership Order and Notice of Supplemental Information Regarding Myra Park 635, LLC.

Dated: November 14, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On November 14, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

4