IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*. | § | |

**JOINT STIPULATION AND AGREED ORDER
REGARDING RECEIVER'S VERIFIED AND EXPEDITED MOTION TO
(I) RATIFY ORDER APPOINTING APPRAISERS, APPROVING APPRAISALS
AND APPROVING SALE OF REAL ESTATE AS REQUIRED BY 28 U.S.C. § 2001
WITH RESPECT TO THE AMERIGOLD PROPERTY, (II) AUTHORIZE THE SALE
FREE AND CLEAR OF ALL LIENS, AND (III) STAY ACCRUAL OF POST-
RECEIVERSHIP DEFAULT RATE INTEREST**

The Receiver of Goldmark Hospitality, LLC and McCormick 101, LLC ("McCormick,"

and together with the Receiver, the "Parties"), the holder of the Note regarding the Amerigold

Suites Property, respectfully submit this proposed joint stipulation and agreed order (the

"Stipulation" and "Agreed Order") resolving the Parties' dispute regarding the treatment of certain

amounts claimed by McCormick in connection with the Amerigold Suites Property as described

in the Receiver's *Verified and Expedited Motion to (I) Ratify Order Appointing Appraisers,*

*Approving Appraisals and Approving Sale of Real Estate as Required by 28 U.S.C. § 2001 With*

*Respect to the Amerigold Suites Property, (II) Authorize the Sale Free and Clear of All Liens, and*

*(III) Stay Accrual of Post-Receivership Default Rate Interest* (the "Motion") [Dkts. 378, 379].[1] In

support of this Stipulation and the entry of the Agreed Order, the Parties state as follows:

---

[1] Unless otherwise defined, capitalized terms in this Order shall have the meanings ascribed to them in the Motion.

– 1 –

## RECITALS

1.      **WHEREAS** Receivership Entity Goldmark Hospitality and McCormick are parties to the Note that is secured by the Amerigold Suites Property, which is the subject property of the Motion.

2.      **WHEREAS** by order of the Court [Dkt. 382] the deadline for McCormick to object or otherwise respond to the Motion is November 10, 2023.

3.      **WHEREAS** the Receiver and McCormick negotiated and agreed to the terms of the Agreed Order to resolve the Motion to the extent the Motion presents a dispute between the Receiver and McCormick, and to limit litigation expenses and preserve the assets of the Receivership Estate.

4.      **WHEREAS** McCormick does not object to the Court's ratification of the *Order Granting Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of the Amerigold Suites and Setting Hearing Regarding Approval of Sale of Amerigold Suites* [Dkt. 197] and *Order Granting Motion to Approve Sale* (the "Approved Sale") [Dkt. 202].

5.      **WHEREAS** as the date of this Agreement, the Approved Sale has been approved for more than seven months but closing has been delayed based on appeals and the Fifth Circuit's stay regarding property sales.

6.      **WHEREAS** the Approved Sale provides for a net recovery to the Receivership Estate in amount that exceeds McCormick's existing lien by approximately $2,000,000 (the "Excess Security").

7.      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

8.      To promote orderly and efficient administration of the Receivership Estate, the sale of the Amerigold Suites Property free and clear of all liens is **AUTHORIZED**, and any and all interest accruing under the Default Interest Rate under the Note is **STAYED** as of the date of the Initial Receivership Order. At closing, the proceeds of the sale of the Amerigold Suites shall be paid first to McCormick to recover only the principal due under the Note, of $2,481,098.27 ("Principal") as well as all interest accrued under the Standard Interest Rate of 6.5%, which is $198,354.48, as of November 30, 2023 (the "Standard Interest").  Such sums shall continue to accrue until paid at the *per diem* rates of $447.98 for the Standard Interest Rate. To the extent that the property is sold for an amount in excess of the total of the Principal and Standard Interest, McCormick may  submit a claim to the Court during a claims process for interest accruing at the default rate of 15% accruing through the day of payment less any accrued interest already paid at the Standard Interest Rate (the "Interest Delta"), legal fees ("Legal Fees") and any other additional amounts it contends is owing under applicable law and/or the loan documents (the "Other Fees").

9.      The Receiver shall not object to McCormick's claim for the Interest Delta but reserves the right to object to payment to McCormick for the Legal Fees and any Other Fees and to object to the priority of payment for any claim submitted by McCormick. In consideration of the delay in closing the Approved Sale and the Excess Security, after payment of the principal and interest as provided above at closing from sales proceeds, Receiver agrees to hold in trust sales proceeds sufficient to pay (a) the Interest Delta; and (b) the Legal Fees and Other Fees. McCormick hereby stipulates that the total amount of such additional fees and costs included in (b) are $150,000 but shall provide all required or necessary documentation or evidence supporting such amount with any claim it submits for the recovery of such Legal Fees and Other Fees.

10.     McCormick does not oppose ratification of the Sale Orders and withdraws its Limited Objection to the Receiver's Motion for Ratification [Dkt. 378, 395] and withdraws its Motion for Order to Lift Litigation Stay, Dkt. 311.

11.     This Stipulation and Agreed Order represent the Parties' mutual understandings, and the terms and conditions of this Stipulation and Agreed Order shall be effective and enforceable immediately upon their entry.

12.     This Stipulation and Agreed Order shall only be effective if the Amerigold Suites Property remains subject to the Receivership and is sold by the Receiver with the Court's approval during the Receivership.  If the Receivership is dissolved or if the Court enters an order removing the Amerigold Suites Property from the Receivership before the Amerigold Suites Property is sold by the Receiver, McCormick shall be permitted to recover at any sale of the Property—through foreclosure or otherwise—the full amount of the debt in accordance with the terms of the Note, Deed of Trust and applicable law.

13.     This Stipulation and Agreed Order shall only be effective if the Amerigold Suites Property is sold for a purchase price that is sufficient to pay in full the principal balance of $2,481,098.27 due under the Note as well as interest accrued under the Standard Interest Rate through the date of the sale.  If the sale of the Amerigold Suites Property is delayed for any reason and that delay causes the accrual of interest under the Standard Interest Rate plus principal balance of $2,481,098.27 to exceed the net proceeds after closing costs from the delayed sale or any other sale, this Stipulation and Agreed Order shall no longer be effective and enforceable.

14.     The Court will address Ratification of the Orders requested in the Receiver's Motion in a separate order.

– 5 –

**IN WITNESS HEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Agreed Order as of the date first set forth below.

SO ORDERED this _____ day of _____, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT COURT JUDGE

– 6 –

AGREED: November 16, 2023

By: _/s/_ Charlene C. Koonce
Charlene C. Koonce
  Texas Bar No. 11672850
  charlene@brownfoxlaw.com
C. Alan Carrillo
  Texas Bar No. 24109693
  alan@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

By: */s/ Russell W. Mills*
Russell W. Mills
Texas Bar No. 0078469
rmills@bellnunnally.com
Gwen I. Walraven
Texas Bar No. 24047065
gwalraven@bellnunnally.com
BELL NUNNALLY & MARTIN LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
214-740-1400 Telephone
214-740-1499 Facsimile

*Attorney for McCormick 101, LLC*