**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND | § | |
| EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3.22-CV-2118-X |
| | § | |
| TIMOTHY BARTON, et al. | § | |
| | § | |
| Defendant. | § | |

**TEXAS REPUBLIC BANK, N.A.'S SURREPLY TO RECEIVER'S REPLY IN
SUPPORT OF ITS VERIFIED AND EXPEDITED MOTION TO (I) RATIFY
ORDERS APPOINTING APPRAISERS, APPROVING APPRAISALS AND
APPROVING SALE OF REAL ESTATE AS REQUIRED BY 28 U.S.C. § 2001
WITH RESPECT TO THE FRISCO GATE PROPERTY, (II) AUTHORIZE
THE SALE FREE AND CLEAR OF ALL LIENS AND (III) STAY
ACCRUAL OF POST RECEIVERSHIP DEFAULT RATE INTEREST**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Texas Republic Bank, N.A. ("TRB" or "Lender") and would show

the Court the following:

1.      In paragraph 7 of the Receiver's Verified and Expedited Motion to (I) Ratify

Orders Appointing Appraisers, Approving Appraisals and Approving Asle of Real

Estate as Required by 28 U.S.C. §2001 with Respect to the Frisco Gate Property, (II)

Authorize the Sale Free and Clear of all Liens and (III) Stay Accrual of Post-Receivership

Default Interest Rtae (the "Motion"), the Receiver states:

> In addition to FHC's loan, **Palisades** TC, LLC ("Palisades") **provided
> an unsecured $3.5 million loan towards the purchase** of the Frisco
> Gate Property.   In pending (but stayed) litigation concerning the

TEXAS REPUBLIC BANK'S SURREPLY TO RECEIVER'S REPLY TO RESPONSE - PAGE  1

repayment of these funds, **Palisades asserts that the funds were a loan** intended to be repaid while **Barton claimed the funds were a capital contribution to an LLC created by Barton and Palisades TC**. (bold and underlining added for emphasis)

2.  In footnote 4 to paragraph A of his Reply, the Receiver advises that:

Palisades and the Receiver have also reached an agreement regarding treatment of the **funds that Palisades contributed to the purchase of the Frisco Gate Property**." (bold and underlining added for emphasis)

3.  In paragraph C as read with footnote 14, the Receiver does a complete

Volte-face and states that:

**Nor does any equitable reason exist for refusing to return Palisades' principal/purchase money funds at closing**, while ample justification demonstrates that doing so serves the best interests of the Receivership Estate.

**Palisades contends** that: it is an **equity investor** in the entities that own FHC Acquisitions, LLC ("FHC"); it provided $3.5 million as a **preferred capital contribution in connection with the Company Agreement related to the operation of FHC** by which it is entitled to no less than 125% return on its investment, default interest, additional fees and costs; ultimately, it is entitled to take control of FHC through control of its parent entity, Dallas Real Estate Investors, LLC ("DREI"); and should recover all fees and costs in advance of any distribution the Receiver, Lender, or other creditors. The **Receiver contends** that Palisades' $3.5 million investment, which **was used to finance the purchase of the Frisco Gate Property** together with Lender's loan and other funds, **should be treated in fairness as a loan on the Property**.  Accordingly, to foreclose Palisades' objection to a sale and its assertion of a lien on the entirety of the sales proceeds, Palisades and the Receiver have entered into a Compromise Agreement that permits Palisades to recover principal only from closing, with entitlement to all other fees, interests, and costs submitted in a claims process. (bold and underlining added for emphasis)

4.      From the Motion to the Reply, the Receiver, without a shred of documentary evidence, transforms Palisades from a disputed unsecured creditor to being "an equity investor" whose "capital contribution" entitles Palisades to being paid at Closing along with TRB for no other reason than the Receiver struck a deal with Palisades. No loan agreement.   No promissory note.   No deed of trust.   No subordination agreement with TRB.

5.      Despite the Receiver's references to an alleged Compromise Agreement with Palisades, the Receiver fails to attach the FHC Company Agreement and/or any documents entitling Palisades to being paid along with TRB and has failed and/or refused, despite a request made shortly after receipt of its Reply, to provide TRB's attorneys with justification for the change in position.

6.      As part of its due diligence in making the loan to FHC, TRB had a copy of the company agreement Dallas Real Estate Lenders, LLC ("DREI"), the managing member of FHC Acquisition, the borrower.   A true and correct copy of said DREI Company Agreement is attached hereto as Exhibit "A" and incorporated herein. Exhibit B to the DREI Company Agreement shows clearly that the $3.5 million dollars was in fact an equity contribution for a fifty percent interest in DREI.

7.      If Exhibit "B" is not enough evidence to show Palisades made an equity contribution (and to negate any argument that it was a loan entitled to be paid at any closing), section 1.06 (purpose of Company) states that "[t]he Company authorizes FHC to enter into that certain Loan Agreement dated on or about the date hereof (January 29,

TEXAS REPUBLIC BANK'S SURREPLY TO RECEIVER'S REPLY TO RESPONSE - PAGE  3

2020) with Texas Republic Bank, N.A. ("Lender") for a loan of approximate amount of $3,000,000.00 (the "Loan").["1"]   No reference is made to FHC being authorized to enter into any loan agreement with Palisades (as no such loan agreement exists).

8.      Finally, the Receiver ignores its own evidence in support of the Motion. Section 4.31 of the Loan Agreement (Exhibit "A" to the Motion) states:

> *All Debt owed by Borrower to members of Borrower **and any Affiliates of Borrower shall be subordinate** to the Debt owed to Lender, and Borrower shall cause such member and Affiliates to execute subordination agreements in form and substance satisfactory to Lender."* (bold and underlining added for emphasis).[2]

Exhibit "A" to the Motion, at APP021.

9.      The plain language of the Laon Agreement, the DREI Company Agreement and the absence of any documentation to support the "compromise" contemplated by the Receiver elevating an equity member to the same level as TRB strongly supports TRB's objection to the Receiver's attempt to pay Palisades at the proposed closing of the Frisco Gate property when the Receiver does not intend to pay TRB the full amount of its secured claim (which the Receiver has never challenged its validity or its priority until now).

10.      TRB posits this surreply to prevent any argument later should the Receiver seek approval of the compromise with Palisades after the Court considers this Motion

---

[1]Exhibit "A," DREI Company Agreement, page 2.

[2]Palisades is a 50% member of DREI.   DREI is the manager of the Borrower, FHC.

and the evidence (or the lack thereof) before it.[3]

WHEREFORE, PREMISES CONSIDERED, Texas Republic Bank, N.A. respectfully requests that the Court approve the sale of the Frisco Gate Property Free and Clear of All Liens, allow Texas Republic Bank, N.A.'s interest to continue to accrue and the Maximum Rate as allowed under the Note until closing, deny payment of any claim of Palisades TC, LLC at closing prior to Texas Republic Bank, N.A. being paid in full, and to the extent the Court seeks to bifurcate the claim of Texas Republic Bank, N.A., that the lien of Texas Republic Bank, N.A. be transferred to the proceeds from the sale of the Frisco Gate Property with the same priority as the original Note and Deed of Trust until such time as said claims are allowed and for such other relief as is just and proper.

---

[3]Shockingly, the Receiver struck a deal with Palisades whose charter was forfeited in August 2021. Such status begs the question of on whose authority was such an agreement reached (see Exhibit "B" attached hereto and incorporated herein).

TEXAS REPUBLIC BANK'S SURREPLY TO RECEIVER'S REPLY TO RESPONSE - PAGE 5

Respectfully submitted this the 20th day of November, 2023.

SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150


By:_____/s/ Patrick J. Schurr_____
  Patrick J. Schurr
  State Bar No. 17853530
  Patrick.schurr@solidcounsel.com
  Shirley B. Rose
  State Bar No. 24137167
  Shirley.rose@solidcounsel.com

ATTORNEYS FOR TEXAS REPUBLIC BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Receiver, and any parties requesting notice herein, via electronic means, on this 20th day of November, 2023.


_____/s/ Patrick J. Schurr_____