**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND | § | |
| EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON, et al. | § | |
| | § | |
| Defendant. | § | |

**TEXAS REPUBLIC BANK, N.A.'S UNOPPOSED[1]  MOTION FOR LEAVE NUNC PRO TUNC TO FILE ITS SURREPLY TO RECEIVER'S VERIFIED AND EXPEDITED MOTION TO (I) RATIFY ORDERS APPOINTING APPRAISERS, APPROVING APPRAISALS AND APPROVING SALE OF REAL ESTATE AS REQUIRED BY 28 U.S.C. § 2001 WITH RESPECT TO THE FRISCO GATE PROPERTY, (II) AUTHORIZE THE SALE FREE AND CLEAR OF ALL LIENS AND (III) STAY ACCRUAL OF POST RECEIVERSHIP DEFAULT RATE INTEREST**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TEXAS REPUBLIC BANK, N.A. ("TRB" or "Lender") and would respectfully show the Court the following:

1.      The Receiver served a Reply to TRB's Response on Friday November 17, 2023 [ECF No. 410].

2.      In its Reply, the Receiver does a complete volte-face from what it originally alleged in its Motion, to which allegations TRB must reply in the interests of justice, to fully address the issues and to enable the Court to adjudicate the matter properly.   Also

---

[1]Because the Sur-Reply has already been filed, and because [the Receiver] cannot "un-ring the bell" and [does] not want to spend receivership resources on a motion to strike, [the Receiver does] not oppose.   The Receiver nonetheless defers to the Court regarding whether it will strike the sur-reply sua sponte.

TEXAS REPUBLIC BANK, N.A.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY - PAGE  1

in an effort to understand this position, the Receiver's glib response warranted filing the Sur-Reply.[2]

3.    As a result of the Receiver's email, on November 20, 2023, Lender filed its Sur-reply to the Receiver's response [ECF No. 411].

4.    The material issues which warranted a Sur-reply relate to the Receiver's footnotes wherein initially the Receiver alleged that Palisades TC, LLC ("Palisades") was a **creditor** who provided an **unsecured loan** in respect of the purchase of the Frisco Gate Property (the "Property") to the most recent footnote in the Receiver's Reply wherein Palisades is now transformed into a "**secured preferential equity investor**" justifying payment at Closing of the sale of the Property.   This change in position was the newest (and completely unsupportable) justification for the Receiver seeking approval of the Court to pay Palisades at closing of the Property.

5.    Compounding the Receiver's refusal to provide justification for its eleventh hour change in position and to further muddle the current scenario, the Receiver failed (a) to attach the Company Agreement (the DREI Company Agreement) wherein Palisades actually paid $3.5 million equity to purchase 50% membership interest in Dallas Real Estate Investors, LLC, the manager of the borrower, FHC Acquisition LLC to its Reply; and (b) to alert the Cour to the Receiver's newest argument is a complete disregard of paragraph 4.31 of the Loan Agreement, a copy of which is attached to the Receiver's

---

[2] "Patrick, our motion says what it says, as does our Reply; and we don't think there is any conflict between them at all.  The basis for how we are agreeing to treat Palisades is explained in a footnote."

Appendix, regarding FHC's agreement to subordinate any affiliated "loans"[3] such as Palisades to the Lender.   Had the Receiver attached these two documents to its Reply, it would have undermined the Receiver's "ample justification" for seeking to return Palisades' "principal/purchase money funds at closing" as neither document supports either position taken by the Receiver.

6.      The aforesaid facts are set out in detail in TRB's Sur-reply, which TRB should be allowed to file to the Receiver's Reply, in light of the Receiver's lack of full disclosure regarding Palisades and his last-minute disregard of additional provisions of the Lender's Loan Agreement with FHC and the DREI Company Agreement as justification for seeking court approval to pay Palisades portraying Palisades now as a defrauded investor.   This sur-reply is crucial and TRB will suffer prejudice if it is not granted leave to file its sur-reply to bring these inconsistencies to the Court's attention.

7.      This Motion for Leave is filed out of an abundance of caution as counsel for Lender reviewed Local Rule 7.1 prior to filing its sur-reply and despite no mention of any deadline to file a sur-reply or request for leave to file same, was met with a caution prior to filing same electronically on November 20, 2023 that the Court may unfile said document without a motion for leave citing LR 7.1.

8.      Rule 15(a) of the Federal Rules of Civil Procedure requires leave to file an amended pleading be "freely given when justice so requires."   The U.S. Supreme Court

---

[3] Lender does not concede that the $3.5 million dollars was a loan but consistent with the terms of the DREI Company Agreement in fact an equity purchase of 50% membership interest in DREI.

TEXAS REPUBLIC BANK, N.A.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY - PAGE  3

determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).   Lender filed its sur-reply less than three calendar days after receipt of the Receiver's Reply and such filing was not a result of "undue delay, bad faith or dilatory motive."   Lender would show that the Receiver is not prejudiced by this sur-reply as highlights provisions in documents either already in the Receiver's original motion and/or in its possession.

9.    Lender also requests that leave be granted effective the filing of its sur-reply on November 20, 2023.

WHEREFORE, PREMISES CONSIDERED, Texas Republic Bank, N.A. respectfully requests leave to file its Sur-reply nunc pro tunc to its filing on November 20, 2023 as document No. 411 and for such other relief as is just and proper.

Respectfully submitted this the 21st day of November, 2023.

                                        SCHEEF & STONE, L.L.P.
                                        2600 Network Boulevard
                                        Suite 400
                                        Frisco, Texas 75034
                                        Telephone: 214.472.2100
                                        Telecopier: 214.472.2150


                                        By:   /s/ Patrick J. Schurr
                                            Patrick J. Schurr
                                            State Bar No. 17853530
                                            Patrick.schurr@solidcounsel.com
                                            Shirley B. Rose
                                            State Bar No. 24137167
                                             Shirley.rose@solidcounsel.com

                                        ATTORNEYS FOR TEXAS REPUBLIC BANK, N.A.


## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Texas Republic Bank, N.A. conferred with counsel for the Receiver on November 21, 2023 and the Receiver's counsel stated:

Because the Sur-Reply has already been filed, and because [the Receiver] cannot "un-ring the bell" and do not want to spend receivership resources on a motion to strike, [the Receiver does] not oppose. The Receiver nonetheless defers to the Court regarding whether it will strike the sur-reply sua sponte.

                                         /s/ Patrick J. Schurr
                                        Patrick J. Schurr


TEXAS REPUBLIC BANK, N.A.'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY - PAGE 5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Receiver, and any parties requesting notice herein, via electronic means, on this 21st day of November, 2023.


　　　　　　　　　　/s/ Patrick J. Schurr
　　　　　　　　　Patrick J. Schurr