UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>*Relief Defendants*. | Civil Action No. 3:22-CV-2118-X |

## **PRELIMINARY INJUNCTION ORDER**

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Doc. 309, the "Motion"). Having carefully considered the Motion, the Court **GRANTS IN PART** the SEC's request for a preliminary injunction and ancillary relief and to lift the stay.

1

The SEC here has multiple requests, including for: an asset freeze; a sworn accounting; and preservation order.[1]

There is "explicit statutory authorization" that allows a preliminary injunction in an SEC civil enforcement action.[2] The Court is "empowered" to freeze assets "to preserve the status quo and prevent dissipation of ill-gotten gains so that they remain available."[3] If the SEC can make a "proper showing" that there is a "reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws," it can receive injunctive relief.[4] This showing is "usually made with proof of past substantive violations that indicate a reasonable likelihood of future substantive violations."[5] And the standard of proof is preponderance of the evidence.[6]

---

[1] Doc. 309 at 28–31.

[2] *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2017 WL 4238705, at *2 (N.D. Tex. Sept. 25, 2017) (Fitzwater, J.) (discussing § 20(b) of the 1933 Act, 15 U.S.C. § 77t(b), and § 21(d) of the 1934 Act, 15 U.S.C. § 77u(d)).

[3] *Id.* at *3.

[4] *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 434 (5th Cir. 1981) (citing to *Aaron v. SEC*, 446 U.S. 680, 699 (1980)). In the case at hand, the Fifth Circuit instructed this Court that the *First Financial* receivership test did not control since the SEC had not previously obtained an injunction. *See SEC v. Barton*, 79 F.4th 573, 578 (5th Cir. 2023). Here, the Court relies on *First Financial* only for the standard the Fifth Circuit said it applied to: a preliminary injunction in a SEC civil enforcement action, not for the receivership test. The Court believes this is the standard it should follow, though the Court also finds that a preliminary injunction is warranted because the SEC has established that there is a substantial likelihood of success on the merits that Barton violated the federal securities laws, there will be irreparable harm without the preliminary injunction, the balance of equities favors an injunction, and it is in the public interest to issue a preliminary injunction. *See* Doc. 309 at 22–24; Doc. 390 ¶¶ 4–30, 47–55. Without an injunction, there is a clear likelihood of irreparable harm to the defrauded investors of further dissipation of assets. Such dissipation of assets will preclude recovery for the investors—this important interest outweighs any harm that Barton may suffer if he is enjoined from transferring assets. And seeking to protect the interests of defrauded investors and uphold federal securities law is in the public interest.

[5] *First Fin.*, 645 F.2d at 434.

[6] *Id.*

Here, there is significant record evidence of Barton's "past substantive violations" of federal securities law.[7] The SEC alleges the following facts. Timothy Barton, Stephen T. Wall, and Haoqiang Fu (collectively "Barton Defendants") raised over $26 million from Chinese investors for real estate investments in Texas.[8]  But instead of using those investor funds for the specific land parcels as the Barton Defendants had told the investors, the money was misappropriated and spent on numerous improper purposes.[9] The misuse of funds included purchasing properties in the name of other entities that Barton controlled, paying other unrelated real estate expenses, and paying Barton's personal and family expenses, "including exorbitant credit card bills, rent, and to buy a plane."[10]  The Barton Defendants also falsely told the investors that the investments were fully guaranteed, but left out that the guaranteeing company had no assets.[11]  In addition, the Barton Defendants inflated the land purchase prices in communications with the investors, allowing the Barton Defendants to raise more money.[12]  The Court thus finds that that the SEC has made a "proper showing" that, based on proof of "past substantial violations," there is a reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws."[13]

---

[7] *See* Doc. 1 at 5–23; *see also* Doc. 309 at 9–17; Doc. 390 ¶¶ 22–25.

[8] Doc. 309 at 7 note 1, 9–11.

[9] *Id.* at 11–14.

[10] *Id.* at 12.

[11] *Id.* at 16–17.

[12] *Id.* at 14–16.

[13] *First Fin.*, 645 F.2d at 434.

And not only is an injunction expressly authorized by law,[14] it's a good idea in this case.  Barton's commingling is extensive.[15] And because of Barton's "commingling of funds, transferring of properties, and interference with tracing efforts,"[16] the SEC and the Receiver haven't been able to trace all entities that have "received or benefited from"[17] Wall Investor Funds.  An asset freeze would enable both the SEC and the Receiver to investigate and trace assets to other entities that are subject to the freeze.[18]  Preserving assets also protects this Court's ability to provide a recovery for the defrauded investors.  It seems unlikely that the entire value of the assets within the Receivership will meet the approximate $26 million that investors lost due to Barton's fraud.[19]  Every piece of real property but one in the initial receivership is encumbered by debt, and many of Barton's assets are constrained by liens and claims.[20]  Given Barton's prior conduct, without an injunction, it's likely that Barton would further dissipate or conceal assets, limiting recovery for the defrauded investors.

Having considered the pleadings and submissions in this case, including the Motion and the supporting declarations and exhibits, and the other evidence and

---

[14] *See Faulkner*, 2017 WL 4238705, at *2.

[15] Doc. 308 ¶¶ 23–32.

[16] Doc. 390 ¶ 52.

[17] *Barton*, 79 F.4th at 580.

[18] Just one example of Barton's commingling is using loan proceeds obtained by one entity for the benefit of another.  *See* Doc. 308 ¶¶ 29, 184.

[19] Doc. 390 ¶ 54; Doc. 308 ¶ 101.

[20] *See* Doc. 308 ¶ 20.

argument presented to the Court,[21] the Court finds, by a preponderance of the evidence, that the loan agreements are securities because they are investment contracts and notes, and there is a reasonable likelihood that defendants, acting with scienter, obtained money from Wall Investors by making false statements about the use of the investments, misappropriating the money, misstating land purchase prices, and making false statements about whether the investments were fully guaranteed, in violation of § 17(a) of the 1933 Act and § 10(b) of the 1934 Act and Rule 10bn-5. The Court thus enters the order below granting the requested injunctive relief.

The Court finds that:

1. This Court has jurisdiction over the parties to, and the subject matter of, this action, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint, and its Motion.

2. The SEC has established that, by a preponderance of the evidence, based on proof of past substantive violations, there is a reasonable likelihood that Defendants Timothy Barton ("Barton"), Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, and Carnegie Development, LLC are engaged or about to engage in practices that violate the federal securities laws, including Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15

---

[21] *See* Docs. 309 at 22–24; 390 ¶¶ 4–30, 47–55. The Court also considers all of the argument, testimony, and unobjected to evidence presented at the evidentiary hearing for this motion on October 11, 2023. *See* Doc. 359.

U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

3. Good cause exists to believe that Barton used improper and unlawful means to obtain investor funds and that investor funds and assets obtained with investor funds have been misappropriated and misapplied, as described in the SEC's Complaint and in the Motion. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton will dissipate, conceal, or transfer assets, including investor funds and assets obtained with, or that otherwise benefited from, investor funds.

4. There is good cause to believe that Barton and the entities that Barton directly or indirectly controls do not have sufficient funds or assets to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors.

5. Good cause exists to believe that an accounting of assets held by Barton and the entities that Barton directly or indirectly controls is necessary to determine the disposition of investor funds and assets obtained with, or that otherwise benefited from, investor funds, and to determine which entities that Barton directly or indirectly controls received or benefited from investor funds.

6. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton may alter or destroy documents relevant to this action, and it is necessary to preserve and maintain the business records of Barton and his controlled entities from destruction.

7. The Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's regulatory powers, and the relief

sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct and is not in furtherance of a pecuniary purpose, and, therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

8. Good cause exists to lift the Court-imposed stay for the limited purpose of adjudicating the Motion.

The Court therefore grants the following relief without prejudice to any of the remaining relief requested by the SEC in its Motion.

**IT IS THEREFORE ORDERED** that the stay is lifted for the limited purpose of adjudicating the Motion and **IT IS FURTHER ORDERED:**

### I.  Preliminary Injunction Order

All funds, property, or other assets (the "Freeze Assets") of any entity that Barton directly or indirectly controls that is not placed in receivership are hereby frozen until further order of this Court.  Barton and any other person or entity with direct or indirect control over any Freeze Assets are preliminarily enjoined from transferring, selling, dissipating, assigning, concealing, pledging, withdrawing, alienating, encumbering, incurring debt upon, disposing of, or diminishing the value of any Freeze Asset.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees,

and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

Entities that Barton directly or indirectly controls that have not been placed in receivership include, but are not limited to:

1. 2999 Acquisitions, LLC (Delaware)
2. 2999 Middlebury, LLC (Delaware)
3. 2999 Roxbury, LLC (Delaware)
4. 2999TC Founders, LLC (Delaware)
5. 2999TC JMJ Equity, LLC
6. 2999TC JMJ MGR, LLC (Delaware)
7. 2999TC JMJ, LLC (Delaware)
8. 2999TC JMJ, LLC (Texas)
9. 2999TC LP, LLC (Delaware)
10. 2999TC MM, LLC
11. 2999TC MZ, LLC (Delaware)
12. AVEG WW, LLC (Delaware)
13. Barton Texas Water District, LLC
14. Barton Water District, LLC (Delaware)
15. BC Acquisitions, LLC (Delaware)
16. BSJ Trading, LLC
17. BUILD VIOLET, LLC
18. Carnegie Finance, LLC
19. Condo Towers GP, LLC
20. CYNKFP, LLC
21. D4AT, LLC
22. D4BM, LLC
23. D4BR, LLC (Texas)
24. D4SMC, LLC
25. D4WP, LLC
26. Dallas Real Estate Management, LLC
27. Five Star GM, LLC (Delaware)
28. Food & Leverage Real Estate, LLC (Delaware)
29. Glenwood (18340) Property, LLC (Delaware)
30. Illuminate Dallas, LLC (Texas)
31. JB Special Asset, LLC
32. JMJ Acquisitions Mgmt, LLC
33. JMJ Aviation, LLC (Texas)
34. JMJ BLUES TX, LLC

8

35. JMJ Blues, LLC
36. JMJ Centre, LLC
37. JMJ Development Brasil, LTDA
38. JMJ Development Fund
39. JMJ Development Fund, Inc.
40. JMJ EB5 Fund GP, LLC (Delaware)
41. JMJ EB5 Fund, LP (Delaware)
42. JMJ Holdings, LLC
43. JMJ Holdings US, LLC
44. JMJ Holdings USA, Inc.
45. JMJ Home Building Inc. (Nevada)
46. JMJ Hospitality General Trading FZE
47. JMJ Hospitality UAE
48. JMJ Investments Limited
49. JMJ Land Acquisition, Inc (Nevada)
50. JMJ Land Development, Inc (Nevada)
51. JMJ Land Venture, LLC
52. JMJ Mezzanine, Inc (Nevada)
53. JMJ MF Development, LLC
54. JMJ Multifamily, Inc (Nevada)
55. JMJ Offshore, LTD
56. JMJ Regional Center, LLC (Delaware)
57. JMJ Valley Center, LLC
58. JMJ148, LLC (Texas)
59. JMJD4Allensville, LLC
60. JMJDWG, LLC (Texas)
61. JMJKH, LLC
62. Lynn Investments, LLC
63. MCFW, LLC
64. MCRS2019, LLC (Texas)
65. MMCYN, LLC
66. MV9490 Land Lot, LLC
67. MV9490 Management, LLC
68. MV9490, LLC
69. MXBA Managed, LLC
70. MXBA Services, LLC
71. Northstar 114, LLC (Delaware)
72. Northstar PM, LLC (Delaware)
73. One Agent Texas, LLC (Texas)
74. One Agent, LLC (Delaware)
75. ONE FHC, LLC (Texas)

76. Residential MF Assets, LLC (Delaware)
77. Rhino Stainless US, LLC
78. Riverwalk Invesco, LLC (Delaware)
79. Riverwalk Opportunity Management, LLC (Delaware)
80. Riverwalk OZFM, LLC (Delaware)
81. Riverwalk OZFV, LLC (Delaware)
82. Riverwalk QOZBJ, LLC (Delaware)
83. Riverwalk QOZBM, LLC (Delaware)
84. Riverwalk QOZBV, LLC (Delaware)
85. SK Carnegie, LLC
86. STL Park, LLC (Delaware)
87. Tarm Carnegie Management, LLC (Delaware)
88. Tarm Carnegie, LLC (Texas)
89. The Towers Condominium Partners Ltd.
90. VenusBK195, LLC (Texas)
91. VenusPark201, LLC (Delaware)
92. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC
93. Broadview Holdings Trust
94. D4AVEG, LLC
95. D4OPM, LLC
96. Dallas Real Estate Investors, LLC
97. Dallas Real Estate Lenders, LLC (Delaware)
98. Five Star MM, LLC (Delaware)
99. Five Star MM, LLC (Texas)
100. Five Star TC, LLC (Delaware)
101. JMJ Residential, LLC
102. JMJD4, LLC
103. MF Container, LLC (Delaware)
104. Middlebury Trust
105. MXBA, LLC
106. One MF Residential, LLC
107. One MFD4, LLC
108. One Pass Investments, LLC (Delaware)
109. One RL Trust
110. One SF Residential, LLC
111. The MXBA Trust
112. The Timothy L. Barton Irrevocable Life Insurance
113. TLB 2012 IRR Trust
114. TLB 2018 Trust
115. TLB 2019 Trust
116. TLB 2020 Trust

117. TRTX Properties, LLC
118. TRWF LODGE, LLC
119. TRWF, LLC

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, third-party payment processor, title company, any other holder or custodian of any digital assets, or on any entity or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Barton, or any persons or entities under his control.

## II.    Sworn Accounting

Barton shall provide an ex parte sworn accounting, under seal and under oath, within ten (10) days of the issuance of this Order. The accounting shall be made available only to the Receiver. The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer:  (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all current assets and liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present wherever the assets and liabilities may be located and by whomever they are being held; and (d) all accounts with any bank, credit union, trust company, title company, financial or brokerage institution maintained for Barton or any entity he directly or indirectly

controls or controlled at any point during the period from January 1, 2017 to the present. The accounting must be sufficiently detailed to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by Barton or within his power to learn.

### III. Document Preservation Order

Except as otherwise ordered by this Court, Barton is hereby temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any (1) documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind his possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise) relevant to this lawsuit or the assets or liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017, and (2) accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees,

and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

### IV.     Retention of Jurisdiction

This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED**, this 29th day of November, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE