UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  *Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>  *Defendants,*<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>  *Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:22-cv-2118-x |

## ORDER GRANTING IN PART RECEIVER'S BLESSING MOTION

Before the Court is the Receiver's Expedited Motion to Approve, Ratify, Adopt,

and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to

Effective Date of Vacatur of Initial Receivership Order (the "Motion"). (Doc. 372). In

this motion, the Receiver asks for the following: (1) ratification of all activities

undertaken by the Receiver and his retained professionals in good faith;

1

(2) ratification of nine prior orders by the Court; (3) approval of carryover of accrued fees and expenses and authorization to file one Final Accounting; (4) continuation of litigation stay; (5) order requiring Barton file a Notice of Compliance with each relevant paragraph of the new Receivership Order; and (6) immunity for the Receiver and his Retained Professionals for activities taken in good faith under the prior receivership.[1]

Having carefully considered the Motion, the Court concludes that the Motion should be and hereby is **GRANTED IN PART.**

The Court will address each of the Receiver's requests in turn.

First, the Receiver asks the Court ratify all activities undertaken, in good faith, by the Receiver and his Retained Professionals in reliance on and in performance of the Initial Receivership Order.[2]  Such activities include, "his present possession of any documents, data, assets, properties, access credentials, or materials; use of the tax ID number obtained and the bank account opened for the receivership created by the Initial Receivership Order; preparation and filing of tax returns for Receivership Entities; and all contracts and agreements entered into in his capacity as Receiver."[3] Barton argues that because the prior receivership was vacated, the vacated orders "are entitled to no legal effect," and thus cannot be ratified.[4]  Barton would like us to believe that the Fifth Circuit's order in this case "evaporate[d]" the last year of

---

[1] Doc. 372.

[2] *Id.* at 12–13.

[3] *Id.*

[4] Doc. 397 at 3.

receivership history "as if it never existed."[5]  The Court agrees with the Receiver that "each order, each activity" under the prior receivership "did factually occur."[6]  Since his appointment, the Receiver has had thirteen months of receivership activity.  Tax returns were filed.  A bank account was opened.  Contracts were signed.  As such, the Court **GRANTS** this request because these activities are administrative, consistent with the Court's "broad powers and wide discretion to determine the appropriate relief in an equity receivership."[7]

Second, the Receiver asks the Court to adopt nine orders, *nunc pro tunc*, it previously issued as to the administration of the prior Receivership Estate.[8]  These orders are: Order Ratifying or Approving Agreements with DLP Capital and HNGH Turtle Creek;[9] Order Ratifying Agreement with Lumar Land and Cattle;[10] Order Granting Motion for Order Governing Administration of the Receivership Estate;[11] Order Declaring Lis Pendens Void (as included in the Order Approving the Sale of the Rock Creek Property);[12] Order Granting Motion to Compel and Establishing Privilege Protocol;[13] Orders Granting Fee Petitions;[14] and Order Approving

---

[5] *Id.*

[6] Doc. 408 at 4.

[7] *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–73 (5th Cir. 1982).

[8] Doc. 372 at 13–14.

[9] Docs. 109, 236.

[10] Doc. 163.

[11] Doc. 63.

[12] Doc. 104.

[13] Doc. 235.

[14] Docs. 195, 287.

Engagement Agreements.[15]  Barton's objects to this request on the same grounds as the Receiver's first request.[16]  Like the Court said above, the fact that these orders were issued is a reality.  Four of these orders are purely administrative.[17]  Three of these orders involve the Court approving settlement agreements relating to the Receivership Estate[18]—orders, the Court notes, it did not have to issue since 28 U.S.C. § 2001, which governs the sale of real property by a receiver, does not apply to settlement agreements or contractual compromises.[19]  The order finding Barton in civil contempt and compelling him to comply with the Court's orders,  also establishes a privilege protocol—again, an administrative function.[20]  Though that ruling is in an order that also holds Barton in contempt, the Court is only ratifying the privilege protocol.  The last order the Receiver seeks to ratify is one in which the Court found that Barton's Notice of Lis Pendens on a property was void.[21]  Though that ruling is in an order that also approves the sale of a property, the Receiver does not ask to, and the Court does not here ratify the sale of that property, only the ruling that the lis

---

[15] Doc. 38.

[16] *See* Doc. 397 at 2–7.

[17] *See* Doc. 63 (order governing administration of the Receivership Estate); Doc. 195 (order granting the Receiver's first quarterly fee application); Doc. 287 (order granting the Receiver's second quarterly fee application); and Doc. 38 (approving the Receiver's engagements of professionals).

[18] *See* Doc. 109 (order granting Receiver's motion to ratify a settlement agreement); Doc. 236 (order granting Receiver's motion to ratify a settlement agreement); and Doc. 163 (order granting Receiver's motion to ratify a partial settlement agreement).

[19] *See* Doc. 163 at 1 (quoting 28 U.S.C. § 2001 (detailing procedures for sale of "[a]ny realty or interest therein sold under decree of any court of the United States" as well as "[p]roperty in the possession of a receiver").

[20] Doc. 235 at 8–11.

[21] Doc. 104.

pendens was void.  Accordingly, the Court will adopt these nine orders and **GRANTS** this request.

Third, the Receiver requests that the Court approve carryover of accrued fees and expenses and authorize the Receiver to file one Final Accounting.[22]  Barton is concerned that he would lack the opportunity to object to fee applications if the Court grants the Receiver's request.[23]  The Court isn't worried about this.  As for the previously approved fees and expenses, the Court's already considered Barton's objections.  And for any remaining fee application the Receiver may need to file, Barton will have the opportunity to object once the application is filed.  The Court **GRANTS** this request.

Fourth, the Receiver requests the Court continue the prior litigation stay.[24] Barton objects because the Court can order a litigation stay with a new receivership.[25] The Court did just that with the new Receivership Order.  And since notices of stay have already been filed, the Court finds that pending litigation has been stayed and now remains stayed under the new receivership.  The Court **DENIES** this request.

Fifth, the Receiver asks the Court to order Barton to file a Notice of Compliance preemptively with the new Receivership Order.[26]  The Court does not find it

---

[22] Doc. 372 at 14–15.

[23] Doc. 397 at 7–8.

[24] Doc. 372 at 15–16.

[25] Doc. 397 at 8.

[26] Doc. 372 at 16.

necessary to do so.  Rather, with the Court's new Receivership Order, Barton is already ordered to comply.  The Court **DENIES** this request.

And finally, the Receiver asks for immunity for all prior acts of the Receiver, made in good faith, under the previous receivership.[27]  Barton objects, opposing to "blanket immunity"[28] and claiming that the Receiver analogize[d] himself to the Court.[29]  But Mr. Thomas _is_ an agent of the Court.  As the Supreme Court and Fifth Circuit explained, "The receiver is not an agent of the parties . . . [h]e is an officer or arm of the court . . . appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody."[30]  Therefore, the Court will release the Receiver, his Retained Professionals, and all agents from any liability for any action undertaken in performance of the prior Receivership Order.  The Court will also expressly retain jurisdiction over any and all matters relating to the Receiver and the Receivership based on performance of the prior Receivership Order.  The Court is being consistent.  In the new Receivership Order, the Court released the Receiver and his agents from liability for any actions undertaken in performance of the new receivership, and retained jurisdiction over

---

[27] _Id._ at 16–19.

[28] Doc. 397 at 8–10.

[29] _Id._ at 8.  In fact, what Barton said was, "[w]e must have missed his appointment by the President and confirmation by the Senate." _Id._

[30] _See Zacarias v. Stanford Int'l Bank, Ltd._, 945 F.3d 883, 896 (5th Cir. 2019) (quoting _Crites, Inc. v. Prudential Ins. Co. of Am._, 322 U.S. 408, 414 (1944)).

any matters relating to the Receiver and his agents. The Court **GRANTS** this request.

Accordingly, in reliance on the Order Appointing Receiver entered on November 29, 2023, (the "New Receivership Order") as well as the Court's discretion in administering a receivership, it is hereby ORDERED that:

1. All activities undertaken by the Receiver and his Retained Professionals in good faith and in reliance on and in performing the Initial Receivership Order, including, but not limited to his present possession of any documents, data, assets, properties, access credentials, or materials; use of the tax ID number obtained and the bank account opened for the receivership created by the Initial Receivership Order; preparation and filing of tax returns for Receivership Entities; and all contracts and agreements entered into in his capacity as Receiver, are **HEREBY RATIFIED**.

2. The Receiver's possession or control over **any and all** materials and information obtained pursuant to the Initial Receivership Order is **HEREBY RATIFIED.**

3. The Court **HEREBY RATIFIES and APPROVES** the Receiver's continued use of the tax ID number obtained in connection with the Initial Receivership Order, as well as use of the bank account opened in compliance with the Initial Receivership Order.

4. The Court **HEREBY RATIFIES and ADOPTS,** *nunc pro tunc* the following orders:

- Orders Ratifying or Approving Agreements with DLP Capital and HNGH Turtle Creek;[31]

- Order Ratifying Agreement with Lumar Land and Cattle;[32]

- Order Granting Motion for Order Governing Administration of the Receivership Estate;[33]

- Order Declaring Lis Pendens Void (as included in the Order Approving the Sale of the Rock Creek Property);[34]

- Order Granting Motion to Compel and Establishing Privilege Protocol;[35]

- Orders Granting Fee Petitions;[36]

- Order Approving Engagement Agreements;[37]

5.     The Court **HEREBY RATIFIES and APPROVES** carryover and assumption of any accrued but unpaid expenses, costs, or fees, incurred in connection with the Initial Receivership Order for consideration pursuant to the terms of the New Receivership Order, and when properly presented by the Receiver in a motion to approve and authorize payment of such expenses and fees.  Thus, any unpaid fee or expense incurred in performing the Initial Receivership Order are deemed, *nunc pro tunc*, a fee or expense incurred by the Receivership Estate in the course of administration based on a new Receivership Order.

---

[31] Docs. 109, 236.

[32] Doc. 163.

[33] Doc. 63.

[34] Doc. 104.

[35] Doc. 235.

[36] Docs. 195, 287.

[37] Doc. 38.

8

6.      The Receiver is **EXCUSED** from submitting a Final Accounting "at the close of the Receivership," in connection with vacatur of the Initial Receivership Order.  Instead, the Receiver is **AUTHORIZED** to file one final accounting at the close of the receivership created or continued by the New Receivership Order, following performance of all duties assigned in the New Receivership Order.  All fees and expenses incurred during the administration of the Estate, whether premised on the Initial or a new Receivership Order shall be included in the same Final Accounting.

7.      The Court **HEREBY RELEASES** the Receiver, his Retained Professionals, and all agents from any liability for any activity undertaken in performing the Initial Receivership Order.  The Court also expressly retains jurisdiction over any and all matters relating to the Receiver, the Receivership and the Receivership Estate, *nunc pro tunc*, based on performance of the Initial Receivership Order.

It is **SO ORDERED**, this 29th day of November, 2023.

\`

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE