UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     *Plaintiff,*

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (a/k/a MICHAEL FU),
STEPHEN T. WALL,

     *Defendants,*

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

     *Relief Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:22-CV-2118-X

## ORDER REGARDING APPRAISALS AND HEARINGS FOR THE SALE OF REAL PROPERTY

Before the Court are the Receiver's three motions to ratify the orders appointing appraisers, approving appraisals, and approving the sales of three properties. (Docs. 374, 376, 378). The three properties that are the subject of these

1

motions are the "Rock Creek Property,"[1] the "Frisco Gate Property,"[2] and the "Amerigold Suites."[3]

The Court previously approved the Receiver's motions to appoint appraisers, approve appraisals, and set hearings on these three properties.[4] The Court then held hearings for each of those motions.[5] After the hearings, the Court approved the sales of each of the properties.[6] The Receiver has yet to close these sales, because the Fifth Circuit's Order in this case stayed property dispositions.[7]

Now, the Receiver asks the Court to ratify the prior orders that appointed appraisers, approved the appraisals, and approved the sale of the properties.

The Court **CONSTRUES** the Receiver's ratifying motions as motions to appoint appraisers, approve appraisals, and set hearings for the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. The Court relies on the same information as to appraisers and appraisals the Receiver provided the Court

---

[1] Doc. 374. This property is owned by prior (and new) Receivership Entity SF Rock Creek, LLC.

[2] Doc. 376. This property is owned by prior (and new) Receivership Entity FHC Acquisition, LLC.

[3] Doc. 378. This property is owned by prior (and new) Receivership Entity Goldmark Hospitality, LLC.

[4] *See* Doc. 99 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Rock Creek Property); Doc. 128 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Frisco Gate Property), and Doc. 197 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Amerigold Suites).

[5] *See* Doc. 103 (December 19, 2022 hearing for the approval of sale of the Rock Creek Property); Doc. 140 (January 31, 2023 hearing for the approval of sale of the Frisco Gate Property); Doc. 198 (March 20, 2023 hearing for the approval of sale of the Amerigold Suites).

[6] *See* Doc. 104 (approving the sale of the Rock Creek Property); Doc. 142 (approving the sale of the Frisco Gate Property); Doc. 202 (approving the sale of the Amerigold Suites).

[7] *SEC v. Barton*, 79 F.4th 573, 581–82 (5th Cir. 2023).

in its prior motions to this end.[8]  Having carefully considered the motions, the Court concludes that the motions should be and hereby are **GRANTED.**  The Court will hold hearings on these three motions on December 11, 2023, starting at 1:30 p.m.

As such, the Court **ORDERS** expedited briefing.  Any response is due by December 6, 2023.[9]

It is **SO ORDERED**, this 29th day of November, 2023.

`

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Docs. 76, 110, 167.

[9] Any response should respond to the argument and information in the Receiver's initial motions to appoint appraisers, approve appraisals, and set hearings. *See* Docs. 76, 110, 167.

3