**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| **v.** | § § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, et al.** | § § § | |
| *Defendants*. | § | |

**RECEIVER'S VERIFIED AND EXPEDITED MOTION**
**FOR PERMISSION TO ABANDON CERTAIN PERSONAL**
**PROPERTY AND NOTICE REGARDING ABANDONMENT**

Cort Thomas, as the court appointed Receiver ("Receiver"), hereby moves the Court for permission to abandon the contents of 4109 Rock Creek Drive in Dallas (the "Rock Creek Property") and in support respectfully shows the Court as follows:

1.      In an order ratified on November 29, 2023 [Dkt. 419], the Court authorized the Receiver to abandon personal property if the Receiver believes costs associated with moving and storage will exceed the recoverable value of the property. Dkt. 63, ¶ 3.

2.      In October 2022, when he assumed possession and control over the Rock Creek Property, the Receiver permitted Defendant Barton and his two adult children to remove all personal items, including clothing, personal papers and bedding, as well as numerous other personal items from the Rock Creek Property.  Nonetheless, many furnishings and other items remained (the "Rock Creek Contents").

3.      In connection with the Court's prior, but vacated approval of the sale of the Rock Creek Property, the Court ordered the Receiver to remove the Rock Creek Contents from the Property before the Property was sold, and to place those items "in storage at the expense of the

1

receivership estate. If storage expenses cause the personal items to rapidly deteriorate in value when compared to the cost of the Receiver may seek Court approval to sell the items, and Barton must notify the Court in response if he will pay the storage costs to avoid a sale." Dkt. 104 (the "Storage Instructions"). Because the Property has not sold and to eliminate incurring unnecessary costs, the Rock Creek Contents have remained in the Property.

4. On December 15, 2023, pursuant to 28 U.S.C. § 2001, the Court approved the Rock Creek Property, and the Receiver is hopeful that the sale will close in the next two weeks. Dkt. 437.

5. Accordingly, because the sale is set to close shortly, the Receiver scheduled movers to remove all remaining contents from the Rock Creek Property.

6. Although the Court did not expressly ratify the Storage Instructions, the Receiver nonetheless notified Barton that the Receiver had determined that the vast majority of the Rock Creek Contents would not provide a net recoverable value to the Receivership Estate, and that the cost of storing the items will rapidly deteriorate the value of the Rock Creek Contents. *See* December 28, 2023 letter, attached as **Exhibit A**.

7. To avoid further intimidation, confrontation, and harassment by Barton or his family members of the current tenants (and the purchasers of the Rock Creek Property) as has occurred in the past, the Receiver provided a comprehensive photographic inventory of the Contents,[1] and informed Barton that he could assume possession and ownership of the Contents if he paid the Receiver the costs to pack, move, and deliver the Contents to a location Barton was asked to identify. *Id.*

---

[1] The photographed inventory was made in December 2022, prior to the Rock Creek purchaser moving into the property as a tenant.

8.      In response, Barton demanded, among other things, permission to enter the occupied Property and supervise the packing and moving.  He also confirmed his ability to pay for moving expenses, although he refused to pay for the movers selected by the Receiver, failed to identify any of the Contents he wanted to pack and move, or otherwise facilitate delivery of such Contents to him in the manner designated by the Receiver. *See* December 29, 2023 letter from Barton to Receiver, attached as **Exhibit B**.[2]

9.      Further, in his letter, Barton through counsel threatened to file a lis pendens on the Rock Creek Property, as well as the two other properties the Court has approved for sale, the Frisco Gate Property and the Amerigold Suites.  *See id.*

10.      To facilitate the approved sale, ensure the safety and peaceful possession by the current tenant and the purchaser, preserve and protect Receivership Assets by eliminating the necessity of packing and storing items that will not likely not result in any net recovery to the Estate, and because Barton has failed to identify any of the Rock Creek Contents he wants to assume possession over or to pay for packing and moving such items, the Receiver requests permission to abandon the Rock Creek Contents.

## ARGUMENT

The requested relief, permission to abandon the Rock Creek Contents falls well within the Court's "extremely broad" discretion supervising and establishing reasonable and cost-efficient procedures for administration of the Receivership. *SEC v. Safety Fin. Service, Inc.*, 674 F.2d 368, 372 (5th Cir. 1982) ("Any action by a trial court supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse"); *SEC v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). Accordingly, "reasonable procedures instituted by

---

[2] The Receiver responded to Barton's letter.  *See* January 2, 2024 email attached as **Exhibit C**.

the district court that serve [these] purpose[s]" are generally upheld. *Id.*; *see also SEC v. Sethi Petroleum, LLC*, No. 4:15-CV-338, 2021 WL 2366110, at *6 (E.D. Tex. May 21, 2021), *appeal dismissed sub nom*, *SEC v. Sethi*, No. 21-40564, 2021 WL 7711044 (5th Cir. Dec. 27, 2021) (court possesses broad powers to fashion appropriate relief intended to assist receiver in accomplishing his primary task, "protect[ing] the Receivership Estate.").

WHEREFORE, PREMISES CONSIDERED, for the reasons stated above, the Receiver requests permission to abandon the Rock Creek Contents, and requests such other and further relief to which he may show himself entitled.

Respectfully submitted,

By: */s/ Charlene C. Koonce*

Charlene C. Koonce
  Texas Bar No. 11672850
  charlene@brownfoxlaw.com
Timothy B. Wells
  Texas Bar No. 24131941
  tim@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

4

## VERIFICATION

My name is Cortney C. Thomas.  I am over the age of 18 and am fully competent to make this verification. I declare under penalty of perjury that the facts stated above are within my personal knowledge and are true and correct.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for the Receiver conferred with counsel for Barton regarding the matters included in this motion in his December 28, 2023 letter.  Barton's responsive letter on December 29, 2023, makes clear that he opposes the relief requested.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.