# EXHIBIT A



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

December 28, 2023

**<u>Via Email (medney@huntonak.com)</u>**
Michael Edney
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701

> RE:   No. 3:22-cv-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Mike,

As you know, the Court has once again approved the sale of real property located at 4107 Rock Creek Drive, Dallas, TX 75204 (the "Property") owned by Receivership Entity SF Rock Creek, LLC. The sale of the Property is expected to close by mid-January, thus necessitating the time-line outlined below.

A chart detailing the various items of personal property, (the "Personal Property") located in or at the Property is included with this letter. As you are aware, in December 2022 the Receiver and Tim Barton disagreed concerning the best means of handling the Personal Property, and the Court ultimately ordered the Receiver to remove the Personal Property from the Property prior to closing a sale, or to ask the Court for alternative relief if the cost of storage of the Personal Property would "rapidly deteriorate" the value of the Personal Property. The Receiver has determined that the vast majority of the Personal Property items will not provide a net recoverable value to the Receivership Estate, and that the cost of storing the items will rapidly deteriorate the value of the Personal Property. Because of these factors and to avoid continued costly litigation involving the Personal Property, the Receiver has determined that it is in the best interest of the Receivership Estate to make the Personal Property available to Mr. Barton, subject to the terms outlined below. Any Personal Property unclaimed by Barton will either be sold or abandoned in accordance with the Order Governing Administration of the Receivership [Dkt. 63].

Accordingly, the Receiver will allow Mr. Barton to retrieve items of Personal Property in the following manner:

1. To avoid further improper and confrontational interactions between members of Barton's family and the purchaser (and current tenant) of the Property, as have



previously occurred, neither Mr. Barton nor any member of his family will be allowed onto the Property;

2.  A reputable mover, MoveStar, Inc., has agreed to pack and move all of the Personal Property at a cost of $7,763.00;

3.  Barton must select items from the Personal Property chart included with this letter for MoveStar to pack and move and provide a list of these selected items to the Receiver's counsel by **noon central time on Tuesday, January 2, 2024**.  His designation should also include the address to which Mr. Barton wants the selected Personal Property delivered;

4.  Barton must prepay MoveStar's estimated moving and packing cost of $7,763.00 to the Receiver by **noon central time on Tuesday, January 2, 2024**.  Wiring instructions to the Receivership Estate account are included with this letter or a check may be delivered to the Receiver's office;

5.  On January 6, 2024, MoveStar will pack and deliver the items to the address designated by Mr. Barton; and

6.  To the extent Movestar's estimated moving costs are less than $7,763.00, for example if only a limited subset of items are selected by Barton, any overage will be returned to Mr. Barton.

If we do not receive a response to this letter, including Mr. Barton's designation of the items of Personal Property he is requesting, the address for delivery, and confirmation that Mr. Barton has paid the estimated moving and packing cost by **noon on Tuesday, January 2, 2024**, the Receiver will dispose of the Personal Property in accordance with the Court's Order Governing Administration of the Receivership.

Sincerely,

Tim Wells

Tim Wells