# EXHIBIT C

| | |
|---|---|
| **From:** | Tim Wells |
| **Sent:** | Tuesday, January 2, 2024 11:42 AM |
| **To:** | Edney, Michael |
| **Cc:** | rgibboni@HuntonAK.com; Charlene Koonce |
| **Subject:** | Response to December 29, 2023 Letter |

Dear Mike:

We are in receipt of your December 29, 2023 letter.  Please be advised:  (1) We are aware of the notice of appeal filed regarding orders approving real property sales;  (2) Based on the Receiver's obligations in connections with each sale, the respective purchasers, title companies, and other interested parties have been made aware of the notice of appeal, as well as your prior appeal of the order appointing receiver, entered in November; (3)  If a lis pendens is filed on any property the Court has approved for sale, we will immediately move to have such lis pendens declared void and will request all appropriate remedies and sanctions from the Court; (4) Your alternate demand for the manner, timing, and control regarding removal of the personal property stored in the Rock Creek Property is rejected.

Additionally, given the concerns previously expressed by the purchaser (who as you know is the current tenant) about Mr. Barton and his family members' intimidation and interference with the purchaser's possession and quiet enjoyment of the Rock Creek Property, the Receiver is expressly instructing Mr. Barton, all family members, and any agents that they are not permitted to have any access, presence, or permission to enter the Rock Creek Property.   As you know, Mr. Barton and his family members were permitted to remove all clothing, memorabilia, personal papers, bedding, and other personal items from the Rock Creek Property before the property was leased to the current tenant.  As the Court's agent, the Receiver has taken due care to ensure the remaining contents—items owned by SF Rock Creek which remained in the property, but given the likelihood that selling these items would not result in a net return for the Receivership Estate, which the Receiver has agreed to abandon to Mr. Barton—are accurately reflected in the inventory previously sent to you and Mr. Barton.  While the Receiver appreciates your offer to pay a mover you have chosen but not identified, your ability to pay for a mover should enable you to pay for the reputable and highly regarded moving company chosen by the Receiver to ensure all items are safely packed and transported.  Thus, any concerns regarding these issues are simply unfounded.  Nonetheless, as Mr. Barton has failed to designate items from the inventory that he would like to recover and has failed to pay the moving expenses as requested in the Receiver's December 28, 2023 letter, we will proceed accordingly.

Best,
Tim



**TIM WELLS**
Associate

⊙ 8111 Preston Road
   Suite 300
   Dallas, Texas 75225

🖷 214.327.5000
📞 214.367.6091



BROWNFOXLAW.COM

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Brown Fox PLLC immediately (by replying to this message or calling 214.327.5000) and immediately destroy all copies of this message and any attachments. Thank you.