**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et. al., | § § § | |
| *Defendants*. | § | |

**RECEIVER'S MOTION TO LIFT
LITIGATION STAY OF BM318 BANKRUPTCY CASE**

Cortney C. Thomas, as the Court-appointed Receiver, respectfully moves the Court for an order lifting the stay of a bankruptcy case and related adversary proceeding for the limited purpose of allowing the Bankruptcy Court to consider motions to approve settlement agreements, and in support, respectfully shows as follows:

1. This motion pertains to the litigation stay imposed by the Receivership Order (defined below). On October 18, 2022, the Court entered an *Order Appointing Receiver* (the "Initial Receivership Order") [Dkt. 29]. The order appointed Cortney C. Thomas as Receiver for the Defendants and directed him to take possession and control over all funds, property, and other assets in the possession of, or under the control of Defendants. *Initial Receivership Order*, Section I, ¶ 6. The Initial Receivership Order also included a stay of all civil legal proceedings involving any of the Receivership Defendants (the "Litigation Stay"). *Id.* Section IX, ¶¶ 34–36.

2. Following the Fifth Circuit's vacatur of the Initial Receivership Order, this Court solicited briefing and conducted a hearing to consider entry of a new receivership order, which the Court entered on November 29, 2023 (the "Receivership Order") [Dkt. 417]. The new

Receivership Order includes the same Litigation Stay as the Initial Receivership Order. *Receivership Order*, Section IX, ¶¶ 34–36.

3.      This motion seeks to lift the stay of a bankruptcy case involving a Receivership Entity. BM318, LLC is a Receivership Entity, and thus litigation in which it is a party is stayed. More specifically, *In re BM318, LLC,* Case No. 20-042789-mxm, a bankruptcy case, and *BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention*, Adv. No. 21-04051-mxm, a related adversary proceeding, both pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (collectively the "Bankruptcy Case"), are stayed.

4.      The purpose of the lifting of the stay is to allow the Bankruptcy Court to consider approving settlement agreements pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Following voluntary mediation, the Receiver, BM318, LLC ("BM318"), The Dixon Water Foundation ("Dixon"), and Lumar Land & Cattle, LLC ("Lumar," and, together with the Receiver, BM318, and Dixon, the "Parties")—the parties to the Bankruptcy Case—entered into settlement agreements to resolve all pending litigation between BM318, Dixon, and Lumar in the Bankruptcy Case, and to resolve any future litigation between the Receiver and Lumar in this case. The settlement agreements require the Bankruptcy Court's approval in the Bankruptcy Case as well as this Court's ratification.

5.      It is appropriate to lift the stay to allow the Bankruptcy Court to consider the settlement agreements because litigation in the Bankruptcy Case had progressed for several years prior to the Litigation Stay and the Bankruptcy Court is very familiar with the facts and merits of the claims. Thus, seeking the Bankruptcy Court's consideration of the proposed settlement agreements before presenting them to this Court for potential ratification—both of which steps are

required by the settlement agreements—potentially preserves judicial resources as well as provides the Bankruptcy Court's informed opinion about the settlement agreements for this Court's subsequent consideration. Additionally, Dixon and Lumar have required this procedure as a condition of the settlement agreements.

6.     If the Bankruptcy Court grants the motions seeking approval of the settlement agreements to be filed in the Bankruptcy Case following resolution of this Motion, the Receiver will file a motion requesting ratification of the settlement agreements.

WHEREFORE, to facilitate efficient administration of the Receivership Estate and achieve an efficient resolution of the Bankruptcy Case, the Receiver respectfully requests that the Court grant an order lifting the stay of the Bankruptcy Case for the limited purpose of allowing the Bankruptcy Court to consider motions to approve the Parties' settlement agreements.

Respectfully submitted,

By: */s/ C. Alan Carrillo*
   Charlene C. Koonce
    State Bar No. 11672850
    charlene@brownfoxlaw.com
   C. Alan Carrillo
    State Bar No. 24109693
    alan@brownfoxlaw.com
   BROWN FOX PLLC
   8111 Preston Road, Suite 300
   Dallas, Texas 75225
   T: (214) 327-5000
   F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on January 4, 2024, counsel for the Receiver conferred with counsel for the SEC and counsel for Barton. On January 4, 2024, the SEC informed counsel for the Receiver that it is not opposed to this motion. On January 5, 2024, counsel for Barton informed counsel for the Receiver that Barton is opposed to this motion.

*/s/ C. Alan Carrillo*
C. Alan Carrillo

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.