UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

## ORDER REGARDING THE FRISCO GATE PROPERTY

The Court previously appointed the required appraisers, approved the appraisals, and set hearings for the sales of the Rock Creek Property, Frisco Gate Property, and Amerigold Suites.[1]  On December 14, 2023, the Court conducted a

---

[1] Doc. 420.

1

hearing regarding the Rock Creek Property, Frisco Gate Property, and the Amerigold Suites and concluded that sales of the Properties were in the best interest of the Receivership Estate, and that for each Property, the Receiver had satisfied all requirements of 28 U.S.C. § 2001.[2]  In the Order Approving Sale of the Frisco Gate Property, the Court stated that it would "address by subsequent ruling the interests of Texas Republic Bank, N.A. and Palisades-TC, LLC" before closing.[3]  It does so now.

The Court now also concludes that the additional relief requested in the Receiver's Motion to Authorize the Sale of the Frisco Gate Property (the "Property") is just, appropriate, equitable,[4] and further concludes that the requested relief is in the best interest of the Receivership Estate.  **ACCORDINGLY**,

1.    The Receiver is authorized to sell and convey title to the Property free and clear of mortgages, liens, claims, and encumbrances, except as set forth herein.

2.    The Court stays the accrual of any default or maturity rate interest accruing on any Note or obligation secured by the Property as of October 18, 2022.

3.    At closing of the sale of the Property, the Receiver shall pay Texas Republic Bank (the "Lender") who holds a promissory Note (the "Note"), secured by the Property, all principal owed on such Note, together with all interest accrued on such Note through the date of closing, based solely on the Standard Interest Rate (or non-default, non-maturity) rate provided in such Note.

---

[2] Docs. 436, 437, 438.

[3] Doc. 438 at 2.

[4] Doc. 376.  The Court previously held that it construed this motion and the other "Ratifying Motions" (Docs. 374 and 378) as motions to appoint appraisers, approve appraisals, and set hearings for the three properties.  *See* Doc. 420.

4.    The Court finds the purchase money funds provided by Palisades-TC, LLC for acquisition of the Property in the amount of $3,500,000 shall be paid from the proceeds of the sale of the Frisco Gate Property at closing.[5]

5.    To the extent the Lender contends it is owed additional amounts pursuant to the Note for interest that would have accrued at a default rate, if any, over and above the Standard Interest Rate (the "Interest Delta"), penalties, attorney's fees, or other costs, (collectively, "Additional Amounts") the Lender shall provide to the Receiver at least three days in advance of closing an itemized list of such amounts incurred or accrued through the date of closing.  Following closing on the sale of the Property, the Receiver shall hold the total amount of such Additional Amounts in trust until further order of this Court.  At closing, any lien held by the Lender on the Property is hereby **TRANSFERRED** to the sales proceeds held in trust as directed herein.

6.    Additional Amounts Palisades contends it is entitled to recover pursuant to any contract or agreement with a Receivership Entity or with regard to Palisades's Purchase Money shall be submitted for consideration in a claims process.

7.    In equity with respect to Texas Republic Bank as handled by the Receiver's agreements with other lenders for the Rock Creek Property and Amerigold Suites, the Court further **ORDERS** that, if and when a claims process is established

---

[5] The Court determines that the settlement with Palisades is a fair and reasonable basis to treat its investment as a secured lien, because the Receivership is compromising Palisades's arguable entitlement to much more than its principle, to ensure the estate receives the balance of the sale.

by the Court, the Receiver shall not object to a Lender's claim for the Interest Delta, so long as such claim is correctly calculated.  The Receiver, however, may object to payment to a Lender for any other component of the Additional Amounts, and may object to the priority in which the Court considers payment of the Interest Delta.

It is **SO ORDERED**, this 8th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE