IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE          §
COMMISSION,                      §
                                 §
    *Plaintiff,*                 §
                                 §
                                 §
v.                               §          No. 3:22-CV-2118-X
                                 §
TIMOTHY LYNCH BARTON             §
CARNEGIE DEVELOPMENT, LLC        §
WALL007, LLC                     §
WALL009, LLC                     §
WALL010, LLC                     §
WALL011, LLC                     §
WALL012, LLC                     §
WALL016, LLC                     §
WALL017, LLC                     §
WALL019, LLC                     §
HAOQIANG FU (a/k/a MICHAEL FU)   §
STEPHEN T. WALL                  §
                                 §
    *Defendants,*                §
                                 §
DJD LAND PARTNERS, LLC           §
LDG001, LLC                      §
                                 §
    *Relief Defendants.*         §

**DEFENDANT'S RESPONSE OBJECTING TO RECEIVER'S MOTION TO LIFT
LITIGATION STAY OF BM318 BANKRUPTCY CASE**

Defendant Timothy Lynch Barton respectfully urges the Court to deny receiver's request

for an order lifting the stay of the bankruptcy case and related adversary proceeding for the purpose

of allowing the Bankruptcy Court to consider motions to approve settlement agreements related to

one of the receivership entities, BM318, LLC.

First, the receivership order under which the receiver's authority to take any action

disposing of estate property, or in furtherance thereof, including this action, is currently under

1

appeal in the Fifth Circuit.  It would be inappropriate and detrimental to the estate to allow for final disposition of real property during that judicial review.  Second, the proposed disposition of real property interests that would presumably be effectuated if the stay is lifted is not in the best interest of the estate.  Instead, it prioritizes raising cash to pay near term professional fees over maximizing the value of the estate's assets.  Finally, if the Court grants the receiver's request and lifts the stay, any anticipated transaction subsequent to the stay being lifted, including a "settlement" (which, in fact, disposes of interests in real property belonging to the receivership estate) must be subject to a hearing in accordance with 28 U.S.C. § 2001.

The Court rightfully imposed a stay on ancillary proceedings to allow for the receivership to safely hold Barton's entities and assets during the pendency of this litigation.  It should decline to lift that stay absent a very good reason to do so.  The receiver has not provided this Court with such a reason.  For these reasons, the Court should reject the receiver's request to lift the stay.

**ARGUMENT & AUTHORITIES**

1.  **The Court Should Preserve the *Status Quo* of Real Property During Barton's Appeal.**

On December 7, 2023, the Defendant formally notified the Court of his intention to appeal the new receivership order to the Fifth Circuit, including the authority of the receiver to engage in and consummate these exact types of transactions.  Dkt. 429.  Therefore, the Court should avoid the inevitable difficulties, should Barton's appeal be successful, of unwinding complex transactions after the fact.  Those difficulties are playing out in real time in the context of attempts to unwind the disposal of property under similar circumstances during the operation of the original, now vacated, receivership. "23-10516 Appeal" Dkt. 67 at 37-38.

Also, as Barton argued before this Court on several occasions, "[t]he deprivation of an interest in real property constitutes irreparable harm."  *Opulent Life Church v. City of Holly*

2

*Springs Miss.*, 697 F.3d 279, 297 (5th Cir. 2012).  This well-established principle is rooted in the notion that real property, unlike cash or bearer bonds, is unique and not fungible.  *United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) ("It is settled beyond the need for citation, however, that a given piece of property is considered to be unique, and its loss is always an irreparable injury.").  It is important to note that this irreparable harm would not solely be to Barton, but to anyone who is an eventual beneficiary of the receivership estate at the conclusion of this matter.

The receiver has made no representation that there is any urgency associated with altering the status of BM318, LLC.  As such, the settlement apparently envisioned by the Receiver can just as readily be effectuated after the Fifth Circuit considers questions about the propriety of the receivership that will be before it, if the Fifth Circuit allows the receivership to continue as is.

**2.   The Underlying Settlement Sought by Receiver is Not In the Estate's Best Interest.**

The purpose of lifting the stay is so that the receiver could release the estates rights to a 1,500 acre property worth millions.  The motion does not reveal the terms of that release.  But the receiver outlined them in a pre-motion communication, stating that,

> Under the settlements, Dixon will pay to the Receiver $100,000, and Lumar will pay to the Receiver $75,000, in exchange for the removal of BM318's lis pendens on the land, the Receiver's release of claims against Dixon in the bankruptcy case (while preserving claims against Dixon in the Receivership Case) and the Receiver's release of all claims against Lumar, and the closure of the bankruptcy case.

Release of an interest in a property worth millions for $175,000 deserves a hearing before this Court to ensure it is in the estate's best interest.  Lifting the stay is designed to ensure that this Court does not weigh in on its value.  The receiver's motion simply does not have sufficient information to justify granting it.  It must include evidence regarding the proposed terms of

3

transferring property rights and why they are in the estate's best interest. And the provision of that information to the Court should precede any order lifting the stay.

### 3. Any Disposition of BM318, LLC Must Be Proceeded by a 28 U.S.C. § 2001 Hearing.

The envisioned settlement agreement involves the effective sale of realty interests held by the receivership estate, and as such it must comply with 28 U.S.C. § 2001. At a minimum, the Receiver must produce key documents and the Court must hold a hearing, before this sale is approved, to substantiate the value of the transaction. Therefore, if the Court does grant the receiver's request to lift the stay, which it should not, respectfully, it must then engage BM318, LLC in the § 2001 processes.

To the extent the Receiver might argue in reply that 28 U.S.C. § 2001 only applies to the sale of an entire fee simple property, that argument would be incorrect. The statute not only applies to the sale of entire fee simple estates, but also to any "interest or any part thereof." 28 U.S.C. § 2001(b). And a party can buy, hold, and sell many different types of interests in realty other than fee simple title. For example, any "liens, claims, easements, [] servitudes" or other "encumbrance[s]" are "interest[s] in realty." *Anadarko E & P Co., LP v. Clear Lake Pines, Inc.*, No. 03-04-00600-CV, 2005 WL 1583506, at \*3 (Tex. App. —Austin July 7, 2005, no pet.). Other examples of realty include unaccrued royalty interests, even if these interests are nonparticipating in nature. *Id.; see also Quigley v. Bennett*, 227 S.W.3d 51, 54 (Tex. 2007) (" An overriding royalty interest in an oil and gas lease is considered an interest in real estate . . . ."); *Cane Tennessee, Inc. v. United States*, 60 Fed. Cl. 694, 699 (2004) (addressing other state law that a "non-participating royalty interest" may be "classified as realty"). Participation agreements are also used to convey realty interests. *See Conocophillips Co. v. Dahlberg*, No. CIV. A. C-10-285, 2011 WL 710604, at \*7 (S.D. Tex. Feb. 22, 2011).

Because the settlement agreement that the receiver wishes to engage in following the Court's lifting of the stay would dispose of the receivership's real property interests for cash consideration, it constitutes a *de facto* sale of those interests and falls within the ambit of 28 U.S.C. § 2001. The Court would not, therefore, merely be able to approve of the settlement agreement without ensuring compliance with § 2001's requirements.

The Court can, and should, avoid all of this simply by rejecting the receiver's request here and leaving any proposed action involving BM318, LLC to be dealt with after the Fifth Circuit considers Barton's appeal.

## CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny the receiver's request for an order lifting the stay of the bankruptcy case and related adversary proceeding for the purpose of allowing the Bankruptcy Court to consider motions to approve settlement agreements related to one of the receivership entities, BM318, LLC.

At the very least, the Court should require any future settlement engaged in pursuant to the lifting of this stay to proceed under 28 U.S.C. § 2001, following a hearing, and should delay approval of that settlement until such a time as the Receiver provides sufficient information to determine the value of the rights the Receivership Estate is trading away and the Receiver's efforts, if any, to preserve those rights.

Dated: January 26, 2024

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201
medney@huntonak.com

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On January 26, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*