**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § | |
| **v.** | § § | No. 3:22-cv-2118-X |
| **TIMOTHY BARTON,** **CARNEGIE DEVELOPMENT, LLC,** **WALL007, LLC,** **WALL009, LLC,** **WALL010, LLC,** **WALL011, LLC,** **WALL012, LLC,** **WALL016, LLC,** **WALL017, LLC,** **WALL018, LLC,** **WALL019, LLC,** **HAOQIANG FU (A/K/A MICHAEL FU),** **STEPHEN T. WALL,** | § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| **HNGH TURTLE CREEK, LLC,** | § § | |
| *Relief Defendant*. | § | |

**RECEIVER'S NOTICE OF INTENDED**
**AUCTION OF ART AND ANTIQUES FROM 2999 TURTLE CREEK BLVD**

In accordance with the provisions of the Order Granting Motion For Order Governing Administration Of Receivership Estate, Etc. And Approving Disposition Of Certain Personal Property **(the "Admin Order"),** Dkt. 63, as well as this Court's approval of the Receiver's Verified Motion To Approve Settlement Agreement With HNGH Turtle Creek, LLC, (the "Motion") Dkt. 210, and Dkt. 236 (the "Order"), Cort Thomas, the court-appointed Receiver in this case, provides notice as follows.

1

## FACTUAL SUMMARY

1.      On or about November 16, 2022, the Court entered the Admin Order, which governs the Receiver's sale of Personal Property.  The Admin Order authorizes the Receiver to sell through private sale or auction "any tangible or intangible personal property, except for contractual rights ('Personal Property')" based on the procedures established in the Admin Order. Dkt. 63, p. 2

2.      Specifically, the Receiver is authorized to sell by auction any Personal Property, following compliance with the notice provisions in the Admin Order.  Notice as follows is required:

> **"4. Notice Regarding Intended Disposition  . . .**
>
> a.  At least ten days prior to any sale or abandonment, the Receiver shall file a written Notice of the intended sale or abandonment of item of personal property valued above $1,500.  The notice shall describe the property to be sold or abandoned and the manner in which it will be sold or abandoned.
>
> b.  The Receiver shall also serve by First Class Mail, the written Notice described above on every person who has made a written request to the Receiver. The Receiver may in his discretion provide additional notice as he deems appropriate.
>
> c.  Any person who wishes to object to the proposed sale or abandonment shall file and serve a motion setting forth the objection and the basis for it, not more than five (5) days after the Receiver mails the Notice regarding the sale or abandonment.
>
> d.  If no objection is timely filed and served, the Receiver may sell or abandon the property without further order of the Court in accordance with these procedures and as described in the Notice.
>
> e.  If an objection is timely filed and served, the proposed sale or abandonment shall not be completed until the motion setting forth the objection has been decided by the Court."

Dkt. 63, pp. 5-6.

3. As indicated in earlier motions and orders,[1] in May and June of 2023, the Receiver vacated 2999 Turtle Creek Blvd. (the "Turtle Creek Property"), the location from which most Receivership Entities operated.

4. On May 15, 2023, the Court approved the Settlement. Although Barton sought to stay performance of the Settlement, including the Receiver's ability to vacate the premises and sell furnishings, his requests were denied by both this Court and the Fifth Circuit.[2] Accordingly, except for the art and antiques referenced below, all furnishings from the Turtle Creek Property have been sold or abandoned to Barton or his family members.

5. In connection with vacating the Property, the Receiver engaged an auctioneer to sell the art and antiques in the Property (the "Art"). Since May, 2023, the auctioneer has been storing the Art, at no charge to the Receivership Estate, but beginning February 1, 2024, will start charging $500/month for storage. Thus, selling the Art rather than continuing to store it will preserve its value.

6. The Art that is being auctioned are business furnishings and incidental items, which were and located in the *business* location for JMJ Development. Most furnishings are large and heavy.

7. Accordingly, as required by the Admin Order, the Receiver provides notice of his intended sale by auction of all items identified in **Exhibit A**.

8. The auction shall commence at least ten days after the date of this Notice, or upon the Court's disposition of any objection to this Notice.

---

[1] *See* for example, the Receiver's Verified Motion To Approve Settlement Agreement With HNGH Turtle Creek, LLC, (the "Motion") Dkt. 210; and Order Approving Settlement, Dkt. 236.

[2] In this Court, Barton sought a temporary restraining order prohibiting performance of the Settlement. *See* Dkt. 223. When the Court struck Barton's requested injunctive relief, he filed an emergency motion to stay in the Fifth Circuit. Following the SEC's Response, as well as further supplemental briefing, the Fifth Circuit denied the stay.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

4