IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

  *Plaintiff,*

v.

TIMOTHY LYNCH BARTON
CARNEIGIE DEVELOPMENT, LLC
WALL007, LLC
WALL009, LLC
WALL010, LLC
WALL011, LLC
WALL012, LLC
WALL016, LLC
WALL017, LLC
WALL018, LLC
WALL019, LLC
HAOQIANG FU (a/k/a MICHAEL FU)
STEPHEN T. WALL

  *Defendants,*

HNGH TURTLE CREEK, LLC,

  *Relief Defendants.*

Case No. 3:22-CV-2118-X

**DEFENDANT BARTON'S OBJECTION TO RECEIVER'S NOTICE OF INTENDED
AUCTION OF CONTENTS OF 2999 TURTLE CREEK BLVD.**

Defendant Timothy Lynch Barton objects to the Receiver's Notice of Intended Auction of

Contents of 2999 Turtle Creek Blvd. [Dkt. 459] ("Notice").  Defendant respectfully requests that

the Court order the Receiver not to conduct the auction pending the resolution of this objection.

Further, Defendant respectfully requests a hearing on the objection detailed herein.

The Receiver now seeks to permanently dispose of a number of Mr. Barton's personal

effects without any confirmation that such effects actually belong to the receivership estate or,

1

even if they are properly held in the estate, explanation as to why doing so would be to the benefit of the estate at this time. There are several reasons why this Court should reject the Receiver's motion and order the receiver to either prove that this property belongs to the receivership estate and there is good reason to dispose of it or otherwise immediately return it to Mr. Barton or those the property belongs to.

First, the authority under which the Receiver would take this action is currently on appeal before the Fifth Circuit. Therefore, the appropriate course of action during the pendency of that appeal, as to avoid permanent dispositions of unique and, in some cases, irreplaceable, property that is difficult or impossible to unwind and might not even belong to Barton, is to maintain the status quo. Second, the Order Granting Motion For Order Governing Administration Of Receivership Estate, Etc. And Approving Disposition Of Certain Personal Property (the "Administrative Order"), Dkt. 63, upon which the Receiver relies to undertake this auction of Mr. Barton's property was an order issued to a previous, now-vacated receiver and, therefore, has no continuing effect. While the Court ratified that order through its Order Granting in Part Receiver's Blessing Motion, Dkt. 419, that order, too, is on appeal before the Fifth Circuit. Dkt. 429. Third and finally, the effects at issue are personally owned by Mr. Barton, not his business entities and, therefore, not the estate. In many instances, these items were gifted to Mr. Barton by his friends.

## **FACTUAL BACKGROUND**

On October 18, 2022, the Court appointed Cort Thomas (the "Receiver") as receiver over more than 164 entities affiliated with Defendant Timothy Barton. Dkt. 29. One month later, the Court entered the Administrative Order. Importantly, the Administrative Order in no way contemplated the Receiver selling personal property from the offices of the entities at 2999 Turtle

Creek Blvd. that are not owned by the receivership entities, but instead provides for the return of such property belonging to the individuals working there.  *See*, e.g., Dkt. 63 at p. 9.

For months, Mr. Barton and his counsel have demanded, over and over again, that the Receiver turn over his personal belongings and those of his adult children. In these communications, Mr. Barton also repeatedly asked for an opportunity to walk the offices at 2999 Turtle Creek Blvd. so that he could see and account for what personal property of his still remained there.

Only months later, on April 20, 2023, the Receiver's counsel sent an email with a link to 1,157 photographs of personal items located at the Turtle Creek offices.  Receiver's App. Dkt. 214 at 117.  In that email, the Receiver demanded that Mr. Barton and his children, just two business days later (i) review all of the photographs, (ii) identify all personal property in the photographs that they intended to claim as their personal property, and (iii) provide a receipt of purchase or a sworn statement regarding the means by which such property was acquired.  Receiver's App. 123–24; *see also* Receiver's App. 4–109.  In making that demand, the Receiver was well aware that bank records generally do not have the level of detail necessary to make such a showing, that much of the personal property was acquired years ago and likely impossible to find a receipt for, that the Receiver has cut off access to personal records of Mr. Barton that he might need to make the requested showing, and that Mr. Barton's Fifth Amendment privilege in parallel criminal proceedings impedes his ability to submit sworn statements in connection with these proceedings.

In filing its Notice, and rushing to now sell personal property of disputed ownership, the Receiver also is aware that its authority to undertake these types of actions on behalf of the estate is on appeal before the Fifth Circuit.  Dkt. 429.  The Fifth Circuit very well may find on that appeal, as it did in the case of the Receiver's first, now vacated appointment by this Court, that the

Receiver's appointment was erroneous and contrary to law, thus confirming that the Receiver lacks any authority to dispose of any property in the estate's possession.

**RESPONSE TO RECEIVER'S AUCTION NOTICE**

Respectfully, this Court should reject the Receiver's proposed auction of personal property. The proposed auction is premature and unnecessary and, if approved, threatens to result in a permanent disposal of Mr. Barton's and other individuals' personal belongings having nothing to do with the underlying SEC action or the Receiver's management of the estate.

The timing of the current proposed personal property sale is concerning. The Fifth Circuit is set to rule in the coming months on the propriety of the Receiver's appointment and whether he has the authority to engage in the types of liquidation measures that his Notice reflects he continues to seek to do. In addition to Mr. Barton's pending challenge of the Receiver's general authority, the purported ratification of the specific authority granted to the Receiver by this Court to undertake this auction, in the form of the Administrative Order, is also on appeal. By rushing to accomplish such a disposal of property set forth in the current Notice, the Receiver's actions threaten to upend the status quo and will result in substantial prejudice to the rights and interests that Mr. Barton seeks to preserve on that appeal.

The liquidation of all personal property—including those of the businesses—assumes a final outcome in this case: That the Government will prevail in the instant suit and that the Defendant's business will never again resume operations. That is exactly the type of assumption a prejudgment receiver should not be making. Such a winding down of businesses is reserved for if, and when, the Government obtains a judgment and if it is then apparent the Defendant's business will not be returned to him. It is likewise improper to liquidate the business contents and other personal property of *de minimis* value found in the company offices. To proceed in such a fashion

4

would suggest a presumed outcome in this case and an intention by the Receiver to liquidate from the outset, rather than to manage and maintain the status quo.

In any event, the Court's solution for the Receiver's desire to sell or vacate a property, when the property contains personal property affecting the Defendant's interest, is to have it stored elsewhere.  Dkt. 104 at 2–3.

The Receiver's proposed auction also has entangled business property with the personal belongings of Mr. Barton, his children, and other individuals who previously worked at the offices. The Receiver has repeatedly made it impossible for those individuals to recover all of their personal property, often interfering with Mr. Barton's efforts to walk the offices to account for his belongings.  To date, there remains substantial personal property in those offices belonging to individuals that the Receiver has no basis to sell.  While disputes remain over the ultimate ownership of that property, it is not appropriate for the Receiver to sell it now.

At a minimum, the Receiver should have presented such personal property ownership disputes to the Court for resolution, before attempting to sell it.  The Receiver has had months to seek such relief, but simply chose not to do so.  Instead, he made the improvident decision of giving Mr. Barton and his children a single day's notice of the personal items scheduled for sale, before then filing a Notice with this Court stating that an auction would occur ten days later. Should the Receiver move forward to sell personal property belonging to the Bartons that has become entangled with the business property located at the Turtle Creek offices, that action will achieve nothing productive, but rather embroil the estate in further dispute and new liability concerns.  *See Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (holding there is no absolute immunity if court order appointing official is clearly lacking in jurisdiction or appointed official acts outside the scope of jurisdiction granted);  *Teton Millwork Sales v. Schlossberg*, 311

F. App'x 145, 151 (10th Cir. 2009) (holding that complainant properly alleged lack of absolute immunity, where receiver took assets that did not belong to the person subject of the receivership and also allegedly engaged in fraud); *In re Ocean Tower LP*, No. 11-70776, 2014 WL 6686542, at \*5 (Bankr. S.D. Tex. Nov. 25, 2014) (holding that state court receiver doubtfully enjoyed derivative judicial immunity in fraudulent transfer matter); see also 28 U.S.C.A. § 959 ("[R]eceivers or managers of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.").

In sum, the Receiver's premature Notice should be stricken and the proposed auction of personal property stayed, until surrounding ownership and other related matters can be resolved.

## CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court stay or enjoin the Receiver's proposed auction of personal property, as set forth in the Receiver's Notice [Dkt. 213] dated April 21, 2013, and grant all other relief to which he shows himself to be entitled.

Dated: February 16, 2024        Respectfully submitted,

By: /s/ Michael J. Edney
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (Admitted to NDTX)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will need to send "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means.

By: /s/ Michael J. Edney
Michael J. Edney