IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-cv-2118-X |
| TIMOTHY BARTON, *et al.,* | § § | |
| *Defendants,* | § | |

## PALISADES TC LLC'S RESPONSE IN OPPOSITION TO TEXAS REPUBLIC BANK, N.A.'S MOTION FOR RECONSIDERATION

COMES NOW Palisades-TC, LLC ("Palisades") and files this Response in Opposition to Texas Republic Bank, N.A.'s ("TRB") Motion for Reconsideration of the January 8, 2024 Order Regarding the Frisco Gate Property (ECF No. 457), and shows the Court as follows:

### Response Argument

The issue TRB raises (again) in its Motion for Reconsideration is whether TRB should get paid its elevated 18% default rate of "maturity interest" from the closing proceeds of the Frisco Gate Property. The Court exercised its equitable power to say no, as is often the case in receiverships to preserve assets for aggrieved/defrauded investors. TRB asks the Court to reconsider that decision by taking aim at Palisades, even though this is a dispute between TRB and the Receiver and an issue that would ultimately affect the amount of proceeds the Receiver nets from the sale. The Court should deny the Motion for Reconsideration for several reasons:

***First,*** there is nothing new to justify reconsidering an order the Court already carefully considered and issued. None of the three reasons offered by TRB are new or were unknown previously. As the Receiver confirmed in his response (ECF No. 467 at 6), the Receiver and

1

Palisades did reach a settlement. Notably, that settlement, in which the Receiver agreed to pay Palisades $3.5 million from the closing, was nothing different than what the Receiver has been reporting as his intention in his quarterly reports as early as November 2022. *See*, *e.g.*, ECF No. 67 at pg. 17 (Initial Status Report) ("After payment of the existing loan (which appears to exceed $3 million), *a second investment/loan of approximately $3.5 million*, taxes, and closing costs, the Receiver currently anticipates this sale resulting in net proceeds of approximately $2 million into the Receivership Estate" (emphasis added)).

*Second,* Palisades' settlement has nothing to do with how much TRB receives from the sale proceeds. If TRB is paid its default interest, that will come at the expense of the Receivership Estate and ultimately defrauded/aggrieved investors. Thus, this dispute is between TRB and the Receiver, and turns on the Court's equitable powers to limit high rates of default interest to preserve assets on a fair and equitable basis. That dispute has been fully litigated between them and decided by the Court. There is no reason to reconsider it.

*Third,* TRB's Motion to Reconsider is based on several false premises. For starters, Palisades does have a settlement with the Receiver, which was reached and documented first on November 10, 2023 and subsequently reaffirmed and ratified on January 4, 2024. Also, as the Receiver points out in his response, Palisades has not been inconsistent about the characterization of its interest in the Frisco Gate Property, and the Court has had the Company Agreement spelling it out since TRB filed it with its motion to intervene. *See* ECF No. 413-1. Palisades then cited to the company agreement in its own motion to intervene. ECF No. 414. And finally, TRB is wrong that the Court's Order elevates Palisades "to a secured status." It does not. Unlike TRB, which is receiving the principal it is owed plus interest through closing, Palisades is getting only its principal amount contributed to buy the property. That is far from "secured status."

*Fourth,* a final note on why the Court's Order was fair and equitable and should stand as

is. The SEC alleged that Barton misappropriated $168,146.67 of Wall Investor funds to make payments to TRB on its loan or otherwise fund carrying costs of the Frisco Gate Property. ECF No. 308 at pg. 120/Ex. 4. The Frisco Gate Property is under contract to sell for $9 million. TRB is owed approximately $3 million plus interest that continues to accrue at 7.5% under the non-default rate. ECF No. 376 at pg. 4. Palisades agreed to compromise a claim at this point to much more of the remaining sales proceeds, take only its $3.5 million invested at closing, and defer the rest of its claim to the claims process, allowing the Receiver to net the balance, which will far exceed the amount of Wall Investor funds the SEC alleges were misappropriated in this property. That result provides substantial benefit to the Receiver, and for that reason has been agreed to by the Receiver and approved and ordered by the Court.

For all of these reasons, Palisades respectfully requests that the Court deny TRB's Motion for Reconsideration.

Dated: February 23, 2024

Respectfully submitted,

*/s/ Jonathan R. Patton*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Jonathan R. Patton
State Bar No. 24088198
jpatton@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
One Main Place
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR PALISADES-TC, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served by ECF service to all counsel of record herein on February 23, 2024.

*/s/ Jonathan R. Patton*
Jonathan Patton