## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § | |

### RECEIVER'S NOTICE OF NON-COMPLIANCE
### AND CONTINUING INTERFERENCE

Pursuant to the Receivership Order [Dkt. 417] and the Order extending Barton's deadline to produce documents and information as required by the Receivership Order, (the "Order") [Dkt. 427] the Receiver, Cort Thomas, files this Notice detailing the documents and information Barton failed to provide as ordered. Additionally, the Receiver provides notice of Barton's continued violation of the "no interference" provisions of the Receivership Order and in support respectfully shows the Court as follows.

**BACKGROUND**

**A.     Failure to Provide Court-Ordered Documents and Information**

1.      On November 29, 2023, the Court entered the Receivership Order and a Preliminary Injunction (the "Injunction"), Dkt Nos. 417 and 418.[1]

2.      The Injunction required Defendant Barton to "provide an ex parte sworn accounting, under seal and under oath, within ten (10) days of the issuance of this Order. The accounting shall be made available only to the Receiver." Dkt. 417, p. 11.

3.      The Receivership Order required the Receivership Entities, though persons who have or have had possession or control over Receivership Assets, i.e., Barton, to provide the Receiver a sworn statement setting forth extensive financial and related information. Dkt. 417 ¶ 18(B).

4.      Barton was also required to serve a copy of the Receivership Order on "each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant," and "[w]ithin ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision."

5.      On December 6, 2023, following Barton's motion to amend the deadlines for compliance with these provisions, the Court amended the deadlines to require compliance of each

---

[1] As the Court is aware, the November 29, 2023 Receivership Order followed the Initial Receivership Order, Dkt. 29, as well as the Court's order finding Barton in contempt for failing to comply with various provision in the Initial Receivership Order. Dkt. 235.

within forty-five days after entry of the Receivership Order and Preliminary Injunction Order. Dkt. 424.

6.    The deadline for Barton to comply with each provision quoted above was accordingly extended to January 13, 2024.

7.    The Receiver hereby provides notice that as of the date of this Notice, Barton has failed to comply with any of the provisions quoted above.

**B.    Violation of "Non-Interference" Provisions of the Receivership Order**

8.    The Receivership Order also prohibits interference with the Receiver's possession, control and management of Receivership Properties.  Dkt. 417, ¶ 32.

9.    On February 28, 2024, the Receiver learned that Barton had recently visited the Amerigold Suites, owned by Receivership Entity Goldmark Hospitality, LLC.  During the visit, Mr. Barton sought out the property manager, boasting that he had thwarted the earlier sale of that property and questioning her about the operation of the property.  His conduct interfered with the manager's duties and was a flagrant violation of the ¶ 32 of the Receivership Order.

10.    On the same date, the Receiver provided written notice to Barton's counsel that Barton is "*expressly* prohibited from setting foot on *any* property owned by a Receivership Entity, contacting any person or entity employed by or contracted to a Receivership Entity regarding any such Receivership Property, (including loans, sales or transactions related to such Properties) or from interfering with the duties of anyone employed by a Receivership Entity."  The Receiver requested confirmation before the close of business on the next business day that these instructions had been communicated to Barton.  No response was provided.

11.    In response to Barton's prior acts of contempt, including his failure to provide information required by the Initial Receivership Order, the Receiver filed a motion to compel.  Dkt.

After extensive briefing, the Court ultimately found Barton in contempt and awarded coercive sanctions of $500 per day.  Dkt. 235.  Although Barton's continuing non-compliance and interference premised on the current Receivership Order warrant sanctions, the Receiver has determined the best interests of the Estate are served by reserving a further motion regarding Barton's contempt and sanctions, for the future.

Respectfully submitted,

By: */s/ Charlene Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

4