Submission to: United States District Court Northern District of Texas Dallas Division

to Hon. Judge Brantley Starr regarding case#3:22-cv-02118-X

Plaintiff: Securities and Exchange Commission v. Defendant: Timothy Barton

Topic of Submission: Majority Shareholder Requesting Discovery and to Regain Control of Venus 59, LLC

26 February 2024

I request a hearing in the court of Judge Hon. Brantley Starr regarding case#3:22-cv-02118-X. Specifical I request that the judge force the Court Appointed Receiver to provide discovery of Venus 59, LLC, an LLC that owns 59 acres in Venus, Texas, that I am majority owner. I have asked the Receiver a dozen times, half in writing and half verbally, to provide me with details regarding the LLC formerly controlled by the Timothy Barton. A year later, the Receiver is yet to provide any information. Further, I ask to take management of the LLC. Of note. I am way outside the influence of the Bartons.

I have petitioned this court for discovery and to take management in the past, even showing up to a court hearing and speaking to court staff. The only response the court ever gave was a general response to all petitioners informing them that all petitions within a given time period were thrown out.

I am requesting a hearing with this court because this is the only legal process I know how to execute. I am not a lawyer.

Below are a list of claims allowing me to take control of the LLC:

- It is explicitly stated in section 6.14 of the LLC Operating Agreement, copied below, that I may take control of the LLC:

  **Sale of Paper Lots.** Unless otherwise consented to by all Members including where the Members have agreed to perform Horizontal Construction, the Manager shall cause the sale and closing of the Paper Lots at fair market value on an arms-length transaction basis subject to commercial reasonable terms to a third party that is not related to any Member ("Sale Parameters") and shall ensure that at least fifty (50%) of the Paper Lots or total acreage of the Property is sold on or before the expiration of two (2) years following the closing of all Property ("Sales Objective"). Regardless of any conflict in this Agreement, **in the event that Manager fails to achieve the Sales Objective, the Manager may be removed and replaced by a Majority of the Members following thirty (30) days' written notice during which period the Manager fails to cure and meet the Sales Objective.** So long as Manager enters into a purchase contract on behalf of the Company and closes on the sale of Paper Lots in accordance with the Sale Parameters, then the Members shall not unreasonably withhold or delay any required consent to the sale and otherwise, such consent shall be deemed given.

- I contributed over 90% of the capital of the LLC. The capital was wired straight to the title companies in order to purchase the land. The LLC was free-and-clear.
- Owning over 50% of the LLC allows me to take management of the LLC unless there is a conflict-of-interest.

Further, I request the ability to fund the LLC with whatever funds are necessary to pay taxes, list the property for sale, and basic administrative needs (that the court ought to define). I request the ability to

:e reimbursed those funds once the property sells or the LLC earns income. I ask that these basic and necessary business expenses are reimbursed to me before and capital is paid out to shareholders.

Thank you for your time and I eagerly await the courts response to my request for a hearing.

--Daniel Crow

214-263-8704; danielhcrow@gmail.com

3526 Arrowhead Dr.

Dallas, TX 75204



Daniel Crow
3526 Arrowhead Dr.
Dallas, TX 75204

United States District Court Northern District
Judge    Brantley Starr
1100   Commerce St.
Dallas,   TX   75242
Court Room   1525
Case Letter Designation

NORTH TEXAS TX P&DC
DALLAS TX 750
29 FEB 2024   PM 4   L

FOREVER

RECEIVED
MAR 5 2024
WC
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS