IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

RECEIVER'S RESPONSE AND OBJECTION
TO PRO SE MOTION FOR HEARING AND EXEMPTION
FROM RECEIVER REGARDING VENUS59 LLC

Cort Thomas, the Court-appointed Receiver, responds to the Motion for Hearing Regarding

Venus59 LLC filed by Daniel Crow ("Crow") [Dkt. 482] and respectfully shows the Court as

follows:

## SUMMARY

Crow seeks a hearing for the Court to "force" the Receiver to provide discovery related to

Venus 59, LLC ("Venus 59"), a Receivership Entity in which Crow claims to be the majority

1

owner.  Crow also asks to "take management" of Venus 59.  As with a prior motion, Crow has not shown entitlement to intervene, nor has he addressed the relevant factors required to justify lifting the litigation stay provided by the Order Appointing Receiver, as necessary to justify the expense and burden on the Receivership Estate to respond to discovery.  Nor does he provide any justification for extracting Venus 59, LLC from the Receivership Estate. The Receiver accordingly opposes a hearing regarding Venus59, LLC or any other relief requested by Crow, and requests that the Court deny Crow's motion.

## BACKGROUND

1.      On November 29, 2023 the Court entered its *Order Appointing Receiver* [Dkt. 417] (the "Receivership Order") (which was preceded by the Receivership Order entered on October 18, 2022), [Dkt. 29]) which named the undersigned as Receiver for the Receivership Entities,[1] including Venus 59, LLC.  Pursuant to the Receivership Order, the Receiver was directed to take exclusive custody, control, and possession of all Receivership Property.  *Receivership Order* ¶ 6(B).  The Receivership Order also provides the Receiver with "all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Entities." *Id.* ¶ 3.

2.      To conserve Receivership Assets, allow the Receiver time to perform more pressing tasks mandated by the Initial Receivership Order, and preclude any one creditor from seeking an advantage or preference in treatment, a stay of litigation (the "Stay") which precludes any legal proceedings involving the Receiver or Receivership Property, is also included in the Receivership Order.  *Id.* ¶ 34.

---

[1] As defined in the Receivership Order.

3.      Similarly, the Receivership Order enjoins all persons who receive notice of it from interfering with the Receiver's possession, control, or management of any Receivership Property. *Id.* ¶ 32.

## ARGUMENT

A party wishing to intervene in a case "bears the burden of establishing its right to intervene." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).  Federal Rule of Civil Procedure 24(a) lists the requirements for a party seeking intervention as of right while Rule 24(b) provides the standard for permissive intervention. "[F]ailure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021).  Here, Crow fails to address, let alone establish his right to intervene.

Moreover, Crow has not demonstrated that the Court should lift the Stay.  "District courts have broad equitable powers to preserve a receiver's ability to operate without interference." *SEC v. Stanford Int'l Bank, Ltd.*, 429 Fed. Appx. 379, 380 (5th Cir. 2011).  Stays in receivership matters serve as additional tools furthering the goals of the receivership.  *SEC v. Byers*, 592 F.Supp.2d 532, 537 (S.D.N.Y. 2008) *aff'd,* 609 F.3d 87 (2d Cir. 2010).  The Stay is intended to protect receivership assets and defrauded investors and serve "considerations of judicial economy." *SEC v. Vescor Cap. Corp.*, 599 F.3d 1189, 1197 (10th Cir. 2010).  In deciding whether to lift such a stay, courts generally consider three factors, the "*Wenke* factors," which are intended to balance the interests of the Receiver and the moving party.  *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005); *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir.1984) ("Wencke II").  Those factors are: "(1) [W]hether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the

merit of the moving party's underlying claim." *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. App'x. 338, 341 (5th Cir. 2011) (quoting Wencke II)).  The movant bears the burden of demonstrating that the balance of factors support lifting the stay.  *SEC v. Illarramendi*, No. 3:11CV78 JBA, 2012 WL 5832330, at *2 (D. Conn. Nov. 16, 2012); *United States v. Petters*, No. 08–5348 ADA/SJM, 2008 WL 5234527, at *3 (D. Minn. Dec. 12, 2008).

Crow, again, does not identify the relevant factors, let alone demonstrate how he satisfies them.  He provides no argument to justify lifting the Stay, which would invite similar motions from others and result in additional expenses to the Receivership Estate related to responding to the proposed discovery.  Nor does he explain or evidence any reason, other than a stayed contractual right to assume control over Venus 59, LLC, that even potentially justifies his request to extract the entity from the Receivership Order so that he can "manage" it.

Although the Receiver has informed Crow that his efforts to sell Receivership Properties has generally been stymied by Barton's serial appeals, the Receiver continues efforts to evaluate the value of Venus 59 and the properties it, and similar Receivership Entities, hold.  The Receiver will accordingly determine in due course, as appropriate and in the best interests of the Receivership Estate, whether these properties can or should be developed, sold, or potentially, abandoned.  The Court should deny Crow's motion.

5

Respectfully submitted,

By: */s/ Charlene C. Koonce*

    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    C. Alan Carrillo
     State Bar No. 24109693
     alan@brownfoxlaw.com
    Timothy B. Wells
     Texas Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.