UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

§
§
§
§
§

*Plaintiff,*

§
§

v.

§
§

TIMOTHY BARTON, et al.,

§
§
§

Civil Action No. 3:22-CV-2118-X

*Defendants,*

§
§

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

§
§
§
§

*Relief Defendants.*

§
§

## ORDER

Before the Court is the Receiver's motion to lift the litigation stay of the BM318 bankruptcy case. (Doc. 450). After carefully considered the motion, the Court **GRANTS** the motion and **LIFTS THE STAY** of *In re BM318, LLC*, Case No. 20-042789-mxm in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Case") and *BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention*, Adv. No. 21-04051-mxm in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Adversary Proceeding"), so that the Bankruptcy Court may consider the settlement agreements from litigation that progressed before the litigation stay.

1

The Court's Receivership Order imposed a blanket stay of litigation, including over "bankruptcy proceedings."[1]  The Receiver seeks to lift the stay of a bankruptcy proceeding and a related adversary proceeding, both involving BM318, LLC, a Receivership Entity, "to allow the Bankruptcy Court to consider the settlement agreements because litigation in the Bankruptcy Case had progressed for several years prior to the Litigation Stay and the Bankruptcy Court is very familiar with the facts and merits of the claims."[2]

The Court looks to the *Wencke* factors to "determine whether an exception should be made to a stay of proceedings in a case such as this": "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."[3]  The Court finds the three *Wencke* factors weigh in favor of granting the motion.  The first factor looks at the moving party's interests.[4]  Here, the Receiver is the moving party, and he argues "he has had ample time to get up to speed on the Bankruptcy Case and to address it."[5]  As the Receiver, "is in the best position to decide[] whether the . . . litigation would interfere with the

---

[1] Doc. 417 at 19–20.

[2] Doc. 450 at 2.

[3] *SEC v. Stanford Int'l Bank, Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (*Wencke II*)).

[4] *SEC v. Provident Royalties, L.L.C.*, No. 3:09-cv-1238-l, 2011 WL 2678840, at *2 (N.D. Tex. July 7, 2011).

[5] Doc. 458 at 4.

interests of the receivership,"[6] the Court finds this factor to weigh in favor of lifting the stay for the limited proceedings sought here. As for the timing factor, the underlying parties mediated in May 2023, entered settlement agreements in June 2023, and have since been waiting for bankruptcy court approval and ratification in this Court. The Court finds that the timing warrants granting the motion. The merits factor too weighs in favor of lifting the litigation stay for the bankruptcy and related adversary proceedings. Because the parties entered into settlement agreements, it stands to reason that there are "colorable claims that justify lifting the stay."[7]

Barton raises three arguments in objection. First, Barton claims the Court should maintain the status quo and not make determinations as to real property while his Fifth Circuit appeal of the Receivership Order is pending.[8] Importantly, there is no stay in this case while Barton's appeal is pending. And lifting the litigation stay for the bankruptcy proceeding and related adversary proceeding is not a determination by this Court as to any real property, it's allowing the bankruptcy court to do so. Further, the Receiver claims that BM318 holds no real property because "Barton lost possession of BM318's real property prior to the appointment of the Receiver as a result of defaulting on the 'First Buyback Contract' with Dixon."[9] Barton's second and third objections are premature. Barton's next objection is that

---

[6] *Provident Royalties*, 2011 WL 2678840, at *2.

[7] *SEC v. Provident Royalties, L.L.C.*, No. 3:09-CV-1238-L, 2011 WL 2678840, at *2 (N.D. Tex. July 7, 2011) (citing *Wencke II*, 472 F.2d at 1232).

[8] Doc. 455 at 2–3.

[9] Doc. 458 at 6 n. 5.

the underlying settlement is not in the best interest of the Receivership Estate—or at least that the Receiver hasn't argued such sufficiently.[10]  Whether the settlement agreement is in the Receivership Estate's best interest is a determination the Court will make after the Bankruptcy Court issues its opinion and this Court decides to ratify "any approval of the agreements by the Bankruptcy Court."[11]  And finally, Barton claims that the Court must hold a 28 U.S.C. § 2001 hearing before making any disposition of the property, such as a settlement agreement.[12]  The Court previously disagreed with this argument outright.[13]

Accordingly, the Court **OVERRULES** Barton's objections and **GRANTS** the Receiver's motion.

**IT IS SO ORDERED** this 15th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 455 at 3.

[11] Doc. 458 at 6.

[12] Doc. 455 at 3–4.

[13] *See* Doc. 163 (Order Granting Receiver's Motion to Ratify Agreement with Lumar Land & Cattle) (the Court held that 28 U.S.C. § 2001 "which governs the sale of real property by a receiver, does not apply to settlement agreements or contractual compromises like the one at issue here.").