UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| TIMOTHY BARTON, et al., | § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § | |

## ORDER

Before the Court is the Receiver's motion to lift the litigation stay for the limited purpose of allowing mediation in a personal injury case. (Doc. 476). Serena Badgley represents a minor who is a personal injury claimant in a lawsuit pending against Goldmark Hospitality, LLC, a Receivership Entity, about "injuries [the minor] allegedly sustained while living at the Amerigold Suites."[1] The Receiver supports mediation due to the existence of insurance coverage for the claim.[2] The underlying motion is unopposed by the SEC, and the Receiver did not confer with any

---

[1] Doc. 476 at 1–2. The lawsuit is *Badgley v. Goldmark Hospitality, LLC*, No. CC-21-02991-B County Court at Law No. 2, Dallas County, Texas.

[2] *Id.* at 2.

other party because the motion doesn't any affect any such party.[3]   Seven days passed, and the Receiver received no objections to the motion.[4]

The Court has "broad equitable powers to preserve a receiver's ability to operate without interference."[5]   Courts look at the *Wencke* factors when deciding whether to lift a stay: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."[6] The Court finds that the *Wencke* factors weigh in favor of lifting the stay to allow for the mediation.[7]

Accordingly, the Court **GRANTS** the motion and **LIFTS THE STAY** to allow for a mediation between Badgley and Goldmark's insurance carrier, consistent with Badgley's agreement on the Receiver's conditions that: "(1) a representative for the

---

[3] Doc. 476 at 7.

[4] Doc. 480; *see* also Doc. 419 ratifying the Order Governing Administration of the Receivership Estate (Doc. 63 at 2) ("If no objections are filed within seven (7) days of the service of a motion filed by the Receiver, the Receiver shall file with the Court a Notice of No Objection, in which case the Court may, if it agrees with the relief sought, enter the proposed order *sua sponte*, or set the matter for hearing.").

[5] *SEC v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 380 (5th Cir. 2011).

[6] *SEC v. Stanford Int'l Bank, Ltd.*, 424 F. App'x 338, 241 (5th Cir. 2011) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) ("*Wencke II*")).

[7] Lifting the stay for this mediation preserves the status quo because it won't require the Receiver to expend Receivership Assets, "[u]nlike many of the other stayed cases."  Doc. 476 at 6. Because insurance proceeds are available, the parties can reach a settlement "that imposes no financial obligation on the Receivership Estate while fully resolving Badgley's claim without the expense of adjudication."  *Id.* at 5.  Allowing for the mediation at this time is proper because the parties in the Badgley lawsuit have communicated with the Receiver about settlement negotiations.  *Id.* at 4. And because the parties are looking to settle, there are at least "colorable claims that justify lifting the stay."  *SEC v. Provident Royalties, L.L.C.*, No. 3:090-CV-1238-L, 2011 WL 2678840, at *2 (N.D. Tex. July 7, 2011) (citing *Wencke II*, 742 F.2d at 1232).

Receiver is permitted to attend only to the extent necessary and only by telephone; (2) payment of any deductible amount is either waived or submitted as a claim for payment in any claims process; and (3) the Receiver retains discretion to oppose any settlement that exceeds policy limits."[8]

**IT IS SO ORDERED** this 19th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 476 at 6.