# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-11242

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2024

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff—Appellee*,

*versus*

TIMOTHY BARTON,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

———————————————————

Before STEWART, DENNIS, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Appellant Timothy Barton appeals the district court's order ratifying a settlement agreement and release executed by a court-appointed receiver. Because of subsequent developments in the underlying litigation, we dismiss this appeal, one of a series of such appeals Barton has filed challenging the receiver's actions, as moot.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11242

## I.

This case stems from a September 2022 action the Securities and Exchange Commission (SEC) brought against Timothy Barton. The SEC alleges that Barton defrauded more than 100 investors out of $26,000,000. Barton purportedly told putative investors that their money would be used to purchase land for development into residential lots, promising that they would receive interest payments and repayment of their principal. But Barton only purchased a fraction of the land and never made the promised payments. Instead, he used investors' money to fund both his lifestyle and other real estate projects involving entities under Barton's control.

The SEC moved to appoint a receiver over all "Barton-controlled entities to determine the value of the property interests . . . and to secure, preserve, and potentially monetize that value for the benefit of the defrauded investors." The district court granted the SEC's motion and entered an order appointing Cortney C. Thomas as receiver (the First Receivership Order). The First Receivership Order authorized the receiver, *inter alia*, to "transfer, compromise, or otherwise dispose of any [r]eceivership [p]roperty, other than real estate, in the ordinary course of business," "enter into and cancel contracts . . . as the [r]eceiver deems necessary or advisable," and "pursue, resist, defend, compromise, or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be . . . asserted against the [r]eceivership [e]ntities[.]"

In the present appeal, Barton challenges the district court's order ratifying a settlement agreement and release entered into by the receiver and two non-parties (the DLP Order). The settlement agreement arose from a series of real estate development transactions involving certain Barton-controlled entities and affiliates of DLP Real Estate Capital, Inc. (collectively, DLP). These transactions included: (1) the sale of three

2

No. 22-11242

properties by JMJ Development LLC, a business for which Barton served as Chief Executive Officer, to DLP; (2) the Barton-controlled entities' agreements with DLP to provide development and construction management services for each of the three conveyed properties; and (3) agreements between the Barton-controlled entities and DLP whereby the Barton entities would potentially receive participation fees in connection with the development of two of the conveyed properties.

DLP provided notice that the Barton-controlled entities were in breach of their obligations to DLP to provide development and construction management services. Thereafter, DLP and the receiver, acting on behalf of the Barton entities, negotiated and ultimately executed the settlement agreement. The agreement released both sides from all claims and rights arising from the transactions described above, including breach claims against the Barton entities and the Barton entities' potential entitlement to fees associated with the original DLP transactions. DLP paid the receiver $750,000 pursuant to the settlement agreement. The settlement agreement also provided that the receiver would seek ratification of the agreement by the district court.

Over Barton's opposition, the district court ratified the settlement agreement via the DLP Order in December 2022, finding that the agreement was "in the best interests of the [r]eceivership." Barton shortly filed the instant appeal. In this court, the parties contest the threshold issue of whether this court has jurisdiction to review the DLP Order. Barton argues that we do, under either 28 U.S.C. § 1291 or the collateral order doctrine. The SEC and the receiver disagree;[1] they contend that the DLP Order is

---

[1] The receiver, as amicus curiae, has moved this court to dismiss Barton's appeal for lack of jurisdiction. Because of our disposition of this appeal, the receiver's motion is DENIED as unnecessary.

No. 22-11242

neither a "final order," nor a receivership order subject to immediate appeal, nor an order subject to interlocutory appeal per the collateral order doctrine.

\*　　\*　　\*

Before analyzing these contentions, we note that subsequent events in the underlying litigation have somewhat overtaken this case. Since the district court entered the First Receivership Order, Barton has appealed multiple actions by the receiver in addition to the challenge before us today.[2] In one of those, this court vacated the First Receivership Order "effective 90 days from the issuance of th[e] court's mandate" and remanded for the district court to determine "whether to appoint a new receivership" under the factors enunciated in *Netsphere, Inc. v. Baron*, 703 F.3d 296 (5th Cir. 2012). *SEC v. Barton*, 79 F.4th 573, 579–81 (5th Cir. 2023). This court also partially granted Barton's motion for a stay and suspended "the receiver's power to sell or dispose of property belonging to receivership entities, including the power to complete sale or disposals of property already approved by the district court." *Id.* at 581. However, this court made clear that "[t]his suspension d[id] not apply to activities in furtherance of sales or dispositions of property that ha[d] already occurred or been approved by the district court." *Id.* at 581–82.

Before the vacatur of the First Receivership Order took effect, the SEC again moved the district court to appoint a receiver. On November 29, 2023, the district court did so, entering a new receivership order. The same day, the district court entered an order ratifying its previous orders issued in

---

[2] *See, e.g.*, *SEC v. Barton*, No. 22-11226, 2023 WL 5671292, at \*1 (5th Cir. Sep. 1, 2023) (challenging the receiver's attempted sale of Barton's home); *see also SEC v. Barton*, No. 23-10515 (challenging the district court's order authorizing the receiver's sale of property); *SEC v. Barton*, No. 23-10516 (same).

No. 22-11242

the course of the initial receivership, including the DLP Order, *nunc pro tunc* (the Ratification Order).

## II.

This appeal proceeds no further than the issue of jurisdiction. *Harris v. Clay County*, 47 F.4th 271, 275 (5th Cir. 2022). Indeed, we "may not rule on the merits of a case without first determining [our] jurisdiction[.]" *Daves v. Dallas County*, 64 F.4th 616, 623 (5th Cir. 2023) (en banc) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–95 (1998)). Here, Barton argues that this court has jurisdiction to review the DLP Order as a final order under 28 U.S.C. § 1291.[3] He contends alternatively that we have jurisdiction under the collateral order doctrine. By contrast, the SEC and the receiver contend that the DLP Order is neither a "final order" subject to review under § 1291, nor within the scope of 28 U.S.C. § 1292(a)(2), which encapsulates the exhaustive list of receivership-related orders subject to immediate interlocutory appeal. They also argue that the collateral order doctrine does not apply to the DLP Order.

We requested supplemental briefing from the parties on whether the district court's November 29, 2023 orders moot Barton's challenge to the DLP Order. Again, the parties disagree: Barton argues that "[t]he [d]istrict [c]ourt's order creating a new receivership has no effect on this [c]ourt's ruling holding the prior receivership illegal and vacating it or on what should be done with the actions of the prior receiver." The SEC contends that the

---

[3] 28 U.S.C. § 1291 provides this court with "jurisdiction of appeals from all final decisions of the district courts of the United States." "These decisions 'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" *Netsphere*, 799 F.3d at 331 (citation omitted). We have previously held that "[a]n order confirming a judicial sale of property is a final order from which an appeal may be taken pursuant to 28 U.S.C. § 1291." *Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. Unit B May 1981).

No. 22-11242

Ratification Order, "which ratified and adopted the DLP Order *nunc pro tunc*," moots this appeal. We agree with the SEC.

"[T]here is no mandatory 'sequencing of jurisdictional issues,' and a federal court has leeway to 'choose among threshold grounds for denying audience to a case on the merits.'" *Daves*, 64 F.4th at 623 (quoting *Sinochem Int'l v. Malay. Int'l Shipping*, 549 U.S. 422, 431 (2007)). Mootness is a "coequal" jurisdictional ground for dismissing a case. *Id.* at 633. This is so because "[u]nder Article III of the Constitution, federal courts may adjudicate only 'actual, ongoing controversies.'" *Id.* at 634 (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). Accordingly, we sidestep the parties' more nuanced arguments over whether the DLP Order is immediately appealable under 28 U.S.C. § 1291 or § 1292, or as an appealable collateral order, because Barton's appeal of the DLP Order is plainly moot.

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)); *see also U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (noting that a case is moot when it becomes impossible for a court to grant "any effectual relief" to the prevailing party). The Ratification Order—which ratified the DLP Order entered before the First Receivership Order was vacated—is now the "operative" ruling of the district court. In other words, regardless of whether Barton were to prevail in the present appeal, Barton would need to attack the DLP Order through an appeal of the Ratification Order. Tellingly, Barton appears to recognize this, having already filed a putative interlocutory appeal of the Ratification Order. *See Barton v. SEC*, No. 3:22-cv-2118, Docket 429 (N.D. Tex. Dec. 7, 2023) (showing notice of interlocutory appeal filed December 7, 2023).

6

No. 22-11242

## III.

Given the shifting landscape of the underlying litigation since Barton lodged this appeal of the DLP Order, the present appeal is "no longer 'live,'" *Daves*, 64 F.4th at 634, and it is therefore DISMISSED AS MOOT.