# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is made and entered into this 1st day of May, 2024, by and between Tamamoi, LLC ("**Tamamoi**") and 3820 Illinois, LLC ("**3820 Illinois**", and together with Tamamoi, the "**Tamamoi Parties**") and Cort Thomas in his role as court-appointed receiver on behalf of the Receivership Entities[1] (the "**Receiver**" and together with Tamamoi and 3820 Illinois, the "**Parties**") in *Securities and Exchange Commission v. Timothy Barton et. al.*, Case No. 3:22-cv-2118-X (the "**Receivership Case**"), pending before Judge Starr in the United States District Court for the Northern District of Texas, Dallas Division (the "**Court**").

## RECITALS

**WHEREAS**, On or about April 27, 2018, Tamamoi loaned JMJ Development, LLC ("**JMJ**") $500,000, evidenced by a Secured Promissory Note (the "**Note**"). The Note was secured by a parcel of land, including all improvements and fixtures, located at 3820 E. Illinois Ave. in Dallas, Texas (the "**Property**"), as evidenced by that certain Deed of Trust of the same date and recorded in the real property records of Dallas County, Texas. JMJ used $400,000 from the proceeds of the Note to purchase the Illinois Property, but never requested or received the remaining $100,000. The Note had an original maturity date of April 26, 2019, and was guaranteed by Timothy Barton ("**Barton**") pursuant to a *Guaranty* dated as of April 26, 2018 (the "**Guaranty**");

**WHEREAS**, despite several extensions, JMJ was unable to timely repay the Note and on April 24, 2021, Tamamoi sent JMJ a notice of default. On July 6, 2021, the Property was foreclosed upon, and Tamamoi purchased the Property via credit bid. On October 14, 2021, Tamamoi conveyed the Property to 3820 Illinois pursuant to a Special Warranty Deed;

**WHEREAS**, on March 7, 2022, JMJ filed suit against the Tamamoi Parties in the 68th District Court for Dallas County, Texas, alleging, among other things, that Tamamoi wrongfully foreclosed on the 3820 Property (the "**State Court Litigation**"), Cause No. DC-22-02622. JMJ also filed a notice of *lis pendens* against the Property, clouding title to the Property;

**WHEREAS**, on September 23, 2022, the Receivership Case began as a civil action filed by the Securities and Exchange Commission against Barton and certain entities Barton controlled seeking permanent injunctive relief, disgorgement of ill-gotten gains plus prejudgment interest, civil penalties, officer and director bars, and all other just and proper equitable and ancillary relief. On October 18, 2022, Judge Starr appointed the Receiver to oversee the administration of all Receivership Entities (the "**Initial Receivership Order**") and issued a stay against litigation involving the Receivership Entities (the "**Receivership Stay**") and any of the Receivership Entities' past or present officers, directors, managers, agents or partners sued in connection with actions taken in such capacity. Prior to vacatur of the Initial Receivership Order by the Fifth Circuit Court of Appeals, Judge Starr reappointed the Receiver on November 29, 2023

---

[1] "Receivership Entities" was defined in the Initial Receivership Order [Dkt. 29] as all entities "Timothy Barton directly or indirectly controls" but was later redefined as the entities listed in the current Receivership Order [Dkt. 417].

("**Receivership Order**") over a substituted set of Receivership Entities and reaffirmed the Receivership Stay;

WHEREAS, on October 18, 2022, the State Court Litigation was stayed by the Receivership Case;

WHEREAS, on or about October 27, 2022, counsel for the Tamamoi Parties contacted the Receiver's counsel about the Property and State Court Litigation. In December 2022, the Tamamoi Parties' counsel contacted the Receiver's counsel and explained that there were numerous health and safety concerns with the Property, including vagrants trespassing in a building on the Property;

WHEREAS, on several occasions in 2023, counsel for the Tamamoi Parties contacted the Receiver requesting resolution to the State Court Litigation in order to address the numerous health and safety concerns on the Property;

WHEREAS, during April 2024, the Parties mediated their disputes in good faith in front of retired United States Bankruptcy Judge Harlin Hale. The Parties extensively negotiated at arm's length and in good faith and now desire to enter into this Settlement Agreement to resolve and confirm, with certainty, all issues regarding the ownership of the Property, and all other claims and causes of action relating to the Property that could be asserted by the Receiver and the Receivership Entities against the Tamamoi Parties and all claims and causes of action relating to the Property that could be asserted by the Tamamoi Parties against the Receiver and Receivership Entities;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and subject to Court Ratification (defined below), the Parties agree as follows:

1.      Court Ratification. In accordance with the terms of the Receivership Order, this Settlement Agreement is subject to ratification from the Court ("**Court Ratification**"). Following the Parties' execution of this Settlement Agreement, the Receiver shall file a motion in the Receivership Case seeking ratification of the Settlement Agreement and to lift the Receivership Stay for the limited purpose of dismissing the State Court Litigation (the "**Motion to Ratify Settlement Agreement**"). If this Settlement Agreement does not receive Court Ratification, it shall be null and void.

2.      Tamamoi Parties Settlement Obligations. The Parties agree that in consideration for entry into this Settlement Agreement, the Tamamoi Parties shall make a one-time payment of $75,000 to the Receiver (the "**Settlement Payment**") in good funds via wire pursuant to wire instructions to be provided by the Receiver no later than ten (10) days following the entry of the order granting the Motion to Ratify Settlement Agreement.

3.      The Receiver Settlement Obligations. The Receiver shall dismiss the State Court Litigation with prejudice within seven (7) business days of receipt of the Settlement Payment. The Receiver shall also file a release of the *lis pendens* in the Dallas County Real Property records within the same seven-day time period.

SETTLEMENT AGREEMENT                                                                PAGE 2 OF 7

4.      Event of Default. The following shall constitute an "**Event of Default**" under this Settlement Agreement:

(a)      The Tamamoi Parties' failure to make the Settlement Payment; or

(b)      The Receiver's failure to dismiss the State Court Litigation or file the release of *lis pendens* following Court Ratification of the Settlement Agreement.

5.      Release by the Receiver. Upon execution of the Settlement Agreement, Court Ratification, and receipt of the Settlement Payment, the Receiver, on behalf of himself and all Receivership Entities, including their respective officers, directors, employees, equity holders, affiliates, subsidiaries, parents, predecessors-in-interest, successors-in-interest, assigns, transferees, agents or other representatives (the "**Receivership Parties**"), forever irrevocably releases, acquits and discharges (i) Tamamoi and its respective officers, directors, equity holders, affiliates, predecessors-in-interest, successors-in-interests, assigns, transferees, employees, agents, and representatives, and (ii) 3820 Illinois and its respective officers, directors, equity holders, affiliates, predecessors-in-interest, successors-in-interests, assigns, transferees, employees, agents, and representatives, from any and all existing demands, claims, actions, causes of action, rights, liabilities, obligations, suits, damages, or controversies relating to the Property, but only the Property, whether known or unknown, other than the obligations owed in this Settlement Agreement.

6.      Release by Tamamoi Parties. Upon execution of the Settlement Agreement, Court Ratification, and the Receiver having dismissed the State Court Litigation and filed the release of *lis pendens*, Tamamoi and 3820 Illinois forever irrevocably release, acquit and forever discharge the Receiver and the Receivership Parties, from any and all existing demands, claims, actions, causes of action, rights, liabilities, obligations, suits, damages, or controversies related to the Property, but only the Property, whether known or unknown, other than the obligations owed in the Settlement Agreement.

7.      Conditional Release by Tamamoi Parties. Upon execution of the Settlement Agreement and Court Ratification, the Tamamoi Parties, hereby forever irrevocably release, acquit and forever discharge Timothy Barton from the Guaranty and from any and all demands, claims, actions, causes of action, rights, liabilities, obligations, suits, damages, or controversies whether known or unknown, now or in the future, regarding the Guaranty (the "**Barton Release**"), provided that the Barton Release shall be null and void, and shall have no effect, if Timothy Barton files a lawsuit against the Tamamoi Parties or any of the Tamamoi Parties' officers or managers based on any event related to or arising out of any of the transactions underlying the Settlement Agreement or based on the Settlement Agreement itself.

8.      Reservation of Rights. For avoidance for doubt, both Parties reserve all the rights and remedies with respect to the real property described in a deed of trust dated December 28, 2018 between Tamamoi, related entity FDRE, Inc., and Receivership Entity Carnegie Development, LLC located in Venus, TX (the "**Venus Property**") and the releases granted herein shall not be construed to encompass the Venus Property.

9. Claim for Funds. In the event of a successful appeal of this Settlement Agreement, the Tamamoi Parties will have a claim in the Receivership Case that will be processed according to any claims process established in the Receivership Case.

10. Expenses. Each Party shall bear its own attorneys' fees and costs in connection with the negotiation and execution of this Settlement Agreement.

11. Cooperation. The Parties agree, upon Court Ratification, to cooperate in good faith to effectuate the terms and conditions of this Settlement Agreement. The Parties shall take all necessary actions to immediately terminate all pending litigation, prepare all documents necessary to resolve the foregoing, and seek to lift any stay required to do so. The Receiver shall eliminate all encumbrances on the Property arising out of any act or omission of any of the Receivership Parties and seek to lift any stay required to do so. For the avoidance of doubt, the Receiver shall assist with the removal of any currently existing *lis pendens* on the Property.

12. Entire Agreement. This Settlement Agreement constitutes the entire agreement between the Parties and supersedes and replaces all prior negotiations, proposed or actual agreement or agreements, written or oral, of any nature or substance relative thereto. The Parties are not relying and hereby disclaim reliance on any other representation, omission, or document not expressly contained in this Agreement.

13. Binding Effect. This Settlement Agreement shall be binding on any successors or assigns of the Parties.

14. Representation by Counsel. The Parties acknowledge and understand that they are executing and delivering this Settlement Agreement with full knowledge of any and all rights which they may have with respect to the claims herein settled and released. Each acknowledges that it was represented by and consulted with an attorney of its own choosing before executing and delivering this Settlement Agreement to review this document and the claims being settled and released, and that they had a reasonable and sufficient opportunity to do so.

15. Notices. Unless otherwise specifically provided herein, any notice delivered under this Settlement Agreement shall be in writing addressed to the respective Party as set forth below and may be (a) personally served, (b) sent by overnight courier service or certified or registered United States mail, or (c) transmitted by e-mail, and shall be deemed to have been given (x) if delivered in person, when delivered, (y) if delivered by e-mail, on the date of transmission if transmitted on a business day before 5:00 p.m. (Central time) or, if not, on the next succeeding business day, and (z) if delivered by courier or certified or registered United States mail, when received. Notices shall be addressed as follows:

If to Receiver:

> Cortney C. Thomas
> Brown Fox PLLC
> 8111 Preston Road, Suite 300
> E-mail: cort@brownfoxlaw.com

With a copy to:

Charlene C. Koonce
Timothy B. Wells
Brown Fox PLLC
8111 Preston Road, Suite 300
E-mail: charlene@brownfoxlaw.com
E-mail: tim@brownfoxlaw.com

If to Tamamoi and/or 3820 Illinois:

James Richardson
5060 SW Philomath Blvd. #516
Corvallis, OR 97333

With a copy to:

Howard Marc Spector
Spector & Cox PLLC
12770 Coit Rd. Suite 850
Dallas, TX 75251
E-mail: hspector@spectorcox.com

16.    Counterparts.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  The Settlement Agreement shall be final and binding upon execution and delivery of the Settlement Agreement by the Parties.  The Parties agree that copies of this Settlement Agreement shall have the same effect and may be accepted with the same authority as the original and that this Settlement Agreement may be executed electronically and in counterparts.

17.    Authority.  The Parties represent that, subject to Court Ratification, they have the legal right and authority required to compromise and settle all claims under the terms and conditions set forth herein.  The Parties also represent that the signatures on behalf of the Parties, or their counsel, to this Settlement Agreement is sufficient, without further approval of third parties, other than Court Ratification, to fully bind such party to the terms hereof, including without limitation, each of the payment obligations and releases set forth herein.

18.    Amendments.    This Settlement Agreement may only be amended, modified, or supplemented by a separate written document duly executed by authorized representatives of the Parties or their legal successors in interest.

19.    Severability.  If any provision of this Settlement Agreement is held to be invalid or unenforceable, the validity or enforceability of the remaining provisions shall not in any way be affected or impaired thereby, but rather this Settlement Agreement shall be construed as if not containing the invalid or unenforceable provision.  However, if such provision is an essential element of this Settlement Agreement, such as the release provisions, then the Parties shall promptly attempt in good faith to negotiate a suitable replacement provision.

20.    Jurisdiction and Governing Law.  The Parties agree that the Court shall retain exclusive personal and subject matter jurisdiction to enforce the terms of this Settlement

Agreement and to decide any claims or disputes that may arise or result from, or be connected with, this Settlement Agreement, or any breach of default hereunder. The Parties agree that a judgment in any such dispute may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law, and expressly waive any requirement that separate notice be provided before pursuing such judgment. This Settlement Agreement shall be construed in accordance with and governed by the laws of the State of Texas (excluding the laws applicable to conflicts or choice of law).

**IN WITNESS WHEREOF**, the Parties have executed this instrument on the dates indicated below.

*[Signatures on following page]*

*Executed on this* 1st *day of May, 2024*

Tamamoi, LLC

By: _____
Title:   Manager

*Executed on this* 1st *day of May, 2024*

3820 Illinois, LLC

By: _____
Title:   Manager

*Executed on this* 13th *day of May, 2024*

By: _____
Title:   Receiver