IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S PARTIALLY UNOPPOSED MOTION FOR EXTENSION OF TIME
TO FILE THIRD, FOURTH, FIFTH, AND SIXTH QUARTERLY FEE APPLICATIONS**

Cort Thomas, as the court-appointed Receiver ("Receiver"), files this Partially Unopposed

Motion for Extension of Time to File Third, Fourth, Fifth, and Sixth Quarterly Fee Applications

and in support would respectfully show the Court as follows:

On October 18, 2022, the Court entered its initial Order Appointing Receiver [Dkt. 29] (the

"Initial Receivership Order") in this case.  On November 29, 2023, the Court entered its second

Order Appointing Receiver [Dkt. 417] (the "Second Receivership Order").  Among other things,

the Initial Receivership Order and Second Receivership Order both require that "[w]ithin forty-five (45 days) after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates." Initial Receivership Order ¶ 64; Second Receivership Order ¶ 64.  Under the Second Receivership Order, the Receiver's deadline to file his Sixth Quarterly Fee Application—which covers January 1, 2024 through March 31, 2024—is Wednesday, May 15, 2024.

On August 14, 2023, in accordance with the Initial Receivership Order, the Receiver filed his Third Quarterly Fee Application [Dkt. 300], which covers April 1, 2023 through June 30, 2023. On August 31, 2023, the Court entered an Order [Dkt. 306] denying without prejudice all pending motions in the case—including the Third Quarterly Fee Application—and instructed the parties that they may "refile all such motions after the Court resolves the SEC's motion for entry of a new receivership order."

On November 3, 2023, the Receiver filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third and Fourth Fee Applications, the latter of which covers July 1, 2023 through September 30, 2023.  On November 9, 2023, the Court entered an Order granting the Receiver's request for extension of time.

On February 14, 2024, the Receiver again filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third, Fourth, and Fifth Fee Applications, the latter of which covers October 31, 2023 through December 31, 2023.  On February 21, 2024, the Court entered an Order granting the Receiver's request for extension of time.  As of the date of this filing, the Third, Fourth, and Fifth Fee Applications have not been re-submitted to the Court.

As of the date of this Motion, the Receiver and his professional team have not been compensated for any time expended or reimbursed for any expenses incurred on or after April 1,

2023.  However, as detailed in the Receiver's Seventh Quarterly Status Report [Dkt. 491], the Receiver has been unable to sell any of the real estate assets that are part of the Receivership, resulting in a continued dearth of available cash.  Indeed, to date, the Receiver has been unable to service any of the extensive debt that encumbers the Receivership's real estate assets.  While significant equity remains in many of the assets held by the Receivership, the continued delay of the Receiver's proposed (and previously approved) sales continues to cost the Receivership between $2 million and $3 million annually.  *See* Seventh Quarterly Report [Dkt. 491] at 15.

The Receiver is optimistic that he will be able to close sales of real property assets in the near future.  However, because of the current lack of available funds as of the end of the First Quarter 2024, and in order to best preserve the Court's and the parties' resources, the Receiver respectfully requests that the Court extend the Receiver's deadline to file his Third, Fourth, Fifth, and Sixth Quarterly Fee Applications **until August 14, 2024**.

Dated: May 15, 2024

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

*/s/ Cortney C. Thomas*
Cortney C. Thomas
  State Bar No. 24075153
  cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 13, 2024, I conferred via email with counsel to the SEC and counsel to Defendant Barton.  Counsel for the SEC has indicated that the Commission is unopposed to the relief requested herein.  As of 7:30 pm on the date of this Motion (May 15, 2024), counsel for Defendant Barton still has not responded to the Receiver's requested conference. Given Barton's prior agreement to the Receiver's Motion for Extension of Time related to the Fifth Fee Application, the Receiver assumes that Barton is not opposed.  However, because Barton has not responded to the Receiver's requested conference, the instant Motion is deemed opposed pursuant to L.R. 7.1.

Notably, on May 15, 2024, counsel for the Receiver filed a Motion to Ratify [Dkt. 494] with a similar Certificate of Conference, noting Barton's failure to respond to the requested conference.  That same day, Barton filed a Notice of Opposition, complaining that counsel had only provided twenty-four hours for a response on the requested conference.  Barton's complaint comes after he previously was silent on the Receiver's efforts to confer on his Motion to Approve the HNHG Turtle Creek Settlement [Dkt. 210] in April 2023 and instead preemptively filed a "Notice of Third Party Offers to Purchase 2999 Turtle Creek Property."   The Receiver will continue to comply with L.R. 7.1 but remains perplexed with the difficulty certificates of conference continue to present in this case.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

**5**

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Cortney C. Thomas*
Cortney C. Thomas