**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **Case No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al,** | § § | |
| **Defendants** | § | |

**FIRST DEVELOPMENT COMPANY OF OHIO, LLC'S
RE-URGING OF MOTION TO INTERVENE AND LIFT STAY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** First Development Company of Ohio, LLC ("Movant") and files this its *First Developmennt Company Of Ohio, LLC'S Re-Urging Of Motion To Intervene And Lift Stay*, re-urging its previously-filed *Motion To Intervene And Lift Stay* [Doc. No. 245] ("Motion"), seeking to (1) intervene in the above-captioned case and (2) lift the litigation stay, and would respectfully show unto the Court as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.      On May 25, 2023, Movant filed its Motion, seeking to intervene in the above-captioned case and requesting that the Court lift the litigation stay.  Movant adopts and re-asserts its Motion here by reference for all intents and purposes as if set forth in full.

2.      On June 15, 2023, the receiver filed his objection to Movant's Motion [Doc. No. 284].

3.      On June 15, 2023, the SEC filed its objection to Movant's Motion [Doc. No. 286].

4.      As a result of the appellate process in this case, on August 31, 2023, this Court issued its Electronic Order [Doc. No. 306], ordering that "The Court DENIES WITHOUT

**REURGING MOTION**                                    **1**

PREJUDICE all pending motions in this case. Parties may refile all such motions after the Court resolves the SEC's motion for entry of a new receivership order." Movant's Motion was pending at the time of the Court's order and thus was denied without prejudice.

5.    On November 29, 2023, this Court entered its orders resolving the SEC's motion for entry of a new receivership order [Docs. No. 416 and 417]. Just as in its prior receivership order, the Court included a stay of litigation and related proceedings (see [Doc. No. 417], pg. 19, paragraph 34).

6.    Accordingly, Movant now files this motion, re-urging its original Motion and seeking (1) to intervene in the above-captioned case and (2) requesting the Court to lift its stay for the reasons laid out in the Motion and herein.

## LAW AND ARGUMENT

7.    The relevant law and facts are laid out in detail in Movant's original Motion and Movant won't repeat the same here, but instead simply adopts and re-urges the same. However, several relevant developments that have occurred since Movant filed its Motion bear pointing out, which Movant will do below.

8.    With respect to Movant's request to lift the litigation stay, Movant re-urges the relevant jurisprudence that when a request to lift the stay is put before the Court, the question "is not **if** but **when** … the stay [should] be lifted and claims allowed to proceed … because at some point, persons with claims against the receivership should have their day in court" (emphasis added).[1]

---

[1] *Securities and Exchange Commission v. Provident Royalties, LLC*, Civil Action No. 3: 09-CV-1238-L (N.D. Tex. July 7, 2011)("To determine whether to make an exception to a stay of proceedings, a court should consider: "`(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from stay is made; and (3) the merit of the moving party's underlying claim." Stanford, 2011 WL 1758763, at *2 (quoting SEC v. Wencke ("Wencke II"), 742 F.2d 1230, 1231 (9th Cir. 1984)). The issue under the test is not if but when during the course of a receivership should the stay be lifted and claims allowed to proceed because "at some point, persons

REURGING MOTION                              2

9.      Further, the second *Wencke* factor – the time in the course of the receivership at which the motion for relief from the stay is made – has obviously been affected because it is now **over a year later** since Movant filed its original Motion, and now as of the filing of this re-urging it has been coming up on **two years** since the original transaction occurred and since the receivership was first created while Movant's funds and Movant's ability to pursue such funds have been languishing in limbo.  Further, the only communication that Movant has received from the receiver with respect to working a deal on this dispute has been a proposal from the receiver that (1) Movant agree to release half the funds to the receiver and give the receiver a release and (2) Movant take the other half of the funds, but the receiver would not give Movant a release, which would allow the receiver to subsequently institute a lawsuit to claw back the half of the funds released to Movant, with a hope and prayer that the receiver would not do so.  This is obviously no deal at all and further argues in favor of lifting the litigation stay because the parties should either be working towards a deal or be allowed to actually litigate the dispute.

10.     Accordingly, for all the reasons listed in the Motion as well as herein, Movant requests that the Cour lift the litigation stay as laid out in Movant's Motion.

**WHEREFORE, PREMISES CONSIDERED**, Movant requests that the Court grant Movant all the relief requested herein and in its original Motion, including (1) entering an order allowing Movant to intervene in this case, and (2) lifting the stay to allow Movant to litigate its rights, and such other and further relief, both at law and in equity, to which Movant may show itself to be justly entitled.

---

with claims against the receivership should have their day in court.'"); *Rishmague v. Winter*, 616 F. App'x 138, 139 (5th Cir. 2015)("the relevant issue "is one of timing, that is, when during the course of a receivership a stay should be lifted and claims allowed to proceed, not whether the stay should be lifted at all'"").

**REURGING MOTION**                              **3**

Respectfully submitted,

  /s/ Jonathan Gitlin
Jonathan Gitlin
State Bar No. 24064305
Email: jonathan.gitlin@rsbfirm.com
Ross, Smith & Binford, PC
700 North Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that prior to filing this motion that on June 7, 2024, he personally spoke with counsel for the receiver who indicated that the receiver was opposed to this motion and the relief requested herein.

  /s/ Jonathan Gitlin
Jonathan Gitlin

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, a true and correct copy of this document was served on all parties receiving notice via the Court's ECF system.

  /s/ Jonathan Gitlin
Jonathan Gitlin

**REURGING MOTION**                                        **4**