Howard Marc Spector
TBA#00785023
Sarah M. Cox
TBA #24119316
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com
sarah@spectorcox.com

**ATTORNEYS FOR**
**TAMAMOI, LLC AND 3820 ILLINOIS, LLC**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 3:22-cv-2118-X** |
| **v.** | § | |
| | § | |
| **TIMOTHY BARTON, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## TAMAMOI LLC AND 3820 ILLINOIS LLC'S RESPONSE IN SUPPORT OF VERIFIED MOTION TO RATIFY SETTLEMENT AGREEMENT

Tamamoi, LLC ("**Tamamoi**") and 3820 Illinois, LLC ("**3820**", and with Tamamoi, the "**Tamamoi Parties**") submit this response in support of the Receiver's Verified Motion to Ratify Settlement Agreement (the "**Motion**") (Dkt. 494), and would respectfully show the Court as follows.

## INTRODUCTION

3820 Illinois is the owner of the real property located at 3820 Illinois, Dallas, TX (the "**3820 Property**"). Tamamoi was the lienholder on the 3820 Property, and that lien was foreclosed on pre-receivership. There is a pending wrongful foreclosure suit brought by JMJ Development, LLC in state court and a motion for summary judgment was filed by Tamamoi and 3820. That proceeding is stayed as a result of the Receivership Order and the subsequent Order Granting Receiver's Unopposed Motion to

Confirm Litigation Stay (collectively, the "**Stay"**) (Dkt. 218). The 3820 Property is in serious disrepair, is vacant, and poses a serious health and safety risk to the community.

The proposed Settlement Agreement resolves all the claims with respect to the 3820 Property, and allows both the Tamamoi Parties and the Receivership to benefit from a final resolution. The 3820 Property will no longer be a significant liability risk to the Receivership Estate, and the Tamamoi Parties will no longer have the cloud on title as a result of the *lis pendens.*

### A. 3820 Illinois Property Background

On April 27, 2018, JMJ Development, LLC ("**JMJ**"), as borrower, executed a Promissory Note to Tamamoi in the amount of $500,000.00 to purchase the real property located at 3820 E. Illinois Ave, Dallas, Texas (the "**3820 Note**"). See **Exhibit A.**

The 3820 Note required JMJ to pay Tamamoi monthly installments of accrued but unpaid interest on the first day of each month beginning June 1, 2018, and continuing until the maturity date of April 26, 2019, at which time JMJ was required to pay Tamamoi all amounts then-outstanding. To secure JMJ's payment and other obligations under the Note, JMJ executed a Deed of Trust (the "**3820 Deed of Trust**") for the benefit of Tamamoi.

JMJ defaulted on its obligations under the 3820 Illinois Note in 2019 by failing to pay all amounts outstanding by the maturity date of April 26, 2019. Tamamoi and JMJ executed multiple extensions, first extending the maturity date of April 26, 2020, and then a second one to July 2, 2021. Partial payments were made at the times of both these extensions, but ultimately, JMJ continued to default on the 3820 Note. On May 11, 2021, JMJ was still in monetary default, had not paid the 2020 ad valorem taxes on the 3820 Property, and had not delivered to Tamamoi proof of insurance as required by the 3820 Deed of Trust. Tamamoi sent JMJ notice of foreclosure sale on that date.

On June 1, 2021, just moments before the foreclosure sale, JMJ made a partial payment of $4,252.00 toward its monetary default, leaving a deficiency of $4,833.13 in accrued and unpaid interest. Even though JMJ had not cured its entire monetary default and had not paid its ad valorem taxes or

provided proof of insurance, Tamamoi agreed to give JMJ one last chance by instructing Tamamoi's attorney to notify JMJ that Tamamoi was passing the June 1st foreclosure sale. Despite passing this sale date, neither the 3820 Note nor the 3820 Deed of Trust were modified by the parties, as Tamamoi had not agreed and would not agree to grant any more extensions or modifications of the loan terms.

As of June 15, 2021, when Tamamoi's attorney again posted notice of the foreclosure sale at the courthouse, JMJ was in monetary default, still had not paid the 2020 ad valorem taxes on the 3820 Property and had not delivered to Tamamoi proof of insurance as required by the 3820 Deed of Trust.

On June 17, 2021, JMJ made another partial payment of $4,252.00 toward its monetary default, which left its account deficient by $1,074.99 in accrued and unpaid interest. Additionally, JMJ still had not paid the 2020 ad valorem taxes on the 3820 Property and had not delivered to Tamamoi proof of insurance as required by the 3820 Deed of Trust. Despite making this partial payment, JMJ did not ask Tamamoi (and Tamamoi did not agree) to extend the July 2nd Maturity Date. JMJ also did not ask Tamamoi (and Tamamoi did not agree) to reschedule the July 6th foreclosure sale.

JMJ then missed its July 1, 2021 interest payment and did not pay the full amount owed by the July 2, 2021 Maturity Date. Because JMJ had failed to cure its defaults, had not sought from Tamamoi a continuance of the foreclosure sale, and had not otherwise reached an agreement with Tamamoi to modify or extend the 3820 Note and 3820 Deed of Trust, Tamamoi instructed its trustee to proceed with the foreclosure sale on July 6, 2021. Tamamoi purchased the 3820 Property pursuant to a credit bid of $405,946.59, leaving a deficiency of $962.53. See **Exhibit B**.

On October 14, 2021, Tamamoi conveyed the 3820 Property to 3820 pursuant to a Special Warranty Deed. See **Exhibit C**. On December 22, 2021, Tamamoi paid both the 2020 and 2021 ad valorem taxes, along with all penalties and interest, assessed against the 3820 Property in the amount of $18,266.08. See **Exhibit D**.

Despite all of this, on March 7, 2022, JMJ filed suit against the Tamamoi Parties in the 68th District Court for Dallas County, Texas, alleging (among other things) Tamamoi wrongfully foreclosed on the

3820 Property (the "**State Court Action**"). JMJ also filed a notice of *lis pendens* against the 3820 Property, clouding title to the 3820 Property. See **Exhibit E.**

The Tamamoi Parties' Motion for Summary Judgment (the **"MSJ"**) was filed on September 30, 2022, and set for hearing on November 7, 2022. Before the MSJ could be heard, the Receiver was appointed and filed a Notice of Stay in the State Court Proceedings.

On September 23, 2022, the Securities and Exchange Commission ("**SEC**") initiated these proceedings by filing its Complaint against the Defendants and Relief Defendants. *See* Complaint, Dkt. 1. On September 26, 2022, the SEC requested the appointment of a receiver for the Defendants. This Court appointed Cortney C. Thomas as Receiver (the "**Receivership Order**") for those parties and he continues to serve in that capacity. [Dkt. 29] In addition to charging the Receiver with investigating the assets held by the Receivership Entities, the Receivership Order directed the Receiver to take control and possession of and to operate the Receivership Estate, and to perform all acts necessary to conserve, hold, manage and preserve the value of the Receivership Estate.

The Receivership Order further stayed all litigation, which was further confirmed by the Court's Order Granting Receiver's Unopposed Motion to Confirm Litigation Stay (Dkt. 218).

On June 28, 2023, in response to Barton's appeal, the Fifth Circuit vacated the Initial Receivership Order effective 90 days after the mandate issued, and remanded the case for further proceedings, including this Court's consideration of a new receivership order.

The mandate issued on August 31, 2023, and thus vacatur of the Initial Receivership Order became effective on November 29, 2023.

In accordance with this Court's orders, on September 7, 2023, the SEC moved for appointment of a receiver, a preliminary injunction, and other equitable relief. Dkts. 309–310. The Court granted the SEC's motion and entered a new receivership order on November 29, 2023.

## B. Condition and Value of the 3820 Property

Contrary to Mr. Barton's assertion that the property has a "likely market value of more than $1 million," the 3820 Property is in serious disrepair and is vacant. It has been completely stripped by vagrants and has water intrusion issues. **<u>The 3820 Property poses a serious health and safety risk to the surrounding community, as evidenced by the photos below.</u>**








3820 is incurring significant costs to keep the 3820 Property secure. 3820 spends a minimum of $700 each month to avoid citations from the city. Illegal dumping on the 3820 Property is a recurring problem. 3820 installed a fence at a cost of $5,000, but it was ripped out of the ground and stolen. Vagrancy is a constant problem, requiring regular intervention. There are also other risks that 3820 cannot completely mitigate without destroying the building (such as the risk that a child enters the building without supervision, or that crimes might occur in the building).

The 3820 Property is not property of the Receivership Estate, and the Receiver has never indicated anything to the contrary. If the 3820 Property were property of the Receivership Estate, the Receivership Estate would owe the Tamamoi Parties for all the expenses incurred maintaining the 3820 Property. Maintenance, security, property taxes and fines alone exceed $100,000.00 at this point, and would only continue to accrue.

## C. The Settlement Agreement

On April 23, 2024, the Tamamoi Parties and the Receiver mediated their disputes in good faith in front of retired United States Bankruptcy Judge Harlin Hale and reached an agreement.

On May 13, 2024, JMJ, through the Receiver, and the Tamamoi Parties executed the Settlement Agreement, whereby the Receiver agreed to release the Lis Pendens and dismiss the State Court Litigation with prejudice, and the Tamamoi Parties agreed to pay $75,000,00 to settle JMJ's State Court Litigation claims and each side released all existing claims related to the Property. Because the Settlement Agreement is in the best interests of the Receivership Estate, the Tamamoi Parties request that the Court ratify the Settlement Agreement.

## **CONCLUSION**

The settlement is in the best interests of the Tamamoi Parties and the Receivership Estate. The Estate will not be forced to incur additional legal expenses to litigate the wrongful foreclosure claim. The Tamamoi Parties and the Receivership benefit from a complete resolution of all the issues relating to the 3820 Property. This Court should ratify the Settlement and grant other such relief as is just and equitable.

Date: June 18, 2024

Respectfully submitted:

   /s/  *Sarah M. Cox*
Sarah M. Cox
TBA #24119316
Howard Marc Spector
TBA #00785023
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
sarah@spectorcox.com
hspector@spectorcox.com

ATTORNEYS FOR TAMAMOI, LLC AND
3820 ILLINOIS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ *Sarah M. Cox*
Sarah M. Cox
