**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ | |
| *Plaintiff*, | §<br>§ | |
| v. | §<br>§ | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et al. | §<br>§<br>§ | |
| *Defendants*. | § | |

**RECEIVER'S MOTION TO EXTEND PAGE LIMITATION FOR
RECEIVER'S REPLY IN SUPPORT OF VERIFIED MOTION TO RATIFY
SETTLEMENT AGREEMENT WITH TAMAMOI, LLC AND 3820 ILLINOIS, LLC**

Cort Thomas, as the court-appointed Receiver ("Receiver"), moves for leave to file a Reply in support of the Receiver's Verified Motion to Ratify Settlement Agreement with Tamamoi, LLC and 3829 Illinois, LLC and Brief in Support, Dkt. 494 (the "Motion"), and addressing the arguments raised in Barton's Response, that exceeds the ten-page limit and in support respectfully shows the Court as follows.

1.      On May 15, 2024, the Receiver filed his Motion seeking ratification of the Receiver's settlement agreement (the "Settlement Agreement,") between Tamamoi, LLC ("Tamamoi") and 3820 Illinois, LLC ("3820 Illinois", and together with Tamamoi, the "Tamamoi Parties") and JMJ Development, LLC.

2.      On June 5, 2024, Barton filed his Response to the Motion (the "Response").[1]  In addition to challenging the necessity of the proposed settlement and whether the settlement is in

---

[1] Dkt. 504.

– 1 –

the best interest of the estate, the Response contends that this Court was divested of jurisdiction to rule on the Motion during the pendency of Barton's interlocutory appeal of the Receivership Order.

3.    Barton has couched the argument to suggest that, despite the absence of a stay (and indeed the absence of a request for a stay related to the current appeal) this Court lacks jurisdiction to take any action related to administration of the Receivership Estate.

4.    To provide the comprehensive treatment each argument deserves, including the jurisdictional argument, and provide a fulsome record available to the Fifth Circuit when Barton will undoubtedly raises the argument in that Court,[2] the Receiver accordingly seeks leave to file a Reply that exceeds the 10-page limitation provided by Local Rule 7.2(c) and anticipates that his Reply will be approximately 17 pages.

5.    Except for a Reply that addressed a Consolidated Response regarding three motions, [Dkt. 431], this is the first instance the Receiver has requested leave to file an overlength brief.

6.    For these reasons, Receiver respectfully requests that this Court grant his motion for leave to exceed page limitations.

7.    The Receiver conferred with the SEC regarding this Motion, and it does not oppose the requested relief.  Barton's counsel did not respond to the Receiver's conference.

---

[2] The Receiver has not been permitted to participate directly in any of the appeals filed by Barton, even those challenging orders issued based on the Receiver's motions.  Instead, the Fifth Circuit has required the Receiver to file motions seeking leave to file amicus briefs.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

On June 17, 2024, counsel for the Receiver conferred by email with counsel for the Commission and counsel for Barton. The Commission is unopposed. Barton's counsel did not respond to the conference.

*/s/ Charlene C. Koonce*
CHARLENE C. KOONCE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

– 3 –