IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § § | Hearing Requested |
| CARNEGIE DEVELOPMENT, LLC | § | |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL018, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § | |

**DEFENDANT BARTON'S RESPONSE IN OPPOSITION TO RECEIVER'S VERIFIED MOTION FOR APPOINTMENT OF APPRAISERS, APPROVAL OF APPRAISALS, APPROVAL HEARING, AND APPROVAL OF SALE OF HALL STREET PROPERTY**

Defendant Timothy Barton files this Response in opposition to the Receiver's Verified

Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval

of Sale of Hall Street Property [ECF No. 502], and requests a hearing on this matter, as follows.

## I.    INTRODUCTION

This Court should deny the Receiver's request to permanently dispose of the receivership estate's assets, including the property at issue here, while the United States Court of Appeals for the Fifth Circuit actively considers the legality of his appointment.  Such a disposition is inequitable, unnecessary, and not in the best interests of the estate (nor is it in the best interests of the subject matter lenders or the Defendant), and this Court lacks jurisdiction to approve it.

The Receiver comes to the Court seeking to liquidate valuable parcels of land located at 3407 and 3409 Hall Street, Dallas, Texas.  These parcels are directly adjacent to Turtle Creek Boulevard and, prior to the initiation of this case, the Defendant had obtained valuable permits and entitlements for that property to be developed into a high rise hotel.  These parcels are owned by TC Hall, LLC which is currently held in the receivership estate pursuant to this Court's order.

Rather than simply holding on to these assets while the underlying enforcement action brought by the U.S. Securities and Exchange Commission, which led to TC Hall being placed into the receivership in the first instance, is litigated, the Receiver seeks to permanently sell them off. To be clear, the Receiver identifies no specific circumstances that necessitate this sale at this time. Instead, he simply cites to general complaints that the Court has heard time and again since day one about his inability "to service the debt on any of the realty held in the Receivership Estate." Br. at 3.  Yet, somehow, notwithstanding this constant sounding of the alarm, the receivership estate seems to have persevered under the *status quo*.  Even if the Court were to agree that the sale price proposed by the Receiver here is a desirable one, it bears reiterating that receiverships are not intended to be mechanisms for simply selling off property when a high bidder comes along. The property at issue belongs to an individual who has yet to have his day in court to defend himself.  Sales, if any, must be necessary and in the best interest of the estate.  Neither of those

prerequisites are met here.  Worse yet, the Receiver attempts to push through this sale at the same time that his own authority is under a cloud of legal uncertainty in the form of an appeal of the receivership order pending before the Fifth Circuit.

Nor is it clear that this sale is even feasible, which begs the question of why the Receiver is expending what he continuously claims to be scarce receivership resources to pursue it in the first place.  As the Receiver notes at the very outset of his concurrently-filed motion moving for the sale of Amerigold Suites, ECF No. 500, the two previous attempts to sell off that property had to be abandoned because "the title company would not close on the sale" as a direct result of Mr. Barton's legal challenges to those sales.  *Id.* at 1-2.  It is not clear why that scenario would not play out the exact same way here.  The title company was exactly right to back away from those previous sales when it learned of the reality of the situation.

Pending legal challenges add tremendous uncertainty to property transactions (the same uncertainty that makes appellate courts adverse to such liquidations while appeals are pending), particularly when such legal challenges are starkly similar to past legal challenges that have been successful (i.e., Barton's challenge to the Court's first imposition of a receivership over, among other entities, TC Hall, which resulted in the Fifth Circuit finding the receivership to be illegal and thereby vacating it).  But Mr. Barton is entitled to defend himself and the property and entities that have been seized by the Government from him, and he very much intends to continue to do just that.  So what has changed now to warrant the Receiver's latest pursuit of speedy liquidation of these assets?  Presumably, regardless of the outcome of this Motion, the title company will not close on the sale and this buyer, too, will walk away.  More receivership estate money and more of the Court's time will have been wasted, all as potential liability builds up against the receivership estate.

The transaction proposed by the Motion is as unnecessary as it is unsupported by the law and facts.

## II.      ARGUMENT & AUTHORITIES

**A.      The Court Should Not Permit the Permanent Disposition of Property While the Legality of the Receivership Is On Appeal.**

While a receivership order is the subject of an active appeal—particularly following a previous appeal that vacated a similar receivership—a district court should not permit a receiver to permanently dispose of a defendant's assets.  Briefing is currently underway before the Fifth Circuit on Mr. Barton's challenge to the new receivership order authorizing the Receiver to take any actions on behalf of the property and legal rights held by entities currently housed in the receivership estate, including TC Hall and, thereby, the parcels of land subject to the Receiver's Motion.  That appeal also challenges the propriety of specific transactions undertaken by the Receiver and approved by this Court permanently disposing of receivership estate property.

It is black letter law that district courts, when having resolved serious legal questions for which an appeal is pending or forthcoming, should avoid actions that cannot be later undone if the appeal is successful.  *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (holding that district courts must "maintain[] the status quo" pending appeal); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 07-01827 SI, 2013 WL 6055079, at *2 (N.D. Cal. Nov. 13, 2013) (citing *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Intern. Typographical Union*, 686 F.2d 731, 735 (9th Cir. 1982)) ("During the pendency of an appeal, the Court may act to preserve the status quo, but may not take actions that alter any substantial rights on appeal or

that cannot later be undone."). The sale approval the Receiver seeks here is exactly the type of irrevocable action that courts have regularly and rightly steered clear of. It would be wholly inappropriate to allow further liquidation of the receivership estate's property, as the Motion at issue contemplates, during the pendency of Mr. Barton's appeal. Doing so would disregard the role and undermine the supremacy of the appellate court. If granted, the Receiver's request would set in motion a chain of events that would be exceedingly difficult and expensive to unwind, if such an outcome is ultimately even possible at all.

As this Court has previously acknowledged, property rights are held sacred in our Country and not to be abridged without process. This Motion, if granted, would deny that process. And, while absolutely necessary should the Court determine to allow this sale to move forward, a 28 U.S.C. § 2001 hearing does not in any way supplant Mr. Barton's right to defend himself against the underlying charges levied by the Government *before* his property is permanently sold off. And such an administrative hearing does not negate the Court's obligation to maintain the status quo during the pendency of an appeal.

**B.    The Court Cannot Expand the Scope of the Receiver's Authority While an Appeal is Pending.**

Because the propriety of the receivership order is on appeal, this Court does not possess jurisdiction to modify the order and expand the scope of the Receiver's authority. According to the Fifth Circuit, "[t]he filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, (5th Cir. 2024). The Fifth Circuit reviewed other cases to determine whether procedural orders concern "the aspects of the case on appeal." *Id.* (considering whether a Texas federal court had jurisdiction to transfer a case to a

District of Columbia federal court while an appeal of a failure to grant a preliminary injunction was pending). The question before this Court is much simpler, as it is incontrovertible that the District Court lacks jurisdiction to enlarge or alter one of the actual orders being appealed—here, the order imposing a receivership. *See, e.g.*, *City of Cookeville, Tenn. V. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007).

Through his Motion, the Receiver undeniably asks the Court to enlarge the scope of his authority by way of granting him the power to sell real estate held in the receivership, if for no other reason than because 28 U.S.C. § 2001 requires him to do so. Put simply, if the Receiver already held the authority to sell the TC Hall parcels, he would not be asking the Court for permission to do it. Indeed, 28 U.S.C. § 2001 specifically retains the authority to sell receivership property with the Court and only permits the Court to enlarge the scope of the Receiver's powers if certain criteria are found to be met. Nevertheless, this Court lacks the authority to grant the approval the Receiver seeks. *Cf. S.E.C. v. Kirkland*, No. 606CV-183-ORL-28KRS, 2006 WL 3333672, at *1 (M.D. Fla. Nov. 16, 2006) (reasoning that, where preexisting order required receiver to seek authority before selling real property, conferring such authority would constitute modification of the scope of the order on appeal).

The Receiver is requesting that this Court expand the scope of his authority to enter the settlement, but, as a result of appeal of the new receivership order pending before the Fifth Circuit, the Court cannot presently modify the scope of the receivership order for this purpose.

## C.      The Court Should Not Approve the Proposed Sale.

Even if the Receiver possessed the authority or ability to enter into the proposed sale of the TC Hall parcels, which—for the reasons outlined above—he does not, the merits and procedural posture of these proceedings require that the Court deny the Motion.

Generally, courts that have considered the question have held that the business of prejudgment receiverships should not be the liquidation of assets, but instead their conservation in place. *See SEC v. Current Fin. Servs., Inc.*, 783 F. Supp. 1441, 1445 (D.D.C. 1992) ("The further step of liquidating Current's assets … is not necessary to protect Current's investors nor are such drastic measures appropriate prior to the entry of final judgment."); *Los Angeles Tr. Deed & Mortg. Exch. v. SEC*, 285 F.2d 162, 182 (9th Cir. 1960) (lamenting the "special additional penalty" that would result by allowing a Commission receiver to liquidate). Approving the sale of the TC Hall parcels would fail to secure some of the receivership estate's valuable assets in place for potential return to Mr. Barton, in the event the Commission does not prove its case.

The receiver does not meaningfully attempt to establish that the sale will be in the best interest of the receivership estate, other than to claim that the sale price is a desirable one. But in considering the best interests of the estate, this Court should account for the eventual beneficiaries of the estate, not solely a myopic view of bringing the most possible cash in the door to fuel further receivership activity.

Moreover, the Receiver has failed to establish that this sale is necessary. *See, e.g.*, *Current Fin. Servs.*, 783 F. Supp. at 1445 (finding liquidation neither "necessary to protect [the defendant's] investors" nor "appropriate prior to the entry of final judgment"); *SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987) ("We have in the past criticized the use of receivers to effect the liquidiation [sic] of a defendant firm in litigation under the Securities Act or the Securities Exchange Act") (citing *SEC v. S & P Nat'l Corp.*, 360 F.2d 741, 750 (2d Cir. 1966)). In fact, he does not even try to do so. The Receiver improperly requests to permanently change the *status quo* of assets rather than preserve them for use or return upon final judgment. *See id.*; *Los Angeles Tr. Deed*, 285 F.2d at 182. Property sales are extremely difficult to undue and, as this

Court has acknowledged several times, real property is not fungible like cash or bearer bonds. There is no stated or apparent urgency to do what the Receiver requests to do right now. The Receiver has identified no special circumstances that justify a prejudgment liquidation of assets under receivership, particularly when a cloud of legal uncertainty hangs over the entire process. Therefore, the Court should hold this special property in particular, instead of selling it for the below market value of $6,000,000. Br. at 6-7.

The proposed sale price is far below the property's fair market value. This location is adjacent to Turtle Creek Boulevard in Dallas and is entitled for construction of a high-rise hotel. As such, the best prospect for maximizing return from this property is to develop it into a hotel or, failing that, to sell it to a developer immediately poised to do so. That has not been done here. Instead, the Receiver assigns blame for a below market sale to the pendency of challenges to his authority in the Fifth Circuit. *See* Br. at 2. But that is an argument against selling the property now, before the resolution of the appeal or this litigation, as urged above. And the Receiver provides no evidence that the value of the property (with the cloud of litigation removed from it and after having been properly marketed) will be less than the discounted price being obtained now.

### III.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court deny the Receiver's Verified Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Properties.

-8-

Dated: June 26, 2024

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On June 26, 2024 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney