IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**RECEIVER'S RESPONSE TO FIRST
DEVELOPMENT COMPANY OF OHIO, LLC'S
RE-URGING OF MOTION TO INTERVENE AND LIFT STAY**

Cort Thomas, the Court-appointed Receiver, responds to First Development Company of

Ohio, LLC's ("First Development") Re-Urging of Motion to Intervene and Lift Stay [Dkt. 505]

(the "Motion") and in support respectfully shows the Court as follows:

1

As he has repeated multiple times,[1] even as recently as two weeks ago,[2] the Receiver opposes lifting the Stay[3] provided by the Order Appointing Receiver [Dkt. 417] ("Receivership Order"). The recurring motions urging this Court to lift the Stay provides further evidence of its importance.[4] But for the Stay's protection, the Receiver would be inundated by legal actions from parties to the over 30 lawsuits currently stayed by the Receivership Order. While this Court initially appointed the Receiver nearly two years ago, due to Barton's repeated appeals, the Receivership is closer to infancy than maturity. And even though over a year has passed since First Development first moved this Court to lift the Stay,[5] virtually nothing in the Receivership has changed due to Barton's appeal of the initial Order Appointing Receiver, its subsequent vacatur,[6] and Barton's appeal of the new Receivership Order.[7] As observed in prior briefing, litigation stays can be and are continued for much longer than two years. *See SEC v. Adams,* No. 318CV00252CWRBWR, 2023 WL 8483662, at *2 (S.D. Miss. June 28, 2023) (denying motion to lift litigation stay five years after imposition of stay, as required to protect the Receivership Estate).

Accordingly, the Receiver renews his prior response to First Development [Dkt.284] as if fully set forth herein, and the Receiver requests that the Court deny First Development's Re-Urging of Motion to Intervene and Lift Stay and requests such other and further relief to which he may show himself entitled.

---

[1] *See* Dkts. 284, 316, 370, 508.

[2] *See* Dkt. 508 Opposing Southern Star's request to lift the Stay.

[3] The Receivership Order provides that "[a]ll civil legal proceedings of any nature…involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities" are stayed. Receivership Order ¶ 34.

[4] *See* Dkts. 245, 311, 321, 349, 505.

[5] *See* Dkt. 245.

[6] *See* Dkt. 304.

[7] *See* Dkt. 429.

2

Respectfully submitted,

By: */s/ Charlene C. Koonce*
 Charlene C. Koonce
  State Bar No. 11672850
  charlene@brownfoxlaw.com
 Timothy B. Wells
  State Bar No. 24131941
  tim@brownfoxlaw.com
 BROWN FOX PLLC
 8111 Preston Road, Suite 300
 Dallas, Texas 75225
 T: (214) 327-5000
 F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

3