**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** | § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § § § | |
| *Relief Defendants*. | § | |

**RECEIVER'S NOTICE OF CONTINUED INTERFERENCE
WITH RECEIVER'S MANAGEMENT OF RECEIVERSHIP PROPERTY**

As he has in repeatedly in the past, Timothy Barton continues to interfere with the Receiver's efforts to sell at least three Receivership properties. Pursuant to the Receivership Order, [Dkt. 417] the Receiver, Cort Thomas, files this Notice detailing Barton's continued violation of the "no interference" provisions of the Receivership Order and in support respectfully shows the Court as follows.

**BACKGROUND**

1. On November 29, 2023, the Court entered its Order Appointing Receiver [Dkt. 417] ("Receivership Order").[1]

2. The Receivership Order prohibits interference with the Receiver's possession, control and management of Receivership Properties. Dkt. 417, ¶ 32.

3. Currently pending before the Court are two motions to approve the sale of the Amerigold Suites and Hall Street Property.[2]

4. On July 12, 2024, the Receiver was informed that Barton had contacted the respective buyers for the Amerigold Suites Property and Hall Street Property, ostensibly to sow doubt about the Receiver's ability to sell the properties. Moreover, the Receiver learned on July 16, 2024, that Barton also contacted the broker who previously listed the Rock Creek property for sale, again in violation of the Receivership Order, requesting documents related to the proposed sale of that property, purportedly because he had "lost" his copies.

5. As the Court is aware, Barton's latest interference, is just that—his latest. When the Receiver tried to sell the Rock Creek property in December 2022, Barton contacted the buyer with dubious claims about the condition of the Rock Creek property and filed a lis pendens.[3] The Court ultimately voided the lis pendens and ordered Barton to pay the Receivership Estate $1,200.[4]

6. Barton also violated the Receivership Order when he visited the Amerigold Suites in February 2024, boasting to the property manager that he had thwarted the earlier sale of that

---

[1] As the Court is aware, the November 29, 2023 Receivership Order followed the Initial Receivership Order, Dkt. 29.

[2] *See* Dkts. 500, 502.

[3] *See* Dkts. 96, 133 pp. 9–10.

[4] Dkt. 104.

property and questioning her about the operation of the property.[5] These actions, among others,[6] prompted the Receiver to file his Notice of Non-Compliance and Continuing Interference [Dkt. 478].

7. Because Barton continues to interfere with the Receiver's duties and flout the Court's explicit injunction against interference[7] as set forth in the Receivership Order, the Receiver files this Notice.

Respectfully submitted,

By: */s/ Charlene Koonce*
Charlene C. Koonce
 State Bar No. 11672850
 charlene@brownfoxlaw.com
Timothy B. Wells
 State Bar No. 24131941
 tim@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary because this document is being filed with the Court's electronic-filing system.

---

[5] *See* Dkt. 478 p.3.

[6] Barton also threatened the owner of the mailbox location at which Receivership Entity mail was delivered, moved art out of Rock Creek and hid it, solicited buyers for Receivership Properties and directed interested purchasers to communicate with him rather than the Receiver. Dkts. 139, 193 at 4, 235.

[7] Barton's contumacious behavior has also included withholding documents, access credentials and similar information and materials. *See* Motion to Compel Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing [Dkt. 133].  After extensive briefing, the Court ultimately found Barton in contempt and awarded coercive sanctions of $500 per day.  Dkt. 235.