UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, §<br>§<br>§<br>*Plaintiff,* §<br>§<br>§<br>v. §<br>§<br>TIMOTHY BARTON, §<br>CARNEGIE DEVELOPMENT, LLC, §<br>WALL007, LLC, §<br>WALL009, LLC, §<br>WALL010, LLC, §<br>WALL011, LLC, §<br>WALL012, LLC, §<br>WALL016, LLC, §<br>WALL017, LLC, §<br>WALL018, LLC, §<br>WALL019, LLC, §<br>HAOQIANG FU (a/k/a MICHAEL FU), §<br>STEPHEN T. WALL, §<br>§<br>*Defendants,* §<br>§<br>DJD LAND PARTNERS, LLC, and §<br>LDG001, LLC, §<br>§<br>*Relief Defendants.* §<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER ON RECEIVER'S MOTIONS FOR APPOINTMENT OF
APPRAISERS, APPROVAL OF APPRAISALS, AND SETTING HEARING
REGARDING APPROVAL OF SALE OF PROPERTY**

Before the Court is the Receiver's motion to appoint appraisers and approve

appraisals, set a hearing, and approve the sales of the Hall Street Property.  (Doc.

1

502).  After careful consideration, and for the reasons below, the Court **GRANTS** the motion.

First, the Court already announced (Doc. 515) that it would hold a hearing on this motion on July 23, 2024, starting at 10:00 a.m., to learn whether any bona fide purchaser has, by the time of the hearing, submitted any competing bid of not less than 10% more than the current contract price and confirm whether the sale is in the best interests of the estate.[1]

In accordance with the Court's order appointing the Receiver,[2] order governing the administration of the receivership,[3] and 28 U.S.C. section 2001, the Receiver submitted three independent appraisals of the Hall Street Property ("the Property").[4] The Receiver notes that the three appraisals value the Property "at $5,300,000, $4,780,000, and $4,487,800–$6,170,725, resulting in an average appraised value of $5,136,421."[5] The Receiver asks the Court to approve his contract to sell the Property for $6,000,000.  The Court agrees with the Receiver that this proposed sales price exceeds two-thirds of the average appraised value of the Property as required by the statute.[6]

---

[1] 28 U.S.C. § 2001(b) ("The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.").

[2] Doc. 417.

[3] Doc. 419 (ratifying and adopting Doc. 63).

[4] Doc. 503.

[5] Doc. 502 at 4.

[6] 28 U.S.C. § 2001(b).

Having reviewed the Receiver's submission and carefully considering the motion, the Court **APPOINTS** the appraisers for the purpose of providing their appraisals of the Property and **ACCEPTS** the appraisals they provided in satisfaction of 28 U.S.C. section 2001(b).  The Court will soon hold the hearing on this motion.

It is **SO ORDERED**, this 17th day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE