**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § | |
| *Relief Defendants.* | § § | |

**MOTION TO ADJOURN HEARING ON RECEIVER'S MOTIONS TO APPROVE
THE PRIVATE SALES OF AMERIGOLD SUITES AND THE TC HALL PROPERTY**

Defendant Timothy Barton respectfully moves for the Court to adjourn the hearing on

Receiver's motions for the sales of Amerigold Suites and the Hall Street Property (Dkts. 500, 502)

that is currently scheduled for July 23, 2024 at 10:00AM.

The contracts attached to the Receiver's opening motion suggested that the buyers of these

properties would have their deposits at risk after 45-day (Dkt. 501 at 9) and 60-day (Dkt. 503 at

15) due diligence periods, and then be required to close the transactions two months thereafter.

1

For the first time in its final Reply brief, the Receiver revealed that the buyers will not be obligated to close the sales until after the Defendant's appeal of the Receiver's authority, pending in the United States Court of Appeals for the Fifth Circuit, is resolved. Dkt. 528 at 8. Exhibit A. The Receiver's Reply also explicitly concedes that the purchase price is discounted because of Barton's appeals. Dkt. 500 at 4 (stating that Amerigold was initially contracted to be sold for $5,500,000, prior to Barton's appeal).

These new revelations confirm that the proposed sales are not in the best interest of the receivership estate and that this scheduled hearing is a waste of the Court's and the parties' time. The Court's consideration and approval of the sales would be unnecessary if Barton's appeal succeeds. And the discount the Receiver proposes to accept on these properties, solely due to continued legal uncertainty regarding the Receiver's authority to sell them arising from the pending appeal, is also unnecessary. After all, the Receiver has now revealed that the sales *will not close until after the appeal is concluded*. And if the appeal somehow fails, the properties can then be sold—at about the same time as the proposed sales—without the discount arising from the appeal and its attendant legal uncertainty. The only benefit, the Receiver suggests, would be to save a couple months of due diligence and closing activities after the appeal is concluded. But where is the evidence that any expense from those saved couple months would be greater than the discount the Receiver is admittedly factoring on the proposed property sale now? The Receiver has not done that work. And, at this stage, the proposed hearing is poised solely to diminish the sale price of these properties with the transactions set to close after the appeal and to waste the limited resources of the Receiver and run up its expenses to be charged to the estate.

The better course is to adjourn this hearing until 15 days after the Fifth Circuit's mandate is issued. If the appeal is successful, the hearing can be cancelled. If the appeal fails, the whole

point of 28 U.S.C. § 2001 hearings can be fulfilled:  To draw in buyers from the public offering

superior terms for a sale to be closed after the appeal and without the discounts associated with the

legal uncertainty of that appeal.

## CONCLUSION & PRAYER

For the forgoing reasons, the Defendant respectfully requests that the Court adjourn the

hearing currently scheduled for July 23, 2024 at 10:00AM, until 15 days after a mandate is issued

by the Fifth Circuit in the pending appeal.


Dated: July 19, 2024                                Respectfully submitted,

By: /s/ Michael J. Edney
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (admitted to NDTX)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**


## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, I electronically filed the foregoing document with
the Clerk of Court for the U.S. District Court for the Northern District of Texas, using the electronic
case filing system of the Court. The electronic case filing system will need to send "Notice of
Electronic Filing" to the attorneys of record who have consented in writing to accept the Notice as
service of this document by electronic means.

By: /s/ Michael J. Edney
Michael J. Edney