UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    *Plaintiffs,*<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>    *Defendants.*<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC<br><br>    *Relief Defendants.* | § § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |

**ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR EXEMPTION FROM RECEIVERSHIP AND JUDGMENT**

Before the Court are two motions from Daniel Crow pertaining to Venus 59, LLC ("Venus 59"). In both motions, Crow argues he owns 90% of Venus 59, is outside the influence of defendant Timothy Barton, and should be able to administer the LLC that is in the receivership estate. The first motion seeks a hearing and the relief of being able to fund Venus 59 to pay taxes, to list the property for sale, and to address basic administrative needs while getting reimbursed once the LLC sells or earns income. (Doc. 482 at 1–2). The second motion is styled as a motion for judgment and seeks discovery from the Receiver, a hearing, and a judgment. (Doc. 485 at 1).

The Court is sympathetic to Crow's argument that he owns the vast majority of Venus 59 and is outside Barton's control and that he cannot administer or sell the

company. But the Court cannot give Crow all he seeks. If Crow could withdraw Venus 59 from the receivership estate, so could all majority owners. But the Court is charged under the law with protecting the entire receivership estate so that if investors prevail, they will receive as much of their investment as possible (or if Barton prevails, he will receive as much back as possible). And even as to requests from the Receiver for discovery, subjecting the Receiver to requests for discovery from co-investors and lenders would quickly deplete the resources of the receivership estate on attorney's fees. This act would harm the receivership estate the Court is sworn to protect.

On the other hand, the Court has approved the sale of specific real property in the past when the Receiver showed that a disposition now is in the best interest of the receivership estate. (*See, e.g.*, Doc. 537). If Crow is able to find a prospective buyer, he should contact the Receiver to make the case that the sale is in the best interest of the receivership estate. The Receiver can then file a motion with the Court to approve the sale while following statutory requirements on things like appraisals, notice, and a hearing.

For the foregoing reasons, the Court **DENIES** the motions.

It is **SO ORDERED**, this 14th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

2