UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON, et al., | § § § | |
| *Defendants.* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC | § § § § | |
| *Relief Defendants.* | § § § | |

## ORDER

Pending before the Court is Southern Star Capital, LLC's (Southern Star") motion to modify a stay order.  (Doc. 498).  After reviewing the motion, response, reply, and applicable law, the Court **DENIES** Southern Star's motion.

### I.    Background[1]

The Court's previous Receivership Order includes two receivership entities at issue in the current motion: the Lynco Ventures LLC, which owns a 63.75-acre tract of land subject to a note and deed of trust in favor of Southern Star, and DJD Land Partners, LLC, which owns a 127.24-acre tract of land of which 1 acre is subject to a note and deed of trust in favor of Southern Star (hereinafter the "properties").

---

[1] The Court outlined this case's background exhaustively in its order ordering a receivership and need not do so again here.  *See* Doc. 416 at 2–6.

1

Southern Star now moves "(1) to enter an order modifying the stay set forth in the Reciever Order and (2) to authorize [Southern Star] to proceed with a foreclosure sale of the Properties in accordance with Texas law."[2]  The Court denies Southern Star's request.

## II.    Analysis

As briefed by both sides, courts analyzing whether to lift a stay in receivership cases follow the three-factor test set forth in *Wencke*: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."[3]  The Court will discuss each factor in turn.

### A. Preserving Status Quo Versus Moving Party's Potential Injury

On the first factor, Southern Star argues that it and DJD will suffer irreparable injury if the stay is not lifted.[4]  Specifically, Southern Star argues that the estate of Southern Star's owner and operator will deplete if it is unable to foreclose

---

[2] Doc. 498 at 3–4.

[3] *SEC v. Wencke,* 742 F.2d 1230, 1231 (9th Cir.1984).  It does not appear that the Fifth Circuit has officially adopted the *Wencke* test.  While it did use the *Wencke* test in deciding *SEC v. Stanford International Bank Ltd.*, the Fifth Circuit's decision in that case was—unfortunately—unpublished and non-binding.  *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338 (5th Cir. 2011).  But since deciding *SEC v. Stanford International*, the Fifth Circuit has directly approved a court's power to stay a case in receivership matters but has not directly approved the *Wencke* test.  *See generally Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 897 (5th Cir. 2019).  Nevertheless, this Court finds the *Wencke* factors useful in determining the confines of this Court's "broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC action." *Zacarias*, 945 F.3d at 897 n.38.

[4] Doc. 498 at 5–8.

on the Properties.[5]  DJD likewise argues that "[i]ts losses continue to mount daily."[6]

In response, the Receiver argues that Southern Star overstates its injury in general

and its 1-acre parcel of land is benefitted by a sale of the property as a whole, instead

of being sold separately by foreclosure.[7]  The Court agrees with the Receiver.

"The first factor balances the receiver's interests with those of the moving

party."[8]  Here, the Court concludes that the Receiver's interests in keeping the

Properties outweigh the injury asserted by Southern Star.  Sure, while it's almost

certain that some of Southern Star's equity is decreasing, there's evidence in the

record that Southern Star is overstating its loss in equity by $380,000.[9]  As to

Southern Stars' 1-acre interest connected to DJD's 127-acre tract, the Court agrees

with the Receiver that Southern Star's forced judicial sale of 1/128ths acres would

disproportionately drop the value of Southern Star's single acre when compared to an

eventual sale of the entirety of the property.  Any such sale of the property at a whole

at a later date would almost surely make up for Southern Star's day-to-day current

loss in money.

## B. Timing

On timing, Southern Star argues that the second factor weighs in its favor

---

[5] *Id.* at 5–6.

[6] *Id.* at 7.

[7] Doc. 508 at 5–8.

[8] *S.E.C. v. Provident Royalties, L.L.C.*, No. 3:09-CV-1238-L, 2011 WL 2678840, at *2 (N.D. Tex. July 7, 2011) (Ramirez, M.J.).

[9] Doc. 508 at 6.

since "no action has been taken by the receiver" in the six months between the Court's order appointing a receiver and the filing of its motion.[10]  In response, the Receiver argues that the Court's stay should not be lifted because the receivership is in its early stages.  The Court agrees with the Receiver.

Southern Star has not cited a case in its brief where the Court lifted a stay of its receivership in six months.  By contrast, this Court has previously opined that a receivership was still "relatively young" at the two-year mark.[11]  Thus, the Court will not lift a stay in only six months.

### C. Merits of Southern Star's Claim

Southern Star argues that its claim is meritorious because it's the lender on these properties who has valid security instruments.[12]  In response, the Receiver argues that a foreclosure sale would generate less revenue upon sale than an arms-length transaction.[13]  The Court agrees with the Receiver.

Even though this receivership is at its near infancy, many claimants have come to stake their claim because of Barton's default.  Southern Star hasn't established why its need to force a foreclosure sale outpaces the needs of all other lenders, creditors, etc.  Moreover, while the Receiver definitely has an interest in generating the most revenue for Southern Star's properties, the Receiver also has a duty to

---

[10] Doc. 8–9.

[11] *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-0298-N, 2011 WL 13180449 (N.D. Tex. May 6, 2011) (Godbey, J.).

[12] Doc. 498 at 9–11.

[13] Doc. 508 at 9–10.

protect the interest to the Receivership as a whole.  To this end, lifting the stay will not accomplish this.

### III.    Conclusion

The Court **DENIES** Southern Star's motion to modify the stay.  (Doc. 498).


**IT IS SO ORDERED** this 14th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE