**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| TIMOTHY BARTON, | C.A. No.: 3:22-cv-2118-X |
| CARNEGIE DEVELOPMENT, LLC, | |
| WALL007, LLC, | |
| WALL009, LLC, | Jury Trial Demanded |
| WALL010, LLC, | |
| WALL011, LLC, | |
| WALL012, LLC, | |
| WALL016, LLC, | |
| WALL017, LLC, | |
| WALL018, LLC, | |
| WALL019, LLC, | |
| HAOQIANG FU (A/K/A MICHAEL FU), | |
| STEPHEN T. WALL, | |
| Defendants, | |
| DJD LAND PARTNERS, LLC, and | |
| LDG001, LLC, | |
| Relief Defendants. | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**NOTICE OF AUTHORITY**
(*STARBUCKS V. MCKINNEY*)

Plaintiff Securities and Exchange Commission ("SEC") respectfully notifies the Court of a recent Supreme Court case, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), that provides a four-part test for issuance of temporary or preliminary injunctive relief, as described below.  Because this Court already found the presence of those four elements in entering the preliminary injunctive relief in this case, *Starbucks* does not require any different result, and the injunctive relief should remain in place.

*Starbucks* requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest.  *Starbucks*, 144 S. Ct. at 1576.  Although *Starbucks* involved preliminary injunctive relief sought by a different government agency, on July 9, 2024, the Third Circuit in *SEC v. Chappell*, 107 F.4th 114 (3d Cir. 2024), applied the *Starbucks* test to enforcement actions brought by the SEC.

Previously, on September 7, 2023, the SEC moved ("PI Motion") for a preliminary injunction in this case.  *See* SEC's Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose.  (Dkt. No. 309)  The PI Motion addressed and established the elements of the *Starbucks* test.  *Id.* at 22-24; *see also* SEC's Proposed Findings of Fact and Conclusions of Law in Support of the Motion at Conclusion of Law ¶¶ 4-30, 47-55.  (Dkt. No. 390)

On October 10, 2023, the Court entered an Order ("PI Order") granting in part the SEC's request for a preliminary injunction.  (Dkt. No. 418)  The Court relied on the long-standing standard for preliminary injunctions in SEC enforcement actions set forth in *SEC v. First Fin. Grp. of Tex.* 645 F.2d 429, 435 (5th Cir. 1981).  *See* PI Order at 2, n.4.  However, the Court also

expressly found that the SEC had established the elements of the *Starbucks* test.  *Id.  Starbucks*

therefore does not require any different result, and the PI Order should remain in effect.

On December 7, 2023, Defendant Timothy Barton filed a Notice of Appeal of, among

other orders, the PI Order.  (Dkt. No. 429)  That appeal remains pending.

Dated: August 23, 2023                    Respectfully submitted,

                                          */s/ Keefe M. Bernstein*_____
                                          Keefe M. Bernstein
                                          Texas Bar No. 24006839
                                          James E. Etri
                                          Texas Bar No. 24002061
                                          Securities and Exchange Commission
                                          801 Cherry Street, Suite 1900
                                          Fort Worth, Texas 76102
                                          (817) 900-2607 (KMB phone)
                                          (817) 978-4927 (facsimile)
                                          bernsteink@sec.gov

                                          Counsel for Plaintiff
                                          Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I affirm that on August 23, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.


/s/ *Keefe M. Bernstein*
Keefe M. Bernstein