UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| TIMOTHY BARTON, et al., | § § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants.* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC | § § § | |
| *Relief Defendants.* | § § § § | |

## ORDER DENYING MOTION TO INTERVENE AND LIFT STAY

Before the Court is First Development Company of Ohio, LLC's (First Development) motion to intervene and lift stay (Doc. 505). The Court **DENIES** the motion.

### I.    Background

The Court's receivership order appointed a receiver over a number of entities, including Titan Investments, LLC (Titan). Titan signed a contract to buy real property in Grayson County, Texas, and paid earnest money and option fees into escrow at a title company. Titan never closed. The SEC filed this case before the title company disbursed the funds.

### II.    Legal Standard

In deciding whether to lift such a stay, courts generally consider three factors:

1

(1) [W]hether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.[1]

### III.    Analysis

First Development argues that it is entitled to the funds in escrow and the passage of time warrants lifting the stay. The Receiver and the SEC argue First Development wants to cut in line, the Receiver has a valid claim to the funds, and the relevant factors warrant denying the stay. The Court agrees with the Receiver.

The first factor—preserving the status quo or avoiding harm to First Development—cuts against the motion. The status quo is that the funds are in escrow. And First Development hasn't shown harm from not getting to litigate over the funds now. It just wants them now. But so does everyone with a claim the receivership order stays. And inundating a cash poor receivership estate with litigation is not in the best interest of the receivership estate unless there would be a substantial injury to First Development with the stay in place.

The second factor—the time in the course of the receivership—cuts slightly in favor of lifting the stay. It is now two years since the original transaction occurred. But the Receiver has been focusing on the most urgent and important matters. Overall, the Court believes this factor should carry the least weight of the three in a case like this. As a reminder, the SEC's allegations also form the basis of a criminal

---

[1] *SEC v. Stanford Int'l Bank Ltd.*, 424 Fed. App'x. 338, 341 (5th Cir. 2011) (cleaned up).

case. The Court has stayed aspects of this civil case because of that criminal case. And continuances in the criminal case have kept it from going to trial. If timing was the predominant factor, the Court would have to lift the stay for all requesting parties and negate the point of the receivership. And the timing factor would functionally end all receiverships with parallel criminal cases.

The third factor—merits—is a wash. First Development argues it has a contractual right to the escrow finds. But the Receiver argues it has a competing and offsetting fraudulent transfer claim against First Development. Neither in the original briefing of this motion nor in its reurging did First Development explain why the Receiver's claim isn't viable.

Because the first factor matters more than the second factor (and the third is a wash), the Court concludes it will not lift the stay for First Development.

First Development also seeks to intervene. But the real question is intervening to do what. The only relief First Development seeks upon intervening is to lift the stay. Because there is no relief First Development can get, the Court denies the request to intervene.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** the motion.

It is **SO ORDERED**, this 3rd day of September, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE