**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | **Case No. 3:22-CV-2118-X** |
| v. | § § § | |
| TIMOTHY BARTON, *et al.*, | § § | |
| Defendants. | § § | |

**REPLY IN SUPPORT OF MOTION OF INTERESTED PARTY
MCCORMICK 101, LLC TO MODIFY STAY PROVISION
SET FORTH IN RECEIVER ORDER**

No purchaser, no payments, and no plan. There is no current prospective purchaser for the Amerigold Suites (the **"Property"**). There are no payments being made on the debt secured by the Property – while interest continues to accrue thereon. And there is no plan for disposition of the Property, either for the benefit of secured lender McCormick 101, LLC (**"Lender"**), for the benefit of any of the investors aggrieved by the alleged misdoings of Mr. Barton, or for the benefit of any other constituent of the receivership estate.

The absence of any exit plan is obvious from the course of proceedings in this case, in which the Receiver has repeatedly attempted to find buyers for the Property, only to see them walk from their proposed transactions or to see them scared off by Mr. Barton's appeals of orders approving sales to said buyers. Notwithstanding such history, the Receiver does not favor any approach whereby a public sale (it need not be foreclosure, and could be a public auction, following a sustained marketing campaign engineered jointly by both Receiver and Lender) of the Property might occur, bringing certainty to the disposition process. Instead, the Receiver appears content

99105999.2

to continue to pursue the fruitless process of pursuing private buyers, in private transactions, which, in turn, result in multiple motions seeking this Court's approval, which – of course – in turn result in multiple appeals from Mr. Barton.

Continuation on that path does the receivership no good, the Receiver no good, the Lender no good, the aggrieved investors no good, and any other constituents of the receivership estate no good. Instead, it has the effect of subordinating the non-contingent and definite claim of the Lender to the interests of the investors, whose claims are still contingent and indefinite.

All of this occurs – notwithstanding the Receiver's arguments to the contrary – amidst a *status quo* that is most definitely not being preserved. The Property is not fully operating and has cannibalized units (with appliances, cabinetry and accessories removed and relocated to other units) that are not habitable by tenants. This, of course, diminishes value. All while more than $750,000 in unpaid interest has accrued on the debt, as of September 2024, owed to Lender.

The indefinite stay is disproportionate to the Receiver's tracing allegations set out in the Receiver's Opposition – in which the Receiver alleges that a total of $250,000 in Wall investor proceeds was utilized to purchase solar panels at the Property in 2018. If that allegation proves to be true, Lender will have been denied the right to recover debt justly owed to it, which total debt (principal and interest) currently stands at approximately $3.2 million, in favor of a relatively incomparable amount of $250,000 in allegedly ill-gotten proceeds having been utilized for the benefit of the Property.

Last, Lender has sought this Court's reconsideration of its injunction, laid out in the Receiver Order, in intervals of approximately every 6 months. The Court has denied Lender's prior requests, denials that have left Lender disappointed, but orders which Lender has respected. Now, in his Opposition, the Receiver takes umbrage at Lender's latest request, arguing that

99105999.2

Lenders' requests as a whole are too prevalent.  And, in turn, Receiver argues that the scope of the injunctive relief set forth in the Receiver Order should be broadened and transformed, asking the Court to effectively bar Lender from seeking the Court's further consideration in the future.  The Court should in no manner consider granting any such relief.

Respectfully submitted,

**POLSINELLI PC**

By:  */s/  P. Kyle Cheves*
P. KYLE CHEVES (SBN 24126723)
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
(214) 397-0030
kcheves@polsinelli.com

BRETT D. ANDERS (*pro hac vice* forthcoming)
BRADLEY R. GARDNER (*pro hac vice* forthcoming)
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
banders@polsinelli.com
bgardner@polsinelli.com
khodgdon@polsinelli.com

ATTORNEYS FOR
MCCORMICK 101, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October 2024, a true and correct copy of the foregoing Motion was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all counsel of record.

*/s/  P. Kyle Cheves*
P. Kyle Cheves

99105999.2