## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-CV-2118-X |
| | § | |
| TIMOTHY LYNCH BARTON | § | |
| CARNEGIE DEVELOPMENT, LLC | § | |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § | |
| | § | |
| *Relief Defendants.* | § | |

## AGREED ORDER ON MOTION TO SHOW CAUSE
## AND AGREED PROPOSED INJUNCTION

For the reasons previously set out in the Order Appointing Receiver on November 29, 2023

(the "Receivership Order") [ECF No. 417] and pursuant to the agreement of Defendant Barton and

Receiver Cort Thomas to resolve the Receiver's Motion to Show Cause [ECF No. 558] and on

related matters, the Court finds good cause to enter the following Order:

The Court **HEREBY ORDERS** that the following injunction shall remain in effect to the

extent that the Receivership remains in place over any Receivership entities or assets.  Without

further written approval by the Receiver or from the Court, Barton shall not:

1

1. Communicate about the Receivership in any manner, directly or indirectly, with (a) any person, agent, or entity whom Barton knows, has notice or reason to believe has contracted to purchase any Receivership Asset (a "Contracted Purchaser"); (b) any person or entity whom Barton knows, has notice or reason to believe the Receiver is or has been negotiating with regarding the sale of any Receivership Property (a "Negotiating Purchaser"); or (c) any other person or entity, or the broker or agent for such person, who has contacted the Receiver to inquire about purchasing a Receivership Property, if the Receiver notifies Barton in writing that Barton's communications with such person are prohibited (an "Identified Potential Purchaser"); and (d) any person or entity that Barton knows, has notice or reason to believe is the broker, attorney, employee, or agent of any Contracted Purchaser, Negotiating Purchaser, or Identified Potential Purchaser;

2. Disrupt, hinder, terminate, delay, or interfere with the Receiver's or his agents and broker's efforts to (a) locate buyers interested in purchasing Receivership Properties; (b) contract for the sale of any Receivership Property; or (c) close an approved sale, including all activities necessary and incidental to closing. Except as reflected below in paragraph 4, this provision does not limit or modify any right Barton may possess, individually or on behalf of a Non-Receivership Entity, or any entity that is not otherwise subject to an injunction or stay, to participate in a court proceeding;

3. Communicate, directly or indirectly, with any person or entity whom Barton knows, has notice or reason to believe is employed by, contracted to, or actively involved in managing, operating, supervising, or assisting in the management, care, or supervision of any Receivership Asset, including specifically but not limited to contracted management for the Amerigold Suites and the D4 HUD apartment complexes; and

4. Without seeking and obtaining leave of Court, commence or participate, directly or indirectly, in any lawsuit against any buyer, prospective buyer, managers, or brokers, person or entity, related to any Receivership Asset or the management of any Receivership Asset. Nothing herein is intended or shall be construed to preclude Barton from seeking any relief in *SEC v. Barton et al*, (the "Receivership Lawsuit") including through an appeal of any order entered in the Receivership Lawsuit or any lawsuit initiated by the Receiver directly against Barton.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees, and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

**IT IS SO ORDERED**, this ___ day of October, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE


AGREED:


By: */s/ Charlene C. Koonce*                    By: */s/ Michael J. Edney*
   Charlene C. Koonce                                      Michael J. Edney
    Texas Bar No. 11672850                               Virginia Bar No. 48253
    charlene@brownfoxlaw.com                          DC Bar No. 492024 (admitted to N.D. Tex)
   Timothy B. Wells                                          medney@huntonak.com
    Texas Bar No. 24131941                            HUNTON ANDREWS KURTH LLP
    tim@brownfoxlaw.com                               2200 Pennsylvania Avenue NW
   BROWN FOX PLLC                                    Washington, DC 20037
   8111 Preston Road, Suite 300                      Tel: (202) 955-1500
   Dallas, TX  75225                                      Fax: (202) 778-2201
   Tel. 214.327.5000
   Fax. 214.327.5001                                   *Attorneys for Timothy Lynch Barton*

   *Attorneys for Receiver Cortney C. Thomas*