UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants.* | § § | |

## ORDER

Before the Court is Interested Party McCormick 101, LLC's ("McCormick")

most recent motion to modify the stay provision in the receivership order. (Doc. 563).

The Court **DENIES** the motion.

1

As this Court outlined in its order denying McCormick's previous motion to modify the stay,[1] when considering whether to lift a litigation stay in a Receivership, the Court should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."[2]

The first factor "essentially balances the interests in preserving the receivership estate with the interests of [McCormick.]"[3] The Court recognizes McCormick's frustration that it has received no payments on the loan since its last request for a lift of the litigation stay, interest on its balance is up to $754,667.39, and the Amerigold Suites *still* has not sold after two years in foreclosure. McCormick contends that its interests are being harmed by its growing debt with no repayment since the litigation stay was put in place.[4] But this was the case even when McCormick acquired its loan—*after* the stay was already in place.[5] And "the Receiver's task to marshal, preserve and conserve the receivership estate is as much for [McCormick's] benefit as for the benefit of all of the other [creditors]."[6]

---

[1] Doc. 466, 2.

[2] *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1980) (*Wencke II*)).

[3] *Id.*

[4] Doc. 563, 6.

[5] *See* Doc. 317, Ex. A.

[6] *Id.*

It is no secret that liquidity is an issue in the Receivership, notwithstanding the Receiver's diligence in recovering funds for the Receivership Estate.[7]   Further, the Receiver has indicated he is opposed to the Court lifting the stay for McCormick.[8] If the Court grants this litigation stay, it anticipates numerous motions by other lenders seeking similar relief—costing more money to the Receivership Estate, as the Receiver would have to use funds to respond to each one.   Here, the interests of the Receivership outweigh the injury suffered by McCormick.

Second, the timing points toward denying McCormick's motion.   "Timing in a receivership process is fact specific, based on the number of entities, the complexity of the scheme, and any number of other factors."[9]   McCormick filed a similar motion for relief from the litigation stay a year ago[10] and another in February of this year.[11] But the size of the Receivership estate, the complexity of the scheme, and the litigiousness of the defendant all slow the receivership down such that eleven months under the new Receivership is still early.   Further, the agreed injunction Barton entered earlier this month is designed to expedite the sale process for properties like Amerigold Suites by preventing Barton from interfering.[12]   The injunction has been

---

[7] *See* Doc. 460 at 2–3 (In the Receiver's motion to extend the deadline to file his Third, Fourth, and Fifth quarterly fee applications, he discusses "the current lack of available funds" and inability to "service any of the extensive debt that encumbers the Receivership's real estate assets.").

[8] Doc. 570.

[9] *Stanford*, 424 F.App'x at 341.

[10] Doc. 311.

[11] Doc. 463.

[12] Doc. 580-1.

in place for only a few weeks, so it is too early for McCormick to argue it is ineffective at facilitating sale. The Court finds this factor weighs in favor of keeping the stay.

Finally, the Court considers the merits of McCormick's underlying claim to the principal and interest it's owed. McCormick, as the holder of Goldmark Hospitality's mortgage loan for the Amerigold Suites, is entitled to repayment—as the Court noted in its order approving the sale of the Amerigold Suites.[13] Maintaining the stay here doesn't change that. Whether this third factor weighs in McCormick's favor or not, the first two strongly favor the Receivership interest in maintaining the stay, and that is dispositive.

Accordingly, the Court **DENIES** McCormick's motion to modify the stay and injunction provision in the Receivership Order.

It is **SO ORDERED**, this 6th day of November, 2024.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] *See* Doc. 436 at 2.

4