UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § *Plaintiff*, § § v. § § TIMOTHY BARTON et al., § § *Defendants*, § § DJD LAND PARTNERS, LLC, and § LDG001, LLC, § § *Relief Defendants*. § | Civil Action No. 3:22-cv-2118-x |

**MEMORANDUM OPINION AND ORDER**
**DENYING BARTON'S MOTION TO SEAL**

Before the Court is Timothy Barton's motion for leave to file under seal. (Doc. 555). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. The Court **DENIES** Barton's motion to seal his motion for a protective order but **GRANTS** his request to refile the motion with the language at issue removed.

## I.    Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule

---

[1] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] If the Court seals information, it must give sufficient reasons to allow for appellate review.[5] Finally, "[p]ublicly available information cannot be sealed."[6]

## II.  Analysis

Barton seeks leave of the Court to file a motion for protective order under seal with a redacted version filed on the public docket. He conducted a line-by-line analysis and seeks redaction of only particular phrases and sentences that reveal the nature of a certain line of inquiry the Receiver wants to bring against Barton's finances. Though Barton conducted a line-by-line analysis, the information itself is neither confidential nor trade secret such that it should be sealed. The underlying information Barton seeks to protect with his motion for a protective order may ultimately be judged to be confidential, but his general overview of the nature of that

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).
[3] *Id.*
[4] *Id.* (cleaned up).
[5] *Le*, 990 F.3d at 419.
[6] *June Med. Servs.*, 22 F.4th at 520.

information is not. Given that "the working presumption is that judicial records should not be sealed,"[7] Barton's vague description of the information the Receiver seeks does not overcome that presumption. His motion for a protective should therefore be unsealed.

### III.   Conclusion

The Court **DENIES** Barton's motion to seal but **GRANTS** his request to refile the underlying document without the language at issue. The Court's decision is the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[8]

**IT IS SO ORDERED** this 6th day of November, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[7] *Le*, 990 F.3d at 419.

[8] *June Med. Servs.*, 22 F.4th at 521.

3