IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL018, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL | § § § § § § § § § § § § § § | |
| *Defendants,* | § § § | |
| DJD LAND PARTNERS, LLC LDG001, LLC | § § § § | |
| *Relief Defendants.* | § | |

**DEFENDANT BARTON'S MOTION FOR PROTECTIVE ORDER**

Defendant Timothy Barton respectfully moves for this Court to issue a protective order against a pending inquiry made by the Receiver in the above-entitled matter regarding the identity of a corporation and its owner of a modest contribution towards defraying Defendant's attorneys' fees accrued in defending against the United States Government's criminal and civil actions against him.

The Receiver's request at issue is beyond the reasonable scope of his legitimate need for information and risks prejudicially and inequitably deterring any third party from contributing to Defendant's legal defense.

From the beginning of this matter, Defendant has raised serious concerns about the effect of this Court's receivership orders—and their attendant seizure of virtually all assets held by any corporation or other entity associated with Defendant—on his financial ability to defend himself against the Government's allegations. The Government, if asked, might defend that effect as the unfortunate collateral consequence of some great necessity for the receivership. Though, this Court should be skeptical that starvation of resources for defending against the Government's charges might have been an objective in seeking the receivership. Whether incidental or intentional, this Court should be sensitive to the impact the asset seizure continues to have on Defendant's financial capacity to defend himself against the Government's charges.

And this Court should avoid compounding the problem—and deterring the raising of some funds for the defense and bar Receiver inquiries which only raise costs. This is especially so in light of the small economic scale of the funds at issue, as detailed below. For these reasons, the Court should grant Defendant's requested protective order.

## BACKGROUND

Many pages have been filed in this case regarding the procedural path to this Court's receivership orders. Fewer pages have focused on the effect of the receivership orders on Defendant's financial ability to defend himself against the Government's claim and the Receiver's attendant efforts to encourage his counsel to abandon him. Those efforts include characterizing appeals and arguments therein, including those later accepted by the Fifth Circuit, as frivolous. And those efforts also have included efforts to decrease the chances of compensation of counsel.

To that end, in early 2023, the Receiver began making inquiries of undersigned counsel about how much his law firm had been paid with respect to defending against the Government's allegations and by whom. After numerous written objections to the inquiries, undersigned counsel's law firm revealed the information to the Receiver. In an effort to resolve any immediate dispute and unnecessary motion practice regarding this issue, the firm also provided the Receiver with the source and mechanism of that payment. This accommodation resolved the matter in 2023.

In May 2024, the Receiver inquired again about any further financial contributions to defray Defendant's mounting attorneys' fees. The undersigned law firm promptly responded and encouraged the Receiver to allow the revelation of the modest amount to resolve the inquiry. The firm noted that these funds came from the Defendant's effort to raise contributions for his legal defense from third parties, not from the Defendant's own funds (who, importantly, is not under receivership personally) nor from any of the receivership entities. The firm explained the concern that Receiver inquiries would lead to inquiries of and greater expenses to contributors and deter any further fund raising. And the firm explained that the modest amount in question was not of material concern to any legitimate Receiver objective.

The Receiver declined to take this minor issue off the Court's docket, but agreed to allow the issue to be presented to the Court through a motion for a protective order and to await and abide by the Court's ruling on this issue. On August 1, 2024, the Defendant moved to file the instant motion under seal. One week later, the Court denied that motion without prejudice, specifying the content the Court needs to see in the motion to seal. In connection with this motion, on August 22, 2024, the Defendant filed a renewed motion to seal certain passages of the motion for protective order, attaching the proposed redacted motion for filing. On November 6, 2024, this

Court denied Defendant's motion to seal his motion for protective order, but granted the request to refile the motion with the language at issue removed.

## ARGUMENT

This Court should enter a protective order that dispenses with any potential requirement arising from the Court's receivership order to answer the Receiver's inquiry as to the identity of who made the modest contribution to legal expenses.

The need for a protective order stems from the breadth of this Court's receivership order, which (as written) contemplates that the Receiver may ask and demand an answer to any question of anyone on any topic with some, even tangential, relation to the entities held in the receivership estate. Dkt. 417, ¶¶ 11, 33(A). The theoretically infinite scope of that requirement, in turn, prompts motions for protective orders to this Court to address inquiries that are outside the reasonable ambit of the Receiver's legitimate informational needs, which of course are not limitless.

This is not a position unknown to the federal courts. The Federal Rules of Civil Procedure, for example, permit a party to civil litigation to issue subpoenas for documents and testimony to third parties. The proper method for third parties to challenge the subpoena on grounds that it seeks unnecessary, unduly burdensome, irrelevant, or confidential information is through a motion for a protective order. Fed. R. Civ. P. 45(d). Through this procedure, the Court weighs in on what may otherwise appear as a limitless prerogative to ask questions of others due to pending litigation.

This Court should use Rule 45 and its attendant case law as a parallel guide here, and assess whether the Receiver's request is unduly burdensome and in pursuit of necessary information under the circumstances. Defendant respectfully submits that it is not.

-4-

First, the amount of the funds at issue is so small to make their source irrelevant. Presumably the Receiver will claim the inquiry is in pursuit of lender funds, but the amount not one that would outweigh the countervailing considerations identified below. As with Rule 45, this Court should suppress inquiries for information that are not proportionate to the legitimate need for information in a matter. *See Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 619 (E.D. La. 2022) (ordering for modification of plaintiff's subpoena on the grounds that, as drafted, it "is grossly overbroad, not proportionate to the needs of the case and amounts to an unabashed fishing expedition."). According to the Commission, the lender funds issue is a $20 million problem, and the funds at issue are a fraction of a fraction of that.

Second, the amount and source of a payment of an adversary's attorneys' fees is not necessarily privileged, but it is certainly confidential, in that it would not be disclosed to others in the ordinary course of business. That is because the information can be subject to unfair exploitation by an adversary, including in gauging the capacity of an adversary to continue litigating a matter. That prospect is particularly acute when there is a significant asymmetry of resources between the parties. Here, the Receiver has virtually all of Defendant's resources with which to pursue this matter, in assistance of the Commission.

Third, it is not just whether the information will be unfairly exploited by the Receiver and the Government that is important. It is also the risk that potential future contributing third parties will be concerned that the information will be unfairly exploited. That is because Defendant is attempting to address the effect of the receivership orders' seizure of assets on his financial ability to defend himself in the only way available: Asking third parties for contributions.. And this is not just the Receiver asking about fees. This Court's orders entitle the United States Government to any information gathered by the Receiver. Dkt. 417, ¶ 60. No paranoia would be required to

think that the pressure the Government (through the receivership and other means) is placing on Defendant to lay down its defense of these matters will come in other forms to the contributors. Revealing the identity of contributors will essentially be the end of contributions. And given the seizure of all other Defendant assets, it will be the next step in ensuring that any representation of Defendant against the Government's allegations will be without compensation.

Given the small amount at issue, this Court should be concerned that curtailing future representation of Defendant—and giving the Government and the Receiver an open field for seeking future judicial action—is either the objective of the Receiver's insistence on the identity of the contribution or such an obvious incidental and welcome consequence so as to put the inquiry beyond the reasonable scope of the Receiver's legitimate information needs.

Fourth and importantly, the Commission did not seek, and this Court did not order, placing Defendant personally into the receivership or to otherwise freeze his assets. The Commission on numerous occasions—including in briefs to the Fifth Circuit—have emphasized it not having done so as a sign of allegedly carefully tailoring the remedy sought and its judicial abstemiousness. *See e.g.*, Dkt. 55 at 34. Unfortunately, Defendant has virtually all his assets tied up in his continuing real estate development business and its associated corporate entities. As a result, seizing all corporations and entities associated with Defendant entailed seizing more or less all assets associated with Defendant. But the decision not to seek a receivership or freeze over Defendant should have at least one consequence: How Defendant manages to raise some money for his personal criminal defense lawyer should be outside the ambit of the Receiver. And that should certainly be the case when the payment was made more than a year after the seizure of all his businesses.

On the basis of the foregoing, the Court should enter a protective order making clear the incremental inquiry of the Receiver need not be answered. If the Court disagrees with this request and require the provision of this information, this Court at a minimum should enter a protective order restricting use of this information as follows: (1) barring the Receiver from sharing the information with the Commission or any other Government entity (without further order of the Court) and (2) barring the Receiver from contacting or making inquiry of the contributor without further order of the Court, and then only upon showing a serious and good faith basis that the contributor possesses information relevant to the legitimate purpose of the Receiver.

Dated: November 18, 2024

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On November 18, 2024 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney