# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff,*

v.

TIMOTHY LYNCH BARTON
CARNEGIE DEVELOPMENT, LLC
WALL007, LLC
WALL009, LLC
WALL010, LLC
WALL011, LLC
WALL012, LLC
WALL016, LLC
WALL017, LLC
WALL019, LLC
HAOQIANG FU (a/k/a MICHAEL FU)
STEPHEN T. WALL

    *Defendants,*

DJD LAND PARTNERS, LLC
LDG001, LLC

    *Relief Defendants.*

No. 3:22-CV-2118-X

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

Defendant Timothy Lynch Barton respectfully submits this reply in support of his motion

for a protective order (ECF 587).

The Receiver's opposition brief (ECF 591, hereinafter "Opp.") is an unnecessary excursion

into the Receiver's views on just about every issue in the broader case he is prosecuting hand in

hand with the Government. It loses sight of, and frankly is not directed at, the narrow request that

1

is before the Court:  To protect from disclosure to the Receiver the identity of the person making a small donation to Mr. Barton's criminal and civil defense against the Government's charges.

Absent from the opposition is any grappling with the following:

- The Receiver has been told the amounts and dates of payments to the undersigned law firm to defray the cost of defending Mr. Barton.  ECF 587 at 4.  They are small and few.

- The protective order is not a request for protection from a category of Receiver inquiries.  It is rather a request for protection from having to disclose an incremental amount of information in response to a particular, discrete inquiry:  The identity of the donor of a modest, five-figure sum to Mr. Barton's legal defense, when the Receiver has been provided with the exact amounts and timing of those payments.

This motion, therefore, is not about whether the Receiver should be able to compel information about matters generally speaking.  It is about this particular, discrete, incremental piece of information.  The motion did not require some broad survey of the potential drawbacks of the Receiver not being able to ask questions.  Nor does the narrow requested relief require some reprise of incorrect accusations against the Defendant, which the Defendant will not cut down a forest to rebut here.

Also importantly, the Receiver's lengthy opposition brief about other topics says nothing at all about the even narrower alternative request of a protective order barring the Receiver from sharing the information provided with the Government or of making inquiry of the donor himself without showing a good faith basis for doing so and further order of the Court.  ECF 587 at 6 and 587-1 (proposed order alternative 2).  This narrower request, which is effectively unopposed,

2

should be the minimum relief ordered, if the Court is disinclined to grant the slightly larger request to protect the identity of the donor at issue here from Receiver inquiry.

There are other assertions in the opposition that are at least in the area code of relevant that are both incorrect and merit a response in this setting.

First, the Receiver discounts concerns about the Defendant lacking resources to defend himself against the Government's criminal and civil allegations, by repeatedly chiding him for not having requested that receivership assets be made available for his defense. Opp. at 2, n.4, 3, n.5, 13. The premise of the Receiver's criticism is incorrect. The Defendant asked this Court to make such resources available for his defense in opposing the Commission's request for a new receivership and proposed an alternative receivership order expressly doing so. *See*, *e.g.*, ECF 400 at 35-36. This Court did not grant—or address—that request. And the Defendant is arguing that the Court erred in that regard in his pending Fifth Circuit appeal. *See* Brief of Appeal, Appeal No. 23-11237, ECF 47 at 77-79.

Second, the Receiver repeatedly alleges that the Defendant is funneling vast resources to the law firm of undersigned counsel, given that the firm has filed briefs opposing the phalanx of filings by the Government and the Receiver in this matter. Opp. at 1, 7, 9, 13. Remember: *The Receiver has been provided full information of the amount and timing of payments to this firm for the Defendant's defense, which have been small and few*. The Receiver, and his counsel, should hesitate before suggesting the information provided is incorrect. Asserting that opposing counsel is lying simply comes too easily to Mr. Thomas and Ms. Koonce. Their conduct is unbecoming

of members of this Court's bar, let alone of those who claim they are "agents of this Court" (*see below*).[1]

Third, the Receiver complains that he is being treated "like a party" and not simply "as an agent of this Court." Opp. at 2 & n.3, 10, 11. As the latter, the Receiver contends he should be completely immune from any judicial scrutiny of the scope of his inquiries, because he is essentially the judiciary himself. *Id.* That's an awfully scary theory and a symptom of an out-of-control receivership. Unlike this Court, neither Mr. Thomas nor Mr. Koonce was nominated by the President and confirmed by the United States Senate to a court established by Congress to exercise the judicial power of the United States. *See* U.S. Const. Art. III ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.") This Court adopted the Securities and Exchange Commission's proposed order that required anyone—from the Defendant to anyone else on the planet—to address the Receiver's inquiries. But that order certainly had to have contemplated continuing judicial supervision of the Receiver's inquiries. It was not, nor could it have been, a delegation of this Court's authority to issue orders compelling the disclosure of information. And a motion for a protective order is clearly the appropriate method to seek this Court's supervision of the Receiver's conduct. If that mechanism were not available, authorizing a private citizen to

---

[1] Mr. Cort's and Ms. Koonce's unprofessional assertions are all the more disappointing because they so gratuitous, as they have nothing to do with the matter at hand. Even with regard to the singular, small payment in question, no one is seeking a protective order as to the existence, amount, or date of that payment or of any other payment received to defray the costs of Mr. Barton's defense. That information makes clear that "millions" have not been diverted to this law firm, and the narrow instant motion does not seek protection against any inquiries that would ensure that "millions" or even other material sums are not at issue. Indeed, the only request currently is a protective order against the disclosure of the identity of the donor for a small, singular, five-figure payment—the amount, timing, and other details of which already have been disclosed to the Receiver.

compel the disclosure of any information, from anyone, under any circumstances without further review from this Court or superior courts would have been an erroneous delegation of the judicial power. Indeed, the Receiver's counsel agreed that a motion for a protective order was the right and efficient mechanism to present the inquiry's propriety to the Court and to await the Court's ruling. ECF 587 at 3-4.

Fourth, the opposition barely mentions that the Government did not seek, and the Court did not order, a receivership over Mr. Barton in his personal capacity. At the same time, the Receiver's inquiries are very personal to Mr. Barton. They are asking how he is managing to arrange for even the most financially trivial contributions to his defense against the Government's allegations. The Receiver should stay efficiently focused on the corporations under his temporary charge, rather than spend corporate resources in pursuit of an obsession against Mr. Barton being able to mount a defense against the Government's criminal and civil cases. And "obsession" is the right word, given the small and immaterial amount of money at issue.

Fifth, the Receiver's cited authority regarding the non-privileged nature of the amount or origin of attorneys' fees does not address the motion for a protective order. No one is asserting a privilege (ECF 587 at 5), which was the only argument mounted in the *Fulbright and Jaworski* case cited by the Receiver. *Wing v. Fulbright & Jaowrski LLP*, 2010 WL 1566801 at *1-2 (D. Utah). Instead, the Defendant correctly asserted that fee arrangements are generally confidential (a proposition the cited authority does nothing to disturb). *Id.* Claims of materiality and relevance can make confidential information subject to discovery by an adversary, but it is a comprehensive inquiry balancing need against the confidential nature of the information. Here, the small amount at issue—and the effects of deterring contributions to Mr. Barton's defense, and thus negatively affecting his ability to defend himself—counsel against requiring disclosure of the otherwise

5

confidential information.  And even when courts find that confidential information should be turned over to an adversary, those courts almost always *issue a protective order* restricting the receiving party's use of that information without further order of the Court.  These are precisely the protective measures the Defendant has sought in his motion for a protective order, as an alternative, in the event that the Court finds that disclosure of the information to the Receiver is appropriate.  Again, the Receiver says nothing about, and therefore effectively does not oppose, this more limited aspect of the requested relief.

Sixth, the title and first paragraph of the Receiver's brief refers to a "motion to compel" or "seek[ing] an order compelling" certain information about fees received to fund Mr. Barton's defense.  Opp. at 1.  The brief then never meaningfully returns to the topic.  This limited reference to some kind of affirmative relief being sought by the Receiver is undeveloped, unnecessary, and should be denied.  To read the first paragraph, the Court might be left with the impression that the Receiver has not been provided with information by the firm of undersigned counsel regarding payments received to fund Mr. Barton's defense.  Not so.  As elsewhere obliquely disclosed, the Receiver in 2023 asked for and was provided information regarding the amounts, timing, method, and source of a handful of small payments received by the firm to that point.  Opp. at 8.

The Receiver's background section provides no reference to what happened next, but the motion for a protective order does.  ECF 587 at 3-4.  In May 2024, the Receiver asked whether the firm had received any other payments since the information provided in 2023.  *Id.*  The firm promptly disclosed that one, small, five-figure payment had been received.  It provided the Receiver with the precise amount, the date of the payment, and that it was not received from the Defendant or any corporation in receivership, but instead from a third-party donor.  *Id.*  The only information requested that the Defendant objected to provided was the identity of that donor.  And

6

the Receiver agreed that the proper method for addressing whether that identity should be revealed is by the Defendant filing a motion for a protective order and that the Receiver would await a ruling on it.  *Id.*

That's it.  The identity of that particular donor is the only outstanding inquiry and is the only subject of the pending, narrow motion for a protective order.  And all parties have long been in agreement that, if the Court denied the request for a protective order, that discrete, specified request should be answered.  If the Receiver has other reasonable and appropriate questions of undersigned counsel regarding received fees, it should make them.  It is premature, improper, and frankly odd for the Receiver to submit a vague and undetailed motion to compel in an opposition brief about some undefined quantum of information that has not yet been requested.  Motions to compel are about resolving disputes that have fully ripened, not thinking of new ones that have not yet occurred.

Dated: December 23, 2024

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)

**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On December 23, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*