# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY BARTON, ET AL.,** | § | **No. 3:22-cv-2118-X** |
| *Defendants,* | § | |
| | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC** | § | |
| *Relief Defendants.* | § | |

## <u>APPENDIX OF EXHIBITS</u>
### IN SUPPORT OF DEFENDANT TIMOTHY L. BARTON'S
### RESPONSE TO RECEIVER'S FORTH QUARTERLY FEE APPLICATION

## Table of Contents

| | |
|---|---|
| 1 - Dkt No 150-1, Vacating Order | 2 |
| 2 - Ahuja and Clark's Discussion Regarding Next Steps | 16 |
| 3 - TRACING - Ahuja and Clark ONLY | 19 |
| 4 - Brown Fox Law Tracing Invoices | 27 |
| 5 - Receiver's Declaration and Interim Report | 35 |
| 6 - Vague Entries | 45 |

Respectfully submitted,

*/s/ Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094
warren@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
P. 817-704-3984; F. 817-524-6686
*Attorney for Defendant Barton*

**CERTIFICATE OF SERVICE –** I certify that this appendix of exhibits was served on all parties of record via the Court's electronic filing system on this 21st day of January 2025.

/s/Warren V. Norred

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2023

Lyle W. Cayce
Clerk

No. 22-11132

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff—Appellee*,

*versus*

TIMOTHY BARTON,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

ON PETITION FOR REHEARING

Before CLEMENT, GRAVES, and HIGGINSON, *Circuit Judges*.

JAMES E. GRAVES, JR., *Circuit Judge*:

The petition for panel rehearing is DENIED. We withdraw our previous opinion, reported at 72 F.4th 64, and substitute the following.

The Securities and Exchange Commission ("SEC") sued Defendant Timothy Barton as well as other individual Defendants and corporate entities for securities violations. Barton appeals the district court's order appointing a receiver over all corporations and entities controlled by him. For the

Case: 22-11132    Document: 150-1    Page: 2    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 3 of 52    PageID 19757
Exhibit 1, pg. 2 of 14

No. 22-11132

following reasons, we VACATE the order appointing the receiver effective 90 days after the issuance of this court's mandate and REMAND for further proceedings. We also GRANT in part Barton's motion for a partial stay pending appeal.

## I. Background

### a. Factual Background

The SEC alleges the following facts in its complaint. Beginning around 2015, Defendant Haoqiang Fu, a Chinese national, began brokering homes for Defendant Stephen Wall, a Texas-based home builder. After deciding to expand into real estate development projects, they partnered with Barton, a Texas-based real estate developer. Their plan was to offer and sell investment loans to Chinese investors. To effectuate this plan, Barton formed single-purpose entities (the "Wall Entities") to receive and control investor funds, purchase specific parcels of land, and later develop the land into residential housing. After Wall identified the land for projects, Fu marketed the investments to Chinese investors. For each investment contract, the Wall Entity would borrow a fixed amount from investors and use it in conjunction with other investors' funds and money in hand to acquire a specific parcel of land at a specified price. In return, the investors were promised repayment of the principal after two years and interest payments after the first and second year. Between 2017 and 2019, the Wall Entities raised approximately $26.3 million dollars from over 100 investors. However, only two of the nine Wall entities purchased the property described in their respective investment contracts for a total of $2.6 million. Even these purchases were not made using the investor funds earmarked for those properties—instead, the purchases were made using commingled funds from other offerings. In addition, two other entities controlled by Barton (the Relief Defendants) purchased the properties that two Wall

Case: 22-11132   Document: 150-1   Page: 3   Date Filed: 08/31/2023
Case 3:22-cv-02118-X   Document 597-1   Filed 01/21/25   Page 4 of 52   PageID 19758
Exhibit 1, pg. 3 of 14

No. 22-11132

entities were supposed to purchase. In all, approximately $23.7 million of the investors' funds were commingled and misused to: 1) pay Barton's personal expenses, 2) pay Fu commissions and fees, 3) make Ponzi payments to the earlier investors, 4) make political contributions, 5) acquire unrelated properties, 6) pay professional fees for unrelated properties, and 7) make payments to Wall.

### b. Procedural Background

On September 23, 2022, the SEC sued Barton, Wall, Fu, the Wall Entities, Carnegie Development (the managing member of the Wall entities), and the Relief Defendants for securities violations. The SEC sought a permanent injunction, disgorgement of ill-gotten gains, and civil penalties.

Soon after filing its complaint, the SEC moved to appoint a receiver over the Wall Entities, Carnegie Development, the Relief Defendants, and any other entities that Barton directly or indirectly controls. It supported its motion with a declaration from an SEC Staff Accountant who was involved in the investigation. The declaration details the transfer, commingling, and misuse of the investors' funds. In its motion, the SEC argued that the district court may appoint a receiver on a prima facie showing of fraud and mismanagement based on this court's decision in *SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("*First Financial*"). Barton opposed the motion, arguing that the district court must instead find that a receivership is appropriate under the factors in *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012).

On October 18, 2022, the district court granted the SEC's motion and appointed a receiver over assets belonging to the Defendant entities, the Relief Defendants, and any other entities directly or indirectly controlled by Barton. It made the following findings in its order:

Case: 22-11132    Document: 150-1    Page: 4    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 5 of 52    PageID 19759
Exhibit 1, pg. 4 of 14

No. 22-11132

the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities

. . .

the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

The order gave the receiver numerous powers, including the power to determine the nature of the property interests, take possession of any property belonging to receivership entities, and take any actions necessary to preserve receivership property or prevent its dissipation, concealment, or inequitable distribution.

Barton moved to strike the clause allowing the receiver to take possession of assets belonging to "any other entities that Defendant Timothy Barton directly or indirectly controls." The district court denied his motion. On November 1, 2022, the receiver moved for the district court to supplement its receivership order to include over a hundred newly discovered Barton-controlled entities by name. The district court supplemented its order *nunc pro tunc* to expressly identify 126 newly discovered receivership entities. The receiver then moved for the court to set procedures for the disposition of personal property in the custody of receivership entities. The district court granted the motion and adopted the procedures proposed by the receiver. Barton timely appealed the order appointing the receiver and both follow-up orders. On November 28, 2022,

No. 22-11132

he moved in the district court for a stay pending appeal of the receivership order. While that motion was still pending, he also asked this court for a stay pending appeal. A motions panel of this court denied his request on January 6, 2023, and the district court denied his request on January 17, 2023.

## II. Jurisdiction & Standard of Review

We have jurisdiction over interlocutory appeals from "orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2). We review a district court's decision to appoint a receiver for abuse of discretion. *Netsphere*, 703 F.3d at 305.

## III. Discussion

### a. The Applicable Test

A central dispute between the parties is what test the district court should have applied before imposing a receivership. Barton argues the district court abused its discretion because it did not apply the standard or make the proper findings under the factors set forth in *Netsphere* ("*Netsphere* factors"). The SEC responds that *Netsphere* is inapplicable and the district court's findings were sufficient under *First Financial*.

In *First Financial*, the SEC sued a securities dealer and its officers for securities violations. 645 F.2d at 431. The district court granted the SEC's motion for a preliminary injunction and enjoined each individual defendant "from offering, purchasing, or selling packages of the specified securities in violation of the federal securities laws, and from disposing of assets and records of First Financial." *Id.* at 432. It also enjoined the defendants from disposing of more than $1,500 in personal assets per week. *Id.* Twelve days later, it granted the SEC's motion for a temporary receiver over the

5

Case: 22-11132   Document: 150-1   Page: 6   Date Filed: 08/31/2023
Case 3:22-cv-02118-X   Document 597-1   Filed 01/21/25   Page 7 of 52   PageID 19761
Exhibit 1, pg. 6 of 14

No. 22-11132

defendant entity, First Financial. *Id.* The order directed the receiver "to take exclusive control of the corporate assets in order to prevent injury to First Financial investors and to prevent further violations of the federal securities laws." *Id.* at 437-38. Reviewing the injunction order, this court first explained that under the relevant securities laws, preliminary injunctive relief is appropriate upon a showing of "a reasonable likelihood that the defendant is engaged or about to engage in practices that violate the federal securities laws." *Id.* at 434. It concluded that the district court did not abuse its discretion in entering a preliminary injunction. *Id.* at 436. Turning to the district court's appointment of a receiver, it cited a Seventh Circuit case for the following proposition:

> The prima facie showing of fraud and mismanagement, absent insolvency, is enough to call into play the equitable powers of the court. It is hardly conceivable that the trial court should have permitted those who were enjoined from fraudulent misconduct to continue in control of (the corporate defendant's) affairs for the benefit of those shown to have been defrauded. In such cases the appointment of a trustee-receiver becomes a necessary implementation of injunctive relief.

*Id.* at 438 (quoting *SEC v. Keller Corp.*, 323 F.2d 397, 403 (7th Cir. 1963)). To protect the public welfare and the interests of those who invested with First Financial, this court concluded that the "appointment of a receiver was a necessary relief measure within the discretion of the court, as an ancillary to preliminary injunctive relief during the continuing civil enforcement proceeding." *Id.* at 439.

The SEC relied upon *First Financial* in both its briefing before the district court and this court, but there is a crucial distinction between that case and the receivership order here. There, the SEC already obtained injunctive relief, so the receivership was "proper as an adjunct to injunctive relief for a securities fraud." *Netsphere*, 703 F.3d at 306 (citing *Keller*, 323

Case: 22-11132    Document: 150-1    Page: 7    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 8 of 52    PageID 19762
Exhibit 1, pg. 7 of 14

No. 22-11132

F.2d at 402); *see also Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("Courts possess the inherent authority to enforce their own injunctive decrees.") (citation omitted). Here, the SEC did not obtain a preliminary injunction before seeking a receivership, so *First Financial* is inapposite.

That brings us back to *Netsphere*. In that case, a defendant was involved in disputes over the ownership of domain names. *Netsphere*, 703 F.3d at 302. After settling those domain name disputes in related bankruptcy proceedings, the bankruptcy court recommended the appointment of a special master to mediate unpaid legal fees since the defendant kept hiring and firing lawyers without paying them. *Id.* at 303. The district court appointed a special master, but the defendant went on to fire another attorney. *Id.* at 304. The bankruptcy trustee then filed an emergency motion to appoint a receiver, which the district court granted. *Id.*

Before discussing the propriety of the receivership, this court began by noting that a "[r]eceivership is 'an extraordinary remedy that should be employed with the utmost caution' and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Id.* at 305 (citing 12 C. Wright & A. Miller, Federal Practice and Procedure § 2983 (3d ed. 2012)). It catalogued the various contexts where receiverships are used, including "cases of non-compliance with SEC regulations, [where] a receiver may be appointed to prevent the corporation from dissipating corporate assets and to pay defrauded investors." *Id.* at 306. Turning to the facts of the case at hand, it found that none of the purported justifications supported the imposition of a receivership. *Id.* at 307-11.

Since the SEC had not already obtained an injunction against Barton when the SEC moved for a receivership, *First Financial* does not control and

Case: 22-11132    Document: 150-1    Page: 8    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 9 of 52    PageID 19763
Exhibit 1, pg. 8 of 14

No. 22-11132

instead, the *Netsphere* factors must be met for a receivership to be justified: 1) a clear necessity to protect the defrauded investors' interest in property, 2) legal and less drastic equitable remedies are inadequate, and 3) the benefits of receivership outweigh the burdens on the affected parties. *See id.* at 305.

### b. The Propriety of the Receivership

Having concluded that *Netsphere* applies, we consider whether the district court abused its discretion. In its order, the district court justified appointing a receiver by stating it "is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities" and would be "in the public interest by preserving illicit proceeds of fraudulent conduct, [and] penalizing past unlawful conduct and deterring future wrongdoing." Even assuming that these findings could satisfy the first *Netsphere* factor, the order does not address whether legal and less drastic equitable remedies are inadequate or whether the benefits of the receivership outweigh the burdens on the affected parties. *Netsphere*, 703 F.3d at 305.

For the latter two factors, the SEC asks us to consider the district court's reasoning in its order denying Barton's motion for a stay that was filed after this appeal was lodged. In its brief, it provided no authority for the proposition that we can look to a subsequent order denying a separate motion when reviewing an earlier order. However, at oral argument, SEC's counsel claimed we can do so under the exception for actions in aid of an appeal in *Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972). "This circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983). In *Silverthorne*, the district court denied habeas relief,

Case: 22-11132    Document: 150-1    Page: 9    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 10 of 52    PageID 19764
Exhibit 1, pg. 9 of 14

No. 22-11132

and the petitioner appealed. 460 F.2d at 1178. During the pendency of the appeal, the district court issued a written opinion "in which he thoroughly discussed the rationale in support of his earlier order denying habeas corpus relief." *Id.* This court found that the written opinion's amplified views aided the appeal, so it fell under that exception. *Id.* at 1178-79. Unlike *Silverthorne*, the order the SEC asks us to consider is not a fuller explanation of the earlier order granting a receivership—it is a denial of a separate motion. Further, as Barton points out, the district court's order denying the stay discussed events and actions that took place *after* the receivership was already in place. "'Meaningful appellate review of the exercise of discretion requires consideration of the basis on which the trial court acted.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 n.4 (5th Cir. 2008) (en banc) (quoting *Gurmankin v. Costanzo*, 626 F.2d 1115, 1119–20 (3d Cir. 1980)). The reasoning in the subsequent order goes beyond the basis on which the district court originally acted, and *Silverthorne* does not give us license to consider it.

Constraining our review to the district court's limited reasoning in its original order, we cannot say whether it abused its discretion. *See Gonzalez v. Assocs. Health & Welfare Plan*, 55 F. App'x 717 (5th Cir. 2002) ("Although we cannot say the court abused its discretion by denying prejudgment interest, the district court's failure to explain its reasoning frustrates meaningful appellate review."). Accordingly, we will vacate the appointment of the receiver and remand so that the district court may consider whether to appoint a new receivership under the *Netsphere* factors. When faced with a similar situation, the Third Circuit opted to delay vacatur of the receivership instead of vacating it immediately. *See KeyBank Nat'l Ass'n v. Fleetway Leasing Co.*, 781 F. App'x 119, 123 (3d Cir. 2019). We find the Third Circuit's approach prudent here given the breadth of the receivership and the possibility that a new receivership would cover some of the same entities.

No. 22-11132

Thus, we will vacate the current receivership order effective 90 days from the issuance of this court's mandate.

### c. The Receivership's Jurisdiction

Barton next argues that the district court erred by placing multiple entities he controls in the receivership without any showing that they received or benefitted from ill-gotten investor funds. The SEC responds that the district court acted within its discretion by including all Barton-controlled entities in the receivership. Because it alleges that Barton has engaged in extensive commingling of funds, it claims that Barton's control is an effective proxy for placing an entity in the receivership even if it had not yet traced the funds to that entity.

In *Netsphere*, this court rejected the district court's determination that a receivership was necessary for the defendant to pay his debts to former attorneys because "the jurisdictional principle that a court's equitable powers do not extend to property unrelated to the underlying litigation applies with equal force to receiverships. A court lacks jurisdiction to impose a receivership over property that is not the subject of an underlying claim or controversy." 703 F.3d at 310. In support, it cited *Cochrane v. W.F. Potts Son & Co.* where this court held that a receivership was proper only over the series of bonds subject to litigation, not the other series of bonds that were not subject to the complaint and over which the bondholder did not claim an interest. *Id.* (citing *Cochrane v. W.F. Potts Son & Co.*, 47 F.2d 1026, 1027-29 (5th Cir. 1931)). Accordingly, *Netsphere* held that the district court could not impose a receivership over the plaintiff's personal property or assets owned by certain entities because those assets were not sought in or the subject of the underlying litigation. *Id.*

The SEC relies on *FDIC v. Faulkner* to support the district court's inclusion of all Barton-controlled entities in the receivership regardless of

Case: 22-11132    Document: 150-1    Page: 11    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 12 of 52    PageID 19766
Exhibit 1, pg. 11 of 14

No. 22-11132

whether they received or benefitted from ill-gotten funds. 991 F.2d 262, 267-68 (5th Cir. 1993). In *Faulkner*, the defendants allegedly engaged in fraudulent real estate speculation schemes. *Id.* at 264. The FDIC sought a preliminary injunction against the defendants to limit their ability to transfer assets, and the district court granted it. *Id.* On appeal, the defendants argued that the injunction was too broad since it froze assets that were not obtained through alleged fraudulent activities. *Id.* at 267. Since the defendants refused to aid the district court in determining which of the assets were traceable to the alleged fraud, this court held that the district court "did not err in freezing all of the [defendant's] assets, pending a determination through limited discovery of which assets are traceable to [defendant's] alleged fraudulent activities." *Id.* at 268.

*Faulkner* does not support the district court's actions here. Under *Faulkner*, the SEC could have sought an injunction freezing asset transfers while it traced the funds and determined which entities should be placed in the receivership. But it did not. Since a receivership's jurisdiction extends only over property subject to the underlying claims, the district court abused its discretion by including all Barton-controlled entities in the receivership without first finding that they had received or benefited from the ill-gotten funds. *Netsphere*, 703 F.3d at 310. Should the district court decide that a new receivership is justified on remand, it can only extend over entities that received or benefitted from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

### d. Stay Pending Appeal

After oral argument, Barton moved for a partial stay of certain receivership activities pending appeal. He asked this court to: 1) order the receiver to retain possession of all corporations and corporate property pending a final decision on the merits, 2) suspend the receiver's power to sell

Case: 22-11132   Document: 150-1   Page: 12   Date Filed: 08/31/2023
Case 3:22-cv-02118-X   Document 597-1   Filed 01/21/25   Page 13 of 52   PageID 19767
Exhibit 1, pg. 12 of 14

No. 22-11132

or dispose of assets belonging to receivership entities until 60 days after a final opinion on the merits from this court, and 3) stay the receiver's ability to undertake receivership activities that go beyond caring for the seized assets pending a final decision on the merits. Barton also sought emergency relief from the transfer of one of the receivership entity's possessory interests in a particular property. We denied his emergency request as moot but carried the remainder of his motion with the case.

At the outset, the SEC challenges whether Barton's motion complies with Federal Rule of Appellate Procedure 8. Under Rule 8, stay motions ordinarily must first be presented to the district court "unless it clearly appears that further arguments in support of the stay would be pointless in the district court." *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981). The district court denied Barton's initial motion for a stay pending appeal. When Barton sought to preliminarily enjoin the receiver's auction of contents of a particular receivership property, the district court denied his request explaining that "[Barton's motion] requests the same relief, and on the same grounds, that the Court has already denied multiple times, and the Fifth Circuit has already denied once: a stay of the Receiver's activities pending appeal or final judgment." Given the clear indication that the district court would have denied this motion, we find that Barton's motion satisfies Rule 8 because moving first in the district court would have been pointless. *Id.*

Barton's first and third requests are now moot since we have reached a final decision on the merits. However, his second request is not moot because it seeks relief that extends 60 days beyond the issuance of a final decision. For his second request, we consider four factors in deciding whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

Case: 22-11132    Document: 150-1    Page: 13    Date Filed: 08/31/2023
Case 3:22-cv-02118-X    Document 597-1    Filed 01/21/25    Page 14 of 52    PageID 19768
Exhibit 1, pg. 13 of 14

No. 22-11132

proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). In light of our vacatur of the receivership order, we conclude that Barton has made the proper showing under the factors and is entitled to a partial stay.

## IV. Conclusion

For the foregoing reasons, we VACATE the district court's order appointing a receiver effective 90 days from the issuance of this court's mandate and REMAND for further proceedings consistent with this opinion. We also GRANT in part Barton's motion for a partial stay pending appeal: the receiver's power to sell or dispose of property belonging to receivership entities, including the power to complete sales or disposals of property already approved by the district court, is immediately suspended, and this suspension will remain in effect until the receivership order is vacated 90 days from the issuance of this court's mandate. This suspension does not apply to activities in furtherance of sales or dispositions of property that have already occurred or been approved by the district court. "Activities in furtherance" do not include the completion of the sale of any property. Should the district court enter a new receivership order before the present order is vacated, this partial stay has no bearing on any actions a receiver may take under the new order.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

August 31, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

       No. 22-11132      SEC v. Barton
                         USDC No. 3:22-CV-2118


Enclosed is the opinion entered in the case captioned above.



                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         *Christina Rachal*

                         By:
                         Christina C. Rachal, Deputy Clerk
                         504-310-7651

Mr. Keefe Michael Bernstein
Mr. Michael Christopher Dingman
Mr. Michael J. Edney
Mr. Ezekiel Levenson Hill
Mr. Edwin A. Huffman
Mr. John Joseph Kane
Ms. Charlene Cantrell Koonce
Ms. Karen S. Mitchell
Mr. David B. Reece
Mr. Andrew Robertson
Mr. Richard Bratton Roper III
Mr. Cortney Christopher Thomas

| 07/13/23 | DK | Meeting with Receiver, Mr. Wells, Ms. Huser and Ms. Bremer regarding the status of the project | 3900 | 0.40 | $110.00 |
| 07/17/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur and Ms. Walia | 3900 | 0.50 | $137.50 |
| 07/18/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Ahuja and Ms. Huser | 3900 | 0.50 | $137.50 |
| 07/20/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Walia and Ms. Kaur | 3900 | 0.20 | $55.00 |
| 07/24/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Huser | 3900 | 0.30 | $82.50 |
| 07/25/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $105.00 |
| 07/25/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $75.00 |
| 07/25/23 | DK | Discussion regarding the status of the project the next steps and assigning tasks Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 0.50 | $137.50 |
| 07/25/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $45.00 |
| 07/31/23 | DK | Discussion regarding the status of the project the next steps and assigning tasks Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 0.80 | $220.00 |
| 08/01/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 0.40 | $110.00 |
| 08/04/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $63.00 |
| 08/07/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Walia | 3900 | 0.50 | $137.50 |
| 08/08/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.40 | $84.00 |
| 08/08/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.40 | $60.00 |
| 08/08/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar and Ms. Walia | 3900 | 0.50 | $137.50 |
| 08/09/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.20 | $42.00 |
| 08/09/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.40 | $84.00 |
| 08/10/23 | MA | Meeting with Receiver, Mr. Kwande, and Ms. Huser regarding the status of the project | 3900 | 0.30 | $97.50 |
| 08/10/23 | DK | Meeting with Receiver, Ms. Huser, and Ms. Ahuja regarding the status of the project | 3900 | 0.30 | $82.50 |
| 08/11/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $63.00 |
| 08/11/23 | DK | Discussion regarding the status of the project the next steps and assigning tasks Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 1.20 | $330.00 |
| 08/17/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.60 | $90.00 |
| 08/17/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.60 | $90.00 |
| 08/18/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $75.00 |

| 08/18/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $75.00 |
|---|---|---|---|---|---|
| 08/18/23 | DS | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $137.50 |
| 08/21/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |
| 08/21/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $150.00 |
| 08/22/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 2.40 | $360.00 |
| 08/24/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, Ms. Ahuja, Ms. Dayaran Kandy, and Ms. Walia | 3900 | 0.50 | $137.50 |
| 08/24/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.70 | $105.00 |
| 08/24/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.70 | $147.00 |
| 08/25/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 3.30 | $693.00 |
| 08/25/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.20 | $30.00 |
| 08/28/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 1.00 | $275.00 |
| 08/28/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.50 | $315.00 |
| 08/28/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |
| 08/29/23 | AH | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $28.50 |
| 08/29/23 | DK | Discussion regarding the status of the project the next steps and assigning tasks Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 1.00 | $275.00 |
| 08/29/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 1.00 | $275.00 |
| 08/29/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $45.00 |
| 08/29/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.20 | $42.00 |
| 08/30/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.50 | $137.50 |
| 08/30/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 2.00 | $420.00 |
| 08/31/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $45.00 |
| 08/31/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $63.00 |
| 08/31/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, Ms. Ahuja, Ms. Dayaran Kandy, and Ms. Walia | 3900 | 0.50 | $137.50 |
| 08/31/23 | LD | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $105.00 |
| 08/31/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $45.00 |
| 08/31/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $75.00 |
| 09/01/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.40 | $60.00 |
| 09/01/23 | AH | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $95.00 |
| 09/01/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $150.00 |
| 09/01/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, Ms. Ahuja, Ms. Dayaran Kandy, and Ms. Walia | 3900 | 0.70 | $192.50 |
| 09/01/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.50 | $137.50 |
| 09/01/23 | LD | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |

| 09/01/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |
|---|---|---|---|---|---|
| 09/01/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $150.00 |
| 09/01/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |
| 09/05/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, Ms. Ahuja, Ms. Dayaran Kandy, and Ms. Walia | 3900 | 0.60 | $165.00 |
| 09/05/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Huser and Ms. Peterson | 3900 | 0.00 | $0.00 |
| 09/05/23 | LD | Discussion regarding the status of the project and the next steps | 3900 | 0.20 | $42.00 |
| 09/06/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Ahuja, Ms. Dayaran Kandy, and Ms. Walia | 3900 | 0.20 | $55.00 |
| 09/06/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.50 | $137.50 |
| 09/06/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 2.00 | $420.00 |
| 09/07/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.30 | $45.00 |
| 09/07/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar and Ms. Walia | 3900 | 0.50 | $137.50 |
| 09/07/23 | DK | Meeting with Receiver, Ms. Huser and Ms. Ahuja regarding the status of the project | 3900 | 0.60 | $165.00 |
| 09/07/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.00 | $0.00 |
| 09/08/23 | DK | Discussion regarding the status of the project and the next steps with Ms. Kaur, Ms. Peterson, Ms. Harikumar, and Ms. Walia | 3900 | 0.90 | $247.50 |
| 09/08/23 | MA | Meeting with Receiver and Mr. Kwande regarding the status of the project | 3900 | 0.50 | $162.50 |
| 09/08/23 | AH | Discussion regarding the status of the project and the next steps | 3900 | 0.80 | $76.00 |
| 09/08/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.00 | $210.00 |
| 09/09/23 | VH | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $75.00 |
| 09/09/23 | SK | Discussion regarding the status of the project and the next steps | 3900 | 0.80 | $120.00 |
| 09/11/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.50 | $137.50 |
| 09/12/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.90 | $247.50 |
| 09/12/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 0.50 | $105.00 |
| 09/13/23 | KW | Discussion regarding the status of the project and the next steps | 3900 | 1.90 | $399.00 |
| 09/21/23 | DK | Meeting with Receiver, Mr. Wells, Ms. Huser and Ms. Ahuja regarding the status of the project | 3900 | 0.50 | $137.50 |
| 09/26/23 | DK | Meeting with Receiver, Mr. Wells and Ms. Ahuja regarding the status of the project | 3900 | 0.20 | $55.00 |
| 09/28/23 | DK | Meeting with Receiver and Ms. Ahuja regarding the status of the project | 3900 | 0.30 | $82.50 |

| Date | ID | Description | Task | Hours | Amount |
|------|----|-----------| -----|-------|--------|
| 07/25/23 | CB | Discussion with Mr. Cecil and Ms. Toeteberg-Harms regarding tracing source of funds related to Receiver list of property transactions. | 4900 | 0.30 | $97.50 |
| 07/25/23 | NTH | Discussion with Mr. Cecil and Ms. Bremer regarding tracing source of funds related to Receiver list of property transactions. | 4900 | 0.30 | $82.50 |
| 07/25/23 | TC | Discussion with Ms. Bremer and Ms. Toeteberg-Harms regarding tracing source of funds related to Receiver list of property transactions. | 4900 | 0.30 | $82.50 |
| 07/26/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis | 4900 | 4.50 | $1,237.50 |
| 07/27/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis | 4900 | 8.40 | $2,310.00 |
| 07/27/23 | CB | Update call with Mr. Thomas, Ms. Koonce, Ms. Ahuja, Ms. Huser, Mr. Kwande, and Mr. Cecil to review example bank tracing transactions and address questions | 4900 | 1.00 | $325.00 |
| 07/27/23 | CB | Reviewed sample bank tracing transactions and provided feedback. | 4900 | 0.40 | $130.00 |
| 07/27/23 | MA | Update call with Mr. Thomas, Ms. Koonce, Mr. Cecil, Ms. Huser, Mr. Kwande, and Ms. Bremer to review example bank tracing transactions and address questions | 3900 | 1.00 | $325.00 |
| 07/27/23 | SH | Update call with Mr. Thomas, Ms. Koonce, Ms. Ahuja, Mr. Cecil, Mr. Kwande, and Ms. Bremer to review example bank tracing transactions and address questions | 2900 | 1.00 | $275.00 |
| 07/27/23 | TC | Update call with Mr. Thomas, Ms. Koonce, Ms. Ahuja, Ms. Huser, Mr. Kwande, and Ms. Bremer to review example bank tracing transactions and address questions | 4900 | 1.00 | $275.00 |
| 07/27/23 | DK | Update call with Mr. Thomas, Ms. Koonce, Mr. Cecil, Ms. Huser, Ms. Bremer, and Ms. Bremer to review example bank tracing transactions and address questions | 3900 | 1.00 | $275.00 |

| 07/28/23 | CB | Discussion with Mr. Cecil and Ms. Toeteberg-Harms to discuss process for property tracing project requested by Receiver. | 4900 | 0.50 | $162.50 |
|---|---|---|---|---|---|
| 07/28/23 | NTH | Discussion with Mr. Cecil and Ms. Bremer to discuss process for property tracing project requested by Receiver. | 4900 | 0.50 | $137.50 |
| 07/28/23 | TC | Discussion with Ms. Bremer and Ms. Toeteberg to discuss process for property tracing project requested by Receiver. | 4900 | 0.50 | $137.50 |
| 08/01/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis. | 4900 | 4.30 | $1,182.50 |
| 08/02/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis. | 4900 | 1.20 | $330.00 |
| 08/03/23 | CB | Reviewed tracing of property transactions. | 4900 | 0.60 | $195.00 |
| 08/04/23 | AH | Creating visuals for property tracing summary | 4900 | 3.40 | $323.00 |
| 08/04/23 | CB | Reviewed visuals for property tracing activity | 4900 | 0.30 | $97.50 |
| 08/04/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis; develop project status matrix. | 4900 | 5.00 | $1,375.00 |
| 08/04/23 | CB | Reviewed example visuals of tracing for property transactions and sent to Receiver. | 4900 | 0.40 | $130.00 |
| 08/07/23 | NTH | Analyzed transaction data of bank accounts under receivership with purpose to trace funds received for various properties to Wall entity accounts. Reviewed visual diagrams created for fund tracing for quality and accuracy. | 4900 | 7.50 | $2,062.50 |
| 08/07/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis and update project status matrix. | 4900 | 4.10 | $1,127.50 |
| 08/07/23 | CB | Call with Mr. Cecil, Mr. Wells, and Ms. Koonce to discuss tracing examples for properties and to address questions. | 4900 | 0.40 | $130.00 |

| Date | Initials | Description | Code | Hours | Amount |
|---|---|---|---|---|---|
| 08/07/23 | CB | Reviewed tracing visuals | 4900 | 0.20 | $65.00 |
| 08/07/23 | TC | Call with Ms. Bremer, Mr. Wells, and Ms. Koonce to discuss tracing examples for properties and to address questions. | 4900 | 0.40 | $110.00 |
| 08/08/23 | NTH | Analyzed bank transactions for all receivership accounts for the purpose of tracing funds from related properties to Wall entity accounts. Reviewed examples of fund tracing before sending to client for approval. | 4900 | 6.00 | $1,650.00 |
| 08/08/23 | TC | Perform property tracing using bank records relating to Wall entities as well as other Barton related entities; document tracing analysis and update project status matrix. | 4900 | 3.70 | $1,017.50 |
| 08/09/23 | CB | Update status tracking and review tracing visuals. Responded to questions from team on visuals. | 4900 | 1.20 | $390.00 |
| 08/09/23 | CB | Discussion with Mr. Cecil regarding status of property tracing project including examples and visuals. | 4900 | 0.30 | $97.50 |
| 08/09/23 | TC | Complete initial development of examples for property tracing project; send schedule of examples to Mr. Wells; update status matrix | 4900 | 3.30 | $907.50 |
| 08/09/23 | TC | Discussion with Ms. Bremer regarding the status of property tracing project including examples and visuals. | 4900 | 0.30 | $82.50 |
| 08/10/23 | TC | Perform additional property tracing based on feedback from Receiver | 4900 | 7.00 | $1,925.00 |
| 08/10/23 | CB | Reviewed visuals for all property tracing examples and sent to Receiver for review. Traced additional examples from bank activity | 4900 | 3.20 | $1,040.00 |
| 08/10/23 | CB | Call with Mr. Wells, Mr. Thomas, and Mr. Cecil to discuss property tracing examples. | 4900 | 0.50 | $162.50 |
| 08/10/23 | TC | Call with Receiver and Ms. Bremer to review property tracing examples to date. | 4900 | 0.50 | $137.50 |
| 08/11/23 | TC | Perform additional property tracing based on feedback from Receiver on 8/10/2023 | 4900 | 5.40 | $1,485.00 |
| 08/11/23 | CB | Discuss recent property tracings with Mr. Thomas, Mr. Wells and Mr. Cecil. | 4900 | 0.40 | $130.00 |
| 08/11/23 | CB | Review bank activity for additional property tracing examples | 4900 | 1.90 | $617.50 |

| Date | Initials | Description | | | |
|---|---|---|---|---|---|
| 08/11/23 | TC | Discuss recent property tracings with Mr. Thomas, Mr. Wells and Ms. Bremer | 4900 | 0.40 | $110.00 |
| 08/13/23 | CB | Reviewed new flowcharts for additional property tracings. | 4900 | 0.70 | $227.50 |
| 08/14/23 | CB | Reviewed all visuals for property tracing examples identified to date and sent to Receiver. | 4900 | 5.90 | $1,917.50 |
| 08/14/23 | TC | Perform additional property tracing based on feedback from Receiver on 8/10/2023 and 8/11/2023. Address questions and comments based on review of property examples by Ms. Bremer; update documentation of property examples based on Ms. Bremer's review | 4900 | 6.30 | $1,732.50 |
| 08/15/23 | NTH | Performed quality check of transactions against bank statements to ensure accuracy. The transactions related to additional examples found during transaction tracing of properties funded by Wall account assets. | 4900 | 3.00 | $825.00 |
| 08/17/23 | NTH | Performed fund tracing as requested for additional property 'Winter Haven' and prepared templates for its visual diagraMs.. Completed the gathering of additional information from QuickBooks exports related to unknown credits and debits of Wall entity accounts. | 4900 | 8.00 | $2,200.00 |
| 08/17/23 | CB | Initial review of new property tracings | 4900 | 0.40 | $130.00 |
| 08/18/23 | TC | Review Winter Haven property tracing schedules using bank records; provide feedback on property tracing schedules | 4900 | 1.00 | $275.00 |
| 08/21/23 | CB | Reviewed visuals for property tracings. | 4900 | 0.40 | $130.00 |
| 08/23/23 | SH | Broadview Trust accounting; tracing transactions and related intercompany property sales/purchases; research into Broadview LLC | 2900 | 4.00 | $1,100.00 |
| 08/23/23 | NTH | Updated visual diagrams of transaction tracing based on feedback from law firms and performed quality checks thereof. | 4900 | 4.00 | $1,100.00 |
| 08/23/23 | CB | Reviewed comments from Receiver on visuals for property tracing. Follow up with Ms. Toeteberg-Harms on next steps | 4900 | 0.90 | $292.50 |
| 08/23/23 | SH | Begin tracing payments to individuals per request | 2900 | 0.50 | $137.50 |

| Date | Init | Description | | Hours | Amount |
|------|------|-------------|---|-------|--------|
| 08/24/23 | NTH | Traced examples provided by law firm to identify links to Wall funds. Updated visual diagrams of transaction tracing (7 hours 24 min). Discussion with Mr. Cecil and Ms. Bremer on tasks to complete for property tracings (36 minutes) | 4900 | 8.00 | $2,200.00 |
| 08/24/23 | CB | Call with Mr. Wells and Mr. Cecil to discuss comments and additional requests relate to property tracings. | 4900 | 1.20 | $390.00 |
| 08/24/23 | CB | Review of comments received from Mr. Wells and Mr. Thomas on property tracings. | 4900 | 0.50 | $162.50 |
| 08/24/23 | CB | Reviewed plan for additional property tracing work and developed updated related tracking spreadsheet | 4900 | 1.60 | $520.00 |
| 08/24/23 | CB | Discussion with Mr. Cecil and Ms. Toeteberg-Harms on tasks to complete for property tracings | 4900 | 0.60 | $195.00 |
| 08/24/23 | TC | Develop work plan to complete the property tracing tasks requested by Receiver; begin to research additional property tracing examples. | 4900 | 2.20 | $605.00 |
| 08/24/23 | TC | Call with Mr. Wells and Ms. Bremer to review comments on property tracing example schedules and visuals. | 4900 | 1.20 | $330.00 |
| 08/24/23 | TC | Discussion with Ms. Bremer and Ms. Toeteberg-Harms on tasks to complete for property tracings | 4900 | 0.60 | $165.00 |
| 08/25/23 | NTH | Updated visuals of transaction tracing based on feedback and performed quality checks of visual diagrams | 4900 | 2.50 | $687.50 |
| 08/25/23 | TC | Analyze available bank records to identify deposits and disbursements relating to Southern Properties Capital (SPC) and prepare schedule of all SPC transactions identified; begin to review R&D ledgers provided by Mr. Wells and develop new property tracing examples. | 4900 | 7.70 | $2,117.50 |
| 08/25/23 | NTH | Updated visuals of transaction tracing based on feedback and performed quality checks of visual diagrams | 4900 | 5.00 | $1,375.00 |
| 08/28/23 | NTH | Performed funds tracing for additional examples per request of law firm. Updated visual diagrams for clarity. | 4900 | 7.40 | $2,035.00 |
| 08/28/23 | SH | Broadview Trust accounting - tracing and identifying property and other intercompany transactions for entity assignment | 2900 | 4.50 | $1,237.50 |

| Date | Init | Description | | | |
|---|---|---|---|---|---|
| 08/28/23 | TC | Continue to review R&D ledgers provided by Mr. Wells; update property tracing examples based on R&D ledgers reviewed. | 4900 | 6.70 | $1,842.50 |
| 08/29/23 | CB | Tracing funds from the Wall10 bank accounts forward to various properties. Adding Carnegie Development bank account activity to Excel | 4900 | 2.90 | $942.50 |
| 08/29/23 | NTH | Performed funds tracing for additional examples per request of law firm. Updated visual diagrams to better clarify money transfers among accounts | 4900 | 5.00 | $1,375.00 |
| 08/29/23 | TC | Based on call with Mr. Wells, update property tracing example schedules and document understanding of flow of funds associated with the movement of properties | 4900 | 3.00 | $825.00 |
| 08/30/23 | CB | Review of visuals for property tracing examples. | 4900 | 2.30 | $747.50 |
| 08/30/23 | NTH | Call with Mr. Wells, Ms. Bremer, and Mr. Cecil to discuss property transactions from purchase to sale to identify the lifespan of each property being reviewed. Discuss the best way to visualize tracing examples. | 4900 | 0.60 | $165.00 |
| 08/30/23 | CB | Call with Mr. Wells, Mr. Cecil, and Ms. Toeteberg-Harms to discuss property transactions from purchase to sale to identify the lifespan of each property being reviewed. Discuss the best way to visualize tracing examples. | 4900 | 0.60 | $195.00 |
| 08/30/23 | TC | Call with Mr. Wells, Ms. Bremer, and Ms. Toeteberg-Harms to discuss property transactions from purchase to sale to identify the lifespan of each property being reviewed. Discuss the best way to visualize tracing examples | 4900 | 0.60 | $165.00 |
| 08/31/23 | CB | Review of property tracings and review of additional related bank activity. | 4900 | 4.40 | $1,430.00 |
| 08/31/23 | CB | Call with Mr. Thomas, Mr. Wells, Mr. Cecil, and Ms. Toeteberg regarding property tracing (6 minutes). Discussion with Mr. Cecil and Ms. Toeteberg to discuss details of priority properties (1 hr. 36 minutes). | 4900 | 1.70 | $552.50 |

| | | | | | |
|---|---|---|---|---|---|
| 08/31/23 | NTH | Performed funds tracing for additional examples per request of law firm. Updated visual diagrams to better clarify money transfers among Wall accounts and other receivership accounts. | 4900 | 6.00 | $1,650.00 |
| 08/31/23 | NTH | Call with Mr. Thomas, Mr. Wells, Mr. Cecil, and Ms. Bremer regarding property tracing (6 minutes). Discussion with Mr. Cecil and Ms. Bremer to discuss details of priority properties (1 hr. 36 minutes) | 4900 | 1.70 | $467.50 |
| 08/31/23 | NTH | Performed funds tracing for additional examples per request of law firm. Updated visual diagrams to better clarify money transfers among Wall accounts and other receivership accounts | 4900 | 1.00 | $275.00 |
| 08/31/23 | TC | Discussion with Ms. Bremer and Ms. Toeteberg-Harms to work on updating property tracing example schedules and visuals; coordinate work effort to provide final examples and visuals for Receiver's declaration filing. | 4900 | 1.60 | $440.00 |
| 08/31/23 | TC | Call with Mr. Thomas, Mr. Wells, Mr. Toeteberg-Harms and Ms. Bremer regarding property tracing | 4900 | 0.10 | $27.50 |
| 09/01/23 | CB | Review of visuals for property tracings and edits to visuals. | 4900 | 2.30 | $747.50 |
| 09/01/23 | TC | Complete research and analysis to document and update property tracing examples to be provided to Receiver for Declaration filing. Develop new property tracing examples and update previous property tracing visuals. | 4900 | 8.90 | $2,447.50 |
| 09/01/23 | NTH | Performed funds tracing for additional examples per request of law firm. Updated visual diagrams to better clarify money transfers among Wall accounts and other receivership accounts. | 4900 | 8.00 | $2,200.00 |
| 09/01/23 | AH | Created visual for property tracing | 4900 | 0.60 | $57.00 |
| 09/04/23 | CB | Assisted with edits to tracing visuals and review of tracing examples | 4900 | 4.00 | $1,300.00 |
| 09/04/23 | TC | Develop and document new property tracing examples for TC Hall, Turtle Creek, Orchard Farms, and JMR100 as requested by the Receiver | 4900 | 6.80 | $1,870.00 |
| 09/05/23 | CB | Reviewed last few edits for property tracings. | 4900 | 0.50 | $162.50 |

| 09/15/23 | DK | Started tracing entity relationships and affiliations for Texas Franchise tax combined reports purposes | 3900 | 2.30 | $632.50 |
| 09/20/23 | SH | Broadview Trust review of related party transaction allocations per tracing | 2900 | 3.00 | $825.00 |

| Date | Initials | Description | Hours | Rate | Client Total |
|------|----------|-------------|-------|------|--------------|
| 7/5/2023 | TBW | Begin reviewing bank records to record movement of funds. [Rate reduced for tracing assistance] | 1.8 | 1.8 | $3.24 |
| 7/6/2023 | TBW | Continue reviewing bank records for funds tracing and begin summary chart regarding same. [Rate reduced for tracing assistance] | 5.1 | $150.00 | $765.00 |
| 7/7/2023 | TBW | Continue reviewing bank records and adding to summary chart. [Rate reduced for tracing assistance] | 0.7 | $150.00 | $105.00 |
| 7/8/2023 | CCK | Call with accountants to discuss status and questions related to tracing, commingling and benefit and call with SPC; further emails with accountants regarding call with SPC; continue drafting C. Thomas declaration and confer with T. Wells .................................... ; confer with C. Thomas ............................... ; review T. Wells communication .......................... . | 2 | $385.00 | $770.00 |
| 7/10/2023 | TBW | Continue reviewing receivership entities bank records for funds tracing and continue summary for same. [Rate reduced for tracing assistance] | 3.8 | $150.00 | $570.00 |
| 7/11/2023 | TBW | Continue reviewing bank records for receivership entities to trace funds and continue updating summary chart for same. [Rate reduced for tracing assistance] | 6.4 | $150.00 | $960.00 |
| 7/13/2023 | TBW | Continue reviewing bank records of receivership entities to trace funds and continue summary chart for same. [Rate reduced for tracing assistance] | 4.4 | $150.00 | $660.00 |

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/17/2023 | TBW | Continue reviewing receivership entity bank records to trace funds and continue creating chart for same. [Rate reduced for tracing assistance] | 3.6 | $150.00 | $540.00 |
| 7/24/2023 | TBW | Correspondence with J. Silvasan regarding paychecks (.1); review correspondence from Franklin Street regarding Rock Creek (.2); correspondence with Rock Creek insurance carrier | 0.6 | $200.00 | $120.00 |
| 7/25/2023 | TBW | Continue reviewing receivership entity bank records to trace funds and continue chart for same. [Rate reduced for tracing assistance] | 2.3 | $150.00 | $345.00 |
| 7/26/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance] | 5.2 | $150.00 | $780.00 |
| 7/27/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance] | 3.4 | $150.00 | $510.00 |
| 7/28/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance | 2.7 | $150.00 | $405.00 |
| 8/1/2023 | TBW | Continue reviewing bank records and creating list for same. [Rate reduced for tracing assistance] | 2.4 | $150.00 | $360.00 |
| 8/2/2023 | TBW | Continue reviewing bank records and creating chart of same. [Rate reduced for tracing assistance] | 1.8 | $150.00 | $270.00 |
| 8/7/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 1.2 | $150.00 | $180.00 |
| 8/9/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.1 | $150.00 | $315.00 |
| 8/10/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.3 | $150.00 | $345.00 |
| 8/11/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.2 | $150.00 | $330.00 |
| 8/14/2023 | TBW | Continue tracing research and inputting information on entity chart. [Rate reduced for tracing assistance] | 3.8 | $150.00 | $570.00 |

| | | | | |
|---|---|---|---|---|
| | Continue reviewing receivership entity records to locate title companies (1.4); continue reviewing title company records to trace investor funds (3.3); correspondence with receivership accountants regarding credit card payments (.2); confer with C. Thomas....................................................; correspondence with Sunridge Management regarding D4IN invoices and cable one checks (.3); correspondence with K. O'Rourke..............................................; review FSA maps from Venus tenant (.2); review and revise declaration (1.6); miscellaneous correspondence regarding locating records (.4); correspondence with counsel for Republic Title regarding additional information (.2); review credit card schedule created by receivership accountants and correspondence with same (.4); review files from | | | |
| 08/16/2023  TBW | Republic title (.3). | 4.7 | $200.00 | $940.00 |
| | Confer with C. Koonce regarding declaration (.3); review JMJ Development bank records for specific transactions (.4); correspondence with receivership accountants (.2); review Hahn declaration (.5); correspondence with J. Silvasan regarding Goldmark income statements (.2);compile income statements from same (.5); continue reviewing records to locate title company file numbers (1.2); continue reviewing title company documents and entity bank statements to trace funds (3.5); review drafts of tracing visuals (1.7); review and revise receivership entity chart (.5); correspondence with A. Hall regarding property update (.1); call with | | | |
| 08/17/2023  TBW | Chase bank (.2). | 3.5 | $200.00 | $700.00 |

| | | | | |
|---|---|---|---|---|
| 8/18/2023 TBW | Continue extensive review of title company documents and receivership entity bank records to trace funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 08/23/2023 TBW | Correspondence with landscaper, and Dallas code enforcement regarding parking issue (.6); review no parking sign (.2); correspondence with Aero space reports and revise letter for same (.6); correspondence with receivership accountants; review tracing visuals and provide notes to receivership accountants (.8); correspondence with same regarding meeting (.3); correspondence with counsel for HSTX title (.3); revise letter for First American title (.4); review HR Sterling records for payments (.7); correspondence with receivership accountants regarding same (.3); review and revise C. Thomas declaration ISO new receivership order (1.4). | 1.1 | $200.00 | $220.00 |
| 8/24/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 5.3 | $150.00 | $795.00 |
| 8/24/2023 TBW | Participate in call with accountants regarding tracing (1.6); review 5th Circuit hearing denying stay (.2); correspondence with fidelity title (.2); correspondence with accountants (.5); correspondence with B. Hakari regarding foreclosure and compliance with receivership order (.6); confer with C. regarding same (.2); participate in meeting with accountants regarding tax updates (.3); review Broadview CDs and loans (.4). | 1.6 | $200.00 | $320.00 |
| 8/25/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 5.3 | $150.00 | $795.00 |

| | | | | |
|---|---|---|---|---|
| 8/28/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance | 5.2 | $150.00 | $780.00 |
| 8/29/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 8/30/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 08/31/2023 TBW | Review records for FHC Acquisitions loan documents (.4); correspondence with insurance carrier for Rock Creek (.3); locate documents for receivership accountants and correspondence with same (.6); review Fifth Circuit order regarding rehearing (.4); correspondence with capital one requesting additional documents (.3); confer with C. Thomas............................................ correspondence with counsel for Texas Brand (.2); correspondence with multiple title companies regarding requests (.7); review Johnson county deed records for file numbers (.4); meeting with receivership accountants regarding tracing updates (.4); continue drafting declaration ISO new receivership order (2.4). | 0.4 | $200.00 | $80.00 |
| 8/31/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 2.8 | $150.00 | $420.00 |

| | | | | |
|---|---|---|---|---|
| 9/1/2023 TBW | Review new and revised tracing visuals from receivership accountants and correspondence regarding same (2.9); create tracker for same (.6); confer with C. Thomas ............................ ; participate in meeting with receivership accountants regarding taxes (.7); correspondence with counsel for Aero Space reports (.3); correspondence with multiple title companies (.6); respond to conference email from G. Werley (.2); correspondence with receivership accountants regarding tax documents (.2); continue revising C. Thomas declaration in support of new receivership order (3.4). | 3.5 | $200.00 | $700.00 |
| 9/1/2023 TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 2.8 | $150.00 | $420.00 |
| 9/1/2023 TBW | Review new and revised tracing visuals from receivership accountants and correspondence regarding same (2.9); create tracker for same (.6); confer with C. Thomas ; participate in meeting with receivership accountants regarding taxes (.7); correspondence with counsel for Aero Space reports (.3); correspondence with multiple title companies (.6); respond to conference email from G. Werley (.2); correspondence with receivership accountants regarding tax documents (.2); continue revising C. Thomas declaration in support of new receivership order (3.4). | 3.5 | $200.00 | $700.00 |
| 9/4/2023 TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; update notes for same; continue revising C. Thomas declaration in support of new receivership order; confer with C. Thomas....................... | 9.4 | $200.00 | $1,880.00 |

| Date | | Description | Hours | Rate | Amount |
|------|--|-------------|-------|------|--------|
| 9/4/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.2 | $150.00 | $480.00 |
| 9/4/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; update notes for same; continue revising C. Thomas declaration in support of new receivership order; confer with C. Thomas | 9.4 | $200.00 | $1,880.00 |
| 9/5/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; review and revise C. Thomas declaration in support of new receivership order; confer with C. Thomas regarding status. | 12.4 | $200.00 | $2,480.00 |
| 9/5/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; review and revise C. Thomas declaration in support of new receivership order; confer with C. Thomas regarding status. | 12.4 | $200.00 | $2,480.00 |
| 9/7/2023 | TBW | Review and gather documents for accountants to assist in preparing tax returns and correspondence with same (.8); review receivership mail for legal issues (.4); correspondence with various parties regarding same (.3); participate in meeting with accountants regarding tracing efforts (.6); confer with C. Thomas ; review records for additional title company information (1.3); correspondence with J. Silvasan regarding Amerigold question (.3); attempt to contact Square regarding outage issues (.4); review ledgers for certain entities (1.2); review Dallas county property records regarding same (.6); participate in call with receivership accountants regarding additional tax return questions (.7); review records for records regarding the D4 entities (.6); retrieve Aero Space reports documents (.3). | 0.6 | $200.00 | $120.00 |

| | | | | | |
|---|---|---|---|---|---|
| 9/20/2023 | TBW | Begin reviewing records for additional tracing examples. [Rate reduced for tracing assistance | 1.8 | $150.00 | $270.00 |
| 9/27/2023 | TBW | Continue tracing review. [Rate reduced for tracing assistance] | 3.4 | $150.00 | $510.00 |
| 9/28/2023 | TBW | Continue extensive review of records to trace funds. [Rate reduced for | 2.7 | $150.00 | $405.00 |
| 9/29/2023 | TBW | Continue extensive review of records to trace funds. [Rate reduced for tracing assistance] | 1.7 | $150.00 | $255.00 |
| 10/8/2023 | TBW | Meeting with receivership accountants (.6); review and revise C. Thomas declaration working draft (3.8); briefly review tracing visuals (.7). | 0.7 | $200.00 | $140.00 |

| Date | Initials | Description | Hours | Rate | Client Total |
|------|----------|-------------|-------|------|--------------|
| | | Review and respond to correspondence with K. Hill regarding Gillespie (.2); review mail for legal issues (.5); review notes on Gamez litigation regarding D4OP (.6); confer with C. Thomas regarding same (.3); correspondence with counsel for Texas Republic Bank (.2); review Rock Creek insurance declarations (.4); confer with C. Thomas............................................ ; | | | |
| 07/25/2023 | TBW | correspondence with Sunchase and Sunridge management regarding reports (.3); draft letter requesting information from title companies (.8). | 3.6 | $200.00 | $720.00 |
| 1/8/2023 | TBW | Correspondence with potential landscapers for Ridgeview Addition lot (.9);correspondence with lease holder in Venus (.3); review records for production of credentials (.2); review pacer (.1); finalize letter to East Texas title company and coordinate mailing (.2); review Hahn declaration for information about Venus property (.3); confer with C. Koonce regarding same (.2); correspondence with counsel for Pioneer Finance (.3); review bank records for specific transaction involving D4OP (.3); confer with C. Koonce regarding same (.2); correspondence with counsel for republic title (.2). | 3.2 | $200.00 | $640.00 |
| 10/8/2023 | TBW | Meeting with receivership accountants (.6); review and revise C. Thomas declaration working draft (3.8); briefly review tracing visuals (.7). | 5.1 | $200.00 | $1,020.00 |

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/8/2023 | TBW | Correspondence with receivership accountants (.6); review title company records (2.8); correspondence with Sendera title (.2); correspondence with Old Republic title (.2); continue revising working draft of C. Thomas declaration (2.1); review Goldmark invoices and coordinate payment (.3). | 6.1 | $200.00 | $1,220.00 |
| 08/14/2023 | TBW | Review storage invoice and coordinate payment (.1); correspondence with J. Silvasan regarding incident with tenant at Amerigold (.7); brief meeting with C. Thomas regarding same (.2); review petition for rehearing en banc (.8); review and revise working draft of C. Thomas declaration (2.4); prepare draft email regarding entities for new receivership order (.6). | 4.8 | $200.00 | $960.00 |
| 08/15/2023 | TBW | Extensive research regarding entities for new receivership order (3.6); revise draft email regarding entity classifications(.2); correspondence with M. Taylor regarding Amerigold (.3); compile reports for same (.4); call regarding draft declaration and edits to same (1.6); correspondence with A. Carrillo.................................. ; correspondence with landscaper and coordinate payment for same (.3); continue reviewing title company documents (.9); review Johnson county property records (.4); calls with multiple title companies (.7); meeting with C. Thomas and C. Koonce.................................. ; correspondence with Sendera regarding additional files (.2); correspondence with C. Koonce.................................. ; correspondence with S. Latham.................. | 9.4 | $200.00 | $1,880.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Continue reviewing receivership entity records to locate title companies (1.4); continue reviewing title company records to trace investor funds (3.3); correspondence with receivership accountants regarding credit card payments (.2); confer with C. Thomas....................................................; correspondence with Sunridge Management regarding D4IN invoices and cable one checks (.3); correspondence with K. O'Rourke..............................................; review FSA maps from Venus tenant (.2); review and revise declaration (1.6); miscellaneous correspondence regarding locating records (.4); correspondence with counsel for Republic Title regarding additional information (.2); review credit card schedule created by receivership accountants and correspondence with same (.4); review files from | | | |
| 08/16/2023 | TBW | Republic title (.3). | 8.8 | $200.00 | $1,760.00 |
| | | Confer with C. Koonce regarding declaration (.3); review JMJ Development bank records for specific transactions (.4); correspondence with receivership accountants (.2); review Hahn declaration (.5); correspondence with J. Silvasan regarding Goldmark income statements (.2);compile income statements from same (.5); continue reviewing records to locate title company file numbers (1.2); continue reviewing title company documents and entity bank statements to trace funds (3.5); review drafts of tracing visuals (1.7); review and revise receivership entity chart (.5); correspondence with A. Hall regarding property update (.1); call with | | | |
| 08/17/2023 | TBW | Chase bank (.2). | 9.3 | $200.00 | $1,860.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Research ....................................................... (.8); review mail for legal issues (.4); correspondence with multiple title companies regarding requests for documents (1.3); pay Amerigold Republic Services bill (.2); research HSTX title (.4); correspondence with counsel for Texas Republic Bank (.4); review and revise C. Thomas declaration ISO new receivership order (1.6). | | | |
| 08/22/2023 | TBW | | 5.1 | $200.00 | $1,020.00 |
| | | Correspondence with landscaper, and Dallas code enforcement regarding parking issue (.6); review no parking sign (.2); correspondence with Aero space reports and revise letter for same (.6); correspondence with receivership accountants; review tracing visuals and provide notes to receivership accountants (.8); correspondence with same regarding meeting (.3); correspondence with counsel for HSTX title (.3); revise letter for First American title (.4); review HR Sterling records for payments (.7); correspondence with receivership accountants regarding same (.3); review and revise C. Thomas declaration ISO new receivership order (1.4). | | | |
| 08/23/2023 | TBW | | 5.6 | $200.00 | $1,120.00 |
| | | Correspondence with counsel for Texas Brand Bank (.3); correspondence with receivership accountants (.4); correspondence with Chase bank (.3); review schedule regarding HR Sterling payments from accountants (.3); review county deed records looking for GF numbers for title companies (.8); review and revise C. Thomas declaration ISO new receivership order (1.4). | | | |
| 08/25/2023 | TBW | | 3.5 | $200.00 | $700.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Review records for FHC Acquisitions loan documents (.4); correspondence with insurance carrier for Rock Creek (.3); locate documents for receivership accountants and correspondence with same (.6); review Fifth Circuit order regarding rehearing (.4); correspondence with capital one requesting additional documents (.3); confer with C. Thomas........................................... correspondence with counsel for Texas Brand (.2); correspondence with multiple title companies regarding requests (.7); review Johnson county deed records for file numbers (.4); meeting with receivership accountants regarding tracing updates (.4); continue drafting declaration ISO new | | | |
| 08/31/2023 | TBW | receivership order (2.4). | 6.3 | $200.00 | $1,260.00 |
| | | Review new and revised tracing visuals from receivership accountants and correspondence regarding same (2.9); create tracker for same (.6); confer with C. Thomas ............................. ; participate in meeting with receivership accountants regarding taxes (.7); correspondence with counsel for Aero Space reports (.3); correspondence with multiple title companies (.6); respond to conference email from G. Werley (.2); correspondence with receivership accountants regarding tax documents (.2); continue revising C. Thomas declaration in support of new receivership | | | |
| 1/9/2023 | TBW | order (3.4). | 8.9 | $200.00 | $1,780.00 |
| | | Review revised tracing visuals and correspondence with receivership accountants regarding same; update notes for same; continue revising C. Thomas declaration in support of new receivership | | | |
| 4/9/2023 | TBW | order; confer with C. Thomas...................... | 9.4 | $200.00 | $1,880.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/9/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; review and revise C. Thomas declaration in support of new receivership order; confer with C. Thomas regarding status. | 12.4 | $200.00 | $2,480.00 |
| 09/28/2023 | SRL | Organize bank statements to prepare back-up information for exhibits to | 1.7 | $110.00 | $187.00 |
| 09/29/2023 | SRL | Continue to organize and prepare bank statements as back-up informati | 5.5 | $110.00 | $605.00 |
| 07/24/2023 | TBW | Correspondence with J. Silvasan regarding paychecks (.1); review correspondence from Franklin Street regarding Rock Creek (.2); correspondence with Rock Creek insurance carrier about policy declarations (.3). | 0.6 | $200.00 | $120.00 |
| 07/26/2023 | CCK | Review email from accountants regarding request from tax preparer regarding purported use of his ID to file returns that he did not prepare; continue outlining and drafting C. Thomas Declaration; review order tentatively setting DLP for arguments and forward same to counsel for DLP; review lengthy email to title company summarizing research related to no appeal of interlocutory orders approving sales without a stay. | 2.1 | $385.00 | $808.50 |
| 07/27/2023 | CCK | Call with accountants to discuss status of forensic accounting, tax issues, and regulatory questions related to one public entity included within Receivership Estate; continue drafting C. Thomas Dec, reviewing prior evidence and declarations for use in same; confer with C. Thomas and T. Wells regarding same. | 4.9 | $385.00 | $1,886.50 |
| 07/28/2023 | CCK | Review emails and petition regarding claim asserted against D4OP in Alabama state court and confer with C. Thomas regarding strategy for resolution; confer with C. Thomas ...................... ; continue drafting C. Thomas Declaration. | 1.5 | $385.00 | $577.50 |

Exhibit 701/20

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Confer with C. Thomas .......... ; continue drafting declaration in support of motion for new | | | |
| 1/8/2023 | CCK | receivership order; confer with C. Thomas. | 2.2 | S385.00 | $847.00 |
| 2/8/2023 | CCK | Review summary from T. Wells ...................; continue drafting C. Thoma | 2.2 | $385.00 | $847.00 |
| | | Call with accountants to discuss status and questions related to tracing, commingling and benefit and call with SPC; further emails with accountants regarding call with SPC; continue drafting C. Thomas declaration and confer with T. Wells ..................................... ; confer with C. Thomas ............................... ; review T. Wells communication .......................... | | | |
| 7/8/2023 | CCK | . | 2 | $385.00 | $770.00 |
| 8/8/2023 | CCK | Respond to email from D. Crow requesting documents; continue drafting | 5.1 | $385.00 | $1,963.50 |
| | | Continue drafting C. Thomas Declaration; call with the SEC regarding issues related to vacatur of original order and settlement discussions; call with C. Thomas ................................ | | | |
| 9/8/2023 | CCK | . | 6.1 | $385.00 | $2,348.50 |
| | | Brief review of petitions for rehearing filed by Barton in the Fifth Circuit; confer with T. Wells............................. ; respond to email from D. Crow regarding intent to change management of Venus 59 and respond to same; review and respond to email from SEC regarding scheduling webex call with SPC and confer with T. Wells regarding same; further email response to D. Crow regarding same issue; limited addition to C. | | | |
| 08/14/2023 | CCK | Thomas Declaration. | 0.8 | $385.00 | $308.00 |
| 4/9/2023 | CCK | Review and substantial edits and comments to C. Thomas Declaration a | 4.9 | $385.00 | $1,886.50 |

| Date | Initials | Description | Hours | Rate | Client Total |
|------|----------|-------------|-------|------|--------------|
| 5/9/2023 | CCK | Continue edits and review of Thomas Declaration and Interim Report and confer with C. Thomas......................... | 6.8 | $385.00 | $2,618.00 |
| 6/9/2023 | CCK | Meet and confer with C. Thomas .......................................... ; review........................................ authorities regarding................................; call with the SEC regarding questions related to Receiver's Declaration and Interim Report. | 0.9 | $385.00 | $346.50 |

| Date | Initials | Description | Hours | Rate | Client Total |
|------|----------|-------------|-------|------|--------------|
| 8/18/2023 | CCT | Begin reviewing working draft of Declaration and Interim Report; begin extensive revisions to same. | 5.3 | $385.00 | $2,040.50 |
| 8/19/2023 | CCT | Continue reviewing working draft of Declaration and Interim Report; continue extensive revisions to same. | 1.3 | $385.00 | $500.50 |
| 8/21/2023 | CCT | Meeting with T. Wells........... ; continue reviewing working draft of declaration; continue extension revisions to same; lengthy meeting with T. Wells.................. | 4.6 | $385.00 | $1,771.00 |
| 8/22/2023 | CCT | Detailed review of documents from Greystone regarding D4 properties; telephone conference with C. Koonce regarding same; continue reviewing working draft of declaration; continue extensive revisions and additions to same; lengthy telephone conference with accountants regarding upcoming tax filings. | 3.9 | $385.00 | $1,501.50 |
| 8/23/2023 | CCT | Continue reviewing working draft of declaration in support of new receivership order; continue extensive revisions to same. | 3.6 | $385.00 | $1,386.00 |

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 8/31/2023 | CCT | Continue revising work draft of Declaration and Interim Report; review opinion from Fifth Circuit; telephone conference with accountants regarding status of forensic accounting and tracing. | 5.4 | $385.00 | $2,079.00 |
| 9/1/2023 | CCT | Continue drafting Declaration and Interim Report; meeting with T. Wells to discuss same; virtual meeting with accountants to discuss tax returns. | 5.6 | $385.00 | $2,156.00 |
| 9/2/2023 | CCT | Continue drafting Declaration and Interim Report; begin reviewing................ | 2.8 | $385.00 | $1,078.00 |
| 9/3/2023 | CCT | Continue revising working draft of Declaration and Interim Report; meetings with T. Wells................. . [Time reduced from 11.2 total hours] | 8 | $385.00 | $3,080.00 |
| 9/5/2023 | CCT | Finish drafting Declaration and Interim Report; finish reviewing exhibits for same. [Time reduced from 11.9 total hours] | 8 | $385.00 | $3,080.00 |
| 9/6/2023 | CCT | Meeting with C. Koonce.......................... ; update receivership website regarding recently filed Declaration and Interim Report; continue reviewing draft tax returns for receivership entities; virtual meeting with accountants to discuss same. | 3.5 | $385.00 | $1,347.50 |
| 9/11/2023 | CCT | Continue reviewing draft tax returns; correspondence with accountants regarding same; virtual meeting with accountants to discuss same; continue cursory review of SEC's motion to appoint receiver and declaration in support of same. | 2.7 | $385.00 | $1,039.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | Review electronic authorization of filing of tax forms; telephone conference and correspondence with accountants regarding filing of same; cursory review of McCormick's motion for lift of stay to sue Barton; telephone conference with C. Koonce.............................. ; review draft example of back-up for demonstrative attached to Declaration and Interim Report; | | | |
| 9/29/2023 | CCT | telephone conference with T. Wells............ | 1.4 | $385.00 | $539.00 |

Exhibit 1

| Date | Initials | Description | Hours | Rate | Client Total |
|------|----------|-------------|-------|------|--------------|
| 5/7/2023 | TBW | Begin reviewing bank records to record movement of funds. [Rate reduced for tracing assistance]. | 1.8 | $150.00 | $270.00 |
| 5/7/2023 | TBW | Review correspondence regarding Rock Creek. | 0.1 | $200.00 | $20.00 |
| 6/7/2023 | TBW | Continue reviewing bank records for funds tracing and begin summary chart regarding same. [Rate reduced for tracing assistance] | 5.1 | $150.00 | $765.00 |
| 7/7/2023 | TBW | Continue reviewing bank records and adding to summary chart. [Rate reduced for tracing assistance] | 0.7 | $150.00 | $105.00 |
| 10/7/2023 | CAC | Attend meeting with Receiver, C. Koonce, and T. Wells ......; conduct research in connection with same | 1.5 | $300.00 | $450.00 |
| 10/7/2023 | TBW | Continue reviewing receivership entities bank records for funds tracing and continue summary for same. [Rate reduced for tracing assistance] | 3.8 | $150.00 | $570.00 |
| 11/7/2023 | TBW | Continue reviewing bank records for receivership entities to trace funds and continue updating summary chart for same. [Rate reduced for tracing assistance] | 6.4 | $150.00 | $960.00 |
| 12/7/2023 | CAC | Conduct research regarding next steps for Barton receivership. | 0.7 | $300.00 | $210.00 |
| 07/13/2023 | TBW | Continue reviewing bank records of receivership entities to trace funds and continue summary chart for same. [Rate reduced for tracing assistance] | 4.4 | $150.00 | $660.00 |
| 07/17/2023 | TBW | Continue reviewing receivership entity bank records to trace funds and continue creating chart for same. [Rate reduced for tracing assistance] | 3.6 | $150.00 | $540.00 |
| 07/19/2023 | TBW | Continue working draft of funds tracing chart (.6); confer with C. Thomas regarding same (.1). [Rate reduced for tracing assistance] | 0.7 | $150.00 | $105.00 |

| Date | Timekeeper | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 07/25/2023 | TBW | Continue reviewing receivership entity bank records to trace funds and continue chart for same. [Rate reduced for tracing assistance] | 2.3 | $150.00 | $345.00 |
| 07/26/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance] | 5.2 | $150.00 | $780.00 |
| 07/27/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance] | 3.4 | $150.00 | $510.00 |
| 07/28/2023 | TBW | Continue reviewing receivership entity bank records and continue summary chart for same. [Rate reduced for tracing assistance] | 2.7 | $150.00 | $405.00 |
| 07/31/2023 | TBW | Continue reviewing receivership entity bank records to trace funds and continue summary chart for same (4.9); correspondence with C. Koonce regarding same (.1). [Rate reduced for tracing assistance] | 5 | $150.00 | $750.00 |
| 1/8/2023 | CCK | Confer with C. Thomas and T. Wells ..............; confer with C. Thomas ,........................... | 0.4 | $385.00 | $154.00 |
| 1/8/2023 | TBW | Continue reviewing bank records and creating list for same. [Rate reduced for tracing assistance] | 2.4 | $150.00 | $360.00 |
| 2/8/2023 | TBW | Continue reviewing bank records and creating chart of same. [Rate reduced for tracing assistance] | 1.8 | $150.00 | $270.00 |
| 3/8/2023 | CCK | Confer with C. Thomas,...................... s; review summary of tracing into certain entities and confer with accountant and T. Wells regarding same; confer with C. Thomas ......................... | 0.5 | $385.00 | $192.50 |
| 7/8/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 1.2 | $150.00 | $180.00 |
| 8/8/2023 | CCK | Confer with C. Thomas and T. Wells................ | 0.2 | $385.00 | $77.00 |
| 9/8/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.1 | $150.00 | $315.00 |

| Date | | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/8/2023 | TBW | Meeting with receivership accountants (.6); review and revise C. Thomas declaration working draft (3.8); briefly review tracing visuals (.7). | 5.1 | $200.00 | $1,020.00 |
| 10/8/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.3 | $150.00 | $345.00 |
| 11/8/2023 | CCK | Confer with C. Thomas .....................................; further call to discuss ..................................... | 0.4 | $385.00 | $154.00 |
| 11/8/2023 | TBW | Continue tracing research. [Rate reduced for tracing assistance] | 2.2 | $150.00 | $330.00 |
| 08/14/2023 | TBW | Continue tracing research and inputting information on entity chart. [Rate reduced for tracing assistance] | 3.8 | $150.00 | $570.00 |
| 08/18/2023 | TBW | Continue extensive review of title company documents and receivership entity bank records to trace funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 08/21/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. | 5.4 | $150.00 | $810.00 |
| 08/22/2023 | SRL | Research formation and ownership information for OV Properties, LLC; research document production received from JP Morgan Chase specifically related to accounts owned by D4KL, LLC. | 1.1 | $110.00 | $121.00 |
| 08/22/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds (4.6). | 4.6 | $150.00 | $690.00 |
| 08/23/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 4.2 | $150.00 | $630.00 |

| 08/24/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 5.3 | $150.00 | $795.00 |
| 08/25/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 5.3 | $150.00 | $795.00 |
| 08/28/2023 | SRL | Review Receivership Entities' bank statements for wire transfer information and prepare index of same to assist in analysis of fraudulent transfers. | 1.7 | $110.00 | $187.00 |
| 08/28/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 5.2 | $150.00 | $780.00 |
| 08/29/2023 | SRL | Continue review of Receivership Entities' bank statements for wire transfer information and index same to assist with analysis of potentially fraudulent transfers. | 6.8 | $110.00 | $748.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 08/29/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 08/30/2023 | SRL | Continue to review Receivership Entities bank statements for wire transfer information to assist with analysis of potentially fraudulent transfers. | 5.1 | $110.00 | $561.00 |
| 08/30/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.3 | $150.00 | $495.00 |
| 08/31/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 2.8 | $150.00 | $420.00 |
| 1/9/2023 | SRL | Complete review of Receivership Entities' bank statements for wire transfers to assist in analysis of same for potential fraudulent transfers. | 1.5 | $110.00 | $165.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | Review new and revised tracing visuals from receivership accountants and correspondence regarding same (2.9); create tracker for same (.6); confer with C. Thomas ............................. ; participate in meeting with receivership accountants regarding taxes (.7); correspondence with counsel for Aero Space reports (.3); correspondence with multiple title companies (.6); respond to conference email from G. Werley (.2); correspondence with receivership accountants regarding tax documents (.2); continue revising C. Thomas declaration in support of new receivership | | | |
| 1/9/2023 | TBW | order (3.4). | 8.9 | $200.00 | $1,780.00 |
| 1/9/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 2.8 | $150.00 | $420.00 |
| 4/9/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; update notes for same; continue revising C. Thomas declaration in support of new receivership order; confer with C. Thomas....................... | 9.4 | $200.00 | $1,880.00 |
| 4/9/2023 | TBW | Continue extensive review of receivership entity records, title company documents, and bank records to trace investor funds. [Rate reduced for tracing assistance] | 3.2 | $150.00 | $480.00 |
| 5/9/2023 | TBW | Review revised tracing visuals and correspondence with receivership accountants regarding same; review and revise C. Thomas declaration in support of new receivership order; confer with C. Thomas regarding status. | 12.4 | $200.00 | $2,480.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 7/9/2023 | CAC | Review T. Barton's appeal briefing in 2999TC appeal regarding Turtle Creek and HNGH settlement. | 0.4 | $300.00 | $120.00 |
| 09/19/2023 | CAC | Begin to review motion to ratify draft. | 0.1 | $300.00 | $30.00 |
| 09/20/2023 | TBW | Begin reviewing records for additional tracing examples. [Rate reduced for tracing assistance] | 1.8 | $150.00 | $270.00 |
| 09/27/2023 | TBW | Continue tracing review. [Rate reduced for tracing assistance] | 3.4 | $150.00 | $510.00 |
| 09/28/2023 | TBW | Continue extensive review of records to trace funds. [Rate reduced for tracing assistance] | 2.7 | $150.00 | $405.00 |
| 09/29/2023 | TBW | Continue extensive review of records to trace funds. [Rate reduced for tracing assistance] | 1.7 | $150.00 | $255.00 |
| 10/7/2023 | CCK | Meet to discuss .........................................;........................................................ continued research | 1.9 | $385.00 | $731.50 |
| 10/7/2023 | TBW | Review fifth circuit order regarding receivership order in preparation for meeting (.5); participate in strategy meeting with C. Thomas and co-counsel (1.6). | 2.1 | $200.00 | $420.00 |
| 07/14/2023 | CCK | Call with C. Thomas ........... | 0.2 | $385.00 | $77.00 |
| 08/25/2023 | CCK | Call with T. Wells ........................... | 0.2 | $385.00 | $77.00 |
| 6/9/2023 | CCK | Meet and confer with C. Thomas ..........................................; review.........................................  authorities regarding.................................; call with the SEC regarding  questions related to Receiver's Declaration and Interim Report. | 0.9 | $385.00 | $346.50 |
| 6/9/2023 | TBW | Review and respond to miscellaneous correspondence (.6); begin creating chart to organize title company documents (.3); call with accountants regarding tax returns (.7); begin gathering documents for same (.3). | 1.9 | $200.00 | $380.00 |

| 12/9/2023 | CCK | Research regarding ................................................ ; continue drafting blessing/ratification motion. | 4.4 | $385.00 | $1,694.00 |
|---|---|---|---|---|---|
| 09/15/2023 | CCK | Review additional request for documents received from SEC; confer with C. Thomas regarding same and respond to the SEC regarding same; continue drafting motion to ratify/exonerate (blessing motion). | 0.9 | $385.00 | $346.50 |