## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON, ET AL.,<br>    *Defendants,*<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br>    *Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:22-cv-2118-X** |

## DEFENDANT TIMOTHY L. BARTON'S MOTION FOR MORE DEFINITE STATEMENT 12(e) IN RESPONSE TO THE TENTH QUARTERLY REPORT

Defendant Barton files this motion for a more definite statement regarding the Receiver's Tenth Quarterly Report pursuant to Rule 12(e).

### I.    BACKGROUND

1. This Court appointed a Receiver in this action in its October 2022 Order (ECF No. 29) to assume control over entities owned by Defendant Timothy Barton. However, procedural deficiencies led to a subsequent vacatur of this appointment by the Fifth Circuit Court. The Receiver was re-appointed by this court pursuant to its order issued on November 29, 2023 (ECF No. 417).

2. The Receiver has periodically filed Quarterly Reports purporting to show the following information, as required by the Court's Order (ECF No. 417 at 25–26):

   a. A summary of the operations of the Receiver;

   b. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

c.  The amount of cash on hand, the amount and nature of accrued administrative expenses, and unencumbered funds in the estate;

d.  A schedule of all the Receiver's receipts and disbursements, with one column for the quarterly period covered and a second column for the entire duration of the receivership;

e.  A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in; (i) reducing the claims to judgment; and, (ii) collecting such judgments);

f.  A list of all known creditors with their addresses and their claims;

g.  The status of Creditor Claims Proceedings, if any; and

h.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

3.  The Receiver filed his Tenth Quarterly Report for the period of October 2024 through December 2024 on January 29, 2025. ECF No. 599. The Receiver's Tenth Quarterly Report is a pleading for which responses are allowed. *See*, *e.g.*, *Sec. & Exch. Comm'n v. W. L. Moody & Co., Bankers (Unincorporated)*, 374 F. Supp. 465, 490 (S.D. Tex. 1974) (allowing objections to a receiver's report in an SEC case where the court had appointed a temporary receiver), *aff'd sub nom. S. E. C. v. W. L. Moody & Co.*, 519 F.2d 1087 (5th Cir. 1975).

4.  The Tenth Quarterly Report is so vague and ambiguous that Mr. Barton cannot reasonably file proper objections or a response to the Tenth Quarterly Report. Therefore, the Court should require the Receiver to amend his Tenth Quarterly Report with a more definite statements of the information this Court requires him to periodically disclose.

## II.    ARGUMENT

### A.  Motion for More Definite Statement 12(e).

5.    A motion for a more definite statement is proper when a pleading to which a response is allowed is so vague or ambiguous that the defendant cannot reasonably prepare a response. Fed. R. Civ. P. 12(e); *see* Fed. R. Civ. P. 8(a)(2); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983–84 (11th Cir. 2008). A critical instance of when a 12(e) Motion is appropriate is when a plaintiff files a shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n. 10 (11th Cir. 2015) (cited approvingly in *Chowdary v. Ozcelebi (Ozcelebi)*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021)). A shotgun pleading is one where the filing party alleges so many facts and or causes of action that the valid pleadings are buried and prevent the responding party from reasonably preparing a defense. *Id.* This is a similar situation. The Receiver filed his Tenth Quarterly Report, in which he alleged facts in response to this Court's required information that are so vague and ambiguous that Defendant cannot reasonably prepare an adequate response to the Report. Specifically, the Receiver has filled his Tenth Quarterly report with a plethora of extraneous complaints about Mr. Barton's conduct, both proper and allegedly improper, such that it has unreasonably obscured the information that this Court requires him to disclose every quarter.

6.    For example, this Court ordered the Receiver to periodically report on the summary of the Receiver's actions. ECF No. 417 at 25, ¶ 59. However, in the Receiver's Tenth Quarterly Report, the summary of the Receiver's actions from pages 2–11 is filled with what the Receiver alleges Mr. Barton has done improperly and has interfered generally with the estate. ECF No. 599 at 2–11. Every subsection of Section I of the Receiver's Tenth Quarterly Report is dedicated to Mr. Barton, not to the Receiver. ECF No. 599 at 2–11.

7.      In subsection A of Section I, the Receiver fails to describe any actions he took during Quarter 4 of 2024 from October 2024 to December 2024. ECF No. 599 at 4–7. In subsection B of Section I, the Receiver spends only one paragraph out of seven describing any actions he took in Quarter 4 of 2024. ECF No. 599 at 7–9. Subsection C of Section I contains no description of any actions the Receiver took in Quarter 4 or otherwise. ECF No. 599 at 9–10. In subsection D of Section I, the Receiver spent one sentence describing any action he took during Quarter 4 of 2024 out of twelve sentences comprising two long paragraphs. ECF No. 599 at 10–11.

8.      The other major example of how the Receiver has failed to adequately meet the Court's requirements, such that Mr. Barton cannot reasonably draft a response to the Report, is the Receiver's description of the real property assets under his control. The Court's Order requires that the Receiver provide the actual or approximate value of the property under his control. ECF No. 417 at 25–26, ¶ 59. The Receiver names 4107 Rock Creek Drive, the Frisco Gate Property, 2999 Turtle Creek, the HUD Apartments, the Amerigold Suites, the Venus Development, the Ridgeview Addition, the Gillespie Property, and the Hall Property. ECF No. 599 at 13–21. However, the Receiver fails to provide the actual or approximate value of the properties for all but one of the properties, the Gillespie Property. Instead, the Receiver provides proposed sale values for several of the properties: 4107 Rock Creek Drive, the Frisco Gate property, the Amerigold Suites Property, and the Hall Property. ECF No. 599 at 13–21. However, by the Receiver's own admission in the Report, the proposed sale values do not reflect the actual or approximate value. ECF No. 599 at 17–18. Instead, the Receiver states that the sale price, at least in part, is just the price that he could get for the properties based on his desperation to create a positive cash flow into the receivership estate and pay the debts in the estate. *See* ECF No. 599 at 17–18 and 24–25. Additionally, the Receiver used many of the named properties to once again

complain about Mr. Barton rather than reporting the required information concerning the properties' values. *See*, *e.g.*, ECF No. 599 at 17–18. Mr. Barton cannot reasonably prepare objections or any other kind of response to the Tenth Quarterly Report, which requests continuance of the receivership estate, among other actions, without the Receiver clearly listing the required information.

9.      The Receiver's failure to provide an accurate, focused description of what he did during Quarter 4 of 2024 and the description of real property under his control in response to this Court's Order are exemplary of the rest of his Tenth Quarterly Report. Almost every section purports to directly respond to this Court's required disclosures and then proceeds to complain of Mr. Barton's actions without reasonably providing the material this Court requested that he provide. ECF No. 599.

10.     Because the Tenth Quarterly Report is a voluminous 32-page document filled with extraneous complaints and incomplete information, Mr. Barton requests that this Court order the Receiver to clarify the report, only reporting the information that immediately and directly responds to this Court's Order (ECF No. 417), and provide additional time to then respond to it.

### III.    CONCLUSION

Because the Receiver has not properly drafted his Tenth Quarterly Report by obscuring the required information with complaints about Mr. Barton, Mr. Barton cannot reasonably prepare an adequate response to the Tenth Quarterly Report. Therefore, the Court should require the Receiver to amend his Tenth Quarterly Report with a more definite statement of the information this Court required in its Order (ECF No. 417), and allow additional time to respond to that amended report.

Respectfully submitted on February 19, 2025,

*/s/Warren V. Norred*
Warren V. Norred; Texas Bar Number: 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686

## CERTIFICATE OF CONFERENCE

I certify that on February 19, 2025, I conferred with Charlene Koonce and Cort Thomas regarding this motion. Charlene Koonce indicated that they were opposed via email on the same day.

*/s/Warren V. Norred*
Warren V. Norred

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025, I filed the preceding document and its attachments using the Court's CM/ECF filing service, which will send notice of the filing to all parties seeking service in this action.

*/s/Warren V. Norred*
Warren V. Norred