**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** *Defendants,* | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** *Relief Defendants.* | § | |

**RECEIVER'S RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION FOR MORE DEFINITE STATEMENT IN RESPONSE TO RECEIVER'S TENTH QUARTERLY REPORT**

Cort Thomas, as Receiver, responds to Defendant Timothy Barton's ("Barton") Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) in Response to the Receiver's Tenth Quarterly Report[1] (the "Motion) [Dkt. 604], and in support, respectfully shows the Court as follows:

[1] The Receiver's Tenth Quarterly Report, (the "Report") was filed on January 29, 2025 and is at Dkt. 599.

**SUMMARY**

In the guise of a Rule 12(e) motion for more definite statement, Barton seeks to compel the Receiver to provide additional information, generally regarding the Receivership Estate's real property. Although a Rule 12(e) motion is greatly disfavored and has no application here, and despite no former hesitation in requesting information directly from the Receiver, Barton relies, pretextually on the Rule to seek information he claims is missing from the Report.

Just over a month ago, Barton complained to this Court that Receivership resources were being wasted.[2] In a rare occurrence, the Receiver agrees with Barton—Receivership resources are being wasted. But not by the Receiver; by Barton. Pretextual motions like the one currently before the Court require the Receiver to expend unnecessary time and therefore money to respond and sap the Court's resources as well. Barton complains that the Receiver's Report is largely filled with discussions about Barton's conduct. However, that information is included in the Report because Barton's conduct was a considerable factor in the work performed by the Receiver during the last quarter—and the last year.

With his Tenth Quarterly Report, the Receiver did seek to streamline his quarterly reports from the prior format, which included substantial information from prior Quarterly Reports (the Ninth Quarterly Report was eighty-two pages; the Tenth Report is only thirty-two pages). However, he did not omit required information or updates from the Fourth Quarter of 2024. If the Court prefers that the Receiver return to the prior, more lengthy format in future Reports, he will of course defer to the Court. Additionally, if any information that the Court desires is omitted from the Report, the Receiver will of course supplement the Report and provide such information to the Court.

[2] *See* Barton's Response to the Receiver's Fourth Quarterly Fee Application [Dkt. 597].

## BACKGROUND

1. As the Court is well aware, this Receivership began on October 18, 2022 when the Court entered its first Order Appointing Receiver ("Initial Receivership Order"). The Fifth Circuit Court of Appeals vacated the Initial Receivership Order, due to procedural issues, and this Court entered a new Order Appointing Receiver on November 29, 2023 (the "Receivership Order"), the same day the vacatur took effect.

2. The Initial Receivership Order and the Receivership Order direct the Receiver to file quarterly reports containing the following information:

A. A summary of the operations of the Receiver;

B. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

C. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

D. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in; (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and

H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations."

Receivership Order at ¶ 59.

3. As the Court recently noted, the Receivership is in its eleventh quarter and the Receiver still has not sold one piece of property.[3] Despite orders granting multiple motions seeking approval to sell properties, the Receiver has been prevented from closing on these sales due to Barton's serial and continuing appeals.[4]

4. While waiting for Barton's appeals to be resolved, the Receiver's status reports, including the Report, have focused on what brought the Receivership to its current status and the Receiver's activities during the requisite quarter. Understandably, these reports largely focus on Barton's actions.

5. Since Barton filed his Notice of Appeal on December 7, 2023 [Dkt. 429], the Receiver has filed five quarterly status reports,[5] including the Receiver's Report. Between the dates on which the Receiver's Ninth Status Report [Dkt. 583] and his Tenth Report were filed, only fifteen docket entries were made. Those filings were comprised of four orders from the Court, motions surrounding Barton's protective order, the Receiver's fee application and Barton's objection to it, and a notice of appearance from Barton's counsel.

## <u>ARGUMENT</u>

### A. The Receiver's Reports are Not Pleadings Subject to Rule 12(e)

Federal Rule of Civil Procedure 12(e) permits motions for a more definite statement in response to a "pleading to which a responsive pleading is allowed." FED. R. CIV. P. 12(e). Rule 7(a) identifies pleadings as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an

[3] Dkt. 609.

[4] *See* the Receiver's Tenth Quarterly Status Report [Dkt. 599].

[5] Dkts. 456, 491, 543, 583, 599.

answer." FED. R. CIV. P. 7(a). A Receiver's status report is obviously not included nor even arguably so, particularly in light of the Fifth Circuit's instruction that "[n]o other paper will be considered a pleading except those specifically named in Rule 7(a)." *SEC v. Novinger*, 96 F.4th 774, 781 (5th Cir. 2024). Accordingly, a motion for a more definite statement in response to the Report is not appropriate and the Court should deny Barton's Motion on this basis alone.

**B. Motions for a More Definite Statement are Disfavored**

Setting aside that the Receiver's Report is not a pleading, even if Rule 12(e) were applicable, the Court should nonetheless deny the Motion because Rule 12(e) motions are generally disfavored and should provide a remedy only for "an unintelligible pleading rather than a correction for lack of detail." *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 661 (W.D. Tex. 2013); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). "Unintelligible" means a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." *Johnson v. BAE Sys. Land & Armaments, L.P.*, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (Fitzwater). Likewise, a Rule 12(e) motion is inappropriate when the information sought can be obtained through discovery. *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (Means). Using a motion for more definite statement to seek information within the moving party's knowledge further militates denial of the motion. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). Because no response to an information Report is required or indeed necessary, the Motion seeks relief that is patently unnecessary.

Barton's chief complaint seems to be that the Receiver did not provide the information or detail Barton wants the Receiver to provide. However, the content of the Report is guided by the Receivership Order, and the Receiver has provided the most accurate and relevant information available to him.

The Receiver has tried to minimize expenses while keeping the Receivership Estate afloat, particularly while the Receivership has been effectively stayed for over a year during the pendency of Barton's appeals.[6] The Report accurately reflects the Receiver's efforts in this regard and the historical context regarding the current status of the Receivership. Barton's disdain for the Receiver, the Receiver's team, and the contents of the Report provide no basis for the more definite statement he seeks.

**C. Barton Has Not Hesitated to Hound the Receiver, Directly, For Information**

As reflected in the emails attached as **Exhibit A**, Barton knows how to contact the Receiver to demand information. And when what is requested is available and appropriate to share, the Receiver has generally provided the information Barton seeks. While the Receiver has no intention of hiding anything, because the Receivership has been effectively stayed for much of its existence due to Barton's improper appeals of sale orders and the dearth of resources, precise information is not always available, and the Receiver has endeavored to avoid providing incorrect or incomplete information. Rather than filing a pretextual Motion, if Barton seeks specific information which is available to the Receiver and appropriately shared, Barton can direct his counsel to request it.

**D. The Receiver Will Not Hesitate to Supplement the Report If the Court Requires Additional Information**

The Receiver is "an officer or arm of the court . . . appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody." *Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 896 (5th Cir. 2019). As such, the Receiver's Report is written for the Court's benefit and in conformity with the requirements in the Receivership Order. To date, the Court has not expressed any dissatisfaction with the information

[6] As the 600+ docket entries reflect, however, the Receiver has been forced to spend many scarce Receivership resources fighting with Barton and creditors to maintain the eroding Receivership Estate.

included (or omitted) from the Receiver's reports. If the Court requires any additional information, however, the Receiver will promptly provide it.

For the reasons explained above, Barton's Motion should be denied

Respectfully submitted,

By: */s/ Charlene C. Koonce*
Charlene C. Koonce
Texas Bar No. 11672850
charlene@brownfoxlaw.com
Timothy B. Wells
Texas Bar No. 24131941
tim@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Receiver Cortney C. Thomas*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.