**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 3:22-cv-2118-X |
| v. | |
| Timothy Barton, et al., | |
| Defendants. | |

**MCCORMICK 101 LLC'S REPLY TO SECURITIES AND EXCHANGE COMMISSION'S RESPONSE IN OPPOSITION TO MCCORMICK 101 LLC'S MOTION FOR (1) IMMEDIATE THIRD-PARTY INSPECTION OF AMERIGOLD SUITES REGARDING TENANT LIFE SAFETY ISSUES AND (2) OTHER RELATED RELIEF**

McCormick 101 LLC ("Lender") respectfully files this Reply (the "Reply") in support of its Motion for (1) Immediate Third-Party Inspection of Amerigold Suites Regarding Tenant Life Safety Issues and (2) Other Related Relief (ECF Nos. 612-13, "Lender's Motion"), and specifically in response to the Securities & Exchange Commission's opposition briefing to same (ECF No. 619, "SEC's Response").[1]

**SUMMARY**

In its Response, the SEC takes the position that the Receiver "has already been taking steps to address the issues at the property that [Lender] raises in its motion." ECF No. 619, p. 3. The SEC – like Lender – may not have been aware of additional pending code violations at the time of

---

[1] Lender previously filed a separate reply (ECF No. 622) to Receiver Cortney C. Thomas's ("Receiver") response to Lender's Motion (ECF No. 620, "Receiver's Response"). Lender now files this Reply to specifically address points raised in the SEC's Response.

responsive briefing.[2]

On February 28, 2025, Lender requested code violation reports from the City of Dallas ("Dallas Code Violation Reports").  Lender received the Dallas Code Violation Reports from the City of Dallas on April 1, 2025.  In short, the Property is not being operated in compliance with the law and for all of the talk about the cost of defending against Lender's Motion, it should be noted that *each* of these code violations, if not remedied, may carry a fine of up to $2,000 *per day*.[3]

Lender submits seven exhibits related to Dallas Code Violation Reports.  *See* Appendix to Reply, pp. 1-61.  Exhibits 1 and 2 detail code violations issued by the City of Dallas arising out of inspections which took place on January 9, 2025 and February 20, 2025.  *Id.* at pp. 2-14.  These two documents list fifteen code violations, some of which appear to be serious: water heaters not working, water not available to tenants, rotted and missing wood on building exteriors, cracks in floors, exterior doors which are not weather-tight, among other violations.  *See id.*

Exhibits 3-7 are City investigations regarding tenant complaints.  *Id.* at pp. 16-61.  These violations include a tenant who lacked water for her and her school aged children.  *Id.* at p. 58. Exhibit 3 includes a complaint for mold in a tenant's apartment.  *Id.* at p. 16.  Exhibit 5 includes a complaint relating to electrical issues – "[e]lectrical equipment and/or materials NOT in operating condition."  *Id.* at p. 28.  No mention of these electrical repairs appears in the report from ElectricMan despite the pending code violations.  The SEC was likely unaware of these violations when it filed its response, and certainly none of these were known by the Lender at the time of its Reply.  As such, the Property is not being operated in compliance with the law as required and

---

[2] The only individual or entity who would have known about these additional violations is the Receiver, who makes no mention of them in the Receiver's Response, notwithstanding his statement that he is acting in compliance with the law and 28 U.S.C. § 959.

[3] "[I]f you fail to comply with this notice, the City may issue you a citation for each day a violation is committed. The maximum fine is $2,000.00 per citation."  *Id.* at p. 4.

contrary to the SEC's assertions. 28 U.S.C. § 959.

Finally, it appears that both the SEC – the very party who instituted this receivership – and Lender are in agreement that the receivership order's protections do not apply to Timothy Barton. The SEC states in its responsive briefing: "As the SEC stated in its response (ECF No. 325) to McCormick's first motion to pursue a claim against Defendant Barton based on a personal guarantee (ECF No. 321), the SEC does not contend that the Receivership Order precludes McCormick from filing an action to the extent it seeks to pursue a claim against Barton individually and in his individual capacity to recover against his personal assets, if any." ECF No. 619, p. 3.

Dated:  April 8, 2025

Respectfully submitted,

**DENTONS US LLP**

By: */s/ Spencer D. Hamilton*

Jill Nicholson
233 S. Wacker Dr., Suite 5900
Chicago, IL 60606
Tel: (312) 876-8000
jill.nicholson@dentons.com
(admitted *pro hac vice*)

*Attorneys for McCormick 101 LLC*

Spencer D. Hamilton
State Bar No. 24087656
100 Crescent Court, Suite 900
Dallas, Texas 75201
Tel:  (214) 647-2496
Fax: (214) 259-0910
spencer.hamilton@dentons.com

*Attorneys for McCormick 101 LLC*

## CERTIFICATE OF SERVICE

I certify that, on April 8, 2025, true and correct copies of the foregoing and accompanying documents were served electronically on all parties registered to receive notice of filings in this case through the Court's CM/ECF PACER system.

*/s/ Spencer D. Hamilton*
Spencer D. Hamilton