UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
§
        *Plaintiff*, §
§
v. §
§
TIMOTHY BARTON, §        Civil Action No. 3:22-CV-2118-X
CARNEGIE DEVELOPMENT, LLC, §
et al., §
§
        *Defendants*, §
§
DJD LAND PARTNERS, LLC, and §
LDG001, LLC, §
§
        *Relief Defendants*. §

## MEMORANDUM OPINION AND ORDER

Before the Court are Interested Party McCormick 101, LLC's ("McCormick") motions (1) for an immediate inspection of Amerigold Suites and related relief (Doc. 612); (2) for expedited briefing on its motion for an inspection and other relief (Doc. 615); and (3) for a hearing on its motions (Doc. 623). The Court **GRANTS IN PART AND DENIES IN PART** McCormick's motion at Doc. 612. The Court grants the motion as to permitting a third-party inspection of Amerigold Suites, though the Receiver shall choose the third-party inspector. The Court denies the motion as to lifting the stay so that McCormick can foreclose on Amerigold Suites and go after Barton. The Court further **FINDS AS MOOT** McCormick's motions for expedited briefing and a hearing.

1

## I.    McCormick's Motion for Inspection and Lift of Stay

Under the operative Receivership Order in this case, "[a]ll civil legal proceedings of any nature, including . . . foreclosure actions, default proceedings, or other actions of any nature involving . . . any Receivership Property" are stayed until further order of the Court.[1]  Timothy Barton appealed the Receivership Order and the Fifth Circuit heard oral argument on February 3, 2025.

McCormick asks the Court for permission to (1) send an inspector of its choosing to the property immediately, (2) foreclose on Amerigold Suites so it can sell, and (3) go after Barton as the guarantor of the loan McCormick holds.  By the Court's count, McCormick has filed four motions to lift the litigation stay in this case.[2]  Though McCormick takes a new approach this time and asserts that new facts have arisen about the Amerigold Suites property, the circumstances remain largely unchanged.

### A.    Request for Inspection

McCormick identifies issues with the Amerigold Suites property that it deems Life Safety Issues.  These include a deteriorating retaining wall, exposed electrical wiring, and dead trees.  The Court agrees with McCormick (as does the Receiver) that Amerigold Suites should be safe for its tenants and comply with state laws.

The Receiver does not oppose McCormick's request for an inspection of the property in general, but he does object to McCormick being able to choose the

---

[1] Doc. 417 at ¶ 34.

[2] Docs. 311, 321, 463 & 563.

inspector. Similarly, the Securities and Exchange Commission stated it is not opposed to a third-party inspection, so long as the Receiver is involved in selecting the inspector. The Court **GRANTS** McCormick's request to provide a third-party inspector access to the Amerigold Suites property, but the Receiver shall choose the third-party inspector.

## B.    Request to Lift the Stay

McCormick's request to foreclose on Amerigold Suites requires lifting the litigation stay in place. And as quoted above, the litigation stay covers proceedings of any nature involving any Receivership Entity. Amerigold Suites and Goldmark Hospitality, LLC, are Receivership Entities. So Barton's guaranty of the loan to Goldmark Hospitality, LLC, is covered by the stay. The Court turns to the *Stanford* factors once again.

When considering whether to lift a litigation stay in a receivership, courts should consider "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim."[3]

The first factor "essentially balances the interests in preserving the [R]eceivership [E]state with the interests of [McCormick.]"[4] As in its last order on McCormick's request to lift the stay, the Court again recognizes McCormick's

---

[3] *SEC v. Stanford Int'l Bank Ltd.*, 424 F. App'x 338, 341 (5th Cir. 2011) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1980) (*Wencke II*)).

[4] *Id.*

frustration with the duration of the litigation stay in this case. However, as the Court has previously noted, McCormick was aware of the Receivership Order when it purchased the note. And "the Receiver's task to marshal, preserve and conserve the [R]eceivership [E]state is as much for [McCormick's] benefit as for the benefit of all of the other [creditors]."[5]

McCormick argues that the status quo is unacceptable here due to the safety issues it has identified on the Amerigold Suites property and that every dollar the property generates should be used to repair it rather than being split with the Receivership Estate. But as the Receiver responded, he deposits the income from Amerigold Suites into a separate account used solely for the property, not for the Receivership's expenses. So McCormick has not established that the status quo is actually harming the property or its tenants, and lifting the stay would prevent the Receiver from managing the Receivership Estate in such a way to maximize assets for the estate and its creditors. Therefore, the interests of the Receivership outweigh the injury suffered by McCormick.

The second factor deals with the timeline of the Receivership. "Timing in a receivership process is fact specific, based on the number of entities, the complexity of the scheme, and any number of other factors."[6] Though McCormick has sought a lift of this stay for over a year, the size of the Receivership Estate, the complexity of the scheme, the litigiousness of the defendant, and the linkage of this case to a

---

[5] *Id.*

[6] *Stanford*, 424 F.App'x at 341.

4

criminal case that has not proceeded to trial all slow the Receivership down such that it is still in the early stages.

Further, the Fifth Circuit has heard oral argument for its review of the Receivership Order, but decisions don't write themselves and the Fifth Circuit is working studiously on it. McCormick itself notes that the Fifth Circuit could amend the Receivership Order to exclude Amerigold Suites from the Receivership Entities. With the opinion possible any day, it is premature to lift the stay in this posture. And as this Court noted in its last denial of McCormick's request, Barton entered an agreed injunction in October 2024, which was designed to expedite the sale process for properties like Amerigold Suites by preventing Barton from interfering.[7] Once the Fifth Circuit's issues its decision on the scope of the receivership—and assuming Amerigold Suites is still included in the Receivership Estate—the injunction should allow a sale to move forward. The Court finds this factor weighs in favor of keeping the stay.

Finally, the Court considers the merits of McCormick's underlying claim to the principal and interest it's owed. As in its prior orders refraining from lifting the stay. McCormick is still entitled to repayment as the holder of Goldmark Hospitality's mortgage loan for Amerigold Suites.[8] Maintaining the stay here doesn't change that. Whether this third factor weighs in McCormick's favor or not, the first two strongly favor the Receivership's interest in maintaining the stay, and that is dispositive.

---

[7] Doc. 580-1.

[8] *See* Doc. 436 at 2.

## II.    Receiver's Request for Fees

In his response to McCormick's motion, the Receiver asks the Court to award him the fees it took to respond to this motion. McCormick's repeated motions to lift the litigation stay are draining the Receivership Estate of its limited recourses. And the Receiver argues that this motion in particular was largely unnecessary since the Receiver did not oppose a third-party inspection in the first place.

The Court will not make McCormick pay the Receiver's fees for losing this motion, but it will consider ordering McCormick to pay fees for any further losing motions that ask the Court to lift the stay.

## III.    Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** McCormick's motion at Doc. 612. The Court grants the motion as to permitting a third-party inspection of Amerigold Suites, though the Receiver shall choose the third-party inspector. The Court denies the motion as to lifting the stay so that McCormick can foreclose on Amerigold Suites and go after Barton. The Court further **FINDS AS MOOT** McCormick's motions for expedited briefing and a hearing. (Docs. 615 & 623).

**IT IS SO ORDERED**, this 10th day of April, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

6