UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       *Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>et al.,<br><br>       *Defendants,*<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>       *Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

## **ORDER**

Before the Court is Timothy Barton's motion for a protective order (Doc. 587) and the Receiver's motion to compel in response (Doc. 591).  The Court **GRANTS** both motions.

The Receiver seeks information on the source of various contributions to Barton's legal defense.  Barton claims this will discourage future donations to his defense and that the "amount of the funds at issue is so small [as] to make their source irrelevant."[1]

The Receiver's response outlines Barton's history of both commingling investor funds for personal use and refusing to turn over information the Receiver

---

[1] Doc. 587 at 5.

requests and is entitled to under the Receivership Order.  As such, the Receiver asks the Court to compel Barton "to provide documents evidencing payments or security agreements received from or for the benefit of Barton, and the due diligence, if any, conducted regarding the source of any fees paid on Bart[o]n's behalf."[2]

The Court **GRANTS** both Barton's request for a protective order and the Receiver's request for a motion to compel.  Barton presented two options to the Court for a protective order.  The Court enters the second.

> **ACCORDINGLY**, it is hereby **ORDERED** that Defendant provide the Receiver with the information requested, but such information is restricted as follows: (1) barring the Receiver from sharing the information with the Commission or any other Government entity (without further order of the Court) and (2) barring the Receiver from contacting or making inquiry of the contributor without further order of the Court, and then only upon showing a serious and good faith basis that the contributor possesses information relevant to the legitimate purpose of the Receiver.[3]

But the Court also **ORDERS** Barton to turn all the relevant documents over to the Receiver: "documents evidencing payments or security agreements received from or for the benefit of Barton, and the due diligence, if any, conducted regarding the source of any fees paid on Bart[o]n's behalf."[4]

It is **SO ORDERED**, this 10th day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] Doc. 591 at 14.

[3] Doc. 587-1 at 2 (emphasis added to Barton's proposed order).

[4] Doc. 591 at 14.