IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON, | § | |
| CARNEGIE DEVELOPMENT, LLC, | § | |
| WALL007, LLC, | § | |
| WALL009, LLC, | § | |
| WALL010, LLC, | § | |
| WALL011, LLC, | § | |
| WALL012, LLC, | § | |
| WALL016, LLC, | § | |
| WALL017, LLC, | § | |
| WALL018, LLC, | § | |
| WALL019, LLC, | § | |
| HAOQIANG FU (A/K/A MICHAEL FU), | § | |
| STEPHEN T. WALL, | § | |
| | § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and | § | |
| LDG001, LLC, | § | |
| | § | |
| *Relief Defendants*. | § | |

**RECEIVER'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE FIFTH, SIXTH, SEVENTH
EIGHTH, NINTH, AND TENTH QUARTERLY FEE APPLICATIONS**

Cort Thomas, as the court-appointed Receiver ("Receiver"), files this Unopposed Motion

for Extension of Time to File Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Quarterly Fee

Applications and in support would respectfully show the Court as follows:

On October 18, 2022, the Court entered its initial Order Appointing Receiver [Dkt. 29] (the

"Initial Receivership Order") in this case.  On November 29, 2023, the Court entered its second

Order Appointing Receiver [Dkt. 417] (the "Second Receivership Order").  Among other things,

1

the Initial Receivership Order and Second Receivership Order both require that "[w]ithin forty-five (45 days) after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates." Initial Receivership Order ¶ 64; Second Receivership Order ¶ 64.  Under the Second Receivership Order, the Receiver's deadline to file his Tenth Quarterly Fee Application—which covers January 1, 2025 through March 31, 2025—is Thursday, April 15, 2025.

On November 3, 2023, the Receiver filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third and Fourth Fee Applications, covering the periods April 1, 2023 through June 30, 2023 and July 1, 2023 through September 30, 2023.  On November 9, 2023, the Court entered an Order granting the Receiver's request for extension of time.

On February 14, 2024, the Receiver again filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third, Fourth, and Fifth Fee Applications, the latter of which covered October 31, 2023 through December 31, 2023.  On February 21, 2024, the Court entered an Order granting the Receiver's request for extension of time.

On May 15, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Third, Fourth, Fifth, and Sixth Fee Applications, the latter of which covered January 1, 2024 through March 31, 2024.  On July 2, 2024, the Court entered an Order granting the Receiver's request for extension of time.  On July 26, 2024, the Receiver filed his Partially Unopposed Third Quarterly Fee Application [Dkt. 539].  The Court granted the fee application on August 20, 2024 [Dkt. 553].

On August 13, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fourth, Fifth, Sixth, and Seventh Fee Applications, the

latter of which covered April 1, 2024 through June 30, 2024.  On August 20, 2024, the Court entered an Order granting the Receiver's request for extension of time.

On November 15, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fourth, Fifth, Sixth, Seventh, and Eighth Fee Applications, the latter of which covered July 1, 2024 through September 30, 2024.  On December 2, 2024, the Court entered an Order granting the Receiver's request for extension of time.  On December 31, 2024, the Receiver filed his Partially Unopposed Fourth Quarterly Fee Application [Dkt. 593].  The Court granted the fee application on February 26, 2025 [Dkt. 609].

On February 14, 2025, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fifth, Sixth, Seventh, Eighth, and Ninth Fee Applications [Dkt. 600], the latter of which covered October 1, 2024 through December 31, 2024. On February 18, 2025, the Court entered an Order [Dkt. 609] granting the Receiver's request for extension of time.

As of the date of this Motion, the Receiver and his professional team have not been compensated for any time expended or reimbursed for any expenses incurred on or after October 1, 2023.  As detailed in the Receiver's Eleventh Quarterly Status Report [Dkt. 636], the Receiver has been unable to sell any of the real estate assets that are part of the Receivership, resulting in a continued dearth of available cash.  Indeed, to date, the Receiver has been unable to service any of the extensive debt that encumbers the Receivership's real estate assets.  While significant equity remains in many of the assets held by the Receivership, the continued delay of the Receiver's proposed (and previously approved) sales continues to cost the Receivership between $2 million and $3 million annually.  *See* Tenth Quarterly Report [Dkt. 636] at 4, 20.

With the Fifth Circuit's recent affirmance of the Second Receivership Order, the Receiver

remains optimistic that he will be able to close sales of real property assets in the near future. However, until additional funds are received by the Receivership, the Receiver respectfully requests that the Court extend the Receiver's deadline to file his Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Quarterly Fee Applications **until August 14, 2025**.

Dated: May 13, 2025

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

*/s/ Cortney C. Thomas*
Cortney C. Thomas
 State Bar No. 24075153
 cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 9, 2025, I conferred via email with counsel to the SEC and counsel to Defendant Barton.  Counsel for the SEC and Barton have indicated that they are unopposed to the relief requested herein.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

4

5

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

*/s/ Cortney C. Thomas*
Cortney C. Thomas