IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| TIMOTHY BARTON, ET AL., | § | No. 3:22-cv-2118-X |
| *Defendants,* | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC | § | |
| *Relief Defendants.* | § | |

**Response to the Court's Order Regarding the Defendant's Compliance
With the Receivership Order**

Defendant Tim Barton respectfully responds to the Court's May 21, 2025 order that the Defendant demonstrate why the bar complaint identified in the Receiver's notice was not a violation of the Receivership order in this matter. ECF No. 641. For the reasons stated below, the Defendant respectfully submits that neither he nor his counsel violated the receivership order. Undersigned counsel understands that Mr. Norred will be filing a declaration setting forth further reasons the Order was not violated.

## I.     The Defendant's Counsel Did Not Violate the Receivership Order

As an initial matter, the Defendant's undersigned counsel did not violate the violate the receivership order with respect to the filing of the bar complaint because neither he nor anyone in his firm participated in the preparation or was even aware of the bar complaint until the Receiver filed his May 19, 2025 notice regarding it. *See* ECF 640. Undersigned counsel is reluctant to reveal the content of privileged communications, and will not do so here. But it is appropriate to reveal the absence of privileged communications on a particular topic and, about the bar complaint,

there were none until after undersigned counsel was notified of its existence by the filing of the Receiver's notice.

Unfortunately, the Receiver and his counsel would have been informed of the undersigned counsel's lack of knowledge of or participation in the bar complaint, if the Receiver had followed this Court's rules and conferred with counsel before filing his Notice. The Receiver will no doubt contend that the Notice was not a motion and did not require meeting or conferring. But the last two pages of the Notice are dedicated to asking this Court for relief, as a motion does. It was subject to this Court's meet and confer requirement. And the Receiver's failure to do so is unfortunate.

Undersigned counsel promptly informed the Receiver of undersigned counsel's lack of participation and knowledge, after the filing of the Receiver's notice. That correspondence is attached hereto as Exhibit A. Undersigned counsel asked the Receiver and his counsel to amend the notice and remove the suggestion that counsel should be called to account for the bar complaint, now that the Receiver was informed about his lack of involvement. He has not done so. The Receiver's Notice is signed by counsel, should have been accompanied by pre-filing inquiry, and should have been corrected once it was apparent that an aspect of it did not have an evidentiary foundation. The Defendant's counsel may take this shortcoming up through appropriate motion practice, after following the Court's rules mandating that the parties exhaust methods to resolve any differences before asking this Court for relief.

## II.    The Filing of the Bar Complaint by the Defendant was Not a Violation of the Receivership Order

The Notice offers two theories of why the Defendant's filing of a bar complaint violated the Receivership order. One theory appears to be that the Receivership order gave this Court

exclusive dominion over the propriety of the actions and omissions of the Receiver and his appointed counsel, at least when it comes to those taken in connection with the receivership. The portions of the receivership order cited by the Court in the order seeking a response to the Notice do not appear to do so.  And, respectfully, the prevailing law is that a federal court order cannot do so.  Multiple federal courts have recognized that no federal  courtorder or appointment can shield attorneys from oversight by the state bar or exempt them from state disciplinary authority. *See In re Snyder*, 472 U.S. 634, 644–45 (1985) (federal courts do not supplant or displace state disciplinary bodies' oversight of attorney conduct); *In re Application of Griffiths*, 413 U.S. 717, 722 (1973) (holding that legal regulation and standards of ethics remain under state authority); *Matter of Abrams*, 521 F.2d 1094, 1102 (3d Cir. 1975) (holding that courts must not "immunize attorneys" from legitimate professional regulation under color of judicial appointment).  At a minimum, any court order exempting attorneys from the State bar disciplinary process likely would require a clear statement doing so, so the legal complexities and constitutional implications of doing so could be fully vetted through the appellate process.  The receivership order does not contain such a clear statement.  The Court should reject the suggestion that the filing of a bar complaint against the Receiver's lawyers, as a category, somehow violates the receivership order

Second, the Receiver seems to suggest that a bar complaint can "hinder" to or "interfere with" or "harass" the Receiver, in violation of the Receivership Order, if it is found to be "frivolous" or "bogus."  The Defendant respectfully submits that the bar complaint is not frivolous or bogus.  The complaint, no question, could be better written as a matter of prose.  But the gravamen of the complaint is that the Receiver's counsel was making filings and filing lawsuits without factual investigation.  The complaint also brings to the bar's attention that the Receiver's

counsel was taking actions to encourage the Defendant's lawyers to abandon him by, among other things, filing suits without adequate prior investigation or factual investigation against them.

If those charges against the Receiver's counsel had a good faith factual basis, they would undoubtedly be issues worth of bar inquiry. And presumably, for that reason, the Bar accepted it and initiated an inquiry.

The Defendant respectfully submits that those concerns due have a good faith evidentiary foundation. Given the Notice and the order, the Defendant has no other choice but to bring Exhibit B to the Court's attention. This is an email the Receiver's counsel sent to one of Mr. Barton's former attorneys. Therein, she confides in a colleague that her suits against counsel are likely without merit, but she is filing them nonetheless. We are informed that Mr. Barton's former counsel shared it with the Defendant. It formed a basis for his complaint.

## Conclusion

Barton and his counsel respectfully request that the Court decline to take any adverse action against the Defendant or his counsel with respect to the bar complaint identified in the Receiver's Notice.

Respectfully submitted,

*/s/ Michael J. Edney*
**HUNTON ANDREWS KURTH LLP**
Michael J. Edney (D.C. Bar. No. 492024)
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
medney@hunton.com

Warren V. Norred (TBN 24045094)
**NORRED LAW, PLLC**
515 E. Border Street
Arlington, TX 76010
Telephone:  (817) 704-3984
Facsimile:  (817) 524-6686
wnorred@norredlaw.com


*Counsel for Defendant Timothy Barton*

## <u>CERTIFICATE OF SERVICE</u>

On June 4, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s Michael J. Edney*
Michael J. Edney