# EXHIBIT A

# HUNTON

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

MICHAEL J. EDNEY
DIRECT DIAL: 202 • 778 • 2204
EMAIL: MEDNEY@HUNTON.COM

May 22, 2025

Charlene Koonce, Esq
Timothy Wells, Esq.
Brown Fox
8111 Preston Rd
Suite 300
Dallas, TX 75225

> **Re:** ***SEC v. Barton*** **(N.D. Tx.):  Correcting the Notice of Alleged Violations of the Receivership Order.**

Dear Ms. Koonce and Mr. Wells:

I am writing in response to the "Notice of Continued Interference and Violations of Receiver Order" you filed with the United States District Court for Northern District of Texas. ECF 640.   Therein, you suggest that Mr. Barton has been involved in an alleged violation of the receivership order, arising from Mr. Barton having filed a complaint or grievance related to your and your colleagues' conduct with the Texas Bar.

As has become a bit of a pattern, you did not meet and confer with at least undersigned counsel before making this filing or suggesting that undersigned counsel was involved in the filing of the bar grievance or complaint that you allege violates the Receivership order.  *Id.* at 4 & 5 (suggesting that counsel was involved in the grievance and seeking remedies against "each" of them for it).  I understand this was filed as a "notice," but it is clearly a request for relief.  *See id.* at 4-5 (requesting several forms of judicial action).

Had you conferred or made any other type of inquiry before filing your notice, you would have learned that neither undersigned counsel nor any member of this law firm was involved in or even aware that Mr. Barton was preparing or had filed any bar grievance or complaint related to you or your colleagues.   The first time we have heard of it was in reading your notice.

I would therefore ask, now that you have this information, that you amend your "notice" to remove the suggestion that at least undersigned counsel or his firm is involved in any alleged violations of the receivership order and your request that undersigned counsel be required to show why he not be held in contempt.  With the order of the Court from yesterday,

# HUNTON

Charlene Koonce, Esq.
Timothy Wells, Esq.
May 22, 2025
Page 2

this request has now become time sensitive, so I ask that you make that amendment before the close of business tomorrow.

On a separate point, nothing above should be construed as a concession that Mr. Barton filing a grievance is a violation of the receivership order or otherwise improper.

There are many assertions in your notice that you are exempt from the rules that govern lawyer conduct. I assume, or perhaps I hope, that you continue to be subject to the Federal Rules of Civil Procedure, particularly Rule 11 governing the content of filings signed by counsel. The factual contentions therein must have evidentiary support. Putting aside for now whether your filing should have been preceded by a reasonable inquiry (or even the conferral required by the Court's local rules), now that you have been provided with the above information, a failure to amend your filing, as requested, would be in violation of the Court's rules. If I have to take this up with the Court, we will be seeking relief under Rule 11.

I have an additional request, in light of the foregoing. As explained above, undersigned counsel was not aware of the filing of the bar complaint. The Court's order requires that Mr. Barton defend the alleged filing's compliance with the receivership order in three business days. In light of our unfamiliarity with the underlying event at issue and the need for counsel to assist in addressing a filing made in the above entitled case, we intend to move the Court for an extension of time to make that filing until Wednesday, June 4, so I can apprise myself of the relevant circumstances and assist our client in making an informed response to your Notice and the Court's order. I would appreciate your non-opposition to that motion for extension of time. Please let me know your position on this request as soon as possible, as I intend to file the motion tomorrow morning.

With my very best regards,

Michael J. Edney