IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | No. 3:22-cv-2118-X | |
| § | | |
| TIMOTHY BARTON, ET AL., § | | |
|     *Defendants.* § | | |

**RESPONSE TO THE COURT'S ORDER**

Defendant Timothy L. Barton hereby submits his response to the Court's Order (ECF No. 641), which relies on the declaration of his counsel, attached.

Summarizing, Barton's counsel was wholly unaware of his grievance filing, though a grievance cannot be considered "interference" in the Receiver's duties. Grievances can be filed against judges when they fail to act in good faith; no logic suggests that receivers should be immune to grievances when the judges who appoint them are not.

The Declarations attached, incorporated here, give detail regarding the grievance, the Receiver's actions, and response to the misnamed "notice" that asks for this Court to act.

Barton asks the Court deny any remedy sought by the Receiver's notice. If anything, the Court should ask the Receiver under Rule 11 to explain his lack of conference on the notice, absence of pre-filing investigation, and refusal to amend when presented with the facts that the pre-filing investigation or inquiry would have brought to his attention.

        /s/Warren V. Norred
        Warren V. Norred; TBN: 24045094; warren@norredlaw.com
        NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
        (817) 704-3984 (Telephone); (817) 524-6686 (Fax)
        *Attorney for Tim Barton*

**CERTIFICATE OF SERVICE -** I hereby certify that a true copy of the foregoing declaration was served on all parties of record via the Court's electronic filing system on June 4, 2025.
        */s/Warren V Norred*

## DECLARATION OF WARREN NORRED
## RESPONSE TO THE COURT'S ORDER (ECF NO. 641)

My name is Warren V. Norred, and I declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct.

<u>Background:</u>

1) I write this declaration to respond in part to the Court's recent order (ECF no. 640, "Order"), issued by the Court following the Receiver's Notice of Barton's Continued Interference and Violations of Receivership Order (Notice, Doc. 640).

2) In this declaration, I am providing to the Court the events and facts on which I can testify. I am also providing the Court my legal opinion in this declaration, in which I would assert some level of expertise, based on nearly 20 years of experience, including litigation in every federal and bankruptcy court in Texas, federal courts in several other states, and in the Fifth, Ninth, and Federal Courts of Appeal.

3) In this declaration and report, I am also referencing the Texas Bar's public page on the grievance procedure, available online to the public at https://www.texasbar.com/AM/Template.cfm?Section=Disciplinary_Process_Overview&Template=/CM/HTMLDisplay.cfm&ContentID=29668.

4) In addition to my legal experience, I am also employing my knowledge of the grievance process, which I gained by responding to grievances filed against me, and by assisting investigators of grievances.

5) Though I have been the target of grievances, I have not been disciplined at any time. All grievances filed against me have been dismissed, generally without significant effort on my part, other to explain why the grievance was unfounded.

6) I did not know that Tim Barton was filing a grievance until I received the Notice. Nor did I see anything in the grievance, which I read for the first time after receiving the Notice, that indicated Barton had legal assistance with its drafting.

<u>Response Regarding Immunity:</u>

7) The Receiver's filing was filed as a "notice" but asks the Court to take action and is clearly a deliberately misnamed motion to show cause, contemptuously disguised as a notice. It appears to me that the Receiver asked the Court to take action and avoid the response schedule which would allowing Barton and his counsel to take 21 days to respond to the implicit accusations which are completely unfounded.

8) As evidence that the Notice was actually a deliberately misnamed motion to show cause, I note that the Court read the Notice as an emergency motion to show cause, as the Order required a near immediate response, though no apparent emergency was alleged or could be inferred from the events described in the Notice. (I am thankful that allied counsel Mr. Edney was able to file a motion to extend the time to respond.)

9) Though I would not have suggested that Barton file a grievance, I am unaware of any logic that would support a finding that a grievance filed with the Texas Bar constitutes interference in the Receiver's duties. <u>The Receiver's notice cites only cases concerning lawsuits, not grievances, and are therefore distinguishable on that basis alone.</u> No case law supports the Receiver's apparent position that a federal receiver can be made immune from a grievance process before a state bar.

10) I note also that the immunity provided to a receiver is not absolute, as even the Notice admits; the actions for which a receiver is immune are those acts made in good faith. As every successful grievance is an allegation of professional misconduct, all grievances are effectively challenges to the "good faith" of an attorney. In fact, grievances that do not allege professional misconduct are routinely dismissed without input requested by the subject attorney, though he may receive a letter letting him know of the dismissal. (I have personally been informed in that manner of a dismissed grievance.)

11) I am aware that judges are not immune to grievances, such grievances are resolved by the State Commission on Judicial Conduct or the Chief Disciplinary Counsel (CDC) and its administration, depending on the court. Even federal judges are not immune to formal criticism, as the Northern District of Texas provides potential complainants the rules for resolution of such complaints at https://www.txnd.uscourts.gov/complaints-judicial-misconduct-or-disability.

12) Because Texas law specifically allows for grievances to be filed against judges, and judges appoint receivers, I see no valid logic supporting immunity for receivers. If the CDC thought that receivers were *immune*, the grievance would have been dismissed.

13) Additionally, Barton's Grievance alleges that the Receiver has taken actions which are not made in good faith, so any immunity is at least colorably challengeable.

<u>Response to the Court's Order regarding the Receiver's Allegation of Interference:</u>

14) I am unaware of how a grievance is an interference in the proper duties of a receiver. A grievance is not similar to a lis pendens or other out-of-court matter that requires judicial action to resolve. Nor is it an alleged interference in a prospective sale, like letting a would-be buyer know of legal issues concerning a property that might run him off.

15) The Court's Order commands an explanation of how Barton's grievance does not violate the Receivership Order. Taking one section at a time, no rational person could suggest that grievances "interfere in the Receiver's efforts to take control, possession or management of any Receivership Property."

16) I do not see how any rational person can suggest that Barton's filing of a grievance can be said to "hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties," as the Receiver is simply not hindered in any way.

17) Lastly, the Receivership Order states that Barton may not "interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates." The Receiver clearly asserts that Barton's grievance is an

 interference of some sort. But the Receiver has not indicated in what way the Receiver has been harassed. The Notice has conclusory language claiming such, but the closest that the Notice comes to giving any details regarding the harassment is an implicit recognition that the target of the grievance has to answer the grievance, which takes time. But time to answer for improper behavior is not "interfering in any manner with the exclusive jurisdiction of this Court over the Receivership Estates." But even time to answer a meritless grievance cannot be said to be "interference" in a receiver's duties.

18) Thus, based on the Receivership Order's language, the filed grievance, and the grievance process, I do not see that Tim Barton has interfered with the Receiver in any way that violates the Receivership Order – if the CDC sees challenged behavior as sufficient to warrant investigation or at least an answer, a requirement that the Receiver simply answer the resulting query is far less than the work involved in drafting the Notice.

19) Additionally, I am aware that the behavior that Barton complained about in his grievance concerns contemptuous behavior on the part of the Receiver's counsel.

20) Additionally, public policy does not, or at least should not, in my opinion, conclude that a judge can shut down complaints, a priori, about counsel before him, and inoculate such counsel from a grievance process when a judge cannot do that even for himself.

<u>The Receiver's actions raise concerns about compliance with his ethical duties.</u>

21) As the Court is aware, the Receiver and his counsel filed suit against Barton's ex-wife and two children in cause no. 3:24-cv-00612-X ("Family Case"), trying to justify the suit based on a need to meet limitations, and then immediately abated the case.

22) To resolve the Family Case, I personally put together a declaration for his ex-wife to sign, so to assist the Receiver with the due diligence that should have performed before filing suit, but which indisputably demonstrates a lack of liability on the part of Martine Barton.

23) Rather than dismiss the case against Barton's ex-wife, however, the Receiver demanded that she provide a new declaration that gives him no significant new information.

24) Though the Receiver might be excused for his initial lack of due diligence, I know of no reason why an attorney operating ethically would continue to continue with a meritless suit that should be dismissed or insist on a new declaration, rather than dismissing the suit based on the existing evidence which is already before him.

25) Additionally, I am aware that the Receiver has file claims against dubious targets in a shot-gun approach, demonstrated by the internal email sent by Ms. Koonce to Mr. Wells, during which the Receiver's legal team demonstrated a willingness to sue lawyers who likely received payments in good faith:

> ----- Forwarded Message -----
> **From:** Charlene Koonce <charlene@brownfoxlaw.com>
> **To:** lawyerkemp@cs.com <lawyerkemp@cs.com>
> **Cc:** Kimberley O'Rourke <korourke@brownfoxlaw.com>; Tim Wells <tim@brownfoxlaw.com>
> **Sent:** Monday, February 19, 2024 at 04:37:11 PM CST
> **Subject:** Re: No. 3:22-CV-2118-X; Securities and Exchange Commission v. Timothy Barton, et al.
>
> ==I'd probably go ahead and send him the list. We are t likely going to recover from many of these lawyers, bc most probably received payment in good faith.==
> ==Sent from my iPhone. Please ignore typos and auto-correct errors.==
>
> > On Feb 19, 2024, at 9:22 AM, lawyerkemp@cs.com wrote:
> >
> > [EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.
> >
> > Ms. O'Rourke:
> >
> > I called Mr. Wells and followed it up with an e-mail requesting a list of payments you believe my firm received.
> >
> > The invoices should be easy to find but the payments were sent either wire, credit card or check.
> >
> > So if you can send me a list of payments it would be helpful in matching up invoices to payments.

Executed on June 4, 2025.

*/s/ Warren V. Norred*

Warren V. Norred; TBN: 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
(817) 704-3984 (Telephone); (817) 524-6686 (Fax)
*Attorney for Tim Barton*