**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, *et al.*, | § § § § | |
| *Defendants*, | § | |

**RECEIVER'S REPLY TO BARTON'S RESPONSES TO
ORDER TO SHOW COMPLIANCE WITH THE RECEIVERSHIP ORDER**

On June 4, 2024, Barton filed responses [Dkts. 645, 646] ("Barton's Responses") to the Court's Order [Dkt. 641] directing him to provide certain information relevant to the Court's assessment of Barton's compliance with the Receivership Order. Barton's Responses, while disclaiming any involvement of counsel in the filing of his Grievance, simultaneously defend and condone Barton's actions. Indeed, since his initial filing, Barton has actively continued to pursue the Grievance, filing two separate supplements (the latest of which is dated June 9). The Receiver files this Reply to address the complaints levelled in the Grievance, the supplements, and Barton's Responses and to notify the Court of Barton's continued filings with the State Bar.

**A.     Barton Did Not and Cannot Demonstrate Any Valid Basis For His Grievance, Which Violates the Receivership Order as Harassment.**

At a most basic level, not one word of either Response filed by Barton's lawyers provides even the slimmest justification for the Grievance or negates the purpose and intent of the Grievance: harassing the Receiver through his counsel and causing the continued use of limited Receivership resources to defend against Barton's well-documented violations of the Receivership Order.

1

Barton's counsel claims that Barton's Grievance is not "frivolous or bogus" [Dkt 645 at 3], yet the Grievance on its face proves this to be an apt description. Indeed, Barton and his attorneys fail to explain how one single allegation in the Grievance has any merit. On the contrary, as explained in the Receiver's Notice [Dkt. 640], Barton's Grievance rests wholly on legitimate, ethical, necessary and court-authorized actions taken at the Receiver's request and on his behalf. The actions include bringing well-supported, legitimate arguments made in furtherance of the Receiver's obligation to preserve and protect Receivership Assets, as asserted in briefs, including an amicus brief filed in the Fifth Circuit,[1] (the "Amicus Brief"), and ancillary lawsuits filed to recover Receivership Assets (the "Ancillary Lawsuits"). Nothing about the Amicus Brief, those lawsuits, the evidence on which they rest, the diligence undertaken in investigating the claims at issue, and the limited "information and belief" on which some allegations in the Ancillary Lawsuits rest provide any legitimate basis for the Grievance.

Nonetheless, one of Barton's attorneys, Mr. Edney, asserts that an email mistakenly sent to one of Barton's previous lawyers named in one of the Ancillary Lawsuits somehow supports Barton's Grievance. The email demonstrates the opposite.[2] Contrary to Barton's argument, Ms. Koonce's email demonstrates the diligence and investigation conducted by the Receiver and counsel, as well as candor in sharing evidence before filing the Ancillary Lawsuits. Further, the possibility that a defendant may possess an affirmative defense—here, of having received a transfer "in good faith"—in no way demonstrates the Receiver's claim lacked merit or was

---

[1] The Amicus Brief cited the record extensively and accurately and Barton does not even attempt to demonstrate otherwise.

[2] Notably, Barton also misrepresents the email. In an email intended for internal discussion but inadvertently also copied to a lawyer who had requested a list of payments underlying a demand letter sent before the lawsuit was filed—and who notably is not represented by Barton or his counsel and who has not alleged any wrongdoing by the Receiver or his counsel—says, "I'd probably go ahead and send him the list. We are t [sic] likely going to recover from many of these lawyers, bc most probably received payment in good faith." [Dkt. 645-2]. Edney misrepresents the email as Ms. Koonce "confid[ing] that her suits against counsel are likely without merit, but she is filing them nonetheless." Dkt. 645, p. 4.

improper. *See Janvey v. GMAG, L.L.C.*, 977 F.3d 422, 427 (5th Cir. 2020) (discussing Receiver's fraudulent transfer claim and two-pronged affirmative defense of reasonably equivalent value and good faith). Indeed, doubts about whether certain defendants could defeat the claim in no way relieved the Receiver (or his counsel) from their duty to assert those valid claims intended to maximize the value of the Receivership Estate.

Barton's additional counsel, Mr. Norred,[3] also weakly defends the Grievance by claiming the Receiver improperly filed suit against Barton's ex-wife, Martine Barton (on whose behalf again, Barton has no standing to allege any complaint). More importantly, as Mr. Norred knows full-well, the argument ignores bank records evidencing payments of $781,074.89 by Receivership Entities in connection with a credit card in Ms. Barton's name. After filing suit, and despite Barton's refusal to produce documents or other information as required by the Receivership Order, the Receiver later obtained additional bank records suggesting that the transfers linked to Ms. Barton were made for Tim Barton's or another Receivership Entity's benefit. In no universe does filing the Ancillary Lawsuit, continuing to investigate the claim, and the later discovery of additional information violate any Rule of Professional Conduct or demonstrate any factual basis for the Grievance.

Similarly, despite Mr. Norred's vitriolic complaints to the contrary, the Receiver's insistence that Ms. Barton provide a more comprehensive declaration disclaiming her receipt of *any benefit from any Receivership Entity* before he would agree to dismiss the claims asserted

---

[3] Unlike Mr. Edney who asserts that "neither he nor anyone in his firm participated in the preparation or was even aware of the bar complaint until the Receiver filed his [Notice]," [Dkt. 654 at 1] Mr. Norred carefully excludes that same exculpatory testimony. Instead, Mr. Norred—who touts his apparent experience in responding to and investigating grievances—tiptoes around the assistance the remainder of his testimony suggests, stating that he did not know that Barton was "***filing*** a grievance" *and that he had not **read the grievance*** until after the Receiver's Notice. [Dkt. 646 at ¶ 6]. He does not, however, disclaim preparing the Grievance or assisting in its preparation, activities that are strongly suggested by the content and style of the Grievance, and which could have been easily denied if such a denial was truthful. In short, Norred fails to negate his assistance in Barton's violation of the Receivership Order through preparing a Grievance intended to harass the Receiver and his counsel.

3

against her demonstrates diligence and a faithful adherence to the Receiver's duty to maximize Receivership Assets, rather than a breach of an ethical duty. Since the filing of the Response, Ms. Barton has willingly provided the requested declaration, and the Receiver has dismissed the claims against her without prejudice.

Barton's Grievance is a direct violation of the Receivership Order and neither Response demonstrates any justification for the contempt implicit in the Grievance.

**B.      Barton's Harassment Continues Today**

Despite the Receiver's Notice and the Court's order to show compliance with the Receivership Order, Barton has continued his harassment campaign. On May 20, 2025, Barton filed a supplemental letter with the State Bar claiming Ms. Koonce is retaliating against him by filing the Notice—which is patently untrue—and urged the Chief Disciplinary Counsel to consider the Notice as an "aggravating factor in the pending complaint." Similarly, just two days ago, on June 9, 2025, Barton filed a third letter with the State Bar urging it to order an emergency suspension of Ms. Koonce's law license or issue a protective order restraining her from "filing further pleadings, notices, or actions." Barton's continued and baseless filings with the State Bar demonstrate that rather than quelling or even slowing Barton's harassment and violations of the Receivership Order, the Court's order to show compliance has emboldened Barton to accelerate his harassment campaign.[4]

**C.      Barton's Continued Disregard for the Receivership Order Necessiates Payment of Attorneys' Fees and a Bar Against Future Violations.**

The Court has inherent authority to enforce its "lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and

---

[4] Copies of Barton's two supplemental filings with the State Bar are attached as Exhibit A.

submission to their lawful mandates.") (internal quotation omitted)).  The Receiver's counsel is currently in the process of responding to Barton's Grievance and the multiple supplements he has since filed.

Indeed, Barton's Grievance and supplemental filings with the State Bar demonstrate that in addition to escalating harrassment of the Receiver and his counsel, Barton seeks a new, alternative venue to air his unjustified claims because this Court and the Fifth Circuit have repeatedly rejected Barton's inaccurate factual assertions and his unsupported or inapplicable legal arguments.  Barton's Grievance rests wholly on pleadings and briefing filed in this case and related appeals, or the Receiver's counsel's good-faith performance of services in support of the Receiver. More specifically, the Grievance alleges:

- The Amicus Brief "made allegations completely devoid of foundation or evidence" intended to "defame and discredit" Barton;

- Ms. Koonce "initiated legal actions based solely on information and belief" which "undermine[s] the legitimacy of the claims" she "has advanced against" Barton;

- Ms. Koonce has "unjustifiably targeted individuals" who sought to "support" Barton, through requests for the source of funds received by Barton's counsel;

- Ms. Koonce has "engaged in malicious legal actions" against Barton's family members, by filing (on the Receiver's behalf) the Ancillary Lawsuits;

- Ms. Koonce has filed "frivolous lawsuits" against "distinguished lawyers" (i.e., the Ancillary Lawsuits);

- Ms. Koonce "seized my personal and business records" and she personally "ordered the taking of my personal legal work…"

- Ms. Koonce has repeatedly violated the "privilege protocol, refusing to [sic] the court orders.

- The notice regarding the Grievance was a "retaliatory and ethically alarming" filing, which "sought to brand the grievance as 'interference,'" for which Mr. Barton requests the suspension of Ms. Koonce's license, *or a restraining order.*

The Court can (and should) conclude that Ms. Koonce's actions before this Court and the Fifth Circuit were proper and in accordance with the Receivership Order. While Barton's Grievance and supplements seek to strip the Receiver of counsel and hinder the Receiver's execution of his duties under the Receivership Order, such conduct should be prohibited or at the very least circumscribed going forward.

To compensate the Receivership Estate for the costs of responding to the Grievance and deter similar harassment in the future, the Receiver respectfully requests that, if Barton does not willingly withdraw his Grievance, the Court (1) order him to repay the cost incurred by the Receivership Estate in responding to the Grievance (and the associated filings in this Court); (2) require Barton to obtain leave of Court prior to filing any future grievance or Complaint against the Receiver or his counsel premised on any conduct or filing related to the receivership; and (3) conclude that every factual basis on which the Grievance rests, was performed ethically, in good faith, and in accordance with this Court's orders and the governing Rules of Professional Conduct and that the Grievance is wholly unfounded.

Dated: June 11, 2025

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

*/s/ Cortney C. Thomas*
Cortney C. Thomas
  State Bar No. 24075153
  cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

6

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.