# EXHIBIT A

| | |
|---|---|
| **From:** | Tim Barton |
| **To:** | Michelle Meyer |
| **Subject:** | Re: Case No. 202502660 - Notice of Grievance Filing Determination |
| **Date:** | Tuesday, May 20, 2025 3:52:54 PM |
| **Attachments:** | Supplement Content Letter 20250520.pdf |
| | Dkt No 640 NOTICE of Bartons Continued Interference and Violations of Receivership Order filed by Receiver (Koonce Charlene) with Highlights.pdf |

You don't often get email from timothy.barton@proton.me. Learn why this is important

Dear Ms. Meyer,

Subsequent to my previous email, attached please find the formal supplement that I have requested to be incorporated into the original complaint against the attorney Charlene Koonce.

Kindly advise further steps that I may follow to stop her retaliatory actions.

Sent with Proton Mail secure email.

On Wednesday, May 21st, 2025 at 1:17 AM, Tim Barton <timothy.barton@proton.me> wrote:

> Subject: Supplemental Ethics Complaint – Charlene Koonce (Brown Fox PLLC) – Retaliation
>
> Dear Ms. Meyer,
>
> I am writing to formally supplement my ethics complaint against attorney Charlene Koonce of Brown Fox PLLC, who serves as counsel to Receiver Cort Thomas in SEC v. Barton, No. 3:22-cv-01962-X (N.D. Tex.).
>
> Shortly after being notified that the State Bar had requested her response, Ms. Koonce filed a baseless contempt motion against me in federal court—without notice, service, or a valid legal basis. This filing is clearly retaliatory and was meant to punish me for exercising my right to file a disciplinary complaint—a right protected by law.
>
> This action violates multiple Texas Disciplinary Rules of Professional Conduct, including:
>
> Rule 4.04(a) – Abuse of legal process to burden or embarrass another;
>
> Rule 8.04(a)(1), (3), and (5) – Conduct involving dishonesty, abuse of court procedures, and actions prejudicial to the justice system.
>
> It also implicates federal protections against retaliation, including:
>
> Smith v. Mosley, 532 F.3d 1270 (11th Cir. 2008): Filing grievances is protected legal speech under the First Amendment.
>
> Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422 (8th Cir. 1986): The filing of public complaints is constitutionally protected conduct.
>
> 28 C.F.R. § 42.101 et seq.: Federal regulations prohibit retaliatory action against individuals participating in legal or oversight processes.
>
> Ms. Koonce's actions are especially troubling given the over $3 million she and her

firm have billed in this receivership, where she has targeted not only me but my family and former legal counsel—all without proof of wrongdoing, and often using legal procedures to suppress opposition.

I respectfully urge the Office of Chief Disciplinary Counsel to consider this conduct as an aggravating factor in the pending complaint. I am prepared to provide documentation including the contempt motion, supporting court filings, and evidence of service failures.

Please confirm receipt of this supplemental complaint. Thank you for your attention to this serious matter.

Sincerely,
Timothy Barton
3926 Vista Woods Drive
Carrollton, TX 75007
timothy.barton@proton.me
(214) 673-8714

Sent from Proton Mail Android

-------- Original Message --------
On 5/14/25 4:18 PM, Michelle Meyer wrote:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has received and examined your grievance in the above-referenced case. A copy of our determination regarding this matter has been attached.

In compliance with the Texas Rules of Disciplinary Procedure, the Office of the Chief Disciplinary Counsel maintains confidentiality throughout the grievance process. This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material that is legally protected from disclosure. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us.

Thank you,

Office of the Chief Disciplinary Counsel

State Bar of Texas

(972) 383-2900

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, *et al.,* | § § § | |
| *Defendants,* | § § | |

## RECEIVER'S NOTICE OF BARTON'S CONTINUED INTERFERENCE AND VIOLATIONS OF RECEIVERSHIP ORDER

On May 14, 2025, the Receiver and his attorneys became aware of a Grievance that Barton—and possibly his attorneys—filed with the State Bar of Texas regarding briefs, motions and lawsuits filed on behalf of the Receiver. This Grievance follows a pattern of Barton's harassment of the Receiver and his team and continued interference with their work. Indeed, the Receiver fears that finding counsel, should that be necessary, willing to represent the Receivership in the face of both continued payment issues and threats of future grievances will be next to impossible. While the Receiver's counsel will file a response[1] with the Texas State Bar, the Receiver also files this Notice to bring to the Court's attention Barton's continued interference, his violations of Paragraphs 32 and 53 of the Receivership Order, and the burden the Receivership Estate continues to face in dealing with such interference.

### A.    Barton's History of Harassment and Interference

As the Court is aware, Barton's disrespect for the Court and its orders has been consistent, damaging, and costly. Barton violated the Initial Receivership Order with impunity by filing a lis

---

[1] A response to the Grievance (defined below) must be filed with the State Bar no later than June 13, 2025. Counsel is informed that such a Response will be necessary regardless of the outcome of a hearing, if one occurs.

1

pendens on a property the Court authorized the Receiver to sell; contacting the buyer of the Rock Creek Property to provide false information, and later, to harass the buyer's family; and withholding virtually all information and documents the Receivership Order compelled him to provide, including documents, access credentials and similar information. *See* Motion to Compel Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing [Dkt. 133] ("Motion to Compel"). After extensive briefing, the Court found Barton in contempt and awarded coercive sanctions of $500 per day and compensatory sanctions of $19,250. *See* Dkt. 235 (the "Contempt Order"). The Receiver then had to file a Notice of Non-Compliance [Dkt. 243] because Barton refused to comply with the Contempt Order claiming that he did not have the funds to pay the sanctions. Even after the Court entered the Contempt Order, Barton continued his gamesmanship, requiring the Receiver to file an additional Notice of Non-Compliance [Dkt. 478] detailing Barton's refusal to comply with the Receivership Order.

Undeterred, Barton continued interfering with the Receiver's duties by contacting purchasers of Receivership Properties to ostensibly sow doubt about the Receiver's ability to close on these transactions, prompting the Receiver to file yet another Notice of Non-Compliance [Dkt. 530]. This prompted the Court during a hearing held on July 23, 2024, to read into the record portions of the Receivership Order prohibiting interference with the Receiver and specifically directed Barton to not contact buyers contracted to purchase Receivership Property and to cease interfering with the Receiver. Barton, still resolute in his desire to derail the Receivership, continued interfering with the Receiver's duties necessitating the Receiver filing a Motion to Show Cause [Dkt. 558]. While the Motion to Show Cause was eventually settled through an Agreed Order and Injunction [Dkt. 580], Barton has continued his public disdain for the Receiver and the Court through two websites he operates: bartonreceivership.net and defense-fund.com.

As the Receiver has demonstrated through previous filings, Barton has also persistently harassed the Receiver and his counsel, *see* Dkt. 616-1, and continues to do so.[2]

**B.    Barton's Grievance Filing at the State Bar of Texas**

Barton's harassment, however, has now escalated to a baseless grievance filed with the State Bar of Texas against the Receiver's lead counsel (the "Grievance").  A true and correct copy of the Grievance is included with the Notice, as **Exhibit A**.

As is evident from the subject of the Grievance, Barton's complaints focus solely on activities undertaken in good faith by the Receiver's counsel in support of the Receiver's appointment, focusing primarily on briefs and pleadings filed in this case or related ancillary cases,[3] including an Amicus Brief filed in the Fifth Circuit in opposition to Barton's appeal of the Receivership Order.[4]  A true and correct copy of the Amicus Brief is included with this Notice as **Exhibit B**.

As the Court will be aware from reviewing the Receiver's Briefing (defined below) the factual basis for the Grievance is wholly and completely meritless, and directly contrary to the many, many orders issued by this Court.  Indeed, with respect to the Amicus Brief, the allegations in the Grievance are also directly contrary to the Opinion issued by the Fifth Circuit in its recent order affirming the Receivership Order.[5]

---

[2] While Barton has sent the Receiver and his counsel many harassing emails, two of the latest are attached as **Exhibit C**.

[3] All of the complaints listed in the Grievance surround actions taken at the Receiver's request and on his behalf, including filing the amicus brief, filing lawsuits with certain allegations based upon "information and belief," ensuring the source of counsel fees is not Receivership Assets, filing fraudulent transfer lawsuits against certain family members, and filing fraudulent transfer lawsuits against certain lawyers.

[4] Capitalized terms used but not defined herein shall have the same meanings provided in the Receiver's Eleventh Quarterly Report [Dkt. 636].

[5] The Receiver requests that the Court take judicial notice of all pleadings, briefs or other materials filed in this case or any related ancillary case by the Receiver or his counsel, including any briefs filed by the Receiver in the Fifth Circuit, as well as the opinions or orders issued by the Fifth Circuit, which inform or relate to the meritless nature of the Grievance (collectively, "the Receiver's Briefing").

## C.     Barton (and His Counsel, if Counsel Assisted in Preparing the Grievance) Violated the Receivership Order

As a baseless grievance, filed solely in connection with counsel's representation of the Receiver, the Grievance also violates the Receivership Order's prohibition against harassing the Receiver. *See* Receivership Order, ¶ 32.   And, the Grievance violates the Receivership Order's express provision insulating the Receiver and his Retained Personnel from liability for any good faith performance of the Receivership Order. *See* Receivership Order ¶ 53.

Further, as Barton is aware from the Receiver's Blessing Motion, and this Court's Order granting the "Blessing" Motion, the Receiver and his counsel are entitled to derivative judicial immunity. *See* Dkt. 372 and Dkt. 419. Indeed, as the Court's agent, a Receiver and his agents, employees, and Retained Professionals are entitled to qualified derivative judicial immunity for all activities undertaken in good faith performance of the Receiver's appointment.[6] *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989); *Hall v. Dixon*, No. CIV A. H 09¬2611, 2010 WL 3909515, at *40 (S.D. Tex. Sept. 30, 2010) ("Derived judicial immunity protects from suit all who are 'integral parts of the judicial process.'") (*quoting Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)), *aff'd sub nom. Hall v. Smith*, 497 F. App'x 366 (5th Cir. 2012)).

As demonstrated by the Grievance and the plain terms of the Receivership Order, Barton has once again knowingly violated the Receivership Order by intentionally harassing the Receiver's counsel.   If the Court deems such relief appropriate—and in order to put an end to Barton's current harassment and to ensure it does not continue in a different form or fashion—the

---

[6] The Receivership Order incorporated this principle by providing that "[t]he Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel." Receivership Order, ¶ 53.

4

Receiver is willing to file a show cause motion, requesting a hearing at which Barton and his counsel must appear and show cause why each should not be held in contempt for this latest violation of the Receivership Order. Because of the nature of the violation, the Receiver believes Barton should ultimately be compelled to notify the State Bar, and enclose a copy of any relevant order, that his Grievance is baseless and was filed solely to harass the Receiver and the Receiver's counsel. And, in order to ensure the Receiver is able to find counsel willing to assist the Receivership in the future, the Receiver believes it would ultimately be appropriate for the Court to order Barton to obtain the Court's leave prior to filing any future or similar grievance or Complaint against the Receiver or his counsel.

Finally, Barton has once again compelled the Receiver and his team to dedicate scarce Receivership resources to responding to or otherwise deal with his continued interference and violations of the Receivership Order. If the Court is inclined to force Barton to cover the reasonable and necessary attorneys' fees incurred in preparing this Notice, preparing the Response to the Grievance, the Receiver will file a motion for the award of his fees.

## CONCLUSION

In spite of the Fifth Circuit's recent affirmation of the second Receivership Order, Barton continues to violate that Order and interfere with the Receiver's efforts. The Receiver requests that Barton voluntarily remedy such violations, and if he will not, that this Court ultimately order him to do so. The Receiver further requests such other and further relief to which he may show himself entitled.

5

Respectfully submitted,

By: /s/ Charlene C. Koonce
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    Timothy B. Wells
     State Bar No. 24131941
     tim@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001
*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

**To:**

**Jason Kyle McCaslin**
**Investigator**
Office of the Chief Disciplinary Counsel
State Bar of Texas
4201 Spring Valley Road, Suite 400,
Dallas, Texas 75244
Telephone: (972) 383-2900
Fax: (972) 383-2978

**Re: Supplemental Objection to Court Filing by Charlene C. Koonce (Dkt No. 640)**
**Filed Under Prior Complaint Against: Charlene C. Koonce, Bar No. 11672850, Styled as**
**202502660 - Timothy Barton - Charlene Cantrell Koonce**

Dear Mr. McCaslin,

This letter is submitted as a formal supplement to my previously filed grievance against Ms. Charlene C. Koonce, in light of a retaliatory and ethically alarming court filing submitted by her on May 19, 2025 [Dkt No. 640 NOTICE of Barton's Continued Interference and Violations of Receivership Order filed by Receiver (Koonce, Charlene) – Attached with highlights] in *SEC v. Barton et al*, Case No. 3:22-cv-2118-X. I kindly request that this letter and the accompanying documents be added to the pending bar investigation.

Ms. Koonce's recent filing seeks to brand my State Bar grievance as "interference" and demands that the federal judge declare it "frivolous," potentially chilling my constitutional and ethical right to report attorney misconduct. This is retaliation in its clearest form and violates the spirit and intent of professional responsibility rules. Ms. Koonce is using her authority and her influence over the court to suppress a bar complaint—a protected action— thus compounding the very abuse that prompted the initial grievance.

In Paragraphs 1–5 of Dkt. 640, Ms. Koonce claims my grievance justifies court sanctions and contempt proceedings. She suggests the court should force me to "notify the State Bar that the grievance is baseless," and that I be barred from filing future grievances without court permission. These demands are not only unconstitutional—they are coercive and intimidating.

Furthermore, Ms. Koonce has gone as far as requesting that the court impose prior restraint on my ability to file grievances in the future—a clear overreach and violation of my due

process and free speech rights. She has even implied that the court should order me to withdraw my complaint, while publicly defaming me in court filings and mischaracterizing the facts. This action clearly speaks of her intent to damage and cause harms under her role as to punish me through all means and resources she possesses.

I respectfully request that the State Bar consider temporary suspension or restraining order against Ms. Koonce to prevent further retaliation. I am in fear that if Ms. Koonce can command a federal judge to order me to withdraw the complaint, then there is no limit to what she may do next to retaliate or harm my rights and reputation. The public accusations and pressures placed on me in federal court are not only unethical—they are potentially unlawful.

As her court filing is a continuation of the pattern of abuse already reported—including improper lawsuits against my family, baseless seizures of property, and calculated harassment of defending efforts—I urge your kind office to treat this as an escalation warranting protective action.

Please confirm that this letter has been added to my pending grievance and advise whether a protective or disciplinary stay can be considered until this matter is resolved.

Sincerely,

**Timothy Barton**
timothy.barton@proton.me
Date: May 20, 2025

Enclosure: As stated

| | |
|---|---|
| **From:** | Tim Barton |
| **To:** | Michelle Meyer |
| **Subject:** | Subject: Third Supplement to Bar Complaint Against Charlene C. Koonce – Complaint No. 202502660 |
| **Date:** | Monday, June 9, 2025 2:39:52 PM |
| **Attachments:** | Third Supplement to Bar Complaint 20250609_1749497205499.pdf |
| | Exhibits to Third Supplement to Bar Complaint 20250609_1749497220003.pdf |

Dear Ms. Meyer,

I hope this message finds you well.

Please find attached a third supplement to my ongoing grievance against Ms. Charlene C. Koonce (Bar No. 11672850), filed under Complaint No. 202502660. I understand that submitting multiple supplements may be outside the ordinary course of your process, and I sincerely apologize for the repeated additions.

However, Ms. Koonce continues to take retaliatory actions directly related to this matter, and we feel compelled to update the State Bar with relevant developments as they occur. Her latest conduct, including the refusal to correct knowingly false statements filed with the Court even after formal notice, underscores an urgent need for interim disciplinary relief.

Accordingly, I respectfully request that the Office of Chief Disciplinary Counsel consider whether a temporary suspension or restraining measure is appropriate to prevent further harm while this investigation is ongoing.

Please confirm receipt of the attached letter and let me know if any additional information is required.

Thank you for your time and continued attention to this matter.


Sincerely,



Timothy Barton
timothy.barton@proton.me
(214) 914-3811
June 9, 2025

Sent from Proton Mail Android

**To:**

Jason Kyle McCaslin

Investigator

State Bar of Texas

Chief Disciplinary Counsel's Office

P.O. Box 13287

Austin, Texas 78711-3287

**Subject:** Third Supplement to Bar Complaint Against Charlene C. Koonce (SBOT #11672850)

**Complaint Reference:** 202502660 – Timothy Barton v. Charlene Cantrell Koonce

**Dear Mr. McCaslin,**

This letter serves as the third supplement to my pending grievance against Ms. Charlene C. Koonce. I respectfully request that this correspondence be added to the ongoing investigation concerning her unethical and retaliatory conduct in her capacity as Receiver's counsel in *SEC v. Barton*, Case No. 3:22-cv-2118-X.

Since the filing of my prior supplement dated May 22, 2025, additional conduct by Ms. Koonce has come to light that constitutes new and independent violations of her professional duties. Specifically, the pleadings submitted by my attorneys, Michael J. Edney of Hunton Andrews Kurth LLP and Warren V. Norred of Norred Law, unequivocally demonstrate that Ms. Koonce knowingly misrepresented facts to the Court by asserting that my counsel was involved in the preparation of my bar complaint. This allegation is now indisputably false.

Attached as Exhibit, please find the email correspondence between Charlene C. Koonce and my counsel Robert Kemp 3 days before filing the lawsuit against all my prestigious counsels, showing the bad faith and malicious intent in prosecuting the case and immediately staying it further through the District Court to cause maximum harm to myself and my counsels.

Mr. Edney's formal correspondence to Ms. Koonce, filed as Exhibit A to Dkt No. 645, explicitly informed her that neither he nor his firm had any knowledge of, nor participated in, the preparation or filing of my grievance prior to the Receiver's counsel notice. He respectfully requested that Ms. Koonce amend her filing (Dkt No. 640) to correct this misstatement and remove any reference implicating counsel. As of the date of this supplement, Ms. Koonce has refused to do so. Her continued refusal to correct a material misrepresentation, after being formally notified of its falsity, constitutes a new violation of Rule 3.03(a)(1) of the Texas Disciplinary Rules of Professional Conduct (Candor Toward the Tribunal), as well as Rule 4.04(a) (Threatening or Harassing Conduct).

Furthermore, Ms. Koonce's conduct implicates Rule 3.01 (Meritorious Claims and Contentions), as her filing lacked a reasonable evidentiary basis, as demonstrated by the absence of any conferral or inquiry prior to submitting the accusatory "Notice" (Dkt No. 640). Her failure to amend the filing after receiving factual clarification from opposing counsel reinforces the view that the notice was made in bad faith and for retaliatory purposes.

These concerns are compounded by the Court's order (Dkt No. 641) issued within hours of her filing—a pattern previously raised in my earlier supplement—suggesting improper judicial coordination and further highlighting the harm caused by Ms. Koonce's knowingly false accusations.

Ms. Koonce's recent conduct is part of a persistent two-year pattern of retaliatory abuse aimed at undermining my legal representation through intimidation and unethical interference. She has repeatedly demanded confidential financial disclosures from my counsel, including forcing attorney Michael Edney—after over $75,000 in litigation costs—to disclose the identity of a third-party donor who contributed $25,000 to my defense. She also compelled disclosure of Mr. Edney's compensation under threat of sanctions and has now turned to Warren Norred, demanding the source and amount of his payment with no evidentiary basis. These actions serve no legitimate legal purpose and reflect a sustained campaign to chill lawful advocacy. I respectfully request the Bar consider both this latest misconduct and the cumulative pattern in support of immediate protective action.

In light of the foregoing, I respectfully urge the State Bar to consider this as not only further evidence of professional misconduct, but as grounds for emergency interim relief. Ms. Koonce's repeated use of knowingly false assertions, her retaliatory filings aimed at chilling my legal representation, and her misuse of judicial process all point to a pattern of abuse that continues to cause irreparable harm. Accordingly, I request the State Bar take immediate disciplinary action, including:

> 1. Emergency suspension or interim protective measures to restrain Ms. Koonce from filing further pleadings, notices, or actions against myself or my legal counsel that are based on falsehoods or lack evidentiary support
>
> 2. A formal investigation into the potential misuse of her role as Receiver's counsel to exert coercive pressure on represented parties and their lawyers
>
> 3. Consideration of Rule 5.06(b) violations (restrictions on the rights of third parties), given her filings appear calculated to interfere with ongoing representation and to obstruct access to fair adjudication

This is no longer a matter of zealous advocacy—it is now an abuse of her license to practice law, with ongoing harm to my ability to obtain legal redress and fair process. Without interim

relief, Ms. Koonce will likely continue weaponizing judicial mechanisms to retaliate against protected legal activity, inflicting further chilling effects and reputational damage.

Please confirm receipt and inclusion of this supplement in the ongoing disciplinary proceedings. I am available to provide further documentation or participate in any follow-up interview necessary to support the investigation.

Sincerely,

**Timothy Barton**
timothy.barton@proton.me

**Enclosures:**

1. Exhibit A - Dkt No 641 – Court Order

2. Exhibit B - Dkt No. 645 – Barton Response to ECF 641

3. Exhibit C - Dkt No. 645-1 [Exhibit A: Letter from Edney to Koonce]

4. Exhibit D - Charlene Koonce Email to Robert Kemp

5. Exhibit E - Brown Fox letter to Mr. Warren Norred

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON et al., | § § | |
| *Defendants,* | § § | |
| BYRON WALKER, TBW LAND & CATTLE, LLC, | § § § | |
| *Relief Defendants.* | § § | |

## <u>ORDER</u>

Before the Court is the Receiver's Notice of Barton's Continued Interference and Violations of Receivership Order. (Doc. 640). Having considered the notice and reviewed the Receivership Order at Doc. 417, the Court **ORDERS** Timothy Barton to file a response by Tuesday, May 27, 2025, explaining how he and his counsel are not in violation of the Receivership Order, which enjoins them from

taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information; [or]

. . . .

E. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.[1]

**IT IS SO ORDERED** this 21st day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] Doc. 417 ¶ 32.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, ET AL., | § | No. 3:22-cv-2118-X |
| *Defendants,* | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC | § | |
| *Relief Defendants.* | § | |

### Response to the Court's Order Regarding the Defendant's Compliance
### With the Receivership Order

Defendant Tim Barton respectfully responds to the Court's May 21, 2025 order that the Defendant demonstrate why the bar complaint identified in the Receiver's notice was not a violation of the Receivership order in this matter. ECF No. 641. For the reasons stated below, the Defendant respectfully submits that neither he nor his counsel violated the receivership order. Undersigned counsel understands that Mr. Norred will be filing a declaration setting forth further reasons the Order was not violated.

## I.  The Defendant's Counsel Did Not Violate the Receivership Order

As an initial matter, the Defendant's undersigned counsel did not violate the violate the receivership order with respect to the filing of the bar complaint because neither he nor anyone in his firm participated in the preparation or was even aware of the bar complaint until the Receiver filed his May 19, 2025 notice regarding it. *See* ECF 640. Undersigned counsel is reluctant to reveal the content of privileged communications, and will not do so here. But it is appropriate to reveal the absence of privileged communications on a particular topic and, about the bar complaint,

there were none until after undersigned counsel was notified of its existence by the filing of the Receiver's notice.

Unfortunately, the Receiver and his counsel would have been informed of the undersigned counsel's lack of knowledge of or participation in the bar complaint, if the Receiver had followed this Court's rules and conferred with counsel before filing his Notice. The Receiver will no doubt contend that the Notice was not a motion and did not require meeting or conferring. But the last two pages of the Notice are dedicated to asking this Court for relief, as a motion does. It was subject to this Court's meet and confer requirement. And the Receiver's failure to do so is unfortunate.

Undersigned counsel promptly informed the Receiver of undersigned counsel's lack of participation and knowledge, after the filing of the Receiver's notice. That correspondence is attached hereto as Exhibit A. Undersigned counsel asked the Receiver and his counsel to amend the notice and remove the suggestion that counsel should be called to account for the bar complaint, now that the Receiver was informed about his lack of involvement. He has not done so. The Receiver's Notice is signed by counsel, should have been accompanied by pre-filing inquiry, and should have been corrected once it was apparent that an aspect of it did not have an evidentiary foundation. The Defendant's counsel may take this shortcoming up through appropriate motion practice, after following the Court's rules mandating that the parties exhaust methods to resolve any differences before asking this Court for relief.

## II. The Filing of the Bar Complaint by the Defendant was Not a Violation of the Receivership Order

The Notice offers two theories of why the Defendant's filing of a bar complaint violated the Receivership order. One theory appears to be that the Receivership order gave this Court

exclusive dominion over the propriety of the actions and omissions of the Receiver and his appointed counsel, at least when it comes to those taken in connection with the receivership. The portions of the receivership order cited by the Court in the order seeking a response to the Notice do not appear to do so. And, respectfully, the prevailing law is that a federal court order cannot do so. Multiple federal courts have recognized that no federal courtorder or appointment can shield attorneys from oversight by the state bar or exempt them from state disciplinary authority. *See In re Snyder*, 472 U.S. 634, 644–45 (1985) (federal courts do not supplant or displace state disciplinary bodies' oversight of attorney conduct); *In re Application of Griffiths*, 413 U.S. 717, 722 (1973) (holding that legal regulation and standards of ethics remain under state authority); *Matter of Abrams*, 521 F.2d 1094, 1102 (3d Cir. 1975) (holding that courts must not "immunize attorneys" from legitimate professional regulation under color of judicial appointment). At a minimum, any court order exempting attorneys from the State bar disciplinary process likely would require a clear statement doing so, so the legal complexities and constitutional implications of doing so could be fully vetted through the appellate process. The receivership order does not contain such a clear statement. The Court should reject the suggestion that the filing of a bar complaint against the Receiver's lawyers, as a category, somehow violates the receivership order

Second, the Receiver seems to suggest that a bar complaint can "hinder" to or "interfere with" or "harass" the Receiver, in violation of the Receivership Order, if it is found to be "frivolous" or "bogus." The Defendant respectfully submits that the bar complaint is not frivolous or bogus. The complaint, no question, could be better written as a matter of prose. But the gravamen of the complaint is that the Receiver's counsel was making filings and filing lawsuits without factual investigation. The complaint also brings to the bar's attention that the Receiver's

counsel was taking actions to encourage the Defendant's lawyers to abandon him by, among other things, filing suits without adequate prior investigation or factual investigation against them.

If those charges against the Receiver's counsel had a good faith factual basis, they would undoubtedly be issues worth of bar inquiry. And presumably, for that reason, the Bar accepted it and initiated an inquiry.

The Defendant respectfully submits that those concerns due have a good faith evidentiary foundation. Given the Notice and the order, the Defendant has no other choice but to bring Exhibit B to the Court's attention. This is an email the Receiver's counsel sent to one of Mr. Barton's former attorneys. Therein, she confides in a colleague that her suits against counsel are likely without merit, but she is filing them nonetheless. We are informed that Mr. Barton's former counsel shared it with the Defendant. It formed a basis for his complaint.

## Conclusion

Barton and his counsel respectfully request that the Court decline to take any adverse action against the Defendant or his counsel with respect to the bar complaint identified in the Receiver's Notice.

Respectfully submitted,

/s/ Michael J. Edney
**HUNTON ANDREWS KURTH LLP**
Michael J. Edney (D.C. Bar. No. 492024)
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
medney@hunton.com

Warren V. Norred (TBN 24045094)
**NORRED LAW, PLLC**
515 E. Border Street
Arlington, TX 76010
Telephone:  (817) 704-3984
Facsimile:  (817) 524-6686
wnorred@norredlaw.com


*Counsel for Defendant Timothy Barton*

## CERTIFICATE OF SERVICE

On June 4, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

_/s Michael J. Edney_____
Michael J. Edney

# EXHIBIT A

# HUNTON

HUNTON ANDREWS KURTH LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

MICHAEL J. EDNEY
DIRECT DIAL: 202 • 778 • 2204
EMAIL: MEDNEY@HUNTON.COM

May 22, 2025

Charlene oonce, Esq
Timothy Wells, Esq.
Brown Fox
8111 Preston Rd
Suite 300
Dallas, TX 75225

      **Re:**     *SEC v. Barton* **(N.D. Tx.): Correcting the Notice of Alleged Violations of the Receivership Order.**

Dear Ms. oonce and Mr. Wells:

I am writing in response to the "Notice of Continued Interference and Violations of Receiver Order" you filed with the United States District Court for Northern District of Texas. ECF 640. Therein, you suggest that Mr. Barton has been involved in an alleged violation of the receivership order, arising from Mr. Barton having filed a complaint or grievance related to your and your colleagues' conduct with the Texas Bar.

As has become a bit of a pattern, you did not meet and confer with at least undersigned counsel before making this filing or suggesting that undersigned counsel was involved in the filing of the bar grievance or complaint that you allege violates the Receivership order. *Id.* at 4 5 (suggesting that counsel was involved in the grievance and seeking remedies against "each" of them for it). I understand this was filed as a "notice," but it is clearly a request for relief. *See id.* at 4-5 (requesting several forms of judicial action).

Had you conferred or made any other type of inquiry before filing your notice, you would have learned that neither undersigned counsel nor any member of this law firm was involved in or even aware that Mr. Barton was preparing or had filed any bar grievance or complaint related to you or your colleagues. The first time we have heard of it was in reading your notice.

I would therefore ask, now that you have this information, that you amend your "notice" to remove the suggestion that at least undersigned counsel or his firm is involved in any alleged violations of the receivership order and your request that undersigned counsel be required to show why he not be held in contempt. With the order of the Court from yesterday,

ATLANTA  AUSTIN  BANGKOK  BEIJING  BOSTON  BRUSSELS  CHARLOTTE  DALLAS  DUBAI  HOUSTON
LONDON  LOS ANGELES  MIAMI  NEW YORK  RICHMOND  SAN FRANCISCO  TOKYO  TYSONS  WASHINGTON, DC
www.Hunton.com

# HUNTON

Charlene oonce, Esq.
Timothy Wells, Esq.
May 22, 2025
Page 2

this request has now become time sensitive, so I ask that you make that amendment before the close of business tomorrow.

On a separate point, nothing above should be construed as a concession that Mr. Barton filing a grievance is a violation of the receivership order or otherwise improper.

There are many assertions in your notice that you are exempt from the rules that govern lawyer conduct. I assume, or perhaps I hope, that you continue to be subject to the Federal Rules of Civil Procedure, particularly Rule 11 governing the content of filings signed by counsel. The factual contentions therein must have evidentiary support. Putting aside for now whether your filing should have been preceded by a reasonable inquiry (or even the conferral required by the Court's local rules), now that you have been provided with the above information, a failure to amend your filing, as requested, would be in violation of the Court's rules. If I have to take this up with the Court, we will be seeking relief under Rule 11.

I have an additional request, in light of the foregoing. As explained above, undersigned counsel was not aware of the filing of the bar complaint. The Court's order requires that Mr. Barton defend the alleged filing's compliance with the receivership order in three business days. In light of our unfamiliarity with the underlying event at issue and the need for counsel to assist in addressing a filing made in the above entitled case, we intend to move the Court for an extension of time to make that filing until Wednesday, June 4, so I can apprise myself of the relevant circumstances and assist our client in making an informed response to your Notice and the Court's order. I would appreciate your non-opposition to that motion for extension of time. Please let me know your position on this request as soon as possible, as I intend to file the motion tomorrow morning.

With my very best regards,

Michael J. Edney

From: Charlene Koonce <charlene@brownfoxlaw.com>
To: lawyerkemp@cs.com <lawyerkemp@cs.com>
Cc: Kimberley O'Rourke <korourke@brownfoxlaw.com>; Tim Wells
<tim@brownfoxlaw.com>
Sent: Monday, February 19, 2024 at 04:37:11 PM CST
Subject: Re: No. 3:22-CV-2118-X; Securities and Exchange Commission v. Timothy Barton, et al.


I'd probably go ahead and send him the list.  We are t likely going to recover from many of these lawyers, bc most probably received payment in good faith.

Sent from my iPhone.  Please ignore typos and  auto-correct errors.


On Feb 19, 2024, at 9:22 AM, lawyerkemp@cs.com wrote:
 [EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.


Ms. O'Rourke:
I called Mr. Wells and followed it up with an e-mail requesting a list of payments you believe my firm received.
The invoices should be easy to find but the payments were sent either wire, credit card or check.
So if you can send me a list of payments it would be helpful in matching up invoices to payments.


Respectfully,


Robert F. Kemp

Attorney at Law
2815 Valley View Lane, Suite 202
Dallas, TX 75234
Telephone: (214) 526- 9601
Cell: (214) 356-0624
Fax: (214) 526-2156

—

Sent from Proton Mail Android



# BROWN FOX

Tim Wells
214.367.6091
tim@brownfoxlaw.com

April 21, 2025

**Via Email wnorred@norredlaw.com**
Warren Norred
Norred Law, PLLC
515 East Border Street
Arlington, Texas 76010

      RE:    No. 3:22-CV-2118-X; *Securities and Exchange Commission v. Timothy Barton, et al.*; pending in the United States District Court for the Northern District of Texas, Dallas Division

Dear Warren:

This firm represents Cort Thomas, the Receiver in the above referenced matter. Pursuant to the Order Appointing Receiver (the "Receivership Order") entered in the case referenced above, the United States District Court for the Northern District of Texas appointed Mr. Thomas as Receiver for numerous entities, (collectively, the "Receivership Entities"). A copy of the Receivership Order is enclosed for your review.

The Receivership Order outlines the Receiver's obligation and right to assume exclusive custody, control, and possession of all assets, documents, and financial records for all Receivership Entities. The Receivership Order also requires that all persons and entities that receive a copy of the Order, without need of formal service or a subpoena, cooperate fully with the Receiver. *See* ¶¶ 13, 15, 18, 25. Pursuant to the Receivership Order, the Receiver is also required to investigate and prosecute any claims that are in his discretion, appropriate to recover Receivership Property. *Id.* at ¶¶ 44-45. Further, the Receiver holds the attorney-client privilege for all Receivership Entities. ¶ 46.

Your recent engagement on behalf of Defendant Barton is reflected in your Notice of Appearance on his behalf. The escalating number of motions, briefs, and other documents you have prepared and filed on behalf of Defendant Barton suggests you have received substantial funds in furtherance of your representation. At the same time, as reflected in numerous Reports and Briefs filed by the Receiver, to date, Mr. Barton continues in his refusal to disclose the whereabouts of substantial Receivership Assets, including art he valued at $12M; claims he is unable to pay court ordered sanctions; and, asserts that his lead counsel has only been paid an "insignificant" amount. Accordingly, in furtherance of the Receiver's court-ordered duty to

February 6, 2024
Page 2

investigate financial matters pertaining to the Receivership Entities, the Receiver requests that within ten days from the date of this letter, you provide the following:

- The engagement letter between your firm and Defendant Barton or any Receivership Entity(ies);
- A summary listing all assets or security interests you or your firm received in connection with your representation, including the transferring entity, the date and amount of the transfer, and the factual basis for the transfer (i.e., "payment of fees incurred for [month/year]"); and
- Documents that evidence the payments you received from or for the benefit of Mr. Barton (checks, wire transfers, etc.).

If you have any questions or comments regarding this matter, feel free to contact me at 214-367-6091 or at tim@brownfoxlaw.com.

Sincerely,

Tim Wells

Enclosures