IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, et. al., | § § § | |
| *Defendants.* | § | |

### RECEIVER'S MOTION TO LIFT LITIGATION STAY

Cortney C. Thomas, as the Court-appointed Receiver, respectfully moves the Court for an order lifting the stay of ten jointly administered bankruptcy cases for the limited purpose of allowing the Bankruptcy Court to consider the U.S. Trustee's pending pre-receivership motion to dismiss those cases. In support, the Receiver respectfully shows as follows.

\* \* \*

This motion pertains to the litigation stay imposed by the Receivership Order (defined below). On October 18, 2022, the Court entered an *Order Appointing Receiver* (the "Initial Receivership Order") [Dkt. 29]. The order appointed Cortney C. Thomas as Receiver for the Defendants and directed him to take possession and control over all funds, property, and other assets in the possession of, or under the control of Defendants. *Initial Receivership Order*, Section I, ¶ 6. The Initial Receivership Order also included a stay of all civil legal proceedings involving any of the Receivership Defendants (the "Litigation Stay"). *Id.* Section IX, ¶¶ 34–36.

Following the Fifth Circuit's vacatur of the Initial Receivership Order, this Court solicited briefing and conducted a hearing to consider entry of a new receivership order, which the Court entered on November 29, 2023 (the "Receivership Order") [Dkt. 417]. The new Receivership

1

Order includes the same Litigation Stay as the Initial Receivership Order. *Receivership Order*, Section IX, ¶¶ 34–36. The Fifth Circuit recently affirmed the Receivership Order—namely, this Court's imposition and scope of the receivership and the grant of a preliminary injunction. *See generally SEC v. Barton*, No. 23-11237 (5th Cir. Apr. 17, 2025).

This motion seeks to lift the stay of jointly administered bankruptcy cases involving Receivership Entities. The lead bankruptcy case is *In re Wall007, LLC*, Case No. 22-41049, pending in the U.S. Bankruptcy Court for the Eastern District of Texas. It is jointly administered with the following cases in the U.S. Bankruptcy Court for the Eastern District of Texas: (1) *In re Wall009, LLC*, Case No. 22-41113; (2) *In re Wall010, LLC*, Case No. 22-41125; (3) *In re Wall011, LLC*, Case No. 22-41114; (4) *In re Wall012, LLC*, Case No. 22-41125; (5) *In re Wall016, LLC*, Case No. 22-41136; (6) *In re Wall017, LLC*, Case No. 22-41137; (7) *In re Wall018, LLC*, Case No. 22-41176; (8) *In re Wall019, LLC*, Case No. 22-41177; and (9) *In re Seagoville Farms, LLC*, Case No. 22-41181 (collectively the "Bankruptcy Cases"). Because all of the debtors in the Bankruptcy Cases are Receivership Entities, the Bankruptcy Cases are stayed.

Pursuant to the Receivership Order, the Receiver, "as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities")," possesses "sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in" the Bankruptcy Cases.[1] *Receivership Order*, Section XII, ¶ 48. The Receivership Order required the Receiver to "report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership." *Id.* ¶ 49. The Receiver requests the relief sought by this Motion

---

[1] Seagoville Farms, LLC is also a Receivership Entity. *See Receivership Order* ¶ 1.

now because of Mr. Barton's appeal of the Receivership Order during the initial deadline set by the Court as well as Mr. Barton's anticipated opposition to the relief requested by this Motion while his appeal of the Receivership Order was pending (indeed, Mr. Barton opposes this Motion even though the Fifth Circuit affirmed the Receivership Order).

The purpose of the lifting of the stay is to allow the Bankruptcy Court to consider the U.S. Trustee's *Motion to Convert or Dismiss with Prejudice Pursuant to 11 U.S.C. § 1112(b), or In the Alternative, For the Appointment of a Chapter 11 Trustee to 11 U.S.C. § 1104, or For Other Relief, with Waiver of 30-Day Hearing Requirement* ("Motion to Dismiss"), which was filed in the Bankruptcy Cases on October 13, 2022. The Receiver has determined that all that is required for the dismissal of the Bankruptcy Cases to occur is for this Court to lift the stay on the Bankruptcy Cases, which will allow the Bankruptcy Court to consider and grant the Motion to Dismiss. *See Receivership Order,* Section XII, ¶ 49 ("The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order").

It is appropriate to lift the stay to allow the Bankruptcy Court to consider the Motion to Dismiss, because the Receiver has determined that the Bankruptcy Cases should be dismissed. The Motion to Dismiss provides several justifiable grounds to dismiss the Bankruptcy Cases "for cause" under the Bankruptcy Code that existed prior to the creation of this receivership; furthermore, because of the receivership, there is no need for the Bankruptcy Cases. Additionally, if the Bankruptcy Cases proceed, the Receiver would incur unnecessary fees to the receivership estate to participate in the Bankruptcy Cases. And, although the Receiver is hopeful that any quarterly U.S. Trustee fees may be waived, the U.S. Trustee has indicated to the Receiver that those have accrued, and will be due and owing, despite the stay of the Bankruptcy Cases since the Initial Receivership Order. Finally, the Bankruptcy Court indicated to the Receiver—in the most

recent of several status conferences since the imposition of the Litigation Stay, the next of which is scheduled for June 24, 2025—its strong desire to rule on the Motion to Dismiss. Now that the Fifth Circuit has affirmed the Receivership Order, the Receiver believes it is time for this Court to afford the Bankruptcy Court the opportunity to decide the Motion to Dismiss.

\* \* \*

Therefore, to facilitate efficient administration of the receivership estate and achieve an efficient resolution of the Bankruptcy Cases, the Receiver respectfully requests that the Court grant an order lifting the stay of the Bankruptcy Cases for the limited purpose of allowing the Bankruptcy Court to consider the U.S. Trustee's Motion to Dismiss the Bankruptcy Cases.

Dated: June 20, 2025

Respectfully submitted,

By: /s/ C. Alan Carrillo
    Charlene C. Koonce
     State Bar No. 11672850
     charlene@brownfoxlaw.com
    C. Alan Carrillo
     State Bar No. 24109693
     alan@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    T: (214) 327-5000
    F: (214) 327-5001

*Attorneys for Receiver Cortney C. Thomas*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on June 18, 2025, counsel for the Receiver conferred with counsel for the SEC and counsel for Barton. On June 18, 2025, the SEC informed counsel for the Receiver that it is not opposed to this motion. On June 19, 2025, counsel for Barton informed counsel for the Receiver that Barton is opposed to this motion.

/s/ C. Alan Carrillo
C. Alan Carrillo

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.