IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | |
| TIMOTHY BARTON et al., | § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants,* | § § § | |
| BYRON WALKER, TBW LAND & CATTLE, LLC, | § § § | |
| *Relief Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court is Timothy Barton's motion for a more definite statement. (Doc. 604).  The Receivership Order in place in this case requires the Receiver to file Quarterly Status Reports "reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property" and liabilities.[1]  Barton argues the Receiver's Tenth Quarterly Report (the Report), which covers October through December 2024 is too vague for him to respond to.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party pleading cannot reasonably prepare a

---

[1] Doc. 417 at 25.

response."  Barton argues the Report fails to sufficiently summarize the Receiver's operations or provide the actual or approximate value of the real properties in the Receivership Estate.  Because of this, Barton argues, he cannot reasonably prepare a response to the Report.

However, as the Report itself notes, "[t]he Receiver and his team performed less work on Receivership tasks during the Fourth Quarter of 2024 than any prior quarter."[2]  This explains the limited updates Barton complains of: not much happened in the Receivership during the relevant period.  And much of what Barton objects to as improper in the Report is explanation (and summary, as the Report is required to provide) of the limited operations of the Receiver.

Barton also says the Receiver provided the proposed sale values for many of the real properties rather than the actual or approximate values.  But the Receiver incorporated his Ninth Quarterly Report—which contains extensive information on each property, including the actual or approximate value—by reference in his description of each property.  The Receiver also notes that this Report "focus[es] on updating only those matters with actual changes from the Quarter."[3]  In the Court's view, incorporating by reference past reports that have not changed conserves Receivership resources and is not impermissibly vague as a Quarterly Report.

---

[2] Doc. 599 at 2.

[3] Doc. 599 at 2 n.2.

Therefore, the Court **DENIES** Barton's motion.

**IT IS SO ORDERED** this 7th day of July, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE