## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**TIMOTHY BARTON, et al.,**

Defendants.

Civil Action No. 3:22-cv-02118-X

**DEFENDANT TIMOTHY BARTON'S CONSOLIDATED OBJECTION TO RECEIVER'S FOURTH AND FIFTH INTERIM FEE APPLICATIONS AND REQUEST FOR ORAL ARGUMENT**

**TABLE OF CONTENTS**

| Section Title | | Page |
|---|---|---|
| I. | **Introduction** | 1 |
| II. | **Legal Standard** | 2 |
| | A. Receiver's Fiduciary Duty | 2 |
| | B. Transparency and Burden of Proof | 2 |
| | C. Duty to Maintain Assets and Pay Secured Obligations | 3 |
| | D. No Compensation for Waste or Duplicative Efforts | 3 |
| | E. Prejudgment Seizure Limitations | 3 |
| III. | **Factual Background** | 4 |
| IV. | **Argument** | 5 |
| | A. Self-Serving Billing Over Asset Preservation | 5 |
| | B. Wasteful, Predictably Futile Sales Efforts | 5 |
| | C. Harassment Litigation and Donor Investigations | 6 |
| | D. Redacted Billing Concealing Non-Estate Work | 6 |
| | E. DOJ Stay Violation | 6 |
| | F. Mortgage Non-Payment and Lender Harm | 7 |
| | G. Need for Magistrate or Special Master Oversight | 7 |
| | **H. Judicial Estoppel and Inconsistency with Standing** | 8 |
| | **I. Motion to Escrow All Receiver Fees** | 9 |
| | **J. Use of Receivership Order Against Itself** | 10 |
| V. | **Relief Requested** | 11 |

| Section Title | | Page |
|---|---|---|
| VI. | **Conclusion** | 12 |
| VII. | **Exhibits** | 13 |
| | Exhibit A – Receiver's Motion to Supplement (Dkt. 41) | — |
| | Exhibit B – Fifth Circuit Dismissal / Standing Opinion | — |
| | Exhibit C – Fee Applications with Redacted Billing (Dkts. 593, 654) | — |
| VIII. | **Certificate of Service** | 14 |

**TABLE OF AUTHORITIES**

**Cases**

| Case | Page(s) |
|---|---|
| *Commodity Futures Trading Comm'n v. Morse*, 762 F.2d 60 (8th Cir. 1985) | 2 |
| *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) | 3 |
| *In re Fibermark, Inc.*, 349 B.R. 385 (Bankr. D. Vt. 2006) | 2, 6 |
| *In re Imperial '400' Nat'l, Inc.*, 432 F.2d 232 (3d Cir. 1970) | 3, 5 |
| *In re Meese*, 907 F.2d 1192 (D.C. Cir. 1990) | 2, 6 |
| *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003) | 2, 6 |

| Case | Page(s) |
|------|---------|
| *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987) | 2, 6 |
| *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) | 11 |
| *Perdue v. Kenny A.*, 559 U.S. 542 (2010) | 11 |
| *SEC v. Byers*, 590 F. Supp. 2d 637 (S.D.N.Y. 2008) | 2, 6 |
| *SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) | 2, 5 |
| *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220 (S.D.N.Y. 1973) | 2 |
| *SEC v. Small Bus. Capital Corp.*, 2013 WL 2146606 (N.D. Cal. May 15, 2013) | 3, 5, 7 |

**Constitutional Provisions**

| Constitutional Authority | Page(s) |
|--------------------------|---------|
| U.S. Const. amend. V (Due Process) | 8, 10 |
| U.S. Const. amend. XIV (Due Process) | 8, 10 |

## I. INTRODUCTION

Timothy Barton, appearing pro se, objects to the Receiver's Fourth and Fifth Interim Applications for Payment of Fees and Expenses. These requests reflect a pattern of excessive, self-serving, and retaliatory billing that prioritizes payment to the

Receiver and her law firm over the preservation of receivership assets and

protection of secured creditors.

The Receiver has:

- Failed to make mortgage payments on income-producing properties, despite

holding millions in cash.

- Pursued repeated, futile property sales known from the outset to be impossible

due to the pending appeal of the receivership order.

- Engaged in harassment litigation against Barton's family members and supporters.

- Spent over $100,000 investigating a $25,000 donor payment to Barton's counsel —

a retaliatory act with no estate benefit.

- Submitted heavily redacted billing records that conceal the true nature of much

billed work.

Because the Court cannot meaningfully determine whether this billing was

necessary or beneficial — and because the record shows clear mismanagement and

waste — these fee requests must be denied or substantially reduced.

## II. LEGAL STANDARD

A. Receiver's Fiduciary Duty

A court-appointed receiver is a fiduciary with a duty to preserve and protect estate

assets for the benefit of creditors and victims. *SEC v. Elliott*, 953 F.2d 1560, 1566

(11th Cir. 1992). Compensation is only appropriate when services are reasonable,

necessary, and confer a measurable benefit to the estate. *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1223 (S.D.N.Y. 1973); *Commodity Futures Trading Comm'n v. Morse*, 762 F.2d 60, 63 (8th Cir. 1985).

B. Transparency and Burden of Proof

The burden of proving fee reasonableness lies with the applicant. *In re New Boston Coke Corp.*, 299 B.R. 432, 444 (Bankr. E.D. Mich. 2003). Courts have denied or reduced fees where billing entries are vague or redacted:

- *SEC v. Byers*, 590 F. Supp. 2d 637, 646 (S.D.N.Y. 2008)

- *In re Pettibone Corp.*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987)

- *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006)

- *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990)

C. Duty to Maintain Assets and Pay Secured Obligations

A receiver is obligated to maintain estate property and protect secured creditors. *SEC v. Small Bus. Capital Corp.*, No. 5:12-cv-3237-EJD, 2013 WL 2146606 (N.D. Cal. May 15, 2013).

D. No Compensation for Waste or Duplicative Efforts

Courts have refused compensation for wasteful or duplicative work. *In re Imperial '400' Nat'l, Inc.*, 432 F.2d 232, 237 (3d Cir. 1970).

E. Prejudgment Seizure Limitations

Federal courts lack authority to seize and liquidate property pre-judgment absent statutory authority. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999).

## III. FACTUAL BACKGROUND

The Receiver's own filings show:

- Over $695,000 in cash on hand at quarter-end while making zero mortgage payments on key properties.

- Multiple failed sale attempts for the same properties despite knowing title could not pass during the pending appeal.

- Harassment lawsuits against Barton's family members that were dismissed or yielded no recovery.

- Donor harassment costing the estate over $100,000.

- Heavy redactions concealing the purpose and nature of substantial billing entries.

## IV. ARGUMENT

### A. Self-Serving Billing Over Asset Preservation

The Receiver prioritized payment to herself and her law firm over protecting secured creditors and preserving asset value. This violates her fiduciary duty under *Elliott* and *Small Bus. Capital Corp.*.

### B. Wasteful, Predictably Futile Sales Efforts

Despite knowing title could not pass during appeal, the Receiver repeatedly pursued sales of Rock Creek, Hall Street, Frisco, and Goldmark. These efforts

consumed significant legal, appraisal, and brokerage fees, producing no benefit. Under *Imperial '400' Nat'l*, such waste is non-compensable.

## C. Harassment Litigation and Donor Investigations

Litigation against Martine Barton, Victoria Barton, and Max Barton, as well as an expensive donor investigation, served no estate purpose and were purely retaliatory.

## D. Redacted Billing Concealing Non-Estate Work

The Receiver's redactions violate her burden under *Byers*, *New Boston Coke*, *Pettibone*, *Fibermark*, and *Meese*. The Court should deny fees outright or require unredacted review in camera.

## E. DOJ Stay Violation

The Department of Justice stay was intended to protect Barton's criminal defense from prejudicial civil proceedings. Billing for actions in violation of that stay — including investigative coordination and actions overlapping stayed matters — undermines due process and taints related proceedings.

## F. Mortgage Non-Payment and Lender Harm

Holding millions in cash while refusing to pay secured mortgage obligations is a direct breach of fiduciary duty, contrary to *Small Bus. Capital Corp.*.

G. Need for Magistrate or Special Master Oversight

Given the consistent mismanagement and billing abuse, the Court should

appoint a magistrate or special master to review all future fee applications

and require unredacted billing.

**H. Judicial Estoppel and Inconsistency with Standing**

The Receiver's fee applications and control over estate assets are **expressly based**

**on findings that Barton "owns or controls" the affected entities**, including

BM318, LLC. This is clear in the Receiver's Motion to Supplement Order Appointing

Receiver, which the Court granted:

*"Mr. Barton owns or controls not less than 139 additional entities…" including BM318,*

*Venus59, Gillespie Villas, and others .*

Yet in subsequent proceedings, the Fifth Circuit held that **Barton "lacked standing"**

**to appeal the adjudication or seizure of BM318 and related entities**—

effectively denying appellate rights to the very party whom the Court acknowledged

as owner for the purpose of asset seizure.

**This is judicial estoppel, plain and simple.**

*If Barton lacks standing to object, then the Receiver's applications based on his*

*control and ownership are also void.*

The Court cannot rely on Barton's control to justify receivership seizure, and then

deny him the procedural and constitutional right to object to the Receiver's conduct

and compensation. Doing so violates both the **doctrine of judicial estoppel** and

**due process under the Fifth and Fourteenth Amendments**.

---

**I. Motion to Escrow All Receiver Fees**

In light of:

- Barton's pending **Fifth Circuit en banc petition** challenging the legal foundation of the Receivership;

- The **ongoing objection to excessive and retaliatory billing**;

- The **unresolved due process violations** from DOJ coordination and pre-judgment asset seizure;

**Barton respectfully requests that the Court order that all Receiver compensation, attorney fees, and expense reimbursements be escrowed pending final resolution of Barton's appellate proceedings.**

*Specifically, if estate cash exceeds $2 million, 50% of all assets should be escrowed for secured creditors and lenders* and *no fee payments should be released absent court-supervised review.*

This motion is both prudent and equitable—and mirrors fiduciary protocols common in contested federal equity receiverships.

---

### J. Use of Receivership Order Against Itself

The Court's own records—particularly **Dkt. No. 41**—show that the Receiver and this Court have relied on Barton's **ownership, control, and operational nexus** to justify broad seizure authority. These include findings that:

- Barton directed finances of receivership entities from the 2999 Turtle Creek address;

- Barton had access to entity binders, EINs, and banking;

- Barton's control extended to at least 139 entities.

If these factual findings are sufficient to justify **seizure, substitution, and control**, then they are more than sufficient to establish **standing** to object to fee applications and mismanagement.

*The Receivership Order and its supplements affirmatively establish Barton's standing.* Any contrary ruling would require the Court to repudiate its own foundational findings.

K. **Legal Discussion of Fee Reasonableness:**

The Court must evaluate the Receiver's fee requests under both the **lodestar method** and the **Johnson factors**, which include:

the amount involved and results obtained, the novelty and difficulty of the questions, the skill required, and the preclusion of other employment. *Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).*

As reaffirmed in *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010), "the lodestar method yields a fee that is presumptively sufficient" and upward deviation must be rare and tied to exceptional outcomes. **There is no such showing here.**

## V. EXHIBITS

**In support of this objection, Barton attaches:**

- **Exhibit A –** *Receiver's Motion to Supplement Order Appointing Receiver (Dkt. No. 41)*

- **Exhibit B –** *Fifth Circuit Opinion or Order Denying Standing to Barton in BM318 Appeal*

- **Exhibit C –** *Receiver's Fee Applications (Dkts. 593 and 654) with Redacted Billing and Donor Investigation References*

**These exhibits are incorporated by reference into Sections IV.H, IV.I, and IV.D of this filing.**

## VI. RELIEF REQUESTED

Barton respectfully requests that the Court:

**1. DENY** approval of the Fourth and Fifth Fee Applications in full; or

**2. IMPOSE** a **50% holdback** until unredacted billing entries are reviewed in camera;

**3. APPOINT** a magistrate judge or special master for all future Receiver fee reviews;

**4. REQUIRE** that if estate cash exceeds $2 million, at least **50% be escrowed for lender/mortgage protection** before any Receiver payment;

**5. DISALLOW** all fees for harassment litigation, donor investigations, and futile sales;

**6. SANCTION** the Receiver for breaching fiduciary duties and mismanaging estate assets;

**7. SET** this matter for **Oral Argument** so the Receiver can be questioned regarding these issues.

## VII. CONCLUSION

The Receiver's role is to preserve assets for creditors and victims. These fee applications reward waste, harassment, and concealment. The Court should deny or sharply reduce them and set this matter for oral hearing to ensure transparency and accountability.

Respectfully submitted,

/s/ Timothy Barton

Timothy Barton, Pro Se

3926 Vista Woods Dr.

Carrollton, TX 75007

(214) 673-8714

Timothy.barton@proton.me


**CERTIFICATE OF SERVICE**

I hereby certify that on [date], I served the foregoing document upon all counsel of
record via the Court's CM/ECF system.

**ATTACHMENT: SUMMARY OF CONSOLIDATED OBJECTION**

I. INTRODUCTION

Timothy Barton respectfully submits this summary in support of his Consolidated Objection to the Receiver's Fourth and Fifth Interim Fee Applications. The record shows that the Receiver has prioritized her own firm's fees over estate preservation, failed to make mortgage payments, engaged in harassment litigation and donor investigations, and submitted heavily redacted billing.

II. KEY FACTS FROM RECEIVER'S OWN FILINGS

- $695,000+ cash on hand at quarter-end, yet zero mortgage payments.

- Multiple failed property sales known to be impossible due to the receivership appeal.

- Harassment litigation against Barton's family and supporters.

- Over $100,000 spent investigating a $25,000 donor payment to Barton's counsel.

- Widespread billing redactions concealing non-estate work.

III. LEGAL STANDARD ON REDACTED BILLING

Courts deny or reduce fees where redactions prevent meaningful review: *SEC v. Byers*; *In re New Boston Coke Corp.*; *In re Pettibone Corp.*; *In re Fibermark*; *In re Meese*.

IV. RELIEF REQUESTED

Deny the 4th and 5th applications or impose a 50% holdback until unredacted

review; appoint a magistrate/special master; escrow funds for lenders; disallow

harassment-related fees; sanction the Receiver; set oral argument.

V. CONCLUSION

The Receiver's role is to preserve estate assets, not enrich herself while harming

lenders and concealing billing details.