IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS - DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON, ET AL., | § | |
| *Defendants.* | § | |

### MOTION TO RECONSIDER ORDER DENYING WITHDRAWAL WITH BRIEF INCORPORATED

Warren Norred and Solomon Norred ("Movants") move this Court to reconsider its order ("Order," Doc. 674) denying the motions they filed to withdraw in this case (Doc. 662, 673) pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure.

Summarizing, Movants assert that the Court should reconsider its Order based on: a) a lack of prejudice if the withdrawal is allowed, b) the ongoing representation of Barton by his lead counsel, c) the Court's docket, which reveals no pending issues; d) the financial hardship that will be suffered by Movants if they are required to work without pay; and e) the implicit approval of these factors in light of the Fifth Circuit's grant of a similar motion for withdrawal.

### FACTS AND ARGUMENT

A. <u>Neither Barton nor any other party will suffer prejudice if the withdrawal is allowed.</u>

1. In the motion to withdraw filed in this case (Doc. 662), the undersigned pointed out that there were no pending issues before the Court and that Barton would remain represented even if his criminal trial was resolved and the logjam preventing progress in this civil matter was removed.

2. Even if this Court at some point demanded that the Receiver follow the Court's Order and file a Liquidation Plan (see Doc. 650, ¶109), and Barton wished to object (which would be reasonable from a person who has yet to be found guilty of any crime), Barton would have at least three weeks in which to convince his lead counsel to file an objection, or hire another to do so.

B. <u>Movants' withdrawal does not leave Barton without representation; his *lead* counsel remains.</u>

3.   As this Court has observed, Barton is currently represented by Michael Edney and Sean O'Connell, along with Warren Norred and Solomon Norred, which a recent order issued by this Court reflects:

> The following transaction was entered on 8/7/2025 at 11:46 AM CDT and filed on 8/7/2025
> Case Name:   Securities and Exchange Commission v. Barton et al
> Case Number:   3:22-cv-02118-X
> Filer:
> Document Number: 670(No document attached)
>
> Docket Text:
> **ELECTRONIC ORDER: Though one of Barton's attorneys, Warren Norred, filed a motion to withdraw, Barton is still represented, both by Warren Norred and by Michael Edney, Solomon Norred, and Sean O'Connell. Barton cannot enter filings pro se when he is represented by counsel. See United States v. Alvarado, 321 Fed. App'x 399, 400 (5th Cir. 2009). Therefore, the Court STRIKES Barton's pro se filing at Doc. [669]. (Ordered by Judge Brantley Starr on 8/7/2025) (chmb)**

4.   Based on the above electronic order, this Court is aware that Barton would remain represented by Michael Edney, who is also identified as "Lead Counsel" in the PACER reports for this case. While not dispositive, the undersigned is unaware of any filing or event that suggests this report from the Court's PACER listing is wrong:

> **Michael J Edney**
> Hunton
> 2200 Pennsylvania Ave NW
> Washington, DC 20037
> 202-778-2204
> medney@huntonak.com
>  Assigned: 10/19/2022
>  LEAD ATTORNEY
>  ATTORNEY TO BE NOTICED
>
>                        representing
>
> **Timothy Barton**
> 1846 E Rosemeade Pkwy #232
> Carrollton, TX 75007
> 214-673-8714
> (Defendant)

5.   Thus, at this time, Barton is represented by no fewer than four attorneys, and Movants are but two of them, who appeared in January of 2025. Barton's lead counsel has been the backbone of the legal team, appearing on Barton's behalf twice before the Fifth Circuit. Though it should be needless to say, Barton was well-represented by his team before Movants appeared in this case, and he will continue to be represented if this Court grants withdrawal.

C. <u>The Court's docket reveals no pending issues requiring immediate legal work.</u>

6.  A review of the deadlines listed in PACER for the present case reveals that no substantial activity is pending, and that the last recorded deadline was nearly three years ago:



7.  Further, the docket of this case reveals no pending motion requiring any counsel to act on Barton's behalf. In its order issued August 7, 2025, the Court recognized a 5.5-month continuance in the related criminal case against Barton and administratively closed the case.

8.  These facts support Movants' assertion that no delay of proceedings nor prejudice will result by allowing Movants to withdraw.

D. <u>Movants will suffer financial hardship by judicially imposed involuntarily servitude.</u>

9.  Though the original motion to withdraw did not mention the financial hardship created on the Movants if they are required to work without pay, this court is certainly allowed to make natural inferences based on undisputed facts. In this reconsideration, the attached declaration explains explicitly that Movants pay their bills with money they earn from clients, and a requirement by this Court to do work without pay is a requirement to accept financial losses.

10. If this were a chapter 13 bankruptcy case, where a firm has accepted a laundry list of duties to accomplish a reorganization plan over a five-year time period, and no other attorney was listed as counsel (or a second attorney *was* listed, but not as lead counsel), and the industry understanding that an attorney is accepting a job to represent a literally bankrupt client applied, any judge could justifiably deny withdrawal based only on financial hardship (if that were the only reason), as attorneys in such situations know that the first dollars they receive from their clients may also be the last. That is not the present case.

11. If he were to provide a brief in this matter, Barton might argue that he has paid the undersigned significant funds during Movant's representation. But even so, previous payments do not resolve the need for ongoing office and personnel payment. Worse, when a client's own actions require limited funding to be diverted to ongoing objections for which this Court has shown no appetite and which are denied routinely, the funding problem becomes unsustainable, as insufficient funds are available for actions which are more likely to succeed. This office performs work for those who cannot afford it routinely, but not on the terms demanded by Barton.

E. <u>The Fifth Circuit approved withdrawal in Barton's appeal under similar facts.</u>

12. The Court's Order discussed Barton's pro se status before the Fifth Circuit. The undersigned understands that the Court is referring to the Fifth Circuit's order allowing the undersigned to withdraw from *In re BM318, LLC*, which came from this Court as cause no. 4:24-CV-863 and is now before the Fifth Circuit as cause no. 25-10367.

13. Movants ask the Court to take judicial notice that admission before the Fifth Circuit is a completely separate matter from admission in the Northern District of Texas. The two judicial bars require different admission processes, and the two bars maintain two different sets of admitted attorneys. Movants also ask the Court to take judicial notice that many attorneys consider

themselves appellate attorneys who generally do not accept trial work, and many attorneys file cases at the trial level and never file appeals in the Fifth Circuit.

14.     Based on these facts, Barton's representation in his appeals appears irrelevant to his representation in this case. Movants ask the Court to take judicial notice of the docket of the subject appeal, wherein the Fifth Circuit granted the undersigned's motion to withdraw, irrespective of Barton's stated-but-unbriefed opposition, similar to the present case.

15.      In granting the motion, the Fifth Circuit implicitly indicated that: a) no oral hearing is expected in the appeal's resolution; b) Barton would not be prejudiced by allowing the withdrawal; and c) there exists no reason to require the undersigned to continue serving Barton based on the undersigned's allegation that Barton "has not complied with the retainer agreement entered into by Appellant and the undersigned."

16.     If anything, the Fifth Circuit's grant of the undersigned's motion to withdraw from the appeal should be taken as an indication that withdrawal here is appropriate.

F.    <u>Reconsideration is appropriate to establish the law of the case.</u>

17.     While this Court may not be obligated to provide reasoning for its rulings in its orders, the Court's denial leaves the undersigned without an understanding of the law of this case and court operations. A number of questions arise:

   a. Movants respectfully request clarification as to whether the Court's denial indicates that counsel must continue representation irrespective of non-payment of fees, the presence of other counsel of record, and the ongoing independent actions by Barton which prevent effective use of resources for the case and actively damage his reputation with the Court and that of his counsel.

    b. Movants are concerned that they have missed some prejudice or undue delay that the parties or Court would suffer if withdrawal is granted. The undersigned knows of no event in this case that would be impacted in any way by the withdrawal.

    c. Movants are left wondering if there is a time or condition that, when met, will allow them to withdraw in the future. Typically, a motion for court action that has been denied by interlocutory order may be re-urged again when circumstances change, such as when an injunction is imposed or denied. With literally no scheduled activity, and no action for Movants to take beyond filing endless objections for the Court to swiftly deny, Movants are left without an understanding of what conditions will allow them to end their Court-imposed involuntary servitude.

18. Interestingly, the docket in this case shows that Tim Wells was allowed to escape continued representation of the Receiver, though Barton was opposed (see Doc. 664, 666). While one can distinguish between a motion to withdraw by a litigant's counsel and a motion to withdraw by the opposition's counsel, the Court's order granting withdrawal for Wells without a hearing suggests that Barton's opposition should not prevent denial of motions to withdraw, particularly when Barton remains represented, and the parties will not suffer any delay of proceedings.

19. Lastly, as already mentioned, Barton has materially breached the representation agreement by failing to render payment for legal services as the agreement requires. Worse, as the docket of this case demonstrates, Barton acts without regard for his counsel or their advice, creating additional work defending actions with which they had no involvement (see Doc. 640-650).

20. Irrespective of whether Barton's actions are proper, his penchant for independent action and strategy prevents effective counsel by Movants, and this Court cannot resolve that untenable attorney-client relationship, certainly not by judicial reinstitution of a form of employment distantly related to that which was eliminated by the 13th Amendment to the United States.

## PRAYER

In light of the above, Movants ask the Court to reconsider its Order denying their motions to withdraw (Doc. 662, 673), as no party nor the Court will be impacted or prejudiced by their withdrawal, Barton will remain represented by Michael Edney if withdrawal is granted, and the failure of Barton to pay for services combined with continued representation would impose substantial financial hardship on counsel. No equitable or legal reasoning supports denial, and this case has no pending activity requiring representation, and certainly nothing necessitating a third and even fourth attorney to be at the beck and call of Mr. Barton.

/s/Warren V. Norred
Warren V. Norred, Texas Bar Number 24045094, warren@norredlaw.com
Solomon G. Norred, Texas Bar Number 24138007, sgn@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
(817) 704-3984 (Telephone); (817) 524-6686 (Fax)
*Attorney for Tim Barton*

**CERTIFICATE OF CONFERENCE** - I hereby certify that on August 27, 2025, I conferred with Charlene Koonce, counsel for the Receiver, who stated she does not oppose Movants' withdrawal. Defendant Tim Barton opposes this motion.

*/s/Warren V Norred*

**CERTIFICATE OF SERVICE -** I hereby certify that a true copy of the foregoing was served on all parties of record via the Court's electronic filing system on August 27, 2025.

*/s/Warren V Norred*

## DECLARATION OF WARREN NORRED
## IN SUPPORT OF HIS MOTION TO RECONSIDER

My name is Warren V. Norred, and I declare under penalty of perjury and the laws of the United States of America that the following statements are true and correct.

1) As I have already stated to this Court, I was unaware of the grievance that Tim Barton filed, and which resulted in unnecessary work by my office and myself.

2) Though I completely agree with Tim Barton's position in this case (that those who have not been found guilty should not be impoverished by the courts beforehand), I have slowly realized that Tim Barton and I have significantly divergent views on the best way to proceed in this matter.

3) Additionally, Barton has failed to perform his financial duties in paying for the services I and my firm have provided. This failure to pay for services is causing my firm to incur expenses that are a financial hardship. This is not a trivial case in which I can use paralegals and inexperienced attorneys as a training exercise. The work in this case requires high level and out-of-the-box legal reasoning. Worse, these efforts have not borne fruit, but actively damaged the firm financially, and efforts to use cost-saving measures have resulted in sanctions with the Fifth Circuit, the first such event in my nearly 20 years as an attorney.

4) At this moment, there are no substantive actions *required* in this case. I am aware that Barton wishes for me to perform some tasks, but he is not offering me any money to perform said tasks and, based on the docket of the case, and these actions are contrary to my advice. Barton, now emboldened by this Court's Order, continues to demand I perform these tasks for free and in spite of my recommendations.

5) The contract that Barton signed with my firm explicitly lists conditions which allow for withdrawal, which include, "nonpayment of fees or costs, misrepresentation, or failure to disclose material facts, [and] actions contrary to the attorney's advice." Withdrawal in this matter is warranted on all four of these elements, though I am not describing the misrepresentation or failure to disclose due to the attorney-client privilege.

Executed on August 27, 2025,

Warren V. Norred; TBN: 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
(817) 704-3984 (Telephone); (817) 524-6686 (Fax)
*Attorney for Tim Barton*