# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § | |
| *Defendants.* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LC, | § § § | |
| *Relief Defendants.* | § § | |

## DLP ENTITIES' EMERGENCY MOTION
## TO DECLARE LIS PENDENS VOID

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") move the Court, on an emergency basis, to void or cancel two lis pendens filed by Defendant Timothy Barton on property owned by certain of the DLP Entities.

### FACTUAL BACKGROUND

1.      Prior to the Receiver's initial appointment, the DLP Entities were party to several contracts with certain of the Receivership Entities which were the basis of an ongoing dispute between Defendant Barton and the DLP Entities:

83197631;1

a. DLP Winter Haven Ventures, LLC, a DLP Entity and a Florida limited liability company ("DLP Winter Haven") acquired 3800 Avenue J, Winter Haven FL 33881 from AVG WEST, LLC (f/k/a JMJ Acquisitions LLC), a Receivership Entity, on October 11, 2021 (the "Winter Haven Transaction"). DeGroot Dec., ¶ 4.a.[1]

b. Orchard Farms Ventures, LLC, a DLP Entity and a Florida limited liability company ("Orchard Farms Ventures") acquired approx. 100.223 acres, generally located along Shelby Road, west of Rendon Road, City of Fort Worth, County of Tarrant, State of Texas (the "Orchard Farms Property") from Orchard Farms Village, LLC ("Orchard Farms Village"), a Receivership Entity, on December 22, 2021 (the "Orchard Farms Transaction"). The Orchard Farm Transaction included a Participation Agreement with Orchard Farms Village, and a Development Agreement with Orchard Farms Developments, LLC ("Orchard Farms Development"), a Receivership Entity, each dated December 20, 2021. *Id*., ¶ 4.b.

c. Marine Creek Ventures, LLC, a DLP Entity and a Delaware limited liability company ("Marine Creek Ventures") acquired approx. 40.20 acres, generally located at the intersection of Loop 820 and Huffines Boulevard, City of Fort Worth, County of Tarrant, State of Texas (the "Marine Creek Property"), from Mansions Apartment Homes At Marine Creek, LLC ("Mansions"), a Receivership Entity, on December 23, 2021 (the "Mansions Creek Transaction"). The Mansions Creek Transaction included a Participation Agreement with Mansions, a Development Agreement with Marine Creek Developments, LLC ("Marine Creek Development"), a Receivership Entity, and a Construction Management Agreement with La Jolla Construction Management, LLC ("La Jolla"), a Receivership Entity, each dated as of January 2022. *Id*., ¶ 4.c.

d. The Mansions Creek Transaction, the Winter Haven Transaction and Orchard Farms Transaction are collectively referred to as the "DLP Transactions." The Marine Creek and Orchard Farm Properties are collectively referred to as the "Properties."

2. Prior to the Receiver's appointment, disputes arose between the DLP Entities and the Receivership Entities. Timothy Barton ("Barton") and the Receivership Entities became unresponsive and began defaulting on their ongoing obligations to the DLP Entities. *Id*., ¶ 5. On October 18, 2022, DLP notified Orchard Farms Development, Marine Creek Development, and La Jolla that they (i) were in breach under the Orchard Farms Development Agreement; Marine

---

[1] The Declaration of Barry DeGroot is attached as Exhibit 1 to this motion.

Creek Development Agreement and the Marine Creek Construction Management Agreement, respectively; and (ii) afforded said Receivership Entities 30 days to cure such breach. *Id*.

3.      After the Receiver's appointment, the Receiver and the DLP Entities resolved the differences between the DLP Entities and the Receivership Entities entering into a settlement agreement in December 2022. A true and correct copy of the Settlement Agreement is attached as Exhibit A to the DeGroot  Declaration. On the Receiver's motion,[2] the Court entered an order ratifying the settlement agreement. Order Granting Receiver's Motion to Ratify Agreement with DLP Capital and other DLP Entities (ECF #109). Barton appealed the order ratifying the DLP settlement (ECF #112), which the 5th Circuit dismissed as moot in March 2024 (ECF #492, filed 5/6/2024).

4.      Pursuant to the Settlement Agreement and subsequent court orders, the Receivership Entities released and quit-claim all participating interest in (a) the Orchard Farms Property to Orchard Farms Ventures; and (b) the Marine Creek Property to Marine Creek Ventures.  The DLP Entities are and have been authorized to sell the Properties unencumbered by any competing claims from the Receivership Entities.

5.      Per the Settlement Agreement and this Court's subsequent ratification, the Receivership Entities expressly "RELEASE[D], REMISED], CANCEL[ED], ACQUITT[ED] AND DISCHARG[ED] any and all claims, rights, demands, debts, liabilities, attorneys' fees, controversies and causes of action, known or unknown, asserted or unasserted, liquidated or unliquidated, fixed or contingent, accrued or unaccrued, of any nature whatsoever whether sounding in tort, contract, statute or any other theory of liability which could be asserted by a Receivership Entity against any DLP Entity." Settlement Agreement (DeGroot Dec., Exh. A.) at 4-5.

---

[2] The Receiver's Verified Motion to Ratify Agreement with DLP Capital and other DLP Entities (ECF #95) describes the events leading to the settlement.

6.     Upon the Court's ratification of the settlement, the DLP Entities satisfied all of their contractual obligations and remitted the settlement amount of $750,000 to the Receivership estate in reliance on the Court's order and the Receiver's authority with the express expectation that all disputes pertaining to the DLP Transactions were resolved.

7.     After the Court reappointed the Receiver on or about November 29, 2023, the Court entered an order ratifying, among other orders, its earlier order ratifying the DLP settlement agreement. Order Granting in Part Receiver's Blessing Motion (ECF #419) at 7-8. Barton appealed this order along with the order reappointing the Receiver on December 7, 2023 (ECF #429). The Fifth Circuit affirmed the imposition and scope of the receivership and the preliminary injunction; and dismissed the remainder of Barton's appeal. Judgment/Mandate of the Court of Appeals (ECF #652).

8.     During the pendency of the appeal, Barton filed two lis pendens (collectively, the "Lis Pendens") on the Properties. The first was filed on the Orchard Farms Property on July 31, 2024.  The second was filed on the Marine Creek Property on July 31, 2024. Copies of the Orchard Farms lis pendens (Exhibit 2) and the Marine Creek lis pendens (Exhibit 3) are attached. The Lis Pendens refer to Barton's appeal of the order reappointing the Receiver, which Barton has now lost. Barton did not provide notice to the DLP Entities of the filing of the lis pendens.  DeGroot Dec., ¶ 12.

9.     The DLP Entities are in the process of selling the Properties. During the course of preparing due diligence materials for the sale, the DLP Entities discovered the Lis Pendens. Although the sale is scheduled to close later, the due diligence period closes on October 1, 2025. As the Lis Pendens act as an involuntary lien on the property, the Lis Pendens threaten to prevent

the sale of the property. *F.D.I.C. v. Walker*, 815 F. Supp. 987, 990 (N.D. Tex. 1993) (holding that a "a *lis pendens* is the functional equivalent of an involuntary lien as it acts as a cloud on title).

ARGUMENT AND AUTHORITIES

10.     The Lis Pendens are fatally flawed and the Court should declare them void. First, the DLP Entities are not parties to this action and their property cannot be subject to a lis pendens. Second, Barton filed the Lis Pendens in violation of the Receivership Order. Third, Barton filed the Lis Pendens individually but he has no and has never claimed an interest in either of the Properties. Fourth, no Receivership Entity has made a claim on the Properties and, thus, lacks the right to file a lis pendens even if Barton could act on their behalf. Fifth, a lis pendens is not proper to preserve the appeal of a receivership order as the Lis Pendens purport to do. Sixth, Barton did not serve the Lis Pendens on the DLP Entities in accordance with the Texas Property Code, which renders them void.

11.     <u>First</u>, the DLP Entities are not parties to this action and their interests are not at issue. Whether or not, the Court properly imposed a receivership over the Receivership Entities has nothing to do with the rights of the DLP Entities or the Properties. Importantly, the DLP Entities acquired full title to the Orchard Park and Marine Creek Properties well before this case was filed and a receiver appointed. DeGroot Dec., ¶ 4. Simply put, this is not an action related directly or even indirectly to the Properties. A lis pendens may only be filed in an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP. CODE § 12.007(a).  This suit by the SEC alleging securities fraud by Barton is just not that sort of a case.

12.     <u>Second</u>, the Lis Pendens violate the Receivership Order (ECF #417). The agreements between the Receivership Entities and the DLP Entities are Receivership Property. By

settling and releasing any claims related to those agreements, the Receiver took control over and managed them. Through the Lis Pendens, Barton sought to undo the Receiver's release. In so doing, Barton violated paragraph 32.A. of the Receivership Order, which enjoins Barton from taking any action that would "[i]nterfere with the Receiver's efforts to take control, possession, or management of any Receivership Property." In addition, Barton has no right to act on behalf of the Receivership Entities.  Receivership Order, ¶ 5. Even though he is appealing the Receivership Order, Barton remains bound by it and must comply with it.

13.     Third, Barton filed the Lis Pendens individually. But he has no interest in either of the Properties. All interests in the Properties and in any contracts related to them were held by one or more of the Receivership Entities. DeGroot Dec., ¶¶ 4, 14-15. A lis pendens may only be filed in an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP. CODE § 12.007(a).  Barton who is nowhere in the chain of title and claims no encumbrance on the Properties simply lacks standing. His interest is merely in control over the Receivership Entities, which has nothing to do with title to, an interest in or an encumbrance the Properties. He is simply a third party who has expressed some concern about what may happen to the properties. That is not sufficient to support a lis pendens. *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App. – Houston [14th Dist.] 1989, orig. proceeding) (holding that "a mere third-party concern about the property" is not a basis for a lis pendens). Moreover, Barton is not seeking affirmative relief in this litigation. He is merely a defendant. Under Texas law, "only a party to the action *who is seeking affirmative relief* may file a lis pendens." *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App. – Austin 2004, orig. proceeding) (emphasis in original).

14.    <u>Fourth</u>, none of the Receivership Entities has asserted a claim in this or any case to title to, an interest in or an encumbrance on the Properties. Without such an assertion, the Receivership Entities could not file a lis pendens, even if Barton could act on their behalf which he cannot. *Id*. (requiring an affirmative claim to support a lis pendens). As discussed above, the settlement between the Receiver and the DLP Entities had nothing to do with title, an interest in or an encumbrance to the Properties. Rather the settlement dealt with performance of various contracts between the DLP Entities and Receivership Entities. As this Court already found in its Order Granting Receiver's Motion to Ratify Agreement with DLP Capital and other DLP Entities (ECF #109), the settlement between the DLP Entities and the Receiver did not involve title to or an interest in real estate.

15.    <u>Fifth</u>, the Lis Pendens themselves note that they are based on Barton's appeal of the order reappointing the Receiver and are, thus, improper. *See Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1153 (5th Cir. 1988). On their face, the Lis Pendens fail to even mention title to, an interest in or an encumbrance the Properties. They are merely addressed to the imposition and operation of the Receivership. In *Texas Extrusion*, the debtor filed a lis pendens on land that was to be conveyed pursuant to a bankruptcy plan of reorganization. As with the Lis Pendens here, the purpose of lis pendens in *Texas Extrusion* was to preserve rights on appeal of an order that did not directly deal with title to real property. *Id*. The Fifth Circuit found that despite the conveyance called for by the plan, there "was no action involving title to this property, over the establishment of an interest in this property, or over the enforcement of an encumbrance against this property." *Id*. Accordingly, the lis pendens was improper were properly declared void. *Id*. The same should apply here. An order appointing a receiver does not affect title to real property in general. And, in this case, title to the Orchard Farms

or Marine Creek properties were not at issue. Rather, the issues related to contracts for development, which the Receiver settled and released years ago. The Lis Pendens are improper and should be declared void.

16.     Moreover, the appeal on which the Lis Pendens are based has been resolved. The Fifth Circuit affirmed this Court's order reappointing the Receiver. Even if it were valid, the purpose of the Lis Pendens has been satisfied.

17.     Sixth, Barton did not serve the Lis Pendens on the DLP Entities. DeGroot Dec., ¶ 12.  Texas law requires that the party filing a lis pendens serve it on all affected parties within three days. Tex. Prop. Code § 12.007(d).  Failure to make proper service as occurred here is a basis to void a lis pendens. *Id*., § 12.0071(c)(3).

18.     As the *Texas Extrusion* court held, no particular procedure is required to eliminate an improper lis pendens. *Id*. Upon hearing and notice, a federal court may therefore determine that a lis pendens is void and order it cancelled. This Court has already done so with other lis pendens filed by Barton.  *See* Order Granting Motion to Approve Sale (ECF #104) (granting Receiver's motion to void lis pendens filed by Barton).

ACCORDINGLY, the DLP Entities respectfully request that the Court deem the Lis Pendens to be void and order them cancelled.

8

Dated:  September 22, 2025     Respectfully submitted,

           **AKERMAN LLP**

          By:  */s/ Michael D. Napoli*
           Michael D. Napoli
           Texas Bar No. 14803400
           michael.napoli@akerman.com

          2001 Ross Avenue, Suite 3600
          Dallas, Texas  75201
          Telephone:  214.720.4300
          Facsimile:   214.981.9339

          **ATTORNEYS FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

## CERTIFICATE OF CONFERENCE

   I hereby certify that I have conferred with counsel for the Receiver who does not oppose the relief sought in this motion. I have also attempted to confer with counsel for Barton by email on September 18, 2025 and on September 19, 2025 but Barton has not agreed to remove the lis pendens.

          */s/ Michael D. Napoli*
          Michael D. Napoli

## CERTIFICATE OF SERVICE

   I hereby certify that on this 22nd day of September, 2025, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

          */s/ Michael D. Napoli*
          Michael D. Napoli