Jules P. Slim
State Bar No. 00793026
PO BOX 140307
Irving, Texas 75014
Telephone: (214) 350-5183
Email:  jslim@slimlawfirm.com
**Attorney for Defendant**
**Timothy Barton**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL 009, LLC, WALL 010, LLC, WALL 011, LLC, WALL 012, LLC, WALL 016, LLC, WALL 017, LLC, WALL 018, LLC, WALL 019, LLC, HAOQIANT FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** | § § § § § § § § § § | **No. 3:22-cv-2118-X** |
| **Defendants,** | § | |
| **v.** | § § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § § § | |
| **Relief Defendants.** | § | |

## BARTON'S RESPONSE TO EMERGENCY MOTION
## TO EXPUNGE LIS PENDENS [DOC 681]

**COMES NOW** Timothy Barton and files this Response to DLP Entities' Motion to Declare

Lis Pendens Void [DOC 681] as follows:

### I.    PROCEDURAL BACKGROUND

1.    This enforcement action—SEC v. Timothy Barton, No. 3:22-cv-2118-X (N.D.

Tex.)—proceeds against Barton and affiliated entities under a court-supervised receivership. In

December 2022, the district court ratified a settlement concerning DLP-affiliated entities

**Response to Motion to Expunge Lis Pendens**                                                                    Page 1

(ECF #109).  Following the Receiver's reappointment on or about November 29, 2023, the court blessed prior orders, including the settlement ratification (ECF #419), and Barton noticed an appeal. The Fifth Circuit subsequently affirmed the imposition and scope of the receivership and the preliminary injunction and dismissed the remainder of the appeal (Judgment/Mandate, ECF #652). Barton has sought further review by petition for a writ of certiorari in the Supreme Court, which—as represented in this Response—remains pending.  During the pendency of that appellate review, on July 31, 2024, Barton recorded two notices of lis pendens relating to the Orchard Farms and Marine Creek properties to preserve his asserted interests pending final resolution.

## II.    ARGUMENT AND AUTHORITIES

2.    The DLP Entities' state as grounds for their motion: 1) Since the DLP Entities are not parties to this action, their property cannot be subject to a lis pendens; 2) Barton filed the lis pendens in violation of the receivership order; 3) Barton filed the lis pendens in the wrong capacity in that he never claimed an interest in the Properties; 4) no receivership entity has made a claim on the Properties and therefore lacks the right to file a lis pendens; 5) a lis pendens is not proper to preserve the appeal of a receivership order; and 6) Barton did not serve the lis pendens on the DLP Entities.

### a)  Issues 1, 3, and 4 appear to deal with the same "capacity" issue ignoring Mr. Barton's clear capacity to protect his interests.

3.    The DLP Entities', whether express or implied, use "party" fast and loose, to put it mildly.  The *only* Party relevant to the efficacy of the lis pendens is Mr. Barton!

4.    The DLP Entities cannot avail themselves per issue (1) that *they* are not a "parties" to this action; (3) that Mr. Barton is not a "party" in direct ownership of the subject property; or (4) that the receivership is not a "party" in privity to the subject property.

5.      A lis pendens is a mechanism to give constructive notice to all those taking title to the property that a claimant is litigating a claim against the property. *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, orig. proceeding); *Khraish v. Hamed*, 762 S.W.2d 906, 913 (Tex. App—Corpus Christi 1988, no writ). A lis pendens is a notice, recorded in the chain of title to real property warning all persons that certain property is the subject matter of litigation. *B.F.F. Distributors v. White*, 325 S.W.3d 786, 789 (Tex. App.—El Paso 2010, no pet).

6.      A properly filed [is pendens is not itself a lien but operates as constructive notice to the world of its contents. *Id*. at 789. A lis pendens must be supported by "an action involving: (l) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property" as required by TEX. PROP. CODE §12.007. *See also Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding).

7.      It is proper to file a [is pendens when the litigation involves the establishment of an interest in real property. *See* TEX. PROP. CODE ANN. 12.007(a). Only *a party to the action* may file a lis pendens. *Id*.

8.      The facts are uncontroverted that Mr. Barton claims an interest in Orchard Farms Village LLC and Mansions Apartment Homes at Marine Creek LLC.  In fact, it was by this very claim that the receiver continues to exert its authority therefor.  The very Settlement Agreement and Release of all Claims relied upon by the DLP Entities states:

### SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS ("*Agreement*") is made and entered into by and between Cortney C. Thomas in his capacity as the Court-Appointed Receiver over the estate of the Receivership Entities, as identified in the Order Appointing Receiver dated October 18, 2022 (the "*Receivership Order*"), the Order Granting Receiver's Motion to Supplement Order Appointing Receiver dated November 16, 2022, and the Order Granting Receiver Motion to Supplement Order Appointing Receiver dated December 13,

2022, in the above captioned matter (the "***Receiver***"), including without limitation the entities identified on Exhibit A, attached hereto (collectively, the "***Receivership Entities***"); DLP Real Estate Capital, Inc., a Florida corporation ("***DLP Capital***"); DLP Winter Haven Ventures, LLC, a Florida limited liability company ("***DLP Winter Haven***"); Orchard Farms Ventures, LLC, a Florida limited liability company ("***Orchard Farms Ventures***"); and Marine Creek Ventures, LLC, a Delaware limited liability company ("***Marine Creek Ventures***") and collectively with DLP Capital, DLP Winter Haven, and Orchard Farms Venture, the "***DLP Entities***"). Each of the Receiver, the Receivership Entities and the DLP Entities is sometimes referred to herein as a "***Party***" and collectively as the "***Parties***").

***

**The Receivership Entities,**

By: _____
Cortney C. Thomas, Receiver

[DOC 681-1, Settlement Agreement].

9.    Exhibit A to the Settlement Agreement defines "the Receivership Entities" to include:

x. Lajolla Construction Management LLC;
y. Mansions Apartment Homes at Marine Creek LLC;
aa. Orchard Farms Village LLC;

(collectively, "***Receivership Entities***").

10.    This Court and the receiver have no less than declared that Mr. Barton holds an interest in the aforementioned receivership entities.  Naturally.  If this were *not* the case, neither this Court *nor* the receiver could have exercised any authority therefor rendering the Settlement Agreement void *ab initio*.

11.    DLP's fast-and-loose "party" game enters whereby Timothy Barton is the named defendant in the above-styled cause, and is likewise the appellant at the appellate level.  Again,

only a *party to litigation* has authority to file a lis pendens.  TEX. PROP. CODE ANN. 12.007(a).

That is *solely* Mr. Barton!

12.    The facts are uncontroverted that Mr. Barton is a party to this action!  In fact, it was by virtue of the contested receivership against the Barton-related entities that the DLP Entities entered into the Settlement Agreement.

13.    The facts are uncontroverted that Mr. Barton has an interest in the real property made the basis of the DLP Entities' motion, albeit indirect.  Were this not the case, the receiver would have never sought authority from this Court in this very case against Barton in the first place, nor to ratify the Settlement Agreement.

14.    The facts are likewise uncontroverted that Mr. Barton is the *only* person or party with the ability to challenge the authority of the receiver and the receivership in general.

15.    Should Mr. Barton prevail, the Settlement Agreement will be rendered void as having been effectuated without any legal authority.  The lis pendens does nothing more than place the world on notice of this very fact.

16.    The facts being uncontroverted that Mr. Barton, by virtue of being a party to these proceedings, filed the lis pendens to protect his interests, the motion must be DENIED.

### b)  *As to Issue 2, that Mr. Barton allegedly violated the receivership order by filing the lis pendens, the DLP Entities do not have standing to enforce the receivership order.*

17.    The DLP Entities argument that Mr. Barton violated the receivership order by filing the lis pendens is without merit.  The DLP Entities are *not* parties to this lawsuit.  In fact, by filing the motion to expunge [DOC 681], the DLP Entities are in violation of this Court's stay order. [ECF #64].

18.     Mr. Barton has appealed this Court's receivership order in two separate appeals: Fifth Circuit Case No. 22-11132 and Case No. 23-11237.  As to the first, Mr. Barton prevailed.  As to the second, to which the DLP Entities repeatedly assert Mr. Barton lost, Mr. Barton is seeking review to the United States Supreme Court, which petition for review is still pending.  Justice Alito entered an order extending the deadline for brief to *October 14, 2025*. Therefore, the second appeal is very much alive.

19.     Should Mr. Barton ultimately prevail in that review, the entire receivership may be nullified *ab initio* as in the first appeal.  If so, the Settlement Agreement will likewise be nullified, rendering void the very transaction upon which the DLP Entities rely in flipping the subject property to whomever is the prospective purchaser.

20.     The underlying litigation, including all appellate processes having not been resolved, the motion must be in all things DENIED.

### c)  As to Issue 5, an appeal is a sufficient basis upon which to base a lis pendens.

21.     Texas law is well-settled that the pendency of an appeal operates to extend a lis pendens.  The pendency of the Supreme Court petition for review likewise extends the lis pendens.

22.     "Because the recording of a lis pendens is specifically authorized by statute and has no existence separate and apart from the litigation of which it gives notice . . . the filing of a notice of lis pendens . . . is a part of the 'judicial proceeding.'" *Kropp v. Prather*, 526 S.W.2d 283 (Tex.App.—Tyler 1975, write ref'd n.r.e.).

23.     "A lis pendens … terminates with the judgment, *in the absence of an appeal*." *Rosborough v. Cook*, 108 Tex. 364, 367, 194 S.W. 131, 132 (1917).  There is no "absence" of an

appeal at bar.  "The rumors of [the appeals'] death have been greatly exaggerated."  Mark Twain. The appeal is very much alive and well.

24.    Review to the United States Supreme Court pending, the DLP Entities' motion to expunge must be DENIED.

### d) The DLP Entities, not being party to this litigation, cannot complain of lack of notice, if any.  Even so, lack of notice does not void the lis pendens.

25.    The Texas Supreme Court recently held in *Sommers* that expungement is discretionary, not mandatory, and even then, only for three reasons, timeliness of notice *not* being one of them. *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017).  *Sommers* states:

> "The trial court may expunge a notice of lis pendens if (1) the pleading on which the original order rests does not include a real-property claim; (2) the claimant does not appropriately establish the probable validity of his real property claim; or (3) the claimant fails to serve a copy of the record notice on all entitled to *754 receive it.

*Sommers v. Sandcastle Homes, Inc*, 521 S.W.3d 749, 753-54 (Tex. 2017) (Ital. added]; TEX. PROP. CODE § 12.0071(c)(1)-(3).

26.    TEX. PROP. CODE §12.071, the expungement statute, includes mandatory language:

(c) The court shall order the notice of lis pendens expunged if the court determines that:

(1) the pleading on which the notice is based does not contain a real property claim;

(2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or

(3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

27.    TEX. PROP. CODE §12.007(d) states:

(d) Not later than the third day after the date a person files a notice for record under this section, the person must serve a copy of the notice on each party to the action who has an interest in the real property affected by the notice.

TEX. PROP. CODE §12.007(d).

28. The DLP Entities argue that since notice was not sent within 3 days of the filing, the trial court must expunge. However, the reference to 12.007(d) in 12.071(c)(3) *only* indicates that the parties-in-interest be served, *not* the timeliness of the service. There is no reference to "timely" in 12.071(c)(3) and the reference to 12.007(d) being at the end of the line only modifies "party entitled to a copy", not the timeliness of the service. And that is exactly what *Sommers* says:

"or (3) the claimant fails to serve a copy of the record notice on all entitled to *754 receive it. TEX. PROP. CODE §12.0071(c)(1)-(3)".

*Sommers* at 753-54.

29. Even Sommers omits mention to timeliness. This is a very basic principle of statutory construction, *expressio unius est exclusion alterius*, or "expression of one excludes the other".[1]

30. The Texas Supreme Court endeavored in *Johnson v. Second Injury Fund*, 688 S.W.2d 107 (Tex. 1985) to a similar statutory construction application of *Expressio Unius Est*

---

[1] Your Honor is no stranger to calling out the obvious in statutory interpretation. In endeavored into a similar analysis of the Texas Insurance Code, the interpretive principles of which are almost identical to those at bar. Your Honor stated:

Fiberco [New York/Viva Inn] thinks the defendants [AIIC] *can't read the statute,* which only bars recovery of fees when the demand letter fails to demand a specific amount on the claim (not a specific amount of fees). *The Court agrees* with Fiberco [New York/Viva Inn].

*Fiberco v. Acadia Ins. Co.,* 3:22-cv-0525-X (N.D. Tex. 2022) (Ital. added). Likewise, the absence of any reference to timing or method of notice in TEX. PROP. CODE §12.0071(c)(1)-(3) excludes such as grounds for expungement.

*Exclusion Alterius* deciding to how the statutorily created Second Injury Fund was to actually be funded. The Court discussed:

> The statute, however, is by no means silent on the question of how monies shall be obtained for operation of the Fund. TEX. REV. CIV. STAT. ANN. art. 8306 §120-2 (Vernon Supp.1985) provides, in relevant part:
>
> > "The special fund known as the 'Second Injury Fund' shall be created in the following manner:
> >
> > (a) In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the full death benefits, but not to exceed 360 weeks of compensation to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall direct the distribution thereof."
>
> (Emphasis added)
>
> The legal maxim *Expressio um'us est exclusio alterius* is an accepted rule of statutory construction in this state. *In State v. Mauritz—Wells Co.*, 141 Tex. 634, 109* 109 175 S.W.2d 238 (1943), this court held that "it is a settled rule that the express mention or enumeration of one person, thing, consequence or class is equivalent to an express exclusion of all others." 175 S.W.2d at 241. Similarly, as was recognized in *Bryan v. Sundberg*, 5 Tex. 418, 422-23 (1849):
>
> > "[W]hen the Legislature have undertaken to enumerate what shall be received, the enumeration must, we think, be taken to include all that was intended, and consequently to exclude all that is not included in the enumeration 'And where a statute limits a thing to be done in a particular form it includes in itself a negative, viz, that it shall not be done otherwise.'"
>
> *See also Harris County v. Crooker*, 112 Tex. 450, 248 S.W. 652 (1923). Thus, since the statute clearly mandates that the Second Injury Fund shall be funded only by the collection of unclaimed death benefits, it would be inappropriate for this court to add a second method not countenanced by statute that the Second Injury Fund can collect a portion of a tort recovery from a living but totally disabled worker.

*Johnson v. Second Injury Fund,* 688 S.W.2d 107, 108-09 (Tex. 1985).

31.    Applying the *Johnson* principles to this case, the only reasonable interpretation of the express mention in the expungement statute, that notice be given to the appropriate parties in

interest, it would be inappropriate for this Court to include the timeliness requirement which is expressly omitted from that very expungement statute.

32.    Because the expungement statute is not silent as to specific and express grounds for expungement, that expression must "be taken to include all that was intended, and consequently to exclude all that is not included in the enumeration [timeliness]". (*Id.*) (citing *Bryan v. Sundberg*, 5 Tex. 418, 422,23 (1849).

33.    To adopt The DLP Entities' expansive View of the expungement statute would be to write in omission of the cause number, court, or claims from the notice as likewise grounds for expungement where the statute is similarly silent.

34.    The DLP Entities' motion to expunge based on service thereof must therefore be DENIED.[2]

**WHEREFORE,** Barton prays that the DLP Entities' Motion [DOC 681] be in all things DENIED such that the receivership estate might be preserved pending a final substantive resolution of this case and all appeals.

Respectfully Submitted,

*/s/ Jules P. Slim*
Jules P. Slim
State Bar No. 00793026
PO BOX 140307
Irving, Texas 75014
Telephone: (214) 350-5183
Email:  jslim@slimlawfirm.com

**Attorney for Defendant**
**Timothy Barton**

---

[2] A new or amended lis pendens is expected to be filed shortly, curing any service deficiencies.

**Response to Motion to Expunge Lis Pendens**                    Page 10

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, a true and correct copy of the foregoing Response was filed and served through the Court's e-filing (CM/ECF) system.

*/s/ Jules P. Slim*
Jules P. Slim