## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § | |
| *Defendants.* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LC, | § § § | |
| *Relief Defendants.* | § § | |

## REPLY IN SUPPORT OF DLP ENTITIES'
## EMERGENCY MOTION TO DECLARE LIS PENDENS VOID

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") respectfully submit this reply in support of their Emergency Motion to Declare Lis Pendens Void (ECF #681, the "Motion") and in response to Timothy Barton's ("Barton") opposition (ECF #684, the "Response").

83510145;4

## REPLY

Barton's Response fails to identify any valid basis for maintaining the lis pendens, and instead confirms the central points of the Motion: (1) no party to this action is asserting a claim to establish an interest in the properties at issue; (2) Barton himself has no interest in the properties; (3) none of the Receivership Entities has any interest in the properties; and (4) Barton failed to serve the DLP Entities with the lis pendens, in violation of Texas law. Accordingly, the lis pendens are improper and must be declared void.

### A.    Barton's Response Confirms No Party Is Using This Lawsuit to Assert a Real Property Interest

Barton does not dispute that neither he nor any Receivership Entity is asserting a claim to title, interest in, or encumbrance on the properties at issue. Barton's arguments rest entirely on the existence of the receivership and his indirect interest in Receivership Entities, not on any direct claim to the properties themselves. As the Motion explained, a lis pendens may only be filed in an action "involving: (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property" under Texas law. TEX. PROP. CODE § 12.007(a). Barton does not dispute that this action does not seek to establish any such interest. The DLP Entities are not even parties to this case and no claims are asserted against them. If the receivership were dissolved tomorrow, neither Barton nor any Receivership Entity would have any claim to the properties. This case simply does not address the ownership of or an encumbrance on the properties.

Barton's assertion that the lis pendens is proper because he is appealing the receivership order is legally irrelevant; the resolution of this action will not grant him any interest in the properties. In any event, Barton is not seeking to establish an interest in the properties by this suit,

83510145;4

which is the sole basis on which a lis pendens may be filed. If Barton believes he has a claim to the properties, he must file a separate action to establish such an interest. He has not done so.

> **B.      Barton Admits He Has No Personal Interest in the Properties and None of the Receivership Entities Have an Interest in the Properties**

Barton concedes that he does not have a direct interest in either the Orchard Farms or Marine Creek properties. Response, ¶ 13. Instead, he argues that he has an interest in the Receivership Entities, and that this indirect interest is sufficient. *Id*. This is incorrect as a matter of law. Under Texas law, a member of a limited liability company does not have an interest in the company's property; the LLC's property is legally distinct from the property interests of its members. TEX. BUS. ORG. CODE § 101.106(b) ("A member of a limited liability company or an assignee of a membership interest in a limited liability company does not have an interest in any specific property of the company."); *see also* TEX. BUS. ORG. CODE § 101.112(f) ("A creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."). Barton's personal interest in the Receivership Entities does not translate into a real property interest in the properties at issue. Barton's Response does not identify any authority to the contrary.

Barton's Response also fails to identify any Receivership Entity that currently holds an interest in the properties. As the DLP Entities argued in the Motion, title passed from the Receivership Entities to the DLP Entities prior to the first receivership order. As of the date of the receivership, the DLP Entities and the Receivership Entities were engaged in a dispute over some ancillary contracts but title, an interest in or an encumbrance on the properties were never at issue. Motion, ¶ 13. The settlement agreements simply resolved the contractual dispute. *Id.* at ¶ 14.

3

Even if title or an interest were at issue, the Settlement Agreement, which Barton quotes, makes clear that the Receivership Entities released and quit-claimed all interests in the Orchard Farms and Marine Creek properties to the DLP Entities, and that all claims relating to those properties were resolved and released. Barton does not dispute that the Settlement Agreement was ratified by the Court and that the DLP Entities have satisfied all obligations under the agreement.

Barton's assertion that the Settlement Agreement could be voided if he prevails on appeal is not correct. The reversal of an order appointing a receiver does not render the acts taken by the receiver void or even voidable. *Associated Recovery v. Does 1-44*, No. 3:16-CV-1025-L, 2018 WL 1517863, at *14 (N.D. Tex. Mar. 28, 2018) ("Further, the court disagrees that the sales of the Domain Names or sales agreements under which the Domain Names were sold by the receiver are void *ab initio* or an absolute nullity in light of the reversal of the order appointing the receiver and Associated Recovery's jurisdictional argument."), *aff'd sub nom. Associated Recovery L.L.C. v. Does 1- 44*, 769 F. App'x 160 (5th Cir. 2019) ("*Associated Recovery II*"). Affirming the district court's decision, the Fifth Circuit held that the party opposing the sale (i.e., the party in Barton's position here) was barred by collateral estoppel from attacking the validity of the sales orders. *Associated Recovery II*, 769 F. App'x at 162. The Fifth Circuit reasoned that:

> In *Netsphere*, although this court reversed the receivership, we did not reverse the sales of domain names. Instead, we ordered "[n]o *further* sales of domain names." 703 F.3d at 314 (emphasis added). We left the completed sales intact. Even though Associated Recovery wasn't a party to *Netsphere*, our ruling still binds the corporation because of its close relationship to Baron and Novo Point. *See Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94–95 (5th Cir. 1977). Not only does *Netsphere* bind Associated Recovery, it also collaterally estops the corporation.

*Id.* When it reversed the order appointing the Receiver in 2023 (after this Court approved the agreements at issue here), the Fifth Circuit did the same thing: it ordered no further sales but declined to upset already completed actions. *SEC v. Barton*, 79 F.4th 573, 581-82 (5th Cir. 2023).

83510145;4

As the status of his appeal is wholly immaterial to the validity of the settlement agreements, Barton has no right to a lis pendens.

### C.        Barton Admits He Never Served the DLP Entities

Barton admits in his Response that he did not serve the DLP Entities with the lis pendens. This is not a case of late notice; it is a case of no notice at all. TEX. PROP. CODE § 12.007(d) requires service of the lis pendens on all parties entitled to notice. Barton's failure to serve the DLP Entities is an independent and sufficient ground for expungement under Texas law. *See* TEX. PROP. CODE § 12.0071(c)(3). Barton's argument that timeliness of service is not required is beside the point— he never served the DLP Entities at all.

### D.        Barton's Arguments Regarding "Capacity" and "Party" Status Are Irrelevant

Barton's Response devotes significant attention to the question of whether he is a "party" to the action and whether he has "capacity" to file a lis pendens. These arguments miss the mark. The relevant question is not whether Barton is a party to the lawsuit, but whether the lawsuit asserts a claim to title, an interest in, or an encumbrance on the properties by Barton. It does not. Barton's status as a party defendant does not entitle him to file a lis pendens absent a real property claim. Moreover, he had no right in 2024 to act on behalf of any of the Receivership Entities.

### **CONCLUSION**

Barton's Response confirms the central points of the DLP Entities' Motion. No party to this action is asserting a claim to establish an interest in the properties at issue. Barton admits he has no personal interest in the properties, and none of the Receivership Entities have any interest. Barton failed to serve the DLP Entities with the lis pendens. For these reasons, the DLP Entities respectfully request that the Court declare the lis pendens void and order their cancellation.

83510145;4

Dated:  October 14, 2025

Respectfully submitted,

**AKERMAN LLP**

By:  */s/ Michael D. Napoli*
    Michael D. Napoli
    Texas Bar No. 14803400
    michael.napoli@akerman.com

    2001 Ross Avenue, Suite 3600
    Dallas, Texas  75201
    Telephone: 214.720.4300
    Facsimile: 214.981.9339

**ATTORNEYS FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2025, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

    */s/ Michael D. Napoli*
    Michael D. Napoli

83510145;4