Howard Marc Spector
TBA#00785023
Sarah M. Cox
TBA #24119316
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com
sarah@spectorcox.com

**ATTORNEY FOR
TAMAMOI, LLC AND 3820 ILLINOIS, LLC**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § § | CASE NO. 3:22-cv-2118-X |
| v. | § § | |
| TIMOTHY BARTON, ET AL., | § § | |
| Defendants. | § § | |

### TAMAMOI, LLC AND 3820 ILLINOIS, LLC'S
### MOTION TO DECLARE *LIS PENDENS* VOID

Tamamoi, LLC and 3820 Illinois, LLC ("Movants" or "Tamamoi Parties") file this Motion to Declare *Lis Pendens* Void on property owned by 3820 Illinois, LLC, and respectfully show as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Prior to the Receiver's initial appointment, Tamamoi and JMJ Development ("**JMJ**") were engaged in litigation arising out of a real property loan and subsequent foreclosure. Defendant Barton was not a party to that litigation. JMJ is now one of the Barton entities in the Receivership.

On April 27, 2018, JMJ, as borrower, executed a Promissory Note (the "**3820 Note**") to Tamamoi in the amount of $500,000.00 to purchase the real property located at 3820 E. Illinois Ave, Dallas, Texas (the "**Property**"). The 3820 Note required JMJ to pay Tamamoi monthly installments

of accrued but unpaid interest on the first day of each month beginning June 1, 2018, and continuing until the maturity date of April 26, 2019, at which time JMJ was required to pay Tamamoi all amounts then-outstanding.  To secure JMJ's payment and other obligations under the Note, JMJ executed a Deed of Trust (the "**3820 Deed of Trust**") for the benefit of Tamamoi.

JMJ defaulted on its obligations under the 3820 Illinois Note in 2019 by failing to pay all amounts outstanding by the maturity date of April 26, 2019. Tamamoi and JMJ executed multiple extensions, first extending the maturity date of April 26, 2020, and then a second one to July 2, 2021. Partial payments were made at the times of both these extensions, but ultimately, JMJ continued to default on the 3820 Note.

Because JMJ had failed to cure its defaults, Tamamoi instructed its trustee to proceed with the foreclosure sale on July 6, 2021. Tamamoi purchased the 3820 Property pursuant to a credit bid of $405,946.59, leaving a deficiency of $962.53. On October 14, 2021, Tamamoi conveyed the 3820 Property to 3820 Illinois, LLC pursuant to a Special Warranty Deed. A true and correct copy of the Special Warranty Deed is attached to the Richardson Declaration as **Exhibit A**.

On March 7, 2022, JMJ filed suit against Movants in the 68th District Court for Dallas County, Texas, alleging (among other things) Tamamoi wrongfully foreclosed on the 3820 Property (the "**State Court Action**"). JMJ also filed a notice of *lis pendens* (the "**JMJ *Lis Pendens***") against the 3820 Property, clouding title to the 3820 Property.

Movants' Motion for Summary Judgment (the **"Motion"**) was filed on September 30, 2022, and set for hearing on November 7, 2022. Before the Motion could be heard, the Receiver was appointed and filed a Notice of Stay in the State Court Proceedings.

On May 13, 2024, JMJ, through the Receiver, and the Tamamoi Parties executed as ettlement agreement (the "**Settlement Agreement**"), whereby the Receiver agreed to release the JMJ *Lis Pendens* and dismiss the State Court Litigation with prejudice, and the Tamamoi Parties agreed to

pay $75,000 to settle JMJ's State Court Litigation claims, and each side released all existing claims related to the Property.  A true and correct copy of the Settlement Agreement is attached to the Richardson Declaration as **Exhibit B**.

On May 15, 2024, the Receiver filed his Motion to Ratify the Settlement Agreement with Tamamoi, LLC and 3820, LLC (Dkt. 494). Despite an objection (Dkt. 504) filed by Barton on June 5, 2024, the Court entered an Order Granting the Receiver's Motion to Ratify Settlement Agreement (Dkt. 549) on August 14, 2024.  Pursuant to the terms of the Settlement Agreement, the Tamamoi Parties paid the settlement amount, and the Receiver, in turn, dismissed the State Court Case, and released the JMJ *Lis Pendens*. True and correct copies of the dismissal order and release are attached to the Richardson Declaration as **Exhibits C and D**, respectively.

The dismissal of the State Court Case was not appealed, and the order is therefore final. Regardless, Barton filed a Notice of Lis Pendens (the "**Lis Pendens**") on October 6, 2025, in the real property records. A true and correct copy of the Lis Pendens is attached to the Richardson Declaration as **Exhibit E.**

The Tamamoi Parties are in the process of selling the Property. On October 10, 2025, Barton emailed a copy of the Lis Pendens to Jim Richardson, principal of the Tamamoi Parties. As the Lis Pendens acts as an involuntary lien on the property, the Lis Pendens threatens to prevent the sale of the property. *F.D.I.C. v. Walker*, 815 F. Supp. 987, 990 (N.D. Tex. 1993) (holding that "a *lis pendens* is the functional equivalent of an involuntary lien as it acts as a cloud on title). The Lis Pendens refers to Barton's appeal of the order reappointing the Receiver, which Barton has now lost.

## ARGUMENT AND AUTHORITIES

The Lis Pendens is fatally flawed, and the Court should declare it void. First, the Tamamoi Parties are not parties to this action, and their property cannot be subject to a *lis pendens*. Second, Barton filed the Lis Pendens in violation of the Receivership Order. Third, Barton filed the Lis

Pendens individually, but he has no and has never claimed an interest in the Property. Fourth, JMJ Development has relinquished all claims against the Tamamoi Parties and the Property and, thus, lacks the right to file a *lis pendens* even if Barton could act on its behalf.

First, the Tamamoi Parties are not parties to this action, and their interests are not at issue. Whether or not the Court properly imposed a receivership over the Receivership Entities has nothing to do with the rights of the Tamamoi Entities or the Property. Importantly, 3820 Illinois acquired full title to the Property before this case was filed, and a receiver appointed. *See* Richardson Dec., ¶8, and Ex. A. Simply put, this is not an action related directly or even indirectly to the Property. A *lis pendens* may only be filed in an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP. CODE § 12.007(a). This suit by the SEC alleging securities fraud by Barton is just not that sort of a case.

Second, the Lis Pendens violate the Receivership Order (ECF #417). The claims asserted by JMJ against the Tamamoi Parties are Receivership Property. By settling and releasing those claims, the Receiver took control over and managed them. Through the Lis Pendens, Barton sought to undo the Receiver's release. In so doing, Barton violated paragraph 32.A. of the Receivership Order, which enjoins Barton from taking any action that would "[i]nterfere with the Receiver's efforts to take control, possession, or management of any Receivership Property." In addition, Barton has no right to act on behalf of JMJ. Receivership Order, ¶ 5. Even though he is appealing the Receivership Order, Barton remains bound by it and must comply with it.

Third, Barton filed the Lis Pendens individually. But he has no interest in the Property. All interests or claims to the Property were held by JMJ. Richardson Dec., ¶¶ 5, 13-14. A *lis pendens* may only be filed in an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. TEX. PROP. CODE § 12.007(a). Barton who is nowhere in the chain of title and claims no encumbrance on the Property simply lacks

standing. His interest is merely in control over JMJ, which does not have an encumbrance on the Property, and no longer has an interest in the Property. The Property was foreclosed on by Tamamoi before the Receiver was appointed. Barton is a third party who has expressed some concern about what may happen to the property. That is not sufficient to support a *lis pendens*. *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App. – Houston [14th Dist.] 1989, orig. proceeding) (holding that "a mere third-party concern about the property" is not a basis for a *lis pendens*). Moreover, Barton is not seeking affirmative relief in this litigation. He is merely a defendant. Under Texas law, "only a party to the action who is seeking affirmative relief may file a *lis pendens*." *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App. – Austin 2004, orig. proceeding) (emphasis in original).

In *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1153 (5th Cir. 1988), the court held that no particular procedure is required to eliminate an improper *lis pendens*. *Id*. Upon hearing and notice, a federal court may therefore determine that a *lis pendens* is void and order it cancelled. This Court has already done so with other *lis pendens* filed by Barton. See Order Granting Motion to Approve Sale (ECF #104) (granting Receiver's motion to void *lis pendens* filed by Barton).

**PRAYER**

ACCORDINGLY, the Tamamoi Parties respectfully request that the Court deem the Lis Pendens to be void and order it cancelled.

Date: October 27, 2025

Respectfully submitted:

/s/   *Sarah M. Cox*
Sarah M. Cox
TBA #24119316
Howard Marc Spector
TBA #00785023
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251

(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com
sarah@spectorcox.com

ATTORNEYS FOR
TAMAMOI, LLC AND 3820 ILLINOIS,
LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 22, 2025, I conferenced with the Receiver, who is not opposed to the relief requested herein. I further conferenced with Jules Slim, counsel for Mr. Barton, on October 24, 2025. Mr. Barton is opposed to the relief requested herein and declined to remove the *lis pendens*.

/s/ *Sarah M. Cox*
Sarah M. Cox

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ *Sarah M. Cox*
Sarah M. Cox