Howard Marc Spector
TBA#00785023
Sarah M. Cox
TBA #24119316
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com
sarah@spectorcox.com

**ATTORNEYS FOR
TAMAMOI, LLC AND 3820 ILLINOIS, LLC**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CASE NO. 3:22-cv-2118-X** |
| **v.** | § § | |
| | § | |
| **TIMOTHY BARTON, ET AL.,** | § § | |
| **Defendants.** | § § | |

## DECLARATION OF JAMES RICHARDSON

I, James Richardson, state than I am over 18 years of age, and am authorized to make this declaration.

1.      I have care, custody and control over the books and records relating to the loans made by FDRE, Inc. and Tamamoi, LLC to JMJ Development, LLC. I also have custody and control over the books and records relating to the purchase by 3820 Illinois, LLC of the real property located at 3820 Illinois, Dallas, Texas.

2.      I make this declaration in support of Tamamoi and 3820 Illinois' Emergency Motion to Declare Lis Pendens Void (the "Motion").

Declaration of James Richardson                                              Page    1

3.      I am the Manager of Tamamoi, LLC ("Tamamoi") and 3820 Illinois, LLC ("3820 Illinois", and together with Tamamoi, the "Tamamoi Parties"). I have reviewed all of the books and records for the Tamamoi Parties, and I have personal knowledge of the facts contained herein. I am aware of the facts and circumstances surrounding the purported dispute that is the basis of the Motion, as well as the role of the Tamamoi Parties. If called to testify, I would testify to such facts under oath.

### The 3820 Property

4.      On April 27, 2018, JMJ Development ("JMJ"), as borrower, executed a Promissory Note to Tamamoi in the amount of $500,000.00 to purchase the real property located at 3820 E Illinois Ave, Dallas, Texas (the "3820 Note").

5.      The 3820 Note required JMJ to pay Tamamoi monthly installments of accrued but unpaid interest on the first day of each month beginning June 1, 2018, and continuing until the maturity date of April 26, 2019, at which time JMJ was required to pay Tamamoi all amounts then-outstanding.  To secure JMJ's payment and other obligations under the Note, JMJ executed a Deed of Trust (the "3820 Deed of Trust") for the benefit of Tamamoi, which conveyed the Property in trust to the Ian Ghrist ("Trustee").

6.      From the date the Note and Deed of Trust were executed, JMJ struggled to timely fulfill its payment and other obligations, and in fact, JMJ ultimately defaulted by failing to pay the full amount it owed under the Note by the original Maturity Date.

7.      Ultimately, JMJ failed to cure its defaults (monetary or otherwise), so Tamamoi instructed Trustee to proceed with the foreclosure sale on July 6, 2021. Tamamoi purchased of the Property using a credit bid of $405,946.59, leaving a deficiency of $962.53.

Declaration of James Richardson                                                                                      Page    2

8.      On October 14, 2021, Tamamoi conveyed the Property to 3820 Illinois pursuant to a Special Warranty Deed. A true and correct copy of this deed is attached here as **Exhibit A**.

9.      Despite all of this, on March 7, 2022, JMJ filed suit against Movants in the 68th District Court for Dallas County, Texas, alleging (among other things) Tamamoi wrongfully foreclosed on the 3820 Property. JMJ also filed a notice of *lis pendens* against the Property in an effort to cloud title to the Property.

10.     On May 13, 2024, JMJ, through the Receiver, and the Tamamoi Parties executed a settlement agreement (the "**Settlement Agreement**"), whereby the Receiver agreed to release the JMJ *Lis Pendens* and dismiss the State Court Litigation with prejudice, and the Tamamoi Parties agreed to pay $75,000 to settle JMJ's State Court Litigation claims, and each side released all existing claims related to the Property.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit B**.

11.     Following the entry of the order ratifying the Settlement Agreement, the Tamamoi Parties paid the settlement amount, and the Receiver, in turn, dismissed the State Court Case, and released the JMJ *Lis Pendens*. True and correct copies of the dismissal order and release are attached hereto as **Exhibits C and D**, respectively.

12.     On October 6, 2025, Barton filed a Notice of Lis Pendens (the "**Lis Pendens**") on October 6, 2025, in the real property records. A true and correct copy of the Lis Pendens is attached hereto as **Exhibit E.** He emailed the Lis Pendens to me on October 10, 2025.

13.     Barton filed the Lis Pendens individually, but he does not have, nor has he ever claimed an interest in the Property as an individual. JMJ Development has relinquished all claims against the Tamamoi Parties and the Property and, thus, lacks the right to file a *lis pendens* even if Barton could act on its behalf.

14.    Title to the Property vested in 3820 Illinois well before the Receiver's appointment. Neither the Receivership nor the Settlement Agreement unwind the pre-receivership foreclosure and sale to 3820 Illinois.

15.    The Lis Pendens clouds title and threatens to prevent the sale from closing. To avoid irreparable harm to the Tamamoi Parties, the Tamamoi Parties respectfully request that the Court set a hearing and rule on the Motion before November 30, 2025. There are no factual or legal issues that prevent the Court from granting the Motion. The Lis Pendens is improper under Texas law, and the underlying dispute between JMJ and the Tamamoi Parties was resolved and released by the Settlement Agreement, which has been ratified by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October __22__, 2025.

_____
James Richardson

Declaration of James Richardson                                                        Page    4