Jules P. Slim
State Bar No. 00793026
PO BOX 140307
Irving, Texas 75014
Telephone: (214) 350-5183
Email: jslim@slimlawfirm.com
**Attorney for Defendant**
**Timothy Barton**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **TIMOTHY BARTON, CARNEGIE** | § | **No. 3:22-cv-2118-X** |
| **DEVELOPMENT, LLC, WALL007, LLC,** | § | |
| **WALL 009, LLC, WALL 010, LLC, WALL** | § | |
| **011, LLC, WALL 012, LLC, WALL 016, LLC,** | § | |
| **WALL 017, LLC, WALL 018, LLC, WALL** | § | |
| **019, LLC, HAOQIANT FU (A/K/A** | § | |
| **MICHAEL FU), STEPHEN T. WALL,** | § | |
| **Defendants,** | § | |
| **v.** | § § | |
| **DJD LAND PARTNERS, LLC, and LDG001,** | § | |
| **LLC,** | § | |
| **Relief Defendants.** | § | |

### DEFENDANT TIMOTHY BARTON'S EMERGENCY MOTION TO
### STAY PENDING APPEAL, OR, ALTERNATIVELY, FOR AN
### ADMINISTRATIVE STAY, WITH EXPEDITED CONSIDERATION

**COMES NOW** Timothy Barton through counsel and files this motion to stay pending

appeal Fifth Circuit Case No 25-10871 notified as ECF No 659 or alternatively for an

administrative stay with expedited consideration and presents following to the honorable court:

**EMERGENCY MOTION FOR STAY** **Page 1**

## I.    INTRODUCTION

Defendant Timothy Barton humbly and at this point, desperately, implores this Court to enjoin the receiver's apparent "shoot first, ask questions later" policy of expunging the totality of Mr. Barton's life's work.  The history of this case demonstrates little to no likelihood that assets and asset value will be preserved for the benefit of any alleged victims but are being squandered.

Defendant Timothy Barton respectfully moves this Court for a stay pending appeal of the Court's order appointing receiver ECF No 650, and, in the alternative, for a short administrative stay while this Motion is decided. Under FRAP 8(a)(1) and Rule 62, stays should issue to preserve the *status quo* where the *Hilton/Nken* factors[1] are satisfied. The pending Fifth Circuit appeal is docketed as Case No. 25-10871. Appellant previously sought a stay in the Fifth Circuit at *SEC v. Barton*, No. 25-10871, Dkt. 38 (5th Cir. Nov. 4, 2025); the Court denied that application solely because Appellant had not first sought relief in the district court.[2] Appellant now properly seeks relief here first and demonstrates entitlement to a stay.

## II.    RELIEF REQUESTED

Defendant asks the Court to:

1.  Stay—pending issuance of the Fifth Circuit's mandate in *SEC v. Barton*, No. 25-10871, Dkt. 38, at 8 (5th Cir. Nov. 4, 2025) —any sales, closings, conveyances, deeds, encumbrances, distributions, fee payments, settlements, or transfers (and any steps in furtherance thereof) under ECF 650;

2.  Order segregation/escrow of all receipts, proceeds, and reserves during the stay, with no professional-fee disbursements absent further order;

---

[1] See  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (articulating the four stay factors), also reported at 129 S. Ct. 1749, 173 L. Ed. 2d 550. And *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (same factors and considerations), also reported at 107 S. Ct. 2113, 95 L. Ed. 2d 724.

[2] *SEC v. Barton*, No. 25-10871, Dkt. 68 (5th Cir. Nov. 4, 2025) Unpublished Order

3.  Alternatively, enter an administrative stay effective immediately and lasting through resolution of this Motion;

4.  Order that any response be filed within five (5) days of this Motion, any reply within two (2) days thereafter, and respectfully request a ruling within seven (7) days of filing or as soon thereafter as practicable under LR 7.1.

## III.    PROCEDURAL BACKGROUND

Following entry of the ECF No 650 on date June 23, 2025, Defendant timely noticed an appeal to the Fifth Circuit No. 25-10871 ECF No 659 dated July 22, 2025.

On October 10, 2025, Defendant sought a stay pending appeal in that court (App. Dkt. 38). On November 4, 2025, the Fifth Circuit denied the application, explaining that Appellant/Defendant "has not justified his failure to file for a stay initially in the district court." In light of that ruling and consistent with FRAP 8(a)(1), Defendant now requests that this Court decide the stay in the first instance.

## IV.    LEGAL STANDARD

A stay pending appeal turns on four familiar factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). District courts may grant stays and set appropriate security under FRCP 62.

## V.    ARGUMENT

**A. Defendant Shows a Strong Likelihood of Success—or at least substantial questions warranting a stay.**

1.  **Overbreadth and necessity/tailoring under***Netsphere*. The Fifth Circuit has made clear a federal receivership is an extraordinary remedy, permitted only to protect and conserve assets where less drastic remedies are inadequate, and must be tightly tailored. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305–11 (5th Cir. 2012). The challenged order authorizes value-depressive liquidations and fee disbursements untethered to genuine preservation, conflicting with Netsphere's constraints.

2.  **First-Amendment restraint on petitioning.** The provision barring or conditioning bar-complaint filings (e.g., ¶ 85(a)) is a prior restraint on Petition-Clause activity. The loss of First Amendment freedoms, even for minimal periods, is irreparable and presumptively invalid absent narrow, objective standards and procedural safeguards. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The record lacks the necessary findings and precision; the restraint is thus likely unconstitutional.

3.  **Status-quo disruption that risks mooting appellate review.** Without a stay, closings, deeds, and distributions will irreversibly alter property rights and moot meaningful relief on appeal—precisely the circumstance warranting a stay to preserve jurisdiction. *See Nken*, 556 U.S. at 426–27 (stay maintains status quo during appellate review).

**B. Irreparable harm is concrete and imminent.**

- **Irreversible transactions.** Asset sales, title transfers, and fee distributions are not fully unwound even if Appellant ultimately prevails. The estate's capacity to satisfy creditors is diminished with each consummation; appellate relief risks becoming hollow.

- **Constitutional injury.** The bar-complaint restraint imposes an ongoing First Amendment injury that is per se irreparable. *Elrod*, 427 U.S. at 373.

- **Judicial economy.** A short pause avoids costly entanglements and remedial complexity if the Fifth Circuit modifies or vacates portions of the order.

**C. The balance of equities favors a stay that preserves the status quo.**

The requested relief pauses irreversible acts; it does not extinguish claims. Any delay-related cost to the Receiver/SEC is compensable or mitigable via escrow and reporting. By contrast, Appellant faces non-recoupable losses. Tailored segregation of proceeds and fee-disbursement holds minimize countervailing harms.

**D. The public interest supports a stay.**

The public interest favors orderly appellate review, confidence that extraordinary remedies are narrowly tailored, and protection of constitutional rights before irreversible steps occur.[3]

**E. An administrative stay should issue immediately while the Court decides this Motion.**

To prevent mootness during briefing, the Court should enter a short administrative stay now and resolve the full stay on an expedited schedule. Courts routinely use this tool to maintain

---

[3] *See Hilton*, 481 U.S. at 776; Nken, 556 U.S. at 436.

the status quo and preserve appellate jurisdiction. See FRAP 8(a) (district court is the initial forum for stays); LR 7.1 (court may "otherwise direct" schedules).

Given the imminent risk of irreversible transactions, Defendant respectfully requests the Court shorten the default schedule and decide within 7 days or as soon as practicable. The Court has ample discretion to adjust timing under LR 7.1 and its inherent docket-management authority.

## VI.   SECURITY

Because this Motion seeks to preserve the status quo and protect appellate jurisdiction, no bond should be required. Alternatively, the Court may set "other security" tailored to the circumstances (e.g., escrow/segregation) under Rule 62/FRAP 8.

## VII.   CONCLUSION & RELIEF SOUGHT

Defendant respectfully requests that the Court grant a stay pending appeal and order (i) segregation/escrow of all proceeds and (ii) no professional-fee disbursements absent further order. At a minimum, the Court should enter an immediate administrative stay and adopt the proposed expedited schedule (response in five days; reply in two days) with a ruling within seven days or as soon as practicable. Given the status-quo-preserving nature of the relief, the Court should require no bond or, in the alternative, set modest, tailored security consistent with Rule 62 and FRAP 8.

Respectfully Submitted,

*/s/ Jules P. Slim*
Jules P. Slim
State Bar No. 00793026
PO BOX 140307
Irving, Texas 75014
Telephone: (214) 350-5183
Email:  jslim@slimlawfirm.com

**Attorney for Defendant**
**Timothy Barton**

## CERTIFICATE OF CONFERENCE

I hereby certify that an emergency exists of such a nature that given the a conference was not feasible as of the time of filing.

*/s/Jules P. Slim*
Jules P. Slim

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2025, a true and correct copy of the foregoing Response was filed and served through the Court's e-filing (CM/ECF) system.

*/s/ Jules P. Slim*
Jules P. Slim