UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>Defendants,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>Relief Defendants. | C.A. No.: 3:22-cv-2118-X<br><br>Jury Trial Demanded |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO
TIMOTHY BARTON'S EMERGENCY MOTION TO STAY PENDING APPEAL, OR,
ALTERNATIVELY, FOR AN ADMINISTRATIVE STAY AND BRIEF IN SUPPORT**

The Securities and Exchange Commission ("SEC") submits this Response to Defendant Timothy Barton's ("Barton") Emergency Motion to Stay Pending Appeal, or alternatively, for an Administrative Stay ("Motion for Stay"), and respectfully shows the Court as follows:

## I.    INTRODUCTION

The Fifth Circuit affirmed this Court's order ("Receivership Order") establishing a receivership over certain entities that received or otherwise benefitted from funds invested in Barton alleged securities fraud. *SEC v. Barton*, 135 F.4th 206 (5th Cir. 2025). The Court subsequently modified the Receivership Order in response to Barton filing a bar grievance against the Receiver's counsel. The Court imposed a requirement that Barton pre-clear such filings so that the receivership estate would not be saddled with the cost of defending against meritless grievances. Barton has appealed from that modification of the otherwise previously-affirmed Receivership Order. He now asks this Court to stay not just the modification—*i.e.*, the pre-clearance requirement—but the entire (or a substantial part of the) Receivership Order while the appeal is pending. Barton's Motion for Stay should be denied.

Barton has not demonstrated that any stay pending appeal is warranted. His appeal is unlikely to succeed on the merits because (1) the Fifth Circuit lacks interlocutory jurisdiction over the modification of the Receivership Order and (2) the modification was within this Court's discretion. Further, the supposed irreparable harm that Barton claims he will suffer absent a stay flows not from the pre-clearance requirement but from the receivership itself, which the Fifth Circuit has already affirmed. And the requested stay pending appeal—and the administrative stay requested in the alternative—would place the receivership estate at risk, threatening harm to Barton's alleged victims and the public interest. To the extent this Court grants any stay pending appeal, it should be limited to the pre-clearance requirement.

## II.   BACKGROUND

This Court entered the Receivership Order establishing a receivership over certain entities that it found had received or otherwise benefitted from funds invested in Barton's alleged securities fraud.  (Dkt. 417)  Barton appealed from the Receivership Order, and the Fifth Circuit affirmed it.  *Barton*, 135 F.4th at 229-30.

Thereafter, in April 2025, Barton filed a grievance against the Receiver's counsel with the State Bar of Texas.  The Receiver notified the Court of the grievance, explaining that it was part of "a pattern of Barton's harassment of the Receiver and his team and continued interference with their work."  (Dkt. 640)  In response, Barton argued that the grievance filing did not violate the Receivership Order.  (Dkt. 645).

The Court reviewed the record before it—including the grievance—and found "no bad faith on the part of the Receiver or his counsel."  (Dkt. 649).[1]  Because the "Receiver and his counsel ha[d] not acted in bad faith, any costs of defense against Barton's grievance with the Texas Bar [would be] Receivership fees the estate must cover."  *Id*.  To prevent further depletion of Receivership assets, the Court modified the Receivership Order to require Barton and his counsel to obtain clearance from the Court before filing any future bar grievances.  *Id*.

Barton appealed from the modification of the Receivership Order.  Without first seeking a stay in this Court, he also asked the Fifth Circuit to stay "all receiver actions" while the appeal is pending and for an administrative stay of "all receiver activity" while his motion for stay was pending.  ([25-10871] Dkt. 38)

On October 17, 2025, the Fifth Circuit denied Barton's motion for a stay pending appeal

---

[1] The Receiver has reported that on October 17, 2025, the Summary Disposition Panel for the District Grievance Committee dismissed Barton's complaint.  (Dkt. 689 at 21)

subject to reconsideration upon receipt of the SEC's response and granted Barton's request for an administrative stay, to continue until further order of the Fifth Circuit.  ([25-10871] Dkt. 49).

On November 4, 2025, after briefing was complete, the Fifth Circuit denied Barton's motion for a stay pending appeal because Barton did not justify his failure to first seek a stay in this Court.  ([25-10871] Dkt. 68).

### III.    ARGUMENT

A stay pending appeal is an "extraordinary remedy." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019).  "The proponent of a stay bears the burden of establishing its need" and courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (cleaned up).  The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).  Here, every factor weighs against a stay pending appeal.

### A.  No Likelihood of Success on The Merits

Barton has not made any showing that he is likely to succeed on the merits—let alone the required strong showing—because the Fifth Circuit lacks jurisdiction over his appeal from the modification of the Receivership Order.  Pursuant to 28 U.S.C. § 1292(a)(2), appellate courts have jurisdiction over "interlocutory appeals . . . for orders appointing receivers or orders refusing to take steps to accomplish the purposes of winding up receiverships." *Barton*, 135 F.4th at 223 (cleaned up); *see* 28 U.S.C. § 1292(a)(2).  When Barton appealed from the order establishing the receivership, the Fifth Circuit had jurisdiction under Section 1292(a)(2). *Barton*,

3

135 F.4th at 217.  But Section 1292(a)(2) does not provide jurisdiction over appeals from "mid-stream orders entered in the normal course of receivership proceedings."  *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 332 (5th Cir. 2015) (same).

In modifying the Receivership Order to add the pre-clearance requirement, the Court did not appoint a receiver or refuse to take steps to wind up the receivership.  Rather, the Court acted to supervise the existing receivership.  Such "administrative receivership orders" are not subject to Section 1292(a)(2) jurisdiction.  *Barton*, 135 F.4th at 224; *see Complete Bus. Sols.*, 44 F.4th at 1333 (concluding that Section 1292(a)(2) does not provide jurisdiction over "scope-related orders" that modify "an ongoing receivership"); *United States v. Solco I, LLC*, 962 F.3d 1244, 1251 (10th Cir. 2020) (concluding that an order modifying the scope of an existing receivership is not subject to Section 1292(a)(2) jurisdiction and does not "provide . . . a second opportunity to challenge the [r]eceiver's appointment").[2]

Even if his appeal was jurisdictionally proper, Barton has not made a strong showing that his challenge to the pre-clearance requirement is likely to succeed.  "A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances."  *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).  Here, the Court reviewed Barton's grievance, found that it demonstrated no bad faith by the Receiver or his counsel, and exercised its discretion in supervising the receivership to impose the pre-clearance requirement

---

[2] Section 28 U.S.C. § 1292(a)(1) also does not provide jurisdiction because that provision does not reach receivership-related interlocutory orders.  *See Warren v. Bergeron*, 831 F.2d 101, 103 (5th Cir. 1987) ("That Congress passed a statute specifically governing appeals from orders relevant to receivership indicates that such orders are distinct from the injunctions covered by the prior subsection."); *see also Complete Bus. Sols.*, 44 F.4th at 1333 ("We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general § 1292(a)(1), which involves injunction-related orders of all stripes."); *In re Saffady*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions.").

and minimize the chance of the receivership estate being saddled with the cost of defending against meritless grievances.

Barton asserts that the pre-clearance requirement violates the First Amendment, but an appropriate pre-filing limitation is constitutionally permissible because "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum*, 513 F.3d at 193 (cleaned up); *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("[B]aseless litigation is not immunized by the First Amendment right to petition."); *see also Matter of Okorie*, No. 24-60469, 2024 WL 4867073, at *1 (5th Cir. Nov. 22, 2024) (rejecting the argument that a "pre-filing injunction" imposed by a bankruptcy court "denies [the] First Amendment right to petition the government for legal redress").

To the extent Barton seeks to challenge any other aspect of the Receivership Order, he is not likely to succeed because the Fifth Circuit has already reviewed and affirmed it. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.") (cleaned up).

### B. No Irreparable Harm

In arguing that he will be irreparably harmed absent a stay, Barton primarily focuses not on the pre-clearance requirement but rather on the receivership itself. *See* Motion for Stay at 4-5. But, again, the Fifth Circuit has already reviewed and affirmed the receivership. Barton also claims "an ongoing First Amendment injury" (*id*. at 5), but the pre-clearance requirement does not prevent him from filing meritorious grievances, and he has no First Amendment right to file

meritless grievances—which the pre-clearance requirement is designed to prevent by requiring him to obtain leave from the Court before making certain filings.

### C. The Equities Weigh Against a Stay

Barton first indicates that he is seeking to stay the Receivership Order (*id.* at 1), but then asks the Court more specifically to stay "any sales, closings, conveyances, deeds, encumbrances, distributions, fee payments, settlements, or transfers (and any steps in furtherance thereof) under" the Receivership Order and to order the "segregation/escrow of all receipts, proceeds, and reserves during the stay, with no professional-fee disbursements absent further order." *Id.* at 2-3. Barton then claims that "[a]ny delay-related cost to the Receiver/SEC is compensable or mitigable via escrow and reporting." *Id.* at 5.

Whether Barton is seeking to stay the Receivership Order completely or essentially every transaction (and any steps in furtherance thereof) related to the receivership, the requested relief threatens to cause significant harm. As the Fifth Circuit has already concluded, and this Court is well aware, "a number of properties [in the receivership estate] require active management, including an operating hotel, apartment complexes, and properties in development," and "[w]ithout such management" the receivership estate "will deteriorate." *Barton*, 135 F.4th at 218 (cleaned up). The Receiver's active management—including evaluating and pursuing property sales where appropriate—has been and continues to be essential to the preservation and protection of the receivership estate pending its final disposition. The requested stay would place the receivership estate at risk, threatening harm to Barton's alleged victims and the public interest. And Barton noticeably fails to explain how "an escrow and reporting" would protect the

receivership estate from this risk.  Even a stay of only the pre-clearance requirement would threaten limited receivership resources.

Barton appears to take particular issue with the Receivers actions related to the potential sale of receivership property.  But, as the Receiver has repeatedly informed the Court, the receivership estate "has been cash-starved from the outset," with "cash-on-hand . . . not sufficient to cover outstanding liabilities (unpaid property taxes and administrative expenses, such as [the receiver's] fee applications for several prior quarters), let alone service the significant debt on each property," on which interest continues to accrue.  *See, e.g.,* Receiver's Thirteenth Quarterly Status Report at 22 (Dkt. 689).  Sales of receivership property have thus been found in the best interests of the receivership estate by the Court and affirmed by the Fifth Circuit.  *See, e.g.*, *Barton*, 135 F.4th at 225.

While Barton has failed to establish grounds for granting any stay, if the Court were inclined to impose one, the stay should be limited to the pre-clearance requirement, because the Fifth Circuit has already affirmed the entirety of the Receivership Order other than the pre-clearance requirement.  Finally, Barton provides no independent justification for an administrative stay and the Court should deny that request for the same reasons discussed above.

## IV.    CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court deny Barton's Motion for Stay and grant the SEC such other or further relief as this Court may deem just, proper, and equitable.

Dated: November 18, 2025

Respectfully submitted,

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein
Texas Bar No. 24006839
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 900-2607 (KMB phone)
(817) 978-4927 (facsimile)
bernsteink@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I affirm that on November 18, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein