**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § | |

**RECEIVER'S PARTIALLY UNOPPOSED MOTION FOR
EXTENSION OF TIME TO FILE SEVENTH, EIGHTH, NINTH, TENTH
ELEVENTH, TWELFTH, AND THIRTEENTH QUARTERLY FEE APPLICATIONS**

Cort Thomas, as the court-appointed Receiver ("Receiver"), files this Partially Unopposed

Motion for Extension of Time to File Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and

Thirteenth Quarterly Fee Applications and in support would respectfully show the Court as

follows:

On October 18, 2022, the Court entered its initial Order Appointing Receiver [Dkt. 29] (the

"Initial Receivership Order") in this case.  On November 29, 2023, the Court entered its second

1

Order Appointing Receiver [Dkt. 417] (the "Second Receivership Order"). On June 23, 2025, the Court entered its Third Order Appointing Receiver [Dkt. 650] (the "Third Receivership Order"). Among other things, the Receivership Orders require that "[w]ithin forty-five (45 days) after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates." Initial Receivership Order ¶ 64; Second Receivership Order ¶ 64; Third Receivership Order ¶ 64. Under the Third Receivership Order, the Receiver's deadline to file his Thirteenth Quarterly Fee Application— which covers October 1, 2025 through December 31, 2025—is February 14, 2026.

This is far from the Receiver's first request for an extension of time to file his quarterly fee application. On November 3, 2023, the Receiver filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third and Fourth Fee Applications, covering the periods April 1, 2023 through June 30, 2023 and July 1, 2023 through September 30, 2023. On November 9, 2023, the Court entered an Order granting the Receiver's request for extension of time.

On February 14, 2024, the Receiver again filed a Motion for Extension of Time, asking the Court to extend the deadline for filing his Third, Fourth, and Fifth Fee Applications, the latter of which covered October 31, 2023 through December 31, 2023. On February 21, 2024, the Court entered an Order granting the Receiver's request for extension of time.

On May 15, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Third, Fourth, Fifth, and Sixth Fee Applications, the latter of which covered January 1, 2024 through March 31, 2024. On July 2, 2024, the Court entered an Order granting the Receiver's request for extension of time. On July 26, 2024, the Receiver filed his Partially Unopposed Third Quarterly Fee Application [Dkt. 539]. The Court

granted the fee application on August 20, 2024 [Dkt. 553].

On August 13, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fourth, Fifth, Sixth, and Seventh Fee Applications, the latter of which covered April 1, 2024 through June 30, 2024. On August 20, 2024, the Court entered an Order granting the Receiver's request for extension of time.

On November 15, 2024, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fourth, Fifth, Sixth, Seventh, and Eighth Fee Applications, the latter of which covered July 1, 2024 through September 30, 2024. On December 2, 2024, the Court entered an Order granting the Receiver's request for an extension of time. On December 31, 2024, the Receiver filed his Partially Unopposed Fourth Quarterly Fee Application [Dkt. 593]. The Court granted the fee application on February 26, 2025 [Dkt. 609].

On February 14, 2025, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fifth, Sixth, Seventh, Eighth, and Ninth Fee Applications [Dkt. 600], the latter of which covered October 1, 2024 through December 31, 2024. On February 18, 2025, the Court entered an Order [Dkt. 609] granting the Receiver's request for an extension of time.

On May 13, 2025, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Fee Applications [Dkt. 637], the latter of which covered January 1, 2025 through March 31, 2025. On May 14, 2025, the Court entered an Order [Dkt. 638] granting the Receiver's request for an extension of time. On July 8, 2025, the Receiver filed his Partially Unopposed Fifth Quarterly Fee Application [Dkt. 654] and Sixth Quarterly Fee Application [Dkt. 656]. The Court granted the fee applications on August 5, 2025 [Dkt. 667].

On August 5, 2025, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Fee Applications [Dkt. 668], the latter of which covered April 1, 2025 through September 30, 2025. On August 7, 2025, the Court entered an Order [Dkt. 672] granting the Receiver's request for an extension of time.

On November 11, 2025, the Receiver filed another Motion for Extension of Time, asking the Court to extend the deadline for filing his Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Fee Applications [Dkt. 692], the latter of which covered July 1, 2025 through September 30, 2025. On November 12, 2025, the Court entered an Order [Dkt. 693] granting the Receiver's request for an extension of time.

As of the date of this Motion, the Receiver and his professional team have not been compensated for any time expended or reimbursed for any expenses incurred after March 31, 2024. As detailed in the Receiver's Fourteenth Quarterly Status Report [Dkt. 707], the Receiver has been unable to sell any of the real estate assets that are part of the Receivership, resulting in a continued dearth of available cash in light of outstanding property tax liabilities, administrative expenses, and debt on each of the properties. Indeed, to date, the Receiver has been unable to service any of the extensive debt that encumbers the Receivership's real estate assets. While significant equity remains in many of the assets held by the Receivership, the continued delay of the Receiver's proposed (and previously approved) sales continues to cost the Receivership over $2 million annually. *See* Fourteenth Quarterly Report [Dkt. 707] at 4.

With the Fifth Circuit's affirmance of the Second Receivership Order (which Order is currently on appeal to the United States Supreme Court), the Receiver remains optimistic that he will be able to close sales of real property assets in the near future. However, until additional funds

are received by the Receivership, the Receiver respectfully requests that the Court extend the Receiver's deadline to file his Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Quarterly Fee Applications **until May 14, 2025**.

Dated: February 10, 2026

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

*/s/ Cortney C. Thomas*
Cortney C. Thomas
  State Bar No. 24075153
  cort@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 6, 2025, I conferred via email with counsel to the SEC and counsel to Defendant Barton.  Counsel for the SEC indicated that the Commission is unopposed to the relief requested herein.  As of the date of this filing, counsel for Defendant Barton has not indicated whether Barton opposes the requested relief.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

6

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

/s/ Cortney C. Thomas

Cortney C. Thomas