FILED-USDC-NDTX-DA
'26 MAR 5 PM 12:41

*/s/ Timothy L. Barton*
Timothy L. Barton
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**March 4, 2026**

**Via E-File and Email**
Michael D. Napoli
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
michael.napoli@akerman.com

Re: **SEC v. Timothy Barton, et al., No. 3:22-cv-02118-X-BT**
**Your February 23, 2026 Letter Regarding DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 712)**

Mr. Napoli:

This letter serves as formal notice and demand that you promptly retract and correct the false, materially misleading, and incomplete statements made in your February 23, 2026 letter to the Court regarding Mr. Barton's appellate posture.

In that filing, you represented to the Court:

"Importantly, the United States Court of Appeals for the Fifth Circuit dismissed Mr. Barton's most recent appeal for lack of jurisdiction on January 21, 2026."

You then used that statement to argue that Mr. Barton's rights on appeal had been "conclusively resolved" and that the lis pendens therefore had no remaining possible justification.

That presentation is false and materially misleading.

The January 21, 2026 order concerned Fifth Circuit No. 25-11044 only. It did not globally extinguish appellate review in this matter, and it did not justify presenting the Court with the impression that all relevant appellate proceedings had been resolved against Mr. Barton. Other appellate proceedings concerning the same case and related receivership and property issues remained in existence, including but not limited to Fifth Circuit Nos. 23-11237, 24-10788, 25-10871, and 25-11043, and Supreme Court No. 25-465.

1

At minimum, your February 23 filing omitted material facts necessary to make your statement not misleading. More directly, it attempted to convert the dismissal of a single appeal into a broader narrative that appellate review had ended and that Mr. Barton's position had been conclusively rejected. That is not an accurate presentation of the record.

Your statement is especially serious because it was made to induce immediate judicial action affecting property rights. A lawyer may advocate forcefully, but may not misstate the record, omit material procedural facts, or create a false impression regarding the status and scope of appellate proceedings.

Accordingly, demand is hereby made that you do the following no later than 5:00 p.m. Central Time on March 6, 2026:

1. Retract the false and misleading implication that Mr. Barton's appellate challenges were "conclusively resolved" by the January 21, 2026 dismissal in No. 25-11044;

2. File a written correction on the district-court docket making clear that the January 21 order applied only to No. 25-11044 and did not dispose of the full appellate posture in this matter; and

3. Cease further reliance on that mischaracterization in any additional filing, letter, argument, or communication with the Court.

If you do not promptly correct the record, Mr. Barton will pursue all measures available at law and in equity, including but not limited to seeking curative relief from the Court, moving to strike or disregard the misleading submission, requesting appropriate sanctions or fee-shifting relief to the extent authorized, and pursuing any additional remedies and disciplinary measures warranted by the record.

Nothing in this notice waives any right, remedy, objection, or claim. All rights are expressly reserved.

Sincerely,

Timothy Barton (Pro Se)

cc: The Honorable Rebecca Rutherford
cc: All counsel of record

2