

Michael D. Napoli
Partner

Akerman LLP
2001 Ross Avenue
Suite 3600
Dallas, TX 75201

D: 214-720-4360
michael.napoli@akerman.com

April 1, 2026

***Via E-File***

The Honorable Rebecca Rutherford
United States Magistrate Judge
United States District Court
Northern District of Texas, Dallas Division
1100 Commerce Street, Room 1376W
Dallas, Texas 75242

**Re:**     ***SEC v. Timothy Barton, et al.*, No. 3:22-cv-02118-X-BT – DLP Entities'
Emergency Motion to Declare Lis Pendens Void (ECF #681)**

Dear Judge Rutherford:

We write on behalf of the DLP Entities[1] to respectfully renew their request that the
Court rule on the DLP Entities' pending Emergency Motion to Declare Lis Pendens
Void (the "Motion") (ECF No. 681), as well as to briefly respond to Mr. Barton's March
4, 2026 correspondence (ECF No. 716).

On March 27, 2026, the Supreme Court of the United States denied Mr. Barton's
petition for a writ of certiorari arising from his appeal of the receivership order at
issue here. A copy of the Supreme Court's order list is attached hereto as **Exhibit A**.
With this denial, appellate review of the receivership order and the transactions
involving the DLP Entities has now been exhausted in full. There is no longer any
conceivable appellate impediment to the Court ruling on the DLP Entities' Motion.

### Background

As set out in the Motion, the DLP Entities became involved through a transaction
negotiated with the court-appointed receiver concerning certain receivership
properties in December 2022, before Mr. Barton's later efforts to cloud title through

---

[1] The term "DLP Entities" collectively refers to DLP Real Estate Capital, Inc., DLP Winter Haven
Ventures LLC, Orchard Farms Ventures LLC, and Marine Creek Ventures LLC.

The Honorable Rebecca Rutherford
April 1, 2026
Page 2

the challenged lis pendens (ECF No. 95). That transaction was approved by court order (ECF No. 109). Although the original receivership order was later vacated and remanded, the district court entered a new receivership order (ECF No. 417), and the receiver ratified the prior transaction with the DLP Entities pursuant to that new order (ECF No. 419).

On December 7, 2023, Mr. Barton appealed that new receivership order and the related approval of the DLP Entities' transaction in appeal No. 23-11237. While appeal No. 23-11237, Mr. Barton filed the lis pendens on the DLP Entities' properties on July 31, 2024.

On April 17, 2025, the Fifth Circuit affirmed the new receivership order. Mr. Barton then sought certiorari from the Supreme Court, which denied review on March 27, 2026, thereby rendering the Fifth Circuit's judgment final and unassailable. Accordingly, the validity of the operative receivership framework and the transaction involving the DLP Entities has now been fully and finally resolved.

### Response to Mr. Barton's March 4, 2026 Letter

In his March 4, 2026 letter, Mr. Barton suggests that various appellate matters somehow remain relevant to the Court's consideration of the lis pendens or justify further delay. That contention is simply incorrect.

First, the appeal that directly concerned the receivership order and the receiver's authority—Fifth Circuit No. 23-11237—has been conclusively resolved against Mr. Barton, and certiorari has now been denied. That is the appeal referenced in, and purportedly underlying, the lis pendens at issue. Indeed, Mr. Barton makes this clear in his Response to the Motion:

> 18.     Mr. Barton has appealed this Court's receivership order in . . . Case No. 32-11237 . . . which petition for review is still pending. Justice Alito entered an order extending the deadline for brief [*sic*] to *October 14, 2025*. Therefore, the second appeal is very much alive.

> 19.     Should Mr. Barton ultimately prevail in that review, the entire receivership may be nullified *ab initio* as in the first appeal. If so, the Settlement Agreement will likewise be nullified, rendering void the very transaction upon which the DLP Entities rely in flipping the subject property to whomever is the prospective purchaser.

The Honorable Rebecca Rutherford
April 1, 2026
Page 3

_____

ECF No. 684, ¶¶ 18-19 (emphasis in original). Accordingly, the hypothetical defenses upon which Mr. Barton seeks to rely are no longer a possibility.

Second, the additional matters Mr. Barton references do not supply any basis to maintain the lis pendens or to defer a ruling on the DLP Entities' Motion:

- **Fifth Circuit No. 25-10871:** concerns a June 23, 2025 receivership-related order entered well after the lis pendens were filed and well after the transactions involving the DLP Entities were approved. It does not involve the DLP Entities or the properties at issue.

- **Fifth Circuit No. 25-11043:** relates to the lifting of a litigation stay, post-dates the relevant orders, and likewise has no connection to the DLP Entities or the lis pendens.

- **Fifth Circuit No. 24-10788:** involved an entirely separate transaction that did not involve the DLP Entities or their properties and, in any event, was dismissed for lack of jurisdiction on March 25, 2026.

- All other appellate matters cited by Mr. Barton—including Nos. 25-11044, 25-465, and 23-11237—have been resolved.

None of these proceedings concerns title to, an interest in, or an encumbrance on the DLP Entities' properties. Nor do they provide any legal basis for the lis pendens, which were improper when filed and remain improper now.

## The Motion Is Fully Ripe for Decision

As the DLP Entities have explained in their Motion and prior correspondence, the lis pendens were never supported by a claim affecting title to the properties and were filed in violation of both Texas law and the receivership order. The sole justification Mr. Barton has ever offered—that they were necessary to preserve appellate rights—has now been eliminated entirely.

Meanwhile, the lis pendens continue to inflict concrete and ongoing harm. The DLP Entities have already lost one sale due to the inability to convey clean title, and the remaining transaction remains at risk solely because the lis pendens have not yet been declared void.

With appellate review now fully concluded, there is no remaining reason—procedural, equitable, or otherwise—to defer ruling on the DLP Entities' Motion.

The Honorable Rebecca Rutherford
April 1, 2026
Page 4

_____

Accordingly, the DLP Entities respectfully and urgently request that the Court rule on the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) at the Court's earliest convenience.

Sincerely,

*/s/ Michael D. Napoli*

Michael D. Napoli
*Counsel for the DLP Entities*

cc:    All attorneys and parties entitled to service