IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON et al., | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS LLCS, LDG001 LLC, | § § § | |
| *Relief Defendants.* | § § | |

## **ORDER**

Before the Court is Defendant Timothy Barton's Emergency Motion to Modify Receivership over Homestead. (Doc. 710). Having considered the motion, the response, and the applicable law, the Court **DENIES** the motion.

The Receiver has exercised control over the 4107 Rock Creek Dr., Dallas, Texas property (the Property) for almost three years. Barton alleges that the Receiver's control over the Property has harmed the estate and, if permitted to continue, would be "an affirmative continuation of waste."[1] He requests the Court to either modify the receivership or, in the alternative, grant other equitable relief.[2]

---

[1] Doc. 710 at 6.

[2] *Id.* at 7.

Barton's allegations implicate the Court's broad discretion in supervising the Receivership. "Once assets have been placed in receivership, it is a recognized principle of law that the district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership."[3] Accordingly, "any action by a trial court in supervising an equity receivership is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse."[4] So Barton's complaints regarding leasing, pricing, and disposition decisions fall squarely within the heartland of the Court's discretion.

Almost from the beginning of this receivership, Barton has disrupted the management of the Property. At the receivership's initiation, the Property was encumbered by loans, taxes, utilities, and other obligations.[5] The Receiver sought to sell it and lined up a buyer.[6] Barton, however, recorded a lis pendens against the Property, which resulted in the title company refusing to issue title.[7] The Receiver sought emergency relief and the Court ultimately approved the sale.[8]

---

[3] *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (cleaned up).

[4] *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982) (cleaned up).

[5] *See* Doc. 435 at 10–11.

[6] *See* Doc. 104.

[7] *See* Doc. 96.

[8] Doc. 104.

Days later, Barton contacted the purchaser and represented that the Property had foundation and flooding issues, which caused the title company and purchaser to withdraw from the sale.[9]  Barton also appealed the Sale Order to the Fifth Circuit.[10]

After the Court re-entered the Receivership Order, the Court again approved the sale on December 15, 2023.[11]  Barton again appealed the sale and the Fifth Circuit affirmed.[12]

Accordingly, there has been substantial delay in the sale of the Property.  And that delay, and the subsequent alleged loss of value, are at least in part attributable to Barton's activity.  Because equitable remedies are "unavailable to parties with unclean hands" and a party's "litigation tactics" can "disqualify [him] from such equitable relief," Barton is barred from obtaining the relief he seeks.[13]

The motion is **DENIED**.

**IT IS SO ORDERED** this 8th day of April, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] Doc. 133 at 10.

[10] Doc. 374.

[11] Doc. 437.

[12] *SEC v. Barton*, 135 F.4th 206, 223 (5th Cir. 2025).

[13] *Texas v. Biden*, 20 F.4th 928, 942 (5th Cir. 2021), *rev'd on other grounds*, 597 U.S. 785 (2022). *See also Precision Instrument Mfg. Co. v. Auto. Maint. Mach, Co.*, 324 U.S. 806, 814 (1945) (the clean hands doctrine is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief").