IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE                §
COMMISSION,                             §
    *Plaintiff*,                     §
                                        §
                                        §        NO. 3:22-cv-2118-X
v.                                      §
                                        §
TIMOTHY BARTON, et. al.,                §
    *Defendants*.                    §
                                        §

## EMERGENCY MOTION TO LIFT LITIGATION STAY TO PURSUE CONDEMNATION OF PUBLIC WATERLINE EASEMENTS

Third-Party MOUNTAIN PEAK SPECIAL UTILITY DISTRICT (hereafter "Movant"), respectfully moves the Court for an order lifting the stay of litigation and related adversary proceedings for the limited purpose of allowing Movant to acquire a waterline easement across a properties owned by parties in this case, either by voluntary agreement authorized by this Court or through eminent domain proceedings instituted in one of the County Courts at Law of Johnson County, Texas, and in support thereof respectfully shows the Court as follows:

1.      This motion pertains to the litigation stay imposed by the Receivership Order (defined below). On October 18, 2022, the Court entered an *Order Appointing Receiver* (the "Initial Receivership Order") [Dkt. 29]. The order appointed Cortney C. Thomas as Receiver for the Defendants and directed him to take possession and control over all funds, property, and other assets in the possession of, or under the control of Defendants. *Initial Receivership Order*, Section I, ¶ 6. The Initial Receivership Order also included a stay of all civil legal proceedings involving any of the Receivership Property (the "Litigation Stay"). *Id.* Section IX, ¶¶ 34–36.

2.      Since then, the Court has entered a new Order Appointing Receiver on June 23, 2025 (the "Receivership Order") [Dkt. 650]. The new Receivership Order includes the same Litigation Stay as the Initial Receivership Order. *Receivership Order*, Section IX, ¶¶ 87-89.

3.      Movant seeks to lift the litigation stay involving two Receivership Entities and Receivership Properties. Lynco Ventures, LLC and DJD Land Partners, LLC are Receivership Entities as defined by the Receivership Order, and thus litigation in which either is a party is stayed. Additionally, these Receivership Entities own Receivership Properties, and thus litigation in which these properties are subject to is stayed.

4.      Movant is a political subdivision of the State of Texas, created under the authority of Section 59, Article XVI, Texas Constitution, and operating pursuant to Chapters 49 and 65 of the Texas Water Code to provide water and related services to residents of Ellis and Johnson Counties, Texas. Movant needs to acquire waterline easements across Receivership Properties located in Johnson County and described and depicted in Exhibit "A" hereto owned by the above-mentioned Receivership Entities under its power to condemn property as set forth in the provisions of Chapter 21, Texas Property Code, Section 49.222, Texas Water Code, and Article 1, Section 17, Texas Constitution. These waterline easements will be used to install waterlines on these properties to provide water that is urgently needed by the public. However, any litigation including condemnation of the Receivership Property and Receivership Entities is stayed by the Receivership Order.

5.      It is appropriate to lift the stay to allow Movant to acquire waterline easements on the Receivership Properties because there is an urgent need to provide water to the public, and the stay is preventing Movant from acquiring said waterline easements. These waterline easements provide a public need and would not diminish the value of the Receivership Properties. In fact, Movant believes the installation of these waterlines would increase the value of the Receivership Properties.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Movant Mountain Peak Special Utility District prays that: (1) the Court approves Movant's Emergency Motion to Lift Litigation Stay to Pursue Condemnation of Public Waterline Easements; and (2) allow Movant to proceed with necessary eminent domain proceedings to acquire waterline easements necessary for public use across the Receivership Properties identified herein pursuant to its right to condemn under Chapter 21, Texas Property Code, Section 49.222, Texas Water Code, and Article 1, Section 17, Texas Constitution.

Respectfully submitted,

**BAKER MORAN DOGGETT MA & DOBBS LLP**

By: /s/ *Jordan A. Miller*
    JORDAN A. MILLER
    State Bar No. 24074720
    jmiller@bakermoran.com
    ANDREW C. COX
    State Bar No. 24036409
    acox@bakermoran.com
    DAVINDER JASSAL
    State Bar No. 24107333
    djassal@bakermoran.com
    1400 Preston Road, Suite 295
    Plano, Texas 75093-3601
    Tel.: (469) 351-3500; Fax: (469) 351-3490

**ATTORNEYS FOR MOVANT,**
**MOUNTAIN PEAK SPECIAL UTILITY DISTRICT**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that, on April 27, 2026, counsel for the Movant conferred with the Receiver, who indicated he is opposed to this motion. On April 24, 2026, counsel for the Movant contacted counsel for Plaintiff, counsel for Defendant Timothy Barton, and Timothy Barton by e-mail concerning the merits and relief requested in this motion. As of the date hereof, counsel for the Movant has not received a response.

/s/ *Jordan A. Miller*
Jordan A. Miller

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

/s/ Jordan A. Miller
Jordan A. Miller