IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE           §
COMMISSION,                        §
  *Plaintiff*,           §
          §    NO. 3:22-cv-2118-X
v.                                 §
          §
TIMOTHY BARTON, et. al.,           §
  *Defendants*.           §

## MOUNTAIN PEAK SPECIAL UTILITY DISTRICT'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO LIFT LITIGATION STAY TO PURSUE CONDEMNATION OF PUBLIC WATERLINE EASEMENTS

Third-Party MOUNTAIN PEAK SPECIAL UTILITY DISTRICT (hereafter "Movant"), by its undersigned attorneys, files its Emergency Motion to Lift Litigation Stay to Pursue Condemnation of Public Waterline Easements (hereafter the "Motion"), which includes relief from the Litigation Stay pertaining to Receivership Property owned by Receivership Entities, Lynco Ventures, LLC and DJD Land Partners, LLC. In support of its Motion, Movant respectfully states as follows:

### BACKGROUND

### a. *Movant's Authority to Condemn Property and Litigation Stay*

1. Movant is a political subdivision of the State of Texas, created under the authority of Section 59, Article XVI, Texas Constitution, and operating pursuant to Chapters 49 and 65 of the Texas Water Code to provide water and related services to residents of Ellis and Johnson Counties, Texas.

2. Movant's Motion pertains to the litigation stay imposed by the Receivership Order (defined below). On October 18, 2022, the Court entered an *Order Appointing Receiver* (the "Initial Receivership Order") [Dkt. 29]. The order appointed Cortney C. Thomas as Receiver for

the Defendants and directed him to take possession and control over all funds, property, and other assets in the possession of, or under the control of Defendants. *Initial Receivership Order*, Section I, ¶ 6. The Initial Receivership Order also included a stay of all civil legal proceedings involving any of the Receivership Property (the "Litigation Stay"). *Id.* Section IX, ¶¶ 34–36. Since then, the Court has entered a new Order Appointing Receiver on June 23, 2025 (the "Receivership Order") [Dkt. 650]. The new Receivership Order includes the same Litigation Stay as the Initial Receivership Order. *Receivership Order*, Section IX, ¶¶ 87-89.

### b. Public Need for Waterlines

3.  Movant needs to acquire waterline easements across Receivership Properties located in Johnson County owned by the above-mentioned Receivership Entities under its power to condemn property as set forth in the provisions of Chapter 21, Texas Property Code, Section 49.222, Texas Water Code, and Article 1, Section 17, Texas Constitution. These waterline easements will be used to install waterlines on these properties to provide water that is urgently needed by the public, but that will also be accessible to the owners of the properties for development purposes. However, any litigation including condemnation of the Receivership Property and Receivership Entities is stayed by the Receivership Order.

4.  In support of the Motion, Movant attached the property descriptions for the easement areas needed for this public waterlines that Movant seeks to seeks to install and maintain on said Receivership Properties.

### c. Current Procedural Posture

5.  Currently, Movant has not filed any condemnation petitions related to the Receivership Entities or Receivership Properties. As stated above, Movant is aware of the Litigation Stay and is now seeking to have the Litigation Stay lifted before it proceeds with condemnation to not cause further delay.

6.      If Movant prevails, the Receivership Entities and Receivership Properties would be no longer subject to the Litigation Stay specific to Movant's intent to pursue condemnation, and once legal possession is obtained waterlines would be installed on the Receivership Properties, which will increase the value of the remainder properties that will now have access to public water. If Movant loses, the Receivership Entities and Receivership Properties remain subject to the Litigation Stay contained in the Receivership Order, and the people of Johnson County would not gain access to the water it urgently needs. Given the desperate public need, and the inability to determine when the Court may rule, which may be months, the request to lift the Litigation Stay as requested in Movant's Motion is not premature.

## ARGUMENTS AND AUTHORITIES

### a. Movant has Authority to Condemn

7.      As stated above, Movant is a political subdivision of the State of Texas, created under the authority of Section 59, Article XVI, Texas Constitution, and operating pursuant to Chapters 49 and 65 of the Texas Water Code to provide water and related services to residents of Johnson County, and therefore has the power to appropriate and acquire private property for public purposes.

### b. Public Need for Water Access

8.      It is appropriate to lift the stay to allow Movant to acquire waterline easements on the Receivership Properties because, as stated above, there is an urgent need to provide water to the public, and the stay is preventing Movant from acquiring said waterline easements. These waterline easements provide a public need and would not diminish the value of the Receivership Properties. In fact, Movant believes the installation of these waterlines would increase the value of the Receivership Properties.

9.      On January 12, 2026, the Board of Directors of Movant adopted a resolution finding and determining that public necessity requires and that it is therefore necessary for Movant to enter upon, appropriate, take, acquire, hold, and enjoy, by purchase or condemnation, a permanent easement and temporary construction easement on, in, over, under, through and across the Receivership Properties for the waterlines.

### c. Movant has Authority to Condemn

10.     As stated above, Movant is a political subdivision of the State of Texas, created under the authority of Section 59, Article XVI, Texas Constitution, and operating pursuant to Chapters 49 and 65 of the Texas Water Code to provide water and related services to residents of Johnson County, and therefore has the power to appropriate and acquire private property for public purposes.

### d. Movant's Requested Relief Satisfies the Wencke Test

11.     This Court has adopted a three-factor "Wencke Test" in determining whether to lift a litigation stay in a proceeding involving a receivership. *Rupert v. Winter*, No. 3:10-CV-0799-N, 2012 WL 13102348 (N.D. Tex. Jan. 24, 2012); *see also Rishmague v. Winter,* No. 3:11-CV-2024-N, 2014 WL 11633690 (N.D. Tex. Sept. 9, 2014), aff'd, 616 F. App'x 138 (5th Cir. 2015) (adopting the test from *S.E.C. v. Wencke*, 742 F.2d 1230 (9th Cir. 1984)). The factors are "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *Id*.

12.     Here, Movant's requested relief satisfies the Wencke Test. First, Movant satisfies the first factor because lifting the stay would not negatively affect the status quo (in fact, Movant believes it would improve the status quo by adding value to the receivership estate), and Movant,

and the people of Johnson County, would suffer substantial injury if not permitted to proceed with the necessary condemnations. Second, the receivership has been pending since October 2022 with no determinable end, therefore the Court should lift the Litigation Stay in this instance. Lastly, as listed above, Movant's claims are meritorious because of Movant's authority to condemn as a political subdivision of the State of Texas, created under the authority of Section 59, Article XVI, Texas Constitution, and operating pursuant to Chapters 49 and 65 of the Texas Water Code, the public's urgent need for access to water, and the Board of Directors of Movant adopted a resolution finding and determining that public necessity requires and that it is therefore necessary for Movant to enter upon, appropriate, take, acquire, hold, and enjoy, by purchase or condemnation, a permanent easement and temporary construction easement on, in, over, under, through and across the Receivership Properties for the waterlines. For these reasons, the Court should grant Movant's requested relief.

### e.    *Texas Federal Courts have lifted Stays to Permit Easement Condemnation*

13.    The Court should lift the Litigation Stay because there is on-point precedent for federal courts in Texas lifting stays to permit easement condemnations. In *In re Still*, the United States Bankruptcy Court for the Eastern District of Texas lifted the automatic bankruptcy stay to permit American Pipeline Company, Inc. to pursue a pipeline condemnation of property subject to bankruptcy proceedings. *In re Still*, 117 B.R. 251 (Bankr. E.D. Tex. 1990). The *Still* case is analogous to this situation and Movant respectfully requests that this Court follow suit with the *Still* court.

### RELIEF REQUESTED

14.    The relief requested by Movant is comprised of multiple requests, but all are related to the same cause. First, Movant requests the Court lift the Litigation Stay as it pertains to the Receivership Entity, Lynco Ventures, LLC. Second, Movant requests the Court lift the Litigation

Stay as it pertains to the Receivership Property owned by Lynco Ventures, LLC. Third, Movant requests the Court lift the Litigation Stay as it pertains to the Receivership Entity, DJD Land Partners, LLC. Lastly, Movant requests the Court lift the Litigation Stay as it pertains to the Receivership Property owned by DJD Land Partners, LLC. All relief requested by Movant is so that Movant can proceed with its intention to condemn the Receivership Properties for the installation and maintenance of public waterline easements.

For the reasons stated above, Movant Mountain Peak Special Utility District requests that: (1) the Court approve Movant's Motion to Lift Litigation Stay to Pursue Condemnation; and (2) allow Movant to proceed with its intent to condemn the Receivership Properties pursuant to its right to condemn Chapter 21, Texas Property Code, Section 49.222, Texas Water Code, and Article 1, Section 17, Texas Constitution.

Dated: April 27, 2026

Respectfully submitted,

**BAKER MORAN DOGGETT MA & DOBBS LLP**

By: /s/ *Jordan A. Miller*
    JORDAN A. MILLER
    State Bar No. 24074720
    jmiller@bakermoran.com
    1400 Preston Road, Suite 350
    Plano, Texas 75093-3601
    Tel.: (469) 351-3500; Fax: (469) 351-3490

**ATTORNEY FOR MOVANT,**
**MOUNTAIN PEAK SPECIAL UTILITY DISTRICT**

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

/s/ *Jordan A. Miller*
Jordan A. Miller