**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>Defendants,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>Relief Defendants. | C.A. No.: 3:22-cv-2118-X<br><br>Jury Trial Demanded |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO MOUNTAIN PEAK'S MOTION TO LIFT STAY**

The Securities and Exchange Commission ("SEC") submits this Response to nonparty Mountain Peak Special Utility District's ("Mountain Peak") Emergency Motion to Lift Stay to

Pursue Condemnation of Public Waterline Easements (Dkt. 725), and respectfully shows the Court as follows:

The Receivership Order includes a stay of all civil legal proceedings involving Receivership Property (as defined therein). Receivership Order at ¶¶ 87-89. (Dkt. 650) Mountain Peak, a political subdivision of the State of Texas, seeks to lift the stay to pursue eminent domain proceedings to obtain waterline easements across certain Receivership Properties located in Johnson County, Texas. Mountain Peak's Brief at 1-2. (Dkt. 727). Mountain Peak argues installation of waterlines on the Receivership Properties is urgently needed by the public. *Id.* However, Mountain Peak does not provide any explanation or support for this assertion or any assessment of the impact of the contemplated easements on the value of the Receivership Properties.

Based on discussions with the Receiver's counsel, it is the SEC's understanding that the Receiver is still in the process of evaluating Mountain Peak's request for the easements, including their potential impact on the value of the Receivership Properties.[1] Despite its conclusory claim of urgency, Mountain Peak has not demonstrated why the Receiver should not be afforded additional time to complete his evaluation, particularly in light of Mountain Peak's failure to provide an impact analysis or other support for its request. The SEC therefore believes that the Receiver's position is reasonable under the circumstances and, as detailed in the Receiver's Response to Mountain Peak's Motion (Dkt. 732), lifting the stay at this time is not warranted under the *Wencke* Test. *SEC v. Stanford Int'l Bank Ltd.,* 424 F. App'x 338, 341 (5th Cir. 2011) (quoting *SEC v. Wencke,* 742 F.2d 1230, 1231 (9th Cir. 1984) (*Wencke II*)).

[1] Notably, the Receiver is doing this while evaluating the voluminous number of pending litigation matters and other potential claims that lenders, investors, and other creditors may assert involving Receivership Property. *See* Receiver's Fifteenth Status Rpt. at 78-98. (Dkt. 728)

For these reasons, the SEC respectfully requests that the Court deny Mountain Peak's Motion without prejudice.

Dated: May 18, 2026

Respectfully submitted,

*/s/ Keefe M. Bernstein*____________
Keefe M. Bernstein
Texas Bar No. 24006839
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 900-2607 (KMB phone)
(817) 978-4927 (facsimile)
bernsteink@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

I affirm that on May 18, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein