**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,**<br><br>*Defendants.*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LC,**<br><br>*Relief Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:22-cv-2118-X** |

**DLP ENTITIES' MOTION FOR STATUS CONFERENCE**
**<u>REGARDING EMERGENCY MOTION TO DECLARE LIS PENDENS VOID</u>**

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") respectfully move the Court to set a status conference to address the continued pendency of the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681) (the "Motion"). The Motion has been fully briefed and ripe for decision since October 2025. Over the past several months, the DLP Entities have filed multiple letters updating the Court on relevant developments and requesting a ruling. *See* Exhibits A (November 21, 2025), B (January 20, 2026), C (February 10, 2026), D,

(February 23, 2026), E (April 1, 2026), and F (April 28, 2026). Despite these efforts, the Motion remains unresolved.

In the interim, the final appellate issue cited by Defendant Timothy Barton as purported justification for the lis pendens has now been conclusively resolved. On March 30, 2026, the Supreme Court of the United States denied Mr. Barton's petition for a writ of certiorari, fully and finally exhausting appellate review of the receivership order and the transactions involving the DLP Entities. *See* Exhibit G. There is no longer any conceivable appellate, procedural, or jurisdictional impediment to the Court ruling on the Motion.

Accordingly, the DLP Entities respectfully request a brief status conference so that counsel may apprise the Court of this posture, explain why no issues remain that would warrant further delay, and address any questions the Court may have in advance of ruling.

**BACKGROUND**

1. On September 22, 2025, the DLP Entities filed their Motion seeking to void the lis pendens recorded by Timothy Barton ("Mr. Barton") against properties owned by the DLP Entities. The Motion explains in detail that the lis pendens are improper because, among other reasons, they are not supported by any claim affecting title, were filed in violation of the Receivership Order, and were intended solely to preserve speculative appellate rights rather than enforce any interest in real property.

2. The Motion was fully briefed by October 2025, at which point it became ripe for decision. Since that time, the DLP Entities have submitted a series of letters to the Court respectfully requesting a ruling and advising the Court of developments bearing directly on the issues raised in the Motion. *See* Exhibits A-F.

3. Those letters explained, among other things, that Mr. Barton's appeals had been dismissed or resolved by the Fifth Circuit, that other appellate matters cited by Mr. Barton as purportedly relevant either did not involve the DLP Entities or the properties at issue or post-dated the filing of the lis pendens, and that the continued presence of the lis pendens was causing concrete and ongoing harm by preventing the DLP Entities from conveying clean title.

4. Most recently, on April 1, 2026 and again on April 28, 2026, the DLP Entities advised the Court that the Supreme Court of the United States denied certiorari in Mr. Barton's appeal arising from Fifth Circuit No. 23-11237. *See* Exhibits E and F. With that denial of certiorari, appellate review of the receivership order and the transactions involving the DLP Entities has now been fully and finally exhausted. Notwithstanding these updates, the Court has not yet ruled on the Motion or indicated whether additional proceedings are necessary.

## CURRENT POSTURE AND BASIS FOR STATUS CONFERENCE

5. The sole justification Mr. Barton has advanced for the filing and maintenance of the lis pendens was his assertion that they were necessary to preserve potential appellate relief concerning the receivership and the transactions involving the DLP Entities. That justification has now been eliminated entirely. All appeals directly related to the receivership order and the approval of the DLP Entities' transactions have been conclusively resolved, and the Supreme Court's denial of certiorari forecloses any remaining possibility that those orders could be disturbed on appeal. *See* Exhibit G.

6. The other appellate matters that Mr. Barton has referenced in his correspondence do not affect the propriety of the lis pendens or the Court's ability to rule on the Motion. Certain of those appeals concern receivership-related orders entered well after the lis pendens were filed and well after the transactions involving the DLP Entities were approved, while others involve

separate transactions that did not involve the DLP Entities or the properties at issue and have since been dismissed for lack of jurisdiction or otherwise resolved. *See* Exhibit H. None of those proceedings involves title to, an interest in, or an encumbrance on the DLP Entities' properties, and none supplies any legal basis to continue delaying resolution of the Motion.

7. Meanwhile, the lis pendens continue to inflict concrete harm on the DLP Entities. As reflected in the Motion and the Court's correspondence file, at least one sale has already been lost due to the inability to convey clean title. In addition, the DLP Entities have also lost at least one opportunity to refinance existing indebtedness on a subject property as a direct result of the continued encumbrance created by the lis pendens, with additional transactions remaining at risk solely because the lis pendens have not been declared void. Respectfully, the matter has reached a point where continued delay cannot be attributed to appellate uncertainty, and where a brief status conference would serve the interests of efficiency and clarity by allowing the Court to confirm that no impediment remains to ruling.

## REQUEST FOR RELIEF

For these reasons, the DLP Entities respectfully request that the Court set a status conference, at the Court's earliest convenience, to address the pending Motion and to confirm that no remaining issues prevent the Court from ruling on that Motion. The DLP Entities submit this request with full respect for the Court's docket and discretion, and stand ready to proceed in whatever manner the Court believes most efficient.

Dated: May 19, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*
Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEY FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of May, 2026, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli