**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** | § | |
| ***Defendants,*** | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § | |
| ***Relief Defendants.*** | § | |

**RECEIVER'S VERIFIED AND EMERGENCY**
**MOTION TO DECLARE LIS PENDENS VOID**

Cort Thomas, the Receiver appointed in the above-styled case, moves the Court, on an emergency basis,[1] for an Order Declaring the four Notices of Lis Pendens filed by Defendant Timothy Barton ("Defendant") Void or otherwise cancelling them.

[1] As discussed below, the Receiver seeks expedited review of the instant Motion because of upcoming closing dates currently scheduled for the Rock Creek and Frisco properties.

On July 31, 2024, Defendant Barton caused four separate Notices of Lis Pendens to be filed in the real property records of Dallas County, Texas, each purporting to encumber Receivership Property and each tied to this case, Cause No. 3:22-cv-2118-X (collectively, the "Lis Pendens"). The Lis Pendens encumber: (i) 13636 Goldmark Drive, Dallas, Texas (the "Goldmark Property"), recorded as Instrument No. 202400153184; (ii) 4107 Rock Creek Drive, Dallas, Texas 75204 (the "Rock Creek Property"), recorded as Instrument No. 202400153185; (iii) 2999 Turtle Creek Boulevard, Dallas, Texas 75219 (the "Turtle Creek Property"), recorded as Instrument No. 202400153186; and (iv) 3407 and 3409 Hall Street, Dallas, Texas (the "Hall Street Property"), recorded as Instrument No. 202400153187. True and correct copies of the Lis Pendens are attached as **Exhibits A through D**.

This is not the first time Barton has resorted to recording lis pendens against Receivership Property in this case. On December 1, 2022, Barton recorded a Notice of Lis Pendens on the Rock Creek Property in an attempt to obstruct the Receiver's sale of that asset. [Dkt. 96, Ex. A.]. On the Receiver's prior motion [Dkt. 96], the Court declared the prior lis pendens void, ordered Barton to pay the Receiver $1,200 in compensatory sanctions, and found that the lis pendens "would not have encumbered the sale even if it were not [void]." *See* Order Granting Motion to Approve Sale, Dkt. 104 at 2. The four new Lis Pendens are materially identical to the prior lis pendens the Court has already declared void, and they should meet the same fate.

The Lis Pendens blatantly violate several provisions of the Receivership Order, including provisions that prohibit interference with the Receiver's efforts to manage Receivership Property; prohibit actions that dissipate the value of Receivership Property; require cooperation with the Receiver's efforts to exercise his authority under the Receivership Order; and prohibit any legal proceeding of any nature involving Receivership Property. *Receivership Order*, Dkt. 650, ¶¶ 85A,

85C, 86, and 87. Although the Lis Pendens may evidence Barton's most deliberate and egregious disregard for this Court's authority to date, they are far from the only instance of his intentional violation of the Receivership Order. *See* Dkt. 73 at 19; Dkt. 84 at 9; Dkt. 96; Dkt. 104; Dkt. 558. Indeed, Barton recorded the four Lis Pendens with full knowledge that this Court has already declared identical conduct void and sanctioned him for it.

Unsurprisingly (given the direct violation of the Receivership Order in filing the Lis Pendens), Barton failed to provide any notice when he filed them.

This lawsuit, however, does not fall within the parameters of instances in which lis pendens are permitted. *See Petito v. Brewster*, No. 3:08CV0006L, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) ("A notice of *lis pendens* may be filed only 'during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property.'" (quoting *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995))); *see also Matter of Tex. Extrusion Corp.*, 844 F.2d 1142, 1152–53 (5th Cir. 1988) (appeal of confirmation of reorganization plan, which included conveyances of certain real property but did not specifically involve title to property on which lis pendens was filed, was not proper basis for lis pendens, and bankruptcy court properly declared lis pendens, filed in violation of automatic stay, void).

The SEC's claims here are for securities fraud, not title to real property. They do not seek to establish Barton's interest in the four properties or to enforce an encumbrance against them. Barton himself confirms this in the Lis Pendens, which describe his asserted basis as a prospective appeal to the Fifth Circuit from this Court's prior orders concerning the Receiver's administration of the estate. In other words, precisely the type of post-judgment, appeal based filing that *Texas Extrusion* holds cannot support a lis pendens. 844 F.2d at 1152–53.

Thus, although the Texas Property Code provides two specific methods for cancelling or expunging lis pendens,[2] this Court has no obligation to follow those procedures. *In re Duval Cnty. Ranch Co.*, 155 B.R. 723, 727 (Bankr. S.D. Tex. 1993). As in *Duval County Ranch,* the Bankruptcy Court refused to allow the debtors to accomplish by statute what they "were unsuccessful at accomplishing under Federal law." *Id.*

> That is, the Manges Debtors unsuccessfully sought numerous stays pending appeal of the confirmation of the Creditor Plan. No doubt frustrated by their lack of success, the Manges Debtors have filed notices of lis pendens in an attempt to prevent the Liquidating Trust from transferring property pursuant to the confirmed plan. When there is an outright conflict between Federal and State law, or when compliance of both Federal and State laws are impossible, this Court is bound by Federal law.

*Id.* The *Duval County Ranch* Court declared the lis pendens at issue in that case void. *Id.* The same result follows here.

The Receiver requests the same relief here that the Court previously granted [Dkt. 104], multiplied across the four Lis Pendens at issue: a declaration that each of the Lis Pendens identified in Exhibits A through D is void. In the alternative, the Receiver requests that the Court cancel the Lis Pendens.

Because the Receiver was forced to expend not less than $2,700 in fees—less than $1,200 per Lis Pendens, consistent with the amount the Court previously found reasonable [Dkt. 104]—in preparing this Motion to rectify Barton's repeated and contumacious conduct, he requests that the Court order Barton to pay those fees as compensatory sanctions, within three days from the date of any Order on this Motion. Because this is Barton's second round of materially identical conduct after express warning and prior sanction, the Receiver further requests that the Court

[2] "Once a notice of lis pendens has been filed, the Texas Property Code provides two methods for removal of the lis pendens: (1) expunction of a notice of lis pendens under § 12.0071; and (2) cancellation of a lis pendens under § 12.008." *In re Briar Bldg. Houston LLC*, 609 B.R. 589, 597 (Bankr. S.D. Tex. 2019).

consider whether additional coercive sanctions are warranted to deter further violations of the Receivership Order.

Finally, because the Receiver is currently contractually set to close the Rock Creek and Frisco sales during the month of June (with one of those sales set to close within the next two weeks), the Receiver is filing this motion on an emergency basis and asking the court to rule on the requested relief on or before June 10, 2026.

The Receiver requests such other and further relief to which he may show himself entitled.

Dated: June 3, 2026

Respectfully submitted,

**RECEIVER CORTNEY C. THOMAS**

By: */s/ Cortney C. Thomas*

Cortney C. Thomas
State Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell St., Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

## VERIFICATION

My name is Cortney C. Thomas. I am over the age of 18 and am fully competent to make this verification. I declare under penalty of perjury that the facts stated above are within my personal knowledge and are true and correct.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on the morning of June 2, 2026, counsel for the Receiver conferred via email with counsel for the SEC, counsel for Barton, and Barton. As of this filing, no response has been received from the SEC or Barton's counsel. Barton has indicated that he is opposed to the relief requested herein.

*/s/ Cortney C. Thomas*
Cortney C. Thomas

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.