FILED-USDC-NDTX-DA
'26 JUN 3 PM3:22
JJF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| TIMOTHY BARTON et al., Defendants, | § | |

**DEFENDANT TIMOTHY L. BARTON'S OBJECTION AND RESPONSE TO DLP ENTITIES' MOTION FOR STATUS CONFERENCE (ECF No. 734), AND OPPOSED MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 735)**

Defendant Timothy L. Barton respectfully submits this Objection and Response to the DLP Entities' Motion for Status Conference (ECF No. 734) and Motion to Modify the Order Setting Status Conference (ECF No. 735). Defendant does not oppose the Court convening a status conference to assist orderly resolution of the issues raised by ECF Nos. 681 and 734. Defendant does, however, respectfully ask the Court to (i) defer the conference until three threshold procedural defects are cured, (ii) confirm on the public docket the magistrate referral and the Article III scope of any matter to be taken up at the conference, and (iii) reset the conference to a mutually agreed date because Defendant is not available on June 11, 2026. In support, Defendant shows the following:

## I. INTRODUCTION

Three uncontested facts on the public docket frame this Objection:

1. **Defendant has no counsel currently representing him.** Defendant's Motion for Leave to Proceed Pro Se (ECF No. 717, filed Mar. 16, 2026) was denied on the procedural ground that counsel of record, Jules P. Slim, had not yet moved to withdraw (ECF No. 720, Mar. 25, 2026). Mr. Slim thereafter filed an Unopposed Motion to Withdraw as Counsel pursuant to Local Civil Rule 83.12 (ECF No. 724, filed Apr. 14, 2026), and the SEC filed a Notice of Non-Objection (ECF No. 729). That motion has now been pending for more than five (5) weeks and remains *undecided*. The result is a procedural deadlock: Defendant

cannot file pro se because his pro se motion was denied; his counsel of record has moved to withdraw and is not actively representing him; and the SEC does not oppose the withdrawal. Defendant is, in substance, unrepresented.

2. **The magistrate-judge assignment for this case is unclear on the docket.** The Order Setting Status Conference (ECF No. 735) is signed by United States Magistrate Judge Rebecca Rutherford. However, on January 16, 2026 the Clerk entered a docket notice expressly providing: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* A separate docket entry the same day reflects a Court Request for Recusal under Northern District Special Order 3-249, by which the Clerk reassigned the case to Magistrate Judge David L. Horan (ECF No. 702), with a case suffix of "-BN." Neither the DLP Motion (ECF No. 734) nor the Status Conference Order (ECF No. 735) uses the "-BN" suffix or otherwise reflects a fresh referral order placing the lis-pendens motion (ECF No. 681) — or any other matter — before Magistrate Judge Rutherford after the January 16, 2026 "referred in error" docket entry. Before any party is required to brief, attend, or be bound by proceedings before a particular magistrate judge, the record should be clarified.

3. **The proposed date is not workable for Defendant.** The Order sets the conference for Thursday, June 11, 2026, at 3:00 P.M., and requires Defendant Barton to appear in person. Mr. Barton is required to be in Washington, D.C. on June 10, 11, and 12, 2026 for a sequence of in-person meetings with certain government officials and associates that have been secured after many months of preparation. Those meetings are at the heart of Mr. Barton's defense in the parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.), in which Mr. Barton's aggregate potential sentencing exposure approaches 180 years' imprisonment. The June 10–12 meetings cannot reasonably be rescheduled, and his personal liberty depends on his ability to attend them. Mr. Barton respectfully requests that the status conference be reset to a date **after June 12, 2026**, mutually convenient to all parties. Counsel for the DLP Entities, the Receiver, and the SEC will not be prejudiced by a brief continuance: the underlying motion (ECF No. 681) was filed on September 22, 2025 and has been pending without prejudice to the parties' substantive positions for eight months.

Defendant raises these matters now, in advance of the hearing, in the same spirit of efficiency the DLP Entities invoke in their Motion (ECF No. 734 at 2) — namely, to avoid a hearing that may have to be rescheduled or vacated because of unresolved procedural threshold issues.

## II. PROCEDURAL BACKGROUND

### *A. Defendant's representation status.*

4. On February 26, 2026, Mr. Slim filed a Notice of Change in Role of Counsel (ECF No. 713) advising the Court and the parties that his role had transitioned from active counsel of record to an advisory and supervisory capacity only, and that Defendant intended to proceed pro se.

5. On March 16, 2026, Defendant filed his Motion for Leave to Proceed Pro Se and Authorization to File Electronically (ECF No. 717), citing depletion of his assets and the inability to retain or maintain counsel. The motion is grounded in 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel."

6. On March 24, 2026, the SEC filed a Response (ECF No. 719) *not* opposing the substance of Defendant's pro se request, but urging that the procedural mechanism in Local Civil Rule 83.12 — a motion to withdraw by counsel — be followed.

7. On March 25, 2026, the Court denied Defendant's pro se motion (ECF No. 720) on the sole ground that Mr. Slim had not yet moved to withdraw.

8. On April 14, 2026, Mr. Slim filed his Unopposed Motion to Withdraw as Counsel pursuant to Local Civil Rule 83.12, expressly representing that Defendant consents to withdrawal, that no trial date is set, and that withdrawal will not cause undue delay or prejudice (ECF No. 724). The SEC filed a Notice of Non-Objection (ECF No. 729).

9. More than five (5) weeks have now elapsed without a ruling on either Defendant's request to proceed pro se or counsel's motion to withdraw. The combined effect of these unresolved motions is that Defendant has no counsel actively representing his interests —

Mr. Slim has formally sought leave to be relieved of all obligations — and Defendant is not authorized to file or be heard pro se. This deprives Defendant of any meaningful opportunity to participate in the June 11, 2026 status conference, including the in-person appearance the Order purports to compel.

***B. Magistrate-judge assignment and referral history.***

10. On September 24, 2025, the Court entered an Electronic Order Referring Motion specifically as to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). *See* ECF No. 699 (Order Referring Motion re [681] to Magistrate).

11. On January 16, 2026, the Clerk entered ECF No. 702, captioned "Court Request for Recusal," pursuant to Special Order 3-249, reassigning the case to United States Magistrate Judge David L. Horan and modifying the case caption to 3:22-cv-02118-X-BN.

12. On the same day, the Clerk separately entered a docket notice reading verbatim: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* That notice has not been revoked, modified, or superseded by any subsequent order docketed in this action.

13. Notwithstanding the foregoing, ECF No. 735 — the Order Setting Status Conference — is signed by Magistrate Judge Rebecca Rutherford and refers to ECF Nos. 681 and 734 (the lis pendens motion and DLP's motion for status conference). The Order does not cite the order of referral on which Magistrate Judge Rutherford is exercising authority, and the caption no longer carries any magistrate-judge designation (it reads 3:22-cv-2118-X, not 3:22-cv-02118-X-BN). Defendant respectfully requests that the docket be clarified before the parties are required to participate in a conference whose jurisdictional posture is, on the face of the public record, ambiguous.

13.1. It is also stated that the case itself was administratively closed on August 7, 2025, and no order reopening the case has been entered on the public docket. Before the Court reaches the merits of the DLP Entities' Motion to Declare Lis Pendens Void (ECF No. 681) — or any other dispositive matter — the docket must first be formally reopened by order of the assigned Article III district judge. The convening of a status

conference on a closed docket does not, by itself, restore active jurisdiction or cure the absence of a reopening order.

### *C. The DLP Motion and the Status Conference Order.*

14. On May 19, 2026, the DLP Entities filed their Motion for Status Conference (ECF No. 734), asking the Court to convene a conference regarding ECF No. 681. The Court granted that request three business days later, on May 26, 2026, in ECF No. 735, setting the conference for Thursday, June 11, 2026, at 3:00 P.M. in Judge Rutherford's courtroom, and requiring counsel for the DLP Entities, the Receiver, *and* counsel for Defendant Barton to appear **in person**.

15. Although the docket reflects that Defendant is, at present, without counsel actively serving him and that Defendant's own pro se motion has been denied, the Order nonetheless requires "Counsel . . . for Defendant Timothy Barton . . . [to] appear in-person." ECF No. 735. As a practical matter, no individual is currently authorized by the Court either to represent Defendant or to appear pro se on his behalf.

## III. ARGUMENT AND AUTHORITIES

### *A. The Court should defer the status conference until Defendant's representational status is resolved.*

The right of a litigant to appear *pro se* in a federal civil action is statutory and longstanding. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Supreme Court has long recognized that the right to self-representation "has a long historical pedigree." *Faretta v. California*, 422 U.S. 806, 812-13 (1975). The right of self-representation in civil cases is not a favor of the Court but a statutory entitlement. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (collecting authorities).

Defendant has been caught between two unresolved motions: his own pro se motion was denied because counsel had not yet moved to withdraw, and counsel's subsequent Local Rule 83.12 motion to withdraw has now been pending for more than five (5) weeks. *See* N.D. Tex. L. Civ. R.

83.12. The Court's denial of ECF No. 717 expressly relied on the procedural premise that Mr. Slim was still counsel — a premise that, by virtue of ECF No. 724 and the SEC's non-objection (ECF No. 729), no longer holds. The result is a denial of meaningful representation: Defendant cannot appear pro se, his counsel of record has formally moved to be relieved of all obligations, and he has been ordered to appear, through counsel, at a conference where complex property issues involving over 50 receivership entities will be discussed.

Due process "at a minimum" requires "notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); accord *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The combination of (i) a denied pro se motion, (ii) a pending withdrawal motion, and (iii) an order requiring in-person appearance through counsel that the docket does not identify, places Defendant in the position of being unable to participate in a hearing affecting his asserted property interests. This is the precise harm *Mullane* was designed to prevent.

Accordingly, Defendant respectfully requests that the Court first resolve ECF Nos. 717 and 724 — by either (a) granting Mr. Slim's unopposed withdrawal under Local Rule 83.12 and confirming Defendant's pro se status under 28 U.S.C. § 1654, or (b) appointing or otherwise enabling counsel to appear — and only then conduct the status conference. Convening a hearing at which Defendant cannot lawfully participate is neither efficient nor consonant with due process.

***B. The Court should confirm on the docket the magistrate referral under which ECF No. 735 was issued.***

United States Magistrate Judges are creatures of statute. Their authority extends only to those matters Congress has authorized in 28 U.S.C. § 636, supplemented by referral by the Article III district judge under that section and Federal Rules of Civil Procedure 72 and 73. As the Supreme Court explained in *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 678-79 (2015), non-Article-III adjudicators "may not assume powers that the Constitution reserves to Article III judges"; accord *Stern v. Marshall*, 564 U.S. 462, 484-87 (2011) (limiting non-Article-III adjudication of state-law property claims).

Here, the docket is, on its face, in tension. ECF No. 702 (Jan. 16, 2026) reassigned the case to Magistrate Judge David L. Horan under Northern District Special Order 3-249 and the case

caption changed to 3:22-cv-02118-X-BN. The same day, the Clerk entered a separate notice reading: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* Yet ECF No. 735 — issued more than four months later — is signed by Magistrate Judge Rebecca Rutherford, refers to ECF No. 681 (a motion at minimum requiring referral under § 636(b)(1) and Local Civil Rule 72.1), and bears no magistrate-judge case suffix. The Order does not cite the referral order on which the assigned magistrate is acting.

Defendant does not, by this Objection, assert that Magistrate Judge Rutherford has acted without proper authority. Defendant simply asks the Court to clarify, on the docket and *before* the June 11, 2026 conference, (i) which magistrate judge (if any) is currently assigned to this matter; (ii) the order of referral under which the assigned magistrate is exercising authority; (iii) whether that referral encompasses ECF No. 681 (Emergency Motion to Declare Lis Pendens Void) or only ministerial matters; and (iv) the consent posture under 28 U.S.C. § 636(c), if any. Defendant has not previously consented to magistrate-judge jurisdiction over any dispositive matter, and reserves all rights under Federal Rule of Civil Procedure 73(b) and 28 U.S.C. § 636(c)(2).

Clarification is also consistent with the Fifth Circuit's repeated admonition that the public docket should accurately reflect the procedural posture of pending matters. *See, e.g., Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 166-67 (5th Cir. 2004) (administrative closure does not eliminate the need for clear procedural orders).

Relatedly, the public docket reflects that this case was administratively closed on August 7, 2025, and no order reopening the case has been entered. Before any merits relief is granted on ECF No. 681, the case must be formally reopened by order of the assigned Article III district judge. Defendant respectfully requests that the Court enter a reopening order, or otherwise confirm on the docket the procedural posture under which this matter proceeds, before requiring the parties to attend a substantive status conference.

***C. Article III concerns counsel against a magistrate-only resolution of the lis pendens motion on a contested record.***

The Emergency Motion to Declare Lis Pendens Void (ECF No. 681) seeks an order extinguishing notices of *lis pendens* filed by Defendant under Texas Property Code § 12.007

against properties in which Defendant asserts an appellate-preservation interest. As DLP itself emphasizes (ECF No. 734 at ¶ 7), the motion seeks relief that is *final* in character as to the encumbrance and could conclusively eliminate Defendant's recorded interest. Cancellation of a *lis pendens* — like an injunction directed at recorded title — is a remedy that affects core property rights. *See Stern*, 564 U.S. at 484-87; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53-55 (1989). Absent the consent contemplated by 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, a United States Magistrate Judge may make only a report and recommendation as to that motion, with *de novo* review by the Article III district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Federal Rule of Civil Procedure 72(b); *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010) (distinguishing dispositive from non-dispositive matters under § 636).

Defendant does not waive — and expressly reserves — any objection under 28 U.S.C. § 636(c)(2) and Federal Rule of Civil Procedure 73(b) to magistrate-judge resolution of any dispositive issue. Defendant's appearance at the June 11, 2026 conference (whether through counsel of record, substitute counsel, or pro se if leave is granted) should not be construed as consent to magistrate-judge jurisdiction over the underlying motion or any other dispositive matter.

***D. Good cause exists to reset the conference to a mutually agreed date.***

The control of a court's docket — including the scheduling of hearings — "is committed to the sound discretion of the trial court." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); accord *Ungar v. Sarafite*, 376 U.S. 575, 589-90 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge."). The Fifth Circuit applies a four-factor analysis when evaluating short continuances, considering (i) the amount of time available; (ii) the movant's diligence; (iii) the likelihood of effective relief; and (iv) the extent of prejudice to the opposing party. *See United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998); *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000).

Each Fifth-Circuit factor favors resetting the conference: (i) the Order was entered May 26, 2026 for a hearing on June 11, 2026, leaving only sixteen calendar days; (ii) Defendant raises the conflict promptly within days of receiving ECF No. 735; (iii) a brief continuance will permit Defendant either to appear with newly-engaged counsel or, if the pending pro-se motion is resolved, to appear in his own right; and (iv) no prejudice to the DLP Entities is identifiable, given

that ECF No. 681 has been pending since September 2025 and ECF No. 734 itself asked only that the conference be held at the Court's *"earliest convenience."* ECF No. 734, at 4.

Defendant has confirmed in-person meetings in Washington, D.C. on June 10, 11, and 12, 2026 with certain government officials and associates — meetings secured after months of preparation and integral to the defense of his parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.), in which his aggregate sentencing exposure approaches 180 years' imprisonment. Those meetings cannot reasonably be rescheduled, and Defendant's personal liberty depends on his ability to attend them. By contrast, the DLP Entities will suffer no concrete adverse effect from a short continuance: their underlying Motion (ECF No. 681) has been pending since September 2025 and they themselves have asked only that the conference be held at the Court's *"earliest convenience"* (ECF No. 734, at 4). Defendant respectfully requests that the conference be reset to a mutually agreed date after June 12, 2026, to be coordinated with the chambers calendar and counsel for the DLP Entities, the Receiver, and the SEC.

## IV. RELIEF REQUESTED

WHEREFORE, Defendant Timothy L. Barton respectfully requests that the Court:

1. **Resolve representational status before convening the conference**, by ruling on Mr. Slim's Unopposed Motion to Withdraw (ECF No. 724) and reconsidering or otherwise resolving Defendant's Motion for Leave to Proceed Pro Se (ECF No. 717), so that Defendant has a clearly identified authorized appearance — through counsel, substitute counsel, or pro se — for the conference and for further proceedings;

2. **Clarify on the docket the magistrate referral** presently in effect, including (i) which magistrate judge (if any) is currently assigned to this action in light of ECF No. 702 and the January 16, 2026 "Case referred in error" docket entry; (ii) the specific referral order under which the assigned magistrate judge is acting with respect to ECF No. 681; and (iii) the dispositive/non-dispositive character of any matter to be heard at the conference under 28 U.S.C. § 636(b);

3. **Reopen the case** from administrative closure entered August 7, 2025, by order of the assigned Article III district judge, prior to any merits proceedings on ECF No. 681;

4. **Modify ECF No. 735** to reset the status conference to a date mutually convenient to all parties after June 12, 2026, in light of Defendant's confirmed June 10–12, 2026 in-person meetings in Washington, D.C. in connection with his pending criminal trial, or to such later date as the Court may set after conferral with the parties, and otherwise to permit appearance by telephone or video for any party whose counsel of record has moved to withdraw or is in the process of being substituted;

5. **Confirm** that Defendant's participation in the conference is without prejudice to, and does not constitute consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to, magistrate-judge resolution of the underlying Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

6. **Grant** such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: June 3, 2026

Respectfully submitted,

*<u>/s/ Timothy L. Barton</u>*
**Timothy L. Barton**
Defendant, pro se (subject to pending ECF Nos. 717 & 724)
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), the undersigned, appearing pro se, has conferred with counsel for the DLP Entities and counsel for the Receiver, and has attempted to confer with counsel for the Securities and Exchange Commission, regarding the relief requested herein. Counsel for the DLP Entities, Michael D. Napoli (Akerman LLP), advised on June 2, 2026 that the DLP Entities oppose the requested relief. Cort Thomas (Brown Fox PLLC), advised that the Receiver does not oppose the requested relief. The undersigned contacted counsel for the SEC, Keefe M. Bernstein, on June2, 2026, but has not received the SEC's position as of the time of filing.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, a true and correct copy of the foregoing Objection and Response was served on all counsel and pro se parties of record through the Court's CM/ECF system, which will send notice of electronic filing to all counsel and registered parties.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**DEFENDANT TIMOTHY L. BARTON'S [PROPOSED] ORDER ON DEFENDANT'S OBJECTION TO ECF NOS. 734 AND 735, AND MOTION TO MODIFY THE STATUS CONFERENCE ORDER**

Before the Court is Defendant Timothy L. Barton's Objection and Response to DLP Entities' Motion for Status Conference (ECF No. 734) and Motion to Modify the Order Setting Status Conference (ECF No. 735). Having considered the motion, the responses thereto (if any), the file, and applicable law, the Court finds that the motion should be GRANTED in part.

IT IS THEREFORE ORDERED that:

1. The status conference set by ECF No. 735 for June 11, 2026 at 3:00 P.M. is VACATED and is reset to ____________________, 2026 at __:__ __.M.;

2. On or before the date set above, the Clerk shall (a) reflect on the docket the magistrate-judge assignment, if any, presently in effect; and (b) post the order of referral, if any, under which any matter before the Court is being handled by a United States Magistrate Judge;

3. Defendant's pending Motion for Leave to Proceed Pro Se (ECF No. 717) and counsel's Unopposed Motion to Withdraw as Counsel (ECF No. 724) shall be decided on or before the rescheduled conference date;

4. Defendant's participation in the rescheduled conference shall not be construed as consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to magistrate-judge resolution of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

5. All other terms of ECF No. 735 not modified herein shall remain in effect.

**SO ORDERED.**

Dated: ____________________, 2026

______________________________________
**UNITED STATES DISTRICT JUDGE**