**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,**<br><br>*Defendants.*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LC,**<br><br>*Relief Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:22-cv-2118-X** |

**DLP ENTITIES' REPLY IN SUPPORT OF MOTION FOR STATUS CONFERENCE REGARDING EMERGENCY MOTION TO DECLARE LIS PENDENS VOID**

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") respectfully submit this reply in support of their Motion for Status Conference (ECF No. 734) and in response to Defendant Timothy Barton's ("Barton") Objection and Response (ECF No. 744).

Barton's filing does not identify any legitimate basis to disturb the Court's order setting a status conference. Instead, it advances a series of procedural objections that are either incorrect,

moot, or immaterial, and which collectively serve only to delay resolution of the DLP Entities' fully briefed and long-pending Emergency Motion to Declare Lis Pendens Void (ECF No. 681).

The Court should reject those efforts and proceed as previously ordered for the following reasons.

## ARGUMENT

1. The Court has already determined that a status conference is appropriate and has set that conference for June 11, 2026, directing that counsel for the DLP Entities, the Receiver, and Defendant Barton appear in person. *See Order Setting Status Conference*, May 26, 2026 (ECF No. 753). Barton's response offers no meaningful reason to revisit that determination.

2. Barton's principal argument—that the conference should be postponed based on his inability to appear—fails for a basic reason reflected in the Court's own orders. Barton continues to have counsel of record—Attorney Sean O'Connell—and that counsel has not been relieved. Indeed, in its recent electronic order (ECF No. 746), the Court noted not only that Barton had not been permitted to proceed pro se at the time of his recent filing, but also that he had not "complied with the Court's May 29, 2026 order to file a status report concerning the status of Attorney Sean O'Connell's representation." Under those circumstances, Barton's personal availability does not provide a basis to delay proceedings. The Court's order requires that *counsel* for Barton appear, and there is no suggestion that counsel is unable to do so. Barton's reliance on his own conflict—however legitimate—does not change that analysis.

3. Nor do Barton's other procedural arguments provide a basis for postponement. His claim that there is uncertainty regarding the magistrate judge assignment ignores the operative fact that the Court has already acted on the DLP Entities' request and set the conference before Judge Rutherford. Any perceived administrative ambiguity can readily be addressed at the conference

itself. That is precisely the point of convening counsel: to clarify the procedural posture and ensure that nothing remains that would prevent resolution of the underlying motion. Barton's suggestion that such issues must be resolved in advance, on paper, before the Court can even convene the parties is contrary to both common practice and the purpose of a status conference.

4. Similarly, Barton's reliance on the case's prior administrative closure misstates its effect. Administrative closure does not divest the Court of jurisdiction or prevent it from managing its docket. The Court's ability to set and conduct a status conference—particularly one directed at a fully briefed motion—demonstrates that there is no impediment to proceeding. And similarly, Barton identifies none.

5. More broadly, Barton's response cannot be viewed in isolation. It is part of a pattern that has characterized this litigation. Barton has consistently challenged or sought to delay the consequences of adverse rulings, including by pursuing (unsuccessful) appellate review at every opportunity. Those efforts have now run their course. As the DLP Entities have previously explained, appellate proceedings that Barton once cited as a justification for maintaining the lis pendens have been resolved. Yet even now, with no remaining appellate uncertainty, Barton advances new procedural objections to further stall consideration of the DLP Entities' motion. That shifting rationale underscores the absence of any genuine impediment to moving forward.

6. Meanwhile, the underlying dispute remains both narrow and time-sensitive. The DLP Entities' Emergency Motion to Declare Lis Pendens Void has been fully briefed since October 2025. The lis pendens at issue have continued to cloud title and interfere with the DLP Entities' ability to conduct ordinary business operations, including sales and financing transactions. The DLP Entities are not central litigants in the broader action, yet they continue to bear the consequences of encumbrances that, as explained in their motion, lack a valid legal basis.

Under these circumstances, the modest step of convening a status conference to address the path forward is not only appropriate, but overdue.

7. In the end, Barton's objections do not present a true procedural dispute; they reflect an effort to delay a routine case-management step that will assist the Court in resolving a pending motion. The Court has already exercised its discretion to set the conference, and nothing in Barton's response calls that decision into question. There is no reason to revisit it.

8. The DLP Entities therefore respectfully request that the Court overrule Barton's objections and proceed with the status conference as scheduled. To the extent, however, that the Court determines that rescheduling is necessary in light of Barton's stated conflict, the DLP Entities respectfully request that any continuance be brief and that the status conference be reset to the Court's next available date. Further delay would only prolong the prejudice already being experienced by the DLP Entities and serve no corresponding purpose.

## REQUEST FOR RELIEF

For these reasons, the DLP Entities respectfully request that the Court overrule Barton's objections and proceed with the status conference as scheduled, or, in the alternative, reset the conference promptly at the earliest available time.

Dated: June 5, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*
Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEY FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2026, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli