IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON et al., | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS LLCS, LDG001 LLC, | § § § | |
| *Relief Defendants.* | § § | |

## **ORDER**

Before the Court is Receiver Cort Thomas's Verified and Emergency Motion to Declare Lis Pendens Void and Award Compensatory Sanctions. (Doc. 741.) After due consideration, the Court **GRANTS** the motion in part and **DENIES** in part.

The facts of this ongoing saga are well known, so the Court will cabin its retelling to the portions relevant to this motion. On July 31, 2024, Defendant Timothy Barton entered four separate Notices of Lis Pendens on the real property records of Dallas County, Texas. The lis pendens encumber: (i) 13636 Goldmark Drive, Dallas, Texas (the "Goldmark Property"), recorded as Instrument No. 202400153184; (ii) 4107 Rock Creek Drive, Dallas, Texas 75204 (the "Rock Creek Property"), recorded as Instrument No. 202400153185; (iii) 2999 Turtle Creek Boulevard, Dallas, Texas 75219 (the "Turtle Creek Property"), recorded as

1

Instrument No. 202400153186; and (iv) 3407 and 3409 Hall Street, Dallas, Texas (the "Hall Street Property"), recorded as Instrument No. 202400153187.

At the outset, the Court addresses Barton's argument that the Court should not reach the merits of this motion. Barton first argues that there is no emergency necessitating expedited resolution of this motion. He next argues that expedited ruling would render his Preservation Motion moot.

The Court takes each in turn.

"[C]ourts traditionally have exercised considerable authority to manage their own affairs so as to achieve the orderly and *expeditious* disposition of cases."[1] Indeed, district courts have "broad discretion in controlling [their] own docket."[2] So it is within the Court's discretion to resolve this motion on an expedited basis.

Moreover, Barton has previously argued that delays in the sale of the Rockcreek Property caused loss of value.[3] But, as the Court previously held, Barton himself was the cause of those delays and any resulting loss in value.[4] So the Court will not permit Barton to further delay sale of these properties.

Barton's Preservation Motion provides no basis for delay either. To begin with, there is no pending Preservation Motion before this Court for it to consider. Barton filed the Preservation Motion prior to the Court granting Attorney Jules Slim leave

---

[1] *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989) (emphasis added) (cleaned up).

[2] *Edwards v. Cass Cnty, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990).

[3] *See* Doc. 710.

[4] Doc. 723.

to withdraw as counsel and the Court subsequently struck the motion.[5] Accordingly, the Court will not delay resolution of this motion based on a nonexistent motion.

The Court now turns to the merits of the motion.

This is not the first time Barton has encumbered receivership property in violation of the Court's order enjoining him from "directly or indirectly taking any action or causing any action to be taken" which would "interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property."[6]

Barton previously noticed lis pendens on December 1, 2022 on the Rock Creek Property, which the Court declared void and ordered barton to pay the Receiver $1,200 in compensatory sanctions.[7] The lis pendens before the Court today are identical to the previously voided notices.

Under Texas law, lis pendens are permitted in narrow circumstances. "A notice of *lis pendens* may be filed only 'during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property.'"[8]

The SEC's claims against Barton do not fall within these narrow circumstances. So, as the Fifth Circuit has instructed, "the filing of the lis pendens

---

[5] Docs. 745, 746, 747.

[6] Doc. 650 at 17–18 ¶ 85(A). *See id.* ("[P]rohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property.").

[7] Doc. 104 at 2.

[8] *Petito v. Brewster*, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) (quoting *Flores v. Haberman*, 915 S.W. 2d 477, 478 (Tex. 1995)).

notice was not authorized by Texas statute and thus of no effect."[9]  Accordingly, the Court **GRANTS** the Receiver's motion to declare the lis pendens void.[10]

The Court next addresses the Receiver's motion for compensatory sanctions. The Receiver asks the Court to award $2,700 in fees to compensate the Receiver for the time "in preparing this Motion to rectify Barton's repeated and contumacious conduct."[11]  But the Receiver has provided no evidence to the Court to substantiate his claim that he has incurred this cost in time.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Receiver's motion for compensatory sanctions and **GRANTS** the Receiver leave for twenty-one (21) days to submit evidence supporting his motion for compensatory sanctions and any other sanctions he seeks.

**IT IS SO ORDERED** this 9th day of June, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988).

[10] *Id.* at 1153 ("When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex.Prop.Code Ann. § 12.008 to cancel it.").

[11] Doc. 741 at 4.

4