**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION FOR LEAVE TO FILE HIS OPPOSED MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 735)**

Pursuant to the Court's Order of June 5, 2026 (ECF No. 747) and the Court's Electronic Order of June 8, 2026 (ECF No. 751), Defendant Timothy L. Barton respectfully moves for leave to file the attached *Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735)*, submitted herewith as **Exhibit A**, together with its supporting Declaration of Timothy L. Barton, submitted herewith as **Exhibit A-1**. In support, Defendant shows the following:

## I. BACKGROUND

1. On June 3, 2026, Defendant filed his Objection and Response to the DLP Entities' Motion for Status Conference (ECF No. 734), and Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735), docketed as ECF No. 744. At the time of that filing, Defendant's counsel of record had moved to withdraw (ECF No. 724) but the motion remained pending, and Defendant's representational status was unresolved.

2. On June 5, 2026, the Court granted counsel's unopposed motion to withdraw and permitted Defendant to represent himself pro se, subject to the requirement that Defendant "must seek leave of the Court before filing any motion," excepting responses and replies under Local Rule 7.1(e) and (f). ECF No. 747.

3. On June 8, 2026, the Court entered an Electronic Order striking ECF No. 744 because it was filed without leave of Court. ECF No. 751. The Court expressly permitted Defendant to refile his Motion "together with an appropriate motion for leave to file same," stated that it "intends to grant Barton leave to refile his Motion," and directed that any refiled Motion attach evidence supporting Defendant's assertion that he is unable to attend the June 11, 2026 status conference due to a scheduling conflict. *Id.*

4. This Motion for Leave, and the attached refiled Motion and supporting Declaration, are submitted in direct compliance with ECF Nos. 747 and 751.

**II. THE EVIDENCE REQUIREMENT AND PRIVILEGE**

5. In compliance with ECF No. 751, Defendant attaches as Exhibit A-1 his sworn Declaration pursuant to 28 U.S.C. § 1746, attesting under penalty of perjury to his confirmed, in-person commitments in Washington, D.C. on June 10–12, 2026, which were secured after many months of preparation and which conflict with the June 11, 2026 status conference setting.

6. The identities of the participants, the subject matter, and the substance of those commitments are protected by the attorney-client privilege and the work-product doctrine, because they were arranged in connection with, and form part of, the preparation of Defendant's defense in the parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.). Those details cannot be disclosed in a public filing without compromising that defense. The attached Declaration therefore describes the commitments at the level of generality the privilege permits, and the description of the nature of those commitments is also set out in the attached Motion itself.

**III. REQUEST FOR EXPEDITED CONSIDERATION**

9. Because the status conference remains set for Thursday, June 11, 2026, at 3:00 P.M. (ECF No. 735), Defendant respectfully requests that the Court rule on this Motion for Leave, and on the attached Motion, in advance of that setting.

**V. RELIEF REQUESTED**

WHEREFORE, Defendant Timothy L. Barton respectfully requests that the Court (i) GRANT leave to file the attached Opposed Motion to Modify the Order Setting Status

Conference (Exhibit A) and supporting Declaration (Exhibit A-1); (ii) direct the Clerk to file Exhibits A and A-1 on the docket as of the date of the Court's order; (iii) consider this Motion on an expedited basis in advance of the June 11, 2026 status conference; and (iv) grant such other and further relief as the Court deems just and proper.

Dated: June 9, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
**Timothy L. Barton**
Defendant, pro se (ECF No. 747)
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), the undersigned, appearing pro se, conferred by email on June 2, 2026 with counsel for the DLP Entities, counsel for the Receiver, and counsel for the Securities and Exchange Commission regarding the relief requested in the attached Motion, which is the same relief for which leave is sought herein. Counsel for the DLP Entities, Michael D. Napoli (Akerman LLP), advised that the DLP Entities oppose the requested relief. Counsel for the Receiver, Cort Thomas (Brown Fox PLLC), and counsel for the SEC, Keefe M. Bernstein, each advised that the Receiver and the SEC, respectively, defer to the position of the DLP Entities. Accordingly, this Motion is opposed.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE HIS OPPOSED MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF 735)**

Before the Court is Defendant Timothy L. Barton's Opposed Motion for Leave to File his Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735), submitted pursuant to the Court's Orders at ECF Nos. 747 and 751. Having considered the Motion, the record, and applicable law, the Court finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that:

1. Defendant is GRANTED leave to file his Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735), attached to the Motion for Leave as Exhibit A, together with the supporting Declaration of Timothy L. Barton attached as Exhibit A-1;

2. The Clerk is DIRECTED to file Exhibits A and A-1 on the docket as of the date of this Order; and

3. Any response to the refiled Motion shall be filed in accordance with the deadlines set by the Court.

**SO ORDERED.**

Dated: __________________, 2026

____________________________________

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 735) (REFILED PURSUANT TO THE COURT'S ELECTRONIC ORDER, ECF No. 751)**

Defendant Timothy L. Barton respectfully submits this Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735), refiled pursuant to the Court's Electronic Order of June 8, 2026 (ECF No. 751) and accompanied by a motion for leave to file as required by the Court's Order of June 5, 2026 (ECF No. 747). Defendant does not oppose the Court convening a status conference to assist orderly resolution of the issues raised by ECF Nos. 681 and 734. Defendant does, however, respectfully ask the Court to (i) reset the conference to a mutually agreed date after June 12, 2026, because Defendant is not available on June 11, 2026; (ii) confirm on the public docket the magistrate referral and the Article III scope of any matter to be taken up at the conference; and (iii) formally reopen the case from administrative closure before any merits proceedings on ECF No. 681. In support, Defendant shows the following:

## I. INTRODUCTION

Three facts on the public docket frame this Motion:

1. **Defendant now proceeds pro se, subject to a leave-of-court requirement.** On June 5, 2026, the Court granted attorney Jules P. Slim's unopposed motion to withdraw and permitted Defendant to represent himself pro se, provided that Defendant seek leave of Court before filing any motion (ECF No. 747). Defendant's prior version of this Motion (ECF No. 744), filed June 3, 2026 — before ECF No. 747 issued — was stricken for want

of leave (ECF No. 751). The Court expressly permitted Defendant to refile the Motion together with an appropriate motion for leave, stated that it "intends to grant Barton leave to refile his Motion," and directed that the refiled Motion attach evidence supporting the asserted scheduling conflict. *Id.* This Motion is that refiling, accompanied by the required motion for leave and by Defendant's sworn Declaration (Exhibit A-1).

2. **The magistrate-judge assignment for this case is unclear on the docket.** The Order Setting Status Conference (ECF No. 735) is signed by United States Magistrate Judge Rebecca Rutherford. However, on January 16, 2026 the Clerk entered a docket notice expressly providing: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* A separate docket entry the same day reflects a Court Request for Recusal under Northern District Special Order 3-249, by which the Clerk reassigned the case to Magistrate Judge David L. Horan (ECF No. 702), with a case suffix of "-BN." Neither the DLP Motion (ECF No. 734) nor the Status Conference Order (ECF No. 735) uses the "-BN" suffix or otherwise reflects a fresh referral order placing the lis-pendens motion (ECF No. 681) — or any other matter — before Magistrate Judge Rutherford after the January 16, 2026 "referred in error" docket entry. Before any party is required to brief, attend, or be bound by proceedings before a particular magistrate judge, the record should be clarified.

3. **The proposed date is not workable for Defendant, and sworn evidence of the conflict is attached.** The Order sets the conference for Thursday, June 11, 2026, at 3:00 P.M., and requires Defendant Barton to appear in person. Mr. Barton is required to be in Washington, D.C. on June 10, 11, and 12, 2026 for a sequence of in-person meetings with certain government officials and associates that have been secured after many months of preparation. Those meetings are at the heart of Mr. Barton's defense in the parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.), in which Mr. Barton's aggregate potential sentencing exposure approaches 180 years' imprisonment. The June 10–12 meetings cannot reasonably be rescheduled, and his personal liberty depends on his ability to attend them. In compliance with ECF No. 751, Defendant attaches as Exhibit A-1 his sworn Declaration pursuant to 28 U.S.C. § 1746 evidencing the conflict. Because the identities of the participants and the substance of those commitments are protected by the attorney-client privilege and the work-product doctrine

in connection with Defendant's criminal defense, the Declaration describes the conflict at the level of generality the privilege permits. Mr. Barton respectfully requests that the status conference be reset to a date after June 12, 2026, mutually convenient to all parties. Counsel for the DLP Entities, the Receiver, and the SEC will not be prejudiced by a brief continuance: the underlying motion (ECF No. 681) was filed on September 22, 2025 and has been pending without prejudice to the parties' substantive positions for eight months.

Defendant raises these matters in the same spirit of efficiency the DLP Entities invoke in their Motion (ECF No. 734 at 2) — namely, to avoid a hearing that may have to be rescheduled or vacated because of unresolved procedural threshold issues.

## II. PROCEDURAL BACKGROUND

### *A. Defendant's representation status.*

4. On February 26, 2026, Mr. Slim filed a Notice of Change in Role of Counsel (ECF No. 713) advising the Court and the parties that his role had transitioned from active counsel of record to an advisory and supervisory capacity only, and that Defendant intended to proceed pro se.

5. On March 16, 2026, Defendant filed his Motion for Leave to Proceed Pro Se and Authorization to File Electronically (ECF No. 717), citing depletion of his assets and the inability to retain or maintain counsel. The motion was grounded in 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." On March 25, 2026, the Court denied that motion (ECF No. 720) on the sole ground that Mr. Slim had not yet moved to withdraw.

6. On April 14, 2026, Mr. Slim filed his Unopposed Motion to Withdraw as Counsel pursuant to Local Civil Rule 83.12 (ECF No. 724), and the SEC filed a Notice of Non-Objection (ECF No. 729).

7. On June 5, 2026, the Court granted Mr. Slim's motion to withdraw and permitted Defendant to represent himself pro se, subject to the requirement that Defendant seek leave of Court before filing any motion, excepting responses and replies under Local Rule 7.1(e) and (f). ECF No. 747. Defendant's representational status is accordingly now resolved: Defendant appears pro se.

8. On June 8, 2026, the Court entered an Electronic Order striking ECF No. 744 — the prior version of this Motion, filed June 3, 2026, before ECF No. 747 issued — because it was filed without leave. ECF No. 751. The Court permitted Defendant to refile the Motion together with an appropriate motion for leave, directed that the refiled Motion attach evidence supporting the asserted scheduling conflict, and stated its intention to grant leave. *Id.*

***B. Magistrate-judge assignment and referral history.***

9. On September 24, 2025, the Court entered an Electronic Order Referring Motion specifically as to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). *See* ECF No. 699 (Order Referring Motion re [681] to Magistrate).

10. On January 16, 2026, the Clerk entered ECF No. 702, captioned "Court Request for Recusal," pursuant to Special Order 3-249, reassigning the case to United States Magistrate Judge David L. Horan and modifying the case caption to 3:22-cv-02118-X-BN.

11. On the same day, the Clerk separately entered a docket notice reading verbatim: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* That notice has not been revoked, modified, or superseded by any subsequent order docketed in this action.

12. Notwithstanding the foregoing, ECF No. 735 — the Order Setting Status Conference — is signed by Magistrate Judge Rebecca Rutherford and refers to ECF Nos. 681 and 734 (the lis pendens motion and DLP's motion for status conference). The Order does not cite the order of referral on which Magistrate Judge Rutherford is exercising authority, and the caption no longer carries any magistrate-judge designation (it reads 3:22-cv-2118-X, not 3:22-cv-02118-X-BN). Defendant respectfully requests that the docket be clarified before the parties are required to participate in a conference whose jurisdictional posture is, on the face of the public record, ambiguous.

13. The case itself was administratively closed on August 7, 2025, and no order reopening the case has been entered on the public docket. Before the Court reaches the merits of the DLP Entities' Motion to Declare Lis Pendens Void (ECF No. 681) — or any other dispositive matter — the docket must first be formally reopened by order of the assigned Article III

district judge. The convening of a status conference on a closed docket does not, by itself, restore active jurisdiction or cure the absence of a reopening order.

***C. The DLP Motion and the Status Conference Order.***

14. On May 19, 2026, the DLP Entities filed their Motion for Status Conference (ECF No. 734), asking the Court to convene a conference regarding ECF No. 681. The Court granted that request three business days later, on May 26, 2026, in ECF No. 735, setting the conference for Thursday, June 11, 2026, at 3:00 P.M. in Judge Rutherford's courtroom, and requiring counsel for the DLP Entities, the Receiver, *and* counsel for Defendant Barton to appear in person.

15. Defendant now appears pro se pursuant to ECF No. 747 and, by this refiled Motion, seeks modification of the June 11, 2026 setting on account of a previously secured conflict that cannot reasonably be moved, as evidenced by the attached Declaration (Exhibit A-1).

## III. ARGUMENT AND AUTHORITIES

***A. This refiled Motion complies with ECF Nos. 747 and 751, and the required evidence is supplied in a form consistent with privilege.***

This Motion is refiled in direct compliance with ECF No. 751, accompanied by the motion for leave required by ECF No. 747. ECF No. 751 further directed Defendant to "attach evidence supporting his assertion" of a scheduling conflict. Defendant complies by attaching his sworn Declaration under 28 U.S.C. § 1746 (Exhibit A-1), attesting under penalty of perjury to the confirmed June 10–12, 2026 commitments in Washington, D.C. described above. An unsworn declaration under § 1746 is competent evidence in federal proceedings.

The Declaration necessarily describes those commitments at a level of generality, because the identities of the participants, the subject matter, and the scheduling particulars were arranged in connection with — and form part of — the preparation of Defendant's defense in the parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.). Those details are protected by the attorney-client privilege and the work-product doctrine and cannot be disclosed on the public docket without compromising the defense of a case in which Defendant's aggregate potential sentencing exposure approaches 180 years' imprisonment.

***B. The Court should confirm on the docket the magistrate referral under which ECF No. 735 was issued.***

United States Magistrate Judges are creatures of statute. Their authority extends only to those matters Congress has authorized in 28 U.S.C. § 636, supplemented by referral by the Article III district judge under that section and Federal Rules of Civil Procedure 72 and 73. As the Supreme Court explained in *Wellness International Network, Ltd. v. Sharif*, 575 U.S. 665, 678–79 (2015), non-Article-III adjudicators "may not assume powers that the Constitution reserves to Article III judges"; accord *Stern v. Marshall*, 564 U.S. 462, 484–87 (2011) (limiting non-Article-III adjudication of state-law property claims).

Here, the docket is, on its face, in tension. ECF No. 702 (Jan. 16, 2026) reassigned the case to Magistrate Judge David L. Horan under Northern District Special Order 3-249 and the case caption changed to 3:22-cv-02118-X-BN. The same day, the Clerk entered a separate notice reading: *"CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***."* Yet ECF No. 735 — issued more than four months later — is signed by Magistrate Judge Rebecca Rutherford, refers to ECF No. 681 (a motion at minimum requiring referral under § 636(b)(1) and Local Civil Rule 72.1), and bears no magistrate-judge case suffix. The Order does not cite the referral order on which the assigned magistrate is acting.

Defendant does not, by this Motion, assert that Magistrate Judge Rutherford has acted without proper authority. Defendant simply asks the Court to clarify, on the docket and before the status conference is held, (i) which magistrate judge (if any) is currently assigned to this matter; (ii) the order of referral under which the assigned magistrate is exercising authority; (iii) whether that referral encompasses ECF No. 681 (Emergency Motion to Declare Lis Pendens Void) or only ministerial matters; and (iv) the consent posture under 28 U.S.C. § 636(c), if any. Defendant has not previously consented to magistrate-judge jurisdiction over any dispositive matter, and reserves all rights under Federal Rule of Civil Procedure 73(b) and 28 U.S.C. § 636(c)(2).

Clarification is also consistent with the Fifth Circuit's repeated admonition that the public docket should accurately reflect the procedural posture of pending matters. *See, e.g.,* *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 166–67 (5th Cir. 2004) (administrative closure does not eliminate the need for clear procedural orders).

Relatedly, the public docket reflects that this case was administratively closed on August 7, 2025, and no order reopening the case has been entered. Before any merits relief is granted on ECF No. 681, the case must be formally reopened by order of the assigned Article III district judge. Defendant respectfully requests that the Court enter a reopening order, or otherwise confirm on the docket the procedural posture under which this matter proceeds, before requiring the parties to attend a substantive status conference.

***C. Article III concerns counsel against a magistrate-only resolution of the lis pendens motion on a contested record.***

The Emergency Motion to Declare Lis Pendens Void (ECF No. 681) seeks an order extinguishing notices of *lis pendens* filed by Defendant under Texas Property Code § 12.007 against properties in which Defendant asserts an appellate-preservation interest. As DLP itself emphasizes (ECF No. 734 at ¶ 7), the motion seeks relief that is *final* in character as to the encumbrance and could conclusively eliminate Defendant's recorded interest. Cancellation of a *lis pendens* — like an injunction directed at recorded title — is a remedy that affects core property rights. *See Stern*, 564 U.S. at 484–87; *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53–55 (1989). Absent the consent contemplated by 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, a United States Magistrate Judge may make only a report and recommendation as to that motion, with *de novo* review by the Article III district judge. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b); *see also PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13–14 (1st Cir. 2010) (distinguishing dispositive from non-dispositive matters under § 636).

Defendant does not waive — and expressly reserves — any objection under 28 U.S.C. § 636(c)(2) and Federal Rule of Civil Procedure 73(b) to magistrate-judge resolution of any dispositive issue. Defendant's appearance at any status conference should not be construed as consent to magistrate-judge jurisdiction over the underlying motion or any other dispositive matter.

***D. Good cause exists to reset the conference to a mutually agreed date.***

Scheduling matters rest in the trial court's discretion: "broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983); accord *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge."). In evaluating a continuance request, the Fifth Circuit considers, among other factors: (1) when the request was filed; (2) the nature of the reasons offered in support,

including their candor; (3) the length of the requested delay; (4) the number of continuances previously granted; and (5) the general balance of convenience to the parties and the court. *See United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998); *see also HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) (denial of a continuance reviewed deferentially, for abuse of discretion and resulting prejudice).

Each consideration favors resetting the conference: (1) Defendant raised the conflict promptly — within days of the May 26, 2026 entry of ECF No. 735 — and promptly refiled this Motion following the Court's Electronic Order of June 8, 2026 (ECF No. 751); (2) the reasons offered are candid and are substantiated by sworn declaration (Exhibit A-1); (3) the requested delay is brief — a reset to the first mutually convenient date after June 12, 2026; (4) this is Defendant's first request to move this conference; and (5) the balance of convenience favors a short reset, because ECF No. 681 has been pending since September 2025, ECF No. 734 itself asked only that the conference be held at the Court's "earliest convenience" (ECF No. 734, at 4), and a conference Defendant cannot attend may simply have to be repeated.

As evidenced by the attached Declaration (Exhibit A-1), Defendant has confirmed in-person commitments in Washington, D.C. on June 10, 11, and 12, 2026 — secured after months of preparation and integral to the defense of his parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.). Those commitments cannot reasonably be rescheduled, and Defendant's personal liberty depends on his ability to attend them. By contrast, the DLP Entities will suffer no concrete adverse effect from a short continuance. Defendant respectfully requests that the conference be reset to a mutually agreed date after June 12, 2026, to be coordinated with the chambers calendar and counsel for the DLP Entities, the Receiver, and the SEC. In the alternative, Defendant requests leave to appear by telephone or video.

## IV. RELIEF REQUESTED

WHEREFORE, Defendant Timothy L. Barton respectfully requests that the Court:

1. **Modify ECF No. 735** to reset the status conference to a date mutually convenient to all parties after June 12, 2026, in light of Defendant's confirmed June 10–12, 2026 in-person commitments in Washington, D.C. in connection with his pending criminal proceeding, or

to such later date as the Court may set after conferral with the parties — or, in the alternative, permit Defendant to appear by telephone or video;

2. **Clarify on the docket the magistrate referral** presently in effect, including (i) which magistrate judge (if any) is currently assigned to this action in light of ECF No. 702 and the January 16, 2026 "Case referred in error" docket entry; (ii) the specific referral order under which the assigned magistrate judge is acting with respect to ECF No. 681; and (iii) the dispositive/non-dispositive character of any matter to be heard at the conference under 28 U.S.C. § 636(b);

3. **Reopen the case** from administrative closure entered August 7, 2025, by order of the assigned Article III district judge, prior to any merits proceedings on ECF No. 681;

4. **Confirm** that Defendant's participation in the conference is without prejudice to, and does not constitute consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to, magistrate-judge resolution of the underlying Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

5. **Grant** such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: June 9, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*

**Timothy L. Barton**
Defendant, pro se (ECF No. 747)
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), the undersigned, appearing pro se, conferred by email on June 2, 2026 with counsel for the DLP Entities, counsel for the Receiver, and counsel for the Securities and Exchange Commission regarding the relief requested herein. Counsel for the DLP Entities, Michael D. Napoli (Akerman LLP), advised that the DLP Entities **oppose** the requested relief. Counsel for the Receiver, Cort Thomas (Brown Fox PLLC), and counsel for the SEC, Keefe M. Bernstein, each advised that the Receiver and the SEC, respectively, defer to the position of the DLP Entities. Accordingly, this Motion is **opposed**.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT**
**TIMOTHY L. BARTON'S OPPOSED MOTION TO MODIFY**
**THE ORDER SETTING STATUS CONFERENCE (ECF No. 735)**

Before the Court is Defendant Timothy L. Barton's Opposed Motion to Modify the Order Setting Status Conference (ECF No. 735), refiled pursuant to the Court's Electronic Order (ECF No. 751). Having considered the Motion, the supporting Declaration, the responses thereto (if any), the record, and applicable law, the Court finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that:

1. The status conference set by ECF No. 735 for June 11, 2026 at 3:00 P.M. is VACATED and is reset to ____________________, 2026 at __:__ __.M.;
2. On or before the date set above, the Clerk shall (a) reflect on the docket the magistrate-judge assignment, if any, presently in effect; and (b) post the order of referral, if any, under which any matter before the Court is being handled by a United States Magistrate Judge;
3. The case is REOPENED from the administrative closure entered August 7, 2025, for all purposes related to the matters to be addressed at the status conference;
4. Defendant's participation in the rescheduled conference shall not be construed as consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to magistrate-judge resolution of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

5. All other terms of ECF No. 735 not modified herein shall remain in effect.

**SO ORDERED.**

Dated: ___________________, 2026

_____________________________________

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants, | § | |

**DECLARATION OF TIMOTHY L. BARTON IN SUPPORT OF HIS OPPOSED MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 735)**

Pursuant to 28 U.S.C. § 1746, I, Timothy L. Barton, declare as follows:

1. I am the Defendant in the above-captioned action. I am over the age of eighteen, of sound mind, and fully competent to make this Declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. I am required to be in Washington, D.C. on June 10, 11, and 12, 2026 for a sequence of confirmed, in-person meetings with certain government officials and associates. These meetings were secured after many months of preparation and coordination.

3. These meetings relate directly to, and form part of the preparation of, my defense in the parallel criminal proceeding, *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.), in which my aggregate potential sentencing exposure approaches 180 years' imprisonment.

4. The identities of the participants, the subject matter, and the scheduling particulars of these meetings are protected by the attorney-client privilege and the work-product doctrine, because they were arranged in connection with the preparation of my criminal defense. I cannot disclose those details in a public filing without compromising that defense.

5. These meetings cannot reasonably be rescheduled. They were confirmed before the Order Setting Status Conference (ECF No. 735) was entered on May 26, 2026, and they conflict

directly with the in-person status conference setting of Thursday, June 11, 2026, at 3:00 P.M. in Dallas, Texas.

6. I do not seek modification of the status conference setting for purposes of delay, but so that I may attend and meaningfully participate in person. I am available for a reset conference on a mutually convenient date after June 12, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2026, at Dallas, Texas.

*/s/ Timothy L. Barton*
**Timothy L. Barton**
Defendant, pro se