**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,**<br><br>***Defendants.***<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LC,**<br><br>***Relief Defendants.*** | **§** | **No. 3:22-cv-2118-X** |

**DLP ENTITIES' RESPONSE TO BARTON'S OPPOSED MOTION FOR LEAVE TO FILE MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE**

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") respectfully submit this response ("Response") to Defendant Timothy Barton's ("Barton") Opposed Motion for Leave to File his Opposed Motion to Modify the Order Setting Status Conference (ECF No. 756) ("Motion").[1]

[1] Pursuant to the recent Order of this Court (ECF No. 747), Barton is required to seek leave of the Court before filing any motion. Accordingly, Barton has attached his draft Opposed Motion to Modify the Order Setting Status Conference as *Exhibit A* to his Motion. Given that the subject status conference at issue is currently set for June 11, 2026, the DLP Entities respectfully file this Response addressing Barton's arguments asserted therein.

## RESPONSE

1. The DLP Entities oppose Barton's request to continue the upcoming status conference. Although the DLP Entities remain willing to accommodate a brief and limited adjustment if necessary, Barton has not demonstrated good cause to delay these proceedings, and further delay would materially prejudice the DLP Entities.

2. The issue underlying the status conference—the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681)—has been fully briefed and ripe for decision for many months. Any prior justification for delay based on appellate proceedings has now been conclusively eliminated. There is no remaining appellate or jurisdictional impediment to resolution of that motion.

3. In the meantime, the lis pendens at issue continue to inflict concrete and ongoing harm. They interfere with the DLP Entities' ability to convey clear title, have already resulted in lost transactions, and continue to jeopardize additional pending transactions. Under these circumstances, further delay serves no legitimate purpose and only prolongs that harm.

4. Barton's Motion rests on a supporting declaration that is too vague and conclusory to establish good cause. *See* Fed. R. Civ. P. 16(b)(4); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) ("factual allegations must be specific, as opposed to merely speculative or conclusory" to constitute good cause); *Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012) ("good cause, within the meaning of [Rule 26], contemplates a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").

5. The declaration does not meaningfully describe the nature of the purported obligation requiring Barton's travel to Washington, D.C., nor does it provide sufficient detail to evaluate why that obligation necessitates a continuance. Instead, Barton simply asserts that the

relevant details "cannot be disclosed in a public filing without compromising" his defense in a related criminal matter. *See* Motion, ¶ 6. For example, if the asserted obligation involves a meeting with federal prosecutors or another governmental body, Barton should be able to say so. If it instead involves discussions with a third-party witness or other non-governmental matter, Barton offers no explanation why such a meeting could not be rescheduled or otherwise accommodated without disrupting the Court's schedule.

6. Nor does Barton explain why the asserted conflict would not persist on any future date to which the status conference might be reset. Without that information, there is no basis to conclude that a continuance would resolve the purported conflict, rather than simply delay the proceedings without justification. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997). Such conclusory assertions do not satisfy the requirement of demonstrating good cause. *Murphy*, 205 F.3d at 814; *Campos*, 288 F.R.D. at 136.

7. To the extent Barton's Motion alludes to broader issues concerning the nature or significance of the underlying lis pendens dispute, those issues are properly addressed at the status conference itself. That is precisely the purpose of the conference—to allow the parties to present their respective positions and to inform the Court regarding any issues bearing on resolution of the pending motion. *See* Fed. R. Civ. P. 16(a). The Motion simply does not present those issues in a manner that warrants delaying the conference.

8. In short, Barton has failed to carry his burden to justify a continuance, particularly where the requested delay would continue to impose real and ongoing prejudice on the DLP Entities.

## REQUEST FOR RELIEF

For these reasons, the DLP Entities respectfully request that the Court deny Barton's Motion, including the relief requested in the related *Exhibit A*, and proceed with the status conference as scheduled. In the alternative, if the Court is inclined to grant a continuance, the DLP Entities respectfully request that it be limited to a brief period and that the status conference be reset at the earliest available date, but in any event no later than June 18, 2026.

Dated: June 10, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*
Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEY FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June, 2026, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli