ORIGINAL
FILED-USDC-NDTX-DA
'26 JUN 9 PM12:16
JJF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-2118-X |
| | § | |
| TIMOTHY BARTON et al., | § | |
| Defendants. | § | |

**DEFENDANT TIMOTHY L. BARTON'S REPLY IN SUPPORT OF HIS MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 744)**

Defendant Timothy L. Barton, now proceeding pro se, respectfully submits this Reply in support of his Motion to Modify the Order Setting Status Conference (ECF No. 744). The DLP Entities' Reply (ECF No. 748) opposes that relief. Because this is a reply under Local Civil Rule 7.1, it does not require leave of court: the order permitting Barton to proceed pro se provides that the leave requirement "shall not apply to responses and replies filed pursuant to L.R. 7.1(e),(f)." ECF No. 747.

A single intervening order resolves the premise of the dispute. On June 5, 2026, the Court granted Mr. Slim's unopposed motion to withdraw and ordered that "Barton is permitted to represent himself pro se." ECF No. 747. The DLP Reply, filed the same day, rests on the opposite assumption — that Barton still has counsel who can appear, so that his personal conflict does not matter. That assumption no longer holds. With Barton now self-represented, his personal availability is exactly what controls, and he cannot appear on June 11. DLP separately concedes that a reset is acceptable. The parties therefore differ only on the date.

**I. The Court has resolved Barton's representation. He proceeds pro se, and DLP's contrary premise is overtaken.**

The centerpiece of the DLP Reply is its assertion that the continuance should be denied because Barton "continues to have counsel of record—Attorney Sean O'Connell" who "has not

been relieved," such that "there is no suggestion that counsel is unable to" appear on June 11. ECF No. 748 at 2. The Court's order of June 5, 2026 overtakes that assertion.

That order granted Mr. Slim's unopposed motion to withdraw (ECF No. 724) and directed that "Barton is permitted to represent himself pro se." ECF No. 747. Barton's representation is therefore settled by the Court itself: he now proceeds without counsel.

The consequence for scheduling is straightforward, and it runs against DLP. DLP's argument is that counsel must appear, that counsel can appear, and that Barton's personal conflict is therefore immaterial. Now that Barton is self-represented, the opposite is true. No attorney is appearing for Barton. Barton must appear himself. And Barton cannot appear on June 11, because he has confirmed in-person meetings in Washington, D.C. on June 10, 11, and 12, 2026, connected to the defense of his parallel criminal proceeding, United States v. Barton, No. 3:22-cr-00352-K (N.D. Tex.), in which he represents that his aggregate sentencing exposure approaches 180 years. ECF No. 744 at 2, 9. His availability is not "immaterial." It is now the only availability that matters.

The same order also removes any question about Barton's authority to seek the relief in his motion. To the extent the posture was uncertain when ECF No. 744 was filed, ECF No. 747 confirms that Barton is now authorized to proceed and to be heard on his own behalf.

**II. DLP concedes that the conference may be reset. The parties differ only on the date.**

Although the DLP Reply opposes Barton's motion in form, it concedes the substance. DLP asks that, "to the extent ... the Court determines that rescheduling is necessary in light of Barton's stated conflict," any continuance "be brief" and the conference be "reset to the Court's next available date." ECF No. 748 at 4. Barton asked for a reset to a mutually convenient date after June 12, 2026. ECF No. 744 at 9–10. Those positions are not in conflict.

There is therefore no genuine dispute about whether the June 11 setting may be moved. The Court can reset the conference to its next available date after June 12, 2026, and both Barton's stated conflict and DLP's stated preference for promptness are satisfied. Barton does not seek open-ended delay. He asks only that the conference not be held on the three days he is required to be in Washington, D.C. for matters bearing directly on his liberty in the parallel criminal case.

**III. Two docket questions warrant brief clarification and are not answered by holding the conference.**

DLP answers Barton's remaining points by suggesting that any "administrative ambiguity can readily be addressed at the conference itself." ECF No. 748 at 2. Two matters are better reflected on the docket first.

The first is the magistrate-judge posture. ECF No. 735 set the conference before Magistrate Judge Rutherford, yet the docket reflects a January 16, 2026 reassignment of the case to Magistrate Judge Horan and a same-day notation that the case was "referred in error," which has never been revoked. ECF No. 744 at 6–7. The Court's June 5 order, by contrast, was entered by the district judge. Before a substantive conference on a motion that would extinguish recorded interests in real property, the docket should reflect which judicial officer is acting and under what order of referral.

The second is the administrative closure. The case was administratively closed on August 7, 2025, and the docket reflects no order reopening it. Id. The district judge's June 5 order is a welcome indication that the matter is again receiving the Court's attention, but it does not formally reopen the case, and reopening should precede any merits relief on ECF No. 681. Barton does not contend that the Court lacks power to manage its docket. He asks only that these two items be reflected on the record before the conference, and he incorporates the authorities set out in his motion without repeating them here.

**IV. DLP's assertion that the appellate proceedings "have been resolved" is unsupported and goes to the merits, not the calendar.**

DLP argues that appellate proceedings Barton "once cited as a justification for maintaining the lis pendens have been resolved," and that there is "no remaining appellate uncertainty." ECF No. 748 at 3. DLP cites nothing in support of that assertion, and the docket reflects that the parties were on appeal as recently as late 2025.

Whatever the current posture of the appeals, the point is misplaced in a dispute about scheduling. Whether Barton retains an appellate-preservation interest sufficient to support the lis pendens is the contested question presented by the Emergency Motion to Declare Lis Pendens Void (ECF No. 681). That is a matter for the hearing on that motion, on a developed record, not a

reason to deny a brief reset of a status conference. Barton disputes DLP's characterization and reserves his position on the merits for the hearing on ECF No. 681.

**V. Identifying defects on a tangled docket is diligence, not delay.**

DLP frames Barton's filing as part of a "pattern" of delay. ECF No. 748 at 3. The characterization is unfair, and it is beside the point in a dispute about the date of a single conference. Barton was authorized to proceed pro se only on June 5, 2026. He is a newly self-represented litigant working to align a docket that includes a withdrawal sequence spanning more than one law firm, a "referred in error" entry, and an administrative closure with no reopening order. Raising those matters is the ordinary diligence expected of any litigant, and especially of one without counsel.

Barton's requested dates rest on a specific and verifiable conflict: confirmed in-person meetings in Washington, D.C. on June 10, 11, and 12, 2026, tied to the defense of his parallel criminal case. ECF No. 744 at 2, 9. Attending to one's criminal defense is not a dilatory motive. And DLP's own request for a brief reset confirms the absence of real prejudice: the lis pendens has remained in place and ECF No. 681 has been pending since the fall of 2025, and a reset measured in days, or a short number of weeks, does not change that.

**CONCLUSION AND RELIEF REQUESTED**

For these reasons, and for those stated in ECF No. 744, Defendant respectfully requests that the Court:

1. Reset the status conference now set for June 11, 2026 to the Court's next available date after June 12, 2026, to be coordinated with the parties;
2. Consistent with ECF No. 747, conform the requirement in ECF No. 735 that "counsel" appear in person to Defendant's pro se status, so that Defendant appears personally at the rescheduled conference, and permit appearance by telephone or video as the Court may allow;
3. Reflect on the docket the magistrate-judge assignment and order of referral presently in effect, and reopen the case from the administrative closure entered August 7, 2025, before any merits proceedings on ECF No. 681;

4. Confirm that Defendant's participation in the conference does not constitute consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to magistrate-judge resolution of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

5. Grant such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: June 8, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
**Timothy L. Barton**
Defendant, pro se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff, | § § § § | |
| v. | § | Case No. 3:22-cv-2118-X |
| TIMOTHY BARTON et al.,<br>Defendants. | § § § | |

**[PROPOSED] ORDER ON DEFENDANT'S MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF No. 744)**

Before the Court is Defendant Timothy L. Barton's Motion to Modify the Order Setting Status Conference (ECF No. 744), his Reply in support thereof, and the DLP Entities' Reply (ECF No. 748). Having considered the motion, the responses, the file, and the applicable law, the Court finds that the motion should be and hereby is GRANTED in part.

**IT IS THEREFORE ORDERED that:**

1. The status conference set by ECF No. 735 for June 11, 2026 at 3:00 p.m. is VACATED and is reset to ____________________, 2026 at ____ .m.;

2. Consistent with ECF No. 747, Defendant Timothy L. Barton proceeds pro se; the requirement in ECF No. 735 that counsel for Defendant appear in person is modified to require Defendant to appear personally, and Defendant may appear by telephone or video as the Court may permit;

3. On or before the rescheduled conference date, the Clerk shall (a) reflect on the docket the magistrate-judge assignment, if any, presently in effect, and (b) post the order of referral, if any, under which any matter before the Court is being handled by a United States Magistrate Judge, and the case is REOPENED from the administrative closure entered August 7, 2025;

4. Defendant's participation in the rescheduled conference shall not be construed as consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to magistrate-judge

resolution of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter; and

5. All other terms of ECF No. 735 not modified herein shall remain in effect.

**SO ORDERED.**

Dated: ___________________, 2026

______________________________________

**UNITED STATES DISTRICT JUDGE**