FILED-USDC-NDTX-DA '26 JUN 11 PM4:37 KM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:22-cv-2118-X |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TIMOTHY L. BARTON'S EMERGENCY REPLY IN SUPPORT OF HIS OPPOSED MOTION FOR LEAVE TO FILE MOTION TO MODIFY THE ORDER SETTING STATUS CONFERENCE (ECF NO. 756) AND NOTICE REGARDING THE ELECTRONIC ORDER AT ECF NO. 758**

Defendant Timothy L. Barton ("Barton"), appearing *pro se*, respectfully submits this Emergency Reply in support of his Opposed Motion for Leave to File his Opposed Motion to Modify the Order Setting Status Conference (ECF No. 756) (the "Motion for Leave"), in reply to the DLP Entities' Response (ECF No. 757), and respectfully gives notice regarding the Electronic Order entered June 10, 2026 (ECF No. 758). This Reply is filed pursuant to Local Rule 7.1(f) and is therefore expressly excepted from the leave-of-court requirement of this Court's Order of June 5, 2026 (ECF No. 747), which provides that the order "shall not apply to responses and replies filed pursuant to L.R. 7.1(e),(f)."

## I. NOTICE: THE ELECTRONIC ORDER (ECF NO. 758) ADDRESSED A DIFFERENT MOTION; THE MOTION FOR LEAVE (ECF NO. 756) REMAINS PENDING

1. The Electronic Order entered June 10, 2026 (ECF No. 758) denied "[753] Motion to Extend Time." Barton respectfully directs the Court's attention to the fact that ECF No. 753 is Barton's Motion for Leave to File Status Report Out of Time, filed June 5, 2026. That motion

sought leave, under Federal Rule of Civil Procedure 6(b)(1)(B), to file out of time the Status Report regarding attorney representation that Judge Starr directed Barton to file by June 3, 2026 (Electronic Order, ECF No. 738). ECF No. 753 did not seek a continuance of the status conference and did not concern the conference's scheduling at all.

2. Barton's request to modify the Order Setting Status Conference (ECF No. 735) is instead presented in his Opposed Motion for Leave to File his Opposed Motion to Modify the Order Setting Status Conference, ECF No. 756, refiled pursuant to the Court's Electronic Order at ECF No. 751 and in compliance with the leave requirement of ECF No. 747. The DLP Entities responded to that motion on June 10, 2026 (ECF No. 757). To Barton's knowledge, no order has yet adjudicated ECF No. 756.

3. Barton raises this respectfully and solely to ensure a clear record: to the extent the Electronic Order at ECF No. 758 was intended to dispose only of the status-report motion (ECF No. 753), Barton's separate, fully briefed Motion for Leave (ECF No. 756) — and the relief requested in its attached Exhibit A — remains pending and ripe for ruling before the conference currently set for June 11, 2026 at 3:00 p.m. Barton respectfully requests that the Court rule on ECF No. 756 prior to the conference, or alternatively grant the modest alternative relief described below.

## II. REPLY: GOOD CAUSE EXISTS, AND BARTON OFFERS TO SUPPLY THE LIMITED DETAILS THE DLP ENTITIES SAY ARE MISSING

4. The DLP Entities' principal objection is that Barton's supporting declaration is "too vague and conclusory" because it does not describe the nature of the obligation requiring his presence in Washington, D.C. (ECF No. 757 ¶¶ 4–5). But the declaration's restraint is not evasion; it reflects the reality that the obligation arises from Barton's defense of a related federal criminal

matter, and that disclosing its nature, participants, or subject matter in a public civil filing — in a case in which the SEC is the plaintiff — would compromise that defense.

5. The DLP Entities themselves identify the solution: they argue that if the obligation "involves a meeting with federal prosecutors or another governmental body, Barton should be able to say so." (ECF No. 757 ¶ 5). Barton now says so. As established by the Supplemental Declaration of Timothy L. Barton submitted herewith (the "Supplemental Declaration"), on June 11, 2026 Barton attended a meeting at the offices of the United States Department of Justice in Washington, D.C., concerning his defense of a related federal criminal matter. Photographs documenting Barton's presence at the Department of Justice on June 11, 2026 are attached to the Supplemental Declaration as Exhibit 1.

6. The Supplemental Declaration supplies precisely the "particular and specific demonstration of fact" the DLP Entities invoke, and it answers their further suggestion that the conflict might "persist on any future date" (ECF No. 757 ¶ 6): the obligation was tied to a specific date — June 11, 2026, the very day of the scheduled conference — was not of Barton's making, and could not be rescheduled by him. The conflict was genuine and date-specific, not a standing condition, and the photographic record confirms it.

7. Notably, the relief Barton seeks is now only partially opposed. The DLP Entities state in the alternative that, if the Court is inclined to grant a continuance, it should be "limited to a brief period" with the conference reset "no later than June 18, 2026." (ECF No. 757 at 4). Barton accepts that framework: he does not seek indefinite delay, and a reset to any date through June 18, 2026 — or remote participation, as set out below — would fully accommodate both the Court's schedule and the DLP Entities' stated concerns.

8. Nor would a brief reset prejudice any party. The underlying Emergency Motion to Declare Lis Pendens Void (ECF No. 681) is, by the DLP Entities' own account, fully briefed. A status conference held days later — or attended remotely — changes nothing about the posture of that motion. By contrast, requiring a pro se defendant to choose between attending a civil status conference and discharging obligations arising in his federal criminal defense implicates interests of a different order, and the conflict here is not one Barton created or could reschedule.

## III. ALTERNATIVE RELIEF: REMOTE APPEARANCE

9. In the alternative, and to eliminate any conceivable prejudice or delay, Barton respectfully requests leave to appear at the status conference by Zoom videoconference or by telephone. As stated in the Supplemental Declaration, Barton's meeting at the Department of Justice concluded at approximately 12:00 p.m. Eastern Time on June 11, 2026. Barton therefore stands ready, willing, and able to appear remotely at the status conference as scheduled today at 3:00 p.m. Central Time, upon the Court's provision of Zoom or dial-in credentials, which may be transmitted to him at timothy.barton@proton.me or (214) 914-3811. Remote appearance imposes no burden on the Court or the parties, is routinely permitted for status conferences, and would allow the conference to proceed today without any continuance at all — fully mooting the DLP Entities' claimed prejudice.

## IV. BARTON'S JUDICIALLY RESTRICTED ELECTRONIC ACCESS COMPOUNDS THE TIMING PREJUDICE

10. Finally, the timing pressures presented here are compounded by a structural notice problem of which the Court is already aware. Barton is a judicially restricted *pro se* defendant: under the Court's Order of June 5, 2026 (ECF No. 747), he must seek leave of the Court before filing any motion; his request for CM/ECF electronic-filing access was denied (ECF No. 720); and

he is not a registered CM/ECF filer in this case. He therefore does not receive Notices of Electronic Filing when orders and filings are entered, and learns of docket activity only by independently checking the docket through PACER. The consequences are already of record: Barton did not receive notice of the Court's May 29, 2026 Electronic Order (ECF No. 738) and learned of it only after the deadline it set had passed. (ECF No. 753 ¶¶ 2–3). The Court has been apprised of this access issue and, by its Order of June 8, 2026, directed Barton to the ECF Help Desk concerning ECF access. (ECF No. 749).

11. Where, as here, orders are entered on the eve of the event to which they relate — the Electronic Order at ECF No. 758 was entered on June 10, 2026, the day before the conference — a party who receives no electronic notice cannot meaningfully respond in the time available. Barton respectfully submits that this access asymmetry should be resolved, or an interim accommodation ordered (for example, contemporaneous transmission of the Court's orders and notices to Barton by email at timothy.barton@proton.me), before emergency deadlines and short-fuse response windows are enforced against him.

## V. RESERVATION

12. Barton respectfully reiterates that neither this filing nor his participation in any status conference shall be construed as consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to disposition by a United States Magistrate Judge of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter.

## VI. PRAYER

For these reasons, Defendant Timothy L. Barton respectfully requests that the Court: (1) take notice that the Electronic Order at ECF No. 758 denied the status-report motion at ECF No. 753, and rule on Barton's pending Motion for Leave at ECF No. 756; (2) permit Barton to appear

at the status conference scheduled for June 11, 2026 at 3:00 p.m. Central Time by videoconference or telephone, and direct that connection credentials be provided to him; (3) in the alternative, grant the Motion for Leave and the relief requested in its Exhibit A, resetting the status conference to a date on or before June 18, 2026, consistent with the DLP Entities' own alternative request; (4) accept and consider the Supplemental Declaration of Timothy L. Barton and Exhibit 1 thereto; (5) direct that, until Barton's CM/ECF electronic-filing and e-notice access is resolved, copies of the Court's orders and electronic notices in this action be transmitted to Barton by email at timothy.barton@proton.me contemporaneously with their entry; and (6) grant such other and further relief as is just and proper.

Dated: June 11, 2026.

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:22-cv-2118-X |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON et al., | § | |
| | § | |
| Defendants. | § | |

**[PROPOSED] ORDER**

Before the Court are Defendant Timothy L. Barton's Opposed Motion for Leave to File his Opposed Motion to Modify the Order Setting Status Conference (ECF No. 756), the DLP Entities' Response thereto (ECF No. 757), and Barton's Emergency Reply, Notice, and Supplemental Declaration with Exhibits 1–3. Having considered the filings, the record, and applicable law, the Court finds that relief should be GRANTED as follows.

IT IS THEREFORE ORDERED that:

1. The Supplemental Declaration of Timothy L. Barton and Exhibits 1–3 thereto are ACCEPTED and made part of the record on ECF No. 756;

2. Defendant Barton is GRANTED leave to appear at the status conference set for June 11, 2026 at 3:00 p.m. Central Time by Zoom videoconference or by telephone, and the Clerk shall provide connection credentials to Defendant at timothy.barton@proton.me or (214) 914-3811; in the alternative, the status conference is RESET to ____________________, 2026 at __:__ __.m., a date no later than June 18, 2026;

3. Until Defendant's CM/ECF electronic-filing and e-notice access is resolved, the Clerk shall transmit copies of the Court's orders and electronic notices in this action to Defendant by email at timothy.barton@proton.me contemporaneously with their entry;

4. Defendant's participation in the status conference shall not be construed as consent under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to disposition by a United States Magistrate Judge of the Emergency Motion to Declare Lis Pendens Void (ECF No. 681) or any other dispositive matter.

SO ORDERED on ____________________, 2026.

________________________________________

UNITED STATES MAGISTRATE JUDGE /

UNITED STATES DISTRICT JUDGE