FILED-USDC-NDTX-DA
'26 JUN 15 PM4:23
KM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON et al.,** | § | |
| **Defendants.** | § | |

**DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE IN OPPOSITION TO THE DLP ENTITIES' EMERGENCY MOTION TO DECLARE LIS PENDENS VOID (ECF NO. 681)**

Defendant Timothy L. Barton, proceeding pro se, respectfully moves for leave to file the Supplemental Response submitted herewith as Exhibit A, in further opposition to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). In support, Barton shows the Court as follows:

## I. Leave May Not Be Required, but Barton Seeks It Out of an Abundance of Caution.

The Court's order of June 5, 2026 permitting Barton to proceed pro se provides that its leave-of-court requirement "shall not apply to responses and replies filed pursuant to L.R. 7.1(e),(f)." ECF No. 747. The accompanying filing is a response in opposition to a pending motion and therefore arguably falls within that carve-out. Because the filing post-dates the responsive deadline as extended, however, and because Barton is committed to scrupulous compliance with every condition the Court has placed on his pro se participation, he seeks leave before the supplement is considered.

## II. Good Cause Supports the Supplement: It Addresses Developments That Post-Date Barton's Response.

Barton timely filed his response to ECF No. 734 on June 3, 2026 ECF No. 744. Since that date: (a) the Court entered ECF No. 747, making Barton self-represented and the only person able to be heard in his defense; (b) the Court extended Barton's response deadline to June 9, 2026

(ECF 751) and striking the ECF 744 via the same order; (c) Barton filed the response ECF 756, ECF 759, ECF 760 and ECF 761; (d) the June 11, 2026 conference setting (ECF No. 735) passed (ECF No. 762) without any ruling on Barton's timely motion to modify it (ECF No. 744, ECF 756, 759, 760 and & 761) and without Barton — who had a confirmed conflict and had requested a reset or remote appearance — being heard. The supplement also places before the Court the continued pendency of Fifth Circuit mandamus proceedings arising from this case, Case No. 26-10534, which directly rebuts the DLP Entities' unsupported assertion that the appellate proceedings "have been resolved." ECF No. 748 at 3. None of these matters could have been addressed in the June 3 response. The supplement is confined to those developments and to the legal consequences they carry for ECF No. 681 and ECF 734, including controlling authority on the limits of a receiver's power over entities never placed in receivership. No recommendation has been issued by the court yet and no ruling has been made at the time of filing this motion. Supplemental briefing directed to intervening events is a routine and efficient aid to decision, and the Court has inherent authority to accept it.

### III. No Party Is Prejudiced.

ECF No. 681 has been pending since the fall of 2025. No hearing on it is currently set: the status conference previously noticed for June 11, 2026 was the subject of Barton's motion to modify (ECF No. 744), and reply (ECF No. 756 and ECF No. 759), and the lis pendens preserves, rather than changes, the status quo. The supplement is short, and will sharpen rather than delay the Court's consideration. The movants and the Receiver remain free to respond to it on whatever schedule the Court directs. By contrast, denying Barton — newly pro se, barred from electronic filing, and facing a motion that would extinguish recorded interests in real property — the ability to place intervening developments before the Court would prejudice him severely.

### CONCLUSION AND RELIEF REQUESTED

Barton respectfully requests that the Court grant leave, deem the Supplemental Response attached as Exhibit A filed as of the date of the Court's order, and grant such other and further relief as the Court deems just and proper. A proposed order is submitted herewith.

Dated: June 15, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
**Timothy L. Barton**
Defendant, pro se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, Barton attempted to confer with counsel for the DLP Entities and the Receiver regarding the relief requested in this motion by email on June 15, 2026. As of the time of filing, no response has been received. Barton will promptly supplement this certificate if counsel states a position.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON et al.,** | § | |
| **Defendants.** | § | |

**DEFENDANT TIMOTHY L. BARTON'S**
**SUPPLEMENTAL RESPONSE IN OPPOSITION TO THE DLP ENTITIES'**
**EMERGENCY MOTION TO DECLARE LIS PENDENS VOID (ECF NO. 681)**

Defendant Timothy L. Barton, proceeding pro se, respectfully submits this Supplemental Response in opposition to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681 and for the status conference request ECF No.734), supplementing his response filed June 3, 2026 ECF No. 744. This filing is a response governed by Local Civil Rule 7.1(e), and the Court's order permitting Barton to proceed pro se provides that the leave requirement "shall not apply to responses and replies filed pursuant to L.R. 7.1(e),(f)." ECF No. 747. Out of an abundance of caution, and because this supplement post-dates the responsive deadline as extended, Barton has contemporaneously filed a motion for leave. This supplement is occasioned by intervening developments that post-date Barton's June 3 response and could not have been addressed in it.

Barton appears pro se in his individual capacity only. Nothing in this filing is, or should be construed as, an appearance on behalf of any entity. Facts concerning entity-held rights are recited as record facts bearing on the validity of the recorded encumbrances and the lis pendens, which Barton is entitled to address as a party opposing ECF No. 681.

## I. Intervening Developments Since Barton's June 5 Response.

Three developments since June 5, 2026 bear directly on ECF No. 681. First, on June 5, 2026, the Court granted prior counsel's unopposed motion to withdraw and ordered that "Barton

is permitted to represent himself pro se." ECF No. 747. Barton is therefore the only person who can be heard in opposition to ECF No. 681, and he is newly self-represented on a docket of unusual procedural complexity. Second, by order entered after Barton had already filed his response ECF No. 744, the Court extended Barton's response deadline to June 9, 2026 ECF No. 751. Third, the June 11, 2026 status conference setting (ECF No. 735) has passed without any ruling on Barton's timely motion to modify that setting (ECF No. 744, ECF No. 756 and ECF No. 759 and 760): the conference was convened in Barton's absence / the setting passed ECF No. 762 entered on 6/12/2026) and Barton — who was required to be in Washington, D.C. on June 10–12, 2026 for matters bearing on his liberty in the parallel criminal case — was never afforded a reset to a mutually agreeable date or leave to appear by video or telephone, despite expressly requesting both. ECF No. 744 at 9–10; ECF No. 759 and 756 at 4–5.

## II. The Lis Pendens Question Is Governed by Texas Property Code Sections 12.007 and 12.0071, and the Recorded Real-Property Claims Are Probably Valid.

A notice of lis pendens is proper where the underlying action involves "title" to, the "establishment of an interest in," or the "enforcement of an encumbrance against" real property. Tex. Prop. Code § 12.007(a). The Legislature has supplied the mechanism, and the standard, for removing one: a motion to expunge under Tex. Prop. Code § 12.0071, under which expungement is required only if the pleading on which the notice is based does not contain a real property claim, the claimant fails to establish "by a preponderance of the evidence the probable validity of the real property claim," or service was defective. § 12.0071(c). The statute contemplates an evidentiary process — affidavits, counter-affidavits, and such other proof as the court allows. § 12.0071(b), (e).

The DLP Entities' request that the lis pendens simply be "declared void" asks the Court to bypass that framework. The dispositive question under the statute is the probable validity of the underlying real-property claims. As shown below, those claims are not merely probably valid — they rest on instruments recorded in the Official Public Records of Tarrant County months before the receivership existed, and the only theory by which the movants contend the claims were extinguished is a settlement the Receiver had no authority to make.

## III. The Recorded Memoranda Create Covenants Running with the Land — Interests in Real Property, Not Mere Contract Claims.

Two recorded instruments encumber the properties at issue. The Memorandum of Agreement for the Marine Creek property was recorded January 25, 2022 as Instrument No. D222022238, and the Memorandum of Agreement for the Orchard Farms property was recorded March 8, 2022 as Instrument No. D222061226, each in the Official Public Records of Tarrant County, Texas. Each instrument states on its face that it is recorded "for the purpose of giving public notice of the existence of the Participation Agreement" and that "all covenants, conditions, restrictions, easements and agreements contained herein shall be construed as covenants running with the land throughout the term of the Participation Agreement."

Under Texas law, a covenant runs with the land when it touches and concerns the land, the original parties intended it to run, it binds successors, and the successor to the burden has notice. Inwood N. Homeowners' Ass'n, Inc. v. Harris, 736 S.W.2d 632, 635 (Tex. 1987). Every element is satisfied on the face of the recorded instruments and the underlying Participation Agreements: the covenanted obligations — including payment of twenty-five percent of the Achieved Increased Value of each project upon any sale or refinancing of the property — are tied to the land itself and to its disposition (touch and concern); the running character is express (intent); the agreements bind "all subsequent owners of the Property, and all other persons claiming by, through or under such parties" (successors); and the instruments were duly recorded, providing constructive notice to the world (notice).

Indeed, the movants' notice is not merely constructive. The Title Commitment and Owner's Policy of Title Insurance issued in connection with the Marine Creek acquisition listed the recorded Memorandum of Agreement, Instrument No. D222022238, as an exception to title. The DLP Entities took and hold title subject to these recorded encumbrances, and they knew it.

These recorded covenants are interests in real property. A dispute over whether they have been extinguished — which is precisely the dispute ECF No. 681 presents — is a quintessential title controversy of the kind the lis pendens statute exists to publicize. § 12.007(a). Expunging the notice while that controversy is live would not resolve the dispute; it would simply expose the

interests to destruction through transfers to purported bona fide purchasers before any court has adjudicated them.

## IV. The Settlement Agreement Cannot Support Voiding the Lis Pendens, Because the Receiver Had No Authority Over Entities Never Placed in Receivership.

The movants' theory reduces to a single proposition: the underlying claims were released by the Settlement Agreement and Release of All Claims executed by the Receiver on or about December 14, 2022 and ratified by order of December 21, 2022. That proposition fails at its threshold, because the Order Appointing Receiver entered October 18, 2022 enumerated specific "Receivership Entities," and Orchard Farms Development, LLC and Marine Creek Development LLC were never named among them. A receiver's authority is coextensive with the receivership estate — no broader.

The Fifth Circuit's decision in Netsphere, Inc. v. Baron, 703 F.3d 296 (5th Cir. 2012), is directly on point. There, two entities — Novo Point, LLC and Quantec, LLC — were "listed as parties on the global settlement agreement" but "were never named parties" in the underlying lawsuit or bankruptcy, and the court of appeals held that the district court "could not impose a receivership over" their assets. Id. at 305–11. The parallel here is exact: entities never brought within the receivership were swept into a settlement disposing of their rights. What the district court could not do directly in Netsphere — reach the assets of non-receivership entities — a receiver cannot accomplish indirectly by signing a release on their behalf.

Two further principles compel the same conclusion. First, "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 553 U.S. 880, 884 (2008) (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940)). Second, settling parties "may not dispose of the claims of a third party" without that party's agreement. Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 529 (1986). The December 21, 2022 ratification order did not and could not enlarge the Receiver's authority over entities that were never before the Court; a court's approval of a settlement among the parties before it cannot adjudicate the rights of those who were not.

The economics of the settlement underscore the point. The Settlement Agreement provided a total payment of $750,000 in exchange for a purported release of claims whose fixed, liquidated components alone exceed $4,631,250 — the $1,250,000 Orchard Farms holdback, the $1,781,250 Marine Creek Special Payment that the Participation Agreement declares "fully earned in all regards," and the $1,600,000 Marine Creek reimbursement — a recovery of roughly sixteen percent of the documented fixed value, before any account of the percentage-based development fees or the twenty-five percent participation interests. None of that consideration flowed to the entities whose claims were purportedly released. Whatever else may be said of such a transaction, it cannot carry the movants' burden of showing that recorded real-property interests were validly and finally extinguished.

At minimum, the validity of the purported release is a genuinely contested question — contested on grounds of authority, consideration, and the property-law character of the covenants — that must be resolved on a developed evidentiary record under the § 12.0071 framework, not by summary declaration on an emergency motion the Receiver himself has not seen fit to timely support.

## V. The Pending Fifth Circuit Mandamus Proceeding, No. 26-10534, Defeats the Movants' Premise That the Appellate Proceedings "Have Been Resolved."

In their reply on the conference-setting dispute, the DLP Entities asserted that the appellate proceedings Barton "once cited as a justification for maintaining the lis pendens have been resolved" and that there is "no remaining appellate uncertainty." ECF No. 748 at 3. As Barton noted, that assertion was made without citation to anything. ECF No. 759 at 3–4. It is also wrong. A petition for a writ of mandamus arising from this case is pending and undecided before the United States Court of Appeals for the Fifth Circuit as Case No. 26-10534, filed June 8, 2026, seeking relief concerning multiple orders inclusive of the order approving settlement with DLP Entities ECF No. 109.

While that proceeding pends, the controversy over the administration of this receivership and the disposition of the property interests at issue remains live by definition. The factual premise on which ECF No. 681 rests — that all litigation uncertainty surrounding these properties has been finally laid to rest — simply does not exist. A notice of lis pendens exists precisely to give the

public notice of unresolved litigation affecting real property, Tex. Prop. Code § 12.007, and expunging the notice while a federal court of appeals is actively considering a petition concerning this very case would invert that function: it would permit transfers to purported bona fide purchasers in the shadow of appellate proceedings whose outcome could directly affect the parties' rights in the property. If the Fifth Circuit grants relief after the encumbrances have been stripped and the properties conveyed, the harm will be complete and irreparable. The orderly course — and the course § 12.0071's evidentiary framework contemplates — is to preserve the status quo until the probable validity of the recorded claims can be adjudicated on a full record, with the appellate landscape settled rather than assumed.

## VI. Merits Relief on ECF No. 681 Also Remains Premature, and No Findings or Recommendation Should Issue Before Barton Is Heard.

Barton incorporates by reference, without repeating, the procedural points set out in ECF Nos. 756 and 759: the case was administratively closed on August 7, 2025 and no order reopening it appears on the docket; the docket reflects a January 16, 2026 reassignment to Magistrate Judge Horan and a same-day notation that the case was "referred in error," which has never been revoked; and the order of referral, if any, under which any judicial officer would act on ECF No. 681 is not reflected on the record.

Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The recent history of the conference setting illustrates the problem. ECF No. 735 set a status conference for June 11, 2026 to address ECF No. 681. Barton timely moved to modify that setting because of a specific, verifiable conflict — confirmed in-person meetings in Washington, D.C. on June 10–12, 2026 connected to the defense of his parallel criminal proceeding — and asked, in the alternative, to appear at a reset conference in person or by video or telephone. ECF No. 756 and June 11 motion yet to be docketed. That motion was never ruled upon. The June 11 setting then passed with Barton — the only person who can appear in his defense — never having been given a mutually agreeable date or a remote means of appearance, despite every effort on his part to secure one.

Barton therefore respectfully submits that, before the Magistrate Judge issues any findings, conclusions, or recommendation concerning ECF No. 681, the Court must take account of the

matters set out in this supplement: the unruled motion at ECF No. 756, Barton's absence from any June 11 proceeding through no fault of his own, and the pendency of Fifth Circuit Case No. 26-10534. A recommendation that would extinguish recorded interests in real property, issued on a record from which the newly self-represented defendant was involuntarily absent and while his compliant, timely filings sat unresolved, would be procedurally infirm and would not survive de novo review. Barton has complied with every condition placed on his pro se participation — the leave requirement, the bar on electronic filing, and compressed response deadlines — and asks only for what due process guarantees any litigant: to be heard before his property rights are adjudicated. For the avoidance of doubt, Barton has not consented, and does not consent, under 28 U.S.C. § 636(c) or Federal Rule of Civil Procedure 73 to magistrate-judge resolution of ECF No. 681 or any other dispositive matter, and his participation in any rescheduled conference should not be construed as such consent.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, and for those stated in Barton's June 5, 2026 response, Defendant respectfully requests that the Court:

1. Deny the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681);

2. In the alternative, defer any ruling on ECF No. 681 until (a) the case is reopened from the administrative closure entered August 7, 2025 and the magistrate-judge assignment and order of referral, if any, are reflected on the docket; (b) Barton's pending motions, including ECF No. 756 and his motions of June 11, 2026, are resolved; (c) the Fifth Circuit's disposition of the pending mandamus proceeding, Case No. 26-10534, is known; and (d) the probable validity of the recorded real-property claims is determined on a developed evidentiary record consistent with Texas Property Code § 12.0071;

3. Direct that no findings, conclusions, or recommendation issue on ECF No. 681 unless and until Barton's motion to modify the conference setting (ECF No. 756) has been ruled upon and Barton has been afforded an opportunity to appear and be heard — in

person at a mutually agreeable setting, or by video or telephone — before the judicial officer acting on the motion; and

4. Grant such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: June 15, 2026

Respectfully submitted,

*<u>/s/ Timothy L. Barton</u>*
**Timothy L. Barton**
Defendant, pro se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, Defendant Timothy L. Barton certifies that, on June 15, 2026, he attempted to confer by email with counsel for the DLP Entities and the Receiver regarding the relief requested in this Supplemental Response in Opposition to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). As of the time of filing, no response has been received.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON et al.,** | § | |
| **Defendants.** | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File Supplemental Response in Opposition to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). Having considered the motion, the file, and the applicable law, the Court finds that good cause exists and that the motion should be and hereby is GRANTED.

**IT IS THEREFORE ORDERED that:**

1. Defendant Timothy L. Barton is GRANTED leave to file his Supplemental Response in Opposition to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681);

2. The Supplemental Response attached to the motion as Exhibit A is DEEMED FILED as of the date of this Order, and the Clerk is DIRECTED to docket it; accordingly, and

3. Any response to the Supplemental Response by the DLP Entities or the Receiver shall be filed within the time provided by Local Civil Rule 7.1 or as the Court may otherwise direct.

**SO ORDERED.**

Dated: ________________, 2026

______________________________________

**UNITED STATES DISTRICT JUDGE**