IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:22-cv-2118-X |
| v. | § | |
| | § | |
| TIMOTHY BARTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS. CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (Movants) move for an order voiding the two lis pendens filed on July 31, 2024, by Timothy Barton in the real property records of Tarrant County, Texas, against (1) approximately 100 acres of land located along Shelby Road, west of Rendon Road, in Fort Worth, Texas (the "Orchard Farms Property"), recorded as Instrument No. D224135503, and (2) approximately 40 acres of land located at the intersection of Loop 820 and Huffines Boulevard, in Fort Worth, Texas (the "Marine Creek Property"), recorded as Instrument No. D224135502. Upon review of the Motion, the Response filed by Defendant Barton, Movants' Reply, the evidence filed in support of the Movants'

and Barton's briefs, and the applicable law, the District Judge should find the Movants have the better arguments and GRANT the Motion (ECF No. 681).[1]

Under Texas law, lis pendens are permitted in narrow circumstances. "A notice of lis pendens may be filed only 'during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property.'" *Petito v. Brewster*, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) (Lindsay, J.) (quoting *Flores v. Haberman*, 915 S.W. 2d 477, 478 (Tex. 1995). As the District Judge has previously noted the SEC's claims against Barton in this action do not fall within these narrow circumstances. *See* Order 2 (ECF No. 755). So, as the Fifth Circuit has instructed, "the filing of the lis pendens notice was not authorized by Texas statute and thus of no effect." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988).

Additionally, Barton has encumbered the Orchard Farms Property and the Marine Creek Property in violation of the Court's order enjoining him from "directly or indirectly taking any action or causing any action to be taken" which would "[i]nterfere with the Receiver's efforts to take control, possession, or

[1] "A lengthy, detailed recitation of reasons [for a district court's ruling] is unnecessary. Certainly, a concise explanation can be brief but yet sufficiently informative. In fact, a statement that the court's decision is made for the reasons set forth in a party's brief or that one of the parties has the better argument, is persuasive, etc., sometimes is enough." *Glob. Advantech Res. Ltd. v. Brown*, 2026 WL 1483966, at *7 n.20 (5th Cir. May 27, 2026) (per curiam).

management of any Receivership Property." Order 17–18 ¶ 85(A) (ECF No. 650).[2] Barton's conduct here is a continuation of a pattern of encumbering Receivership Property through the filing of lis pendens, which the District Judge has consistently declared void.[3] *See id.*; *see also* Order (ECF No. 755).

Accordingly, the Court should GRANT the Motion to declare the lis pendens void. *In re Texas Extrusion Corp.*, 844 F.2d at 1153 ("When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex. Prop. Code Ann. § 12.008 to cancel it.").

**SO RECOMMENDED.**

June 23, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

[2] "[P]rohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property."

[3] The Fifth Circuit affirmed the District Judge's Receivership Order, and the Supreme Court denied Barton's petition for a writ of certiorari. *Sec. & Exch. Comm'n v. Barton*, 135 F.4th 206 (5th Cir. 2025), *cert. denied sub nom. Barton v. SEC*, 2026 WL 858414 (U.S. Mar. 30, 2026), *reh'g denied*, 2026 WL 1463202 (May 26, 2026).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).