IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | § § § § | Case No. 3:22-cv-2118-X |
| v. | § § | |
| TIMOTHY BARTON, ET AL., Defendants. | § § § | |

**FINDINGS. CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Tamamoi, LLC and 3820 Illinois, LLC (Movants) move for an order voiding the lis pendens filed by Defendant Timothy Barton against the real property located at 3820 E. Illinois Ave., Dallas, Texas, and recorded in the real property records of Dallas County on October 6, 2025, as Instrument No. 202500210040. Upon review of the Motion, the evidence filed in support of the Motion, and the applicable law, the District Judge should find the Movants have the better arguments[1] and should **GRANT** the Motion (ECF No. 688). *See Glob. Advantech Res. Ltd. v. Brown*, 2026 WL 1483966, at *7 n.20 (5th Cir. May 27, 2026) (per curiam).[2]

[1] Neither Barton nor any other interested person or party filed an objection or other response to the Motion.

[2] "A lengthy, detailed recitation of reasons [for a district court's ruling] is unnecessary. Certainly, a concise explanation can be brief but yet sufficiently informative. In fact, a statement that the court's decision is made for the reasons set forth in a party's brief or that one of the parties has the better argument, is

Under Texas law, lis pendens are permitted in narrow circumstances. "A notice of lis pendens may be filed only 'during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property.'" *Petito v. Brewster*, 2008 WL 2446905, at *3 (N.D. Tex. June 18, 2008) (Lindsay, J.) (quoting *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995). As the District Judge previously noted, the SEC's claims against Barton do not fall within these narrow circumstances. *See* Order (ECF No. 755). So, as the Fifth Circuit has instructed, "the filing of the lis pendens notice was not authorized by Texas statute and thus of no effect." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988). Accordingly, the Court should **GRANT** the Motion to declare the lis pendens void.[3] *Id.* at 1153 ("When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex. Prop. Code Ann. § 12.008 to cancel it.").

---

persuasive, etc., sometimes is enough." (citation modified). *Glob. Advantech Res. Ltd. v. Brown*, 2026 WL 1483966, at *7 n.20.

[3] Additionally, Barton has encumbered Receivership Property in violation of the Court's order enjoining him from "directly or indirectly taking any action or causing any action to be taken" which would "[i]nterfere with the Receiver's efforts to take control, possession, or management of any Receivership Property." ECF No. 650 at 17–18 ¶ 85(A). *See id.* ("[P]rohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property.")

**SO RECOMMENDED.**

June 23, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).