IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *Plaintiff*, | § § § § | NO. 3:22-cv-2118-X |
| v. | § § | |
| TIMOTHY BARTON, et. al., *Defendants*. | § § | |

**BRIEF IN SUPPORT OF MOUNTAIN PEAK SPECIAL UTILITY DISTRICT'S MOTION TO SET PENDING MOTION FOR HEARING OR SUBMISSION**

Third-Party MOUNTAIN PEAK SPECIAL UTILITY DISTRICT (hereinafter "Movant" or "Mountain Peak") submits this Brief in Support of its Motion to Set Pending Motion for Hearing or Submission and respectfully states as follows:

**BACKGROUND**

On April 27, 2026, Mountain Peak filed its Emergency Motion to Lift Litigation Stay to Pursue Condemnation of Public Waterline Easements (Dkt. 725; hereinafter, the "Motion").

The Receiver filed a Response to the Motion on May 18, 2026 (Dkt. 732), Plaintiff filed its Response the same day (Dkt. 733), and Mountain Peak filed its Reply in Support of the Motion on May 27, 2026. (Dkt. 737). Accordingly, the Motion has been fully briefed and ripe for determination since May 27, 2026. To date, no hearing or submission date has been set.

As set forth in the Motion and supporting briefing, Mountain Peak seeks limited relief from the Litigation Stay to permit it to proceed with condemnation proceedings to acquire certain public-waterline easements necessary for a public water infrastructure project. Mountain Peak does not seek distribution of receivership assets or adjudication of competing claims to receivership property. Rather, Mountain Peak seeks only limited relief sufficient to allow the statutory condemnation process

to proceed. Any compensation awarded will remain subject to this Court's jurisdiction and supervision.

## REQUEST TO SET MOTION FOR HEARING OR SUBMISSION

The Motion presents a threshold issue that will determine whether Mountain Peak may proceed with condemnation proceedings necessary to acquire easement rights for a public water infrastructure project. As explained in the Motion and supporting evidence, the requested easements remain necessary for the project, and Mountain Peak cannot proceed with condemnation of the subject Receivership Properties absent authorization from this Court.

Continued delay in resolving the Motion delays Mountain Peak's ability to pursue acquisition of the requested easement rights and advance the associated public water infrastructure project. Therefore, Mountain Peak respectfully requests that the Court set the Motion for oral hearing at the Court's earliest convenience or, alternatively, consider the Motion by submission.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Mountain Peak Special Utility District respectfully requests that the Court set its Emergency Motion to Lift Litigation Stay to Pursue Condemnation of Public Waterline Easements (Dkt. 725) for hearing at the Court's earliest convenience or, alternatively, for submission, and grant Mountain Peak all other relief to which it may be justly entitled.

Dated: June __, 2026

Respectfully submitted,

**BAKER MORAN DOGGETT MA & DOBBS LLP**

By: /s/ *Jordan A. Miller*
JORDAN A. MILLER
State Bar No. 24074720
jmiller@bakermoran.com
1400 Preston Road, Suite 295
Plano, Texas 75093-3601
Tel.: (469) 351-3500; Fax: (469) 351-3490

**ATTORNEY FOR MOVANT,**
**MOUNTAIN PEAK SPECIAL UTILITY DISTRICT**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic filing system.

*/s/ Jordan A. Miller*
Jordan A. Miller