FILED-USDC-NDTX-DA
'26 JUL 2 AM8:43
JJF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:22-cv-2118-X** |
| **TIMOTHY L. BARTON, et al.,** | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT TIMOTHY L. BARTON'S MOTION
FOR LEAVE TO FILE OPPOSED MOTION TO RECONSIDER
THE COURT'S JUNE 9, 2026 ORDER [DKT. 755], OR IN THE ALTERNATIVE
TO STAY ITS EFFECT PENDING RESOLUTION OF THE PRESERVATION MOTION**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton ("Barton"), appearing pro se, respectfully moves this Court for an order granting leave to file the attached Opposed Motion to Reconsider the Court's June 9, 2026 Order [Dkt. 755], or in the Alternative to Stay Its Effect Pending Resolution of the Preservation Motion (the "Proposed Motion"), attached as Exhibit A. In support, Barton states:

1. On June 5, 2026, the Court entered an Order permitting Mr. Barton to represent himself pro se but directing that he "must seek leave of the Court before filing any motion." [Dkt. 747]. The Order further provides that the leave requirement does not apply to responses and replies filed under Local Civil Rule 7.1(e) and (f).

2. Pursuant to Dkt. 747, Mr. Barton seeks leave to file the attached Proposed Motion (Exhibit A). The Proposed Motion asks the Court, under Federal Rule of Civil Procedure 54(b) and its

inherent authority, to reconsider Dkt. 755 on a limited basis or, alternatively, to stay its operative effect pending resolution of the related Preservation Motion.

3. The Proposed Motion is made in good faith and is not filed for delay, harassment, or frivolous duplication. It does not seek reconsideration of the portion of Dkt. 755 that denied the Receiver's request for compensatory sanctions. Rather, it addresses the Court's decision not to hear or sequence the preservation issue because Dkt. 745 had been struck on a curable representation-status ground without a merits ruling.

4. The attached Proposed Motion identifies a concrete procedural and equitable issue: whether a related preservation motion should be heard before the voiding order facilitates any irreversible transfer of legal title. It asserts that the predicate for Dkt. 755's sequencing decision was administrative, not a merits determination, and that the predicate has now been cured by Mr. Barton's pro se status and this requested leave procedure.

5. Leave is appropriate because the proposed filing presents a narrow Rule 54(b) reconsideration and stay request. It does not ask the Court at this stage to determine the ultimate validity of any lis pendens or sale contract. It asks only that the Court retain the ability to decide the related preservation issues before a closing could make that relief impracticable or moot.

6. The timing is material. A completed transfer of clear title to real property could irreversibly alter the status quo and substantially impair the Court's ability to consider the Preservation Motion and the asserted Luis untainted-equity issue. By contrast, granting leave itself imposes no stay, affects no asset, and does not alter the Receiver's authority; it merely permits briefing and a considered ruling on the Proposed Motion.

7. The Proposed Motion also offers a measured alternative: if the Court reaches the validity of the notices of lis pendens, it requests a determination on an evidentiary record under Texas

Property Code § 12.0071. The proposed relief is thus targeted, procedurally disciplined, and within the Court's discretion to manage its interlocutory orders and receivership docket.

8. Granting leave will not prejudice any party. The SEC and Receiver will have a full opportunity to respond under Local Civil Rule 7.1(e), and Mr. Barton may reply under Local Civil Rule 7.1(f), unless the Court sets another schedule.

9. A proposed order granting this Motion for Leave is submitted herewith.

WHEREFORE, Mr. Barton respectfully requests that the Court GRANT this Motion for Leave, permit the attached Proposed Motion (Exhibit A) to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Dated: June 30, 2026

Respectfully submitted,

/s/ Timothy L. Barton
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing of this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The Securities and Exchange Commission and the Receiver are opposed.

*/s/ Timothy L. Barton*
Timothy L. Barton

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:22-cv-2118-X** |
| **TIMOTHY L. BARTON, et al.,** | § | |
| | § | |
| ***Defendants.*** | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED MOTION TO RECONSIDER THE COURT'S JUNE 9, 2026 ORDER [DKT. 755], OR IN THE ALTERNATIVE TO STAY ITS EFFECT PENDING RESOLUTION OF THE PRESERVATION MOTION**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File Opposed Motion to Reconsider the Court's June 9, 2026 Order [Dkt. 755], or in the Alternative to Stay Its Effect Pending Resolution of the Preservation Motion (the "Motion for Leave"). Having considered the Motion for Leave, the Court finds that good cause exists and that the Motion for Leave should be GRANTED.

It is therefore ORDERED that Defendant Timothy L. Barton is GRANTED leave to file his Opposed Motion to Reconsider the Court's June 9, 2026 Order [Dkt. 755], or in the Alternative to Stay Its Effect Pending Resolution of the Preservation Motion, attached to the Motion for Leave as Exhibit A.

It is further ORDERED that the Clerk of Court is directed to file and enter Exhibit A as a separate motion on the docket of this case.

IT IS SO ORDERED this ____ day of ______________, 2026.

______________________________
**BRANTLEY STARR**
**UNITED STATES DISTRICT JU**

# EXHIBIT A

FILED-USDC-NDTX-DA
'26 JUL 2 AM8:44
JJF

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 3:22-cv-2118-X** |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO RECONSIDER THE COURT'S JUNE 9, 2026 ORDER [DKT. 755], OR IN THE ALTERNATIVE TO STAY ITS EFFECT PENDING RESOLUTION OF THE PRESERVATION MOTION**

Defendant Timothy L. Barton ("Barton"), appearing *pro se*, respectfully moves the Court under Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to reconsider its June 9, 2026 Order [Dkt. 755] (the "Order"). Barton seeks reconsideration to the extent the Order (i) declined to hear or sequence Barton's Motion for Preservation of Status Quo (the "Preservation Motion") on the premise that no such motion was pending, and (ii) declared the four Notices of Lis Pendens void in isolation, thereby clearing the path to closings that would irreversibly moot the Preservation Motion and the untainted-equity question it raises under *Luis v. United States*, 578 U.S. 5 (2016). In the alternative, Barton asks the Court to stay the operative effect of the Order, and to direct that no closing or transfer of legal title to any subject property occur, until the Court has heard and decided the Preservation Motion.

Barton does not seek reconsideration of the portion of the Order denying the Receiver's request for $2,700 in compensatory sanctions, which the Court correctly denied without prejudice for lack of evidentiary support.

## I. LEGAL STANDARD

The Order is interlocutory. The receivership remains ongoing and the action is administratively closed [Dkt. 671]; the Order resolves a single contested motion and does not dispose of the case. A request to revisit such an order before final judgment is governed by Rule 54(b), under which the Court may reconsider an interlocutory order "for any reason it deems sufficient." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); see also *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). That standard is more flexible than the one governing final judgments under Rule 59(e). *Austin*, 864 F.3d at 336.

Even under the stricter standard applied to final judgments, reconsideration lies to correct a manifest error of law or fact or to prevent manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Barton's request satisfies that standard: the Order rests on a mistaken premise, and permitting the closings to proceed before the Preservation Motion is heard would work an irreversible, manifest injustice.

To the extent the Court treats the Order as a final, appealable order rather than an interlocutory one, this Motion is also timely under Rule 59(e), having been filed within twenty-eight days of the Order's entry.

## II. THE ORDER RESTED ON A MISTAKEN PREMISE — THAT NO PRESERVATION MOTION WAS OR COULD BE PENDING — AND RECONSIDERATION IS WARRANTED TO CORRECT IT.

The Order declined to sequence or defer to the Preservation Motion on a single ground: that "there is no pending Preservation Motion before this Court for it to consider," because Barton "filed the Preservation Motion prior to the Court granting Attorney Jules Slim leave to withdraw as counsel and the Court subsequently struck the motion." Order at 2–3 & n.5 (Dkt. 747). On that basis the Court declined to "delay resolution of this motion based on a nonexistent motion." Order at 3.

That premise no longer holds. The Preservation Motion was struck on a curable, procedural ground tied to Barton's representation status at the moment of filing — not on its merits. At the time Barton filed the Preservation Motion *pro se*, attorney Jules Slim apparently remained counsel of record, and pro se filings by a represented party are commonly stricken on that basis. The Court granted Slim leave to withdraw, and Barton now proceeds *pro se* — as he did in filing his Response and Objection [Dkt. 754], which the Court accepted. Barton is filing concurrently herewith his renewed Motion for Preservation of Status Quo. The threshold questions that motion presents remain entirely unaddressed on the merits: whether Paragraph 94 of the Receivership Order requires a "further Order" before transfer of clear title; whether the repeatedly amended, multi-year-old transactions still satisfy 28 U.S.C. § 2001 and Paragraph 93's "true and proper value" command; whether the contracted Frisco Gate purchaser remains qualified and able to close; and the *Luis* untainted-equity question. See Dkt. 754 at 4 (summarizing the Preservation Motion's questions).

Critically, the delay in curing that representation-status defect was not of Barton's making. Barton had sought Slim's withdrawal, but that request was not timely resolved, and in the interim the Court proceeded as though Barton remained represented by other counsel. Compounding the problem, Barton had been blocked from accessing the Court's CM/ECF system — the very system through which the Court transmitted its orders and electronic notices. Because he could not access CM/ECF, Barton did not receive timely notice of the order or of any requirement that he respond electronically, and he could not respond to a directive he never received. As soon as Barton learned of the electronic-filing requirement, the representation-status defect was promptly cured. Had Slim's withdrawal been granted when it was first requested, Barton's filing would have been timely. The premise that the Preservation Motion is "nonexistent" thus rests on a procedural default created by the Court's own handling of counsel withdrawal and electronic access — not by any lack of diligence on Barton's part.

Reconsideration is warranted to correct the framing. The void-declaration was decided in isolation, on the assumption that the preservation question was non-existent rather than merely curably defective. The narrow, derivative question (are four notices void?) was resolved ahead of the broad, dispositive question that frames it (should any of these sales close now?). Having the predicate motion properly before it, the Court should sequence the two together, or hear the Preservation Motion first. See Dkt. 754 at 4–5.

More fundamentally, the Order was entered in isolation and on an incorrect assumption — that Barton was represented, or had access to the electronic notices through which the Court communicated. Neither was true. Barton acted as diligently as the circumstances allowed; because the procedural posture the Order treats as dispositive was court-created rather than the product of any lack of effort by Barton, it is precisely the kind of administrative misunderstanding that reconsideration exists to correct.

## III. THE ORDER DOES NOT ADDRESS BARTON'S SHOWING THAT THE COURT APPROVED THE UNDERLYING SALES ON THE UNDERSTANDING THAT NO CLOSING WOULD OCCUR UNTIL APPEALS WERE EXHAUSTED.

Barton's Response [Dkt. 754 at 11–13] showed, with record citations, that the Court approved the underlying sales on the express understanding that they would not close until the pending appeals concluded. At the July 23, 2024 hearing on the Receiver's motions to approve the Amerigold Suites and Hall Street sales, the Receiver's stated position — set out in its reply and recounted on the record — was that those sales would not close until the pending Fifth Circuit appeal was concluded. Dkt. 754 at 11 (citing Dkt. 561 (Tr. 13)). The Court approved the sales on that understanding, explaining that it would enter approval "knowing that there wouldn't be a closing until after appeals are exhausted." Dkt. 754 at 11 (quoting Tr. 27).

The Order is silent on these representations. A court's failure to address a material argument bearing on the relief it grants is a proper basis for reconsideration. See *Templet*, 367 F.3d at 478–79.

If credited, the Receiver's own prior representations undercut both the asserted "emergency" and the propriety of permitting an immediate, irreversible closing, and they bear directly on whether the notices should have been voided summarily to clear the path to closings the Receiver itself represented could not yet occur. See Dkt. 754 at 12–13.

## IV. ABSENT RECONSIDERATION OR A STAY, THE ORDER WILL IRREVERSIBLY MOOT THE PRESERVATION MOTION AND THE LUIS CLAIM.

This is the point on which the requested sequencing turns. Real property is unique, and the transfer of clear title to a third-party purchaser is, as a practical matter, irreversible. Once the challenged closings occur, the real-property equity converts into pooled, fungible receivership cash, and there is no longer any status quo for the Court to preserve. The Preservation Motion would then be mooted not by a considered ruling on its merits, but by the accident of which motion the Court reached first. See Dkt. 754 at 8.

That outcome would also extinguish, before it can be heard, Barton's argument under *Luis v. United States*, 578 U.S. 5 (2016), that the Sixth Amendment bars the pretrial restraint of legitimate, untainted assets a defendant needs to retain counsel of choice. To the extent any portion of the equity in these properties is untainted, converting it into commingled cash through closing would foreclose or substantially impair the *Luis* analysis. A litigant should not lose the substance of a pending motion — or a constitutional argument — because an adversary obtained a faster order on a related one. See *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367 (1992); *Horne v. Flores*, 557 U.S. 433 (2009); Dkt. 754 at 8.

The balance of equities favors a brief pause. The estate is solvent: the Fifteenth Quarterly Status Report reflects a fund balance of approximately $1,245,547.36 as of March 31, 2026, with no imminent cash requirement. Dkt. 754 at 5–6 (citing Dkt. 728-1, Ex. A-1). The only deadline in sight is a closing schedule the Receiver himself set and can adjust. A short stay therefore costs the estate nothing and preserves the Court's ability to grant meaningful relief.

Independently, Barton contends that the Receiver's quarterly reports do not account for all of the estate's revenue and proceeds. **Although the Fifteenth Quarterly Status Report references a fund balance of approximately $1.2 million, it omits substantial additional proceeds — including millions of dollars held in escrow from four profitable apartment projects — that are not reflected in that figure.** Considering the estate's full assets and proceeds together, there is no emergency that would justify rushed, summary action, and the sequencing and lis-pendens questions should receive ordinary, considered review rather than emergency treatment.

## V. IN THE ALTERNATIVE, THE VALIDITY QUESTION SHOULD BE SET UNDER TEX. PROP. CODE § 12.0071 ON A DEVELOPED RECORD.

Barton does not, on this posture, ask the Court to find the notices valid; he asks only that the question not be foreclosed by an irreversible closing before the related motion is heard. See Dkt. 754 at 9–10, 14. If the Court reaches the validity of the notices, the better course — consistent with Barton's Response [Dkt. 754 at 10–11, 14] — is to set the matter under Texas Property Code § 12.0071 for hearing on affidavits, counter-affidavits, and such other proof as the Court allows, *see* § 12.0071(e), together with or after the Preservation Motion, rather than to leave the question resolved summarily on a two-day exchange of briefs.

## CONCLUSION AND PRAYER

For these reasons, Barton respectfully requests that the Court:

1. Reconsider the June 9, 2026 Order [Dkt. 755] to the extent it declined to hear or sequence the Preservation Motion and decided the lis-pendens question in isolation;
2. Set and hear Barton's renewed Motion for Preservation of Status Quo before the Order takes irreversible effect, or decide the two motions together;
3. Pending that resolution, stay the operative effect of the Order and direct that no closing or transfer of legal title to any subject property occur;

4. In the alternative, set the validity of the Notices under Tex. Prop. Code § 12.0071 for hearing on affidavits and evidence, together with or after the Preservation Motion; and
5. Grant such other and further relief, at law or in equity, to which Barton may show himself entitled.

Dated: June 30, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing of this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The Securities and Exchange Commission and the Receiver are opposed.

*/s/ Timothy L. Barton*
Timothy L. Barton

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 3:22-cv-2118-X** |
| | § | |
| v. | § | |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| | § | |
| Defendants. | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION TO RECONSIDER THE COURT'S JUNE 9, 2026 ORDER [DKT. 755], OR IN THE ALTERNATIVE TO STAY ITS EFFECT PENDING RESOLUTION OF THE PRESERVATION MOTION**

Before the Court is Defendant Timothy L. Barton's Motion to Reconsider the Court's June 9, 2026 Order [Dkt. 755], or in the Alternative to Stay Its Effect Pending Resolution of the Preservation Motion. Having considered the Motion, the Court GRANTS the Motion.

It is ORDERED that the operative effect of the Order [Dkt. 755] is STAYED, and that no closing or transfer of legal title to the Goldmark, Rock Creek, Turtle Creek, Hall Street, or Frisco Gate properties shall occur, until the Court has heard and decided Defendant's renewed Motion for Preservation of Status Quo.

It is further ORDERED that Defendant's renewed Motion for Preservation of Status Quo is set for hearing on ____________, 2026, and that the Court will take up that Motion before any closing or transfer of legal title to the subject properties.

It is further ORDERED that, to the extent the Court reaches the validity of the Notices of Lis Pendens, that question shall be determined under Tex. Prop. Code § 12.0071 on affidavits, counter-affidavits, and such other proof as the Court allows.

SO ORDERED, this ____ day of ____________, 2026.

________________________________
**BRANTLEY STARR**
UNITED STATES DISTRICT JUDGE