FILED-USDC-NDTX-DA
'26 JUL 6 PM4:02
JJF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT TIMOTHY L. BARTON'S OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (ECF NOS. 770 AND 774)**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Defendant Timothy L. Barton, proceeding pro se, respectfully submits these specific written objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge entered June 22, 2026 (ECF No. 770) and entered again, in substantively identical form, on June 23, 2026 (ECF No. 774) (together, the "FCR"). The FCR recommends that the District Judge grant the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681). Because two substantively identical recommendations appear on the docket one day apart, and because the operative entry and the referral supporting it are not apparent from the public record, these objections are directed to both ECF No. 770 and ECF No. 774. Barton requests that the District Judge make a de novo determination of every portion of the FCR objected to below, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C), decline to adopt the FCR, and deny ECF No. 681 or defer its resolution as set out in the prayer.

## I. TIMELINESS AND STANDARD OF REVIEW

These objections are filed within fourteen days after service of the FCR. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Because Barton is barred from electronic filing and is served by mail, three days are added to the objection period. Fed. R. Civ. P. 6(d). Out of caution occasioned by the duplicate entries at ECF Nos. 770 and 774, Barton has calculated his deadline from the earlier entry.

A motion to declare void, cancel, or expunge a recorded lis pendens is dispositive of recorded interests in real property. Upon specific objection, the District Judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3), and may accept, reject, or modify the recommendation, receive further evidence, or recommit the matter. 28 U.S.C. § 636(b)(1)(C). Each objection below identifies the specific finding or recommendation objected to, the place in the FCR where it appears, and the basis for the objection, as required by the FCR's notice and *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

## II. OBJECTION NO. 1 — THE FCR ISSUED WITHOUT A VALID, EXTANT REFERRAL (FCR, ECF Nos. 770 and 774, in their entirety)

A magistrate judge's authority over a matter such as ECF No. 681 derives entirely from 28 U.S.C. § 636 and from a district judge's order of referral. The docket does not reflect any extant referral supporting the FCR. On September 24, 2025, the Court referred ECF No. 681 to the Magistrate Judge (ECF No. 699). On January 16, 2026, however, the Clerk entered ECF No. 702, a Court Request for Recusal under Special Order 3-249, reassigning the case to United States Magistrate Judge David L. Horan under the modified caption 3:22-cv-02118-X-BN. The same day, the Clerk entered a docket notice stating verbatim: "CASE Returned to District Judge; Magistrate

Judge Rebecca Rutherford no longer assigned to case. ****Case referred in error****." That notice has never been revoked, modified, or superseded by any order on the public docket.

No fresh order of referral placing ECF No. 681 before Magistrate Judge Rutherford after January 16, 2026 appears on the docket, and the FCR does not cite the referral under which it issues. Barton raised this defect repeatedly before the FCR issued and asked that the record be clarified before any judicial officer acted on ECF No. 681. *See* ECF No. 744 ¶¶ 10–13; ECF No. 763, Ex. A § VI. The FCR does not address the point. A recommendation extinguishing recorded property interests should not rest on a referral the Clerk's own docket describes as made in error and withdrawn. The FCR should be vacated, or at minimum the Court should clarify the referral history on the record before taking any action on ECF No. 681.

## III. OBJECTION NO. 2 — BARTON HAS NOT CONSENTED TO MAGISTRATE-JUDGE DISPOSITION (FCR, in its entirety)

Barton has not consented, and expressly declines to consent, under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 to magistrate-judge resolution of ECF No. 681 or any other dispositive matter. He preserved that non-consent in writing before the FCR issued. ECF No. 763, Ex. A at 7. Accordingly, no order of a magistrate judge may finally dispose of ECF No. 681; only a de novo determination by the Article III District Judge, made on a record at which Barton has been heard, can support relief affecting the recorded instruments at issue. Nothing in Barton's participation in any proceeding in this case should be construed as consent.

## IV. OBJECTION NO. 3 — THE CASE REMAINS ADMINISTRATIVELY CLOSED (FCR, in its entirety)

This case was administratively closed on August 7, 2025, and no order reopening it appears on the public docket. Barton raised this defect before the FCR issued. ECF No. 744 ¶ 13.1; ECF

No. 763, Ex. A § VI. Whatever the jurisdictional consequence of an administrative closure, ordinary procedural regularity requires that the docket be formally reopened by order of the assigned district judge before a dispositive motion is adjudicated and recorded property interests are extinguished. The FCR does not acknowledge the closure or explain the authority for proceeding on a closed docket.

## V. OBJECTION NO. 4 — THE FCR ISSUED ON A RECORD FROM WHICH BARTON WAS INVOLUNTARILY ABSENT AND ON WHICH HE HAS NEVER BEEN HEARD (FCR at 1–2, recital that the Magistrate Judge reviewed "the Response filed by Defendant Barton")

The FCR recites that it rests on "the Motion, the Response filed by Defendant Barton, Movants' Reply, the evidence filed in support of the Movants' and Barton's briefs, and the applicable law." FCR at 1–2. That recital does not describe the actual record. The only response to ECF No. 681 ever docketed for Barton is ECF No. 686 (Oct. 19, 2025), a four-page notice of an administrative stay filed by former counsel. It contains no merits opposition to ECF No. 681. Barton has never had a merits opposition to ECF No. 681 on file, through no fault of his own:

(a) Barton's June 3, 2026 filing raising threshold defects (ECF No. 744) was struck by the same order that extended his response deadline to June 9, 2026 (ECF No. 751). (b) His motion to extend the June 11, 2026 status conference was denied (ECF No. 758), and his motion to modify the setting (ECF No. 756) was never ruled upon. (c) The June 11, 2026 status conference concerning ECF No. 681 was held in Barton's absence: the minute entry reflects appearances by counsel for the SEC, the Movants, interested parties, and the Receiver, and no appearance by or for Barton. ECF No. 762. Barton had advised the Court of a confirmed conflict — meetings in Washington, D.C. on June 10–12, 2026 bearing on his defense of the parallel criminal case — and had requested a reset or leave to appear remotely. Neither was granted. (d) On June 15, 2026,

Barton filed a Motion for Leave to File Supplemental Response in Opposition to ECF No. 681, attaching the proposed response itself. ECF No. 763. That motion was pending and unruled when the FCR issued seven days later. The FCR neither mentions ECF No. 763 nor engages any of its grounds.

Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A recommendation that would extinguish recorded interests in real property, issued while the only affected defendant's compliant, timely filings sat unresolved and after a conference from which he was involuntarily absent, cannot be adopted consistent with that guarantee. At minimum, the Court should grant ECF No. 763, deem the supplemental response filed, and determine ECF No. 681 de novo on a complete record, with a hearing at which Barton can appear.

## VI. OBJECTION NO. 5 — THE FCR BYPASSES THE MANDATORY EXPUNGEMENT FRAMEWORK OF TEXAS PROPERTY CODE § 12.0071 (FCR at 2 (paragraph beginning "Under Texas law") and at 3 (final paragraph and citation to In re Texas Extrusion Corp.))

The Texas Legislature has supplied the mechanism and the standard for removing a notice of lis pendens: a motion to expunge under Texas Property Code § 12.0071. Expungement is authorized only if the pleading on which the notice is based does not contain a real property claim, or the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim, or service requirements were not met. Tex. Prop. Code § 12.0071(c). The statute contemplates an evidentiary process — affidavits, counter-affidavits, and such other proof as the court allows. Id. § 12.0071(b), (e). The FCR conducts none of that analysis. It cites no evidence, weighs no affidavits, and makes no probable-validity finding. It instead declares the notices void by summary reference to *In re Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir. 1988)

— a decision that predates the 2009 enactment of § 12.0071 and addressed the predecessor cancellation procedure of § 12.008. The modern statute's evidentiary framework cannot be avoided by labeling the motion one to "declare void" rather than to expunge. Barton presented this argument in his proposed supplemental response, ECF No. 763, Ex. A § II, and the FCR does not address it.

## VII. OBJECTION NO. 6 — THE UNDERLYING CONTROVERSY INVOLVES RECORDED INTERESTS IN REAL PROPERTY; PETITO AND FLORES ARE INAPPOSITE (FCR at 2, discussion of Petito v. Brewster and Flores v. Haberman)

The FCR reasons that the SEC's claims against Barton do not involve title to real property and that the notices therefore fall outside Texas Property Code § 12.007. FCR at 2. That framing overlooks the actual basis of the recorded claims. Two instruments encumber the properties at issue and predate the receivership by many months: a Memorandum of Agreement for the Marine Creek property recorded January 25, 2022, as Instrument No. D222022238, and a Memorandum of Agreement for the Orchard Farms property recorded March 8, 2022, as Instrument No. D222061226, each in the Official Public Records of Tarrant County, Texas. Each states on its face that it is recorded to give public notice of the underlying Participation Agreement and that its covenants "shall be construed as covenants running with the land." Under *Inwood North Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987), every element of a covenant running with the land is satisfied on the face of these instruments: the obligations touch and concern the land, the running character is express, successors are bound, and recording supplied notice to the world. Indeed, the movants' own title commitment and owner's policy for the Marine Creek acquisition listed Instrument No. D222022238 as an exception to title. ECF No. 763, Ex. A § III.

*Flores v. Haberman*, 915 S.W.2d 477 (Tex. 1995), involved a claimant seeking a constructive trust over proceeds — an indirect, collateral interest. The recorded covenants here burden the land itself. The dispute ECF No. 681 presents — whether those recorded covenants were extinguished by a settlement — is a quintessential controversy over title and the establishment of an interest in real property, precisely what § 12.007(a) exists to publicize. Expunging the notices while that controversy is live would not resolve it; it would expose the recorded interests to destruction through transfers to purported bona fide purchasers before any court has adjudicated them.

## VIII. OBJECTION NO. 7 — THE SETTLEMENT-RELEASE THEORY CANNOT CARRY THE MOVANTS' BURDEN, BECAUSE THE RECEIVER HAD NO AUTHORITY OVER ENTITIES NEVER PLACED IN RECEIVERSHIP (FCR at 2–3, reliance on the ratified settlement and Order (ECF No. 755))

The movants' theory, accepted without analysis in the FCR, is that the underlying claims were released by the Settlement Agreement executed by the Receiver in December 2022 and ratified by order of December 21, 2022 (ECF No. 109). That theory fails at the threshold. The Order Appointing Receiver enumerated specific Receivership Entities, and Orchard Farms Development, LLC and Marine Creek Development, LLC were never named among them. A receiver's authority is coextensive with the receivership estate and no broader. In *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305–11 (5th Cir. 2012), the Fifth Circuit held the district court could not impose a receivership over the assets of entities that were listed on a global settlement but never made parties. What a district court cannot do directly, a receiver cannot accomplish indirectly by signing a release on behalf of entities never brought within the receivership. *See also Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (one is not bound by a judgment in a litigation to which he was not made a party); *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986) (settling parties may not dispose of the claims of a third party without its agreement).

The economics confirm the point: the settlement paid $750,000 for a purported release of claims whose fixed, liquidated components alone exceed $4,631,250, and none of that consideration flowed to the entities whose claims were purportedly released. ECF No. 763, Ex. A § IV. At minimum, the validity of the purported release is genuinely contested on grounds of authority, consideration, and the property-law character of the covenants, and must be resolved on a developed evidentiary record under § 12.0071 — not by summary declaration.

## IX. OBJECTION NO. 8 — THE INJUNCTION-VIOLATION FINDINGS ARE ERRONEOUS, UNNECESSARY TO THE REFERRED QUESTION, AND SHOULD NOT BE ADOPTED (FCR at 2–3 and n.2 (finding that Barton "encumbered" the properties in violation of Order ¶ 85(A) (ECF No. 650)))

The FCR finds that Barton "encumbered" the Orchard Farms and Marine Creek properties in violation of the anti-interference provision of the order at ECF No. 650. That finding is objectionable on three independent grounds. First, the lis pendens were filed on July 31, 2024. To the extent the order at ECF No. 650 was entered after that date, the FCR faults Barton for violating an order that did not exist when he acted. Second, under Texas law a notice of lis pendens is not itself a lien or encumbrance on property; it operates only as constructive notice of pending litigation. *See, e.g., Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Third, no motion for contempt or for sanctions was referred or briefed; findings that Barton violated a court order were unnecessary to the question referred and were made without the process such a finding requires. If the Court adopts any portion of the FCR, it should decline to adopt these findings.

## X. OBJECTION NO. 9 — THE FCR IGNORES THE PENDING FIFTH CIRCUIT MANDAMUS PROCEEDING, NO. 26-10534 AND APPEAL AGAINST THE THIRD RECEIVERSHIP ORDER, NO. 25-10871 (FCR, in its entirety; failure to address ECF No. 763, Ex. A § V)

A petition for a writ of mandamus arising from this case is pending before the United States Court of Appeals for the Fifth Circuit as Case No. 26-10534, filed June 8, 2026, seeking relief concerning multiple orders, including the December 21, 2022 order approving the settlement with the DLP Entities (ECF No. 109) on which the FCR's release theory depends along with a petition for rehearing en banc against the third receivership order Appeal No. 25-10871. While that proceeding pends, the controversy over the disposition of these property interests remains live. If the notices are expunged and the properties conveyed to purported bona fide purchasers before the Fifth Circuit acts, any relief later granted will be hollow and the harm irreparable. The orderly course is to preserve the status quo until the probable validity of the recorded claims is adjudicated on a full record and the appellate landscape is settled rather than assumed.

## XI. OBJECTION NO. 10 — THE FCR'S BREVITY RATIONALE CANNOT SUBSTITUTE FOR FINDINGS SUFFICIENT TO PERMIT MEANINGFUL DE NOVO REVIEW (FCR at 2 n.1)

The FCR invokes *Global Advantech Resources Ltd. v. Brown* for the proposition that a statement that one side "has the better arguments" may suffice. FCR at 2 n.1. Whatever force that principle has for a district court explaining its own ruling, a magistrate judge's recommendation on a matter dispositive of recorded property rights must supply findings and reasoning sufficient for the District Judge to conduct the de novo review that § 636(b)(1) commands — particularly where, as here, the affected party's merits opposition was never permitted onto the docket, and the arguments summarized in Objections Nos. 5 through 9 above were never addressed by anyone. Adopting a recommendation that resolves none of those grounds would leave them undecided by any judicial officer.

## XII. CONCLUSION AND RELIEF REQUESTED

For the reasons above, Defendant Timothy L. Barton respectfully requests that the Court:

1. Sustain these objections and decline to adopt the Findings, Conclusions, and Recommendation at ECF Nos. 770 and 774;
2. Deny the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681);
3. In the alternative, defer any ruling on ECF No. 681 until: (a) the case is reopened from the administrative closure entered August 7, 2025; (b) the magistrate-judge assignment and the order of referral, if any, are clarified on the docket; (c) Barton's Motion for Leave to File Supplemental Response (ECF No. 763) is granted and the supplemental response is considered; (d) the probable validity of the recorded real-property claims is determined on a developed evidentiary record consistent with Texas Property Code § 12.0071, at a hearing before the District Judge at which Barton may appear; and (e) the Fifth Circuit's disposition of the pending mandamus proceeding, Case No. 26-10534, and the rehearing en banc petition are known;
4. Grant oral argument before the District Judge; and
5. Grant such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, pro se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
Tel: (214) 914-3811
Email: timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via the Court's CM/ECF system upon docketing by the Clerk, and by electronic mail.

*/s/ Timothy L. Barton*
Timothy L. Barton