FILED-USDC-NDTX-DA
'26 JUL 6 PM4:02
JJF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Case No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT TIMOTHY BARTON'S OBJECTION TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OFTHE UNITED STATES MAGISTRATE JUDGE (ECF NO. 775)**

Defendant Timothy Barton, appearing *pro se*, respectfully submits this Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "Recommendation," ECF No. 775), which recommends that the Court grant the Motion to Declare Lis Pendens Void filed by Tamamoi, LLC and 3820 Illinois, LLC (the "Motion," ECF No. 688). This Objection is filed pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). For the reasons below, the Recommendation should not be adopted.

## I. PRELIMINARY STATEMENT

This Objection presents a threshold defect that is independently dispositive of the Recommendation. The Recommendation was issued by a United States Magistrate Judge to whom this matter was never validly referred. To the contrary, the docket affirmatively reflects that any referral to the Magistrate Judge was made *in error*, that the case was "Returned to District Judge," and that "Magistrate Judge Rebecca Rutherford [is] no longer assigned to case." (Docket entry

entered Jan. 20, 2026.) The Recommendation nonetheless issued from that same Magistrate Judge—identified on its face as "Hon. R. Rutherford"—on June 23, 2026, some five months later.

A United States Magistrate Judge derives authority solely from a valid designation by the District Judge under 28 U.S.C. § 636(b). Absent such a designation—and in the face of a docket entry withdrawing the referral as erroneous—the Magistrate Judge lacked authority to issue proposed findings or a recommendation on the Motion, and the Recommendation should not be adopted.

Independently: (1) Defendant did not consent to disposition of any matter by the Magistrate Judge; (2) the case remains administratively closed, and no emergency or exigency justified departing from ordinary procedure on a Motion that has been pending since October 27, 2025; and (3) Defendant, now proceeding *pro se*, timely objects and respectfully asks to be heard on the merits before any ruling. The Court should decline to adopt the Recommendation.

## II. RELEVANT BACKGROUND

1. The docket reflects that this case was administratively closed on August 7, 2025. (See docket notation "WARNING: CASE CLOSED on 08/07/2025.")
2. On October 27, 2025, Movants filed the Motion to Declare Lis Pendens Void (ECF No. 688).
3. The docket does not reflect any order referring the Motion, or this case, to a Magistrate Judge for findings or a recommendation. The only docket entry addressing any such referral—entered January 20, 2026—states: "CASE Returned to District Judge; Magistrate Judge Rebecca Rutherford no longer assigned to case. ***Case referred in error***." That same entry carries the notation "WARNING: CASE CLOSED on 08/07/2025."

4. On June 23, 2026, the Magistrate Judge issued the Recommendation (ECF No. 775), recommending that the Motion be granted and stating that no objection or response to the Motion had been filed.
5. Defendant now appears and proceeds *pro se* and files this Objection within the time allowed.

## III. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's proposed findings and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). These safeguards presuppose, however, a valid referral in the first instance.

## IV. ARGUMENT

### A. The Recommendation Should Be Rejected Because the Matter Was Never Validly Referred to the Magistrate Judge, and Any Referral Was Withdrawn as Erroneous Before the Recommendation Issued.

Section 636(b)(1) authorizes a district judge to "designate" a magistrate judge to hear pretrial matters or to submit proposed findings and recommendations on dispositive matters. A magistrate judge's authority to act is entirely derivative of that designation. As the Supreme Court has explained, a magistrate judge's duties are carefully circumscribed, and "[w]hen a statute creates an office to which it assigns specific duties, those duties outline the attributes of the office." Gomez v. United States, 490 U.S. 858, 875–76 (1989). "A critical limitation" on a magistrate judge's jurisdiction is the scope of the authority actually conferred. *Id.* at 870.

Here, no valid designation was conferred. The docket contains no order referring the Motion (ECF No. 688), or this case, to the Magistrate Judge. The only entry bearing on the subject states that the case was "referred in error," was "Returned to District Judge," and that Magistrate Judge Rutherford is "no longer assigned to case." (Jan. 20, 2026 docket entry.) That entry withdrew any referral months before the Recommendation issued. A recommendation issued without a valid order of reference is not entitled to adoption, and the Objection should be sustained on that basis alone. Because the defect appears on the face of the docket, no factual development is required.

To the extent the record contains any subsequent order of reference re-designating the Magistrate Judge after January 20, 2026—which Defendant has been unable to locate—Defendant objects to it as well. Any such re-referral would be inconsistent with the Court's own determination that the earlier referral was made "in error" while the case stood administratively closed, and Defendant received no notice or opportunity to be heard before the Recommendation issued.

**B. Defendant Did Not Consent to Disposition of Any Matter by the Magistrate Judge.**

To the extent the Recommendation is understood to reflect an exercise of dispositive authority, the Federal Magistrates Act permits a magistrate judge to conduct proceedings and order the entry of judgment only when "specially designated … by the district court" and acting "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1); see Roell v. Withrow, 538 U.S. 580, 585 (2003); Fed. R. Civ. P. 73. Defendant never consented—expressly or otherwise—to the Magistrate Judge's disposition of the Motion or of any matter in this case, and the record contains no consent form.

Nor is there any conduct from which consent could be inferred. Because there was no proceeding before the Magistrate Judge in which Defendant participated, there is nothing from which to imply consent, and Defendant expressly declines to consent and objects at his first

opportunity. Cf. Roell, 538 U.S. at 590 (consent may be inferred only from a party's general appearance before the magistrate judge after notice of the right to proceed before a district judge).

**C. The Case Remains Administratively Closed, and No Emergency Justified Any Deviation From Ordinary Procedure.**

The Motion presented no emergency. The case has been administratively closed since August 7, 2025, and the Motion has been pending since October 27, 2025—roughly eight months before the Recommendation issued. Nothing in that posture justified resolving the Motion through an erroneous referral, while the case was closed, and without affording Defendant an opportunity to respond. The absence of any exigency confirms that the ordinary requirements—a valid order of reference and a fair opportunity to be heard—should have been, and should now be, observed.

**D. Defendant, Now Proceeding Pro Se, Timely Objects and Has Not Waived His Right to Be Heard.**

Defendant now proceeds *pro se* and files this Objection within the period allowed by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) (as extended, where applicable, under Federal Rule of Civil Procedure 6(d)). His *pro se* submission is entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

The Recommendation observes that no response to the Motion was filed. Whatever the reason no response was filed at the motion stage—including the case's administratively closed status and the referral irregularities described above—Defendant's timely objection now triggers mandatory *de novo* review of the objected-to portions. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). By objecting, Defendant preserves his rights and avoids the forfeiture rule the Recommendation itself invokes. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417

(5th Cir. 1996) (en banc). Defendant respectfully requests leave to file a response to the Motion so that any merits may be decided on a complete record.

**E. Defendant Preserves His Objections to the Merits.**

Defendant also preserves, and does not concede, his objections to the merits of the Motion. The Motion is bound up with contested questions concerning the receivership and the Receiver's release of claims formerly asserted by JMJ Development—matters that are the subject of Defendant's pending appellate proceedings. Declaring the notice of *lis pendens* void may bear on issues intertwined with those proceedings. Cf. Tex. Prop. Code § 12.007. Because the threshold defects above are dispositive, the Court need not reach the merits at this time; but if it does, Defendant requests the opportunity to brief them on a full record.

## V. CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Timothy Barton respectfully requests that the Court: (1) decline to adopt the Findings, Conclusions, and Recommendation (ECF No. 775); (2) deny the Motion to Declare Lis Pendens Void (ECF No. 688), or, in the alternative, defer ruling and grant Defendant leave to respond to the Motion; and (3) grant such other and further relief to which Defendant may be justly entitled.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2026, I filed the foregoing with the Clerk of Court and served a copy on all counsel of record by the Court's CM/ECF system, including counsel for Movants Tamamoi, LLC and 3820 Illinois, LLC (Sarah M. Cox and Howard Marc Spector, Spector & Cox, PLLC), counsel for the Receiver, and counsel for the Securities and Exchange Commission.

*/s/ Timothy L. Barton*
Timothy L. Barton