**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**DEFENDANT TIMOTHY L. BARTON'S**
**MOTION FOR LEAVE TO FILE OPPOSED**
**MOTION FOR RETURN OF PERSONAL PROPERTY**
**AND ORDER DIRECTING RECEIVER TO ACCOUNT FOR, INSPECT,**
**AND DELIVER WASHER AND DRYER FROM THE ROCK CREEK PROPERTY**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton ("Barton"), appearing pro se, respectfully moves this Court for an order granting leave to file the attached Opposed Motion for Return of Personal Property and Order Directing Receiver to Account for, Inspect, and Deliver Washer and Dryer from the Rock Creek Property (the "Proposed Motion"), attached as Exhibit A. In support of this Motion for Leave, Barton states:

1. On June 5, 2026, the Court entered an Order permitting Barton to represent himself pro se but directing that he "must seek leave of the Court before filing any motion." [Dkt. 747]. The Order provides that the leave requirement does not apply to responses and replies filed under Local Civil Rule 7.1(e) and (f).

2. Pursuant to Dkt. 747, Barton seeks leave to file the attached Proposed Motion. The Proposed Motion asks for a narrow receivership-administration order requiring the

Receiver to account for and return two discrete items of personal property: the washer and dryer from 4107 Rock Creek Drive, Dallas, Texas.

3. The Proposed Motion is made in good faith and is not filed for delay, harassment, or frivolous duplication. It does not seek to dissolve the receivership, reopen the merits of the SEC action, relitigate the Rock Creek sale order, or adjudicate broad ownership disputes over all contents at the property.

4. Good cause supports leave because the Proposed Motion concerns a concrete and limited chain-of-custody issue. The Receiver-side communications attached to the Proposed Motion acknowledge that the washer and dryer were not delivered to Barton and were allowed to remain with the tenant based on an alleged repair-cost issue. The Proposed Motion seeks only practical accounting, production of supporting records, and return of the items or an explanation if return is impossible.

5. The requested filing will assist orderly receivership supervision. A court-appointed receiver is an officer of the Court, and the Court retains authority to require accountings and practical return procedures for personal property that is not receivership property or that was retained without a demonstrated legal basis.

6. Granting leave will not prejudice any party. The SEC and Receiver will have a full opportunity to respond under Local Civil Rule 7.1(e), and Barton may reply under Local Civil Rule 7.1(f), unless the Court sets a different schedule.

7. A proposed order granting this Motion for Leave is submitted herewith.

WHEREFORE, Barton respectfully requests that the Court GRANT this Motion for Leave, permit the attached Proposed Motion (Exhibit A) to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Respectfully submitted,

Dated: July 08, 2026

*/s/ Timothy L. Barton*
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The motion is presumably opposed; the defendant will update the status of any change as received.

*/s/ Timothy L. Barton*
*Defendant, Pro Se*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
*Defendant, Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED MOTION FOR RETURN OF PERSONAL PROPERTY AND ORDER DIRECTING RECEIVER TO ACCOUNT FOR, INSPECT, AND DELIVER WASHER AND DRYER FROM THE ROCK CREEK PROPERTY**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File Opposed Motion for Return of Personal Property and Order Directing Receiver to Account For, Inspect, and Deliver Washer and Dryer from the Rock Creek Property (the "Motion for Leave"). Having considered the Motion for Leave, the Court finds that good cause exists and that the Motion for Leave should be GRANTED.

It is therefore ORDERED that Defendant Timothy L. Barton is GRANTED leave to file his Opposed Motion for Return of Personal Property and Order Directing Receiver to Account For, Inspect, and Deliver Washer and Dryer from the Rock Creek Property, attached to the Motion for Leave as Exhibit A.

It is further ORDERED that the Clerk of Court is directed to file and enter Exhibit A as a separate motion on the docket of this case.

**SO ORDERED.**

Dated: ______________________________

____________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION FOR RETURN OF PERSONAL PROPERTY AND ORDER DIRECTING RECEIVER TO ACCOUNT FOR, INSPECT, AND DELIVER WASHER AND DRYER FROM THE ROCK CREEK PROPERTY**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton, appearing pro se, respectfully moves the Court for an order directing the Court-appointed Receiver to account for, inspect, and return Barton's personal property from 4107 Rock Creek Drive, Dallas, Texas, specifically the washer and dryer identified in the Receiver's inventory and related communications. In support, Barton states as follows:

## I. RELIEF REQUESTED

Barton requests an order requiring the Receiver to:

1. Identify the present location and custodian of the washer and dryer identified in the Receiver's inventory and related communications.

2. Produce a short written chain-of-custody accounting for those items, including the moving, delivery, storage, tenant, inspection, photograph, and repair records in the Receiver's possession, custody, or control.
3. Produce any invoices, receipts, proof of payment, or other records supporting the tenant's alleged repair-cost claim, or certify that no such documents are in the Receiver's possession, custody, or control.
4. Return the washer and dryer to Barton, or make them available for pickup at a reasonable date, time, and location, without setoff or condition unless authorized by the Court.
5. If either item has been sold, discarded, damaged, transferred, or cannot be located, file a notice explaining what occurred and provide the estimated replacement value, without prejudice to further relief; and
6. Award Barton his reasonable retrieval or replacement costs and such other relief as the Court deems just.

## II. FACTUAL BACKGROUND

### *A. The Receiver controlled the Rock Creek sale process and the handling of Barton's personal property.*

The Court appointed the Receiver by Dkt. 29. The Rock Creek property later became the subject of sale-related proceedings, including the Court's Order Approving Sale re: Rock Creek Property, Dkt. 437. In connection with the Rock Creek sale process, the Receiver caused a personal-property inventory to be prepared for the contents at 4107 Rock Creek Drive.

The inventory identifies the two items now at issue: Item 108 is a washing machine, and Item 109 is a dryer. Ex. 1. This motion does not ask the Court to resolve a broad ownership dispute over all Rock Creek contents. It seeks a practical accounting and return order for two discrete, inventoried personal-property items.

The Receiver retained MoveStar Inc. for packing and moving services at 4107 Rock Creek Drive. The MoveStar invoice, billed to Tim Wells at the Rock Creek address, reflects packing services on March 20, 2024, moving services on March 21, 2024, and a total invoice amount of $6,189.75. Ex. 2.

***B. The washer and dryer were not delivered to Barton.***

After the move, Barton discovered that the washer and dryer were not returned. Barton raised the discrepancy with Receiver personnel and counsel. The issue was not resolved informally.

In a July 17, 2024 email, Tim Wells advised that the washer and dryer had not been removed because the tenant claimed to have incurred substantial repair costs and requested reimbursement or continued use of the appliances. Mr. Wells further stated that, because the Rock Creek sale had been delayed, the Receiver decided to allow the tenant to continue using the washer and dryer, while reserving rights regarding alleged repair costs. Ex. 3.

***C. Receiver-side communications acknowledged a return obligation, but the washer and dryer have not been returned.***

The July 17, 2024 email is significant because it acknowledged that the washer and dryer would be returned before any sale closing and referenced the Court's order requiring return of personal property prior to selling the Rock Creek property. Ex. 3. That position does not justify indefinite retention. At minimum, it confirms the Receiver's continuing control over the issue and the need for a clear Court-ordered accounting and return deadline.

The alleged repair-cost explanation also remains unsupported. Barton requested repair bills or proof of payment, but the Receiver has not produced documents showing what repairs were performed, who paid for them, whether any repair obligation was contractual, or how any such alleged repair cost could create a superior possessory right over Barton's personal property.

## III. LEGAL STANDARD

### *A. Federal receivership authority controls this request.*

Federal Rule of Civil Procedure 66 governs actions in which a receiver has been appointed. Fed. R. Civ. P. 66. A federal equity receiver is an officer of the Court, and the Court has broad discretion to supervise the receiver, administer property within the receivership, protect non-receivership interests, require accountings, and issue practical orders necessary to carry out the receivership fairly. See SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 331 (5th Cir. 2001).

The relief requested here is not an eviction remedy or a forcible-detainer remedy. Texas Property Code Chapter 24 concerns possession of real property and eviction-related procedures. This motion instead seeks the return or accounting of discrete items of personal property controlled, retained, moved, or accounted for by a federal court-appointed Receiver. Accordingly, the better procedural basis is Rule 66, the Court's receivership orders, and the Court's inherent equitable authority over its officer.

### *B. A claimed repair expense does not establish ownership or a superior right to possession absent proof and Court authorization.*

A tenant's alleged repair expense does not, by itself, transfer title to personal property, create a possessory lien, or authorize continued use of personal property that the Receiver inventoried for return. If the Receiver or tenant contends that a valid lien, contract, setoff, reimbursement right, or other legal basis justifies retention, the Receiver should be required to identify that basis and produce the supporting records.

Because this case is pending in federal court, any evidentiary dispute over invoices, receipts, photographs, delivery records, or other writings is governed by the Federal Rules of

Evidence, not the Texas Rules of Evidence. See Fed. R. Evid. 901, 1002-1004. At this stage, Barton seeks a practical production and accounting order, not a final evidentiary ruling.

***C. Texas conversion principles support return or replacement-value relief.***

Texas law recognizes conversion as the wrongful exercise of dominion and control over another's personal property in denial of, or inconsistent with, the owner's rights. See Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971). Where property cannot be returned because it was lost, transferred, damaged, sold, or discarded, replacement-value relief or further accounting relief may be appropriate. Barton therefore requests return of the washer and dryer if they can be returned and an accounting with replacement-value information if they cannot.

## IV. ARGUMENT

***A. The inventory, invoice, and Receiver-side email establish a concrete chain-of-custody issue requiring accounting.***

The attached inventory excerpt and MoveStar invoice make the issue concrete. This is not a speculative complaint about unknown property. The inventory identifies the washer and dryer, and the invoice confirms that a moving process occurred under the Receiver's direction. Exs. 1-2. The July 17, 2024 email then explains that the washer and dryer were not removed and were left for the tenant's continued use based on an alleged repair-cost issue. Ex. 3. The Receiver should be required to identify what happened to those items and where they are now.

***B. The tenant-repair explanation is not a lawful basis for indefinite retention.***

The Receiver-side July 17, 2024 explanation rests on an unverified tenant claim. Ex. 3. No repair invoices or receipts have been produced. No contract, lien, Court order, or other legal authority has been identified that allows the tenant to continue using Barton's personal property because the tenant allegedly repaired it. If repair costs are disputed, the proper course is to

produce the supporting records and request Court-authorized treatment of those costs, not indefinite retention of the washer and dryer.

***C. The requested order is narrow and administratively efficient.***

Barton does not ask the Court to reopen the full merits of the receivership or adjudicate broad property claims through this motion. He requests a narrow receivership-administration order requiring the Receiver to account for and return two discrete personal-property items. That remedy is efficient, proportional, and consistent with the Court's supervisory authority over the Receiver.

## V. CONCLUSION AND PRAYER

For these reasons, Barton respectfully requests that the Court grant this Motion, enter the proposed order submitted with this filing, and grant all further relief to which Barton may be justly entitled.

Respectfully submitted,

Dated: July 08, 2026

*/s/ Timothy L. Barton*
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The motion is presumably opposed; the defendant will update the status of any change as received.

*/s/ Timothy L. Barton*
*Defendant, Pro Se*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
*Defendant, Pro Se*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| *Defendants.* | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR RETURN OF PERSONAL PROPERTY AND ORDER DIRECTING RECEIVER TO ACCOUNT FOR, INSPECT, AND DELIVER WASHER AND DRYER FROM THE ROCK CREEK PROPERTY**

Before the Court is Defendant Timothy L. Barton's Opposed Motion for Return of Personal Property and Order Directing Receiver to Account For, Inspect, and Deliver Washer and Dryer from the Rock Creek Property. Having considered the Motion, the record, and applicable law, the Court GRANTS the Motion as follows:

1. Within three (3) days of this Order, the Receiver shall identify in writing the present location and custodian of the washer and dryer identified in the Receiver's inventory and related communications.
2. Within seven (7) days of this Order, the Receiver shall produce available chain-of-custody, moving, storage, delivery, photograph, tenant, and repair records for the washer and dryer, including any invoices, receipts, or proof of payment supporting any claimed repair-cost basis for retaining or using those items.

3. Within ten (10) days of this Order, the Receiver shall return the washer and dryer to Barton or make them available for pickup at a reasonable date, time, and location agreed by the parties.
4. If either item cannot be located or returned, the Receiver shall file a notice explaining what happened to the item and stating the item's estimated replacement value, without prejudice to either party's right to seek further relief.
5. No tenant, agent, professional, or other person acting under the Receiver's authority may retain, use, sell, discard, or transfer the washer or dryer absent further order of this Court.
6. All other relief not expressly granted is denied without prejudice.

**SO ORDERED.**

Dated: ______________________________

____________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**PERSONAL PROPERTY INVENTORY**
**4107 Rock Creek Dr., Dallas, TX**

| Item # | Description | Photograph |
|---|---|---|
| 1. | Two black metal outdoor lanterns |  |
| 2. | One outdoor topiary with black planter |  |
| 3. | One outdoor topiary with black planter |  |
| 4. | Outdoor chair with striped cushions |  |

| | | | |
|---|---|---|---|
| 5. | Set of two outdoor rocking chairs with striped cushions | |  |
| 6. | Outdoor glass and metal table | |  |
| 7. | Pair Carved White Marble Foo Lion Figures<br>Chinese, 20th Century<br>Each on conforming base<br>Height: 33 inches<br>Good condition | |  |
| 8. | Outdoor hose reel | |  |
| 9. | Set of two ivory button-tufted chairs | |  |
| 10. | TV | |  |

| | | |
|---|---|---|
| 11. | Side table with various books and bookends |  |
| 12. | Floor lamp |  |
| 13. | Set of 2 leather tufted chairs |   |
| 14. | Round marble-topped table with drawer |   |

| | | |
|---|---|---|
| 15. | Set of 4 bar chairs, beige fabric with wood legs |  |
| 16. | Set of 2 table lamps |  |
| 17. | Apothecary-style side table |  |
| 18. | Art – round, black metal circles |  |

| | | |
|---|---|---|
| 19. | Humidor |  |
| 20. | Books with bookends |  |
| 21. | Side table (glass, white metal) |  |
| 22. | Ivory side chair (tufted) |  |
| 23. | Round tray with various vases |  |

| | | |
|---|---|---|
| 24. | Wooden coffee table |  |
| 25. | Ivory tufted sofa |  |
| 26. | Side table (white wood) |  |
| 27. | Wall mirror (black frame) |  |
| 28. | Art (cigar) |  |

| | | |
|---|---|---|
| 29. | Animal hide floor rug |  |
| 30. | Vase (blue and white) |  |
| 31. | Two leather side chairs |  |
| 32. | Toaster |  |
| 33. | Canisters (marble, wood) |  |

| | | |
|---|---|---|
| 34. | Espresso machine |  |
| 35. | Coffee maker |  |
| 36. | Wood bowls |  |
| 37. | Stainless steel bowl |  |
| 38. | Glassware (mugs, glasses, wine glasses) |   |

| | | |
|---|---|---|
| 39. | White dishware and stemless wine glasses |  |
| 40. | Candle votives, champagne flutes, snapware |  |
| 41. | Pair Baroque Style Walnut and Tooled Leather armchairs |  |
| 42. | Large Baroque Walnut Refectory Table |  |

| | | |
|---|---|---|
| 43. | Mahogany Dining Chairs |  |
| 44. | Set of 2 tusks on stand |  |
| 45. | Art (gold white horn on stand) |  |
| 46. | Art (gold white horn on stand) |  |

| | | |
|---|---|---|
| 47. | Renaissance Revival Mahogany Buffet |  |
| 48. | Silverware in case |  |
| 49. | Silver dish |  |
| 50. | Cigar cutter |  |
| 51. | Wood round bowl |  |

| | | |
|---|---|---|
| 52. | Candle sticks |  |
| 53. | Table runners |  |
| 54. | L-shaped sofa (beige fabric) |  |
| 55. | Sofa pillows (6, beige, brown, tan) |   |
| 56. | Table art |  |
| 57. | Table vases |  |

| | | |
|---|---|---|
| 58. | Table tray |  |
| 59. | TV |  |
| 60. | Set of 2 leather arm chairs |  |
| 61. | Set of 2 white bar chairs (white fabric with wood) |  |
| 62. | Set of 3 vases |  |
| 63. | Set of 2 indoor topiaries |  |

| | | |
|---|---|---|
| 64. | Set of 2 wall shelves |  |
| 65. | Set of coffee cups |  |
| 66. | Single serve coffee maker |  |
| 67. | Wall art |  |
| 68. | Side chair (green or beige fabric with two pillows) |  |

| | | |
|---|---|---|
| 69. | Set of 2 table lamps (bedroom) |  |
| 70. | Bedroom side table |  |
| 71. | Queen size bed with headboard (ivory) |  |
| 72. | Floor mirror |  |

| | | |
|---|---|---|
| 73. | Secretary desk |  |
| 74. | TV with stand |  |
| 75. | Chest of drawers (ivory) |  |
| 76. | Floor rug |   |

| | | |
|---|---|---|
| 77. | Wall lamp |  |
| 78. | Circle wood tray with bottles |  |
| 79. | Flags (U.S. and Texas) |  |
| 80. | Seasonal décor |  |
| 81. | Tray on embellished stand |   |

| | | |
|---|---|---|
| 82. | Wood dresser with mirror |   |
| 83. | Blue and white vase |  |
| 84. | Queen bed (wood with headboard) |   |
| 85. | Blue and white side table lamp |  |
| 86. | Art (bust) |  |

| | | |
|---|---|---|
| 87. | Wood side table |  |
| 88. | Metal, cushioned stool |  |
| 89. | Gray side chair with pillow |  |
| 90. | Floor rug |  |
| 91. | Table lamp (brown/white) |  |

| | | |
|---|---|---|
| 92. | Queen bed with headboard and bottom drawers (wood) |  |
| 93. | Wood and metal bookcase with various books |  |
| 94. | Various books |  |

| | | |
|---|---|---|
| 95. | Wall art (av ranches) |   |
| 96. | Silver Urn |  |
| 97. | Bedroom side table |  |
| 98. | Bedroom side table |  |
| 99. | Wall mirror |  |

| | | |
|---|---|---|
| 100. | Side table lamp |  |
| 101. | Set of 4 glass jars |  |
| 102. | Silver tray |  |
| 103. | Chest of drawers |  |
| 104. | Wall TV |  |

| | | |
|---|---|---|
| 105. | Bathroom wall art |  |
| 106. | Art (statues) |  |
| 107. | Horse table lamp |  |
| 108. | Washing machine |  |

| | | |
|---|---|---|
| 109. | Dryer |  |
| 110. | Side table with 3 drawers |  |
| 111. | Queen bed (dark brown leather with linens and throw pillows) |  |
| 112. | Horse table lamp |  |

| | | |
|---|---|---|
| 113. | White side chair with throw pillow |  |
| 114. | Dresser with mirror |  |
| 115. | Floor rug (deer spots) |  |
| 116. | Table TV |  |

| | | |
|---|---|---|
| 117. | Bathroom wall art |  |
| 118. | Dresser (apothecary style) |  |
| 119. | Outdoor loungers (2) |  |
| 120. | Set of 3 silver lanterns (small, medium, large) |  |

| | | | |
|---|---|---|---|
| 121. | Green egg | |  |
| 122. | Outdoor glass/metal table | |  |
| 123. | Antique Cast Iron Garden Bench<br>American, early 20th Century<br>Cartouche on back, white paint<br>Width: 42 inches<br>Good condition | |  |
| 124. | Outdoor wicker storage container | |  |

| | | |
|---|---|---|
| 125. | White and blue ceramic vase |  |
| 126. | Liquor cabinet |  |
| 127. | Glass vase |  |
| 128. | Glass vase |  |
| 129. | Glass measuring cup |  |

| | | |
|---|---|---|
| 130. | White glass bowl |  |
| 131. | Various health books |   |
| 132. | Knife holder |  |
| 133. | Wine glasses |  |
| 134. | 11 clear stemmed wine glasses; 3 Hard Rock Café glasses |  |

| | | | |
|---|---|---|---|
| 135. | White plates | |  |
| 136. | White plates | |  |
| 137. | White bowls and pie dishes | |  |
| 138. | Crystal glassware | |  |
| 139. | Stemless wine glasses | |  |

| | | |
|---|---|---|
| 140. | Various linens/towels/rags |  |
| 141. | Cuisinart griddle/panini press |  |
| 142. | French Press coffee maker, paper sacks, etc. |  |
| 143. | Various dishes, bowls, vases and holiday dishes |  |
| 144. | Voluminous glass bottles, foil and other misc items |  |

**Items Damaged or Unaccounted For**

| | | |
|---|---|---|
| A. | 1 outdoor black metal lantern |  |
| B. | Outdoor door mat |  |
| C. | Lantern |  |
| D. | Sonos speaker |  |
| E. | Candles |  |
| F. | Speaker |  |
| G. | Printer |  |

| | | | |
|---|---|---|---|
| H. | Pressure washer | |  |
| I. | Shop vac | |  |
| J. | Two outdoor topiaries | |  |

# EXHIBIT 2

Movestar Inc
PO BOX 800908
DALLAS,TX 75380

# Invoice

| Date | Invoice # |
|---|---|
| 3/20/2024 | 43833 |

**Bill To**

Tim Wells
4107 Rock Creek Dr.
Dallas, TX 75204

**Ship To**

| P.O. No. | Terms | Due Date | Rep |
|---|---|---|---|
| | | 3/20/2024 | |

| Move Date | Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|---|
| 3/20/2024 | Packing | 4 packers 1 truck | 4.5 | 210.00 | 945.00 |
| | Fuel | Fuel | | 50.00 | 50.00 |
| | Boxes | Boxes | | 319.75 | 319.75 |
| 3/21/2024 | Moving | 8 men 2 trucks | 10.5 | 450.00 | 4,725.00 |
| | Fuel | Fuel | | 100.00 | 100.00 |
| | Transit Valuation | Transit Valuation | | 50.00 | 50.00 |

**Total** $6,189.75

# EXHIBIT 3

# FW: Personal items still seized

From tim <tim@brownfoxlaw.com>

To timothy.barton<timothy.barton@proton.me>

CC Michael Edney<MEdney@huntonak.com>, Gibboni, Roger<RGibboni@huntonak.com>, Charlene Koonce<charlene@brownfoxlaw.com>

Date Wednesday, July 17th, 2024 at 11:21 PM

---

Mr. Barton,

Contrary to your assertions below, you did not pay for obtaining possession of the items moved from the Rock Creek property; you paid for the cost of moving certain items. You also received a refund for the portion of the funds not charged by the moving company, a refund based in part on items that were not moved or otherwise. (We also note that the Receiver discovered evidence that the contents of the Rock Creek property were purchased by JMJ. Because of the likely negligible net recovery from a sale, however, the Receiver agreed to abandon designated items to you).

Upon arriving at the Rock Creek property with the movers, we were informed by the tenant that he had recently paid for substantial repairs to the washer and dryer. Due to this, the tenant requested reimbursement for the repairs or for the continued use of the washer and dryer. Since the sale of the Rock Creek Property has been delayed, the Receiver decided to allow the tenant to continue using the washer and dryer. Accordingly, as required by the Court's order that any personal property be returned to you prior to selling the Rock Creek Property, we will return the washer and dryer to you before any sale of the Rock Creek Property closes although we reserve rights with respect to repair costs.

Regarding the coffee table mentioned below, it is our understanding that all items, besides the washer and dryer, were delivered to you. We are unsure which coffee table you are referencing. If you can provide more detail about this coffee table, we will investigate this further.

Thanks,
Tim

TIM WELLS
214.367.6091
BROWNFOXLAW.COM

-----Original Message-----
From: Tim Barton <timothy.barton@proton.me>
Sent: Friday, July 12, 2024 5:51 AM
To: Cort Thomas <cort@brownfoxlaw.com>
Subject: Personal items still seized

[EXTERNAL EMAIL] Do not open links or attachments if you cannot verify the sender.

Cort

As you know I paid for a list of items that were to be moved from my personal home. Your staff gave a demand pay this or your items will be disposed of.

A list was given and no request of any deviation from the demand was allowed. I had no choice to any option for a different mover or any change

I agreed and paid

To-date I still do not have items that I paid for

Both my washer and dryer have been noticed as never delivered and when I asked as your team often does and you as well most first request are simple ignored repeated request as if I am non citizen and require no response.

After repeating my request to receive my washer and dryer I was simple told you order it not to be moved and that was the end of it.

I find it shocking that a officer of the court would simple breach agreement and then give such a response

Additionally a coffe table in the lower apartment still sit and being used by the tenant. Again I am shocked that the tenant seem to have superior right to my property especially because I was forced to pay for it and tour staff feels it has no reason to honor a signed agreement. The reason I assume is the person who holds out that he can actually pay millions for my home can not afford to buy a washer and dryer and coffe table. I understand he had cash problems and defaulted on the rent several times but that should not be a reason he gets to keep items you agreed and forced me to pay for.

This is ridiculous that after two years we having to deal with such ridiculous items but simple having your staff do what they agreed to would solve this and I am not sure why it's not done. Other then your honoring Judge Star order to punish me and you feel this is one of the ways you can carry out his orders.

I would ask that you do the right thing here. You are better than this

Thank you

Timothy Barton
JMJ

Sent from Proton Mail Android

**3.93 KB** 1 embedded image

Picture (Device Independent Bitmap) 1.jpg 3.93 KB