**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, et al.** | § | |
| | § | |
| ***Defendants*.** | § | |

**RECEIVER'S RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION FOR LEAVE TO FILE OPPOSED MOTION FOR RETURN OF PERSONAL PROPERTY**

Cort Thomas, as Receiver, files this Response to Defendant Timothy Barton's Motion for Leave to File Opposed Motion for Return of Personal Property and Order Directing Receiver to Account for, Inspect, and Deliver Washer and Dryer from the Rock Creek Property [Dkt. 791] (the "Motion") and in support would respectfully show the Court as follows:

On July 8, 2026, Barton filed the Motion. Among other things, Barton represents that he "conferred, via email . . . with . . . counsel for the Receiver regarding this motion. The motion is presumably opposed." However, Barton did not confer with the Receiver or Receiver's counsel. Had Barton conferred with the Receiver, he would have learned that the Receiver is not opposed to the return of the washer and dryer. As the Receiver has previously described to the Court, most recently in his Fifteenth Quarterly Status Report [Dkt. 728 at 64 & n. 24], while Barton still has not demonstrated entitlement to possession of the washer and dryer,[1] the Receiver believes that it is not worth expending additional receivership funds tracing proper ownership of the washer and

[1] Based upon past practices, the Receiver suspects that the washer and dryer were not purchased with Receivership funds. However, it would be cost-prohibitive to do a forensic analysis of the details and source of funds surrounding the purchase of the washer and dryer.

dryer. Now that the Rock Creek Property sale has finally closed (as will be detailed in the Receiver's next Quarterly Status Report), the Receiver has arranged with the purchaser (and former tenant) of the property to turn over possession of the washer and dryer to the Receiver. The Receiver, in turn is prepared to tender the washer and dryer to Mr. Barton next week and has offered to have the washer and dryer delivered to Mr. Barton next week.

Accordingly, the Receiver believes that Barton's Motion is both premature and improper and should be denied. The Receiver further requests that the Court grant such other and further relief that it deems just and proper.

Dated: July 8, 2026

Respectfully submitted,

**RECEIVER**

By: *_/s/ Cortney C. Thomas_*

Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.