**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § § § § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY L. BARTON, et al.,** *Defendants.* | § § § | |

**DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED MOTION TO REOPEN ADMINISTRATIVE CLOSURE AND RESTORE THE ACTION TO THE ACTIVE DOCKET FOR LIMITED RECEIVERSHIP SUPERVISION**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton ("Barton"), appearing pro se, respectfully moves this Court for leave to file the attached Opposed Motion to Reopen Administrative Closure and Restore the Action to the Active Docket for Limited Receivership Supervision (the "Proposed Motion"), attached as Exhibit A. In support, Barton states:

1. On June 5, 2026, the Court entered an Order permitting Barton to represent himself pro se but directing that he "must seek leave of the Court before filing any motion." Dkt. 747. The Order further provides that the leave requirement does not apply to responses and replies filed under Local Civil Rule 7.1(e) and (f).
2. Pursuant to Dkt. 747, Barton seeks leave to file the attached Proposed Motion. The Proposed Motion asks the Court to reopen this administratively closed action and restore it to the active docket solely for limited receivership supervision and case management.

3. The Proposed Motion is made in good faith and is not filed for delay, harassment, or frivolous duplication. It does not seek to dissolve or relitigate the Receivership Order, reopen merits discovery, adjudicate the Commission's underlying claims, or modify the stay entered at Dkt. 64.

4. The proposed filing presents a concrete case-management issue. Although the matter remains administratively closed, the Receiver continues to administer the estate through asset sales, claims planning, forensic-accounting work, investor identification, fee matters, estate litigation, and prospective distributions. The Receiver's Fifteenth Quarterly Status Report states that the receivership has reached an "important crossroads," identifies continued sales and alternative structures for remaining assets, describes prospective litigation, contemplates an investor-and-creditor claims process, and anticipates a Court-approved distribution plan. Dkt. 728 at 24-26, 98-99.

5. Leave is appropriate because administrative closure is a docket-management device, not a final merits adjudication. The Fifth Circuit has described administrative closure as "the functional equivalent of a stay," Mire v. Full Spectrum Lending, Inc., 389 F.3d 163, 167 (5th Cir. 2004), and has recognized that a district court may reopen an administratively closed action when renewed judicial oversight is required. United States v. Texas, No. 05-41205, slip op. at 7 (5th Cir. July 24, 2006) (unpublished).

6. Leave is also appropriate because this is an active federal equity receivership. Rule 66 confirms that an action in which a receiver has been appointed may be dismissed only by court order and that receivership administration proceeds under federal equity practice. Fed. R. Civ. P. 66. The Receiver derives authority from the Court and remains subject to the Court's continuing supervision; the operative Receivership Order retains the Receiver

"until further Order" and requires further Court involvement for material receivership steps, including reporting, liquidation planning, and transfers of clear title to real property. Dkt. 650 ¶¶ 55, 93-94, 109-12.

7. The requested leave would promote orderly supervision and judicial economy. Since administrative closure, the Receiver has sought emergency title-related relief for proposed Rock Creek and Frisco closings, the Court has entered title-related relief, and sanctions proceedings have continued. Dkts. 741, 755, 779. Reopening for the limited purpose of receivership supervision would align the docket with the practical reality that significant receivership administration and Court action are already occurring.

8. The relief sought is narrow and protective of all existing orders. It expressly preserves the Dkt. 64 stay as to merits discovery and adjudication, does not alter existing sale, settlement, fee, or receivership orders, and does not ask the Court to decide any present merits dispute at the leave stage.

9. Granting leave will not prejudice any party. The Securities and Exchange Commission and the Receiver will have a full opportunity to respond to the Proposed Motion under Local Civil Rule 7.1(e), and Barton may reply under Local Civil Rule 7.1(f), unless the Court sets another schedule. Granting leave itself does not reopen the case, direct the Receiver to act, affect an asset, or grant substantive relief; it merely permits orderly briefing and a considered ruling.

10. A proposed order granting this Motion for Leave is submitted herewith.

WHEREFORE, Barton respectfully requests that the Court GRANT this Motion for Leave, permit the attached Proposed Motion (Exhibit A) to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Dated: July 09, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The motion is presumably opposed; the defendant will update the status of any change as received.

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED MOTION TO REOPEN ADMINISTRATIVE CLOSURE AND RESTORE THE ACTION TO THE ACTIVE DOCKET FOR LIMITED RECEIVERSHIP SUPERVISION**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File Opposed Motion to Reopen Administrative Closure and Restore the Action to the Active Docket for Limited Receivership Supervision (the "Motion for Leave"). Having considered the Motion for Leave, the Court finds that good cause exists and that the Motion for Leave should be GRANTED.

It is therefore ORDERED that Defendant Timothy L. Barton is GRANTED leave to file his Opposed Motion to Reopen Administrative Closure and Restore the Action to the Active Docket for Limited Receivership Supervision, attached to the Motion for Leave as Exhibit A.

It is further ORDERED that the Clerk of Court is directed to file and enter Exhibit A as a separate motion on the docket of this case.

IT IS SO ORDERED this ____ day of ______________, 2026.

_______________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**DEFENDANT TIMOTHY L. BARTON'S MOTION TO REOPEN ADMINISTRATIVE CLOSURE AND RESTORE THE ACTION TO THE ACTIVE DOCKET FOR LIMITED RECEIVERSHIP SUPERVISION**

Defendant Timothy L. Barton, appearing pro se, respectfully moves the Court to reopen this administratively closed action and restore it to the active docket for the limited purpose of supervising the continuing administration of the receivership estate. The relief sought is procedural, case-management oriented, and narrowly tailored. It neither seeks dissolution of the receivership nor relitigation of the appointment order; it does not alter the stay entered at Dkt. 64; and it does not request merits discovery, adjudication of the Securities and Exchange Commission's claims, or reconsideration of any existing sale, settlement, fee, or receivership order.

This motion asks the Court to align the docket with the practical reality shown by the current record: the receivership remains active in substance. The Receiver is pursuing or contemplating sales, claims administration, estate litigation, forensic accounting, investor identification, fee matters, and eventual distributions. Those activities materially affect the receivership estate and should proceed under an active docket that permits orderly judicial supervision.

Administrative closure should not convert a continuing federal equity receivership into a self-executing liquidation process. Because the Receiver derives authority from this Court and acts as a court-appointed officer, meaningful supervision is an inherent feature of Rule 66 and federal equity practice. Limited reopening will preserve the existing stay while giving the Court and the parties a current, consolidated framework for the remaining administration of the estate.

## I. ADMINISTRATIVE CLOSURE DOES NOT PRECLUDE REOPENING FOR RENEWED CASE MANAGEMENT

Administrative closure is a docket-management device, not a final adjudication. The Fifth Circuit has held that administrative closure is "the functional equivalent of a stay." Mire v. Full Spectrum Lending, Inc., 389 F.3d 163, 167 (5th Cir. 2004). The Fifth Circuit has further recognized that a district court may reopen an administratively closed action sua sponte when renewed judicial oversight is required. United States v. Texas, No. 05-41205, at 7 (5th Cir. July 24, 2006) (unpublished). This Court therefore retains authority to reopen the present matter for a defined and limited supervisory purpose.

Federal Rule of Civil Procedure 66 confirms the Court's continuing role in a receivership case. It provides that the administration of a receivership estate must accord with historical federal practice or applicable local rule and that an action in which a receiver has been appointed may be dismissed only by court order. Fed. R. Civ. P. 66. The administrative closure of this case did not dismiss the action, terminate the receivership, discharge the Receiver, or extinguish the Court's supervisory authority over estate administration.

The Court administratively closed this action on August 7, 2025, while preserving the Receiver's authority to carry out his duties and the parties' ability to make appropriate filings. Dkt. 671. The operative Receivership Order likewise does not establish a self-executing

liquidation program: it retains the Receiver "until further Order," requires periodic reporting and a liquidation plan, directs due regard for the "true and proper value" of receivership property, and conditions the transfer of clear title to real property on further order of the Court. Dkt. 650 ¶¶ 55, 93-94, 109-12.

## II. THE CONTINUING RECEIVERSHIP HAS REACHED A SUBSTANTIVE ENDGAME THAT REQUIRES ORDERLY SUPERVISION

The present closure no longer reflects a dormant matter. The Receiver's Fifteenth Quarterly Status Report states that the receivership has reached an "important crossroads" and describes material choices concerning continued sales, alternative structures for remaining assets, prospective fraudulent-transfer and damages litigation, claims administration, and a future Court-approved distribution plan. Dkt. 728 at 24-26, 98-99.

That is not residual housekeeping. It is the receivership's substantive endgame. The report identifies forensic accounting and investor identification as immediate next steps intended to determine money flowing into the Wall Entities, trace its disposition, and identify potential fraudulent transfers and transferees. Dkt. 728 at 98. It also contemplates a claims process and distribution framework that would materially affect claimants, estate property, receivership targets, and the defendants. Dkt. 728 at 24-26, 98-99.

Because these remaining steps involve liquidation decisions, estate-litigation decisions, professional-fee expenditures, claim determinations, tracing work, and eventual distribution requests, limited reopening would assist the Court in supervising the estate without revisiting the merits of the SEC's underlying claims. The question is not whether the receivership should exist; the question is whether an active receivership carrying out consequential end-stage administration should proceed through an administratively closed docket without a consolidated current record and a structured supervisory framework.

## III. POST-CLOSURE FILINGS AND ORDERS SHOW THAT THE CASE IS ALREADY ACTIVE IN SUBSTANCE

The post-closure record confirms that significant judicial and receivership activity continues. Since administrative closure, the Receiver has sought emergency title-related relief in connection with proposed Rock Creek and Frisco closings, the Court has granted title-related relief, and the Court has requested and received further sanctions submissions. Dkts. 741, 755, 779. These proceedings concern real-property title, proposed closings, requested sanctions, and the estate's continuing liquidation activity.

Those matters are not merely ministerial. They involve conversion of real property into cash, title-clearing relief, potential sanctions, continuing professional expense, and estate-affecting decisions that depend on the Court's supervisory authority. Restoring the action to the active docket would therefore not expand the litigation; it would align the docket with the practical reality that significant receivership administration and Court action are already occurring.

The Fifth Circuit has repeatedly recognized that district courts possess broad authority and discretion in supervising equity receiverships. SEC v. Barton, No. 24-10788, slip op. at 10-11 (5th Cir. Mar. 25, 2026) (quoting SEC v. Stanford Int'l Bank, Ltd., 927 F.3d 830, 839-40 (5th Cir. 2019)). That broad supervisory authority supports limited reopening here because the requested relief merely facilitates informed supervision of estate administration that is already underway.

## IV. LIMITED REOPENING WILL PRESERVE THE DOJ STAY AND WILL NOT EXPAND THE SCOPE OF THIS LITIGATION

Barton does not seek to modify, dissolve, or circumvent the stay entered at Dkt. 64. The Court may, and should, expressly continue that stay as to merits discovery and adjudication of

the SEC's underlying claims. The requested relief is limited to receivership administration that is already occurring notwithstanding the stay and the administrative closure.

The requested status conference and current-administration report would not decide the propriety of any proposed sale, fee application, claims process, tracing issue, settlement, constitutional issue, or liability question. They would provide the Court and the parties with a current, consolidated record before additional estate-affecting decisions are sought or carried out. The requested report is a case-management submission, not merits discovery.

Limited reopening would also promote judicial economy. Instead of addressing estate administration through serial emergency filings, isolated title motions, sanctions submissions, and fragmented reports, the Court could set a structured status conference and require a consolidated current-administration report. That procedure would assist the Court, the SEC, the Receiver, Barton, and other affected parties while preserving all existing orders.

## V. RELIEF REQUESTED

Barton respectfully requests that the Court enter an order:

1. Reopening this action and restoring it to the active docket for limited receivership supervision and case management;
2. Continuing the Dkt. 64 stay as to merits discovery and adjudication of the SEC's underlying claims unless later modified by the Court;
3. Setting a receivership-supervision status conference within twenty-one days of the Court's order; and
4. Directing the Receiver, no later than fourteen days before the status conference, to file a consolidated current-administration report identifying:

a. each remaining material asset, its current estimated value, secured debt, material carrying obligations, and whether any material preservation or insurance issue exists;

b. every pending or contemplated sale, including the operative agreement, all amendments or extensions, current closing date, current valuation support, material contingencies, and the further order or other authority on which the Receiver relies for any transfer of clear title;

c. cash on hand, professional fees paid, accrued but unsubmitted fees, projected administrative expenses for the next two quarters, and whether the Receiver anticipates seeking authority for additional borrowing, fee payments, or estate-funded litigation expenses;

d. the status, scope, work completed, and projected completion date of the forensic-accounting and investor-identification work described in Dkt. 728;

e. every proposed claims process, distribution request, material settlement, or new litigation the Receiver anticipates seeking during the next six months; and

f. the Receiver's proposed endgame for the receivership, including what material tasks remain before termination, what Court approvals are expected to be requested, and the Receiver's projected timetable for completing administration and moving toward discharge.

This relief is confined to reactivating the docket and facilitating informed, limited receivership supervision. It preserves the existing stay, does not dissolve or modify the Receivership Order, and does not require the Court to resolve a merits dispute at this time.

## VI. CONCLUSION AND PRAYER

For these reasons, Defendant Timothy L. Barton respectfully requests that the Court grant this Motion, reopen the action, restore it to the active docket for limited receivership supervision, continue the Dkt. 64 stay as to merits matters, set a prompt receivership-supervision status conference, direct the Receiver to file the current-administration report described above, and grant such other and further relief to which Barton may be justly entitled.

Dated: July 09, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The motion is presumably opposed; the defendant will update the status of any change as received.

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | |
| ***Defendants.*** | § | |

**[PROPOSED] ORDER GRANTING MOTION TO REOPEN ADMINISTRATIVE CLOSURE AND RESTORE THE ACTION TO THE ACTIVE DOCKET FOR LIMITED RECEIVERSHIP SUPERVISION**

Before the Court is Defendant Timothy L. Barton's Motion to Reopen Administrative Closure and Restore the Action to the Active Docket for Limited Receivership Supervision (the "Motion"). Having considered the Motion and the record, the Court finds that the requested limited case-management relief should be GRANTED.

It is therefore ORDERED that:

1. This action is REOPENED and restored to the Court's active docket for the limited purpose of receivership supervision and case management.
2. The stay entered at Dkt. 64 remains in full force as to merits discovery and adjudication of the Securities and Exchange Commission's underlying claims unless otherwise ordered by the Court.
3. A receivership-supervision status conference is SET for ____________, 2026, at ________ [a.m./p.m.].
4. No later than fourteen days before the status conference, the Receiver shall file a consolidated current-administration report identifying:
   a. each remaining material asset, its current estimated value, secured debt, material carrying obligations, and whether any material preservation or insurance issue exists;
   b. every pending or contemplated sale, including the operative agreement, all amendments or extensions, current closing date, current valuation support, material

contingencies, and the further order or other authority on which the Receiver relies for any transfer of clear title;

c. cash on hand, professional fees paid, accrued but unsubmitted fees, projected administrative expenses for the next two quarters, and whether the Receiver anticipates seeking authority for additional borrowing, fee payments, or estate-funded litigation expenses;

d. the status, scope, work completed, and projected completion date of the forensic-accounting and investor-identification work described in Dkt. 728;

e. every proposed claims process, distribution request, material settlement, or new litigation the Receiver anticipates seeking during the next six months; and

f. the Receiver's proposed endgame for the receivership, including what material tasks remain before termination, what Court approvals are expected to be requested, and the Receiver's projected timetable for completing administration and moving toward discharge.

5. This Order does not adjudicate the merits of any existing or proposed sale, fee application, claims process, tracing issue, settlement, constitutional issue, or liability issue. Nor does it dissolve or modify the Receivership Order, authorize any relief beyond the limited case-management relief expressly stated herein, or otherwise modify any existing order except as expressly provided above.

SO ORDERED this ___ day of ____________, 2026.

______________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE