**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC WALL019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,** | § | |
| | § | |
| ***Defendants.*** | § | |
| | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LC,** | § | |
| | § | |
| ***Relief Defendants.*** | § | |

**DLP ENTITIES' RESPONSE TO BARTON'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (collectively the "DLP Entities") respectfully submit this response ("Response") to Defendant Timothy Barton's ("Barton") Objections to the Findings, Conclusions, and Recommendations of the Magistrate Judge (ECF No. 788) ("Objections"), and would show the Court as follows:

# I. INTRODUCTION

1. The Court should overrule Barton's Objections and adopt the Magistrate Judge's Findings, Conclusions, and Recommendation (the "FCR").[1] The Magistrate Judge correctly concluded that Barton's lis pendens notices against the Orchard Farms Property and Marine Creek Property are unauthorized under Texas law and therefore void. Rather than confront that dispositive conclusion, Barton devotes most of his objections to procedural complaints, collateral attacks on the receivership, and recycled arguments regarding the Receiver's authority and the Court-approved settlement with the DLP Entities. None undermines the Magistrate Judge's straightforward application of controlling Texas and Fifth Circuit authority. The FCR should be adopted in full.

2. As the Magistrate Judge correctly recognized, Texas permits a lis pendens only in narrow circumstances—namely, when an action involves title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. **The SEC's enforcement action fits none of those categories**. Indeed, this Court has already expressly held that the SEC's claims do not fall within the narrow class of actions that support a lis pendens under Texas law, and the Magistrate Judge properly relied on that determination. *See* ECF No. 755, p. 3 (finding "[t]he SEC's claims against Barton do not fall within these narrow circumstances"). Once that conclusion is reached, Fifth Circuit precedent makes the outcome clear: an unauthorized lis pendens is "of no effect" and may be declared void. *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152 (5th Cir. 1988) (holding that dispute over conveyance of property

[1] As pointed out by Barton in his Objections, two substantively identical FCRs were filed on June 22, 2026 (ECF No. 770) and June 23, 2026 (ECF No. 774) with regard to the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681) (the "Motion"). The Motion is the underlying basis of the Magistrate Judge's FCRs and the instant dispute. Accordingly, ECF Nos. 770 and 774 are addressed herein as a single FCR.

under a bankruptcy plan of reorganization i.e., whether the estate was empowered to sell the property, was not a dispute over title rendering lis pendens improper).

3. More fundamentally, Barton's objections confirm the central flaw in his position. Barton does not claim ownership of either property. He does not assert any pending cause of action seeking title to either property. And he does not seek to enforce any recognized encumbrance against either property. Instead, his objections repeatedly return to the same theme that has animated years of litigation: his disagreement with the receivership, the Receiver's exercise of authority, and the settlement approved by this Court.

## II. BACKGROUND

4. This dispute arises from two commercial real estate transactions completed in October 2021. Orchard Farms Ventures, LLC purchased the Orchard Farms Property, and Marine Creek Ventures, LLC purchased the Marine Creek Property from entities that subsequently became subject to the Court's receivership. The transactions were accompanied by certain development and construction management agreements involving entities later placed into receivership.

5. After disputes arose, the Receiver and the DLP Entities negotiated a resolution that was approved by this Court in December 2022. Under that settlement, the DLP Entities paid consideration, the relevant receivership entities released claims and quitclaimed any purported interests relating to the Orchard Farms and Marine Creek properties, and the parties exchanged mutual releases. Barton's subsequent attempts to challenge those rulings have repeatedly failed.

6. Notwithstanding those developments, Barton recorded lis pendens notices against the Orchard Farms Property and Marine Creek Property on July 31, 2024. He did so in his individual capacity and without serving the DLP Entities. The DLP Entities later discovered the

notices while pursuing transactions involving the properties, which have since impaired those efforts.

7. Accordingly, on September 22, 2025, the DLP Entities filed their Motion (ECF No. 681) in an effort to declare Barton's improper lis pendens void. Despite his representations otherwise in the Objection, Barton filed a response (ECF No. 684). The DLP Entities filed a reply (ECF. No. 685). Barton thereafter continued filing submissions relating to the Motion and the subsequent status conference proceedings.

8. After considering the Motion, Barton's response, the DLP Entities' reply, the parties' submissions, and the applicable law, the Magistrate Judge recommended that the Motion be granted because the lis pendens are unauthorized under Texas law and because Barton filed them in violation of existing receivership orders (ECF Nos. 770 and 774). Barton now objects to the Magistrate Judge's FCR (ECF No. 788).

## III. ARGUMENTS AND AUTHORITIES

### *A. Barton's Procedural Objections Do Not Identify Any Error in the Magistrate Judge's Dispositive Analysis.*

9. As an initial matter, many of Barton's objections fail because they do not meaningfully challenge the reasoning underlying the FCR. Instead, Barton raises a series of procedural complaints concerning referral procedures, magistrate judge authority, and administrative closure. Even if accepted, none of those objections would establish that Texas law authorized the lis pendens notices at issue. And that is the only question presented by the Motion.

10. While the district court must review *de novo* any portion of the FCR to which a proper objection is made, those objections must be specifically addressed to particular recommendations:

> Countless federal district courts have interpreted that instruction to mean objections must be written and, with particularity, identify the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Simply put, objections must be specific; a general objection to the Report and Recommendation is not sufficient to trigger de novo review by the district court judge.

*Cuza v. Day*, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (overruling objection to magistrate judges's report and recommendation where the plaintiff failed to point out specifically where he believed the magistrate erred).

11. Nor is there merit to Barton's suggestion that his consent was required before the Magistrate Judge could issue findings and recommendations concerning the Motion. Barton conflates proceedings under 28 U.S.C. § 636(c), which permit a magistrate judge to enter final judgment upon consent, with proceedings under § 636(b), which authorize a magistrate judge to issue findings and recommendations for review by the district court. The Magistrate Judge did not enter judgment. She merely recommended that the Motion be granted. That is precisely the function contemplated by § 636(b), and Barton's consent was never required.

12. Likewise, Barton's objections regarding referral history, administrative closure, and the asserted brevity of the FCR do not demonstrate any error in the Magistrate Judge's analysis. Regardless of how Barton characterizes the procedural posture of the case, the District Court is now conducting the review contemplated by Rule 72. The question remains whether Barton possessed authority under Texas law to maintain these lis pendens notices. None of Barton's Objection Nos. One, Two, Three, or Ten offers a persuasive answer to that question.

### ***B. Barton's Assertion that He Was Denied an Opportunity to Respond is Contradicted by the Record.***

13. Barton's Objection No. Four rests on a factual premise that the record squarely refutes. Barton contends that the FCR was issued on a record from which he was absent and on which he was never heard. That assertion is demonstrably false.

14. The DLP Entities filed the Motion on September 22, 2025. Barton, through his former counsel, filed a response on October 9, 2025 (ECF No. 684). The DLP Entities filed a reply on October 14, 2025. Barton then continued to submit materials regarding the Motion and the related status conference proceedings. *See, e.g.*, ECF Nos. 686, 744, 756, and 759. Indeed, many of the same filings Barton cites throughout his objections demonstrate that he repeatedly presented his views to the Court concerning the Motion and the issues surrounding it. His due process argument and related assertion that he was denied an opportunity to respond cannot be reconciled with the Court's docket and the reality of this litigation.

15. Nor did the Magistrate Judge overlook Barton's submissions. To the contrary, the FCR expressly states that it was based on "the Motion, the Response filed by Defendant Barton, Movants' Reply, the evidence filed in support of the Movants' and Barton's briefs, and the applicable law." ECF Nos. 770, 774. The Magistrate Judge therefore did exactly what Rule 72 contemplates: she reviewed the parties' submissions, considered the governing law, and made a recommendation. Barton's disagreement with the result does not convert that process into a due process violation.

***C. The Magistrate Correctly Concluded the Lis Pendens are Unauthorized.***

16. The Magistrate Judge's FCR is correct because Texas law does not permit a litigant to maintain a lis pendens based solely on collateral disputes concerning a receivership, settlement, or other litigation affecting property. As the DLP Entities explained in their Motion, Texas Property Code § 12.007 authorizes a lis pendens only where the underlying action involves title to

property, the establishment of an interest in property, or the enforcement of an encumbrance against property. Consistent with the narrow purpose of that statute, courts repeatedly have rejected efforts to use lis pendens in cases involving collateral disputes concerning entities that own property, ownership interests in business entities, or generalized concerns about future property rights.

17. As the Fifth Circuit explained in *In re Huffines Retail Partners*, a dispute concerning ownership or control of an entity is not transformed into a dispute concerning title to property owned by the entity itself. 978 F.3d 128, 133 (5th Cir. 2020) (mandamus case holding that dispute over ownership of entity holding real property was not a dispute over title requiring that lis pendens be dissolved); *see also Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding). Similarly, *In re Jamail* makes clear that a lis pendens may be filed only by a party pursuing affirmative relief affecting real property. 156 S.W.3d 104, 107 (Tex. App. – Austin 2004, orig. proceeding). **Here, Barton satisfies neither requirement**.

18. The parties whose interests were implicated by the underlying transactions entered into a Court-approved settlement in 2022. The relevant receivership entities released claims and quitclaimed any purported interests relating to the properties. Barton may disagree with those rulings, but that disagreement neither creates a property interest of his own nor transforms this SEC enforcement action into litigation involving title to the properties. Texas law therefore does not permit him to maintain lis pendens notices as leverage in that dispute..

### *D. Barton's Remaining Objections Improperly Attempt to Relitigate the Receivership and the Settlement.*

19. Barton's Objection Nos. Five through Nine fare no better because they attempt to recast prior challenges to the receivership as arguments supporting the lis pendens. They do not.

20. Most notably, Barton contends that the Court was required to conduct an evidentiary proceeding under Texas Property Code § 12.0071 before declaring the notices void. That argument ignores the controlling authority on which the FCR relies. The Fifth Circuit expressly held in *In re Texas Extrusion Corp.* that where a lis pendens is unauthorized under Texas law, the court need not follow the statutory cancellation procedures before declaring it void. 844 F.2d at 1153 ("When a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by Tex. Prop. Code Ann. § 12.008 to cancel it.").

21. Indeed, *Texas Extrusion* is directly on point. There, the debtors filed a lis pendens while appealing orders that required the conveyance of real property. The Fifth Circuit rejected the filing because the debtors were "merely appealing" those orders and there was "no action involving title to this property, over the establishment of an interest in this property, or over the enforcement of an encumbrance against this property." 844 F.2d at 1153. The court therefore held that the lis pendens was unauthorized, "of no effect," and could be declared void without following the statutory cancellation procedures. *Id.* The same is true here. Barton is challenging receivership and settlement-related rulings, not pursuing a qualifying property claim under § 12.007. Under *Texas Extrusion*, his lis pendens notices are therefore unauthorized and void as a matter of law.

22. The Magistrate Judge correctly quoted and applied that rule in the FCR. Accordingly, once the Court determines—as it should—that Barton's notices fall outside the circumstances permitted by Texas Property Code § 12.007, Objection No. Five necessarily fails.

23. Objection Nos. Six and Seven likewise do not address the fundamental problem with Barton's position. There, Barton spends considerable effort discussing recorded memoranda, purported covenants running with the land, and the Receiver's authority to execute the settlement agreement. But none of those arguments establishes that Barton himself possesses a pending claim

affecting title to either property. Nor do they explain how a dispute concerning the Receiver's authority creates a present property interest belonging to Barton. As this Court previously recognized when confronting Barton's other lis pendens filings, the SEC's claims do not fall within the narrow category of cases supporting a lis pendens. ECF No. 755. Here, the Magistrate Judge appropriately relied on that determination.

24. Barton also mischaracterizes the DLP Entities' position when he suggests that the Motion depends on the Receivership Order or the Receiver's authority. It does not. The dispositive issue is whether Barton possesses a claim that supports a lis pendens under Texas Property Code § 12.007. He does not. The DLP Entities cite the Receivership Order and subsequent settlement only because those rulings confirm what the record already demonstrates: Barton does not own the properties at issue, does not possess a legally recognized interest in those properties, and is not pursuing an action involving title to those properties or the enforcement of an encumbrance against them. Thus, even if Barton's criticisms of the receivership had merit, they do not cure the fundamental defect in his lis pendens.

25. The same is true of Objection Nos. Eight and Nine. Whether a lis pendens is technically a lien and whether Barton has sought appellate review of various receivership rulings are beside the point. Pending appeals do not create property interests. Nor do they render an otherwise unauthorized lis pendens valid. Barton's effort to preserve leverage while continuing to challenge the receivership is understandable from a strategic perspective, but Texas law does not permit him to cloud title to property owned by others while doing so.

## IV. CONCLUSION

26. The Magistrate Judge correctly concluded that the DLP Entities have the stronger argument—and the only one recognized by Texas law. Texas law authorizes a lis pendens only in

narrow circumstances, and this case does not present them. Barton's objections do not identify any error in that conclusion. Instead, they repackage procedural complaints and long-standing disagreements concerning the receivership and the Court-approved settlement. Those disputes do not create a property interest, do not transform the SEC's enforcement action into a real property case, and do not justify the continued encumbrance of the properties at issue through unauthorized lis pendens notices.

27. For these reasons, the DLP Entities respectfully request that the Court overrule Barton's Objections, adopt the Magistrate Judge's FCR (ECF Nos. 770 and 774), and grant the DLP Entities' Emergency Motion to Declare Lis Pendens Void (ECF No. 681).

Dated: July 10, 2026

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Michael D. Napoli*
Michael D. Napoli
Texas Bar No. 14803400
michael.napoli@akerman.com

2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEY FOR DLP REAL ESTATE CAPITAL, INC., DLP WINTER HAVEN VENTURES, LLC, ORCHARD FARMS VENTURES, LLC, AND MARINE CREEK VENTURES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2026, a true and correct copy of the foregoing document was served through the court's e-filing system which caused notice of filing to be sent to all counsel and pro se parties of record.

*/s/ Michael D. Napoli*
Michael D. Napoli