**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| | § | **Civil Action No. 3:22-cv-02118-X** |
| **v.** | § | |
| | § | |
| **TIMOTHY BARTON, et al.,** | § | |
| ***Defendants,*** | § | |
| | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** | § | |
| ***Relief Defendants.*** | § | |

**DEFENDANT TIMOTHY BARTON'S EMERGENCY MOTION FOR CLARIFICATION AND PRE-CLOSING DISCLOSURE, AND TO REQUIRE THE RECEIVER TO SHOW AUTHORITY TO CLOSE, REGARDING THE ROCK CREEK PROPERTY**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy Barton respectfully moves the Court for limited, pre-closing relief concerning the Receiver's proposed sale of the property at 4107 Rock Creek Drive, Dallas, Texas (the "Rock Creek Property"). Mr. Barton does not ask the Court to revisit its approval of the sale, and he does not contend that the contract is automatically void. The Court approved a specific transaction in late 2022 and re-approved it in December 2023. Nearly four years after the contract was signed, Mr. Barton respectfully requests that the Receiver be required to demonstrate that the transaction now proposed for closing is in fact the same Court-approved transaction, and not a materially modified or substituted transaction.

## I. FACTUAL BACKGROUND

1. On November 16, 2022 (the Effective Date), the Receiver, as seller, executed a TREC One to Four Family Residential Contract (Resale) with JNJ Group, LLC, as buyer, for the sale of the Rock Creek Property for a sales price of $1,400,000.00, comprising a cash portion of approximately $420,000.00 and third-party financing of $980,000.00. Dkt. 77 (App. at APP000006–14, PageID 2371–79).

2. Paragraph 9.A of the contract required that "[t]he closing of the sale will be on or before December 15, 2022 or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later." Dkt. 77 (App. at PageID 2375).

3. A Special Provisions Addendum tied the transaction to this Court's supervision: "The Property is being conveyed in connection with a federal equity receivership pending in federal court (the 'Receivership Court'). The sale of the property is contingent upon the Receivership Court entering a final order approving this contract and the terms of sale (the 'Approval Order'). The closing of the sale of the Property shall occur upon the later of (1) December 15, 2022, or within five (5) days after the Receivership Court enters the Approval Order." Dkt. 77 (App. at PageID 2382).

4. The same Addendum expressly contemplated the effect of an appeal, giving the buyer a termination option: "The Buyer has the following option if closing does not occur before December 15, 2022, or if the Approval Order is appealed and the sale of the Property is stayed pending the appeal: The Buyer may terminate this Contract and receive a full refund of the Buyer's earnest money." Id. The parties therefore drafted this contract around the possibility of appellate delay, and the buyer's continued participation across nearly four years of such delay is a matter on which the record is silent.

5. A Third Party Financing Addendum conditioned the purchase on conventional financing of $980,000.00 with interest not to exceed 7.000% per annum. Dkt. 77 (App. at PageID 2384).

6. On December 19, 2022, the Court held a hearing, found the sale to be in the best interest of the Receivership, and authorized the Receiver to complete the sale at the then-scheduled December 28, 2022 closing. Dkt. 104; see Dkt. 728 at 29.

7. The sale did not close. Following the Fifth Circuit's vacatur of the initial receivership order and entry of the Second Receivership Order, the Receiver filed a Verified and Expedited Motion to Ratify the Rock Creek Sale Order (Dkt. 374) on November 1, 2023, which the Court construed as a new sale motion. Following a December 14, 2023 hearing, the Court entered its Order approving the sale on December 15, 2023 (Dkt. 437) (the "Second Rock Creek Sale Order"). Dkt. 728 at 30.

8. The Fifth Circuit affirmed the Second Rock Creek Sale Order, SEC v. Barton, 135 F.4th 206 (5th Cir. 2025), on findings addressed to conditions as they existed at approval: as the Receiver quotes the opinion, the district court "considered changes in market conditions and all statutory requirements before determining the sales were in the best interest of the receivership estate." Dkt. 728 at 13–14. The Supreme Court denied certiorari on March 30, 2026. Dkt. 728 at 14.

9. The Receiver's Fifteenth Quarterly Status Report (filed April 30, 2026) concedes that "[i]n the months since the District Court's issuance of the First Rock Creek Sale Order, the Receiver and the Rock Creek purchaser have entered into several extensions of the closing date," that "[p]ending closing, the Rock Creek purchaser continues to rent the property subject to a long-term lease," and that "[t]he transaction did not close in 2024, and the sale remains pending

as of today." Dkt. 728 at 30–31. None of those extensions appears on the docket, and no order of this Court entered after the Second Rock Creek Sale Order appears to approve any of them.

10. The economics of the transaction have also shifted materially since approval. By the Receiver's own account, as of April 30, 2026 the principal balance on the property's loan ($1,053,000) plus non-default note interest ($385,713.69) totals $1,438,713.69 — more than the $1.4 million Court-approved sale price. Dkt. 728 at 32. The Receiver further reports that his prior title company is unwilling to proceed and that his team "is actively looking for another title option," that the lender "expects all parties to the transaction to share in the losses" and has asked the brokers to discount their rates, and that the Receiver "is optimistic that this transaction will ultimately close in the Second Quarter of 2026." Dkt. 728 at 32–33.

11. On June 3, 2026, the Receiver represented that he is "currently contractually set to close the Rock Creek and Frisco sales during the month of June (with one of those sales set to close within the next two weeks)." Dkt. 741 at 5.

12. On June 29, 2026, Mr. Barton wrote to the Receiver and his counsel and asked them to confirm in writing, among other things: that the contract and all material terms remain in force; that the purchaser is the same purchaser identified in the Court-approved transaction, with no substitution or assignment; that the purchaser remains the source of the purchase funds; and that no material change to the Court-approved contract terms has occurred. A true and correct copy of that correspondence is attached as Exhibit 1. The Receiver's counsel did not provide the requested documents or confirmations in response.

## II. ARGUMENT

### A. The sale remains subject to this Court's control through consummation.

Under 28 U.S.C. § 2001(b), a private sale of receivership realty may be ordered only "upon such terms and conditions as the court approves," and only on a finding "that the best interests of the estate will be conserved thereby." Fed. R. Civ. P. 66 places the administration of the estate under the supervising court's orders. Here the contract itself makes the point: the Special Provisions Addendum conditions the sale on this Court's Approval Order and builds the closing schedule around it. Dkt. 77 (App. at PageID 2382). A closing in 2026 on a contract whose own terms called for closing within days of a 2022 approval order, and which the Receiver concedes has been extended several times since, is not self-evidently the transaction the Court approved. That is not an accusation of wrongdoing; it is a gap in the record that the Receiver alone can fill.

### B. The record does not show that the transaction now closing is the transaction the Court approved.

Texas law permits contracting parties to extend deadlines, waive conditions, and amend their agreements, and Mr. Barton does not contend that the contract necessarily expired by its terms. But whether the contract was validly extended, whether rights were assigned, whether the purchaser remains the identical legal entity, and whether the financing contemplated by the Third Party Financing Addendum remains in place after four years of interest-rate movement are questions that cannot be answered from this docket. The approval findings — including the best-interest finding required by 28 U.S.C. § 2001(b) — were made in December 2022 and renewed in December 2023 on the record as it then stood. The Receiver's own report shows the economics have since inverted: accrued loan obligations now approximate or exceed the approved price. Dkt. 728 at 32. If the transaction is unchanged and remains authorized, a short

certification will say so. If it has materially changed, the decision whether it still serves the estate belongs to the Court.

**C. The Court's own standard requires transparency toward the purchaser and the title company.**

At the July 23, 2024 hearing on another receivership sale, the Court stated: "I don't want deception to cause a higher price. I'm not trying to benefit the receivership estate at the expense of unwitting buyers." Dkt. 561 (Tr. at 25:2–4). The Rock Creek contract's own appeal-contingency provision shows the parties understood that the procedural posture of this litigation is material to the buyer. Mr. Barton accordingly asks the Court not to assume any omission, but to require the Receiver to certify what disclosures, if any, were made to the purchaser, the purchaser's counsel, the escrow agent, and any current or prospective title company concerning the current procedural posture of this litigation — a certification made more important by the Receiver's search for a new title company. Dkt. 728 at 32–33. Mr. Barton has directed this request to the Court rather than to the title company or purchaser to avoid any claim of interference.

## III. REQUESTED RELIEF

Mr. Barton respectfully requests that the Court order that, before any closing of the Rock Creek Property, the Receiver file with the Court:

(1) every amendment, extension, addendum, and assignment executed after the Court approved the sale, together with the current operative version of the contract;

(2) evidence that the contract remains in force, including the current scheduled closing date;

(3) a statement of whether any contract rights have been assigned;

(4) a statement of whether the purchaser remains the identical legal entity identified in the Court-approved transaction, JNJ Group, LLC, with no substitute purchaser, nominee, or affiliate;

(5) a statement of whether the financing for the purchase has changed from the conventional financing described in the Third Party Financing Addendum, together with current proof of funds or a current financing commitment;

(6) a declaration identifying every written communication provided to the purchaser, the purchaser's counsel, the escrow agent, and any current or prospective title company concerning the legal status of the sale and the current procedural posture of this litigation, together with the dates of those communications and copies of the written disclosures (under seal if appropriate);

(7) a certification stating whether the Receiver contends the current closing remains authorized by the existing sale orders without further Court approval and, if any material change to the Court-approved transaction has occurred, identifying each change and the date on which it occurred;

and that the Court further order that no closing of the Rock Creek Property occur until the Court has reviewed the foregoing and confirmed that the Receiver is authorized to close on the current version of the transaction.

## IV. PRAYER

For these reasons, Mr. Barton respectfully requests that the Court grant this Motion, order the pre-closing disclosures identified above on an expedited basis, and grant such other and further relief to which he may be justly entitled.

Dated: July 9, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), Defendant conferred with counsel for the Receiver and counsel for the SEC regarding the relief requested in this Motion, including by written correspondence to the Receiver and his counsel dated June 29, 2026. The motion is presumably opposed. Status will be duly updated upon receipt.

*/s/ Timothy L. Barton*
Defendant, Pro Se

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which serves all counsel of record.

*/s/ Timothy L. Barton*
Defendant, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S**
**EMERGENCY MOTION FOR CLARIFICATION AND**
**PRE-CLOSING DISCLOSURE REGARDING THE ROCK CREEK PROPERTY**

Before the Court is Defendant Timothy Barton's Emergency Motion for Clarification and Pre-Closing Disclosure, and to Require the Receiver to Show Authority to Close, Regarding the Rock Creek Property. Having considered the Motion, the record, and applicable law, the Court GRANTS the Motion and ORDERS as follows:

1. Within seven (7) days of this Order, and in any event before any closing of the sale of the Rock Creek Property, the Receiver shall file: (a) every amendment, extension, addendum, and assignment executed after the Court approved the sale, together with the current operative version of the contract; (b) evidence that the contract remains in force, including the current scheduled closing date; (c) a statement of whether any contract rights have been assigned and whether the purchaser remains JNJ Group, LLC, with no substitute purchaser, nominee, or affiliate; (d) a statement of whether the financing has changed, together with current proof of funds or a current financing commitment; and (e) any updated appraisal or other current evidence of value in the Receiver's possession.
2. Within the same period, the Receiver shall file a declaration identifying every written communication provided to the purchaser, the purchaser's counsel, the escrow agent, and any current or prospective title company concerning the legal status of the sale and the current procedural posture of this litigation, together with the dates of those communications, and shall file copies of all such written disclosures, under seal if appropriate.

3. Within the same period, the Receiver shall file a certification stating whether the transaction terms remain materially identical to the transaction the Court approved or, if not, identifying every material change and the date on which it occurred, and explaining why no further Court approval is required.
4. No closing of the sale of the Rock Creek Property shall occur until the Court has reviewed the Receiver's filings under this Order and confirmed that the Receiver is authorized to close on the current version of the transaction.

SO ORDERED, this _____ day of ____________, 2026.

___________________________________

BRANTLEY STARR

UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**From:** Charlene Koonce <charlene@brownfoxlaw.com>
**Sent:** Thursday, 2 July 2026 8:41 pm
**To:** Tim Barton
**Cc:** Cort Thomas
**Subject:** RE: RE: SEC v. Barton, No. 3:22 cv 2118 X (N.D. Tex.) — Inquiry regarding disclosure of procedural posture to purchasers and title companies

Mr. Barton, I would first note that as of today, you still have not provided the information required by the Receivership Order, despite being required to do so since late 2022. The Receivership Estate will not incur additional expenses by answering your multiple (and hostile) requests. The Receiver will be filing his quarterly report on July 30, 2026.

BROWN FOX

**Charlene Koonce**
**Direct** 214.367.7503
**Main** 214.327.5000

---

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Wednesday, July 1, 2026 1:26 PM
**To:** Charlene Koonce <charlene@brownfoxlaw.com>
**Cc:** Cort Thomas <cort@brownfoxlaw.com>
**Subject:** Re: RE: SEC v. Barton, No. 3:22 cv 2118 X (N.D. Tex.) — Inquiry regarding disclosure of procedural posture to purchasers and title companies

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Ms. Koonce,

Thank you for your response.

Your email states only that the Receiver is "in all respects complying with the Court's orders." Respectfully, that does not answer any of the specific factual questions set forth in my June 29, 2026 correspondence.

My inquiry did not ask whether you believe the Receiver is complying with the Court's orders. Rather, I requested confirmation of certain factual matters, including:

- Whether purchasers and title companies have been advised of the current procedural posture of the litigation;
- The nature of any disclosures made to purchasers or title companies regarding that procedural posture;
- Whether the Court-approved purchase agreements remain in force without material modification;
- Whether the purchasers remain the same parties approved by the Court;

- Whether there have been any substitutions of purchasers or funding sources; and
- Whether any material terms of the Court-approved transactions have changed.

If your position is that you decline to answer these factual inquiries, please state that expressly so the record is clear by 12pm on July 2 2026

Otherwise, I respectfully request a direct response to each of the questions contained in my June 29, 2026 letter.

Respectfully,

Sir Timothy Barton

Sent from Proton Mail for Android.

-------- Original Message --------
On Tuesday, 06/30/26 at 09:09 Charlene Koonce <charlene@brownfoxlaw.com> wrote:

> Mr. Barton, we are in all respects complying with the court's orders. Thank you for your attention to this matter.
>
> BROWN FOX
>
> **Charlene Koonce**
> **Direct** 214.367.7503
> **Main** 214.327.5000
>
> ---
>
> **From:** Tim Barton <timothy.barton@proton.me>
> **Sent:** Monday, June 29, 2026 5:11 PM
> **To:** Cort Thomas <cort@brownfoxlaw.com>
> **Cc:** Charlene Koonce <charlene@brownfoxlaw.com>
> **Subject:** SEC v. Barton, No. 3:22 cv 2118 X (N.D. Tex.) — Inquiry regarding disclosure of procedural posture to purchasers and title companies
>
> **[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

**VIA EMAIL**

Cortney C. Thomas, Receiver
cort@brownfoxlaw.com
Charlene C. Koonce
Brown Fox PLLC, 8111 Preston Road, Suite 300, Dallas, TX 75225

**Re: *SEC v. Barton*, No. 3:22-cv-2118-X (N.D. Tex.) — Inquiry regarding disclosure of procedural posture to purchasers and title companies**

Dear Mr. Thomas,

I write in my capacity as a defendant appearing pro se. This letter is directed solely to you as Receiver and to your counsel. It is not, and is not intended to be, a communication with any contracted, negotiating, or potential purchaser, broker, manager, attorney, or agent, and I do not request that you forward it to any such person. I make this inquiry through you as the proper channel.

At the July 23, 2024 hearing, the Court stated that it did not want buyers deceived and that it was not seeking to benefit the Receivership Estate at the expense of unwitting buyers. The Court's finding that no deception was occurring rested in part on the understanding that closings would not occur until the appeals concerning the Receiver's authority had concluded. (Doc. 561.)

The procedural posture has since changed. The Receiver has represented that the Rock Creek and Frisco sales are set to close in June 2026 (Doc. 741). Separately, I understand that the appeal in No. 25-10871 was dismissed for lack of jurisdiction rather than decided on the merits, and I intend to seek panel rehearing en banc and, if necessary, a petition for writ of certiorari. A petition for writ of mandamus, No. 26-10534, also remains pending.

Given the Court's stated concern that purchasers not be deceived, and so that the record is clear as to what purchasers and title companies have been told, I respectfully request that you confirm in writing:

1. Whether title companies and contracted or prospective purchasers of the above properties have been advised that the appeal in No. 25-10871 was dismissed for lack of jurisdiction rather than resolved on the merits;
2. pending petition for mandamus in No. 26-10534; and
3. The general nature of any written disclosure (for example, title-commitment exception language or buyer notices) made to title companies or purchasers regarding the procedural status of this litigation.

Defendant has moved in the district court for preservation of the status quo, seeking to restrain any transfer of clear title to the subject properties pending the Court's resolution of the motion.

I raise this solely to ensure transparency consistent with the Court's expressed concern, and not to interfere with any sale, contract, or closing. I do not assert by this letter that the pending or contemplated proceedings encumber title or create any interest in the properties, and nothing herein should be read to revisit the Court's June 9, 2026 Order (Doc. 755).

Please respond by CBD Tuesday June 30, 2026. This inquiry is made without prejudice to, and with full reservation of, all rights, remedies, and defenses available to me, none of which is waived by this letter.

In addition, and because the status quo as to the transactional terms the Court approved bears directly on whether any closing may properly proceed, I respectfully request that you also confirm in writing, as to each of the above properties set for sale:

1. That the purchase-and-sale agreement, and all material terms thereof, for each such property remains the true, valid, and currently enforceable contract, and remains in force;
2. That the purchaser under each such agreement is the same purchaser identified in the Court-approved transaction, with no substitution of purchaser and no assignment of the contract and the entity purchasing the property is a valid Texas State entity;
3. That such purchaser remains the source of, and the party responsible for, the purchase funds, and that no other or third-party source of funds has been substituted or introduced; and
4. That no material change to the Court-approved contract terms has occurred since the date of approval.

To the extent any of the foregoing has changed, I respectfully request that you identify the nature of the change and the date on which it occurred.

Respectfully,

Timothy Lynch Barton, *pro se*