**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>Defendants,<br><br>DJD LAND PARTNERS LLC, and LDG001 LLC,<br><br>Relief Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**DEFENDANT TIMOTHY BARTON'S
EMERGENCY MOTION FOR CLARIFICATION
AND PRE-CLOSING DISCLOSURE, AND TO REQUIRE THE RECEIVER
TO SHOW AUTHORITY TO CLOSE, REGARDING THE FRISCO GATE PROPERTY**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy Barton respectfully moves the Court for limited, pre-closing relief concerning the Receiver's proposed sale of the Frisco Gate Property. Mr. Barton does not ask the Court to revisit its approval of the sale, and he does not contend that the purchase agreement is automatically invalid. The question presented is narrower: whether the Receiver may consummate, in 2026, a materially amended purchase agreement signed in December 2022 without first showing this Court that the transaction now being closed is the same transaction the Court approved and that it remains in the best interest of the Receivership Estate.

## I. FACTUAL BACKGROUND

1. On December 13, 2022, the Receiver, on behalf of Receivership Entity FHC Acquisition, LLC, entered a Purchase and Sale Agreement (the "PSA") with Petra Development,

LLC, identified in the PSA as a Virginia limited liability company, for the sale of approximately 4.538 acres in Frisco, Collin County, Texas (the "Frisco Gate Property"). Dkt. 111 (App. at APP000002–03, PageID 2779–80).

2. The PSA fixed a purchase price of $9,000,000.00, with earnest money of $150,000.00 (plus an additional $100,000.00 after the Feasibility Period) deposited with Republic Title of Texas, Inc. as escrow agent and title company. Dkt. 111 (App. at APP000004, PageID 2781).

3. The PSA provided a Feasibility Period of thirty (30) days after the Effective Date, id., and required that closing "shall occur on or before 4:00 p.m. (Central time) on the date which is sixty (60) days after the expiration of the Feasibility Period." PSA § 5.1(a), Dkt. 111 (App. at PageID 2788). The transaction as approved therefore contemplated a closing on or about mid-March 2023.

4. The PSA is expressly subordinated to this Court's continuing control: "Notwithstanding anything to the contrary herein, Purchaser acknowledges that the transactions contemplated by this Agreement are expressly subject in all respects to: (a) approval and confirmation by the Court; (b) any applicable order of the Court in the Receivership Action; and (c) compliance with Applicable Laws." PSA § 5.9, Dkt. 111 (App. at PageID 2793).

5. The PSA also contains the purchaser's representation that it "is validly existing, in good standing under the laws of the state of its formation, and duly qualified to do business in the State of Texas," a representation made "as of the Effective Date and the Closing Date." PSA § 6.1(a), Dkt. 111 (App. at PageID 2793).

6. On January 31, 2023, the Court held a hearing and entered an Order approving the sale. Dkt. 142; see Dkt. 728 at 33–34.

7. By the Receiver's own account in his Fifteenth Quarterly Status Report, the transaction was then amended repeatedly. On January 24, 2023, the Receiver and purchaser entered an Addendum that "(1) extended the Feasibility Period defined in the Agreement by an additional 30 days, (2) extended the closing date in proportion to the Feasibility Period, and (3) made certain Earnest Money nonrefundable if specified conditions are met," with closing set for on or before April 14, 2023. Dkt. 728 at 34. The parties "ultimately entered similar Second and Third Amendments" because "the parking issues remained unresolved," and pursuant to a

"Fourth Amendment" closing was reset to late September 2023. Id. The purchaser then "indicated it would not be able to close in September." Id.

8. On November 1, 2023, the Receiver filed a Verified and Expedited Motion to Ratify the Frisco Gate Sale Order (Dkt. 376), which the Court construed as a new sale motion. Following a December 14, 2023 hearing, the Court entered its Order approving the sale of the Frisco Gate Property on December 15, 2023 (Dkt. 438) (the "Second Frisco Gate Sale Order"). Dkt. 728 at 34–35. On January 8, 2024, the Court entered a separate order addressing lender payment priorities at closing. Dkt. 451.

9. The Receiver's Fifteenth Quarterly Status Report (filed April 30, 2026) concedes that "[t]he transaction did not close in 2024 and remains pending today," and that "additional parking complications have arisen since the Fourth Amendment was entered." Dkt. 728 at 34–35.

10. On appeal, the Fifth Circuit affirmed the Second Frisco Gate Sale Order. SEC v. Barton, 135 F.4th 206 (5th Cir. 2025). As the Receiver himself quotes the opinion, the affirmance rested on findings current as of the approval: "[t]he district court only approved the sales after determining that it was in the best interests of the receivership estate and otherwise complied with the law. Indeed, the district court considered changes in market conditions and all statutory requirements before determining the sales were in the best interest of the receivership estate and approving the sales." Dkt. 728 at 13–14. The Supreme Court denied certiorari on March 30, 2026. Dkt. 728 at 14.

11. On June 3, 2026, the Receiver represented to this Court that he is "currently contractually set to close the Rock Creek and Frisco sales during the month of June (with one of those sales set to close within the next two weeks)." Dkt. 741 at 5. No order of this Court entered after the Second Frisco Gate Sale Order (Dkt. 438) and the January 8, 2024 order (Dkt. 451) appears on the docket approving any subsequent amendment, extension, assignment, substitution of purchaser, change in funding source, or updated transactional terms.

12. On June 29, 2026, Mr. Barton wrote to the Receiver and his counsel and asked them to confirm in writing, among other things: that the purchase and sale agreement and all material terms remain in force; that the purchaser is the same purchaser identified in the Court-approved transaction, with no substitution or assignment; that the purchaser remains the source of the purchase funds; and that no material change to the Court-approved contract terms has occurred.

A true and correct copy of that correspondence is attached as Exhibit 1. The Receiver's counsel did not provide the requested documents or confirmations in response.

13. Because the requested information was not provided, Mr. Barton cannot determine — and, respectfully, neither can the Court on the current record — whether the transaction now proposed for closing is the same transaction the Court approved in December 2023 on the basis of a December 2022 contract.

## II. ARGUMENT

### A. A receivership sale remains subject to this Court's control through consummation.

A district court supervising an equity receivership retains control over the sale of receivership assets from approval through closing. Under 28 U.S.C. § 2001(b), a private sale of realty may be ordered only "upon such terms and conditions as the court approves," and only if the court "finds that the best interests of the estate will be conserved thereby." The statute conditions a private sale on appraisal by three disinterested appraisers and forbids confirmation at a price less than two-thirds of the appraised value. Fed. R. Civ. P. 66 likewise places the administration of a receivership estate under the supervising court's practice and orders. The PSA itself embodies this principle: it is "expressly subject in all respects to . . . any applicable order of the Court." PSA § 5.9, Dkt. 111 (App. at PageID 2793). The consequence is modest but important: where the transaction materially changes after approval, the Receiver should return to the Court rather than close silently on different terms.

### B. The record does not show that the transaction now closing is the transaction the Court approved.

The approvals in this case were transaction-specific. The Court approved a $9,000,000 sale to Petra Development, LLC on the terms of the December 13, 2022 PSA, and later re-approved the sale in December 2023 on findings addressed to conditions as they then existed. The Fifth Circuit's affirmance emphasized exactly that feature of the orders: the district court "considered changes in market conditions and all statutory requirements" before approving. Dkt. 728 at 13–14. The Receiver's own report now concedes at least four amendments through late 2023, unresolved and newly arisen parking complications, a failure to close in 2023, 2024, and 2025, and a transaction that "remains pending today." Dkt. 728 at 34–35. Whether further

amendments, extensions, assignments, or funding changes exist after the Fourth Amendment is information solely in the Receiver's possession, and the Receiver's counsel declined to provide it when asked. Ex. 1. Mr. Barton does not assert that undisclosed amendments must exist or that anything is being concealed; he asks the Court to require the Receiver to demonstrate, on the record, that the closing now proposed is authorized by the existing orders.

**C. The Court's own standard requires transparency toward the purchaser and the title company.**

At the July 23, 2024 hearing on a different receivership sale, the Court explained its governing concern: "I don't want deception to cause a higher price. I'm not trying to benefit the receivership estate at the expense of unwitting buyers." Dkt. 561 (Tr. at 25:2–4). Consistent with that standard, Mr. Barton does not ask the Court to assume that any disclosure was omitted. He asks the Court to require the Receiver to certify what disclosures, if any, were made to the purchaser, the purchaser's counsel, the escrow agent, and the title company concerning the current procedural posture of this litigation and the legal status of the sale — particularly given the Receiver's report that his prior title company withdrew and that his team "is actively looking for another title option." Dkt. 728 at 32–33. Mr. Barton has deliberately directed this request to the Court rather than to the title company or purchaser, precisely to avoid any accusation of interference with the transaction.

**D. The requested relief is narrow, non-merits, and imposes no material burden.**

The Receiver already possesses every document requested. Filing the operative contract documents and a short certification would take little time, would not delay a properly authorized closing in any meaningful way, and would create a clean record that protects the Receivership Estate, the purchaser, and the title company alike. If the transaction is exactly the one the Court approved, the certification ends the matter. If it is not, the Court — not the Receiver unilaterally — should decide whether the changed transaction remains in the best interest of the estate under 28 U.S.C. § 2001.

## III. REQUESTED RELIEF

Mr. Barton respectfully requests that the Court order that, before any closing of the Frisco Gate Property, the Receiver file with the Court:

(1) the current operative purchase and sale agreement, together with every amendment, addendum, extension, assignment, and side agreement executed at any time;

(2) the current scheduled closing date;

(3) a statement of whether Petra Development, LLC remains the purchaser;

(4) a statement of whether any assignment, substitute purchaser, nominee, affiliate, or new or additional funding source exists;

(5) current proof of funds or a current financing commitment for the purchase;

(6) a current certificate of good standing for the purchaser and evidence of its Texas registration or authority to transact business, if applicable, consistent with PSA § 6.1(a);

(7) the current title company's closing requirements and any disclosures made to the title company concerning this litigation;

(8) a declaration identifying every written communication provided to the purchaser, the purchaser's counsel, the escrow agent, and the title company concerning the legal status of the sale, together with the dates of those communications and copies of the written disclosures (under seal if appropriate);

(9) a certification stating whether the transaction terms remain materially identical to the transaction the Court approved, or, if not, identifying every material change and the date on which it occurred, and explaining why no further Court approval is required;

(10) any updated appraisal or other current evidence of value in the Receiver's possession;

and that the Court further order that no closing of the Frisco Gate Property occur until the Court has reviewed the foregoing and confirmed that the Receiver is authorized to close on the current version of the transaction.

## IV. PRAYER

For these reasons, Mr. Barton respectfully requests that the Court grant this Motion, order the pre-closing disclosures identified above on an expedited basis, and grant such other and further relief to which he may be justly entitled.

Dated: July 9, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), Defendant [conferred / attempted to confer] with counsel for the Receiver and counsel for the SEC regarding the relief requested in this Motion, including by written correspondence to the Receiver and his counsel dated June 29, 2026. The Receiver and the SEC are presumably opposed. The status will be duly updated upon receipt if different.

*/s/ Timothy L. Barton*
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which serves all counsel of record.

*/s/ Timothy L. Barton*
Defendant, Pro Se

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>Defendants,<br><br>DJD LAND PARTNERS LLC, and LDG001 LLC,<br><br>Relief Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**[PROPOSED] ORDER GRANTING DEFENDANT'S**
**EMERGENCY MOTION FOR CLARIFICATION AND**
**PRE-CLOSING DISCLOSURE REGARDING THE FRISCO GATE PROPERTY**

Before the Court is Defendant Timothy Barton's Emergency Motion for Clarification and Pre-Closing Disclosure, and to Require the Receiver to Show Authority to Close, Regarding the Frisco Gate Property. Having considered the Motion, the record, and applicable law, the Court GRANTS the Motion and ORDERS as follows:

1. Within seven (7) days of this Order, and in any event before any closing of the sale of the Frisco Gate Property, the Receiver shall file: (a) the current operative purchase and sale agreement and every amendment, addendum, extension, assignment, and side agreement; (b) the current scheduled closing date; (c) a statement of whether Petra Development, LLC remains the purchaser and whether any assignment, substitute purchaser, nominee, affiliate, or new funding source exists; (d) current proof of funds or a current financing commitment; (e) a current certificate of good standing for the purchaser and evidence of any required Texas registration or authority; (f) the current title company's closing requirements and any disclosures made to the title company

concerning this litigation; and (g) any updated appraisal or other current evidence of value in the Receiver's possession.

2. Within the same period, the Receiver shall file a declaration identifying every written communication provided to the purchaser, the purchaser's counsel, the escrow agent, and the title company concerning the legal status of the sale, together with the dates of those communications, and shall file copies of all such written disclosures, under seal if appropriate.

3. Within the same period, the Receiver shall file a certification stating whether the transaction terms remain materially identical to the transaction the Court approved or, if not, identifying every material change and the date on which it occurred, and explaining why no further Court approval is required.

4. No closing of the sale of the Frisco Gate Property shall occur until the Court has reviewed the Receiver's filings under this Order and confirmed that the Receiver is authorized to close on the current version of the transaction.

SO ORDERED, this _____ day of ____________, 2026.

__________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE