**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC,**<br>**WALL 009, LLC, WALL 010, LLC, WALL**<br>**011, LLC, WALL 012, LLC, WALL 016, LLC, WALL 017, LLC, WALL 018, LLC,**<br>**WALL 019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,**<br><br>**Defendants,**<br><br>**v.**<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>**Relief Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § | **Civil Action No. 3:22-CV-2118-X** |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO RELEASE FUNDS FROM THE RECEIVERSHIP ESTATE FOR HIS CRIMINAL DEFENSE AND TO RETAIN COUNSEL OF HIS CHOICE, AND BRIEF IN SUPPORT (EXPEDITED CONSIDERATION REQUESTED)**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton ("Mr. Barton" or "Movant"), appearing *pro se*, respectfully moves this Court to authorize and direct the Receiver to release funds from the Receivership Estate in an amount of not less than $700,000 so that Mr. Barton may retain criminal-defense counsel of

his choice and mount a defense in the parallel criminal prosecution now set for trial on November 2, 2026. In support, Mr. Barton shows the following:

## I. INTRODUCTION AND SUMMARY OF RELIEF

Mr. Barton stands criminally indicted in *United States v. Barton*, No. 3:22-cr-00352-K (N.D. Tex.), with trial set to begin on November 2, 2026, and pretrial motions due August 24, 2026. At the same time, the receivership entered in this civil action has placed essentially everything Mr. Barton owns under the control of a Receiver. The combined effect is stark. Mr. Barton faces a complex federal criminal trial, built on a discovery record spanning multiple terabytes and hundreds of thousands of pages, yet he has been left without the means to hire the lawyer of his choosing or to fund the investigators, experts, and document review that an effective defense requires.

The Constitution does not permit that result. The Sixth Amendment guarantees an accused the right to retain counsel of his choice, and the Supreme Court has held that the pretrial restraint of a defendant's untainted assets needed to exercise that right violates the Sixth Amendment. The relief Mr. Barton seeks is modest in relation to the Estate. The Receiver's own most recent accounting reports more than $1.2 million in cash and cash equivalents on hand, with additional sale proceeds imminent. Releasing $700,000 for a constitutionally protected purpose will not impair the orderly administration of the Receivership; indeed, the requested sum is fully covered by the Estate's unrestricted cash on hand, without resort to restricted funds or to anticipated sale proceeds. Denying it would leave Mr. Barton to face the loss of his liberty without the counsel the Constitution promises.

## II. BACKGROUND

### A. The Receivership has placed all of Mr. Barton's assets beyond his reach.

On June 23, 2025, this Court entered the Order Appointing Receiver now in effect [Dkt. 650], following the Fifth Circuit's decision in *SEC v. Barton, 79 F.4th 573 (5th Cir. 2023)*, which vacated the first receivership and remanded for reconsideration under the standard articulated in *Netsphere*. The Receivership sweeps in dozens of entities and effectively all of Mr. Barton's real and personal property. As a practical matter, Mr. Barton has no assets outside the Receivership with which to pay for his criminal defense.

**B. The parallel criminal prosecution is set for trial on November 2, 2026.**

In the criminal case, the Court recently reset trial to November 2, 2026, at 9:00 a.m., and ordered that pretrial motions be filed by August 24, 2026, with responses due by September 8, 2026, and that witness lists, exhibit lists, proposed jury instructions, and motions in limine be filed by October 13, 2026. *See Order on Motion for Continuance, No. 3:22-cr-00352-K, Dkt. 108 (N.D. Tex. Feb. 4, 2026).* The court has designated the case "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii), citing the volume of discovery and the novel questions of fact and law presented. *Id.* The Government's productions consist of multiple multi-terabyte hard drives and hundreds of thousands of pages of records. Preparing a defense to that record, on that schedule, requires retained counsel and professional support now.

**C. The Receivership Estate holds more than $1.2 million in cash.**

The Receiver's Fifteenth Quarterly Status Report (1Q26) and the Standardized Fund Accounting Report ("SFAR") attached to it as Exhibit A establish that the Estate has the liquidity to fund this request. The SFAR reports a beginning balance of $1,347,188.37 as of January 1, 2026, and an Ending Balance of Fund — Net Assets (Cash & Cash Equivalents) of $1,245,547.36 as of March 31, 2026. *See* Receiver's Fifteenth Quarterly Status Report at 74 [Dkt. 728]; SFAR [Dkt. 728-1]. The Report confirms in narrative that the balance held in the receivership bank accounts is $1,245,547.36. Dkt. 728 at 74.[1]

## III. ARGUMENT AND AUTHORITIES

**A. The Sixth Amendment guarantees Mr. Barton the right to counsel of his choice.**

The Sixth Amendment provides that the accused shall enjoy the right to have the Assistance of Counsel for his defence. U.S. Const. amend. VI. That guarantee includes the right of a defendant who does not require appointed counsel to choose who will represent him. *United States v. Gonzalez-Lopez, 548 U.S. 140 (2006)*. The wrongful deprivation of that right is not subject to harmless-error review. It is structural error that requires reversal of any resulting conviction,

[1]The Receiver's own Fifteenth Quarterly Status Report reports that, of the cash on hand, $400,192.49 is held in the name of D4OP LLC and $60,000 relates to the Walker Ranch transaction, which the Receiver characterizes as presently unavailable to the other Receivership Entities. *See* Dkt. 728 at 74 & n.30. Even setting those amounts aside, the Estate holds well over $700,000 in unrestricted cash, an amount that by itself exceeds the $700,000 Mr. Barton now seeks, and the Receiver separately reports that the pending sale of the Palisades property alone is anticipated to net approximately $1 million more into the Estate. Dkt. 728 at 74. The Estate therefore has, or imminently will have, ample liquidity to fund the relief requested here.

because its consequences are necessarily unquantifiable and indeterminate. *Gonzalez-Lopez*, 548 U.S. at 150. The right to counsel of choice is not a matter of convenience. It is a foundational component of a fair trial.

**B. A pretrial freeze of untainted assets needed to retain counsel violates the Sixth Amendment.**

In *Luis v. United States, 578 U.S. 5 (2016)*, the Supreme Court held that the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment. The Court drew a clear line between assets that are the proceeds of, or traceable to, the alleged offense, and innocent or untainted assets that belong wholly to the defendant. The Government may restrain the former pending forfeiture. It may not freeze the latter when doing so deprives the accused of the means to hire the lawyer he wants. As the Court explained, without protection for at least some of a defendant's assets, the Government could nullify the right to counsel of choice and render the guarantee meaningless. *Luis*, 578 U.S. at 11-12.

The line *Luis* drew follows from *Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989)*, and *United States v. Monsanto, 491 U.S. 600 (1989)*. Those decisions permitted the Government to reach a defendant's assets to satisfy forfeiture, but both relied critically on the fact that the property at issue was tainted, such that title had passed to the Government before the restraining order issued. *Kaley v. United States, 571 U.S. 320 (2014)*, addressed only the procedure for challenging a restraint of assets that a grand jury has found probable cause to forfeit. None of those cases authorizes the restraint of untainted property to defeat the right to counsel of choice.

**C. The Commission has not shown that the Estate's available cash is tainted.**

The protection recognized in *Luis* turns on whether the assets needed for counsel are tainted, and the burden of that showing rests with the Government, not the accused. Here, the cash held by the Estate is substantially composed of ongoing rental income from operating property and the proceeds of court-approved settlements of real estate, most of which was financed by federally guaranteed construction loans. Mr. Barton has demonstrated, and the Commission has not refuted, that the Commission traced loan proceeds into only a fraction of the entities it caused to be placed in receivership particularly the Wall entities. *See* Dkt. 334; Dkt. 400.[2] On this record, the

[2]Movant does not concede that any Receivership asset is traceable to wrongdoing. Movant has shown that the Commission performed a tracing analysis for only 29 of the 82 entities swept into the Receivership, and that significant assets were financed by United States Department of Housing and Urban Development guaranteed loans. *See* Dkt.

Commission cannot carry its burden of showing that the modest sum Mr. Barton seeks is anything other than legitimate, untainted property of the kind *Luis* protects.

**D. A prejudgment equity receivership may not be used to strip the accused of the means to defend himself.**

This Receivership is a creature of equity, imposed under the Court's authority to grant equitable relief in a Commission enforcement action. *See* 15 U.S.C. § 78u(d)(5). The same equitable power that created the Receivership permits the Court to modify its order and to direct the Receiver to make disbursements that equity and the Constitution require. The Fifth Circuit has cautioned that a prejudgment receiver may not be named simply to secure or preserve funds for the satisfaction of a potential later judgment, and that a receivership may not be wielded to control or disadvantage a litigant. *Netsphere, Inc. v. Baron, 703 F.3d 296 (5th Cir. 2012)*. A receivership that leaves a criminal defendant unable to retain counsel for an impending trial would convert an equitable preservation device into an instrument that defeats a constitutional right. Equity does not permit that, and the Court's continuing supervisory authority over the Estate is more than sufficient to prevent it.

**E. Due process and fundamental fairness independently support the relief.**

Beyond the Sixth Amendment, the Fifth Amendment's guarantee of due process protects against being deprived of liberty without a fair opportunity to be heard. U.S. Const. amend. V. A defendant who has been stripped of every asset by a civil receiver, and then told he must face a complex criminal trial without the resources to investigate, retain experts, or hire counsel of his choosing, is denied that fair opportunity. The relief requested restores a basic measure of fairness without prejudicing any legitimate interest of the Commission or the Estate.

**F. The amount requested is reasonable and necessary, and the Estate can fund it.**

The criminal case is document-intensive and has been formally designated complex. A reasonable defense will require a retainer for experienced criminal-defense counsel of Mr. Barton's choice, together with funds for forensic and financial experts, investigators, and the review of a discovery record measured in terabytes. In relation to those needs, and in relation to an Estate holding more than $1.2 million in cash with further sale proceeds imminent, a release of $700,000

334; Dkt. 400. The point for present purposes is narrower: the Commission bears the burden, and it has not shown that the cash the Estate holds is tainted.

is both reasonable and necessary. Mr. Barton is prepared to accept reasonable conditions to assure accountability, including disbursement against documented invoices or to a counsel trust account, periodic reporting to the Court, and any other safeguard the Court deems appropriate.

## IV. RELIEF REQUESTED

For these reasons, the Defendant respectfully requests that the Court enter an order:

1. directing the Receiver to release from the Receivership Estate not less than $700,000 for the purpose of funding Mr. Barton's defense in *United States v. Barton*, No. 3:22-cr-00352-K, including the retention of criminal-defense counsel of his choice and the engagement of experts, investigators, and litigation-support services;
2. authorizing disbursement of those funds upon such reasonable conditions as the Court may impose, including payment against documented invoices or into the trust account of retained counsel, and periodic reporting to the Court;
3. modifying the Order Appointing Receiver [Dkt. 650] to the limited extent necessary to permit the foregoing; and
4. granting such other and further relief, at law or in equity, to which Mr. Barton may be justly entitled.

## V. REQUEST FOR EXPEDITED CONSIDERATION

Because pretrial motions in the criminal case are due August 24, 2026, and trial begins November 2, 2026, Mr. Barton respectfully requests that the Court consider this Motion on an expedited basis. Retained counsel cannot be engaged, and a complex multi-terabyte record cannot be reviewed, in the weeks immediately before trial. Time is of the essence, and the prejudice from delay falls entirely on Mr. Barton's ability to defend himself.

## CONCLUSION

The Receivership has left Mr. Barton without the means to hire the lawyer he wants for a criminal trial that could cost him his liberty. The Constitution forbids that outcome where, as here, the Estate holds ample untainted funds. Mr. Barton respectfully asks the Court to grant this Motion and to direct the release of not less than $700,000 for his criminal defense.

Respectfully submitted,

Dated June 29, 2026

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me
*Defendant, appearing pro se*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing of this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding the relief requested in this Motion. The Securities and Exchange Commission and the Receiver are opposed.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TIMOTHY L. BARTON, et al.,** | § | **Civil Action No. 3:22-CV-2118-X** |
| | § | |
| ***Defendants,*** | § | |
| | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § | |
| | § | |
| ***Relief Defendants.*** | | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO RELEASE FUNDS FROM THE RECEIVERSHIP ESTATE FOR HIS CRIMINAL DEFENSE AND TO RETAIN COUNSEL OF HIS CHOICE**
**(EXPEDITED CONSIDERATION REQUESTED)**

Before the Court is Defendant Timothy L. Barton's Opposed Motion to Release Funds from the Receivership Estate for His Criminal Defense and to Retain Counsel of His Choice, and Brief in Support (the "Motion"). Having considered the Motion, any response and reply, the record, and the applicable law, the Court finds that the Motion should be and hereby is GRANTED.

It is therefore ORDERED that:

1. The Receiver shall release a total of $700,000 from Receivership Estate funds that are not otherwise restricted by a prior order of this Court, for the sole purpose of funding Mr. Barton's defense in United States v. Barton, No. 3:22-cr-00352-K (N.D. Tex.).

2. The released funds may be used only for reasonable and necessary criminal-defense expenses, including the retention of counsel of Mr. Barton's choice and the engagement of experts, investigators, document-review services, and other litigation-support providers reasonably necessary to prepare the defense.

3. Within five (5) business days after Mr. Barton provides written payment instructions, the Receiver shall disburse the funds either (a) to the trust account designated by retained or

proposed criminal-defense counsel, or (b) directly to a counsel, expert, investigator, or other defense service provider upon an itemized invoice. The Receiver may require ordinary documentation reasonably necessary to verify the designated payee and the authorized purpose of the payment.

4. Mr. Barton or his retained criminal-defense counsel shall provide the Court a quarterly accounting, by broad category only and without disclosure of privileged communications or attorney work product, showing the amounts disbursed under this Order.

5. The Order Appointing Receiver [Dkt. 650] is modified only to the limited extent necessary to effectuate this Order. Nothing in this Order adjudicates the merits of any civil or criminal claim or determines the ultimate ownership or traceability of any Receivership asset.

SO ORDERED this ______ day of ______________, 2026.

___________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE