**(EXHIBIT A)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| Defendants, | § | |
| DJD LAND PARTNERS LLCS, LDG001 LLC, | § | |
| Relief Defendants. | § | |

**DEFENDANT TIMOTHY BARTON'S OPPOSED MOTION FOR RECONSIDERATION OF THE PRE-FILING REQUIREMENT IN THE COURT'S ORDER (DKT. 747)**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy Barton, appearing pro se, respectfully moves the Court to reconsider and, in the alternative, to modify its June 5, 2026 Order (Dkt. 747) solely to the extent it requires him to seek leave of the Court before filing any motion. In support, Mr. Barton states as follows:

## I. INTRODUCTION AND NATURE OF RELIEF

Mr. Barton, now appearing pro se following the Court's June 5, 2026 Order granting the unopposed motion of his former counsel to withdraw (Dkt. 747; see Dkt. 724), seeks reconsideration only of the portion of the Order directing that he "must seek leave of the Court before filing any motion." Dkt. 747. Mr. Barton does not seek reconsideration of any other portion of the Order, including the grant of his former counsel's withdrawal.

A requirement that a litigant obtain the Court's permission before filing a motion is a pre-filing restriction on access to the courts. The Fifth Circuit permits such restrictions only where certain predicates are satisfied—notice and an opportunity to be heard, a record of vexatious,

harassing, or duplicative filings supporting the restriction, and consideration of less burdensome alternatives. With respect, the June 5 Order reflects none of these predicates. It was entered sua sponte in an order resolving an unopposed motion to withdraw, contains no finding that Mr. Barton has engaged in abusive litigation, and does not address less restrictive alternatives. Reconsideration is therefore warranted.

## II. BACKGROUND

On June 5, 2026, the Court entered an Order granting attorney Jules Slim's unopposed motion to withdraw as counsel for Mr. Barton. Dkt. 747 (granting Dkt. 724). In the same Order, the Court permitted Mr. Barton to represent himself pro se but directed that "he must seek leave of the Court before filing any motion." *Id.* The Order provides that this requirement "shall not apply to responses and replies filed pursuant to L.R. 7.1(e),(f)." *Id.*

The motion that prompted the Order (Dkt. 724) sought only leave for counsel to withdraw; it did not request the imposition of any pre-filing restriction on Mr. Barton. Mr. Barton did not receive notice that the Court was considering a pre-filing restriction, and had no opportunity to be heard on that question, before it was imposed. The Order does not recite any history of vexatious, harassing, or duplicative filings by Mr. Barton, nor does it identify any specific filing as the basis for the requirement.

## III. LEGAL STANDARD

The June 5 Order is interlocutory. Under Federal Rule of Civil Procedure 54(b), an order that does not adjudicate all claims as to all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Independent of the Rule, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981).

## IV. ARGUMENT

***A. The leave requirement is a pre-filing restriction subject to the Fifth Circuit's requirements.***

A requirement that a party obtain judicial permission before filing a motion restrains that party's access to the court and is a form of pre-filing restriction. The Fifth Circuit has recognized that federal courts possess inherent authority to impose pre-filing restrictions to deter vexatious, harassing, or abusive litigation. Baum v. Blue Moon Ventures, LLC, 513 F.3d 181 (5th Cir. 2008). That authority, however, is not unbounded. Before imposing such a restriction, a court must weigh "all the relevant circumstances," including four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good-faith basis for pursuing the litigation or instead intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 189 (adopting Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004)). And because such restrictions implicate the right of access to the courts, due process requires that the affected party receive notice and an opportunity to be heard before a pre-filing restriction is imposed. *Id.* at 193; see Cromer, 390 F.3d at 819–20 (notice of a possible contempt finding "rarely" provides adequate notice that a pre-filing injunction is under consideration).

***B. The predicates for a pre-filing restriction are absent here.***

***1. Mr. Barton received no notice and no opportunity to be heard.***

The leave requirement was imposed sua sponte in an Order resolving an unopposed motion to withdraw. No motion sought a pre-filing restriction, and Mr. Barton was not notified that one was under consideration or given any opportunity to respond before it issued. Due process requires both notice and an opportunity to be heard before a court restrains a litigant's ability to file. Baum, 513 F.3d at 193. Notice directed to a different question—here, counsel's withdrawal—does not supply notice that the Court is contemplating a restriction on the client's ability to file motions. Cf. Cromer, 390 F.3d at 819–20.

***2. The Order contains no findings of vexatious, harassing, or duplicative filings.***

A pre-filing restriction must rest on the party's "history of litigation," in particular a demonstrated pattern of "vexatious, harassing, or duplicative" filings. Baum, 513 F.3d at 189. The

June 5 Order recites no such history and identifies no filing by Mr. Barton as vexatious, harassing, duplicative, or made in bad faith. Absent findings tying the restriction to conduct that warrants it, the requirement is not supported under Baum.

***3. The Order does not address less restrictive alternatives.***

The fourth factor requires the Court to consider "the adequacy of alternative sanctions" before imposing a pre-filing restriction. Baum, 513 F.3d at 189. The Order reflects no such consideration. The Court retains ample tools to address any improper filing if and when one is made—including the requirements of Federal Rule of Civil Procedure 11, the Court's authority to strike improper papers, and its inherent power to sanction abusive conduct. A blanket requirement that Mr. Barton obtain leave before filing any motion is broader than necessary to protect the Court's docket, particularly where no abuse has been identified.

***C. Reconsideration is warranted; in the alternative, the requirement should be narrowed.***

Because the leave requirement was imposed without the notice, findings, and consideration of alternatives that govern pre-filing restrictions, reconsideration is appropriate to correct that error and to prevent the manifest injustice of restricting Mr. Barton's access to the Court at a critical stage of this litigation—including the status conference set for June 11, 2026. Mr. Barton respectfully requests that the Court strike the leave requirement.

Should the Court conclude that some management of Mr. Barton's pro se filings is warranted, Mr. Barton respectfully requests, in the alternative, that the Court narrow the requirement so that it is tailored to any specific concern.

## V. CONCLUSION AND PRAYER

For the foregoing reasons, Mr. Barton respectfully requests that the Court (i) reconsider the June 5, 2026 Order (Dkt. 747) and strike the requirement that he seek leave of the Court before filing any motion; or, in the alternative, (ii) modify that requirement as set forth above; and (iii) grant such other and further relief to which Mr. Barton may be entitled.

Dated: June 12, 2026

Respectfully submitted,

/s/ *Timothy L. Barton*
Defendant, Pro Se
1846 East Rosemeade Parkway,
#232 Carrollton, TX 75007
(214) 914-3811
*timothy.barton@proton.me*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

/s/ *Timothy L. Barton*
Defendant, Pro Se

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), Defendant has conferred with counsel for the Receiver and counsel for the SEC regarding this Motion. The SEC and Receiver are opposed.

/s/ *Timothy L. Barton*
Defendant, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>Defendants,<br><br>DJD LAND PARTNERS LLCS, LDG001 LLC,<br><br>Relief Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY BARTON'S OPPOSEDMOTION FOR RECONSIDERATION OF THE PRE-FILING REQUIREMENT IN THE COURT'S ORDER (DKT. 747)**

Before the Court is Defendant Timothy Barton's Opposed Motion for Reconsideration of the Pre-Filing Requirement in the Court's Order (Dkt. 747) (the "Motion"). The Motion seeks reconsideration of the June 5, 2026 Order (Dkt. 747) solely to the extent that it requires Mr. Barton, appearing pro se, to seek leave of the Court before filing any motion. Having considered the Motion, any response and reply, the record, and the applicable law, the Court finds that the Motion should be and hereby is **GRANTED**.

It is therefore **ORDERED** that the Motion is **GRANTED**. The portion of the Court's June 5, 2026 Order (Dkt. 747) directing that Mr. Barton "must seek leave of the Court before filing any motion" is hereby **VACATED** and stricken from the Order.

It is further **ORDERED** that all other provisions of the June 5, 2026 Order (Dkt. 747), including the grant of former counsel's motion to withdraw and Mr. Barton's pro se status, remain

in full force and effect. Mr. Barton remains subject to the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and Federal Rule of Civil Procedure 11 in all filings.

**SO ORDERED.**

Signed this ______ day of ______________, 2026.

______________________________

**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**