Filed mark Premature
FILED USDC NDTX-DA
'26 JUL 8 PM4:07
-JJF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL 009, LLC, WALL 010, LLC, WALL 011, LLC, WALL 012, LLC, WALL 016, LLC, WALL 017, LLC, WALL 018, LLC, WALL 019, LLC, HAOQIANG FU (A/K/A MICHAEL FU), STEPHEN T. WALL,**<br><br>**Defendants,**<br><br>**v.**<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>**Relief Defendants.** | § | **Civil Action No. 3:22-CV-2118-X** |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO COMPEL (I) TURNOVER OF NON-RECEIVERSHIP INJUNCTION-ENTITY RECORDS (DKT. 418), (II) RETURN OF BARTON'SPERSONAL AND TAX RECORDS, AND (III) PRODUCTION OF A COMPLETE COPY OF THE RECEIVERSHIP'S RECORDS FOR USE IN THE PARALLEL CRIMINAL CASE, WITH COSTS BORNE BY THE RECEIVERSHIP ESTATE**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton, appearing pro se, respectfully moves the Court for an order (1) compelling the Receiver to turn over to Barton, all books, records, and correspondence —

including all correspondence with the Internal Revenue Service, other governmental authorities, and parties in interest or stakeholders — belonging to the entities that are subject only to the asset freeze under the Preliminary Injunction Order (Dkt. 418) and that were not placed under the receivership, while retaining no copies of those materials, except as required by an existing preservation obligation, a further order of this Court; (2) compelling the Receiver to return to Barton his personal books, records, papers, and effects that are not the property of any Receivership Entity, including his individual tax records, his personal bank records, document filings, and all manner of documents seized on October 18, 2022, and other personal records, while retaining no copies, except as required by an existing preservation obligation, a further order of this Court; (3) compelling the Receiver to produce to Barton a complete copy of the books, records, and electronically stored information in the Receiver's possession, custody, or control, for use in preparing Barton's defense in the parallel criminal proceeding; (4) directing that all reasonable costs of the transfer, including the fees of any neutral third party the parties jointly agree to retain, be borne by the Receivership Estate; and (5) directing the Receiver, within fourteen (14) days of any order granting this Motion, to provide Barton a written inventory of all responsive books, records, and electronically stored information in the Receiver's possession, custody, or control, and to certify under penalty of perjury that all such responsive records have been identified. In support, Barton shows the following.

## I. INTRODUCTION AND JOINDER OF RELATED REQUESTS

This single motion seeks several related forms of relief because they arise from the same underlying problem: the disposition of documents and records that the Receiver currently holds. The motion concerns the records of entities that the Court placed under an asset freeze in Dkt. 418 but expressly did *not* place in the receivership. The motion further seeks (a) the return of Barton's personal and tax records, which are not the property of any Receivership Entity, and (b) the production of a complete copy of the Receiver's records so that Barton can prepare his defense in the parallel criminal proceeding, the trial of which is approaching. Two themes frame the relief sought. First, the relief protects the fairness of the parallel criminal proceeding: the records the Receiver now holds are the records Barton must review to defend himself, and without access to them Barton cannot meaningfully review discovery, prepare witnesses, consult experts, or prepare for trial. Second, as to the receivership's own records, Barton does not seek the release of any

receivership asset; he seeks only copies of the records necessary to prepare his defense. The balance of the relief concerns records that are not receivership property at all — the books and records of the non-receivership entities frozen under Dkt. 418 and Barton's personal and tax records — which the Receiver has no custodial mandate to retain. All requests invoke the Court's continuing supervisory authority over this action, and all turn on the same equitable question of who must bear the cost of sorting and delivering records. Nothing in the Federal Rules or the Local Civil Rules requires these related requests to be presented in separate motions, and presenting them together conserves the Court's and the parties' resources. See N.D. Tex. Local Civil Rule 7.1 (prescribing the form of motions and requiring a separate proposed order, a certificate of conference, and a supporting brief, but not barring the joinder of related requests). Should the Court prefer, the requests are fully severable and may be addressed independently.

## II. BACKGROUND

### A. The Preliminary Injunction Order (Dkt. 418) and the non-receivership entities.

On November 29, 2023, the Court entered the Preliminary Injunction Order. It freezes "[a]ll funds, property, or other assets … of any entity that Barton directly or indirectly controls *that is not placed in receivership*," and it lists more than one hundred such entities. Dkt. 418 at 7–11. The Order draws a deliberate line between entities in the receivership and entities subject only to the freeze; the latter were frozen precisely so that the SEC and the Receiver could "investigate and trace assets" without those entities being absorbed into the receivership estate. *Id.* at 4. The Order also imposes a separate, continuing document-preservation obligation directly on Barton. *Id.* at 11–12.

The distinction matters because the Fifth Circuit, in this very case, held that "[a] receivership's jurisdiction extends only over property subject to the underlying claims" and that it was error to sweep all of Barton's controlled entities into the receivership. See SEC v. Barton, 79 F.4th 573 (5th Cir. 2023). The entities listed in Dkt. 418 are, by the Order's own terms, outside the receivership. Their records therefore fall outside the custodial mandate of the Receivership Order.

### B. The parallel criminal proceeding, and Barton's personal bank records, documents filings and all manners of documents that were seized on October 18, 2022.

This enforcement action has proceeded alongside a parallel criminal prosecution of Barton arising from the same underlying transactions. The criminal trial is approaching, and the books, records,

and correspondence Barton needs to prepare his defense are now held by the Receiver rather than by Barton. *See Order on Motion for Continuance, No. 3:22-cr-00352-K, Dkt. 108 (N.D. Tex. Feb. 4, 2026).* The two proceedings are formally distinct, but they draw on the same universe of documents, and the records the Receiver gathered are the records Barton must review to defend himself.

Separately, the Receiver's custody extends only to the Receivership Entities and Receivership Property. It does not reach Barton's purely personal property — including his individual income-tax records and other personal papers — title to which remains in Barton until divested by order of this Court. A receivership "cannot be used to secure the assets of an individual defendant." Netsphere, Inc. v. Baron, 703 F.3d 296, 310 (5th Cir. 2012). To the extent the Receiver holds any such personal materials, they are not receivership property and should be returned to Barton.

## III. ARGUMENT AND AUTHORITIES

### A. The records of the non-receivership injunction entities should be delivered and turned over to Barton, with no copies retained by the Receiver.

The Receiver's custodial authority runs to the Receivership Entities and Receivership Property, not to entities the Court deliberately left out of the receivership. Dkt. 417; Dkt. 418 at 7. The Fifth Circuit's holding that a receivership reaches "only … property subject to the underlying claims" confirms that the records of the frozen-but-not-receivership entities are not receivership property to be held and administered by the Receiver. See SEC v. Barton, 79 F.4th 573 (5th Cir. 2023); see also Netsphere, Inc. v. Baron, 703 F.3d 296 (5th Cir. 2012) (district court abused its discretion in extending a receiver's control to assets not at issue in the underlying litigation). It follows that the Receiver should not indefinitely hold, administer, or duplicate those entities' books, records, and correspondence, including their correspondence with the IRS, other governmental authorities, and stakeholders.

Barton therefore requests an order directing the Receiver to (i) deliver and turn over to Barton and to the respective entities all books, records, and correspondence belonging to the entities listed in Dkt. 418 that were not placed in receivership; and (ii) retain no copies, electronic or paper, of those materials, except as required by an existing preservation obligation or a further order of this Court. Because the Receiver took custody of these records and is understood to maintain a log or

inventory of all materials seized, no separate segregation exercise by the Receiver is required; the Receiver can identify and deliver these records directly from the custody logs and inventories already in its possession. The freeze imposed by Dkt. 418 remains fully in force; turning the records over to the entities and to Barton does not unfreeze any asset and does not relieve Barton of his independent, continuing obligation under Dkt. 418 at 11–12 to preserve documents. Where any record cannot be cleanly attributed to a single entity, or is commingled with genuine Receivership-Entity records, that item should be handled through the same neutral process described in Part E below rather than retained by default.

### B. Barton's personal records and tax files are not receivership property and should be returned to him.

The same boundary that keeps the non-receivership entities' records out of the Receiver's custody also keeps out Barton's purely personal records. Title to property in a receivership remains in its owner until divested by court order; the Receiver holds that property as a custodian and officer of the Court, not as its owner. The receivership reaches "only … property subject to the underlying claims," SEC v. Barton, 79 F.4th 573 (5th Cir. 2023), and "cannot be used to secure the assets of an individual defendant," Netsphere, Inc. v. Baron, 703 F.3d 296, 310 (5th Cir. 2012). Barton's individual income-tax records and other personal papers are neither Receivership Property nor the records of any Receivership Entity. Barton therefore requests an order directing the Receiver to identify and return to Barton all of his personal books, records, papers, and effects — including his individual tax records, his personal bank records, document filings, and all manner of documents seized on October 18, 2022 — that are not the property of a Receivership Entity, while retaining no copies, except as required by an existing preservation obligation, a further order of this Court. Any item that cannot be cleanly attributed should be routed through the neutral process described in Part E below rather than retained by default.

### C. The Receiver should produce a complete copy of the receivership's records to Barton for use in preparing his criminal defense.

Barton is simultaneously defending a parallel criminal prosecution arising from the same transactions, and the trial date is approaching. The documents he needs to prepare that defense — the books, records, and correspondence of the entities he formerly controlled — are now in the Receiver's possession. Without access to these records, Barton cannot meaningfully review the discovery produced against him, prepare witnesses, consult experts, or otherwise prepare for trial.

Because the Receiver gathered and holds those records as an officer of this Court, the Court retains continuing equitable authority to direct that a complete copy be made available to Barton. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (inherent authority to manage the proceedings before it); SEC v. Safety Finance Service, Inc., 674 F.2d 368 (5th Cir. 1982) (broad discretion to supervise an equity receivership).

Parallel civil and criminal proceedings are permissible, but they must be conducted consistently with due process and "proper standards in the administration of justice." United States v. Kordel, 397 U.S. 1, 11 (1970). Allowing the Government's civil receiver to hold the very records Barton needs, while a criminal trial on the same subject matter approaches, would be in tension with that principle. Barton does not ask the Court to unfreeze any asset or to disturb the chain of custody; he asks only that the Receiver produce a complete copy (in electronic form where available) of the books, records, and electronically stored information in the Receiver's possession, custody, or control, so that Barton may prepare his defense. To ensure that the production is complete and verifiable, Barton further requests that the Receiver first provide a written inventory of all responsive records — including all physical files and boxes, electronic drives, cloud-storage accounts, email accounts, accounting databases, and tax files — and certify under penalty of perjury that all responsive records within the Receiver's possession, custody, or control have been identified.

**D. Denying Barton access to these records would substantially interfere with his defense of the parallel criminal case.**

Although this is a civil enforcement action, the relief Barton seeks is directly connected to the parallel criminal prosecution, and the constitutional dimension of that connection informs the Court's exercise of its equitable authority. The Sixth Amendment guarantees an accused "a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)); see also Washington v. Texas, 388 U.S. 14, 23 (1967) (compulsory process). That guarantee depends on access to the evidence: the books, records, and correspondence Barton must examine to test the Government's case, identify exculpatory material, prepare and confront witnesses, and consult experts are the very records the Receiver now holds.

Permitting the Government's civil receiver to retain sole custody of those records, while a criminal trial on the same transactions approaches, would substantially interfere with Barton's preparation of his defense. Cf. United States v. Kordel, 397 U.S. 1, 11 (1970) (parallel civil and criminal proceedings must be conducted consistently with due process and "proper standards in the administration of justice"). Barton does not seek the release of any receivership asset; he seeks only copies of the records necessary to prepare his defense. Producing those copies imposes no cognizable prejudice on the estate, whereas withholding them would leave Barton unable to meaningfully review discovery, prepare witnesses, consult experts, or prepare for trial before the deadlines set in the criminal case.

**E. The Receivership Estate should bear the costs of the transfer, return of personal records, and production of the defense copy.**

Equity controls the allocation of receivership costs, and the Fifth Circuit has held that charging the receivership fund — rather than the party left without resources — can be "an equitable solution" to costs generated by the receivership. District courts supervising equity receiverships in SEC enforcement actions possess broad discretion to allocate the expenses of administration. See SEC v. Safety Finance Service, Inc., 674 F.2d 368 (5th Cir. 1982); see also Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (inherent equitable authority).

The equities favor placing these costs on the Estate. Barton's assets and the assets of his controlled entities have been gathered into the receivership and frozen, leaving the defense without resources to fund the labor of gathering and transferring records. Requiring Barton to pay, when the very orders at issue removed his access to funds, would make the relief sought illusory and would impede, rather than advance, the orderly administration the Court intended. The work also benefits the Estate by clarifying what is and is not receivership property. Accordingly, the reasonable costs of gathering and transferring the Dkt. 418 non-receivership records, of returning Barton's personal and tax records, and of producing the complete copy of the Receiver's records for Barton's criminal defense, should be paid from the Receivership Estate.

## IV. CONCLUSION AND PRAYER

For these reasons, Barton respectfully requests that the Court enter an order:

1) Directing the Receiver to deliver to Barton, and retain no copies of, all books, records, and correspondence — including all IRS, governmental, and stakeholder correspondence — of the entities listed in Dkt. 418 that were not placed in receivership, except as required by an existing preservation obligation, a further order of this Court;

2) Directing the Receiver to identify and return to Barton all of his personal books, records, papers, and effects that are not the property of any Receivership Entity, including his individual income-tax records, his personal bank records, document filings, and all manner of documents seized on October 18, 2022, while retaining no copies, except as required by an existing preservation obligation, a further order of this Court;

3) Directing the Receiver to produce to Barton a complete copy of the books, records, and electronically stored information in the Receiver's possession, custody, or control, including Barton's personal bank records, document filings, and all documents seized on October 18, 2022, for use in preparing Barton's defense in the parallel criminal proceeding;

4) Directing the Receiver to immediately provide the written inventory and a video documentation of the collection process of all of the evidence and materials and the chain of custody that said files and data had been under,— including all physical files and boxes, electronic drives, cloud-storage accounts, email accounts, accounting databases, and tax files — to complete the production and return described above within thirty (30) days, and to file weekly written status reports with the Court and the parties if production cannot be completed within that period;

5) Directing the Receiver to certify under penalty of perjury that all responsive records within the Receiver's possession, custody, or control have been identified;

6) Directing that all reasonable costs of the transfer, including the fees of any jointly selected neutral, be borne by the Receivership Estate; and

7) Granting such other and further relief to which Barton may be entitled.

Respectfully submitted,

Dated: July 3, 2026

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me
*Defendant, Appearing pro se*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding the relief requested in this Motion. The motion is presumably opposed; the defendant will update the status of any change as received.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | |
| **TIMOTHY L. BARTON, et al.,** *Defendants,* | § | **Civil Action No. 3:22-CV-2118-X** |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** *Relief Defendants.* | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO COMPEL TURNOVER AND PRODUCTION OF RECORDS**

Before the Court is Defendant Timothy L. Barton's Opposed Motion to Compel (i) Turnover of Non-Receivership Injunction-Entity Records (Dkt. 418), (ii) Return of Barton's Personal and Tax Records, and (iii) Production of a Complete Copy of the Receivership's Records for Use in the Parallel Criminal Case, With Costs Borne by the Receivership Estate (the "Motion"). Having considered the Motion, any response and reply, the record, and the applicable law, the Court finds that the Motion should be and hereby is GRANTED.

It is therefore ORDERED that:

1. Within fourteen (14) days of this Order, the Receiver shall provide Barton a written inventory of all responsive books, records, correspondence, and electronically stored information in the Receiver's possession, custody, or control — including all physical files and boxes, electronic drives, cloud-storage accounts, email accounts, accounting databases, and individual income-tax files — and shall certify under penalty of perjury that all such responsive records have been identified.

2. Within thirty (30) days of this Order, the Receiver shall identify and turn over all books, records, and correspondence, including IRS, governmental, and stakeholder correspondence, that belong exclusively to entities subject only to the asset freeze in Dkt. 418 and that were not placed in receivership. The Receiver shall deliver those materials to Barton and the respective entities, and shall retain no copies, electronic or paper, except copies reasonably necessary to comply with an existing legal preservation obligation, a further order of this Court.

3. Within thirty (30) days of this Order, the Receiver shall identify and return to Barton all of Barton's personal books, records, papers, and effects, including individual income-tax records, personal bank records, document filings, and all documents seized on October 18, 2022, that are not property of a Receivership Entity. The Receiver shall retain no copies of such materials except as reasonably necessary to comply with an existing legal preservation obligation, a further order of this Court.

4. Within thirty (30) days of this Order, the Receiver shall produce to Barton a complete copy, in electronic form where available and otherwise in a reasonably usable form, of the books, records, and electronically stored information in the Receiver's possession, custody, or control, including Barton's personal bank records, document filings, and all documents seized on October 18, 2022, for use in preparing Barton's defense in United States v. Barton, No. 3:22-cr-00352-K (N.D. Tex.), subject to any existing protective order or confidentiality obligation.

5. The reasonable costs of gathering and transferring records, returning personal records, and producing the defense copy shall be borne by the Receivership Estate. If a material dispute arises about attribution or ownership of any record, the parties shall confer in good faith to select a neutral third party; reasonable neutral fees shall likewise be paid by the Receivership Estate.

6. Nothing in this Order releases any frozen asset or alters any continuing obligation to preserve documents under Dkt. 418. If the Receiver cannot complete the inventory, production, and return obligations within the periods set above, the Receiver shall file weekly written status reports with the Court and the parties until those obligations are complete. Within fourteen (14) days after completing the foregoing production and return obligations, the Receiver shall

file a status report identifying the actions taken and any unresolved, specific issue requiring further direction from the Court.

SO ORDERED this ______ day of ______________, 2026.

___________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE