Howard Marc Spector
TBA#00785023
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com

**ATTORNEY FOR**
**TAMAMOI, LLC AND 3820 ILLINOIS, LLC**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 3:22-cv-2118-X** |
| **v.** | § | |
| | § | |
| **TIMOTHY BARTON, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**TAMAMOI, LLC AND 3820 ILLINOIS, LLC'S RESPONSE TO BARTON'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS AND RECOMMENDATION**

COME NOW Tamamoi, LLC and 3820 Illinois, LLC ("Tamamoi Parties") and submit this response ("Response") to Defendant Timothy Barton's Objections to the Findings, Conclusions, and Recommendations of the Magistrate Judge (Dkt. 789) ("Objection"), and respectfully shows as follows:

**INTRODUCTION**

1. The Court should overrule Barton's Objections and adopt the Magistrate Judge's Findings, Conclusions, and Recommendation (the "FCR") entered on June 23, 2026.[1] The Magistrate Judge correctly concluded that Barton's *lis pendens* notice against the Tamamoi Property is

1 *See* Dkt. 775.

unauthorized under Texas law and therefore void. Rather than confront that dispositive conclusion, Barton devotes most of his objection to procedural complaints, collateral attacks on the receivership, as well as arguments regarding the Receiver's authority and the Court-approved settlement with the Tamamoi Parties that have been heard and denied repeatedly. The FCR is in line with controlling Texas and Fifth Circuit authority. The FCR should be adopted in full, and Barton's Objection overruled.

2. As the Magistrate Judge correctly recognized, Texas permits a *lis pendens* only in narrow circumstances—namely, when an action involves title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. The SEC's enforcement action fits none of those categories. Since this Court has already expressly held that the SEC's claims do not fall within the narrow class of actions that support a *lis pendens* under Texas law, the Magistrate Judge properly relied on that determination. *See* Dkt. 755, p. 3 (finding "[t]he SEC's claims against Barton do not fall within these narrow circumstances"). Once that conclusion is reached, Fifth Circuit precedent makes the outcome clear: an unauthorized *lis pendens* is "of no effect" and may be declared void. *In re Texas Extrusion Corp*., 844 F.2d 1142, 1152 (5th Cir. 1988) (holding that dispute over conveyance of property under a bankruptcy plan of reorganization i.e., whether the estate was empowered to sell the property, was not a dispute over title rendering *lis pendens* improper).

3. Barton's objections repeatedly return to the same theme that has animated years of litigation: his disagreement with the receivership, the Receiver's exercise of authority, and the settlements approved by this Court.

## BACKGROUND

4. Prior to the Receiver's initial appointment, Tamamoi and JMJ Development ("JMJ") were engaged in litigation arising out of a real property loan and subsequent foreclosure. Defendant Barton was not a party to that litigation. JMJ is now one of the Barton entities in the Receivership.

5. On May 13, 2024, JMJ, through the Receiver, and the Tamamoi Parties executed the Settlement Agreement, whereby the Receiver agreed to release the JMJ *Lis Pendens* and dismiss the State Court Litigation with prejudice, and the Tamamoi Parties agreed to pay $75,000 to settle JMJ's State Court Litigation claims, and each side released all existing claims related to the Property.

6. On May 15, 2024, the Receiver filed his Motion to Ratify the Settlement Agreement with Tamamoi, LLC and 3820, LLC (Dkt. 494). Despite an objection (Dkt. 504) filed by Barton on June 5, 2024, the Court entered an Order Granting the Receiver's Motion to Ratify Settlement Agreement (Dkt. 549) on August 14, 2024. Pursuant to the terms of the Settlement Agreement, the Tamamoi Parties paid the settlement amount, and the Receiver, in turn, dismissed the State Court Case, and released the JMJ *Lis Pendens*.

7. The dismissal of the State Court Case was not appealed, and the order is therefore final. Regardless, Barton filed a Notice of Lis Pendens on October 6, 2025, in the real property records. The *lis pendens* refers to Barton's appeal of the order reappointing the Receiver, which Barton has now lost. Indeed, the Supreme Court has declined to hear Barton's petition for a writ of certiorari.

**8.** On October 27, 2025, the Tamamoi Parties filed their Motion to Declare Lis Pendens Void ("Motion"). *See* Dkt. 688. **Barton did not file an objection, despite having over six months to do so.**

9. The Magistrate Judge held a hearing on the Motion on June 11, 2026, and Barton did not appear. After consideration of the pleadings, the argument and the applicable law, the Magistrate Judge recommended the Motion be granted. Barton filed his Objection on July 6, 2026.

## ARGUMENT AND AUTHORITIES

10. The Lis Pendens is fatally flawed, and the Court should adopt the Magistrate Judge's FCR. The Magistrate Judge's FCR is correct because Texas law does not permit a litigant to maintain a *lis pendens* based solely on collateral disputes concerning a receivership, settlement, or other litigation affecting property. Texas Property Code § 12.007 authorizes a *lis pendens* only where the underlying action involves title to property, the establishment of an interest in property, or the enforcement of an encumbrance against property. Consistent with the narrow purpose of that statute, courts repeatedly have rejected efforts to use *lis pendens* in cases involving collateral disputes concerning entities that own property, ownership interests in business entities, or generalized concerns about future property rights.

11. As the Fifth Circuit explained in *In re Huffines Retail Partners*, a dispute concerning ownership or control of an entity is not transformed into a dispute concerning title to property owned by the entity itself. 978 F.3d 128, 133 (5th Cir. 2020) (mandamus case holding that dispute over ownership of entity holding real property was not a dispute over title requiring that *lis pendens* be dissolved); see also *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding). Similarly, *In re Jamail* makes clear that a lis pendens may be filed only by a party pursuing affirmative relief affecting real property. 156 S.W.3d 104, 107 (Tex. App. – Austin 2004, orig. proceeding). Here, Barton satisfies neither requirement.

12. The parties whose interests were implicated by the underlying transactions entered into a Court-approved settlement in 2024. The relevant receivership entities released claims and dismissed the litigation in state court. Barton clearly disagrees with that ruling, but that disagreement

neither creates a property interest of his own nor transforms this SEC enforcement action into litigation involving title to the properties. Texas law therefore does not permit him to maintain a *lis pendens* notice as leverage in that dispute.

13. Furthermore, the procedural objections outlined by Barton fail because they do not challenge the reasoning of the FCR. These objections also do not establish that Barton had the right to file the *lis pendens*, or that Texas law allows such a *lis pendens*. The Motion was limited to the sole issue of whether Barton had authority under Texas law to maintain a lis pendens, and that is the sole issue in the FCR.

14. Barton is merely restating and rearguing previous arguments regarding the validity of the receivership and forcing all parties to incur legal fees in responding to baseless objections and arguments with no merit. Barton is clouding title to a property he does not own, does not even have a legitimate claim to ownership, as a means to delay and challenge the receivership itself.

**CONCLUSION**

15. The Magistrate Judge correctly concluded that the Tamamoi Parties' motion should be granted. Texas law authorizes a *lis pendens* only in narrow circumstances, and this case does not present them. Barton's objections do not identify any error in that conclusion. The Objection recites procedural complaints and long-standing disagreements concerning the receivership and the Court-approved settlement. Those disputes do not create a property interest, do not transform the SEC's enforcement action into a real property case, and do not justify the continued encumbrance of the Tamamoi Property through an unauthorized *lis pendens* notice. For these reasons, the Tamamoi Parties respectfully request that the Court overrule Barton's Objections, adopt the Magistrate Judge's FCR (Dkt. 775) and grant the Tamamoi Parties' Motion to Declare Lis Pendens Void (Dkt. 668).

Date: July 15, 2026

Respectfully submitted:

/s/ *Howard Marc Spector*
Howard Marc Spector
TBA #00785023
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
hspector@spectorcox.com

ATTORNEY FOR
TAMAMOI, LLC AND 3820 ILLINOIS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record, who have consented in writing to accept this Notice as service of the document by electronic means.

/s/ *Howard Marc Spector*
Howard Marc Spector