**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>*Plaintiff,*<br><br>**v.**<br><br>**TIMOTHY L. BARTON, et al.,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-cv-02118-X** |

**DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED <u>MOTION FOR RECONSIDERATION OF ELECTRONIC ORDER (DKT. 802)</u>**

TO THE HONORABLE BRANTLEY STARR,

UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton ("Barton"), appearing pro se, respectfully moves for leave to file the attached Opposed Motion for Reconsideration of Electronic Order (Dkt. 802), attached as Exhibit A. In support, Barton states:

1. On June 5, 2026, the Court permitted Barton to proceed pro se but directed that he "must seek leave of the Court before filing any motion." Dkt. 747. Barton therefore submits this request before filing the attached motion for reconsideration.
2. On July 9, 2026, Barton filed Dkt. 795, a motion for leave to file an opposed motion seeking to reopen the administrative closure and restore the action to the active docket for limited receivership supervision. Dkt. 795 attached the complete proposed motion and proposed order.
3. The Court denied Dkt. 795 by Electronic Order entered July 9, 2026. Dkt. 802. The Order concluded that Barton "misunderstands the meaning of administrative closure," explained

that the case remains actively managed, and stated that the action is not considered open for statistical purposes because of its extended duration.

4. The attached proposed motion is governed by Federal Rule of Civil Procedure 54(b), because Dkt. 802 is an interlocutory order and no final judgment has ended this action. Fed. R. Civ. P. 54(b). Austin v. Kroger Texas, L.P., 864 F.3d 326, 336-38 (5th Cir. 2017)

5. Leave is warranted because the attached motion accepts the Court's clarification that administrative closure does not end jurisdiction or active management, yet respectfully submits that Dkt. 802 addressed a premise Dkt. 795 expressly disclaimed. Dkt. 795 stated that administrative closure is a docket-management device and the functional equivalent of a stay.

6. The actual question presented is narrower: whether, given continuing asset sales, title proceedings, sanctions-related matters, fee issues, forensic work, claims planning, and prospective distributions, the statistical designation should remain in place despite its practical public-facing effect. Dkt. 802 confirms both that the designation is statistical and that active judicial management continues.

7. The proposed filing is respectful, nonfrivolous, and narrowly tailored. It does not challenge the Court's continuing jurisdiction, seek to dissolve the receivership, reopen merits discovery, modify the Dkt. 64 stay, disturb any completed sale or order, or revisit any appellate ruling. It asks only that the Court reconsider the stated basis for denying leave and either grant limited procedural relief or permit ordinary briefing.

8. Dkt. 795 requested leave to file and expressly anticipated response and reply briefing under Local Civil Rule 7.1. Dkt. 802 addressed the substance of the proposed motion in denying leave. The attached motion therefore requests, primarily, that the Court vacate Dkt. 802 and grant the narrow reopening relief; alternatively, it requests that the proposed motion be deemed filed and briefed in the ordinary course.

9. A proposed order granting this Motion for Leave is submitted herewith.

WHEREFORE, Barton respectfully requests that the Court GRANT this Motion for Leave, permit the attached Opposed Motion for Reconsideration of Electronic Order (Dkt. 802) to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Dated: July 15, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***

**Timothy L. Barton**
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), Defendant conferred by email on the date of filing with counsel for the Securities and Exchange Commission and Receiver regarding the relief requested in this Motion. The Securities and Exchange Commission and Receiver both are OPPOSED.

***/s/ Timothy L. Barton***
**Timothy L. Barton**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document will be filed through the Court's electronic-filing system, which will serve all counsel of record.

***/s/ Timothy L. Barton***
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § § § | |
| **v.** | § § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY L. BARTON, et al.,** *Defendants.* | § § § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE-TO-FILE OPPOSED MOTION FOR RECONSIDERATION OF ELECTRONIC ORDER (DKT. 802)**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File Opposed Motion for Reconsideration of Electronic Order (Dkt. 802). Having considered the Motion for Leave, the Court finds that good cause exists and that the requested filing should be permitted.

It is therefore ORDERED that Defendant Timothy L. Barton is GRANTED leave to file his Opposed Motion for Reconsideration of Electronic Order (Dkt. 802), attached to the Motion for Leave as Exhibit A.

It is further ORDERED that the Clerk of Court is directed to file and enter Exhibit A as a separate motion on the docket of this case.

SO ORDERED this ____ day of __________________, 2026.

______________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>*Plaintiff,*<br><br>**v.**<br><br>**TIMOTHY L. BARTON, et al.,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-cv-02118-X** |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION FOR**
**RECONSIDERATION OF ELECTRONIC ORDER (DKT. 802)**

Defendant Timothy L. Barton ("Barton"), appearing pro se, respectfully moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the Court's July 9, 2026 Electronic Order denying Dkt. 795. The Court's Electronic Order helpfully clarifies that administrative closure is used for statistical purposes and does not diminish the Court's continuing authority or active management. Barton accepts that clarification.

The present motion respectfully submits only that Dkt. 802 addressed a premise Dkt. 795 did not advance. Dkt. 795 expressly acknowledged that administrative closure is a docket-management device and the functional equivalent of a stay. It asked whether, in light of substantial continuing receivership activity, the action should remain publicly designated "closed" solely for statistical purposes.

The requested relief is correspondingly narrow. Barton does not ask the Court to revisit any receivership order, reopen merits discovery, modify the Dkt. 64 stay, disturb any completed transaction or order, or reconsider any appellate ruling. He asks the Court to evaluate the docket

designation actually challenged and either grant limited reopening or permit ordinary adversarial briefing.

The issue is not semantic. Litigants, title companies, creditors, purchasers, regulators, and other interested persons may rely on docket status when evaluating the posture of federal litigation. Here, a public label of "closed" coexists with ongoing asset sales, title proceedings, professional-fee requests, forensic work, claims planning, and prospective distributions. Reconsideration would allow the public docket to reflect the active supervision Dkt. 802 itself confirms.

## I. RULE 54(b) PROVIDES THE GOVERNING AND FLEXIBLE STANDARD

Dkt. 802 is interlocutory. It did not enter a final judgment, dismiss the action, discharge the Receiver, or adjudicate all claims and rights of all parties. Rule 54(b) therefore governs this request. Federal Rule of Civil Procedure 54(b) authorizes a district court to revise an interlocutory order at any time before final judgment.

The Fifth Circuit has held that Rule 54(b) is less stringent than Rules 59(e) and 60 and permits reconsideration for any reason the Court deems sufficient, even without new evidence or an intervening change in law. Austin v. Kroger Texas, L.P., 864 F.3d 326, 336-38 (5th Cir. 2017). Austin is procedurally instructive because it addressed reconsideration of an interlocutory order denying leave to file and required application of Rule 54(b)'s flexible standard.

Rule 54(b) permits the Court to revise an interlocutory ruling based on a material difference between the premise addressed and the relief actually requested. District courts also possess broad inherent authority to manage their dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Barton does not question that authority; he respectfully asks the Court to exercise it differently under the unusual circumstances presented here. He does not invoke final-judgment standards or rely on newly discovered evidence.

## II. DKT. 795 EXPRESSLY ACCEPTED THE COURT'S UNDERSTANDING OF ADMINISTRATIVE CLOSURE

Dkt. 802 states that "Barton misunderstands the meaning of administrative closure." The proposed motion, however, expressly disclaimed the premise that administrative closure ended jurisdiction, terminated the receivership, or stopped the Court's active management.

The Motion for Leave stated: "administrative closure is a docket-management device, not a final merits adjudication," and cited the Fifth Circuit's description of administrative closure as the functional equivalent of a stay. Dkt. 795 ¶ 5. The attached proposed motion likewise stated that administrative closure did not dismiss the action, terminate the receivership, discharge the Receiver, or extinguish the Court's supervisory authority. Dkt. 795, Ex. A at 3.

That understanding accords with Fifth Circuit law. Mire v. Full Spectrum Lending, Inc., 389 F.3d 163, 167 (5th Cir. 2004), explains that administrative closure is functionally equivalent to a stay and affects the count of active cases rather than the court's jurisdiction. See also CitiFinancial Corp. v. Harrison, 453 F.3d 245, 250 (5th Cir. 2006).

Thus, Dkt. 795 did not ask the Court to restore authority that had been lost. It asked the Court to exercise its retained docket-management authority to reconsider whether the statistical designation remains appropriate under current circumstances and to establish an orderly framework for ongoing receivership matters.

## III. THE COURT'S STATISTICAL EXPLANATION CONFIRMS THE ISSUE PRESENTED

Dkt. 802 explains that the case is not considered open for statistical purposes because of its extended duration, while remaining actively managed. That clarification frames the actual issue: whether the statistical benefit of administrative closure continues to justify a public designation that ordinarily communicates finality, notwithstanding ongoing federal equity supervision.

The practical effect extends beyond optics. Litigants, title companies, creditors, purchasers, regulators, and other interested persons routinely consult docket status when assessing a case's posture. A "closed" designation may reasonably suggest that further filings concern a concluded matter, even though the docket continues to address property, fees, claims administration, and other consequential receivership activity.

Since administrative closure, the docket has continued to address asset sales and title relief, sanctions-related matters, professional fees, claims planning, forensic accounting, investor identification, estate litigation, and prospective distributions. These matters require continuing judicial action and party participation; they are not merely dormant proceedings awaiting a future triggering event.

Restoring the action to the active docket would not enlarge jurisdiction, alter any substantive ruling, or require additional merits activity. Nor would it increase the Court's supervisory obligations, which already continue. It would align the public docket with the Court's own recognition that substantial judicial supervision remains ongoing.

Barton therefore does not ask the Court to reconsider what administrative closure means. He asks whether, under the particular circumstances now presented, continued statistical closure remains the most accurate and appropriate docket-management mechanism.

## IV. DKT. 795 SOUGHT LEAVE; DKT. 802 ADDRESSED THE PROPOSED MOTION'S SUBSTANCE

Dkt. 795 was captioned and presented as a Motion for Leave. It attached the proposed motion as Exhibit A and expressly stated that granting leave would not reopen the case or grant substantive relief. Dkt. 795 ¶¶ 2, 9. It further stated that the Commission and the Receiver would have a full opportunity to respond under Local Civil Rule 7.1(e), followed by Barton's reply under Rule 7.1(f).

Dkt. 802 described the matter as Barton's motion to reopen and denied "the motion." Accordingly, the Order appears to have addressed the substance of the attached proposed motion while deciding the antecedent request for leave, before the response and reply contemplated by Dkt. 795.

Reconsideration would allow the Court to resolve that procedural issue efficiently. Because the Court has already considered the proposed motion's substance, it may grant the limited reopening relief directly. Alternatively, if further adversarial presentation would assist, the Court may deem the proposed motion filed and permit the Commission and the Receiver to respond and Barton to reply.

Either course would preserve the Court's control of its docket. The primary request is immediate restoration to the active docket for limited receivership supervision. The alternative request is ordinary briefing under Local Civil Rule 7.1 before a merits determination.

## V. THE REQUESTED RECONSIDERATION AND REOPENING REMAIN NARROW

The requested relief is limited to docket status and case-management procedure. Barton does not ask the Court to: (1) reconsider any receivership order; (2) adjudicate the Commission's claims or reopen merits discovery; (3) modify the stay entered at Dkt. 64; (4) disturb any completed sale, settlement, fee award, or other substantive order; or (5) revisit any appellate ruling. The proposed reopening would preserve the Dkt. 64 stay and every existing substantive order.

Reopening would instead clarify what remains stayed and what remains active. Merits discovery and adjudication of the Commission's underlying claims would remain stayed, while court-authorized receivership supervision, liquidation, reporting, fee matters, claims procedures, and related estate administration would continue under an active docket.

Because administrative closure is not a final disposition, reopening would not revive a dismissed claim, create new jurisdiction, or alter any party's substantive rights. It would revise an interlocutory docket-management designation to reflect current circumstances.

If the Court declines formal reopening, Barton alternatively requests clarification that the administrative closure does not restrict appropriate filings concerning receivership supervision, asset administration, fee matters, claims procedures, distributions, or other continuing estate issues, and requests a limited status conference or other structured procedure for those matters.

## VI. RELIEF REQUESTED

Barton respectfully requests that the Court enter an order:

1. Granting this Motion for Reconsideration;
2. Vacating the Electronic Order entered at Dkt. 802;
3. Granting Dkt. 795 and deeming the motion attached as Exhibit A filed as of July 9, 2026;
4. Granting the motion attached as Exhibit A to Dkt. 795 and immediately reopening this action and restoring it to the active docket for limited receivership supervision and case management, while preserving the Dkt. 64 stay and all existing substantive orders;
5. Alternatively, if the Court declines to grant immediate reopening, permitting the Securities and Exchange Commission and the Receiver to respond under Local Civil Rule 7.1(e), permitting Barton to reply under Local Civil Rule 7.1(f), and thereafter ruling on the merits; and
6. Further alternatively, if the Court declines formal reopening, clarifying that administrative closure does not limit appropriate receivership-supervision filings and establishing a status conference or other structured case-management procedure.

## VII. CONCLUSION

This motion presents no challenge to the Court's continuing jurisdiction and no request to alter any substantive order. It asks only that the Court reconsider an interlocutory ruling that addressed a premise Dkt. 795 expressly disclaimed, and either grant the limited procedural relief requested or permit the ordinary adversarial briefing contemplated by Local Civil Rule 7.1. Reconsideration under Rule 54(b) is therefore warranted.

WHEREFORE, Defendant Timothy L. Barton respectfully requests that the Court grant this Motion for Reconsideration, vacate Dkt. 802, grant the relief stated above, and award such other and further relief as is just and proper.

Dated: July 16, 2026
Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton**
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**<u>CERTIFICATE OF CONFERENCE</u>**

Pursuant to Local Civil Rule 7.1(b), Defendant conferred by email on the date of filing with counsel for the Securities and Exchange Commission and Receiver regarding the relief requested in this Motion. The Securities and Exchange Commission and Receiver both are OPPOSED.

***<u>/s/ Timothy L. Barton</u>***
**Timothy L. Barton**

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document will be filed through the Court's electronic-filing system, which will serve all counsel of record.

***<u>/s/ Timothy L. Barton</u>***
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>*Plaintiff,*<br><br>**v.**<br><br>**TIMOTHY L. BARTON, et al.,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-cv-02118-X** |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S**
**<u>MOTION FOR RECONSIDERATION OF ELECTRONIC ORDER (DKT. 802)</u>**

Before the Court is Defendant Timothy L. Barton's Opposed Motion for Reconsideration of Electronic Order (Dkt. 802). Having considered the Motion, the record, and the applicable law, the Court determines that reconsideration under Federal Rule of Civil Procedure 54(b) is warranted.

It is therefore ORDERED that:

1. Defendant Timothy L. Barton's Motion for Reconsideration is GRANTED.
2. The Electronic Order entered at Dkt. 802 is VACATED.
3. Defendant Timothy L. Barton's Motion for Leave filed at Dkt. 795 is GRANTED.
4. The motion attached as Exhibit A to Dkt. 795 is DEEMED FILED and GRANTED.
5. This action is REOPENED and restored to the active docket for the limited purpose of receivership supervision and case management.
6. The stay entered at Dkt. 64 remains in full force as to merits discovery and adjudication of the Securities and Exchange Commission's underlying claims unless otherwise ordered. All other existing substantive orders remain in effect.
7. A receivership-supervision status conference will be set by separate order. This Order does not adjudicate the merits of any sale, fee application, claims process, tracing issue, settlement, constitutional issue, or liability issue.

SO ORDERED this ____ day of __________________, 2026.

_______________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE