**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY L. BARTON'S MOTION FOR LEAVE TO FILE OPPOSED EMERGENCY MOTION FOR A CONSOLIDATED HEARING OR, IN THE ALTERNATIVE, EXPEDITED RULING ON PENDING MOTIONS**

Pursuant to the Court's Order of June 5, 2026 (Dkt. 747), Defendant Timothy L. Barton respectfully seeks leave to file the attached Opposed Emergency Motion for a Consolidated Hearing or, in the Alternative, Expedited Ruling on Pending Motions (Exhibit 1).

Good cause supports leave. The attached motion does not raise any new substantive dispute and does not enlarge the issues before the Court. It asks only that the motions already on file — several of which the Court has already granted leave to file (Dkts. 785, 798, 799, 800, 801, 804, 805) — be heard or decided on a schedule that accounts for three converging deadlines: the August 24, 2026 pretrial motions deadline in Mr. Barton's parallel criminal case, *United States v. Barton*, No. 3:22-CR-352-K (N.D. Tex.) (Kinkeade, J.) (Crim. Dkt. 108); the anticipated closings of the Frisco Gate and Rock Creek properties; and the November 2, 2026 criminal trial setting.

A proposed order granting this Motion for Leave is submitted herewith.

WHEREFORE, Barton respectfully requests that the Court GRANT this Motion for Leave, permit the attached Proposed Motion (Exhibit 1) to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
**Timothy L. Barton**
*Defendant, Pro Se*
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The Securities and Exchange Commission and Receiver both are OPPOSED.

***/s/ Timothy L. Barton***
**Defendant, Pro Se**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which serves all counsel of record.

***/s/ Timothy L. Barton***
**Defendant, Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**[PROPOSED] ORDER GRANTING LEAVE TO FILE**

Before the Court is Defendant Timothy L. Barton's Motion for Leave to File his Opposed Emergency Motion for a Consolidated Hearing or, in the Alternative, Expedited Ruling on Pending Motions. Having considered the motion, the Court GRANTS it. Unless the document has already been filed, the Clerk is directed to enter the attached motion as of the date of this order.

IT IS SO ORDERED this ____ day of ____________, 2026.

______________________________
**BRANTLEY STARR**
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § § § § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § § § § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § § § § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED EMERGENCY MOTION FOR A CONSOLIDATED HEARING OR, IN THE ALTERNATIVE, EXPEDITED RULING ON PENDING MOTIONS, AND BRIEF IN SUPPORT**

Defendant Timothy L. Barton respectfully requests that the Court exercise its discretion under Local Rule 7.1(g) ("[u]nless otherwise directed by the presiding judge, oral argument on a motion will not be held") and Local Rule 83.1 to set a single consolidated hearing — in person or by videoconference, at the Court's convenience — on the pending motions identified below; or, in the alternative, to decide those motions on the papers on an expedited basis. Mr. Barton makes this request under 28 U.S.C. § 1657(a), which directs that courts "shall expedite the consideration of any action . . . if good cause therefor is shown," and defines good cause to exist where "a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."

## I. THE PENDING MOTIONS

The following motions await disposition and are the subject of Mr. Barton's request for a consolidated hearing or, alternatively, expedited rulings:

1. Motion for Preservation of Status Quo under Rule 60(b) (Dkt. 786; leave granted, Dkt. 785).
2. Motion to Compel Turnover and Production of Records in the Receiver's possession (Dkts. 810, 814; leave granted, Dkt. 800) — the corporate books and records Mr. Barton requires to prepare his defense in the parallel criminal case.
3. Motion to Release Funds from the Receivership Estate for criminal defense counsel of choice (Dkt. 809; leave granted, Dkt. 801)
4. Motion for Reconsideration of the Court's pre-filing order of June 5, 2026 reconsidering Dkt. 747 (Dkts. 811, 813; leave granted, Dkt. 799).
5. Motion to Reconsider the Court's Order at Dkt. 755, or alternatively to stay its effect (Dkt. 812; leave granted, Dkt. 798).
6. Emergency Motions for Clarification and Pre-Closing Disclosure regarding the Frisco Gate and Rock Creek properties (Dkts. 807, 808; leave granted, Dkts. 804, 805) — both concern transactions expected to close imminently.
7. If convenient to the Court, Mr. Barton's objections to the Magistrate Judge's findings, conclusions, and recommendations (Dkts. 788, 789) could be addressed at the same setting.

## II. GOOD CAUSE FOR EXPEDITED CONSIDERATION

### A. A constitutional deadline: the criminal pretrial motions cutoff is August 24, 2026.

In the parallel prosecution, pretrial motions are due August 24, 2026, responses September 8, and trial begins November 2, 2026. (Crim. Dkt. 108.) Three of the pending motions

— Motion for Preservation of Status Quo under Rule 60(b), the records motion (Dkt. 790) and the funds motion — directly determine whether Mr. Barton can retain counsel of his choice and assemble the documentary record for his Rule 12 motions. The Sixth Amendment protects the use of untainted assets to retain counsel of choice, Luis v. United States, 578 U.S. 5 (2016), and the Fifth Circuit has held that this Court's orders declining to release receivership funds for defense costs are not reviewable on interlocutory appeal, SEC v. Barton, 135 F.4th 206, 225 (5th Cir. 2025) — meaning the timing of this Court's ruling is, as a practical matter, the whole ballgame. A ruling after August 24 cannot restore the opportunity a ruling before August 24 preserves. That is precisely the "factual context" in which § 1657(a) deems good cause shown.

**B. Imminent closings threaten irreparable mootness.**

The Frisco Gate and Rock Creek motions seek only clarification and pre-closing disclosure. Once those transactions close, the motions are moot and appellate review is foreclosed as a practical matter. Cf. SEC v. Barton, No. 24-10788 (5th Cir. Mar. 25, 2026) (dismissing as moot the appeal of a sale approval after the transaction failed to close). Deciding them before closing costs the parties little; deciding them after closing decides them by default.

**C. This request is unlike the hearing request the Court recently denied.**

The Court denied Mountain Peak's motion for a hearing because "[t]he underlying motion is not an emergency" and "[n]or would oral argument aid the Court in adjudicating it." (Dkt. 787.) Both factors cut the other way here. The deadlines above are real and external: they are set by another Article III court's scheduling order and by third-party closing calendars, not by the movant. And a single consolidated setting would materially aid adjudication, because the pending motions share one factual matrix — the receivership's custody of records, the estate's cash position, and the criminal calendar — and the Court could resolve interdependencies (for example,

between the status quo motion and the pre-closing disclosures) in one colloquy rather than seriatim on paper. Mr. Barton respectfully emphasizes that he seeks a ruling, in whatever form the Court prefers: if the Court would rather decide any or all of the motions on the papers, an expedited paper ruling would fully satisfy this motion.

## III. RELIEF REQUESTED

Mr. Barton respectfully requests that the Court: (1) set a consolidated hearing, in person or by videoconference, on the motions identified in Part I at the Court's earliest convenience, and in any event well before August 24, 2026; or, in the alternative, (2) decide the motions on the papers on an expedited basis, with the records and funds motions decided well before August 24, 2026; and (3) grant such other relief as the Court deems just.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
**Timothy L. Barton**
*Defendant, Pro Se*
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1(b), Defendant has conferred, via email on the date of filing this Motion with counsel for the Securities and Exchange Commission and counsel for the Receiver regarding this Motion. The Securities and Exchange Commission and Receiver both are OPPOSED.

***/s/ Timothy L. Barton***
**Defendant, Pro Se**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which serves all counsel of record.

***/s/ Timothy L. Barton***
**Defendant, Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**[PROPOSED] ORDER SETTING**

**CONSOLIDATED HEARING ON PENDING MOTIONS**

Before the Court is Defendant Timothy L. Barton's Opposed Emergency Motion for a Consolidated Hearing or, in the Alternative, Expedited Ruling on Pending Motions. Having considered the motion, the responses, and the applicable law, the Court GRANTS the motion as follows.

The Court will hold a consolidated hearing on the following motions: Dkt. 786 (preservation of status quo); Dkts. 810, 814 (turnover and production of records); Dkt. 809 (release of funds for criminal defense); Dkts. 811, 813 (reconsideration of Dkt. 747); Dkt. 812 (reconsideration of Dkt. 755); and Dkts. 807 & 808 (Frisco Gate and Rock Creek clarification and pre-closing disclosure); and Dkts. 788 and 789 (Defendant Barton's objections to the Magistrate Judge's findings, conclusions, and recommendations).

The hearing is SET for ____________, 2026, at ______ a.m./p.m., in Courtroom 1525, 1100 Commerce Street, Dallas, Texas [or by video conference – with details to follow]. Each side will have ______ minutes. No transaction that is the subject of the Frisco Gate or Rock Creek motions shall close before the hearing.

IT IS SO ORDERED this ____ day of ____________, 2026.

_______________________________
**BRANTLEY STARR**
UNITED STATES DISTRICT JUDGE