UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (A/K/A MICHAEL FU),<br>STEPHEN T. WALL,<br><br>Defendants,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>Relief Defendants. | C.A. No.: 3:22-cv-2118-X<br><br>Jury Trial Demanded |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO TIMOTHY BARTON'S MOTIONS FOR RECONSIDERATION OF THE PRE-FILING REQUIREMENT**

Plaintiff Securities and Exchange Commission ("SEC") submits this Response to Defendant Timothy Barton's ("Barton") Motion for Reconsideration of the Pre-Filing Requirement (Dkt. 811), and respectfully shows the Court as follows:

On June 5, 2026 this Court granted Barton's request to proceed *pro se*, but the Court also imposed a motion pre-clearance requirement. (Dkt. 747) Specifically, the Court ordered that Barton "must seek leave of the Court before filing any motion." *Id.* The requirement does not apply to responses and replies filed pursuant to L.R. 7.1(e),(f). *Id.*

Barton challenges the pre-clearance requirement. He argues it restricts his access to the Courts and cites *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181 (5th Cir. 2008). He misses the mark. *Baum* relates to a modification to a pre-filing injunction that enjoined a defendant from filing claims in federal or state courts without the district court's approval. *Id.* at 183. The Fifth Circuit stated there that a "district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation" and that such injunctions are reviewed under the abuse of discretion standard. *Id.* at 187. However, the Court has not entered an injunction enjoined Barton from filing lawsuits.

Rather, the Court ordered that Barton must seek leave before filing motions within this case. The Court is not denying Barton access to the courts: it is managing its docket and seeking to curtail unnecessary motion practice that may interfere with these proceedings and/or impose additional cost and burden on the receivership. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (district courts possess the inherent power "to protect the efficient and orderly administration of justice" and "to command respect for the court's orders, judgments, procedures, and authority.")

Indeed, in *SEC v. Barton*, No. 25-10871, 2026 WL 1388717 (5th Cir. May 18, 2016) (unpublished), the Fifth Circuit recently affirmed a similar pre-clearance requirement in this very

case. Barton challenged the Court's order requiring Barton to pre-clear grievances or complaints that would require the Receiver or his counsel to expend assets of the receivership estate in defense. (Dkt. 650 at ¶ 85(a)) Barton claimed the pre-clearance requirement operates as a freestanding injunction. *Barton*, 2026 WL 1388717, at *1. The Fifth Circuit disagreed and concluded that the pre-clearance requirement was merely "an administrative measure designed to prevent both interference with the receivership and harassment of the receiver." *Id.* And such:

> an administrative measure governing court supervision of the receivership and the conduct of the proceedings before it is not an injunction within the meaning of § 1292(a)(1). The pre-clearance requirement is a case-management tool that channels how Barton may present his grievances while the receivership remains in place—not an equitable decree altering substantive rights.

*Id.* The requirement that Barton seek pre-clearance before filing motions is also a reasonable administrative measure the Court imposed to supervise this proceeding that does not alter Barton's substantive rights. Indeed, Barton identifies no harm or prejudice resulting from the Court's pre-clearance requirement. He remains free to petition the Court for any relief he seeks, with the only added step being that he seek leave before doing so.

The reasonableness of this provision is demonstrated by Barton's own recent conduct. Since being allowed Barton to proceed *pro se* approximately a month ago, Barton has filed a barrage of motions with the Court – motions that are largely if not entirely frivolous, unnecessary, and in many cases duplicative of each other.[1] Moreover, far from impacting his substantive rights, the Court has repeatedly granted Barton leave to file his motions with limited, justifiable exceptions. *See* Dkt. 802 (denying leave to file completely unnecessary motion based on a misunderstanding of what administrative

[1] This does not even include the motions Barton attempted to improperly file *pro se* while he was still represented by counsel in this case.

closure means); Dkt 803 (denying leave to file completely unnecessary motion where Barton failed to confer and therefore did not know the Receiver was not opposed to the requested relief).

The Court has the power to manage its docket, and Barton has not established a basis for the Court to reconsider or remove its pre-clearance requirement. For all these reasons, the Court should deny Barton's Motion.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein
Texas Bar No. 24006839
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 900-2607 (KMB phone)
(817) 978-4927 (facsimile)
bernsteink@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

I affirm that on July 22, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I also emailed a copy to the email address from which *pro se* Defendant Barton has been sending counsel for the SEC communications related to this case.

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein