**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, et al.** | § | |
| | § | |
| ***Defendants.*** | § | |

**RECEIVER'S RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION FOR PRESERVATION OF STATUS QUO UNDER RULE 60(b)**

Cort Thomas, as Receiver, files this Response to Defendant Timothy Barton's Opposed Motion for Preservation of Status Quo under Federal Rule of Civil Procedure 60(b) [Dkt. 786] (the "Motion") and in support would respectfully show the Court as follows:

## INTRODUCTION AND SUMMARY

Barton describes his request as preserving the "status quo." Barton asks the Court to do several things: (1) treat a motion the Court previously struck as though it had remained pending; (2) stop the Receiver from completing previously approved (and affirmed on appeal) real-estate sales; (3) "to the extent necessary," reconsider the Court's prior order declaring lis pendens void [755]; and (4) require the Receiver to file a report to then re-prove various things regarding the property sales (such as the validity of the sale contracts, the identity and financial ability of the purchasers, the value of the properties, and even unrelated regulatory matters involving the purchasers or their principals). Dkt. 786 at 11–12. Rather than preserving the status quo, this would amount to reconsideration not only of the Court's lis pendens order but also of the Court's prior orders approving sale. It would also effectively amount to a stay of the receivership, which this Court has repeatedly rejected. *See, e.g.*, Dkts. 132, 219, 700. It would replace the Court-approved

sale process articulated in the Receivership Order with a new layer of discovery requirements and litigation, all of which would waste the estate's funds at the expense of other interest holders.

Barton raised this motion previously [Dkt. 745] and now asks that his prior motion be reinstated "nunc pro tunc" to its original filing date so that the lis pendens order can be reconsidered in light of those arguments. He also asserts a labyrinth of procedural rules including Rules 60(b), 62, 54(b), 28 U.S.C. § 1561, and the Court's inherent authority.

Barton offers no evidence warranting that relief. He does not identify any problem with the validity of any contract or any other material issue. He also attaches no current appraisal. And the concerns he raises reference only things as vague as the "passage of time" and "materially changed market conditions" without further explanation. Dkt. 786 pp. 2, 8.

As shown more fully below, because there is simply no basis whatsoever to stop the already approved and affirmed property sales (or any of the other requested relief), the Court can summarily deny the Motion without having to disentangle the jumble of various procedural rules and docket history that it raises.

The Motion should be denied because: (1) any relief regarding the Rock Creek Property is moot because that sale has already closed; (2) the sale orders are fully sufficient to authorize the sales, and the mere passage of time does not displace them; (3) Barton's concerns about lost value due to the passage of time ignore that his own litigation tactics have caused the very delay he raises; and (4) the requested disclosures are unnecessary and would cause greater delay and burden, at the expense of the estate.

## ARGUMENT

### A. The request concerning Rock Creek is moot.

As the Receiver previously notified the Court [Dkt. 793], the Rock Creek sale has closed.

Barton's Motion is therefore moot to the extent it seeks relief concerning Rock Creek Property.

**B. Barton has not shown any basis to halt the Frisco Gate sale.**

The Receiver followed the procedures governing the Frisco Gate sale and obtained the Court's approval. Dkt. 438. The Fifth Circuit subsequently affirmed the orders approving the Receiver's property sales, concluding that this Court acted within its discretion, considered the relevant market conditions and statutory requirements, and determined that the sales served the Receivership Estate's best interests. *SEC v. Barton*, 135 F.4th 206, 225 (5th Cir. 2025) ("[T]he district court did not abuse its discretion when it approved certain sales of assets from the receivership estate.").

Barton nevertheless contends that the passage of time and amendments to the Frisco Gate agreement automatically require the Receiver to begin the approval process again. Neither the Amended Receivership Order nor the order approving the sale establishes such an automatic expiration rule. Paragraph 94 required a further order authorizing the sale and transfer of title, and the Receiver obtained that order.

Nor has Barton identified a present contractual term that is inconsistent with the Court's approval. If circumstances materially change such that completing the transaction would no longer comply with the Court's order or be in the best interest of the Receivership Estate, the Receiver will fulfill his fiduciary duties and seek whatever further direction is necessary. Barton's mere speculation that such a circumstance might arise does not justify stopping the sale now.

Barton's remaining concerns are equally speculative. His assertion that the property has appreciated is unsupported by any appraisal or other evidence, as the Motion did not present any. Even if he did present an appraisal, the fact that Barton has challenged every single property sale in this receivership (ironically, with the lone exception being this very sale initially) and thereby

delayed each of those sales counsels heavily against re-opening the sales process here. And his arguments regarding an unrelated regulatory settlement involving a purchaser's principal do not show that the purchaser cannot perform its contractual obligations.

**C. Barton cannot equitably rely on delay that his own conduct helped create.**

Barton's appeal to the "passage of time" ignores why the sales have not closed sooner. The Court has already rejected the same premise. This Court previously found that Barton had disrupted management of the property "almost from the beginning of this receivership." Dkt. 723 at 2. The Court specifically determined that both the "substantial delay" in the sale closing "and the subsequent alleged loss of value, are at least in part attributable to Barton's activity." *Id.* at 3. It then concluded: "Because equitable remedies are 'unavailable to parties with unclean hands' and a party's 'litigation tactics' can 'disqualify [him] from such equitable relief,' Barton is barred from obtaining the relief he seeks." *Id.* (quoting *Texas v. Biden*, 20 F.4th 928, 942 (5th Cir. 2021), *rev'd on other grounds*, 597 U.S. 785 (2022)). *See also Precision Instrument Mfg. Co. v. Auto. Maint. Mach, Co.*, 324 U.S. 806, 814 (1945) (the clean hands doctrine is "a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief").

So too here. Barton invokes the Court's equitable authority to complain that time has passed while ignoring that his repeated challenges to approved sales, appeals, and unauthorized lis pendens have caused the passage of time he now raises as a changed circumstance. Barton should not be permitted to transform delay of his own making into a basis to reopen approved sales, require additional disclosures, or create still more delay at the Estate's expense.

**D. The requested disclosure process is unnecessary and would burden the Estate.**

Barton asks the Court to require the Receiver to file an additional report with various

information including: operative contracts and amendments, information regarding corporate status, proof of funds or financing commitments, current valuations, and information concerning regulatory matters involving purchasers and their principals. Dkt. 786 at 11–12. That reporting demand is not necessary to supervise the Receivership. It is effectively a request for transaction-specific discovery before every closing.

The Court has already established mechanisms for the Receiver to report on the administration of the Estate. Consistent with those requirements, the Receiver will file his next report on July 30, 2026. There is no need to create a parallel reporting process that would require the Receiver to respond piecemeal to Barton's several requests and motions.

The Receiver disclosed the basis for the Frisco Gate sale when he sought approval and has continued to report on his administration of the Receivership Estate. He also evaluates, as part of his ordinary fiduciary responsibilities, whether a purchaser can close and whether completing an approved transaction remains in the Estate's interests. Barton has not presented evidence that the Receiver has neglected those responsibilities.

Additional reporting requirements could also prejudice the Estate by delaying the transaction and creating another opportunity for interference with a Court-approved sale. The Receiver would have to spend additional time responding to Barton's demands, with those expenses borne by the Estate. The Court should not impose an unnecessary disclosure process that risks further disruption.

***

Accordingly, the Receiver believes that Barton's Motion is improper and should be denied. The Rock Creek request is moot, and Barton has presented no evidence or legal basis for halting the Frisco Gate sale or imposing his proposed disclosure process. The Receiver further requests

that the Court grant such other and further relief that it deems just and proper.

Dated: July 27, 2026

Respectfully submitted,

**RECEIVER**

By: */s/ Cortney C. Thomas*
Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

**CERTIFICATE OF SERVICE**

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.