UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (A/K/A MICHAEL FU),
STEPHEN T. WALL,

Defendants,

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

Relief Defendants.

C.A. No.: 3:22-cv-2118-X

Jury Trial Demanded

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUPPLEMENT TO CLARIFY ITS RESPONSE TO TIMOTHY BARTON'S MOTION FOR RECONSIDERATION OF THE PRE-FILING REQUIREMENT**

Plaintiff Securities and Exchange Commission ("SEC") submits this Supplement to Clarify its Response to Defendant Timothy Barton's ("Barton") Motion for Reconsideration of the Pre-Filing Requirement, and respectfully shows the Court as follows.

Barton's Reply (Dkt. 828) correctly points out that, in *SEC v. Barton*, No. 25-10871, 2026 WL 1388717 (5th Cir. May 18, 2016) (unpublished), the Fifth Circuit dismissed his appeal because he failed to establish appellate jurisdiction and did not reach the underlying merits.

The SEC's Response (Dkt. 821 at pp. 1-2) states that the Fifth Circuit recently affirmed a similar pre-clearance requirement in this case and discusses the Fifth Circuit's conclusion that the pre-clearance requirement was a case management tool and not an injunction within the meaning of 28 U.S.C. § 1292(a)(1). However, the reference to the Fifth Circuit "affirm[ing] a similar pre-clearance requirement" was not meant to indicate that the Fifth Circuit affirmed the merits of the pre-clearance requirement. To the extent the Response is read that way, the SEC files this supplement to clarify that it was not and is not seeking to characterize the Fifth Circuit's opinion as an affirmance of the merits of the pre-clearance requirement. Rather, the SEC was, in the context of that paragraph of the Response, making the point that the pre-clearance requirement currently at issue, like the pre-clearance requirement that was at issue in the Fifth Circuit opinion, is a case management tool and not an injunction.

Dated: July 28, 2026

Respectfully submitted,

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein
Texas Bar No. 24006839
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
(817) 900-2607 (KMB phone)
(817) 978-4927 (facsimile)
bernsteink@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

**CERTIFICATE OF SERVICE**

I affirm that on July 28, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court for the Northern District of Texas, Dallas Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants. I also emailed a copy to the email address from which *pro se* Defendant Barton has been sending counsel for the SEC communications related to this case.

*/s/ Keefe M. Bernstein*
Keefe M. Bernstein