**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**DECLARATION OF TIMOTHY L. BARTON REGARDING HIS FINANCIAL CONDITION AND HIS INABILITY TO RETAIN CRIMINAL DEFENSE COUNSEL**

*Submitted in Support of His Motion to Release Funds (Dkt. 809) and Reply*

Pursuant to 28 U.S.C. § 1746, I, Timothy L. Barton, declare as follows:

1. My name is Timothy L. Barton. I am over the age of 21, of sound mind, and fully competent to make this declaration. I am the lead Defendant in this civil action and the defendant in the parallel criminal case, United States v. Barton, No. 3:22-cr-00352-K (N.D. Tex.). The facts stated here are within my personal knowledge and are true and correct.

2. I make this declaration to place before the Court, under penalty of perjury, the financial facts the Commission's response (Dkt. 820) says are missing: whether I have any other assets or source of income with which to fund my criminal defense. I do not. This declaration serves the same function as the financial affidavit (Form CJA 23) used in the criminal courts to establish a defendant's inability to pay for counsel.

**A. Every asset of consequence I owned is in the receivership or under the freeze.**

3. Before the receivership, my real-estate business and my personal holdings were structured, as is common in real-estate development, through limited liability companies and similar entities such as Trusts. I did not maintain material wealth in my personal name outside those entities. The Order Appointing Receiver (Dkt. 650) placed 54 of those entities and their

assets in the receivership estate, and a companion preliminary injunction froze the assets of my other entities that were not placed in receivership (Dkt. 418; see Dkt. 820 at 2 (the Commission's description of the freeze)).

4. As a result, I hold no real property, no brokerage or investment accounts, no certificates of deposit, no cryptocurrency of material value, and no business interest that produces income to me, outside the receivership estate and the asset freeze. I own no vehicle of material value. I have no cash savings beyond a modest balance used for basic living expenses, which is a small fraction of the cost of any retainer for the criminal case.

5. The receivership reached my personal effects as well. The Receiver took possession of the office building at 2999 Turtle Creek Boulevard and its contents at the outset of the receivership, and its contents were sold. See Dkt. 625, Ex. 1; see also Dkt. 459 (auction). When I sought return of a washer and dryer, the Receiver's position was that even those household appliances were presumptively purchased with entity funds, while stating that a forensic analysis of the purchase was "cost-prohibitive." Dkt. 728 at 64 n.24 (PageID 21920).

6. Since the receivership was imposed I have had no salary, no draw, and no distribution from any source. My business was my sole livelihood, and its entities are all in the estate or frozen. I have sought ways to generate income, but my circumstances — the pendency of a federal criminal case, the loss of my business infrastructure, and the demands of defending two proceedings — have made meaningful employment income unattainable. Any income I could realistically earn would not approach the cost of a federal criminal defense of this scale.

7. I have no family member or third party who is able and willing to fund my criminal defense.

**B. My inability to pay counsel is why I appear pro se in this Court and in the Fifth Circuit.**

8. I did not choose self-representation in this complex civil case as a matter of preference. After my prior counsel withdrew (Dkt. 747, granting Dkt. 724), I could not pay new civil counsel, and I have proceeded pro se in this Court since June 2026. For the same reason I have proceeded pro se in the United States Court of Appeals for the Fifth Circuit in my recent receivership-related appeals, including No. 25-10871.

**C. The criminal case: unfunded counsel, an imminent trial, and no prepared defense.**

9. In the criminal case, trial is set for November 2, 2026, pretrial motions are due August 24, 2026, and the case has been designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). See No. 3:22-cr-00352-K, Dkt. 108 (Feb. 4, 2026). The government's discovery spans multiple terabytes and hundreds of thousands of pages.

10. My criminal defense counsel of record, Richard Roper and Michael Edney, have received no payment of fees from me because I have no funds with which to pay. No retainer is funded. As a direct result, no substantive trial preparation has occurred: no forensic accounting or financial expert has been engaged for the defense, no document-review team has been assembled to process the government's productions, no investigator has been retained, and counsel has not been placed in a position to prepare this case for a November trial. This is not a criticism of counsel; unfunded counsel cannot staff, investigate, or try a case of this size.

11. The receivership itself has been used to dismantle my access to counsel. Mr. Edney is owed millions of dollars in unpaid fees, and he handled my Fifth Circuit appellate work without payment. The Receiver, through counsel Charlene Koonce, pursued contempt proceedings against Mr. Edney and against the general counsel of his then-firm, Hunton Andrews Kurth LLP. After a third party contributed toward my defense, the Receiver renewed those proceedings, and the effort to protect the contributor's identity cost the firm hundreds of thousands of dollars. Under that pressure, and with the firm's outlays unreimbursed, Mr. Edney ultimately left the firm. The Receiver has also sued six of my former lawyers; and the lawsuit is stayed, and the lawyers named in them are frozen out of my defense. Other lawyers who attempted to assist me were pressed to disclose whether and how much they had been paid, and withdrew. Because of this pattern, no third party is willing to contribute to or otherwise support my defense, for fear of the same treatment.

12. Both of my counsel of record in the criminal case, Mr. Roper and Mr. Edney, are available to be examined by the Court, or by the Commission, concerning the amounts owed to them and concerning the fact that, because no funds are available, they have performed no substantive work on my criminal trial to date and have reviewed none of the government's discovery.

13. The Commission has vigorously defended the asset freeze through this Court, the Fifth Circuit, and the Supreme Court. The effect of that litigation — and, I believe, its purpose — has been and remains to block any release of funds for my defense.

14. Unless funds are released, I will face a complex federal fraud trial with counsel who cannot prepare, or with no retained counsel at all. The $700,000 sought in my Motion (Dkt. 809) reflects the minimum I have been advised is required for a defense of this scope: a trial retainer for lead counsel, forensic accounting and expert work, document review of a multi-terabyte record, and investigative and litigation support. I am prepared to provide the Court an itemized budget and engagement terms in camera, and to accept disbursement through counsel's trust account against documented invoices, with quarterly reporting, as proposed in the Motion.

15. I have no other asset, income, credit, or source of funds, inside or outside the United States, available to pay for my criminal defense. The only funds in existence that could pay for it are funds the Receiver holds. No court has found those funds, or any specific part of them, to be proceeds of the conduct alleged against me, and the Receiver reports that the forensic accounting of the estate's funds remains incomplete. Dkt. 728 at 67–68.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2026, in __Dallas__, Texas.

***/s/Timothy L. Barton***
**Timothy L. Barton**, Declarant