**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, et al.** | § | |
| | § | |
| ***Defendants.*** | § | |

**RECEIVER'S OMNIBUS RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTIONS FOR CLARIFICATION AND PRE-CLOSING DISLCOSURE [807, 808]**

Cort Thomas, as Receiver, files this Omnibus Response to Defendant Timothy Barton's Opposed Emergency Motion for Clarification and Pre-closing Disclosure Regarding the Rock Creek Property [Dkt. 807] (the "Rock Creek Motion") and Opposed Emergency Motion for Clarification and Pre-closing Disclosure Regarding the Frisco Gate Property [Dkt. 808] (the "Frisco Gate Motion") (collectively, the "Motions") and in support would respectfully show the Court as follows:

The Motions ask the Court to require transaction-specific disclosures and to prohibit closing until the Court reviews them. Dkt. 807 at 6–7; Dkt. 808 at 5–7. They should be denied as moot.

*First*, the Rock Creek Motion is moot for the independent reason that the sale has already closed. The Receiver notified the Court of the completed closing in Dkt. 793. Because there is no longer any prospective Rock Creek closing to halt, the Court should deny as moot Barton's requested "pre-closing" disclosures or his requested order prohibiting the closing. *See* Dkt. 807 at 6–7.

*Second*, the reporting relief sought in both Motions is moot because the Court already has

reporting mechanisms in place. Dkt. 650 ¶¶ 111–13. The Receiver has regularly reported on the administration of the Estate through the Court's quarterly status report process, including the Fifteenth Quarterly Status Report [Dkt. 728]. The Receiver is filing his next report concurrently with this response, on July 30, 2026. The Motions therefore seek a reporting mechanism that already exists, and a separate emergency order requiring a parallel report with whatever additional information Barton requests is duplicative and unnecessary.

The Motions seek extensive transaction-specific material, including operative contracts and amendments, closing dates, assignments, purchaser identity and good standing, financing and proof of funds, title company requirements, communications with purchasers and title companies, appraisals, and certifications regarding the Receiver's authority to close. Dkt. 807 at 6–7; Dkt. 808 at 5–7. Again, the Court's existing reporting process already provides the mechanism for supervising the Receivership and obtaining any additional information the Court (not Barton unilaterally) considers necessary. Barton should not be allowed to hold up the sales or cause further delay simply by asking for more and more information.

Requiring the Receiver to respond separately to Barton's overlapping requests and motions would needlessly consume Estate resources. The Court can review the Receiver's July 30 report and, if it requires further information, direct the Receiver accordingly. There is no need for the extraordinary, transaction-specific reporting orders Barton seeks.

For these reasons, the Receiver respectfully requests that the Court deny Dkts. 807 and 808 as moot and grant such other and further relief that the Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted,

**RECEIVER**

By: */s/ Cortney C. Thomas*
Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.