**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, et al.** | § | |
| | § | |
| ***Defendants*.** | § | |

**RECEIVER'S RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION TO RELEASE RECEIVERSHIP FUNDS**

Cort Thomas, as Receiver, files this Response to Defendant Timothy Barton's Opposed Motion to Release Funds from the Receivership Estate for His Criminal Defense and to Retain Counsel of His Choice [Dkt. 809] (the "Motion") and in support would respectfully show the Court as follows:

## INTRODUCTION

Barton asks the Court to direct the Receiver to transfer at least $700,000 from accounts owned by Receivership Entities (not Barton himself) to finance Barton's criminal defense. Dkt. 809, p. 1. Notably, such transfer would consume more than half of the Estate's reported cash and cash equivalents, even before the Estate pays substantial taxes and other administrative obligations that exceed available funds. *See* Dkt. 728, p. 74.

The request should be denied. Even as to his criminal case,[1] Barton has the burden of demonstrating that the funds belong to him and that they are not tainted by the alleged fraud.

[1] "[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases) *see also Turner v. Rogers*, 564 U.S. 431, 442–43 (2011).

Barton cannot carry that burden. He identifies no specific Receivership funds that belong to him personally or that are untainted by fraud. He has never provided the Receiver with the complete financial disclosure needed to determine what assets, income, credit, and other resources remain available to him. The record also lacks evidence of current employment, efforts to generate income, or any specific accounting or budget supporting the requested amount. Barton has received experienced representation in this case and his criminal case for years. His constitutional right to counsel does not include a right to finance private counsel with property owned by Receivership Entities and preserved for defrauded investors and creditors.

## ARGUMENT

### A. Barton has no personal ownership interest in the Receivership Entities' assets and makes no showing that those assets are untainted by the alleged fraud.

The Receivership Estate consists of assets seized from Receivership Entities and do not belong to Barton personally. *See* Dkt. 650 ¶¶ 69–70 (authorizing seizure of real and personal property "of the Receivership Entities," not Barton himself). Barton disputes the distinction between his personal assets and entity assets because he conducted his business affairs through the entities. *See* Dkt. 824, pp. 2, 6. But Texas law is clear that a member of a limited liability company "does not have an interest in any specific property of the company." TEX. BUS. ORGS. CODE § 101.106(b). Control of those entities therefore supplies no personal title to their bank accounts or other property. *See In re Taylor*, No. 25-34536, 2026 WL 795489, at *3 (Bankr. S.D. Tex. Mar. 20, 2026) (applying § 101.106(b) and concluding that "Debtor does not own the Properties" that are owned by an LLC even though he "is the owner and a member" of that LLC). And again, the Receivership Order excludes Barton's personal assets. Dkt. 650. His decision to conduct business through separate entities does not permit him to withdraw their assets for personal use.

Even if he could show that Receivership assets did belong to him personally, he would still

need to prove that the assets he seeks are untainted by the alleged fraud, which he does not even attempt to do. Barton contends that that burden belongs to the *SEC* and not to him. Dkt. 809 p. 6 n.2. ("[T]he Commission bears the burden, and it has not shown that the cash the Estate holds is tainted."); Dkt. 824, pp. 2–3. Barton's reply to the SEC's response points to the traceability analysis required by the Fifth Circuit in its earlier review of the Receivership's scope. Dkt. 824, pp. 2–3. But the Court's affirmed findings that the Receivership Entities are traceable to fraud are precisely why the burden now shifts to Barton to show that the funds he seeks are untainted. *See SEC v. Humphries*, No. 222CV00612CDSEJY, 2022 WL 4483143, at *5 (D. Nev. Sept. 27, 2022) ("Here, the SEC met its preliminary showing that the assets in question can be traced to fraud; thus the burden of establishing whether the funds are tainted or untainted fall squarely on Humphries and CJ Investments.").[2]

Specifically, the Court made the requisite findings regarding each Receivership Entity to place them under the Receiver's control. *See* Dkt. 650 pp. 2–3 (finding "that each of the Receivership Entities received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation"). The Fifth Circuit affirmed the Receivership's scope and held that the record adequately supported inclusion of entities that received or benefited from assets traceable to Barton's alleged fraudulent activity. *SEC v. Barton*, 135 F.4th 206, 220–24 (5th Cir. 2025). Barton's burden arguments now demand renewed tracing that was already completed, thereby effectively seeking to revisit findings already affirmed on appeal.

*Luis v. United States* therefore does not support the requested transfer. *Luis* concerned a

[2] *See also SEC v. Santillo*, 2018 WL 3392881, at *4 (S.D.N.Y. July 11, 2018) (stating that in a civil action, including enforcement actions brought by the SEC, a "defendant must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established"); *SEC v. Private Equity Mgmt. Grp., Inc.*, 2009 WL 2058247, at *2–3 (C.D. Cal. July 9, 2009) (noting that the SEC had made the necessary preliminary showing that funds were tainted and explaining "it is now up to [defendant] to demonstrate that the assets he possesses are untainted by the fraud").

defendant's own untainted property. 578 U.S. 5, 12–13 (2016). The funds requested here are from Receivership Entity accounts following affirmed findings that each entity received or benefited from traceable investor assets. "A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney even if those funds are the only way that that defendant will be able to retain the attorney of his choice." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 618 (1989). *See also Barton*, 135 F.4th at 227 n.71 ("Just as a bank robber cannot use the loot to wage the best defense money can buy, . . . a swindler in securities markets cannot use the victims' assets to hire counsel who will help him retain the gleanings of crime." (citing *SEC v. Quinn*, 997 F.2d 287, 289 (7th Cir. 1993)).

Of course, the Receiver does not contend Barton's defense is unimportant. If Barton cannot afford counsel, the criminal court can determine his eligibility for appointed counsel. The right to counsel of choice "does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). But because he cannot demonstrate both that Receivership funds belong to him and are untainted, he is not entitled to use them for his criminal defense.

**B. Barton has not carried his burden to show that Receivership funds are necessary.**

The Fifth Circuit places the burden on the defendant seeking frozen assets for fees. He must show that he cannot pay from new or exempt assets and can secure counsel only through release of the restrained funds. *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 565 (5th Cir. 1987). Only if Barton demonstrates through a full financial disclosure that he is unable to pay any attorney without funds released from the Receivership Estate should the Court begin the analysis of whether to exercise its discretion in balancing Barton's need against the investors' injury resulting from releasing funds to Barton. *See id.*; *FTC v. Liberty Supply Co.*, No. 4:15-CV-829,

2016 WL 4182726, at *3 (E.D. Tex. Aug. 8, 2016) (defendant bears burden of demonstrating inability to secure legal services without frozen funds). Barton has not acknowledged his burden, let alone attempted to meet it.

Three years later, the necessary disclosure remains absent. Barton has not supplied the Receiver with comprehensive financial information. Without supporting records, the Court cannot determine what Barton owns, earns, spends, can borrow, or can reasonably contribute. The same deficiency applies to income from work. Barton identifies no present employment, income, or reason he cannot pursue lawful work to defray his legal expenses. Courts evaluating requests for frozen funds properly consider reasonable efforts to obtain gainful employment. *See SEC v. Heartland Grp. Ventures, LLC*, No. 4:21-CV-01310-O, 2022 WL 1527542, at *5 (N.D. Tex. Mar. 18, 2022), *report and recommendation adopted*, 2022 WL 1523471 (N.D. Tex. May 13, 2022); *FTC v. Liberty Supply Co.*, No. 4:15-CV-829, 2016 WL 4182726, at *2–3 (E.D. Tex. Aug. 8, 2016).

Barton has also litigated this action, multiple Fifth Circuit appeals, and the criminal case with experienced counsel for years without the requested Estate payment. That history underscores the need for evidence showing what changed and why $700,000 is now necessary.

**C. Barton has not substantiated the amount requested.**

Barton requests "not less than $700,000" without providing any supporting documentation such as an engagement agreement, invoices, hourly rates, staffing plan, expert estimates, or a litigation budget. Dkt. 809 pp. 1, 6. While his reply to the SEC offers to provide a budget for in camera review after the fact [Dkt. 824 pp. 7, 10], that only confirms that the present motion does not establish reasonableness.

***

Accordingly, the Receiver respectfully requests that the Court deny Barton's Motion [Dkt. 809] and grant the Receiver all other relief to which he may be entitled.

Dated: July 30, 2026

Respectfully submitted,

**RECEIVER**

By: */s/ Cortney C. Thomas*
Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.