**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| | § | |
| **TIMOTHY BARTON, et al.** | § | |
| | § | |
| ***Defendants.*** | § | |

**APPENDIX IN SUPPORT OF RECEIVER'S VERIFIED RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION TO COMPEL TURNOVER AND PRODUCTION OF RECORDS [DKTS. 810, 814]**

Dated: July 30, 2026

Respectfully submitted,

**RECEIVER**

By: */s/ Cortney C. Thomas*
Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

**CERTIFICATE OF SERVICE**

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.

| Date | Document | APP#s |
|---|---|---|
| A | Email from Tim Barton to Cort Thomas and Keefe Bernstein, dated July 11, 2026 9:22AM | APP001-007 |
| B | Email from Cort Thomas to Tim Barton, dated July 30, 2026 9:40AM | APP008-019 |

# EXHIBIT A

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Saturday, July 11, 2026 9:22 AM
**To:** Cort Thomas; bernsteink@sec.gov
**Cc:** Charlene Koonce
**Subject:** Re: RE: Opposed Motion to Compel Turnover and Production of Records — Local Rule 7.1(b) Conference and 24-Hour Offer to Withdraw Upon Agreement — SEC v. Barton, No. 3:22-CV-2118-X

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Dear Counsels,

I write to close the loop on our Local Rule 7.1(b) conference and to ensure the record of the parties' positions is clear. On July 9, 2026, the Court granted leave (Dkt. 800) and directed the clerk to enter my Opposed Motion to Compel Turnover and Production of Records (Dkt. 790, Ex. A) on the docket. The Motion will be live soon.

For clarity, your July 6 response did not address the requests in my July 3 email, and we are not in agreement:

1. Non-receivership (Dkt. 418) entity records — no response. An offer of supervised inspection at a storage facility is not turnover. These entities were expressly excluded from the receivership, and their records are not receivership property.

2. My personal and tax records (including bank records, document filings, and all materials seized on October 18, 2022) — no response. The same point applies: inspection is not return of property that is not part of the receivership estate.

3. Complete defense copy of all books, records, and ESI in the Receiver's possession, custody, or control — addressed only in part. Your reference to the JMJ emails covers one category of ESI; it does not address electronic drives, cloud-storage accounts, accounting databases, tax files, or the remaining materials I need to prepare for trial in United States v. Barton, No. 3:22-cr-00352-K (trial November 2, 2026; pretrial motions due August 24, 2026).

4. Written inventory, chain-of-custody documentation, and certification — no response.

5. Costs borne by the Receivership Estate — declined.

My position and requests remain exactly as stated in my July 3 email and in the proposed order filed with the Motion. Those are the written terms. If the Receiver will agree to them, confirm in writing and I will promptly circulate a short-form agreement — or, if you prefer, an agreed proposed order — and I will withdraw the Motion. If the Receiver will agree to some but not all of the items, identify in writing which items are agreed so the dispute before the Court can be narrowed.

Absent written agreement, further discussion serves no purpose except to document agreement to those terms, and I will treat the Motion as fully opposed for all purposes, supplement the certificate of conference accordingly, and proceed through the Court. Anything discussed by phone that is not confirmed in writing will not change that designation.

Please provide the Receiver's item-by-item written position at your earliest convenience. I remain available for a call or video conference if it would help document an agreement, and I make this request in good faith with the aim of resolving these issues without further motion practice.

I am looping in Mr. Bernstein which I unintentionally did not include in our prior correspondence [enclosed], to confirm the status of SEC with regards to the retrieval of records as requested.

Sincerely,

Timothy L. Barton
Defendant, Pro Se

On Wednesday, July 8th, 2026 at 5:12 PM, Tim Barton <timothy.barton@proton.me> wrote:

> Cort,
>
> Thank you for your response.
>
> Unfortunately, your response does not address the specific requests set forth in my July 3 email. Please answer each request individually so I can understand the Receiver's position as to each item.
>
> Specifically, please respond separately to each of the following:
>
> 1. Whether the Receiver will return all books, records, and correspondence belonging to the non-receivership entities identified in Dkt. 418.
> 2. Whether the Receiver will return all of my personal books, records, tax records, bank records, papers, and other personal effects that are not receivership property.
> 3. Whether the Receiver will produce a complete electronic copy, or other reasonably usable copy, of all books, records, electronically stored information, and other materials in the Receiver's possession, custody, or control that are needed for my defense in United States v. Barton.
> 4. Whether the Receiver will provide the requested inventory, documentation, chain-of-custody information, and certification identifying the records in the Receiver's possession.
> 5. Whether the Receiver agrees that the Receivership Estate will bear the reasonable costs associated with the turnover and production, or whether the Receiver's position is that I must bear those costs.
>
> Your response appears to address only part of item 3 and part of item 5. It does not address the remaining requests.

Accordingly, unless and until the Receiver agrees to the requested relief, I will treat the Receiver's position as opposed for purposes of Local Rule 7.1(b). I also understand your position to be that the Receivership Estate will not bear the costs of producing records that I require to prepare for my pending criminal trial.

A response by noon tomorrow is required

If I have misunderstood any aspect of the Receiver's position, please clarify by responding to each request separately.

Thank you
SIR Timothy Barton
JMJ
Misneach

Sent from Proton Mail for Android.

-------- Original Message --------
On Monday, 07/06/26 at 15:53 Cort Thomas <cort@brownfoxlaw.com> wrote:

> Good afternoon, Tim. As to the paper documents that were located at 2999 Turtle Creek, those documents are housed at an indoor storage unit and have been boxed and organized as they were kept in the ordinary course at JMJ's offices. As before, you are welcome to review the documents that are housed there, however (1) a member of my team will need to be present at the storage facility as well and (2) any documents you are wanting to have copied will need to be flagged, and then a reprographic company will need to come and make copies and return the originals to their proper location. As to JMJ emails, you actually produced those to us in the Spring of 2023 after a bunch of back-and-forth. You should already have access to those, but please let me know if you do not and I can see what cost would be from our IT expert to have them imaged for you.
>
> I am happy to make this information available to you. However, I cannot agree to have the Receivership Estate bear the expense of review and copying. If you would like to meet or have a call, I am happy to do so.
>
> Best,
>
> Cort

BROWN FOX

**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Friday, July 3, 2026 7:37 PM
**To:** Cort Thomas <cort@brownfoxlaw.com>
**Subject:** Opposed Motion to Compel Turnover and Production of Records — Local Rule 7.1(b) Conference and 24-Hour Offer to Withdraw Upon Agreement — SEC v. Barton, No. 3:22-CV-2118-X

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Dear Cort,

I write as the pro se defendant in SEC v. Barton, No. 3:22-CV-2118-X, regarding records currently in the Receiver's possession, custody, or control.

Because of the compressed schedule in the parallel criminal case, I cannot wait on a pre-filing exchange. I have therefore submitted for filing my Motion for Leave to File the Opposed Motion to Compel Turnover and Production of Records, with the Motion to Compel attached as Exhibit A. This email serves as my conference under Local Civil Rule 7.1(b).

I would still prefer to resolve these matters by agreement. If the Receiver confirms in writing that he will provide all of the records and relief described in the Motion, and will execute a written agreement to that effect, I will withdraw the Motion. Because of the timing, that confirmation must reach me within 24 hours of this email — no later than next CBD upon receipt. I am prepared to send a short written agreement reflecting these terms for signature so that we can move quickly.

The agreement would need to cover the same relief set out in the Motion:

1. Non-receivership (Dkt. 418) entity records. Turn over to me, and to the respective entities, all books, records, and correspondence — including all correspondence with the IRS, other governmental authorities, and stakeholders — of the entities that are subject only to the asset freeze under Dkt. 418 and were not placed in the receivership, retaining no copies (electronic or paper) except as required by an existing preservation obligation or a further order of the Court.

2. Personal and tax records. Return to me all of my personal books, records, papers, and effects that are not the property of any receivership entity — including my individual income-tax records, personal bank records, document filings, and all documents seized on October 18, 2022 — retaining no copies.

3. Complete defense copy. Produce a complete copy, in electronic form where available and otherwise in a reasonably usable form, of the books, records, and electronically stored information in the Receiver's possession, custody, or control, for use in preparing my defense in United States v. Barton, No. 3:22-cr-00352-K.

4. Inventory, documentation, and certification. Provide a written inventory of all responsive records — including all physical files and boxes, electronic drives, cloud-storage accounts, email accounts, accounting databases, and tax files — together with video documentation of the collection process and chain of custody, and certify under penalty of perjury that all responsive records have been identified.

5. Costs. Bear the reasonable costs of the turnover, return, and production — including the fees of any neutral the parties jointly agree to retain — through the Receivership Estate.

To be clear, I am not asking for the release of any frozen or receivership asset. As to the receivership's own records, I seek only copies needed to prepare my defense; the balance concerns records that are not receivership property at all (the Dkt. 418 non-receivership entities' records and my personal and tax records).

The timing matters: my criminal trial is set for November 2, 2026, with pretrial motions due August 24, 2026, and I need adequate time to review these materials beforehand.

Certificate of conference. I have designated the Motion as opposed in the certificate of conference. Please confirm the Receiver's position under Local Civil Rule 7.1(b) so that I can update the certificate to reflect it.

I am glad to discuss by phone or video if that is easier. If we can reach agreement, that will spare everyone the time and expense of motion practice.

Thank you for your attention to this.

Sincerely,

Timothy L. Barton

Defendant, Pro Se

# EXHIBIT B

**From:** Cort Thomas
**Sent:** Thursday, July 30, 2026 9:40 AM
**To:** Tim Barton
**Subject:** RE: RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

Good morning, Tim.

As to encryption/passwords, this information is required to be turned over to me under the Receivership Order. Please provide whatever you have to me, and I will have Veracity see what they can do.

As to the device inventory, in the interest of time I have already asked Veracity to image the devices and they will create a simple inventory for you in the process. I am willing to give you everything that we seized, so that will be the full inventory. I will ask Judge Starr to award the expense of that effort in connection with ruling on your pending motion. I do not estimate the drives to be expensive. Veracity estimated less than ten hours to image everything. This is in process.

As to the emails, correct, we have not undergone the expense of a privilege review (or accessed the emails). I am willing to make a copy or everything you gave me access to. Similar to the devices, I have instructed them to go ahead and image everything and put it on an external drive in the interest of time. And similar to the devices, I will include in the response I file on the motion to compel that the Receivership be reimbursed for the costs. This is also in process.

As to the paper documents, we had an associate do the privilege review. She has been on maternity leave and comes back next week. I believe that she may have an index, but I will not know until next week. Perhaps what would make the most sense would be for me or a member of my team to meet you at the Storage Unit at some point early next week so that you can assess how you would like to do your review? From there we can schedule times for the review.

As to any other information, I have asked Veracity to confirm what (if any) additional information they may have that is not covered by the above categories. I will commit to getting you whatever we have. I do not remember seizing any mobile devices. I believe that any external hard drives would be included in the devices above but will confirm with Veracity.

Cort

BROWN FOX
**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Wednesday, July 29, 2026 6:33 PM

**To:** Cort Thomas <cort@brownfoxlaw.com>
**Subject:** RE: RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Cort,

Thank you for the updates and for moving this forward with Veracity. Responding to both of your emails, and to keep everything on track against the August 24, 2026 pretrial-motions deadline:

1. Encrypted devices. Rather than routing credentials through your team, please have Veracity provide the forensic image of each device as captured — bit-for-bit, in its current state — together with the acquisition and verification hash values and the image format (E01, raw, etc.). I will try decryption and access on my end, which avoids any delay or additional burden on your side. I will further share the results. If Veracity identifies a device for which that approach presents a technical problem, please have them describe the issue and we will resolve it device by device.

2. Device inventory. So I can stage adequate storage media, please ask Veracity for a short inventory: device description and type, serial or asset identifier if recorded, acquisition date, image format, and approximate image size for each device. Please also confirm whether Veracity performed any processing, indexing, or examination of any device image beyond acquisition and preservation, so I know what remains to be done on my end.

3. Emails. Thank you for arranging the external drive. To confirm scope for planning purposes: (a) the copy will include all mailboxes and accounts imaged in Spring 2023, in native format with metadata intact; (b) what is the approximate total data volume; and (c) consistent with your email, I understand no substantive or privilege review of the email set has been undertaken by your team to date — please correct me if that understanding is wrong. Separately, was the email data captured from a server or hosted environment, and if so, does the Receivership maintain the server or a mirror of it, or is the Spring 2023 image the only copy in the estate's custody?

4. Paper documents. Thank you for confirming approximately 300 boxes organized by room of origin. Please confirm whether any box-level index, inventory, or collection log exists from the packing process; if not, I will plan for onsite review under your standing offer. Please also identify the storage location and the contact and process for scheduling access, and I will propose dates.

5. Other materials. My question 4 from July 23 remains open and matters for planning a single, efficient round: beyond the emails, the Turtle Creek device images, and the paper boxes, are there any other documents, devices, or data in the possession of the Receiver or its vendors — for example, mobile devices or mobile extractions, external hard drives, cloud-hosted repositories (file-sharing, hosted email, accounting or document platforms), backup media, or materials received from third parties? A simple list of categories and where each resides will do, and I will propose the same practical approach for each.

6. Logistics. I am glad to supply blank drives — please confirm the total capacity needed and the shipping address for Veracity or if you would like this logistic through you. I remain available for the call you offered; please propose a time at earliest conveneince.

Given the criminal deadlines, I would appreciate the inventory, volume figures, and timing update this week if at all possible.

Thank you,

Timothy L. Barton
Defendant, Pro Se

Sent with Proton Mail secure email.

On Wednesday, July 29th, 2026 at 3:52 AM, Cort Thomas <cort@brownfoxlaw.com> wrote:

Tim,

I should have added that we do not have administrative passwords or bit-locker keys for any devices that were encrypted. I will need to get those from you (or whoever else I would need to reach out to, if you do not have them) in order to get you usable images of the devices.

Cort

BROWN FOX

**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Cort Thomas
**Sent:** Tuesday, July 28, 2026 10:01 AM
**To:** 'Tim Barton' <timothy.barton@proton.me>
**Subject:** RE: RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

Good morning, Tim. I am having Veracity put the email accounts on an external drive. They are also doing that for the physical devices. I will let you know as soon as I have a timing update. I will report back on the cost. There are approximately 300 boxes at the storage unit. The boxes are organized by the room from which they were taken.

Cort

BROWN FOX

**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Cort Thomas
**Sent:** Friday, July 24, 2026 10:14 AM
**To:** Tim Barton <timothy.barton@proton.me>
**Subject:** RE: RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

Good morning, Tim. I am tied up with a big hearing in federal court this afternoon. I have emails out to get answers to your questions below and will circle back. I am happy to set up a call on Monday/Tuesday if helpful.

Cort

BROWN FOX

**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Thursday, July 23, 2026 6:00 PM
**To:** Cort Thomas <cort@brownfoxlaw.com>
**Subject:** Re: RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Cort,

Thank you for your email and the updates on the three categories of materials. In the spirit of your message — and in an effort to reach a practical, cost-conscious solution — I would like to take you up on each of your offers and require a few logistical questions so we can move quickly;

1. Emails. Yes, please send me a copy of what you imaged in Spring 2023. So I can arrange receipt: (a) please confirm the copy will include all mailboxes and accounts that were imaged, in native format; (b) what is the approximate total data volume (GB/TB); and (c) what transfer method do you prefer? I am happy to supply blank drives. We also need to understand the server was it maintained and all files kept in order.

If so access to the server is need or a mirror of it.

2. Forensic images of the devices from 2999 Turtle Creek. Yes, please provide copies of the forensic images of each device that was seized. It would help to have a short inventory of the imaged devices (device description and approximate image size for each) so I can arrange adequate storage media, along with your preferred transfer method and expected timing. As above, I am glad to supply the drives.

3. Paper documents from 2999 Turtle Creek. Could you let me know:

(a) approximately how many boxes there are, and whether any box-level index or inventory is available to see the volume of documents to expect

4. Other materials. So we can cover everything in one round: are there any other categories of documents, devices, or data in the possession of the Receiver or its vendors — for example, mobile-device data, external hard drives, or cloud-hosted repositories — beyond the three categories addressed above? If so, please identify them and I will propose the same practical approach for each.

Given the August 24, 2026 pretrial-motions deadline and the November 2, 2026 trial setting in the criminal case, time is short on my end. If it would be faster, I am available for a brief call to finalize logistics — please propose a time that works for you.

Finally, I appreciate the constructive tone of your updates. As your email notes, at least one item (the scanning expense) may require Court involvement, so my pending motions remain on file for now; my hope is that the practical steps above will substantially narrow what actually remains in dispute.

Thank you,

Tim Barton

On Wednesday, July 22nd, 2026 at 9:20 PM, Tim Barton <timothy.barton@proton.me> wrote:

> Keefe
>
> As the SEC has defaulted it role and duties to the estate paid for receiver we will wait for the response from your proxy.
>
> I respectfully disagree that the SEC's opposition is entitled to significant weight on the matters raised in the contemplated motion. The relief sought is directed to the Receiver's administration of the receivership estate, not to any action or omission by the SEC.
>
> The issues presented concern the Receiver's custody and control of records, administration of the estate, pending property transactions, and the timing of rulings necessary to protect my ability to prepare my defense in the parallel

criminal case. Those are matters within the Receiver's authority and knowledge. The SEC neither administers the receivership estate nor possesses the records at issue and therefore has no firsthand factual basis regarding the Receiver's performance of those duties.

Accordingly, while I acknowledge the SEC's stated opposition, I believe the Receiver is the proper party to address the factual issues underlying the requested relief.

With respect to your statement regarding the briefing status of the pending motions, I will accurately present the procedural posture of each motion in my filing, and the Court can determine whether a consolidated hearing or expedited rulings are appropriate in light of the imminent criminal deadlines and pending receivership actions.

This does how ever bring up a excellent point that the SEC does have files and data that we will need please stand by for that request.

Thank you for confirming the SEC's position.

Respectfully,

Timothy L. Barton

Defendant, Pro Se

Sent from Proton Mail for Android.

-------- Original Message --------
On Wednesday, 07/22/26 at 09:58 Bernstein, Keefe <bernsteink@SEC.GOV> wrote:

Tim, opposed. And your statement that these motions are already fully or substantially briefed is also incorrect. Thanks, Keefe

---

**From:** Cort Thomas <cort@brownfoxlaw.com>
**Sent:** Tuesday, July 21, 2026 10:16 PM
**To:** Tim Barton <timothy.barton@proton.me>; Bernstein, Keefe <bernsteink@SEC.GOV>
**Subject:** RE: TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening, Tim. We are opposed.

On the documents front, to reiterate:

1. As to emails, you should already have the emails that are in my possession because you provided the access to me in Spring of 2023. If you would like for us to send you a copy of what we imaged, we can certainly do that. My team has not started a review of emails because of the cost of the privilege protocol.
2. As to the computers at 2999 Turtle Creek, we have forensic images of each device that was seized from the property. I am happy to provide you copies of those forensic images.
3. As to the paper documents from the office at 2999 Turtle Creek, we collected and boxed

documents as they were stored in the office. My team is in the process of securing quotes to scan images of these documents. The two quotes we have received to date (ranging from $75,000 to upwards of $400,000) are cost-prohibitive and not a good use of the limited resources of the Receivership Estate. I will need the Court to order me to incur that expense. However, my offer still stands that you are welcome to access the documents and flag anything that you want to have scanned. I will need to have someone on site, but they will stay out of you/your team's way. This is a proven, cost-conscience, and effective way to allow review and copying of documents for purposes of a criminal defense.

I will provide more detail in the forthcoming responses to your various motions, but given the updates on the paper documents in particular, I wanted to pass this information along.

Cort

BROWN FOX

**Cort Thomas**
**Direct** 214.367.6094
**Main** 214.327.5000

---

**From:** Tim Barton <timothy.barton@proton.me>
**Sent:** Tuesday, July 21, 2026 6:51 PM
**To:** bernsteink@sec.gov; Cort Thomas <cort@brownfoxlaw.com>
**Subject:** TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for

Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

**[EXTERNAL EMAIL]** Do not open links or attachments if you cannot verify the sender.

Dear Counsels,

Pursuant to Local Rule 7.1(a) of the Northern District of Texas, I write to confer on an expedited basis regarding two filings I intend to submit promptly in the above-referenced action:

1. A Motion for Leave to File, as required by the Court's pre-filing order (Dkt. 747); and

2. My Emergency Motion for a Consolidated Hearing or, in the Alternative, Expedited Ruling on Pending Motions.

In brief, the motion asks the Court, under Local Rules 7.1(g) and 83.1 and 28 U.S.C. § 1657(a), to set a single consolidated hearing — in person or by videoconference, at the Court's convenience — on the pending, fully or substantially briefed motions, including the Rule 60(b) status-quo motion (Dkt. 786), the records-turnover motion (Dkt. 790), the motion to release funds for criminal defense counsel, the reconsideration motions (Dkts. 811, 812), and the emergency Frisco Gate and Rock Creek pre-closing motions; or, in the alternative, to rule on those motions on the papers on an expedited basis. The urgency arises principally from the August 24, 2026 pretrial-motions deadline and November 2, 2026 trial setting in the parallel criminal case, and from receivership property transactions expected to close imminently.

Given the emergency nature of the filing, please state your positions on (a) the motion for leave and (b) the underlying emergency motion by at your earliest convenience. I am available for telephone conference at any time — please propose a time.

Thank you for your prompt attention.

Respectfully,

Timothy L. Barton

Defendant, pro se