**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **No. 3:22-cv-2118-X** |
| **TIMOTHY BARTON, et al.** | § | |
| ***Defendants.*** | § | |

**RECEIVER'S RESPONSE TO DEFENDANT TIMOTHY BARTON'S MOTION TO RECONSIDER THE COURT'S JUNE 9, 2026 ORDER [DKT. 255]**

Cort Thomas, as Receiver, files this Response to Defendant Timothy L. Barton's Opposed Motion to Reconsider the Court's June 9, 2026 Order [Dkt. 755], or in the Alternative to Stay Its Effect Pending Resolution of the Preservation Motion [Dkt. 812] and respectfully shows the Court as follows:

## INTRODUCTION

Barton asks the Court to reconsider its June 9 Order [Dkt. 755] to the extent it declined to consider a preservation motion that had been struck and to the extent it declared four notices of lis pendens void. He further asks the Court to hear his renewed preservation motion (the most recent iteration of which is now pending at Dkt. 786) before any additional closing, stay the effect of the June 9 Order and prohibit transfers of title in the meantime, or conduct a hearing concerning the validity of the notices under Texas Property Code § 12.0071. Dkt. 812, pp. 1, 6–7.

The Motion generally rehashes the arguments Barton raises in his Motion for Preservation of Status Quo [Dkt. 786] and his Motion to Release Receivership Funds for His Criminal Defense [Dkt. 809]. Once those motions are denied, Dkt. 812 will be moot. It should also be denied for the same reasons explained in the Receiver's responses to Dkts. 786 and 809.

**ARGUMENT**

Dkt. 812 seeks procedural relief designed to preserve the substantive requests presented in Dkts. 786 and 809. Its request to stop previously approved sales, require further proceedings concerning those sales, and revisit the lis pendens ruling repeats the substance of Dkt. 786. Its contention that a closing would impair Barton's asserted right under *Luis v. United States* to use supposedly untainted equity for his criminal defense repeats the premise of Dkt. 809.

The Receiver has responded to both motions. As explained in the response to Dkt. 786, the Rock Creek sale has already closed, the existing sale orders remain effective, Barton has identified no material change warranting reconsideration, and his proposed reporting and disclosure process would impose additional delay and expense on the Estate. Dkt. 825. Barton's reliance on delay is particularly misplaced because his own litigation conduct contributed to the delay he now invokes. *Id.*

As explained in the response to Dkt. 809, which is being filed concurrently with this Response. Barton has no constitutional right to use property owned by Receivership Entities to fund his personal criminal defense. He has also failed to establish that Receivership funds are necessary, that he lacks other resources, or that his unsupported request for at least $700,000 is reasonable. *Id.*

Once the Court denies Dkts. 786 and 809, there will be no remaining preservation motion or *Luis* claim, and Dkt. 812 will therefore present no live issue. Accordingly, the instant Motion should be denied as moot.

* * *

The Receiver respectfully requests that the Court deny Dkt. 812 as moot upon denying Dkts. 786 and 809 and for the reasons stated in the Receiver's responses to those motions, which the Receiver hereby incorporates by reference.

Dated: July 30, 2026

Respectfully submitted,

**RECEIVER**

By: */s/ Cortney C. Thomas*

Cortney C. Thomas
Texas Bar No. 24075153
cort@brownfoxlaw.com
BROWN FOX PLLC
2699 Howell Street, Suite 500
Dallas, TX 75204
T: 214.327.5000
F: 214.327.5001

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.