# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 3, 2026
Lyle W. Cayce
Clerk

No. 25-11043
Summary Calendar

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

This appeal is one of numerous appeals[1] involving SEC's complaint against Timothy Barton for alleged violations of the Exchange Act and Securities Act. Here, Barton challenges the district court's order lifting a stay of litigation which permitted the bankruptcy court to dismiss several

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See SEC v. Barton*, 170 F.4th 938, 946 n.8 (5th Cir. 2026) ("Barton has filed approximately thirteen appeals in the last three years.").

cases involving entities he controlled. We dismiss Barton's appeal for lack of jurisdiction.

**I**

SEC filed a complaint against Barton and others, alleging they defrauded over 100 investors in violation of the Exchange Act and Securities Act. We have discussed the facts of this case in several opinions, so we do not repeat them here.[2] We limit our discussion to what is pertinent to this appeal.

Prior to SEC filing its complaint in the United States District Court for the Northern District of Texas, ten entities Barton controlled filed Chapter 11 bankruptcy petitions[3] (collectively "Bankruptcy Proceeding") in the United States Bankruptcy Court for the Eastern District of Texas. After SEC filed its complaint in the district court, in the Bankruptcy Proceeding, the U.S. Trustee moved for the bankruptcy cases to be dismissed.[4] While that motion was pending, the district court entered an "order appointing receiver" that stayed the Bankruptcy Proceeding. We vacated that order

---

[2] *See, e.g.*, *SEC v. Barton*, 79 F.4th 573, 575-77 (5th Cir. 2023)(*Barton I*); *SEC v. Barton*, 135 F.4th 206, 213-15 (5th Cir. 2025) (*Barton II*), *cert. denied sub nom. Barton v. SEC*, ___ S. Ct. ___ 2026 WL 858414 (Mar. 30, 2026); *SEC v. Barton*, 170 F.4th 938, 940-41 (5th Cir. 2026) (*Barton III*).

[3] *In re Wall007, LLC*, Case No. 22-41049, Dkt. 1 (Bankr. E.D. Tex. Aug. 19, 2022); *In re Wall009, LLC*, Case No. 22-41113, Dkt. 1 (Bankr. E.D. Tex. Aug. 31, 2022); *In re Wall010, LLC*, Case No. 22-41125, Dkt. 1 (Bankr. E.D. Tex. Aug. 31, 2022); *In re Wall011, LLC*, Case No. 22-41114, Dkt. 1 (Bankr. E.D. Tex. Aug. 31, 2022); *In re Wall012, LLC*, Case No. 22-41135, Dkt. 1 (Bankr. E.D. Tex. Sept. 1, 2022); *In re Wall016, LLC*, Case No. 22-41136, Dkt. 1 (Bankr. E.D. Tex. Sept. 1, 2022); *In re Wall017, LLC*, Case No. 22-41137, Dkt. 1 (Bankr. E.D. Tex. Sept. 1, 2022); *In re Wall018, LLC*, Case No. 22-41176, Dkt. 1 (Bankr. E.D. Tex. Sept. 7, 2022); *In re Wall019, LLC*, Case No. 22-41177, Dkt. 1 (Bankr. E.D. Tex. Sept. 7, 2022); *In re Seagoville Farms, LLC*, Case No. 22-41181, Dkt. 1 (Bankr. E.D. Tex. Sept. 8, 2022).

[4] *In re Wall007, LLC*, No. 22-41049, Dkt. 33 (Bankr. E.D. Tex. Oct. 13, 2022).

because the district court "erred in both determining that the receivership was necessary and determining the scope of the entities covered by the receivership."[5] On remand, the district court entered a new "order appointing receiver" that we affirmed, and the Supreme Court recently denied Barton's petition for certiorari seeking review of that order.[6] Like the first receivership, the new receivership order provided for a stay of the Bankruptcy Proceeding. Specifically, it stayed:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

As the case moved forward in the district court, the receiver appointed by the district court informed the court that "counsel for the [d]ebtors and the U.S. Trustee's office agreed that the bankruptcy filings [involved in the Bankruptcy Proceeding] should be dismissed." The receiver explained that the "bankruptcy filings [we]re unnecessary" and that no "monetary value [would] be gained by proceeding with those cases." The receiver stated he

---

[5] *Barton II*, 135 F.4th at 214.

[6] *Barton II*, 135 F.4th at 217-20; *Barton v. SEC*, ___ S. Ct. ___ 2026 WL 858414 (Mar. 30, 2026).

would "likely concede to the lifting of the stay in the [Bankruptcy Proceeding] to permit [its] agreed dismissal."

Several months later, and after we affirmed the district court's imposition of the new receivership order, the receiver filed a motion asking the district court to lift the stay of the Bankruptcy Proceeding "for the limited purpose of allowing the Bankruptcy Court to consider the U.S. Trustee's pending pre-receivership motion to dismiss those cases."[7] Barton did not file an opposition to the receiver's motion, and the district court granted the motion, lifting the stay of the Bankruptcy Proceeding for the "limited purpose" of allowing the bankruptcy court to consider the motion to dismiss. The bankruptcy court then entered an "agreed order granting" the U.S. Trustee's motion to dismiss, which dismissed the Bankruptcy Proceeding.[8] Barton filed a motion to reinstate the cases, which was dismissed without prejudice.[9] Barton made no further filings and did not appeal from the court's dismissal order.[10] The bankruptcy court closed the case.[11]

Barton appeals from the district court's order lifting the stay of the Bankruptcy Proceeding.

## II

"We begin, as always, with jurisdiction."[12] "As the appellant, Barton 'bear[s] the burden of establishing our appellate jurisdiction.'"[13] Barton

---

[7] *See Barton II*, 135 F.4th 206 (5th Cir. 2025).

[8] *In re Wall007, LLC*, No. 22-41049, Dkt. 41 (Bankr. E.D. Tex. Oct. 1, 2025).

[9] *In re Wall007, LLC*, No. 22-41049, Dkt. 42, 43 (Bankr. E.D. Tex. Oct. 1, 2025).

[10] *See In re Wall007, LLC*, No. 22-41049 (Bankr. E.D. Tex. Oct. 1, 2025).

[11] *In re Wall007, LLC*, No. 22-41049, Dkt. 44 (Bankr. E.D. Tex. Oct. 1, 2025).

[12] *Barton III*, 170 F.4th at 941.

[13] *Id.* (quoting *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010)).

contends we have jurisdiction "under multiple independent bases." He argues we have jurisdiction under (1) 28 U.S.C. § 1292(a)(1) "because the order modifies an existing injunction," (2) 28 U.S.C. § 1292(a)(2) "because the order decides consequential steps toward winding up the receivership," and (3) the collateral order doctrine "because the order conclusively determines the federal forum" and "the loss of the bankruptcy forum is effectively unreviewable after final judgment." His arguments lack merit.

Section 1292(a) states in relevant part that we have jurisdiction over appeals from:

> (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
>
> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property . . . .[14]

We have no jurisdiction under § 1292(a)(1) because the order lifting the stay involved a receivership-related order. As the Eleventh Circuit aptly put it:

> [E]ven if the . . . order [appointing a receiver] incorporated injunctive qualities, it was entered in the context of a receivership. We can't skip over the more specific § 1292(a)(2), which expressly addresses receivership-related orders, to find jurisdiction under the more general

[14] 28 U.S.C. § 1292(a)(1)-(2).

§ 1292(a)(1), which involves injunction-related orders of all stripes.[15]

As we stated in *Warren v. Bergeron*,[16] "Congress passed a statute specifically governing appeals from orders relevant to receivership[, § 1292(a)(2), which] indicates that such orders are distinct from the injunctions covered by the prior subsection[, § 1292(a)(1)]."[17] Further, the Supreme Court has recognized that orders involving injunctions and orders involving receivers are distinct. When discussing § 1292(a)'s predecessor, it stated:

> The question is not whether included in an order appointing a receiver there may not be, either expressed or implied, some directions of a mandatory character,—*something in the nature of an injunction*,—but whether congress in this legislation provided for appeals in cases other than those in which an injunction, technically speaking, is either the sole or a principal part of the order or decree. Orders granting injunctions and orders appointing receivers are, in the common understanding of the profession, entirely independent.[18]

An order appointing a receiver that includes "something in the nature of an injunction," such as the stay of litigation involved here, which stayed only

---

[15] *SEC v. Complete Bus. Sols. Grp.*, 44 F.4th 1326, 1333 (11th Cir. 2022).

[16] 831 F.2d 101 (5th Cir. 1987).

[17] *Id.* at 103.

[18] *Highland Ave. & B.R. Co. v. Columbian Equip. Co.*, 168 U.S. 627, 631 (1898) (emphasis added); *see Complete Bus. Sols. Grp.*, 44 F.4th at 1333 ("Supreme Court precedent . . . makes clear that an order appointing a receiver can't be construed as 'embrac[ing] within its terms an injunction or the necessary equivalent of an injunction.'" (alteration in original) (quoting *Highland Ave. & B.R. Co*, 168 U.S. at 629)).

proceedings related to the receivership, does not give this court jurisdiction under § 1292(a)(1).[19]

The Sixth Circuit held in a similar case that an "order vacating the receivership is not an order modifying an injunction for purposes of § 1291(a)(1)."[20] It explained that an "order appointing a receiver," which "implemented a stay affecting the receivership assets . . . is not an appealable injunction," because "[n]ot every coercive order constitutes an injunction that is appealable under § 1292[(a)(1)]."[21] "Instead, an order is considered to be an injunction that is appealable under § 1292(a)(1) when it grants or denies 'in toto or in part injunctive relief demanded in the complaint. . . .'"[22] Because the plaintiff's "complaint did not demand injunctive relief, the stay incorporated in the receivership order is not considered an injunction that is appealable under § 1292(a)(1)."[23] "It follows that the order vacating the

---

[19] *Highland Ave. & B.R. Co.*, 168 U.S. at 631; *see In re Saffady,* 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions."); *cf. id. But see United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 442 (3d Cir. 2005) (concluding that the court "ha[d] jurisdiction over" the "interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1)" when "[a]s part of the [Order for Operating Receivership], the District Court imposed a stay on all civil litigation"); *SEC v. Universal Fin.*, 760 F.2d 1034, 1036 (9th Cir. 1985) (concluding the court had jurisdiction under § 1292(a)(1) when the district court "appointed a receiver" and "also entered a stay of all legal proceedings by third parties against any of the defendants, the Receiver, or receivership property").

[20] *In re Saffady*, 524 F.3d at 804.

[21] *Id.*

[22] *Id.* (alteration in original) (quoting *R.E. Dailey Co. v. John Madden Co.*, 983 F.2d 1068, 1992 WL 405282, at *2 (6th Cir. 1992) (unpublished)).

[23] *Id.*

receivership [was] not an order modifying an injunction for purposes of § 1292(a)(1)."[24]

Likewise, SEC's "complaint did not demand injunctive relief" for ancillary proceedings. In granting and then later lifting the stay as part of its receivership order, the district court was not granting or denying specific injunctive relief demanded in the complaint. Accordingly, "[t]he stay incorporated in the receivership order is not considered an injunction that is appealable under § 1292(a)(1),"[25] and "[i]t follows that the order [lifting the stay] is not an order modifying an injunction for purposes of § 1292(a)(1)."[26] We have no jurisdiction under § 1292(a)(1).

We also have no jurisdiction under § 1292(a)(2). The district court's order lifting the stay was administrative, and it did not involve appointing a receiver or refusing to take steps to accomplish the purposes of winding up the receivership.[27]

Barton's interpretation of § 1292(a)(2) is one we have already rejected.[28] Section 1292(a)(2) does not cover all actions that constitute major steps toward winding up a receivership. "Refusing orders" modifies "both

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Barton II*, 135 F.4th 206, 224 (5th Cir. 2025) (recognizing that "§ 1292(a)(2) does not grant [this court] jurisdiction for" "administrative receivership orders"); *see, e.g.*, *SEC v. Complete Business Sols. Grp.*, 44 F.4th 1326, 1131 (6th Cir. 2022) ("[M]id-stream orders entered in the normal course of receivership proceedings are *not* immediately appealable.").

[28] *See Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-32 (5th Cir. 2015) (collecting cases and concluding "refusing orders" modifies both "to wind up receiverships" and "to take steps to accomplish" and recognizing that "every circuit to squarely consider this question has reached the same result").

the infinitive phrase 'to wind up receiverships' and the infinitive phrase 'to take steps to accomplish.'"[29] Barton himself admits the order was not a "refusal" to take steps, but was "a major step" in doing so.

Nor do we have jurisdiction under the collateral-order doctrine. We have already stated—in a case involving this very litigation—that "our jurisdiction over interlocutory appeals of receivership orders is limited to those related to sales or distributions under the collateral doctrine."[30]

## III

We recently warned Barton that "[f]urther appeals from sale orders or non-sale administrative orders will be viewed with skepticism and incur sanctions if deemed frivolous."[31] In an appeal that "was filed before that warning issued," we directed Barton to show cause why sanctions should not be imposed.[32] We proceed similarly here.

Under Federal Rule of Appellate Procedure 38 and our inherent authority, we DIRECT Barton to SHOW CAUSE by letter on or before June 16, 2026 why sanctions should not be imposed.[33] He must "show cause why this appeal should not be deemed frivolous and why sanctions should not issue."[34]

---

[29] *Baron*, 799 F.3d at 332.

[30] *Barton II*, 135 F.4th at 225.

[31] *Barton III*, 170 F.4th at 946 n.8.

[32] *SEC v. Barton*, No. 25-10871, slip op. at 4-5 (5th Cir. May 18, 2026).

[33] *See* FED. R. APP. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, after . . . notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

[34] *Barton*, No. 25-10871, slip op. at 4 (citing *Howard v. St. Germain*, 599 F.3d 455, 458 (5th Cir. 2010)).

> His response should address, among any other points he wishes to raise, whether this appeal is frivolous in light of the jurisdictional defects identified above, his repeated receivership-related appeals, and this court's prior warning that such appeals "have impacted the management of the receivership estate, significantly reduced funds potentially available to ultimate beneficiaries of the receivership, and expended court resources."[35]

* * *

For the above reasons, we DISMISS Barton's appeal for lack of jurisdiction and DIRECT Barton to SHOW CAUSE why sanctions should not be imposed.

**Certified as a true copy and issued as the mandate on Jul 28, 2026**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**

---

[35] *Id.* at 5 (quoting *Barton III*, 170 F.4th 938, 946 n.8 (5th Cir. 2026)).