**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| Plaintiff, | § | |
| v. | § | **Civil Action No. 3:22-CV-2118-X** |
| **TIMOTHY L. BARTON, et al.,** | § | |
| Defendants, | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** | § | |
| Relief Defendants. | § | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S MOTION TO COMPEL TURNOVER AND PRODUCTION OF RECORDS [DKTS. 810, 814]**

Before the Court are Defendant Timothy L. Barton's Motion to Compel Turnover and Production of Records [Dkts. 810, 814], the Receiver's Verified Response [Dkt. 834], and Barton's Reply. Having considered the motion, the response, the reply, and the record, the Court GRANTS the Motion and ORDERS as follows:

1. Email accounts. Within seven (7) days of this Order, the Receiver shall deliver to Barton complete copies of all email accounts imaged in Spring 2023, in native format with metadata intact, on storage media supplied by Barton, and shall state in writing whether any server, mirror, or cloud-hosted repository of the email data remains in the custody of the Receivership Estate or its vendors, and shall transfer to Barton control of any cloud-hosted repository of the email data that the Receivership Estate has never accessed.

2. Seized devices. Within seven (7) days of this Order, the Receiver shall deliver to Barton a copy of the forensic image of each device seized from the Turtle Creek Office, as captured, together with acquisition and verification hash values and the image format, and

the vendor's inventory of imaged devices (device description, identifier if recorded, acquisition date, image format, and approximate image size).

3. Access credentials. Within seven (7) days of this Order, Barton shall certify under penalty of perjury that he possesses no passwords, encryption keys, or other access credentials for the seized devices, and shall promptly turn over to the Receiver any credential he later locates, recalls, or learns of.

4. Paper documents. Within seven (7) days of this Order, the Receiver shall confirm in writing whether any index, inventory, collection log, or review work product describing the boxed paper documents exists and shall produce any box-level index to Barton. Within fourteen (14) days of this Order, the Receiver shall deliver the boxed paper documents (approximately 315 boxes) to Barton or his designee. Before delivery, the Receiver may copy, at the expense of the Receivership Estate, any documents he certifies in writing are needed for the ongoing administration of the Receivership Estate.

5. Personal and non-receivership records. Barton's personal and tax records, and the records of entities listed in Dkt. 418 that were not placed in receivership, shall be returned to Barton in all events. Any such records identified within the imaged data shall be logged and returned through the neutral process described in the Motion, with any disputed item noted for the Court.

6. Other materials. Within fourteen (14) days of this Order, the Receiver shall identify in writing any additional categories of documents, devices, or data in the possession of the Receivership Estate or its vendors, including mobile extractions, external hard drives, cloud-hosted repositories, backup media, and materials received from third parties.

7. Certification. Upon completion of the deliveries described above, the Receiver shall certify that all responsive records in his possession, custody, or control have been identified.

8. Costs. The reasonable costs of imaging and copying under this Order shall be borne by the Receivership Estate as receivership expenses, with Barton supplying the storage media, and including the cost of any copies the Receiver elects to retain under Paragraph 4 above. The Receiver's request that Barton reimburse the Receivership Estate is DENIED.

SO ORDERED, this _____ day of ____________, 2026.

___________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE