IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
§
*Plaintiff*, §
§
v. § Civil Action No. 3:22-CV-2118-X
§
TIMOTHY BARTON, et al., §
§
*Defendants*. §

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Timothy Barton's Motion to Preserve the Status Quo under Rule 60(b) (Doc. 786), his Motions for Clarification on the Status of the Frisco Gate Property and the Rock Creek Property (Docs. 807 & 808), and his Motion to Reconsider the Court's June 9, 2026, Order. (Doc. 812). After due consideration, the Court **DENIES** the motions.

Barton's Motion to Preserve the Status Quo seemingly raises five requests: (1) reinstate his original Motion for Preservation of Status Quo (Doc. 745); (2) preserve the status quo as to the Frisco Gate Property, the Rock Creek Property, and any other Receivership real property whose previously approved sale or settlement was not yet consummated; (3) reconsider the Court's June 9, 2026, Order (Doc. 755) under Federal Rule of Civil Procedure 54(b); (4) compel the Receiver to file a report covering a host of subjects; (5) set a status conference for his Rule 60 arguments.

1

Because these requests overlap with the relief sought in his Motions for Reconsideration and Clarification, the Court addresses the motions according to these five requests.

Barton's first and third requests are intrinsically connected. Barton argues that the Court wrongly granted motions to declare lis pendens void without considering the preservation grounds his previously stricken motion for preservation would have raised.[1] The Court disagrees. As the Court explained then, Barton's lis pendens notices were unauthorized by Texas law.[2] The Court relied on its previous striking of his preservation motion to explain why there was no cause to delay its ruling further. Moreover, as Barton seemingly concedes, the preservation motion would have had no effect on the merits of the lis pendens motions or the Court's order.[3] So the Court **DENIES** Barton's first and third requests for relief. Because Barton's Motion to Reconsider raises essentially the same argument concerning the Court's consideration of his preservation motion, the same rationale supports its denial. The Court **DENIES** his Motion to Reconsider. (Doc. 812).

Next, Barton asks the Court to preserve the status quo as to the Frisco Gate Property, the Rock Creek Property, and any other Receivership real property. First, the Receiver has already closed the sale of the Rock Creek Property. So the request is moot as to the Rock Creek Property. Second, the Fifth Circuit has already affirmed

---

[1] Doc. 786 at 4–6.

[2] Doc. 755 at 3–4.

[3] Doc. 786 at 6; Doc. 755 at 2–3.

the orders approving the sales of the Frisco Gate Property and other properties.[4]  And Barton makes no allegations that the Frisco Gate sale violates the Court's previous Order, instead seeking to trigger more work from the Receiver through mere suggestion of nebulous impropriety.  What is more, the passage of time that he relies on was in part created by his own actions.  So the Court **DENIES** his second requested relief.

Barton also requests this Court order the Receiver to report on a host of subjects that will already be addressed in the Receiver's forthcoming report to the Court.  Accordingly, the Court **DENIES** the request.  For the same reason, the Court **DENIES** his Motions for Clarification.  (Docs. 807 & 808).

Finally, Barton requests that the Court set a status conference and briefing schedule concerning the Federal Rule of Civil Procedure Rule 60(b)(4), (b)(5), and (b)(6) arguments raised in his brief.  In support of this request, Barton presents threadbare accusations that the Court has largely already rejected in this Order or will address in other orders on motions already before this Court.  The Court **DENIES** this final request as well.

These Motions reflect Barton's efforts to flood this Court and the Receivership with largely frivolous, overlapping motions.  Should Barton continue this course of conduct, the Court will invoke Rule 11 to consider an award of attorney's fees to the Receivership to compensate for time and Receivership assets used to respond to such redundant and meritless motions.

---

[4] *See SEC v. Barton*, 135 F.4th 206, 225 (5th Cir. 2025)

**IT IS SO ORDERED** this 12th day of August, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE