IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON, et al., | § § | |
| *Defendants,* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Barton's Motion to Release Funds from the Receivership Estate for His Criminal Defense.  (Doc. 809).

The facts here are well known, so the Court will not recapitulate them.  Barton invokes his Sixth Amendment right in his request that this Court release $700,000 from the Receivership Estate to fund his criminal defense.

The Supreme Court has held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment."[1] But "[a] defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney even if those funds are the only way that that defendant will be able to retain the attorney of his choice."[2]

---

[1] *Luis v. United States*, 578 U.S. 5, 10 (2016).

[2] *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 618, 626 (1989).

1

Implicit in the Supreme Court's opinion in *Luis*, a movant must demonstrate there are (1) untainted funds and (2) a need.[3] In practice, courts have additionally required movants to identify the untainted funds they seek to access and to substantiate their need.[4] Barton has not done so. Instead, Barton has placed the burden on the Receiver and the SEC to demonstrate that the cash he seeks is tainted. That gets the analysis backwards.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion and **GRANTS** Barton leave to refile the motion within fourteen days of the issuance of Magistrate Judge Rutherford's Order on Barton's Motions to Compel the Turnover of Documents. (Docs. 810, 814).

**IT IS SO ORDERED** this 12th day of August, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *See Luis*, 578 U.S. at 12–23.

[4] *See United States v. Akkad*, No. 4:22-CR-162, 2025 WL 1363096, at *4–7 (E.D. Tex. May 9, 2025) (denying the release of seized assets because the defendants failed to prove which amount was untainted); *SEC v. Kontilai*, 2020 WL 8613722, at *3 (S.D.N.Y. Nov. 20, 2020) (refusing to unfreeze funds because the defendant failed to identify, with certainty, the availability of untainted funds); *United States v. Stokes*, 2017 WL 5986231, at *5 (N.D. Ga. Oct. 23, 2017) (denying an evidentiary hearing to determine whether assets are untainted or not because the defendant "must make a prima facie showing of substantial financial need for those assets"); *SEC v. Collector's Coffee, Inc.*, 697 F. Supp. 3d 138, 176 (S.D.N.Y. 2023). *Cf. United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (a defendant must offer more than a "mere recitation" of their lack of funds; "a defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund the counsel of choice"); *FTC v. 4 Star Revolution, LLC*, 2016 WL 768656, at *1 (W.D.N.Y. Feb. 29, 2016) (denying release of frozen funds for criminal defense attorneys' fees when the defendant offered only general assertions of inadequate assets).