**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS DALLAS
DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § § § § | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| **TIMOTHY L. BARTON, et al.,** *Defendants,* | § § § § | |

**DEFENDANT TIMOTHY L. BARTON'S
APPENDIX IN SUPPORT OF RESPONSE AND BRIEF
IN OPPOSITION TO RECEIVER'S MOTION FOR EXTENSION OF TIME TO FILE
SEVENTH THROUGH FIFTEENTH QUARTERLY FEE APPLICATIONS [DKT. 850]**

**APPENDIX CONTENTS**


| Exhibit | Description | Page No |
|---|---|---|
| A | August 10,12-13, 2026 correspondence concerning SEC non-opposition and Barton follow-up requests | APP-002-008 |
| B | August 10, 2026 correspondence reflecting Barton opposition and disclosure requests to Receiver | APP-009-012 |

# EXHIBIT A

# 2Q26 (and prior) Fee Applications

From: Tim Barton <timothy.barton@proton.me>

To: Bernstein, Keefe <bernsteink@SEC.GOV> , timothybarton@proton.me

Date: 8/13/26 6:08 PM

---

Keefe,

Thank you for responding.

For clarity of the record, your response does not answer any of the factual questions I asked, including whether the SEC has reviewed the outstanding invoices or unredacted billing, knows the amount of accrued but unapproved professional liabilities, or conducted any net-recovery analysis before stating that it was “Unopposed” to extending the Receiver's fee-application deadline to November 16, 2026.

Unless you advise otherwise, I will provide the complete correspondence to the Court with my response to Dkt. 850 so that the Court can evaluate the issue on the complete record.

I again respectfully urge the SEC to exercise meaningful oversight over the receivership it requested.

There is a fundamental problem here that goes beyond the timing of fee applications. Receivership assets are paying for the Receiver, his lawyers, accountants, tracing work, litigation, asset administration, and liquidation. At the same time, I have been deprived of access to the very assets and records necessary to defend myself and have been told that I bear the burden of demonstrating that funds are untainted.

That makes transparency and SEC oversight especially important.

The SEC should know what work receivership assets are paying for, how much has been incurred, and whether that work is being performed for the benefit of the receivership estate and persons ultimately entitled to distributions.

The extensive redactions make that question more—not less—important. If the work reflected in those invoices properly benefits the receivership estate, there should be a sufficient record for the Court and interested parties to determine what services were

performed, for whose benefit, and at what cost, while protecting any genuinely privileged information.



I therefore ask a very simple question: Has the SEC reviewed the unredacted invoices underlying these outstanding fee applications?

If yes, please say so.

If no, then I respectfully ask how the SEC could determine that it was appropriate to be "Unopposed" to postponing their disclosure for another three months while the Receiver continues liquidating assets.

This concern is particularly acute because receivership assets are funding work that overlaps with factual tracing and investigation central to the SEC's own case. The SEC should not be able to obtain the benefit of receivership-funded investigative work while declining to determine what that work costs, what it consists of, and whether those expenditures are appropriate.

The economic question is straightforward: What is the receivership actually producing for the persons it is supposedly protecting after professional fees, litigation expenses, carrying costs, sale expenses, and other administrative liabilities are deducted?

That question should be answered before additional assets are irreversibly liquidated—not months afterward.

The SEC sought this extraordinary equitable remedy. I respectfully submit that with that position comes a responsibility to exercise meaningful oversight rather than simply defer all review until after the money has been spent and the assets have been sold.

Please reconsider the SEC's "Unopposed" position or, at minimum, review the unredacted outstanding billing and accrued liabilities before continuing to support further delay.

Timothy Barton

Sent from Proton Mail for Android.

# 2Q26 (and prior) Fee Applications

From: Bernstein, Keefe <bernsteink@SEC.GOV>

To: Tim Barton <timothy.barton@proton.me>

Cc: Cort Thomas <cort@brownfoxlaw.com>

Date: 8/13/26 11:09 AM

Mr. Barton,

The Court’s Receivership Order provides directions on the Receiver’s submission of fee applications, subject to modification by the Court. We will review the Receiver’s fee applications in accordance with those procedures.

Thanks,

Keefe

# 2Q26 (and prior) Fee Applications

From: Tim Barton <timothy.barton@proton.me>

To: Bernstein, Keefe <bernsteink@SEC.GOV>

Cc: Cort Thomas <cort@brownfoxlaw.com>

Date: 8/12/26 8:43 PM

---

SEC Position Required — Receiver Fee Applications and Further Extension
Keefe,
I am writing to you separately because the SEC should state its own position concerning Cort Thomas's request to postpone his outstanding fee applications yet again, this time until November 16, 2026.
I oppose the extension.
This is not simply an administrative scheduling matter. Fee applications for numerous quarters remain unfiled. The resulting delay means that substantial periods of the Receiver's and his professionals' billing have not been subjected to the ordinary fee-application process, while receivership assets continue to be administered and liquidated.
The SEC brought this action, sought the extraordinary equitable remedy of a receivership, and continues to participate in this case. I therefore request that the SEC state clearly whether it supports another extension and what information it has reviewed before taking that position.
Specifically, please advise:
Has the SEC received or reviewed the Receiver's invoices and billing records for the quarters for which no fee application has been filed?
Does the SEC know the current total amount of Receiver and receivership-professional fees and expenses that have accrued but have not yet been presented to the Court for approval?
Does the SEC know the total amount of professional fees and expenses paid to date from receivership assets?
Does the SEC know the amount of additional unpaid or accrued professional fees presently owed or expected to be requested?
Has the SEC analyzed the projected remaining liquidation proceeds against the Receiver's accrued and anticipated professional fees and expenses?
What amount does the SEC presently project will actually remain for distribution after all receivership fees, professional expenses, sale costs, and other administrative liabilities are paid?
If the SEC has not reviewed the outstanding billing information, on what factual basis could it support postponing disclosure until November while additional assets are being liquidated?

These questions are particularly important now. The Court has directed substantial liquidation activity. The economic question is therefore not the gross amount for which assets can be sold. It is the NET amount that will remain after the costs of the receivership and liquidation are deducted.

The Court, the parties, and ultimately any persons claimed to be entitled to receivership distributions should be able to see that information before additional assets are irreversibly liquidated.

Accordingly, I ask the SEC to oppose another blanket extension and request that the Receiver promptly file all outstanding fee applications and supporting billing information.

If the SEC instead intends to consent to or not oppose the extension, please state that position expressly and explain whether the SEC has reviewed the outstanding invoices and accrued professional liabilities before doing so.

I am copying Cort so there is no ambiguity about my request or the SEC's response.

Timothy Barton

Sent from Proton Mail for Android.

-------- Original Message --------
On Monday, 08/10/26 at 15:21 Bernstein, Keefe <bernsteink@SEC.GOV> wrote:

Unopposed

## 2Q26 (and prior) Fee Applications

From: Cort Thomas <cort@brownfoxlaw.com>
To: Bernstein, Keefe <bernsteink@sec.gov> , Tim Barton <timothy.barton@proton.me>
Date: 8/10/26 2:52 PM

Keefe/Tim,

Similar to prior quarters, I intend to ask the Court for an extension of time to file my fee application for April-June 2026, as well as the other prior quarters for which a fee application has not been filed, to November 16, 2026. Can you please let me know if you are opposed/unopposed to the requested extension? I plan to file the motion for extension no later than Wednesday of this week.

Best,

Cort

BROWN FOX

**Cort Thomas**
Partner

Dallas • Frisco
**Direct** 214.367.6094
**Main** 214.327.5000

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Brown Fox PLLC immediately (by replying to this message or calling 214.327.5000) destroy all copies of this message and any attachments. Thank you.

# EXHIBIT B

# 2Q26 (and prior) Fee Applications

From: Tim Barton <timothy.barton@proton.me>
To: Cort Thomas <cort@brownfoxlaw.com>
Cc: Bernstein, Keefe <bernsteink@sec.gov> , timothy.barton@proton.me
Date: 8/10/26 3:44 PM

---

Cort,

I oppose your proposed extension to November 16, 2026.

The repeated extensions have now created a substantial gap between when receivership professional fees are incurred and when those fees are disclosed through the Court's fee-application process.

With numerous quarters still outstanding, I do not believe another blanket extension is appropriate—particularly while receivership assets are being liquidated.

Please provide and/or promptly file:

1. Every outstanding quarterly fee application;
2. The invoices and billing records supporting those applications;
3. The amount accrued during each unfiled quarter by you and each receivership professional;
4. The aggregate amount of all fees and expenses approved to date;
5. The aggregate amount actually paid from receivership assets;
6. All accrued, unpaid, deferred, reserved, or otherwise unfiled professional fees and expenses; and
7. Your current estimate of the additional professional fees and expenses necessary to complete the liquidation.

The economics need to be transparent.

The relevant measure of this receivership's financial performance is not gross asset-sale proceeds. It is what remains after Receiver fees, attorneys' fees, professional expenses, transaction costs, and the remaining costs of completing the receivership are deducted.
We just seen how well you done on my  house net negative. The win was punish Barton. Is that the net result when all your bills are presented. Show them unredacted what is it that you are hiding and afraid of daylight

If the accumulated but unfiled professional fees materially reduce—or potentially consume—the proceeds expected from the remaining liquidation, that information should be before the Court and the parties now, not after additional assets have been sold.

If you nevertheless move for another extension, please identify every quarter covered by the requested extension and disclose in the motion the fees and expenses already accrued for each outstanding quarter.

I am copying Keefe so both the Receiver and the SEC have a clear record of my opposition and request for disclosure.

Timothy Barton

Sent from Proton Mail for Android.

## 2Q26 (and prior) Fee Applications

From: Cort Thomas <cort@brownfoxlaw.com>

To: Bernstein, Keefe <bernsteink@sec.gov> , Tim Barton <timothy.barton@proton.me>

Date: 8/10/26 2:52 PM

---

Keefe/Tim,

Similar to prior quarters, I intend to ask the Court for an extension of time to file my fee application for April-June 2026, as well as the other prior quarters for which a fee application has not been filed, to November 16, 2026. Can you please let me know if you are opposed/unopposed to the requested extension? I plan to file the motion for extension no later than Wednesday of this week.

Best,

Cort

BROWN FOX

**Cort Thomas**
Partner

Dallas • Frisco
**Direct**214.367.6094
**Main** 214.327.5000

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Brown Fox PLLC immediately (by replying to this message or calling 214.327.5000) destroy all copies of this message and any attachments. Thank you.