**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-CV-2118-X** |

**DEFENDANT TIMOTHY L. BARTON'S RENEWED MOTION FOR LEAVE TO FILE REPLY APPENDIX, CURING THE CERTIFICATE-OF-CONFERENCE DEFECT IDENTIFIED IN DKT. 849, AND BRIEF IN SUPPORT**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton, appearing pro se, respectfully renews his request for leave to file the short reply appendix previously submitted with Dkt. 846 in support of his Reply concerning the Motions to Compel Turnover and Production of Records [Dkts. 810, 814]. This Renewed Motion for Leave is filed pursuant to the Court's pre-filing Orders [Dkts. 747, 749] and to cure the specific procedural defect identified in the Court's August 11, 2026 Order [Dkt. 849].

## I. COMPLIANCE WITH THE COURT'S PRE-FILING ORDERS [DKTS. 747, 749]

Dkt. 747 requires Barton to seek leave of Court before filing any motion, except responses and replies filed pursuant to Local Civil Rule 7.1(e) and (f). Dkt. 749 explains the procedure for complying with that requirement: Barton is to seek leave "by filing a motion for leave, which the Court will consider," and the motion for leave must explain why the proposed filing is necessary and attach the proposed filing. Dkt. 749 at 2.

This Renewed Motion is the motion-for-leave vehicle contemplated by Dkts. 747 and 749. Barton seeks permission only to file the proposed reply appendix previously submitted with Dkt. 846. The proposed appendix is re-submitted with this Motion as Exhibit A. No separate motion for leave to file this Motion for Leave is required by Dkt. 749, which expressly identifies a motion for leave as the mechanism for seeking the Court's permission.

The Court previously considered the same procedural vehicle in Dkt. 846 and denied it in Dkt. 849 because the filing lacked the certificate of conference required by Local Civil Rule 7.1. This renewed filing cures that identified deficiency and includes the required certificate of conference.

## II. DKT. 849 DENIED THE PRIOR REQUEST FOR A CURABLE PROCEDURAL DEFECT

Dkt. 849 denied the prior motion for leave because it lacked the certificate of conference required by Local Civil Rule 7.1(b). The Order stated that, without that certificate, the motion was incomplete and could not be ruled on. Dkt. 849 at 1-2. The Court did not reject the proposed appendix on its merits or hold that the material was irrelevant or improper.

Barton has now conferred regarding the renewed request, and the required certificate appears below. The same proposed appendix previously lodged with Dkt. 846 is re-submitted and attached here as Exhibit A.

## III. GOOD CAUSE EXISTS TO PERMIT THE SHORT REPLY APPENDIX

The proposed appendix responds to a factual issue first raised in the Receiver's Verified Response [Dkt. 834]. The Receiver asserted that it was unclear whether Barton possessed access credentials for the seized devices and asked the Court to impose relief concerning those credentials. Dkt. 834 at 4, 6. The proposed appendix contains Barton's declaration and the parties' July 30, 2026 email exchange addressing that issue, including Barton's statement that he has no passwords, BitLocker keys, recovery keys, passcodes, or other access credentials for the seized devices and will provide any credential he later locates, recalls, or learns of.

The July 30 exchange also post-dated the last email included in the Receiver's appendix and therefore could not have been presented with Barton's original motion. The material is short, directly responsive to the Receiver's new factual assertion, and relevant to the practical handling of the electronic evidence now at issue in Dkts. 810 and 814.

The underlying Motions to Compel have since been referred to Magistrate Judge Rebecca Rutherford. Dkt. 853. Permitting the appendix will allow the referred motions to be considered on a complete record without reopening merits briefing.

## IV. RELIEF REQUESTED

Barton respectfully requests that the Court grant this renewed motion, permit the proposed reply appendix attached with this renewed motion as Exhibit A to be filed in support of Dkt. 845, and direct the Clerk to docket the proposed appendix as a separate reply appendix associated with Dkts. 810 and 814.

Dated: August 14, 2026

Respectfully submitted,
*/s/ Timothy L. Barton*
**Timothy L. Barton**
*Defendant, Pro Se*
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, Defendant Timothy L. Barton certifies that, on August 14, 2026, he made a good-faith effort to confer by email with counsel for the Receiver and counsel for the Securities and Exchange Commission regarding the relief requested in this Renewed Motion for Leave to File Reply Appendix.

Defendant specifically requested that counsel advise whether the Receiver and the SEC oppose, do not oppose, or take no position on the requested relief. As of the time of filing on August 14, 2026, neither the Receiver nor the SEC had responded to Defendant's conference request. Accordingly, despite Defendant's good-faith effort, a conference could not be completed before filing.

The timing is material because the proposed appendix concerns the pending Motions to Compel [Dkts. 810, 814] and records sought for use in Defendant's parallel criminal proceeding, in which pretrial motions are due August 24, 2026. Defendant therefore proceeded with this filing on August 14 rather than delaying the time-sensitive request pending responses to the conference email.

Pursuant to Local Civil Rule 7.1(b), because a conference could not be completed, the Motion is presumed opposed. Defendant will promptly advise the Court, in a procedurally appropriate manner, if the Receiver or the SEC provides its position after filing.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document is being filed with the Court's electronic-filing system, which will serve all counsel of record.

*/s/ Timothy L. Barton*
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-CV-2118-X** |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S RENEWED MOTION FOR LEAVE TO FILE REPLY APPENDIX**

Before the Court is Defendant Timothy L. Barton's Renewed Motion for Leave to File Reply Appendix, Curing the Certificate-of-Conference Defect Identified in Dkt. 849. The Court finds that the Renewed Motion is the motion-for-leave procedure contemplated by Dkts. 747 and 749, that the Local Civil Rule 7.1(b) defect identified in Dkt. 849 has been cured, and that leave should be granted.

Accordingly, the Motion is GRANTED. The Clerk is directed to file the proposed reply appendix submitted with the renewed motion as a separate reply appendix in support of Defendant's Reply [Dkt. 845] concerning the Motions to Compel Turnover and Production of Records [Dkts. 810, 814].

SO ORDERED this _____ day of ____________, 2026.

____________________________________
**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** | § | |
| ***Defendants,*** | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** | § | |
| ***Relief Defendants.*** | § | |

**APPENDIX IN SUPPORT OF DEFENDANT**
**TIMOTHY L. BARTON'S REPLY REGARDING HIS MOTION**
**TO COMPEL TURNOVER AND PRODUCTION OF RECORDS [DKTS. 810, 814]**

*(Filed pursuant to the Court's Order granting leave, Dkt. ___)*

**INDEX**

| **Exhibit** | **Document** | **APP #s** |
|---|---|---|
| 1 | Declaration of Timothy L. Barton (28 U.S.C. § 1746) | APP001-002 |
| 2 | Email exchange between Timothy L. Barton and Cortney C. Thomas dated July 30, 2026 (11:53 a.m. and 2:27 p.m. messages) | APP003–009 |

# EXHIBIT 1

**DECLARATION OF TIMOTHY L. BARTON PURSUANT TO 28 U.S.C. § 1746**

1. My name is Timothy L. Barton. I am over the age of 18, of sound mind, and fully competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct.

2. Exhibit 1 to this appendix is a true and correct copy of an email exchange between me and Cortney C. Thomas, counsel for the Receiver, on July 30, 2026, consisting of my email sent that morning and Mr. Thomas's reply that afternoon. The exchange occurred after Mr. Thomas's 9:40 a.m. email of the same day, which is the last message included in the Receiver's appendix [Dkt. 835, Ex. B].

3. As I stated in that exchange: I have no passwords, administrative passwords, BitLocker or other encryption keys, recovery keys, passcodes, or other access credentials for any device seized from the office at 2999 Turtle Creek Boulevard, and I know of no individual who has them. If I locate, recall, or learn of any such credential, I will promptly provide it to the Receiver.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2026, in Dallas, Texas.

***/s/ Timothy L. Barton***
**Timothy L. Barton**
**Defendant, Pro Se**

# EXHIBIT 2

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Tim Barton <timothy.barton@proton.me>

To: Cort Thomas <cort@brownfoxlaw.com>

Bcc: zohibahmad@proton.me

Date: 7/23/26 6:59 PM

---

Cort,

Thank you for your email and the updates on the three categories of materials. In the spirit of your message — and in an effort to reach a practical, cost-conscious solution — I would like to take you up on each of your offers and require a few logistical questions so we can move quickly;

1. Emails. Yes, please send me a copy of what you imaged in Spring 2023. So I can arrange receipt: (a) please confirm the copy will include all mailboxes and accounts that were imaged, in native format; (b) what is the approximate total data volume (GB/TB); and (c) what transfer method do you prefer? I am happy to supply blank drives. We also need to understand the server was it maintained and all files kept in order.
If so access to the server is need or a mirror of it.

2. Forensic images of the devices from 2999 Turtle Creek. Yes, please provide copies of the forensic images of each device that was seized. It would help to have a short inventory of the imaged devices (device description and approximate image size for each) so I can arrange adequate storage media, along with your preferred transfer method and expected timing. As above, I am glad to supply the drives.

3. Paper documents from 2999 Turtle Creek. Could you let me know:
(a) approximately how many boxes there are, and whether any box-level index or inventory is available to see the volume of documents to expect

4. Other materials. So we can cover everything in one round: are there any other categories of documents, devices, or data in the possession of the Receiver or its vendors — for example, mobile-device data, external hard drives, or cloud-hosted repositories — beyond the three categories addressed above? If so, please identify them and I will propose the same practical approach for each.

Given the August 24, 2026 pretrial-motions deadline and the November 2, 2026 trial setting in the criminal case, time is short on my end. If it would be faster, I am available for a brief call to finalize logistics — please propose a time that works for you.

Finally, I appreciate the constructive tone of your updates. As your email notes, at least one item (the scanning expense) may require Court involvement, so my pending motions remain on file for now; my hope is that the practical steps above will substantially narrow what actually remains in dispute.

Thank you,

Tim Barton

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Cort Thomas <cort@brownfoxlaw.com>

To: Tim Barton <timothy.barton@proton.me>

Date: 7/30/26 10:39 AM

---

Good morning, Tim.

As to encryption/passwords, this information is required to be turned over to me under the Receivership Order. Please provide whatever you have to me, and I will have Veracity see what they can do.

As to the device inventory, in the interest of time I have already asked Veracity to image the devices and they will create a simple inventory for you in the process. I am willing to give you everything that we seized, so that will be the full inventory. I will ask Judge Starr to award the expense of that effort in connection with ruling on your pending motion. I do not estimate the drives to be expensive. Veracity estimated less than ten hours to image everything. This is in process.

As to the emails, correct, we have not undergone the expense of a privilege review (or accessed the emails). I am willing to make a copy or everything you gave me access to. Similar to the devices, I have instructed them to go ahead and image everything and put it on an external drive in the interest of time. And similar to the devices, I will include in the response I file on the motion to compel that the Receivership be reimbursed for the costs. This is also in process.

As to the paper documents, we had an associate do the privilege review. She has been on maternity leave and comes back next week. I believe that she may have an index, but I will not know until next week. Perhaps what would make the most sense would be for me or a member of my team to meet you at the Storage Unit at some point early next week so that you can assess how you would like to do your review? From there we can schedule times for the review.

As to any other information, I have asked Veracity to confirm what (if any) additional information they may have that is not covered by the above categories. I will commit to getting you whatever we have. I do not remember seizing any mobile devices. I believe that any external hard drives would be included in the devices above but will confirm with Veracity.

Cort

BROWN FOX

**Cort Thomas**
**Direct**214.367.6094
**Main** 214.327.5000

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Tim Barton <timothy.barton@proton.me>

To: Cort Thomas <cort@brownfoxlaw.com>

Date: 7/30/26 12:52 PM

---

Cort.

I have no codes or information on how to open anything on any devices.
I can't imagine who would. I would ask my son but thanks to 4 years of attacks and lawsuits he won't speak to me

I will responsed on the rest shortly but what I don't see is the cloud or server where I understood all files were on some server and that big fight over the server that Edney screwed up and had some code.
Do you have the server access
Tks

Sent from Proton Mail for Android.

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Cort Thomas <cort@brownfoxlaw.com>

To: Tim Barton <timothy.barton@proton.me>

Date: 7/30/26 2:27 PM

---

Yes, I believe the fight was over the cloud email server. We were able to access those in Spring of 2023, and I will have Veracity make copies of everything.

Cort

BROWN FOX

**Cort Thomas**

**Direct** 214.367.6094
**Main** 214.327.5000