**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-CV-2118-X** |

**DEFENDANT TIMOTHY L. BARTON'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO EXPEDITE CONSIDERATION AND RULING ON PENDING MOTIONS TO COMPEL [DKTS. 810, 814], AND BRIEF IN SUPPORT**

TO THE HONORABLE BRANTLEY STARR,
UNITED STATES DISTRICT JUDGE:

Defendant Timothy L. Barton, appearing pro se, respectfully moves for leave under the Court's pre-filing Orders [Dkts. 747 and 749] to file the attached Emergency Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810 and 814], attached as Exhibit A. Barton seeks leave because circumstances arising after the underlying motions were briefed have made prompt resolution necessary before the requested relief loses practical value.

## I. GOOD CAUSE EXISTS FOR LEAVE

**1.** Dkt. 747 requires Barton to seek leave before filing a motion, except for responses and replies permitted by Local Civil Rule 7.1(e) and (f). The Court's subsequent pre-filing procedure requires Barton to present the proposed filing with his request for leave. Barton therefore submits the proposed emergency motion as Exhibit A rather than docketing it independently before leave is granted.

**2.** On August 11, 2026, the Court referred Barton's pending Motions to Compel Turnover and Production of Records [Dkts. 810 and 814] to Magistrate Judge Rebecca Rutherford. Dkt. 853. The proposed filing does not re-brief those motions. It asks only that they be considered and ruled on promptly and that any turnover relief be implemented on an emergency schedule.

**3.** The proposed motion is time-sensitive. Pretrial motions in United States v. Barton, No. 3:22-cr-00352-K, are due August 24, 2026, and the criminal trial is set for November 2, 2026. Dkt. 845 at 2, 4, 6. The records sought in Dkts. 810 and 814 are needed for review of discovery and preparation of the criminal defense.

**4.** A second court-imposed deadline now depends on resolution of Dkts. 810 and 814. On August 12, 2026, the Court entered Dkt. 859, denying without prejudice a separate motion and granting Barton leave to refile that motion within fourteen days after issuance of Magistrate Judge Rutherford's Order on Barton's Motions to Compel the Turnover of Documents [Dkts. 810, 814]. The proposed emergency motion therefore concerns an immediate timing problem that did not exist when Dkts. 810 and 814 were filed.

**5.** The proposed filing is narrow, non-duplicative, and directed to timing, usability, and preservation. It relies principally on the existing docket, including the Receiver's Verified Response [Dkt. 834], Barton's Reply [Dkt. 845], the referral order [Dkt. 853], and the new refiling order [Dkt. 859]. It does not seek to reopen merits discovery or relitigate issues beyond the turnover motions already pending before Magistrate Judge Rutherford.

**6.** Granting leave will permit Magistrate Judge Rutherford to determine whether expedited consideration or interim turnover relief is appropriate, while preserving the SEC's and

Receiver's opportunity to state their positions. The proposed motion and proposed order are attached for the Court's review.

**PRAYER**

Barton respectfully requests that the Court GRANT this Emergency Motion for Leave, permit the proposed Emergency Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810, 814] attached as Exhibit A to be filed and entered on the docket, and grant such other and further relief as is just and proper.

Dated: August 14, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway,
#232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me
Defendant, Appearing Pro Se

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, Defendant Timothy L. Barton certifies that, on August 14, 2026, he made a good-faith effort to confer by email with counsel for the Receiver and counsel for the Securities and Exchange Commission regarding his Emergency Motion for Leave to File the proposed Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810, 814].

Defendant specifically requested that counsel advise whether the Receiver and the SEC oppose, do not oppose, or take no position on the requested leave. As of the time of filing on August 14, 2026, neither the Receiver nor the SEC had responded to Defendant's conference request. Accordingly, despite Defendant's good-faith effort, a conference could not be completed before filing.

The timing is material. Pretrial motions in Defendant's parallel criminal proceeding are due August 24, 2026, and the records sought in Dkts. 810 and 814 are asserted to be necessary for preparation of those motions. Defendant therefore proceeded with this request for leave on August 14 rather than delaying the time-sensitive filing while awaiting responses to the conference email.

Pursuant to Local Civil Rule 7.1(b), because a conference could not be completed, this Motion for Leave is presumed opposed. Defendant will promptly advise the Court, in a procedurally appropriate manner, if the Receiver or the SEC provides its position after filing.

***/s/ Timothy L. Barton***
**Timothy L. Barton,**
**Pro Se**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document is being filed through the Court's electronic-filing system, which will serve counsel of record.

***/s/ Timothy L. Barton***
**Timothy L. Barton,**
**Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | § § § § § § § § § § § § § § § § | **Civil Action No. 3:22-CV-2118-X** |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S EMERGENCY MOTION FOR LEAVE TO FILE MOTION TO EXPEDITE CONSIDERATION AND RULING ON PENDING MOTIONS TO COMPEL [DKTS. 810, 814]**

Before the Court is Defendant Timothy L. Barton's Emergency Motion for Leave to File Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810, 814]. The Court finds good cause and GRANTS the Motion for Leave.

Barton is granted leave to file the Emergency Motion attached as Exhibit A. The Clerk is directed to file and enter Exhibit A as a separate motion on the docket. Dkts. 810 and 814 remain referred to Magistrate Judge Rebecca Rutherford under Dkt. 853.

SO ORDERED.

Signed this _____ day of August, 2026.

______________________________
**BRANTLEY STARR**
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | § § § § § § § § § § § § § § § § | **Civil Action No. 3:22-CV-2118-X** |

**DEFENDANT TIMOTHY L. BARTON'S EMERGENCY MOTION TO EXPEDITE CONSIDERATION AND RULING ON PENDING MOTIONS TO COMPEL [DKTS. 810, 814], AND FOR INTERIM 48-HOUR TURNOVER SCHEDULE, AND BRIEF IN SUPPORT**

TO THE HONORABLE REBECCA RUTHERFORD,
UNITED STATES MAGISTRATE JUDGE:

Defendant Timothy L. Barton, appearing pro se, respectfully asks the Court to expedite consideration and ruling on his pending Motions to Compel Turnover and Production of Records [Dkts. 810 and 814], referred to Magistrate Judge Rutherford by Dkt. 853, and to establish an interim forty-eight-hour schedule for turnover of materials already collected, reviewed, imaged, or otherwise capable of immediate production. This motion does not re-brief the merits of Dkts. 810 and 814. It identifies new and increasingly urgent circumstances that make prompt resolution necessary before the requested relief loses practical value.

## I. TWO IMMEDIATE COURT-IMPOSED DEADLINES NOW DEPEND ON ACCESS TO THESE RECORDS

Barton's pretrial motions in United States v. Barton, No. 3:22-cr-00352-K, are due August 24, 2026, and trial is set for November 2, 2026. Dkt. 845 at 2, 4, 6. The records at issue

are the same books, files, emails, server data, devices, and paper records needed to review discovery, test the Government's evidence, identify relevant or potentially exculpatory material, and prepare the criminal defense. Dkt. 810 at 2-6; Dkt. 845 at 2.

A second deadline now reinforces the need for an expedited ruling. On August 12, 2026, Judge Starr entered Dkt. 859, denying without prejudice a separate motion and granting Barton leave to refile that motion within fourteen days after issuance of Magistrate Judge Rutherford's Order on Barton's Motions to Compel the Turnover of Documents [Dkts. 810, 814]. Dkt. 859 at 2. Resolution of the pending motions to compel is therefore now a practical gateway both to Barton's criminal-defense preparation and to the Court-authorized refiling procedure in Dkt. 859.

The criminal pretrial deadline presents the most immediate prejudice. A turnover order entered after August 24 would substantially diminish the practical value of records that Barton must review before pretrial motions are due. Expedited treatment is therefore necessary if the relief sought in Dkts. 810 and 814 is to remain meaningful.

## II. THE RECEIVER HAS HELD THE MATERIALS FOR NEARLY FOUR YEARS, AND THE RECORD SHOWS THAT THE ELECTRONIC MATERIALS HAVE BEEN IMAGED

The Receiver's Verified Response states that the Receiver does not oppose Barton's access to the requested records and identifies the remaining dispute as how the information should be provided and who should bear the cost. Dkt. 834 at 1. The Receiver further states that the seized electronic devices have been imaged and maintained by the Receiver's IT professionals, that email information was being copied for Barton, and that approximately 300 boxes of paper files remain in storage. Id. at 1-4.

Barton's Reply explains that the paper records have been held since October 2022 and that the disclosed record identifies no receivership use of the boxes beyond the privilege review described by Receiver's counsel. Dkt. 845 at 3-4. Receiver's counsel represented that an associate

had already performed the privilege review of the paper files. Id. at 4 (citing Dkt. 835, APP009). After nearly four years of custody, the Receiver has had substantial time to preserve whatever records are legitimately needed for continued administration.

Barton does not ask the Receiver to destroy or surrender preservation copies. The Receiver may retain forensic images, mirror copies, or copies of particular paper documents reasonably necessary for preservation or continuing administration. Barton asks that originals and usable copies be returned now. To address any legitimate future need, Barton affirmatively agrees to preserve returned original materials in substantially the same condition and to provide the Receiver reasonable access upon reasonable notice if a specific receivership need later arises, subject to any preservation requirement or order in the parallel criminal proceeding.

## III. ELECTRONIC PRODUCTION MUST BE USABLE BY A PRO SE DEFENDANT, NOT LIMITED TO FORENSIC CONTAINERS

The present emergency concerns usability as well as possession. Dkt. 845 requested native-format email data with metadata intact and forensic images of the seized devices. Barton now clarifies that production should not be limited to forensic-image containers, encrypted containers, or proprietary formats that require specialized litigation-support tools before ordinary files can be searched and reviewed.

Barton is proceeding pro se in this civil action and does not have the litigation-support resources available to the Receiver and its forensic vendor. Requiring Barton to obtain specialized software, forensic conversion services, or a separate vendor merely to extract ordinary documents from images already created would convert nominal production into a practical barrier to review before the criminal deadlines.

Accordingly, for each electronic source, Barton requests both: (a) the preservation-grade forensic image or mirror already created, together with available acquisition and verification

hash values and image-format information; and (b) to the extent technically available from the existing image, server, or repository without alteration of the preserved evidence, a logical export of the underlying files in their native/source formats through ordinary Windows-accessible file-system folders, preserving the existing directory structure and metadata to the extent reasonably available. Where the Receiver or its vendor maintains a live server, server mirror, hosted environment, cloud repository, or backup containing responsive data, Barton requests restored access or a complete logical copy of that repository.

This approach preserves the evidentiary image while providing the practical copy Barton needs for ordinary review. It also minimizes cost because it does not require the Receiver to recreate evidence or perform substantive document review; it asks for usable access to data the Receiver or its vendor has already collected and preserved.

## IV. THE PAPER BOXES SHOULD BE RETURNED, TOGETHER WITH ANY COLLECTION, INVENTORY, PRIVILEGE, OR CHAIN-OF-CUSTODY RECORDS THAT EXIST

The Receiver states that the paper files remain organized by the rooms from which they were collected but also states that no detailed index exists. Dkt. 834 at 4-5. Barton has not been provided any chain-of-custody log, packing or collection log, room-by-room photographic inventory, or comparable record documenting how the approximately 300-315 boxes were collected, moved, and maintained. Barton does not ask the Court to assume that no such materials exist. He asks that any such materials be produced if they exist and that the Receiver certify in writing when a requested category does not exist.

Because the paper-file privilege review has already been performed and the boxes have been held since October 2022, continued exclusive warehouse custody is no longer necessary merely to preserve the record. Dkt. 845 at 3-4. The proportionate remedy is return. The Receiver may retain copies of any particular documents he identifies as necessary for current

administration, but that copying should not delay turnover of the originals absent a specific showing to the Court.

Return also addresses any concern about future access. Barton agrees to preserve the returned boxes and make specifically requested materials reasonably available if the Receiver later identifies a legitimate receivership need. That reciprocal preservation arrangement protects the Estate without leaving Barton unable to access his own files while defending the parallel criminal case.

## V. REQUEST FOR EXPEDITED AND INTERIM RELIEF

Barton respectfully requests that the Court expedite consideration and ruling on Dkts. 810 and 814 and, pending final resolution of any remaining implementation issues, order the following interim relief within forty-eight (48) hours of the Court's Order:

**1.** Electronic records and server access. Provide responsive electronic data in native/source formats and existing folder structure, together with a Windows-accessible logical export that can be reviewed through ordinary file-system access, preserving metadata to the extent reasonably available; provide any existing forensic images or mirror copies with available acquisition and verification hash values and image-format information; and provide access to, or a complete logical copy of, any responsive server, server mirror, hosted environment, cloud repository, or backup maintained by the Receiver or his vendors.

**2.** Original electronic devices. Return original computers, hard drives, and other seized electronic devices that have already been adequately imaged, unless the Receiver identifies in writing a specific preservation, evidentiary, or receivership reason requiring continued possession of a particular device. The Receiver may retain the forensic images already created.

**3.** Paper records. Make the approximately 300-315 boxes of paper records available for immediate pickup by Barton or his designee. Before turnover, the Receiver may copy at

Estate expense any specifically identified documents presently needed for ongoing administration, but such copying should not delay turnover absent further order.

**4.** Privilege and collection records. Produce any existing privilege-review index, box-level index, packing list, collection log, chain-of-custody record, room-by-room inventory, photographs taken during collection, storage-transfer records, or similar documentation concerning the paper boxes; if a category does not exist, certify that fact in writing.

**5.** Other repositories. Identify any additional responsive devices, mobile extractions, external drives, backup media, cloud-hosted repositories, third-party productions, or other document/data repositories in the possession, custody, or control of the Receiver or his vendors.

**6.** Future access and preservation. Permit Barton to take custody of the returned originals subject to his undertaking to preserve them in substantially the same condition and provide reasonable future access to the Receiver upon reasonable notice if a specific need arises, subject to any preservation requirement or order in the parallel criminal proceeding.

**7.** Exception procedure. For any item or category that cannot be produced or made available within forty-eight (48) hours, require the Receiver to identify the item or category, state the specific reason, and provide the earliest date on which it can be produced or made accessible.

## CONCLUSION

The August 24 criminal pretrial-motion deadline is imminent, and Dkt. 859 creates a separate court-authorized refiling window tied directly to Magistrate Judge Rutherford's disposition of Dkts. 810 and 814. The Receiver has already imaged the electronic devices, has held the paper records for nearly four years, and has represented that a privilege review of the paper files was performed. Under these circumstances, Barton respectfully requests expedited consideration and ruling on Dkts. 810 and 814 and the interim forty-eight-hour turnover and

usable-access schedule described above, together with such further relief as the Court deems just and appropriate.

Dated: August 14, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me
Defendant, Appearing Pro Se

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, Defendant Timothy L. Barton certifies that, on August 14, 2026, he made a good-faith effort to confer by email with counsel for the Receiver and counsel for the Securities and Exchange Commission regarding the relief requested in his proposed Emergency Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810, 814] and for an Interim 48-Hour Turnover Schedule.

Defendant specifically requested that counsel advise whether the Receiver and the SEC oppose, do not oppose, or take no position on the requested expedited consideration and turnover relief. As of the time of filing on August 14, 2026, neither the Receiver nor the SEC had responded to Defendant's conference request. Accordingly, despite Defendant's good-faith effort, a conference could not be completed before filing.

The request is time-sensitive because pretrial motions in Defendant's parallel criminal proceeding are due August 24, 2026. Dkt. 845 previously advised the Court of that deadline, and Dkts. 810 and 814 have since been referred to Magistrate Judge Rebecca Rutherford for resolution. Defendant therefore proceeded with the proposed emergency request on August 14 rather than delaying it while awaiting responses to the conference email.

Pursuant to Local Civil Rule 7.1(b), because a conference could not be completed, the proposed Emergency Motion is presumed opposed. Defendant will promptly advise the Court, in a procedurally appropriate manner, if the Receiver or the SEC provides its position after filing.

***/s/ Timothy L. Barton***
***Timothy L. Barton, Pro Se***

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), no separate certificate of service is necessary because this document is being filed through the Court's electronic-filing system, which will serve counsel of record.

***/s/ Timothy L. Barton***
***Timothy L. Barton,***
***Pro Se***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>*Plaintiff,*<br>v.<br><br>**TIMOTHY L. BARTON, et al.,**<br><br>*Defendants,*<br><br>**DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:22-CV-2118-X** |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY L. BARTON'S EMERGENCY MOTION TO EXPEDITE CONSIDERATION AND RULING ON PENDING MOTIONS TO COMPEL [DKTS. 810, 814] AND ESTABLISHING INTERIM 48-HOUR TURNOVER SCHEDULE**

Before the Court is Defendant Timothy L. Barton's Emergency Motion to Expedite Consideration and Ruling on Pending Motions to Compel [Dkts. 810, 814]. Dkts. 810 and 814 were referred to the undersigned by Dkt. 853. Having considered the emergency motion, the parties' filings concerning Dkts. 810 and 814, and the record, the Court finds that expedited consideration and interim turnover relief are appropriate in light of the August 24, 2026 criminal pretrial-motion deadline and the refiling procedure established by Dkt. 859.

The Emergency Motion is GRANTED. Dkts. 810 and 814 shall be considered on an expedited basis. Pending final resolution of any remaining implementation issues, the Receiver shall, within forty-eight (48) hours of this Order, make available to Barton the following materials to the extent presently within the Receiver's or his vendors' possession, custody, or control:

**1.** Electronic data in native/source formats and existing folder structure, together with a logical export accessible through ordinary Windows file-system access, preserving metadata to the extent reasonably available. Any existing forensic images or mirror copies shall also be provided with available acquisition and verification hash values and image-format information.

**2.** Access to, or a complete logical copy of, any responsive server, server mirror, hosted environment, cloud repository, or backup maintained by the Receiver or his vendors.

**3.** Original computers, hard drives, and other seized electronic devices that have already been adequately imaged, unless the Receiver identifies in writing a specific preservation, evidentiary, or receivership reason requiring continued possession of a particular device. The Receiver may retain the forensic images already created.

**4.** The approximately 300-315 boxes of paper records for pickup by Barton or his designee. Before turnover, the Receiver may copy at Estate expense any specifically identified documents presently needed for ongoing administration, provided that such copying does not delay turnover absent further order.

**5.** Any existing privilege-review index, box-level index, packing list, collection log, chain-of-custody record, room-by-room inventory, photographs taken during collection, storage-transfer records, or similar documentation concerning the paper records. For any listed category that does not exist, the Receiver shall so state in writing.

**6.** A written identification of any additional responsive devices, mobile extractions, external drives, backup media, cloud-hosted repositories, third-party productions, or other document/data repositories held by the Receiver or his vendors.

Barton shall preserve returned original materials in substantially the same condition and provide the Receiver reasonable access upon reasonable notice if a specific future receivership need arises, subject to any preservation requirement or order in the parallel criminal proceeding.

If any item or category cannot be produced or made available within forty-eight (48) hours, the Receiver shall identify it in writing, state the specific reason, and provide the earliest date on which it can be produced or made accessible.

SO ORDERED.

Signed this _____ day of August, 2026.

______________________________

**REBECCA RUTHERFORD**
UNITED STATES MAGISTRATE JUDGE