**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**APPENDIX IN SUPPORT OF DEFENDANT**
**TIMOTHY L. BARTON'S REPLY REGARDING HIS MOTION**
**TO COMPEL TURNOVER AND PRODUCTION OF RECORDS [DKTS. 810, 814]**

*(Filed pursuant to the Court's Order granting leave, Dkt. ___)*

**INDEX**

| Exhibit | Document | APP #s |
|---|---|---|
| 1 | Declaration of Timothy L. Barton (28 U.S.C. § 1746) | APP001-002 |
| 2 | Email exchange between Timothy L. Barton and Cortney C. Thomas dated July 30, 2026 (11:53 a.m. and 2:27 p.m. messages) | APP003–009 |

# EXHIBIT 1

**DECLARATION OF TIMOTHY L. BARTON PURSUANT TO 28 U.S.C. § 1746**

1. My name is Timothy L. Barton. I am over the age of 18, of sound mind, and fully competent to make this declaration. The facts stated here are within my personal knowledge and are true and correct.

2. Exhibit 1 to this appendix is a true and correct copy of an email exchange between me and Cortney C. Thomas, counsel for the Receiver, on July 30, 2026, consisting of my email sent that morning and Mr. Thomas's reply that afternoon. The exchange occurred after Mr. Thomas's 9:40 a.m. email of the same day, which is the last message included in the Receiver's appendix [Dkt. 835, Ex. B].

3. As I stated in that exchange: I have no passwords, administrative passwords, BitLocker or other encryption keys, recovery keys, passcodes, or other access credentials for any device seized from the office at 2999 Turtle Creek Boulevard, and I know of no individual who has them. If I locate, recall, or learn of any such credential, I will promptly provide it to the Receiver.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2026, in Dallas, Texas.

***/s/ Timothy L. Barton***
**Timothy L. Barton**
**Defendant, Pro Se**

# EXHIBIT 2

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Tim Barton <timothy.barton@proton.me>

To: Cort Thomas <cort@brownfoxlaw.com>

Bcc: zohibahmad@proton.me

Date: 7/23/26 6:59 PM

---

Cort,

Thank you for your email and the updates on the three categories of materials. In the spirit of your message — and in an effort to reach a practical, cost-conscious solution — I would like to take you up on each of your offers and require a few logistical questions so we can move quickly;

1. Emails. Yes, please send me a copy of what you imaged in Spring 2023. So I can arrange receipt: (a) please confirm the copy will include all mailboxes and accounts that were imaged, in native format; (b) what is the approximate total data volume (GB/TB); and (c) what transfer method do you prefer? I am happy to supply blank drives. We also need to understand the server was it maintained and all files kept in order.
If so access to the server is need or a mirror of it.

2. Forensic images of the devices from 2999 Turtle Creek. Yes, please provide copies of the forensic images of each device that was seized. It would help to have a short inventory of the imaged devices (device description and approximate image size for each) so I can arrange adequate storage media, along with your preferred transfer method and expected timing. As above, I am glad to supply the drives.

3. Paper documents from 2999 Turtle Creek. Could you let me know:
(a) approximately how many boxes there are, and whether any box-level index or inventory is available to see the volume of documents to expect

4. Other materials. So we can cover everything in one round: are there any other categories of documents, devices, or data in the possession of the Receiver or its vendors — for example, mobile-device data, external hard drives, or cloud-hosted repositories — beyond the three categories addressed above? If so, please identify them and I will propose the same practical approach for each.

Given the August 24, 2026 pretrial-motions deadline and the November 2, 2026 trial setting in the criminal case, time is short on my end. If it would be faster, I am available for a brief call to finalize logistics — please propose a time that works for you.

Finally, I appreciate the constructive tone of your updates. As your email notes, at least one item (the scanning expense) may require Court involvement, so my pending motions remain on file for now; my hope is that the practical steps above will substantially narrow what actually remains in dispute.

Thank you,

Tim Barton

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Cort Thomas <cort@brownfoxlaw.com>

To: Tim Barton <timothy.barton@proton.me>

Date: 7/30/26 10:39 AM

---

Good morning, Tim.

As to encryption/passwords, this information is required to be turned over to me under the Receivership Order. Please provide whatever you have to me, and I will have Veracity see what they can do.

As to the device inventory, in the interest of time I have already asked Veracity to image the devices and they will create a simple inventory for you in the process. I am willing to give you everything that we seized, so that will be the full inventory. I will ask Judge Starr to award the expense of that effort in connection with ruling on your pending motion. I do not estimate the drives to be expensive. Veracity estimated less than ten hours to image everything. This is in process.

As to the emails, correct, we have not undergone the expense of a privilege review (or accessed the emails). I am willing to make a copy or everything you gave me access to. Similar to the devices, I have instructed them to go ahead and image everything and put it on an external drive in the interest of time. And similar to the devices, I will include in the response I file on the motion to compel that the Receivership be reimbursed for the costs. This is also in process.

As to the paper documents, we had an associate do the privilege review. She has been on maternity leave and comes back next week. I believe that she may have an index, but I will not know until next week. Perhaps what would make the most sense would be for me or a member of my team to meet you at the Storage Unit at some point early next week so that you can assess how you would like to do your review? From there we can schedule times for the review.

As to any other information, I have asked Veracity to confirm what (if any) additional information they may have that is not covered by the above categories. I will commit to getting you whatever we have. I do not remember seizing any mobile devices. I believe that any external hard drives would be included in the devices above but will confirm with Veracity.

Cort

BROWN FOX

**Cort Thomas**

**Direct**214.367.6094
**Main** 214.327.5000

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Tim Barton <timothy.barton@proton.me>

To: Cort Thomas <cort@brownfoxlaw.com>

Date: 7/30/26 12:52 PM

---

Cort.

I have no codes or information on how to open anything on any devices.
I can't imagine who would. I would ask my son but thanks to 4 years of attacks and lawsuits he won't speak to me

I will responsed on the rest shortly but what I don't see is the cloud or server where I understood all files were on some server and that big fight over the server that Edney screwed up and had some code.
Do you have the server access
Tks

Sent from Proton Mail for Android.

# TIME-SENSITIVE — SEC v. Barton, No. 3:22-cv-02118-X (N.D. Tex.) — LR 7.1 Conference: Motion for Leave and Emergency Motion for Consolidated Hearing or Expedited Ruling

From: Cort Thomas <cort@brownfoxlaw.com>

To: Tim Barton <timothy.barton@proton.me>

Date: 7/30/26 2:27 PM

---

Yes, I believe the fight was over the cloud email server. We were able to access those in Spring of 2023, and I will have Veracity make copies of everything.

Cort

BROWN FOX

**Cort Thomas**

**Direct** 214.367.6094
**Main** 214.327.5000