**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>Defendants,<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>Relief Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:22-cv-2118-X** |

**SOUTHERN PROPERTIES CAPITAL, LTD.'S MOTION FOR LEAVE TO FILE RESPONSE IN SUPPORT OF THE RECEIVER'S VERIFIED MOTION TO RATIFY SETTLEMENT AGREEMENT (DKT. 872), RESPONSE TO DEFENDANT BARTON'S OBJECTION (DKT. 885), AND BRIEF IN SUPPORT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:**

Southern Properties Capital, Ltd. ("SPC"), the counterparty to the Settlement and Release Agreement that is the subject of the Receiver's Verified Motion to Ratify (Dkt. 872) (the "Receiver's Motion"), respectfully moves for leave to file the attached Response in Support of the Receiver's Motion, Response to Defendant Timothy Barton's Objection to the Receiver's Motion (Dkt. 885), and Brief in Support (the "Response," attached as Exhibit A). In support, SPC shows the Court as follows.

## I. BACKGROUND

1. On August 18, 2026, the Receiver and SPC executed a Settlement and Release Agreement (the "Agreement") resolving their disputes over the four D4 Properties, the D4

Entities, the HUD Loans, the Pledge and Security Agreements, the SPC Debt, and SPC's asserted Conversion Rights, Assignment Rights and ownership claims. (Dkt. 873 App. 005–018). The Agreement is conditioned on Court Ratification and is null and void if ratification does not occur within 60 days of the filing of the Receiver's Motion. *Id.* App. 011 ¶ 6(a). It also obligates both parties to cooperate in obtaining ratification, "including through any litigation, appeals, or similar legal challenges to ratification or approval of the transactions contemplated by this Settlement Agreement." *Id.* App. 014 ¶ 13.

2. On August 24, 2026, the Receiver filed the Motion (Dkt. 872) and four related motions for approval of the transfers and sale contemplated by the Agreement (Dkts. 874, 876, 878, 880) (collectively, the "Sale Motions"). The Court has set the four Sale Motions for hearing on September 29, 2026. (Dkt. 882).

3. On September 3, 2026, Defendant Timothy Barton filed a 23-page Consolidated Response and Objection to all five motions. Dkt. 885.[1] The Objection is directed in substantial part at SPC: it disputes the value of the consideration SPC is paying, characterizes the Agreement's competing-bid provisions, challenges the amount, obligors and allocation of the SPC Debt, attacks the release of claims running to SPC and its affiliates, asserts that SPC's property-management affiliate holds estate funds without a complete accounting, and asks the Court to condition or deny approval on terms that would alter SPC's bargain. *Id.* at pp. 8–19.

4. SPC has sought to intervene and participate in this case before, but it is not presently a party. SPC filed a Complaint in Intervention (Dkt. 184) in 2023, which the Court stayed pending a summary proceeding (Dkt. 217) and later denied without prejudice with all

---

[1] Barton's Objection was filed late. Pursuant to the Court's Order Governing Administration of Receivership Estate (Dkt. 63) any objection was required to be filed within seven (7) days of service of the Receiver's Motions (¶A.1(a)).

other pending motions when the Fifth Circuit vacated the Initial Receivership Order (Dkt. 306). SPC then filed a second Motion for Intervention and responded in opposition to the SEC's Second Motion to Appoint Receiver (Dkts. 327, 329–333, 336); the Court denied SPCs second Motion for Intervention without prejudice, stating that "SPC may refile its motion after the Court resolves the SEC's motion for entry of a new receivership order" (Dkt. 343), but admitted SPC's Erik Johnson Declaration into evidence at the receivership hearing (Dkt. 385). Following entry of the Second Receivership Order (Dkt. 417), SPC and the Receiver turned to mediation rather than renewed litigation, because both parties recognized that continued litigation would be costly, time-consuming and result in significant delay. Mediation with former United States Bankruptcy Judge Harlan Hale produced the Agreement now before the Court. (Dkt. 872 ¶¶ 36–37). As a result, SPC did not refile another motion to intervene.

5. SPC does not seek to intervene as a party for all purposes, and it does not ask the Court to adjudicate its claims. It asks only for leave to be heard, within the time and page limits that would govern a party's response, on a motion whose subject is SPC's own contract and on an objection whose principal target is SPC.[2]

## II. ARGUMENT AND AUTHORITIES

### A. The Court has broad discretion to determine who may be heard on matters affecting the administration of the receivership estate.

"[T]he district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership," and its actions "supervising an equity receivership" are "committed to [its] sound discretion." *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–73 (5th

[2] Pursuant to Local Rule 7.1(e), a response and brief to an opposed motion shall be filed within 21 days of the date the motion is filed. Therefore, SPC's is due on or before September 16, 2026. To the extent the Response is deemed a reply in response to Barton's Objection, this Motion is still timely under Local rule 7.1(f), as it would be due within 14 days of the filing of Barton's Objection on September 3, which is September 17.

Cir. 1982) (internal quotation omitted). That discretion extends to the procedures by which the court receives evidence and argument on a proposed compromise of claims against the estate. *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (receivership courts "may also exercise discretion to approve settlements of disputed claims to receivership assets, provided that the settlements are 'fair and equitable and in the best interests of the estate'"). The Fifth Circuit has recently emphasized that a receivership court acts within that discretion when it permits an objector — there, a non-party movant — "to present evidence when the facts are in dispute and to make arguments on those facts." *SEC v. Hill*, No. 25-50986, 2026 U.S. App. LEXIS 25845, at *30 (5th Cir. Aug. 25, 2026). The same logic applies with at least equal force to SPC, the counterparty to the Receiver's Settlement Agreement to which Barton has objected.

**B. SPC's interests are directly at stake, and Barton's Objection puts them there.**

The Receiver's Motion asks the Court to ratify SPC's agreement. Barton's Objection asks the Court to deny or condition ratification on grounds that go to SPC's consideration, SPC's debt, SPC's releases, SPC's affiliate, and the bid terms SPC negotiated. (Dkt. 885 at 8–19). Several of Barton's requests — that the Court "state that approval neither adjudicates nor releases independent rights belonging to any non-party or non-signatory," that it adjust the topping-bid procedures, and that it require disclosures concerning SPC's permitted assignees — are matters on which SPC's position is the most relevant one in the case, and on several of them SPC is prepared to agree. *Id.* at 14, 16–17, 21–22. The Court will rule on a more complete record if it hears from SPC than if it does not.

SPC's participation is also what the Agreement contemplates. Paragraph 13 requires SPC to cooperate in obtaining ratification through "any litigation, appeals, or similar legal

challenges." (Dkt. 873 App. 014 ¶ 13). Barton's Objection is exactly such a challenge, and the Receiver has confirmed that he does not oppose SPC being heard.

**C. Granting leave causes no delay and no prejudice.**

SPC tenders its proposed Response with this motion (See Exhibit A), within the 21-day period that L.R. 7.1(e) would allow a party to respond to the Receiver's August 24 Motion, and within the deadline for a response or reply to Barton's Objection. Granting leave will not disturb the September 29 hearing on the Sale Motions (Dkt. 882) or any other deadline. Barton, who elected to file a consolidated response and objection addressed to SPC's Settlement Agreement with the Receiver, cannot claim surprise that SPC wishes to respond to it. If the Court prefers, SPC has no objection to Barton being permitted a short reply directed to SPC's Response.

**D. Alternatively, the Court should consider the Response under its inherent authority to inform itself on the fairness of the compromise.**

If the Court concludes that SPC lacks a procedural right to respond, SPC respectfully requests that the Court nonetheless consider the Response, in the exercise of the discretion recognized in *Safety Finance* and *Stanford*, as a submission by the settling counterparty on the question whether the compromise is "fair and equitable and in the best interests of the estate." *Stanford*, 927 F.3d at 840. The Court took a comparable step in 2023 when it admitted SPC's declaration into the receivership-hearing record notwithstanding the denial of SPC's motion to intervene. (Dkt. 385).

## III. CERTIFICATE OF CONFERENCE (L.R. 7.1(a)–(b))

The undersigned has conferred with the Receiver and Keefe M. Bernstein, counsel for the SEC, who both stated they are unopposed to the relief requested in this Motion. The undersigned also conferred with Defendant Timothy Barton, and Mr. Barton stated he is opposed to the relief requested in this Motion.

## IV. PRAYER

SPC respectfully requests that the Court grant leave for SPC to file the Response attached as Exhibit A, enter the Order attached hereto as Exhibit B granting SPC leave to file the Response, direct the Clerk to file the Response as of the date of the Court's order, consider it in ruling on the Receiver's Verified Motion to Ratify Settlement Agreement (Dkt. 872), and grant SPC such other and further relief to which it may be justly entitled. A proposed order is submitted separately in accordance with L.R. 7.1(c).

Respectfully submitted,

**FERGUSON BRASWELL FRASER KUBASTA PC**

By: /s/ *Douglas J. Buncher*
**Douglas J. Buncher**
State Bar No. 03342700
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Telephone: (972) 378-9111
Direct: (469) 480-7596
Facsimile: (972) 378-9115
dbuncher@fbfk.law

**ATTORNEYS FOR SOUTHERN PROPERTIES CAPITAL, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing using the Court's CM/ECF system, which will serve all counsel of record and registered ECF participants, including Defendant Timothy Barton, pro se, who is a registered ECF user (Dkt. 777).

*/s/ Douglas J. Buncher*