**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Case No. 3:22-cv-2118-X |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, ET AL., | § | |
| | § | |
| *Defendants.* | | |

**DEFENDANT TIMOTHY BARTON'S OPPOSED MOTION FOR STAY PENDING APPEAL AND, IN THE ALTERNATIVE, FOR A TEMPORARY ADMINISTRATIVE STAY**

Defendant Timothy Barton ("Barton"), appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 62(d) and the Court's inherent authority, to stay pending appeal its Order of August 11, 2026 (ECF No. 852), which accepted the Findings, Conclusions, and Recommendations of the United States Magistrate Judge (ECF Nos. 770, 774, 775) and granted the motions to declare void the notices of lis pendens described below (ECF Nos. 681, 688). Barton has filed a notice of appeal from the Order (ECF No. 865), and the appeal has been docketed in the United States Court of Appeals for the Fifth Circuit as No. 26-10776. In the alternative, Barton requests a temporary administrative stay of fourteen (14) days to permit him to seek relief in the court of appeals under Federal Rule of Appellate Procedure 8(a)(2). In support, Barton shows as follows:

**I. BACKGROUND**

1. On July 31, 2024, Barton recorded two notices of lis pendens in the real property records of Tarrant County, Texas: Instrument No. D224135503, concerning approximately 100.223 acres

along Shelby Road, west of Rendon Road, Fort Worth, Texas (the "Orchard Farms Property"), and Instrument No. D224135502, concerning approximately 40.20 acres at the intersection of Loop 820 and Huffines Boulevard, Fort Worth, Texas (the "Marine Creek Property"). On October 6, 2025, a notice of lis pendens was recorded in the real property records of Dallas County, Texas, as Instrument No. 202500210040, concerning the real property located at 3820 E. Illinois Avenue, Dallas, Texas (collectively, the "Lis Pendens").

2. On September 22, 2025, DLP Real Estate Capital, Inc., DLP Winter Haven Ventures, LLC, Orchard Farms Ventures, LLC, and Marine Creek Ventures, LLC (the "DLP Entities") moved on an emergency basis to declare the Tarrant County Lis Pendens void (ECF No. 681). Tamamoi, LLC and 3820 Illinois, LLC later moved to void the Dallas County lis pendens (ECF No. 688). Neither group of movants is a party to this action.

3. The motions were referred to United States Magistrate Judge Rutherford. Barton objected to the referral and to the proceedings before the Magistrate Judge at each stage (ECF No. 705).

4. On June 11, 2026 the Magistrate Judge set a status conference on the motions. Barton timely moved for a continuance for good cause. The continuance was not granted, and the status conference was held on June 11, 2026 in Barton's absence. Barton was therefore not heard at the only conference conducted on the motions.

5. On June 22 and 23, 2026, the Magistrate Judge issued Findings, Conclusions, and Recommendations recommending that the District Judge grant the motions and declare the Lis Pendens void (ECF Nos. 770, 774, 775). Barton filed timely, specific written objections pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

6. On August 11, 2026, the Court entered its Order accepting the Findings, Conclusions, and Recommendations and granting both motions (ECF No. 852). Barton filed a notice of appeal on August 18, 2026 (ECF No. 865). The appeal is docketed as Fifth Circuit No. 26-10776. No briefing schedule has yet issued and the record on appeal has not yet been transmitted.

## II. LEGAL STANDARD

While an appeal is pending from an interlocutory order or judgment that grants, dissolves, or denies an injunction, the district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The Order of August 11, 2026 operates as coercive, injunction-like relief: it extinguishes recorded instruments and alters the status quo in the county property records. Independently, this Court retains inherent authority to stay its own orders pending appeal. *Nken v. Holder*, 556 U.S. 418, 426 (2009) (the power to stay "is part of a court's 'traditional equipment for the administration of justice'") (citation omitted).

Four factors govern: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). In this Circuit, "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

## III. ARGUMENT

**A. The appeal presents serious legal questions on which Barton has a substantial case.**

First, the appeal presents a substantial procedural due process question. The only status conference held on the motions proceeded in Barton's absence, after Barton timely sought a continuance for good cause. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted). Whether the summary extinguishment of recorded instruments — effected on the recommendation of a Magistrate Judge following a conference at which the affected party was not heard — comported with due process is a serious legal question appropriate for appellate resolution.

Second, the appeal presents a substantial question concerning the effect of the Reserved Claims provision of the Court-ratified settlement between the Receiver and the DLP Entities. That agreement expressly reserves, and provides shall survive, "all claims . . . of any nature whatsoever . . . pertaining to title of the conveyed property under any of the DLP Transactions." Settlement Agreement (ECF No. 681-1, Ex. A) at 4. The movants' premise — that no live controversy pertaining to title exists or could exist as to these properties — is thus contradicted by the very instrument on which their motion relied, and the interaction between the Reserved Claims carve-out and the relief granted presents a substantial question for the court of appeals.

Third, the appeal presents the question of the proper scope of a federal court's power summarily to extinguish instruments recorded in the state county records, without an evidentiary hearing and outside the expungement procedures of Texas Property Code § 12.0071. Barton acknowledges that in *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1152–53 (5th Cir. 1988), the Fifth Circuit held that a lis pendens not authorized by Texas statute is "of no effect" and that no particular procedure is required to cancel it. Whether that holding, rendered in the bankruptcy context, extends to the circumstances presented here — including the process afforded before

cancellation — is a question Barton presents in good faith for appellate consideration and preservation.

**B. Absent a stay, Barton will suffer irreparable injury because the appeal will be mooted.**

The movants sought this relief expressly to clear title for pending sales of the properties. If the properties are conveyed to third-party purchasers while the appeal is pending, no effectual relief will remain available to Barton from the court of appeals, and the appeal will be subject to dismissal as moot. See *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (a case becomes moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party") (citation omitted). This risk is not speculative: Barton's prior appeal concerning the DLP settlement ratification was dismissed as moot by the Fifth Circuit in March 2024 (see ECF No. 492) after events overtook it. The complete and irrevocable loss of appellate review is irreparable injury of the first order.

**C. A stay will not substantially injure the movants.**

The movants have held title to the properties since 2021. A stay would merely preserve the status quo that existed for the many months the motions were pending, for the limited period required for the Fifth Circuit to adjudicate an expedited appeal or an emergency motion under Rule 8. Any residual risk to the movants can be addressed by conditioning the stay on appropriate terms under Rule 62(d), including expedition of the appeal, which Barton does not oppose and affirmatively requests.

**D. The public interest favors a stay.**

The public interest lies in the preservation of meaningful appellate review before rights are irrevocably extinguished, and in the orderly and predictable treatment of instruments recorded in

the public property records. A short stay serves both interests; the denial of a stay followed by third-party conveyances would defeat them.

## IV. ALTERNATIVE REQUEST FOR TEMPORARY ADMINISTRATIVE STAY

If the Court is not inclined to grant a stay pending appeal, Barton respectfully requests, in the alternative, a temporary administrative stay of fourteen (14) days from the date of the Court's ruling on this Motion, solely to permit Barton to present a motion for stay pending appeal to the Fifth Circuit as contemplated by Federal Rule of Appellate Procedure 8(a)(2), which requires that such a motion ordinarily be presented first to the district court.

## V. CONCLUSION AND PRAYER

For the foregoing reasons, Barton respectfully requests that the Court (i) stay its Order of August 11, 2026 (ECF No. 852) pending resolution of Fifth Circuit Appeal No. 26-10776; (ii) in the alternative, enter a temporary administrative stay of fourteen (14) days to permit application to the court of appeals; and (iii) grant such other and further relief to which Barton may be justly entitled. Given the movants' stated intent to convey the properties, Barton respectfully requests expedited consideration of this Motion.

Dated: August 31, 2026.

Respectfully submitted,

***/s/ Timothy Barton***

**Timothy Barton, Pro Se**
1846 East Rosemeade Parkway,
#232 Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, I certify that on August 31, 2026, I conferred by email with counsel for the Securities and Exchange Commission, Receiver Cortney C. Thomas, counsel for the DLP Entities (Michael D. Napoli), and counsel for Tamamoi, LLC and 3820 Illinois, LLC (Howard Marc Spector) regarding the relief requested in this Motion.

Counsel for the Securities and Exchange Commission opposes the requested relief. Receiver opposes the requested relief. Counsel for the DLP Entities opposes the requested relief. As of the time of filing, counsel for Tamamoi, LLC and 3820 Illinois, LLC has not responded to the conferral email.

Accordingly, this Motion is submitted as **opposed**.

*/s/ Timothy Barton*
Timothy Barton

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2026, a true and correct copy of the foregoing document was filed with the Clerk of Court and served through the Court's CM/ECF system, which caused notice of the filing to be sent to all counsel and pro se parties of record.

***/s/ Timothy Barton***
**Timothy Barton**

# EXHIBIT 1

**Proposed Order Granting Defendant Timothy Barton's Opposed Motion for Stay Pending Appeal**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Case No. 3:22-cv-2118-X |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, ET AL., | § | |
| | § | |
| *Defendants.* | | |

**[PROPOSED] ORDER GRANTING DEFENDANT TIMOTHY BARTON'S OPPOSED MOTION FOR STAY PENDING APPEAL**

Before the Court is Defendant Timothy Barton's Opposed Motion for Stay Pending Appeal and, in the Alternative, for a Temporary Administrative Stay. Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be GRANTED.

**IT IS ORDERED** that the operation and enforcement of the Court's August 11, 2026 Order (ECF No. 852) are STAYED pending final disposition of Fifth Circuit Appeal No. 26-10776, including issuance of the mandate, unless otherwise ordered by this Court or the court of appeals.

**IT IS FURTHER ORDERED** that the status quo immediately preceding entry of ECF No. 852 is restored and shall be maintained for the duration of the stay.

**SO ORDERED.**
Dated: ____________________, 2026.

______________________________
**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**