**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 3:22-cv-02118-X |
| TIMOTHY BARTON, et al., Defendants, | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, Relief Defendants. | § § § | |

**DEFENDANT TIMOTHY BARTON'S BRIEF IN SUPPORT OF RENEWED MOTION FOR LEAVE TO FILE SUPPLEMENT AND ALTERNATIVE REQUEST FOR RELIEF CONCERNING TIME**

## I. Relief Requested

Barton requests leave to submit the proposed supplement previously tendered as Exhibit A to Dkt. 893, together with the supporting appendix previously tendered at Dkt. 893-1. He expressly seeks permission for the portions responding to SPC's Dkt. 890 as well as the Receiver's corrected appendices at Dkts. 886–888. If a filing period otherwise bars the submission, Barton requests the appropriate extension under Rule 6(b).

## II. Procedural Background

Barton filed his Consolidated Response and Objection on September 3, 2026. Dkt. 885. The Receiver filed amended appraisal appendices on September 4, 2026, addressing Opelika, Ingleside, and Windmill Farms. Dkts. 886–888. Barton subsequently sought leave to supplement his objection in light of those submissions and SPC's intervening filing. Dkt. 893.

The September 21 order denied leave because the prior conference did not adequately disclose the proposed response to SPC and because sending an email without waiting for a response did not satisfy the conference requirement. The Court also found no good cause for another motion

or response. Dkt. 919. Barton therefore renews his request with an express statement of its scope and a certificate reporting the conference record as it exists at the time of filing.

**III. Good Cause Supports a Limited Supplemental Submission**

The proposed supplement concerns developments occurring after Dkt. 885 and evidence bearing on the issues those developments place before the Court. Its appraisal discussion addresses the stated purposes and intended-use limitations of the reports in the corrected appendices. Its responsive discussion addresses SPC's position concerning conversion rights and the financial and procedural premises of the proposed settlement. Dkt. 893, Ex. A, PDF pp. 5–14.

The requested submission identifies evidence and requests reconciliation concerning asserted conversion rights, stipulated debt balances, manager-held cash and possible excess-cash payments, tax information, and the settlement's mediation provisions. Barton offers these matters for the Court's evaluation; he does not ask the Court to treat the disputed propositions as established facts merely because they appear in the proposed supplement.

Some supporting documents predate Dkt. 885. The basis for leave is their relevance to the corrected appraisal record and SPC's intervening filing, rather than a contention that every cited document is newly created or newly discovered. Barton requests a defined opportunity to address those developments before disposition of the pending transactions.

The proposed supplement was tendered on September 17, 2026. Dkt. 893. The renewed request does not enlarge that substantive submission or seek unrestricted additional briefing. The Court may limit its consideration to matters responsive to the corrected appendices and SPC's filing, disregard repetitive argument, and allow a short response on a schedule of its choosing. Those limitations would address concerns about cumulative briefing while permitting consideration of the identified record issues.

**IV. The Renewed Request Expressly Addresses the Conference Deficiencies**

Local Civil Rule 7.1(a) requires conferral with counsel for each party affected by the requested relief. Rule 7.1(b) requires an accurate certificate stating the parties' positions and, when agreement is not reached, the relevant conference information. If a conference is not possible, Rule 7.1(b)(3) requires an explanation and presumes opposition.

The certificate accompanying the renewed motion separately identifies the Receiver's, SEC's, and SPC's positions and the actual conference efforts. The request expressly encompasses the proposed response to SPC and the alternative relief concerning time. Barton does not rely on an earlier statement of nonopposition as consent to a materially different request. Nor does he treat an unanswered email or a unilaterally selected response date as sufficient, standing alone, to establish compliance with Dkt. 919.

If any conference remains incomplete, Barton requests that the Court evaluate the particular circumstances stated in the certificate. He alternatively requests a short period to complete any additional conference the Court considers necessary. This request acknowledges the Court's conference requirements and seeks a procedurally complete determination of leave.

**V. Alternative Request for an Extension and Acceptance Out of Time**

Federal Rule of Civil Procedure 6(b)(1)(A) permits an extension for good cause when the request is made before the applicable period expires. If the period has expired, Rule 6(b)(1)(B) permits relief upon a motion showing excusable neglect. Barton invokes the provision applicable to the period the Court determines governs this submission. He separately seeks leave to supplement; an extension alone would not authorize an otherwise unauthorized surreply.

The relevant sequence is reflected in the docket: Dkt. 885 was filed September 3; the corrected appendices were filed September 4; the prior motion and proposed supplement were tendered

September 17; and leave was denied September 21. The renewed conference dates and any interval spent awaiting responses are set forth in the accompanying certificate.

To the extent the completed conference record demonstrates that additional time was reasonably necessary to obtain the affected parties' positions on the full proposed filing, Barton requests that the Court consider that interval in deciding whether to extend time. The request is confined to documented conference efforts; it does not attribute earlier delay to a party's later failure to respond.

If an expired period applies, Barton requests a finding of excusable neglect based on the circumstances established by the docket and the completed conference record, including the reason for the delay, its duration and effect on the proceedings, the opportunity for the affected parties to respond, and the efforts undertaken to cure the identified deficiencies. The proposed substantive material was already tendered at Dkt. 893, and the renewed motion seeks acceptance of that identified submission. Barton requests relief sufficient to permit its consideration without postponing the scheduled hearing, subject to any response period the Court finds necessary.

Barton does not contend that awaiting responses automatically tolls any deadline or establishes excusable neglect. The request is for a discretionary extension on the actual record. Alternatively, if the Court requires further conferral, Barton requests a date-certain period for completion and prompt renewal. To the extent necessary, Rule 6(c)(1)(C) permits the Court to set a shorter notice period for consideration of the motion.

**VI. Conclusion**

Barton respectfully requests leave to file the tendered supplement and supplemental appendix and any necessary extension or permission to file out of time. Alternatively, if the Court determines that additional conferral is required, Barton requests a short period to complete that

process and renew his request. The proposed supplement remains subject to the Court's permission and does not become an authorized filing merely by being tendered.

Dated: September 24, 2026
Respectfully submitted,

***/s/ Timothy Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232,
Carrollton, Texas 75007
(214) 914-3811 ·
timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

On September 24, 2026, the foregoing was served on all counsel of record through the Court's CM/ECF system.

***/s/ Timothy Barton***
**Timothy L. Barton, Pro Se**