**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY BARTON'S EMERGENCY MOTION FOR LEAVE TO FILE OPPOSED MOTION ESTABLISHING EVIDENTIARY PROCEDURES FOR SEPTEMBER 29 HEARING (DKT. 882) OR, ALTERNATIVELY, FOR A BRIEF CONTINUANCE AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant Timothy Barton, individually and pro se, requests leave under Dkts. 747 and 749 to file the proposed motion attached as Exhibit A. He requests an expedited ruling because the hearing on four proposed receivership transactions is set for September 29, 2026. Dkt. 882.

**BRIEF IN SUPPORT OF MOTION FOR LEAVE**

1. The proposed motion seeks procedural relief, not a second merits objection. Barton filed his consolidated response and objection at Dkt. 885. He also submitted a motion for leave to supplement that objection at Dkt. 893; the proposed motion does not assume that leave has been granted. It asks the Court to establish an evidence and witness schedule for the hearing, permit appropriately limited examination and production, or continue the hearing briefly if a fair record cannot be assembled in time.

2. Good cause for leave exists now. Dkt. 882 identifies the date and transactions but does not prescribe witness lists, exhibit exchanges, testimony, or examination. Dkt. 885 identifies concrete valuation, note-balance, property-account, and independent-rights disputes. The corrected appraisal exhibits (Dkts. 886–888) and the Receiver's filed debt figures independently raise questions requiring clarification. The focused appendix reproduces those underlying materials; this request does not depend on leave being granted at Dkt. 893. The issue is the hearing procedure necessary to resolve those disputes before disposition, not a renewed merits brief.

3. Dkt. 64 (November 16, 2022) stayed the proceeding while expressly preserving the Receiver's court-appointed powers; it is an order staying proceedings, not the separate administrative-procedures order referenced in Dkt. 885 as Dkt. 63. This limited request seeks the Court's direction in an existing receivership sale-approval process and does not assume a unilateral entitlement to general discovery or reopen the SEC's liability case. To the extent a limited modification or clarification of any continuing stay is necessary for the specifically ordered transaction-related procedures, Barton asks for that relief only.

4. The proposed motion presents an identifiable legal and factual basis, including Black v. UniBank, No. 25-50986, slip op. at 19–20, 24–29 (5th Cir. Aug. 25, 2026), SEC v. Barton, No. 24-10788 (5th Cir. Mar. 25, 2026), and 28 U.S.C. § 2001(b). It requests a prompt ruling before September 29 and proposes narrower alternatives if live testimony or targeted sworn record completion cannot reasonably be accommodated.

5. Barton requests leave to file Exhibit A and expedited consideration of this leave motion. If leave is granted, he requests prompt docketing of Exhibit A and an expedited response schedule

appropriate to the September 29 setting. He does not request a merits determination in the leave order.

WHEREFORE, Barton respectfully requests leave to file Exhibit A, expedited consideration and docketing, and such further procedural relief as is just.

Dated: September 24, 2026
Respectfully submitted,
***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811 | timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

On September 23, 2026, Barton conferred by email with the Receiver, counsel for Southern Properties Capital, Ltd. ("SPC"), and counsel for the Securities and Exchange Commission concerning the relief requested in this motion. The Receiver stated that he is opposed on all fronts, and SPC stated that it also opposes. The SEC opposes. Accordingly, the motion is opposed.

***/s/ Timothy L. Barton***
**Timothy L. Barton**

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I filed the foregoing with the Clerk of Court and served it on all counsel of record through the Court's CM/ECF system.

***/s/ Timothy L. Barton***
**Timothy L. Barton**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**[PROPOSED] ORDER GRANTING LEAVE TO FILE EMERGENCY MOTION**
**CONCERNING SEPTEMBER 29 HEARING PROCEDURES**

Before the Court is Defendant Timothy Barton's Motion for Leave to File an Emergency Motion for Order Establishing Evidentiary Procedures for the September 29, 2026 Hearing or, Alternatively, for a Brief Continuance. The motion for leave is GRANTED.

Barton may file the proposed emergency motion attached as Exhibit A to his motion for leave. The Clerk is directed to docket Exhibit A as a separate motion. Given the September 29, 2026 hearing date, the Court will address the proposed motion on an expedited basis and sets responses to the emergency motion for noon Central Time on the first calendar day after entry and service of this Order, unless modified by further order.

SO ORDERED.
Signed: ______________________, 2026

_______________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS LLC, and LDG001 LLC,** *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY BARTON'S EMERGENCY MOTION FOR ORDER ESTABLISHING EVIDENTIARY PROCEDURES FOR SEPTEMBER 29, 2026 HEARING OR, ALTERNATIVELY, FOR A BRIEF CONTINUANCE AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant Timothy Barton, individually and pro se, moves for an expedited order establishing procedures for the September 29, 2026 hearing on Dkts. 874, 876, 878, and 880. He asks to present relevant, identified evidence; obtain a short, reciprocal witness-and-exhibit schedule; examine witnesses on disputed material facts; require the Receiver to substantiate the pending approval requests with narrowly specified supporting records as directed by the Court; and, if necessary, continue the hearing briefly. He incorporates but does not repeat his consolidated objection (Dkt. 885). His motion for leave to supplement that objection (Dkt. 893) is identified as tendered, not presumed granted. The underlying appraisal, debt, and release materials are cited directly below and reproduced in the focused appendix independently of Dkt. 893.

## I. RELIEF AND TIME SENSITIVITY

1. Dkt. 882 sets September 29 at 1:30 p.m. for motions concerning Bellwether Ridge (Dkt. 874), Parc at Ingleside (Dkt. 876), Parc at Windmill Farms (Dkt. 878), and Parc at Opelika (Dkt. 880). The companion SPC settlement ratification motion, Dkt. 872, is not identified in Dkt. 882 as a subject of that hearing; Dkt. 885 asks that it be considered together with the transactions it would implement. Dkt. 882 does not prohibit witnesses or specify whether live testimony, examination, exhibit lists, or focused record production will be permitted. Barton seeks a scheduling ruling, not a declaration that a non-evidentiary hearing is categorically void.

2. In the absence of an expedited order, the parties cannot reliably determine whether to arrange attendance by appraisers and record custodians, prepare admissibility foundations, exchange exhibits, or seek compulsory process. The ordinary motion-response period would extend beyond September 29. Barton requests a short response schedule and ruling in advance of the hearing, without dispensing with fair notice to the Receiver, SEC, or SPC.

## II. THE EXISTING ORDERS PERMIT THE COURT TO DIRECT LIMITED SALE-APPROVAL PROCEDURES

3. Dkt. 64 (Nov. 16, 2022) stayed the proceeding until further order, expressly excepting the court-appointed Receiver's duties and powers under the appointment order (then Dkt. 29). It does not prescribe an evidentiary-hearing format, bar the Court from supervising the Receiver, or independently authorize Barton to undertake liability discovery. Dkt. 64 is not Dkt. 63, the distinct administrative-procedures order referenced in Dkt. 885. Dkt. 885 also references the operative receivership and litigation-stay provisions in Dkt. 650. This motion asks for the Court's affirmative direction in the pending approval process and, only to the extent necessary, a transaction-specific clarification or limited modification of any continuing discovery stay.

4. Barton neither seeks to litigate the SEC's underlying claims nor claims to represent the D4 entities. His individual stake is identified in Dkt. 885 at 5–6 and 13–14, including the proposed release of rights claimed through equity holders, the identity of any developer-fee right belonging to him personally, and any surviving Section 50/HUD-related obligations. The requested procedure is confined to matters affecting approval and those individual interests.

## III. GOVERNING LAW: A MEANINGFUL OPPORTUNITY TO PRESENT MATERIAL EVIDENCE

5. The Fifth Circuit held in Black v. UniBank, No. 25-50986, slip op. at 24–29 (5th Cir. Aug. 25, 2026) that flexible receivership procedures must at least allow an objector to present evidence and argument when material facts are disputed, adjudicate the objector's claims and defenses (or adopt a receiver determination that actually does), and minimally trace factual conclusions to the record. The court vacated a distribution order where the receiver's cursory treatment and the district court's abbreviated adoption did not do so. Black addressed a distribution dispute concerning asserted liens, not a property-sale hearing. It did not require live testimony, cross-examination, depositions, or an adversary proceeding in every receivership matter; the district court retained discretion to select sufficient procedures.

5A. In Black's interim-distribution proceeding, the Receiver as movant bore the burden of proof. Id. at 19–20. The court rejected the contention that the district court had inverted that burden, but separately found the procedures inadequate. Barton invokes the movant-burden principle by analogy here: the Receiver should substantiate the material valuation, debt, cash, consideration, and net-benefit facts supporting his requested approvals. Barton remains responsible for identifying his interests, concrete disputes, and supporting evidence.

6. Fed. R. Civ. P. 43(c) permits a court resolving a motion to receive affidavits or hear the matter wholly or partly on oral testimony or depositions. For a private sale of realty, 28 U.S.C. §

2001(b) separately requires a noticed hearing, three disinterested court-appointed appraisers before confirmation, a statutory price floor, and publication/overbid safeguards. Acadia Land Co. v. Horuff, 110 F.2d 354, 354–55 (5th Cir. 1940) treated material compliance with the predecessor private-sale statute as mandatory; SEC v. T-Bar Resources, LLC, No. 3:07-CV-1994-B, 2008 WL 4790987, at *3–4 (N.D. Tex. Oct. 28, 2008) declined confirmation until required appraisals and publication were supplied. These are distinct safeguards and do not, by themselves, establish an automatic right to examine every appraiser.

7. The proposed membership-interest transfers differ from the direct Opelika real-property sale: 28 U.S.C. § 2004 incorporates Section 2001 for personalty unless the Court orders otherwise. Dkt. 885 acknowledges the separate administrative-procedures regime and does not claim that every membership transfer must mechanically satisfy the direct realty-sale provisions. It requests evidence sufficient to assess fair value and the estate's interests notwithstanding any court-authorized adjustment to the procedure.

8. The relevant merits standard is whether the settlement is fair, equitable, and in the estate's best interests. SEC v. Stanford International Bank, Ltd., 927 F.3d 830, 840 (5th Cir. 2019). In this very action, SEC v. Barton, No. 24-10788, slip op. at 10–12 (5th Cir. Mar. 25, 2026) affirmed the Hall Street sale on a record that included appraisals, a sale hearing, the Receiver's testimony about accruing debt costs, and no demonstrated higher offer. That ruling does not mandate the same hearing format here, but demonstrates why asset-specific proof, rather than conjecture about a higher price or a categorical prohibition on pre-judgment sales, must frame the dispute. Barton asks that this transaction-specific approach be followed here. Hall Street considered approximately $1,023 per day in interest and approximately $900,000 in net recovery. Id. at 12. The issue on this procedural motion is whether an adequate record supports approval, including

value, liabilities, carrying costs, alternatives, and net recovery; it is not whether Barton has already proved a superior transaction.

8A. Stanford also limits the extinguishment of independent third-party claims outside the receivership assets. 927 F.3d at 840–46. Where the settlement purports to release rights through "equity holders," the record should identify each affected right, its asserted owner, any consideration allocated to its release, and the Receiver's claimed authority to compromise it. See Barton App. 012 (Settlement and Release Agreement ¶ 10, reproduced from Dkt. 873 at 17). Barton seeks identification and an adequate record, not final adjudication of ownership or enforceability on this procedural motion.

## IV. SPECIFIC DISPUTES AND PROPOSED EVIDENTIARY PROFFER

9. Current valuation, historical comparisons, and the purpose of the appraisals. Dkt. 885 at 6–8, 11 identifies 2023 proposed contract consideration of $51 million for Windmill Farms and $27 million for Bellwether Ridge. For Windmill Farms, the Receiver reported that the purchaser would assume the existing HUD loan; Barton does not treat gross consideration as cash or net estate recovery. The Receiver described Windmill Farms' contemporaneous valuation materials as one certified appraisal and two informal broker opinions of value, averaging approximately $53.17 million; Dkt. 885 identifies a contemporaneous Bellwether Ridge appraisal average of approximately $29.03 million. Dkt. 885 at 11 compares the four proposed transaction prices (approximately $132.15 million in aggregate) with the Receiver's stipulated values and the broker's lowest 2025 scenarios. These older appraisals and broker scenarios are comparisons, not proof of present market value. Critically, the Receiver filed corrected appraisals at Dkts. 886–888 after Dkt. 885 identified mis-filed exhibits; Barton does not assert that the incorrect attachments remain uncorrected. The corrected IRR reports state market-value opinions while

specifying HUD underwriting use, and the NVC reports identify litigation use. See Barton App. 001–002 (Opelika appraisals, Dkt. 886 at 46, 280); Barton App. 003–004 (Ingleside appraisals, Dkt. 887 at 35, 193); Barton App. 005–006 (Windmill Farms appraisals, Dkt. 888 at 35, 220). These source materials independently warrant clarification regardless of whether leave is granted concerning Dkt. 893. Barton asks whether the appraisers updated, revalidated, or authorized the reports for the transactions now presented; age or an identified intended use alone does not establish invalidity. Sworn clarification is requested concerning the valuation assumptions, intended use, appraiser independence, the relationship between gross purchase price and net estate benefit, and the continued applicability of the reports; targeted examination is requested only to the extent material disputes remain that cannot fairly be resolved on the written record.

10. Debts, account funds, and the settlement model. Dkt. 885 at 10–11 and 17–20 identifies approximately $6,940,710.13 held in project accounts, including potentially restricted funds, and questions the allocation of debt and net equity. The Receiver's verified motion independently reports project-account balances totaling $6,940,710.13 as of August 21, 2026. See Barton App. 013 (Dkt. 872 at 16, ECF p. 20). Its footnotes identify tenant security deposits, a fluctuating HUD-required minimum balance, disputed "excess cash," and approximately $507,000 in a separate D4OP account addressed by the settlement. The Receiver's January 2023 SPC balances total $18,632,129.62, whereas the settlement recites June 30, 2026 balances totaling $24,052,215.10, a difference of $5,420,085.48. See Barton App. 007–009 (Receiver's January 2023 loan figures, Dkt. 308 at 35–37); Barton App. 010 (June 30, 2026 settlement loan figures, Dkt. 873 at 11). Barton requests a property-by-property reconciliation across those dates, including principal advances, interest, payments, credits, and adjustments. The present motion does not assert that the difference is necessarily unlawful interest. The difference materially

affects debt, consideration, equity, and net estate recovery; the Court need not prejudge its cause to require reconciliation. The account issue likewise requires identification of ownership, restrictions, balances as of a common date, and closing treatment, without assuming the approximately $6.94 million is unrestricted or available to Barton. Payoff-quality loan schedules, source-account records, restricted-funds classifications, and a sworn transaction-level net-proceeds bridge distinguishing settlement cash, assumed or satisfied debt, restricted and unrestricted account funds, retained funds, transaction expenses, and rights surrendered would permit an evidence-grounded determination while building on the Receiver's existing transaction model.

11. Marketing, competitive bids, timing, and rights affected. Dkt. 885 at 15–18 challenges the terms imposed on topping bidders, explains the previously unconsummated 2023 contracts, and seeks the lender-proposal history contemplated by Dkt. 792. Barton acknowledges SPC's stated nonopposition to specified savings language and its proposed clarification of the overbid calculation. In its filed brief, Dkt. 892, SPC states that it will not oppose express savings language concerning identified developer-fee/Section 50 issues and independent, non-derivative rights outside the receivership estate; it also proposes reasonable adjustments involving a refundable deposit, a defined diligence period, and a longer closing window, subject to its economic and timing qualifications, and agrees that the overbid threshold may be clarified as 110% of total consideration without counting SPC debt twice, while maintaining its claims under settlement paragraph 6(b). Barton requests that any agreed clarification be stated expressly in the operative documents and approval order, with the remaining qualifications identified. This request does not concede the validity or amount of SPC's asserted debt or ownership claims. The Court should determine what genuinely executable alternatives existed at relevant times and

what rights or obligations would remain for Barton individually following HUD approval, payoff, or closing.

12. The proffer is not that Barton has secured a bona fide higher present offer, that every manager-held dollar is unrestricted, or that historical appraisals establish today's realizable value. He seeks to test the Receiver's affirmative evidence on defined, material issues before the proposed transfers, releases, and settlement terms are approved.

12A. The requested procedures could materially improve Barton's ability to protect his interests. For Windmill Farms, Ingleside, and Opelika, sworn appraisal-use evidence would allow him to test whether the cited underwriting and litigation valuations support the pending transactions; for Bellwether Ridge, the same inquiry applies to the valuation evidence relied upon for approval. For each property, payoff schedules, debt reconciliations, and account classifications would permit a meaningful challenge to the net recovery calculation. Identification of the rights released would permit Barton to address any effect on his individual interests. These questions change what the estate gives, what SPC receives, and what benefit remains. An opportunity to submit responsive evidence and argument on these specific issues is therefore material under Black, slip op. at 26–29.

## V. NARROW PROCEDURES REQUESTED

13. Witness and exhibit schedule. Direct each participant intending to offer testimony to identify, no later than a Court-set date before September 29, its witnesses, the subjects of their testimony, and exhibits; permit a reciprocal response and objections. Barton presently identifies witnesses by role rather than representing that any person has been served or agreed to appear: (a) the Receiver or designated person responsible for the settlement model and alternatives; (b) the relevant IRR/NVC appraisers and Walker & Dunlop representative, limited to their own

valuations and engagements; (c) the property-account custodian or qualified Receiver accountant, limited to cash, restrictions, and debt reconciliation; and (d) if the Court finds material, a qualified SPC note/HUD records custodian for payoff and transfer conditions. Barton reserves the ability to identify a competing valuation witness upon Court permission and appropriate disclosure. A witness list does not compel attendance; subpoenas and any expert disclosures must comply with applicable rules or further order.

14. Evidence supporting approval. Require the Receiver, as movant, to place into the evidentiary record the following materials on which the requested approvals depend, to the extent within his possession, custody, or control, or provide a sworn declaration identifying each unavailable material item and explaining why: (a) the corrected property-specific appraisal reports and any 2026 update, revalidation, or authorization for present sale use, along with material engagement/compensation disclosures; (b) a four-property table of value, HUD payoff, asserted SPC debt (principal, interest, credits), restricted and unrestricted project cash, sale consideration, expenses, and projected estate net proceeds, separating cash paid to the estate from assumed debt, released claims, and other noncash consideration; (c) the source ledger and payoff statements sufficient to reconcile the disputed debt difference and material manager-account flows; and (d) an inventory of lender proposals, bona fide competing bids, and material bid/HUD closing requirements. Any confidential tenant, bank, or tax information should be lodged under an appropriate existing or Court-approved protective arrangement. Previously filed evidence may be identified by exact docket and page citation with a declaration explaining its continued applicability. This request concerns the Receiver's evidentiary showing for pending relief; any additional discovery remains subject to express Court authorization.

15. Presentation and examination. Permit authenticated documents, declarations, and relevant oral testimony on the disputed subjects, with reasonable direct and opposing examination where credibility or methodology is material. Barton does not assert an automatic unrestricted cross-examination right or an automatic entitlement to live testimony; consistent with Stanford, the request is for targeted examination only where material disputes cannot fairly be resolved through notice, briefing, authenticated documents, and sworn written evidence. See Stanford, 927 F.3d at 846 n.19. If the Court chooses declarations and documents alone, permit targeted responsive declarations and identify how disputed factual matters will be resolved; do not treat untested contested assertions as established solely because they appear in the Receiver's motion.

16. Alternative continuance. If the Court cannot reasonably complete the exchange or take necessary testimony before September 29, continue the hearing briefly, require interim preservation of the existing records and transaction status until the hearing and further order, and set concrete deadlines. The requested preservation is temporary and does not seek an indefinite sale moratorium. Any distinct stay pending appeal, if needed after a sale order, would be requested separately.

**VI. REQUEST FOR EXPEDITED CONSIDERATION AND PRAYER**

17. Barton requests that the Court direct a response within a shortened period allowing meaningful participation by the Receiver, SEC, and SPC, and issue a procedural order before the September 29 hearing. The motion is not a request for ex parte relief or for a final merits ruling on Dkts. 872 and 874–880. The Court can tailor the sequence under Fed. R. Civ. P. 43(c) and Local Civil Rule 83.1. Subject to the Court's modification, Barton proposes responses by noon Central Time on the first calendar day after entry and service of the leave order; the Receiver's supporting evidence and participants' witness and exhibit disclosures by 5:00 p.m. Central Time

on the first calendar day after entry and service of the procedural order; Barton's responsive evidence by noon Central Time on the following calendar day; and evidentiary objections by 5:00 p.m. Central Time that same day. If the leave or procedural ruling enters too late to complete that sequence before the September 29 hearing, Barton requests a brief reset with equivalent short deadlines.

WHEREFORE, Barton requests: (1) expedited consideration; (2) a reciprocal witness-and-exhibit schedule; (3) an opportunity to present and test material valuation, account, debt, and transfer evidence; (4) narrowly specified sworn record completion or, only upon further order, limited expedited discovery; (5) consideration of Dkt. 872 with the implementing sale motions to the extent appropriate; (6) express findings tied to the evidence on contested matters necessary for approval; or, alternatively, (7) a short continuance and interim preservation pending an adequate hearing. He requests no determination of ultimate SEC liability, entity ownership, or settlement approval on this procedural motion.

Dated: September 24, 2026
Respectfully submitted,
***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811 | timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

On September 23, 2026, Barton conferred by email with the Receiver, counsel for Southern Properties Capital, Ltd. ("SPC"), and counsel for the Securities and Exchange Commission concerning the relief requested in this motion. The Receiver stated that he is opposed on all fronts, and SPC stated that it also opposes. The SEC opposes. Accordingly, the motion is opposed.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I filed the foregoing with the Clerk of Court and served it on all counsel of record through the Court's CM/ECF system.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | § § § § | |
| **v.** | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § § § | |

**[PROPOSED] ORDER ESTABLISHING EVIDENTIARY**
**PROCEDURES FOR SEPTEMBER 29, 2026 HEARING**

Before the Court is Defendant Timothy Barton's Emergency Motion for Order Establishing Evidentiary Procedures for the September 29, 2026 Hearing or, Alternatively, for a Brief Continuance. Having considered the motion and any responses, the Court ORDERS as follows:

1. The September 29, 2026 hearing on Dkts. 874, 876, 878, and 880 will permit the presentation of evidence relevant to the material factual disputes raised in Dkt. 885 and any supplement the Court permits. The Court will also address Dkt. 872 in conjunction with the related transactions to the extent appropriate.

2. No later than 5:00 p.m. Central Time on the first calendar day after entry and service of this Order, each party expecting to call witnesses shall exchange and file a witness list identifying each witness by name, with role and contact information as appropriate and briefly summarizing the proposed testimony; each party shall likewise exchange and file its proposed exhibit list and copies of previously unproduced exhibits, subject to appropriate confidentiality protection.

3. By 5:00 p.m. Central Time on the first calendar day after entry and service of this Order, the Receiver shall place into the evidentiary record a verified, property-specific valuation and transaction schedule and the targeted supporting records described in Part V of the motion, to the extent within his possession, custody, or control, or identify by sworn declaration any item

unavailable and why. Production of confidential tenant, banking, or tax records shall occur only under an existing or further protective order.

4. The Court will permit relevant direct testimony and reasonable examination of witnesses whose material factual assertions are relied on for approval, subject to the Federal Rules of Evidence and reasonable limits imposed at the hearing. A party seeking to compel attendance may request appropriate subpoenas or further process through ordinary procedures.

5. The parties may respond to any newly submitted evidence by noon Central Time on the calendar day following the disclosures required by Paragraphs 2 and 3. The Court reserves all questions concerning admissibility, the need for additional limited discovery, the ultimate merits of the proposed transactions, and any later stay request. Evidentiary objections shall be filed by 5:00 p.m. Central Time that same day. These deadlines may be modified by further order.

6. If the Court determines that the necessary procedures cannot reasonably be completed before September 29, 2026, it will reset the hearing by further order and establish adjusted deadlines. Pending completion of the evidentiary process and further order, the Receiver shall preserve the relevant records and shall not consummate the four proposed transfers or effectuate the challenged releases. This temporary direction permits ongoing property operations and preservation and does not impose an indefinite sale moratorium.

Nothing in this Order vacates the litigation stay in Dkt. 64 or the operative Receivership Order, permits discovery into the underlying SEC liability merits, or determines whether any transaction should be approved.

SO ORDERED.
Signed: ______________________, 2026

______________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE