IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON, et al.<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>*Relief Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER APPOINTING APPRAISERS, APPROVING APPRAISALS, AND SETTING HEARING REGARDING APPROVAL OF TRANSFERS OF ALL RECEIVERSHIP INTEREST AND SALE OF PROPERTY**

Before the Court are four motions from the Receiver:

- Receiver's Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and of Transfer of all Receivership Interest in D4DS, LLC, the Record owner of Bellwether Ridge (Doc. 874).

- Receiver's Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and of Sale of all Receivership Interest in D4IN, LLC, the Record Owner of the "Parc at Ingleside" (Doc. 876).

- Receiver's Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and of Transfer of all Receivership Interest in D4FR, LLC, the Record Owner of "Windmill Farms" (Doc. 878).

- Receiver's Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and of Sale of Parc at Opelika (Doc. 880).

Having considered the motions, briefing, and applicable law, the Court **GRANTS** all four motions.

The Court **FURTHER ORDERS** that at the September 29, 2026 hearing, Barton and the Receiver will each have twenty minutes to present their arguments. The Court already announced that it would hear arguments and objections regarding appraisals for the proposed transfers and sales in the Receiver's settlement.[1] The Court's consideration of the proposed transfers and sale is contingent upon the Receiver publicizing the terms of the proposed transfer prior to the hearing and providing a ten-day window following publication in which anyone objecting to the proposed transfers and sale may submit to the Receiver a Bona Fide Competing Offer exceeding the proposed settlement price by at least ten percent (10%).[2]

Any such offer **SHALL** be submitted to the Receiver on the Bona Fide Competing Offer form attached to the motion appendices[3] and include the terms provided therein. Any such Bona Fide Competing Offer **SHALL** accordingly be accompanied by proof of sufficient funds for a cash sale, or confirmation of approved financing, to allow an immediate closing on the same terms detailed in the Contract submitted with the motion. The Court now turns to the four motions.

**1. D4DS, LLC, the Record Owner of "Bellwether Ridge" (Doc. 874)**

Pursuant to 28 U.S.C. § 2001(b), the Court **APPOINTS** the three appraisers identified in Exhibits A-3, A-4, and A-5 of the Bellwether Ridge Appendix (Doc. 875) as qualified disinterested persons for appraisal of the Property owned by D4DS, LLC.

---

[1] *See* Docs. 875-A-1 (Agreement with Southern Properties Capital, Ltd.); 882 (Order).

[2] 28 U.S.C. § 2001(b) ("The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.").

[3] *See* Docs. 875-A-6; 886-A-6; 887-A-6; 888-A-6.

The Court further **ACCEPTS** the three appraisals submitted in Exhibits A-3, A-4, and A-5 as the appraisals required by 28 U.S.C. § 2001(b) because the contract settlement value of $23,919,918.38 exceeds two-thirds of the average appraised value of the Property—$27,283.333.33.[4]

Following the Court's further consideration of the proposed transfer at the hearing scheduled below, if the transfer is approved, the Court additionally **AUTHORIZES** the Receiver to transfer and to convey title to the membership interests in D4DS, LLC, including the Property it owns, Bellwether Ridge, free and clear of mortgages, liens, claims and encumbrances, save and except for the HUD Loan. The Court **ORDERS** that any claims for payment related to D4DS, LLC and the Property it owns, save and except for the HUD Loan, **SHALL** be administered through the Receivership claims process, once established.

**2. D4IN, LLC, the Record Owner of "Parc at Ingleside" (Doc. 876)**

Pursuant to 28 U.S.C. § 2001(b), the Court **APPOINTS** the three appraisers identified in Exhibits A-3, A-4, and A-5 of the Parc at Ingleside Amended Appendix (Doc. 887) as qualified disinterested persons for appraisal of the Property owned by D4IN, LLC. The Court further **ACCEPTS** the three appraisals submitted in Exhibits A-3, A-4, and A-5 as the appraisals required by 28 U.S.C. § 2001(b) because the contract settlement value of $30,931,755.78 exceeds two-thirds of the average appraised value of the Property—$27,250,000.[5]

[4] *See* Doc. 874 at 7.

[5] *See* Doc. 876 at 7.

Following the Court's further consideration of the proposed transfer at the hearing scheduled below, if the transfer is approved, the Court additionally **AUTHORIZES** the Receiver to sell and to convey title to the membership interests in D4IN, LLC, including the Property it owns, the Parc at Ingleside, free and clear of mortgages, liens, claims and encumbrances, save and except for the HUD Loan. The Court **ORDERS** that any claims for payment related to D4IN, LLC and all property it owns, including the Parc at Ingleside, save and except for the HUD Loan, **SHALL** be administered through the Receivership claims process, once established.

**3. D4FR, LLC, the Record Owner of "Windmill Farms" (Doc. 878)**

Pursuant to 28 U.S.C. § 2001(b), the Court **APPOINTS** the three appraisers identified in Exhibits A-3, A-4, and A-5 of the Windmill Farms Amended Appendix (Doc. 888) as qualified disinterested persons for appraisal of the Property owned by D4FR, LLC. The Court further **ACCEPTS** the three appraisals submitted in Exhibits A-3, A-4, and A-5 as the appraisals required by 28 U.S.C. § 2001(b) because the contract settlement value of $47,815,802.19 exceeds two-thirds of the average appraised value of the Property—$51,833.333.33.[6]

Following the Court's further consideration of the proposed transfer at the hearing scheduled below, if the transfer is approved, the Court additionally **AUTHORIZES** the Receiver to transfer and to convey title to all membership interests in D4FR, LLC, including Windmill Farms, free and clear of mortgages, liens, claims and encumbrances, save and except for the HUD Loan. The Court **ORDERS**

[6] *See* Doc. 878 at 7.

that any claims for payment related to transfer of all Receivership interest in D4FR, LLC, including all Property it owns, save and except for the HUD Loan, **SHALL** be administered through the Receivership claims process, once established.

**4. Parc at Opelika (Doc. 880)**

Pursuant to 28 U.S.C. § 2001(b), the Court **APPOINTS** the three appraisers identified in Exhibits A-3, A-4, and A-5 of the Parc at Opelika Amended Appendix (Doc. 886) as qualified disinterested persons for appraisal of the Property. The Court further **ACCEPTS** the three appraisals submitted in Exhibits A-3, A-4, and A-5 as the appraisals required by 28 U.S.C. § 2001(b) because the contract settlement value of $29,486,932.23 exceeds two-thirds of the average appraised value of the Property—$32,070,000.[7]

Following the Court's further consideration of the proposed sale at the hearing scheduled below, if the sale is approved, the Court additionally **AUTHORIZES** the Receiver to sell and convey title to the Property free and clear of mortgages, liens, claims and encumbrances, save and except the HUD Loan. The Court **ORDERS** that any claims for payment related to the Property, save and except for the HUD Loan, **SHALL** be administered through the Receivership claims process, once established.

**IT IS SO ORDERED** this 24th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[7] *See* Doc. 880 at 6.