IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON, et al.<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>*Relief Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER GRANTING RECEIVER'S MOTION TO RATIFY SETTLEMENT AGREEMENT WITH SOUTHERN PROPERTIES CAPITAL, LTD., ETC.**

Before the Court is the Receiver's Verified Motion to Ratify Settlement Agreement with Southern Properties Capital, Ltd., etc. (Doc. 872). Having considered the motion, briefing, applicable law, and the SEC's agreement with the relief sought in the motion, the Court **GRANTS** the motion.

Accordingly, the Court **RATIFIES** the Receiver's Settlement Agreement with Southern Properties Capital, Ltd., etc. and **LIFTS** the Receivership litigation stay (Doc. 650 ¶¶ 87–89) for the limited purpose of allowing Southern Properties Capital, Ltd., etc. to seek HUD approval for the Transfer of Physical Assets or otherwise as necessary to accomplish the transfers contemplated by the Settlement Agreement.

## I. Background

This settlement agreement involves the Receiver and Southern Properties Capital, Ltd. (along with its affiliates and special purpose vehicles, "SPC"). The Receiver and SPC have disputed regarding the ownership and possession of certain apartment complexes: Bellwether Ridge in DeSoto, Texas; the Parc at Windmill Farms in Forney, Texas; the Parc at Ingleside near Corpus Christi, Texas; and the Parc at Opelika in Alabama (collectively, the "D4 Properties"). The Receiver and SPC have litigated extensively regarding the D4 Properties and now resolve their dispute.

Under the settlement agreement, SPC will pay the Receiver $12 million. As of June 30, 2026, the Receiver reports a potential equity of $19,613,243.26 and a "best day in court" value of approximately $15,400,000 factoring in litigation costs. After also factoring in litigation risks, the Receiver believes a $12 million settlement is reasonable, and the SEC does not oppose this settlement.

## II. Legal Standard

"Ordinarily, parties are free to settle cases amongst themselves without court involvement."[1] But "in the equity receivership context, parties have sought and courts have rendered decisions regarding whether to approve or reject settlement agreements based on courts' wide discretion in administering an equity receivership."[2] "Receivership courts, like bankruptcy courts, may also exercise

[1] *SEC v. Stanford Int'l Bank Ltd.*, No. 3:09-CV-0298, 2015 WL 10818588, at *2 (N.D. Tex. Sept. 23, 2015) (Godbey, J.) (citing *Ibarra v. Tex. Empl. Comm'n*, 823 F.2d 873, 878 (5th Cir. 1987)).

[2] *Id.*

discretion to approve settlements of disputed claims to receivership assets, provided that the settlements are fair and equitable and in the best interests of the estate."[3]

## III. Analysis

This settlement is fair, equitable, and in the best interests of the receivership for several reasons. Namely, the Receivership needs cash, the D4 Properties require significant fees and oversight, litigation does not guarantee a successful outcome, and the $12 million settlement is reasonable in light of litigation costs and risks.[4] Settlement here ensures the Receivership gets a substantial cash influx and locks in property value before depreciation, interest, litigation, market value changes, or interference by Barton further reduce the D4 Properties' value to the Receivership.[5]

While Barton objects to the sale, he has not provided sufficient evidence to show that this settlement is not in the Receivership's best interest or that he has any valid interest in the settlement itself.[6] Barton's twelve objections lack merit.[7] And his price table comparisons do not compare apples to apples—unconsummated February 2023 potential cash contracts are outdated and actually bolster the Receiver's concern that delaying settlement would result in further value losses for the Receivership.[8] Barton's objections ultimately amount to a delay attempt—one consistent with his prior interference with sales and attempted sales of other

[3] *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (cleaned up).

[4] *See* Doc. 872 at 16–18.

[5] See Doc. 872 at 16–18; Doc. 892 at 1.

[6] *See generally* Doc. 885.

[7] *See id.*

[8] *See id.* at 11.

properties. So the Court overrules Barton's objections and **RATIFIES** the settlement agreement.

## IV. Conclusion

Because this settlement is fair, equitable, and in the best interests of the receivership, the Court **RATIFIES** the settlement agreement.

**IT IS SO ORDERED** this 25th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE