**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| v. | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** *Relief Defendants.* | § | |

**DEFENDANT'S OBJECTION TO THE**
**RECEIVER'S SEVENTH QUARTERLY FEE APPLICATION**

Defendant Timothy L. Barton, pro se, objects to the Receiver's Seventh Quarterly Fee Application (Dkt. 897) and Appendix (Dkt. 898). The Application says it seeks $160,813.51; the proposed order directs $171,585.97. Dkt. 897 at 3; Dkt. 897-1 at 2. One-third of the professional fees sit behind redactions. The certificate of conference swears the SEC reviewed the invoices in August 2024, yet three of them are dated July 31, 2026. The Receiver seeks "retroactive approval" of a bill he already paid without authority. The Receiver verified this Application under penalty of perjury; the SEC told the Court it does not object. The facial contradictions demonstrate that the Application did not receive the substantive review contemplated by the Court's fee-review procedure. Not one dollar should be approved until the Receiver lodges unredacted invoices for *in camera* review and files a corrected application that the SEC has actually examined.

## I. THE RECEIVER BEARS THE BURDEN, AND THE COURT MUST SCRUTINIZE

The applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d

319, 324 (5th Cir. 1995). Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded, and "billing judgment" must be shown. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983). Billing judgment "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). A court "may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *Kellstrom*, 50 F.3d at 326. In a receivership, results are "always relevant." SEC v. W.L. Moody & Co., 374 F. Supp. 465, 480 (S.D. Tex. 1974). And "[n]o receivership is intended to generously reward court-appointed officers." Id. at 483, aff'd, 519 F.2d 1087 (5th Cir. 1975); *SEC v. Striker Petroleum, LLC*, No. 3:09-CV-2304-D, 2012 WL 685333, at *3 (N.D. Tex. Mar. 2, 2012). "The rights of those who ultimately pay must be carefully protected." *Moore v. Tangipahoa Par. Sch. Bd.*, 912 F.3d 247, 252 (5th Cir. 2018) (quoting *Newton v. Consol. Gas Co.*, 259 U.S. 101, 105 (1922)). That duty does not wait for an objection: "the court can adjust the fee request[s] sua sponte." *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, slip op. at 2 (N.D. Tex. May 27, 2008) (quoting *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir. 1987)).

## II. THE RECORD DOES NOT ESTABLISH COMPLETE SEC REVIEW, UNDERMINING ITS NON-OPPOSITION

SEC review is the gatekeeping step the Court built into its orders: the complete application, exhibits, and billing information must reach SEC counsel at least thirty days before filing, and the SEC, "[f]ollowing its receipt and review," is to "object to deviations and charges with which it does not agree." Dkt. 417 ¶ 64; Dkt. 650 ¶ 117; SEC, *Billing Instructions for Receivers* at 1, § A.2 ("Billing Instructions"). The certificate of conference does not establish timely review of the complete fee request. The Receiver swears the Application and invoices went to SEC counsel on

August 14, 2024, and that "[a] copy" was "again sent" on September 17, 2026, one day before filing. Dkt. 897 at 18. But Exhibit E did not exist in August 2024. Its six Veracity invoices are dated December 31, 2024, March 31, 2025, June 30, 2025, and, for three of them, July 31, 2026. Dkt. 898, APP054–064. The SEC could not have reviewed in 2024 invoices written in 2026, and the Application never claims it did: the SEC "reviewed the invoices of the Receiver, Brown Fox, and Ahuja & Clark." Dkt. 897 at 10. Veracity is missing from that sentence. A one-day resend does not satisfy a thirty-day requirement.

What the SEC's "review" missed is worse than what it could not have seen. A pro se defendant, working from the public filing, found these defects on the face of the papers: (1) the stated total, $160,813.51, omits the $10,772.46 Veracity request the proposed order directs be paid, Dkt. 897 at 3; Dkt. 897-1 at 2; (2) the Application cites "Exhibits E-1 through E-7," but the Appendix contains six, Dkt. 897 at 8; Dkt. 898, APP052–064; (3) the fee table lists Joshua Mahaffey at $275, but his April 30, 2024 entry bills $475, Dkt. 897 at 6; Dkt. 898, APP022; (4) the Receiver reports 6.0 written-off hours, while Exhibit B carries 6.7 no-charge hours, Dkt. 897 at 5; Dkt. 898, APP006–016; (5) the accountant's invoice is captioned "Q1 2024 BILLING SUMMARY" for April–June work, Dkt. 898, APP046–048; (6) that invoice is issued by "Ahuja & Consultants, Inc." and billed to Brown Fox, yet the order pays "Ahuja & Clark, PLLC," Dkt. 897-1 at 2; (7) footnote 3 calls Exhibit E-4 the "Third Quarter of 2025" invoice, but invoice 2454 covers October through December 2025, Dkt. 897 at 8 n.3; Dkt. 898, APP060; and (8) the five accountant expense lines totaling $2,256.01 were already presented in the Fourth Application's appendix and are resubmitted without disclosure, Dkt. 594, APP117; Dkt. 898, APP048. These facial defects remain unaddressed in the SEC's reported position.

Courts give the SEC's position "great weight." SEC v. Fifth Ave. Coach Lines, Inc., 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); Striker, 2012 WL 685333, at *3. That weight is substantially diminished where the record does not establish review of the complete request. The SEC supports a 20% holdback, yet the proposed order recites non-opposition and directs full payment. Dkt. 897 at 9, 18; Dkt. 897-1 at 1–2. The Court should require the SEC to identify what it reviewed and when, and require a corrected application re-served for the full thirty-day review before ruling.

## III. ONE-THIRD OF THE FEES ARE REDACTED; IN CAMERA REVIEW MUST PRECEDE ANY APPROVAL

An entry reading "correspondence with T. Wells regarding ______" supports nothing. Dkt. 898, APP007. Each entry must give "in reasonable detail an appropriate narrative description of the services rendered," including "the participants in, as well as the scope, identification and purpose of the activity." Billing Instructions § D.2. Nothing in the Instructions authorizes redacting time entries at all. Yet 38 of the Receiver's 84 entries are redacted (23.6 of 62.4 hours; $8,624 of $21,444.50), as are 67 of Brown Fox's 199 entries (185.1 of 459.0 hours; $43,995.50 of $104,954). Dkt. 898, APP006–016, APP018–043. In all, 105 of 351 entries and $52,619.50 of $158,557.50 in professional fees, 33%, can be evaluated by no one but the Receiver. The redactions fall where scrutiny matters most: three of the eight amicus entries, four of the seven entries for suing lawyers, and the call involving Victoria Barton. Dkt. 898, APP035–037, APP041–042.

The Receiver offers unredacted invoices for in camera review. Dkt. 897 at 5, 7. Privilege may protect billing details revealing confidential communications or advice, but the Receiver must substantiate his fees. Kellstrom, 50 F.3d at 326. He should lodge unredacted Exhibits B and C in camera within fourteen days, provide a privilege log and informative public descriptions, and disclose material to Defendant only as the Court determines it is nonprivileged or may be disclosed

subject to protection. Entries remaining insufficiently supported should be disallowed. The same protocol should govern Dkts. 899–914.

Block billing compounds the problem. Any entry over one hour covering two or more activities must "include a notation of the approximate time spent on each activity." Billing Instructions § D.4. Ms. Koonce's June 24, 2024 entry bills 4.6 hours ($1,771) for Victoria Barton's email about her car, "claims asserted against her and her mother," redacted research, and "continue drafting amicus brief," with no allocation. Dkt. 898, APP037. Her June 25 and June 27 entries do the same. *Id.* Such entries violate § D.4 on their face and should be disallowed or reduced by a percentage that substitutes for the missing billing judgment. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

## IV. THE APPLICATION IS FACIALLY WRONG IN WAYS THAT REQUIRE DISALLOWANCE

*The Mahaffey rate.* The Receiver certified $275 for Mr. Mahaffey; the invoice charges $475 for one hour on April 30, 2024. Dkt. 897 at 6; Dkt. 898, APP022. Fees must be certified as "based on the rates listed in the Applicant's fee schedule." Billing Instructions § A.1(c). The $200 excess is uncertified and must be disallowed.

*The apparent duplicate return.* Shamsher Kaur billed 2.3 hours ($345) on June 19, 2024 to prepare D4DS's 2023 Form 1065 and another 2.3 hours ($345) on June 20 to prepare the same return for the same entity and year. Dkt. 898, APP051. The entries are facially duplicative. Absent an explanation distinguishing the work performed on each date, the duplicative portion should be disallowed.

*The accountant's expenses.* The $2,256.01 consists of three identical $746.20 "Intuit" charges, $8.41 postage, and $9 mileage, with no receipt, account, allocation, or purpose. Dkt. 898,

APP048. Each Intuit charge exceeds $75 and required an attached receipt. Billing Instructions § E.2(j)(4). Third-party charges are reimbursable only at the amount "billed to the Applicant" and "paid by the Applicant." *Id.* § A.1(e). The same lines were tendered in Dkt. 594, APP117, and the Receiver does not say whether they were paid then. The $2,256.01 should be denied unless the Receiver proves it was not previously reimbursed and supplies the receipts and allocation required by the Billing Instructions.

*The wrong payee.* The invoice is from "Ahuja & Consultants, Inc." and billed to Brown Fox. Dkt. 898, APP046. The proposed order pays "Ahuja & Clark, PLLC." Dkt. 897-1 at 2. The present record does not establish that Ahuja & Clark, PLLC owns the receivable or is the proper payee; payment should be withheld unless the Receiver establishes assignment, succession, or other entitlement. The invoice also claims to be "net of write off fees of $3,365.50" without identifying one written-off entry, APP051, which is not the documentation *Saizan* requires. 448 F.3d at 799.

*Veracity.* The Receiver admits he "inadvertently already paid" Veracity's $1,786.13 invoice and seeks "retroactive approval." Dkt. 897 at 8 n.3. Paying before authorization violates the requirement, which the Receiver himself recites, that he "submit quarterly fee applications for authorization to pay." Dkt. 897 at 1. The proposed order directs payment of the entire $10,772.46 without crediting the $1,786.13 already paid; its present language would authorize payment of that amount again. Dkt. 897-1 at 2. The Application also folds into a "Second Quarter 2024" request six invoices for October 2024 through June 2026, all for quarterly "storage" of 25 devices at $1,650 plus tax, with no explanation of why a forensic vendor must warehouse computers and flash drives for years at estate expense. Dkt. 898, APP054–064. Retroactive approval should be denied, the

$1,786.13 excluded from any payment directive, and the remaining $8,986.33 presented in a proper application after real SEC review.

*The cash presentation.* The SFAR reports $1,500,419.42 in ending cash; the contemporaneous status report gives $1,297,500.69 in receivership bank accounts, a $202,918.73 gap the Receiver has never bridged. Dkt. 898, APP002; Dkt. 543 at 58 & n.23. The same footnote reports $400,192.49 held in D4OP's name and unavailable to other entities, yet the Application does not say which account will fund these payments or how entity-specific tax charges (D4DS, D4FR, D4IN, D4OP: $3,662.50, Dkt. 898, APP050–051) are allocated, although the orders require custodial accounts and reporting per estate. Dkt. 417 ¶¶ 37, 58. An unreconciled cash presentation cannot show affordability, and no order should permit payment from restricted funds.

## V. THE CHALLENGED WORK IS NOT SHOWN TO BE NECESSARY OR BENEFICIAL

*The amicus brief.* Eight entries (23.8 hours, $9,163) went to an amicus brief whose stated purpose was to support continuation of the receivership, in an appeal where the SEC, the party charged with defending its own order, filed its own appellee's brief. Dkt. 898, APP035–037; Dkt. 543 at 11. The estate was charged $9,163 for the Receiver to argue for keeping the Receiver. A court officer may be paid for defending an order on appeal only after the court tests necessity, rate, and hours. *Moore*, 912 F.3d at 251–52. Nothing in the Application identifies the incremental benefit of the $9,163 amicus work beyond the SEC's own appellate defense; three of the eight entries are redacted, and the rest are block-billed with unrelated tasks. The $9,163 should be disallowed.

*Suits against family members and lawyers.* Eleven entries (5.1 hours, $1,445.50) concern the Receiver's suits against the Fu defendants, Victoria Barton, and the Walji defendants, actions

filed in March 2024 and then stayed pending appeal. Dkt. 898, APP041–042; Dkt. 543 at 61–62. Litigation charges "will be paid only if the litigation is reasonably likely to produce a net economic benefit to the estate," and the applicant "shall certify" that determination based on the legal theories, "the likelihood of collection," and alternatives such as contingency counsel. Billing Instructions § E.1(b). The Receiver's certification, Dkt. 897 at 16, says nothing of the kind for any lawsuit, and four of the seven Walji entries are redacted. Uncertified litigation charges should be disallowed. Dkt. 417 ¶¶ 44–45.

*Chores at attorney rates.* Mr. Wells billed $300 to drive to Gillespie to "find leaking pipe," $40 to "pay Amerigold TXU," and $260 to arrange water-bill payments. Dkt. 898, APP021, APP035, APP038. "[N]on-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Walker*, 99 F.3d at 770 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)); *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (compensable "only if the work is legal rather than clerical"). The attorney-rate component of these $600 must be disallowed.

*Privilege review.* Farwa Zahra's 94.4 hours ($16,520) are almost entirely entries that begin "Travel to Public Storage unit and continue reviewing documents," with travel never separated from review. Dkt. 898, APP042–043. Local travel within twenty miles "will not be reimbursed," long-distance travel is billable at 50%, and clerical work such as "organizing notes onto spreadsheet" is not reimbursable. Billing Instructions §§ E.2(j), (k). Every entry exceeds one hour and combines activities without allocation. *Id.* § D.4. The travel and clerical components should be disallowed and the balance reduced for the absence of allocation.

*Tax work.* The accountants billed 117.2 of 138.3 hours ($28,331.50, 88%) to "Tax Issues" and 0.5 hour to forensic accounting, while the Receiver's own report says forensic tracing, still

"ongoing," is what supports the fraudulent-transfer suits he is paying lawyers to pursue. Dkt. 898, APP046; Dkt. 543 at 53–54. The Application does not identify the returns actually completed or filed, filing dates, filing confirmations, or the work product resulting from 117.2 hours of tax work. Without those deliverables, the Court cannot determine whether the time was necessary, completed, or beneficial.

## VI. THE HOLDBACK AND THE FILING HISTORY

The Receiver states it unnecessary for the Court to waive the 20% holdback the SEC supports. Dkt. 897 at 9. It should be imposed. Every application is "interim and ... subject to a cost benefit review and final review." Billing Instructions at 1; Dkt. 417 ¶¶ 63–67; Dkt. 650 ¶¶ 116–120. Nine applications covering April 2024 through June 2026 were filed on one day, September 18, 2026, Dkts. 897–914, more than two years after the first came due and only after Defendant objected to yet another extension. Dkts. 861, 870. The orders required filing within forty-five days of each quarter regardless of when payment would be possible. Dkt. 417 ¶ 64; Dkt. 650 ¶ 117. Filing nine applications at once, riddled with the errors catalogued above, and demanding payment in full without holdback is the opposite of the "concern for the investors" the Application professes. Dkt. 897 at 5. Defendant preserves every objection to the completeness, accuracy, and compensability of these fees for the final review the orders require.

## VII. RELIEF REQUESTED

Defendant respectfully asks that the Court: (1) withhold a ruling until the Receiver lodges unredacted Exhibits B and C in camera within fourteen days, with a privilege log, informative public descriptions, and disclosure to Defendant only as the Court permits under Section III, and disallow insufficiently supported entries; (2) require a corrected application reconciling the eight defects, re-served for thirty-day SEC review, and an SEC statement identifying what it reviewed

and when; (3) disallow the $200 Mahaffey excess; any unexplained duplication in the $345 return entry; the $2,256.01 expenses unless proven unreimbursed and supported by required receipts and allocation; the $9,163 amicus charges; the attorney-rate portion of the $600 operational entries; the travel and clerical portions of the $16,520 privilege-review charges; and the $1,445.50 uncertified litigation charges; (4) deny retroactive approval of the $1,786.13 Veracity payment, exclude it from any payment directive, and require a proper application for the remaining invoices; (5) withhold payment to Ahuja & Clark, PLLC absent proof of assignment, succession, or other entitlement; (6) impose the 20% holdback and strike the proposed order's recital that the Application is unopposed; (7) prohibit professional-fee payments from restricted D4OP funds; and (8) grant all other just relief.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Timothy L. Barton*
Timothy L. Barton
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, this document was filed through the Court's CM/ECF system, which will transmit notice of electronic filing to all registered counsel of record.

*/s/ Timothy L. Barton*
Timothy L. Barton, Pro Se