**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| v. | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** *Relief Defendants.* | § | |

**DEFENDANT'S OBJECTION TO THE**
**RECEIVER'S EIGHTH QUARTERLY FEE APPLICATION**

Defendant Timothy L. Barton, pro se, objects to the Receiver's Eighth Quarterly Fee Application (Dkt. 899), Appendix (Dkt. 900), and proposed order (Dkt. 899-1) for July through September 2024. The Application says it seeks $204,821.87. Its own components add to $203,017.18. The proposed order directs $205,657.57, including $2,640.39 in expenses the Application says "are not sought in this fee application." Dkt. 899 at 3–8; Dkt. 899-1 at 2. The Brown Fox request is stated as $112,509.50 on one page and $104,954.00 on the next. The certificate of conference says the SEC reviewed this Application in October 2024, yet the filed version discusses events of August 2026, and the SEC is said to have reviewed a Veracity invoice that is not in the Application at all. The Receiver verified this filing under penalty of perjury, while the record does not establish that the SEC reviewed the version actually filed. No payment should be approved until the Receiver lodges unredacted invoices for *in camera* review and files a corrected application that has been subjected to the review required by the Receivership Order.

## I. THE RECEIVER BEARS THE BURDEN, AND THE COURT MUST SCRUTINIZE

The applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Excessive, redundant, or unnecessary hours must be excluded. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983). Billing judgment requires documentation of hours charged and written off, *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006), and vague support may justify reduction or elimination, *Kellstrom*, 50 F.3d at 326. In receiverships, results remain relevant and court-appointed officers are not to be generously rewarded. *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 481 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975); *SEC v. Striker Petroleum, LLC*, 2012 WL 685333, at *3 (N.D. Tex. Mar. 2, 2012). The rights of those who pay must be protected, *Moore v. Tangipahoa Par. Sch. Bd.*, 912 F.3d 247, 252 (5th Cir. 2018), and the Court may adjust a fee request sua sponte. *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, slip op. at 2 (N.D. Tex. May 27, 2008).

## II. THE RECORD DOES NOT ESTABLISH THE REQUIRED SEC REVIEW OF THE FILED APPLICATION

SEC review is the gatekeeping step the Court built into its orders: the complete application, exhibits, and billing information must reach SEC counsel at least thirty days before filing, and the SEC, after review, is to object to charges with which it disagrees. Dkt. 417 ¶ 64; Dkt. 650 ¶ 117; SEC, Billing Instructions for Receivers at 1, § A.2 ("Billing Instructions"). The certificate says the Application and invoices went to SEC counsel on October 31, 2024, and were "again sent" on September 17, 2026, one day before filing. Dkt. 899 at 17. But the filed version discusses Barton's August 14, 2026 objection, the Court's August 20 order, and the August 24 SPC motion. Dkt. 899 at 2–3. The 2024 version therefore was not the version filed, and a one-day resend does not satisfy

the thirty-day process. Dkt. 899 also says SEC counsel reviewed Veracity invoices, yet no Veracity invoice appears in this Application. Dkt. 899 at 9; Dkt. 900 at 3. The record does not establish what complete package the SEC reviewed.

The filed papers also contain facial defects: (1) $204,821.87 exceeds the three requested components ($20,868.50 + $112,509.50 + $69,639.18 = $203,017.18) by unexplained $1,804.69, Dkt. 899 at 3–8; (2) the proposed order directs $205,657.57 and includes $2,640.39 in Receiver expenses that Dkt. 899 says were previously sought in Dkt. 593, which Dkt. 609 granted, and "are not sought in this fee application," Dkt. 899 at 5–6; Dkt. 899-1 at 2; (3) the Receiver heading says "$23,508.50," Dkt. 899 at 4; (4) Brown Fox is itemized at $112,509.50 but then requested at $104,954.00, the Seventh Application's figure, Dkt. 899 at 6–7; Dkt. 897 at 7; (5) the no-holdback argument uses first-quarter 2024 figures, not this quarter's, Dkt. 899 at 4, 9; (6) accountant expenses cite nonexistent "Ex. E," Dkt. 899 at 8; Dkt. 900 at 3; (7) the invoice is from "Ahuja & Consultants, Inc." but the order pays "Ahuja & Clark, PLLC," Dkt. 900, APP041; Dkt. 899 at 7; and (8) the unexplained $1,804.69 equals Veracity invoice 1311 already requested in the Seventh Application, Dkt. 898, APP054; Dkt. 897 at 8–9. These errors reinforce the need to identify exactly what the SEC reviewed and when.

Courts give the SEC's position "great weight" because the SEC is presumed to have performed the assigned review. *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *Striker*, 2012 WL 685333, at *3. That presumption is not established here. The SEC's qualified position is itself misreported: it supports a 20% holdback, Dkt. 899 at 9, 17, while the proposed order says "Plaintiff does not oppose the relief requested" and directs 100% payment. Dkt. 899-1 at 1–2. The Court should require the SEC to state what it reviewed and when, and require a corrected application to be re-served for the full thirty-day review before ruling.

## III. THE FEES ARE REDACTED AND BLOCK-BILLED; IN CAMERA REVIEW MUST PRECEDE ANY APPROVAL

Each entry must give "in reasonable detail an appropriate narrative description of the services rendered," including the participants, scope, identification, and purpose. Billing Instructions § D.2. Redaction does not excuse that showing. Yet 21 of the Receiver's 102 entries are redacted (17.3 hours; $6,660.50), as are 40 of Brown Fox's 195 entries (87.1 hours; $23,756). Dkt. 900, APP005–016, APP018–039. Thus 61 entries and $30,416.50 cannot be evaluated from the public submission. Redaction also obscures duplication: on August 19, 2024, Mr. Thomas and Ms. Koonce each billed 0.8 hour ($308) for entries containing a redacted conference, while Mr. Wells billed another 0.8 hour ($160) for a redacted meeting with both. Dkt. 900, APP014, APP030. The public record does not show what each contributed.

The Receiver offers to submit unredacted invoices for *in camera* review. Dkt. 899 at 5, 7. The Court should require it. The burden is the applicant's, and documentation too vague for meaningful review may be disallowed. *Kellstrom*, 50 F.3d at 326. The Receiver should lodge complete unredacted Exhibits B and C within fourteen days. Any nonprivileged material should then be disclosed, or the Receiver should provide supplemented descriptions or a privilege log sufficient for an adversarial challenge; entries remaining too vague should be disallowed or reduced. Entries over one hour that combine activities must also allocate approximate time among tasks. Billing Instructions § D.4. Unallocated entries should be reduced. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

## IV. THE APPLICATION IS FACIALLY WRONG IN WAYS THAT REQUIRE DISALLOWANCE

The $2,640.39 the Receiver says he is not seeking. The Application states that the Receiver's third-quarter expenses "were previously sought" in Dkt. 593, "which the Court granted" in Dkt. 609, and that "[t]hese expenses are not sought in this fee application." Dkt. 899 at 6. Dkt. 609 authorized $12,002.34 in Receiver expenses incurred from October 1, 2023 through September 30, 2024. Dkt. 609 at 6–7. The proposed order nevertheless includes the $2,640.39. Dkt. 899-1 at 2; Dkt. 900, APP009. Whether or not those previously authorized expenses were actually paid, Dkt. 899 expressly disclaims them here. The $2,640.39 must be struck from any order, and the Receiver should identify any payment previously made under Dkt. 609.

*The $1,804.69 that belongs to nothing.* No component of the Application, and no line of the proposed order, accounts for the difference between the stated $204,821.87 and the $203,017.18 the Receiver actually itemizes. If, as the arithmetic indicates, it is Veracity invoice 1311, the Receiver has folded into this Application's total an invoice he already asks the Court to pay through the Seventh Application, filed the same day. Dkt. 897 at 8–9; Dkt. 898, APP054. The stated total must be corrected and the residual denied.

*The Brown Fox figure.* The Receiver cannot certify $112,509.50 in one paragraph and request $104,954.00 in the next. Dkt. 899 at 6–7. The Instructions require certification that the fees are "true and accurate." Billing Instructions § A.1(b). A verified application that carries a copied total from a different quarter is neither, and the Court should not guess which number the Receiver meant.

The accountant's expenses. The $2,516.68 includes three Intuit charges exceeding $75, plus postage and Secretary of State fees, without receipts, account allocation, purpose, or

explanation of the monthly increase. Dkt. 900, APP043. The Intuit charges required receipts. Billing Instructions § E.2(j)(4). The Receiver admits these expenses were previously requested, were not included in the Court's award, and are now being resubmitted. Dkt. 899 at 8 n.3. But he does not explain whether the prior omission was a denial, inadvertence, or reservation, and still supplies no required receipts. He has not carried his burden to justify payment. The $2,516.68 should be denied absent the missing documentation and an explanation of its prior treatment.

The wrong payee and the unsubstantiated write-off. The invoice is from "Ahuja & Consultants, Inc." and billed to Brown Fox. Dkt. 900, APP041. The proposed order pays "Ahuja & Clark, PLLC." Dkt. 899-1 at 2. The Court cannot order the estate to pay an entity that did not issue the invoice and is not shown to hold the receivable. The invoice also claims to be "net of write off fees of $3,636.50" without identifying one written-off entry, APP049, which is not the documentation *Saizan* requires. 448 F.3d at 799.

*The cash presentation.* The SFAR reports $1,356,155.95 in ending cash; the contemporaneous status report gives $1,130,846.23 in receivership bank accounts, a $225,309.72 gap the Receiver has never bridged. Dkt. 900, APP002; Dkt. 583 at 60 & n.24. The same footnote reports $400,192.49 held in D4OP's name and unavailable to other entities, yet the Application does not say which account will fund these payments. Dkt. 417 ¶¶ 37, 58. An unreconciled cash presentation cannot show affordability, and no order should permit payment from restricted funds.

## V. THE CHALLENGED WORK IS NOT SHOWN TO BE NECESSARY OR BENEFICIAL

The amicus brief. Twenty-four entries (69.1 hours, $19,466) concern the Receiver's Fifth Circuit amicus brief supporting continuation of the receivership, while the SEC filed its own appellee's brief. Dkt. 900, APP005–006, APP021, APP025–028; Dkt. 583 at 11. With the Seventh

Application's $9,163, the estate has been charged $28,629 for this work. A receivership is an extraordinary remedy requiring caution, *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012), and the Fifth Circuit vacated this Court's first receivership order because it did not address all required Netsphere factors and remanded for reconsideration. *SEC v. Barton*, 79 F.4th 573, 579 (5th Cir. 2023). Appellate-defense fees still require review of necessity, rate, and hours. *Moore*, 912 F.3d at 251–52. Six amicus entries are redacted, many mix unrelated tasks, and four timekeepers drafted, revised, cite-checked, and re-reviewed the same brief. Dkt. 900, APP025–028. Nothing explains what the amicus added to the SEC's brief. The $19,466 should be disallowed.

Privilege review. Farwa Zahra billed 232.3 hours ($40,652.50) this quarter, after 94.4 hours ($16,520) last quarter: 326.7 hours and $57,172.50. Dkt. 900, APP036–039; Dkt. 898, APP042–043. Twenty-two entries repeat the same storage-box privilege-review description, six more merely say documents were reviewed, and none gives a box count, document count, or result sufficient to show scope under § D.2. Another 52.5 hours ($9,187.50) are described as organizing, numbering, logging, updating a table, and uploading documents. Dkt. 900, APP037–038. Those descriptions are facially clerical or administrative. Section E.2(k) addresses non-reimbursable document-preparation and data-processing functions, and *Walker* and *Vela* make clear that nonlegal work does not gain attorney value because a lawyer performs it. Billing Instructions § E.2(k); *Walker*, 99 F.3d at 770; *Vela*, 276 F.3d at 681. Unless professional legal judgment is shown, the $9,187.50 should be disallowed or reduced to an appropriate clerical or paraprofessional rate; the remaining boilerplate entries should also be reduced.

Chores at attorney rates. Mr. Wells billed $200 an hour to review or pay payroll, bills, storage invoices, and similar operating expenses, including five identified entries totaling 2.0 hours

and $400, plus other insurance, landscaping, utilities, and repair tasks. Dkt. 900, APP020, APP024, APP028–035. Nonlegal work may command a lesser rate, and its value is not enhanced because a lawyer performs it. *Walker*, 99 F.3d at 770; *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). The attorney-rate component should be disallowed or reduced to the appropriate nonlegal rate.

Tax work. The accountants billed 276.2 of 288.8 hours ($64,270, 95.75%) to "Tax Issues" and none to forensic accounting, while the Receiver reported tracing still ongoing. Dkt. 900, APP041; Dkt. 583 at 53–54. Entries repeatedly group taxpayers without allocation. On August 21, Ms. Kaur billed 2.6 hours ($390) for returns for TC Hall, HR Sterling, and SF Rock Creek, then 4.0 hours ($600) the same day for those entities plus Carnegie. Dkt. 900, APP047. July 16 bills $880 for transferring sixteen entities' balances to a qualified settlement fund; August 9 bills $990 for five more, without identifying balances or the entity bearing the cost. APP044, APP046. August 5 bills $302.50 for research on entities "no longer on new receivership order." APP045. Entity-specific charges must be allocated to the entity benefited. Dkt. 417 ¶¶ 37, 58. The duplicated $390, the $302.50, and unallocated QSF charges should be disallowed.

## VI. THE HOLDBACK AND THE FILING HISTORY

The Receiver asks the Court to waive the 20% holdback the SEC supports, relying on discount figures copied from another quarter. Dkt. 899 at 9. The holdback should be imposed. Each application is interim and subject to cost-benefit and final review. Billing Instructions at 1; Dkt. 417 ¶¶ 63–67; Dkt. 650 ¶¶ 116–120. Nine applications were filed together on September 18, 2026, Dkts. 897–914, after repeated extensions and after Defendant objected, Dkts. 861, 870. This Application itself contains totals and figures copied from other quarters. Defendant preserves all

objections to completeness, accuracy, and compensability for the final review required by the orders.

## VII. RELIEF REQUESTED

Defendant respectfully asks that the Court: (1) withhold ruling until the Receiver lodges complete unredacted Exhibits B and C for *in camera* review, followed by disclosure of nonprivileged material or supplemented descriptions or a privilege log sufficient for an adversarial challenge, with unresolved vague entries disallowed or reduced; (2) require a corrected application reconciling the totals, proposed order, Brown Fox figure, and exhibit references, re-served on the SEC for the full thirty-day review, with the SEC stating what it reviewed and when; (3) strike the $2,640.39 expressly disclaimed expenses and $1,804.69 unexplained residual; (4) disallow the $2,516.68 accountant expenses and $19,466 amicus charges; disallow or appropriately reduce or reclassify the $9,187.50 facially clerical privilege-review time and attorney-rate bill-paying work; and disallow the duplicated $390 return, $302.50 outside-estate research, and unallocated QSF charges; (5) bar payment to “Ahuja & Clark, PLLC” absent proof it holds the receivable; (6) impose the 20% holdback and strike the proposed order’s unqualified non-opposition recital; (7) prohibit payment of professional fees from restricted D4OP funds; and (8) grant all other just relief.

Dated: September 25, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***

**Timothy L. Barton**
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, this document was filed through the Court's CM/ECF system, which will transmit notice of electronic filing to all registered counsel of record.

***/s/ Timothy L. Barton***

**Timothy L. Barton, Pro Se**