**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| *Plaintiff,* | § | |
| v. | § | **Civil Action No. 3:22-cv-02118-X** |
| **TIMOTHY BARTON, et al.,** *Defendants,* | § | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,** *Relief Defendants.* | § | |

**DEFENDANT'S OBJECTION TO THE**
**RECEIVER'S FOURTEENTH QUARTERLY FEE APPLICATION**

Defendant Timothy L. Barton, pro se, objects to the Receiver's Fourteenth Quarterly Fee Application (Dkt. 911), Appendix (Dkt. 912), and proposed order (Dkt. 911-1) for January through March 2026. The stated $60,475.52 aggregate can be reached only by selecting the $4,716.37 accountant figure; using the Application's $4,386 accountant figure yields $60,145.15, a $330.37 difference, while the Receiver's own fee is also stated two ways. The Application further names the accountant three ways and measures the Receiver's "discount" against a personal rate that has climbed from $575 to $750 across these applications while the estate's rate remains $385. Sixty-four percent of counsel's fees are one new associate, more than $12,000 of it in seven consecutive entries that say only "[w]ork on response to Phelanlaw's motion for summary judgment." The estate is also billed $300 an hour for posting signs to deter stray animals. The certificate of conference states that the Application and invoices were sent to the SEC in May 2026, yet the filed version discusses events of August 2026. The record therefore does not establish that the materially revised Application filed September 18 received the required thirty-day SEC review. No fee should

be approved on the present record until the Receiver lodges unredacted invoices for *in camera* review, corrects the facial inconsistencies, and satisfies the required SEC-review process.

## I. THE RECEIVER BEARS THE BURDEN, AND THE COURT MUST SCRUTINIZE

The applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded, and "billing judgment" must be shown. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983). Billing judgment "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). A court "may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *Kellstrom*, 50 F.3d at 326. In a receivership, results are "always relevant," and "[n]o receivership is intended to generously reward court-appointed officers." *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 481 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975); *SEC v. Striker Petroleum, LLC*, No. 3:09-CV-2304-D, 2012 WL 685333, at *3 (N.D. Tex. Mar. 2, 2012). "The rights of those who ultimately pay must be carefully protected." *Moore v. Tangipahoa Par. Sch. Bd.*, 912 F.3d 247, 252 (5th Cir. 2018) (quoting *Newton v. Consol. Gas Co.*, 259 U.S. 101, 105 (1922)). That duty does not wait for an objection: "the court can adjust the fee request[s] sua sponte." *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, slip op. at 2 (N.D. Tex. May 27, 2008) (quoting *Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 551 (5th Cir. 1987)).

## II. THE RECORD DOES NOT ESTABLISH THE REQUIRED SEC REVIEW, AND THE NON-OPPOSITION DESERVES NO WEIGHT

SEC review is a gatekeeping step under the Court's orders: the complete application, exhibits, and billing information must reach SEC counsel at least thirty days before filing, and the SEC's position follows its receipt and review. Dkt. 417 ¶ 64; Dkt. 650 ¶ 117; SEC, *Billing Instructions for Receivers* at 1, § A.2 ("Billing Instructions"). The certificate of conference states that the Application and invoices went to SEC counsel on May 12, 2026, and that "[a] copy" was "again sent" on September 17, 2026, one day before filing. Dkt. 911 at 17. But the document filed on September 18, 2026 discusses Barton's August 14, 2026 objection, the Court's August 20, 2026 order, and the August 24, 2026 SPC settlement motion. Dkt. 911 at 2–3. On this record, the May transmission could not have been the materially revised Application filed in September, and the one-day resend does not establish compliance with the thirty-day review requirement.

The facial discrepancies reinforce why the prescribed review matters. A pro se defendant, working from the public filing, found these defects on the face of the papers: (1) the Application requests $11,973.50 in Receiver fees on page 4 and describes the same fee as "$11,975.50 billed" on page 9, Dkt. 911 at 4, 9; (2) the accountant's payment paragraph asks for $4,386 while the section heading and proposed order carry $4,716.37, Dkt. 911 at 7–8; Dkt. 911-1 at 2; using $4,386 yields $60,145.15, which is $330.37 below the stated $60,475.52 aggregate; (3) the accountant is "Ahuja & Clark, PLLC" in the Application, "Ahuja & Consultants, Inc." on the invoice, and "Ahuja & Consultants, PLLC" in the proposed order, Dkt. 911 at 7–8; Dkt. 912, APP024; Dkt. 911-1 at 2; (4) the Receiver measures his "over 50%" discount against a "regular billing rate" of $750, Dkt. 911 at 4 n.2, a rate that was $575 in the Ninth Application, $650 in the Tenth through Thirteenth, and is now $750, all filed the same day, Dkt. 901 at 4 n.2; Dkt. 903 at 4 n.2, while the

rate actually charged to the estate remains $385; (5) two of Mr. Hopper's entries bill more than their own allocations account for (January 6: 0.6 allocated, 0.7 billed; February 19: 0.4 allocated, 0.5 billed), $60 in unexplained time, Dkt. 912, APP017, APP019; and (6) the storage charge for two units rose from $961 to $1,045 in March 2026, having been $666 in 2024, with no explanation of a 57% increase or of why two units are still needed after the paper privilege review was reported complete in September 2025, Dkt. 912, APP006; Dkt. 908, APP031–032. These facial discrepancies warrant correction and undermine reliance on the certificate as proof that the filed version received the prescribed review.

Courts give the SEC's position "great weight" because the SEC is presumed to have done the review the orders assign to it. *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973); *Striker*, 2012 WL 685333, at *3. That rationale has diminished force where the record does not establish that the SEC reviewed the materially revised application presented for approval. Non-opposition cannot substitute for the prescribed review. Even the SEC's qualified position is misreported: the SEC "believes it would be appropriate to impose a holdback" of 20%, Dkt. 911 at 9, 17, while the proposed order recites that "Plaintiff does not oppose the relief requested" and directs payment of 100%. Dkt. 911-1 at 1–2. The Court should give the non-opposition no dispositive weight, require the SEC to state on the record what version it reviewed and when, and require the Receiver to re-serve a corrected application for the full thirty-day review before approval.

## III. REDACTED AND BLOCK-BILLED ENTRIES REQUIRE IN CAMERA REVIEW BEFORE ANY APPROVAL

Each entry must give "in reasonable detail an appropriate narrative description of the services rendered," including "the participants in, as well as the scope, identification and purpose

of the activity." Billing Instructions § D.2. Thirty-five entries and $7,730 in this Application are redacted, Dkt. 912, APP005–011, APP013–022, among them the Receiver's January 2, 8, and 15 correspondence ($192.50), which has no stated subject, Mr. Carrillo's and Mr. Debter's January 23 work ($496.50), whose descriptions are blank, and Ms. Koonce's March 2 entry ($1,232), which conceals the communications billed and allocates nothing. APP005, APP013, APP015–016. The Receiver offers to "submit unredacted copies of this and prior invoices for *in camera* review" if "the Court desires." Dkt. 911 at 5, 7. The burden is his, the objector cannot test what he cannot read, and documentation "too vague to permit meaningful review" may be reduced or eliminated. *Kellstrom*, 50 F.3d at 326. To the extent the Receiver asserts privilege or confidentiality, the Court should require him to lodge complete unredacted copies of Exhibits B and C for in camera review and provide Defendant sufficient nonprivileged descriptions, or an appropriate privilege or confidentiality identification, to permit meaningful review; any entry that remains unreviewable should be reduced or disallowed. Entries over one hour that combine activities must "include a notation of the approximate time spent on each activity," Billing Instructions § D.4; the Receiver's March 11 entry, which bills 3.2 hours ($1,232) for payroll, inspection correspondence, settlement drafting, and D4 journal-entry review with no allocation, APP009, and the $60 in over-billed Hopper entries should be reduced accordingly. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

## IV. THE APPLICATION IS FACIALLY WRONG IN WAYS THAT REQUIRE DISALLOWANCE

*A discount measured against a rising yardstick.* The Receiver's rate to this estate is $385 and has been since 2023. His "regular billing rate for non-receivership matters" was $575 in the application covering late 2024, $650 in the applications covering 2025, and is $750 in this one.

Dkt. 901 at 4 n.2; Dkt. 903 at 4 n.2; Dkt. 911 at 4 n.2. Every increase in that comparator is presented to the Court as a larger percentage discount and a reason to waive the holdback. Dkt. 911 at 9. But the actual rate charged to the estate remains $385; increasing the comparator changes the advertised percentage without reducing the amount charged to the estate. The Instructions require certification that fees are "based on the rates listed in the Applicant's fee schedule," Billing Instructions § A.1(c). The Court should disregard the increasing advertised percentage as a basis to waive the holdback.

*Two fees, two accountant totals, three payee names.* A verified application must be "true and accurate." Billing Instructions § A.1(b). This one gives the Receiver's fee as $11,973.50 and $11,975.50, gives the accountant's payment as $4,386 and $4,716.37, and the proposed order would pay "Ahuja & Consultants, PLLC," while the invoice is from "Ahuja & Consultants, Inc." and the Application calls the firm "Ahuja & Clark, PLLC." Dkt. 911 at 4, 7–9; Dkt. 912, APP024; Dkt. 911-1 at 2. The present papers do not establish that the proposed payee is the invoicing entity or otherwise entitled to the receivable. No accountant payment should issue until the Receiver identifies the entity entitled to payment and states one amount.

*Expenses.* Storage for two units is $2,967 of the $3,631.15 requested, 82%, at a rate that has risen from $666 to $1,045 a month since 2024 with no explanation and no stated continuing need. Dkt. 912, APP006. The March 18 charge pays for April, outside the quarter. The accountant's $212.13 for "consolidated corporation" software authorizations identifies neither the corporations nor the allocation. APP026. Unsupported storage costs, any out-of-period charge, and the unallocated software charge should be denied.

## V. THE CHALLENGED WORK IS NOT SHOWN TO BE NECESSARY OR BENEFICIAL

*Seven repetitive and generic entries, $12,210.* Mr. Debter, a new associate, billed 85.7 of counsel's 131.3 hours and $25,710 of its $40,154.50, 64% of the firm's fees. Dkt. 911 at 6. On February 17, 18, 19, 20, 21, 22, and 24, 2026, he billed 4.4, 7.3, 6.3, 6.7, 7.0, 2.5, and 6.5 hours, 40.7 hours and $12,210, in seven entries that read, in their entirety, "[w]ork on response to Phelanlaw's motion for summary judgment" or "[w]ork on summary judgment response." Dkt. 912, APP014–015. He had already billed 7.8 hours ($2,340) on January 26 to confer about and analyze the same motion. APP013. No entry identifies an issue, a section, a record cite, a research question, or a revision. That is not the "reasonable detail" § D.2 requires; the descriptions are too generic to permit meaningful review, and *Kellstrom* permits reduction or elimination on that basis. 50 F.3d at 326. Nor does the Application supply the litigation certification the Instructions require for any litigation charge. Billing Instructions § E.1(b); Dkt. 911 at 15–16. Mr. Debter's February 27 and March 1–3 entries on the Rock Creek response total 21.8 hours and $6,540; within that group, the March 1 and 2 entries alone total 12.6 hours and $3,780 and say only that he worked on the response. APP015–016. The $12,210 should be disallowed, and the Rock Creek entries should be reduced to the extent unsupported, including specifically the $3,780 in expressly generic entries.

*Stray animals, water shut-offs, and mail.* Mr. Hopper billed $300 an hour to post "signage at Gillespie house to deter stray" animals (1.0 hour, $300), to visit the Gillespie site (1.0 hour, $300), to sort mail, communicate about a payment, and collect vendor tax forms (1.2 hours, $360), and, in smaller entries, to handle a pest-control invoice, payroll, a water-shutoff notice, "cat-control" correspondence, lawn payments, checks, invoices, and mail, 4.9 hours and $1,470 in expressly allocated time. Dkt. 912, APP017–021. "[N]on-legal work may command a lesser rate.

Its dollar value is not enhanced just because a lawyer does it." *Walker*, 99 F.3d at 770 (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)); *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (compensable "only if the work is legal rather than clerical"). These tasks are administrative or property-management in character. To the extent they are clerical, they should be disallowed; to the extent they are compensable nonlegal or administrative work, they should be reduced to an appropriate non-attorney rate rather than billed at $300 per hour.

*Tax and accounting.* The accountants billed $4,386 for 18.6 hours, but four tax entries ($813.50) refer to "three entities," an unnamed Public Information Report, "Barton tax notices," and "notices" without identifying a taxpayer, a notice, or a result, and the March 3 entry bills $275 for five entities including D4OP with no allocation. Dkt. 912, APP027–028. Entity-specific tax charges must be allocated to the entity that benefits, not spread across a commingled fund that includes $400,192.49 in restricted D4OP money. Dkt. 417 ¶¶ 37, 58; Dkt. 728 at 74 n.30. No professional fee unrelated to D4OP should be paid from restricted D4OP funds absent a specific allocation and demonstrated authority for that payment. The Receiver's January 5–6 "cash accounting summaries" ($539) and the accountants' January 8–9 SFAR preparation ($602.50) also describe the same product without distinguishing the work. APP005, APP027. Unidentified and duplicative entries should be reduced.

## VI. THE HOLDBACK AND THE FILING HISTORY

The Receiver asks the Court to waive the 20% holdback the SEC supports, on the strength of a discount measured against a rate he has raised twice. Dkt. 911 at 9. It should be imposed. Every application is "interim and ... subject to a cost benefit review and final review." Billing Instructions at 1; Dkt. 417 ¶¶ 63–67; Dkt. 650 ¶¶ 116–120. Nine applications were filed on one

day, September 18, 2026, Dkts. 897–914, this one four months after it came due and only after Defendant objected to yet another extension, Dkts. 861, 870, although the orders required filing within forty-five days of each quarter. Dkt. 417 ¶ 64; Dkt. 650 ¶ 117. An application that states its own numbers inconsistently,bills $12,210 on seven repetitive, generic descriptions, and names its payee three ways, and then demands payment in full without holdback, is the opposite of the "concern for the investors" it professes. Dkt. 911 at 5. Defendant preserves every objection to the completeness, accuracy, and compensability of these fees for the final review the orders require.

## VII. RELIEF REQUESTED

Defendant respectfully asks that the Court: (1) withhold or deny approval on the present record unless the Receiver lodges complete unredacted copies of Exhibits B and C for *in camera* review and provides sufficient nonprivileged descriptions, or an appropriate privilege or confidentiality identification, to permit meaningful review, and reduce or disallow any entry that remains unreviewable; (2) require a corrected application that states one Receiver fee and one accountant payment, reconciles the $330.37 difference in the stated aggregate, identifies the payee, and omits reliance on the increasing non-receivership comparator as a basis to waive the holdback, re-served on the SEC for the full thirty-day review, with the SEC to state what version it reviewed and when; (3) disallow the $12,210 in generic summary-judgment entries, reduce the Rock Creek entries to the extent unsupported, including specifically the $3,780 in expressly generic entries, disallow clerical portions of the $1,470 in property and administrative work or reduce compensable nonlegal work to an appropriate non-attorney rate, disallow the $60 in over-billed time, and reduce the unallocated March 11 Receiver entry and unidentified tax entries; (4) deny the unsupported storage increase, any out-of-period charge, and the $212.13 software charge; (5) direct that no accountant payment issue until the Receiver identifies the entity entitled to payment and states one

amount; (6) impose the 20% holdback and decline to adopt the proposed order's recital that the Application is unopposed; (7) prohibit payment from restricted D4OP funds of any professional fee unrelated to D4OP absent a specific allocation and demonstrated authority for the payment; and (8) grant all other just relief.

Dated: September 25, 2026

Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton**
Defendant, Pro Se
1846 East Rosemeade Parkway, #232
Carrollton, TX 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, this document was filed through the Court's CM/ECF system, which will transmit notice of electronic filing to all registered counsel of record.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**