UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al. | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| *Defendants*, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| *Relief Defendants*. | § | |

**ORDER APPROVING SALE AND TRANSFERS**

The Receiver filed four motions to appoint appraisers, approve appraisals, and set a hearing for the sale of the Parc at Opelika owned by D4OP, LLC (Doc. 880) and the transfer of all Receivership interests in D4DS, LLC the record owner of the Bellwether Ridge apartments (Doc. 874); D4IN, LLC the record owner of the Parc at Ingleside apartments (Doc. 876); and D4FR, LLC the record owner of the Parc at Windmill Farms apartments (Doc. 878).[1] The Receiver obtained three independent appraisals on each property, and pursuant to 28 U.S.C. § 2001(b), the Court appointed each appraiser and accepted the appraisals.[2] The Court set a hearing to consider the

[1] These four motions are part of a settlement that the Receiver entered into with Southern Properties' Capital ("SPC"). Doc. 872. Having reviewed the Receiver's Motion to Ratify the SPC settlement agreement, the Court previously granted the Receiver's Motion to Ratify. *See* Doc. 926.

[2] Doc. 925.

proposed transfers and sales.[3] At the conclusion of the hearing before the Court on September 29, 2026, and for the reasons stated at the hearing, the Court made the following findings.

First, although the Court does not conclude that 28 U.S.C. § 2001 (the "Statute") applies to the sales of membership interests (the "Transfers"), the proposed sale of Opelika and the Transfers satisfy the Statute's requirements. As reflected in his Amended Notice of Publication and stated at the hearing, the Receiver published notice of the sale and Transfers in the Dallas Morning News more than 10 days before the hearing and more than ten days before confirmation of the sale and the Transfers, and the Receiver received no competing offers.[4]

Further, for the reasons stated at the hearing, the Court finds that each transfer or sale is in the best interests of the receivership estate. Most importantly, the proposed contract price for the sale of the Parc at Opelika and each of the Transfers exceeds two-thirds of the appraised value of the respective properties involved in each transaction.[5] Additionally, the Court recognized that SPC holds contract rights that it claims entitle it to ownership of the properties and interests at issue. If litigated, the outcome of SPC's claims is uncertain. The sale and Transfers,

---

[3] *Id.*

[4] *See* Doc. 937.

[5] The Court finds that ownership of certain management accounts were part of the Receiver's settlement with SPC and need not be considered in the context of the Transfers and the sale of Opelika. However, even if those accounts were included in the ultimate value of the property and Transfers, the proposed contract price would still exceed two-thirds of the appraised value of the respective properties in involved in each transaction, and the sale and Transfers would still be in the best interest of the Receivership Estate.

however, resolve those claims while netting far more than the statutory minimum for the estate.

The Court also **OVERRULES** all objections raised by Defendant Barton in his Consolidated Response and Objection to the Receiver's Motion to Ratify the SPC Settlement).[6] Most objections had little, if anything, to do with the sale, Transfers, or properties, and instead attacked inclusion of the D4 Entities and their properties in the receivership estate or sought information or documents irrelevant to whether the sale and Transfers were in the best interest of the estate. Objections to the sufficiency of the published notice misstated the requirements of the Statute. The notice was appropriate and sufficient. Objections to the bid process for competing offers were moot because no competing offers were received, and the Receiver did not include any of the approved bid requirements, other than an offer exceeding the contract price by at least ten percent, in the published notice. The Court finds that not including extra terms in the published notice would likely attract, not dissuade, potential buyers. The Court also overrules objections to the appraisals, which the Court finds were not stale or otherwise deficient, and which the Court already accepted.

In light of these findings, the Court **APPROVES** the sale of the Parc at Opelika subject to the terms of the Settlement Agreement and the Purchase and Sale Agreement.[7] The Court **FURTHER APPROVES** of the transfer of all membership

[6] Doc. 885.

[7] *See* Doc. 886.

interests in D4DS, LLC, D4IN, LLC, and D4FR, LLC subject to the terms of the Settlement Agreement and the terms of each entity's respective Membership Purchase Agreement.[8] This Order constitutes the Sale Approval Order contemplated by Section 6(b) of the Settlement Agreement and the Opelika Sale Approval Order contemplated by Section 6(d) of the Settlement Agreement, and the conditions precedent stated in Sections 6(b) and 6(d) are satisfied upon entry of this Order.

The Court **FURTHER ORDERS** that, upon the closing of each transaction, the Parc at Opelika and the membership interests in D4DS, LLC, D4IN, LLC and D4FR, LLC shall be sold, transferred and vested free and clear of all liens, claims, encumbrances and interests of Defendant Barton, of the Defendants, and of the Receivership Entities, other than the HUD Loans and the obligations expressly assumed under the Settlement Agreement and the Membership Purchase Agreements. Any such lien, claim, encumbrance or interest shall attach to the proceeds of the sale and the Transfers with the same validity, priority and extent it had immediately before the closing.

The Court **FINDS** that the sale of the Parc at Opelika and the Transfers were negotiated and entered into in good faith and at arm's length, and that SPC is a good-faith purchaser. Unless this Order or the Order ratifying the Settlement Agreement (D0c. 926) is stayed pending appeal before the applicable closing, the reversal or modification of either order on appeal shall not affect the validity of the sale of the

[8] *See* Docs. 875, 887, 888.

Parc at Opelika or of the Transfers, and the Receiver and SPC may rely on this Order in closing.

The Court **FURTHER ORDERS** that the Receiver is authorized and directed to execute and deliver each application for a transfer of physical assets and every other instrument, certificate and document reasonably necessary to consummate the sale and the Transfers and to obtain the approval of the United States Department of Housing and Urban Development, and to cooperate reasonably with SPC and with the servicer in that process. This paragraph implements, and does not enlarge, the Receiver's obligations under the Settlement Agreement.

The Court **ORDERS** that any claims for payment against D4OP, LLC, D4DS, LLC, D4IN, LLC or D4FR, LLC, or against the Property each owns, arising before the closing of the sale of the Parc at Opelika or of the Transfers, save and except the HUD Loans and the payments provided for in the Settlement Agreement and in the Membership Purchase Agreements, **SHALL** be administered through the Receivership claims process, once established, and shall not be asserted against SPC, against the transferred membership interests, or against the Property.

This Order is effective immediately upon entry, is not subject to any stay, and the Receiver may close the sale of the Parc at Opelika and the Transfers in accordance with the Settlement Agreement and the Membership Purchase Agreements without further order of the Court.

The Court **RETAINS** jurisdiction to interpret, implement and enforce this Order, the Settlement Agreement and the Membership Purchase Agreements.

**IT IS SO ORDERED** this 2nd day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE