IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

v. Case 3:22-cv-02118-X

TIMOTHY BARTON, et al.

**ORDER**

Before the Court are Barton's motions to compel (ECF Nos. 810 and 814). As an initial matter, his second-filed motion (ECF No. 814) is identical to his first (ECF No. 810), and his second-filed motion (ECF No. 814) is therefore DENIED as duplicative.

Next, Barton seeks expedited consideration of his motion because the requested records allegedly are necessary to prepare pretrial motions in his parallel criminal proceeding. *See* ECF No. 863. However, the presiding judge in his criminal case has continued the jury trial until April 26, 2027 and set the deadline for pretrial motions for March 5, 2027. *See United States v. Barton, et al.*, N.D. Tex. Case No. 3:22-cr-00352-K at ECF No. 126. Accordingly, the current schedule in the criminal case does not, on its face, establish an imminent deadline requiring expedited resolution of Barton's motion. To the extent Barton seeks expedited relief on that basis, it (ECF No. 863) is DENIED.

Finally, Barton's motion (ECF No. 810), the Receiver's response (ECF No. 834), and Barton's reply (ECF No. 845) largely talk past one another regarding the scope of the requested relief, the categories of records at issue, and the appropriate method of

production. It appears the underlying dispute involves three broad categories of records: (1) electronic records, including email accounts and forensic images of devices seized from the Turtle Creek office; (2) paper records, including approximately 315 boxes of documents; and (3) personal and non-receivership records, including Barton's personal and tax records and records belonging to entities excluded from the receivership. The parties disagree about whether the Receiver should return the paper records or merely permit Barton to inspect them, and who should pay the costs of copying and producing the records.

The filings also reflect that the parties have made some progress toward resolving their dispute without Court intervention. Accordingly, the parties shall confer in good faith to identify the issues that remain genuinely disputed and determine whether further Court intervention is necessary. The parties shall file a joint report by **October 30, 2026**. The joint report will identify: (1) the specific records that are still at issue; (2) the specific relief Barton wants the Court to order; (3) what the Receiver agrees to provide and what the Receiver opposes; (4) which issues have already been resolved or are no longer contested; and (5) the legal authority supporting each party's position on production costs, particularly whether the Receivership Estate should pay those costs. The goal of the joint report is to give the Court a clear, focused list of matters requiring a decision. The joint report must be signed by Barton and Receiver's counsel.

SO ORDERED.

October 9, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE