**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| Defendants, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| Relief Defendants. | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION FOR LEAVE TO FILE (1) OPPOSED MOTION TO ALTER OR AMEND THE ORDER APPROVING SALE AND TRANSFERS (DOC. 944) AND (2) OPPOSED MOTION FOR LIMITED STAY PENDING APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant Timothy L. Barton, pro se, moves under Doc. 747 for leave to file the attached Opposed Motion to Alter or Amend the Order Approving Sale and Transfers (Exhibit A), with its Proposed Amended Order (Exhibit B), and Opposed Motion for Limited Stay Pending Appeal (Exhibit C). Barton also requests expedited consideration and, if necessary, a short administrative stay of closing while the Court decides these requests.

1. **New matter.** At the September 29, 2026 hearing the Court stated its findings on the record and said it would enter a written order. Tr. 37:16–18; 39:12–15. The Receiver emailed a proposed order to chambers on September 30; that evening SPC emailed a revised version

adding operative provisions, after conferring with the Receiver but not with Barton. Barton objected by email on September 30 and October 1 and asked that no order be entered until he could file objections and a competing order. The Court entered Doc. 944 on October 2. Barton seeks leave to place his transcript-based objections to the entered order before the Court and obtain an express ruling. The objection is to the added provisions' scope, evidentiary foundation, and opportunity for response; a written order may properly elaborate on an oral ruling.

2. **Scope.** Exhibit A does not ask the Court to reconsider ratification (Doc. 926) or withdraw approval of the transactions announced at the hearing. It addresses Doc. 944's findings and operative provisions concerning conditions precedent, the interests conveyed, purchaser protection, claims channeling, immediate effectiveness, HUD obligations, and preservation of transaction records. Exhibit C separately seeks to preserve the property and membership interests pending appellate review. The requested stay would permit escrow funding, HUD processing, and ordinary property operations to continue. Barton requests relief first in this Court under Fed. R. App. P. 8(a)(1).

3. Timing and procedure. Exhibit A invokes Rule 59(e) for an appealable collateral order and, alternatively, Rule 54(b) to the extent Doc. 944 is interlocutory and not subject to Rule 59(e). See Frew v. Young, No. 20-40541, slip op. at 8–9 (5th Cir. Mar. 26, 2021). Based on Doc. 944's October 2 entry, the Rule 59(e) filing deadline is October 30, 2026. Because the SEC is a United States agency, the ordinary appeal period is 60 days under Fed. R. App. P. 4(a)(1)(B)(ii): absent a qualifying tolling motion, November 24, 2026 for Doc. 926 (entered September 25, 2026) and December 1, 2026 for Doc. 944 (entered October 2, 2026). Barton does not assume that this leave request itself tolls either period or that Exhibit

A tolls the separate period for Doc. 926. Barton filed his Notice of Appeal on October 14, 2026 (Doc. 948), seeking review of Doc. 944, including the provisions of Doc. 925 incorporated in and made operative by Doc. 944, and of Doc. 926 to the extent subject to appellate review in connection with the sale and transfers authorized by Doc. 944. He seeks prompt leave; any effect of a timely filed, qualifying Rule 59(e) motion on the notice is governed by Fed. R. App. P. 4(a)(4). If the appeal prevents the requested amendment, Exhibit A requests an indicative ruling under Rule 62.1. This request addresses the entered Doc. 944, rather than merely seeking to supplement the pre-hearing objection addressed in Doc. 922.

4. Limited prejudice and need for interim protection. Sections 6(c)–(d) of the Settlement Agreement require HUD approval or the contractual payoff alternative, and allow specified periods for submissions and approval. Doc. 873, App. 12–13. Those periods are outside deadlines, not minimum waiting periods or an automatic stay. Because Doc. 944 declares the Section 6(d) condition "satisfied upon entry," Doc. 944 at 4, paragraph 4 of the Settlement Agreement would permit the Opelika closing within fourteen days of entry, on or about October 16, 2026. App. 10 ¶ 4. The membership-interest transfers remain subject to the HUD-approval condition in Section 6(c). App. 10 ¶ 3; App. 12. Sections 2(a) and 5 separately govern the thirty-day escrow holds. App. 10. A stay could delay closing beyond those requirements and entail carrying costs; Barton therefore requests a narrowly limited order, continued pre-closing performance, and consideration of demonstrated delay costs and appropriate security. Exhibit C addresses the *Nken* factors. The short administrative alternative would preserve the Court's ability to decide the motions before title or membership interests change hands.

5. Appellate scope. Barton relies principally on collateral-order review of the sale and transfers authorized by Doc. 944, *SEC v. Barton*, No. 24-10788, slip op. at 9 (5th Cir. Mar. 25, 2026), and seeks review of Doc. 926 only insofar as appellate jurisdiction permits. *Id.* at 7–8. Exhibit C addresses the point.

Barton requests that the Court grant leave promptly and direct the Clerk to docket Exhibits A and C, with Exhibit B as the proposed order accompanying Exhibit A, as of the date they were tendered to the extent permitted by law; alternatively, that the Court consider the proposed motions on their merits. Barton requests a ruling on leave, and on the administrative-stay request below, immediately and before any closing, before the earliest date on which the Opelika closing could occur under Doc. 944, and proposes that any response to Exhibit C be filed within seven days of its docketing, with a ruling on the stay motion as soon as practicable thereafter. Pending that ruling, Barton requests a short administrative stay prohibiting closing and delivery of conveyance instruments while the Court considers the stay request, and, if the stay is denied, for seven days after denial to permit an application under Fed. R. App. P. 8(a)(2). No extension of a jurisdictional or Rule 59(e) deadline is requested.

Dated: October 14, 2026.

Respectfully submitted,

***/s/ Timothy L. Barton***

**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

I certify that on October 14, 2026, I conferred with Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC), regarding the relief requested in the foregoing Motion for Leave to File. Receiver Cort Thomas, SPC through Douglas J. Buncher, and the SEC through Keefe Bernstein oppose the requested relief. Agreement could not be reached because each opposes the relief requested. Accordingly, this motion is opposed.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, a true and correct copy of the foregoing Motion for Leave to File, together with its accompanying proposed order and Exhibits A, B, and C, including the proposed order accompanying Exhibit C was filed electronically through the Court's CM/ECF system, which transmits the Notice of Electronic Filing to registered recipients, including Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC). Service was effected through CM/ECF on those registered recipients.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| Defendants, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| Relief Defendants. | § | |

**[PROPOSED] ORDER GRANTING LEAVE AND PROVIDING INTERIM RELIEF**

Before the Court is Defendant Timothy L. Barton's Opposed Motion for Leave to File (1) Motion to Alter or Amend Doc. 944 and (2) Motion for Limited Stay Pending Appeal (Doc. ___). The Court GRANTS leave. The Clerk shall docket the tendered Motion to Alter or Amend as a motion, its proposed amended order as the associated proposed order, and the tendered Motion for Limited Stay as a separate motion. The Clerk shall reflect the date of tender in the record. This Order does not extend any deadline under Rule 59(e) or Federal Rule of Appellate Procedure 4.

To permit consideration of the stay motion, closing of the sale of the Parc at Opelika and transfers of the Receiver's interests in D4DS, LLC, D4FR, LLC, and D4IN, LLC, and delivery of instruments effectuating those conveyances, are temporarily STAYED until the Court rules on the stay motion. If a stay pending appeal is denied, this administrative stay shall continue for seven calendar days after entry of the denial unless the Court orders otherwise.

Escrow funding, the HUD application and review process, reasonable cooperation with that process, and ordinary property operations may continue under the governing agreements. No contractual deadline or third-party obligation is extended by this Order. The Receiver and SPC

shall promptly notify the Court and parties of any anticipated closing or material deadline during the administrative stay.

This Order determines neither the merits of the requested amendment nor entitlement to a stay pending appeal. No bond is required for this limited administrative period, subject to further order upon a showing of concrete prejudice.

IT IS SO ORDERED this ___ day of ____________, 2026.

___________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br>*Plaintiff,* | §<br>§<br>§<br>§ | |
| **v.** | § | **Civil Action No. 3:22-CV-2118-X** |
| **TIMOTHY BARTON, et al.,**<br>*Defendants,* | §<br>§<br>§<br>§ | |
| **DJD LAND PARTNERS, LLC, and LDG001, LLC,**<br>*Relief Defendants.* | §<br>§<br>§ | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION TO ALTER OR AMEND THE ORDER APPROVING SALE AND TRANSFERS (DOC. 944)**

**TABLE OF CONTENTS**


**TABLE OF AUTHORITIES** ........ 3

**I. WHAT THIS MOTION DOES AND DOES NOT ASK** ........ 4

**II. BACKGROUND** ........ 4

**III. STANDARD** ........ 5

**IV. FINDINGS ATTRIBUTED TO THE HEARING THAT WERE NOT ANNOUNCED THERE** ........ 6

**V. OPERATIVE PROVISIONS REQUIRING CORRECTION OR CLARIFICATION** ........ 8

**A. "The conditions precedent stated in Sections 6(b) and 6(d) are satisfied upon entry of this Order." (Doc. 944 at 4)** ........ 8

**B. Transfer "free and clear of all liens, claims, encumbrances and interests of Defendant Barton, of the Defendants, and of the Receivership Entities," and approval of "all membership interests." (Doc. 944 at 3–4)** ........ 8

**C. "SPC is a good-faith purchaser," and reversal on appeal of this order "or the Order ratifying the Settlement Agreement (D[o]c. 926)" shall not affect the transactions unless stayed before closing. (Doc. 944 at 4–5)** ........ 9

**D. Claims "shall not be asserted against SPC, against the transferred membership interests, or against the Property." (Doc. 944 at 5)** ........ 9

**E. "This Order is effective immediately upon entry, is not subject to any stay, and the Receiver may close . . . without further order of the Court." (Doc. 944 at 5)** ........ 10

**F. The HUD cooperation paragraph and retained jurisdiction. (Doc. 944 at 5)** ........ 10

**VI. THE PUBLISHED NOTICE AND § 2001(b)** ........ 11

**VII. PROVISIONS THE ORDER SHOULD CONTAIN** ........ 12

**VIII. RULE 62.1** ........ 12

**IX. REQUEST** ........ 13

# TABLE OF AUTHORITIES

## Cases

*Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985) ... 8
*Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ... 6
*Black v. UniBank*, No. 25-50986, slip op. at 25 (5th Cir. Aug. 25, 2026) ... 8
*Frew v. Young,* No. 20-40541, slip op. at 8–9 (5th Cir. Mar. 26, 2021) ... 5
*SEC v. Barton*, No. 24-10788, slip op. at 11–12 (5th Cir. Mar. 25, 2026) ... 12
*SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 843, 847 (5th Cir. 2019) ... 10

## Statutes

11 U.S.C. § 363(m) ... 9
28 U.S.C. § 2001 ... 7, 12
28 U.S.C. § 2001(b) ... 6, 7, 11, 12, 13
28 U.S.C. § 2004 ... 7, 12, 13

## Federal Rules of Appellate Procedure

Fed. R. App. P. 12.1 ... 13
Fed. R. App. P. 4(a)(1)(B)(ii) ... 13
Fed. R. App. 4(a)(4)(B)(ii) ... 13
Fed. R. App. P. 8 ... 11

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 54(b) ... 4, 6
Fed. R. Civ. P. 59(e) ... 4, 5, 12
Fed. R. Civ. P. 62(c) ... 11
Fed. R. Civ. P. 62(d) ... 11
Fed. R. Civ. P. 62.1 ... 12, 13
Fed. R. Civ. P. 7(b)(1)(B)–(C) ... 8

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant Timothy L. Barton, pro se, pursuant to the accompanying motion for leave under Doc. 747, tenders this motion under Federal Rule of Civil Procedure 59(e) and, alternatively, Rule 54(b), to alter or amend the Order Approving Sale and Transfers entered October 2, 2026 (Doc. 944). He asks the Court to enter the Proposed Amended Order submitted as Exhibit B, or in the alternative to make the specific changes identified in Parts IV through VII.

## I. WHAT THIS MOTION DOES AND DOES NOT ASK

This motion does not seek reconsideration of the ratification order (Doc. 926) or withdrawal of the approval of the four transactions announced on September 29, 2026.Barton preserves his objections and has filed his Notice of Appeal (Doc. 948) seeking appellate review to the extent jurisdiction permits; nothing here waives them or constitutes consent. This motion challenges the scope, evidentiary basis, and procedure supporting specified findings and operative provisions of the written order. The requested amendment leaves each transaction approved, subject to its actual contractual and regulatory conditions; the separate stay request is Exhibit C.

## II. BACKGROUND

Doc. 925 granted the Receiver's four motions (Docs. 874, 876, 878, 880), appointed appraisers, accepted the appraisals, and set the September 29 hearing. It made the Court's consideration of the transactions "contingent upon the Receiver publicizing the terms of the proposed transfer prior to the hearing" and a ten-day competing-offer window. Doc. 925 at 2. It also provided that, if the transfers were approved, the Receiver could convey "free and clear of mortgages, liens, claims and encumbrances, save and except for the HUD Loan," with claims for payment administered through the claims process. Doc. 925 at 3–5.

At the hearing the Court heard the Receiver's counsel and Barton and made six findings on the record: that the Settlement Agreement remains in the estate's best interest; that litigation

with SPC would be uncertain and expensive and compromise is prudent; that each transaction exceeds two-thirds of the average appraised value; that no competing offers were received; that omitting the full terms from the September 16 publication would not have dissuaded a purchaser; and that the transactions are therefore in the estate's best interest. Tr. 37:16–39:15. The Court said: "[T]hose are the relevant findings that I will make. I will put a written order on the docket, too." Tr. 39:12–14.

On September 30 at 10:50 a.m., the Receiver's counsel emailed a proposed order to chambers. Barton emailed objections to chambers and all counsel at 4:31 p.m. and 5:34 p.m. At 8:52 p.m., SPC's counsel emailed a redline and clean version adding six operative paragraphs, stating that the Receiver did not oppose them. SPC did not confer with Barton. On October 1, Barton emailed further objections, asked that no order be entered until he could file objections and a competing order, and obtained the certified transcript. The Court entered SPC's version on October 2. Doc. 944.

## III. STANDARD

Rule 59(e) governs timely reconsideration of an appealable collateral order. See Frew v. Young, No. 20-40541, slip op. at 8–9 (5th Cir. Mar. 26, 2021). Barton invokes that rule to correct manifest errors of law or fact and prevent manifest injustice arising from the specific provisions identified below. The motion challenges the entered order's added operative language, the mismatch between specified findings and their stated record basis, and the absence of an opportunity to address the proposed additions before entry. Based on the October 2, 2026 entry date, the Rule 59(e) deadline is October 30, 2026. Alternatively, if the Court determines that Rule 54(b), rather than Rule 59(e), supplies the applicable reconsideration standard, Barton requests relief under Rule 54(b). See *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). This alternative request does not concede that Doc. 944 is nonappealable or waive Barton's position

concerning appellate jurisdiction in the appeal noticed at Doc. 948. To the extent the pending appeal prevents this Court from granting relief, Barton requests an indicative ruling under Rule 62.1.

## IV. FINDINGS ATTRIBUTED TO THE HEARING THAT WERE NOT ANNOUNCED THERE

Doc. 944 attributes the following findings to the hearing and the reasons stated there. Doc. 944 at 2. None was announced orally, and Barton contests the record basis or legal effect of each. A written order may elaborate on an oral ruling; the requested correction concerns the particular deficiency identified for each finding.

| **Doc. 944** | **Transcript** | **Requested change** |
|---|---|---|
| "Objections to the sufficiency of the published notice misstated the requirements of the Statute. The notice was appropriate and sufficient." (at 3) | Not stated. Barton asked for a finding "one way or the other whether the terms of what was published was within the meaning of section 2001(b)." Tr. 16:23–25. The Court found only that the omission would not have dissuaded bidders. Tr. 38:24–39:7. | Delete, or make the finding expressly and identify the terms the Court finds were published. See Part VI. |
| "Most objections had little, if anything, to do with the sale, Transfers, or properties . . . ." (at 3) | Not stated. The Court characterized no objection. | Delete. |
| "Objections to the bid process for competing offers were moot . . . ." (at 3) | "Moot" was counsel's argument. Tr. 32:3–4, 18–19. The Court found that no offers were received. Tr. 38:19–23. | Replace with the Court's finding. |
| "The Court also overrules objections to the appraisals, which the Court finds were not stale or otherwise deficient . . . ." (at 3) | Not announced. The Court agreed that the hearing was not for argument about the already-accepted appraisals. Tr. 15:1–4. The issue is the basis for, and the opportunity to address, the added staleness finding. | Delete. |

| Doc. 944 | Transcript | Requested change |
|---|---|---|
| Fn. 5: the management accounts "need not be considered," and even if included the two-thirds threshold would be met. (at 2) | Not announced. Counsel said the appraisals excluded the management accounts, that she had calculations, and that the lowest ratio was about 80%. Tr. 33:7–34:4. The calculations and the treatment of restricted tenant funds are not in the record. | Delete, or state the finding as the Court's with its record basis. |
| "[A]lthough the Court does not conclude that 28 U.S.C. § 2001 . . . applies to the sales of membership interests . . . ." (at 2) | Not stated. The Receiver "does not concede" the point, Tr. 8:3–8; the Court applied the two-thirds test to all four transactions. Tr. 38:14–18. | State the Court's legal conclusion under § 2001(b), § 2004, and Doc. 925. |
| "[T]he Court recognized that SPC holds contract rights that it claims entitle it to ownership . . . ." (at 2) | The Court said it was "not certain what the outcome would be." Tr. 38:1–4. | State that SPC asserts the claims, the Receiver disputes them, and the Court has not adjudicated them. |
| "The Court also OVERRULES all objections raised by Defendant Barton in his Consolidated Response . . . (Doc. 885)." (at 3) | Doc. 926 overruled the Doc. 885 objections on September 25; the Court said ratification was not before it at the hearing. Tr. 15:5–8. The requests Barton made at the hearing were neither overruled nor reserved. | State what the Court decides. Exhibit B ¶ 10. |

A court may adopt proposed findings, and party authorship alone is not a basis for reversal. Anderson v. City of Bessemer City, 470 U.S. 564, 572 (1985). The question remains whether the resulting findings have record support and follow adequate process. *SEC v. Hill*, No. 25-50986, slip op. at 25 (5th Cir. Aug. 25, 2026) (the decision the Receiver's reply cites as *Hill*, Doc. 896 at 7–8), applies that requirement to contested receivership claims: disputed facts require an opportunity to present evidence and argument, adjudication of the claims and defenses or adoption of a supported receiver determination, and a traceable evidentiary foundation. Barton requests that the Court identify the record support for the disputed findings or correct them.

## V. OPERATIVE PROVISIONS REQUIRING CORRECTION OR CLARIFICATION

Rule 7(b)(1)(B)–(C) requires a motion to state its grounds and the relief sought with particularity. Docs. 874, 876, 878 and 880, their proposed orders, and Doc. 925 already placed transaction approval, some free-and-clear relief, and claims administration in issue; the objection below concerns the expansions and ambiguities added in the post-hearing draft, for which Barton requests a supported ruling after a meaningful opportunity to respond.

### A. "The conditions precedent stated in Sections 6(b) and 6(d) are satisfied upon entry of this Order." (Doc. 944 at 4)

Section 6(b) addresses court approval; Section 6(d) separately addresses HUD approval or the contractual payoff alternative for Opelika. Doc. 873, App. 11–13. The approval order can satisfy the judicial-approval requirement and start the contractual submission periods. Entry of the order does not itself establish HUD approval or performance of the payoff alternative. The sentence's reference to all conditions in Section 6(d) is broader than judicial approval; read literally, it would permit the Opelika closing within fourteen days of entry. App. 10 ¶ 4. The Court should clarify: "This Order satisfies only the applicable court-approval requirements. It does not deem HUD approval obtained, any HUD loan paid, or any other closing condition performed or waived." Exhibit B ¶ 7.

### B. Transfer "free and clear of all liens, claims, encumbrances and interests of Defendant Barton, of the Defendants, and of the Receivership Entities," and approval of "all membership interests." (Doc. 944 at 3–4)

Doc. 925 already authorized conveyance "free and clear of mortgages, liens, claims and encumbrances, save and except for the HUD Loan." Doc. 925 at 3–5. What is new is the naming of Barton personally and the reach to his "interests," combined with an operative paragraph that approves the transfer of "all membership interests" in the three entities. The Settlement Agreement

transfers the interests "held by the Receiver": 99.5% of D4DS, LLC, 99.5% of D4FR, LLC, and 99.75% of D4IN, LLC. Doc. 873, App. 10 ¶ 3. Its recitals identify the remaining members as N.E. Construction, LLP and AXIA Contracting, LLC. App. 5. The Settlement Agreement further provides that the sales "are not free and clear of all liens and interests." App. 11 § 6(b). The motions and the published notice describe transfers of "all Receivership interest," and Doc. 925 is captioned the same way. The order should approve the transfer of the interests held by the Receiver, state that it does not transfer or adjudicate any interest not held by a Receivership Entity, and use Doc. 925's conveyance language.

### C. "SPC is a good-faith purchaser," and reversal on appeal of this order "or the Order ratifying the Settlement Agreement (D[o]c. 926)" shall not affect the transactions unless stayed before closing. (Doc. 944 at 4–5)

Barton identifies no separate evidentiary determination at the hearing supporting the purchaser-protection language, and requests that the Court identify its record basis and permit a focused response before making such a finding. Section 363(m) of the Bankruptcy Code does not govern this receivership sale, and SPC is the adverse claimant and settlement counterparty; whatever purchaser protection may be available outside bankruptcy requires examination of the actual record before an additional good-faith and arm's-length finding is used to foreclose appellate relief. The paragraph also names Doc. 926, extending its stated effect beyond the sale order. Barton asks that the paragraph be deleted, or narrowed to leave the availability and scope of appellate relief to the appellate court under applicable law.

### D. Claims "shall not be asserted against SPC, against the transferred membership interests, or against the Property." (Doc. 944 at 5)

SPC stated that it would not oppose an express provision preserving Barton's individual developer-fee or contractual-enforcement rights and independent, non-derivative rights of non-

parties. Doc. 892 at 10–11 (PageID 26315–16). A receivership court cannot extinguish independent third-party claims unrelated to the receivership estate and not affecting its res. See SEC v. Stanford Int'l Bank, Ltd., 927 F.3d 830, 843, 847 (5th Cir. 2019). The Receiver's counsel argued that a savings clause was unnecessary because claims not released required no preservation. Tr. 36:7–15. Doc. 944 nevertheless bars assertion of pre-closing claims without that savings language. The Court should expressly limit channeling to claims properly asserted against receivership entities, property, or proceeds; preserve the HUD and contractual-payment exceptions; and exclude independent, non-derivative claims within Stanford's limitation. The proposed savings clause determines neither that any individual right exists nor its amount, validity, or enforceability. Exhibit B ¶¶ 3–4.

### E. "This Order is effective immediately upon entry, is not subject to any stay, and the Receiver may close . . . without further order of the Court." (Doc. 944 at 5)

Rule 62(c)(1) provides that a receivership order is not automatically stayed unless the court orders otherwise; it does not prevent a court-ordered stay, which Barton seeks through Exhibit C under Rule 62(c), Rule 62(d) insofar as injunctive provisions are implicated, and Fed. R. App. P. 8. Doc. 944 should make clear that immediate effectiveness neither forecloses that request nor waives the Settlement Agreement's escrow and HUD/payoff conditions. Exhibit B ¶ 8 imposes no stay.

### F. The HUD cooperation paragraph and retained jurisdiction. (Doc. 944 at 5)

Barton does not object to reasonable HUD cooperation or retention of jurisdiction, subject to clarification of his individual rights. The Receiver's counsel corrected the representation in Doc. 896 that assumption would release Barton from potential Section 50 liability. Tr. 5:17–7:20. These were counsel's representations, not an adjudication. The order should not treat Barton's signatory

status as a general personal guarantee, his consent to an application, or a finding that a transfer creates, enlarges, or eliminates any individual obligation. Exhibit B ¶¶ 6–7.

## VI. THE PUBLISHED NOTICE AND § 2001(b)

Section 2001(b) requires that "the terms" of a private sale "be published . . . at least ten days before confirmation," and permits a competing offer "under conditions prescribed by the court." Doc. 925 made the Court's consideration "contingent upon the Receiver publicizing the terms of the proposed transfer prior to the hearing." Doc. 925 at 2. The advertisement, Doc. 937-1 (Dallas Morning News, Sept. 16, 2026), stated the hearing date, the four properties, a fax number, and that offers must "exceed the sale amount by at least 10%." It did not state the sale amount for any property, so a reader could not compute a qualifying offer; stated no deadline, deposit, diligence period, closing terms, or form of offer; and did not disclose that every competing offer must be "expressly subject to SPC's Conversion Rights, Assignment Rights, and ownership claims," a term the Settlement Agreement makes mandatory, App. 11 § 6(b), and that the Receiver's counsel called "absolutely required." Tr. 32:7–12. Doc. 944 itself recites that none of the approved bid requirements, other than the ten-percent increment, was published. Doc. 944 at 3; Tr. 9:1–8.

Section 2001(b) directly addresses the private sale of realty at Opelika. Membership interests are personal property; § 2004 applies § 2001 procedures to personalty unless the court orders otherwise. The Settlement Agreement takes that position and refers to Doc. 63, while agreeing to seek approval of the membership transfers. Doc. 873, App. 11–12. Barton therefore requests a transaction-specific ruling identifying any departure authorized under § 2004 and explaining compliance with the publication condition actually imposed by Doc. 925.

Barton preserves his disagreement with the notice ruling but does not seek withdrawal of transaction approval through this motion. He asks the Court to distinguish its finding concerning

likely bidder interest from the legal question whether the applicable publication requirements were satisfied. In affirming the Hall Street sale, the Fifth Circuit relied in part on the fact that Barton "did not identify any deficiencies in that published notice." *SEC v. Barton*, No. 24-10788, slip op. at 11–12 (5th Cir. Mar. 25, 2026). Here he identified specific omissions and requested a legal ruling. Tr. 16:1–25; 17:2–8. The Court should identify the material published terms and explain its conclusion under § 2001(b), § 2004 where applicable, and Doc. 925. See Exhibit B ¶ 1(e).

## VII. PROVISIONS THE ORDER SHOULD CONTAIN

Exhibit B adds four provisions, each requested at the hearing and none ruled on: (1) a scope sentence limiting the conveyance to the interests held by the Receiver (Tr. 27:6–12); (2) the savings clause SPC agreed not to oppose, which makes no finding that any such right exists (Tr. 26:2–9; Doc. 892 at 10–11); (3) a Section 50 and HUD-consent sentence (Tr. 5:17–7:20; 27:13–18); and (4) a record-preservation paragraph that decides nothing about distribution, the only accounting relief Barton requested (Tr. 25:13–24).

## VIII. RULE 62.1

Barton filed his Notice of Appeal on October 14, 2026 (Doc. 948). The notice identifies Doc. 944, including the provisions of Doc. 925 incorporated in and made operative by Doc. 944, and Doc. 926 to the extent subject to appellate review in connection with the sale and transfers authorized by Doc. 944. The ordinary appeal periods under Fed. R. App. P. 4(a)(1)(B)(ii) no longer concern a contemplated initial notice. A timely filed, qualifying Rule 59(e) motion affects the notice's effectiveness under Fed. R. App. P. 4(a)(4)(B)(i); Barton does not assume that tendering this motion with a request for leave has that effect, or that this motion, which does not seek reconsideration of Doc. 926, suspends review of that separate order. If the appeal prevents the Court from granting the requested amendment, Barton requests an indicative ruling under Rule 62.1(a)(3) that the Court would grant the motion on remand or that it raises a substantial issue.

Barton will then promptly notify the circuit clerk under Fed. R. App. P. 12.1 and seek a limited remand as appropriate. Otherwise, he requests a ruling on the merits. If Barton seeks review of the disposition of a qualifying post-order motion or an alteration or amendment of the order, he will file a notice or amended notice as required by Fed. R. App. P. 4(a)(4)(B)(ii).

## IX. REQUEST

Barton requests that the Court:

1. enter the Proposed Amended Order submitted as Exhibit B in place of Doc. 944;
2. alternatively, amend Doc. 944 by deleting or narrowing the disputed findings and operative provisions as specified in Parts IV and V, and adding the protections identified in Parts V.F and VII;
3. in either event, state the basis for the publication ruling under 28 U.S.C. § 2001(b) for Opelika, under § 2004 for the membership-interest transfers as applicable, and under Doc. 925; and
4. if the appeal noticed in Doc. 948 prevents the Court from granting relief, issue an indicative ruling under Rule 62.1(a)(3) that the Court would grant the motion on remand or that it raises a substantial issue; otherwise decide the motion on its merits.

Barton reserves all objections presented in Doc. 885, at the September 29, 2026 hearing, and in this motion, and does not consent to the transactions.

Dated: October 14, 2026.

Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

I certify that on October 14, 2026, I conferred with Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC), regarding the relief requested in the foregoing Motion to Alter or Amend the Order Approving Sale and Transfers (Doc. 944). Receiver Cort Thomas, SPC through Douglas J. Buncher, and the SEC through Keefe Bernstein oppose the requested relief. Agreement could not be reached because each opposes the relief requested. Accordingly, this motion is opposed.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, a true and correct copy of the foregoing Motion to Alter or Amend the Order Approving Sale and Transfers (Doc. 944), together with its accompanying Proposed Amended Order (Exhibit B) was filed electronically through the Court's CM/ECF system, which transmits the Notice of Electronic Filing to registered recipients, including Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC). Service was effected through CM/ECF on those registered recipients.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**Exhibit B**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| Defendants, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| Relief Defendants. | § | |

**[PROPOSED] AMENDED ORDER APPROVING SALE OF THE PARC AT OPELIKA AND TRANSFER OF RECEIVERSHIP INTERESTS IN D4DS, LLC, D4FR, LLC, AND D4IN, LLC**

Before the Court is Defendant Timothy L. Barton's Opposed Motion to Alter or Amend the Order Approving Sale and Transfers (Doc. ___). Having considered the motion, the responses, the record, and the transcript of the September 29, 2026 hearing, the Court GRANTS the motion in part. This Amended Order supersedes the Order Approving Sale and Transfers entered October 2, 2026 (Doc. 944).

Before the Court are the Receiver's four motions for appointment of appraisers, approval of appraisals, an approval hearing, and approval of the transfer of all Receivership interest in D4DS, LLC (Doc. 874), D4IN, LLC (Doc. 876), and D4FR, LLC (Doc. 878), and of the sale of the Parc at Opelika (Doc. 880). By order of September 24, 2026, the Court granted the motions,

appointed the appraisers, accepted the appraisals, set a hearing, and conditioned its consideration of the proposed transfers and sale on publication of the terms and a ten-day window for competing offers. Doc. 925. The Court ratified the Receiver's Settlement Agreement with Southern Properties Capital, Ltd. ("SPC") on September 25, 2026. Doc. 926. The Court held the hearing on September 29, 2026, heard the Receiver's counsel and Defendant Timothy Barton, and stated its findings on the record.

1. **Findings.** As stated at the hearing, the Court FINDS:

(a) The Court previously found that the Settlement Agreement is in the best interest of the receivership estate (Doc. 926). Nothing presented at the hearing changed that conclusion.

(b) SPC asserts contractual and ownership claims to the D4 Properties and the membership interests in the entities that own them; the Receiver disputes those claims. The Court has not adjudicated them. If litigated, the outcome is uncertain and the litigation would deplete the receivership estate. Compromise is the prudent course.

(c) The contract price for each of the four transactions exceeds two-thirds of the average appraised value accepted in Doc. 925.

(d) The Receiver published notice of the hearing and of the proposed sale and transfers in the Dallas Morning News on September 16, 2026, more than ten days before the hearing. Doc. 937-1. No competing offer, and no inquiry, was received.

(e) The omission of the full terms of the proposed transactions from the published notice would not have dissuaded a prospective purchaser from coming forward. This finding concerns likely purchaser interest; it does not, standing alone, resolve

whether the published notice satisfied 28 U.S.C. § 2001(b), § 2004 as applicable to the membership-interest transfers, or the publication condition in Doc. 925.

(f) No competing offer having been received, the sale and transfers are in the best interest of the receivership estate.

**2. Approval.** The Court APPROVES the sale of the Parc at Opelika by D4OP, LLC to SPC, subject to the terms of the Settlement Agreement and the Purchase and Sale Agreement. The Court further APPROVES the transfer to SPC of the membership interests held by the Receiver in D4DS, LLC (99.5%), D4FR, LLC (99.5%), and D4IN, LLC (99.75%), subject to the terms of the Settlement Agreement and each entity's Membership Purchase Agreement. Nothing in this Order transfers or adjudicates any membership interest not held by a Receivership Entity.

**3. Conveyance and claims.** Subject to paragraph 4, the Receiver is AUTHORIZED to convey the foregoing receivership interests and the Parc at Opelika free and clear of mortgages, liens, claims and encumbrances to the extent authorized by Doc. 925 and applicable law, save and except for the HUD Loans, obligations expressly assumed, and interests and obligations preserved by the Settlement Agreement and the applicable transaction agreements. A lien, claim, or encumbrance validly displaced from the conveyed receivership property shall attach to that transaction's proceeds with the same validity, priority, and extent it had immediately before closing. Pre-closing claims properly asserted against D4DS, LLC, D4FR, LLC, D4IN, LLC, D4OP, LLC, or their receivership property or proceeds shall be administered through the Receivership claims process, once established, except for the HUD Loans and payments provided for in the Settlement Agreement and the applicable transaction agreements. This channeling provision does not reach the independent, non-derivative rights preserved in paragraph 4.

**4. Matters not adjudicated.** This Order approves the Receiver–SPC compromise and the transactions described above. It neither adjudicates nor releases any developer-fee or contractual-enforcement right belonging to Timothy L. Barton individually, as distinguished from a claim belonging to a receivership entity, or an independent, non-derivative right of a non-settling person that is unrelated to the receivership estate and does not affect its res. This paragraph makes no finding that any such right exists and determines neither its amount nor its enforceability; all defenses are preserved. It does not exempt estate or derivative claims from otherwise lawful administration merely because a claimant describes them as personal.

**5.** Accounting and records. The Receiver SHALL maintain transaction-level records identifying, for each transaction, the transferring entity, the consideration attributable to it, cash payments, debt offsets, settlement credits, closing costs, cash and other adjustments, and the disposition of proceeds. The Receiver SHALL preserve the executed closing statements, supporting calculations, bank records, transfer instruments, and records of property-management-account balances and their treatment at closing. Net proceeds SHALL be held and recorded so that they remain attributable to the entity whose property or interests were transferred. This paragraph preserves an auditable record and determines no entitlement to distribution or ownership of disputed funds.

**6. Section 50.** The Receiver's counsel corrected the representation in Doc. 896 that SPC's assumption of the HUD loans would release Barton from potential liability under the Section 50 addenda. The Court does not rely on the withdrawn representation. This Order adjudicates no actual or potential individual liability under those instruments and treats neither signatory status nor transfer approval as a general personal guarantee.

**7. HUD** approval and conditions. The Receiver is AUTHORIZED to execute applications and other instruments reasonably necessary to seek HUD approval for the contemplated transfers, and to cooperate reasonably with SPC and the servicer. This implements, and does not enlarge, the Receiver's contractual obligations. This Order satisfies only the applicable court-approval requirements; it does not deem HUD approval obtained, any HUD loan paid, or any other closing condition performed or waived. Closing remains subject to the HUD-approval or payoff provisions and other applicable conditions of the Settlement Agreement and transaction agreements. Nothing here constitutes Barton's individual consent to an application or creates, enlarges, releases, or adjudicates any obligation he may have under the HUD instruments.

**8. Effect; stay.** Under Rule 62(c)(1), this Order is not automatically stayed by entry or an appeal. Nothing here forecloses a court-ordered stay under applicable law, including Rule 62 and Federal Rule of Appellate Procedure 8, waives contractual closing conditions or escrow requirements, or determines the availability or scope of appellate relief. Any stay is governed by a separate order.

**9. Jurisdiction.** The Court RETAINS jurisdiction to interpret, implement, and enforce this Order, the Settlement Agreement, and the Membership Purchase Agreements, subject to applicable law and paragraph 4.

**10.** Objections and preservation. Barton's objections are OVERRULED only to the extent necessarily inconsistent with the express findings and relief in this Amended Order. Except as expressly decided here, the Court makes no additional ruling on them. Doc. 926 states the ruling on objections to ratification and is not amended by this Order. Barton's submission of this proposed order constitutes neither consent to the transactions nor waiver of his preserved

objections or appellate rights. No independent right reserved in paragraph 4 is adjudicated by this paragraph.

IT IS SO ORDERED this ___day of_____________, 2026.

_________________________________
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

**Exhibit C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| Defendants, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| Relief Defendants. | § | |

**DEFENDANT TIMOTHY L. BARTON'S OPPOSED MOTION FOR LIMITED STAY PENDING APPEAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE BRANTLEY STARR:

Defendant Timothy L. Barton, pro se, pursuant to the accompanying motion for leave under Doc. 747, tenders this motion under Federal Rule of Civil Procedure 62(c), Rule 62(d) insofar as injunctive provisions are implicated, the Court's authority over the receivership, and Federal Rule of Appellate Procedure 8(a)(1),for a limited stay of closing pending appellate review of Doc. 944 and, to the extent reviewable, Doc. 926, as identified in the Notice of Appeal filed October 14, 2026 (Doc. 948).The requested stay covers the sale of the Parc at Opelika and transfers of receivership membership interests in D4DS, LLC, D4FR, LLC, and D4IN, LLC to Southern Properties Capital, Ltd. ("SPC").

## I. THE STAY REQUESTED

The stay is narrow. Barton asks only that no closing occur, and that no instrument conveying the Parc at Opelika or the membership interests be delivered, until the Fifth Circuit decides the appeal. He does not ask the Court to stay the Settlement Agreement, the escrow deposits SPC has made or will make to the Receiver, SPC's submission of its HUD application package to Greystone Funding, LLC ("Greystone") under Section 6(c) of the Settlement Agreement, the processing of that application, the Receiver's cooperation in it, or the operation of the properties. Everything the Settlement Agreement requires the parties to do before closing may proceed.

Barton requests relief first in this Court under Fed. R. App. P. 8(a)(1). This motion is tendered as Exhibit C with the leave motion; tender alone does not make it an operative filed motion. Barton filed his Notice of Appeal on October 14, 2026 (Doc. 948), identifying Doc. 944, including the provisions of Doc. 925 incorporated in and made operative by Doc. 944, and Doc. 926 to the extent subject to appellate review in connection with the sale and transfers authorized by Doc. 944. Barton requests expedited leave and an immediate administrative stay before any closing: Doc. 944 declares the Section 6(d) condition "satisfied upon entry," Doc. 944 at 4, and paragraph 4 of the Settlement Agreement would then permit the Opelika closing within fourteen days of entry, on or about October 16, 2026. Doc. 873, App. 10 ¶ 4. That administrative stay would preserve the Court's ability to decide the motions and permit timely appellate relief, including if a qualifying Rule 59(e) motion affects the notice's effectiveness under Fed. R. App. P. 4(a)(4). Appellate jurisdiction rests principally on Doc. 944's authorization of concrete sales and transfers under the collateral-order doctrine. SEC v. Barton, No. 24-10788, slip op. at 9 (5th Cir. Mar. 25, 2026). That decision separately rejects jurisdiction over non-sale settlement-ratification

orders. Id. at 7–8. Barton seeks review of Doc. 926 only to the extent jurisdiction permits in connection with Doc. 944. The stay request concerning Doc. 944 remains independently presented even if the court of appeals declines review of Doc. 926.

## II. WHY A STAY IS NECESSARY

Doc. 944 provides that "[u]nless this Order or the Order ratifying the Settlement Agreement (D[o]c. 926) is stayed pending appeal before the applicable closing, the reversal or modification of either order on appeal shall not affect the validity of the sale of the Parc at Opelika or of the Transfers, and the Receiver and SPC may rely on this Order in closing." Doc. 944 at 4–5. It adds that the order "is not subject to any stay" and that the Receiver "may close . . . without further order of the Court." Id. at 5. By its terms, then, the order makes a stay before closing the condition of meaningful appellate review. The filing of Doc. 948 does not itself stay closing. Rule 62(c)(1). If closing occurs first, the Receiver and SPC will argue that the court of appeals can no longer grant "any effectual relief." Church of Scientology v. United States, 506 U.S. 9, 12 (1992). Barton does not concede that the clause is enforceable, but the only way to avoid litigating that question is to preserve the status quo until the appeal is decided.

## III. STANDARD

The Court applies the four Nken factors: a strong showing of likely success, irreparable injury absent a stay, substantial injury to other parties, and the public interest. Nken v. Holder, 556 U.S. 418, 434 (2009). The first two factors are especially important; a stay is discretionary, not a matter of right. Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981), permits a substantial merits showing on a serious legal question where the balance of equities weighs heavily in favor of a stay; it does not eliminate the need to establish irreparable injury. Rule 62(c)(1) removes an automatic stay but permits the Court to order otherwise. Rule 62(d) concerns injunctive relief during an

appeal and allows protective terms; Barton invokes it only insofar as applicable. He requests tailored security and conditions under the Court's applicable authority, not an automatic supersedeas of every receivership disposition.

## IV. SERIOUS LEGAL QUESTIONS AND A SUBSTANTIAL CASE ON THE MERITS

### A. Whether the September 16 publication stated the "terms" of the sale under 28 U.S.C. § 2001(b)

For the Opelika realty sale, § 2001(b) requires publication of the sale terms at least ten days before confirmation. Membership interests are personalty; § 2004 incorporates § 2001 procedures unless the court orders otherwise. The Settlement Agreement invokes § 2004 and Doc. 63 for those interests, but Doc. 925 imposed a publication condition on the proposed transactions. Doc. 873, App. 11–12; Doc. 925 at 2. Barton challenges the omission of prices and material competing-bid terms from the September 16 publication, Doc. 937-1, including the requirement that competing offers remain subject to SPC's claims. Tr. 9:1–8; 16:1–25; 32:7–12. The oral bidder-interest finding does not itself explain why the publication met the applicable legal and court-ordered requirements. In affirming the Hall Street sale, the Fifth Circuit relied in part on the fact that Barton "did not identify any deficiencies in that published notice." SEC v. Barton, No. 24-10788, slip op. at 11–12 (5th Cir. Mar. 25, 2026). Here the issue was specifically raised. Barton seeks a transaction-specific ruling, recognizing any lawful § 2004 departure rather than treating the LLC interests as realty.

### B. Whether the provisions added to Doc. 944 after the hearing had adequate notice, record support, and an opportunity for response

Doc. 925 already addressed conveyance and claims administration. The narrower challenge is that Doc. 944 adds or expands language concerning satisfaction of conditions, Barton's interests,

purchaser protection against reversal, and the scope of the claims bar and immediate effectiveness. A written order may elaborate on an oral ruling; party drafting and the absence of oral findings alone do not invalidate it. The question is whether the added substantive relief had adequate notice, record support, and an opportunity for response. Fed. R. Civ. P. 7(b)(1); *SEC v. Hill*, No. 25-50986, slip op. at 25 (5th Cir. Aug. 25, 2026) (cited in Doc. 896 at 7–8 as *Hill*). In particular, entry can satisfy court approval but cannot itself establish HUD approval or payoff under § 6(d). Barton seeks clarification of that distinction, without assuming the Court intended to dispense with HUD requirements.

**C. Whether the order conveys more than the receivership holds and bars claims the receivership court cannot reach**

The Settlement Agreement specifies the interests held by the Receiver as 99.5% of D4DS, 99.5% of D4FR, and 99.75% of D4IN. Doc. 873, App. 10 ¶ 3. Doc. 944's approval of "all membership interests," although subject to the agreements, should expressly preserve the untransferred interests. Its claims provision likewise should distinguish claims against receivership entities, property, and proceeds from any legally independent individual right. SPC stated that it would not oppose protection of Barton's individual developer-fee and contractual rights. Doc. 892 at 10–11. Stanford limits extinguishment of independent, non-derivative claims unrelated to the estate and not affecting its res. SEC v. Stanford Int'l Bank, Ltd., 927 F.3d 830, 843, 847 (5th Cir. 2019). Barton does not claim that every asserted individual right necessarily meets that test; he requests express preservation of the distinction before closing.

**D. Whether a receivership sale order may insulate itself from appellate reversal**

Section 363(m) does not govern this nonbankruptcy receivership, and whatever purchaser protection may be available outside bankruptcy requires a record basis. Barton's challenge is to a

clause purporting to decide the effect of future appellate reversal of Docs. 944 and 926 without a sufficiently identified basis for that protection. He requests a supported determination after an opportunity to respond and preservation of the appellate court's authority to decide what relief remains available. A stay avoids consummation while those issues are reviewed.

## V. IRREPARABLE INJURY

Closing presents a concrete risk that title, control, and receivership membership interests will pass to SPC before review, materially impairing the ability to restore the pre-closing position. The order expressly invites reliance on finality in the absence of a stay. Barton does not concede that closing necessarily defeats all relief or that an entity's injury automatically establishes his individual standing; he seeks to preserve review of provisions directed at his asserted interests and independent claims. Application of the claims bar at closing could impair an asserted individual right before its character is determined, although the existence and scope of that right remain disputed. Section 50 is a separate clarification issue: counsel's correction at Tr. 5:17–7:20 does not establish that closing creates new liability or makes Barton a general guarantor. He requests preservation of his defenses and the relevant financial and transfer records, rather than relying on hypothetical new HUD liability as an independent irreparable injury.

## VI. NO SUBSTANTIAL INJURY TO THE RECEIVER OR SPC

The Agreement permits HUD processing before closing and sets outside deadlines: the preliminary submission is due within sixty days after the applicable approval order, and the contractual approval period runs twelve months after Greystone's approval and submission of the request to HUD. Doc. 873, App. 12–13 §§ 6(c)–(d). Approval could occur earlier, and the agreement provides a payoff alternative in specified circumstances. Its thirty-day escrow provisions do not themselves stay closing throughout an appeal. App. 10 §§ 2(a), 5. Barton

therefore does not assert that a stay adds no delay or cost. Continued escrow performance, HUD processing, and ordinary property operations narrow its burden. He requests identification of the earliest anticipated closing, material transaction deadlines, accruing debt or carrying costs, and any risk of losing the bargain so that the Court can weigh actual prejudice and fashion protective terms.

The same opinion recognized the estate's costs from delayed sales and warned against frivolous appeals. *SEC v. Barton*, No. 24-10788, slip op. at 12–13 & n.8. Barton addresses that concern through this targeted application based on the specific notice, scope, and closing provisions of Doc. 944; continued pre-closing performance; prompt consideration; and the shorter administrative alternative if a full stay is unwarranted. He does not contend that HUD controls the closing date to the exclusion of contractual obligations or that further delay is costless.

## VII. PUBLIC INTEREST

The public interest lies in sales of receivership property that comply with the statute Congress enacted to govern them, in orders that grant only the relief that was sought and heard, and in appellate review that is not rendered academic by the order under review. HUD's regulatory interest in the orderly transfer of insured multifamily projects is served, not impaired, by a stay that leaves the HUD approval process undisturbed.

## VIII. BOND

Barton requests waiver or a nominal bond. His assets remain subject to the asset freeze in this case. The Court denied his motion for release of funds (Doc. 809) without prejudice (Doc. 859), and the asset freeze continues to restrict his access to funds for security. The escrow arrangements already protect the transactions in part, and the requested restraint is narrow. Inability to post a bond does not alone establish entitlement to a stay. The existing escrows protect the transactions in some respects but are not represented as a complete substitute for security

against delay losses; the Agreement's specified refund and termination provisions remain controlling. The Court should consider demonstrated additional interest, carrying costs, and other actual prejudice, together with nonmonetary conditions such as continued operations and reporting. Alternatively, Barton requests a bond or other security proportionate to supported delay exposure, with an opportunity to address the amount and practicable alternatives.

## IX. REQUEST

Barton requests that the Court:

1. stay, pending appellate review of Doc. 944 and any reviewable aspect of Doc. 926, closing of the Opelika sale and the transfers of the Receiver's interests in D4DS, LLC, D4FR, LLC, and D4IN, LLC, and delivery of instruments conveying them;
2. provide that the stay does not affect the escrow deposits, the HUD application process, the Receiver's cooperation in it, or the operation of the properties;
3. grant the stay without bond, on nominal bond, or on other supported security and protective terms under the Court's applicable authority; and
4. rule on the administrative-stay request below immediately and before any closing, set a seven-day response deadline for this motion, and rule on it as soon as practicable thereafter.

Alternatively, Barton requests a short administrative stay against closing and delivery of conveyance instruments while the Court decides this motion and, if relief is denied, for seven days after denial to permit application under Fed. R. App. P. 8(a)(2). The Court may require prompt disclosure of any anticipated closing during that period. If the Court denies relief or does not act in time to prevent closing, Barton intends to seek relief in the court of appeals under Fed. R. App. P. 8(a)(2), stating the relief requested here and the Court's ruling or the absence of one. Neither this request nor the filed Notice of Appeal (Doc. 948) independently stays closing.

Dated: October 14, 2026.

Respectfully submitted,

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**
1846 East Rosemeade Parkway, #232
Carrollton, Texas 75007
(214) 914-3811
timothy.barton@proton.me

**CERTIFICATE OF CONFERENCE**

I certify that on October 14, 2026, I conferred with Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC), regarding the relief requested in the foregoing Motion for Limited Stay Pending Appeal. Receiver Cort Thomas, SPC through Douglas J. Buncher, and the SEC through Keefe Bernstein oppose the requested relief. Agreement could not be reached because each opposes the relief requested. Accordingly, this motion is opposed.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2026, a true and correct copy of the foregoing Motion for Limited Stay Pending Appeal, together with its accompanying proposed order was filed electronically through the Court's CM/ECF system, which transmits the Notice of Electronic Filing to registered recipients, including Receiver Cort Thomas; Douglas J. Buncher, counsel for Southern Properties Capital, Ltd. (SPC); and Keefe Bernstein, counsel for the Securities and Exchange Commission (SEC). Service was effected through CM/ECF on those registered recipients.

***/s/ Timothy L. Barton***
**Timothy L. Barton, Pro Se**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIMOTHY BARTON, et al., | § | Civil Action No. 3:22-CV-2118-X |
| | § | |
| Defendants, | § | |
| | § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § | |
| | § | |
| Relief Defendants. | § | |

**[PROPOSED] ORDER GRANTING LIMITED STAY PENDING APPEAL**

Before the Court is Defendant Timothy L. Barton's Opposed Motion for Limited Stay Pending Appeal (Doc. ___). Having considered the motion, responses, and supporting record under the applicable stay factors, the Court GRANTS the motion on the terms below.

Pending disposition of the appeal from Doc. 944 noticed in Doc. 948,or further order of this Court or the court of appeals, closing of the sale of the Parc at Opelika and transfers of the Receiver's membership interests in D4DS, LLC (99.5%), D4FR, LLC (99.5%), and D4IN, LLC (99.75%) to SPC, and delivery of instruments effectuating those conveyances, are STAYED. This relief does not depend on appellate jurisdiction over every aspect of Doc. 926.

The stay does not prohibit escrow funding, preparation or processing of HUD submissions, the Receiver's reasonable cooperation, or ordinary property operations. The stay does not waive regulatory requirements or alter third-party contractual obligations. The Receiver and SPC shall promptly notify the Court and parties of any material deadline or demonstrated cost requiring modification of this Order.

The stay is granted without bond, subject to reconsideration upon a supported showing that additional security or protective terms are necessary. The Court retains authority to modify the

stay as permitted by law. Nothing in this Order determines the validity of an individual claim or the merits or scope of the appeal.

IT IS SO ORDERED this ___ day of ____________, 2026.

___________________________________

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE